# EXHIBIT 13

Page 1

1           UNITED STATES DISTRICT COURT
2           NORTHERN DISTRICT OF CALIFORNIA
3                 SAN JOSE DIVISION
4
5  APPLE, INC., a California        )
6  corporation,                     )
7        Plaintiff,                 )   Case No.
8                                   )12-cv-00630-LHK (PSG)
9           vs.                     )
10 SAMSUNG ELECTRONICS CO., LTD., a )
11 Korean corporation; SAMSUNG      )
12 ELECTRONICS AMERICA, INC., a New )
13 York corporation; and SAMSUNG    )
14 TELECOMMUNICATIONS AMERICA, LLC, )
15 a Delaware limited liability     )
16 company,                         )
17       Defendants.                )
18 _____)
19
20    VIDEOTAPED DEPOSITION OF JAMES A. STORER, Ph.D.
21            Thursday, September 26, 2013
22               Boston, Massachusetts
23
24 Reported by:  Dana Welch, CSR, RPR, CRR, CBC, CCP
25 Job No. 66049

Page 260

```
                UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
                     SAN JOSE DIVISION


APPLE, INC., a California          )
corporation,                       )
         Plaintiff,                )     Case No.
                                   )12-cv-00630-LHK (PSG)
         vs.                       )
SAMSUNG ELECTRONICS CO., LTD., a   )
Korean corporation; SAMSUNG        )
ELECTRONICS AMERICA, INC., a New   )
York corporation; and SAMSUNG      )
TELECOMMUNICATIONS AMERICA, LLC,   )
a Delaware limited liability       )
company,                           )
         Defendants.               )
_____)
                       VOLUME II
     VIDEOTAPED DEPOSITION OF JAMES A. STORER, Ph.D.
              Friday, September 27, 2013
                 Boston, Massachusetts


    Reported by:  Dana Welch, CSR, RPR, CRR, CBC, CCP
    Job No. 66050
```

| | | |
|---|---|---|
| 1 | Q.  Do you agree that a modem transforms | 11:09 |
| 2 | digital data into analog before transmission over | 11:10 |
| 3 | analog frequencies? | 11:10 |
| 4 | A.  So again, I don't have a general problem | 11:10 |
| 5 | with it as long as somehow you're not reading more | 11:10 |
| 6 | into transform than merely the case that what | 11:10 |
| 7 | you're trying to describe is the process of | 11:10 |
| 8 | conveying.  There's nothing wrong with what you | 11:10 |
| 9 | said except that we wouldn't want to imply that | 11:10 |
| 10 | somehow the modem is doing some kind of changing of | 11:10 |
| 11 | the digital information that's being conveyed. | 11:10 |
| 12 | The modem is a lossless device, barring | 11:10 |
| 13 | errors or barring communication problems, that the | 11:10 |
| 14 | receiver at the other end will get the same bits | 11:10 |
| 15 | that were sent from the sending end.  But to the | 11:10 |
| 16 | extent that you're just saying the modem is | 11:10 |
| 17 | something that's using the analog machinery, if you | 11:10 |
| 18 | will, to convey the digital bits, sure, that's | 11:10 |
| 19 | fine. | 11:11 |
| 20 | Q.  And is that the meaning of modem that you | 11:11 |
| 21 | applied in your reports? | 11:11 |
| 22 | A.  So I guess the answer would have to be | 11:11 |
| 23 | "no" in the following sense.  That when modem | 11:11 |
| 24 | occurs in a phrase that the court has construed, I | 11:11 |
| 25 | would obviously use the court's construction which | 11:11 |

| | | |
|---|---|---|
| 1 | is precisely what the court gave us.  And if it | 11:11 |
| 2 | occurs outside of the phrase, then I would use its | 11:11 |
| 3 | plain meaning but in light of the court's | 11:11 |
| 4 | construction and in light of the specifications. | 11:11 |
| 5 | So I'd want to look at precisely where it is in the | 11:11 |
| 6 | claims you're pointing to modem. | 11:11 |
| 7 | And for example, the court has construed | 11:11 |
| 8 | the term "means for transmitting said composite | 11:11 |
| 9 | signal" and we see means for transmitting said | 11:11 |
| 10 | composite signal as item, if you will, C of the | 11:11 |
| 11 | first claim element of claim 1.  Okay.  So that's a | 11:11 |
| 12 | means plus function claim.  We're going to go back | 11:12 |
| 13 | and look at the structure that corresponds to it | 11:12 |
| 14 | that's linked to it, to the function, and modem | 11:12 |
| 15 | will come up there.  The court will have talked | 11:12 |
| 16 | about that and come up with this construction. | 11:12 |
| 17 | So I guess I'd want to read very carefully | 11:12 |
| 18 | any place you were pointing to the word "modem" | 11:12 |
| 19 | because it is a term that is at least part of the | 11:12 |
| 20 | phrase that the court has assigned to this | 11:12 |
| 21 | construction. | 11:12 |

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

1    to wait to see not just that construction, what            11:16
2    other constructions involve modem, if any, and how         11:16
3    the court explained them in terms of -- of the             11:16
4    specifications.  The court would now -- it's a             11:16
5    means plus function, these are means plus function         11:16
6    claims.  The court would be talking about the              11:16
7    corresponding structure that's linked to the               11:16
8    function.  It might even have new rulings about the        11:16
9    function itself, although I don't think so in this         11:17
10   case.  So there's so many things involved in a             11:17
11   hypothetical, when you say supposing the court did         11:17
12   this or that, especially when the court has already        11:17
13   construed at least one term using the word modem.          11:17
14   So I'd have to wait and actually see the full              11:17
15   construction, not -- I can't answer it based on a          11:17
16   snippet, if you will.                                      11:17
17        Q.  So the construction for modem I had in my         11:17
18   last hypothetical, you did not apply that                  11:17
19   construction in either of your reports on the '239         11:17
20   patent; is that correct?                                   11:17
21        A.  Well, what I did in the '239 patent was I         11:17
22   first applied the court's constructions, one of            11:17
23   which does include the word modem.  And then I             11:17
24   looked at the terms with their plain meaning.  But         11:17
25   when they're means plus function claims, I went            11:17

Page 352

1    back and looked at the structure that would be        11:17
2    linked to that function in the specifications.  So    11:17
3    plain meaning, but plain meaning taking into          11:17
4    account the court's constructions, and plain          11:18
5    meaning taking into account that they're means plus   11:18
6    function claims, where once the function has been    11:18
7    identified.  And I don't believe that Dr. Schonfeld  11:34
8    and I disagreed on the function.  And I don't         11:34
9    believe Apple and Samsung disagreed on the            11:34
10   functions.  I can go back and look at that, but I     11:18
11   think at least in most cases, it wasn't the           11:18
12   function that was at issue, it was what is the        11:18
13   corresponding structure that's linked to that         11:18
14   function in the specifications.                       11:18
15          So that's how I would go about reading it.    11:18
16   And if there was, in the case of a hypothetical, a    11:18
17   new court claim construction, I'd want to see the    11:18
18   whole construction and see how it fit together with  11:18
19   the terms the court had already construed, one of    11:18
20   which has the word modem in it.                       11:18
21       Q.  What is a cellular telephone?                 11:18
22       A.  So in the context of the '239 patent,        11:19
23   actually, I believe -- hold on one second.  Um, if   11:19
24   you -- um -- um -- if you, um, look just a little    11:19
25   bit earlier on, um, in my report -- um, well,         11:19