# EXHIBIT 2

## REDACTED VERSION
## OF DOCUMENT SOUGHT TO BE
## SEALED

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone:  (650) 849-5300
Facsimile:  (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES TO APPLE (NO. 12)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**CLAIM 1**

In addition to the reasons set forth above, Samsung cannot prove infringement of claim 1 for at least the following reasons.

**A.     "at least one central storage and interface device, wherein audio, video or photographic data, including content information and content management information, relating to at least one user, are stored in digital form"**

Samsung contends that "Apple's iCloud service" includes a "central storage and interface device," but has failed to identify a device "wherein audio, video and photographic data, including content information and content management information" is stored and failed to articulate its infringement theory with respect to each requirement of this limitation as to "Apple's iCloud service." Nor can it. "Apple's iCloud service" is not a device that contains content information and content management information.

Instead, Samsung appears to be using the term iCloud to refer to a set of different services and servers, some owned by Apple, some owned by third parties. ███████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████████ (*See, e.g.*, Wysocki Dep. 68-14-69:3; Krugler Dep.14:13-17:6, 44:1-45:15, 49:15-51:11, 54:18-50:4.) ████████████████████████████████ (the functions of which are described more thoroughly in response to Samsung's Interrogatory 38) including the following:

<u>iTunes in the Cloud (redownloading)</u>: █████████████████████████ █████████████████████████████████████████

<u>iTunes automatic downloading of new purchases</u>: █████████████████ ████████████████████

B.     "at least one zone, each zone having a zone specific storage and interface device . . ."

Samsung contends that Apple's iPhone, iPad, iPad mini, iPod touch, iMac, MacBook Air, MacBook Pro, Mac Mini, Mac Pro, and Apple TV devices are "zone specific storage and interface devices."

As an initial matter, the only zones Samsung has identified are "Apple Stores." Next, under the Court's construction, a "zone specific storage and interface device" is "a storage and interface device that resides in an area, such as a room or similar location." (Claim Construction Order at 45.) With respect to at least Apple's iPhone, iPad, iPad mini, iPod touch, MacBook Air, and MacBook Pro product lines, Samsung cannot prove infringement with respect to this limitation. These devices are portable and mobile, and do not "reside in an area, such as a room or similar location." In fact, the Court observed that "the specification contradicts Samsung's claim that the portable and mobile multimedia devices found in the specification are 'zone specific storage and interface device[s],'" and that "the specification distinguishes 'zone specific storage and interface devices' from portable and mobile multimedia devices." (Claim Construction Order at 40, 41.) Thus, this limitation cannot be met as to those devices.

Samsung contends that these mobile devices "may reside in a room or similar location, or be coupled to devices residing in a room or similar location, such as a dock." Samsung has not accused the dock as an accused device or a component of an accused device. (*See* Order RE: Samsung's and Apple's Motions For Leave to File Amended Infringement Contentions and Samsung's Motions to Compel, at 11 ("Samsung's addition of the docks is nothing more than an example of how the devices can meet the limitation as constructed by Judge Koh.").) Nor has Samsung articulated any way in which the alleged coupling with a dock alters in any way the storage or interface functions of the devices. Accordingly, Apple cannot fully respond to Samsung's infringement contentions with respect to this argument.

The docks Samsung identifies serve only to provide power or supplemental audio output (*see* WH-A0000032180-APL630DEF-WH-A0000032191; APL630DEF-WH-A0000032192-APL630DEF-WH-A0000032195); they do not change the mobile nature of the iOS devices. The

- 174 -
Case No. 12-CV-00630-LHK
APPLE'S FURTHER SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES (NO. 12)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

address on the network . Thus, synchronization between a central storage device and zone specific device occurs in the same fashion every sync cycle because the central storage device knows the location of the zone device.

Mobile devices operate differently. Because they access different networks or lose network connection, the central storage device cannot know where the mobile device is located unless the mobile device first arranges a predetermined method of checking in to the central storage device. Similarly, the central device cannot synchronize when it needs to do so, it must instead track that it needs to sync with a particular mobile device, and can only do so when that device reappears. Apple's mobile devices thus operate differently than a zone specific storage device because Apple implemented particular solutions ▮▮▮▮▮▮▮▮▮▮ to solve the additional issues created by mobile device data transfer. Nor is the same result achieved by a mobile device and zone specific device. The result of a zone specific device updating in relation to other devices is access to multimedia data in *a specific zone*. The result of a mobile device updating in relation to other devices, by contrast, is having access to multimedia data wherever the mobile device happens to be.

**C.     "wherein audio, video, or photographic information, relating to at least one user, contained within the zone specific storage and interface device and the central storage and interface device, are updated in relation to the zone specific storage and interface devices and the central storage and interface device, whereby the [user] can be situated in any one of the zones and access the audio video or photographic information related to the at least one user"**

Samsung contends that "Apple's software . . . allows the audio, video, or photographic information contained in a Zone Device and a Central Device to be updated in relation to each other," but fails to identify how the zone device and the central device are updated in relation to each other. Instead, Samsung contends only that "there are a variety of ways information can be exchanged between a Central Device and a Zone Device." Samsung only identifies five such features: (1) iTunes in the Cloud, (2) iTunes Match, (3) Photo Stream, (4) Syncing with iTunes, and (5) Home Sharing. With respect to each of these features, Samsung fails to articulate any infringement theory with respect to each requirement of this limitation. Therefore, Samsung

- 176 -
Case No. 12-CV-00630-LHK
APPLE'S FURTHER SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES (NO. 12)