# EXHIBIT 1

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
amarthakur@quinnemanuel.com

July 19, 2013

<u>Via Electronic Mail</u>

| | |
|---|---|
| Rod Stone | Peter J. Kolovos |
| Gibson, Dunn & Crutcher LLP | Wilmer Cutler Pickering Hale and Dorr LLP |
| 333 South Grand Avenue | 60 State Street |
| Los Angeles, CA 90071-3197 | Boston, MA 02179 |

Re:   Apple Inc. v. Samsung Elecs. Co., Ltd., Case No. 12-cv-0630 LHK (PSG)

Dear Counsel:

I write to follow-up on the parties' discussions of various discovery issues raised by Samsung at yesterday's lead trial counsel meet and confer (the "LCMC").

**<u>Financial Issues</u>**.

- <u>Acquisition Documents</u>.

    - Apple proposed that both parties prepare and exchange lists of the patents acquired by each (for Apple, this would mean all patents; for Samsung, all patents acquired by its mobile division). The list should include at least the title, application, serial number, and patent number for each patent acquired. Both sides will have a certain amount of time to select a number of the acquisition agreements it seeks for production (the number to be mutually agreed-upon after the lists are exchanged). Apple noted there may be third party notice issues.

    - Samsung suggested that neither side should have the opportunity to object to other side's selections.

    - Both sides will discuss the proposal and let each other know whether they can agree – by Saturday morning at the latest.

- <u>Samsung's 9th Set of RFPS 557-568</u>. Apple stated it is processing some of the replacement copies, but for others, it does not have the password. Apparently these

quinn emanuel urquhart & sullivan, llp

NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS

documents were produced without having been reviewed by Apple. Samsung has received Apple's follow-up correspondence on this issue.

- <u>Samsung's 14th Set of RFPS 862, 877-878</u>. Apple will confirm in writing that it has no US profit and sales projections. Apple stated that its production of worldwide documents is "in the queue."

- <u>RFPS 976-977 and RFP 1065 (Vellturo documents)</u>.

  - Samsung agreed to limit scope of these RFPS to deposition testimony, trial testimony, and expert reports for Vellturo for the three cases listed in Samsung's email dated July 17, 2013.

  - Apple stated that the obligation to produce documents should be mutual, in that Apple will also seek similar documents for Samsung's damages expert. Samsung stated that, if it agreed to mutuality, the agreement to produce would have to be on the same terms as those under which Apple is producing, *i.e.*, that: (1) Samsung's damages expert must have testified for Samsung previously; and (2) assuming that condition is met, Apple would pick three cases from Samsung's expert CV for which it seeks similar production. Samsung will Apple know whether it will agree to mutuality during Saturday morning's call. Please be prepared to discuss whether Apple will agree to produce the Vellturo documents.

- <u>RFP Nos. 988-989 (FaceTime Calls)</u>. Apple stated it has provided all the data that is maintained, and that it does not have the ability to track calls that occurred before the data it produced. Apple insisted that the US data produced goes back as far as the worldwide data. Samsung is reviewing the data given this representation. Apple also stated that it does not have the ability to breakout its US data by model number. Samsung asked Apple to put its representations in writing by Saturday morning.

- <u>19th Set RFPS 1104-1109 (iOS 7 Documents)</u>. Samsung agreed to limit the scope of these RFPS to documents related to the accused features. Apple stated it is not likely to produce responsive documents even with that limitation, and demanded that Samsung make a mutual production, for example, of documents concerning Galaxy 4. Apple suggested that Samsung could limit its search and production to a few custodians and specific search terms. Both sides agreed to discuss the issue internally and let each other know their positions.

- <u>RFP 1125—Design and Development of Accused Features (Such as FaceTime, iCloud)</u>. This RFP seeks documents sufficient to show the costs incurred by Apple to design and develop technology employed in each of the Apple Accused Features. Apple stated it does not track this data and it would be impossible to recover, or at least unduly burdensome to try and gather all the invoices involved. Apple stated that the iCloud servers do other things beyond the accused features and Apple can't segregate out those costs. Samsung asked Apple to focus on FaceTime and its servers, but Apple again stated it would be unduly burdensome to figure out even if the data was laying around somewhere. Samsung agreed to discuss issue internally and let Apple know its position.

**Deposition Issues**.

Samsung made a proposal that, if agreed to, would obviate all other issues concerning depositions. The proposal was as follows:

- Parties agree there will be no further deposition of "inadequately prepared witnesses."

- Apple will agree not to take any of the depositions of witnesses disclosed in Samsung's response to Interrogatory 29. Samsung explained that the witnesses disclosed were not going to be testifying at trial; they were responsive to the interrogatory because they were engineers with knowledge for a particular piece of code they wrote.

- Samsung will forgo taking a 30(b)(6) deposition on its 9th Notice Topic 1 concerning design-arounds if Apple will supplement its response to Samsung's Interrogatory 18 to state that the designs referred to were developed for litigation and Apple has not considered implementing them. Such supplement will explicitly carve out discussions that are privileged and/or work product.

- Samsung will forgo taking a deposition on Samsung's 7th Notice, Topic 17, if Apple agrees to extend Motion in Limine No. 9 from the 1846 case to the present litigation.

- Apple will agree to take no more depositions of Samsung witnesses.

- Samsung gets a deposition of an Apple 30(b)(6) witness (or witnesses, per Apple's choice) on the following issues: (1) copying, (2) teardowns/benchmarking, and (3) reimbursable expenses. Samsung will prepare an amended request containing these three topics and will withdraw all remaining topics in Samsung's 5th Notice. Additionally, if Apple's 30(b)(6) witness or witnesses has or have percipient knowledge, Apple will agree to do a direct search for documents for those witnesses (but not a search of hard drives).

Both sides agreed they needed client approval for this deal and will reconvene no later than Saturday morning to discuss. If a deal isn't reached, the parties will need to continue discussions on all deposition topics raised in their respective agendas (and including Apple 30(b)(6) witness Mark Buckley for Samsung).

**Apple's Technical, Software and Design Documents**

- '239 Patent.

    - Samsung stated it was interested in three categories of information related to this patent:

3

    --    A narrative response to Samsung's Interrogatory Nos. 33 and 36. Apple has not produced sufficient documents for Samsung to ascertain the components it needs.

    --    Missing BOMS for MacBook Air and MacBook Pro.

    --    MCOS/schematic layouts. Samsung pointed out that Apple discussed the physical layout of its phones in its response to Samsung Interrogatory 12.

  -   Apple said it was sending a letter that would explain its production and positions. Apple agreed it would look for the BOMS produced for MacBook Air and MacBook Pro and include citations to those BOMS in its letter.

  -   Samsung agreed to send (and did send) an email listing the parts of Interrogatory Nos. 33 and 36 it wanted supplemented. Apple agreed to consider and send a letter stating what it intended to do.

  -   Apple will respond to Samsung's proposal and if the parties are close, we will resume discussion on Saturday morning.

- '757 patent.

  -   After reviewing Apple's letter on the wiki issues sent the morning of the LCMC, Samsung stated that there are still open issues. These issues are set forth in Samsung's letter dated July 18, 2013.

  -   Samsung is reviewing Apple's production of Data Center documents (responsive to Samsung's 16th set of RFPS, Nos. 990, 996, 998, 999, 1001, 1002, and 1006), to see whether it is sufficient. Samsung will get back to Apple by Saturday morning at the latest.

  -   Apple's response to Samsung's Interrogatory 38: Apple provided some detail on response, but Samsung still needs information on the iTunes server and iTunes store. Apple stated it will confer internally and see whether it is willing to supplement.

  -   Apple will respond to Samsung's proposal and if the parties are close, we will resume discussion on Saturday morning.

**Other Issues**

- Android Room. Samsung has received Apple's follow-up correspondence on this issue.

- Qualcomm. Pursuant to Apple's assurance that it will not file a motion or seek discovery related to Qualcomm documents mentioned in Calvin's earlier email, Samsung will withdraw its motion. Subsequent to the LCMC, Apple put its representation in writing, and a Stipulation withdrawing the motion has been filed.

4

- <u>Apple's redaction of confidential information</u>.  Samsung has received Apple's follow-up correspondence on this issue.

- <u>Samsung Interrogatory No. 43</u>.  Apple stated it believed its response, while "not intended to be exhaustive," had provided "sufficient information to determine how to capture and process," and that the burden of understanding the operation of the iPhone 5 camera and Camera app is substantially the same for Samsung as it is for Apple.  Apple stated it will not supplement its response.  The parties are at impasse and Samsung is considering its options.

- <u>Samsung Interrogatory No. 46</u>.  Apple's objection is that the court set a process for claim construction and this interrogatory seeks information additional to the court's process.  Samsung stated the purpose of this interrogatory was to determine whether Apple contends other terms need to be construed.  Apple asked whether Samsung would agree to possible later claim construction.  Samsung stated it would not take a position on that issue now.  Apple stated that if we do not hear from it by Friday, Samsung may assume it is standing on its position not to supplement.

- <u>Apple's amended contentions</u>.  Samsung stated its belief that Apple's amended contentions go beyond Judge Grewal's order.  Apple stated it did not believe this was a motion to compel issue; that it had problems with Samsung's amended contentions as well, and that the parties could continue discussions at a later time.

- <u>Apple's Deficient Production Regarding the Accused Functionality of Accused Samsung Products</u>.  Samsung is reviewing Apple's follow-up correspondence on this issue.

- <u>Samsung's Twelfth Set of RFPS</u>.  Apple stated that its production of reimbursable expense documents and all other documents relating to corporate purchases or reimbursable expenses of Samsung, Android, and/or third party smartphones or tablet computers is complete – Apple has produced everything from the reimbursable expense database/app that there is.

- <u>Samsung's Sixth and Eleventh Sets of RFPS</u>.  Samsung asked Apple to confirm which versions of Mac OS X, iTunes, and iSync executables Apple were produced, and confirm they are complete versions of each.  Samsung has received Apple's follow-up correspondence on this issue.

- <u>Apple's non-response to Requests for Admission ("RFAs") 8-9</u>.  Apple stands on its objections to the RFAS.

- <u>Samsung RFAS 77, 78, 80, 82, 84, 85, 87, 90, 93, 94, 95, 96, 99, 100</u>.  Apple stated it was standing on its vagueness objections with regard to these RFAS.

- <u>Samsung's Eighth 30(b)(6) Notice</u>.  This Notice seeks information regarding the public availability and operation of Newton, Sherlock, iTunes, iSync, iCal, Address Book, Safari, .Mac, as well as the authenticity of the software, source code, and devices Apple has produced for each of these systems.  The Notice is a counterpart to the RFAS (Nos. 77, 78, 80, 82, 84, 85, 87, 90, 93, 94, 95, 96, 99, 100) listed above.  Samsung stated that

5

> Apple's refusal to supplement its responses to the RFAS puts Samsung in a difficult position, as it needs to discover the information in some format. Samsung therefore proposed that these 30(b)(6) topics be included within the deal outlined above so Samsung can take a deposition to discover information regarding authentication of source code and date of public use and sale of products, ***or*** the parties will stipulate regarding the same. Samsung stated it would put together a stipulation and Apple agreed to consider. Apple stated that if there was a way to get at this information outside of a deposition, it would consider. Samsung stated that if Apple would agree to the stipulation, it would drop the issue of the RFAS above. Samsung sent Apple the stipulation for review last night.

A call was scheduled for Saturday morning at 10:00 am Pacific to see whether we can close out any more issues.

Very truly yours,

*/s/ Amar L. Thakur*

Amar L. Thakur

02198.51990/5426099.1