JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile:  650.849.5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><hr>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK  (PSG)<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (APPLE INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE CERTAIN UNRELIABLE AND IMPERMISSIBLE SAMSUNG EXPERT TESTIMONY)** |

In accordance with Civil L.R. 7-11 and 79-5, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") hereby moves this Court for an order to seal the following documents:

      1.     Portions of the confidential, unredacted version of Plaintiff and Counterclaim-Defendant Apple Inc.'s Reply in Support of Motion to Exclude Certain Unreliable and Impermissible Samsung Expert Testimony ("Motion to Exclude Reply");

      2.     Portions of the confidential, unredacted versions of Exhibits C-10, C-11, and C-12 to the Declaration of Mark Selwyn filed in support of Apple's Motion to Exclude Reply ("Selwyn Declaration"); and

      3.     Exhibits B-11, B-12, and C-8 to the Selwyn Declaration.

Apple's Motion to Exclude Reply and exhibits to the Selwyn Declaration contain or discuss Apple's highly sensitive information regarding Apple licensing agreements and related negotiations as well as highly confidential market research analysis of customer use of the Apple accused products.  The Motion to Exclude Reply and supporting exhibits also contain information that is considered highly confidential by third party HTC Corporation ("HTC") and/or Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung").  Apple expects that Samsung and HTC will file the required supporting declarations in accordance with Civil Local Rule 79-5 as necessary in order to confirm whether their information should be sealed.

**Confidential Information For Which Apple Supports Sealing**

Apple moves to seal the following documents because they contain Apple's confidential information:

      1.     Portions of Apple's Motion to Exclude Reply; and

      2.     Portions of Exhibits C-10, C-11 and C-12 to the Selwyn Declaration.

Apple has established compelling reasons to permit the filing of this Apple confidential information under seal through the Declaration of Casey McCracken filed in support of this Administrative Motion to File Documents Under Seal ("McCracken Declaration").  Apple's Motion to Exclude Reply and Exhibits C-10, C-11 and C-12 to the Selwyn Declaration contain

1    or discuss Apple's highly sensitive information regarding licensing agreements and related

2    negotiations and/or highly confidential market research analysis of customer use of the Apple

3    accused products.

4    **Apple's License Agreements**

5        As detailed in the accompanying McCracken Declaration, Apple's Motion to Exclude

6    Reply discusses Apple's highly confidential licensing information, and particularly the scope and

7    terms of Apple's license with a third party, the terms addressed in licensing negotiations between

8    Apple and Samsung, and Apple's overall license portfolio and its composition.  McCracken

9    Declaration ¶ 5.  Apple views this information as highly confidential, and public disclosure of

10   this information would cause significant harm to Apple, as well as the other entities with whom

11   Apple engaged in its licensing negotiations and agreements.  *See* Declaration of Boris Teksler,

12   Apple Director of Patent Licensing and Strategy, D.I. 442-4.

13       This Court has held that this type of licensing information, such as the "pricing terms,

14   royalty rates, and guaranteed minimum payment terms" of license agreements, fall within the

15   definition of "trade secrets."  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-

16   cv-01846 (N.D. Cal. Aug. 9, 2012) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298

17   Fed. App'x 568, 569 (9th Cir. 2008)).  Indeed, and as Apple's Director of Patent Licensing and

18   Strategy explained in his April 8, 2013 declaration filed with this Court, Apple strictly maintains

19   the confidentiality of its license agreements, which are subject to strict confidentiality provisions,

20   and which Apple does not disclose publicly.  *See* D.I. 442-4 at ¶¶ 2-4.  Indeed, as Mr. Teksler

21   further confirmed, Apple strongly protects its licensing information, including by limiting access

22   to such information even within Apple to only those individuals in the licensing group, who need

23   such information for making relevant decisions or otherwise performing their job

24   responsibilities.  *Id.* ¶ 2.

25       This licensing information is heavily protected in part because of the significant harm

26   that its public disclosure would cause to Apple and its licensing partners.  McCracken

27   Declaration ¶ 7. As Mr. Teksler further explained, public disclosure of the terms of Apple's

28

1   license agreements would undermine Apple's position in numerous ongoing and future

2   negotiations by providing other parties—competitors and potential litigants—with an

3   asymmetric advantage through their insight into Apple's business and licensing strategies.  *Id.*

4   ¶¶ 2-4.  Indeed, it is generally understood in the industry that it is critically important to keep this

5   type of information highly protected.  *Id.*  Apple, as well as the entities with whom Apple entered

6   into license agreements whose terms are at issue, would be subjected to significant "harm . . . if

7   the financial and licensing information at issue lost its confidential status."[1]  *Apple, Inc. v.*

8   *Samsung Electronics Co., Ltd.*, Case No. 11-CV- 01846, D.I. 2397 at 2-3 (ordering the sealing of

9   the licensing-related information of Apple, Samsung, and third party InterDigital).

10           The requested portions to be sealed are narrowly tailored to protect Apple's compelling

11   interests.  Indeed, Apple is moving only to seal the very limited portions of the brief that

12   specifically discuss the scope and terms of Apple's licenses and licensing negotiations.

13   McCracken Declaration ¶ 13.

14   **Apple's Market Research Information**

15           Additionally, as detailed in the accompanying McCracken Declaration, the Apple

16   confidential information included in Apple's Motion to Exclude Reply discusses confidential

17   market research information regarding customer use of the accused Apple products.  Exhibits C-

18   10, C-11, and C-12 to the Selwyn Declaration are excerpts of market research reports that also

19   contain detailed market research information regarding customer use of the accused Apple

20   products.  McCracken Declaration ¶ 8-10.

21           The market research information contained in Apple's Motion to Exclude Reply and

22   Exhibits C-10, C-11, and C-12 to the Selwyn Declaration is proprietary Apple information, and

23   the public disclosure of this information would be harmful to Apple for similar reasons as stated

24   in the Declaration of Greg Joswiak, the Vice President in Apple's Product Marketing

25

26   [1]  The information related to licensing agreements and negotiations at issue in this motion also
implicates the confidential information of Samsung and third party HTC.  HTC has previously
27   confirmed its position that this information is highly confidential and sealable, in multiple
declarations filed in this case and Case No. 11-cv-1846 to support sealing of material similar to
28   that at issue here. *See, e.g.,* D.I. 839, 867, and 868.

APPLE'S MOTION TO FILE REPLY ISO MOTION TO
EXCLUDE CERTAIN TESTIMONY UNDER SEAL

department, filed in Support of Apple's Motion to Seal Trial Exhibits.  *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal. July 30, 2012) (Dkt. No. 1496) (supporting sealing market research documents describing buyer survey responses regarding Apple's products because detailed information of this kind is extremely valuable time series of information that shows how customer preference have evolved).

The Joswiak Declaration also establishes that Apple goes to great lengths to maintain the confidentiality of this information and that Apple would be seriously harmed were this information to be made public.  *Id.* ¶ 11.

The Federal Circuit has previously approved of Apple's request to seal market research documents that contain a similar level of detail regarding the accused Apple products.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 2013 WL 4487610, at *10-12 (Fed. Cir. Aug. 23, 2013) (approving the sealing of marketing documents).

**Samsung or Third Party Confidential Information**

In addition, as described in the McCracken Declaration, the following documents contain information that has been designated "Confidential – Subject to Protective Order" or "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order" by Samsung and/or HTC pursuant to the Protective Order entered in this case, or is otherwise information that is believed to be deemed confidential by Samsung and/or HTC:

- Apple's Motion to Exclude Reply; and
- Exhibits B-11, B-12, and C-8 to the Selwyn Declaration.

Accordingly, Apple has filed these documents under seal. Pursuant to the local rules of this court, a proposed public redacted version of Apple's Motion to Exclude Reply, as well as any document that only contains Apple's confidential information or otherwise designated confidential by only Apple will be publicly e-filed as an attachment to this Motion, and the complete, unredacted version of  the document will be e-filed under seal concurrently with this motion.

Pursuant to Civil L.R. 7-11, Apple's counsel met and conferred with Samsung's counsel regarding this motion. Samsung does not oppose this Motion as a procedural mechanism for filing portions of Apple's Motion to Exclude Reply and supporting documents under seal. Samsung reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information.

Dated:  November 14, 2013          GIBSON, DUNN & CRUTCHER LLP


                                   By:  /s/ H. Mark Lyon
                                        H. Mark Lyon

                                        Attorneys for Plaintiff
                                        APPLE, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document and its supporting

documents were filed electronically in compliance with Civil Local Rule 5.1, and will be served

upon all counsel of record for the parties who have consented to electronic service in accordance

with Civil Local Rule 5.1 via the Court's ECF system.


Dated: November 14, 2013                    */s/   H. Mark Lyon*