JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK  (PSG)<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE OPINIONS OF CERTAIN OF APPLE'S EXPERTS)** |

In accordance with Civil L.R. 7-11 and 79-5, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") hereby moves this Court for an order to seal the following documents:

1. Portions of the confidential, unredacted version of Apple's Opposition to Samsung's Motion to Exclude Opinions of Certain of Apple's Experts ("Apple's Opposition to Samsung's Motion to Exclude");

2. Portions of Exhibit D-2 to the Declaration of Casey J. McCracken In Support of Apple Inc.'s Opposition to Samsung's Motion to Exclude Opinions of Certain of Apple's Experts ("McCracken Declaration"); and

3. Exhibits A-3, A-4, A-5, A-6, A-7, A-8, A-9, A-10, A-11, B-1, C-3, D-1, and D-3 to the McCracken Declaration.

**Confidential Information For Which Apple Supports Sealing**

Apple moves to seal the following documents because they contain Apple's confidential information:

1. Portions of the confidential, unredacted version of Apple's Opposition to Samsung's Motion to Exclude; and

2. Portions of Exhibits A-9, A-10, D-2, and D-3 to the McCracken Declaration.

Apple has established compelling reasons to permit the filing of this Apple confidential information under seal through the Declaration of Jordan Bekier filed in support of this Administrative Motion to File Documents Under Seal ("Bekier Declaration").

**Exhibits A-9 and A-10**

Apple's Opposition to Samsung's Motion to Exclude and exhibits A-9 and A-10 to the McCracken Declaration contain or discuss Apple's highly sensitive information regarding confidential license agreements and negotiations, as well as manufacturing capacity information and financial information.

As explained in the Bekier Declaration, the harm that would befall Apple if its capacity information were to be unsealed is detailed in multiple declarations previously filed by Apple, including the Declarations of Mark Buckley, dated April 8, 2013, filed as D.I. 442 in this case, dated July 15, 2013, filed as D.I. 685 in this case, and dated July 27, 2012, filed as D.I. 1416 in

1  Case No. 11-cv-01846 (the "1846 case").  As Mr. Buckley explained, if competitors gained
2  access to Apple's capacity data, they would learn when Apple is stretched thinly and when it has
3  excess capacity, and could alter their production timing accordingly causing substantial harm to
4  Apple's business.  Case No. 11-cv-01846, D.I. 1416 at 1-2.  Exhibits A-9 and A-10 discuss
5  detailed information regarding Apple's capacity, supply, and manufacturing line.  Accordingly,
6  there are compelling reasons to seal portions of these documents.

7  Similarly, Apple has compelling interests in keeping its financial information
8  confidential.  Exhibit A-9 to the McCracken Declaration contains financial information that can
9  be used to derive Apple's profit margin, which is not public and disclosure of which could cause
10 significant competitive harm to Apple.  The Federal Circuit has held that Apple has a "strong
11 interest in keeping [its] detailed financial information sealed" and this outweighs "the public's
12 relatively minimal interest in this particular information."  *Apple, Inc. v. Samsung Electronics*
13 *Co., Ltd.*, 2013 WL 4487610, at *10.

14 Apple's compelling interest in keeping the terms of its confidential licensing agreements
15 with third parties also outweighs the public interest in this information.  This Court has
16 previously permitted licensing information to be filed under seal on the grounds that such
17 information, and particularly "pricing terms, royalty rates, and guaranteed minimum payment
18 terms" of license agreements fall within the definition of "trade secrets."  *See, e.g., Apple Inc. v.*
19 *Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846 (Aug. 9, 2012 N.D. Cal.) (Dkt. No. 1649
20 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)).  Apple would
21 be subjected to significant "harm . . . if the financial and licensing information at issue lost its
22 confidential status." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV- 01846, D.I.
23 2397 at 2-3 (sealing licensing-related information of Apple, Samsung, and third party
24 InterDigital).  Apple's Director of Patent Licensing and Strategy testified in his declaration dated
25 April 8, 2013 that Apple's licensing agreements are subject to strict confidentiality provisions
26 and that the revelation of the terms of the agreements would give companies an unfair
27 negotiating advantage over Apple.  D.I. 442-4 at ¶¶ 2-4.  The information related to licensing
28 agreements and negotiations also implicates the confidential information of third party HTC

Corporation. Third party HTC has previously filed a declaration in this case to support sealing of material similar to that at issue here. D.I. 839.

Portions of Apple's Opposition to Samsung's Motion to Exclude, which reference or quote from exhibits A-9 and A-10 to the McCracken declaration should be sealed for the same reasons.

**Exhibits D-2 and D-3**

Portions of exhibits D-2 and D-3 to the McCracken Declaration contain or discuss Apple's highly sensitive confidential technical information regarding the components, configuration, and source code of the accused Apple products. Exhibit D-2 consists of interrogatory responses discussing technical components of Apple's devices. This technical information is a trade secret, and substantial harm would befall Apple if it were disclosed. *See* Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v.Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3). Exhibit D-3 contains excerpts of Apple's source code. Apple in-house attorney Cyndi Wheeler explained that Apple has extremely tight controls on its source code to limit access and that revelation of source code or the underlying functionality of its products would cause Apple competitive harm. Declaration of Cyndi Wheeler, D.I. 685. The Court has previously granted Apple's request to seal source code and product schematics that contain a similar level of detail regarding the accused Apple products. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal source code and schematics related to the Apple iBook and iSight) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)). Not only is Apple's interest in sealing this information compelling, but the public's interest in this information is especially low because this information is not necessary to understand and evaluate the issues Apple's Opposition to Samsung's Motion to Exclude.

*** 

Accordingly, because Apple has a compelling interest in its non-public, confidential capacity information and confidential product information as well as the terms and conditions of

Apple's confidential license agreements and negotiations, which outweighs the public interest in this information, it should be sealed. The requested portions to be sealed are narrowly tailored to protect Apple's compelling interests.

**Information Marked Confidential By Samsung or Third Parties**

In addition, as described in the Bekier Declaration, the following documents contain information that has been designated "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential Source Code – Outside Attorneys' Eyes Only" by Defendants and Counterclaim-Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") and/or third parties Google Inc. ("Google") and HTC Corporation ("HTC") pursuant to the Protective Order entered in this case, or is otherwise information that is believed to be deemed confidential by Samsung, Google, or HTC:

1. Portions of the confidential, unredacted version of Apple's Opposition to Samsung's Motion to Exclude; and

2. Exhibits A-3, A-4, A-5, A-6, A-7, A-8, A-9, A-10, A-11, B-1, C-3, D-1, and D-3 to the McCracken Declaration.

Accordingly, Apple has filed these documents under seal. Pursuant to the local rules of this court, a proposed public redacted version of any document that is not entirely confidential will be publicly e-filed as an attachment to this Motion, and the complete, unredacted version of the document will be e-filed under seal concurrently with this motion.

Pursuant to Civil L.R. 7-11, Apple's counsel met and conferred with Samsung's counsel regarding this motion. Samsung does not oppose this Motion as a procedural mechanism for filing portions of Apple's Opposition to Samsung's Motion to Exclude and supporting documents under seal. Samsung reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information.

Dated: November 1, 2013

GIBSON, DUNN & CRUTCHER LLP

By: /s/ H. Mark Lyon

Attorneys for Plaintiff
APPLE, INC.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: November 1, 2013                               */s/ H. Mark Lyon*