QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE EXPERT TESTIMONY BASED ON UNDISCLOSED CLAIM CONSTRUCTIONS**<br><br>Date: February 20, 2014<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ................................................................................................................... 2

    A.    Apple Did Not Object to Interrogatory 46 Based on the Court's Case Management Order on *Markman* Proceedings, Which Regardless Does Not Excuse Apple's Refusal To Respond To Interrogatory 46 ....................................... 2

    B.    Apple's Proposed Claim Constructions Are Not "Plain Meaning" .......................... 4

    C.    Apple's Response to Interrogatory 12 Does Not Remove Prejudice to Samsung .................................................................................................................. 7

        1.    Apple Did Not Disclose Its Means Plus Function Constructions ................. 8

        2.    Apple Did Not Disclose Its Non-Means Plus Function Claim Construction Positions.................................................................................. 9

    D.    Samsung's Inferences Regarding Apple's Claim Construction Positions Do Not Remove Prejudice to Samsung........................................................................ 11

    E.    Samsung's Motion to Strike is Targeted and Appropriate ..................................... 14

III. CONCLUSION .............................................................................................................. 14

# TABLE OF AUTHORITIES

**Page**

### Cases

*AFG Industries, Inc. v. Cardinal IG Co.*,
  375 F.3d 1367 (Fed. Cir. 2004) ................................................................................................12, 13

*Amazon.com, Inc., v. Barnesandnoble.com, LLC*,
  239 F.3d 1343 (Fed. Cir. 2001) ..................................................................................................2, 12

*Aventis Pharms. Inc. v. Amino Chemicals Ltd.*,
  715 F.3d 1363 (Fed. Cir. 2013) ........................................................................................................6

*Davis v. Fendler*,
  650 F.2d 1154 (9th Cir. 1981) ..........................................................................................................3

*Gonzales v. City of Albuquerque, No. CIV 09-0520*,
  2010 WL 553308 (D.N.M. Feb. 9, 2010) ........................................................................................7

*Johnson Worldwide Associates, Inc. v. Zebco Corp.*,
  175 F.3d 985 (Fed. Cir. 1999) ..........................................................................................................5

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005) ........................................................................................................6

### Statutes

Fed. R. Civ. P. 33(b)(4) .........................................................................................................................3

I.  **INTRODUCTION**

Throughout the meet and confer process, in its briefing and argument before Judge Grewal, and now in it briefing before this Court, Apple has desperately struggled and failed to come up with a credible excuse for its refusal to respond to Samsung Interrogatory 46.

Before Samsung filed its motion before Judge Grewal, Apple refused to respond to Interrogatory 46 unless Samsung also agreed to provide its claim constructions.  But, unlike Samsung, Apple never served an interrogatory on Samsung requiring disclosure of its claim constructions.  After Samsung filed its motion before Judge Grewal, Apple came up with two new excuses for its refusal to respond to Interrogatory 46.  First, Apple claimed it was applying "plain and ordinary meaning" to all of the terms and therefore was not required to provide any response to this interrogatory.  However, Apple never stated in its response to Interrogatory 46 that it was applying "plain and ordinary meaning" to any claim terms.  To the contrary, Apple's response indicated that additional claim construction proceedings were necessary, and Apple explicitly confirmed this during the July 31, 2013 Case Management Conference.[1]  Even a cursory review of the constructions Apple's experts have applied to the terms in the '239, '449, '596 and '087 patents – which include means-plus-function limitations, negative limitations, limitations that conflict with the specification, and limitations that appear nowhere in the intrinsic record – confirms that Apple is using anything but the "plain and ordinary meaning."  Second, Apple claimed its claim constructions were nonetheless disclosed in its response to an interrogatory seeking Apple's non-infringement positions, Samsung Interrogatory 12.  But as Apple itself admits, its response to this interrogatory at best provides "implicit" claim constructions, constructions that are inconsistent with "implicit" claim constructions in its invalidity contentions. Indeed, Samsung served Interrogatory 46 because of Apple's shifting sands approach to claim construction and to prevent Apple from taking inconsistent positions during expert discovery and at trial.

---

[1]  Dkt. 750, Hearing Tr. at 20:9-10 (Apple counsel: "I think the parties are in agreement that further claim construction will be necessary.")

1    Apparently recognizing that its plain and ordinary meaning and Interrogatory 12 excuses
2 have no merit, Apple now presents a brand new excuse in its opposition.  Apple now claims that it
3 "properly objected to [Interrogatory 46] as inconsistent with the *Markman* process that the Court
4 had established and completed many months earlier—as Samsung implicitly conceded by never
5 moving to compel a further response."  Opp. at 9.  But contrary to Apple's claim, it **never**
6 objected to Interrogatory 46 on the grounds that it conflicted with the *Markman* procedure set forth
7 in the Court's Case Management Order.  And Samsung never "implicitly conceded" that Apple
8 had made that non-existent objection.  Consequently, Apple waived this objection.  Regardless,
9 nothing in the Case Management Order regarding *Markman* proceedings created a special
10 exception to normal discovery rules.

11    Apple's failure to provide its claim constructions severely prejudiced Samsung during
12 expert discovery and will continue to do so at trial.  At trial, Apple's experts will continue to use
13 their inconsistent, shifting-sands constructions when arguing non-infringement and invalidity.
14 Permitting this gamesmanship at trial is manifestly unfair to Samsung and will lead to significant
15 jury confusion, waste of time in exposing the inconsistencies on cross examination, and reversible
16 error.  *Amazon.com, Inc., v. Barnesandnoble.com, LLC*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("A
17 patent may not, like a 'nose of wax,' be twisted one way to avoid anticipation and another to find
18 infringement.").  Consequently, Samsung's motion to strike, which does not require the Court to
19 engage in formal claim construction, should be granted.[2]

20 **II.    ARGUMENT**

21    **A.    Apple Did Not Object to Interrogatory 46 Based on the Court's Case
           Management Order on *Markman* Proceedings, Which Regardless
22           Does Not Excuse Apple's Refusal To Respond To Interrogatory 46**

23    Apple argues that its failure to respond to Interrogatory 46 was "substantially justified"
24 because it "properly objected to that interrogatory as inconsistent with the *Markman* process that

---

[2] A cursory examination of Apple's proposed constructions reveals that they are not "plain meaning."  Thus, Samsung's motion does not require the Court to engage in formal claim construction.

1  the Court had established and completed many months earlier—as Samsung implicitly conceded
2  by never moving to compel a further response." Opp. at 9-10.  This brand new argument fails for
3  several reasons.

4       First, Apple did not object to Interrogatory 46 on this ground.  Apple's objection to this
5  interrogatory **never** mentions the Court's Case Management Order or the *Markman* process set
6  forth in that order.  Instead, Apple's objection merely references the local patent rules.[3]  Apple
7  attempts to make up for this fatal deficiency by arguing that Samsung somehow "implicitly
8  conceded" to a non-existent objection by failing to file a motion to compel.  This is nonsensical
9  and has no factual or legal basis.  In short, because Apple failed to raise this objection, the
10 objection is waived and the Court should disregard Apple's argument.  Fed. R. Civ. P. 33(b)(4)
11 ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses
12 the failure"); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

13      Second, even assuming Apple raised this objection in its response (which it did not),
14 nothing in the Court's Case Management Order permits Apple a special exemption from
15 responding to Interrogatory 46.  Apple argues it **could not respond** to Samsung's interrogatory
16 under the Court's Case Management Order.  Opp. at 9-10.  In particular, Interrogatory 46 seeks,
17 *inter alia*, "(1) a list of claim terms that YOU contend has a meaning other than plain meaning and
18 should be construed by the Court…"  Based on this language, Apple concludes that it did not need
19 to respond, because "Apple had no basis to contend that *any* additional terms should be construed
20 by the Court" under the Court's case management order.  Opp. at 10 (emphasis original).  But
21 Apple's revisionist interpretation of this interrogatory is both nonsensical and disingenuous.
22 Apple **could respond** that terms required construction, regardless of whether the Court ultimately
23 permitted such construction.  And Apple **told the Court** that additional terms required

---

[3]  Dkt. 878-6 at 4 ("In addition, Apple objects to this Interrogatory on the grounds and to the extent that it seeks to circumvent the claim construction procedures set forth in the Court's Local Patent Rules.").

-3-  Case No. 12-cv-00630-LHK
SAMSUNG'S REPLY IN SUPPORT OF MOTION TO STRIKE

1  construction during the July 31, 2013 Case Management Conference.[4]  Given that Apple
2  explicitly sought additional claim construction, it was obligated to disclose its constructions in
3  response to Interrogatory 46.
4  　　　Next, Apple argues that the parties entered into an agreement not to respond to such
5  interrogatory requests.  Opp. at 10.  No such agreement was ever contemplated.  As already
6  explained in Samsung's opening brief, the parties came to an agreement to exchange preliminary
7  claim constructions for 9 terms each, ahead of *Markman* proceedings.  Mot. at 14.  The e-mail
8  correspondence that Apple attached to its papers confirms this.[5]  Nothing in the correspondence
9  could reasonably be interpreted as an agreement that no further disclosure of claim constructions
10 would be required during discovery.
11 　　　In short, Apple asserted to the Court during the July 31, 2013 CMC that additional claims
12 in the patents required construction, yet failed to disclose any of those constructions in its July 15
13 response to Samsung's interrogatory request.  Apple also failed to supplement its interrogatory
14 responses after the Court rejected its efforts to restart the *Markman* process.  Apple's failure to
15 provide any substantive response was unreasonable and far from "substantially justified."
16 　　　**B.　　Apple's Proposed Claim Constructions Are Not "Plain Meaning"**
17 　　　Apple argues that it "subjectively believed" its constructions were all "plain meaning," and
18 thus Apple did not have to respond based on the phrasing of Samsung's interrogatory.  Opp. at 11.
19 But Apple's proposed constructions are neither subjectively nor objectively "plain meaning."
20 Subjectively, had Apple truly believed all of its claim terms were plain meaning, it would have
21 said so in its interrogatory response.  But Apple did not do that.
22 　　　Apple's contention that it "subjectively believed" its constructions were all "plain
23 meaning" ring hollow in view of its actions.  Apple admits it first sought to obtain a mutual
24 exchange of proposed claim constructions during a July 18, 2013 lead counsel meet and confer

---

[4]  Dkt. 750, July 31 2013 Hearing Tr. at 20:3-26:13 (contending that "further claim construction will be necessary").
[5]  *See* Dkt. 1220-10, Kolovos Decl. Ex. 6 ("We agree to exchange preliminary proposed constructions at 5 pm Pacific today.")

1  (Opp. at 5), despite the fact that only Samsung, and not Apple, had expended one of its limited
2  interrogatories to seek such disclosures.  The next day, Apple sent a letter explaining it would
3  seek relief from the Court to establish a supplemental claim construction process.  Dkt. 878-7.
4  But Samsung indicated that such a request did not relieve Apple of its duty to respond to
5  Interrogatory 46.  Dkt. 878-8.  Apple ultimately sought to have the Court undertake additional
6  claim construction prior to case narrowing.[6]  Thus, Apple knew full well that its constructions for
7  many limitations went beyond "plain meaning."

8  Objectively, an examination of each of Apple's proposed constructions (*see* Mot. at 4-5)
9  confirms that they are not "plain meaning."  And while Apple raises the specter of claim
10 construction to dissuade the Court from even considering Samsung's argument, no such elaborate
11 claim construction is necessary.  Instead, the Court need only conclude that Apple's constructions
12 go beyond "plain meaning," which they clearly do.  Mot. at 6-9.

13 Each of Apple's proposed constructions goes beyond "plain meaning" by introducing
14 limitations where none could reasonably be found based on the claim language alone.  "The
15 general rule is, of course, that terms in the claim are to be given their ordinary and accustomed
16 meaning.  General descriptive terms will ordinarily be given their full meaning; modifiers will not
17 be added to broad terms standing alone." *Johnson Worldwide Associates, Inc. v. Zebco Corp.*, 175
18 F.3d 985, 989 (Fed. Cir. 1999).  Yet Apple's proposed constructions are replete with additional
19 limitations not found within the otherwise broad terms.  For example, Dr. Storer's construction of
20 the term "digital camera" in the '449 patent is based solely on a purported disclaimer of scope
21 during prosecution.  Dkt. 878-14, 878-15, Storer Reb. Rep. ¶¶ 116-121.  But Apple admits in its
22 opposition that prosecution history disclaimer is "a doctrine that limits claim scope in a manner
23 ***contrary to*** plain meaning and/or the patent itself."  Opp at 13, emphasis Apple's.  Similarly, Dr.
24 Storer argues that the plain meaning of "video capture module" in the '239 patent actually is
25 "video card having a video capture module."  Dkt. No. 878-14 and 878-15, ¶¶702-705.  Yet both

---

[6]  Dkt. 750, July 31 2013 Hearing Tr. at 20:3-26:13 (contending that "further claim construction will be necessary").

1  Dr. Storer and Apple's opposition go to great length explaining why the "plain meaning" of the
2  term should be construed so narrowly in light of the specification and prosecution history.  Opp. at
3  14.  Looking to the claim language, the term "video capture module" is a broad term whose plain
4  meaning cannot fairly be limited to a "video card."  No formal construction is necessary to arrive
5  at this conclusion.

6  Using this criteria alone, the Court can easily conclude that **all** of the terms identified by
7  Samsung are not "plain meaning" terms, without having to undertake any additional claim
8  construction.  For example, nothing in the term "control SDU" implies an additional limitation
9  that the control SDU must be generated at a higher layer than the layer that creates MAC-e PDUs.
10  Similarly, nothing in the term "list" implies that a list must contain text instead of images or that a
11  list must have a top-down arrangement instead of some other sequential arrangement.  Apple
12  argues in opposition that each of the above terms should include such additional limitations "in the
13  specific context of their patent."  *See* Opp. at 13-14.  Yet Apple's need to explain why additional
14  limitations should be incorporated from the specification only confirms that the plain meaning of
15  these terms is much broader.

16  Apple cites to a pair of Federal Circuit cases explaining that the specification may shed
17  light on the plain meaning of the claims (Opp. at 14); yet these same cases confirm that the
18  specification and prosecution history cannot be used to limit a claim term unless the patentee
19  intended to deviate from plain meaning.  *Aventis Pharms. Inc. v. Amino Chemicals Ltd.,* 715 F.3d
20  1363, 1373 (Fed. Cir. 2013) ("The written description and other parts of the specification, for
21  example, may shed contextual light on the plain and ordinary meaning; *however, they cannot be*
22  *used to narrow a claim term to deviate from the plain and ordinary meaning unless the inventor*
23  *acted as his own lexicographer or intentionally disclaimed or disavowed claim scope*.") (emphasis
24  added); *see Phillips v. AWH Corp.,* 415 F.3d 1303, 1327 (Fed. Cir. 2005) (rejecting the proposition
25  that the term "baffles" excluded baffles disposed at a right angle).  Because Apple's proposed
26  constructions introduce additional limitations beyond the plain meaning of the claims, Apple
27  should have disclosed them in response to Interrogatory 46.
28

Finally, even if the Court finds that Apple's specialized constructions are plain meaning—which it should not—such considerations are wholly irrelevant with respect to the means plus function claims of the '239 patent.   Each of these means plus function terms necessarily requires construction.   Apple acknowledges as much in its papers.   Opp. at 11.   Thus, Apple has absolutely no excuse for failing to disclose its claim construction positions for the means plus function claims of the '239 patent.

### C. Apple's Response to Interrogatory 12 Does Not Remove Prejudice to Samsung

Alternatively, Apple suggests that Samsung suffered no prejudice, because Samsung knew of Apple's claim construction positions based on Apple's response to Interrogatory 12.   Opp. at 16-23.   However, to the extent any "implicit" disclosures are present in that response, they are far from coherent and are no substitute for explicit statements of Apple's claim construction positions.

First, Apple notes repeatedly that it served a 206-page supplemental response to Interrogatory 12, implying that such a substantial response undermines Samsung's allegations of prejudice and bad faith.   But the opposite is true.   Apple's lengthy "kitchen sink" response to Interrogatory 12 obscured its true noninfringement positions amidst a haze of additional theories.  Apple's response was no substitute for a proper response to Interrogatory 46, which specifically sought an explicit list of terms and proposed constructions.   Even if Apple had incorporated Interrogatory 12 by reference—which it did not—such bulk incorporation by reference is simply insufficient where the information ostensibly produced is spread across a 206-page interrogatory response.   *See* Mot. at 12-13; *Gonzales v. City of Albuquerque,* No. CIV 09-0520, 2010 WL 553308, at *9 (D.N.M. Feb. 9, 2010).   Accordingly, the Court should not give credence to Apple's assertion that its positions were properly disclosed.

Second, Apple's assertion that its constructions were disclosed is undermined by contradictory constructions in other contexts.   As discussed in Samsung's Motion, Apple's invalidity contentions implicitly suggested much broader constructions of the claim terms, such as interpreting a grid of pictures as a list.   Mot. at 8-9.   In response, Apple argues that its positions were not inconsistent, because Dr. Storer treated such a grid of pictures as relevant to an

1  obviousness combination.  Opp. at 15, n.6.  But obviously, Apple only disclosed this position
2  after it served Dr. Storer's report.  Apple's argument only underscores the need for explicit
3  constructions in response to Interrogatory 46.  Samsung had no way of knowing whether or not
4  the implicit constructions ostensibly found in Apple's response to Interrogatory 12 represented
5  Apple's genuine constructions, or whether its invalidity contentions took precedent.  Conversely,
6  Apple's expert, Dr. Storer, remained free to adjust his claim construction positions to favor
7  noninfringement or invalidity.  Thus, Samsung could not have relied on Interrogatory 12 to derive
8  "implicit" claim constructions.
9      To the extent the Court finds it necessary to consider the issue on a case-by-case basis, the
10  examples below demonstrate that Apple's ambiguous responses did not disclose its claim
11  construction positions.
12          **1.    Apple Did Not Disclose Its Means Plus Function Constructions**
13      Apple suggests that it disclosed all of its means plus function positions in response to
14  Interrogatory 12.  However, Apple's disclosures were deficient, and in fact remain deficient, as
15  Apple and Dr. Storer provide vague and ambiguous identification of software sequences that
16  allegedly correspond to the structure of the means plus function claims, without adequate
17  explanation.  Mot. at 12.  The contrast between Dr. Storer's Opening and Rebuttal Reports
18  highlights the ambiguity of Apple's supposed claim constructions.  For example, Apple's
19  response to Interrogatory 12 asserts that a "means for exchanging data with said host unit" has a
20  corresponding structure requiring "a 16-bit Ethernet card, Novell Netware Lite software, and Host
21  Boot Software Sequence D."  Dkt. 965-9 at 113.  Dr. Storer's Opening Report uses this supposed
22  "construction" and concludes that "this limitation would have been obvious" for the Lang '995
23  reference, but doesn't even attempt to explain where Host Boot Software Sequence D is to be
24  found.  Dkt. 878-12 and 878-13, Storer Opening Report, ¶¶ 724-725.  Conversely, Dr. Storer
25  baldly asserts that "none of the iOS devices has … Host Boot Sequence D," without explaining
26  why Host Boot Sequence D is missing.  Dkt. 878-14 and 878-15, Storer Rebuttal Report, ¶ 666.
27  Thus Apple manages to offer no description of the Host Boot Sequence D software whatsoever.
28  Apple's identification of other software sequences is similarly vague and ambiguous, offering no

1  meaningful disclosure of Apple's proposed construction. Finally, with respect to the limitation
2  "means for storing the composite signal received by the host unit," Dr. Storer's opinion does not
3  match Apple's ostensibly disclosed claim construction position, as Apple's Interrogatory 12
4  response vaguely identifies software structures (Dkt. 965-9 at 114), while Dr. Storer alleges no
5  software is needed (Dkt. 873-12 and 873-13 at ¶ 669). In short, Apple's Interrogatory 12
6  disclosure of means plus function claims is either vague and deficient or inconsistent with Dr.
7  Storer's report.

### 2. Apple Did Not Disclose Its Non-Means Plus Function Claim Construction Positions

Apple also did not disclose its claim construction positions regarding all of its non-means plus function claims. Though Apple attempts to cite to its Interrogatory 12 response for support, those disclosures are vague, ambiguous, and buried within a 206-page response to Samsung's interrogatory. Perhaps the best evidence in support of Samsung is Apple's own charts supposedly identifying where each of the claim terms was construed in Interrogatory 12. *See* Dkt. 965-4 at 4-11. These charts in Apple's own brief identify its best evidence supporting its position that its constructions were "disclosed" in response to Interrogatory 12. An examination of these pages alone confirms that Apple's disclosures were far from clear, and Apple cannot rely on bits and pieces of its lengthy Interrogatory 12 response to satisfy its obligations to respond to Interrogatory 46, which required Apple to set forth explicit constructions. Furthermore, even the portions identified by Apple are insufficient to clearly disclose its claim construction positions.

For example, none of the five claim construction positions for the '596 patents were disclosed in Interrogatory 12. First, Apple did not clearly disclose its proposed construction that the limitations must be constructed in a specific order. Apple quotes two isolated sentences – on pages 189-190 and page 200, and adds some additional emphasis, to argue that Apple disclosed this theory. But nowhere does Apple state that the claims of the '596 patent must occur in a specific order.

Second, Apple's response to Interrogatory 12 provided no explanation regarding what was meant by "higher layer," even in the full context of the response. Nowhere does Apple even

1  mention MAC-e PDUs, let alone state that the control SDU must come from a higher layer than
2  the MAC-e PDUs.

3     Third, Apple did not disclose that control information must be used by a scheduling
4  component within the Node B.  Apple's Interrogatory 12 response fails to make any mention of
5  the Node B, or indicate its construction that control information must be used by a scheduling
6  component within the Node B.

7     Fourth, Apple did not disclose that "an N field representing the number of uplink data" is
8  an N field representing the number of bits or bytes contained in the MAC-es PDU.  Apple
9  provided the following boilerplate response stating that the limitation was not met: "to the extent
10 any Intel or Qualcomm function generates an N field, it does not represent 'the number of uplink
11 packet data' included in the MAC-es PDU."  Dkt. 875-18 at 195.  Nothing in that boilerplate
12 statement indicates Apple's actual construction of the N field limitation.

13    Fifth, Apple did not disclose "forming a second data packet unit (PDU) by concatenating a
14 header and a payload" requires that the MAC-e header and MAC-e payload need to be formed as
15 standalone units.  Apple instead stated "that the header and payload be formed by the time of the
16 concatenation operation."  Dkt. 878-18 at 189-190.  That statement says nothing about whether or
17 not they need to be standalone.  Combining this with a statement about a "standalone MAC-es
18 PDU" 10 pages later, on page 200, does not constitute a clear disclosure of claim construction
19 positions.

20    For the '087 patent, Apple's assertion regarding the "receiver receiving" limitation is also
21 deficient.  Apple provided no basis in its Interrogatory 12 response for why the patent should
22 exclude devices that are capable of receiving information.

23    Apple's disclosures for the '449 patent are similarly deficient.  Nothing in Apple's
24 response suggests that an A/D converter cannot receive a signal from an imaging device if they are
25 part of the same integrated circuit.  Dkt. 965-9 at 164-165.

26    Similarly, Apple did not contend that the compressor or decompressor must use common
27 circuitry for processing images and videos, or that they cannot be part of a greater circuit with
28 additional functions.  Instead, Apple simply claimed that "the video encoders do not perform

1  JPEG compression" and are separate from the JPEG encoders.  Dkt. 965-9 at 166.  Apple's
2  response leaves open the possibility that the compressor or decompressor can be part of a greater
3  circuit, and says nothing about whether common circuitry is required.
4       Apple also made no attempt to provide a construction of the term "list" in its response to
5  Interrogatory 12.  Merely asserting that "a grid of thumbnail images" is not a list (Dkt. 965-9 at
6  167) or that a grid of images is not a "search mode" (*id.*) does not indicate Apple's actual
7  construction of the terms "list" or "search mode."  Instead, these are merely boilerplate assertions
8  that Apple's grid of images does not infringe.  These assertions do not disclose, explicitly or
9  implicitly, that Apple construes "list" to require text and a particular arrangement.
10       Apple offers no construction of the term "classification" in its response to Interrogatory 12.
11  Instead, Apple argues that Interrogatory 12 itself references the Titi Deposition, where there is
12  allegedly an explanation of why the accused Camera Roll is not a classification.  Yet Mr. Titi
13  doesn't offer a construction of the term "classification" either.  In fact, the term "classification"
14  was never used during Mr. Titi's deposition.
15       Finally, Samsung disagrees that Dr. Storer's constructions of the term "imaging device"
16  and "recording circuit" was timely, or that the issue is moot.  Apple argues that these
17  constructions were conceived in response to Mr. Parulski's report; however, that did not relieve
18  Apple of the duty to disclose novel claim construction positions <u>prior</u> to expert discovery.  Apple
19  does not even argue that it disclosed these constructions in response to Interrogatory 12.
20  Accordingly, these paragraphs should be stricken, or Apple should withdraw them as moot.
21       **D.   Samsung's Inferences Regarding Apple's Claim Construction
             Positions Do Not Remove Prejudice to Samsung**
22
23       Apple implies that even if its disclosures of claim constructions were unclear, Samsung
24  suffered no prejudice for two reasons.  First, Apple argues there was no prejudice because Apple's
25  responses were due at the close of fact discovery, giving no opportunity for Samsung to follow up.
26  Opp. at 23.  This argument is obviously wrong.  Samsung was properly seeking full discovery on
27  Apple's claim construction positions by serving Interrogatory 46.  The parties negotiated for
28  further responses to interrogatory requests, including further responses to Interrogatory 46.  And

the parties continued to provide supplemental responses to other interrogatories following the close of fact discovery.

Second, Apple argues that there was no prejudice because Samsung's experts were able to address Apple's constructions. This contention is false, as described further below. But more importantly, Apple offers an unduly narrow view of the prejudice suffered by Samsung.

Samsung was prejudiced and continues to be prejudiced by Apple's refusal to disclose its claim construction positions. During expert discovery, Apple's experts were free to tweak and manipulate their claim construction positions in response to Samsung's expert reports and other developments in the case. Even now, with expert reports served, Apple has still not disclosed its actual claim construction positions regarding the claims of Samsung's patents. Nowhere does Apple or its experts actually provide constructions of terms such as "classification" or "control SDU." Even for the means plus function terms, where Dr. Storer was obliged to provide a construction in his report, the purported constructions remain highly ambiguous as to the software structures that performed the claimed functions. As a result, Apple's experts have retained the ability to argue a broad construction for purposes of invalidity and a much narrower construction for purposes of noninfringement, the very result that Samsung sought to avoid by serving Interrogatory 46. Such a strategy is improper. *Amazon.com,* 239 F.3d at 1351 (Fed. Cir. 2001) ("A patent may not, like a 'nose of wax,' be twisted one way to avoid anticipation and another to find infringement."). Accordingly, Apple should not be permitted to assert novel or inconsistent claim construction positions in the middle of trial.

Apple's attempts to introduce novel claim constructions under the guise of "plain meaning" also contradicts the Court's construction of the claims. This Court has clearly stated that most of the claim terms in the asserted patents should be left to their plain and ordinary meaning. Dkt. 1150 at 5-6, Order on Motions for Summary Judgment. Yet Apple seeks to undermine this holding by having its experts introduce numerous limitations into the "plain meaning" of the patent terms. Apple's tactics threaten to create jury confusion, by calling on the jury to develop specialized constructions for plain meaning terms. The Court should not allow such gamesmanship, which would simply waste time and invite reversible error. *See AFG Industries,*

1  *Inc. v. Cardinal IG Co.,* 375 F.3d 1367 (Fed. Cir. 2004) (finding error in introducing "further
2  refinements" to the meaning of the term "layer").
3        Apple's allegation that Samsung managed to anticipate all of Apple's claim construction
4  positions is also incorrect.  Samsung attempted to anticipate and respond to Apple's
5  noninfringement positions where possible; however, in many cases no response was actually made.
6  Also, Apple conflates Samsung's responses to its noninfringement arguments with responses to
7  Apple's actual claim construction positions.  As described in section C above, Apple's
8  noninfringement positions do not actually reveal Apple's claim construction positions of various
9  claim terms or present arguments for why those constructions are correct.  Accordingly,
10 Samsung's experts were unable to respond to Apple's proposed claim construction positions.
11       For the '596 and '087 patents, Apple's noninfringement arguments did not actually reveal
12 Apple's specific claim construction positions.  For example, Apple's noninfringement contentions
13 seemed to argue that "control information" must be used by the network, but Dr. Fuja went further
14 and required it to be used within the packet scheduler (i.e. within the Node B).  There are many
15 parts of the network, and it was unreasonable for Dr. Min to anticipate that Dr. Fuja would
16 construe "control information" to require specific use within the packet scheduler of the Node B in
17 the network.  And Dr. Min did not anticipate or provide any response to Dr. Fuja's construction of
18 "N field."
19       For the '449 patent, Mr. Parulski was unable to address many of the novel claim
20 constructions proposed by Apple.  Mr. Parulski did not address Apple's argument that a
21 "recording circuit" must include an "interface."  In addition, Mr. Parulski was unable to challenge
22 the evidence for Apple's constructions.  Instead, he was left only to state that the plain and
23 ordinary meaning of the terms could not really include Apple's apparent construction.
24       Finally, for the '239 patent, Apple's proposed constructions of the means plus function
25 claims provide wholly inadequate descriptions of the actual software components to be used.  And
26 Apple appears content to take advantage of this ambiguity.
27
28

### E. Samsung's Motion to Strike is Targeted and Appropriate

Scattered across Apple's opposition are occasional assertions that Samsung's motion to strike is draconian and overbroad. Yet it is Apple that acted in conscious disregard of its discovery obligations. Apple failed to provide constructions for **any** claim terms in response to Samsung's interrogatory, ignoring even the means plus function claims that necessarily had to be construed. Apple did not argue, and had no substantial basis for arguing, that the Court's case management order relieved Apple of its duty to respond. Likewise, Apple did not argue that its constructions were entirely plain meaning until after Samsung filed this motion. Yet Apple maintained its boilerplate objections while looking to obtain an advantage. First, Apple attempted to obtain a reciprocal exchange of claim construction discovery, despite having used up all 50 of its interrogatories on other matters. When that effort was rebuffed by the Court, Apple continued to withhold a response, knowing it would limit Apple's ability to modify its claim construction positions during and even after expert discovery. In doing so, Apple acted in clear and deliberate violation of its discovery obligations.

On this record, Samsung's motion is measured and reasonable. Samsung has identified specific claim construction disclosures not previously disclosed by Apple: five novel claim constructions for the '596 patent, one construction '087 patent, eight constructions for the '449 patent, and 7 constructions for the '239 patent (6 of which are means plus function claims). These proposed constructions by Apple are not "plain meaning" constructions and were not disclosed in response to Interrogatory 46 or any other discovery response. Accordingly, they should be struck from Apple's expert reports.

### III. CONCLUSION

For the foregoing reasons, those portions of Apple's expert reports that rely on undisclosed claim constructions are improper, prejudicial, and should be stricken.

1  DATED: February 6, 2014              QUINN EMANUEL URQUHART &
2                                          SULLIVAN, LLP
3
4                                              /s/ Victoria Maroulis
                                            Charles K. Verhoeven
5                                           Kevin P.B. Johnson
                                            Victoria F. Maroulis
6                                           William C. Price
                                            Attorneys for SAMSUNG ELECTRONICS CO., I
7                                           SAMSUNG ELECTRONICS AMERICA, INC., a
                                            SAMSUNG TELECOMMUNICATIONS
8                                           AMERICA, LLC

-15-                                   Case No. 12-cv-00630-LHK
SAMSUNG'S REPLY IN SUPPORT OF MOTION TO STRIKE