Amy H. Candido
amycandido@quinnemanuel.com
Matthew S. Warren
matthewwarren@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Non-Party Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-CV-00630-LHK<br><br>**DECLARATION OF KRISTIN J. MADIGAN IN SUPPORT OF APPLE'S AND SAMSUNG'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL [DOCKET NOS. 1240, 1243, 1244]** |

I, Kristin J. Madigan, declare under 28 U.S.C. § 1746:

1. I am Of Counsel at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for non-party Google Inc. ("Google") in this action. I submit this declaration in support of Apple's Administrative Motions to File Under Seal and Samsung's Administrative Motions to File Under Seal. I have personal knowledge of the following facts, and would competently testify to them if called upon to do so.

## SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS MOTION TO EXCLUDE OPINIONS OF CERTAIN OF APPLE'S EXPERTS

2. On February 5, 2014, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") filed a Notice of Samsung's Filing of Revised Highlighted Versions of Documents Sought to Be Sealed in Connection With Parties' *Daubert* Motions (Docket No. 1240), which sought to protect information designated as confidential by non-party Google and discussed in Samsung's Motion to Exclude Opinions of Certain of Apple's Experts (Docket No. 1240, Attachment 1) ("Motion"); and Exhibits to the Declaration of Michael L. Fazio In Support of Samsung's Motion to Exclude Opinions of Certain of Apple's Experts ("Fazio Declaration") (Docket No. 1240, Attachment 5). Pursuant to Civil L.R. 79-5(e), non-party Google submits this Declaration in support of Samsung's Administrative Motion to File Documents Under Seal (Docket No. 802), and Samsung's Notice of Samsung's Filing of Revised Highlighted Versions of Documents Sought to Be Sealed in Connection With Parties' *Daubert* Motions (Docket No. 1240), to the extent Samsung's Motion and supporting documents reference non-party Google's highly confidential or proprietary business information.

3. Selected portions of Exhibit M to the Fazio Declaration (Docket No. 1240, Attachment 5, at 61) discuss the June 13, 2013 deposition testimony of Fred Quintana. Mr. Quintana's deposition transcript is highly confidential under the protective order governing confidentiality in this action (Docket No. 171) because, among other things, Mr. Quintana testified regarding proprietary functionality and internal business processes that are confidential to non-party Google.

1      4.    Selected portions of Exhibit M to the Fazio Declaration (Docket No. 1240, Attachment 5, at 62) discuss the June 11, 2013 deposition testimony of Paul Westbrook. Mr. Westbrook's deposition transcript is highly confidential under the protective order governing confidentiality in this action (Docket No. 171) because, among other things, Mr. Westbrook testified regarding proprietary functionality and internal business processes that are confidential to non-party Google.

    5.    Selected portions of Exhibit M to the Fazio Declaration (Docket No. 1240, Attachment 5, at 62, 72) discuss proprietary information that is confidential to non-party Google, including communications among Google engineers regarding development strategy and plans, produced under the protective order governing confidentiality in this action (Docket No. 171).

    6.    Selected portions of Exhibit M to the Fazio Declaration (Docket No. 1240, Attachment 5, at 102, 106-107) discuss the July 26, 2013 deposition testimony of Hiroshi Lockheimer. Mr. Lockheimer's deposition transcript is highly confidential under the protective order governing confidentiality in this action (Docket No. 171) because, among other things, Mr. Lockheimer testified regarding proprietary functionality and internal business processes that are confidential to non-party Google.

    7.    Selected portions of Exhibit M to the Fazio Declaration (Docket No. 1240, Attachment 5, at 102, 106) discuss the June 28, 2013 deposition testimony of Bjorn Bringert. Mr. Bringert's deposition transcript is highly confidential under the protective order governing confidentiality in this action (Docket No. 171) because, among other things, Mr. Bringert testified regarding proprietary functionality and internal business processes that are confidential to non-party Google.

    8.    Selected portions of Exhibit M to the Fazio Declaration (Docket No. 1240, Attachment 5, at 114) discuss proprietary information that is confidential to non-party Google, including proprietary functionality and internal business processes, strategy, and plans, produced under the protective order governing confidentiality in this action (Docket No. 171).

**SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS OPPOSITION TO APPLE'S MOTION TO EXCLUDE CERTAIN UNRELIABLE AND IMPERMISSIBLE SAMSUNG EXPERT TESTIMONY**

9. On February 5, 2014, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") filed a Notice of Samsung's Filing of Revised Highlighted Versions of Documents Sought to Be Sealed in Connection With Parties' *Daubert* Motions (Docket No. 1240) which sought to protect information designated as confidential by non-party Google and discussed in Samsung's Opposition to Apple's Motion to Exclude Certain Unreliable and Impermissible Samsung Expert Testimony (Docket No. 1240, Attachment 13) ("Samsung's Daubert Opposition"). Pursuant to Civil L.R. 79-5(e), non-party Google submits this Declaration in support of Samsung's Administrative Motion to File Documents Under Seal (Docket No. 856), and Samsung's Notice of Samsung's Filing of Revised Highlighted Versions of Documents Sought to Be Sealed in Connection With Parties' *Daubert* Motions (Docket No. 1240), to the extent Samsung's Daubert Opposition and supporting documents reference non-party Google's highly confidential or proprietary business information.

10. Selected portions of Samsung's Daubert Opposition (Docket No. 1240, Attachment 13, at 2 n. 2) concern licensing of intellectual property between Google and a different non-party, produced under the protective order governing confidentiality in this action (Docket No. 171).

**APPLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS MOTION TO EXCLUDE CERTAIN SAMSUNG EXPERT TESTIMONY**

11. On February 5, 2014, Apple Inc. ("Apple") filed an Amended Administrative Motion to File Documents Under Seal (Docket No. 1244), which sought to protect information designated as confidential by non-party Google and discussed in Apple's Motion to Exclude Certain Samsung Expert Testimony (Docket No. 1244, Attachment 2) ("Motion"); and Exhibits to the Declaration of Casey McCracken In Support of Apple's Motion to Exclude Certain Samsung Expert Testimony (Docket No. 1244, Attachment 3). Pursuant to Civil L.R. 79-5(e),

1  non-party Google submits this Declaration in support of Apple's Amended Administrative
2  Motion to File Documents Under Seal (Docket No. 1244), to the extent Apple's Motion and
3  supporting documents reference non-party Google's highly confidential or proprietary business
4  information.

5       12.    Selected portions of Apple's Motion (Docket No. 1244, Attachment 2, at 11)
6  discuss proprietary information that is confidential to non-party Google concerning a license
7  agreement with a different non-party, produced under the protective order governing
8  confidentiality in this action (Docket No. 171).

9       13.    Selected portions of Exhibit A-1 to the McCracken Declaration (Docket No. 1244,
10  Attachment 3, at 197-198) discuss the July 26, 2013 deposition testimony of Hiroshi Lockheimer.
11  Mr. Lockheimer's deposition transcript is highly confidential under the protective order
12  governing confidentiality in this action (Docket No. 171) because, among other things, Mr.
13  Lockheimer testified regarding proprietary functionality and internal business processes that are
14  confidential to non-party Google.  In addition, selected portions of Exhibit A-1 to the McCracken
15  Declaration (Docket No. 1244, Attachment 3, at Ex. 73) discuss proprietary information that is
16  confidential to non-party Google concerning a license agreement with a different non-party,
17  produced under the protective order governing confidentiality in this action (Docket No. 171).

18  **APPLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS**
19  **OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE OPINIONS OF**
20  **CERTAIN OF APPLE'S EXPERTS**

21       14.    On February 5, 2014, Apple Inc. ("Apple") filed an Administrative Motion to File
22  Documents Under Seal (Docket No. 1243), which sought to protect information designated as
23  confidential by non-party Google and discussed in Apple's Opposition to Samsung's Motion to
24  Exclude Opinions of Certain of Apple's Experts (Docket No. 1243, Attachment 1) ("Apple's
25  Daubert Opposition"); and Exhibits to the Declaration of Casey J. McCracken In Support of
26  Apple's Opposition to Samsung's Motion to Exclude Opinions of Certain of Apple's Experts
27  ("McCracken Declaration") (Docket No. 1243, Attachments 2, 4.)  Pursuant to Civil L.R. 79-5(e),
28  non-party Google submits this Declaration in support of Apple's Administrative Motion to File

Documents Under Seal (Docket No. 1243), to the extent Apple's Daubert Opposition and supporting documents reference non-party Google's highly confidential or proprietary business information.

15. Selected portions of Apple's Daubert Opposition (Docket No. 1243, Attachment 1, at 18) discuss Google's highly confidential and proprietary source code produced under the protective order governing confidentiality in this action (Docket No. 171) and the agreed addendum to the protective order regarding Google source code production (Docket No. 159).

16. Selected portions of Exhibit A-9 to the McCracken Declaration (Docket No. 1243, Attachment 2, at 114) discuss proprietary information that is confidential to non-party Google, including proprietary functionality and internal business processes, strategy, and plans, produced under the protective order governing confidentiality in this action (Docket No. 171).  In addition, selected portions of Exhibit A-9 to the McCracken Declaration (Docket No. 1243, Attachment 2, at 106) discuss the July 26, 2013 deposition testimony of Hiroshi Lockheimer.  Mr. Lockheimer's deposition transcript is highly confidential under the protective order governing confidentiality in this action (Docket No. 171) because, among other things, Mr. Lockheimer testified regarding proprietary functionality and internal business processes that are confidential to non-party Google. In addition, selected portions of Exhibit A-9 to the McCracken Declaration (Docket No. 1243, Attachment 2, at 106) discuss the June 28, 2013 deposition testimony of Bjorn Bringert. Mr. Bringert's deposition transcript is highly confidential under the protective order governing confidentiality in this action (Docket No. 171) because, among other things, Mr. Bringert testified regarding proprietary functionality and internal business processes that are confidential to non-party Google.

17. Selected portions of Exhibit A-11 to the McCracken Declaration (Docket No. 1243, Attachment 4, at 166) discuss the October 1, 2013 deposition testimony of Dr. Jeffrey Chase.  Mr. Chase's deposition transcript is highly confidential under the protective order governing confidentiality in this action (Docket No. 171) because, among other things, Mr. Chase

1  testified regarding proprietary functionality and internal business processes that are confidential
2  to non-party Google.
3      I declare under penalty of perjury that the foregoing is true and correct.
4      Executed in San Francisco, California, on February 10, 2014.

          By /s/ Kristin J. Madigan
              Kristin J. Madigan