QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR CLARIFICATION OF THE COURT'S JANUARY 9, 2014 ORDER RE: MOTIONS TO STRIKE AND SEAL**<br><br>Date:     March 11, 2014<br>Time:    10:00 a.m.<br>Place:    Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

1   Samsung moved to strike five paragraphs of Dr. Mowry's expert reports concerning

2   Apple's alleged practice of the '647 patent.  (Dkt. 880-5 at 3.)  This Court granted Samsung's

3   motion in its entirety.  Apple now belatedly seeks "clarification" of the Court's Order.  In doing

4   so, Apple re-raises the same arguments it raised during the initial round of briefing, and asks the

5   Court for a different outcome.  According to Apple, because the Court did not expressly address

6   these arguments in its Order, the paragraphs to which they relate should not be struck.  But the

7   Court plainly indicated that due to the "press of time" its Order would not address each and every

8   argument, and the "parties may presume that in ruling on any particular expert opinion, the court

9   has adopted the proposed factual findings and legal conclusions of the party urging the ruling and

10  rejected those in opposition."  (Dkt. 1127 at 3 n. 9.)  The Court's Order needs no "clarification"—

11  it is perfectly clear.  What Apple really desires is reconsideration of arguments Apple has already

12  raised to the Court; but Apple's motion ignores the Court's express requirements for

13  reconsideration, because Apple cannot hope to meet them.  Apple's motion should be denied.[1]

14  **I.      STATEMENT OF FACTS**

15  On November 5, 2013, Samsung moved to strike paragraphs 300-304 of Dr. Mowry's

16  opening expert report and paragraph 391 of Dr. Mowry's rebuttal expert report ("For the reasons

17  that follow, and as detailed in the proposed order attached hereto, this Court should strike all

18  portions of Apple's opening and rebuttal reports that discuss or rely on new and untimely theories,

19  including:…New theories concerning Apple's use of the asserted patents in its products

20  (…paragraphs 300-304, 391 of Dr. Mowry's report)").  (Dkt. 880-5 at 2-3.)  Those paragraphs

21  concern Apple's alleged practice of the '647 patent.  (*Id.* at 3.)  Dr. Mowry relied on conversations

22  with Apple's engineers in forming these opinions, though Dr. Mowry did not disclose in his report

23  the identity of those engineers or the substance of his conversations with them, and did not explain

---

25  [1]  In *Apple Inc. v. Samsung Elecs. Co., Ltd.*, C.A. No. 11-cv-01846 LHK (PSG) (the "1846

26  case"), Apple took the opposite approach arguing that the Court's order striking experts' opinions should be construed broadly rather than the piecemeal approach it seeks here.  (*See* 1846 Case Dkt. 1420 at 1-2.)  Judge Koh agreed, finding that a different approach "would render Judge

27  Grewal's Order meaningless."  (1846 Case Dkt. 1553 at 3.)

28

1   his reliance on those conversations other than to broadly explain they provided the basis for his

2   opinions in paragraphs 300-304.  (*Id.* at 9-10; 22-24.)

3        The Court granted Samsung's motion on this issue.  The Court stated the following in

4   support of this Order:

5            [Samsung] moves to strike Mowry's theories regarding Apple's
             practice of the '647 patent based on his discussions with engineers
6            not disclosed by [Apple]. [Samsung] argues that [Apple's] failure to
             disclose these witnesses denied them the opportunity to depose
7            witnesses who may have helped to impeach the expert.  [Apple's]
             primary response is that Mowry did not rely on the reports of these
8            engineers, but Mowry's own testimony is to the contrary.
             [Samsung's] motion is GRANTED.
9

10  (Dkt. 1127 at 9-10.)[2]  The Court also stated the following concerning the scope of its order:

11           The court regrets that the press of time precludes a complete
             rehashing of the parties' respective positions here.  The parties may
12           presume that in ruling on any particular expert opinion, the court has
             adopted the proposed factual findings and legal conclusions of the
13           party urging the ruling and rejected those in opposition.

14  (*Id.* at 3 n. 9.)

15  **II.    ARGUMENT**

16      **A.    The Court Plainly Struck The Itemized Paragraphs of Dr. Mowry's Report
                Identified in Samsung's Motion**
17

18        Samsung expressly moved to strike paragraphs 300-304 of Dr. Mowry's opening expert

19  report and paragraph 391 of his rebuttal expert report.  Samsung moved to strike those paragraphs

20  because they lacked support and were based on previously undisclosed theories, including but not

21  limited to Dr. Mowry's reliance on conversations with Apple's engineers.  Apple raised a host of

22  arguments in opposition.  This Court agreed with Samsung and struck those paragraphs.  The

23  Court's Order requires no clarification.

24        Apple now seeks to "clarify" the Court's Order, however, by re-raising the same

25  arguments Apple already raised in the initial round of briefing.  According to Apple, because the

26  _____

27      [2]  The Court inadvertently reversed the parties' names in this part of the Order.

28

1   Court did not expressly reject certain arguments made by Apple, the paragraphs to which those

2   arguments relate should not be struck.  For instance, Apple infers that the Court only meant to

3   exclude Dr. Mowry's opinions that were based on discussions with undisclosed Apple engineers,

4   even though Samsung moved to exclude a broader set of opinions and the Court's Order expressly

5   excluded those opinions.  Apple ignores the Court's express statement that its Order would not

6   address all issues and arguments raised by the parties, as well as the Court's statement that they

7   may presume that "the court has adopted the proposed factual findings and legal conclusions of

8   the party urging the ruling and rejected those in opposition."  (Dkt. 1127 at 3 n. 9.)  In other

9   words, the Court preemptively closed the door on Apple's attempted end-around of the Court's

10  Order.  No clarification is necessary.

11      **B.**      **Apple Improperly Seeks Reconsideration**

12          Apple's motion is in reality a thinly-veiled request for reconsideration, asking the Court to

13  revisit Apple's already rejected arguments in an effort to moot the effect of Apple's misbehavior

14  in discovery.  Apple's motion, however, fails to comply with Local Rule 7-9.  Apple neither

15  sought leave of the Court to file its motion, nor can it show that "a material difference in fact or

16  law exists from that which was presented to the Court."  Local Rule 7-9.  How could one exist?

17  Apple already raised its supposed basis for clarification—that paragraphs 302 and 303 of Dr.

18  Mowry's report allegedly do not rely on discussions with undisclosed engineers—in opposition to

19  Samsung's motion in its original papers.  (Apple Opp. 20:21-21:25.)   The Court rightly rejected

20  these arguments when they were raised—regardless of whether the Court found them sufficient to

21  warrant dismissal in its written Order—and any other arguments Apple now wishes to make are

22  untimely.  The plain fact is that Apple's expert, in forming his excluded opinions, relied on

23  discussions with undisclosed Apple engineers, and Samsung never was able to depose those

24  engineers or seek follow-up discovery with Apple or Dr. Mowry.

25          Because Apple's motion is not based on any "new fact" that it could not in the exercise of

26  reasonable diligence have raised prior to the Court's January 9 ruling, its motion does not satisfy

27  the requirements for leave to file a motion for reconsideration, and its failure to raise these issues

28

1    in the pre-ruling briefing waives any right to do so now.  *See Marlyn Nutraceuticals, Inc. v. Mucos*

2    *Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration may not

3    be used to raise arguments or present evidence for the first time when they could reasonably have

4    been raised earlier in the litigation.")

5    **III.    CONCLUSION**

6            The Court should simply deny Apple's motion or, in the alternative, confirm that the

7    opinions in question have been struck.

8

9    DATED: February 17, 2014                QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
10

11

12                                          By */s/ Victoria F. Maroulis*
                                               Charles K. Verhoeven
13                                             Kevin P.B. Johnson
                                               Victoria F. Maroulis
14                                             Michael T. Zeller
                                               Attorneys for SAMSUNG ELECTRONICS CO.,
15                                             LTD., SAMSUNG ELECTRONICS AMERICA,
                                               INC., and SAMSUNG
16                                             TELECOMMUNICATIONS AMERICA, LLC

17

18

19

20

21

22

23

24

25

26

27

28