JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile:  650.849.5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK  (PSG)<br><br>**DECLARATION OF JENNIFER RHO IN SUPPORT OF APPLE INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS  UNDER SEAL (APPLE INC.'S MOTIONS IN LIMINE)** |

I, Jennifer Rho, declare and state as follows:

1. I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple, Inc. ("Apple").  Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in connection with Apple's Administrative Motion To File Documents Under Seal (Apple Inc.'s Motions in Limine) ("Apple's Motion to Seal").  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

2. Concurrent with Apple's Motion to Seal, Apple has filed its Motions in Limine ("Apple's MIL Brief"), including the Declaration of Nathan Sabri (the "Sabri Declaration"), a Proposed Order, and exhibits supporting such MIL Brief.

3. Apple hereby seeks to seal material referenced in Apple's MIL Brief and the supporting Proposed Order, Sabri Declaration, and exhibits thereto.  Certain of these documents and testimony contain information designated as highly confidential by Apple and/or Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"), and/or third-parties Google, Inc. ("Google") and Nuance Communications, Inc. ("Nuance").  Where a document references Apple's confidential information, Apple hereby submits that document with Apple's confidential information highlighted in yellow.  Where a document has been designated as confidential by Samsung, Google, and/or Nuance, or otherwise references information that Samsung, Google, and/or Nuance have designated as confidential, Apple hereby submits that document entirely under seal.

**Apple's Confidential Information**

4. Apple hereby seeks to file under seal certain material in Exhibit 8 to the Sabri Declaration that relates to Apple's non-public, highly sensitive, sales information relating to domestic unit sales of Apple's iPhone product line and the models included therein.  Moreover, this information relates to products that Apple continues to sell.  As detailed in prior declarations submitted to the Court from Apple Finance Manager Mark Buckley, the disclosure of this type of information would be harmful to Apple, as this type of information is highly confidential, not

DECLARATION OF JENNIFER RHO IN SUPPORT OF APPLE'S MOTION TO FILE ITS MOTIONS IN LIMINE UNDER SEAL
-1-   CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

1  publicly available, and could give Apple's competitors an unfair advantage in the marketplace.
2  *See, e.g.,* Declaration of Mark Buckley, D.I. 685-1 at 1-2, 7-16 (July 15, 2013).

3        5.      In supporting the sealing of this particular type of financial data regarding
4  domestic iPhone sales, Mr. Buckley explained that Apple releases certain "limited financial
5  information regarding entire product lines," but does not release more detailed financial
6  information such as the information that Apple requests be sealed in this document.  *See* D.I.
7  685-1 at 1-2, 7-16.  Indeed, though Apple has ultimately disclosed certain of this information
8  during certain proceedings before this Court, *see, e.g.,* Case No. 11-cv-1846, Apple keeps highly
9  protected this more specific sales data unless otherwise required to disclose such information by
10  the Court.  Such information would provide more insight into Apple's particular operating
11  practices and finances than Apple has previously disclosed to the public.  Public disclosure of the
12  specific sales data at issue here could permit Apple's competitors to tailor their product offerings
13  and business strategies to more effectively compete with Apple after learning of Apple's
14  geographical allocation of sales.  Mr. Buckley has provided further explanation of how the
15  disclosure of Apple's non-public financial information would cause Apple severe harm,
16  potentially allowing Apple's competitors an unfair advantage in marketplace competition.  D.I.
17  685-1 at 2-3, 7-16; D.I. 442-2 6-9.

18        6.      Indeed, Mr. Buckley has detailed the extensive length to which Apple goes to
19  protect the confidentiality of its financial information, noting that it is "among the most
20  painstakingly protected information at the company, on par with source code."  D.I. 685-1 at 2;
21  *see also* Declaration of Mark Buckley, D.I. 442-1 at 2; Declaration of Mark Buckley, D.I. 711-1
22  at 2 (explaining the efforts Apple makes to maintain confidentiality over its financial
23  information).  Mr. Buckley has explained that "only a limited number of individuals are
24  authorized to receive [such] information, even within Apple, and on a need-to-know basis."  D.I.
25  685-1 at 2.

26        7.      In contrast to the significant harm that Mr. Buckley has explained would be faced
27  by Apple upon public disclosure of such sales information, the public interest in the information
28

Gibson, Dunn & Crutcher LLP

DECLARATION OF JENNIFER RHO IN SUPPORT OF APPLE'S MOTION TO FILE ITS MOTIONS IN LIMINE UNDER SEAL
-2-    CASE NO. 12-CV-00630-LHK (PSG)

Apple seeks to seal is low.  I understand that the specific financial information at issue here is not material to the dispute between the parties.

8. Accordingly, due to the harm to Apple from disclosure of the confidential information at issue, as detailed in the declarations of Mr. Buckley set forth at D.I. 442-1, D.I. 442-2, D.I. 685-1, and D.I. 711-1, Apple seeks to file under seal a limited portion of Exhibit 8 to the Sabri Declaration.  The specific portion to be filed under seal is highlighted in yellow on p. 140 of Exhibit 8, and provides financial data regarding Apple's confidential domestic iPhone sales.

**Samsung's and Third Parties' Confidential Information**

9. In addition to the aforementioned information that Apple requests be filed under seal, Apple further seeks to file under seal certain materials and information that have been designated as highly confidential by Samsung, Google, and/or Nuance.

10. Apple's MIL Brief references documents or testimony designated as highly confidential by Samsung and Google.  These portions of Apple's MIL Brief, at pages 2, 15-17, and 19-20 have been highlighted in green and/or blue and should remain under seal.

11. The [Proposed] Order Granting Apple's Motions in Limine contains information that has been designated as highly confidential by Samsung and/or Google.

12. Exhibit 4 to the Sabri Declaration contains excerpts from the September 13, 2013 Rebuttal Expert Report of Martin Rinard, Ph.D Regarding Noninfringement of Claims 24 and 25 of U.S. Patent No. 6,847,959, which have been designated highly confidential by Samsung and/or Google.

13. Exhibit 5 to the Sabri Declaration contains excerpts from Samsung's Third Supplemental Objections and Responses to Apple's Sixth Set of Interrogatories (No. 41), which have been designated highly confidential by Samsung and/or Google.

14. Exhibit 6 to the Sabri Declaration contains excerpts from Samsung's Further Supplemental Responses to Apple's First, Third and Tenth Sets of Interrogatories (Interrogatory Nos. 8, 20, 24, 28, 29, 45), which have been designated highly confidential by Samsung and/or Google.

Gibson, Dunn & Crutcher LLP

DECLARATION OF JENNIFER RHO IN SUPPORT OF APPLE'S MOTION TO FILE ITS MOTIONS IN LIMINE UNDER SEAL
-3-   CASE NO. 12-CV-00630-LHK (PSG)

15. Exhibit 8 to the Sabri Declaration contains excerpts from the September 13, 2013 Expert Report of Judith A. Chevalier, which have been designated highly confidential by Samsung and/or Google.  Apple only seeks to file under seal the portions highlighted in yellow, as described above, but has filed the entire document under seal given Samsung's and/or Google's designations of the document as highly confidential.

16. Exhibit 9 to the Sabri Declaration is a true and correct copy of the July 7, 2013 Sunggeun Park Deposition Transcript, which has been designated highly confidential by Samsung and/or Google.

17. Exhibit 10 to the Sabri Declaration is a true and correct copy of the June 7, 2013 Daewoon Myoung Deposition Transcript, which has been designated highly confidential by Samsung, Google, and/or Nuance.

18. Exhibit 11 to the Sabri Declaration is a true and correct copy of the June 20, 2013 Youngmi Kim Deposition, which has been designated highly confidential by Samsung and/or Google.

19. Exhibit 12 to the Sabri Declaration is a true and correct copy of the June 6, 2013 Junhyung Kim Deposition Transcript, which has been designated highly confidential by Samsung and/or Google.

20. Exhibit 13 to the Sabri Declaration is a true and correct copy of the July 5, 2013 Huijae Lee Deposition Transcript, which has been designated highly confidential by Samsung and/or Google.

**Apple's Attempt to Meet and Confer**

21. Pursuant to Civil L.R. 7-11, Apple's counsel met and conferred with Samsung's counsel regarding this motion to seal.  Samsung does not oppose Apple's Administrative Motion to File Documents Under Seal relating to Apple's Motions in Limine as a procedural mechanism for filing portions of Apple's Motions in Limine and supporting documents under seal.  Samsung reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information.  Within 7 days of Samsung filing its declaration in support of sealing, the parties will prepare and Apple will file a final consolidated and conformed

DECLARATION OF JENNIFER RHO IN SUPPORT OF APPLE'S MOTION TO FILE ITS MOTIONS IN LIMINE UNDER SEAL
-4-   CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

1  copy of the motion and exhibits thereto identifying what information Apple, Samsung, and any
2  third parties have supported sealing in their declarations.

3      22.    The relief requested by Apple is necessary and narrowly tailored to protect
4  confidential information regarding Apple's confidential, non-public financial information.

5      I declare under the penalty of perjury that the foregoing is true and correct to the best of
6  my knowledge.

7  Dated: February 18, 2014                                            */s/ Jennifer Rho*
8                                                                           Jennifer Rho

Gibson, Dunn & Crutcher LLP

DECLARATION OF JENNIFER RHO IN SUPPORT OF APPLE'S MOTION TO FILE ITS MOTIONS IN LIMINE UNDER SEAL
-5-        CASE NO. 12-CV-00630-LHK (PSG)

**ATTESTATION**

I, Rachel Krevans, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Jennifer Rho has concurred in this filing.

Dated: February 18, 2014

/s/ *Rachel Krevans*

Rachel Krevans

DECLARATION OF JENNIFER RHO IN SUPPORT OF APPLE'S MOTION TO FILE ITS MOTIONS IN LIMINE UNDER SEAL
-6-   CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP