# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

**Before the Honorable Lucy H. Koh**
**Federal District Court Judge**

APPLE, INC, a California corporation, Plaintiff

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, Defendants.

CASE NO. 12-CV-00630-LHK

**REBUTTAL EXPERT REPORT OF SAUL GREENBERG, PH.D., REGARDING NONINFRINGEMENT OF THE ASSERTED CLAIM 8 OF U.S. PATENT NO. 8,046,721**

I. INTRODUCTION ..... 1
II. BASIS FOR OPINIONS ..... 2
A. Qualifications ..... 2
B. Materials Considered ..... 2
C. Level of Ordinary Skill in the Art ..... 2
III. UNDERSTANDING OF RELEVANT LEGAL STANDARDS ..... 4
A. Infringement ..... 4
B. Doctrine of Equivalents ..... 4
C. Prosecution History Estoppel ..... 5
D. Indirect Infringement ..... 6
IV. SUMMARY OF OPINIONS ..... 7
V. TECHNOLOGY BACKGROUND ..... 10
A. DR. COCKBURN MISCHARACTERIZES THE PRIOR ART AND THE CHALLENGES OF INTERFACE DESIGN ..... 10
B. DOCUMENTS CITED ..... 18
VI. BACKGROUND OF THE '721 PATENT ..... 23
A. Alleged Benefits of Apple's Implementation of the '721 Patent Were Well-Known Benefits of Basic Principles of Human Computer Interaction ..... 23
A.1. Learnability ..... 24
A.2. Efficiency ..... 43
A.3. Lack of Physical Buttons ..... 46
A.4. Subjective Satisfaction ..... 47
A.5. iOS 7 ..... 51
A.6. Slide to Answer and Missed Call/Text Indicators ..... 56
VII. CONSTRUCTION OF CLAIM TERMS ..... 58
A. Unlocking ..... 58
B. "To Continuously Move the Unlock Image" ..... 60
VIII. SOURCE CODE ANALYSIS ..... 65
IX. OVERVIEW OF THE ACCUSED PRODUCTS ..... 67

A. Accused Products ... 67

A.1. "Tongue/Dot" Devices ... 68

A.2. "Tongue/No Dot" devices ... 70

A.3. "Puzzle" Devices ... 74

A.4. Galaxy Nexus Devices ... 76

B. Characterization of the Accused Features in Apple's Damages Reports ... 76

B.1. Apple's expert did not survey users regarding the '721 Patent on smart phones. ... 77

B.2. Apple's expert did not survey users regarding the accused functionalities of the "Tongue/No Dot" devices. ... 77

B.3. Apple's expert does not fairly represent potential and actual non-infringing alternatives ... 78

B.4. The Vellturo Report Overstates the Importance of the '721 Patent ... 82

X. NONINFRINGEMENT ANALYSIS OF THE '721 PATENT ... 83

A. Overview of Noninfringement of the '721 Patent ... 83

B. The Accused Products Do Not Infringe Claim 8 of the '721 Patent ... 83

B.1. Admire (EH02 release) ... 83

B.2. Conquer 4G (EF25, EG15, and FC17 releases) ... 95

B.3. Dart (UVKE4 Release) ... 106

B.4. Transform Ultra (EG30 and FD11 releases) ... 112

B.5. Captivate Glide (I927UCKI3, I927UCKL1 releases) ... 118

B.6. Exhibit II 4G (T679UVKJ1 or T679UVLE1 releases) ... 132

B.7. Galaxy S II (I777UCKH7, I777UCKK6, T989UVKID, T989UVKL1 releases) ... 145

B.8. Galaxy S II Skyrocket (I727UCKJ2 and I727UCKK1 releases) ... 158

B.9. Galaxy S II Epic 4G Touch (EG30, EK02, and EL29 releases) ... 171

B.10. Stratosphere (EI2 release) ... 178

B.11. Illusion (EJ2 release) ... 184

B.12. Galaxy Nexus (ICS) ... 189

B.13. Galaxy Nexus (JB) ... 192

## LIST OF APPENDICES AND EXHIBITS

| NO. | DESCRIPTION |
| --- | --- |
| Appx. 1 | List of Materials Considered |

## IV. SUMMARY OF OPINIONS

22. Dr. Cockburn has not addressed all of the elements of the claims, and therefore has failed to show infringement even if the other elements were met (which I dispute, as set forth below), because Dr. Cockburn has not identified any "instructions" to detect, or move, or unlock, or display, for any of the Accused Products.

23. The incoming call user interfaces of the Admire and Conquer 4G devices do not infringe claim 8 of the '721 patent under the plain and ordinary meaning of the term "unlock," and under Apple's apparent interpretation that claim 8 requires immediate unlocking, without any further action, immediately upon moving an image from a first predefined location to a predefined region.

24. The incoming call user interfaces of the Admire and Conquer 4G devices do not infringe claim 8 of the '721 patent, because they also do not continuously move an unlock image in accordance with the movement of the detected contact, as Apple appears to be interpreting that requirement in connection with its previous arguments in response to Plaisant.

25. The incoming call user interfaces of the Admire and Conquer 4G do not infringe claim 8 of the '721 patent because they do not move the accused unlock image in accordance with the movement of the detected contact.

26. The keyguard user interfaces of the Admire, Conquer 4G, Dart, and Transform Ultra do not infringe claim 8 of the '721 patent, because they also do not continuously move an unlock image in accordance with the movement of the detected contact, as Apple appears to be interpreting that requirement in connection with its previous arguments in response to Plaisant.

27. The keyguard user interfaces of the Admire, Conquer 4G, Dart, and Transform Ultra do not infringe claim 8 of the '721 patent, because they do not move an unlock image in accordance with the movement of the detected contact.

28. The incoming call user interfaces of the Galaxy S II, Captivate Glide, Exhibit II 4G, and Galaxy S II Skyrocket devices do not infringe claim 8 of the '721 patent under the plain and ordinary meaning of the term "unlock," and under Apples' apparent interpretation that claim 8 requires unlocking, without any further action, immediately upon moving an image from a first predefined location to a predefined region.

29. The incoming call user interfaces of the Galaxy S II, Captivate Glide, Exhibit II 4G, and Galaxy S II Skyrocket devices do not infringe claim 8 of the '721 patent, because they do not continuously move an unlock image in accordance with the movement of the detected contact, as Apple appears to be interpreting that requirement in connection with its previous arguments in response to Plaisant.

30. The incoming call user interfaces of the Galaxy S II, Captivate Glide, Exhibit II 4G, and Galaxy S II Skyrocket devices do not infringe claim 8 of the '721 patent because they do not move the accused unlock image in accordance with the movement of the detected contact.

31. The missed call/text user interfaces of the Galaxy S II, Captivate Glide, Exhibit II 4G, Galaxy S II Skyrocket, and Galaxy S II Epic 4G Touch do not infringe claim 8 of the '721 patent, because they also do not continuously move an unlock image in accordance with the movement of the detected contact, as Apple appears to be interpreting that requirement in connection with its previous arguments in response to Plaisant.

32. The missed call/text user interfaces of the Galaxy S II, Captivate Glide, Exhibit II 4G, Galaxy S II Skyrocket, and Galaxy S II Epic 4G Touch do not infringe claim 8 of the '721 patent because they do not move the unlock image in accordance with the movement of the detected contact.

33. The incoming call user interfaces of the Illusion and Stratosphere devices do not infringe claim 8 of the '721 patent under the plain and ordinary meaning of the term "unlock," and

under Apple's apparent interpretation that claim 8 requires unlocking, without further action, immediately upon moving an image from a first predefined location to a predefined region.

34.  The Galaxy Nexus ICS device does not infringe claim 8 of the '721 patent because it does not continuously move the accused unlock image.

35.  The Galaxy Nexus JB device does not infringe claim 8 of the '721 patent because it does not continuously move any unlock image.

36.  It is further my opinion that there are any number of non-infringing alternatives that could be used in place of the very specific interface that is covered by the claims of the '721 patent. It is further my opinion that the available non-infringing alternatives could be implemented in 240 to 280 person hours.

02198.51981/5518224.2

-9-    Case No. 12-CV-00630-LHK
REBUTTAL EXPERT REPORT OF S. GREENBERG RE: NONINFRINGEMENT OF US PATENT NO. 8,046,721
HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

494.     In connection with my anticipated testimony in this action, I may use as exhibits various documents produced in this case that refer or relate to the matters discussed in this report. I have not yet selected the particular exhibits that might be used.  In addition, I may create or assist in the creation of certain demonstrative evidence to assist me in testifying, and I reserve the right to do so, such as demonstrating working devices to further support the positions in this report.

Date: September 13, 2013

Saul Greenberg