# EXHIBIT 6

```
 1                 UNITED STATES DISTRICT COURT

 2                NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN JOSE DIVISION

 4


 5

     APPLE INC., A CALIFORNIA        )  C-12-00630 LHK
 6   CORPORATION,                    )
                                     )  SAN JOSE, CALIFORNIA
 7                    PLAINTIFF,     )
                                     )  DECEMBER 12, 2013
 8            VS.                    )
                                     )  PAGES 1-179
 9   SAMSUNG ELECTRONICS CO., LTD.,  )
     A KOREAN BUSINESS ENTITY;       )
10   SAMSUNG ELECTRONICS AMERICA,    )
     INC., A NEW YORK CORPORATION;   )
11   SAMSUNG TELECOMMUNICATIONS      )
     AMERICA, LLC, A DELAWARE        )
12   LIMITED LIABILITY COMPANY,      )
                                     )
13                    DEFENDANTS.    )
     _____)
14                                   )
                                     )
15

16              TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE LUCY H. KOH
17             UNITED STATES DISTRICT JUDGE

18

19

20             APPEARANCES ON NEXT PAGE

21

22

23

24   OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                        CERTIFICATE NUMBER 9595
25
```

1        MR. KREVITT:  YOUR HONOR, IT COULD BE RELEVANT TO

2    SEVERAL THINGS, INCLUDE DEMAND OF THE PATENTED PRODUCT, SO IN

3    CONNECTION WITH -- AMONG OTHER THINGS.

4        BUT IN CONNECTION WITH LOST PROFITS, YOUR HONOR, WE MAY

5    WISH TO SHOW THAT THERE'S DEMAND FOR A PATENT -- EXCUSE ME -- A

6    PRODUCT COVERED BY THE PATENT.

7        IN ADDITION TO SAMSUNG'S PRODUCTS THAT ARE COVERED BY THE

8    PATENT, APPLE'S PRODUCTS ARE COVERED BY THE PATENT.  SO APPLE'S

9    PRODUCTS FOR THE '959 PATENT, FOR EXAMPLE, ARE RELEVANT TO

10   CLAIM 34.

11       SO IT IS RELEVANT TO -- AND I DON'T WANT TO OVERSTATE OUR

12   RELIANCE ON THIS ISSUE -- BUT IT IS RELEVANT TO, POTENTIALLY,

13   DEMAND FOR THE PATENTED PRODUCT, DEMAND FOR PATENTED PRODUCTS.

14       THE COURT:  AND THESE ARE ALL INDEPENDENT CLAIMS

15   WHERE YOU'VE ASSERTED THE DEPENDENT CLAIMS?  IS THAT RIGHT?

16       MR. KREVITT:  NO, YOUR HONOR.  SO CLAIM 11 IS.

17       THE COURT:  CLAIM 11, OKAY.

18       MR. KREVITT:  CLAIM 11 IS.  THE OTHER TWO CLAIMS ARE

19   NOT RELATED TO THE ASSERTED CLAIMS.

20       AND AGAIN, YOUR HONOR, THE LOCAL RULES, AS YOUR HONOR IS

21   WELL AWARE, REQUIRE THE IDENTIFICATION OF ASSERTED CLAIMS.

22   YOUR HONOR LIMITED THE NUMBER OF ASSERTED CLAIMS THE PARTIES

23   COULD ASSERT, AND WE OF COURSE COMPLIED.

24       THE COURT:  WELL, YOU CAN'T HAVE IT BOTH WAYS.  YOU

25   CAN'T SAY, "WELL, WE NEED TO GET IN THAT APPLE PRACTICES CLAIM

```
1    11 FOR DAMAGES PURPOSES, BUT IT'S NOT IN THE CASE, SO SAMSUNG

2    CAN'T CHALLENGE ITS VALIDITY."

3              MR. KREVITT:  THAT'S A DIFFERENT ISSUE, YOUR HONOR.

4              THE COURT:  YOU CAN'T HAVE IT BOTH WAYS.  SO WHAT --

5    I'M GOING TO GIVE YOU AN ELECTION.  WHAT DO YOU WANT?  DO YOU

6    WANT US TO GO AHEAD AND INVALIDATE CLAIM 11?

7              MR. KREVITT:  WELL, I DON'T THINK THAT'S THE RESULT,

8    YOUR HONOR.  THAT'S CERTAINLY NOT WHAT WE WOULD WANT.

9              THE COURT:  I THINK IT'S A WEAK ONE AND THAT'S WHY

10   YOU DIDN'T CHOOSE IT AND THAT'S WHY YOU CHOSE CLAIM 20.

11             MR. KREVITT:  CLAIM 20 IS INFRINGED EVERY BIT AS

12   CLAIM 11 AND IT HAS ADDITIONAL ELEMENTS.  WE MAKE --

13             THE COURT:  IF IT HAS ADDITIONAL ELEMENTS, THAT MIGHT

14   SAVE IT FROM AN INVALIDITY CHALLENGE.

15        BUT CLAIM 11 DOESN'T.  SO I WANT TO GIVE YOU AN ELECTION.

16   WHAT DO YOU WANT TO DO?  I MEAN, EITHER IT'S IN OR IT'S NOT IN.

17   AND IF IT'S IN, IT MIGHT BE INVALID, WHICH MEANS THE '414 GOES

18   BYE-BYE.

19        WELL, I GUESS CLAIM 20 WOULD STILL BE OKAY.

20             MR. KREVITT:  CORRECT, YOUR HONOR.

21             THE COURT:  OKAY.

22             MR. KREVITT:  THAT'S CORRECT, YOUR HONOR.

23        AS I SAID A MOMENT AGO -- AND I KNOW YOU DON'T WANT TO

24   HEAR FURTHER ARGUMENT ON IT -- BUT CLAIM 11 DID HAVE THE

25   PROVIDED ELEMENT THAT IS RELEVANT TO VALIDITY THAT WE JUST
```

```
 1          DISCUSSED.

 2               BUT OUR EXPERT HAS NOT PUT IN AN EXPERT REPORT ON

 3          VALIDITY.  WE DROPPED THE PATENT AS AN ASSERTED -- EXCUSE ME.

 4          WE DROPPED THE CLAIM, CLAIM 11, AS AN ASSERTED CLAIM BEFORE

 5          REBUTTAL REPORTS ON VALIDITY WENT IN, SO OUR EXPERT DID NOT

 6          SUBMIT AN EXPERT REPORT ON THE VALIDITY OF CLAIM 11, NOR DID HE

 7          SUBMIT AN EXPERT REPORT ON ANY OTHER CLAIMS.

 8               THE COURT:  YOU CAN'T HAVE IT BOTH WAYS.

 9               MR. KREVITT:  I UNDERSTAND.

10               THE COURT:  YOU CAN'T HAVE IT BOTH WAYS.  SO DO YOU

11          WANT TO GO ON INVALIDITY ON CLAIM 11?

12               MR. KREVITT:  I'D LIKE AN OPPORTUNITY TO CONFER WITH

13          MY COLLEAGUES AND RESPOND, YOUR HONOR.

14               THE COURT:  WHY DON'T YOU DO THAT?

15               MS. MAROULIS:  WOULD THE COURT LIKE ME TO RESPOND TO

16          THE ARGUMENTS NOW OR AFTER COUNSEL CONFERS?

17               THE COURT:  NO.  I'D LIKE TO KNOW HOW APPLE WANTS TO

18          PROCEED.

19               YOU CAN'T HAVE IT BOTH WAYS.  YOU CAN'T SAY "I'M GOING TO

20          GET IT IN FOR DAMAGES, BUT THEN YOU CAN'T CHALLENGE IT BECAUSE

21          THAT'S NOT ACTUALLY ASSERTED IN THE CASE."

22               MR. KREVITT:  I UNDERSTAND, YOUR HONOR.

23               THE COURT:  I THINK THAT'S AN UNFAIR POSITION.

24               MR. KREVITT:  I UNDERSTAND.

25               THE COURT:  SO HOW DO YOU WANT TO PROCEED?
```

1          MR. KREVITT:  SO IF WE CONTINUE TO TAKE THE POSITION

2     THAT WE ARE PRACTICING IT, YOUR HONOR WILL CONSIDER ITS

3     VALIDITY?

4          THE COURT:  YEAH.  AND THE CLAIM MIGHT BE GONE.

5          MR. KREVITT:  I UNDERSTAND, YOUR HONOR.  WE WOULD

6     REQUEST AN OPPORTUNITY TO DO WHAT WE HAVE NOT YET DONE, WHICH

7     IS SUBMIT AN EXPERT REPORT ON VALIDITY.  OUR EXPERT HAS NOT

8     TAKEN A POSITION ON THE VALIDITY OF CLAIM 11.  IT WAS NOT, AS I

9     SAID, ASSERTED AT THE TIME HE PUT IN AN EXPERT REPORT.

10         WE IDENTIFIED NUMEROUS THINGS, INCIDENTALLY, IN OUR PAPERS

11    THAT WE BELIEVE RENDERED --

12         THE COURT:  WELL, THE OTHER OPTION IS I'M JUST GOING

13    TO LET YOU CHOOSE, OF YOUR CLAIMS, YOU HAVE TO CHOOSE CLAIM 11,

14    34, AND 27 IF YOU WANT THEM IN THE CASE.  I THINK THAT'S MORE

15    CONSISTENT WITH MY ORDER.  SO IF YOU WANT TO SWAP OUT ANOTHER

16    THREE TO PUT THESE IN, YOU'RE WELCOME TO DO THAT.

17         MR. KREVITT:  YOUR HONOR, AS I SAY, I WOULD PREFER TO

18    CONFER.

19         BUT AS TO THAT ISSUE, YOUR ORDER LIMITING THE NUMBER OF

20    CLAIMS DID NOT LIMIT THE ISSUES AND DEFENSES THAT CAN BE -- AND

21    CLAIMS THAT CAN BE MADE WITH RESPECT TO THOSE CLAIMS.  SO TO

22    THE EXTENT AN UNASSERTED CLAIM IS RELEVANT, FOR EXAMPLE, TO

23    DAMAGES OF AN ASSERTED CLAIM, WE SHOULD BE ABLE TO PROVIDE

24    ARGUMENT REGARDING THAT.

25         I UNDERSTAND YOUR HONOR'S COMMENT THAT IF WE DO, THAT

1    MEANS THE CLAIM IS LIVE AND ITS VALIDITY CAN BE CHALLENGED AND

2    RULED UPON.

3              THE COURT:  WELL, YOU AGREE THAT'S FAIR, RIGHT?  YOU

4    CAN'T SAY, "I'M NOT ASSERTING THIS CLAIM, SO YOU CAN'T ATTACK

5    IT; BUT YET, I'M GOING TO USE IT TO ENHANCE MY DAMAGES."

6        IT'S NOT FAIR AND THAT'S NOT WHAT I INTENDED, THAT YOU CAN

7    SNEAKILY GET CLAIMS IN BY NOT ASSERTING THEM SO THEY CAN'T BE

8    ATTACKED AND CHALLENGED, BUT YOU CAN USE THEM FOR INCREASING

9    YOUR DAMAGES AWARD.

10             MR. KREVITT:  I UNDERSTAND YOUR HONOR'S POSITION IN

11   THAT REGARD.  WE -- IT IS NOT UNCOMMON TO HAVE CLAIMS THAT ARE,

12   SUCH AS THIS SITUATION, THAT ARE UNASSERTED THAT YOU DON'T HAVE

13   ANCILLARY PROCEEDINGS REGARDING THE VALIDITY OF, FOR EXAMPLE.

14       BUT I UNDERSTAND YOUR HONOR'S POSITION THAT --

15             THE COURT:  WHY SHOULD YOU GET DAMAGES ON IT IF IT'S

16   INVALID?

17             MR. KREVITT:  WE'RE NOT GETTING -- I'M GLAD YOU ASKED

18   THAT BECAUSE MAYBE I HAVEN'T BEEN CLEAR.  WE ARE NOT GETTING

19   DAMAGES ON CLAIM 11.

20             THE COURT:  YOU'RE USING IT ENHANCE YOUR DAMAGES TO

21   CLAIM 20.

22             MR. KREVITT:  IT MAY BE RELEVANT TO DAMAGES FOR

23   CLAIM 20, THAT'S CORRECT.

24             THE COURT:  WELL, IF IT'S NOT RELEVANT TO DAMAGES ON

25   CLAIM 20, IT REALLY SHOULDN'T BE IN THE CASE AT ALL BECAUSE

```
 1        THEN IT'S NOT RELEVANT AND UNDER 403 IT SHOULD BE EXCLUDED.

 2        IT'S A WASTE OF TIME.  IT'S GOING TO MISLEAD AND CONFUSE THE

 3        JURY.

 4             SO IS IT RELEVANT OR NOT TO DAMAGES?

 5                  MR. KREVITT:  YOUR HONOR, WE DON'T --

 6                  THE COURT:  IF IT'S NOT, THEN THIS ISSUE IS MOOT AND

 7        I'M JUST GOING TO GRANT THEIR MOTION AND THE ISSUE WILL BE

 8        GONE.

 9                  MR. KREVITT:  YOUR HONOR, IT IS RELEVANT AT THIS

10        POINT.  IT MAY BE RELEVANT.  WE HAVE LIMITED TIME AT TRIAL.  I

11        CAN'T SIT HERE NOW AND TELL YOU WHAT ISSUES WE'LL PUT ON AT

12        TRIAL.  WHEN I SAID IT MAY BE RELEVANT, I WAS SIMPLY MEANING I

13        DON'T KNOW WHAT THE TRIAL PRESENTATION WILL LOOK LIKE.

14             CLAIM 11, UNASSERTED CLAIMS --

15                  THE COURT:  WELL, I'M BEING ASKED TO RULE ON THIS

16        MOTION NOW AND YOUR OPPOSITION WAS NOT HELPFUL BECAUSE IT

17        DIDN'T EXPLAIN WHY YOU WANT THIS IN.

18                  MR. KREVITT:  I UNDERSTAND, YOUR HONOR.  SO YOUR

19        HONOR WOULD LIKE AN ANSWER FROM US?

20                  THE COURT:  NO, I'M NOT GOING TO GIVE YOU A SECOND

21        CHANCE TO BRIEF IT.  YOU HAD AN OPPOSITION.  YOU CHOSE TO BRIEF

22        IT THE WAY YOU DID.  YOU CHOSE TO BE VERY VAGUE ON WHY YOU

23        WANTED TO USE IT.  YOU DON'T GET A DO-OVER.

24                  MR. KREVITT:  NO, I -- I WASN'T ASKING FOR THAT, YOUR

25        HONOR.
```

```
 1              THE COURT:  YEAH.

 2              MR. KREVITT:  I MEANT YOUR HONOR WISHES US TO TAKE A

 3    POSITION.  IF WE WANT TO CONTINUE TO BE ABLE TO ASSERT WE

 4    PRACTICE THE CLAIM, THEN YOUR HONOR -- THEN IT'S A LIVE CLAIM

 5    THAT CAN BE RULED UPON, AND IF WE -- OR WE CAN ELECT TO NOT

 6    HAVE IT AS A CLAIM IN THAT REGARD, AND I JUST WOULD LIKE AN

 7    OPPORTUNITY, PERHAPS AT A BREAK, TO CONFER WITH MY COLLEAGUES.

 8              THE COURT:  WELL, WHY DON'T YOU CONFER RIGHT NOW?

 9    IT'S A QUARTER TO 6:00.

10              MR. KREVITT:  OKAY.

11         (DISCUSSION OFF THE RECORD BETWEEN COUNSEL.)

12              MR. KREVITT:  YOUR HONOR --

13              THE COURT:  YES.

14              MR. KREVITT:  -- SO WE WOULD, AT THIS TIME, AGREE TO

15    WITHDRAW THOSE CLAIMS --

16              THE COURT:  OKAY.

17              MR. KREVITT:  -- AS CLAIMS THAT WE'RE ASSERTING WE

18    PRACTICE, WITH ONE CAVEAT THAT I WOULD REQUEST THE COURT'S

19    INDULGENCE.  IN THE EVENT THAT SAMSUNG TAKES THE POSITION AT

20    TRIAL THAT WE DO NOT PRACTICE THE PATENTS, THAT WE HAVE AN

21    OPPORTUNITY TO RESPOND TO THAT.

22         BUT WE WILL NOT AFFIRMATIVELY TAKE THE POSITION THAT WE

23    PRACTICE THOSE CLAIMS ABSENT CIRCUMSTANCES ALONG THOSE LINES.

24              THE COURT:  SO WHAT -- IF SAMSUNG CHALLENGES WHETHER

25    YOU PRACTICE THE UN -- WHETHER APPLE PRACTICES THE UNASSERTED
```

1     CLAIMS --

2             MR. KREVITT:  WELL, CHALLENGES WHETHER WE PRACTICE

3     THE PATENT, WHETHER WE PRACTICE ANY CLAIMS IN THE PATENT.

4             THE COURT:  OKAY.  LET ME HEAR FROM SAMSUNG.  WHAT'S

5     YOUR POSITION?  BECAUSE I THINK THAT SEEMS FAIR TO ME.  IF

6     YOU'RE GOING TO CHALLENGE IT, THEN THEY SHOULD BE ABLE TO COME

7     RIGHT BACK AT YOU WITH EXPERT TESTIMONY THAT THEY DO.

8             MS. MAROULIS:  YOUR HONOR, THEY'RE LIMITED TO THE

9     CLAIMS, TO THE TEN CLAIMS AND FIVE CLAIMS AS OF FEBRUARY.  THEY

10    CANNOT ASSERT OTHER CLAIMS.

11         THE CLAIMS THAT WILL REMAIN AFTER THEY WITHDRAW THIS CLAIM

12    ARE NOT PRACTICED BY APPLE, SO IT -- WE SHOULDN'T BE -- WE

13    SHOULD BE ABLE TO SAY, "APPLE, YOU DON'T PRACTICE CLAIM 18 OF

14    THE '172 PATENT."

15         WE SHOULD NOT BE PREVENTED FROM EXPLAINING TO THE JURY

16    THAT THEY DO NOT PRACTICE THE CLAIMS THAT THEY ASSERT FOR

17    INFRINGEMENT.

18            THE COURT:  OKAY.  YOUR POSITION IS THAT THEY DO NOT

19    PRACTICE CLAIM 18 OF THE '172, CLAIM 20 --

20            MS. MAROULIS:  OF THE '414.

21            THE COURT:  -- OF THE '414, OR CLAIMS 24 AND 25 OF

22    THE '959?

23            MS. MAROULIS:  THAT'S CORRECT.

24            THE COURT:  IS THAT YOUR POSITION?

25            MS. MAROULIS:  THAT'S CORRECT, YOUR HONOR, AND I

```
1     DON'T THINK APPLE WOULD DISAGREE WITH THAT.

2          THE COURT:  WHAT'S YOUR RESPONSE?

3          MR. KREVITT:  WE AGREE WITH THAT POINT, YOUR HONOR.

4     WE ARE NOT ALLEGING THAT WE PRACTICE THOSE CLAIMS.  THAT'S THE

5     SIGNIFICANCE OF THIS ISSUE.

6          THE COURT:  OKAY.

7          MR. KREVITT:  AND FOR SAMSUNG TO BE ABLE TO SLICE IT

8     THAT FINELY AND MAKE AN ARGUMENT TO THE JURY WHEN THEY'RE GOING

9     TO TALK ABOUT IMPORTANCE OF THE TECHNOLOGY THAT WE DON'T

10    PRACTICE THESE CLAIMS, AND FOR APPLE NOT TO BE ABLE TO RESPOND

11    THAT, WELL, WE PRACTICE OTHER CLAIMS IS HIGHLY UNFAIR, YOUR

12    HONOR.

13         AS I SAID, WE HAVE HEARD YOUR HONOR LOUD AND CLEAR.  WE

14    ARE PREPARED AND ARE WITHDRAWING OUR AFFIRMATIVE ASSERTIONS

15    WITH RESPECT TO OUR PRACTICE OF THOSE CLAIMS.  YOU WON'T HEAR

16    THAT IN OPENING, JUST FOR EXAMPLE.

17         BUT TO THE EXTENT THAT SAMSUNG MAKES ARGUMENTS OR TRIES TO

18    CONVEY TO THE JURY THAT APPLE DOES NOT PRACTICE THE PATENTS,

19    EVEN IF THEY DO IT IN A WAY BY CONFINING THE SPECIFIC COMMENT

20    TO PRACTICE THE ASSERTED CLAIMS, IT'S MISLEADING AND UNFAIR AND

21    APPLE SHOULD HAVE AN OPPORTUNITY THEN TO SAY WE DO PRACTICE THE

22    PATENTS.

23         THE COURT:  ALL RIGHT.

24         MS. MAROULIS:  YOUR HONOR, THE CASE --

25         THE COURT:  IS THERE A STIPULATION THAT COULD BE
```

```
 1        REACHED THAT APPLE DOES NOT PRACTICE THE SPECIFIC ASSERTED

 2        CLAIMS, BUT DOES PRACTICE OTHER CLAIMS OF THE PATENTS?

 3                  MR. KREVITT:  YES, YOUR HONOR.

 4                  THE COURT:  LET ME ASK FROM SAMSUNG, WOULD YOU AGREE

 5        TO THAT?

 6                  MS. MAROULIS:  I'D HAVE TO DISCUSS WITH THE TEAM.

 7             BUT VERY BRIEFLY, I DIDN'T HAVE A CHANCE TO RESPOND TO

 8        COUNSEL, BUT THE MEANING OF THE ORDER WAS THAT A PARTY CANNOT

 9        HELP ITSELF TO MORE CLAIMS THAN THE CASE NARROWING ORDER

10        REQUIRES IT TO HAVE.

11             SAMSUNG ABIDED BY THE ORDER AND APPLE IS, WAS DRAWING ON

12        ADDITIONAL CLAIMS.  NOW THEY'RE WILLING TO WITHDRAW THEM, WHICH

13        IS GREAT.

14             BUT IF THEY'RE STILL GOING TO PREVENT US FROM SAYING "YOU,

15        APPLE, DON'T PRACTICE THESE CLAIMS THAT YOU'RE ASSERTING AS

16        INFRINGEMENT IN THE TRIAL," THAT DEFEATS THE PURPOSE OF HAVING

17        THOSE CLAIMS WITHDRAWN BECAUSE THEY'RE GOING TO BE ABLE TO SAY,

18        "WELL, WE PRACTICE SOME OTHER CLAIMS," AND THEN WE'LL NEED TO

19        ATTACK THOSE CLAIMS AND EXPLAIN WHY THEY CANNOT RELY ON THEM

20        FOR DAMAGES PURPOSES.

21                  MR. KREVITT:  YOUR HONOR, AGAIN, WE'VE HEARD YOU, AND

22        WHILE WE DON'T AGREE THAT WE DIDN'T COMPLY WITH YOUR HONOR'S

23        ORDER, I HOPE THAT'S CLEAR, BUT WE HAVE HEARD YOU AND WE ARE

24        NOT GOING TO AFFIRMATIVELY -- WE WILL AGREE NOT TO

25        AFFIRMATIVELY ASSERT THAT WE PRACTICE THOSE OTHER CLAIMS.
```

```
 1            AGAIN, THOUGH, TO THE EXTENT THAT SAMSUNG OPENS THE DOOR

 2    BY CONVEYING TO THE JURY THAT WE DO NOT PRACTICE THE PATENTS BY

 3    ARGUING WE DON'T PRACTICE THESE PARTICULAR CLAIMS, WE HAVE TO

 4    HAVE AN OPPORTUNITY TO EXPLAIN THAT WE DO PRACTICE THE PATENTS.

 5            MS. MAROULIS:  IT IS UNDISPUTED, AND COUNSEL

 6    CONFIRMED JUST NOW, THAT THEY DO NOT PRACTICE THE CLAIMS WHICH

 7    SAMSUNG IS ACCUSED OF INFRINGING.  THAT IS A VERY SALIENT POINT

 8    BECAUSE LAST TRIAL COUNSEL, MR. LEE, SPOKE AT LENGTH ABOUT HOW

 9    SAMSUNG DIDN'T PRACTICE PARTICULAR CLAIMS AT ISSUE.

10        HERE WE DON'T WANT TO BE DEPRIVED OF THE OPPORTUNITY TO

11    SAY APPLE SHOULD NOT HAVE ASSERTED CLAIMS IN IT'S INFRINGEMENT

12    THAT IT ITSELF DOES NOT PRACTICE.

13        IF THEY GET --

14            MR. KREVITT:  JUST ONE POINT OF CLARIFICATION, YOUR

15    HONOR.

16            MS. MAROULIS:  EXCUSE ME COUNSEL.  I'M NOT FINISHED.

17    THANK YOU.

18        IT WOULD NOT BE FAIR TO SAMSUNG TO BRING IN THOSE

19    ADDITIONAL CLAIMS AND FOR US TO SPEND TIME CROSS-EXAMINING

20    WITNESSES, BRINGING IN EVIDENCE AND EXPLAINING WHY APPLE DOES

21    NOT PRACTICE THOSE OTHER CLAIMS OR WHY THEY'RE INVALID OR

22    OTHERWISE SHOULD NOT BE IN THE CASE.

23            MR. KREVITT:  JUST ONE POINT OF CLARIFICATION, YOUR

24    HONOR.  APPLE IS NOT SAYING WE DO NOT PRACTICE THOSE PATENTS,

25    THOSE OTHER CLAIMS.  WE'RE NOT TAKING AN AFFIRMATIVE POSITION
```

```
 1            THE COURT:  NO, NO.  I'M NOT GOING TO MAKE YOU -- IF

 2   I FORCE YOU TO GO TO AN INVALIDITY MOTION WITHOUT YOU HAVING AN

 3   EXPERT REPORT, I WILL BE REVERSED INSTANTANEOUSLY.  SO I DON'T

 4   WANT TO GO THAT DIRECTION WITHOUT GIVING YOU THE FULL

 5   OPPORTUNITY TO TAKE EXPERT DISCOVERY ON THIS.

 6        I WOULD RATHER CONTINUE THE TRIAL DATE AND GIVE YOU THE

 7   OPPORTUNITY TO FULLY BRIEF THIS, TAKE WHATEVER DEPOSITIONS YOU

 8   WANT, TO OBTAIN WHATEVER EXPERT REPORTS YOU THINK ARE

 9   NECESSARY.

10            MR. KREVITT:  YOUR HONOR, AS I SAID, WE -- AS I SAID

11   WHEN YOUR HONOR SAID A MOMENT AGO, OR A FEW MOMENTS AGO, THAT

12   YOU WOULD ADDRESS VALIDITY IF WE CONTINUED TO WANT TO

13   AFFIRMATIVELY ASSERT THAT WE PRACTICE THE CLAIM --

14            THE COURT:  RIGHT, BUT YOU ARE, BECAUSE YOU'RE SAYING

15   IF THEY OPEN THE DOOR, WHICH THEY'VE ALREADY SAID THEY'RE GOING

16   TO, THEN YOU WANT TO GET THIS CLAIM IN.

17            MR. KREVITT:  I HAVE REQUESTED --

18            THE COURT:  SO IT'S A HOLLOW OFFER.  IT'S A HOLLOW

19   OFFER.  THE ISSUE WILL BE RIPE.  SAMSUNG IS SAYING THEY ARE

20   GOING TO MAKE THE STATEMENT THAT THE ASSERTED CLAIMS ARE NOT

21   PRACTICED AS TO THESE PATENTS BY APPLE.

22            MR. KREVITT:  RIGHT.  I --

23            THE COURT:  SO --

24            MR. KREVITT:  I UNDERSTAND, YOUR HONOR.  IT IS NOT --

25   WE WANT TO DO NOTHING, OF COURSE, TO AFFECT THE TRIAL DATE.
```

```
 1              THE COURT:  UM-HUM.

 2              MR. KREVITT:  WITH RESPECT TO CLAIM 11 AND THE OTHER

 3      UNASSERTED CLAIMS, I HAVE MADE A REQUEST THAT WE HAVE AN

 4      OPPORTUNITY TO SAY WE PRACTICE THE PATENT.

 5              IF WE'RE NOT ABLE TO DO THAT WITHOUT IT IN TURN OPENING

 6      THE DOOR TO THESE OTHER ISSUES, THE SATELLITE ISSUES THAT WE'RE

 7      TALKING ABOUT, THEN WE WON'T SAY THAT.

 8              I'VE MADE A REQUEST THAT WE HAVE AN OPPORTUNITY TO SAY

 9      THAT WE PRACTICE THE PATENTS IN RESPONSE TO SAMSUNG'S ARGUMENT

10      THAT WE DON'T PRACTICE THE ASSERTED CLAIMS.

11              IF WE ARE NOT ABLE TO DO THAT WITHOUT OPENING THE DOOR TO

12      SATELLITE LITIGATION AND OTHER IMPACT OF THAT, THEN WE WON'T

13      MAKE THAT REQUEST TO YOUR HONOR TO BE ABLE TO SAY THAT.

14              IT WAS MY REQUEST TO YOUR HONOR BECAUSE --

15              THE COURT:  YOUR REQUEST WAS "WE WILL WITHDRAW THE

16      UNASSERTED CLAIMS IF AND ONLY IF SAMSUNG DOES NOT ARGUE THAT

17      APPLE DOES NOT PRACTICE THE CLAIMS OF THE PATENT," WHICH THEY

18      HAVE SAID EXPLICITLY THEY WILL MAKE THAT ARGUMENT, SO THEN THE

19      UNASSERTED CLAIMS WILL BE IN THE CASE, IN WHICH CASE I THINK

20      IT'S -- I MEAN, I'LL THINK ABOUT THIS MOTION FURTHER, BUT MY

21      TENTATIVE RIGHT NOW IS IT SEEMS ONLY FAIR THAT THEY THEN GET TO

22      CHALLENGE ITS VALIDITY.

23              MR. KREVITT:  THEN WE WOULD WITHDRAW THE CLAIMS, YOUR

24      HONOR, AND NOT REQUEST THE OPPORTUNITY TO SAY THAT WE PRACTICE

25      THE UNASSERTED CLAIMS.
```

 1          THE COURT:  EVEN IF SAMSUNG ARGUES AT TRIAL THAT THE

 2     CLAIMS YOU ARE ASSERTING AS TO THESE THREE PATENTS ARE NOT

 3     PRACTICED BY APPLE?

 4          MR. KREVITT:  YES, YOUR HONOR.  THAT -- YES.  I --

 5     AGAIN, YOUR HONOR, WHEN I CAME UP AND TOLD YOU WHAT OUR

 6     POSITION WAS, I WAS HOPING THAT THERE WOULD BE SOME

 7     ACCOMMODATION FOR THE FACT THAT, IN FACT, WE DO PRACTICE THE

 8     PATENTS AND IT WOULD BE, IN OUR VIEW, POTENTIALLY MISLEADING

 9     FOR SAMSUNG TO SUGGEST OTHERWISE.

10          IF THE IMPACT OF US BEING ABLE TO DO THAT IS THAT IT OPENS

11     THE DOOR TO ALL THESE OTHER ANCILLARY ISSUES AND IMPACTS

12     SCHEDULING, THEN WE WON'T DO THAT.

13          THE COURT:  OKAY.  THEN THERE'S THIS OTHER ISSUE.  I

14     THINK SAMSUNG IS OVERREACHING IN SAYING THAT DR. HAUSER,

15     DR. VELLTURO, AND OTHER EXPERTS ARE RELYING ON THE UNASSERTED

16     CLAIMS, AND IT'S NOT EVEN CLEAR FROM EITHER YOUR DAUBERT MOTION

17     OR YOUR MOTION TO ENFORCE COMPLIANCE WITH THE COURT'S NARROWING

18     ORDER EXACTLY WHAT IT IS THAT YOU'RE SEEKING TO STRIKE AND IT

19     DOES SEEM OVERBROAD.

20          NOW, I GUESS WE DON'T HAVE TO -- WE COULD HOLD OFF ON

21     THE -- THESE ARE PROBABLY DAUBERT ISSUES ANYWAY, BECAUSE --

22          MS. MAROULIS:  YOU KNOW, SOME OF THESE ISSUES ARE

23     BRIEFED IN DAUBERT, YOUR HONOR, SO WE CAN ADDRESS THEM IN

24     JANUARY.

25          BUT INITIALLY WHAT WE'RE SEEKING IS NOT TO HAVE THIS

1    CASE -- THESE CLAIMS IN THE CASE, AND IT SOUNDS LIKE APPLE IS

2    CONCEDING THAT THESE THREE CLAIMS WILL NOT BE PART OF THE CASE.

3         WHAT WE BRIEFED IN THE DAUBERT MOTION IS THAT DR. HAUSER

4    CONFLATES THE CLAIMS THAT ARE ASSERTED FOR INFRINGEMENT AND

5    THESE UNASSERTED CLAIMS ARE, AS OF TODAY, I UNDERSTAND, NOT

6    GOING TO BE PART OF THE CASE.

7         AND THEN HE CREATES A DESCRIPTION FOR HIS SURVEY THAT IS

8    NOT CLAIM SPECIFIC AS TO THE CLAIMS THAT ARE ASSERTED FOR

9    INFRINGEMENT, BUT, FOR EXAMPLE, IN THE CASE OF '414 PATENT,

10   MUCH MORE AKIN TO CLAIM 11 THAT IS NOT GOING TO BE PART OF THE

11   CASE.

12        SO WE'RE PREPARED TO DISCUSS THAT AT LENGTH WHENEVER THE

13   COURT DESIRES AT THE DAUBERT HEARING, BUT THAT IS HOW APPLE IS

14   USING THEM TO OUR UNDERSTANDING.

15             MR. KREVITT:  YOUR HONOR, WE DISAGREE, BUT IT DOESN'T

16    SOUND LIKE THAT'S A TODAY ISSUE.

17        THE MOTION -- THERE WAS A MOTION TO ENFORCE COMPLIANCE, TO

18   FORCE US TO REDUCE THE NUMBER OF CLAIMS THAT SAMSUNG SAID WE

19   WERE ASSERTING.  WE HAVE AGREED TO DO THAT.

20        WE DISAGREE WITH THE CHARACTERIZATIONS THAT HAVE BEEN MADE

21   FOR THE DAUBERT REGARDING OUR EXPERT REPORT.  IT DOES NOT RELY

22   ON CLAIM 11, FOR EXAMPLE, AND WE'LL HAVE AN OPPORTUNITY TO

23   DISCUSS THAT NOW OR WHENEVER YOUR HONOR ADDRESSES THE DAUBERT.

24             THE COURT:  WELL, THE DAUBERTS ARE SET FOR

25    JANUARY 23RD.  I'M FINE WITH KEEPING THEM.

1
2
3                       CERTIFICATE OF REPORTER
4
5
6
7           I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED
8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,
9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY
10   CERTIFY:
11          THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS
12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE
13   ABOVE-ENTITLED MATTER.
14
15
16   _____
     LEE-ANNE SHORTRIDGE, CSR, CRR
17   CERTIFICATE NUMBER 9595
18          DATED:  JANUARY 14, 2014
19
20
21
22
23
24
25