# EXHIBIT A-3

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER

Page 1

UNITED STATES INTERNATIONAL TRADE COMMISSION

Washington, D.C.

Before the Honorable Charles E. Bullock

Acting Chief Administrative Law Judge

In the Matter of: )
CERTAIN ELECTRONIC DIGITAL )
MEDIA DEVICES AND COMPONENTS ) Inv. No. 337-TA-796
THEREOF )
)

CONFIDENTIAL BUSINESS INFORMATION

SUBJECT TO PROTECTIVE ORDER

DEPOSITION OF BORIS TEKSLER

FRIDAY, MARCH 16, 2012

JOB NUMBER: 47583

REPORTED BY:

JANIS JENNINGS, CSR 3942, CLR, CCRR

TSG Reporting - Worldwide - 877-702-9580

DEPOSITION OF BORIS TEKSLER, taken on behalf of the Respondent, at QUINN EMANUEL URQUHART OLIVER & HEDGES LLP, 555 Twin Dolphin Drive, Redwood Shores, California, commencing at 10:11 a m., Friday, March 16, 2012, before Janis Jennings, Certified Shorthand Reporter No. 3942, CLR, CCRR.

APPEARANCES OF COUNSEL:

FOR THE COMPLAINANT:
MORRISON & FOERSTER
BY: ERIK J. OLSON, ESQ.
755 Page Mill Road
Palo Alto, California 94304

FOR THE RESPONDENT:
QUINN EMANUEL URQUHART OLIVER & HEDGES
BY: PATRICK M. SHIELDS, ESQ.
51 Madison Avenue
New York, New York 10010

ALSO PRESENT:
CYNDI WHEELER, ESQ., Apple Inc.
TIM ZEROFF, Videographer

REDWOOD SHORES, CALIFORNIA; FRIDAY, MARCH 16, 2012;
10:11 A.M.

THE VIDEOGRAPHER: This is the start of disk No. 1 of the videotaped deposition of Boris Teksler, in the Matter of Certain Electronic Digital Media Devices and Components Thereof, in the US International Trade Commission, No. 337-TA-796.

This deposition is being held at 555 Twin Dolphin Drive on March 16th, 2012, at approximately 10:11 a.m.

My name is Tim Zeroff. I'm the legal video specialist from TSG Reporting headquartered at 747 Third Avenue, New York, New York. The court reporter is Janis Jennings in association with TSG Reporting.

Will counsel please introduce yourself.

MR. OLSON: Eric Olson of Morrison & Foerster on behalf of Apple and the witness.

MS. WHEELER: Cyndi Wheeler from Apple.

MR. SHIELDS: Patrick Shields from Quinn Emanuel, representing Samsung.

THE VIDEOGRAPHER: Will the court reporter please swear in the witness.

///

BORIS TEKSLER,
the deponent herein, was sworn and testified as follows:

EXAMINATION

BY MR. SHIELDS:
Q. Mr. Teksler, good morning.
A. Good morning.
Q. You have been deposed several times before; right?
A. Yes, I have.
Q. You understand the ground rules here?
A. Generally, I think so.
Q. I will remind you that if you do not understand any of my questions, please do let me know. Okay?
A. Certainly.
Q. Is there any reason why you can't give your best testimony today?
A. No, there isn't.
Q. What is your current position at Apple?
A. I'm the director of patent licensing and strategy.
Q. And generally speaking, what are your responsibilities in that position?

answered.

THE WITNESS: I believe we generally stated that some of the patents would be available, others would not. But I don't know that we gave particular patent numbers, if that's your question.

BY MR. SHIELDS:

Q. Well, my question wasn't limited to just particular patent numbers. My question was: Was there any way to distinguish them?

MR. OLSON: Objection. Asked and answered.

THE WITNESS:

But like I said, I wasn't at the meeting, so it's a little bit hard for me to answer those questions.

BY MR. SHIELDS:

Q. Well, you understand that you are

designated as Apple's corporate representative to testify about the license discussions between Apple --

A. I do.

Q. -- and Samsung?

A. I do.

MR. SHIELDS: Okay. I will ask the court reporter to mark this as Exhibit 4.

(Exhibit 4 was marked for identification and attached hereto.)

THE WITNESS: Thank you. Yes.

BY MR. SHIELDS:

Q. Do you recognize Exhibit 4?

A. I do.

Q. What is it?

A. It is a presentation that I gave Samsung on October 5th, 2010.

Q. Was this at an in-person meeting between Apple and Samsung?

A. It was. It was in Washington, D.C.

Q. And you were obviously there, because you gave the presentation?

A. I did.

Q. Who else was there from Apple?

A. Chip Lutton and Bruce Sewell.

Q. And who was there from Samsung?

A. Dr. Ahn was there. I believe there were two other gentlemen that were there. I don't recall their names. I think one was K.J., if I remember correctly. And I forgot the name of the other person.

Q. And what was the purpose of this presentation, Exhibit 4, that you made to Samsung on October 5th, 2010?

A.

Q.

A.

Q.

A.

Q.

A.

Q.

A.

Q.

A.

Q.

A.

Q.



Page 50

BY MR. SHIELDS:

Q.

A.

Q.

A.

Q.

A.

Q.

Page 51

MR. OLSON: Objection. Misstates the testimony.

THE WITNESS

BY MR. SHIELDS:

Q. Yeah. Well, turn back to slide 8, please.

A. Yes.

Q.

A.

Q.

A.

Q.

Page 52

A.

MR. OLSON: Objection. Vague.

THE WITNESS:

BY MR. SHIELDS:

Q.

A.

Q.

A.

Q.

A.

Q.

Page 53

A.

Q.

A.

Q.

A.

Q.

A.

Q.

MR. OLSON: Let me let me -- ask this. I will permit the question, because I don't think it involves an issue of privilege, but by doing so, there are obviously evidentiary issues under, for example -- and otherwise, which may apply, as long as you -- some people treat

Page 54

those as though they are a privilege, and so if -- and would take the position that that's waived if testimony is permitted.

So long as you are not taking that position, I would permit questions about it.

MR. SHIELDS: I am not taking that position.

MR. OLSON: Okay.

THE WITNESS

BY MR. SHIELDS:

Q.

A

MR. OLSON:

THE WITNESS

BY MR. SHIELDS:

Q.

Page 55

MR. OLSON: So rather than my saying "same conditions" repeatedly, I assume you will allow me the same privileges as to the questions going forward.

MR. SHIELDS: I will. Yes.

MR. OLSON: Okay.

THE WITNESS:

Page 56

BY M

Q.

A.

Q.

A.

Q.

Page 57

A.

Q.

A.

Q.

MR. OLSON:

THE WITNESS:

BY MR. SHIELDS:

Q.

A.

Page 58

Q.

A.

Q.

A.

Q.

Page 59

MR. OLSON:

THE WITNESS:

BY MR. SHIELDS:

Q.

A.

Q.

A.

Q.

A.

Q.

Page 60

A.

Q.

A.

s

Q.

A.

a

Q.

A.

Q.

A.

Q.

A.

Page 61

that we were willing to offer them would have been

Q. And that's -- the smartphone there mean

smartphone that we discussed before?

A. It would --

MR. OLSON:

THE WITNESS:

BY MR. SHIELDS:

Q.

A.

Q.

Page 62

MR. OLSON: Objection. Vague.
THE WITNESS:
BY MR. SHIELDS:
Q.
-
A. --
Q. -- as
A. .
Q.
A.
Q.
A.
Q.

Page 63

A.
Q.
A.
Q.
A.
Q.
A.

Page 64

Q.
A.
Q.
A.

Page 65

Q.
A.

Page 66

Q.
A.
Q. --
A.

Page 67

(Deposition reporter asked for clarification.)
THE WITNESS:

Page 68

?
A.
Q.
MR. OLSON: Objection. Misstates the testimony. Misstates the document.
THE WITNESS:
t

Page 69

BY MR. SHIELDS:
Q.
MR. OLSON: Objection. Vague.
THE WITNESS:
BY MR. SHIELDS:
Q.
A.
Q.
A.

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER

Q.

A.

Q.

A.

Q.

MR. OLSON: Objection. Misstates the testimony.

THE WITNESS:

BY MR. SHIELDS:

Q.

A.

Q.

A.

Q.

MR. OLSON: Objection. Misstates the testimony.

THE WITNESS

BY MR. SHIELDS:

Q.

A.

MR. SHIELDS: Do you want to take a break?

MR. OLSON: Okay.

MR. SHIELDS: Lunch.

THE VIDEOGRAPHER: This marks the end of disk No. 1. We are now going off the record. The time is 11:59 a.m.

(Whereupon, lunch was taken from 11:59 a.m. until 1:00 p m.)

THE VIDEOGRAPHER: This marks the beginning of disk No. 2. We are back on the record. It is 1:00 p.m.

BY MR. SHIELDS:

Q. Mr. Teksler, good afternoon.

A. Good afternoon.

MR. SHIELDS: I will ask the court reporter to mark this as Exhibit 5.

(Exhibit 5 was marked for identification and attached hereto.)

BY MR. SHIELDS:

Q. Mr. Teksler, have you seen Exhibit 5 before?

A. Yes.

Q. For the record, Exhibit 5 is United States Patent No. 7,479,949.

Mr. Teksler, you understand this is one of the asserted patents in this investigation?

A. Yes, I do.

Q.

A.

Q. Which companies?