**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# EXHIBIT C-3

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC. AND<br>SAMSUNG TELECOMMUNICATIONS<br>AMERICA, LLC | Case No. 12-cv-00630-LHK |

**EXPERT REPORT OF JEFFREY CHASE, PH.D**
**REGARDING THE INVALIDITY OF THE ASSERTED CLAIMS OF**
**U.S. PATENT NO. 7,761,414**

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................................1

II. BASIS FOR OPINIONS .........................................................................................................2

    A. Qualifications ..............................................................................................................2

    B. Materials Relied Upon ................................................................................................3

    C. Level of Ordinary Skill in the Art ...............................................................................4

III. LEGAL STANDARDS ..........................................................................................................5

    A. Legal Standard for Priority Date .................................................................................5

    B. Legal Standard for Conception, Diligence and Reduction to Practice .....................6

    C. Legal Standard for Prior Art .......................................................................................7

    D. Legal Standard for Anticipation ..................................................................................8

    E. Legal Standard for Obviousness .................................................................................9

    F. Person of Ordinary Skill in the Art ...........................................................................13

    G. Legal Standard for Written Description and Enablement ......................................14

    H. Legal Standard for Claim Construction ...................................................................14

    I. Legal Standard for Indefiniteness .............................................................................19

    J. Legal Standard for Indefiniteness .............................................................................20

IV. SUMMARY OF OPINIONS ...............................................................................................21

V. TECHNOLOGY BACKGROUND .....................................................................................23

    A. Processes, Threads and Concurrency .......................................................................23

        A.1. Overview ......................................................................................................23

        A.2. Multitasking: Executing Multiple Threads. .............................................24

        A.3. Multi-Threading: Executing Multiple Threads Within a Process ............25

        A.4. Threads and Graphical User Interfaces ......................................................26

|  |  |  |  |
|---|---|---|---|
|  | A.5. | Threads and Managing Access to Shared Objects | 28 |
| B. | Threads, Asynchronous I/O and Data Synchronization | | 29 |
|  | B.1. | Asynchronous I/O. | 29 |
|  | B.2. | File Synchronization. | 30 |
|  | B.3. | Concurrent Data Synchronization. | 33 |
| C. | Personal Information Services, Mobile Devices, Synchronization and Storage | | 34 |
|  | C.1. | Overview. | 34 |
|  | C.2. | Formats and Protocols for Personal Data. | 36 |
|  | C.3. | Structured Data and Databases. | 41 |
| VI. | BACKGROUND OF THE '414 PATENT | | 42 |
| A. | Subject Matter | | 42 |
|  | A.1. | Problem Identified in the '414 Patent. | 42 |
|  | A.2. | Purported Solution of the '414 Patent. | 45 |
| B. | Asserted Claims | | 52 |
| C. | Other Claims | | 54 |
| D. | File History. | | 55 |
|  | D.1. | January 7, 2007 Application. | 55 |
|  | D.2. | December 8, 2008 Non-Final Rejection. | 55 |
|  | D.3. | March 5, 2009 Amendment and Response. | 57 |
|  | D.4. | June 18, 2009 Final Rejection. | 58 |
|  | D.5. | November 11, 2009 Request for Continued Examination and Amendment. | 58 |
|  | D.6. | March 8, 2010 Notice of Allowability. | 59 |
| E. | Claimed Priority Date. | | 59 |
| VII. | CLAIM CONSTRUCTION | | 60 |

|       |       |                                                                                      |     |
|-------|-------|--------------------------------------------------------------------------------------|-----|
|       | A.    | The Court's Construction of "Concurrently With"                                      | 60  |
| VIII. | ANTICIPATION OF THE ASSERTED CLAIMS OF THE '414 PATENT                                       || 62  |
|       | A.    | Prior Art Testing and Demonstrations                                                 | 62  |
|       | B.    | Evolution Anticipates the Asserted Claims.                                           | 67  |
|       | B.1.  | The Evolution Architecture                                                           | 69  |
|       | B.2.  | Evolution Anticipates the Asserted Claims.                                           | 76  |
|       | B.3.  | Claim 11.                                                                            | 77  |
|       | B.4.  | Claim 20.                                                                            | 107 |
|       | C.    | iSync Anticipates the Asserted Claims.                                               | 108 |
|       | C.1.  | Claim 11.                                                                            | 109 |
|       | C.2.  | Claim 20.                                                                            | 120 |
|       | D.    | iTunes Anticipates the Asserted Claims.                                              | 121 |
|       | D.1.  | Claim 11.                                                                            | 122 |
|       | D.2.  | Claim 20.                                                                            | 139 |
|       | E.    | Rashid Anticipates the Asserted Claims.                                              | 141 |
|       | E.1.  | Claim 11.                                                                            | 143 |
|       | E.2.  | Claim 20.                                                                            | 156 |
|       | F.    | Thunderbird Anticipates the Asserted Claims                                          | 158 |
|       | F.1.  | Claim 11.                                                                            | 159 |
|       | G.    | Windows Mobile with ActiveSync Anticipates the Asserted Claims.                      | 171 |
|       | G.1.  | Claim 11.                                                                            | 174 |
|       | G.2.  | Claim 20.                                                                            | 194 |
| IX.   | OBVIOUSNESS OF THE ASSERTED CLAIMS OF THE '414 PATENT                                        || 196 |
|       | A.    | The Scope and Content of the Prior Art                                               | 197 |
|       | A.1.  | Evolution                                                                            | 198 |

   A.2. iSync. ...................................................................................................198

   A.3. iTunes....................................................................................................198

   A.4. Rashid. ..................................................................................................199

   A.5. Hawkins. ...............................................................................................199

   A.6. Thunderbird...........................................................................................200

   A.7. Vadlamani. ............................................................................................201

   A.8. Hill. .......................................................................................................201

   A.9. Windows Mobile ActiveSync. ..............................................................202

   A.10. The Asserted Claim Limitations Are a Combination of Prior Art Elements.................................................................................................202

 B. Differences Between the Prior Art and the Claims at Issue................................205

   B.1. It Would Be Obvious for a Person of Skill in the Art to Apply Any of the Asserted Claim Limitations to the Prior Art..................................206

   B.2. Rashid in Combination with Hawkins Renders the Asserted Claims of the '414 Patent Obvious. ...................................................................215

   B.3. Vadlamani in Combination with Hill Renders the Asserted Claims of the '414 Patent Obvious. ...................................................................224

   B.4. Evolution in Combination with the Knowledge of a Person of Ordinary Skill in the Art Renders the Asserted Claims of the '414 Patent Obvious. ......................................................................................251

   B.5. iSync in Combination with the Knowledge of a Person of Ordinary Skill in the Art Renders the Asserted Claims of the '414 Patent Obvious. ......................................................................................253

   B.6. iTunes in Combination with the Knowledge of a Person of Ordinary Skill in the Art Renders the Asserted Claims of the '414 Patent Obvious. ......................................................................................256

   B.7. Rashid in Combination with the Knowledge of Ordinary Skill in the Art Renders the Asserted Claims of the '414 Patent Obvious...........258

   B.8. Thunderbird in Combination with the Knowledge of a Person of Ordinary Skill in the Art Renders the Asserted Claims of the '414 Patent Obvious. ......................................................................................261

|   |   |   |   |
|---|---|---|---|
|   | B.9. | Windows Mobile with ActiveSync in Combination with the Knowledge of a Person of Ordinary Skill in the Art Renders the Asserted Claims of the '414 Patent Obvious. | 264 |
|   | C. | Level of Ordinary Skill in the Pertinent Art | 267 |
|   | D. | Secondary Considerations Support A Finding of Obviousness | 268 |
|   | D.1. | No Commercial Success Attributable to Purported Invention. | 269 |
|   | D.2. | No Evidence of Industry Recognition and Praise. | 272 |
|   | D.3. | No Evidence of Industry Skepticism. | 274 |
|   | D.4. | No Evidence of Copying. | 274 |
|   | D.5. | No Evidence of Failure of Others. | 280 |
|   | D.6. | No Evidence of Long-Felt but Unsolved Need. | 281 |
| X. | INVALIDITY OF THE ASSERTED CLAIMS PURSUANT TO 35 U.S.C. § 112 | | 283 |
|   | A. | Lack of Written Description | 283 |
|   | A.1. | "Concurrently With." | 283 |
| XI. | ADDITIONAL COMMENTS | | 284 |

Case 5:12-cv-00630-LHK   Document 1299-11   Filed 02/20/14   Page 8 of 9
ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

187. Apple's corporate designee regarding the '414 patent, its named inventor Mr. Freedman, testified that he believed that the '414 patent, which was filed in conjunction with the development of Apple's iPhone Sync technology, was novel in that it disclosed "mechanisms of synchronizing data between the iPhone and the computer." (Freedman Dep. Tr. at 81:16-21.)

188. Apple also identified three discrete areas in which it believed the implementation disclosed in the '414 patent was novel:

> Q   Now, I want to understand what about this implementation was novel. What's the basis for your understanding that this implementation was novel?
> A   The way that the different parts of software were put together and the way that they operated.
> Q   So what was novel about the way that the different parts of the software were put together?
> A   **Having active agents on both the device and the computer which operated concurrently with the programs that managed the data**.
> Q   Anything else?
> A   **A mechanism is employed to reconcile changes that were made during a synchronization operation by the user so that they weren't lost.**
> Q   Anything else?
> A   **The mechanisms to arbitrate access when necessary.**
> Q   Excuse me. Anything else that you consider novel?
> A   I think that covers it.

(*Id.* at 84:10-85:5.)

### B.   Asserted Claims

189. Apple presently asserts claims 11 and 20 of the '414 patent against Samsung in this litigation. Claim 11 is an independent claim. Claim 20 depends on claim 11.

190. The text of the asserted claims is reproduced below:

> **11.** *A computer readable storage medium containing executable program instructions which when executed cause a data processing system to perform a method comprising:*
>
> *executing at least one user-level non-synchronization processing thread, wherein the at least one user-level non-*

EXPERT REPORT OF J. CHASE REGARDING INVALIDITY OF '414 PATENT
52

Date: August 12, 2013

_____
Jeffrey S. Chase