UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE, INC., a California corporation, | ) | Case No.: 12-CV-00630-LHK |
| | ) | |
| Plaintiff and Counterdefendant, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART SAMSUNG'S |
| v. | ) | MOTION TO STRIKE EXPERT |
| | ) | TESTIMONY BASED ON |
| SAMSUNG ELECTRONICS CO., LTD., a | ) | UNDISCLOSED CLAIM |
| Korean corporation; SAMSUNG | ) | CONSTRUCTIONS |
| ELECTRONICS AMERICA, INC., a New York | ) | |
| corporation; and SAMSUNG | ) | |
| TELECOMMUNICATIONS AMERICA, LLC, | ) | |
| a Delaware limited liability company, | ) | |
| | ) | |
| Defendants and Counterclaimants. | ) | |
| | ) | |

Samsung moves to strike extensive portions of two of Apple's experts' invalidity and noninfringement reports as a sanction for Apple's alleged failure to respond to an interrogatory that sought Apple's claim construction positions. *See* Dkt. 1202-3 ("Mot."). Apple opposes, *see* Dkt. 1227 ("Opp."), and Samsung replies, *see* Dkt. 1252 ("Reply"). Having considered the parties' arguments, the relevant law, and the record in this case, the Court GRANTS in part and DENIES in part Samsung's motion to strike.

## I. BACKGROUND

On November 5, 2013, Samsung filed a motion to strike portions of Apple's expert reports with Judge Grewal. *See* Dkt. 878. In that motion, Samsung alleged that Apple failed to answer Samsung's Interrogatory No. 46. Interrogatory No. 46 reads as follows:

> **Interrogatory No. 46**
> For each asserted claim for each Samsung Patent, and each Apple Patents-in-Suit identify: (1) a list of all claim terms that YOU contend has a meaning other than plain meaning and should be construed by the Court and identify any claim term which YOU contend should be governed by 35 USC Section 112(6); (2) YOUR construction of each term identified for claim construction, including for each term YOU contend is governed by 35 USC 112 (6), the structure(s), act(s), or material(s) corresponding to that term's function; and (3) for each identified term, all references from the specification or prosecution history that supports YOUR construction, and a designation of any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced. With respect to any supporting witness, percipient or expert, provide a description of the substance of that witness' testimony that includes a listing of any opinions to be rendered to support YOUR construction.

Dkt. 1217-1. Samsung served this interrogatory on June 7, 2013, *see* Mot. at 2, nearly two months after the Court issued its 64-page claim construction order in this case, *see* Dkt. 447 ("Claim Construction Order"). Apple objected to Interrogatory No. 46 on various grounds and did not provide a substantive response. *See* Dkt. 1217-1.

Before Judge Grewal, Samsung contended that portions of Apple's expert reports should be stricken because they "rely on a host of new claim constructions that were never disclosed during fact discovery, despite being directly responsive to Samsung's Interrogatory No. 46." Dkt. 878-3 at 3. Judge Grewal denied Samsung's motion. *See* Dkt. 1127 (Jan. 9, 2014). In particular, Judge Grewal held as follows:

> In order to rule on this motion's merits, the undersigned would need to construe more terms than the presiding judge elected to consider. This would be an inappropriate exercise for the referral judge. The motion therefore is DENIED, but Samsung is free to seek relief from Judge Koh if its concerns persist.

*Id.* at 9.

A week after Judge Grewal's ruling, Samsung filed the present motion, identifying 21 claim construction positions allegedly taken by Apple's experts with respect to U.S. Patent Nos.

2
Case No.: 12-CV-00630-LHK
ORDER GRANTING IN PART AND DENYING IN PART SAMSUNG'S MOTION TO STRIKE

7,551,596 (the "'596 Patent"); 6,226,449 (the "'449 Patent"); 7,756,087 (the "'087 Patent"); and 5,579,239 (the "'239 Patent") that Samsung contends Apple should have disclosed in response to Interrogatory No. 46. *See* Reply at 14.[1] Samsung has made clear that it is not asking "the Court to engage in formal claim construction" of these terms. Reply at 2 n.2; *see* Mot. at 1 n.1. Apple has also not asked the Court to construe any of these terms. Rather, Samsung asks the Court to strike the portions of Apple's expert reports based on "undisclosed claim constructions." Mot. at 6. Although Samsung does not identify every specific portion of Apple's expert reports that it contends should be stricken, Apple estimates that Samsung seeks to strike more than 540 paragraphs from its expert's report on the '239 and '449 Patents and more than 130 paragraphs from its expert's report on the '596 and '087 Patents. *See* Opp. at 25.

## II. LEGAL STANDARD

Samsung bases its motion to strike on Fed. R. Civ. P. 37(c)(1). *See* Mot. at 6. Under that rule, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Samsung does not state whether it contends the predicate violation occurred under Rule 26(a) or 26(e), but only Rule 26(e) appears applicable.[2] Under Rule 26(e), a party must supplement an interrogatory response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." This rule "prohibits parties who are aware of their deficient response from holding back material items and disclosing them at the last moment.'" *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1282 (Fed. Cir. 2012) (internal quotation marks and alterations omitted).

---

[1] In its motion, Samsung also targeted Apple's expert's opinions with respect to U.S. Patent No. 6,671,757 (the "'757 Patent"). *See* Mot. at 5-6. Following this Court's ruling that invalidated the asserted claims of the '757 Patent, however, *see* Dkt. 1150 at 44, Samsung dropped the '757 Patent from its list of asserted patents for trial, *see* Dkt. 1236. The Court therefore DENIES as moot Samsung's arguments with respect to the '757 Patent.

[2] By its terms, Rule 26(a) applies to initial, expert, and pretrial disclosures, not responses to contention interrogatories.

3

Case No.: 12-CV-00630-LHK
ORDER GRANTING IN PART AND DENYING IN PART SAMSUNG'S MOTION TO STRIKE

As the moving party, Samsung bears the burden of showing a discovery violation has occurred. *See*, *e.g.*, *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, No. 06-CV-3359, 2008 WL 4786671, *2 (N.D. Cal. Oct. 29, 2008). Once Samsung satisfies that burden, it becomes Apple's burden to show that Apple's failure to comply with Rule 26 was either justified or harmless. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

## III. DISCUSSION

For the most part, Samsung has failed to show that Apple's response to Interrogatory No. 46 violated a discovery obligation under Rule 26. Interrogatory No. 46 sought from Apple a list of claim terms, other than those terms the Court already construed, that fall into one of two categories: (1) terms that Apple contends have "a meaning other than plain meaning and should be construed by the Court" and (2) terms that Apple contends "should be governed by 35 USC Section 112(6)." For any terms in that list, Interrogatory No. 46 further sought Apple's constructions and the evidentiary support (both intrinsic and extrinsic) for those constructions. As discussed below, Samsung has largely failed to show that Apple withheld the information Samsung requested for either category of terms.

### A. Terms that Are Susceptible to Plain Meaning

For the 15 terms Apple does not contend should be governed by 35 U.S.C. § 112 ¶ 6, the parties' primary dispute is framed as follows. Apple contends that its experts have applied the plain and ordinary meaning for those 15 terms, rendering a response to Interrogatory No. 46 unnecessary. *See* Opp. 10-15. Apple's experts' reports and deposition testimony support Apple's position. *See* Dkt. 1220-8 ("Storer Dep.") at 277:10-12 ("[T]he ['449] patent we talked about yesterday . . . had no court claim constructions, everything was plain meaning . . . ."); Dkt. 965-13 ¶ 113 (Dr. Fuja: "I am informed and understand that the Court did not construe any claim terms from the '596 patent. In my opinion, the language in the asserted claims should be given their plain and ordinary meaning."); *id.* ¶ 71 ("In my opinion, other than the term the Court has construed and the term the parties agreed to the construction of, the language in the asserted claims [of the '087 Patent] should be given their plain and ordinary meaning."); Dkt. 1220-11 ¶ 22 (Dr. Storer relying on "the plain and ordinary meaning of the claim terms" of the assertred claims of the '449 Patent).

Samsung disagrees with Apple's characterization of its experts' opinions and argues that "[t]he elaborate and detailed constructions in Apple's expert reports go far beyond 'plain and ordinary meaning.'" Mot. at 7. Samsung provides three examples and brief argument as to why Apple's experts allegedly "change the meaning of the words in the claims such that they are unrecognizable to the public." *Id.* For the following reasons, the Court concludes that, as to the three exemplary terms on which Samsung bases its motion, Apple's experts' opinions fit within a permissible explanation of those terms' plain and ordinary meanings.

Black letter law dictates that "the words of a claim are generally given their ordinary and customary meaning." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (internal quotation marks omitted). "[T]he 'ordinary meaning' of a claim term is its meaning to the ordinary artisan after reading the entire patent." *Id*. Where, as here, parties "did not seek construction" of the terms at issue, courts give those terms their "'ordinary and customary meaning . . . to a person of ordinary skill in the art in question at the time of the invention.'" *Belden Techs. Inc. v. Superior Essex Comm'cns LP*, 733 F. Supp. 2d 517, 545 (D. Del. 2010) (quoting *Phillips*, 415 F.3d at 1313) (alteration in original). At trial, parties may "introduc[e] evidence as to the plain and ordinary meaning of terms not construed by the Court to one skilled in the art," *DNT, LLC v. Sprint Spectrum, LP*, No. 09-CV-21, 2010 WL 582164, *4 (Feb. 12, 2010 E.D. Va.), so long as the evidence does not amount to "argu[ing] claim construction to the jury," *Cordis Corp. v. Boston Scientific Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009). Arguing claim construction to the jury is inappropriate because it risks confusion and the likelihood that a jury will render a verdict not supported by substantial evidence. *See CytoLogix Corp. v. Ventana Medical Sys., Inc.*, 424 F.3d 1168, 1173 (Fed. Cir. 2005). Although the appropriateness of evidence related to a term's plain and ordinary meaning is generally "judged in the context of the trial," *DNT, LLC*, 2010 WL 582164 at *4, this Court has already deemed certain plain and ordinary meaning contentions in this case unreasonable even at the pretrial stage, *see Apple, Inc. v. Samsung Elecs. Co.*, No. 12-CV-630, 2014 WL 252045, *4-5 (Jan. 21, 2014).

1   With this framework in mind, the Court reviews Apple's experts' purported understandings of the meaning of the three terms highlighted in Samsung's motion to ensure that Apple is properly characterizing them as "plain and ordinary meaning."

**Control SDU**. Samsung disputes Apple's expert's opinion regarding the "control unit" limitation of claim 13 of the '596 Patent. *See* '596 Patent claim 13 ("a control unit for forming a control service data unit (SDU) including control information for an uplink packet data service."). Specifically, Samsung contends that Apple's expert Dr. Thomas Fuja improperly opines that "a 'control SDU' must be generated at a higher layer than the layer that creates MAC-e PDUs." Mot. at 7 (citing Dkt. 878-11 ¶ 442). Samsung argues that Dr. Fuja's opinion contradicts the specification's statement that the "'control service data unit (SDU) include[es] [sic] control information of a MAC-e [sic] layer.'" *Id.* (quoting '596 Patent, Abstract) (first alteration in Samsung's motion). Although Samsung's argument appears highly technical, it boils down to a question as to the order in which the claimed apparatus creates two data structures, a "control SDU" and a "MAC-e PDU."

As Apple points out, Samsung's brief severely misquotes the specification. *See* '596 Patent, Abstract ("MAC-es protocol data units (PDUS) . . . and a control service data unit (SDU) including control information of a *MAC* layer are multiplexed and contained *in* a MAC-e protocol data unit (PDU) . . . .") (emphases added). In other words, although filled with technical jargon, the very Abstract on which Samsung relies in fact explains at a basic level that the "control SDU" is included *within* the "MAC-e PDU." This description appears to be consistent with Dr. Fuja's below description of the term "service data unit (SDU)":

> It is well known in the art that the term 'service data unit (SDU)' refers to a data unit that is passed down to a network layer after it is generated at a higher layer. This is shown, for example, in the OSI Reference Model document cited in [Samsung's expert's] report:



6
Case No.: 12-CV-00630-LHK
ORDER GRANTING IN PART AND DENYING IN PART SAMSUNG'S MOTION TO STRIKE

1  Dkt. 1218-1 ("Fuja Reb. Rep.") ¶ 438 (quoting ITU-T Rec. X.200 (1994 E) at 16 Fig. 19). That the

2  abstract discloses a control SDU contained in the MAC-e PDU strongly suggests that the control

3  SDU is generated before—i.e., generated at a higher layer than—the MAC-e PDU. The

4  specification as written therefore supports Dr. Fuja's understanding of the plain and ordinary

5  meaning of "control SDU." Because Dr. Fuja's opinion relies on the plain and ordinary meaning of

6  the term "control SDU," Apple did not need to disclose a construction for that term in response to

7  Interrogatory No. 46.

8  **Video capture module**. Claim 15 of the '239 Patent includes the following limitation: "a

9  computer including a video capture module to capture and compress video in real time." Apple's

10 expert Dr. Storer contends in his noninfringement report that "[a] person of ordinary skill in the art

11 would understand the term 'video capture module' to be a module either *attached to or integrated*

12 *into a video card* for capturing signals from an analog video device." Dkt. 1218-3 ("Storer Reb.

13 Rep. Part II") ¶ 702 (emphasis added). Samsung argues that Dr. Storer's reference to a "video

14 card" shows that he is "unquestionably applying a very specialized (and incorrect) meaning to the

15 term 'video capture module.'" Mot. at 8. The Court disagrees that Dr. Storer's understanding of

16 "video capture module" departs from the plain and ordinary meaning of that term in light of the

17 specification. This Court's description of the specification when construing a similar limitation in

18 claim 1 of the '239 Patent is instructive:

19      [T]he specification never discloses a 'capture module' that is capable of digitizing
        and compressing. Instead, the specification discloses a 'video capture card,'
20      which 'takes the audio/visual signal, digitizes it into a computer data file, and
        compresses that data file.' '239 Patent at col. 2:66-col. 3:1. Only *after* the data file
21      has been digitized and compressed by the video capture card is it captured in the
        computer's memory 'by a capture module *on* the video capture card.' *Id.* at col.
22      3:1-3.

23 Claim Construction Order at 52 (second emphasis added). Dr. Storer similarly notes (correctly)

24 that "the specification only uses the term 'video capture module' in conjunction with 'video

25 card.'" Storer Reb. Rep. Part II ¶ 702 (citing '239 Patent at 3:51-54, 4:23-24, 4:39-40, 12:37-40).

26 In light of the specification, a jury could (but would not have to) agree with Dr. Storer that a

27 module not attached to or integrated into a video card is not a "video capture module" under the

28

7
Case No.: 12-CV-00630-LHK
ORDER GRANTING IN PART AND DENYING IN PART SAMSUNG'S MOTION TO STRIKE

1  plain and ordinary meaning of that term.³ Because Dr. Storer's opinion relies on the plain and

2  ordinary meaning of the term "video capture module," Apple did not need to disclose a

3  construction for that term in response to Interrogatory No. 46.

4  **List**.  Claim 25 of the '449 Patent recites a digital camera that "display[s] . . . a list of . . .

5  moving image signal[s] and still image signal[s] as a search mode." In his rebuttal report on

6  noninfringement, Dr. Storer contends that the "Camera Roll" in the accused devices is not a "list"

7  because it displays thumbnail images in a "grid" and does not include text about each particular

8  image in a "'top to the down' sequence." Dkt. 1218-2 ("Storer Reb. Rep. Part I") ¶ 300 (quoting

9  '449 Patent at 7:64-65). Dr. Storer includes the following graphical representation of the contrast

10 between the list disclosed in the '449 Patent and the "Camera Roll" in the accused devices:



---

³ Dr. Storer also relies on the prosecution history of the '239 Patent to "confirm[]" his understanding of the plain and ordinary meaning of "video capture module." Storer Reb. Rep. Part II ¶ 703. Although Dr. Storer's reliance on the prosecution history to confirm his plain and ordinary meaning opinion is appropriate, the Court will not allow him to testify about that prosecution history because it would confuse the jury and prejudice Samsung, and such evidence is not relevant to how a person of ordinary skill in the art reading the specification would understand that term. *See* Fed. R. Evid. 703.

8

Case No.: 12-CV-00630-LHK
ORDER GRANTING IN PART AND DENYING IN PART SAMSUNG'S MOTION TO STRIKE

*Id.* ¶ 303. Samsung disagrees with Dr. Storer's understanding of the term "list" and contends that instead "the plain meaning of the word 'list' does not exclude a list that carries over into two or more columns, or a list of symbols rather than text." Mot. at 8.

Once again, Dr. Storer's understanding of the plain and ordinary meaning of the term at issue is supported by the specification such that a jury could (but would not have to) agree with Apple's noninfringement position. *See Thorner v. Sony Computer Entertainment Am., LLC*, 669 F.3d 1362, 1369 (Fed. Cir. 2012) (holding that whether the accused product met the plain and ordinary meaning of "flexible" was a fact issue). In a central passage, the specification describes a "list" as providing information about each image in a "top to . . . down" sequence, 7:64-65, with information such as the date and time of the recording "represented in characters," 8:13-14, and, importantly, says that the data list shown in Figure 7 is a "feature of the present invention," 7:56-57. Dr. Storer's opinion is therefore supported by the specification and will help the jury understand Apple's noninfringement position.[4] Because Dr. Storer's opinion relies on the plain and ordinary meaning of the term "list," Apple did not need to disclose a construction of that term in response to Interrogatory No. 46.

Samsung disputes Apple's experts' plain and ordinary meaning opinions for 12 other terms as well. *See* Mot. 4-5. But Samsung wholly fails to support its contention that Apple's experts' opinions for those remaining terms exceed the bounds of plain and ordinary meaning. Instead, Samsung merely identifies the terms and opinions that Samsung contends Apple should have disclosed, without any argument as to why those opinions are improper. For example, Samsung's entire contention with respect to the "recording circuit" limitation of claim 25 of the '449 Patent is as follows: "The newly disclosed constructions include . . . the 'recording circuit' must be an interface circuit." Mot. at 5 (citing Storer Reb. Rep. Part I ¶¶ 227-228). That bare identification

---

[4] Indeed, prohibiting Dr. Storer from explaining why he believes the accused devices lack a "list" as that term is ordinarily understood might create, rather than reduce, jury confusion. The jury will have before it the figures in the patent and the depiction of the "Camera Roll" in the accused devices, along with an instruction to apply the plain meaning of terms such as "list" that the Court has not construed. Absent argument from the parties as to whether the accused devices contain the claimed list, the jury will be left to wonder how to resolve the stark contrast between the patent's description of a "list" and the "Camera Roll." Allowing Dr. Storer to testify about his understanding of the plain and ordinary meaning of this term will help tee up the factual infringement issue the jury will need to resolve.

1    fails to carry Samsung's burden of establishing a Rule 26(e) discovery violation with respect to

2    Interrogatory No. 46. Accordingly, the Court concludes that Apple did not violate Rule 26 for

3    failing to disclose proposed constructions in response to Interrogatory No. 46 for the remaining 12

4    plain and ordinary meaning terms that Samsung lists in its motion.

5         At this point it bears repeating that neither party has asked the Court to construe any of the

6    terms at issue in Samsung's motion to exclude. *See* Reply at 2 n.2; Mot. at 1 n.1. Most importantly

7    for Samsung's motion, Apple has not asked the Court to construe any terms, even though

8    Samsung's Interrogatory No. 46 asked Apple for a response only to the extent Apple "contend[s]

9    [a claim term] . . . should be construed by the Court." Dkt. 1217-1. Moreover, the Court has

10   repeatedly asked the parties whether they need to delay the March trial for a second round of claim

11   construction or, failing that, to engage in limited claim construction briefing (i.e., on one or two

12   terms) in advance of the March trial. *See* Dkt. 750 at 20:3-26:13 (July 31, 2013 case management

13   conference); Dkt. 1133 at 173:17-178:24 (Dec. 12, 2013 summary judgment hearing). The parties

14   have not provided a realistic proposal that would allow the Court to feasibly construe additional

15   terms in this case, nor have they explained why the Court's existing, extensive claim construction

16   order is insufficient.

17        In sum, the Court concludes that Samsung has not established that Apple failed to disclose

18   "claim terms that [Apple] contend[s] has a meaning other than plain meaning and should be

19   construed by the Court," as Samsung requested in its Interrogatory No. 46. Accordingly, the Court

20   DENIES Samsung's motion as to the 15 terms for which Apple's experts have applied a plain and

21   ordinary meaning.

22       **B.**    **Terms that Apple Contends Should be Governed by 35 U.S.C. § 112 ¶ 6**

23        For the '239 Patent, Samsung contends that six of Apple's expert's constructions are

24   governed by 35 U. S. C. § 112 ¶ 6 (2006) and that Apple should have therefore provided those

25   constructions in response to Interrogatory No. 46.[5] Apple does not dispute that § 112 ¶ 6 governs

26

27   [5] Under 35 U.S.C. § 112(6) (2006), "[a]n element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof."

28

10
Case No.: 12-CV-00630-LHK
ORDER GRANTING IN PART AND DENYING IN PART SAMSUNG'S MOTION TO STRIKE

these six terms, but contends that it set forth its contention and support for "'the structure(s), act(s), or material(s) corresponding to [each] term's function'" in response to a different interrogatory, Samsung's Interrogatory No. 12. Opp. at 16-17 (quoting Interrogatory No. 46). For the most part, the Court agrees with Apple that its response to Interrogatory No. 12 satisfied its discovery obligations.

Samsung's Interrogatory No. 12 asked Apple to provide its noninfringement contentions. *See* Dkt. 965-8. In a 206-page supplemental response to that Interrogatory, served the same day as Apple's objections to Interrogatory No. 46, Apple explicitly referenced the structure in the '239 specification for each of the six means-plus-function limitations now disputed by Samsung, under headings that separately identified each disputed limitation. *See id.* at 102 ("means for storing"), 111 ("means for receiving at least one composite signal transmitted by the remote unit"), 113 ("means for exchanging data with said host unit"), 114 ("means for storing the composite signal received by the host unit"), 115 ("means for decompressing said composite signal"), 117-18 ("means for transmission of said captured video over a cellular frequency"). With respect to the means-plus-function terms, these disclosures provided the very information Samsung requested in its Interrogatory No. 46.

Samsung contends that Apple's response to Interrogatory No. 12 was deficient because Apple improperly cited to "vague software sequences." Mot. at 12. But Samsung does not explain why Apple's response to Interrogatory No. 12 was impermissibly "vague." Apple cited specific, limited portions of the specification or recited the relevant structure in its response (or did both), and Apple's expert for the '239 Patent, Dr. Storer, then consistently relied on those same structures in his expert report, with one exception discussed below. If Apple's references were indeed vague, that problem appears to lie with the specification itself, not Apple's discovery responses. *See Mettler-Toledo, Inc. v. B-Tek Scales, LLC*, 671 F.3d 1291, 1296 (Fed. Cir. 2012) ("[T]he specification . . . determine[s] the structures that correspond to the claimed function."). Accordingly, because Apple "otherwise . . . made known" to Samsung, Fed. R. Civ. P. 26(e), its means-plus-function contentions on which Dr. Storer relied, Samsung has not established that Apple's response to Interrogatory No. 46 was deficient, except as discussed below.

11
Case No.: 12-CV-00630-LHK
ORDER GRANTING IN PART AND DENYING IN PART SAMSUNG'S MOTION TO STRIKE

     Samsung does identify one contention that Dr. Storer improperly disclosed for the first time in his opening expert report on invalidity. In its Interrogatory No. 12 response, Apple identified the structure for the term "means for storing the composite signal received by the host unit" as "a hard disk drive *and the software* identified at 11:5-8, 12:19-22 and 12:48-51." Dkt. 965-8 at 114 (emphasis added). In his expert report on invalidity, however, Dr. Storer for the first time identified only "a hard disk drive," not associated software, as the required structure for this term. Dkt. No. 1170-2 ("Storer Rep.") ¶ 669. This difference appears to simplify Dr. Storer's opinions that the "means for storing the composite signal received by the host unit" term of claim 1 of the '239 patent is obvious. The prior art on which Dr. Storer relies lacks an explicit reference to either a hard disk drive or software, *see id.* ¶¶ 729-31, 823-24, yet under Dr. Storer's newly proposed structure he needs to show only that a hard disk drive for storing the composite signal received by the host unit is an obvious extension of the prior art, not a hard disk drive with associated software.

     Apple fails to address the discrepancy between the "hard disk drive and [associated] software" contention in Apple's response to Interrogatory No. 12 and the "hard disk drive" (only) contention in Dr. Storer's report. Because it is Apple's burden to show that any discovery shortcoming was substantially justified or harmless, *see Yeti by Molly, Ltd.*, 259 F.3d at 1107, the Court concludes that Apple's failure to disclose this contention in response to Samsung's discovery requests warrants a Rule 37 penalty.

     The Court now addresses the appropriate sanction. The Court notes that the discrepancy between Apple's Interrogatory No. 12 response and Dr. Storer's analysis appears to be minor. The software Apple identified at the cited portions of the '239 Patent seems to call for nothing more than a simple file system on a hard disk drive, such as that found on any modern computer. *See*, *e.g.*, '239 Patent at 11:5-8 ("Drive letter F: is mapped as 'save here.' This is the subdirectory on the hard disk drive of playback unit 4 to which host unit 3 stores data files received from remote unit 2."). Moreover, Dr. Storer's analysis does appear to contemplate that the prior art renders obvious both a hard disk drive and related software for storing a composite signal received by the host unit. *See* Storer Rep. ¶ 791 ("It also would have been obvious to add a hard disk drive *and the required software* to the SV9600.") (emphasis added); ¶ 824 ("The playback unit transceiver [of

the Kodak SV9600 prior art] stores a received image in the same manner [as] a remote unit transceiver stores an image, using the same components."). Thus, the Court concludes that striking all Dr. Storer's opinions as to the obviousness of the "means for storing the composite signal received by the host unit" term is inappropriate. The Court does strike Dr. Storer's testimony, however, to the extent he opines that any of the prior art references identified in his expert report disclose or render obvious the "means for storing the composite signal received by the host unit" limitation without reference to the same structure that Apple disclosed in response to Samsung's Interrogatory No. 12 for that term, namely, both a hard disk drive *and the software* identified at 11:5-8, 12:19-22 and 12:48-51 of the '239 Patent.

## IV.   CONCLUSION

For the foregoing reasons, Samsung's motion to strike is GRANTED as to the "means for storing the composite signal received by the host unit" term of the '239 Patent. Dr. Storer's opinions are stricken to the extent he contends that any prior art references disclose the "means for storing the composite signal received by the host unit" limitation of claim 1 of the '239 Patent by disclosing or rendering obvious only a hard disk drive (and not a hard disk drive and the software identified at 11:5-8, 12:19-22 and 12:48-51) for accomplishing the claimed function.

In all other respects, Samsung's motion is DENIED.

**IT IS SO ORDERED.**

Dated: February 20, 2014

_Lucy H. Koh_
LUCY H. KOH
United States District Judge