[COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendant. | Case No.     12-cv-00630-LHK (PSG)<br><br>**PROPOSED JOINT PRELIMINARY JURY INSTRUCTIONS WITH OBJECTIONS** |

1    The parties provide the accompanying proposed preliminary jury instructions in

2    accordance with the Court's January 24, 2014 Case Management Order (Dkt. No. 1158) stating

3    that the Court "will adopt the preliminary and final jury instructions from the first trial in Case

4    No. 11-CV-01846 absent a compelling reason to depart."  The parties expressly preserve and do

5    not waive any of their rights and objections with respect to (1) jury instructions previously

6    submitted by any party but not given by the Court in Case No. 11-CV-01846 ("the 1846 Case");

7    (2) any of their rights and objections with respect to jury instructions previously given by the

8    Court in the 1846 Case, and including any such instructions included herein in whole or in part;

9    or (3) jury instructions stemming from orders from the first trial and post-trial proceedings the

10   1846 Case, including but not limited to the March 1, 2013 Order re: Damages that granted

11   Samsung's motion for a new trial.  For Apple, those objections and proposed instructions include

12   but are not limited to those set forth in the 1846 Case Dkt. Nos. 895-1, 1047, 1231, 1232, 1241,

13   1264, 1279, 1279-1, 1327, 1329, 1402, 1426, 1591, 1640, 1641, 1693, 1694, 1803, 1810, 1811,

14   1815, 1822, 1830, 1834, 1845, 1856, 1861, 1863, 1883, 1884, 2260, 2513, 2707, 2724, 2768 as

15   well as any objections or proposed instructions stated orally before the Court (*see, e.g.*, 7/24/12

16   Hr'g Tr. 32-39; 7/27/12 Hr'g Tr. 4, 39-51, 72-76; Dkt. No. 1621 at 4-45; Dkt. No. 1695 at 1642-

17   43; Dkt. No. 1998 at 3730-3940; Dkt. No. 2562 at 111-19; Dkt. No. 2738 at 11-15; Dkt. Nos.

18   2738 and 2739 at 307-20; Dkt. No. 2739 at 416-18; Dkt. No. 2841 at 941-45, 1055-57; Dkt. No.

19   2843 at 1210-35; Dkt. No. 2844 at 1403-15).  For Samsung, those objections and proposed

20   instructions include but are not limited to those set forth in the 1846 Case Dkt. Nos. 987-03,

21   1221, 1231, 1232, 1238, 1264, 1279, 1279-01, 1329, 1388, 1389, 1423, 1426, 1428, 1591, 1600,

22   1622, 1656, 1670, 1693, 1694, 1800, 1809, 1812, 1821, 1821-01, 1831, 1846, 1858, 1859, 1860,

23   1862, 1867, 1883, 1892, 2241, 2513, 2707,  2724, 2768, as well as any objections or proposed

24   instructions stated orally before the Court (*see e.g.*, 7/24/12 Hr'g Tr. 32-39; 7/27/12 Hr'g Tr. 4,

25   39-51, 72-76; Dkt. No. 1621 at 4-45; Dkt. No. 1695 at 1642-43; Dkt. No. 1998 at 3730-3940;

26   10/23/13 Hr'g Tr. 1-27, 108-12; Dkt. No. 2562 at 111-19; Dkt. No. 2738 at 11-15; Dkt. Nos.

27   2738 and 2739 at 307-20; Dkt. No. 2739 at 416-18; Dkt. No. 2841 at 941-45, 1055-57; Dkt. No.

28   2843 at 1210-35; Dkt. No. 2844 at 1403-15).  The parties incorporate by reference all of their

previously submitted proposed jury instructions and objections to jury instructions in the 1846 Case.

Attached as Exhibit A is the parties' proposed set of preliminary jury instructions.

1    Dated: February 18, 2014

2    By: /s/ Rachel Krevans                        By: /s/ Victoria F. Maroulis

3    Attorney for Plaintiff and Counterclaim-      Attorney for Defendants and Counterclaim-
4    Defendant                                     Plaintiffs

5    APPLE INC.                                    SAMSUNG ELECTRONICS CO., LTD.,
                                                   SAMSUNG ELECTRONICS AMERICA,
6                                                  INC., AND SAMSUNG
                                                   TELECOMMUNICATIONS AMERICA,
7                                                  LLC

8    JOSH A. KREVITT (CA SBN 208552)               CHARLES K. VERHOEVEN (Bar No.
     jkrevitt@gibsondunn.com                       170151)
9    H. MARK LYON (CA SBN 162061)                  charlesverhoeven@quinnemanuel.com
     mlyon@gibsondunn.com                          KEVIN A. SMITH (Bar No. 250814)
10   GIBSON, DUNN & CRUTCHER LLP                   kevinsmith@quinnemanuel.com
     1881 Page Mill Road                           QUINN EMANUEL URQUHART &
11   Palo Alto, CA  94304-1211                     SULLIVAN LLP
     Telephone: (650) 849-5300                     50 California Street, 22nd Floor
12   Facsimile: (650) 849-5333                     San Francisco, California 94111
                                                   Telephone: (415) 875-6600
13   HAROLD J. McELHINNY (CA SBN                   Facsimile: (415) 875-6700
14   66781)
     hmcelhinny@mofo.com                           KEVIN P.B. JOHNSON (Bar No. 177129
15   JACK W. LONDEN (CA SBN 85776)                 (CA);
     jlonden@mofo.com                              2542082 (NY))
16   RACHEL KREVANS (CA SBN 116421)                kevinjohnson@quinnemanuel.com
     rkrevans@mofo.com                             VICTORIA F. MAROULIS (Bar No.
17   RUTH N. BORENSTEIN (CA SBN                    202603)
18   133797)                                       victoriamaroulis@quinnemanuel.com
     rborenstein@mofo.com                          QUINN EMANUEL URQUHART &
19   ERIK J. OLSON (CA SBN 175815)                 SULLIVAN LLP
     ejolson@mofo.com                              555 Twin Dolphin Drive, 5th Floor
20   MORRISON & FOERSTER LLP                       Redwood Shores, California 94065
21   425 Market Street                             Telephone: (650) 801-5000
     San Francisco, California 94105-2482          Facsimile: (650) 801-5100
22   Telephone: (415) 268-7000
     Facsimile: (415) 268-7522                     WILLIAM C. PRICE (Bar No. 108542)
23                                                 williamprice@quinnemanuel.com
     WILLIAM F. LEE (pro hac vice)                 QUINN EMANUEL URQUHART &
24   William.lee@wilmerhale.com                    SULLIVAN LLP
     WILMER CUTLER PICKERING                       865 South Figueroa Street, 10th Floor
25     HALE AND DORR LLP                           Los Angeles, California 90017-2543
     60 State Street                               Telephone: (213) 443-3000
26   Boston, Massachusetts 02109                   Facsimile: (213) 443-3100
27   Telephone: (617) 526-6000
     Facsimile: (617) 526-5000

28

1   MARK D. SELWYN (CA SBN 244180)
    mark.selwyn@wilmerhale.com
2   WILMER CUTLER PICKERING
      HALE AND DORR LLP
3   950 Page Mill Road
    Palo Alto, CA 94304
4   Telephone: (650) 858-6000
    Facsimile: (650) 858-6100
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## TABLE OF CONTENTS

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 1  DUTY OF JURY ............ 1

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 2  WHAT IS
    EVIDENCE.................................................................................................................. 2

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 3  WHAT IS NOT
    EVIDENCE.................................................................................................................. 3

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 4  EVIDENCE FOR
    LIMITED PURPOSE................................................................................................... 4

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 5  DIRECT OR
    CIRCUMSTANTIAL EVIDENCE ............................................................................ 5

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 6  RULING ON
    OBJECTIONS.............................................................................................................. 6

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 7  CREDIBILITY OF
    WITNESSES................................................................................................................ 7

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 8  IMPEACHMENT
    EVIDENCE--WITNESS.............................................................................................. 8

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 9  CONDUCT OF
    THE JURY .................................................................................................................. 9

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 10  NO
    TRANSCRIPT AVAILABLE/TAKING NOTES ......................................................... 10

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 11  STIPULATIONS
    OF FACT ..................................................................................................................... 11

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 12  DEPOSITION IN
    LIEU OF LIVE TESTIMONY ................................................................................... 12

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 13  USE OF
    INTERROGATORIES OF A PARTY .......................................................................... 13

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 14  EXPERT
    OPINION .................................................................................................................... 14

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 15  FOREIGN
    LANGUAGE TESTIMONY ....................................................................................... 15

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 16  USE OF
    INTERPRETERS IN COURT .................................................................................... 16

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 17  BENCH
    CONFERENCES AND RECESSES .......................................................................... 17

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 18  WHAT A
    PATENT IS AND HOW ONE IS OBTAINED ........................................................... 18

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 19  PATENTS AT
    ISSUE.......................................................................................................................... 20

PROPOSED INSTRUCTION NO. 20 (APPLE) SUMMARY OF PATENT
    CONTENTIONS.......................................................................................................... 21

PROPOSED INSTRUCTION NO. 20 (SAMSUNG) SUMMARY OF PATENT
    CONTENTIONS.......................................................................................................... 26

i

# TABLE OF CONTENTS
### (continued)

PROPOSED INSTRUCTION NO. 21 (APPLE) SUMMARY OF CONTRACT
        CONTENTIONS ...................................................................................................... 31

PROPOSED INSTRUCTION NO. 21 (SAMSUNG) SUMMARY OF CONTRACT
        CONTENTIONS ...................................................................................................... 33

PROPOSED INSTRUCTION NO. 22 (APPLE) OUTLINE OF TRIAL .................................... 35

PROPOSED INSTRUCTION NO. 22 (SAMSUNG) OUTLINE OF TRIAL ............................. 38

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  Do not let personal likes or dislikes, opinions, prejudices, bias, or sympathy influence your decision.  Bias includes bias for or against any party or any witness based upon nationality, race or ethnicity.  That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.


**Source:**

Adapted from Case No. 11-CV-01846 Preliminary Instruction No. 1 (Dkt. No. 1427 at 2);

Adapted from BAJI 1.00.

### JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 2

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

**Source:**

Case No. 11-CV-01846 Preliminary Instruction No. 2 (Dkt. No. 1427 at 3).

## JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 3
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:**

Case No. 11-CV-01846 Preliminary Instruction No. 3 (Dkt. No. 1427 at 4).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 4**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Source:**

Case No. 11-CV-01846 Preliminary Instruction No. 4 (Dkt. No. 1427 at 5).

1

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 5**

2

**DIRECT OR CIRCUMSTANTIAL EVIDENCE**

3        Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as

4   testimony by a witness about what that witness personally saw or heard or did. Circumstantial

5   evidence is proof of one or more facts from which you could find another fact.  You should

6   consider both kinds of evidence.  The law makes no distinction between the weight to be given to

7   either direct or circumstantial evidence. It is for you to decide how much weight to give to any

8   evidence.

9

10  **Source:**

11  Case No. 11-CV-01846 Preliminary Instruction No. 5 (Dkt. No. 1427 at 6).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 6

## RULING ON OBJECTIONS

3   There are rules of evidence that control what can be received into evidence.  When a

4   lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that

5   it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the

6   question may be answered or the exhibit received.  If I sustain the objection, the question cannot

7   be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question,

8   you must ignore the question and must not guess what the answer might have been.

9   Sometimes I may order that evidence be stricken from the record and that you disregard or

10  ignore the evidence.  That means that when you are deciding the case, you must not consider the

11  evidence that I told you to disregard.

12

13  **Source:**

14  Case No. 11-CV-01846 Preliminary Instruction No. 6 (Dkt. No. 1427 at 7).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 7**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source:**

Case No. 11-CV-01846 Preliminary Instruction No. 7 (Dkt. No. 1427 at 8).

1

2

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 8**

**IMPEACHMENT EVIDENCE--WITNESS**

3

4

5

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

6

7    **Source:**

8    Case No. 11-CV-01846 Preliminary Instruction No. 8 (Dkt. No. 1427 at 9).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 9

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court. Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Source:**

Case No. 11-CV-01846 Preliminary Instruction No. 9 (Dkt. No. 1427 at 10).

1

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 10**

2

**NO TRANSCRIPT AVAILABLE/TAKING NOTES**

3      During deliberations, you will have to make your decision based on what you recall of the

4  evidence.  You will not have a transcript of the trial. I urge you to pay close attention to the

5  testimony as it is given.

6      If at any time you cannot hear or see the testimony, evidence, questions or arguments, let

7  me know so that I can correct the problem.

8      If you wish, you may take notes to help you remember the evidence.  If you do take notes,

9  please keep them to yourself until you and your fellow jurors go to the jury room to decide the

10 case.  Do not let note-taking distract you.  When you leave, your notes should be left in the jury

11 room.  No one will read your notes. They will be destroyed at the conclusion of the case.

12      Whether or not you take notes, you should rely on your own memory of the evidence.

13 Notes are only to assist your memory. You should not be overly influenced by your notes or those

14 of your fellow jurors.

15

16 **Source:**

17 Case No. 11-CV-01846 Preliminary Instruction No. 10 (Dkt. No. 1427 at 11).

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 11**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

**Source:**

Case No. 11-CV-01846 Preliminary Instruction No. 11 (Dkt. No. 1427 at 12).

1    **JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 12**

2    **DEPOSITION IN LIEU OF LIVE TESTIMONY**

3        A deposition is the sworn testimony of a witness taken before trial.  The witness is placed

4    under oath to tell the truth and lawyers for each party may ask questions.  The questions and

5    answers are recorded.

6        You should consider deposition testimony, presented to you in court in lieu of live

7    testimony, insofar as possible, in the same way as if the witness had been present to testify.

8

9    **Source:**

10   Case No. 11-CV-01846 Preliminary Instruction No. 12 (Dkt. No. 1427 at 13).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 13**

**USE OF INTERROGATORIES OF A PARTY**

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source:**

Case No. 11-CV-01846 Preliminary Instruction No. 13 (Dkt. No. 1427 at 14).

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 14**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.  Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source:**

Case No. 11-CV-01846 Preliminary Instruction No. 14 (Dkt. No. 1427 at 15).

1

2

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 15**

**FOREIGN LANGUAGE TESTIMONY**

3      Languages other than English may be used during this trial.

4      Witnesses who do not speak English or are more proficient in another language testify

5 through an official court interpreter.  Although some of you may know Korean, it is important

6 that all jurors consider the same evidence.  Therefore, you must accept the interpreter's

7 translation of the witness's testimony.  You must disregard any different meaning.

8

9 **Source:**

10 Case No. 11-CV-01846 Preliminary Instruction No. 15 (Dkt. No. 1427 at 16).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 16**

2

**USE OF INTERPRETERS IN COURT**

3
You must not make any assumptions about a witness or a party based solely upon the use

4
of an interpreter to assist that witness or party.

5

6
**Source:**

7
Case No. 11-CV-01846 Preliminary Instruction No. 16 (Dkt. No. 1427 at 17).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 17
## BENCH CONFERENCES AND RECESSES

3   From time to time during the trial, it may become necessary for me to talk with the

4   attorneys out of the hearing of the jury, either by having a conference at the bench when the jury

5   is present in the courtroom, or by calling a recess.  Please understand that while you are waiting,

6   we are working.  The purpose of these conferences is not to keep relevant information from you,

7   but to decide how certain evidence is to be treated under the rules of evidence and to avoid

8   confusion and error.

9   Of course, we will do what we can to keep the number and length of these conferences to

10   a minimum. I may not always grant an attorney's request for a conference.  Do not consider my

11   granting or denying a request for a conference as any indication of my opinion of the case or of

12   what your verdict should be.

13

14   **Source:**

15   Case No. 11-CV-01846 Preliminary Instruction No. 17 (Dkt. No. 1427 at 18).

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

### JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 18
### WHAT A PATENT IS AND HOW ONE IS OBTAINED

3      This case involves disputes relating to United States patents. Before summarizing the
4 positions of the parties and the legal issues involved in the dispute, let me take a moment to
5 explain what patents are and how they are obtained.

6      Patents are granted by the United States Patent and Trademark Office (sometimes called
7 "the PTO").  In general terms, a patent protects the way an article is used and works. It also
8 protects a method or process of making or doing something.

9      A valid United States patent gives the patent owner the right to prevent others from
10 making, using, offering to sell, or selling the patented invention within the United States, or from
11 importing it into the United States, during the term of the patent without the patent holder's
12 permission.  A violation of the patent owner's rights is called infringement.  The patent owner
13 may try to enforce a patent against persons believed to be infringers by a lawsuit filed in federal
14 court.

15      A patent includes what is called a "specification." The specification must contain a written
16 description of the claimed invention telling what the invention is, how it works, how to make it
17 and how to use it so others skilled in the field will know how to make or use it.  The specification
18 concludes with one or more numbered sentences.  These are the patent "claims."  When the patent
19 is eventually granted by the PTO, the claims define the boundaries of its protection and give
20 notice to the public of those boundaries.

21      The process of obtaining a patent is called patent prosecution.  To obtain a patent one
22 must file an application with the PTO. The PTO is an agency of the federal government and
23 employs trained examiners who review applications for patents.  After the applicant files the
24 application, a PTO patent examiner reviews the patent application to determine whether the
25 claims are patentable and whether the specification adequately describes the invention claimed.
26 In examining a patent application, the patent examiner reviews records available to the PTO for
27 what is referred to as "prior art."  The examiner also will review prior art if it is submitted to the
28 PTO by the applicant.  Prior art is defined by law, and I will give you at a later time specific

1    instructions as to what constitutes prior art.  However, in general, prior art includes things that

2    existed before the claimed invention, that were publicly known, or used in a publicly accessible

3    way in this country, or that were patented or described in a publication in any country.  The

4    examiner considers, among other things, whether each claim defines an invention that is new,

5    useful, and not obvious in view of the prior art.  A patent lists the prior art that the examiner

6    considered; this list is called the "cited references.

7            After the prior art search and examination of the application, the patent examiner then

8    informs the applicant in writing what the examiner has found and whether any claim is

9    patentable, and thus will be "allowed. "  This writing from the patent examiner is called an "office

10   action."  If the examiner rejects the claims, the applicant then responds and sometimes changes

11   the claims or submits new claims.  This process, which takes place only between the examiner

12   and the patent applicant, may go back and forth for some time until the examiner is satisfied that

13   the application and claims meet the requirements for a patent.  The papers generated during this

14   time of communicating back and forth between the patent examiner and the applicant make up

15   what is called the "prosecution history."  All of this material becomes available to the public no

16   later than the date when the patent issues.

17           The fact that the PTO grants a patent does not necessarily mean that any invention

18   claimed in the patent, in fact, deserves the protection of a patent.  For example, the PTO may not

19   have had available to it all the information that will be presented to you.  A person accused of

20   infringement has the right to argue here in federal court that a claimed invention in the patent is

21   invalid because it does not meet the requirements for a patent.

22

23   **Source:**

24   Adapted from Case No. 11-CV-01846 Preliminary Instruction No. 18 (Dkt. No. 1427 at 19-20).

25

26

27

28

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. 19**

**PATENTS AT ISSUE**

There are nine patents asserted in this case.

Apple accuses Samsung of infringing United States Patent Nos. 5,946,647; 6,847,959; 7,761,414; 8,046,721; and 8,074,172.  Patents are often referred to by their last three digits, so Apple's patents may be referred to in shorthand as the '647, '959, '414, '721, and '172 patents.

Samsung accuses Apple of infringing United States Patent Nos. 7,756,087; 7,551,596; 6,226,449, and 5,579,239.  Samsung's patents may be referred to in shorthand as the '087, '596, '449, and '239 patents.

**Source:**

Adapted from Case No. 11-CV-01846 Preliminary Instruction No. 19 (Dkt. No. 1427 at 21).

**PROPOSED INSTRUCTION NO. 20 (APPLE)**

**SUMMARY OF PATENT CONTENTIONS**

To help you follow the evidence, I will now give you a summary of the positions of the parties with respect to the patent claims.

The parties in this case are Apple, Inc., which we will refer to as "Apple" and Samsung Electronics Company Ltd., Samsung Electronics America Inc., and Samsung Telecommunications America LLC, which I will refer to collectively as "Samsung" unless I think it is important to distinguish between these entities for the purposes of a specific instruction.  You must decide the case as to Samsung Electronics Company, Samsung Electronics America, and Samsung Telecommunications America separately regardless of whether I refer to them collectively as "Samsung" or individually.

The case involves five United States patents owned by Apple and four United States patents owned by Samsung.

Apple filed this lawsuit against Samsung, seeking money damages from Samsung for allegedly infringing the '647, '959, '414, '721, and '172 patents by making, importing, using, selling and/or offering for sale the tablet and smartphone products that Apple argues are covered by claim 9 of the '647 patent, claim 25 of the '959 patent, claim 20 of the '414 patent, claim 8 of the '721 patent, and claim 18 of the '172 patent.  Apple also argues that Samsung's Korean parent, Samsung Electronics Company, actively induced the U.S. Samsung entities, Samsung Electronics America Inc., and Samsung Telecommunications America LLC, to infringe. Apple contends that Samsung's infringement has been willful.

I have already determined that the following Samsung devices infringe claim 18 of the '172 patent:  Admire, Galaxy Nexus, Galaxy Note (excluding one release), Galaxy SII (excluding one release), Galaxy SII Epic 4G Touch (excluding one release), and Stratosphere.  Samsung denies that it has infringed Apple's asserted claims from its other asserted patents and argues that, in addition, all of Apple's asserted patent claims are invalid.  Invalidity is a defense to infringement.

Samsung has also brought claims against Apple for patent infringement.  Samsung seeks money damages from Apple for allegedly infringing the '087, '596, '449, and '239 patents by making, importing, using, selling and/or offering for sale Apple's (1) certain iPhone and iPad products that Samsung argues are covered by claim 10 of the '087 patent and claim 13 of the '596 patent; (2) certain iPhone and iPod touch products that Samsung argues are covered by claim 27 of the '449 patent; (3) certain iPhone, iPad, iPod touch, and MacBook Pro products that Samsung argues are covered by claim 1 of the '239 patent; and (4) certain iPhone and iPad products that Samsung argues are covered by claim 15 of the '239 patent.

Apple denies that it has infringed the claims asserted by Samsung and argues that the claims asserted by Samsung are invalid.  With respect to the asserted claims of the '087 and '596 patents, Apple also contends that the claims are exhausted.  Invalidity and exhaustion are defenses to infringement.

For each party's patent infringement claims against the other, the first issue you will be asked to decide is whether the alleged infringer has infringed the claims of the patent holder's patents and whether those patents are valid.  If you decide that any claim of either party's patents has been infringed and is not invalid, you will then need to decide any money damages to be awarded to the patent holder to compensate it for the infringement.  You will also need to make a finding as to whether Samsung's infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damage award you give.  I will take willfulness into account later.

Before you decide whether either party has infringed the other's patents, or whether those patents are invalid, you will need to understand the patent claims.  As I mentioned, the patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's protection. It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

I have already determined the meaning of certain terms of the claims of some of the patents at issue.  You will be asked to apply my definitions of these terms in this case.  However, my interpretation of the language of the claims should not be taken as an indication that I have a

view regarding issues such as infringement and invalidity. Those issues are yours to decide. I will provide you with more detailed instructions on the meaning of the claims before you retire to deliberate your verdict.

**Source:**

Adapted from Case No. 11-CV-01846 Preliminary Instruction No. 20 (Dkt. No. 1427 at 22-23).

**Samsung's Objections**

    **Apple's Inducement Instruction.** The fourth paragraphs of the parties' separate versions of this instruction are identical except that Apple refers to Samsung Electronics Company as "Samsung's Korean parent" and to Samsung Electronics America LLC and Samsung Telecommunications America LLC as "the U.S. Samsung entities," whereas Samsung omits the references to nationality. Apple's insistence on referring to the nationality of SEC serves no legitimate purpose and is prejudicial to Samsung, particularly in light of the conduct of Apple's counsel during the damages retrial in the 1846 case where Apple's counsel made "Samsung's foreignness" a carefully chosen trial theme. Dkt. No. 2947 at 22-23. Indeed, the Court found that the statements of Apple's counsel during closing argument "clearly suggested an us-versus-them, American versus non-American theme to the jury, which could have evoked national origin prejudice." *Id.* at 22. Samsung's proposed instruction accurately introduces the parties without emphasizing a potential source of bias. On the other hand, allowing Apple to emphasize nationality in the Court's preliminary instructions serves no proper purpose. The Court should adopt Samsung's version of this paragraph.

    **Apple's Instruction Regarding Infringement of the '172 Patent.** In the fifth paragraph of Apple's version of this instruction, Apple proposes language concerning the Court's determination of infringement of the '172 patent that is prejudicial to Samsung. Notably, in connection with the damages retrial in the 1846 case, the Court indicated that the instructions should simply indicate to the jury what issues are before them and what they do not need to

1

2   decide.  (Dkt. No. 2377 at 11:11-12:1 ("I do envision that the preliminary jury instructions would

3   have to give some indication to the jury as to what issue is before them and what issue they do not

4   need to decide . . . I expect this issue to, at most, be one or two sentences of the preliminary jury

5   instructions").)  The only purpose served by Apple's emphasis on the Court's determination of

6   infringement is to prejudice Samsung in the eyes of the jury.  Indeed, the syntax of Apple's

7   proposed instruction appears designed to suggest that the claims of the other Apple patents are

8   likewise infringed.  Apple's proposed instruction may also create the incorrect impression that

9   Samsung is not challenging the validity of the '172 patent and thus mislead the jury into thinking

10  that liability on '172 patent is determined and all the jury has to decide is damages.  To the

11  contrary, Samsung has asserted a defense and counterclaim of invalidity, which is something the

12  jury has yet to decide.  Invalidity is a defense to infringement.

13          In contrast, Samsung's proposed instruction separates the discussion of the '172 patent

14  from the remaining Apple patents.  This separation makes clear that the jury does not need to

15  decide the issue of infringement of the '172 patent, but unlike Apple's proposal, it neither

16  suggests an infringement result as to the remaining Apple patents nor implies that Samsung is not

17  challenging validity of the '172 patent.

18          **Apple's Instruction Regarding Willful Infringement.**  In the sixth paragraph of Apple's

19  version of this instruction, Apple omits the sentence "Samsung also contends that Apple's

20  infringement has been willful," which is included in seventh paragraph of Samsung's proposed

21  instruction.  Samsung objects to Apple's omission of Samsung's allegations that Apple willfully

22  infringed the '087, '596, '239, and '449 patents from this instruction.  Samsung has consistently

23  alleged that Apple willfully infringed these patents, including in its initial infringement

24  contentions served on June 15, 2012.  (*See* Dkt. No. 267-3 at 4, Samsung's June 15, 2012

25  Infringement Contentions.)  In those initial contentions, Samsung specifically stated that "Apple

26  has willfully infringed at least U.S. Patent No.[] 7,756,087 . . . since at least September 2010

27  when Samsung informed Apple of its infringement."  *Id.*  In October 2012, Samsung amended its

28  infringement contentions and specifically included an allegation that Apple willfully infringed the

other Samsung patents at issue.  These contentions stated that "Apple has willfully infringed the

1

2   other Samsung patents since at least the filing of Samsung's counterclaims." (Dkt. No. 267-6 at

3   5-6, Samsung's Amended Infringement Contentions.)  More than 16 months have passed since

4   Samsung's amendment, and Apple has never before raised its belief that Samsung did not allege

5   that Apple's infringement was and still is willful.

6          To the extent Apple removed these allegations because it believes them insufficient,

7   Samsung notes that Apple has provided a similar level of detail for its own willfulness

8   allegations.  Its infringement contentions provide a cursory mention that Samsung has willfully

9   infringed while referring back to Apple's complaint.  (*See* Dkt. No. 269-3 at 4-5, Apple's June 15,

10  2012 Infringement Contentions.)  The complaint has similar boilerplate allegations that Samsung

11  has willfully infringed Apple's patents.  (*See* Dkt. No. 1, Complaint.)  Because Samsung has

12  clearly alleged that Apple willfully infringes—in at least as much detail as Apple's own

13  willfulness allegations—Samsung respectfully requests that this instruction include this sentence

14  regarding Samsung's allegation that Apple's infringement has been willful.

15         Moreover, Apple's argument that Samsung's willfulness contention cannot rest on post-

16  filing conduct is inconsistent with Apple's own willfulness allegations.  To the extent Samsung's

17  willfulness allegations are deemed deficient, so too are Apple's.

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED INSTRUCTION NO. 20 (SAMSUNG)**

**SUMMARY OF PATENT CONTENTIONS**

To help you follow the evidence, I will now give you a summary of the positions of the parties with respect to the patent claims.

The parties in this case are Apple, Inc., which we will refer to as "Apple" and Samsung Electronics Company Ltd., Samsung Electronics America Inc., and Samsung Telecommunications America LLC, which I will refer to collectively as "Samsung" unless I think it is important to distinguish between these entities for the purposes of a specific instruction. You must decide the case as to Samsung Electronics Company, Samsung Electronics America, and Samsung Telecommunications America separately regardless of whether I refer to them collectively as "Samsung" or individually.

The case involves five United States patents owned by Apple and four United States patents owned by Samsung.

Apple filed this lawsuit against Samsung, seeking money damages from Samsung for allegedly infringing the '647, '959, '414, '721 and '172 patents by making, importing, using, selling and/or offering for sale the tablet and smartphone products that Apple argues are covered by claim 9 of the '647 patent, claim 25 of the '959 patent, claim 20 of the '414 patent, claim 8 of the '721 patent and claim 18 of the '172 patent. Apple also argues that Samsung Electronics Company actively induced Samsung Electronics America Inc. and Samsung Telecommunications America LLC to infringe. Apple contends that Samsung's infringement has been willful.

Samsung denies that it has infringed the asserted claims of the '647, '959, '414 and '721 patents and argues that, in addition, the asserted claims are invalid. Invalidity is a defense to infringement.

Your duty for Apple's '172 patent is different from the other patents. For the '172 patent, it has already been found that certain accused products practice claim 18 of the '172 patent, and you need only determine whether claim 18 is invalid.

Samsung has also brought claims against Apple for patent infringement. Samsung seeks money damages from Apple for allegedly infringing the '087, '596, '449, and '239 patents by

making, importing, using, selling and/or offering for sale Apple's (1) certain iPhone and iPad products that Samsung argues are covered by claim 10 of the '087 patent and claim 13 of the '596 patent; (2) certain iPhone and iPod touch products that Samsung argues are covered by claim 27 of the '449 patent; (3) certain iPhone, iPad, iPod touch, and MacBook Pro products that Samsung argues are covered by claim 1 of the '239 patent; and (4) certain iPhone and iPad products that Samsung argues are covered by claim 15 of the '239 patent.  Samsung also contends that Apple's infringement has been willful.

Apple denies that it has infringed the claims asserted by Samsung and argues that the claims asserted by Samsung are invalid.  With respect to the asserted claims of the '087 and '596 patents, Apple also contends that the claims are exhausted.  Invalidity and exhaustion are defenses to infringement.

For each party's patent infringement claims against the other, the first issue you will be asked to decide is whether the alleged infringer has infringed the claims of the patent holder's patents and whether those patents are valid.  If you decide that any claim of either party's patents has been infringed and is not invalid, you will then need to decide any money damages to be awarded to the patent holder to compensate it for the infringement.  You will also need to make a finding as to whether the infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damage award you give.  I will take willfulness into account later.

Before you decide whether either party has infringed the other's patents, or whether those patents are invalid, you will need to understand the patent claims.  As I mentioned, the patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's protection.   It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

I have already determined the meaning of certain terms of the claims of some of the patents at issue.  You will be asked to apply my definitions of these terms in this case.  However, my interpretation of the language of the claims should not be taken as an indication that I have a view regarding issues such as infringement and invalidity.  Those issues are yours to decide.  I

will provide you with more detailed instructions on the meaning of the claims before you retire to deliberate your verdict.

**Source:**

Adapted from Case No. 11-CV-01846 Preliminary Instruction No. 20 (Dkt. No. 1427 at 22) (first trial); Adapted from Case No. 11-CV-01846 Preliminary Instruction No. 20 (Dkt. No. 2716 at 21).

**Apple's Objections**

 **Samsung's Change to the 1846 Inducement Instruction.**  The Court directed the parties to use the instructions from Case No. 11-cv-1846 "absent a compelling reason to depart."  (Dkt. 1158 at 2.)  However, Samsung has deleted the 1846 instruction's reference to SEC as Samsung's "Korean parent," without any compelling reason to do so.  As was done in the 1846 case, the jurors should be instructed as to the various Samsung entities, that Apple alleges have induced and been induced.  That SEC is based in Korea is an accurate fact that is stated in the case caption and does not appeal to bias of any kind.  Further, Apple has agreed to Samsung's additions to Instruction No. 1 regarding bias.

 **Samsung's Instruction Regarding Infringement of the '172 patent.**  The Court informed the 1846 retrial jury of the infringement findings of the first jury as follows:  "During a prior proceeding, a jury found the '381, '915, '163, D'677, and D'305 patents valid and that each of these patents is infringed by a product marked below with an x. Your sole job in this trial is to determine the amount of damages to be awarded to Apple for Samsung's infringement of these patents."  (Case No. 11-CV-01846 Dkt. No. 2716 at 21.)  The Court included a chart identifying the infringing products and the patents each was found to infringed.  (*Id.*)  Samsung's Proposed Instruction No. 20 does not track the Court's 1846 instruction and instead states that "it has already been found that certain accused products practice claim 18 of the '172 patent," which misleadingly avoids the word "infringement" and fails to identify the products that the Court

1

2   found to infringe.  The Court should adopt Apple's proposed instruction, which tracks how the

3   Court informed the 1846 retrial jury of the first trial jury's infringement verdict.

4   **Samsung's Instruction Regarding Apple's Alleged Willful Infringement**.  Apple

5   objects to the inclusion of any reference in the jury instructions that its alleged infringement of

6   the Samsung asserted patents was willful because Samsung has failed to adequately disclose

7   willfulness contentions and the bases for any such contentions, as required by the District's Patent

8   Local Rules.  Patent Local Rule 3-1(h) required Samsung to disclose the basis for any allegation

9   of willful infringement.  *See* Patent L.R. 3-1(h) ("a party claiming . . . willful infringement [shall

10  disclose] the basis for such allegation").  To do so, Samsung was required to identify facts

11  establishing, among other things, that Apple knew of the asserted patents before the

12  commencement of the lawsuit and knew that the accused activities were infringing.  *See In re*

13  *Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007); *see also Bard Peripheral Vascular,*

14  *Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1008 (Fed. Cir. 2012).  As shown below,

15  Samsung's Rule 3-1(h) disclosure—amended three times since the beginning of this lawsuit—

16  does neither:

17          Before initiating this lawsuit, Apple was aware that its products
            infringed many Samsung patents, including patents Samsung has
18          asserted against Apple in this action.  Despite this knowledge,
            Apple continued to infringe Samsung's patents and continues to act
19          in an objectively reckless manner. . . .  Apple has willfully infringed
            at least U.S. Patent Nos. 7,756,087 and U.S. Patent No. 6,292,179
20          since September 2010 when Samsung informed Apple of its
            infringement.  Apple has continued to willfully infringe these
21          patents and the other Samsung patents since the filing of Samsung's
            counterclaims.
22
23  (Dkt. 660 at 4 (Samsung's Third Amended Infringement Contentions dated July 3, 2013).)

24          **First**, Samsung's Rule 3-1(h) disclosure never specifically asserted that Apple had pre-

25  suit knowledge of the '239, '449, or '596 patents.  Rather, Samsung asserts only that Apple was

26  aware of Samsung's "many" patents prior to this litigation.  But that generic reference is

27  insufficient to establish pre-suit notice.  *See Avocet Sports Tech., Inc. v. Garmin Intern., Inc.*,

28  C.A. No. 11-04049-JW, 2012 WL 1030031, at *3 (N.D. Cal. Mar. 22, 2012) (generic reference to

    "Plaintiffs' patent rights" was insufficient to support a willfulness claim); *see also Fujitsu Ltd. v.*

1

2   *Belkin Intern., Inc.*, 782 F. Supp. 2d 868, 892 (N.D. Cal. 2011) (Koh, J.) (general assertion that

3   accused infringer had "received notice of the patents" was insufficient to plead notice and specific

4   intent). Indeed, Samsung acknowledged that its disclosure was insufficient to support a

5   willfulness claim for unnamed patents when it (unsuccessfully) sought leave to amend its

6   disclosure to include a willfulness allegation for the'757 patent. (*See* Dkt. 476 (Samsung's

7   motion for leave to amend); Dkt. 636 at 18-20 (Judge Grewal's Order denying Samsung's motion

8   for leave).) This failure to even mention these patents should bar any instruction for willful

9   infringement of those patents.

10   **Second**, Samsung seeks to rely on Apple's conduct after the filing of Samsung's

11   counterclaim to support a willfulness allegation for the '239, '449, and '596 patents; citing the

12   last sentence in its amended Rule 3-1(h) disclosure that "Apple has continued to willfully

13   infringe . . . the other Samsung patents since at least the filing of Samsung's counterclaims." The

14   Court has already held, however, that "post-filing conduct alone is legally insufficient to prove

15   willfulness." *Lift-U v. Ricon Corp.*, C.A. No. 10-01850-LHK, 2012 WL 5303301, at *11 (N.D.

16   Cal. Oct. 25, 2012) (Koh, J.) (granting summary judgment of no willful infringement); *see also In

17   re Seagate*, 497 F.3d at 1374 (ordinarily, "willfulness will depend on an infringer's prelitigation

18   conduct"). Accordingly, to present a claim for willful infringement to the jury, Samsung's must

19   identify sufficient facts establishing that Apple had notice of each asserted patent prior to this

20   litigation.

21   **Third**, Samsung's cursory reference to the '087 patent in its Rule 3-1(h) disclosure is

22   inadequate because it fails to provide any facts that Apple knew that the accused activities were

23   infringing. Samsung's disclosure regarding Apple's conduct amounts to nothing more than a

24   recitation of the legal elements of a willfulness claim. Indeed, "other than the mere suggestion

25   that infringement continues, there are no facts . . . concerning . . . [pre- or] post-filing conduct at

26   all, and certainly none that would support a claim of recklessness." *Vasudevan Software, Inc. v.

27   TIBCO Software, Inc.*, C.A. No. 11-06638-RS, 2012 WL 1831543, at *5 (N.D. Cal. May 18,

28   2012). Accordingly, the jury should also not be instructed that Apple can be found liable for

willful infringement of the '087 patent.

1

2  **PROPOSED INSTRUCTION NO. 21 (APPLE)**

3  **SUMMARY OF CONTRACT CONTENTIONS**

4  Apple has also brought counterclaims against Samsung with respect to two patents that

5  Samsung declared to an international standard-setting organization called European

6  Telecommunications Standards Institute ("ETSI") to be essential to the use of certain industry

7  standards for wireless technologies, and then asserted against Apple.

8  These "declared essential" patents include Samsung's '087 and '596 patents which I have

9  already described to you.

10  Apple contends that, by asserting these patents against Apple, Samsung breached its

11  contractual obligations to timely disclose and then license these patents on fair, reasonable, and

12  nondiscriminatory terms.

13  Samsung denies that it has breached any contractual obligations.

14  For Apple's allegations regarding these patents, your job will be to decide whether

15  Samsung breached its contractual obligations.  If you decide that Samsung did so, you will then

16  need to decide what money damages to award to Apple.

17

18  **Source:**

19  Adapted from Case No. 11-CV-01846 Preliminary Instruction No. 22 (Dkt. No. 1427 at 26).

20

21  <u>**Samsung's Objections**</u>

22  Apple's proposed instruction differs in two significant ways from Samsung's.  First,

23  Apple's instruction states that Samsung declared two of its patents "to be essential."  This is

24  inaccurate.  According to joint exhibits 76 and 79, Samsung declared that these patents "**<u>may be</u>**

25  considered Essential" to ETSI standards.  (JX 76 at APL630DEF-WH-A0000006936; JX 79 at

26  APL630DEF-WH-A0000006953.)  Indeed, Apple contends that these patents are not essential.

27  (9/19/2013 Fuja Dep. Tr. at 73:14-74:3; 175:21-176:18.)  As Apple's own expert concedes, the

28  obligation to be prepared to grant licenses on FRAND terms only applies if the patents are

actually essential.  (5/2/2012 Walker Dep. Tr. at 109:2-11; *see also* JX 87 (ETSI IPR Policy)

1

2    (1997) at 6.1; JX 76 at 1 (declaring that Samsung will be prepared to grant licenses to declared

3    essential IPR on FRAND terms and conditions "to the extent that the IPRs remain essential"); JX

4    79 at 1 (same).)  Accordingly, Apple's proposed instruction stating that "Samsung breached its

5    contractual obligations to . . . license these patents on fair, reasonable, and nondiscriminatory

6    terms" is incorrect.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED INSTRUCTION NO. 21 (SAMSUNG)**

**SUMMARY OF CONTRACT CONTENTIONS**

Apple has also brought counterclaims against Samsung with respect to two patents that Samsung declared to an international standard-setting organization called European Telecommunications Standards Institute ("ETSI") may be or may become essential to the use of certain industry standards for wireless technologies, and then asserted against Apple.

These "declared essential" patents are Samsung's '087 and '596 patents which I have already described to you.

Apple contends that Samsung had a contractual obligation to timely disclose these patents to ETSI, and a contractual obligation to license these patents on fair, reasonable, and nondiscriminatory terms, and that Samsung breached those obligations.

Samsung denies that it has breached any contractual obligations.

For Apple's allegations regarding these patents, your job will be to decide whether Samsung breached its contractual obligations.  If you decide that Samsung did so, you will then need to decide what money damages to award to Apple.


**Source:**

Adapted from Case No. 11-CV-01846 Preliminary Instruction No. 22 (Dkt. No. 1427 at 26).


**Apple's Objections**

Samsung's proposed Instruction No. 21 ignores the Court's directive to use the instructions from Case No. 11-cv-1846 "absent a compelling reason to depart."  (Dkt. 1158 at 2.) The contract claims in this case relate to Samsung's breach of the same contractual provisions at issue in the prior case, namely the disclosure obligation set forth in Clause 4 of the ETSI IPR Policy and the licensing obligations set forth in Samsung's IPR Information Statement and Licensing Declarations.  Although the alleged breaches involve different asserted patents, the operative facts underlying Apple's claims are analogous to the 1846 case:  Samsung participated in the relevant standardization meetings, but waited until after the relevant standards had been

1

2   adopted to disclose its intellectual property and then refused to comply with its FRAND licensing

3   commitments.  The Court's instruction from the 1846 case on this issue was correct (Preliminary

4   Instruction No. 22 (Dkt. No. 1427 at 26)) and Samsung has not identified anything new in this

5   case that would constitute "a compelling reason to depart" from that instruction.  Accordingly, the

6   Court should adopt Apple's proposed instruction.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED INSTRUCTION NO. 22 (APPLE)**

**OUTLINE OF TRIAL**

The trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin.  Witnesses will take the witness stand and the documents will be offered and admitted into evidence.  There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding.  On some issues, you must decide whether something is more likely true than not. On other issues you must use a higher standard and decide whether it is highly probable that something is true.

Apple will start by presenting its evidence on its contentions that Samsung has infringed Apple's patents, although Apple will not have to present evidence that Samsung infringed the '172 patent, because Apple has already proved infringement of that patent.  Apple will also present its evidence that Samsung's infringement has been willful.  These witnesses will be questioned by Apple's counsel in what is called direct examination.  After the direct examination of a witness is completed, Samsung has an opportunity to cross-examine the witness.  To prove infringement of any claim, Apple must persuade you that it is more likely than not that Samsung has infringed Apple's patents.

After Apple has presented its witnesses, Samsung will call its witnesses, who will also be examined and cross-examined. Samsung will present its evidence on its contentions that Apple has infringed Samsung's patents.  To prove infringement of any claim, Samsung must persuade you that it is more likely than not that Apple has infringed Samsung's patents.

Samsung will also present its evidence that asserted claims of Apple's patents are not infringed and invalid.  To prove invalidity of any claim, Samsung must persuade you that it is highly probable that the claim is invalid.

Apple will then return and will put on evidence responding to Samsung's contention that the Apple patents are invalid.  Apple will then present its evidence that asserted claims of Samsung's patents are not infringed and invalid.  To prove invalidity of any claim, Apple must

persuade you that it is highly probable that the claim is invalid.  Apple will further present its evidence of its patent exhaustion defense and its defense that Samsung's conduct with respect to standard setting organizations is a breach of contractual obligations owed to Apple.

Finally, Samsung will have the option to put on rebuttal evidence to any evidence offered by Apple on the validity of Samsung's patents.  Samsung will also present its evidence responding to Apple's patent exhaustion defense and Apple's defenses relating to Samsung's standard-setting conduct.  Samsung will also present evidence responding to Apple's breach of contract claim.

Because the evidence is introduced piecemeal, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions.  In other words, you should keep an open mind throughout the entire trial.

After the evidence has been presented, I will give you final instructions on the law that applies to the case, and the attorneys will make closing arguments.  Closing arguments are not evidence.  After the instructions and closing arguments, you will then decide the case.

**Source:**

Adapted from Case No. 11-CV-01846 Preliminary Instruction No. 23 (Dkt. No. 1427 at 27).

**Samsung's Objections**

**Apple's Instruction Regarding Infringement of the '172 Patent.**  The third paragraphs of the parties' separate versions of this instruction are identical except that Apple adds the following language to the end of the first sentence: "although Apple will not have to present evidence that Samsung infringed the '172 patent, because Apple has already proved infringement of that patent."  This language is unnecessary and prejudicial to Samsung.  Instruction No. 20 (Summary of Patent Contentions) will have already informed the jury that certain Samsung products have been found to infringe the '172 patent.  Indeed, in connection with the damages retrial in the 1846 case, the Court made clear that it wanted at most a sentence or two telling the

1

2    jury about the previous findings of infringement and validity.  (Dkt. No. 2377 at 11:11-12:1 ("I do

3    envision that the preliminary jury instructions would have to give some indication to the jury as to

4    what issue is before them and what issue they do not need to decide . . . I expect this issue to, at

5    most, be one or two sentences of the preliminary jury instructions").)  The only purpose served by

6    emphasizing by repetition the finding of infringement of the '172 patent is to taint Samsung in the

7    eyes of the jury at the outset of the trial and encourage the jury to conclude that because Samsung

8    has been found to infringe one patent it is likely to have infringed the others.  The Court should

9    adopt Samsung's version of this paragraph.

10        **Apple's Instruction Regarding Willful Infringement.**  In the fourth paragraph of

11   Apple's version of this instruction, Apple omits the sentence: "Samsung will also present its

12   evidence that Apple's infringement has been willful," which is included in the fourth paragraph of

13   Samsung's version. As noted above in Samsung's objection to Instruction No. 20, Samsung

14   objects to Apple's omission of Samsung's allegations that Apple willfully infringed the '087,

15   '596, '239, and '449 patents.  Samsung objects to this omission as well and incorporates by

16   reference its objection to Instruction No. 20 regarding willfulness.  Samsung respectfully requests

17   that this instruction include this sentence regarding Samsung's presentation of evidence to

18   support its allegation that Apple's infringement has been willful.

19

20

21

22

23

24

25

26

27

28

1

2 **PROPOSED INSTRUCTION NO. 22 (SAMSUNG)**

3 **OUTLINE OF TRIAL**

4 The trial will now begin.  First, each side may make an opening statement.  An opening

5 statement is not evidence.  It is simply an outline to help you understand what that party expects

6 the evidence will show.

7 The presentation of evidence will then begin.  Witnesses will take the witness stand and

8 the documents will be offered and admitted into evidence.  There are two standards of proof that

9 you will apply to the evidence, depending on the issue you are deciding.  On some issues, you

10 must decide whether something is more likely true than not.  On other issues you must use a

11 higher standard and decide whether it is highly probable that something is true.

12 Apple will start by presenting its evidence on its contentions that Samsung has infringed

13 Apple's patents.  Apple will also present its evidence that Samsung's infringement has been

14 willful.  These witnesses will be questioned by Apple's counsel in what is called direct

15 examination.  After the direct examination of a witness is completed, Samsung has an opportunity

16 to cross-examine the witness.  To prove infringement of any claim, Apple must persuade you that

17 it is more likely than not that Samsung has infringed Apple's patents.

18 After Apple has presented its witnesses, Samsung will call its witnesses, who will also be

19 examined and cross-examined.   Samsung will present its evidence on its contentions that Apple

20 has infringed Samsung's patents.  Samsung will also present its evidence that Apple's

21 infringement has been willful.  To prove infringement of any claim, Samsung must persuade you

22 that it is more likely than not that Apple has infringed Samsung's patents.

23 Samsung will also present its evidence that asserted claims of Apple's patents are not

24 infringed and invalid.  To prove invalidity of any claim, Samsung must persuade you that it is

25 highly probable that the claim is invalid.

26 Apple will then return and will put on evidence responding to Samsung's contention that

27 the Apple patents are invalid.  Apple will then present its evidence that asserted claims of

28 Samsung's patents are not infringed and invalid.  To prove invalidity of any claim, Apple must

persuade you that it is highly probable that the claim is invalid.  Apple will further present its

evidence of its patent exhaustion defense and its defense that Samsung's conduct with respect to standard setting organizations is a breach of contractual obligations owed to Apple.

Finally, Samsung will have the option to put on rebuttal evidence to any evidence offered by Apple on the validity of Samsung's patents.  Samsung will also present its evidence responding to Apple's patent exhaustion defense and Apple's defenses relating to Samsung's standard-setting conduct.  Samsung will also present evidence responding to Apple's breach of contract claim.

Because the evidence is introduced piecemeal, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions.  In other words, you should keep an open mind throughout the entire trial.

After the evidence has been presented, I will give you final instructions on the law that applies to the case, and the attorneys will make closing arguments.  Closing arguments are not evidence.  After the instructions and closing arguments, you will then decide the case.

**Source:**

Adapted from Case No. 11-CV-01846 Preliminary Instruction No. 23 (Dkt. No. 1427 at 27).

**Apple's Objections**

**Samsung's Instruction Regarding Apple's Alleged Willful Infringement.**  As explained in Apple's objections to Samsung's Proposed Preliminary Instruction No. 20, Apple objects to the inclusion of any reference in the jury instructions that its alleged infringement of the Samsung asserted patents was willful because Samsung has failed to adequately disclose willfulness contentions and the bases for any such contentions, as required by the District's Patent Local Rules.

**Samsung's Omission of Language Regarding Infringement of the '172 Patent.**
Samsung's Proposed Preliminary Instruction No. 20 would instruct the jury that "Apple will start by presenting its evidence on its contentions that Samsung has infringed Apple's patents," without acknowledging that Apple will not present evidence that Samsung has infringed the '172

1

2   patent that the Court has found infringed.  Because the purpose of this instruction is to outline

3   what will occur at the trial, the jury should be informed that Apple will not present evidence that

4   Samsung infringed the '172 patent.  The Court should adopt Apple's proposed instruction, which

5   accurately reflects what will happen at the trial.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2
**ATTESTATION**

3
        I, Victoria F. Maroulis, am the ECF User whose ID and password are being used to file

4
this Joint Statement.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Rachel Krevans

5
has concurred in this filing.

6

7
Dated:  February 18, 2014                    */s/ Victoria F. Maroulis*            

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28