# EXHIBIT 4

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 1

1   UNITED STATES INTERNATIONAL TRADE COMMISSION
2                   WASHINGTON, D.C.
3             Investigation No. 337-TA-794
4         DEPOSITION OF DR. MICHAEL WALKER
5    In the Matter of:                              )
6    CERTAIN ELECTRONIC DEVICES, INCLUDING   )
7    WIRELESS COMMUNICATION DEVICES,         )
8    PORTABLE MUSIC AND DATA PROCESSING      )
9    DEVICES, AND TABLET COMPUTERS           )
10                     and
11       IN THE UNITED STATES DISTRICT COURT
12          NORTHERN DISTRICT OF CALIFORNIA
13   SAN JOSE DIVISION - Case No. 11-CV-01846-LHK
14    CONTAINS CONFIDENTIAL BUSINESS INFORMATION
15   APPLE, INC., a California Corporation, )
16                Plaintiff                 )
17   vs.                                    )
18   SAMSUNG ELECTRONICS CO., LTD., a       )
19   Korean business entity; SAMSUNG        )
20   ELECTRONICS AMERICA, INC., a New York  )
21   corporation; SAMSUNG TELECOMMUNICATIONS)
22   AMERICA, LLC, a Delaware limited       )
23   liability company,                     )
24                Defendants.               )
25   Job Number: 48553

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 2

1  UNITED STATES INTERNATIONAL TRADE COMMISSION
2           WASHINGTON, D.C.
3       Investigation No. 337-TA-794
4                 ***
5  In the Matter of:                          )
6  CERTAIN ELECTRONIC DEVICES, INCLUDING      )
7  WIRELESS COMMUNICATION DEVICES,            )
8  PORTABLE MUSIC AND DATA PROCESSING         )
9  DEVICES, AND TABLET COMPUTERS              )
10
11
12    CONTAINS CONFIDENTIAL BUSINESS INFORMATION
13  HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER
14              ATTORNEYS' EYES ONLY
15
16        DEPOSITION OF DR. MICHAEL WALKER
17              Washington, D.C.
18                May 2, 2012
19
20
21
22
23
24  Reported by:  Mary Ann Payonk, RDR-CRR
25  Job No. 48553

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 109

2  Q.  Let me start over.  Right.  So if
3  you've agreed to license an essential IPR to
4  the extent that it is or remains essential and
5  it turns out that that IPR is not essential,
6  then you're not obligated to license it on
7  FRAND terms and conditions; correct?
8  A.  I guess that is correct, but I'm
9  guessing, because I haven't sat down and spent
10 time thinking that point through.  But it does
11 appear to be a logical conclusion.  I agree.