JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.   12-cv-00630-LHK (PSG)<br><br>**APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR CLARIFICATION OF ORDER RE: MOTIONS TO STRIKE AND SEAL (DKT NO. 1127) CONCERNING DR. MOWRY'S THEORIES "BASED ON HIS DISCUSSIONS WITH ENGINEERS NOT DISCLOSED" BY APPLE**<br><br>Date: March 11, 2014<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

Samsung's opposition rests on the Court's statement that "the court has adopted the proposed factual findings and legal conclusions of the party urging the ruling" (Dkt. No. 1127 at 3 n.9), but Samsung seeks to expand the Court's order *beyond* the factual findings and legal conclusions that Samsung presented in its motion to strike portions of Dr. Mowry's expert report. Samsung explicitly moved to "Strike All Portions of The Mowry Reports That Rely On Discussions With Undisclosed Engineers To Allege Any Apple Products Practice The '647 Patent." (Dkt. No. 880-5 at 22:18-19.) The Court's Order granted that explicit request, granting Samsung "mo[tion] to strike Mowry's theories . . . based on his discussions with engineers not disclosed by [Apple]." (Dkt. No. 1127 at 9.) Indeed, even Samsung's opposition describes its motion as arguing that "Dr. Mowry relied on conversations with Apple's engineers in forming [the opinions that Samsung sought to strike], though Dr. Mowry did not disclose in his report the identity of those engineers or the substance of his conversations with them, and did not explain his reliance on those conversations other than to broadly explain they provided the basis for his opinions in paragraphs 300-304." (Dkt. No. 1274 at 2-3.)

Samsung fails to identify any factual findings or legal conclusions in its motion that supposedly sought to exclude portions of Dr. Mowry's report apart from those based on discussions with undisclosed engineers. Samsung cites only a sentence in the *introduction* to its motion, which stated: "For the reasons that follow, and as detailed in the proposed order, this Court should strike all portions of Apple's opening and rebuttal reports that discuss or rely on new and untimely theories, including" paragraphs 300-304 of Dr. Mowry's report. (Dkt. No. 1274 at 2 (citing Dkt. No. 880-5 at 2-3).) But Samsung points to no "reasons that follow" that addressed anything other than arguments about Dr. Mowry's discussions with undisclosed engineers. (*Id*.)

There are simply no "factual findings or legal conclusions" in Samsung's motion that the Court could have adopted that would apply to Paragraphs 302 and 303 of his report, which do not reference Dr. Mowry's conversations with engineers and instead address his personal review of source code, his use and examination of Apple products that he owns and that he referenced in his

APPLE'S REPLY ISO ITS MOTION FOR CLARIFICATION OF ORDER RE: MOTIONS TO STRIKE (DKT NO. 1127)
CASE NO. 12-CV-00630-LHK (PSG)
sf-3386854

1

report, and Apple user manuals that describe the claimed functionality, as bases for his opinion that Apple's products practice the '647 patent. (Dkt. No. 964-17 ¶¶ 302-303.)

Accordingly, Apple properly seeks clarification that the Court's order meant what it said, and that the only paragraphs struck from Dr. Mowry's report were those "based on his discussions with engineers not disclosed by [Apple]" (Dkt. No. 1127 at 9), which do not include Paragraphs 302 and 303.

Dated: February 24, 2014                MORRISON & FOERSTER LLP


                                        By:  /s/ Rachel Krevans
                                             RACHEL KREVANS

                                             Attorneys for Plaintiff and
                                             Counterclaim-Defendant
                                             APPLE INC.

APPLE'S REPLY ISO ITS MOTION FOR CLARIFICATION OF ORDER RE: MOTIONS TO STRIKE (DKT NO. 1127)
CASE NO. 12-CV-00630-LHK (PSG)
sf-3386854

2