QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK (PSG) |
| Plaintiff, | **SAMSUNG'S ADMINISTRATIVE MOTION FOR LEAVE TO SUPPLEMENT MOTION *IN LIMINE* #2** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date:  March 5, 2014<br>Time: 2:00 p.m.<br>Place: Courtroom 1, Fifth Floor<br>Judge: Honorable Lucy H. Koh |
| Defendants. | |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court, pursuant to Civil L.R. 7-11, for leave to supplement its Motion *in Limine* #2. (Dkt. 1283-3.) This Motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Lindsay M. Cooper; and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

**RELIEF REQUESTED**

Samsung respectfully requests an order granting it leave to supplement its Motions *in Limine* pursuant to the Civil. L.R. 7-11 and the Court's Case Management Order (Dkt. 1158).

**SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

Samsung hereby certifies that it has in good faith conferred with Apple in an effort to resolve the dispute described immediately above without Court action.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Samsung respectfully requests that the Court grant Samsung leave to file the supplement to its Motion *in Limine* #2 (Dkt. 1283-3), submitted concurrently herewith.  On February 19, 2014 – the day after the parties filed motions *in limine* – Apple disclosed for the first time the source code files it planned to include in exhibit PX108, previously identified only as "iOS source code."  This disclosure revealed source code Apple had previously disclosed only to support its claim to practice the '959, '414 and '172 patents – an argument Apple explicitly and repeatedly told this Court that it would not make.  Apple's disclosure of source code also revealed for the first time that Apple *does* in fact plan to argue at trial that its Siri software practices the '959 patent – a fact that was not apparent before Apple disclosed its intent to use voluminous Siri source code at trial.

Despite Samsung's repeated requests, Apple has refused to remove these source code files from its exhibit list, and refused to cabin its use of them at trial, leaving Samsung with no choice but to file this motion.  Good cause exists to allow Samsung to supplement its Motions *in Limine*.

## BACKGROUND

On February 18, 2014, Samsung filed its Motion *in Limine* #2 to exclude evidence or argument that Apple practices the '414 or '172 Patents.  (Dkt. 1283 at 5-9.)  Samsung's motion was based on Apple's proposed trial exhibits disclosed at that time, including PX108 which Apple simply described as "iOS source code."  (Dkt. 1272-3 at Ex. 1, page 2 of 34.)  Samsung thus could not know which specific files Apple might include in PX108.

On February 19, 2014 – the day after motions *in limine* were due – the parties exchanged copies of proposed trial exhibits.  As part of this exchange, Apple disclosed to Samsung the names of the source code files Apple proposed to include in PX108.  Apple's updated PX108 contains at least 49 source code files that Apple previously identified in its responses to Samsung's Interrogatory Nos. 25 and 42 regarding Apple's alleged practice of the '959, '414, and '172 patents.  In addition, the source code files that Apple first added to its exhibit list on February 19 included at least 14 files for Apple's Siri software.

On February 20, 2014, Samsung asked Apple to "withdraw[] from PX108 the source code files listed in its responses to Interrogatory Nos. 25 and 42 regarding the '414, '959, and '172 patents," or to explain why Apple, by adding 49 source code files to PX108, has not "violate[d] the Court's case narrowing order, its resolution of Samsung's Motion to Enforce, and Apple's representations to the Court at the hearing of December 12, 2013." Samsung reiterated its requests on February 21, and February 23. Apple ultimately agreed to meet and confer on February 24, but during that conference repeatedly refused to withdraw the 49 source code files from PX108.

**ARGUMENT**

In light of Apple's disclosure on February 19, 2014, of the specific source code files Apple intends to include in PX108, Samsung respectfully requests that the Court grant Samsung leave to supplement its Motion *in Limine* #2. Leave is necessary to ensure the parties' motions *in limine* are decided on a full and complete record, and to avoid substantial prejudice to Samsung at trial. Samsung has been preparing its case for trial following this Court's guidance at the December 12, 2013 hearing on Samsung's Motion to Enforce the Case Narrowing Order (Dkt. 804-3), relying on Apple to honor its representations to the Court and abide by the Court's order that it "not seek to introduce at trial any evidence of its three unasserted claims, i.e., Claim 34 of the '959 patent, Claim 27 of the '172 patent, and Claim 11 of the '414 patent." (Dkt. 1057 at 2.) As just one example, Samsung prepared and filed its witness list and exhibit list trusting that it would not need to combat arguments Apple explicitly agreed not to make. Samsung made strategic decisions regarding its Motions *in Limine* on the same understanding. At this late stage, Samsung has a compelling need to know the scope of the evidence the Court will allow Apple to present at trial so that Samsung can meaningfully prepare its case. In addition, allowing Samsung to supplement its Motion *in Limine* #2 will ensure the Court decides this issue on a complete record that properly addresses the 49 source code files from PX108.

There is no prejudice to Apple in granting Samsung's motion for leave because Apple will have the opportunity to respond at or before the Pretrial Conference currently set for Wednesday, March 5.

## CONCLUSION

For the foregoing reasons, Samsung respectfully request that the Court grant Samsung's motion for leave to supplement its Motion *in Limine* #2.

DATED: February 25, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael L. Fazio

Attorneys for
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC