# EXHIBIT 1

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

February 20, 2014

Josh Krevitt
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
apple/samsung@gibsondunn.com

Re:    Apple Inc. v. Samsung Elecs. Co., Ltd., et al., Case No. 12-cv-00630 (N.D. Cal.)

Dear Josh:

I write regarding Apple's identification of source code in PX108.  Last night, Apple served on Samsung a list of source code files Apple intends to include in Apple's exhibit PX108, previously identified only as "iOS Source Code."  At least 49 of these files are source code files Apple previously listed, in response to Samsung's Interrogatory Nos. 25 and 42, as supporting Apple's claim to practice the '414, '959, and '172 patents.

As you know, at the hearing on Samsung's Motion to Enforce Apple's Compliance with the Court's Order Regarding Case Narrowing (Docket No. 804-3) ("Samsung's Motion to Enforce"), you represented to the Court that Apple would not assert that it practiced the '414, '959, or '172 patents, even if Samsung argued to the jury that Apple does not practice the asserted claims of those patents.  Any claim to practice these patents would violate the Court's case narrowing order, its resolution of Samsung's Motion to Enforce, and Apple's representations to the Court at the hearing of December 12, 2013.

Please confirm by 2:00 p.m. PST tomorrow, Friday, February 21, that Apple has withdrawn from PX108 the source code files listed in its responses to Interrogatory Nos. 25 and 42 regarding the '414, '959, and '172 patents.  In the unlikely event you contend that Apple's inclusion of these files does not violate the Court's case narrowing order, its resolution of Samsung's Motion to

**quinn emanuel urquhart & sullivan, llp**
NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS

Josh Krevitt
February 20, 2014
Page 2

Enforce, and Apple's representations to the Court at the hearing of December 12, 2013, please explain your reasoning in detail.

We look forward to your prompt response.

Very truly yours,

/s
Victoria Maroulis