QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S SUPPLEMENTAL MOTION *IN LIMINE* #2**<br><br>Date:  March 5, 2014<br>Time: 2:00 p.m.<br>Place: Courtroom 1, Fifth Floor<br>Judge: Honorable Lucy H. Koh |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................................ 1

BACKGROUND ................................................................................................................................. 1

ARGUMENT ...................................................................................................................................... 3

I.       There Is No Permissible Use For The 49 Practice-Related Source Code Files In Apple's PX108 ...................................................................................................................... 3

II.      Apple Cannot Claim To Practice The '959, '414, and '172 Patents At Trial; This Court Already Rejected Apple's "Door-Opening" Proposal ................................................. 4

CONCLUSION ................................................................................................................................... 5

# INTRODUCTION

Samsung supplements its Motion *in Limine* #2 to enforce the Court's case narrowing order, and to enforce the Court's prior ruling on Samsung's Motion to Enforce.

Less than twenty-four hours after the parties filed their motions *in limine*, Apple disclosed for the first time the source code files it planned to include in exhibit PX108, previously identified only as "iOS source code." This disclosure revealed source code Apple had previously disclosed only to support its claim to practice the '959, '414 and '172 patents – an argument Apple explicitly and repeatedly told this Court that it would not make. Apple's disclosure of source code also revealed for the first time that Apple *does* in fact plan to argue at trial that its Siri software practices the '959 patent – a fact that was not apparent before Apple disclosed its intent to use voluminous Siri source code at trial. The Court should strike this source code from PX108, and for the reasons set out in Samsung's Motion *in Limine* #2, preclude Apple from arguing at trial that it practices the '959, '414, or '172 patents.

# BACKGROUND

### A.   Samsung Filed Motion *in Limine* #2 to Exclude Evidence or Argument that Apple Practices the '414 or '172 Patents

On February 18, 2014, Samsung filed its Motion in Limine #2 to exclude evidence or argument that Apple practices the '414 or '172 patents. (Dkt. 1283-3 at 5-9.) Samsung also noted that Apple's exhibit list did not, at that point, indicate that Apple would claim its products practice the '959 patent, though Samsung requested relief if Apple later attempted "to tie the '959 Patent in any way to Siri or the iPhone." (Dkt. 1283-3 at 9, n.5.)

Samsung's motion was, necessarily, based on Apple's proposed trial exhibits disclosed at that time. And at that time, Apple's proposed exhibit list described trial exhibit PX108 as "iOS source code," without specifying *which* source code files it might include. (Dkt. 1272-3 at Ex. 1, page 2 of 34.) Samsung thus could not know which specific files Apple might include in PX108.

### B. After the Parties Filed Motions *In Limine*, Apple Disclosed that PX108 Would Include Code Used to Allege Practice of the '414, '959 and '172 Patents

On February 19, 2014 – the day after motions *in limine* were due – the parties exchanged copies of proposed trial exhibits. As part of this exchange, Apple disclosed to Samsung the names of the source code files Apple proposed to include in PX108. (Cooper Decl. Ex. 5.)[1] Apple's updated PX108 contains at least 49 source code files that Apple previously identified in its responses to Samsung's Interrogatory Nos. 25 and 42 regarding Apple's alleged practice of the '959, '414, and '172 patents.

The source code files that Apple first added to its exhibit list on February 19 included at least 14 files for Apple's Siri software. When Samsung filed its Motion *in Limine* #2, Samsung did not and could not know that Apple proposed to use this Siri source code at trial, or know that Apple considered Siri source code to be relevant to "Damages, secondary considerations, Apple's utility patent claims." (Dkt. 1272-3 at Ex. 1, page 2 of 34.)

### C. Samsung Repeatedly Asked Apple to Withdraw From PX108 the Source Code Files Apple Previously Disclosed to Allege Practice of the Withdrawn Claims of the '959, '414, and '172 Patents

On February 20, 2014, Samsung asked Apple to "withdraw[] from PX108 the source code files listed in its responses to Interrogatory Nos. 25 and 42 regarding the '414, '959, and '172 patents," or to explain why Apple, by adding 49 source code files to PX108, has not "violate[d] the Court's case narrowing order, its resolution of Samsung's Motion to Enforce, and Apple's representations to the Court at the hearing of December 12, 2013." (Cooper Decl. Ex. 1.) Samsung reiterated its requests on February 21, and February 23. (Cooper Decl. Exs. 2-3.) Apple initially refused to meet and confer. (Cooper Decl. Ex. 4.)

Apple ultimately agreed to meet and confer telephonically on February 24, but during that conference Apple refused to remove these source code files from its exhibit list, and refused to

---

[1] References to "Cooper Decl." refer to the Declaration of Lindsay M. Cooper in support of Samsung's Administrative Motion for Leave to Supplement its Motion *in Limine* #2, filed concurrently herewith.

cabin its use of them at trial.  When Samsung pressed Apple to list the circumstances under which Apple could use these exhibits, Apple could list only one:  if Samsung noted at trial that Apple did not claim to practice the claims of the '414, '959 and '172 patents, in Apple's view this entirely correct statement would "open the door" to Apple's argument that its products practice claims of these patents they previously withdrew in light of the Court's case narrowing order.

## ARGUMENT

### I. There Is No Permissible Use For The 49 Practice-Related Source Code Files In Apple's PX108

Apple has no legitimate use for the 49 source code files Apple proposes to include in PX108.  Apple previously cited this code in its response to Samsung's Interrogatory Nos. 25 and 42 regarding Apple's alleged practice of the '959, '414 and '172 patents.  But Apple explicitly and repeatedly told this Court that Apple would not argue at trial that Apple's products practice the '959, '414 or '172 patents.  (*See* Dkt. 1285-6 (Dec. 12, 2013 H'rg Tr.) at 162:18-163:5 ("Your position is that they do not practice claim 18 of the '172, claim 20 . . . of the '414, or claims 24 and 25 of the '959? . . . . MS. MAROULIS:  That's correct, your honor, and I don't think Apple would disagree with that.  THE COURT:  What's your response?  MR. KREVITT:  We agree with that point, your honor.  ***We are not alleging that we practice those claims***.") (emphasis added).)  Apple explicitly represented to this Court that Apple would not and did not contend that its products practice the asserted or the unasserted claims of the '959, '414, or '172 patents.  (*Id.* at 157:19-158:4, 170:15-25.)

Apple has never specified any other, permissible use for the 49 source code files it recently added to its exhibit list.  Certainly, Apple's interrogatory responses identify no other purpose for these files, other than to argue that Apple's products practice these three patents.  Apple likewise could not identify another purpose for these files during the parties' meet and confer.  Even Apple's exhibit list describes the purpose of this source code with a thinly-veiled reference to its prior but now withdrawn contentions, identifying the only "Purpose at trial" for this exhibit as "Damages, secondary considerations, Apple's utility patent claims."  (Dkt. 1272-3 at Ex. 1, page 2

of 34.)  Because this code could only be used to present arguments Apple explicitly agreed not to make, the code should be excluded.

**II.    Apple Cannot Claim To Practice The '959, '414, and '172 Patents At Trial; This Court Already Rejected Apple's "Door-Opening" Proposal**

Apple claims that, despite its representations to this Court in order to avoid a finding of invalidity on claim 11 of the '414 patent and in order to avoid a ruling on Samsung's Motion to Enforce the Court's Case Narrowing order, Apple can still make exactly the arguments Apple promised not to make at trial.  According to Apple, if Samsung's attorneys note that Apple does not claim to practice the '414 *patent*, Apple should be permitted to argue that Apple practices non-asserted claim 11 of the '414 patent.  This misunderstands and undercuts Apple's colloquy with the Court on this *exact subject*, as well as the Court's later ruling.

After the Court indicated its inclination to grant the Motion to Enforce, Apple first tried to preserve its ability to argue that Apple did practice the three extra claims, if Samsung mentioned that Apple did not practice the five claims allowed by the Court's order:

> Mr. Krevitt:  As I said, we have heard Your Honor loud and clear. We are prepared and are withdrawing our affirmative assertions with respect to our practice of those claims.  You won't hear that in opening, just for example.
>
> But to the extent that Samsung makes arguments or tries to convey to the jury that Apple does not practice the patents, even if they do it in a way by confining the specific comment to practice the asserted claims, it's misleading and unfair and Apple should have an opportunity then to say we do practice the patents.

(Dkt. 1285-6 (Dec. 12, 2013 H'rg Tr.) at 163:13-22.)  The Court disagreed:

> The Court:  Your request was "we will withdraw the unasserted claims *if and only if Samsung does not argue that Apple does not practice the claims of the patent*," which *they have said explicitly they will make that argument*, so *then the unasserted claims will be in the case*, in which case I think it's -- I mean, I'll think about this motion further, but my tentative right now is *it seems only fair that they then get to challenge its validity*.
>
> Mr. Krevitt:  *Then we would withdraw the claims, your honor, and not request the opportunity to say that we practice the unasserted claims*.

(*Id.* at 170:15-25 (emphases added).)  Thus, Apple struck a simple bargain with the Court:  while Apple knew that, as the Court said, Samsung "will make that argument" "that Apple does not practice the claims of the patent," Apple still agreed *not* to "say that we practice the unasserted

-4-   Case No. 12-CV-00630-LHK (PSG)
SAMSUNG'S SUPPLEMENTAL MOTION *IN LIMINE* #2

1  claims," and in exchange this Court would not hear Samsung's challenge to the validity of those

2  unasserted claims (including claim 11 of the '414 patent).

3        This was an unambiguous exchange, and the Court's resulting order reflected the

4  unequivocal nature of Apple's withdrawal:

> At the hearing, Apple stated that it would not seek to introduce at trial any evidence of its three unasserted claims, *i.e.*, Claim 34 of the '959 patent, Claim 27 of the '172 patent, and Claim 11 of the '414 patent. Accordingly, the Court denies Samsung's motion to enforce Apple's compliance with the Court's case narrowing order, ECF No. 804-3, as moot. Consistent with Apple's withdrawal, the Court strikes any contentions in Apple's experts' reports that Apple practices Claim 34 of the '959 patent, Claim 27 of the '172 patent, and Claim 11 of the '414 patent.

9  (Dkt. 1057 at 2.) There was no reservation in this order for possible "opening of the door" by

10 Samsung. As the Court said, and as Apple agreed, even if Samsung "will make that argument"

11 "that Apple does not practice the claims of the patent," this would not permit Apple to "say that

12 we practice the unasserted claims." (Dkt. 1285-6 at 170:15-25.) Apple's new justification for

13 reasserting the claims it elected not to assert is meritless.

14 **CONCLUSION**

15       For the foregoing reasons, the Court should strike the 49 source code files Apple added to

16 PX108 that also appeared in response to Samsung's Interrogatory Nos. 25 and 42, and preclude

17 Apple from arguing at trial that it practices the '414, '959, or '172 patents.

19 DATED: February 25, 2014      QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price

Attorneys for
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC