# EXHIBIT 47

examiner's review of a copy of the document. See **MPEP § 901.05**.

### IV. PENDING U.S. APPLICATIONS

As specified in **37 CFR 1.14(a)**, all pending U.S. applications are preserved in confidence except for published applications, reissue applications, and applications in which a request to open the complete application to inspection by the public has been granted by the Office (**37 CFR 1.11(b)**). However, if an application that has not been published has an assignee or inventor in common with the application being examined, a rejection will be proper in some circumstances. For instance, when the claims between the two applications are not independent or distinct, a provisional double patenting rejection is made. See **MPEP § 804**. If the copending applications differ by at least one inventor and at least one of the applications would have been obvious in view of the other, a provisional rejection over **35 U.S.C. 102(e)** or **103** is made when appropriate. See **MPEP § 706.02(f)(2)**, **§ 706.02(k)**, **§ 706.02(l)(1)**, and **§ 706.02(l)(3)**.

See MPEP § **706.02(a)**, § **804** and § **2136** *et seq.* for information pertaining to rejections relying on U.S. application publications.

**2128 "Printed Publications" as Prior Art [R-5]**

### A REFERENCE IS A "PRINTED PUBLICATION" IF IT IS ACCESSIBLE TO THE PUBLIC

A reference is proven to be a "printed publication" "upon a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art, exercising reasonable diligence, can locate it." *In re Wyer*, 655 F.2d 221, 210 USPQ 790 (CCPA 1981) (quoting *I.C.E. Corp. v. Armco Steel Corp.*, 250 F. Supp. 738, 743, 148 USPQ 537, 540 (SDNY 1966)) ("We agree that 'printed publication' should be approached as a unitary concept. The traditional dichotomy between 'printed' and 'publication' is no longer valid. Given the state of technology in document duplication, data storage, and data retrieval systems, the 'probability of dissemination' of an item very often has little to do with whether or not it is 'printed' in the sense of that word when it was introduced into the patent statutes in 1836. In any event, interpretation of the words 'printed' and 'publication' to mean 'probability of dissemination' and 'public accessibility' respectively, now seems to render their use in the phrase 'printed publication' somewhat redundant.") *In re Wyer*, 655 F.2d at 226, 210 USPQ at 794.

See also *Carella v. Starlight Archery,* 804 F.2d 135, 231 USPQ 644 (Fed. Cir. 1986) (Starlight Archery argued that Carella's patent claims to an archery sight were anticipated under **35 U.S.C. 102(a)** by an advertisement in a Wisconsin Bow Hunter Association (WBHA) magazine and a WBHA mailer prepared prior to Carella's filing date. However, there was no evidence as to when the mailer was received by any of the addressees. Plus, the magazine had not been mailed until 10 days after Carella's filing date. The court held that since there was no proof that either the advertisement or mailer was accessible to any member of the public before the filing date there could be no rejection under **35 U.S.C. 102(a)**.).

### ELECTRONIC PUBLICATIONS AS PRIOR ART

#### Status as a "Printed Publication"

An electronic publication, including an on-line database or Internet publication, is considered to be a "printed publication" within the meaning of 35 U.S.C. **102**(a) and (b) provided the publication was accessible to persons concerned with the art to which the document relates. See *In re Wyer*, 655 F.2d 221, 227, 210 USPQ 790, 795 (CCPA 1981) ("Accordingly, whether information is printed, handwritten, or on microfilm or a magnetic disc or tape, etc., the one who wishes to characterize the information, in whatever form it may be, as a 'printed publication' * * * should produce sufficient proof of its dissemination or that it has otherwise been available and accessible to persons concerned with the art to which the document relates and thus most likely to avail themselves of its contents.'" (citations omitted).). See also *Amazon.com v. Barnesandnoble.com*, 73 F. Supp. 2d 1228, 53 USPQ2d 1115, 1119 (W.D. Wash. 1999) (Pages from a website were relied on by defendants as an anticipatory reference (to no avail), however status of the reference as prior art was not challenged.); *In re Epstein*, 32 F.3d 1559, 31 USPQ2d 1817 (Fed. Cir. 1994) (Database printouts of abstracts which were not themselves prior art publications were properly relied as providing evidence that the software products referenced therein were "first installed" or "released" more than one year prior to applicant's filing date.).

The Office policy requiring recordation of the field of search and search results (see MPEP § **719.05**) weighs in favor of finding that Internet and on-line database references cited by the examiner are "accessible to persons concerned with the art to which the document relates and thus most likely to avail themselves of its contents."

*Wyer*, 655 F.2d at 221, 210 USPQ at 790. Office copies of an electronic document must be retained if the same document may not be available for retrieval in the future. This is especially important for sources such as the Internet and online databases.

### Date of Availability

Prior art disclosures on the Internet or on an on-line database are considered to be publicly available as of the date the item was publicly posted. *>Absent evidence of the date that the disclosure was publicly posted, if< the publication >itself< does not include a publication date (or retrieval date), it cannot be relied upon as prior art under 35 U.S.C. 102(a) or (b)*>. However<, it may be relied upon to provide evidence regarding the state of the art. Examiners may ask the Scientific and Technical Information Center to find the earliest date of publication >or posting<. See MPEP § 901.06(a), paragraph IV. G.

### Extent of Teachings Relied Upon

An electronic publication, like any publication, may be relied upon for all that it would have reasonably suggested to one having ordinary skill in the art. See MPEP § 2121.01 and § 2123. Note, however, that if an electronic document which is the abstract of a patent or printed publication is relied upon in a rejection under 35 U.S.C. 102 or 103, only the text of the abstract (and not the underlying document) may be relied upon to support the rejection. In situations where the electronic version and the published paper version of the same or a corresponding patent or printed publication differ appreciably, each may need to be cited and relied upon as independent references based on what they disclose.

### Internet Usage Policy

See MPEP § 904.02(c) for the portions of the Internet Usage Policy pertaining to Internet searching and documenting search strategies. See MPEP § 707.05 for the proper citation of electronic documents.

### EXAMINER NEED NOT PROVE ANYONE ACTUALLY LOOKED AT THE DOCUMENT

One need not prove someone actually looked at a publication when that publication is accessible to the public through a library or patent office. See *In re Wyer*, 655 F.2d 221, 210 USPQ 790 (CCPA 1981); *In re Hall*, 781 F.2d 897, 228 USPQ 453 (Fed. Cir. 1986).

## 2128.01 Level of Public Accessibility Required [R-3]

### I. A THESIS PLACED IN A UNIVERSITY LIBRARY MAY BE PRIOR ART IF SUFFICIENTLY ACCESSIBLE TO THE PUBLIC

A doctoral thesis indexed and shelved in a library is sufficiently accessible to the public to constitute prior art as a "printed publication." *In re Hall*, 781 F.2d 897, 228 USPQ 453 (Fed. Cir. 1986). Even if access to the library is restricted, a reference will constitute a "printed publication" as long as a presumption is raised that the portion of the public concerned with the art would know of the invention. *In re Bayer*, 568 F.2d 1357, 196 USPQ 670 (CCPA 1978).

In *In re Hall*, general library cataloging and shelving practices showed that a doctoral thesis deposited in university library would have been indexed, cataloged and shelved and thus available to the public before the critical date. Compare *In re Cronyn,* 890 F.2d 1158, 13 USPQ2d 1070 (Fed. Cir. 1989) wherein doctoral theses were shelved and indexed by index cards filed alphabetically by student name and kept in a shoe box in the chemistry library. The index cards only listed the student name and title of the thesis. Two of three judges held that the students' theses were not accessible to the public. The court reasoned that the theses had not been either cataloged or indexed in a meaningful way since thesis could only be found if the researcher's name was known, but the name bears no relationship to the subject of the thesis. One judge, however, held that the fact that the theses were shelved in the library was enough to make them sufficiently accessible to the public. The nature of the index was not determinative. This judge relied on prior Board decisions ( *Gulliksen v. Halberg,* 75 USPQ 252, 257 (Bd. App. 1937) and *Ex parte Hershberger*, 96 USPQ 54, 56 (Bd. App. 1952)), which held that shelving a single copy in a public library makes the work a "printed publication." It should be noted that these Board decisions have not been expressly overruled but have been criticized in other decisions. See *In re Tenney,* 254 F.2d 619, 117 USPQ 348 (CCPA 1958) (concurring opinion by *J.Rich*) (A document, of which there is but one copy, whether it be handwritten, typewritten or on microfilm, may be technically accessible to anyone who can find it. Such a document is not "printed" in the sense that a printing press has been used to reproduce the document. If only technical accessibility were required "logic would require the inclusion within the term [printed] of all unprinted public documents for they are all 'accessible.' While some tribunals have gone quite far in that direction, as in the