1  JOSH A. KREVITT (CA SBN 208552)  
   jkrevitt@gibsondunn.com  
2  H. MARK LYON (CA SBN 162061)  
   mlyon@gibsondunn.com  
3  GIBSON, DUNN & CRUTCHER LLP  
   1881 Page Mill Road  
4  Palo Alto, California  94304-1211  
   Telephone:  (650) 849-5300  
5  Facsimile:  (650) 849-5333  

WILLIAM F. LEE (*pro hac vice*)  
william.lee@wilmerhale.com  
WILMER CUTLER PICKERING  
  HALE AND DORR LLP  
60 State Street  
Boston, Massachusetts  02109  
Telephone:  (617) 526-6000  
Facsimile:  (617) 526-5000  

6  HAROLD J. MCELHINNY (CA SBN 66781)  
   hmcelhinny@mofo.com  
7  JACK W. LONDEN (CA SBN 85776)  
   jlonden@mofo.com  
8  RACHEL KREVANS (CA SBN 116421)  
   rkrevans@mofo.com  
9  RUTH N. BORENSTEIN (CA SBN 133797)  
   rborenstein@mofo.com  
10  ERIK J. OLSON (CA SBN 175815)  
   ejolson@mofo.com  
11  MORRISON & FOERSTER LLP  
   425 Market Street  
12  San Francisco, California 94105-2482  
   Telephone: (415) 268-7000  
13  Facsimile: (415) 268-7522  

MARK D. SELWYN (CA SBN 244180)  
mark.selwyn@wilmerhale.com  
WILMER CUTLER PICKERING  
  HALE AND DORR LLP  
950 Page Mill Road  
Palo Alto, California  94304  
Telephone:  (650) 858-6000  
Facsimile:  (650) 858-6100  

14  *Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

15  
**UNITED STATES DISTRICT COURT**  
**NORTHERN DISTRICT OF CALIFORNIA**  
16  **SAN JOSE DIVISION**

17  

18  APPLE INC., a California corporation,

19           Plaintiff,

20      vs.

21  SAMSUNG ELECTRONICS CO., LTD., a  
   Korean business entity; SAMSUNG  
22  ELECTRONICS AMERICA, INC., a New  
   York corporation; SAMSUNG  
23  TELECOMMUNICATIONS AMERICA,  
   LLC, a Delaware limited liability company,

24  

25           Defendants.

Case No. 12-cv-00630-LHK (PSG)

**DECLARATION OF JENNIFER RHO IN  
SUPPORT OF SAMSUNG'S  
ADMINISTRATIVE MOTION TO FILE  
UNDER SEAL DOCUMENTS FILED IN  
CONNECTION WITH SAMSUNG'S  
MOTIONS IN LIMINE**

**UNREDACTED VERSION OF  
DOCUMENT TO BE FILED  
UNDER SEAL**

26  

27  

28

I, Jennifer Rho, declare and state as follows:

1. I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple, Inc. ("Apple").  Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in support of Samsung's Administrative Motion to File Under Seal Documents Filed in Connection with Samsung's Motions in Limine ("Motion to Seal") to confirm that there is good cause to seal certain documents supporting Samsung's Motions in Limine ("MILs"), as they are confidential and sealable.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them under oath.

2. Samsung filed its Motion to Seal on February 18, 2014.  The motion sought to seal portions of Samsung's MILs and certain documents filed in support thereof.  D.I. 1283. Samsung filed the declaration of Michael L. Fazio in support of its motion to seal those documents ("Fazio Sealing Declaration").  D.I. 1283-1.

3. Certain portions of Samsung's MILs and exhibits thereto contain Apple's highly confidential financial, technical, and licensing information, as well as privacy information of its employees.  Apple thus supports sealing Exhibits 26, 28 and 42 to the Declaration of Michael L. Fazio in Support of Samsung's Motions in Limine ("Fazio MIL Declaration") in their entirety, and sealing of the information highlighted in yellow in Samsung's MILs and Exhibits 7, 41, and 43 to the Fazio MIL Declaration.  For those documents whose sealing Apple supports in their entirety, Apple has not provided another copy of such documents, with the exception of Exhibit  26, in which Apple has added yellow boxes to confirm that it seeks to seal the content within.

4. Apple also seeks to file this Declaration under seal, for the same reasons set forth in paragraphs 16 and 17 below.

**Apple's Confidential Financial Information**

5. Exhibit 26 to the Fazio MIL Declaration contains Apple's non-public, detailed financial and production capacity information.  In particular, the information contained in Exhibit 26 details Apple's production capacity for certain products on a month-by-month basis,

1   as well as Apple's incremental profit margin on a month-by-month basis.  As detailed in prior

2   declarations submitted to the Court from Apple Finance Manager Mark Buckley, Apple

3   considers this financial information to be highly confidential.  Mr. Buckley has explained that

4   Apple goes to "extensive lengths to protect the confidentiality of its financial information,"

5   calling it "among the most painstakingly protected information at the company, on par with

6   source code."  D.I. 685-1 at 2.

7       6.   As Mr. Buckley further explained, the public disclosure of the type of capacity and

8   profit margin information disclosed in Exhibit 26 – which is highly confidential and which

9   Apple does not make available publicly – would cause Apple severe harm.  Declaration of

10  Mark Buckley, D.I. 685-1 at 1-2, 7-16 (July 15, 2013); *see also* Declaration of Mark Buckley,

11  D.I. 442-1, 442-2 (Apr. 8, 2013); D.I. 1416, Case No. 11-cv-1846 (July 27, 2012).  As just one

12  example, the public disclosure of this information, which is not typically made available by

13  Apple's competitors, would thereby give those competitors of Apple insight into "how and why

14  Apple has made strategic decisions."  D.I. 685-1 at 3.  Mr. Buckley further explained that

15  disclosure of this type of Apple's confidential financial information could "permit Apple's

16  competitors to tailor their product offerings, advertising, costs, budgets, and business strategies

17  to more effectively compete with Apple."  D.I. 442-1 at 3.  For example, if competitors gained

18  access to Apple's capacity data, they could learn when Apple is stretched thinly and when it

19  has excess capacity, and could alter their production timing accordingly.  Data about Apple's

20  production capacity could further provide insight into Apple's current and future business

21  plans.  *See, e.g.,* D.I. 1416, Case No. 11-cv-1846 at 1-2.

22      7.   I further understand that both this Court and the Federal Circuit deem non-public

23  financial information to be sealable.  *See, e.g., Apple, Inc. v. Samsung Electronics Co., Ltd.*,

24  Case No. 11-CV-01846 (N.D. Cal.) (Dkt. No. 2397) (Sep. 11, 2013); *Apple, Inc. v. Samsung*

25  *Electronics Co., Ltd.*, 2013 WL 4487610 at *9-10 (Fed. Cir. 2013).  Moreover, the Federal

26  Circuit held that Apple's and Samsung's "strong interest in keeping their detailed financial

27  information sealed and the public's relatively minimal interest in this particular information"

28

1   warranted filing such information under seal.  *Apple, Inc. v. Samsung Electronics Co., Ltd.*,

2   2013 WL 4487610 at *10.  It is also the case here that there is minimal interest of the public in

3   this information; the financial information at issue is not necessary to understanding the parties'

4   arguments.

5        8.   Only certain portions of Exhibit 26 are directly Apple's confidential information,

6   while the remainder of Exhibit 26 is directly Samsung confidential information.  Nonetheless,

7   Apple supports the filing of Exhibit 26 entirely under seal, as evidenced by the yellow boxes

8   enclosing its content, because if the non-Apple information were left unsealed, a reader could

9   easily deduce Apple's confidential information through simple arithmetic.  Accordingly, in

10  order to protect the confidentiality of Apple's detailed, non-public, financial information, Apple

11  seeks to support the sealing of Exhibit 26.

12  **Confidential Technical Information**

13       9.   Exhibits 7, 28, and 42 each identify and describe in detail the operation of certain of

14  Apple's products.  The information contained in these documents constitute Apple's highly

15  confidential and proprietary source code and technical information, and in particular is itself

16  source code, describes the specifics of Apple's source code, or is derived from source code, and

17  is similar to other information the Court has ordered sealed.

18       10. The specific Apple technical information at issue here is non-public and is

19  considered by Apple to be of highest confidentiality.  As Apple employees have explained in

20  multiple declarations, including in Apple in-house counsel Cyndi Wheeler's multiple

21  declarations, Apple treats its source code and closely-related technical information with the

22  utmost confidentiality, restricting access even within Apple to such source code. *See, e.g.,*

23  Declaration of Cyndi Wheeler, D.I. 803 at ¶¶ 3-5; *see also* Declaration of Cyndi Wheeler, D.I.

24  685.  Apple takes significant precautions to protect the confidentiality of its source code and

25  closely-related information and prevent disclosure of the same accordingly.  *Id.*  As Ms.

26  Wheeler explained, Apple heavily limits knowledge of its source code, as Apple considers such

27  technical information to be its trade secret and the subject of independent economic value.  *See,*

28

1  *e.g.*, D.I. 803 at ¶¶ 3-5; *see also* D.I. 685 at ¶¶ 3-10.  Apple has made significant investments in

2  developing this source code.  *Id.*  Indeed, in light of the value of this information to Apple, and

3  the harm that would be caused to Apple from its disclosure, even in this litigation, where source

4  code must be produced in discovery, it is treated with the utmost confidentiality and additional

5  restrictions regarding its protection were implemented.  *Id.* ¶ 7; *see also* Protective Order, D.I.

6  512 at ¶ 11.

7  　　　　11. Indeed, as this Court has previously held, "[c]onfidential source code clearly meets

8  the definition of a trade secret" and is sealable under the "compelling reasons" standard. *Apple,*

9  *Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012),

10  D.I. 2046 at 3 (Oct. 16, 2012), D.I. 1649 at 8 (Aug. 9, 2012) (citing *Agency Solutions.Com,*

11  *LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011).  "[T]echnical

12  information that is closely related to Apple's source code" is similarly considered to be

13  sealable.  *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2250-1 at 7-

14  8 (Feb. 20, 2013), D.I. 2397 at 2-3 (Sep. 11, 2013) (granting motion to seal documents that

15  could give competitors a chance to learn the functionality and limits of functionality of Apple

16  products (Case No. 11-cv-1846, Kellerman Declaration, D.I. 1504 at 4)).

17  　　　　12. Disclosure of such source code and closely-related information, which Apple

18  carefully protects from public knowledge, thus would cause Apple harm and to lose significant

19  competitive advantage.  *Id.*  For example, such disclosure would damage the significant

20  investment that Apple has made in developing its software and the independent economic value

21  that Apple derives from its proprietary and confidential source code.  The significant harm that

22  Apple would experience from the public disclosure of its detailed technical information has

23  been detailed in multiple previously-filed declarations from Apple employees.  *See, e.g.,*

24  Declaration of Cyndi Wheeler, D.I. 803 at ¶¶ 5-10; *see also* Declaration of Cyndi Wheeler, D.I.

25  685; Declaration of Erica Tierney, *Apple Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-

26  cv-1846, D.I. 2250-1 at 7-8 (Feb. 20, 2013); Declaration of Henri Lamiraux, *Apple Inc. v.*

27  *Samsung Electronics Co., Ltd., et al.,* Case No. 11-cv-1846, D.I. 1505 (July 30, 2012).

28

13. The material highlighted in yellow in Exhibit 7 to the Fazio MIL Declaration constitutes excerpts of Apple's written interrogatory responses in which Apple identifies the particular source code files that implement the functionality covered by the asserted claims of its patents in Apple's currently available products and iOS software.  As Ms. Wheeler explained in her declaration addressing substantially identical information when it was contained in Exhibit 11 to the Declaration of Amar Thakur filed in support of Samsung's Motion to Compel Production of Financial Documents and to Enforce the April 12, 2013 Order and Supporting Documents, *see* D.I. 685, this information contained in Exhibit 7 could be used to determine how Apple implements features and functionality of this software, as well as provide a roadmap to replicating the design of such features and functionality.  Public disclosure of this information would be extremely harmful to Apple.  As Ms. Wheeler has previously explained, disclosure of this information would cause Apple to lose significant competitive advantage, as well as damage the significant investment that Apple has made in developing its software and the independent economic value that Apple derives from its proprietary and confidential source code.  D.I. 405 at 3-4.

14. Exhibits 28 and 42 to the Fazio MIL Declaration are internal Apple documents that identify and explain in substantial detail the structure and operation of particular syncing functionality for Apple's iPhones.  I understand that this information is drawn from and based on knowledge of precisely how the functionality operates at the source code level, and why such source code was structured in order to perform its intended purpose.  Such information is thus closely-related to and intertwined with its underlying source code, and thus squarely constitutes the type of source code and related technical information about the structure and operation of Apple's source code, that Ms. Wheeler and other Apple employees have previously explained to be Apple's trade secrets, the public disclosure of which would be extremely harmful to Apple.  D.I. 405 at 3-4; *see also* Declaration of Cyndi Wheeler, D.I. 803 at ¶¶ 5-10; Declaration of Cyndi Wheeler, D.I. 685; Declaration of Erica Tierney, Case No. 11-cv-1846, D.I. 2250-1 at 7-8 (Feb. 20, 2013); Declaration of Henri Lamiraux, Case No. 11-cv-

1846, D.I. 1505 (July 30, 2012).  The information provided in Exhibits 28 and 42 could be used to determine how Apple implements certain functionalities in its products.  As Ms. Wheeler has confirmed, disclosure of this type of information – which I understand has always been nonpublic and strictly considered confidential by Apple – would cause Apple to lose significant competitive advantage, as well as damage the significant investment that Apple has made in developing its software and the independent economic value that Apple derives from its proprietary and confidential source code.  *Id.*

15. Accordingly, in order to protect the confidentiality of Apple's detailed, non-public, technical information, Apple seeks to support the filing of the information highlighted in yellow in Exhibit 7, and the entirety of Exhibits 28 and 42, under seal.

███████████████████

███████████████████████████████

███████████████████████████████

████████████████████████████████

████████████████████████████████

███████████████████████████

██████████████████████████████

███████████████████████████████

██████████████

█████████████████████████████

███████████████████████████████

███████████████████████████████

██████████████████████████████

**Confidential Privacy Information**

18. Exhibits 28, 41, 42, and 43 each contain the contact information of certain Apple employees, as identified by the yellow highlighting.  Apple seeks to maintain the privacy interests of these employees, and thus seeks to seal such contact information.  This information

is sealable because these employees have a compelling interest in maintaining the privacy of their contact information.  Moreover, the public has no justifiable interest in the contact information for these individuals, which is not needed to understand the parties' arguments. Indeed, Apple does not seek to maintain the names of the employees on these documents; it only seeks to seal their contact information.

*      *      *

19. The relief requested above is necessary and narrowly tailored to protect the confidentiality of Apple's technical, financial, and licensing information, and the privacy interests of its employees.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Dated: February 24, 2014

                                          */s/ Jennifer Rho*
                                          Jennifer Rho

**ATTESTATION**

I, Rachel Krevans, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45, X.B., I hereby attest that Jennifer Rho has concurred in this filing.

Dated: February 24, 2014                      /s/ Rachel Krevans

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: February 24, 2014                      /s/ Rachel Krevans