QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO SEAL DOCKET ENTRIES 1258-2 AND 1258-3** |

**Preliminary Statement**

Apple asks to seal two letters to the Court admitting that it had publicly filed the financial terms of the Apple-Nokia license and the Apple-NEC license and that this Apple filing had remained publicly available for four months—during a time when Apple had simultaneously been aggressively pursuing sanctions against Samsung for inadvertently disclosing licensing terms that Apple itself had revealed.  (Dkts. 1258-2 and 1258-3.)  Samsung has met and conferred with Apple, and Apple's sole remaining justification for sealing, now that the filing has been removed from LexisNexis CourtLink, is Apple's speculation that someone in possession of the letters could attempt to determine the docket number of the filing because there is a notation on the docket entry that indicates it was recently locked.  But because the document at that docket entry is locked, no one can access the filing or the license terms contained in Apple's filing.  The versions of the letters that Apple proposes to publicly file also redact the docket numbers altogether, which makes Apple's lone remaining argument for sealing the letters even more groundless.  As a result, there is no basis for Apple's continuing to delay (as Apple has proposed to Samsung) its filing of the redacted versions of the letters that Apple has already prepared and approved for circulation to Samsung.

**Statement of Facts**

**Apple's February 11, 2014 Letters.**  On February 11, 2014, Apple filed two letters with the Court under seal.  (Dkts. 1258-2 and 1258-3.)  In the letters, Apple revealed that, on October 10, 2013, it had disclosed the allegedly confidential terms of the Apple-Nokia license and the Apple-NEC license in a public version of a filing.  Apple told the Court in its letters that it was in the process of notifying NEC and Nokia of its mistake and, according to Apple, it has now notified both companies.  (Dkt. 1258-2; Case No. 11-1846, Dkts. 2964-4, ¶ 16; 2965-17 at 2.)  The letters also stated that, "Apple is not aware of any public distribution of the improperly-redacted copy of this document."  (Dkt. 1258-3; 1258-2 ("To date, we have no information that the document was distributed on the Internet or otherwise used.").)  These statements were wrong.  A version of Apple's filing containing the terms of the Apple-Nokia license was available for download on LexisNexis CourtLink, and Samsung notified Apple of this fact on February 14, 2014.  (Case No.

11-1846, Dkts. 2964-4, ¶ 17; 2965-18.)  The document remained available through LexisNexis CourtLink until at least yesterday, but is now no longer available through that service.  (Case No. 11-1846, Dkt. 2964-5; Becher Decl., ¶ 2.)  Although Samsung has asked Apple to explain what investigation, if any, it in fact undertook to locate additional public distributions of the licensing information that Apple had filed before it made its erroneous representations to the Court in the letters, Apple has not done so.  (Case No. 11-1846, Dkts. 2964-4, ¶¶ 15, 17; 2965-16; 2965-18.)

**The Failure of all Subsequent Negotiations.**  On February 12, 2014, Samsung's counsel asked Apple to file public redacted versions of the letters with the Court and provide versions of the letters that could be shared with Samsung.  (Case No. 11-1846, Dkts. 2964-4, ¶¶ 12, 14; 2965-13; 2965-15.)  Apple provided Samsung's counsel with redacted versions of the letters that could be shared with Samsung.  (Case No. 11-1846, Dkts. 2964-4, ¶ 13; 2965-14.)  These redacted letters did not contain the docket number of the filing in question.  (Case No. 11-1846, Dkt. 2965-14 at 2-4.)

The parties have met and conferred repeatedly since that time regarding Samsung's request that Apple file public versions of the letters to the Court.  Most recently, Samsung notified Apple that the filing is no longer available from LexisNexis Courtlink.  Apple still refuses to agree to file public versions of the letters until the notation that the filing was locked is removed from the docket entry.  Apple claims the notation might signal to someone which docket entry once linked to the filing containing the Apple-Nokia and Apple-NEC license terms.  (Becher Decl., Exh. 1.)

## Argument

Apple's sole reason for keeping the letters under seal lack merit.  Even if Apple's speculation that someone could track down the docket entry for the filing were credited, the filing itself is locked and not available for download.  Moreover, the docket entry itself does not contain any information about the terms of the Apple-NEC and Apple-Nokia license.  And the docket entry itself is not confidential Apple information.

The content of the letters should be public.  During public hearings regarding their request for sanctions and in public briefs, Nokia and Apple accused Samsung of wrongdoing and assured the Court the terms of the Apple-Nokia license had been kept confidential.  (*See, e.g.*, Case No.

1  11-1846, Dkts. 2502 at 1 ("The following is clear:  The Nokia-Apple license is highly confidential
2  . . . ."); 2505-1 at 9 ("Apple and Nokia themselves have always kept those terms [the Apple-Nokia
3  license terms] confidential.").)  And the Court itself has observed that these proceedings "began as
4  a chorus of loud and certain accusations" that ultimately lacked substance.  (Case No. 11-1846,
5  Dkt. 2934 at 18.)  Now, through its request to seal its letters, Apple is simply attempting to hide
6  the fact that Apple itself has done what it spent months attacking Samsung for—and indeed that
7  Apple has disseminated even more detailed financial information about the Apple-Nokia license to
8  an even wider, far more public audience than Samsung inadvertently did.  Given that Apple and
9  Nokia have repeatedly placed information regarding Samsung's inadvertent disclosure of the
10 Apple-Nokia license terms on the public record, Apple's own disclosure of the terms of the Apple-
11 Nokia license—at the same time it was moving for sanctions against Samsung, and, along with
12 Nokia, was bound by obligations to investigate and prepare its own witnesses who erroneously
13 testified that the Apple-Nokia license terms were kept confidential—hardly qualifies for special
14 treatment.

## **Conclusion**

For the above reasons, the Court should deny Apple's motion to seal and require Apple to file public versions of Docket entries 1258-2 and 1258-3.

DATED:  February 18, 2014          QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP


                                    By */s/ Victoria F. Maroulis*
                                       Charles K. Verhoeven
                                       Kevin P.B. Johnson
                                       Victoria F. Maroulis
                                       William C. Price
                                       Michael T. Zeller

                                       Attorneys for
                                       SAMSUNG ELECTRONICS CO., LTD.,
                                       SAMSUNG ELECTRONICS AMERICA, INC.,
                                       and SAMSUNG TELECOMMUNICATIONS
                                       AMERICA, LLC