QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF ROBERT J. BECHER IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO SEAL DOCKET ENTRIES 1258-2 AND 1258-3** |

### DECLARATION OF ROBERT J. BECHER

1. I am a member of the bar of the State of California, and a partner in the firm Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in Case No. 11-cv-1846 LHK (PSG) ("the 1846 action") and Case No. 12-cv-0630 LHK (PSG) ("the 630 action") in the Northern District of California. I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. On February 18, I discovered that the filing containing the Apple-Nokia and Apple-NEC license terms was no longer available on LexisNexis CourtLink. I sent an email to Apple's counsel asking whether, in light of this development, they were willing to immediately file public versions of the letters with the Court. A true and correct copy of my February 18 email to Apple is found in the email chain attached as Exhibit 1.

3. On February 18, Apple's counsel sent me an email stating that Apple was not willing to immediately file public versions of the letters with the Court. A true and correct copy of Apple's February 18 email to me is found in the email chain attached as Exhibit 1.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on February 18, 2014, at Los Angeles, California.

By  */s/ Robert J. Becher*
　　　　　　　　Robert J. Becher

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document. I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Robert J. Becher.

 */s/ Victoria F. Maroulis*
Victoria F. Maroulis

# EXHIBIT 1
# Unredacted Version of Document Sought to be Sealed

-----Original Message-----
**From:** Selwyn, Mark [Mark.Selwyn@wilmerhale.com]
**Received:** Tuesday, 18 Feb 2014, 5:14PM
**To:** Robert Becher [robertbecher@quinnemanuel.com]
**CC:** Mueller, Joseph [Joseph.Mueller@wilmerhale.com]; Susan R. Estrich [susanestrich@quinnemanuel.com]
**Subject:** RE: Letter

Rob:

I believe I previously answered your question.

As I explained to you on Saturday, the redacted versions of the letter together with the new notation in docket entry 806 could potentially provide information regarding where confidential information could be located relating to two Apple license agreements. LexisNexis removed the document from the database this morning, but the Court has not yet ruled on Apple's motion to remove the incorrectly filed document or removed the notation from the docket entry. We will be filing our motion to remove the incorrectly filed document today. Once the Court allows the motion and the notation is removed from the docket entry, we will promptly file the redacted versions of the letter we authorized you to share with your client.

Mark

---

**From:** Robert Becher [mailto:robertbecher@quinnemanuel.com]
**Sent:** Tuesday, February 18, 2014 2:47 PM
**To:** Selwyn, Mark
**Cc:** Mueller, Joseph; Susan R. Estrich
**Subject:** RE: Letter

Mark—Now that the document has been removed from LexisNexis CourtLink and cannot be downloaded, are you willing to file public versions of the letters? If not, why? Please let us know by no later than 5:30 as we must file our opposition today.

Regards, Rob

---

**From:** Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]
**Sent:** Sunday, February 16, 2014 2:01 PM
**To:** Robert Becher
**Cc:** Mueller, Joseph
**Subject:** RE: Letter

Rob:

1

The redacted versions of the letters would identify that the misfiling occurred in October 2013. That information could motivate someone to look at the docket for that time period and find the below entry:

| 10/10/2013 | 806 | Administrative Motion to File Under Seal filed by Apple Inc.(a California corporation). (Attachments: # 1 Declaration of Jordan Bekier In Support of Motion to File Under Seal, # 2 Proposed Order, # 3 Apple's Motion to Exclude Certain Unreliable and Impermissible Expert Testimony, # 4 Declaration of Casey McCracken In Support of Motion to Exclude Certain Expert Testimony, # 5 Proposed Order re Motion to Exclude, # 6 Exhibit A1 - B5 to the Declaration of Casey McCracken, **DOCUMENT TEMPORARILY LOCKED PURSUANT TO COUNSEL'S REQUEST** # 7 Exhibit B6 - C2 to the Declaration of Casey McCracken, # 8 Exhibit C3 - C5 to the Declaration of Casey McCracken, # 9 Exhibit C6 - Part 1 to the Declaration of Casey McCracken, # 10 Exhibit C6 - Part 2 to the Declaration of Casey McCracken, # 11 Exhibit C6 - Part 3 to the Declaration of Casey McCracken)(Lyon, Hervey) (Filed on 10/10/2013) Modified on 2/10/2014 **COUNSEL TELEPHONED ON 2/10/2014 REQUESTING THAT DOCUMENT #806-6 BE LOCKED-COUNSEL TO FOLLOW-UP WITH ADMINISTRATIVE MOTION TO SEAL DOCUMENT**(dhmS, COURT STAFF). (Entered: 10/10/2013) |

As for LexisNexis, a Gibson Dunn attorney immediately contacted LexisNexis upon receiving your letter on Friday evening, and has been in touch with them several times since. Because it is a holiday weekend, the LexisNexis personnel needed to take the necessary action have not been available.

Once again, we do not see any possible harm to Samsung from a short delay before the public filing of the redacted versions, and certainly you have identified none.

As for your request to provide the ITC with copies of the redacted versions of the two February 11, 2014 letters to Judge Grewal that we authorized you to share with your client, we do not object provided the filing you make is not available to the public.

Mark

-----Original Message-----
From: Robert Becher [mailto:robertbecher@quinnemanuel.com]
Sent: Sunday, February 16, 2014 11:40 AM
To: Selwyn, Mark
Cc: Mueller, Joseph
Subject: RE: Letter

Mark-

Your offer to file the letters publicly in redacted form at an unidentified time in the future is inadequate and unacceptable. The redacted versions of the letters do not even reference the docket number of the filing containing the Apple-Nokia license terms. You provide no explanation as to how someone in possession of the limited information in the redacted letters could track down the terms of the Apple-Nokia license now that the docket entry has been locked.

While you state Apple also needs LexisNexis CourtLink to remove the pleading containing the terms of the Apple-Nokia license before it can file the letters publicly, this issue can be quickly resolved. LexisNexis CourtLink has personnel available twenty-four hours a day to assist customers so you should be able to obtain immediate assistance.

As a result, we continue to request that redacted versions of the letter be filed immediately and we intend to proceed with seeking relief from the Court. We also once again ask for your permission to file the letters with the ITC as part of a filing that will not be available for public inspection.

2

Regards, Rob

-----Original Message-----
From: Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]
Sent: Saturday, February 15, 2014 4:08 PM
To: Robert Becher
Cc: Mueller, Joseph
Subject: RE: Letter

Rob:

We are prepared to have the redacted versions of the letter we authorized you to share with your client filed publicly, but, for the reasons stated in our motions to seal, not at this time. The redacted versions of the letter together with the new notation in docket entry 806 could potentially provide information regarding where confidential information could be located relating to two Apple license agreements. In addition, we are in the process of working with LexisNexis to remove the document from the CourtLink database.

Accordingly, we are prepared to file publicly the redacted versions after the Court rules on Apple's sealing request and removes the new notation from docket entry 806, and LexisNexis removes the document from the CourtLink database.

We do not see any possible harm to Samsung from a short delay before the public filing of the redacted versions.

We also trust that Samsung will not make any public filing regarding the content of the February 11, 2014 letters to Judge Grewal while Apple's administrative motions to seal remain pending.

Mark

-----Original Message-----
From: Robert Becher [mailto:robertbecher@quinnemanuel.com]
Sent: Saturday, February 15, 2014 9:15 AM
To: Selwyn, Mark
Cc: Mueller, Joseph
Subject: RE: Letter

Mark--During our meet and confer regarding Apple's filing of its 2 letters to Judge Grewal under seal, you asked whether Samsung would forego filing a motion contesting the sealing of the letters if Apple files redacted versions of the letters that are identical to the versions you authorized us to share with Samsung. If Apple files identical redacted versions of the letters today, we will not proceed with a motion. Please let me know if you are willing to proceed with such a filing.
Regards, Rob _____