| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br><br>HAROLD J. McELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>JACK W. LONDEN (CA SBN 85776)<br>jlonden@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>RUTH N. BORENSTEIN (CA SBN 133797)<br>rborenstein@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendant. | Case No.   12-cv-00630-LHK (PSG)<br><br>**APPLE'S RESPONSE TO SAMSUNG'S ADMINISTRATIVE MOTION FOR LEAVE TO SUPPLEMENT MOTION IN LIMINE #2 AND SAMSUNG'S SUPPLEMENTAL MOTION IN LIMINE #2** |

# INTRODUCTION

Samsung's Supplemental Motion in Limine #2[1] attempts to convert Apple's case narrowing concession at the December 12, 2013, summary judgment hearing into a license for Samsung to make false statements about whether Apple practices the '414, '959, and '172 patents. Samsung repeatedly emphasized to the Court at the December 12 hearing that it intended to argue that Apple does not practice the <u>asserted</u> '414, '959, and '172 claims. After discussion with the Court, Apple committed not to argue in response that it practices other, unasserted claims. Samsung now inaccurately suggests that it stated at the hearing that it will argue that Apple does not practice <u>any</u> '414, '959, or '172 claim, and that Apple represented that it would not respond to that broader allegation despite the fact that it is false. Samsung now asks the Court to preclude Apple from disproving that false assertion.

Apple never agreed to stand by silently if Samsung makes false statements to the jury, and nothing in the transcript from the summary judgment hearing suggests that the Court contemplated such false statements or forcing Apple to leave them unrebutted. Moreover, the source code contained in Apple's iOS source code exhibit is relevant for reasons independent of whether Apple practices unasserted '414, '959, and '172 claims. The Court should deny Samsung's latest attempt to gain unfair advantage from the Court's case narrowing decisions.

# ARGUMENT

### A.     Samsung's motion misrepresents the December 12 hearing.

Samsung's supplemental motion grossly misrepresents the discussion between Samsung, Apple, and the Court at the December 12, 2013, hearing. On December 12, Samsung explained to the Court that it sought to argue that Apple does not practice Apple's **asserted** '414, '959, and '172 claims. The Court's conclusion was that even if Samsung carried out that promise, Apple should not be able to counter that Apple practices unasserted claims of those patents, and Apple

---

[1] Should the Court decide to consider Samsung's supplemental motion in limine, Apple respectfully requests that the Court consider this response.

represented that it would not do so.  Samsung is being disingenuous by now contending otherwise in order to extract more from Apple's agreement.

At the December 12 hearing, Apple initially requested that it be permitted to respond if Samsung took the position that Apple does not practice the '414, '959, and '172 patents, and the Court agreed that the request was fair:

> Mr. Krevitt:  In the event that Samsung takes the position at trial that we do not practice the patents, [I request] that we have an opportunity to respond to that.  But we will not affirmatively take the position that we practice those claims absent circumstances along those lines.
>
> The Court:  . . . If Samsung challenges . . . whether Apple practices the unasserted claims . . .
>
> Mr. Krevitt:  Well, challenges whether we practice the patent, whether we practice any claims in the patent.
>
> The Court:  Okay.  Let me hear from Samsung.  What's your position?  Because I think that seems fair to me.  If you're going to challenge it, then they should be able to come right back at you with expert testimony that they do.

(Dkt. No. 1133 [12-12-13 Tr.] at 161:19-162:7.)

Samsung immediately narrowed the dispute, focusing on its intent to argue that Apple does not practice **the asserted** '414, '959, and '172 claims:

> Ms. Maroulis:  [W]e should be able to say, "Apple, you don't practice claim 18 of the '172 patent."  **We should not be prevented from explaining to the jury that they do not practice the claims that they assert for infringement.**
>
> The Court:  Okay.  Your position is that they do not practice claim 18 of the '172, claim 20 . . . of the '414, or claims 24 and 25 of the '959?
>
> Ms. Maroulis:  That's correct.
>
> The Court:  Is that your position?
>
> Ms. Maroulis:  That's correct, your honor, and I don't think Apple would disagree with that.

(*Id.* at 162:12-163:1) (emphasis added).

APPLE'S RESPONSE TO SAMSUNG'S MOT. FOR LEAVE TO SUPPLEMENT AND SUPPLEMENTAL MIL #2
CASE NO. 12-cv-00630-LHK (PSG)
sf-3389730

2

1   The Court briefly explored whether the parties could reach a stipulation that Apple does

2   not practice the specific asserted claims, but does practice other claims of those patents. (*Id.* at

3   163:25-164:2.) Samsung responded by again emphasizing its focus on the asserted claims:

> Ms. Maroulis: [I]f they're still going to prevent us from saying "You, Apple, don't practice **these claims that you're asserting as infringement in the trial**," . . . because they're going to be able to say, 'Well, we practice some other claims," . . . then we'll need to attack those claims[.]

(*Id.* at 164:14-19) (emphasis added).

The Court and Apple reiterated several more times that the Samsung contention at issue was whether Apple practices **the asserted** '959, '414, and '172 claims:

> The Court: [S]amsung has already said they're going to assert that you did not practice **the asserted claims** of the '959, '414, and '172, so you know the door is going to be opened.
>
> ****
>
> The Court: Samsung is saying they are going to make the statement that **the asserted claims** are not practiced as to these patents by Apple.
>
> ****
>
> Mr. Krevitt: **I've made a request that we have an opportunity to say that we practice the patents in response to Samsung's argument that we don't practice the asserted claims.** If we are not able to do that without opening the door to satellite litigation and other impact of that, then we won't make that request to your honor to be able to say that.

(*Id.* at 167:10-170:13) (emphasis added).

Samsung omits the entirety of the discussion above, instead quoting only a short section that immediately follows because the Court used the shorthand "the claims of the patent" instead of again stating "the asserted claims." Read in the context of the discussion above, however— and, indeed, the Court's own confirmatory question to Apple immediately afterwards, which Samsung also omits—it is clear that the Court was referring to Samsung's anticipated argument that Apple does not practice **the asserted claims** of the '414, '959, '172:

> The Court: Your request was "We will withdraw the unasserted claims if and only if Samsung does not argue that Apple does not practice the claims of the patent," which they have said explicitly

APPLE'S RESPONSE TO SAMSUNG'S MOT. FOR LEAVE TO SUPPLEMENT AND SUPPLEMENTAL MIL #2
CASE NO. 12-cv-00630-LHK (PSG)
sf-3389730

3

|   |   |
|---|---|
| 1 | they will make that argument [. . . .] |
| 2 | Mr. Krevitt:  Then we would withdraw the claims, your honor, and not request the opportunity to say that we practice the unasserted claims. |
| 3 |   |
| 4 | The Court:  Even if Samsung argues at trial that **the claims you are asserting as to these three patents are not practiced by Apple**? |
| 5 | Mr. Krevitt:  Yes, your honor. |

(*Id.* at 170:15-171:4 (emphasis added); *cf.* Mot. at 4 (citing only 170:15-25).)

Samsung's new suggestion that it may argue "Apple does not claim to practice the '414 *patent*" (Mot. at 4) is not the position it represented to the Court on December 12. Samsung's claim that "Apple's colloquy with the Court [was] on this exact subject" is false. (*Id.*) Apple understood at the December 12 hearing that Samsung intended to argue Apple does not practice the **asserted** '414, '959, and '172 claims, as the Court repeatedly confirmed and Samsung never corrected or expanded. In order to ensure no delay to the trial date, Apple agreed that such an argument would not open the door to Apple saying it practices other unasserted claims. Such an argument is altogether different than an assertion that Apple does not practice *the '414, '959, or '172 patents*, or *any claim* of those patents.

> **B.   If Samsung suggests that Apple does not practice *any* claims of the '414, '959, and '172 patents, Apple should be free to disprove that false assertion.**

The Court has already expressed its view on whether Apple should be permitted to rebut a broad assertion by Samsung that Apple does not practice the '414, '959, or '172 patents: "[T]hat seems fair to me.  If you're going to challenge [whether Apple practices any claims in the patent], then they should be able to come right back at you with expert testimony that they do." (Dkt. No. 1133 at 162:2-5.)  That immediate reaction was absolutely correct.  Apple has committed not to argue that it practices those unasserted claims, even if Samsung argues that Apple does not practice the asserted claims.  If Samsung extends its argument to encompass those unasserted claims, however, Apple and its experts should be free to respond. [2]

---

[2] Similarly, as Apple explained in its opposition to Samsung's original motion in limine, Apple's witnesses must tell the truth when asked questions directly by Samsung. (Dkt. No. 1355

(Footnote continues on next page.)

APPLE'S RESPONSE TO SAMSUNG'S MOT. FOR LEAVE TO SUPPLEMENT AND SUPPLEMENTAL MIL #2
CASE NO. 12-cv-00630-LHK (PSG)
sf-3389730

4

### C. iOS source code is relevant independent of whether Apple practices the '414, '959, and '172 patents.

Unless Samsung opens the door by asserting broadly that Apple does not practice the '414, '959, or '172 patents, Apple will not argue that Apple practices unasserted claims of those patents, with or without source code. However, Apple's iOS source code relating to those patents is relevant for reasons independent of whether Apple's practices the patents.

Apple's experts have relied on iOS source code to testify that Apple's products provide valuable advantages compared to infringing Samsung phones. For example, Dr. Snoeren may testify that his review of iOS code confirms that Apple's products use Siri as a form of universal search (Dkt. 880, Ex. 10, at ¶¶ 360-67), without suggesting that this practices any claim of the '959 patent. Dr. Vellturo may testify that Siri provides users with a universal search feature (Dkt. 1156-03 ¶ 81), also without suggesting this practices any claims of the '959 patent. Such testimony is relevant to damages and supports Apple's lost profits claim, regardless of whether Apple practices any unasserted claims of its asserted patents. It supports Apple's position that Apple's products compete with Samsung's accused products, and users would therefore be more likely to buy an Apple product if infringing Samsung products were off the market. *Rite-Hite Corp v. Kelly Co., Inc.*, 56 F. 3d 1548, 1543-46 (Fed. Cir. 1995) (holding that patentee may collect lost profits for lost sales of non-practicing product where that product competes with defendant's infringing product).

---

(Footnote continued from previous page.)

at 8, 8 n.5.) Samsung therefore must not seek to elicit testimony that is contrary to fact and must not argue as fact that Apple's products do not perform in ways that are described by unasserted claims. (*Id.*)

APPLE'S RESPONSE TO SAMSUNG'S MOT. FOR LEAVE TO SUPPLEMENT AND SUPPLEMENTAL MIL #2
CASE NO. 12-cv-00630-LHK (PSG)
sf-3389730

5

Dated: March 3, 2014                    MORRISON & FOERSTER LLP

By: */s/ Rachel Krevans*
    RACHEL KREVANS

Attorneys for Plaintiff and
Counterclaim-Defendant
APPLE INC.

APPLE'S RESPONSE TO SAMSUNG'S MOT. FOR LEAVE TO SUPPLEMENT AND SUPPLEMENTAL MIL #2
CASE NO. 12-cv-00630-LHK (PSG)
sf-3389730

6