1  JOSH A. KREVITT (CA SBN 208552)           WILLIAM F. LEE
   jkrevitt@gibsondunn.com                   william.lee@wilmerhale.com
2  H. MARK LYON (CA SBN 162061)              WILMER CUTLER PICKERING
   mlyon@gibsondunn.com                      HALE AND DORR LLP
3  GIBSON, DUNN & CRUTCHER LLP               60 State Street
   1881 Page Mill Road                       Boston, MA 02109
4  Palo Alto, CA 94304-1211                  Telephone: (617) 526-6000
   Telephone: (650) 849-5300                 Facsimile: (617) 526-5000
5  Facsimile: (650) 849-5333

6  HAROLD J. McELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com                       MARK D. SELWYN (SBN 244180)
7  JACK W. LONDEN (CA SBN 85776)             mark.selwyn@wilmerhale.com
   jlonden@mofo.com                          WILMER CUTLER PICKERING
8  RACHEL KREVANS (CA SBN 116421)            HALE AND DORR LLP
   rkrevans@mofo.com                         950 Page Mill Road
9  RUTH N. BORENSTEIN (CA SBN 133797)        Palo Alto, California 94304
   rborenstein@mofo.com                      Telephone: (650) 858-6000
10 ERIK J. OLSON (CA SBN 175815)             Facsimile: (650) 858-6100
   ejolson@mofo.com
11 MORRISON & FOERSTER LLP
   425 Market Street
12 San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
13 Facsimile:  (415) 268-7522

14 Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC.
15
                        UNITED STATES DISTRICT COURT
16
                     NORTHERN DISTRICT OF CALIFORNIA
17
                             SAN JOSE DIVISION
18

19 APPLE INC., a California corporation,        Case No.    12-cv-00630-LHK (PSG)

20              Plaintiff,                       **DECLARATION OF PETER J.
                                                 KOLOVOS IN SUPPORT OF
21       v.                                      SAMSUNG'S ADMINISTRATIVE
                                                 MOTION TO FILE UNDER SEAL
22 SAMSUNG ELECTRONICS CO., LTD., a              DOCUMENTS FILED IN
   Korean corporation; SAMSUNG                   CONNECTION WITH
23 ELECTRONICS AMERICA, INC., a New              SAMSUNG'S OPPOSITION TO
   York corporation; and SAMSUNG                 APPLE'S MOTIONS IN LIMINE**
24 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
25
                Defendant.
26

27

28

DECLARATION OF PETER J. KOLOVOS IN SUPPORT OF SAMSUNG'S ADMIN. MOT. TO FILE UNDER SEAL
CASE NO.12-cv-00630-LHK (PSG)

1    I, Peter J. Kolovos, hereby declare as follows:

2    1.    I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP,

3    counsel for Apple Inc. ("Apple") in the above-captioned litigation.  I am licensed to practice law

4    in the Commonwealth of Massachusetts, and have been admitted *pro hac vice* in this action.  I am

5    familiar with the facts set forth herein, and, if called as a witness, I could and would testify

6    competently to those facts.

7    2.    Samsung filed under seal portions of Samsung's Opposition to Apple's Motions *in*

8    *Limine* (Dkt. No.  1337) ("Samsung's Opposition").  Samsung also filed certain documents under

9    seal in connection with the Declaration of Michael L. Fazio in Support of Samsung's Opposition.

10    ("Fazio Decl.").

11    3.    As detailed below, Apple supports sealing certain portions of Samsung's

12    Opposition and Exhibits 3-7, 11, 12, 18, 19, 22, 28-32, 36 and 37.

13    **Confidential Pricing Terms in Invoices**

14    4.    Exhibit 19 to the Fazio Declaration consists of Intel invoices to Apple.  The

15    portions that will be highlighted in the conformed copies to be filed by Samsung in Exhibit 19  to

16    the Fazio Declaration should be sealed.  Specifically, consistent with the redactions to PX78

17    which were approved in the 1846 Matter (*see Apple Inc. v. Samsung Electronics Co., Ltd., et al.*,

18    Case No. 11-cv-01846 (N.D. Cal.), Dkt. No. 1649 at 11; Dkt. No. 1746), Apple moves to seal the

19    following portions of Exhibit 19: Tax%, Unit Price, Extension, and the amounts due to Intel listed

20    on each invoice, "all of which relate to capacity or financial terms of third-party agreements."

21    (Case No. 11-cv-01846, Dkt. No. 1649 at 11 (approving redactions to PX78).)

22    **Confidential Technical Information and Source Code**

23    5.    The portions that will be highlighted in the conformed copies to be filed by

24    Samsung on lines 21 and 24-25 of page 4 of Samsung's Opposition contain information

25    designated confidential by Apple and by third parties Cirrus Logic and Broadcom and describe

26    confidential technical information regarding the components used in Apple's products.  These

27    portions of Samsung's Opposition contain proprietary Apple information and the public

28    disclosure of this information would be harmful to Apple.

1        6.      Exhibit 4 to the Fazio Declaration consists of multiple Qualcomm documents

2    produced by Apple and designated confidential by Apple, which should be sealed in full. Because

3    these documents provide detailed information about Qualcomm's products and at least some of

4    the Qualcomm products described in them are incorporated into Apple's products, public

5    disclosure of this information would be harmful to Apple.

6        7.      Exhibit 5 to the Fazio Declaration consists of multiple confidential documents

7    produced by Apple and should be sealed in full.  The documents in this exhibit contain detailed

8    descriptions of the technical details and operation of Apple's accused products and public

9    disclosure of this proprietary Apple information would be harmful to Apple.

10       8.      Exhibit 6 to the Fazio Declaration consists of technical documents produced by

11   Apple and should be sealed in full.  The documents in this exhibit contain confidential technical

12   information regarding the design and operation of Apple components and public disclosure of this

13   proprietary Apple information would be harmful to Apple.

14       9.      Exhibit 7 to the Fazio Declaration consists of multiple confidential documents

15   produced by Apple and should be sealed in full.  The documents in this exhibit contain

16   confidential technical information regarding the components used in Apple's products and public

17   disclosure of this proprietary Apple information would be harmful to Apple.

18       10.     Exhibit 28 to the Fazio Declaration consists of multiple Cirrus Logic documents

19   produced by Apple and Cirrus Logic and should be sealed in full.  Because the documents in this

20   exhibit contain confidential technical information regarding the design and operation of third

21   party components and at least some of these components are used in the Apple accused products,

22   public disclosure of this proprietary Apple information would be harmful to Apple.

23       11.     Exhibit 29 to the Fazio Declaration consists of detailed technical Intel and

24   Qualcomm documents produced by Intel and Apple and should be sealed in full.  Because these

25   documents provide detailed information about Intel and Qualcomm's products and at least some

26   of the products described in them are incorporated into Apple's products, public disclosure of this

27   information would be harmful to Apple.

28

1      12.      Exhibit 30 to the Fazio Declaration consists of multiple Omnivision and Sony

2  documents produced by Apple, Sony and Omnivision and should be sealed in full.  Because the

3  documents in this exhibit contain confidential technical information regarding the design and

4  operation of third party components and at least some of these components are used in the Apple

5  accused products, public disclosure of this proprietary Apple information would be harmful to

6  Apple.

7      13.      Exhibit 31 to the Fazio Declaration consists of a chart produced by Apple

8  describing the components in various Apple products and multiple documents produced by

9  Broadcom and should be sealed in full.  The first portion of this exhibit contains confidential

10  technical information regarding the components used in Apple's products and public disclosure of

11  this proprietary Apple information would be harmful to Apple.  Because the remaining

12  documents in this exhibit contain confidential technical information regarding the design and

13  operation of third party components and at least some of these components are used in the Apple

14  accused products, public disclosure of this proprietary Apple information would be harmful to

15  Apple.

16      14.      Exhibit 32 to the Fazio Declaration consists of schematics produced by Apple and

17  should be sealed in full. The documents in this exhibit contain confidential technical information

18  regarding the components used in Apple's products and public disclosure of this proprietary

19  Apple information would be harmful to Apple.

20      15.      The portions of Samsung's Opposition and Exhibits 4-7 and 28-32 to the Fazio

21  Declaration (described in paragraphs 5-14 above) should all be sealed for reasons similar to those

22  stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits.

23  (Case No. 11-cv-01846, Dkt. No. 1504 at 3 (supporting sealing schematics showing the

24  configuration of Apple's products because detailed information of this kind constitutes trade

25  secret information).)  The Court has previously granted Apple's request to seal product

26  schematics that contain a similar level of detail regarding the accused Apple products.  (*See, e.g.*,

27  Case No. 11-cv-01846, Dkt. No. 1649 at 8 (granting Apple's request to seal schematics related to

28  the Apple iBook and iSight).)

DECLARATION OF PETER J. KOLOVOS IN SUPPORT OF SAMSUNG'S ADMIN. MOT. TO FILE UNDER SEAL
CASE NO.12-cv-00630-LHK (PSG)                                                                3

1    16.    The portions that will be highlighted in the conformed copies to be filed by

2    Samsung in of Exhibit 3 to the Fazio Declaration should be sealed because they identify and

3    describe in detail the operation of certain of Apple's products.  In particular, the content of the

4    emails in the exhibit should be sealed, as they contain non-public information that relates to

5    source code, how the relevant code operates, and other closely-related technical information with

6    the utmost confidentiality.  This includes the entirety of the first two emails; and in the third

7    email, the second paragraph, the portion of the third paragraph beginning "mapping" and ending

8    "blackboard," the fourth paragraph; and the portion of the fifth paragraph beginning "dialog" and

9    ending "Newtons."

10    17.    Exhibit 22 to the Fazio Declaration consists of a list of source code file names.

11    18.    As this Court has previously held, "[c]onfidential source code clearly meets the

12    definition of a trade secret" and is sealable under the "compelling reasons" standard.  (Case No.

13    11-cv-1846, Dkt. No. 2190 at 3 (Dec. 10, 2012), Dkt. No. 2046 at 3 (Oct. 16, 2012), Dkt. No.

14    1649 at 8 (Aug. 9, 2012) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp.

15    2d 1001, 1017 (E.D. Cal. 2011).)  The specific Apple technical information at issue here is non-

16    public. In this litigation, source code is treated with the utmost confidentiality and additional

17    restrictions regarding its protection were implemented. (*See* Dkt. No. 512 at ¶ 11; Declaration of

18    Cyndi Wheeler, Dkt. No. 803-2.)  The technical information at issue here, derived from or related

19    to source code, is similar to other information the Court has ordered sealed.  Apple has extremely

20    tight controls on its source code to limit access and that revelation of source code or the

21    underlying functionality of its products would cause Apple competitive harm.  (Declaration of

22    Cyndi Wheeler, Dkt. No. 685.)  For all of these reasons, the source code included in Exhibits 3

23    and 22 to the Fazio Declaration should be sealed.

24    **Consumer Research Studies**

25    19.    Exhibits 11 and 12 to the Fazio Declaration consist of extensive internal consumer

26    research. Exhibit 11 is a collection of data-rich pages from a large number of separate reports

27    setting out important features to consumers from ten different countries.  Exhibit 12 similarly

28    consists of a collection of data-rich pages from a variety of reports, focused on the US.

1     20.     Apple has a substantial interest in keeping the results and conclusions of its

2   marketing research confidential from its competitors.  The Federal Circuit has held that the harm

3   to Apple if its market research were made public outweighs the public interest in that information,

4   and these materials have accordingly been previously filed under seal.  *Apple, Inc. v. Samsung*

5   *Electronics Co., Ltd.*, 2013 WL 4487610 at *11-12 (Fed. Cir. 2013).  The Court reasoned that

6   access to Apple's market surveys could give competitors a "head-start" and provide them with

7   "an enormous benefit—to Apple's detriment."  *Id.* at *11.  The confidentiality of this market

8   research and the competitive harm to Apple if the research is unsealed were explained in the

9   Declarations of Greg Joswiak filed in this and the 1846 case.  (Dkt. No. 442; Case No. 11-cv-

10  01846, Dkt. No. 1496.)  Mr. Joswiak explained that no competitor has access to these studies, and

11  such access would be enormously beneficial because a competitor trying to take away market

12  share from Apple would know the value of certain attributes to those customers.  This, among

13  other uses of the data, would cause significant competitive harm to Apple.  ( Case No. 11-cv-

14  01846, Dkt. No. 1496 at 1-2.)  For these reasons, Exhibits 11 and 12 to the Fazio Declaration

15  should be sealed.

16  **IDC Studies**

17     21.     Exhibit 18 to the Fazio Declaration consists of extensive, highly detailed data from

18  third party IDC.

19     22.     As both Apple and IDC have stated to the Court in the past in both this and the

20  1846 case, disclosure of IDC's material would severely harm IDC, and Apple's relationship with

21  IDC, as public release of detailed information from IDC reports that cost thousands of dollars

22  would supplant the market for those reports.  (Case No. 11-cv-01846, Dkt. No. 2392 ¶ 9, 1408-2.)

23  IDC also filed a detailed declaration in the 1846 case explaining how public disclosures of its

24  market research data would materially and adversely impact IDC's commercial interests,

25  including by damaging the market for these reports and providing a windfall to IDC's

26  competitors.  (1846 Dkt. No. 2204-1.) The Court sealed in the 1846 case trial exhibits that

27  consisted of extensive market research data from nonparty IDC.  (1846 Dkt. No. 1649 at 10.)  For

28  these reasons, Exhibit 18 to the Fazio Declaration should be sealed.

**Confidential Negotiation Documents**

23.     Exhibit 36 to the Fazio Declaration consists of a series of negotiation correspondence between Apple and Samsung, and should be sealed except for pages 478.020 and 4780.021, which are already public.  The other portions of Exhibit 36 contain confidential information relating to negotiations between Apple and Samsung.  These negotiations were conducted under and NDA and these documents reflect Apple's highly confidential negotiation strategies and the potential licensing terms considered by both Apple and Samsung. For the reasons stated in the Declaration of Erica Tierney in Support of Apple's Corrected Renewed Motion to Seal (Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 2250-1 at 6-7)), disclosing the existence and outcome of Apple's negotiations with Samsung, as well as the terms that Apple considered and responded to during such negotiations, would put Apple at a significant disadvantage in the negotiation of future patent licenses. The Court has previously allowed Apple to seal "pricing terms, royalty rates, and minimum payment terms of the [third party] licensing agreements." *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al*., Case No. 11-cv-01846 (August 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)).  The Court noted that disclosure of such information "could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an uneven bargaining position in future negotiations." *Id*. at 16.  Recognizing that a similar rational applies to negotiations between Apple and Samsung, this Court has previously allowed the parties to seal information "relat[ing] to unconsummated, confidential licensing negotiations between Apple and Samsung." (Dkt. 1347 at 2.)

**Confidential Business Strategy and Cost Information**

24.     Exhibit 37 to the Fazio Declaration consists of a voluminous compilation exhibit that includes extensive and pervasive discussion of Apple's component costs; estimates of Samsung's component costs based on Apple's component costs, comparisons of particular components, many of which are driven by cost considerations; discussion of which components likely have similar costs to Apple's costs; culminating in an email with current and future business analysis and strategy discussions.  As Apple explained in the Declaration of Mark

1   Buckley, a Finance Manager at Apple, cost information would give competitors a substantial

2   advantage over Apple as competitors could tailor offerings and pricing to undercut Apple and

3   determine exactly what price level would make a given product unprofitable to Apple.  (Dkt. No.

4   685-1 at 3.)  Suppliers with cost data could alter Apple's price on components.  (*Id.* at 3-5.)  This

5   is the type of information the Federal Circuit confirmed is properly sealed and would be harmful

6   to Apple if exposed.  *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013).

7   This document also reveals what components Apple is evaluating and comparing with an eye

8   towards costs, which gives similar insight and poses similar risks as the costs numbers

9   themselves.  As for analysis of the components of competitive concern to Apple, as well as the

10  business analysis and strategy discussions, as the Court has previously held, Apple's "analysis

11  and strategy for *future* corporate plans have the potential to cause considerable competitive harm

12  to Apple if publically disclosed."  (1846 Dkt. No. 1649 at 7-8, granting sealing of "documents

13  which contain confidential financial data as well as analysis and strategy discussions based on

14  that data.")  Apple therefore requests that the Court seal this document in full.

15  **Confidential Privacy Information**

16       25.     Columns C and D of pages 1-31 of Exhibit 37 to the Fazio Declaration also list the

17  names and employee ID numbers of employees, neither of which are relevant to the exhibit or

18  helpful to the public's understanding of the case.  Apple seeks to maintain the privacy interests of

19  these employees, and thus seeks to seal their identities and ID numbers.  The public has no

20  justifiable interest in this information, which is not needed to understand the exhibit.  This is

21  therefore an independent reason to seal columns C and D of pages 1-31.

22       26.     Apple is serving on Samsung a highlighted version of Samsung's Opposition and

23  Exhibits 3, 19, and 36 to the Fazio Declaration identifying the portions of those documents which

24  Apple is supporting sealing.   Apple understands that Samsung will file a conformed copy of

25  these documents with the Court identifying what information Apple, Samsung and any third

26  parties have supported sealing in their declarations.

27

28

DECLARATION OF PETER J. KOLOVOS IN SUPPORT OF SAMSUNG'S ADMIN. MOT. TO FILE UNDER SEAL
CASE NO.12-cv-00630-LHK (PSG)

7

1    27.    The relief requested by Apple is necessary and narrowly tailored to protect

2  confidential Apple and third party information.

3

4    I declare under penalty of perjury that the foregoing is true and correct.  Executed this 3rd

5  day of March, 2014 at Boston, Massachusetts.

6                                             /s/ Peter Kolovos
                                             Peter Kolovos
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that a true and correct copy of the above and foregoing document has been

3

served on March 3, 2014 to all counsel of record who are deemed to have consented to electronic

4

service via the Court's ECF system per Civil Local Rule 5-1.

5

6

/s/ Mark D. Selwyn
Mark D. Selwyn

7

8

**ATTESTATION OF E-FILED SIGNATURE**

9

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this

10

Declaration.  In compliance with General Order 45 X.B., I hereby attest that Peter J. Kolovos has

11

concurred in this filing.

12

Dated:  March 3, 2014

*/s/ Mark D. Selwyn*
Mark D. Selwyn

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF PETER J. KOLOVOS IN SUPPORT OF SAMSUNG'S ADMIN. MOT. TO FILE UNDER SEAL
CASE NO.12-cv-00630-LHK (PSG)

9