MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO, LOS ANGELES, PALO ALTO, SACRAMENTO, SAN DIEGO, DENVER, NORTHERN VIRGINIA, WASHINGTON, D.C.

TOKYO, LONDON, BERLIN, BRUSSELS, BEIJING, SHANGHAI, HONG KONG, SINGAPORE

March 3, 2014

Writer's Direct Contact
+1 (415) 268.7178
RKrevans@mofo.com

Via ECF System

The Honorable Lucy H. Koh
United States District Judge
United States District Court for the Northern District of California
280 South First Street
San Jose, CA 95113

Re: Apple v. Samsung, Case No. 12-cv-0630-LHK, Pretrial Conference set for March 5, 2014

Dear Judge Koh:

While preparing for the pretrial conference, Apple identified two issues concerning Samsung's infringement of the '172 patent that should be added to Apple's statement of issues regarding its claims against Samsung in the Joint Pretrial Statement and Proposed Order.

First, it appears that there is an issue regarding infringement of the'172 Patent by the Galaxy S II Skyrocket ("Skyrocket"), which was not included in the list of '172 Accused Products identified in the January 21, 2014, Summary Judgment Order. (*See* Dkt. 1151 (MSJ Order) at 9:20-25.) It appears the Order omitted the Skyrocket because Apple, while including the Skyrocket in the relevant exhibit, inadvertently omitted it from footnote one of Apple's summary judgment brief. The Court then referred to footnote one when identifying the '172 products accused of infringing in its Order. (*Id.*) However, there is no actual dispute about the Skyrocket's infringement. The Skyrocket was identified as a '172 Accused Product in Dr. Cockburn's report, which was attached as an exhibit to Dr. Cockburn's declaration submitted with Apple's Rule 56 motion. (*See* Dkt. 803-7 ¶¶ 17-18, 22.) The Skyrocket uses the same Google keyboard as the Galaxy Nexus, which was discussed in the Order. (*Id.* ¶¶ 17, 386; *see also* Dkt. 1151 at 10-11 (Order discussing Galaxy Nexus and observing that "in [Dr. Cockburn's] opinion the '172 Accused Products all infringe claim 18 of the '172 Patent in the same way").) Dr. Wigdor, Samsung's expert, did not identify any unique non-infringement argument related to the Skyrocket. To the contrary, he agreed at his deposition that the following was his only basis for non-infringement for all products: "To be clear, it is my opinion that the claim requires a physical keyboard, and those [Samsung devices] don't

have a physical keyboard and therefore don't infringe. There are no other bases for my opinion." (Dkt. 803-11, Ex. A-2 (Wigdor Dep.) at 107:17-108:14. The Court rejected that argument and the rejection applies equally to the Skyrocket.

Second, it appears that there is an issue as to which Samsung entities have infringed the '172 patent. The Court's Order concludes that Samsung's products infringe but does not identify which Samsung entities infringe. It is undisputed that Samsung Telecommunications America, LLC ("STA") sells each of the '172 Infringing Products, including the Skyrocket, to carriers and other customers in the United States. (*See* PX160 (Samsung's U.S. Sales Data and Financial Spreadsheet).) However, Samsung may dispute whether Samsung Electronics Company, Ltd. ("SEC") also sells the products in the United States.

Apple has asked Samsung to stipulate and agree, without waiving any future appeal or challenge to the Summary Judgment Order, that STA infringes the '172 Patent by sale of all the '172 Accused Products, including the Skyrocket, and that SEC will be jointly and severally liable for any damages awarded by the jury for Samsung's infringement of the '172 Patent. The parties are still discussing whether a stipulation may resolve some or all of these issues, but in light of Wednesday's pretrial conference, Apple submits this letter now to inform the Court of the issues and to provide the Court with updated pretrial filings taking the foregoing issues into account. Specifically, Apple has provided an updated Joint Pretrial Statement and Proposed Order to include the following additional questions of fact, and a modified version of Apple's proposed verdict form to include the same:

1. Whether Samsung's Galaxy S II Skyrocket, like the other '172 Accused Products identified in the Court's January 21, 2014 Summary Judgment Order, infringes Claim 18 of the '172 patent; and

2. Whether STA and/or SEC has made, used, sold, offered for sale, or imported within the United States the Galaxy SII Skyrocket and each of the following products that the Court found to infringe the '172 patent: Admire, Galaxy Nexus, Galaxy Note, Galaxy S II, Galaxy S II Epic 4G Touch, and Stratosphere.

Apple has attached updated versions of the Joint Pretrial Statement and Proposed Order and Apple's proposed verdict form with the changes highlighted for benefit of the Court.

Apple's proposed modifications to the Joint Pretrial Statement and Proposed Order are consistent with Rule 16, which imposes requirements on "modify[ing] the order issued after a final pretrial conference," but does not restrict a party's modifications to a Joint Pretrial Statement and Proposed Order before entry of such an order. Fed. R. Civ. P. 16(e). There is no prejudice to Samsung in adding these matters to the questions of fact regarding Apple's claims and to the verdict form. For the reasons explained above, there is no dispute that the Skyrocket infringes the '172 patent. Further, which entity sells which products in the United

States will be a necessary element of proof with regard to Apple's other patent claims, and Samsung has admitted that STA sells the '172 Accused Products in the United States.

Apple will be prepared to discuss and resolve the logistics of these changes at the pretrial conference on Wednesday.

Respectfully submitted,

***/s/ Rachel Krevans***

Rachel Krevans

Attachments