RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
XAVIER M. BRANDWAJN (Ca. Bar No. 246218)
Xavier.brandwajn@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:     650-838-2000
Facsimile:     650-838-2001

Attorneys for Non-Party
NOKIA CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: Case No.: 12-CV-00630-LHK (PSG)<br><br>**DECLARATION OF RYAN W. KOPPELMAN IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO SEAL** |

I, Ryan W. Koppelman, declare as follows:

1. I am an attorney with the law firm of Alston & Bird LLP, counsel for Nokia Corporation in the above-captioned action currently pending in the U.S. District Court for the Northern District of California. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify thereto.

2. Pursuant to Civil Rule 79-5(e), I am filing this declaration on behalf of Nokia in support of Apple Inc.'s Motion to Seal Docket Number 806-06 (an exhibit filed in support of Apple's Motion to Exclude Samsung's Expert Testimony) and any related correspondence and pleadings to the Court regarding that document.

3. On February 11, 2014, I was informed by Jennifer Rho and Josh Krevitt of Gibson, Dunn & Crutcher LLP, counsel for Apple, that Docket Number 806-06 was filed on October 10, 2013, and that page 11 of that document contains confidential terms of the patent license agreement between Apple and Nokia that were inadvertently not redacted from the public version filed.

4. On February 13, 2014, I received an email from Ms. Rho, informing me that, on February 11, Apple had also filed under seal letters to Magistrate Judge Paul Grewal notifying him of Apple's discovery of the inadvertently missing redactions of page 11 of Docket Number 806-06. Ms. Rho's email also stated that Apple requested that the Court seal those letters and Apple's sealing declaration on the basis that if they were made public, they would potentially provide information regarding where the confidential information relating to Apple license agreements could be located.

5. Nokia supports the sealing of Docket 806-06 and of any submissions relating to that document, for at least the reasons stated by Apple. This declaration and all briefing regarding Docket Number 806-06 should be sealed because the public disclosure of any identifying details about that document, including its docket number, would allow someone not otherwise authorized to view confidential Apple and Nokia information to locate and focus on that information among all other filings in the Apple-Samsung cases. Nokia also considers the information in page 11 of Docket Number 806-06 confidential. That page discusses specific confidential terms of the 2011 "Patent License Agreement" entered into by Apple and Nokia and provides information that could be used to determine such license

terms. Nokia considers its licensing terms highly confidential because this information is not disclosed publicly or to any third party except under strict confidentiality agreements, and these redactions are necessary to avoid causing serious harm to Nokia (*see Apple v. Samsung*, Case No.:11-CV-01846-LHK, Dkt. No. 2254 at ¶ 4). The Court, moreover, has previously found that non-public licensing terms are sealable (*see* 11-CV-01846-LHK, Dkt. No. 1649 at 7, 10-11).

6. In addition, Nokia-Apple confidential licensing terms are consistently designated as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" pursuant to the Protective Order entered in this case.

7. For the foregoing reasons, Nokia requests that Apple's Administrative Motion be granted with respect to the above cited document.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

Executed this 18th day of February, 2014, in Menlo Park, California.

    /s/ Ryan W. Koppelman
Ryan W. Koppelman
ryan.koppeman@alston.com
(Ca. Bar No. 290704)
**ALSTON & BIRD LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:    650-838-2000
Facsimile:    650-838-2001

*Attorneys for Non-Party NOKIA CORPORATION*