RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
XAVIER M. BRANDWAJN (Ca. Bar No. 246218)
Xavier.brandwajn@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:    650-838-2000
Facsimile:    650-838-2001

Attorneys for Non-Party
NOKIA CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | Case No.: 12-CV-00630-LHK (PSG)<br><br>**DECLARATION OF RYAN W. KOPPELMAN IN SUPPORT OF APPLE'S AND SAMSUNG'S ADMINISTRATIVE MOTIONS TO SEAL [DKT. NOS. 1278, 1280, 1289]** |

/ / /

/ / /

/ / /

/ / /

/ / /

---

DECLARATION OF RYAN KOPPELMAN ISO NOKIA'S
ADMINISTRATIVE MOTION TO FILE DOCUMENT UNDER SEAL

CASE NO.: 12-CV-00630-LHK (PSG)

I, Ryan W. Koppelman, declare as follows:

1. I am an attorney with the law firm of Alston & Bird LLP, counsel for Nokia Corporation ("Nokia") in the above-captioned action currently pending in the U.S. District Court for the Northern District of California. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify thereto.

2. Pursuant to Civil Rule 79-5(e) and the "Stipulation and [Proposed] Order Regarding January 29, 2014 Order (Dkt. No. 2935)" filed on February 19, 2014 as Docket Number 2968 in *Apple v. Samsung*, Case No. 11-CV-01846-LHK(PSG), I am filing this declaration on behalf of Nokia in support of the following motions to seal filed by Apple and Samsung in the above-captioned action:

   a. "Apple's Administrative Motion to File Documents Under Seal," filed on February 18, 2014 (Dkt. No. 1278) ("Apple's February 18 Motion to Seal");

   b. "Samsung's Administrative Motion to File Documents Under Seal Relating to Samsung's Opposition to Apple's Motion to Seal Docket Entries 1258-2 and 1258-3," filed on February 18, 2014 (Dkt. No. 1280) ("Samsung's Motion to Seal"), which states that the documents sought to be sealed include information that Nokia may consider confidential; and

   c. "Apple's Administrative Motion to File Documents Under Seal," filed on February 19, 2014 (Dkt. No. 1289) ("Apple's February 19 Motion to Seal").

3. I received unredacted copies of Apple's February 18 Motion to Seal papers on February 22, 2014. To my knowledge, I have not yet received proposed redactions to those papers, however.

4. I received unredacted copies of Samsung's Motion to Seal papers by email on February 18, 2014. On February 20, 2014, I received by email Samsung's proposed redactions to Samsung's Motion to Seal papers, prepared for Nokia's review.

5. I have not yet received unredacted copies of Apple's February 19 Motion to Seal papers on February 19, 2014. To my knowledge, I have not yet received proposed redactions to those papers, either. Based on my discussions with Apple's counsel, however, my understanding is

1  that the documents sought to be sealed by Apple's February 19 Motion to Seal papers on February
2  19, 2014 relate to the same confidential information addressed by Apple's February 18 Motion to
3  Seal and Samsung's Motion to Seal.  Accordingly, this declaration supports all three motions to seal
4  together.

5        6.     Apple's February 18 Motion to Seal, Samsung's Motion to Seal, and Apple's
6  February 19 Motion to Seal all address the sealing of recent submissions to the Court related to the
7  removal from the public docket of Apple and Nokia confidential information that was contained in
8  an improperly redacted document (Dkt. No. 806-06, at page 11) that has now been locked and that
9  Apple has separately moved to withdraw from the docket.  Information about that document, if made
10 public, would inform the public where confidential information could be located relating to Apple-
11 Nokia licensing terms.

12       7.     Nokia supports the sealing of the documents that are the subject of Apple's February
13 18 Motion to Seal, Samsung's Motion to Seal, and Apple's February 19 Motion to Seal.  Those
14 documents should be sealed to the extent they address or disclose information contained in page 11
15 of Docket Number 806-06 because the public disclosure of any identifying details about that Docket
16 Number 806-06—including but not limited to its docket number, any description of the information
17 contained therein, and any party's arguments regarding the effect of the public disclosure of that
18 information on issues in dispute—would allow persons not otherwise authorized to view confidential
19 Apple and Nokia information to locate and focus on that information among all other filings in the
20 Apple-Samsung cases, to the extent such persons have copies of Docket Number 806-06 before
21 access to that document was locked by the Court.  Those documents should thus be sealed for at least
22 the reasons stated by Apple in the Rho Sealing Declarations filed on February 18 and 19.

23       8.     Nokia considers the information in page 11 of Docket Number 806-06, which is
24 addressed in Apple's February 18 Motion to Seal, Samsung's Motion to Seal, and Apple's February
25 19 Motion to Seal, confidential.  That page discusses specific confidential terms of the 2011 "Patent
26 License Agreement" entered into by Apple and Nokia and provides information that could be used to
27 determine such license terms.  Nokia considers its licensing terms highly confidential because this
28 information is not disclosed publicly or to any third party except under strict confidentiality

agreements, and these redactions are necessary to avoid causing serious harm to Nokia (*see Apple v. Samsung*, Case No. 11-CV-01846-LHK(PSG), Dkt. No. 2254 at ¶ 4).  In addition, Nokia-Apple confidential licensing terms are consistently designated as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" pursuant to the Protective Order entered in this case.  The Court, moreover, has previously found that non-public licensing terms are sealable (*see id.*, Dkt. No. 1649 at 7, 10-11).

9. For the foregoing reasons, Nokia requests that Apple's February 18 Motion to Seal, Samsung's Motion to Seal, and Apple's February 19 Motion to Seal be granted.

10. Pursuant to the Stipulation and [Proposed] Order Regarding January 29, 2014 Order (Dkt. No. 2935)" filed on February 19, 2014 (*Apple v. Samsung*, Case No. 11-CV-01846-LHK(PSG), Dkt. No. 2968), Nokia's counsel is currently working with counsel for Apple and Samsung to agree on redactions to the documents that are the subject of Apple's February 18 Motion to Seal, Samsung's Motion to Seal, and Apple's February 19 Motion to Seal so that redacted versions of those sealed documents may be timely filed in the public docket.  Nokia reserves its rights to file its own motion to seal additional portions of the documents that are the subject of Apple's and Samsung's Motions to Seal if Nokia and the parties are not able to reach agreement on the appropriate redactions to those documents.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

Executed this 24th day of February, 2014, in Menlo Park, California.

  /s/ *Ryan W. Koppelman*
Ryan W. Koppelman
ryan.koppeman@alston.com
(Ca. Bar No. 290704)
**ALSTON & BIRD LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:     650-838-2000
Facsimile:      650-838-2001

*Attorneys for Non-Party NOKIA CORPORATION*