JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone:  (650) 849-5300
Facsimile:  (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF PETER J. KOLOVOS IN SUPPORT OF SAMSUNG'S AND APPLE'S ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

I, Peter J. Kolovos, hereby declare as follows:

1.      I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned litigation.  I am licensed to practice law in the Commonwealth of Massachusetts, and have been admitted *pro hac vice* in this action.  I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2.      On February 18, 2014, Samsung filed a Motion to Seal (Dkt. 1280) its Opposition to Apple's Motion to Seal Docket Entries 1258-2 and 1258-3 ("Samsung's Opposition"), the Declaration of Robert J. Becher in Support of Samsung's Opposition ("Becher Declaration"), and Exhibit 1 to the Becher Declaration ("Becher Declaration Exhibit").

3.      Apple supports sealing portions of Samsung's Opposition because those portions, if made public, would potentially provide information regarding where confidential information could be located relating to two Apple license agreements.  This confidential information was contained in an improperly redacted document that has now been locked and that Apple has separately moved to withdraw from the docket.  Thus, the information could provide notice to the public as to where to locate highly confidential licensing information of Apple and the two third parties with whom Apple made such licensing agreements.  I understand that both Apple and the third parties in question deem the information at issue in this document to be highly confidential, and maintain a claim of confidentiality over such licensing information.  *See, e.g.*, D.I. 1282, 1315; *see also* D.I. 824 (Declaration of Casey McCracken supporting sealing of the information contained within the document at issue).

4.      Apple supports sealing portions of the Becher Declaration because those portions, if made public, would potentially provide information regarding where confidential information could be located relating to two Apple license agreements.  This confidential information was contained in an improperly redacted document that has now been locked and that Apple has separately moved to withdraw from the docket.  Thus, the information could provide notice to the public as to where to locate highly confidential licensing information of Apple and the two

third parties with whom Apple made such licensing agreements. I understand that both Apple and the third parties in question deem the information at issue in this document to be highly confidential, and maintain a claim of confidentiality over such licensing information. *See, e.g.*, D.I. 1282, 1315; *see also* D.I. 824 (Declaration of Casey McCracken supporting sealing of the information contained within the document at issue).

5. Apple supports sealing the Becher Declaration Exhibit because, if made public, it would potentially provide information regarding where confidential information could be located relating to two Apple license agreements. This confidential information was contained in an improperly redacted document that has now been locked and that Apple has separately moved to withdraw from the docket. Thus, the information could provide notice to the public as to where to locate highly confidential licensing information of Apple and the two third parties with whom Apple made such licensing agreements. I understand that both Apple and the third parties in question deem the information at issue in this document to be highly confidential, and maintain a claim of confidentiality over such licensing information. *See, e.g.*, D.I. 1282, 1315; *see also* D.I. 824 (Declaration of Casey McCracken supporting sealing of the information contained within the document at issue).

6. Since the docket clearly identifies which document was recently locked, Apple supports sealing paragraphs 3-6 of this declaration for the same reasons.

7. Apple is serving on Samsung highlighted versions of Samsung's Opposition and the Becher Declaration identifying the portions of those documents which Apple is supporting sealing. Apple understands that Samsung will file a conformed copy of these documents with the Court identifying what information Apple, Samsung and any third parties have supported sealing in their declarations. (*See* Dkt. 1290 at 3:1-4.)

8. The relief requested by Apple is necessary and narrowly tailored to protect confidential Apple and third party information.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge and that this Declaration was executed this 24th day of February, 2014, in Boston, Massachusetts.

Dated: February 24, 2014             */s/ Peter J. Kolovos*
                                                      Peter J. Kolovos

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on February 24, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark D. Selwyn
Mark D. Selwyn

**ATTESTATION OF E-FILED SIGNATURE**

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45 X.B., I hereby attest that Peter J. Kolovos has concurred in this filing.

Dated: February 24, 2014

*/s/ Mark D. Selwyn*
Mark D. Selwyn