DAVID S. BLOCH (SBN: 184530)
dbloch@winston.com
JENNIFER A. GOLINVEAUX (SBN: 203056)
jgolinveaux@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   (415) 591-1000
Facsimile:    (415) 591-1400

PETER J. CHASSMAN (*pro hac vice* application filed concurrently herewith)
pchassman@winston.com
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX  77002-5242
Telephone:   (713) 651-2623
Facsimile:    (713) 651-2700

Attorneys for Non-Party,
MOTOROLA MOBILITY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Counterclaim-Plaintiff, | CASE NO. 12-CV-00630-LHK<br><br>**DECLARATION OF PETER J. CHASSMAN ON BEHALF OF MOTOROLA MOBILITY IN SUPPORT OF SAMSUNG'S AND APPLE'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL [DOCKET NOS. 1240, 1244]** |

1
2      v.
3   APPLE INC., a California corporation,
4           Counterclaim-Defendant.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, Peter J. Chassman, declare under 28 U.S.C. § 1746:

1. I am a partner at the law firm of Winston & Strawn, LLP, and serve as outside counsel for non-party, Motorola Mobility, LLC. ("Motorola") in connection with the above-captioned case. I submit this declaration in support of Samsung's Administrative Motion to File Under Seal (Dkt. No. 1240) and Apple's Administrative Motion to File Under Seal (Dkt. No. 1244). I have personal knowledge of the following facts, and would competently testify to them if called upon to do so.

### APPLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS MOTION TO EXCLUDE CERTAIN SAMSUNG EXPERT TESTIMONY

2. On February 5, 2014, Apple Inc. ("Apple") filed an Amended Administrative Motion to File Documents Under Seal (Dkt. No. 1244), which sought to protect information designated as confidential by non-party Motorola and discussed in Exhibits to the Declaration of Casey McCracken In Support of Apple's Motion to Exclude Certain Samsung Expert Testimony (Dkt. No. 1244, Attachment 3). That Motion did not identify Motorola as a non-party that had designated information as confidential, and I was first informed that confidential Motorola information might be implicated by the Motion on February 25, 2014 and was provided with such information by Apple's counsel on February 27, 2014. It has taken since that time to prepare the present declaration so as to present its contents fully and accurately. Accordingly, pursuant to Civil L.R. 79-5(e), non-party Motorola submits this Declaration in support of Apple's Amended Administrative Motion to File Documents Under Seal (Dkt. No. 1244), to the extent Apple's supporting documents reference non-party Motorola's highly confidential or proprietary business information.

3. Specifically, counsel for Apple has provided to Motorola a redacted version (redactions received in black color) of Exhibit A-1 to the McCracken Declaration (Dkt. No. 1244, Attachment 3, at Chevalier Ex. 69 (page 1 of 9) and Ex. 71 (pages 5 and 9 of 17). A copy of that redacted document as proposed to be further redacted by Motorola in red color, as discussed further below herein, is lodged as Exhibit 1 to this declaration. The unredacted portion of page 1 of Chevalier Exhibit 69 provided to Motorola includes a heading description and reveals row "2"

1  of a table, and the unredacted portion pages 5 and 9 of Chevalier Exhibit 71 also includes a
2  heading description and reveals rows 9, 10 and 19 of another table.  The unredacted portions of
3  the foregoing exhibits reveal the existence and terms, including financial terms and scope of
4  patent license agreements between Motorola, Inc. (a former related entity to Motorola Mobility,
5  LLC and predecessor in certain contractual regards) and other parties.  The foregoing information
6  was designated as HIGHLY CONFIDENTIAL under the protective order governing
7  confidentiality in this action (Dkt. No. 171).

8      4.    Accordingly, Apple has sought to seal these portions of Exhibit A-1 to the
9  McCracken Declaration (Dkt. No. 1244, Attachment 3, at Chevalier Ex. 69, p. 1 and Ex. 71, pp.
10 5, 9), due to their confidential nature, and Motorola not only supports Apple's request to seal but
11 also, hereby, seeks to seal the portions of Exhibit A-1 to the McCracken Declaration (Dkt. No.
12 1244) Chevalier Ex. 69, p. 1, row 2 and Chevalier Ex. 71, pp. 5, 9, rows 9, 10, and 19 as proposed
13 for redaction (in Exhibit 1 to this declaration) in red as well, because the terms of Motorola's
14 patent license agreements, even those that have expired, are highly confidential and because their
15 disclosure could provide others with an improper disadvantage in their patent licensing
16 negotiations with Motorola.  In the previous litigation between Apple and Samsung before this
17 Court, Motorola explained to the Court why the terms of Motorola's license agreements are so
18 highly confidential and why their disclosure could be damaging to Motorola.  *See* Emergency
19 Motion by Nonparty Motorola Mobility LLC to Seal Exhibits, Close Courtroom, and Seal
20 Portions of Transcript, *Apple, Inc. v. Samsung Electronics Co., Ltd. et al.*, Case No. 11-CV-01846
21 (N.D. Cal.) (Dkt. No. 1400) and Declaration of Thomas V. Miller filed in support thereof (Dkt.
22 No. 1400-1).

23     5.    This Court and the Federal Circuit have previously ruled that the public interest in
24 a case does not outweigh the potential harm to a party (such as Motorola) of public disclosure of
25 such highly confidential information, including the terms of confidential patent license
26 agreements.  *See Apple, Inc. v. Samsung Electronics Co., Ltd. et al.*, Case No. 11-CV-01846
27 (N.D. Cal.) (Dkt. No. 2397) (Sept. 11, 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013
28 WL 4487610 at *2-3 (Fed. Cir. 2013).

6. The relief requested with regard to sealing the foregoing portion of Exhibit M is necessary and narrowly tailored to protect Motorola's highly confidential information.

### SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS MOTION TO EXCLUDE OPINIONS OF CERTAIN OF APPLE'S EXPERTS

7. On February 5, 2014, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") filed a Notice of Samsung's Filing of Revised Highlighted Versions of Documents Sought to Be Sealed in Connection With Parties' *Daubert* Motions (Dkt. No. 1240), which sought to protect information designated as confidential by non-party Motorola and discussed in Exhibits to the Declaration of Michael L. Fazio In Support of Samsung's Motion to Exclude Opinions of Certain of Apple's Experts ("Fazio Declaration").  That Motion did not identify Motorola as a non-party that had designated information as confidential, and Motorola received notice that confidential Motorola information was implicated by the Motion after the Motion was filed in early February 2014, although the issue was not brought to my attention until February 25, 2014.  It has taken since that time to prepare the present declaration so as to present its contents fully and accurately.  Accordingly, pursuant to Civil L.R. 79-5(e), non-party Motorola submits this Declaration in support of Samsung's Administrative Motion to File Documents Under Seal (Dkt. No. 802), and Samsung's Notice of Samsung's Filing of Revised Highlighted Versions of Documents Sought to Be Sealed in Connection With Parties' *Daubert* Motions (Dkt. No. 1240), to the extent Samsung's supporting documents reference non-party Motorola's highly confidential or proprietary business information.

8. Specifically, counsel for Samsung provided to Motorola a redacted version (redactions apparently provided in white color) of Exhibit M to the Fazio Declaration (Dkt. No. 1240, Attachment 5), disclosing the cover page and two sentences of footnote 695 on page 175 of that exhibit.  A copy of that redacted document showing redactions further proposed to be redacted in red color is lodged as Exhibit 2 to this declaration.  The two unredacted sentences (as provided to Motorola) in footnote 695 disclose the existence and certain terms of a patent license agreement between Motorola and a party to this action.  The foregoing information was

designated as HIGHLY CONFIDENTIAL under the protective order governing confidentiality in this action (Dkt. No. 171).

9. Accordingly, Samsung has sought to seal this exhibit, due to its confidential nature, and Motorola not only supports Samsung's request to seal but also, hereby, seeks to seal Exhibit M to the Fazio Declaration (Dkt. No. 1240, Attachment 5) at p. 175, footnote 695 as proposed for redaction in red (in Exhibit 2 to this declaration) as well because the terms of Motorola's patent license agreements, even those that have expired, are highly confidential and because their disclosure could provide others with an improper disadvantage in their patent licensing negotiations with Motorola. In the previous litigation between Apple and Samsung before this Court, Motorola explained to the Court why the terms of Motorola's license agreements are so highly confidential and why their disclosure could be damaging to Motorola. *See* Emergency Motion by Nonparty Motorola Mobility LLC to Seal Exhibits, Close Courtroom, and Seal Portions of Transcript, *Apple, Inc. v. Samsung Electronics Co., Ltd. et al.*, Case No. 11-CV-01846 (N.D. Cal.) (Dkt. No. 1400) and Declaration of Thomas V. Miller filed in support thereof (Dkt. No. 1400-1).

10. This Court and the Federal Circuit have previously ruled that the public interest in a case does not outweigh the potential harm to a party (such as Motorola) of public disclosure of such highly confidential information, including the terms of confidential patent license agreements. *See Apple, Inc. v. Samsung Electronics Co., Ltd. et al.*, Case No. 11-CV-01846 (N.D. Cal.) (Dkt. No. 2397) (Sept. 11, 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *2-3 (Fed. Cir. 2013).

11. The relief requested with regard to sealing the foregoing portion of Exhibit M is necessary and narrowly tailored to protect Motorola's highly confidential information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 5, 2014, in Houston, Texas.

By *Peter J. Chassman*
Peter J. Chassman