**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE, INC., a California corporation, | ) | Case No.: 12-CV-00630-LHK |
| | ) | |
| Plaintiff and Counterdefendant, | ) | CASE MANAGEMENT ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| | ) | |
| Defendants and Counterclaimants. | ) ) | |

Clerk:  Martha Parker Brown        Plaintiff's Attorneys:  Mark Selwyn, Rachel Krevans, Bill
Reporter:  Lee-Anne Shortridge     Lee, Kevin Prussia, Nathan Sabri, Erik Olson, James Bennett
                                   Defendants' Attorneys:  Kevin Johnson, Victoria Maroulis,
                                   Sean Pak, Scott Watson, John Quinn

A pretrial conference was held on March 5, 2014.

At the pretrial conference, the Court made the following rulings on the record:

- For the reasons stated on the record, and balancing the appropriate factors under Federal Rule of Evidence 403, Apple's motions in limine, ECF No. 1281-3, were GRANTED IN PART and DENIED IN PART. Specifically:

    o Upon further reflection, Apple's motion in limine #1 to exclude Samsung's 22 compilation exhibits is DENIED as to all exhibits. Both parties have created alleged compilation exhibits that combine voluminous and different

1

Case No.: 12-CV-00630-LHK
CASE MANAGEMENT ORDER

kinds of documents from different sources into one exhibit. The Court permissively allowed such exhibits in 11-CV-1846. *See* ECF No. 1512, Case No. 11-CV-1846 at 2 (overruling Samsung's objection to Apple's PX5 and PX6 which were "compilations of summarized media articles"); *id.* at 4 (overruling Samsung's objection to three Apple exhibits which were "compilations which show[ed] iPad advertisements, iPhone advertisements, and television programs" and one exhibit which was a "series of summarized newspaper articles").[1] The Court will do the same in the instant case.

- o Apple's motion in limine #2 to exclude evidence or argument regarding findings and rulings and events from Apple's lawsuits with other parties is GRANTED IN PART AND DENIED IN PART. The motion is DENIED WITHOUT PREJUDICE with respect to Apple's overly broad request to exclude all references to events and testimony in other cases. The motion is GRANTED with respect to DX 449.

- o Apple's motion in limine #3 to exclude evidence regarding patent reexamination proceedings concerning the '172 and '647 Patents is GRANTED.

- o Apple's motion in limine #4 to exclude "demonstration systems" created by Samsung's experts related to alleged prior art is DENIED.

- o Apple's motion in limine #5 to exclude the Tung Thesis and the Neonode Quick Start Guide is DENIED.

- o Apple's motion in limine #6 to exclude evidence and testimony that a purportedly non-infringing version of Google Quick Search Box has been implemented in any Samsung accused product is GRANTED IN PART AND DENIED IN PART. The motion is DENIED as to the disclosures in Dr. Rinard's rebuttal expert report. The motion is otherwise GRANTED. Apple will be permitted to depose the Google engineer who did the software development of QuickSearch Box 2.7, and if necessary, based on new information learned from that deposition, depose Dr. Rinard.

- o Apple's motion in limine #7 to exclude testimony or evidence regarding design-around times by Samsung is DENIED.

- For the reasons stated on the record, and balancing the appropriate factors under Federal Rule of Evidence 403, Samsung's motions in limine, ECF No. 1283-3, were GRANTED IN PART and DENIED IN PART. Specifically:

    - o Samsung's motion in limine #1 to exclude evidence of subjective willfulness is DENIED WITHOUT PREJUDICE.

---

[1] Contrary to Apple's representation at the hearing, DX 333 is comprised of excerpts from 11 different documents, not 45 documents.

2
Case No.: 12-CV-00630-LHK
CASE MANAGEMENT ORDER

- o Samsung's motion to supplement motion in limine #2 is GRANTED. As supplemented, motion in limine #2 to exclude evidence that Apple practices the '414, '172, and '959 Patents is GRANTED IN PART AND DENIED IN PART. Apple may present the invention story of these patents, but may not contend that it practices the patents. Apple may not rebut any Samsung contention that Apple products constitute an acceptable non-infringing alternative to the '414, '172, or '959 Patents by contending that Apple practices an unasserted or asserted claim of the '414, '172, or '959 Patents.

    - The Court notes that it gave Apple an opportunity to rebut Samsung's contention that Apple products constitute acceptable non-infringing alternatives by contending that Apple practices unasserted claims of the '414, '172, and '959 Patents so long as Apple was willing to litigate the validity of the unasserted claims either before or during the March 31, 2014 trial. Apple declined the Court's offer.

    - By March 7, 2014, the parties shall file either a stipulation or competing proposals as to how to inform the jury that Apple does not practice the claims of the '414, '172, and '959 Patents.

- o Samsung's motion in limine #3 to exclude evidence of "copying" is DENIED WITHOUT PREJUDICE.

- o Samsung's motion in limine #4 to exclude evidence that Samsung "copied" in connection with the Galaxy Nexus is DENIED WITHOUT PREJUDICE.

- o Samsung's motion in limine #5 to exclude evidence of Samsung's total revenues or profits is GRANTED IN PART AND DENIED IN PART. Apple may ask questions regarding Samsung's total revenues and profits of Dr. Vellturo and Dr. Chevalier. The Court finds that there is substantial probative value to this evidence because the experts' methodologies rely on this evidence in part. However, Apple may not use the total revenue or profits figures in opening statements or closing arguments to compare Apple's requested damages to Samsung's total revenues or profits. The probative value of this type of argument or statement would be minimal because no damages expert in this case espouses such a theory. Furthermore, the prejudicial value of such argument or statement would be high.

- o Samsung's motion in limine #6 to exclude evidence of damages on sales for which Apple has obtained infringer's profits is DENIED.

- o Samsung's motion in limine #7 to exclude evidence that Samsung breached the protective order is GRANTED.

The Court further made the following additional rulings:

- The Court GRANTED a request to increase the parties' time to present evidence to the jury. The parties will be allowed to present 30 hours of evidence per side.

3

Case No.: 12-CV-00630-LHK
CASE MANAGEMENT ORDER

- For the reasons stated on the record, the Court DENIED Samsung's request to bar Apple from arguing at trial that "the term 'thread' in the '414 patent has a meaning inconsistent with Apple's prior representations to this Court." Joint Pre-trial Statement, ECF No. 1336, at 28.

- For the reasons stated on the record, the Court DENIED Samsung's request to bar Apple from arguing that "the term 'heuristic' in the '959 patent requires 'modules.'" Joint Pre-trial Statement, ECF No. 1336, at 29.

- Samsung shall file a five-page motion to strike portions of Dr. Vellturo's supplemental report by March 7, 2014. Apple shall file a five-page opposition by March 11, 2014. Samsung shall file a two-page reply by March 12, 2014.

- By March 7, 2014, Samsung shall file a notice regarding any further case narrowing.

- The parties agreed to limit themselves to 125 slides each for opening statements and closing arguments.

- Regarding post-trial briefing, each side may file one motion for judgment as a matter of law and/or motion for new trial ("post-trial motion"). Any post-trial motions and oppositions to such motions shall be a maximum of forty-five pages. Any replies shall be a maximum of twenty-five pages.

- Each prevailing side may file one motion for a permanent injunction. Any motions for a permanent injunction and oppositions to such motions shall be a maximum of twenty pages. Any replies shall be a maximum of fifteen pages.

- The Court sets the following schedule for briefing on both post-trial motions and permanent injunction motions:
    - Motions due by May 23, 2014
    - Oppositions due by June 6, 2014
    - Replies due by June 13, 2014
    - Hearing on post-trial motions and permanent injunction motions: July 10, 2014, at 1:30 p.m.

In light of the Court's rulings, the case schedule is as follows:

| Scheduled Event | Date |
| --- | --- |
| Jury Trial | March 31, 2014, at 9 a.m. |
| Length of Trial | 14 days |

**IT IS SO ORDERED.**

Dated: March 5, 2014

_____
LUCY H. KOH
United States District Judge

4

Case No.: 12-CV-00630-LHK
CASE MANAGEMENT ORDER