AYUMI NISHINO
a-nishino@ap.jp.nec.com
NEC CORPORATION
Intellectual Property Management Div.,
Licensing Dept.
7-1, Shiba 5-chome, Minato-ku, Tokyo 108-8001 Japan
Phone: +81 3 3798 6989
Fax: +81 3 3798 6394

Attorney for Non-Party
NEC CORPORATION

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California corporation, | |
| Plaintiff, | |
| vs. | Case No. 12-cv-00630-LHK |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **DECLARATION OF AYUMI NISHINO IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (D.I. 1280) AND APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (D.I. 1289)** |
| Defendants. | |

I, Ayumi Nishino, hereby declare as follows:

1. I am an attorney for non-party NEC Corporation ("NEC"). I am licensed to practice law in the State of New York. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2. Pursuant to Civil Rule 79-5(e), I am filing this declaration in support of sealing the following documents on behalf of NEC:

- Samsung's Opposition to Apple's Administrative Motion to Seal Docket Entries 1258-2 and 1258-3 (Dkt. No. 1280-3) ("Samsung Opposition");
- Declaration of Robert J. Becher in support of Samsung's Opposition to Apple's Motion to Seal Docket Entries 1258-2 and 1258-3 (Dkt No. 1280-4) ("Becher Declaration");
- Exhibit 1 to the Declaration of Robert J. Becher in support of Samsung's Opposition to Apple's Motion to Seal Docket Entries 1258-2 and 1258-3 (Dkt. No. 1280-5);
- Declaration of Jennifer Rho in Support of Apple's Administrative Motion to File Documents Under Seal (Dkt. No. 1289-2) ("Rho Declaration"); and
- The February 19, 2014 letter from Josh Krevitt to Judge Grewal (Dkt. No. 1289-3) ("Krevitt Letter").

3. On February 18, 2014, Samsung filed under seal its Opposition to Apple's Administrative Motion to Seal Letters to the Court. (Dkt. No. 1280). NEC supported that Apple Administrative Motion to Seal, as the documents at issue in that motion refer to the inadvertent disclosure of confidential information regarding a license agreement between NEC and Apple ("NEC-Apple License Agreement"). For the reasons discussed below, and in my earlier declaration supporting the Apple Administrative Motion to Seal that Samsung is opposing, NEC supports sealing of Samsung's Opposition to Apple's Administrative Motion to Seal Letters to the Court, with the supporting Becher Declaration and its Exhibit 1, to the extent they provide

notice to the public as to where to locate highly confidential NEC information that was inadvertently filed publicly.

4. On February 19, 2014, Apple filed an "Administrative Motion to File Documents Under Seal" (Dkt. No. 1289).  I understand that concurrently with this motion, Apple filed the Rho Declaration and the Krevitt Letter.  I further understand that each of these documents refers to the inadvertent disclosure of confidential information regarding the NEC-Apple License Agreement.  For reasons discussed below, NEC maintains a claim of confidentiality over information related to the NEC-Apple License Agreement.  Furthermore, NEC supports sealing these documents to the extent they provide notice to the public as to where to locate highly confidential NEC information that was inadvertently filed publicly.

5. Since the docket clearly identifies which document was recently locked, NEC supports sealing this declaration for the same reasons.

6. NEC understands that Apple inadvertently filed a document that disclosed specific, confidential terms of the NEC-Apple License Agreement.  NEC considers its licensing terms, especially the licensing terms in the NEC-Apple License Agreement, highly confidential because this information is not disclosed to the public or to any third party except under strict confidentiality agreements.  Public knowledge of NEC's licensing terms would cause serious harm to NEC in future licensing negotiations with other parties. Therefore, withdrawing this information from the public record is necessary to avoid causing serious harm to NEC.  The Court, moreover, has previously found that non-public licensing terms are sealable. (*See* 11-cv-01846-LHK, Dkt. No. 1649 at 7, 10-11).

7. For the foregoing reasons, NEC requests that Apple's Administrative Motion be granted with respect to the above cited documents.

1  I declare under the penalty of perjury under the laws of the United States of America that
2  the foregoing is true and correct to the best of my knowledge and that this Declaration was
3  executed this 23rd day of February, 2014, in Tokyo, Japan.

Dated:  February 23, 2014                             /s/  Ayumi Nishino

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on February 24, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ H. Mark Lyon
Mark Lyon

**ATTESTATION OF E-FILED SIGNATURE**

I, Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45 X.B., I hereby attest that Ayumi Nishino has concurred in this filing.

Dated: February 24, 2014

/s/ H. Mark Lyon
Mark Lyon