1  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
3  Kevin A. Smith (Bar No. 250814)
   kevinsmith@quinnemanuel.com
4  50 California Street, 22nd Floor
   San Francisco, California 94111
5  Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
6
   Kevin P.B. Johnson (Bar No. 177129)
7  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
8  victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
9  Redwood Shores, California 94065
   Telephone: (650) 801-5000
10 Facsimile: (650) 801-5100

11 William C. Price (Bar No. 108542)
   williamprice@quinnemanuel.com
12 Michael L. Fazio (Bar No. 228601)
   michaelfazio@quinnemanuel.com
13 865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
14 Telephone:  (213) 443-3000
   Facsimile:  (213) 443-3100
15
   Attorneys for SAMSUNG ELECTRONICS
16 CO., LTD., SAMSUNG ELECTRONICS
   AMERICA, INC. and SAMSUNG
17 TELECOMMUNICATIONS AMERICA, LLC

18
                         UNITED STATES DISTRICT COURT
19
             NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
20
   | APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
   |---|---|
   | Plaintiff, | **DECLARATION OF MICHAEL L. FAZIO IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (MOTION TO STRIKE PORTIONS OF DR. VELLTURO'S SUPPLEMENTAL EXPERT REPORT)** |
   | vs. | |
   | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
   | Defendants. | |

I, Michael L. Fazio, declare:

1. I am a member of the State Bar of California, admitted to practice before this Court, and a partner at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. I make this declaration in support of Samsung's Administrative Motion To File Under Seal (Motion To Strike Portions Of Dr. Vellturo's Supplemental Expert Report) (the "Motion to Strike").

3. Samsung moves to file under seal:

- Samsung's Motion To Strike Portions Of Dr. Vellturo's Supplemental Expert Report;
- Declaration of Judith A. Chevalier In Support of Samsung's Motion to Strike;
- Exhibits 1-4 to the Chevalier Declaration; and
- Exhibits 1-4 to the Declaration of Michael L. Fazio In Support of Samsung's Motion to Strike.

4. The Motion to Strike, Chevalier Declaration, Exhibits 1-3 to the Chevalier Declaration, Fazio Declaration, and Exhibits 1-4 to the Fazio Declaration include information Apple may consider confidential.

5. Samsung maintains a claim of confidentiality over the portions of the above-listed documents that are highlighted in green. The green highlighted portions of the Motion to Strike, Chevalier Declaration, Exhibits 1-3 to the Chevalier Declaration, and Exhibits 1-4 to the Fazio Declaration contain: (1) calculations that reveal Samsung's sales data; and (2) calculations that reflect Samsung's per-unit profit, margin and pricing data.

6. I incorporate by reference the previously filed declarations of Daniel W. Shim, Senior Legal Counsel at Samsung Electronics Co., Ltd., in support administrative motions to file under seal that establish that the Samsung-confidential information at issue here is sealable. (*See* Dkt. Nos. 821 (re: Apple's Motion for Summary Judgement), 874 (re: Apple's Opposition to

Samsung's MSJ); *see also* Dkt. Nos. 810, 858, 949, 960 (providing compelling reasons why various categories of Samsung-confidential information should be filed under seal).)

7. I am informed and believed that Samsung considers the information regarding considers the financial data included in these documents to be highly confidential, including detailed information about profits. Samsung does not report the type of data included in these documents to investors, regulatory bodies, the press, or business analysts. This type of information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information. Even within Samsung's finance and accounting groups, such data can only be accessed by certain personnel on a restricted, need-to-know basis. This type of data guides Samsung's pricing, distribution, financial planning, and other business decisions.

8. Samsung's financial data was produced in this case to Apple's outside counsel and experts for the sole purpose of calculating supposed damages and were marked "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. I am informed and believed that Samsung took special precautions when producing detailed financial data.

9. I am informed and believed that Samsung considers the information regarding specific profit data to be far more sensitive and confidential than company-wide financial statements because they can be used to determine the lowest price at which Samsung can profitably sell its products. Armed with that information, a competitor could charge a lower price in an effort to gain market share. Competitors could also use knowledge of Samsung's highest- and lowest-performing product lines to target marketing and advertising efforts.

10. Suppliers could use the same information as leverage to negotiate higher prices for components, and carrier and retail partners would be able to leverage knowledge of Samsung's margins to negotiate lower prices for Samsung's smart phone and tablet products.

11. For the foregoing reasons, Samsung requests that its Administrative Motion to File Under Seal be granted as to the portions highlighted in green in Motion to Strike and accompanying declarations and exhibits for the reasons stated in the aforementioned Shim declarations.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.  Executed on March 7, 2014, at Los Angeles, California.
3
4                                                                         */s/ Michael L. Fazio*
5                                                                           Michael L. Fazio

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28