# EXHIBIT 12

# Redacted Version Of Document Sought To Be Sealed

| | |
|---|---|
| 1 | JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com |
| 2 | H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com |
| 3 | GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road |
| 4 | Palo Alto, California 94304-1211<br>Telephone: (650) 849-5300 |
| 5 | Facsimile: (650) 849-5333 |

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

**Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

APPLE INC., a California corporation,

　　　　　Plaintiff,

　　v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

　　　　　Defendants.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

　　　　　Counterclaim-Plaintiffs,

　　v.

APPLE INC., a California corporation,

　　　　　Counterclaim-Defendant.

Civil Action No. 12-CV-00630-LHK (PSG)

**CORRECTED REBUTTAL EXPERT REPORT OF PROFESSOR ANDREW COCKBURN**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



-97-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

CASE NO. 12-CV-00630-LHK (PSG)
COCKBURN REBUTTAL EXPERT REPORT



### d. Long Felt Need for, and Failed Attempts to Design Around, the Claimed Subject Matter

263. I disagree with Dr. Wigdor's assertion that "the accused Samsung products do not practice the subject matter of the asserted claim and therefore are themselves non-infringing alternatives" (Wigdor at ¶ 535.) as well as his apparent belief that the "'need' for a user-friendly user interface for word corrections . . . was met before Apple arrived at the claimed subject matter of the '172 Patent." (Wigdor at ¶ 538.) While different domains of technology existed, such as the alleged "text correction," "text expansion," and "text completion" domains, as I have explained in greater detail above, those domains were substantially distinct from one another. Moreover, and as I explained during my analysis of each of the references that Dr. Wigdor generically and categorically mentions, the various attempts at addressing the challenges of each of these domains are substantially different from one another. These substantial differences are entirely expected when designing user interfaces due to the fundamental lack of constraints that might otherwise limit the set of

-98-

Highly Confidential – Attorneys' Eyes Only

## XI. CONCLUSION

503. For the foregoing reasons, it is my opinion that each of the asserted claims of the '172 and '721 patents is valid and enforceable.

504. I reserve the right to supplement or amend this expert report to the extent additional or new information comes or is brought to my attention. In addition to explaining the opinions stated herein, at trial I may testify about my background, qualifications, and experience relevant to the issues in this action, the technical subject matter of the Asserted Patents, the alleged prior art asserted against the Asserted Patents, the conception and reduction to practice of the Asserted Patents, and the Apple products that practice the claimed inventions, as well as the relevant state of the technology at the time of the alleged inventions. I may also prepare demonstrative materials that will aid in my testimony.

Dated: September 25, 2013

_[signature]_

Andrew Cockburn