# Exhibit 5
# (Submitted Under Seal)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S SIXTH SET OF INTERROGATORIES (NO. 41)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

02198.51981/5415497.1

1  Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Samsung
2  Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications
3  America, LLC, ("Samsung") hereby supplement the following objections and responses to
4  Plaintiff Apple Inc's ("Apple's") Sixth Set of Interrogatories to Defendants and Counterclaim
5  Plaintiffs to amend their response to Interrogatory No. 41 based on further factual investigation
6  ▮
7  ▮
8  Samsung expressly incorporates the following General Objections as though set forth fully
9  in response to Interrogatory No. 41 and, to the extent that they are not raised in the response,
10 Samsung does not waive those objections.

## GENERAL OBJECTIONS

12  The following general objections apply to the Interrogatory propounded by Plaintiff, and
13  are incorporated into the following response by reference as if set forth fully therein:
14      1.   Samsung objects to the "Definitions" contained in Apple's Sixth Set of
15  Interrogatories to the extent they are inconsistent with the Federal Rules of Civil Procedure.
16      2.   Samsung objects to Apple's Definition of "Samsung," "You," "Your," and
17  "Defendants" as overly broad to the extent it requires Samsung to pursue information from
18  individuals no longer employed by Samsung whose data is not currently in the possession of
19  Samsung.   Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and
20  "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates,"
21  and also to the extent that it requires Samsung to potentially seek information from thousands of
22  people.   Samsung will respond based on a reasonable inquiry of individuals expected to possess
23  the requested information.
24      3.   Samsung objects to Apple's definition of "Relating" as overly broad, vague, and
25  ambiguous.
26      4.   Samsung objects generally to the Interrogatory to the extent that it seeks to elicit
27  information subject to and protected by the attorney-client privilege, the attorney work-product
28  doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable

privilege or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.

5. Samsung objects to the Interrogatory on the ground and to the extent it is vague and ambiguous. Samsung in its response will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

6. Samsung objects generally to the Interrogatory to the extent it seeks information from outside a reasonable time period or from a point other than a reasonable time, or seeks information about products outside the United States, on the ground that such information is irrelevant.

7. Samsung objects to the Interrogatory to the extent it seeks to compel Samsung to generate or create information and/or documents that do not already exist.

8. Samsung objects to the Interrogatory to the extent it is duplicative or cumulative of another interrogatory or other discovery.

9. Samsung objects to the Interrogatory to the extent it is compound and comprises discrete subparts resulting in separate interrogatories.

10. Samsung expressly reserves the right to respond to the Interrogatory by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

11. Samsung objects generally to the Interrogatory to the extent it seeks confidential proprietary or trade secret information of third parties. Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information.

12. Samsung objects generally to the Interrogatory on the grounds that it is overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

13. Samsung objects to the Interrogatory on the ground that it is overly broad, unduly burdensome and oppressive to the extent it purports to require Samsung to search its facilities and

1  inquire of its employees other than those in its facilities and employees that would reasonably be
2  expected to have responsive information.

3      14.    Samsung objects to the Interrogatory on the grounds that it seeks information
4  already in the possession of Apple, publicly available, or as readily available to Apple as it is to
5  Samsung.

6      15.    Samsung objects to the Interrogatory to the extent that it seeks information before
7  Samsung is required to disclose such information in accordance with any applicable law, such as
8  the Northern District of California Patent Local Rules.

9      16.    Samsung objects to the Interrogatory on the grounds and to the extent that it seeks
10 legal conclusions or call for expert testimony.   Samsung's responses should not be construed to
11 provide legal conclusions.

12     17.    Samsung objects to the Interrogatory on the ground that discovery is continuing in
13 this action, and Samsung has not yet completed its factual investigation.   The following response
14 reflects the information reasonably available to Samsung at this time.   Samsung reserves its right
15 to amend or supplement its response and any production of documents as additional discovery and
16 investigation continue, in the event that additional information is disclosed, or in the event of
17 error, inadvertent mistake, or omission.

18     **SPECIFIC OBJECTIONS AND RESPONSE**

19 **INTERROGATORY NO. 41:**

20     For each Samsung Accused Product, identify with specificity the Source Code Version of
21 Source Code for the Android operating system for that Accused Product including all updates,
22 releases, and post-initial release updates of the Source Code for that Accused Product, state the
23 dates on which that software was available to be installed on that product, identify with specificity
24 where the Source Code is located in Samsung's production, and state what publicly available
25 version of Android the identified Source Code Version corresponds to.

26 **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 41:**

27     Samsung incorporates herein by reference the General Objections as though fully set forth
28 at length.   Samsung further objects on the ground and to the extent that the Interrogatory seeks to

1  invade the attorney-client privilege or attorney work product doctrine.   Samsung further objects
2  to the Interrogatory on the grounds and to the extent that:   (i) the terms and phrases "identify with
3  specificity," "Source Code Version," "Source Code," "Samsung Accused Product," "available to
4  be installed," "where the Source Code is located in Samsung's production," "state what publicly
5  available version of Android the identified Source Code Version corresponds to," "updates,"
6  "releases," and "post-initial release updates" are vague, ambiguous and susceptible to more than
7  one reasonable interpretation or meaning;  (ii)  it is overbroad and unduly burdensome to the
8  extent that it seeks "all updates, releases, and post-initial release updates";  (iii)  it is overbroad,
9  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence
10 to the extent it requires Samsung to provide information for non-relevant time periods;  (iv)  it
11 seeks information that is outside of Samsung's possession, custody, or control, or that is equally
12 available to Apple;  (v)  it is compound and comprises discrete subparts resulting in separate
13 interrogatories; (vi) it is compound because it asks for no fewer than 3 different types of
14 information for more than 23 devices accused by Apple of infringement; and (vii) it is not
15 reasonably calculated to lead to the discovery of admissible evidence.   For example, the
16 Interrogatory purportedly seeks "all updates."   However, source code for the devices at issue is
17 updated often for reasons unrelated to functionalities that Apple claims infringe its patents.
18 Samsung cannot reasonably make a compilation of every "bug fix" or "patch" implemented to
19 every single source code file.
20        Subject to and without waiving the foregoing General and Specific Objections, Samsung
21 responds tha █████████████████████████████████████████
22 ████████████████████████████████████████████████████████
23 ████████████████████████████████████████████████████████
24 ████████████████████████████████████████████████████████
25 ████████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████████
27 █████████████████████████████████████████  Samsung incorporates
28

1  herein by reference Attachment A and its contents as though fully set forth at length herein, and
2  refers Apple to the contents thereof for the foregoing information.
3
4  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**
5  Samsung incorporates herein by reference the General Objections, Specific Objections and
6  Response above as though fully set forth at length.  Subject to, and without waiving the
7  foregoing General and Specific Objections, Samsung supplements its initial response with the
8  Corrected Attachment A, which corrects ███████████████████████████
9  ████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████
11
12 **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**
13 Samsung incorporates herein by reference the General Objections, Specific Objections,
14 Response, and First Supplemental Response above as though fully set forth at length.  Subject to,
15 and without waiving the foregoing General and Specific Objections, Samsung supplements its
16 prior responses with the Amended Attachment A to amend its response to Interrogatory No. 41
17 based on further factual investigation.
18
19 **THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**
20 Samsung incorporates herein by reference the General Objections, Specific Objections,
21 Response, First Supplemental Response, and Second Supplemental Response above as though
22 fully set forth at length.  Subject to, and without waiving the foregoing General and Specific
23 Objections, Samsung supplements its prior responses with the Amended Attachment A to amend
24 its response to Interrogatory No. 41 based on further factual investigation to ████████
25 ████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████
27
28

| | |
|---|---|
| DATED: July 15, 2013 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  */s/ Michael L. Fazio*<br>Victoria F. Maroulis<br>William C. Price<br>Michael L. Fazio |
| | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |















Case 5:12-cv-00630-LHK   Document 1435-4   Filed 03/11/14   Page 16 of 18



