# Exhibit 6
# (Submitted Under Seal)

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH SETS OF INTERROGATORIES**<br><br>**(Interrogatory Nos. 8, 20, 24, 28, 29, 45)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE** |

02198.51981/5534712.2

INTENTIONALLY OMITED FROM EXHIBIT/RECORD

**INTERROGATORY NO. 24:**

If you contend or believe that you do not infringe any asserted claim of the Apple Patents-in-Suit, state with specificity the complete factual and legal bases for such contention or belief, including a claim chart identifying which claim limitations are not found in the Accused Samsung Products, the claim constructions or definitions used in supporting this contention or belief, and if you believe that any claim or claim limitation is governed by 35 U.S.C. 112 ¶ 6, identify the factual and legal basis for that belief and the corresponding structure, material, or acts described in the specification and equivalents thereof and further including an identification of all documents and things supporting such contention or belief, and an identification of the persons most knowledgeable of the facts supporting such contention or belief.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 24:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory to the extent that:  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is compound and comprises discrete subparts resulting in separate interrogatories; (iii) it is vague, ambiguous, and unintelligible to the extent it seeks information about any "Apple Patents-in- Suit" and "Accused Samsung Products" that are not specifically identified in the interrogatory; (iv) it is premature to the extent that it seeks disclosure of claim

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

construction positions prior to the deadline established in the May 2, 2012 Minute Order and Case Management Order, as adjusted by Order dated August 29, 2012; (v) it is overly broad, unduly burdensome, seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, and seeks to shift the burden of showing non-infringement to Samsung to the extent that it asks Samsung to provide claim charts and to describe "with specificity the complete factual and legal bases" for any non-infringement contention, particularly where Apple's Infringement Contentions are vague, generalized, and do not identify with specificity the complete factual and legal bases for Apple's claims of infringement; (vi) it calls for legal conclusions; (vii) it is premature to the extent that it seeks information that is properly the subject of expert opinion prior to the deadline established in the May 2, 2012 Minute Order and Case Management Order; and (viii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks "all documents and things" supporting Samsung's response.

Subject to and without waiving the foregoing general and specific objections, Samsung responds as follows:

INTENTIONALLY OMITED FROM EXHIBIT/RECORD

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**                                   -63-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

INTENTIONALLY OMITED FROM EXHIBIT/RECORD

1
2
3
4
5

Based on Samsung's current understanding of the asserted claims of the '959 patent, and recognizing that Apple has not specifically identified the features and/or functionality of the accused Samsung products that it contends satisfy each limitation of the asserted claims – for example, Apple has failed to identify any "plug-in modules each using a different heuristic" – Samsung states that at a minimum the accused Samsung products do not satisfy at least the "plurality of plug-in modules each using a different heuristic to locate information" limitation of claim 1 of the '959 patent.   In addition, the Court preliminarily construed "modules" in the context of the related '604 patent as "small software programs that are parts of a larger application' meaning they 'must be part of the application and not some service or server to which the application connects.'"   Under at least the Court's preliminary construction of "modules," the accused Samsung products also do not satisfy the "plurality of plug-in modules" limitation of claim 1.   At least because the accused Samsung products do not satisfy all limitations of claim 1 the '959 patent, they also do not infringe dependent claims 2, 3, 4, 5, 10, 11, 12, 14, 15, 16 and 17.

Based on Samsung's current understanding of the asserted claims of the '959 patent, and recognizing that Apple has not specifically identified the features and/or functionality of the accused Samsung products that it contends satisfy each limitation of the asserted claims – for example, Apple has failed to identify any "plurality of heuristics" – Samsung states that at a minimum the accused Samsung products do not satisfy at least the "plurality of heuristics to locate information in a [the] plurality of locations which include [comprise] the Internet and local storage media" limitations of claims 19, 24, and 29 of the '959 patent.   At least because the accused Samsung products do not satisfy all limitations of independent claims 19, 24, and 29 the '959 patent, they also do not infringe dependent claims 20, 22, 23, 25, 27, 28, 30, 32, and 33.

Also based on Samsung's current understanding of the asserted claims of the '959 patent and in light of Apple's infringement contentions, Samsung states that at a minimum the accused

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE
SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

Samsung products do not satisfy at least the "heuristics locates items of information on the basis of names of files" limitations of claim 9, 22, 27, and 32 of the '959 patent.   At least because the accused Samsung products do not satisfy all limitations of claims 9 and 22, they also do not infringe dependent claims 10 and 23.

INTENTIONALLY OMITED FROM EXHIBIT/RECORD

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**          -66-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

INTENTIONALLY OMITED FROM EXHIBIT/RECORD

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 24:**

Subject to and incorporating its General Objections and Specific Objections from Samsung's Objections and Responses to Apple's Second Set of Interrogatories, Samsung repeats and restates its prior response and provides the following supplemental response:

Samsung's supplemental responses are based on Samsung's current understanding of Apple's infringement contentions. Discovery is ongoing, and Samsung reserves the right to further supplement and amend its responses.

Notably, Apple's infringement contentions are inadequate and deficient, at least because they provide no notice or insufficient notice regarding the functionality that Apple is accusing of infringing each of the Apple Patents. The screen shots and conclusory narratives provided in Apple's voluminous charts are too ambiguous to determine what functionality Apple is claiming

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE
-73-
SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH  SETS OF INTERROGATORIES

infringes a particular claim limitation or when and how the alleged infringement occurs.   Apple's infringement contentions with regard to these devices provide essentially no notice regarding the functionality that Apple is accusing.   Nonetheless, the Accused Products do not infringe the asserted claims of the Apple Patents either literally or under the doctrine of equivalents, for at least the reasons set forth below.

INTENTIONALLY OMITED FROM EXHIBIT/RECORD

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-74-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

INTENTIONALLY OMITED FROM EXHIBIT/RECORD

**'959 Patent**

Based on Samsung's current understanding of Apple's infringement contentions, Samsung states that at a minimum the Accused Products do not infringe claims 1, 24, 25, and 27 because Apple has not shown they include any "heuristics" (one or a plurality).   In its infringement contentions, Apple has failed to identify any alleged "heuristic" present in the Accused Products other than pointing to the specification of the '959 patent.   Instead the Accused Products use the same search strategies distinguished in the prosecution history of the '604 patent, the child of the '959 patent.

Based on Samsung's current understanding of Apple's infringement contentions, Samsung further states that at a minimum the Accused Products do not include at least the "plurality of plug-in modules each using a different heuristic to locate information" limitation of claim 1 of the '959 patent.   Claim 1 requires each "plug-in module" to use a unique heuristic to locate information.   Analyzing similar limitation language in claim 6 of the related '604 patent, the Federal Circuit found that claim 6 "requires every module to have a unique heuristic algorithm." Federal Circuit Order Reversing Preliminary Injunction at 16.   The accused applications in the

**HIGHLIGHT CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-88-

1   Accused Products do not each have a "different heuristic."

7   *See, e.g.,* Bringert Decl. ¶ 7.

13   *See, e.g.,* Bringert Decl.

14   ¶ 7.   Therefore, no accused application in the Accused Products uses a unique heuristic, and the

15   Accused Products do not include a "plurality of plug-in modules each using a different heuristic to

16   locate information" as required by asserted independent claim 1.

17        In addition, the Court preliminarily construed "modules" in the context of the related '604

18   patent as "'small software programs that are parts of a larger application' meaning they 'must be

19   part of the application and not some service or server to which the application connects.'"

20   Preliminary Injunction Order at 26 (quoting Polish Reply Decl. ¶ 73).   Under at least the Court's

21   preliminary construction of "modules," the Accused Products also do not include the "plurality of

22   plug-in modules" limitation of claim 1.

23        Further, Apple has failed to provide any evidence that the Accused Products infringe the

24   limitations discussed above under the doctrine of equivalents because Apple has not provided any

25   evidence on how the accused functionality in the Accused Products performs the same function in

26   the same way to achieve the same result.   Apple's allegations regarding equivalence are entirely

27   conclusory.   For example for asserted independent claim 1, Apple has asserted that "the Google

28   module combined with the Google search suggestions server with which it communicates is

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY – SOURCE CODE

-89-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH  SETS OF INTERROGATORIES

1   equivalent to a plug-in module in that it matches the function, way, and result of the plug-in

2   module, and is not substantially different from a plug-in module."  *See, e.g.*, Ex. 22 at n.3, Apple

3   Inc's Second Amended Infringement Contentions.   However, during the prosecution of the '959

4   patent, Apple numerous times referred to the language in the claims requiring each plug-in module

5   to use a different heuristic in order to distinguish prior art.   For example:

> 6   Hong "does not teach or suggest providing an input information
>     identifier to *a plurality of plug-in modules each using a different*
> 7   *heuristic* to locate information that matches the identifier, as
>     claimed. Rather, with respect to the Find Facility of the Hong et al.
> 8   application, the plug-in facility would merely provide more
>     databases from which to select a node and carry out a search using
> 9   this Find Facility. Moreover, there is no teaching or suggestion in
>     Hong et al. that would have led one of ordinary skill in the art to
> 10  modify the Blumenfeld et al. interface to provide an input
>     information identifier to *a plurality of plug-in modules, each using a*
> 11  *different heuristic* to locate information which matches the
>     identifier, because an input search string in Hong et al. is not
> 12  provided to more than the one selected search type."

13   '959 Prosecution History, April 15, 2004, Supplemental Appeal Brief at 15. (emphasis

14   added.)   During the prosecution of the '959 patent, the Applicant expressly narrowed the scope of

15   the claim limitations discussed above through arguments.   When an Applicant narrows a patent

16   claim by amendment or by argument in order to obtain the claim's allowance, prosecution history

17   estoppel applies and there is a rebuttable presumption that the Applicant cannot "later argu[e] that

18   the subject matter covered by the original, broader claim, was nothing more than an equivalent."

19   *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 728 (2002).   Apple has not

20   asserted that *Festo* does not apply, and has failed to provide any evidence or argument that the

21   *Festo* presumption has been rebutted.   And in any case, the Accused Products do not have the

22   equivalent of the above-mentioned limitation nor do the Accused Products contain the equivalent

23   of this limitation because the Accused Products do not perform the same function in the same way

24   to achieve the same result.   Also, nothing in the Accused Products are insubstantially different, or

25   are known to be interchangeable with the recited limitation of asserted independent claim 1.   The

26   range of equivalents that a claim limitation is entitled to is limited by the prior art.   To the extent

27   the Court finds that the Accused Products are within the range of equivalents, then the asserted

28   prior art also falls within the range of equivalents, thus rendering claim 1 invalid and cannot be

infringed.  *See, e.g.*, Samsung's March 25, 2013, Second Amended Patent Local Rule 3-3 & 3-4 Disclosures and Exs. C-1 through C-20.

Based on Samsung's current understanding of Apple's infringement contentions, Samsung states that at a minimum the Accused Products do not include at least the limitation of "provid[ing an] information identifier to a plurality of heuristics to locate information in the plurality of locations which include the Internet and local storage media," a limitation of independent claim 24 of the '959 patent.  For example, Apple has failed to identify a "plurality of heuristics" and where, how, and to what heuristics "an information identifier" is provided.  As discussed above, Apple has not shown that the Accused Products contain "heuristics" or a "plurality of heuristics" and thus has not shown an "information identifier" is applied to a "heuristic" or "plurality of heuristics."  Specifically, Apple has not identified any heuristics that receive an information identifier in the Accused Products. *See, e.g.* http://developer.android.com/guide/topics/search/adding-custom-suggestions.html; http://developer.android.com/reference/android/content/ContentProvider.html.

In addition, based on Samsung's current understanding of Apple's infringement contentions, Samsung states that at a minimum the Accused Products do not include the claim 24 limitation of "determin[ing] at least one candidate item of information based upon the plurality of heuristics," because, as discussed above, the Accused Products do not include "a plurality of heuristics."  Without the claimed "plurality of heuristics," there can be no candidate information based upon such plurality, and this and the remaining limitation of claim 24 cannot be infringed.

At least because the Accused Products do not include all limitations of independent claim 24 the '959 patent, they also do not infringe dependent claims 25 and 27.

Further, Apple has failed to provide any evidence that the Accused Products infringe the limitations discussed above under the doctrine of equivalents because Apple has not provided any evidence on how the accused functionality in the Accused Products performs the same function in the same way to achieve the same result.  Apple's allegations regarding equivalence are entirely conclusory.  For example, for asserted independent claim 24, Apple has asserted that "the Google heuristic combined with the Google search suggestions server with which it communicates is

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE

equivalent to a heuristic in that it matches the function, way, and result of the heuristic, and is not substantially different from a heuristic." *See, e.g.*, Ex. 22 at n.7, Apple Inc's Second Amended Infringement Contentions.  However, during the prosecution of the '959 patent, the Applicant expressly narrowed the scope of the claim limitations discussed above through arguments.  *See, e.g.*, '959 Prosecution History, April 15, 2004, Supplemental Appeal Brief at 15.  When an Applicant narrows a patent claim by amendment or by argument in order to obtain the claim's allowance, prosecution history estoppel applies and there is a rebuttable presumption that the Applicant cannot "later argu[e] that the subject matter covered by the original, broader claim, was nothing more than an equivalent." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 728 (2002).  Apple has not asserted that *Festo* does not apply, and has failed to provide any evidence or argument that the *Festo* presumption has been rebutted.  And in any case, the Accused Products do not have the equivalent of the above-mentioned limitation nor do the Accused Products contain the equivalent of this limitation because the Accused Products do not perform the same function in the same way to achieve the same result.  Also, nothing in the Accused Products are insubstantially different, or are known to be interchangeable with the recited limitation of asserted independent claim 24 of the '959 patent, therefore Samsung's accused products at least do not infringe asserted independent claim 24 and its dependent claims 25 and 27. The range of equivalents that a claim limitation is entitled to is limited by the prior art.  To the extent the Court finds that the Accused Products are within the range of equivalents, the asserted prior art also falls within the range of equivalents, and thus the '959 patent is invalid and cannot be infringed.  *See, e.g.*, Samsung's March 25, 2013, Second Amended Patent Local Rule 3-3 & 3-4 Disclosures and Exs. C-1 through C-20.

Based on Samsung's current understanding of Apple's infringement contentions, Samsung further states that at a minimum the Accused Products do not include at least the "plurality of heuristics to locate information in a [the] plurality of locations which include [comprise] the Internet and local storage media" limitations of independent claim 24 of the '959 patent.  As discussed above, Apple has not shown that the text-matching searches of any individual applications use any "heuristic."  Mere text-matching searches are "constraint satisfaction

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY – SOURCE CODE
-92-
SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH  SETS OF INTERROGATORIES

1    parameters," which the Court expressly found were not heuristics.     At least because the

2    Accused Products do not include all limitations of independent claim 24 the '959 patent, they also

3    do not infringe dependent claims 25 and 27.

4         Further, based on Samsung's current understanding of Apple's infringement contentions,

5    Apple has failed to provide any evidence that the Accused Products include the limitation of "one

6    of the plurality of heuristics locates items of information on the basis of names of files" of

7    dependent claim 27 of the '959 patent.   For example, Apple alleges:

8
9
10

11   *See, e.g.*, Ex. 22 at 57, Apple Inc.'s Second Amended Infringement Contentions. However,

12   pointing to the Browser alone does not provide evidence of using the information identifier to

13   locate information on the basis of actual file names.

14        Based on Samsung's current understanding of Apple's infringement contentions and to the

15   extent that the claims are found to require a single user interaction to satisfy the claims, the

16   Accused Products do not include the limitations found in all the asserted claims.   For example, to

17   the extent that the Court finds that searching a plurality of locations requires searching a plurality

18   of locations as a result of a single user interaction, the Accused Products do not satisfy at least the

19   "locate information in the plurality of locations which include the Internet and local storage

20   media" limitation of asserted independent claim 24.   Further, to the extent that the Court finds that

21   providing an information identifier to a plurality of heuristics or plug-in modules requires

22   providing an information identifier as a result of a single user interaction, the Accused Products do

23   not satisfy at least the "providing said information identifier to a plurality of plug-in modules each

24   using a different heuristic to locate information which matches said identifier" limitation of

25   asserted independent claim 1, the "provide said information identifier to a plurality of heuristics to

26   locate information in the plurality of locations which include the Internet and local storage media"

27   limitation of asserted independent claim 24, and the "the information identifier is applied

28   separately to each heuristic" limitation of asserted claim 25.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**                    -93-
**ONLY – SOURCE CODE**

1     Based on Samsung's current understanding of the asserted claims of the '959 patent,

2  Apple's infringement contentions, and Samsung's invalidity contentions, Samsung states that at a

3  minimum the accused Samsung products do not infringe any asserted claims of the '959 patent

4  because the '959 patent is invalid.  *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312,

5  1320 (Fed. Cir. 2009) (invalid claims cannot give rise to liability for infringement).

INTENTIONALLY OMITED FROM EXHIBIT/RECORD

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-94-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

INTENTIONALLY OMITED FROM EXHIBIT/RECORD

**Indirect Infringement: All Asserted Claims**

Finally, with respect to all of the asserted Apple patents discussed above, as any finding of indirect infringement is predicated on a finding of direct infringement, there can be no indirect infringement of the asserted claims of any of the Apple patents because, as explained above, there is no direct infringement the asserted claims.   *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of infringement or contributory infringement is dependent upon the existence of direct infringement.").   And in any case, Apple has failed to provide any evidence that Samsung indirectly infringed any of the asserted claims.   With respect to contributory infringement, Apple has not shown that the Accused Products have no substantial non-infringing uses, that Samsung engaged in conduct within the United States that contributed to another's direct infringement, and that Samsung knew that the combination for which its component was made was both patented and infringing.   With respect to inducement, Apple has not shown that Samsung's actions induced infringing acts and that it knew or should have known, with specific intent, its actions would induce actual infringement.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 24:**

Subject to and incorporating its General Objections and Specific Objections from Samsung's Objections and Responses to Apple's Second Set of Interrogatories, Samsung repeats and restates its prior responses to Interrogatory No. 24 and provides the following second supplemental response:

Samsung's second supplemental responses are based on Samsung's current understanding of Apple's infringement contentions.  Discovery is ongoing, and Samsung reserves the right to further supplement and amend its responses.

INTENTIONALLY OMITED FROM EXHIBIT/RECORD

---

[1] Where source code is described in this response in describing functionality or noninfringement positions, that source code is necessarily an excerpt responsive to Apple's allegations of infringement to which this response applies, and is not necessarily the exclusive source code relating to the functionality or position.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-110-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

INTENTIONALLY OMITED FROM EXHIBIT/RECORD

**'959 Patent**:

Based on Samsung's current understanding of Apple's infringement contentions, Samsung states that at a minimum the following Accused Products do not infringe claims 24, 25, or 27 because they do not provide search suggestions and search results from a web search to the Quick Search Box; no local search results are provided, and thus these Accused Products do not satisfy the limitations of these asserted claims, including at least the "plurality of heuristics," and "provide said information identifier to a plurality of heuristics to locate information in the plurality of locations which include the Internet and local storage media":

Samsung has compiled information regarding: model names; model numbers used by wireless carriers, dates available; and software version designations for each maintenance release of source code for each of the Accused Devices which implement this design in Amended Attachment A to Samsung's Supplemental Response to Interrogatory No. 41. Samsung incorporates herein by reference Amended Attachment A to Samsung's Supplemental Response to Interrogatory No. 41 and its

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**
SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

1   contents as though fully set forth at length herein, and refers Apple to the contents thereof for the

2   foregoing information.

3          Based on Samsung's current understanding of Apple's infringement contentions, Samsung

4   states that at a minimum the Accused Products do not contain "heuristics," let alone a "plurality of

5   heuristics."   Apple contends that the term "heuristics" in claims 24, 25, and 27 of the '959 patent

6   is governed by the construction from the Court of "a search algorithm that employs some 'rule of

7   thumb' and does not consist solely of constraint satisfaction parameters."   Order Granting

8   Preliminary Injunction (Dkt. 221).   Under the plain and ordinary meaning of heuristics, as well as

9   under Apple's proffered construction from the Court's preliminary injunction order (Dkt. 221),

10  Apple has failed to identify any alleged heuristics and the Accused Products do not contain any

11  such "heuristics."   Specifically, the accused "heuristics" Apple accuses correspond either to entire

12  applications (e.g. "The Browser heuristic") or SQL queries that are not heuristics.   Apple

13  disclaimed SQL queries as "heuristics" during the prosecution of the previously asserted '604

14  patent, which descends from the '959 patent and also claims "heuristics."   During the prosecution

15  of the '604 patent, the examiner rejected the claims over U.S. Patent No. 6,311,178 ("Bi").   The

16  Examiner found that Bi disclosed "providing said information descriptor to a plurality of heuristic

17  modules" and cited Bi at 9:9-25, which states in part:   "As shown in FIG. 7, the requirement and

18  the offer details are sent to the matching engine, and the matching engine and the custom matching

19  components perform the comparison of the requirement and the offers by means of the 3rd party

20  matching engines, including Verity Text and Excalibur Text, *and SQL functions* such as equal (=),

21  like, less than (<), and greater than (>)."   July 8, 2009 Office Action at 10-12 (emphasis added).

22  Apple asserted that "[t]his portion appears to be completely silent as to the claimed 'heuristic

23  modules,' 'heuristic algorithms' or "respective area of search.   The remainder of Bi also appears

24  to say nothing with regard to these claim features."   '604 patent, October 8, 2009 Amendment at

25  4-5.   *See also* Chaudhuri et. Al., *Optimizing queries over multimedia repositories*, ACM 1996,

26  pages 91-1 02 (March 17, 2003 Office Action at 8); Das et. al., *Experiments in using agent-based*

27  *retrieval from distributed and heterogeneous databases*, IEEE 1997, pages 27-35 (July 14, 2003

28  Office Action at 11); Ganguly et. al., *Efficient and accurate cost models for parallel query*

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY – SOURCE CODE

1   *optimization*, ACM 1996, pages-172-1 81 (January 11, 2011 Office Action at 11).   Apple has

2   further not identified how the ███████████████████ ither is a heuristic or implements a

3   heuristic in the accused suggestion providers.   Moreover, to the extent that basic SQL functions

4   are not "heuristics" in the context of the '959 Patent, the ███████████████████ to the

5   extent it is used, is not a heuristic or "rule of thumb" for searching information, but rather ███████

6   ██████████████████████████████   Additionally, Apple has not

7   identified how a ████████████████████ is a heuristic, is part of a heuristic or

8   implements a heuristic in any accused suggestion provider.   Moreover, to the extent that basic

9   SQL functions are not "heuristics" in the context of the '959 Patent, the ████████████████

10   ██████████ to the extent it is used, is not a heuristic or "rule of thumb" for searching information,

11   but rather ██████████████████   *See* SAMNDCA630-07883785-07884596.

12       Moreover, to the extent Apple identifies any specific heuristics, any alleged heuristics

13   would not qualify as "heuristics to locate information."   Additionally, to the extent Apple

14   identifies any specific heuristics, it has failed point to "a plurality of heuristics to locate

15   information in the plurality of locations which include the Internet and local storage media."

16       To the extent Apple identifies any specific heuristics, and to the extent Apple argues those

17   heuristics "correspond to a different location and employs a rule of thumb to search for

18   information in that location" Apple has failed to show that any alleged heuristics "employs a rule

19   of thumb."   As an initial matter, Apple has failed to identify any "rule of thumb" in its

20   infringement contentions as "heuristics."   Moreover, Samsung's products –including any alleged

21   "heuristics"—do not contain "a rule of thumb to search for information" in any particular location

22   as Apple alleges.

23       Apple has also not identified any heuristic in the Google suggestion provider and thus

24   failed to carried its burden.   Moreover, in fact, the Google suggestion provider does not include a

25   heuristic or a "rule of thumb to search for information" as Apple alleges.   Apple has identified

26   nothing in the Google suggestion providers that corresponds to any "rule of thumb" or heuristic

27   and only alleges that it constructs a "query to be properly handled by the Google search engine,"

28   which does not demonstrate any "heuristic" or "rule of thumb."   Thus, the Google suggestion

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE

provider practices the prior art, by forwarding the user's intended web search string to a web search engine – a practice that Apple claims does not employ a "heuristic" – and if Apple is correct about the prior art, then the accused Google suggestion provider cannot infringe.   *See* APLNDC630-000040433-44;   APLNDC630-000040475-76   (distinguishing   U.S.   Patent   No. 7,020,670 to Andreoli et al.)

Apple also alleges that each alleged "heuristic" is used to locate information in a plurality of locations including the Internet and local storage media.   However, Apple only identifies the Google suggestion provider as an alleged "heuristic" for searching "the Internet"—all other alleged "heuristics" are not alleged to search the Internet.   Therefore, to the extent that the Google alleged "heuristic" is not a "heuristic," Apple has failed to identify a plurality of heuristics used to locate information in a plurality of locations, including the Internet and local storage media. Similarly, to the extent the alleged heuristics other than the Google alleged heuristic are not "heuristics," Apple has failed to identify a plurality of heuristics used to locate information in a plurality of locations, including the Internet and local storage media.

The Accused Products further do not infringe claim 24 because Apple has failed to show that the products include the limitation of "provid[ing] said information identifier to a plurality of heuristics."   Because Apple has failed to show that any information identifier is provided to any alleged heuristic, let alone a plurality of heuristics, it has failed to meet its burden to show infringement.   Moreover, the Accused Products in fact do not include the limitation of "provid[ing] said information identifier to a plurality of heuristics."

The Accused Products additionally do not infringe claim 25, including "wherein the information identifier is applied separately to each heuristic."   As an initial matter, for all those reasons described above, Apple has failed to identify any heuristic, nor any heuristic where the information identifier is applied separately to each heuristic.   Apple has thus failed to carry its burden to show infringement of claim 25.   The Accused Products in fact do not include the limitation "wherein the information identifier is applied separately to each heuristic" for those reasons described above.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-127-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

The Accused Products additionally do not infringe claim 27 because Apple has failed to show the following limitation: "wherein one of the plurality of heuristics locates items of information on the basis of names of files."   Accordingly, Apple has failed to meet its burden to show infringement for claim 27.   Moreover, the Accused Products in fact do not include the limitation of "wherein one of the plurality of heuristics locates items of information on the basis of names of files."   As described above, Apple has failed to show the Accused Products contain a "heuristic," let alone a plurality of heuristics.   Apple has thus not shown any allege heuristic that "locates items of information on the basis of names of files" as claim 27 requires.   Additionally, the Accused Products do not contain any alleged heuristic that locates information on the basis of the names of files.   Rather, the suggestion providers accused by Apple ███████████ ████████████████████████████ none locate information on the basis of the names of files.   Apple's infringement contentions do not describe any file names located by the Accused Products.   Apple nowhere describes locating information on the basis of the names of files, but instead only describes querying a single database.

Relevant source to Samsung's noninfringement contentions include those analyzed and discussed in Samsung's response to Apple's Interrogatory No. 48 for the '959 patent, which Samsung hereby incorporates by reference.

Apple served new charts alleging infringement of the '959 patent on July 10, 2013.   Those charts do not include any source code appendices, though at various points they reference source code appendices which were not included or otherwise served on Samsung.   Samsung is evaluating Apple's July 10, 2013 charts, and will update this response as appropriate and as necessary.   While Samsung's investigation is ongoing, it appears that Apple's July 10 charts may be in violation of the Court's June 26, 2013 order.   Samsung reserves all rights with respect to Apple's apparent failure to comply with the Court's  June 26, 2013  order.  If Apple's July 10 charts are allowed, Samsung will provide additional noninfringement positions as appropriate, including upon receiving source code appendices referenced in Apple's infringement charts.

Samsung further states that individuals with knowledge relevant to non-infringement of the '959 patent include but are not limited to Samsung's expert for the '959 patent, who will be

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE

disclosed consistent with the Court's Scheduling Order dated May 2, 2012 or any amendments thereto; Sunggeun Park; Bjorn Bringert; Matthew Inwood; Hiroshi Lockheimer; and the inventors of the '959 patent: Yan Arrouye and Keith Mortensen.

INTENTIONALLY OMITED FROM EXHIBIT/RECORD

INTENTIONALLY OMITED FROM EXHIBIT/RECORD

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 24:**

Subject to and incorporating its General Objections and Specific Objections from Samsung's Objections and Responses to Apple's Third Set of Interrogatories, Samsung further supplements its response to Interrogatory No. 24 as follows:

**'959 Patent:** Samsung incorporates by reference the EXPERT REPORT OF MARTIN RINARD, PH.D. REGARDING THE VALIDITY OF CLAIMS 24 and 25 OF U.S. PATENT NO. 6,847,959 and the REBUTTAL EXPERT REPORT OF MARTIN RINARD, PH.D. REGARDING NONINFRINGEMENT OF CLAIMS 24 AND 25 OF U.S. PATENT NO. 6,847,959, exhibits and appendices thereto, and all documents, deposition testimony, or other information cited therein. Samsung further identifies the following documents and depositions in support of its contention that it does not infringe the asserted claims: APLNDC630-0000041187; APLNDC630-0000040372; SAMNDCA630AOSP-000001-59; SAMNDCA630-07882139; SAMNDCA630-07881554; SAMNDCA630-07881665; SAMNDCA630-07881724; SAMNDCA630-07882284; SAMNDCA630-7883559; SAMNDCA630-07883588; SAMNDCA630-07883575; APLNDC630-0000441829; APLNDC630-0000441690; APLNDC630-0000369880; APLNDC630-0000283699; APLNDC630-0000258809;        SAMNDCA630-07887395;        SAMNDCA630-07887396; SAMNDCA630-07887429;        SAMNDCA630-00826544;        SAMNDCA630-06636892; SAMNDC630-07604014;        SAMNDC630-07604016;        FUHRNDCA630-00000001; SAMNDCA630-05349929;        SAMNDCA630-00939107;        LUKENDCA630-00000605; SAMNDCA630-00944300;        KAHLENDCA630-00000571;        APLNDC630-0000369862; APLNDC630-0000040556;        FUHRNDCA630-00000001;        SAMNDCA630-05349929; SAMNDCA630-00936965;        KAHLENDCA630-00000594;        KAHLENDCA630-00000038; KAHLENDCA630-00001965;        KAHLENDCA630-00000541;        KAHLENDCA630-00002986; KAHLENDCA630-00000487;        LUKENDCA630-00000501;        SAMNDCA630-07389470; PQ000011;        SELBERGNDCA630-00000210;        SAMNDCA630-06029163;        FUHRNDCA630-00000013;        GOVERTNDCA630-00000001-02;        SAMNDCA630-07601360;        SAMNDCA630-07389413;        SAMNDCA630-07601334;        SAMNDCA630-07887395;        SAMNDCA630-07601353; SAMNDCA630-07601324;        SAMNDCA630-07887396;        SAMNDCA630-07887429;        GOOG-NDCAL630-00063004;

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

WebCorpus.java,     SuggestionsProviderImpl.java,     QueryTask.java,     MultiSourceCorpus.java,
GoogleSource.java,     SingleSourceCorpus.java,     QSBApplication.java,     SearchableSources.java,
SearchActivity.java       ShortcutRepository.java,     SearchableCorpusFactory.java     in
SAMNDCA630AOSP-000039/packages/apps/QuickSearchBox/src/com/android/quicksearchbox;

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-156-

1

2

3

4

5   SAMNDCA630-07791816/docs/guide/components/fundamentals.html;   SAMNDCA630-

6   07791816/docs/guide/topics/security/permissions.html;   (SAMNDCA630-

7   07791816/docs/guide/topics/search/adding-custom-suggestions.html;   SAMNDCA630-

8   07791816/docs/guide/topics/providers/content-providers.html;   SAMNDCA630-

9   07791816/docs/reference/android/content/ContentProvider.html;   SAMNDCA630-

10  07791816/docs/guide/topics/providers/content-provider-creating.html;   SAMNDCA630-

11  07791816/docs/guide/topics/providers/contacts-provider.html;   (SAMNDCA630-

12  07791816/docs/guide/topics/manifest/manifest-intro.html;   SAMNDCA630-

13  07791816/docs/guide/topics/search/searchable-config.html;   SAMNDCA630-

14  07791816/docs/guide/topics/resources/accessing-resources.html;   SAMNDCA630-

15  07791816/docs/reference/android/app/SearchManager.html;   SAMNDCA630-

16  07791816/docs/reference/android/content/SharedPreferences.html;   SAMNDCA630-

17  07791816/docs/reference/android/preference/CheckBoxPreference.html;   SAMNDCA630-

18  07791816/docs/reference/android/os/package-summary.html.

19                              INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**          -157-
**ONLY – SOURCE CODE**

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

INTENTIONALLY OMITED FROM EXHIBIT/RECORD

1

2

3

4

5

6

7

8

9  DATED:   October 4, 2013          QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP

10

11                                   By  */s/ Michael L. Fazio*
                                         Charles K. Verhoeven

12                                       Kevin P.B. Johnson
                                         Victoria F. Maroulis

13                                       William C. Price
                                         Michael L. Fazio

14

15                                   Attorneys for SAMSUNG ELECTRONICS
                                     CO., LTD., SAMSUNG ELECTRONICS

16                                   AMERICA, INC. and SAMSUNG
                                     TELECOMMUNICATIONS AMERICA, LLC

17

18

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**          -328-
**ONLY – SOURCE CODE**

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES