# Exhibit 7

| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | MICHAEL A. JACOBS (CA SBN 111664) |
| jkrevitt@gibsondunn.com | mjacobs@mofo.com |
| H. MARK LYON (CA SBN 162061) | RICHARD S.J. HUNG (CA SBN 197425) |
| mlyon@gibsondunn.com | rhung@mofo.com |
| GIBSON, DUNN & CRUTCHER LLP | MORRISON & FOERSTER LLP |
| 1881 Page Mill Road | 425 Market Street |
| Palo Alto, CA 94304-1211 | San Francisco, CA 94105-2482 |
| Telephone: (650) 849-5300 | Telephone: (415) 268-7000 |
| Facsimile: (650) 849-5333 | Facsimile: (415) 268-7522 |

*Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Counterclaim-Plaintiffs,<br><br>    v.<br><br>APPLE INC., a California corporation,<br><br>    Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S TENTH 30(B)(6) DEPOSITION NOTICE** |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff
3  and Counterclaim Defendant Apple Inc. ("Apple") will take the deposition by oral examination of
4  Defendants and Counterclaim-Plaintiffs Samsung Electronics, Co., Ltd., Samsung Electronics
5  America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") at the
6  offices of Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, California, or at such
7  other location as is mutually agreeable to the parties, on a date and time mutually agreeable to the
8  parties, and continuing day-to-day until completed.

9      Samsung is required to designate, pursuant to Rule 30(b)(6) of the Federal Rules of Civil
10 Procedure, one or more of its officers, directors, managing agents, or other persons with knowledge
11 of the matters set forth in Attachment A of this notice to appear and testify on its behalf at deposition.
12 The persons so designated shall testify as to matters and information known or reasonably available
13 to Samsung.

14     This deposition will be taken before an officer authorized to administer oaths and take
15 testimony, and the deposition may be recorded by any means that the Federal Rules of Civil
16 Procedure permit, including audio, video, and stenographic means, as well as means for the instant
17 display of testimony on a computer.

18
19
20 Dated: April 9, 2013                        GIBSON, DUNN & CRUTCHER LLP
21
22                                                 By:    */s/ H. Mark Lyon*
23
24                                                   *Attorneys for Apple Inc*.
25
26
27
28

APPLE INC.'S TENTH 30(B)(6) DEPOSITION NOTICE
CASE NO. 12-cv-00630-LHK (PSG)

# ATTACHMENT A TO NOTICE OF DEPOSITION

Notwithstanding any definition set forth below, each word, term, or phrase used in this Notice is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

The following definitions shall apply to the topics for testimony set forth below.

1. "Samsung," "Defendants," "you" or "your" shall mean Samsung Electronics, Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, as well as all of their officers, directors, representatives, consultants, agents, servants, employees, attorneys, accountants, or any person who served in any such roles at any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies, proprietorships, or any joint venture to which Samsung Electronics, Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC was/is a party, and any other persons acting on their behalf.

2. "Apple" shall mean Apple Inc., as well as all of its officers, directors, representatives, consultants, agents, servants, employees, attorneys, accountants, or any person who served in any such roles at any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies, proprietorships, or joint ventures to which Apple was a party, and any other person(s) acting on Apple's behalf.

3. "Accused Samsung Product" shall mean any "Accused Instrumentality" under Patent Local Rule 3-1 identified by Apple in its June 15, 2012, Disclosure of Asserted Claims and Infringement Contentions and any amendments and/or corrections thereto.

4. "Accused Feature" shall mean any feature, functionality, or technology that Apple identified in its June 15, 2012, Disclosure of Asserted Claims and Infringement Contentions and any amendments and/or corrections thereto, including, but not limited to, any such feature as it exists in any Samsung Accused Product or an earlier Samsung product or prototype that previously implemented the feature.

5. "Apple Accused Products" means any product made or marketed by or on behalf of Apple that is specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement Contentions, served in this action.

6. "Apple Patents-in-Suit" means U.S. Patent Nos. 5,946,647; 6,847,959; 8,046,721; 8,074,172; 8,014,760; 5,666,502; 7,761,414; and 8,086,604.

7. The "'647 patent" means U.S. Patent No. 5,946,647.

8. The "'959 patent" means U.S. Patent No. 6,847,959.

9. The "'721 patent" means U.S. Patent No. 8,046,721.

10. The "'172 patent" means U.S. Patent No. 8,074,172.

11. The "'760 patent" means U.S. Patent No. 8,014,760.

12. The "'502 patent" means U.S. Patent No. 5,666,502.

13. The "'414 patent" means U.S. Patent No. 7,761,414.

14. The "'604 patent" means U.S. Patent No. 8,086,604.

15. "Benchmarking" means any analysis, testing or comparison of products or product features.

16. "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

17. "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, or an assemblage of components or parts (either individually or collectively) that are designed to function together electronically, mechanically, chemically, or otherwise, including any offered for sale or under development.

18. "Competitive Products" means any and all products sold by a person or entity other than Samsung that compete or competed with the Accused Samsung Products.

19. "1846 Case" means *Apple Inc. v. Samsung Elecs. Co., Ltd., et al.*, Case No. 11-cv-1846-LHK (PSG), in the United States District Court for the Northern District of California.

20. "Apple 1846 Patents" means U.S. Patent Nos. 7,812,828, 6,493,002, 7,469,381, 7,844,915, 7,853,891, 7,663,607, 7,864,163, and 7,920,129, as well as U.S. Design Patent Nos. D627,790, D617,334, D604,305, D593,087, D618,677, D622,270, and D504,889.

21. "Jelly Bean" means version 4.1 of the Android operating system.

Case 5:12-cv-00630-LHK Document 1281-11 Filed 02/18/14 Page 6 of 12

22. "Ice Cream Sandwich" means version 4.0 of the Android operating system.

23. "Honey Comb" means version 3 of the Android operating system.

24. "Gingerbread" means version 2.3 of the Android operating system.

25. "FroYo" means version 2.2 of the Android operating system.

26. "Source Code" means source code and source code repositories, including but not limited to: (1) all makefiles, history files, or similar code-generation control or version-control files for such source code, including files identifying (a) the date when code was checked in; (b) the identity of persons who coded and checked-in the code; and (2) an identification of such source code, including (a) version number(s), (b) the compiler used in the development of such source code and (c) the operating system used in the development of such source code. "Source Code" also covers prototypes, released and unreleased versions, and public and proprietary versions.

27. "Implemented Alteration" means (1) any change made to any of the Accused Features in any Samsung product, (2) any substitution of an Accused Feature with a different feature in any Samsung product, (3) any removal of an Accused Feature in any Samsung product, or (4) any subsequent release of a Samsung product that does not include an Accused Feature as implemented in any predecessor to that product; including but not limited to, any such change, substitution, removal, or subsequent release alteration made in response to Apple's assertion of the Apple Patents-in-Suit. Implemented Alteration includes, but is not limited to, any Auto-Correct Alteration, any Slide-to-Unlock Alteration, any Unified Search Alteration, any Synchronization Alteration, any History List Alteration, any Link Actions to Structures Alteration, and/or any Missed Call Management Alteration.

28. "Auto-Correct Alteration" means any change, substitution, or removal of the auto-correct feature identified in Apple's infringement contentions (see instrumentalities identified in Apple's June 15, 2012, Disclosure of Asserted Claims and Infringement Contentions and any amendments and/or corrections thereto as infringing the '172 patent ), including, but not limited to, the difference between the manner in which that feature is implemented in the Samsung Galaxy Nexus, and the manner in which the auto-correct feature is implemented in the Samsung Dart, Galaxy Note 10.1, Galaxy Note II, Galaxy Rugby Pro, Galaxy S III, Galaxy Tab 2 10.1, or Illusion.

29. "Slide-to-Unlock Alteration" means any change, substitution, or removal of the unlock feature identified in Apple's infringement contentions (see instrumentalities identified in Apple's June 15, 2012, Disclosure of Asserted Claims and Infringement Contentions and any amendments and/or corrections thereto as infringing the '721 patent), including, but not limited to, the difference between the manner in which that feature is implemented in the Samsung Galaxy Nexus, and the manner in which the unlock feature is implemented in the Samsung Galaxy Note 10.1, Galaxy Note II, Galaxy Player 4.0, Galaxy Player 5.0, Galaxy S III, and Galaxy Tab 2 10.1.

30. "Unified Search Alteration" means any change, substitution, or removal of the unified search feature identified in Apple's infringement contentions (see instrumentalities identified in Apple's June 15, 2012, Disclosure of Asserted Claims and Infringement Contentions and any amendments and/or corrections thereto as infringing the '959 and '604 patents), including, but not limited to, the difference between the manner in which that feature is implemented in the Samsung Galaxy Nexus, and the manner in which the unified search feature is implemented in the Samsung Galaxy Note 10.1, Galaxy Rugby Pro, Galaxy Tab 2 10.1.

31. "Synchronization Alteration" means any change, substitution, or removal of the synchronization feature identified in Apple's infringement contentions (see instrumentalities identified in Apple's June 15, 2012, Disclosure of Asserted Claims and Infringement Contentions and any amendments and/or corrections thereto as infringing the '414 patent).

32. "History List Alteration" means any change, substitution, or removal of the history list feature identified in Apple's infringement contentions (see instrumentalities identified in Apple's June 15, 2012, Disclosure of Asserted Claims and Infringement Contentions and any amendments and/or corrections thereto as infringing the '502 patent).

33. "Link Actions to Structures Alteration" means any change, substitution, or removal of the linking actions to structures feature identified in Apple's infringement contentions (see instrumentalities identified in Apple's June 15, 2012, Disclosure of Asserted Claims and Infringement Contentions and any amendments and/or corrections thereto as infringing the '647 patent).

34. "Missed Call Management Alteration" means any change, substitution, or removal of

Case 5:12-cv-00630-LHK Document 1435-6 Filed 03/11/14 Page 8 of 12
Case 5:12-cv-00630-LHK Document 1281-11 Filed 02/18/14 Page 8 of 12

1  the missed call management feature identified in Apple's infringement contentions (see

2  instrumentalities identified in Apple's June 15, 2012, Disclosure of Asserted Claims and

3  Infringement Contentions and any amendments and/or corrections thereto as infringing the '760

4  patent).

5       35.    "Third Party(ies)" means all persons who are not parties to Case No. 12-cv-00630-

6  LHK (PSG) in the Northern District of California, as well as their officers, directors, employees,

7  agents and attorneys.

8       36.    "Document" shall have the same meaning and scope as in Rule 34 of the Federal

9  Rules of Civil Procedure, and shall include any written, printed, recorded, or graphic matter that is or

10 has been in your actual or constructive possession, custody, or control, regardless of the medium on

11 which it is produced, reproduced, or stored, including anything that can be classified as a "writing,"

12 "original," or "duplicate."  Any document bearing marks, including initials, stamped indicia,

13 comments or notations not part of the original text or photographic reproduction thereof, is a separate

14 document.

15      37.    "And" and "or" shall be construed conjunctively or disjunctively as necessary to make

16 the topic for testimony inclusive rather than exclusive.

17      38.    "Any" and "each" shall be construed to include and encompass "all."

18      39.    "Including" shall not be construed as limiting any topic for testimony, and shall mean

19 the same as "including, but not limited to."

20      40.    "Person" shall include, without limitation, natural persons, corporations, partnerships,

21 business trusts, associations, and business or other entities, and any officer, director, employee,

22 partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

23      41.    "Communication" shall include, without limitation, any written or oral

24 communication, including any conversation in person, by telephone, or by any other means.  A

25 document or thing transferred, whether temporarily or permanently, from one person to another shall

26 be deemed to be a communication between such persons whether or not such document or thing was

27 prepared or created by the transferor or addressed to the transferee.

28      42.    References to any natural person shall include, in addition to the natural person, any

APPLE INC.'S TENTH 30(B)(6) DEPOSITION NOTICE
CASE NO. 12-cv-00630-LHK (PSG)                                                                    5

agent, employee, representative, attorney, superior, or principal thereof.

43. References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

44. "The" shall not be construed as limiting the scope of any topic for testimony.

45. The use of the singular shall also include the plural, and vice-versa.

# TOPICS FOR TESTIMONY

1. All efforts by Samsung to avoid infringement of any of the Apple Patents-in-Suit.

2. Any and all Samsung product design changes and Samsung design decisions that were in any way influenced by the Apple Patents-in-Suit or Apple's assertion of those patents in this case.

3. Any and all Samsung product design changes and Samsung design decisions that were in any way influenced by the Apple 1846 Patents, Apple's assertion of those patents in the 1846 Case, or the jury verdict and judgment of infringement in the 1846 Case.

4. Any and all product design changes and design decisions Samsung made in response to the Court's order granting Apple's motion for a preliminary injunction, dated June 29, 2012, including, but not limited to, any design changes or design decisions made in response to the Court's ruling that Samsung likely infringed any of the Apple Patents-in-Suit.

5. All facts in Samsung's possession relating to any purported non-infringing alternative technology identified in your response to Apple's Interrogatory No. 29.

6. All facts in Samsung's possession relating to anything you contend is an acceptable noninfringing alternative for any of the Accused Features or Apple Patents-in-Suit.

7. All facts in Samsung's possession relating to the cost of implementing and time needed to implement any purported noninfringing alternative technology identified in your response to Apple's Interrogatory No. 29.

8. All facts in Samsung's possession relating to the cost of implementing and time needed to implement anything you contend is an acceptable noninfringing alternative for any of the Accused Features or Apple Patents-in-Suit.

9. All facts in Samsung's possession relating to the first availability of any purported noninfringing alternative technology identified in your response to Apple's Interrogatory No. 29.

10. All facts in Samsung's possession relating to the first availability of anything you contend is an acceptable noninfringing alternative for any of the Accused Features or Apple Patents-in-Suit.

11. All facts in Samsung's possession relating to when any purported noninfringing alternative technologies to the Apple Patents-in-Suit or the Accused Features was first actually used

or implemented in any Product, including, but not limited to, any technologies referenced in your response to Apple's Interrogatory No. 29.

12. All facts and circumstances relating to any Implemented Alteration.

13. All facts and circumstances relating to the creation, development, maintenance, and support of any Implemented Alteration.

14. All facts and circumstances relating to consumer opinion, public opinion, or customer feedback regarding any Implemented Alteration.

15. All facts and circumstances relating to when any Implemented Alteration was first implemented or first became available for use in any Product, including, but not limited to, any Samsung Product.

16. All facts and circumstances relating to the amount of time or money spent developing, testing, or implementing any of the Implemented Alterations.

17. The reasons for, and purposes of, any Implemented Alteration.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of **Plaintiff and Counterclaim-Defendant Apple Inc.'s Tenth 30(b)(6) Deposition Notice** was served on April 9, 2013, by electronic mail upon the following counsel of record:

Kevin P.B. Johnson
Victoria F. Maroulis
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com

Charles K. Verhoeven
Kevin A. Smith
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com

William Price
Michael Fazio
Amar Thakur
Jeanine M. Zalduendo
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
williamprice@quinnemanuel.com
michaelfazio@quinnemanuel.com
amarthakur@quinnemanuel.com
jeaninezalduendo@quinnemanuel.com

John Caracappa
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
jcaracap@steptoe.com

Dated: April 9, 2013                    /s/     *Heather J. Fischer*
                                                Heather J. Fischer