| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) <br> jkrevitt@gibsondunn.com <br> H. MARK LYON (CA SBN 162061) <br> mlyon@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 1881 Page Mill Road <br> Palo Alto, California  94304-1211 <br> Telephone:  (650) 849-5300 <br> Facsimile:  (650) 849-5333 | WILLIAM F. LEE (*pro hac vice*) <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br>     HALE AND DORR LLP <br> 60 State Street <br> Boston, Massachusetts  02109 <br> Telephone:  (617) 526-6000 <br> Facsimile:  (617) 526-5000 |
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> JACK W. LONDEN (CA SBN 85776) <br> jlonden@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> RUTH N. BORENSTEIN (CA SBN 133797) <br> rborenstein@mofo.com <br> ERIK J. OLSON (CA SBN 175815) <br> ejolson@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 | MARK D. SELWYN (CA SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br>     HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California  94304 <br> Telephone:  (650) 858-6000 <br> Facsimile:  (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 12-cv-00630-LHK (PSG) <br><br> **APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE PORTIONS OF DR. VELLTURO'S SUPPLEMENTAL REPORT)** |

1    In accordance with Civil L.R. 7-11 and 79-5, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") hereby moves for an order to seal portions of Apple's Opposition to Samsung's Motion to Strike Portions of Vellturo's Supplemental Report ("Apple's Opposition").

Apple has narrowly tailored its request to protect its most confidential information. Apple's Opposition should be sealed for the reasons set forth in the accompanying Declaration of Jennifer Rho ("Rho Declaration"). As explained in the Rho Declaration, certain information in Apple's Opposition can be used to derive Apple's confidential financial information, and particularly Apple's non-public, highly confidential profit margin data.

Both this Court and the Federal Circuit deem non-public financial information to be sealable. *See, e.g., Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV-01846 (N.D. Cal.) (Dkt. No. 2397) (Sep. 11, 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *9-10 (Fed. Cir. 2013). Moreover, the Federal Circuit held that Apple's and Samsung's "strong interest in keeping their detailed financial information sealed and the public's relatively minimal interest in this particular information" warranted filing such information under seal. *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *10. It is also the case here that there is minimal interest of the public in this information; the financial information at issue is not necessary to understanding the parties' arguments.

This is the case with the information at issue in Apple's Opposition. As detailed in both the supporting Rho declaration and declarations of Apple's Finance Manager Mark Buckley previously filed in this and Case no. 11-cv-1846 between Apple and Samsung, Apple considers its profit margin information to be highly confidential. *See, e.g.,* D.I. 442-1, 442-2, Declaration of Mark Buckley (Apr. 8, 2013); *see also* Case No. 11-cv-1846, D.I. 2986, Declaration of Mark Buckley (Feb. 25, 2014). Moreover, as further detailed in the Rho and Buckley declarations incorporated therein, the public disclosure of information that could cause the revelation of Apple's profit margins – which is highly confidential and which Apple does not make available publicly – would cause Apple severe harm.

1   Pursuant to Civil L.R. 7-11, Samsung's counsel met and conferred with Apple's counsel
2  regarding this motion to seal.  Samsung does not oppose Apple's Administrative Motion to File
3  Documents Under Seal (Apple's Opposition to Samsung's Motion to Strike Portions of Dr.
4  Vellturo's Supplemental Report) as a procedural mechanism for filing portions of Apple's
5  Opposition and supporting documents under seal.  Samsung reserves the right to challenge any
6  proposed redactions to the extent it believes those redactions improperly seal non-confidential
7  information.  Within 7 days of Samsung filing its declaration in support of sealing, the parties
8  will prepare and Apple will file a final consolidated and conformed copy of the documents
9  identifying what information Apple, Samsung, and any third parties have supported sealing in
10 their declarations.

Dated:  March 11, 2014

MORRISON & FOERSTER LLP

*/s/* Rachel Krevans
Rachel Krevans

Attorneys for Plaintiff and
Counterclaim-Defendant
APPLE INC.