JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone:  (650) 849-5300
Facsimile:  (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF JENNIFER RHO IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE PORTIONS OF DR. VELLTURO'S SUPPLEMENTAL REPORT)** |

I, Jennifer Rho, declare and state as follows:

1. I am a member of the California State Bar, an associate in the law firm of Gibson, Dunn & Crutcher LLP, and counsel for Apple, Inc. ("Apple").  Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in support of Apple's Administrative Motion to File Documents Under Seal Documents (Apple's Opposition to Samsung's Motion to Strike Portions of Dr. Vellturo's Supplemental Report ("Motion to Seal"), filed in connection with Apple's Opposition to Samsung's Motion to Strike Portions of Vellturo's Supplemental Report ("Apple's Opposition"), to confirm that there is good cause to seal portions of Apple's Opposition, as they are confidential and sealable.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them under oath.

2. Certain portions of Apple's Opposition contain Apple's information that could be used to derive Apple's confidential financial information.  Apple thus seeks to support the sealing of the information highlighted in yellow in Apple's Opposition.

3. The type of information Apple seeks to protect is highly confidential, and the harm that would be caused to Apple from the public disclosure of such information outweighs the public's interest in such information in this case.  *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV-01846 (N.D. Cal.) (Dkt. No. 2397) (Sep. 11, 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *9-10 (Fed. Cir. 2013).

**Apple's Confidential Financial Information**

4. Certain information in Apple's Opposition can be used to derive Apple's confidential financial information, and particularly Apple's non-public, highly confidential profit margin data.  As more extensively detailed in prior declarations submitted to the Court from Apple's employees, and particularly Apple Finance Manager Mark Buckley, Apple considers this financial information to be highly confidential.  *See, e.g.,* D.I. 442-1, 442-2, Declaration of Mark Buckley (Apr. 8, 2013).  Mr. Buckley has explained that Apple goes to "extensive lengths to protect the confidentiality of its financial information," calling it "among

the most painstakingly protected information at the company, on par with source code." *Id.* at 1-3; *see also* D.I. 685-1, Declaration of Mark Buckley at 2.  Indeed, Apple's profit and loss data for particular products is only shared with a very limited group of people, including, for example, the company's CFO, CEO, Board, and Executive Team.  It is not shared externally. D.I. 442 at 3.

5. Apple's Opposition contains information that could be used to derive Apple's highly confidential profit information.  In particular, Apple's Opposition contains information that could be used in conjunction with other financial information and sales data contained in the parties' briefing in order to calculate Apple's profits.  And I understand that this information has not been publicly disclosed.  Thus, and as further explained in Mr. Buckley's February 25, 2014 Declaration filed in Case No. 11-cv-1846, should this information become public, Apple's profit margin data could be determined.  *See* D.I. 2986.  I understand that the Court granted Apple's motion to seal this information during the damages retrial in the 1846 case.  *See* 1846 Trial Tr., vol. 3, 646:1-14 (sealing Apple exhibit 25G1).  I further understand that, while Apple disclosed this information to the jury during the damages retrial, it did so in a way designed to avoid disclosure to the general public in the courtroom or mention in the transcript.  *See id.* 675:3-11.

6. As Mr. Buckley has explained, the public disclosure of information that could cause the revelation of Apple's profit margins – which is highly confidential and which Apple does not make available publicly – would cause Apple severe harm.  Declaration of Mark Buckley, D.I. 685-1 at 1-2, 7-16 (July 15, 2013); *see also* Declaration of Mark Buckley, D.I. 442-1, 442-2 (Apr. 8, 2013); D.I. 1416, Case No. 11-cv-1846 (July 27, 2012).  Such information thus would provide far more insight into Apple's operating expenses and finances than Apple has previously disclosed to the public – or, as Mr. Buckley confirmed, is disclosed in practice by other companies in Apple's industry, and particularly Apple's competitors.  *See* D.I. 442 at 1-2; D.I. 685.  As just one example, the public disclosure of this information, which is not typically made available by Apple's competitors, would thereby give those competitors of Apple insight

into "how and why Apple has made strategic decisions." D.I. 442 at 3. Mr. Buckley explained that, for example, the disclosure of this type of Apple's confidential financial information could "permit Apple's competitors to tailor their product offerings, advertising, costs, budgets, and business strategies to more effectively compete with Apple." D.I. 442-1 at 3; D.I. 685 at 2-6.

7.   Moreover, access to Apple's profit margin information would give Apple's competitors a substantial and unfair advantage over Apple. Knowledge of such information – none of which is disclosed publicly by Apple or by Apple's competitors – would provide an economic boon to Apple's competitors if disclosed, giving them a substantial and unfair advantage over Apple. *See, e.g.,* D.I. 442-1 at 5. As Mr. Buckley explained, knowledge of such information could allow Apple's competitors to determine what price levels would make Apple's products unprofitable to Apple, and target their product offerings accordingly. Even if Apple's competitors' products are not identical to the Apple products in question, the price of such competitor products affect the demand for Apple's products. *Id.* at 4. Indeed, as Mr. Buckley explained, public disclosure of this information would give Apple's competitors an asymmetric advantage: Apple's competitors do not publicly disclose such data, and Apple has no access to similar data from the competitors that would use this information against Apple. *Id.* at 5; D.I. 685 at 2-16.

8.   I further understand that both this Court and the Federal Circuit deem non-public financial information to be sealable. *See, e.g., Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV-01846 (N.D. Cal.) (Dkt. No. 2397) (Sep. 11, 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *9-10 (Fed. Cir. 2013). Moreover, the Federal Circuit held that Apple's and Samsung's "strong interest in keeping their detailed financial information sealed and the public's relatively minimal interest in this particular information" warranted filing such information under seal. *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *10. It is also the case here that there is minimal interest of the public in this information; the financial information at issue is not necessary to understanding the parties' arguments.

1                               \*     \*     \*

2       9.  The relief requested above is necessary and narrowly tailored to protect the confidentiality of Apple's financial information.

4       I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Dated: March 11, 2014

                                                       */s/ Jennifer J. Rho*
                                                          Jennifer J. Rho

**ATTESTATION**

I, Rachel Krevans, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Jennifer Rho has concurred in this filing.

Dated: March 11, 2014                     */s/ Rachel Krevans*