QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**REPLY IN SUPPORT OF SAMSUNG'S MOTION TO STRIKE PORTIONS OF DR. VELLTURO'S SUPPLEMENTAL EXPERT REPORT** |

Apple's Opposition turns the Court's reasoning on its head.  The Court's prior ruling follows *Grain Processing Corp. v. Am. Maize-Prods. Co.,* 185 F.3d 1341 (Fed. Cir. 1999), which denied lost profits where the infringer had available noninfringing alternatives "even before the period of infringement," and "before [the patentee] became eligible" for damages.  1846 Dkt. 2660 at 3 (citing *Grain Processing,* 185 F.3d at 1348).  The same law applies here.  Dr. Vellturo concedes that Samsung had alternatives to the '647 patent available several months before the period of infringement and before Apple became eligible for damages.  But Apple now says that the Court's order requires him to ignore those alternatives, and to assume that Samsung would have taken no action to implement those alternatives.  Apple does not dispute that Dr. Vellturo's analysis is flatly inconsistent with *Grain Processing*; indeed, Apple simply ignores that controlling authority altogether.[1]

Apple fails to address the absurdity of Dr. Vellturo's assumptions about the but-for world. Apple does not dispute that Dr. Vellturo assumes that Samsung *knowingly* would have designed infringing products, even though noninfringing alternatives to the '647 were available, and then withdrawn its products immediately after release before developing the very same alternatives it had ignored for the better part of a year.  It is no answer to argue, as Apple does, that it will contend at trial Samsung did just this.  (Opp. at 4.)  In the but-for world, the question is what Samsung would have done had it known it would not prevail on noninfringement and invalidity. *See Grain Processing,* 185 F.3d at 1350-51 (reconstruction of the "but-for" world must account for "alternative actions the infringer foreseeably would have undertaken had he not infringed");

---

[1] Apple's reliance on the Court's discussion of the hypothetical negotiation in a reasonable royalty analysis misses the mark.  *See* 1846 Dkt. 2660 at 8 (citing *Wang Labs., Inc. v. Toshiba Corp.*, 993 F.2d 858, 870 (Fed. Cir. 1993).  In *Wang*, the court held a hypothetical negotiation would take place at first infringement even if the defendant did not have notice—i.e., the scenario in the 1846 case.  *See Wang*, 993 F.2d at 870.  Where notice occurs before infringement, as for the '647 patent, this Court holds that the hypothetical negotiation may account for conditions as of the earlier notice date.  *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. 03-1431-SBA, 2006 WL 1390416, at *5 (N.D. Cal. May 18, 2006).  *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356 (Fed. Cir. 2006), deals with the *res judicata* effect of a prior jury's royalty award for a different product, and is not on point.

*accord* 1846 Dkt. 2660 at 4.  And it is of no matter that Ms. Davis assumed that Samsung would sell products before the '915 patent issued in November 2010 (*see* Opp. at 4), because that is not the same as assuming in the but-for world that Samsung would have ignored the opportunity to design around the '915 patent.

This Court has never ruled on design around start dates where notice precedes first infringement because it has never been presented with the question.  Apple admits Dr. Vellturo's calculation of off-the-market lost profits for the '647 patent is new.  Samsung's *Daubert* motion did not challenge those calculations because his original report did not present any such calculations.  Samsung objected, in both cases, to the failure of Apple's experts to account for admitted design around possibilities before Apple became eligible for damages.[2]  In the 1846 case, where infringement preceded actual notice, Samsung argued that any design around period would begin on the date of first infringement "and not some later date, such as the date of first notice."  1846 Dkt. 2660 at 7.  The Court agreed, rejecting Apple's argument that the design-around process "would begin no earlier than the date of first notice."  *Id*. at 6-7.  Apple concedes that the scenario for the '647 patent, notice preceding infringement, never arose in the 1846 case.

The Court's *Daubert* order does not excuse Dr. Vellturo's new theories.  "To admit a brand new damages theory on the literal eve of trial would be grossly prejudicial to Samsung." 1846 Dkt. 2719 at 5.  Apple has no grounds to complain that Samsung did not previously ask the Court to address a damages calculation that was never disclosed.  Because Samsung did not waste the Court's time seeking an advisory ruling on an opinion not offered, Apple asks the Court to ignore the sound reasoning of its prior orders and instead follow a rule that was never meant to apply to the facts about the '647 patent, and which Apple does not even attempt to reconcile with *Grain Processing*.  Dr. Vellturo's new opinion on the '647 patent should be stricken.

---

[2] *See, e.g.,* 1846 Dkt. 2382 (arguing that is improper to ignore the possibility that Samsung "could have completed its design around before receiving notice."); Dkt. 2432 at 2 (objecting to "the legally incorrect assumption that non-infringing alternatives available before the date of actual notice . . . should be ignored."); Dkt. 2598 at 4 ("[A] patentee cannot recover lost profits if an acceptable noninfringing alternative was available before the 'critical' accounting period.").

| | |
|---|---|
| DATED: March 12, 2014 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | |
| | */s/ Victoria Maroulis* |
| | Charles K. Verhoeven |
| | Kevin P.B. Johnson |
| | Victoria F. Maroulis |
| | William C. Price |
| | Attorneys for SAMSUNG ELECTRONICS CO., I SAMSUNG ELECTRONICS AMERICA, INC., a SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

-3-   Case No. 12-cv-00630-LHK
REPLY ISO SAMSUNG'S MOT. TO STRIKE PORTIONS OF DR. VELLTURO'S SUPPL. EXPERT RPT