1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A
# PROPOSED UNDISPUTED INSTRUCTIONS

1

**GENERAL CIVIL INSTRUCTIONS**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 1**
**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. Do not let personal likes or dislikes, opinions, prejudices, bias, or sympathy influence your decision. Bias includes bias for or against any party or any witness based upon nationality, race or ethnicity. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Source:

11-CV-01846 Final Instruction No. 1 (Dkt. No. 1903 at 8).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 2**
**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source:

11-CV-01846 Final Instruction No. 2 (Dkt. No. 1903 at 9).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 3**
**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.


Source:

11-CV-01846 Final Instruction No. 3 (Dkt. No. 1903 at 10).

1

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 4**
**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

2

3

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

4

5

6

Source:

7

11-CV-01846 Final Instruction No. 4 (Dkt. No. 1903 at 11).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 5**
**WHAT IS EVIDENCE**

The trial is now over.  The evidence you are to consider in deciding what the facts are consists of:

      1.     the sworn testimony of any witness;

      2.     the exhibits which are received into evidence; and

      3.     any facts to which the lawyers have agreed.

Source:

11-CV-01846 Final Instruction No. 5 (Dkt. No. 1903 at 12).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 7**
**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may have been admitted for a limited purpose only.  You must consider it only for that limited purpose and for no other.

Source:

11-CV-01846 Final Instruction No. 7 (Dkt. No. 1903 at 14).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 9
CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  You may use those charts and summaries as evidence, even though the underlying documents and records are not here.  You should give them only such weight as you think they deserve.

Source:

11-CV-01846 Final Instruction No. 9 (Dkt. No. 1903 at 16).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 10**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Source:

11-CV-01846 Final Instruction No. 10 (Dkt. No. 1903 at 17).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 11**
**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness said, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testified about it.

In considering the testimony of any witness, you may take into account:

    (1)    the opportunity and ability of the witness to see or hear or know the things testified to;

    (2)    the witness's memory;

    (3)    the witness's manner while testifying;

    (4)    the witness's interest in the outcome of the case and any bias or prejudice;

    (5)    whether other evidence contradicted the witness's testimony;

    (6)    the reasonableness of the witness's testimony in light of all the evidence; and

    (7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Source:

11-CV-01846 Final Instruction No. 11 (Dkt. No. 1903 at 18).

1

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 12
IMPEACHMENT EVIDENCE—WITNESS**

2

3

The evidence that a witness lied under oath or gave different testimony on a prior occasion may
be considered, along with all other evidence, in deciding whether or not to believe the witness and
how much weight to give to the testimony of the witness and for no other purpose.

4

5

6

Source:

7

11-CV-01846 Final Instruction No. 12 (Dkt. No. 1903 at 19).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 13**
**TAKING NOTES**

2

3   You may have taken notes during the trial.  Whether or not you took notes, you should rely on
    your own memory of the evidence.  Notes are only to assist your memory.  You should not be
4   overly influenced by your notes or those of your fellow jurors.

5

6   Source:

7   11-CV-01846 Final Instruction No. 13 (Dkt. No. 1903 at 20).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 14**
**DEPOSITION IN LIEU OF LIVE TESTIMONY**

You heard some witnesses testify by deposition.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Source:

11-CV-01846 Final Instruction No. 14 (Dkt. No. 1903 at 21).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 15
USE OF INTERROGATORIES OF A PARTY**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Source:

11-CV-01846 Final Instruction No. 15 (Dkt. No. 1903 at 22).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 16**
**EXPERT OPINION**

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source:

11-CV-01846 Final Instruction No. 16 (Dkt. No. 1903 at 23).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 17**
**USE OF DEVICES DURING DELIBERATIONS**

**<u>Device Handling Directions</u>**

The physical devices you received are evidence in this trial.

You may use them in your deliberations but must not alter or modify the devices in any way.

Some of the devices have SIM cards in their packaging.  These SIM cards are not to be inserted into the phones.

Some of the devices have a mobile data connection.

Others must first be connected to the Court's Wi-Fi network to access the Internet.

Once connected, you must decline any software update notifications that may be presented to you.

You also must not download any content, such as apps, music, photographs, or games, to the devices.

1    *Connecting to the Internet*

2    To connect a device to the Court's Wi-Fi network, select "USDCSJ01" from the list of available
3    wireless networks, as depicted below.

4
5
6
7
8                                  
9
10
11
12
13
14
15

16   From the Applications menu, select the Web Browser application.
17
18
19
20
21                                  
22
23
24
25
26
27
28

From the Court's Wi-Fi log in page, scroll to the bottom and click on the blue "Connect!" button.



1

*Declining System Update Notifications*

2

Some devices may display a "System update" notification like the ones below.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20



21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18   If you see such a screen, you must decline the request to update the system.  Select "Install later"
19   or press the "home" or "back" button to exit the notification screen.

20
21   
22

23   Source:
24
25   11-CV-01846 Final Instruction No. 17 (Dkt. No. 1903 at 24-28).

26
27
28

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 19**
**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source:

11-CV-01846 Final Instruction No. 19 (Dkt. No. 1903 at 31).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 20**
**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Source:

11-CV-01846 Final Instruction No. 20 (Dkt. No. 1903 at 32).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 21**
**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Source:

11-CV-01846 Final Instruction No. 21 (Dkt. No. 1903 at 33).

**PATENT JURY INSTRUCTIONS**

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 23
PATENTS—INFRINGEMENT BURDEN OF PROOF**

I will now instruct you on the rules you must follow in deciding whether either Apple or Samsung (or both) has proven that the other side has infringed one or more of the asserted claims of the asserted patents.  To prove infringement of any claim, the patent holder must persuade you by a preponderance of the evidence that the alleged infringer has infringed that claim.


Source:

Adapted from 11-CV-01846 Final Instruction No. 23 (Dkt. No. 1903 at 36).

1

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 26
PATENTS—LITERAL INFRINGEMENT**

2

3

To decide whether each accused Samsung and Apple product literally infringes a claim of an
asserted patent, you must compare the product with the patent claim and determine whether every
requirement of the claim is included in that product.  If so, the Samsung or Apple product in
question literally infringes that claim.  If, however, a particular Samsung or Apple product does
not have every requirement in the patent claim, that product does not literally infringe that claim.
You must decide literal infringement for each asserted claim separately.

4

5

6

7

If the patent claim uses the term "comprising," that patent claim is to be understood as an open
claim.  An open claim is infringed as long as every requirement in the claim is present in the
accused product.  The fact that a particular accused Samsung or Apple product also includes other
parts or steps will not avoid infringement, as long as it has every requirement in the patent claim.

8

9

10

Source:

11

Adapted from 11-CV-01846 Final Instruction No. 26 (Dkt. No. 1903 at 39).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 29**
**PATENTS—INVALIDITY—BURDEN OF PROOF**

3

4

5

I will now instruct you on the rules you must follow in deciding whether each party has proven that claims of the other side's patents are invalid.  Before discussing the specific rules, I want to remind you about the standard of proof that applies to this defense.  To prove invalidity of any patent claim, the alleged infringer must persuade you by clear and convincing evidence that the claim is invalid.

6

7

Source:

8

9

Adapted from 11-CV-01846 Final Instruction No. 29 (Dkt. No. 1903 at 42) and N.D. Cal. Model Patent Jury Instr. B.4.1.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 31
PATENTS—WRITTEN DESCRIPTION REQUIREMENT**

A patent claim is invalid if the patent does not contain an adequate written description of the claimed invention.  The purpose of this written description requirement is to demonstrate that the inventor was in possession of the invention at the time the application for the patent was filed, even though the claims may have been changed or new claims added since that time.  The written description requirement is satisfied if a person of ordinary skill in the field reading the patent application at the time it was filed would have recognized that the patent application described the invention as claimed in the patent, even though the description may not use the exact words found in the patent claim.  A requirement in a claim need not be specifically disclosed in the patent application as originally filed if a person of ordinary skill would understand that the missing requirement is necessarily implied in the patent application as originally filed.

Source:

Adapted from 11-CV-01846 Final Instruction No. 30 (Dkt. No. 1903 at 43).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 34**
**PATENTS—OBVIOUSNESS**

Not all innovations are patentable.  A patent claim is invalid if the claimed invention would have been obvious to a person of ordinary skill in the field at the time of invention.  This means that even if all of the requirements of the claim cannot be found in a single prior art reference that would anticipate the claim or constitute a statutory bar to that claim, a person of ordinary skill in the field who knew about all this prior art would have come up with the claimed invention.

The ultimate conclusion of whether a claim is obvious should be based upon your determination of several factual decisions.

First, you must decide the level of ordinary skill in the field that someone would have had at the time the claimed invention was made.  In deciding the level of ordinary skill, you should consider all the evidence introduced at trial, including:

    (1)    the levels of education and experience of persons working in the field;

    (2)    the types of problems encountered in the field; and

    (3)    the sophistication of the technology.

Second, you must decide the scope and content of the prior art.  The parties disagree as to whether certain prior art references should be included in the prior art you use to decide the validity of claims at issue.  In order to be considered as prior art to a particular patent at issue here, these references must be reasonably related to the claimed invention of that patent.  A reference is reasonably related if it is in the same field as the claimed invention or is from another field to which a person of ordinary skill in the field would look to solve a known problem.

Third, you must decide what differences, if any, existed between the claimed invention and the prior art.

Finally, you should consider any of the following factors that you find have been shown by the evidence:

    (1)    commercial success of a product due to the merits of the claimed invention;

    (2)    a long felt need for the solution provided by the claimed invention;

    (3)    unsuccessful attempts by others to find the solution provided by the claimed invention;

    (4)    copying of the claimed invention by others;

    (5)    unexpected and superior results from the claimed invention;

    (6)    acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention; and

(7)     independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it.

The presence of any of factors 1-6 may be considered by you as an indication that the claimed invention would not have been obvious at the time the claimed invention was made, and the presence of factor 7 may be considered by you as an indication that the claimed invention would have been obvious at such time.  Although you should consider any evidence of these factors, the relevance and importance of any of them to your decision on whether the claimed invention would have been obvious is up to you.

A patent claim composed of several elements is not proved obvious merely by demonstrating that each of its elements was independently known in the prior art.  In evaluating whether such a claim would have been obvious, you may consider whether the alleged infringer has identified a reason that would have prompted a person of ordinary skill in the field to combine the elements or concepts from the prior art in the same way as in the claimed invention.  There is no single way to define the line between true inventiveness on the one hand (which is patentable) and the application of common sense and ordinary skill to solve a problem on the other hand (which is not patentable).  For example, market forces or other design incentives may be what produced a change, rather than true inventiveness.  You may consider whether the change was merely the predictable result of using prior art elements according to their known functions, or whether it was the result of true inventiveness.  You may also consider whether there is some teaching or suggestion in the prior art to make the modification or combination of elements claimed in the patent.  Also, you may consider whether the innovation applies a known technique that had been used to improve a similar device or method in a similar way.  You may also consider whether the claimed invention would have been obvious to try, meaning that the claimed innovation was one of a relatively small number of possible approaches to the problem with a reasonable expectation of success by those skilled in the art.  However, you must be careful not to determine obviousness using the benefit of hindsight; many true inventions might seem obvious after the fact.  You should put yourself in the position of a person of ordinary skill in the field at the time the claimed invention was made and you should not consider what is known today or what is learned from the teaching of the patent.


Source:

Adapted from 11-CV-01846 Final Instruction No. 33 (Dkt. No. 1903 at 46-47).

1

2

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 36
PATENT DAMAGES—BURDEN OF PROOF**

3

4

5

I will instruct you about the measure of damages for claims of patent infringement. By instructing you on damages, I am not suggesting which party should win on any issue. If you find that any party infringed any valid and enforceable claim of the other side's patents, you must then determine the amount of money damages to be awarded to the patent holder to compensate it for the infringement.

6

7

8

9

The amount of those damages must be adequate to compensate the patent holder for the infringement. A damages award should put the patent holder in approximately the financial position it would have been in had the infringement not occurred, but in no event may the damages award be less than a reasonable royalty. You should keep in mind that the damages you award are meant to compensate the patent holder and not to punish an infringer.

10

11

12

Each patent holder has the burden to persuade you of the amount of its damages. You should award only those damages that the patent holder proves it suffered by a preponderance of the evidence. While a patent holder is not required to prove its damages with mathematical precision, it must prove them with reasonable certainty. Neither patent holder is entitled to damages that are remote or speculative.

13

**Source:**

14

Adapted from Case No. 11-CV-01846 Final Instruction No. 35 (Dkt. No. 1903 at 49).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 40**
**PATENT DAMAGES—LOST PROFITS—AMOUNT OF PROFIT**

3

4

5

Apple may calculate its lost profits on any lost sales by computing the lost revenue for sales it claims it would have made but for the infringement and subtracting from that figure the amount of additional costs or expenses it would have incurred in making those lost sales, such as cost of goods, sales costs, packaging costs, and shipping costs.

6

Source:

7

8

Adapted from 11-CV-01846 Final Instruction No. 38 (Dkt. No. 1903 at 52).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 42**
**PATENT DAMAGES—REASONABLE ROYALTY—ENTITLEMENT**

Both Apple and Samsung seek a reasonable royalty for the infringement of their respective patents.

If Apple has not proved its claim for lost profits, or has proved its claim for lost profits for only a portion of the infringing sales, then Apple should be awarded a reasonable royalty for all infringing Samsung sales for which Apple has not been awarded lost profits damages.

Samsung does not make a claim for lost profits.  Samsung should be awarded a reasonable royalty for all infringing Apple sales.


Source:

Adapted from 11-CV-01846 Final Instruction No. 40 (Dkt. No. 1903 at 54).

1
2

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 48
MONETARY REMEDIES—ONLY ONE RECOVERY PER ACCUSED SALE**

3
4
5
6

You should award any remedy to which a party has proven it is entitled with respect to each sale of an accused smartphone or tablet, except that you should not award a party twice for the same sale of any accused smartphone or tablet. This means that if you award lost profits for the sale of a certain number of accused smartphones or tablets, you may not also award reasonable royalties for those same sales. If you award reasonable royalties for the sale of a certain number of accused smartphones or tablets, you may not award lost profits for those same sales.

7
8

You do not have to use the same theory to calculate damages for every sale, however. For example, an award may be split between lost profits for some sales and a reasonable royalty for the remainder of sales.

9
10

For any sale where you measure damages by a reasonable royalty or lost profits, you may include royalty amounts for each patent that you find valid and infringed by the sale or lost profits on that sale.

11

If a sale is awarded one form of monetary recovery, that same sale cannot be awarded another form of monetary recovery.

12

**Source:**

13

Adapted from Case No. 11-CV-01846 Final Instruction No. 74 (Dkt. No. 1903 at 96).

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28