| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| HAROLD J. McELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>JACK W. LONDEN (CA SBN 85776)<br>jlonden@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>RUTH N. BORENSTEIN (CA SBN 133797)<br>rborenstein@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.   12-cv-00630-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE PORTIONS OF VELLTURO'S SUPPLEMENTAL REPORT** |

DOCUMENT SOUGHT TO BE FILED UNDER SEAL - REDACTED

Samsung's motion to strike portions of Dr. Vellturo's supplemental damages report contradicts the arguments that Samsung made in both the 1846 case and this case regarding when the "design-around period" must start. In the 1846 case, Samsung succeeded in reducing Apple's damages demand by hundreds of millions of dollars by persuading the Court that, as a matter of law, the design-around period starts at the first-infringement date, and not the notice date. (1846 Dkt. 2660 at 2.) Samsung then relied on the 1846 order in this case, arguing that "Dr. Vellturo's design-around period for his lost profits calculation are contrary to the Court's recent ruling in NDCA I that, as a matter of law, the design-around period must commence on the date of the first infringement, not on the notice date." (Dkt. 948-4 at 9.) The Court again ruled for Samsung, holding, based on the 1846 order, that "Samsung's motion to exclude Dr. Vellturo's use of notice dates rather than first-infringement dates in his lost profits analysis is GRANTED." (Dkt. 1326 at 3; *see id*. at 42.) The Court allowed Apple until February 28, 2014 to serve "any supplementation of Dr. Vellturo's damages calculations to reflect the proper design-around periods." (*Id*. at 42.)

Consistent with the Court's Order, Apple timely served Dr. Vellturo's supplemental damages calculations, which *no longer were based on notice dates*, and instead were based on dates of first infringement. Samsung agrees that this is what Dr. Vellturo did. (Dkt. 1420-9 ¶ 3.) For the '414, '959, '721 & '172 patents, using the first-infringement dates reduced Apple's lost profits. For the '647 patent, using the first-infringement dates increased Apple's damages.

Unhappy with the new damages calculations for the '647 patent, Samsung has now abandoned the position it twice persuaded this Court to accept, arguing instead that the Court should require Dr. Vellturo to revert back to calculating damages for the '647 patent based on the notice date for that patent—exactly as he had done in the expert report that Samsung successfully challenged. Samsung knew when it filed its *Daubert* motion that Vellturo had relied on notice dates for the '647 patent, not first-infringement dates, but it asked the Court to order him to use the dates of first infringement. Samsung does not support the new request with new authority. Its unhappiness with the repercussions of its successful motion does not justify a different rule now.

Samsung's arguments that Apple's supplementation was untimely—or waived—also are unfounded. Samsung's motion should be denied.

APPLE'S OPP'N TO SAMSUNG'S MOTION TO STRIKE PORTIONS OF VELLTURO'S SUPPLEMENTAL REPORT
CASE NO. 12-cv-00630-LHK (PSG)
pa- 1632987

1

### I. DR. VELLTURO'S SUPPLEMENT IMPLEMENTS THE "FIRST INFRINGEMENT" RULE THAT SAMSUNG REQUESTED AND THE COURT ADOPTED.

Dr. Vellturo's supplement revised his design-around periods for each patent so that each period starts on the date of first infringement, not on the date of first notice. This change is fully consistent with the Court's *Daubert* Order that granted "Samsung's motion to exclude Dr. Vellturo's reliance on design-around periods commencing on notice dates as opposed to the dates of first infringement." (Dkt. 1326 at 42; Dkt. 1198 at 19:1-2.) It is also fully consistent with the Court's 1846 case ruling on this same issue: "The Court concludes that Samsung's position that potential design arounds must be considered *beginning on the date of first infringement is correct as a matter of law*." (1846 Dkt. 2660 at 2 (emphasis added).) Samsung agrees that Dr. Vellturo's supplement uses the date of first infringement, not the date of first notice, for the '647 patent. (Dkt. 1420-9 ¶ 3.) That is what the Court's Order required.

In sharp contrast to Dr. Vellturo's compliance with the Court's Order, Samsung's motion seeks to avoid the very orders it sought and won in this case and the 1846 case. The Court should enforce its orders uniformly, not subject to Samsung's whims.[1]

*First*, starting design-around periods at the date of first infringement is exactly what Samsung argued in its *Daubert* motion and in the 1846 case. Samsung persuaded the Court in the 1846 case that its position "that potential design arounds must be considered *beginning on the date of first infringement* is correct as a matter of law." (1846 Dkt. 2660 at 2 (emphasis added).) In this case, Samsung argued that Dr. Vellturo's start dates were "contrary to law," and claimed that courts look to "whether noninfringing design arounds are available *starting on the date of first infringement*—even if it is earlier than the notice date." (Dkt. 802-4 at 13.)[2] Samsung asked

---

[1] Apple here and in the 1846 case has consistently taken the position that the design-around issue is a matter of fact, not a rule of law, and that the date of first notice should control. The Court ruled against Apple, and those orders control this proceeding.

[2] Samsung stated its proposed rule in absolute terms, emphasizing that courts look to whether design arounds are available "*on the date of first infringement*." (Dkt. 802-4 at 13.) By then asserting that the rule applied "even if" first infringement was earlier than notice (*id.*), Samsung confirmed that its asserted rule was absolute, and indicated that it considered only post-notice infringement—not the '647 patent's circumstances of pre-notice infringement—as requiring clarification that the rule applied.

1   the Court to apply the 1846 order in this case, arguing: "Dr. Vellturo's design-around period for
2   his lost profits calculation are contrary to the Court's recent ruling in NDCA I that, *as a matter of*
3   *law, the design-around period must commence on the date of the first infringement, not on the*
4   *notice date*." (Dkt. 948-4 at 9:21-23 (emphasis added).)  Samsung sought to apply this rule even
5   though it knew that Dr. Vellturo had previously used the earlier notice date, not the first-
6   infringement date, with respect to the '647 patent.  Having received specific relief from the Court,
7   Samsung cannot change its request now.

8        *Second*, in compliance with the Court's Order, Dr. Vellturo used first-infringement dates,
9   rather than notice dates, for *all* of Apple's asserted patents.  Using first-infringement dates
10  resulted in a *reduction* of Apple's "off the market" lost profits for the '414, '959, '721 & '172
11  patents—indeed, it eliminated "off the market" lost profits for the '414 and '959 patents, and
12  virtually eliminated "off the market" lost profits for the '721 patent—but increased damages for
13  the '647 patent.  Dissatisfied with even-handed application of the first-infringement rule that
14  Samsung successfully advocated in both the 1846 case and this case, Samsung now asks the
15  Court to start the design-around period for the '647 patent—and only the '647 patent—with the
16  notice date, because using the notice date for that patent benefits Samsung.  At the same time,
17  Samsung seeks the benefit of the first-infringement rule for the other four Apple patents in this
18  case—as Samsung benefited from the first-infringement rule in the 1846 case.  The Court should
19  reject Samsung's invitation to create a new and different rule of law that would start the design-
20  around period differently for different patents, based solely on which date would benefit
21  Samsung.

22       *Third*, in the 1846 case, Samsung argued for a **rule of law** that did not depend on the
23  individual factual circumstances of a case.  Rather, Samsung argued that the start date for
24  reconstructing the hypothetical market in a lost profits context should be exactly the same as it is
25  for the hypothetical negotiation in the reasonable royalty context, *i.e.*, the date of first
26  infringement.  (1846 Dkt. No. 2598 at 5.)  *See, e.g.*, *Applied Med. Resources Corp. v. U.S.*
27  *Surgical Corp.*, 435 F.3d 1356, 1361-62 (Fed. Cir. 2006) (hypothetical negotiation date starts at
28  beginning of infringement being redressed, not earlier infringement).  The Court agreed with

APPLE'S OPP'N TO SAMSUNG'S MOTION TO STRIKE PORTIONS OF VELLTURO'S SUPPLEMENTAL REPORT
CASE NO. 12-cv-00630-LHK (PSG)
pa- 1632987

3

Samsung.  (1846 Dkt. 2660 at 8.)  Dr. Vellturo's supplement faithfully follows this ruling and starts the design-around period on the date of first infringement for the ten products in the upcoming trial.  The Court's grant of Samsung's request to apply first-infringement dates in 1846 eliminated $305 million from Apple's damages request in the damages retrial.  (*Compare* 1846 PX25F.2 (requesting $114 million in lost profits based on a "first-infringement" approach), *with* 1846 Dkt. 2386-2 (Davis report) Ex. 17.1-PT-H (requesting $419 million based on a "first-notice" approach).)  Samsung now wishes to change that rule in an effort to eliminate the ▮▮▮▮ attributed to "off the market" lost profits for the '647 patent in Dr. Vellturo's supplement.  (Dkt. 1420-6.)  Having benefited from the rule in the 1846 case to deprive Apple of substantial damages, Samsung should not be permitted to revise it here.

*Fourth,* Samsung's claim that the first-infringement rule leads to an allegedly "absurd" result is misguided and inconsistent with how that rule was applied in the 1846 case.  Samsung complains that the rule would create a scenario in which Samsung markets a product, has to remove it, and reintroduces it once a redesign was available.  Yet that is not what Dr. Vellturo's analysis assumes; instead, his analysis begins on the date of the *first sale* of the first accused product that is going to trial.  (Dkt. 1420-5 ¶ 5.)  Moreover, this allegedly absurd result is the scenario that Ms. Davis *was required to use* in the retrial.  Both the Captivate and Epic 4G were on sale before the design-around period used by Ms. Davis, and the prior order required her to assume that the products would be removed from the market in November 2011 at the start of the design-around period, and then reintroduced at the end of May 2011, because of Samsung's first-infringement rule.  (1846 Dkt. 2386-2.)  Finally, the idea that Samsung would knowingly infringe, rather than implement what it now alleges was an easy design around, is not absurd.  It is what Samsung actually did with respect to the '647 patent.[3]

---

[3] Samsung relegates several meritless complaints to a footnote.  (Mot. at 2 n.1.)  (1) The parties agreed that "neither party will object" to Google depositions taken after the discovery cutoff.  (Dkt. 666 at 2.)  (2) The introduction of iPhone 5s and iPad Air (and discontinuation of the iPhone 5) occurred after the expert report; regardless, their removal from the *Mor-Flo* analysis *reduces* damages.  (Dkt. 1420-5 ¶¶ 11, 21-22.)  (3) Dr. Vellturo's reduction of royalty units reflects new data on sales after June 2013 and again *reduces* Apple's damages.  Adjustments (3)
(Footnote continues on next page.)

APPLE'S OPP'N TO SAMSUNG'S MOTION TO STRIKE PORTIONS OF VELLTURO'S SUPPLEMENTAL REPORT
CASE NO. 12-cv-00630-LHK (PSG)
pa- 1632987

4

## II.  DR. VELLTURO'S SUPPLEMENTATION WAS TIMELY.

When Samsung moved to exclude Dr. Vellturo's calculations that used notice dates as the start of the design-around period for each patent, it argued that allowing him to submit revised calculations would be "improper and untimely." (Dkt. 948-3 at 10.) The Court rejected that argument and allowed Apple to serve any supplementation "to reflect the proper design-around periods" before February 28, 2014. (Dkt. 1326 at 42.) Apple served its supplement well before that deadline (which Samsung does not contest). Samsung offers no reason for the Court to reconsider its Order allowing the supplementation or to find Samsung was prejudiced by Apple's compliance with that Order.

Nor can Samsung show that Apple's statements at the *Daubert* hearing waived inclusion of "off the market" damages for the '647 patent. Ms. Krevans stated that, for three patents, "the design around period will start . . . long enough before the notice date that the design around period will be over before we get to the notice date because infringement started before the notice date." (Dkt. 1198 at 61:1-5.) This statement could not have referred to the '647 patent, because the '647 indisputably does not satisfy the stated criterion of infringement before the notice date— indeed, Samsung objects to Dr. Vellturo's supplementation regarding the '647 patent because infringement started *after* the notice date. Samsung's attempt to construe Ms. Krevans' reference to "three" patents as abandoning a claim to off-the-market lost profits for the '647 patent—even though the '647 plainly does not meet the stated criterion—improperly ignores the substance of her statement.[4]

---

(Footnote continued from previous page.)

and (4) are based on the parties' stipulation permitting experts to update their calculations for new financial information regarding sales that was exchanged on February 10, 2014. (Dkt. 1239 at 1.)

[4] Ms. Krevans' comments correctly identify that, for the '414, and '959 patents, infringement predates notice and thus no damages are claimed. For the '721 patent, Ms. Krevans was close but off by two weeks. Under the "first-infringement rule," the earlier design-around period that starts with first infringement and the later notice period overlap by two weeks, resulting in a small (but not zero) lost profits amount. The resulting change is consistent with the manner in which the first-infringement rule applied to the '915 patent in the 1846 case. Because of this small overlap, Ms. Krevans misspoke concerning the '721 patent, but that is not a reason to grant a motion to strike Dr. Vellturo's calculations regarding the '647 patent.

APPLE'S OPP'N TO SAMSUNG'S MOTION TO STRIKE PORTIONS OF VELLTURO'S SUPPLEMENTAL REPORT
CASE NO. 12-cv-00630-LHK (PSG)
pa- 1632987

5

Dated: March 11, 2014                    MORRISON & FOERSTER LLP

                                         By:  */s/ Rachel Krevans*
                                              RACHEL KREVANS

                                         Attorneys for Plaintiff and
                                         Counterclaim-Defendant
                                         APPLE INC.

APPLE'S OPP'N TO SAMSUNG'S MOTION TO STRIKE PORTIONS OF VELLTURO'S SUPPLEMENTAL REPORT
CASE NO. 12-cv-00630-LHK (PSG)
pa- 1632987

6