QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S ADMINISTRATIVE MOTION FOR LIMITED ADDITIONAL CLAIM CONSTRUCTION FOR THE '239 PATENT CLAIM 15 TERM "MEANS FOR TRANSMISSION OF SAID CAPTURED VIDEO OVER A CELLULAR FREQUENCY"** |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Civil L.R. 7-11, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do respectfully bring this Administrative Motion to have the Court schedule briefing and hearing and provide claim construction of the term "means for transmission of said captured video over a cellular frequency" from claim 15 of U.S. Patent No. 5,579,239 (the "'239 Patent").

DATED: March 13, 2014                QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By  /s/ Victoria F. Maroulis
                                         Charles K. Verhoeven
                                         Kevin P.B. Johnson
                                         William C. Price
                                         Victoria F. Maroulis
                                         Michael L. Fazio
                                         Attorneys for SAMSUNG ELECTRONICS CO.,
                                         LTD., SAMSUNG ELECTRONICS AMERICA,
                                         INC., and SAMSUNG
                                         TELECOMMUNICATIONS AMERICA, LLC

## I. INTRODUCTION

Apple raised the issue of additional claim construction with the Court at the July 31, 2013 case management hearing. Samsung indicated that any claim construction should wait until after the case is fully narrowed. The Court agreed, stating "I'm not going to do any additional claim construction until after you've fully narrowed the case because I don't want to do any hypothetical claim construction on issues that aren't going to be tried." Dkt. 750, July 31, 2013 Tr. at 20:19-23.

Now that the case is fully narrowed, Samsung respectfully requests that the Court construe the structure for the single term, "means for transmission of said captured video over a cellular frequency" from claim 15 of U.S. Patent No. 5,579,239. Because the limitation at issue is a means plus function limitation, a construction of this term must be provided prior to trial. *Kemco Sales, Inc. v. Control Papers Co., Inc.*, 208 F.3d 1352, 1360 (Fed. Cir. 2000).

## II. ARGUMENT

### A. The Court Must Construe Means Plus Function Terms as Such Terms Have No Plain and Ordinary Meaning

Under Federal Circuit precedent, once a court establishes that a means plus function limitation is at issue, it must construe that limitation. *Kemco*, 208 F.3d at 1360 ("Once a court establishes that a means-plus-function limitation is at issue, it must construe that limitation, thereby determining what the claimed function is and what structures disclosed in the written description correspond to the "means" for performing that function. These issues are likewise questions of law, reviewed de novo."); *Compression Technology Solutions LLC v. EMC Corp.*, 2013 WL 2368039 at *9 (N.D. Cal. May 29, 2013) (quoting *Kemco*). Here, there is no dispute that the limitation "means for transmission of said captured video over a cellular frequency" in claim 15 is a means plus function claim. In addition, there is no dispute that the corresponding function is "transmission of said captured video over a cellular frequency." Accordingly, the Court must provide a corresponding structure for this one limitation.

### B. If this Claim Construction Dispute Goes to the Jury, The Jury will be Forced to Improperly Perform Claim Construction, Which Will Lead to Jury Confusion and Prejudice Samsung

The Federal Circuit recently reiterated that, as established years ago in *Markman*, claim construction is a matter of law for the Court to determine. *Lighting Ballast v. Philips Elecs.*, 12-2014, Sl. Op. at 10-11, 21-22 (Fed. Cir. Feb. 18, 2014 (Claim construction "is a legal statement of the scope of the patent right"). "When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008). There is a fundamental dispute here that, if not resolved by the Court, would be highly prejudicial to submit to the jury.

The structure of a means plus function claim does not have an ordinary meaning. Determining the structure of a means plus function limitation requires looking to the specification to determine what structures are disclosed for the claimed function. *In re Donaldson Co., Inc.* 16 F.3d 1189 (Fed. Cir. 1994) ("The plain and unambiguous meaning of paragraph six is that one construing means-plus-function language in a claim must look to the specification and interpret that language in light of the corresponding structure, material, or acts described therein, and equivalents thereof, to the extent that the specification provides such disclosure.") If the term is not construed, then the parties will be forced to present their conflicting positions to the jury, and the jury will have to perform claim construction themselves. This would lead to reversible error.

Moreover, Apple will likely attempt to argue that the construction for the claim 1 term "means for transmitting the composite signal" should be the same as the term "means for transmission of said captured video over a cellular frequency." As explained below, these terms are very different, and the construction for the former term relies on claim 1 limitations that are not present in claim 15. Indeed, any presentation of that sort will only confuse the jury, will lead them to an incorrect application of law, and will prejudice Samsung.

Conversely, no party will be prejudiced if the Court construes "means for transmission of said captured video over a cellular frequency." Each party's expert has already opined based on both Apple and Samsung's proposed construction. No supplementation of expert reports is needed.

**C. "Means For Transmission" in Claim 15 Must Have a Different Structure Than "Means for Transmitting" in Claim 1**

During the meet and confer process for this motion, Apple indicated that it would oppose additional claim construction because the Court already construed "means for transmitting said composite signal" from claim 1. Because "means for transmission of said captured video over a cellular frequency" is a completely different term in a completely different claim, applying the same construction would be error. The parties have proposed the following structures:

| Samsung's Proposed Construction | Apple's Proposed Construction |
| --- | --- |
| One or more modems connected to one or more cellular telephones or cellular radio transmitters. | One or more modems connected to one or more cellular telephones, and software performing a software sequence of initializing one or more communications ports on the remote unit, obtaining the stored data file, and transmitting the stored data file. |

**1. The Construction for Claim 1's "Means for Transmitting" is Different Claim 15's "Means for Transmission" and Thus Requires A Different Construction**

It is clear from the claim language that claim 15's "means for transmission of said captured video over a cellular frequency" is different from claim 1's "means for transmitting said composite signal." For example, claim 15 has a different agreed function from claim 1, and claim 15 is means for transmis<u>sion</u> rather than transmit<u>ting</u>. (Dkt. 965-19, Schonfeld Initial Expert Report, ¶¶ 73, 78.) What is transmitted is also different. In Claim 1, a "composite signal" is transmitted, where in claim 15, "video" is transmitted. (*Id.* ¶ 73.) These differences require different claim constructions. *Seachange Inter., Inc. v. C-COR, Inc.*, 413 F.3d 1361 (finding a presumption that two independent claims have different scope when different words or phrases are used in those claims).

**2. The Construction for Claim 1's "Means for Transmitting" Requires Antecedent Basis Back to Claim Terms That are Not Present in Claim 15**

The claims themselves also necessitate a different claim construction. The Court found that the corresponding structure for the claim 1 "means for transmitting" term to be "one or more

1  modems connected to one or more cellular telephones, telephone lines, and/or radio transmitters,
2  and software performing a sequence of initializing one or more communications ports on the
3  remote unit, obtaining the stored data file, and transmitting the stored data file." Dkt. 447 at 63.
4  However, the limitation "means for storing said composite signal" in claim 1 is the antecedent
5  basis for the software limitations "obtaining the stored data file" and "transmitting the stored data
6  file." (Dkt. 965-19, Schonfeld Initial Expert Report, ¶ 79.) The "means for storing" limitation is
7  not found in claim 15. (*Id.* ¶¶ 79-80.)

8  To adopt the same construction as the claim 1 term would mean that the "means for
9  storing" limitation would be improperly imported into claim 15. Such an importation of a
10 functional limitation from the specification into the claim is improper. *Acromed Corp. v. Sofamor*
11 *Danek Group*, 253 F.3d 1371, 1382 (Fed. Cir. 2001) ("Under 35 U.S.C. § 112, P 6, a court may
12 not import into the claim structural limitations from the written description that are unnecessary to
13 perform the claimed function."). The function is "transmission of said captured video over a
14 cellular frequency." There is no need to store, or obtain a stored file to transmit video. (Dkt. 965-
15 19, Schonfeld Initial Expert Report, ¶ 79-80.) There is no requirement that the "video" be in the
16 form of a file at all. (*Id.*)

17                     **3.      Other Differences Require a Different Claim Construction**

18 Samsung will show other reasons why the differences demand a different construction in
19 its claim construction briefing. For example, the term "means for transmission of said captured
20 video over a cellular frequency" already includes additional structure built into the function. (Dkt.
21 965-19, Schonfeld Initial Expert Report, ¶ 81.) Where claim 1's "means for transmitting" term
22 requires transmitting a "composite signal," the transmission in claim 15 is of "video" that is
23 "captured" and is over a "cellular frequency."[1] (*Id.*)

---

25  [1] To the extent the Court adopts a construction other than Samsung's construction, such as
26  the Court's construction of claim 1 or Apple's narrower construction, Samsung should be
    permitted to argue infringement under the doctrine of equivalents pursuant to Judge Grewal's
27  order, as it was prepared to and permitted to argue for claim 1. *See* Dkt. 636 at 17-18 (permitting
    doctrine of equivalents arguments for "means for transmitting" in Claim 1).
28

**D.     Claim Construction for the Term "Means for Transmission of Said Captured Video Over a Cellular Frequency" can be Completed Before Trial**

Samsung proposes the below schedule for briefing and hearing before trial begins. Because only one term is at issue, briefing will not be voluminous, and the hearing need not be long:

Samsung's Opening Brief (5 pages):   March 20

Apple's Responsive Brief (5 pages):   March 25

Hearing:   March 27

Moreover, because Samsung does not expect evidence for the '239 patent to be presented in the first half of the trial, the briefing and hearing may be extended into early April.

## III.   CONCLUSION

For the foregoing reasons, Samsung respectfully requests the Court schedule briefing and hearing and provide claim construction of the term "means for transmission of said captured video over a cellular frequency" from claim 15 of U.S. Patent No. 5,579,239 (the "'239 Patent").

DATED: March 13, 2014         QUINN EMANUEL URQUHART &
                              SULLIVAN, LLP


                              By  /s/ Victoria F. Maroulis
                                  Charles K. Verhoeven
                                  Kevin P.B. Johnson
                                  William C. Price
                                  Victoria F. Maroulis
                                  Michael L. Fazio
                                  Attorneys for SAMSUNG ELECTRONICS CO.,
                                  LTD., SAMSUNG ELECTRONICS AMERICA,
                                  INC., and SAMSUNG
                                  TELECOMMUNICATIONS AMERICA, LLC