# EXHIBIT 1

| | |
|---|---|
| **From:** | Selwyn, Mark [Mark.Selwyn@wilmerhale.com] |
| **Sent:** | Monday, March 10, 2014 10:20 AM |
| **To:** | Todd Briggs; Kolovos, Peter |
| **Cc:** | Victoria Maroulis |
| **Subject:** | RE: Apple v. Samsung -- 239 patent |

Todd:

Your suggestion that the Court "may need to construe the 'means for transmission' limitation in claim 15 of the '239 patent" is surprising, to say the least, given the untimeliness of the request, Samsung's prior insistence that further construction is not necessary, and the fact that the Court has already construed the "means for transmitting" term in claim 1.

The Court has made very clear that it does not intend to do further claim construction given the lack of any justification presented to do so.  *See, e.g.*, 2/20/14 Order on Samsung's Motion to Strike (Docket No. 1301, at 10) ("The parties have not provided a realistic proposal that would allow the Court to feasibly construe additional terms in this case, nor have they explained why the Court's existing, extensive claim construction order is insufficient.").  When Samsung tried to raise new terms for construction and new claim construction arguments during summary judgment, the Court found them to be untimely.  *See* 1/21/14 Summary Judgment Order (Docket No. 1150, at 6-8) ("Practical considerations specific to this case also counsel against engaging in additional claim construction now.  The Court warned the parties at their July 31, 2013 case management conference that, given the fast-approaching Spring 2014 trial date, the Court would not treat the summary judgment phase of this case as a chance for the parties to make additional claim construction arguments.  *See* Hr'g Tr. at 22:13-16, 24:22-25:7.  The Court has learned through two prior trials with these parties, both in Case No. 11-CV-1846, that, given the chance, each side will continue to generate creative linguistic arguments about nearly every term in a claim in order to accuse the other side of 'ignoring the Court's claim construction rulings' or 'adding limitations to the plain language of the claim.'  Resolving those disputes has taken on a 'whack-a-mole' character, one for which the returns have quickly diminished.").  Any Samsung request for additional claim construction now – post summary judgment and post final pretrial hearing -- would be even more untimely.

At the July 31, 2013 CMC, Samsung insisted that it did not want further construction of the means-plus-function terms of the '239 patent except possibly in connection with summary judgment motions.  (7/31/13 CMC Tr. 23-24 (Mr. Johnson: "And so doing construction – claim construction on the one or two terms as part of the summary judgment process here, I think, is the most efficient way to proceed rather than doing it all on the front side when we may be dropping a bunch of these claims on both sides.  And so going through an exercise when we've got a relatively tight schedule with all the experts that are going to be deposed in the case in any event, and we're going to be starting the process anyway, yet doing it more formally as part of the summary judgment motion is probably the right way to go.").  Samsung did not raise any such claim construction issue for the '239 patent in summary judgment motions.  And when, at the summary judgment hearing, the Court gave Samsung another opportunity to propose terms for construction for the '239 patent and others, Samsung again failed to provide any reasonable proposal, as the Court has now found.

Furthermore, the Court construed during the Markman process the "means for transmitting" limitation of claim 1 of the '239 patent.  There is no need to have the Court construe "means for transmission" in view of the guidance provided by the Court's construction of the "means for transmitting" term in claim 1.

Mark

**From:** Todd Briggs [mailto:toddbriggs@quinnemanuel.com]
**Sent:** Saturday, March 08, 2014 7:18 AM
**To:** Selwyn, Mark; Kolovos, Peter

**Cc:** Victoria Maroulis
**Subject:** Apple v. Samsung -- 239 patent

Mark/Peter:

We believe that the Court may need to construe the "means for transmission" limitation in claim 15 of the '239 patent before trial.  Do you have time to discuss Monday morning?

Todd