QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443 3000
Facsimile:  (213) 443 3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**SAMSUNG'S NOTICE OF MOTIONS AND MOTIONS:  (1) TO STAY PORTIONS OF THE COURT'S MARCH 7, 2014 SEALING ORDER [DKT. NO. 1415]; AND (2) FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION OF MARCH 7 SEALING ORDER [DKT. NO. 1415]**<br><br>Judge: Hon. Paul S. Grewal |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................... 1

INTRODUCTION ........................................................................................................................... 1

FACTUAL STATEMENT .............................................................................................................. 2

ARGUMENT ................................................................................................................................... 3

I.     A STAY IS WARRANTED ................................................................................................ 3

     A.     Samsung Has A Strong Likelihood Of Success And Certainly A Substantial Case On The Merits .................................................................................................. 4

          1.     Source Code Information May Be Sealed under the "Good Cause" Standard ............................................................................................................ 4

          2.     The Court previously ruled that source code may be sealed, and that a stay is proper. .................................................................................................... 5

     B.     The Balance Of Harms Tilts Decisively In Samsung's Favor .................................... 6

CONCLUSION ................................................................................................................................ 7

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Christianson v. Colt Indus. Operating Corp.*,
  486 U.S. 800 (1988) ............................................................................................................... 6

*In re Copley Press, Inc. v. Ismael Highera-Guerrero*,
  518 F.3d 1022 (9th Cir. 2008) ................................................................................................ 1

*In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*,
  449 Fed. App'x 35, 36 (Fed. Cir. 2011) .................................................................................. 3

*Dynetix Design Solutions Inc. v. Synopsys Inc.*,
  Case No. 11-cv-05973, 2012 WL 8586372 (N.D. Cal. Dec. 17, 2012) ................................... 5

*In re Elec. Arts, Inc.*,
  298 Fed. App'x 568 (9th Cir. 2008) ....................................................................................... 4

*Foltz v. State Farm Mut. Auto Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) ................................................................................................ 4

*Hilton v. Braunskill*,
  481 U.S. 770 (1987) ............................................................................................................... 3

*Kamakana v. City and Cty. of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ................................................................................................ 4

*Merial Ltd. v. Cipla Ltd.*,
  426 Fed. App'x 915 (Fed. Cir. 2011) ..................................................................................... 3

*United States v. Quintanilla*,
  No. CR 09-01188 SBA, 2011 WL 4502668 (N.D. Cal. Sept. 28, 2011) ................................ 6

*Sch Dist. No. 1 J, Multnomah Cnty., Or. v. ACandS, Inc.*,
  5 F.3d 1255, 1263 (9th Cir. 1993) .......................................................................................... 6

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
  897 F.2d 511 (Fed. Cir. 1990) ............................................................................................ 3, 6

**Statutes**

28 U.S.C. § 636(b)(1)(A) ............................................................................................................ 1, 7

Civil L.R. 7-9(b) ............................................................................................................................. 6

*Fed. R. Civ. P.* 26(c) ...................................................................................................................... 4

*Fed. R. Civ. P.* 72(a) .................................................................................................................. 1, 7

**Miscellaneous**

Restatement of Torts § 757, cmt. b (1939).................................................................................................4

# NOTICE OF MOTIONS AND MOTIONS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") move the Court, pursuant to Rule 62(c) of the *Federal Rules of Civil Procedure*, to stay public disclosure of portions of four exhibits at issue in the Court's March 7, 2014 Order re: Motions to Seal (Dkt. No. 1415) ("March 7 Sealing Order").  Samsung also moves for leave to file a motion for partial reconsideration of the March 7 Sealing Order as to portions of those four exhibits.

## RELIEF REQUESTED

Samsung seeks an order staying portions of the Court's March 7, 2014 Sealing Order until the later of:  (1) the Court's ruling on Samsung's motion for reconsideration, or (2) in the event that the Court denies Samsung leave to file its reconsideration motion (or grants leave but denies the motion), a ruling by Judge Koh on the parties' motion for relief of non-dispositive order pursuant to *Fed. R. Civ. P.* 72(a) and 28 U.S.C. § 636(b)(1)(A) (or in the alternative pending resolution of any appeal to the Federal Circuit).  Samsung also moves for leave to file its motion for partial reconsideration of the March 7 Sealing Order.

DATED: March 14, 2014            QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael L. Fazio*
Victoria F. Maroulis
Michael L. Fazio
Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC

02198.51981/5707037.8

-1-    Case No. 12-cv-00630-LHK (PSG)
SAMSUNG'S MOTIONS TO STAY AND FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Specific portions of four exhibits the Court found were not sealable in its March 7, 2014 Sealing Order (Dkt. No. 1415) include details about Samsung's and third-party Google's[1] source code, including information about the structure of Samsung's and Google's code, file names, and details about the operation of Samsung's and Google's code. Samsung thus respectfully submits this memorandum supporting its motion seeking leave to file a Motion for Reconsideration, and to stay public disclosure of the four exhibits until the later of: (1) the Court's ruling on Samsung's motion for reconsideration; or (2) in the event that the Court denies Samsung leave to file its reconsideration motion (or grants leave but denies the motion), a ruling by Judge Koh on the parties' motion for relief of non-dispositive order pursuant to *Fed. R. Civ. P.* 72(a) and 28 U.S.C. § 636(b)(1)(A) (or in the alternative pending resolution of any appeal to the Federal Circuit).

The limited stay and leave to reconsider are warranted because unsealing Samsung's highly confidential source code would cause significant harm by granting competitors an unfair and unearned advantage in the marketplace. The injury would be immediate and irreparable, for "[s]ecrecy is a one-way street": once confidential information has been released to the public, it "cannot be made secret again." *In re Copley Press, Inc. v. Ismael Highera-Guerrero*, 518 F.3d 1022, 1025 (9th Cir. 2008). To require that the documents be made public now would moot Samsung's motion for reconsideration, depriving it of any remedy.

As the Court has previously ruled (*see* Dkt. No. 1347), no substantial countervailing public or private interest exists in immediate disclosure of such documents. The four exhibits at issue concern non-dispositive motions. *See generally* Dkt. Nos. 526, 592, 681. Any legitimate public interest would suffer no harm by delaying release until the Court has had an opportunity to review this small subset of highly confidential documents covered by Samsung's reconsideration motion.

---

[1] The four exhibits at issue comprise Apple's claim construction charts. As some of Apple's claim charts refer to Google's Android source code that is incorporated into Samsung's devices, Samsung expects that Google will file a declaration in support of Samsung's Motion for Reconsideration.

1  The Court's prior rulings mandate both the grant of stay, and, ultimately, the grant of Samsung's
2  motion.

3  Lastly, Samsung requests leave to file a motion for reconsideration that seeks to *only* seal
4  portions of Apple's claim construction charts that refer to source code file names and paths, and
5  detailed descriptions of code.

## FACTUAL STATEMENT

On March 7, 2014, the Court ruled on 29 administrative motions to seal 179 documents.  *See* Dkt. No. 1415 at 1:22.  The Court granted-in-part and denied-in-part the parties' motions.  *See generally id.*  After a careful review of the documents affected by the Court's Order, Samsung seeks reconsideration of sealing portions of the following four exhibits that comprise Apple's claim construction charts, and contain highly confidential source code references:

- Exhibit 1 to the Declaration of Joshua Furman in Support of Apple Inc.'s Motion for Leave to Amend and Supplement Its Infringement Contentions (Dkt. No. 526):  All references to proprietary source code files, source code file names, source code file paths and source code function;

- Exhibits 2 and 3 to the Supplemental Declaration of Joshua Furman in Support of Apple Inc.'s Motion for Leave to Amend and Supplement Its Infringement Contentions (Dkt. No. 592):  All references to proprietary source code files, source code file names, source code file paths and source code function; and

- Exhibit A to Notice of Submission of Amended Infringement Contentions (Dkt. No. 681):  All references to proprietary source code files, source code file names, source code file paths, and source code function.

The Court did not find that these four exhibits were not sealable; rather, the Court concluded that the sealing requests were not "[n]arrowly tailored to confidential business information."  Dkt. No. 1415 at 6, 10, 15.  The original motions to seal the exhibits above were filed in May 2013, June 2013, and July 2013, respectively – many months before the parties agreed to streamline the Court's review of documents sought to be sealed by filing versions of documents that combine the highlighted confidentiality designations of the parties. *See, e.g.*, Dkt. No. 1155 January 22, 2014 Notice Regarding the Parties' Motions to Seal Their Daubert Briefing at 1:1-11 ("In an effort to facilitate the Court's analysis of the parties' motions to seal their *Daubert* Briefing […] the parties intend to file final consolidated copies of the papers subject to their motions to seal […] which shall

1  conform such papers to the supporting sealing declarations filed by the parties pursuant to Local
2  Rule 79-5(e)…"). Accordingly, Samsung requests leave to file a motion for reconsideration that
3  seeks to only seal portions of Apple's claim construction charts that refer to Samsung's and
4  Google's source code file names and paths, and detailed descriptions of code.

## ARGUMENT

### I.  A STAY IS WARRANTED.

To obtain a stay, "a movant must establish a strong likelihood of success on the merits, or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor." *Merial Ltd. v. Cipla Ltd.*, 426 Fed. App'x 915, 915 (Fed. Cir. 2011) (unpublished) (citing *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)). Although courts may also consider the impact of a stay on other parties and the public, the likelihood of success and irreparable injury prongs are the more important elements. *See, e.g.*, *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 449 Fed. App'x 35, 36 (Fed. Cir. 2011); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990) ("When harm to applicant is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the merits.'").

Here, Samsung has a strong likelihood of success, or at the very least a "substantial case." *Merial Ltd.*, 426 Fed. App'x at 915. All the documents in question here are subject to the "good cause" standard for sealing, containing the type of information for which this Court has already recognized that such cause exists. Samsung's reconsideration motion will establish that public disclosure of any documents here would cause immediate and substantial harm to Samsung's and Google's competitive standing: their release would allow competitors to copy features found on Samsung products and recreate Google's proprietary code.

Denial of a stay will unavoidably cause irreparable harm to Samsung and Google by forcing the release to the public of confidential information whose secrecy, once lost, cannot be restored. The public has little or no legitimate interest in access to the confidential information at issue here, and to the extent it does, that interest will not be meaningfully impaired by a delay in the

information's release while this Court reviews the limited number of documents at issue.  These factors weigh heavily in favor of a stay, which this Court should grant.

Finally, the Court has already recognized the propriety of a stay in a similar situation.  Dkt. No. 1137 (January 16, 20145 Order Granting Joint Motion for Stay) at 1:1-20.

### A. Samsung Has a Strong Likelihood of Success and a Substantial Case on the Merits.

#### 1. Source code information may be sealed under the "good cause" standard.

The Ninth Circuit held that a "particularized showing" under the "'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions.'"  *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)). Unlike the public interest in inspecting documents attached to dispositive pleadings, which creates a "strong presumption in favor of access," the public need to accessing documents "unrelated or only tangentially related to the underlying cause of action" attached to non-dispositive motions is far weaker.  *Id.* at 1178-79 (quotations omitted).  In this situation, the "usual presumption of the public's right to access is rebutted."  *Id.* at 1179; *accord*, Dkt. No. 1415 at 1:22-2:9 (citing *Kamakana* and *Foltz*).  Rule 26(c) permits a court to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, "requiring that a trade secret *or* other confidential research, development, or *commercial information* not be revealed or revealed only in a specified way."  Fed. R. Civ. P. 26(c) (emphasis added).

As explained more fully in Samsung's reconsideration motion, source code information constitutes trade secrets, or "other confidential, research, development, or commercial information." The data is extremely valuable, and can be used by competitors to Samsung's and Google's substantial detriment.  *See* RESTATEMENT OF TORTS § 757, cmt. b (1939) (defining trade secrets as "*any* formula, pattern, device or compilation of information which is used in one's business, and which gives him *an opportunity* to obtain an advantage over competitors who do not know or use it") (emphasis added); *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (unpublished)

1  (adopting the Restatement's definition).  Even if the documents do not meet the technical definition
2  of "trade secrets," Samsung nonetheless makes a particularized showing in its reconsideration
3  motion that disclosure of the type of detailed, product-specific data at issue here will cause
4  competitive harm by demonstrating that in the hands of competitors, vendors, and clients, the
5  information is likely to be used to undercut Samsung's sales of products utilizing the source code at
6  issue.

### 2. The Court previously ruled that source code may be sealed, and that a stay is proper.

The prior Court's own guidance on the subject from Case No. 11-cv-01846 (N.D. Cal.) ("the '1846 action" or "*Apple I*") requires a stay of the Court's order, and ultimately, the sealing of source code here.  In *Apple I*, the Court found that Exhibit 6 to the Pernick Declaration in Support of Apple's Motion to Strike (*Apple I*, Dkt. No. 939-04) contained third-party source code references that were "proprietary and therefore appropriately may be sealed" and invited Samsung to "move to seal narrowly tailored redactions of only the source code references." *Apple I*,  Dkt. No. 2222 at 24:17-20.  In connection therewith, the Court granted a motion to stay its initial order denying sealing so that the parties could file renewed motions. *Apple I*,  Dkt. No. 2232 at 2:6-11 ("To the extent that Samsung seeks to stay the February 1 order with regards to the exhibits containing third-party source code until the court resolves its renewed motion to seal, the court finds that a stay is warranted.  Source code involves proprietary information that the court already has found to be appropriate for a sealing request.  Samsung's request to stay the February 1 order with regards to the exhibits with third-party source code references is GRANTED.").[2]

The Court has also recognized the importance of sealing source code information in this action.  Most recently, the Court stayed a prior order denying sealing pending the parties' motions for reconsideration.  Dkt No. 1137 at 1:1-20.

---

[2]   Additionally, in *Dynetix Design Solutions Inc. v. Synopsys Inc.*, Case No. 11-cv-05973 PSG, this Court stated that "[c]onfidential source code is generally accepted to be proprietary and sealable." 2012 WL 8586372, at *1 (N.D. Cal. Dec. 17, 2012); *see also*, *Apple I*, Dkt. No. 1649 at 8:18-20 ("[S]ource code is undoubtably[sic] a trade secret.")(internal quotation, citation omitted).

**B.     The Balance of Harms Tilts Decisively in Samsung's Favor.**

Samsung has (at the very least) established a substantial case on the merits; a stay pending the Court's resolution of Samsung's motion is warranted.  Conversely, the denial of a stay in this case would cause Samsung immediate and irreparable harm, which would be sufficient to justify a stay even if the likelihood of success on the merits were relatively slight.  *See Standard Havens Prods.*, 897 F.2d at 512.

Even if the Court finds that the source code information may not be sealed under the "good cause" standard, it should nonetheless stay the portions of its order to allow Samsung and Google to cure any defects the Court identifies.  "When the information is publicly filed, what once may have been a trade secret will no longer be."  *Apple  I*,  Dkt. No. 2047 at 7:6-7.

**II.     THE COURT MAY PROPERLY RECONSIDER ITS PRIOR RULING, AND LEAVE TO FILE A MOTION FOR RECONSIDERATION IS PROPER.**

The Court has discretion to reconsider its prior orders.  *See United States v. Quintanilla*, No. CR 09-01188 SBA, 2011 WL 4502668, at *5 (N.D. Cal. Sept. 28, 2011).  Local Civil Rule 7-9(a) provides that any party can request "leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b)."  Rule 7-9(b), in turn, makes reconsideration appropriate if the court committed clear error or the initial decision was manifestly unjust.  *See Quintanilla*, 2011 WL 4502668, at *5 (*citing Sch Dist. No. 1 J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).  Additionally, the Court has inherent authority to reconsider interlocutory orders to prevent manifest injustice.  *Id.* at *5 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

Here, the Court should reconsider its prior ruling to avoid the injustice of having Samsung's and Google's proprietary source code released into the public domain.  Samsung and Google have re-examined the documents and significantly narrowed the amount of information sought to be sealed.

1   The Court should also reconsider its ruling in light of its prior rulings and well settled
2 authority establishing that source code is the type of information that is well suited for sealing.  In
3 light of that precedent, the ruling at issue satisfies the foregoing standard.

## CONCLUSION

5   The Court should stay the portions of its March 7, 2014 Order denying the parties' motions
6 to seal as the four aforementioned exhibits until the later of:  (1) the Court's ruling on Samsung's
7 motion for reconsideration, or (2) in the event that the Court denies Samsung leave to file its
8 reconsideration motion (or grants leave but denies the motion), a ruling by Judge Koh on the
9 parties' motion for relief of non-dispositive order pursuant to *Fed. R. Civ. P.* 72(a) and 28 U.S.C. §
10 636(b)(1)(A) (or in the alternative pending resolution of any appeal to the Federal Circuit).  The
11 Court should also grant leave for Samsung to file its motion for partial reconsideration with respect
12 to sealing portions of the four exhibits in question.

13   Samsung also respectfully requests that it be granted leave to file its Motion for
14 Reconsideration by March 19, 2014.

16 DATED:  March 14, 2014                QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP

19                                       By */s/ Michael L. Fazio*
                                            Victoria F. Maroulis
20                                          Michael L. Fazio
                                            Attorneys for Defendants
21                                          SAMSUNG ELECTRONICS CO., LTD.,
                                            SAMSUNG ELECTRONICS AMERICA, INC.,
22                                          and SAMSUNG TELECOMMUNICATIONS
                                            AMERICA, LLC