1  JOSH A. KREVITT (CA SBN 208552)  WILLIAM F. LEE
   jkrevitt@gibsondunn.com            william.lee@wilmerhale.com
2  H. MARK LYON (CA SBN 162061)      WILMER CUTLER PICKERING
   mlyon@gibsondunn.com              HALE AND DORR LLP
3  GIBSON, DUNN & CRUTCHER LLP       60 State Street
   1881 Page Mill Road               Boston, MA 02109
4  Palo Alto, CA 94304-1211          Telephone: (617) 526-6000
   Telephone: (650) 849-5300         Facsimile: (617) 526-5000
5  Facsimile: (650) 849-5333

6  HAROLD J. McELHINNY (CA SBN 66781)   MARK D. SELWYN (SBN 244180)
   hmcelhinny@mofo.com                  mark.selwyn@wilmerhale.com
7  JACK W. LONDEN (CA SBN 85776)        WILMER CUTLER PICKERING
   jlonden@mofo.com                     HALE AND DORR LLP
8  RACHEL KREVANS (CA SBN 116421)       950 Page Mill Road
   rkrevans@mofo.com                    Palo Alto, California 94304
9  RUTH N. BORENSTEIN (CA SBN           Telephone: (650) 858-6000
   133797)                              Facsimile: (650) 858-6100
10 rborenstein@mofo.com
   ERIK J. OLSON (CA SBN 175815)
11 ejolson@mofo.com
   MORRISON & FOERSTER LLP
12 425 Market Street
   San Francisco, California  94105-2482
13 Telephone:  (415) 268-7000
   Facsimile:  (415) 268-7522
14
   Attorneys for Plaintiff and
15 Counterclaim-Defendant APPLE INC.

16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

                            SAN JOSE DIVISION
18

19  APPLE INC., a California corporation,

20                 Plaintiff,                   Case No. 12-cv-00630-LHK (PSG)

21        v.                                    **APPLE INC.'S RESPONSE TO
                                                SAMSUNG'S MOTION FOR
    SAMSUNG ELECTRONICS CO., LTD., a            ADDITIONAL CLAIM
22  Korean corporation; SAMSUNG                 CONSTRUCTION**
    ELECTRONICS AMERICA, INC., a New
23  York corporation; and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
24  LLC, a Delaware limited liability company,

25                 Defendant.

26

27

28

1   On the eve of trial, Samsung seeks for the first time a construction of "means for

2   transmission" in claim 15 of the '239 patent.  But there is no need to re-do claim construction

3   proceedings:  The Court construed the nearly-identical term "means for transmitting" in claim 1,

4   and Samsung provides no valid basis for the radically-different construction it now belatedly

5   urges the Court to adopt.

6   The true motivation behind Samsung's request is tactical.  Samsung hopes to use a claim

7   construction order that adopts a construction other than its own as a justification to try, once

8   again, to add an equivalents theory for this limitation – a theory that Samsung failed to assert in

9   its original contentions and two amendments, and was denied leave to add in its third amended

10   contentions by Judge Grewal on June 26, 2013, because the request was so untimely.  (Dkt. 636 at

11   8.)  In violation of Judge Grewal's Order, Samsung offered an equivalents theory for this term in

12   Dr. Schonfeld's report.  When Apple moved to strike, Samsung withdrew this theory (and all

13   other equivalents theories that Judge Grewal denied) from the report.  (Dkt. 1056 at 3, n.4.)

14   Samsung is desperate to advance an equivalents theory because if "means for

15   transmission" is construed in the same manner as "means for transmitting," then no reasonable

16   jury could find literal infringement.  Accordingly, if the Court wishes to receive further briefing

17   on the matters raised by Samsung, Apple suggests that the most efficient course would be to

18   permit Apple to submit a short summary judgment motion based on a construction for this term

19   consistent with this Court's prior construction of "means for transmitting."  Apple proposes to file

20   its motion on March 21 (10-page limit), Samsung file its opposition on March 25 (10-page limit)

21   and Apple reply on March 28 (5-page limit).[1]

22   **I.   FACTUAL BACKGROUND**

23   Nearly a year ago, the Court construed "means for transmitting said composite signal" in

24   claim 1 to require "one or more modems connected to one or more cellular telephones, telephone

25   lines, and/or radio transmitters, and software performing a software sequence of initializing one

26   or more communications ports on the remote unit, obtaining the stored data file, and transmitting

27   ───────────────
    [1] Apple does not believe that any further expert discovery is necessary to resolve
28   Samsung's motion or Apple's proposed motion for summary judgment.

1   the stored data file." (Dkt. 447, at 64.)  The Court rejected Samsung's argument that software

2   was not required: "all [three software steps] appear to be necessary for any transmission because

3   they are never described as optional or elective operations by the specification." (*Id*. at 63.)

4   Samsung then sought leave to amend its infringement contentions to add, *inter alia*, equivalents

5   theories for all non-construed means-plus-function limitations.  (Dkt. 476-03, Ex.4 at Ex. H.)

6   Judge Grewal denied that request.  (Dkt. 636 at 8.)[2]

7        In the following nine months, Samsung repeatedly resisted any attempt to have additional

8   means-plus-function limitations construed, even when the Court indicated at the July 29, 2013

9   Case Management Conference that it would consider further construction if necessary.  (Dkt. 708

10  at 3; Dkt. 750 [7/31/13 CMC Tr.] at 24-25 ("If there is something that absolutely, necessarily has

11  to be construed, then I might do it."); *see also* SS Opp. to Daubert Mot. [Dkt. 856-03] at 17-18 &

12  n.24 (criticizing Apple's Daubert motion  as "nothing more than a transparent attempt to engage

13  in a second Markman proceeding" and "wasting the Court's time and resources").)  When the

14  Court indicated at the December 12, 2013 summary judgment hearing that it was "considering

15  doing a limited number of claim constructions" and asked which terms to construe (Dkt. 1133

16  [Hearing Tr.] at 23), Samsung still made no mention of "means for transmission."[3]  Samsung also

17  remained silent as recently as the March 5 Final Pretrial Hearing, which occurred shortly after the

18  Court denied its motion to strike the opinions of Apple's expert regarding the means-plus-

19  function limitations and noted that "[t]he parties have not provided a realistic proposal that would

20  allow the Court to feasibly construe additional terms in this case, nor have they explained why the

21  Court's existing, extensive claim construction order is insufficient." (Dkt. 1301 at 10.)

**II.     "MEANS FOR TRANSMISSION" AND "MEANS FOR TRANSMITTING"
SHOULD BE CONSTRUED IN A SIMILAR MANNER**

24       Apple does not dispute that the law requires the Court to construe means-plus-function

25  limitations where a genuine dispute exists.  *See In re Aoyama*, 656 F.3d 1293, 1296 (Fed. Cir.

---

26  [2] Samsung has known of Apple's construction for "means for transmitting" since May 2,
2013, when Samsung served its first supplemental response to Samsung's Interrogatory No. 12.

27  [3] Samsung also indicated that it would assert all five patents – and therefore some means-
plus-function limitations – even after the February 6 case narrowing.  (Dkt. 1411,  at 14-15.)

28

1    2011).  But it does not follow that Samsung is entitled to a re-do of the extensive prior claim

2    construction proceedings.  The Court already identified the hardware and software that perform

3    the transmission of video when it construed "means for transmitting" in claim 1, and those rulings

4    are dispositive of the construction of "means for transmission" in claim 15.

5         For example, because "means for transmitting" in claim 1 is not limited to a specific type

6    of frequency, the Court included all the hardware structure disclosed in the specification for

7    performing the transmitting function – namely, "one or more modems connected to one or more

8    telephone lines, cellular telephones, and /or radio transmitters."  In claim 15, however, the

9    transmission occurs "over a cellular frequency."  That type of transmission uses a subset of the

10   hardware required in claim 1 – namely, "one or more modems connected to one or more cellular

11   telephones."[4]  Samsung does not dispute that "means for transmission" in claim 15 requires "one

12   or more modems connected to one or more cellular telephones."

13        In addition, the section of the specification describing the software sequence that the

14   Court found "*necessary* for any *transmission*" (Dkt. 447, at 63) in its construction of claim 1 also

15   links that same software to the function of *transmission* in claim 15: "*Transmission* of a data file

16   is accomplished by selecting the 'TRANSFER' button 26 in the bit map file box 22 containing

17   the first frame of video of the file to be transmitted" and "[s]election of 'TRANSFER' button 26

18   initiates the *transfer software sequence B*." ('239 patent, 8:17-20.)

19        In contrast, Samsung has provided *no* valid basis for its wholesale deviation from the

20   Court's prior construction of the similar term or its numerous findings, and indeed, Samsung

21   contradicts these findings and the specification in numerous respects.

22        *First*, both Samsung and Dr. Schonfeld point to differences in claim language –

23   transmitting / transmission, composite signal / video, and "over a cellular frequency" – but

24   provide no explanation why these differences require a radically different construction.  They do

25   not.  Both claims are directed to an "apparatus for the transmission of data," and the patent uses

---

26   [4]  Dkt. 447 at 58 ("the specification discloses that '[f]iles may be transmitted using
     telephone lines, cellular, radio and other telemetric frequencies'"), 60 ("all three of the possible
27   *transmission* modes discussed in the previous section (telephone, cell phone, and radio), the
     specification refers to a modem connecting the signal hardware to the remote unit.").
28

1    "transmitting" and "transmission" interchangeably to describe the function of transferring the

2    video data file to the host unit.[5]  The Court also used the terms interchangeably in its Order.[6]

3            *Second*, Samsung asserts that software is not required because the "means for storing said

4    composite signal" limitation in claim 1 "is the antecedent basis for the software limitations."

5    (Mot. at 4.)  But the Court never mentioned the "means for storing" limitation in its analysis of

6    the software requirement.  Rather, the Court properly found that the software disclosed in the

7    specification was "necessary for any transmission" (Dkt. 447 at 63), and that that software

8    required a "stored data file."  ('239 patent, 8:25-30.)

9            *Third*, Samsung also fails to explain why the language "over a cellular frequency" would

10   somehow mean that the corresponding structure does not include software.  The only structure

11   disclosed in the specification is that required by Apple's construction and the Court's Order.  Dr.

12   Schonfeld's report, which Samsung cites, is devoid of any analysis:  he merely states, without

13   citation to the specification or explanation, that "it is his opinion" that the inclusion of "over a

14   cellular frequency" means that the software is not needed. (Dkt. 965-19 [Schonfeld Rep.], ¶ 81.)

15           *Finally*, Samsung's inclusion of "cellular radio transmitters" in its construction

16   **contradicts** the specification, which does not disclose "cellular radio transmitter."  Dr.

17   Schonfeld's opinion that "cellular radio transmitters" are "radio transmitters" that "operate over

18   cellular frequencies" ignores that, in the patent, radio transmitters are used **when there is no**

19   **cellular service**: "In areas which are inaccessible to standard telephone lines and **outside cellular**

20   **telephone "cell,"** files can be transmitted using radio frequencies.  In order to accomplish this, the

21   cellular telephones in the remote are **replaced** with radio transmitters."  ('239 patent, 9:37-42.)

22           ─────────────────
         [5] *See, e.g.*, '239 patent, 2:14-17 ("method and apparatus for capturing and **transmission** of
23   broadcast quality video from a remote location to a base location."), 8:17-20 ("**Transmission** of a
     data file is accomplished by selecting the '**TRANSFER'** button 26 . . . of the file to be
24   **transmitted**."), 9:12-14 ("Once **transmission** of a l0K file is complete, the file is saved on the
     hard disc, and another . . .is received and **transmitted**.").

25           [6] *See, e.g.*, Dkt. 447 at 59-60 ("the Court concludes that the means of transmission
     includes 'one or more cellular telephones, telephone lines, and/or radio transmitters'"), ("the
26   modem is in fact a necessary structure for transmission"), ("for all three of the possible
     transmission modes discussed in the previous section (telephone, cell phone, and radio), the
27   specification refers to a modem connecting the signal hardware to the remote unit"), ("Claim 3
     clearly adds the use of cellular transmission as a limitation to the means of transmitting").

28

The Court also recognized this fact, finding that "the patent discloses that, when using radio *rather than* cellular frequencies, 'the cellular telephones in the remote [broadcasting unit] are replaced with radio transmitters.'"  (Dkt. 447, at 58 (quoting '239 patent, 9:40-42).)

## III.  THE COURT SHOULD PERMIT APPLE TO MOVE FOR SUMMARY JUDGMENT

By its own admission (Mot. at n.1), Samsung's motion is a last-ditch effort to add an equivalents theory that it has already been denied and for which it would need to seek leave to amend its infringement contentions and expert report.[7]  Samsung asserts that Apple would not be prejudiced by the addition of such a theory because the parties have already addressed the issue in its reports, but that is not the case:  Samsung *withdrew* its equivalents opinions three months ago, and Apple has been preparing its case on the assumption that Samsung would proceed on the basis of only a claim of literal infringement for claim 15.  It is far too late to add that claim now: having refused to follow Judge Grewal's guidance for the last nine months, Samsung cannot show that it acted diligently or overcome the prejudice to Apple.  *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (requiring a showing of diligence); *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 203 (N.D. Cal. 2009) (prejudice outweighed parties' right to amend where trial was only two months away).

If the Court wishes further briefing on the "means for transmission" term, Apple respectfully suggests that it would be most efficient to be resolved in connection with a motion for summary judgment of non-infringement.

---

[7] Contrary to Samsung's characterization (Mot. at n.1), Judge Grewal's Order did not state that Samsung would be entitled to assert an equivalents theory if Samsung faced an adverse claim construction.  Rather, Judge Grewal made clear that under those circumstances, Samsung would be required to seek leave to amend its contentions, and the Court would consider "whether its proposed amendments *arise from a material difference* in the claim construction and *the prejudice*, if any, Apple may suffer as a result."  (Dkt. 636 at 8 (emphasis added).)  Samsung has shown no diligence in seeking a construction for "means for transmission," and the prejudice to Apple from a last-minute change in infringement theory is undeniable.

1    Dated:  March 17, 2014                  WILMER CUTLER PICKERING
                                             HALE AND DORR LLP
2

3
                                        By:   /s/ Mark D. Selwyn
4                                             Mark D. Selwyn

5                                             Attorneys for Plaintiff and
                                              Counterclaim-Defendant
6                                             APPLE INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.


Dated: March 17, 2014                                          */s/ Mark D. Selwyn*_____