QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (FSG)<br><br>**SAMSUNG'S UNOPPOSED NOTICE OF MOTION AND MOTION FOR PARTIAL RECONSIDERATION OF MARCH 7, 2014 SEALING ORDER [DKT. NO. 1415]; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    TBA<br>Time:    TBA<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

**NOTICE OF MOTION AND MOTION**

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD, AND TO THE CLERK AND HONORABLE JUDGE OF THE COURT, PLEASE TAKE NOTICE THAT pursuant to Civil Local Rules 7-9, 7-11 and 79-5, Defendants and counter-claim Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") move the Court for reconsideration of portions of the March 7, 2014 Order (Dkt. No. 1415) denying in part the parties' administrative motions to file under seal.   Samsung bases the Motion on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the Declaration of Michael L. Fazio filed concurrently herewith; the previously filed Declarations of Daniel Woosoeb Shim in this action (Dkt. Nos. 538, 610, 692, 880-2, 949, 962-15, 1018-8); and such further briefing, evidence or argument that the Court may order.

**RELIEF REQUESTED**

Samsung requests an order permitting Samsung to file under seal portions of the following documents designated confidential by Samsung:

- Exhibit 1 to the Declaration of Joshua Furman in support of Apple's Motion for Leave to Amend and Supplement its Infringement Contentions (Dkt. No. 526);

- Exhibits 2 and 3 to the Supplemental Declaration of Joshua Furman in support of Apple's Motion for Leave to Amend its Disclosure of Asserted Claims and Infringement Contentions (Dkt. No. 592); and

- Exhibit A to Apple's Motion to File Under Seal its Infringement Contentions (Dkt. No. 681).

1

DATED: March 19, 2014                    QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP

2

3

4                                        By */s/ Michael L. Fazio*
                                            Victoria F. Maroulis
5                                           Michael L. Fazio
                                            Attorneys for Defendants
6                                        SAMSUNG ELECTRONICS CO., LTD.,
                                         SAMSUNG ELECTRONICS AMERICA, INC.,
7                                        and SAMSUNG TELECOMMUNICATIONS
                                         AMERICA, LLC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-                    Case No. 12-CV-00630-LHK (PSG)
SAMSUNG'S MOTION FOR PARTIAL RECONSIDERATION OF MAR. 7. 2014 SEALING ORDER

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ..........................................................................................................1

ARGUMENT ..............................................................................................................................2

I.      THE COURT MAY PROPERLY RECONSIDER ITS PRIOR RULING. ..........................2

II.     THE COURT SHOULD SEAL SOURCE CODE INFORMATION. .................................3

        A.      The Information Was Submitted in Connection with Non-Dispositive
                Motions; Thus, the Presumption of the Public's Right to Access Is
                Rebutted. ..............................................................................................................3

        B.      The Law Is Unequivocal: Source Code Is Properly Sealed. ...................................3

CONCLUSION ...........................................................................................................................4

# TABLE OF AUTHORITIES

**Page**

### Cases

*Agency Solutions.Com, LLC v. TriZetto Group, Inc.*,
    819 F. Supp. 2d 1001 (E.D. Cal. 2011) ...................................................................3

*Christianson v. Colt Indus. Operating Corp.*,
    486 U.S. 800 (1988) ...........................................................................................2

*In re Copley Press, Inc. v. Ismael Highera-Guerrero*,
    518 F.3d 1022 (9th Cir. 2008) ...........................................................................3

*Dynetix Design Solutions Inc. v. Synopsys Inc.*,
    2012 WL 8586372 (N.D. Cal. Dec. 17, 2012) ....................................................4

*Foltz v. State Farm Mut. Auto Ins. Co.*,
    331 F.3d 1122 (9th Cir. 2003) ...........................................................................3

*Kamakana v. City and Cty. of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) ...........................................................................3

*Sch Dist. No. 1 J, Multnomah Cnty., Or. v. ACandS, Inc.*,
    5 F.3d 1255 (9th Cir. 1993) ...............................................................................2

*United States v. Quintanilla, No. CR 09-01188 SBA*,
    2011 WL 4502668 (N.D. Cal. Sept. 28, 2011) ....................................................2

### Rules

Local Civil Rule 7-9(a) ..............................................................................................2

Local Civil Rule 7-9(b) ..............................................................................................2

Local Civil Rule 79-5 .................................................................................................5

Rule 26(c) ...................................................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Samsung seeks reconsideration of the Court's March 7th Order denying sealing as to portions of four exhibits only.   Importantly, the information Samsung seeks to seal in these four exhibits consists solely of source code information, which this Court has repeatedly held is properly sealable.

Indeed, the Court, in denying sealing of these four exhibits in their entirety, ruled that the proposed sealing was "not narrowly tailored to confidential business information."   Samsung has addressed this issue, by conducting a careful re-review of these four exhibits and redacting only those portions of each exhibit that contain source code information.   Accordingly, for these reasons and those set forth below, Samsung respectfully requests that the Court grant Samsung's motion for partial reconsideration.

## STATEMENT OF FACTS

On March 7, 2014, the Court ruled on 29 administrative motions to file 179 documents under seal.   *See generally* Dkt. No. 1415.   The Court granted in part and denied in part the parties' administrative motions to seal.   *See id.*   The Court's partial denial of sealing as to four exhibits – Exhibit 1 (Dkt. No. 526), Exhibits 2 and 3 (Dkt. No. 592), and Exhibit A (Dkt. No. 681) – implicated documents revealing Samsung's source code, to include file names, the source code itself, and information regarding the operation and function of that code.   The Court stated that it was denying sealing as to these four exhibits because the information sought to be sealed was "not narrowly tailored to confidential business information."   *See* Dkt. Nos. 1415-6; 1415-10; 1415-15.   Accordingly, after re-reviewing each of these exhibits, Samsung seeks now to file under seal only a very limited portion of each of these documents that contain Samsung's source code.[1]

---

[1]   Samsung concurrently provides highlighted versions of these exhibits that it now seeks to seal in part, with the portions sought to be sealed highlighted in green, as exhibits to the Declaration of Michael L. Fazio.   Samsung also notes that the original motions to seal the exhibits at issue were filed in May 2013, June 2013, and July 2013, respectively – many months before the parties agreed to streamline the Court's review of documents sought to be sealed by filing versions of documents that combine the highlighted confidentiality designations of the parties. *See, e.g.,* (footnote continued)

1  Apple does not oppose Samsung's Motion for Partial Reconsideration.   Declaration of Michael L.

2  Fazio, Exhibit 5 at 1.

3  <u>**ARGUMENT**</u>

4  **I.**      <u>**THE COURT MAY PROPERLY RECONSIDER ITS PRIOR RULING.**</u>

5            The Court has discretion to reconsider its prior orders.   *See United States v. Quintanilla*,

6  No. CR 09-01188 SBA, 2011 WL 4502668, at *5 (N.D. Cal. Sept. 28, 2011).   Local Civil Rule 7-

7  9(a) provides that any party can request "leave to file a motion for reconsideration of any

8  interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b)."   Rule 7-

9  9(b), in turn, makes reconsideration appropriate if the court committed clear error or the initial

10 decision was manifestly unjust.   *See Quintanilla*, 2011 WL 4502668, at *5 (*citing Sch Dist. No. 1*

11 *J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).   Additionally, the

12 Court has inherent authority to reconsider interlocutory orders to prevent manifest injustice.   *Id.* at

13 *5 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

14           Here, Samsung respectfully submits that the Court should reconsider its prior ruling to

15 avoid the injustice of having Samsung's proprietary source code released into the public domain.

16 Samsung developed that code using employees, time, and money.   The public at large (and

17 Samsung's competitors in particular) should not receive a windfall and gain the fruits of that labor

18 by having access to source code that would otherwise take great time and effort to develop.

19 Notably, Samsung has re-examined these four exhibits at issue and significantly narrowed the

20 amount of information sought to be sealed and, in so doing, limited the proposed sealing to only

21 source code information.

22           The Court should also reconsider its ruling in light of its prior rulings and well settled

23 authority establishing that source code is the type of information that is well suited for sealing.   In

24 light of that precedent, the ruling at issue satisfies the foregoing standard.

_____

25 January 22, 2014 Notice Regarding the Parties' Motions to Seal Their Daubert Briefing (Dkt. No.

26 1155) at 1:1-11 ("In an effort to facilitate the Court's analysis of the parties' motions to seal their

27 *Daubert* Briefing […] the parties intend to file final consolidated copies of the papers subject to

   their motions to seal […] which shall conform such papers to the supporting sealing declarations

28 filed by the parties pursuant to Local Rule 79-5(e)…").

## II.        THE COURT SHOULD SEAL SOURCE CODE INFORMATION.

### A.        The Information Was Submitted in Connection with Non-Dispositive Motions; Thus, the Presumption of the Public's Right to Access Is Rebutted.

The Ninth Circuit has held that a "particularized showing" under the "'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive [*sic*] motions.'"   *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003).   Unlike the public interest in inspecting documents attached to dispositive pleadings, which creates a "strong presumption in favor of access," the public need to access documents "unrelated or only tangentially related to the underlying cause of action" attached to non-dispositive motions is far weaker.   *Kamakana*, 447 F.3d at 1178-79 (internal quotations omitted).   In this situation, the "usual presumption of the public's right to access is rebutted."   *Id.* at 1179; *accord*, Dkt. No. 1415 at 1:22-2:9 (citing *Kamakana* and *Foltz*).

Here, the information at issue was submitted in connection with a non-dispositive motion – *i.e.*, a motion for leave to amend infringement contentions.   Thus, the public's interest is weak and the presumption of the public's right to access is rebutted.   The public's interest also pales by comparison to the potential harm to Samsung from having its proprietary information dumped into the public domain.   "Secrecy is a one-way street": once confidential information has been released to the public, it "cannot be made secret again."   *In re Copley Press, Inc. v. Ismael Highera-Guerrero*, 518 F.3d 1022, 1025 (9th Cir. 2008).

### B.        The Law Is Unequivocal: Source Code Is Properly Sealed.

The Court has expressly stated that "Courts have been clear that confidential source code is a trade secret," and that "source code algorithms and descriptions of the operation of that source code . . . meet[] the 'compelling reasons' standard, and [are] sealable."   *Samsung I*, Dkt. No. 2168 at 13:6-9 (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)); *see also Samsung I*, Dkt. No. 1649 at 8:18-21 ("[S]ource code is undoubtably [*sic*] a trade secret.") (internal quotation, citation omitted); *Samsung I*, Dkt. No. 2222 at 24:22-24 ("Source code is proprietary and therefore appropriately may be sealed."); *Samsung I*, Dkt. No.

1  2232 at 2:6-11 ("To the extent that Samsung seeks to stay the February 1 order […] a stay is

2  warranted.   Source code involves proprietary information that the court already has found to be

3  appropriate for a sealing request […].").[2]   Public disclosure of Samsung's source code,

4  descriptions of the operation of that code, including descriptions of its structure, would cause

5  Samsung competitive harm as other manufacturers could use the information to copy the features

6  exclusively found on Samsung's products.   *See, e.g.*, Declaration of Daniel Shim (Dkt. No. 810)

7  ¶ 7.   Samsung would face similar harm from public disclosure of information about Samsung's

8  product and code development process.   *See, e.g.*, Declaration of Daniel Shim (Dkt. No. 821)

9  ¶ 10.   The Court should thus grant Samsung's request to file source code, information about code

10  and feature development, and detailed descriptions of the operation of code under seal.

11        The Court also recognized the importance of sealing source code information in this action,

12  too.   The Court entered the Protective Order proposed by the parties.   Dkt. No. 512.   In that

13  order, the Court mandated the use of restrictions and protections over and above those used for

14  other types of confidential information.   *See generally* Dkt. No. 512 at 10-18.   The Court further

15  manifested its commitment to protecting source code information (as well as its commitment to

16  enforcing the Protective Order) by denying Apple's request to remove "diff printouts" containing

17  source code information from Samsung's source code inspection room.   Dkt. No. 450 at 4:15-5:2.

18  In addition, the Court – applying the stricter "compelling reasons" standard – recently granted the

19  parties' motions to seal documents filed in connection with motions for summary judgment that

20  include the same type of information as the documents subject to this motion.   Following the

21  Court's reasoning, the references to source code should be sealed here, too.

22                                    **CONCLUSION**

23        For the reasons set forth above, Samsung respectfully requests that the Court order sealed

24  the highlighted portions of Exhibit 1 (Dkt. No. 526), Exhibits 2, 3 (Dkt. No. 592), and Exhibit A

25

26        [2]   Additionally, in *Dynetix Design Solutions Inc. v. Synopsys Inc.*, Case No. 11-cv-05973
    PSG, this Court stated that "Confidential source code is generally accepted to be proprietary and
27  sealable."   2012 WL 8586372, at *1 (N.D. Cal. Dec. 17, 2012); *see also generally Samsung I*,
    Dkt. Nos. 2046, 2215, 2575.

28

SAMSUNG'S UNOPPOSED MOTION FOR PARTIAL RECONSIDERATION OF MAR. 7, 2014 SEALING
                                                                                ORDER

1   (Dkt. No. 681).   Samsung will file public redacted versions of the exhibits within seven Court

2   days of the Court's order on the instant motion.

3          In compliance with Civil Local Rule 79-5, Samsung's filing will be served on all parties.

4

5   DATED: March 19, 2014                    QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
6

7

8                                    By  */s/ Michael L. Fazio*
                                         Victoria F. Maroulis
9                                        Michael L. Fazio
                                         Attorneys for Defendants
10                                       SAMSUNG ELECTRONICS CO., LTD.,
                                         SAMSUNG ELECTRONICS AMERICA, INC.,
11                                       and SAMSUNG TELECOMMUNICATIONS
                                         AMERICA, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S UNOPPOSED MOTION FOR PARTIAL RECONSIDERATION OF MAR. 7, 2014 SEALING
                                                                                ORDER