# Ex. B

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S SECOND SET OF INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, ("Samsung") submit the following objections and responses to Plaintiff Apple Inc's ("Apple's") Second Set of Interrogatories to Defendants.

Samsung expressly incorporates the following General Objections as though set forth fully in response to each of the following individual interrogatories and, to the extent that they are not raised in any particular response, Samsung does not waive those objections.

## **GENERAL OBJECTIONS**

The following general objections apply to each and every interrogatory propounded by Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully therein:

1. Samsung objects to the "Definitions" and "Instructions" contained in Apple's Second Set of Interrogatories to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2. Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people. Samsung will respond to interrogatories based on a reasonable inquiry of individuals expected to possess the requested information.

3. Samsung objects to Apple's definition of "Apple" as overly broad, vague, and ambiguous.

4. Samsung objects to Apple's definition of "Product" as overly broad, vague and ambiguous, and irrelevant to the extent it seeks information about products that are under development.

5. Samsung objects to Apple's definition of "Samsung Covered Product" as overly

broad, vague and ambiguous, and irrelevant to the extent it seeks information "at any time" and not limited to the relevant time frame.

6.     Samsung objects to the definition of "Relating," and each and every interrogatory that uses the term "Relating," as overly broad, vague and ambiguous.

7.     Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.  Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties.

8.     Samsung objects to these interrogatories on the ground and to the extent they are vague and ambiguous.  Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

9.     Samsung objects generally to the interrogatories to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time, or seek information about products outside the United States, on the ground that such information is irrelevant.

10.    Samsung objects to these interrogatories to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

11.    Samsung objects to each interrogatory to the extent it is duplicative or cumulative of another interrogatory or other discovery.

12.    Samsung objects to each interrogatory to the extent it is compound and comprises discrete subparts resulting in separate interrogatories.

13.    Samsung expressly reserves the right to respond to any or all of the interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

14.    Samsung objects generally to the interrogatories to the extent they seek

confidential proprietary or trade secret information of third parties. Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

15. Samsung objects generally to the interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16. Samsung objects to the interrogatories on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of their employees other than those in its facilities and employees that would reasonably be expected to have responsive information. Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

17. Samsung objects to the interrogatories on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

18. Samsung objects to the interrogatories on the grounds and to the extent that they seek legal conclusions. Samsung's responses should not be construed to provide legal conclusions.

19. Samsung objects generally to the interrogatories to the extent that they prematurely call for contentions, expert testimony, or identification of witnesses at this stage of the litigation. Samsung will provide such information in accordance with the Court's Minute Order and Case Management Order, dated May 2, 2012.

20. Samsung objects to each interrogatory to the extent that it seeks information before Samsung is required to disclose such information in accordance with any applicable law, such as the Northern District of California Patent Local Rules.

21. Samsung objects to the interrogatories on the ground that discovery is continuing in this action, and Samsung has not yet completed its factual investigation. The following

1  responses reflect the information reasonably available to Samsung at this time.  Samsung reserves
2  its right to amend or supplement these responses and any production of documents as additional
3  discovery and investigation continue, in the event that additional information is disclosed, or in
4  the event of error, inadvertent mistake, or omission.
5
6  **SPECIFIC OBJECTIONS AND RESPONSES**
7  Subject to and without waiving the foregoing General Objections, Samsung responds and
8  further objects as follows:
9
10 **INTERROGATORY NO. 11:**
11 Separately identify and describe in detail each and every instance in which Samsung or
12 anyone else has ever given notice to Apple of the existence and/or the alleged infringement of the
13 Samsung Patents-in-Suit, including without limitation: the date of notice; the manner in which
14 notice was given; the patent(s) and the patent claim(s) at issue; the sum and substance of the
15 notice; and the identity of all documents or oral communications constituting such notice.
16
17 **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**
18 In addition to its General Objections above, which it hereby incorporates by reference,
19 Samsung objects to this Interrogatory on the grounds that:  (i) it is vague and ambiguous with
20 regard to the term "notice"; (ii) it is overly broad, unduly burdensome, and neither relevant nor
21 reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "all
22 documents or oral communications constituting such notice"; (iii) it is compound and comprises
23 discrete subparts resulting in separate interrogatories; (iv) it seeks to elicit information subject to
24 and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense
25 privilege, the common interest doctrine, and/or any other applicable privilege or immunity; and (v)
26 it seeks information that is outside of Samsung's possession, custody, or control, or that is equally
27 available to Apple.
28

1    Subject to and without waiving the foregoing general and specific objections, Samsung
2    responds as follows:
3    At least as early as September 2010, Samsung put Apple on notice regarding the existence
4    and/or its infringement of at least U.S. Patent Nos. 7,756,087 and 6,292,179.  Samsung also refers
5    to the deposition of Richard J. Lutton, Jr., on July 26, 2011, and the documents and exhibits
6    discussed during that deposition.  Samsung has not yet completed its discovery and investigation
7    of the facts relating to this interrogatory. Samsung will either supplement or amend this response
8    with a narrative or with the documents reflecting this information pursuant to Federal Rule of
9    Civil Procedure 33(d).

**INTERROGATORY NO. 12:**

Separately for each claim of the Samsung Patents-in-Suit that Samsung contends Apple has infringed or is infringing, describe in detail all facts relevant to the conception of that claimed invention, including without limitation: the date of conception, the name of each person who contributed to the conception, the specific contribution made by each such person to the claimed invention, how these persons arrived at their claimed invention, the identity of all persons with knowledge of the conception, the nature of each person's participation, involvement, and/or contribution to such conception, and the identity of all documents (by Bates numbers) relating to such conception.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the grounds that:  (i) it seeks information that is outside of Samsung's possession, custody, or control, or that is equally available to Apple; (ii) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (iii) it is overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "all facts relevant to the conception", "the identity of all persons with knowledge of the

1   conception" and "the identity of all documents (by Bates numbers) relating to such conception" of
2   each asserted claim; (iv) it is compound and comprises discrete subparts resulting in separate
3   interrogatories; and (v) it is vague and ambiguous, particularly as to the term "contribution".
4         Subject to and without waiving the foregoing general and specific objections, Samsung
5   responds as follows:
6         At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 5,579,239
7   ("the '239 patent") were conceived no later than February 16, 1994, when the patent application
8   which resulted in the '239 patent was filed.  At least Mitchael C. Freeman, Richard C. Freeman,
9   Chad Boss, and Michael H. Freeman contributed to the conception of the inventions claimed in the
10  '239 patent.  Those four individuals stated, among other things, in an affidavit under 37 C.F.R.
11  §1.131, dated February 2, 1996, that: "Prior to April 8, 1993, we conceived the idea of an
12  apparatus that, among other things, captures, digitizes, and compresses a high resolution, full
13  motion composite signal; splitting the resultant data file; and transmitting it via telemetric
14  frequencies to a host location for subsequent used."
15        At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 6,226,449
16  ("the '449 patent") were conceived no later than April 17, 1996, when the first Japanese patent
17  application to which the U.S. application for the '449 patent claims priority was filed.  At least
18  Hisashi Inoue, Keiji Nagayama and Tomishige Yatsugi contributed to the conception of the
19  inventions claimed in the '449 patent.
20        At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 7,232,058
21  ("the '058 patent") were conceived no later than March 3, 2004, when the first Korean patent
22  application to which the U.S. application for the '058 patent claims priority was filed.  At least
23  Kwang-Bok Lee contributed to the conception of the inventions claimed in the '058 patent.
24        At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 7,577,757
25  ("the '757 patent") were conceived no later than January 19, 2001, when the parent U.S. patent
26  application to which the application for the '757 patent claims priority was filed.  At least Harry
27  Nick Carter, Ronald Cococcia, Zachary Piech, John Reine, Silvan Sauter, Steven Vasquez, Craif
28

Willis, and Hyung-Jun Brutus Youn contributed to the conception of the inventions claimed in the '449 patent.

At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 7,551,596 ("the '596 patent") were conceived no later than November 9, 2004, when the first Korean patent application to which the U.S. application for the '596 patent claims priority was filed.  At least Soeng-Hun Kim and Jan Van Lieshout contributed to the conception of the inventions claimed in the '596 patent.

At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 7,756,087 ("the '087 patent") were conceived no later than July 16, 2004, when the first Korean patent application to which the U.S. application for the '087 patent claims priority was filed.  At least Young-Bum Kim, Sung-Ho Choi, Soeng-Hun Kim, Ju-Ho Lee, Yong-Jun Kwak, Youn-Hyoung Heo and Joon-Young Cho contributed to the conception of the inventions claimed in the '087 patent.

At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 7,672,470 ("the '470 patent") were conceived no later than November 21, 2003, when the first Korean patent application to which the U.S. application for the '470 patent claims priority was filed.  At least Jae-hoon Lee contributed to the conception of the inventions claimed in the '470 patent.

At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 6,292,179 ("the '179 patent") were conceived no later than May 12, 1998, when the first Korean patent application to which the U.S. application for the '179 patent claims priority was filed.  At least Jin-chul Lee contributed to the conception of the inventions claimed in the '179 patent.

Additional information about the conception of the inventions claimed in the Samsung Patents-in-Suit may be determined from examining these documents:  SAMNDCA630-00829266 - SAMNDCA630-00832499.  Samsung has not yet completed its discovery and investigation of the facts relating to this interrogatory.  Samsung will supplement or amend this response with a narrative and/or with the documents reflecting this information pursuant to Federal Rule of Civil Procedure 33(d).

1  immunity; (ii) it calls for legal conclusions; (iii) it is compound and comprises discrete subparts
2  resulting in separate interrogatories; and (iv) it prematurely calls for expert testimony or opinions
3  at this stage of litigation.  Samsung will provide such contentions in accordance with the Court's
4  Minute Order and Case Management Order, dated May 2, 2012.
5      Subject to and without waiving the foregoing general and specific objections, Samsung
6  responds as follows:
7      Samsung hereby incorporates by reference its Disclosure of Asserted Claims and
8  Infringement Contentions that was served on Apple on June 15, 2012.  Samsung's damages
9  contentions will be detailed in its expert report that will be served in accordance with the Court's
10 May 2, 2012 Order.  Moreover, Samsung's investigation is ongoing and Samsung will supplement
11 or amend this interrogatory after a reasonable investigation and further discovery from Apple.

14 DATED: August 20, 2012        QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP

                                  By  /s/ Patrick M. Shields
                                      Charles K. Verhoeven
                                      Kevin P.B. Johnson
                                      Victoria F. Maroulis
                                      William C. Price
                                      Patrick M. Shields

                                      John Caracappa (*pro hac vice*)
                                      Steptoe & Johnson, LLP
                                      1330 Connecticut Avenue, NW
                                      Washington DC 20036
                                      TEL:  202-429-6267
                                      FAX:  202-429-3902

                                      Attorneys for Defendants
                                      SAMSUNG ELECTRONICS CO., LTD.,
                                      SAMSUNG ELECTRONICS AMERICA, INC.,
                                      and SAMSUNG TELECOMMUNICATIONS
                                      AMERICA, LLC

| | | |
|---|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP | STEPTOE & JOHNSON, LLP |
| 2 | Charles K. Verhoeven (Bar No. 170151) | John Caracappa (*pro hac vice*) |
|   | charlesverhoeven@quinnemanuel.com | jcaracappa@steptoe.com |
| 3 | Kevin A. Smith (Bar No. 250814) | 1330 Connecticut Avenue, NW |
|   | kevinsmith@quinnemanuel.com | Washington, D.C. 20036 |
| 4 | 50 California Street, 22nd Floor | Telephone: (202) 429-6267 |
|   | San Francisco, California 94111 | Facsimile: (202) 429-3902 |
| 5 | Telephone: (415) 875-6600 | |
|   | Facsimile: (415) 875-6700 | |

Kevin P.B. Johnson (Bar No. 177129 (CA); 2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
| Plaintiff, | |
| | **CERTIFICATE OF SERVICE** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

CERTIFICATE OF SERVICE

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California.   I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On August 20, 2012, I served true copies of the following documents, described as:

**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S SECOND SET OF INTERROGATORIES**

on the interested parties in this action addressed as follows:

| **ATTORNEYS FOR APPLE INC**. | **ATTORNEYS FOR APPLE INC**. |
|---|---|
| HAROLD J. MCELHINNY<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA     94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA    94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br>Apple/Samsung@gibsondunn.com |
| **ATTORNEYS FOR APPLE INC.**<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA    94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | |

**BY ELECTRONIC MAIL TRANSMISSION** from michaelpeng@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed in their address(es). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 20, 2012, at Los Angeles, California.


/s/ Michael Peng