# Ex. L

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>Michael L. Fazio (Bar No. 228601)<br>michaelfazio@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California  90017-2543<br>Telephone:   (213) 443-3000<br>Facsimile:   (213) 443-3100<br><br>Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC | STEPTOE & JOHNSON, LLP<br>John Caracappa (*pro hac vice*)<br>jcaracappa@steptoe.com<br>1330 Connecticut Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 429-6267<br>Facsimile: (202) 429-3902 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S SECOND AND THIRD SETS OF INTERROGATORIES**<br><br>**(Interrogatory Nos. 11-13, 19, 23)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

**INTERROGATORY NO. 12:**

Separately for each claim of the Samsung Patents-in-Suit that Samsung contends Apple has infringed or is infringing, describe in detail all facts relevant to the conception of that claimed invention, including without limitation: the date of conception, the name of each person who contributed to the conception, the specific contribution made by each such person to the claimed invention, how these persons arrived at their claimed invention, the identity of all persons with knowledge of the conception, the nature of each person's participation, involvement, and/or contribution to such conception, and the identity of all documents (by Bates numbers) relating to such conception.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the grounds that: (i) it seeks information that is outside of Samsung's possession, custody, or control, or that is equally available to Apple; (ii) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (iii) it is overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "all facts relevant to the conception", "the identity of all persons with knowledge of the conception" and "the identity of all documents (by Bates numbers) relating to such conception" of each asserted claim; (iv) it is compound and comprises discrete subparts resulting in separate interrogatories; and (v) it is vague and ambiguous, particularly as to the term "contribution".

Subject to and without waiving the foregoing general and specific objections, Samsung responds as follows:

At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 5,579,239 ("the '239 patent") were conceived no later than February 16, 1994, when the patent application which resulted in the '239 patent was filed. At least Mitchael C. Freeman, Richard C. Freeman, Chad Boss, and Michael H. Freeman contributed to the conception of the inventions claimed in the '239 patent. Those four individuals stated, among other things, in an affidavit under 37 C.F.R.

§1.131, dated February 2, 1996, that: "Prior to April 8, 1993, we conceived the idea of an apparatus that, among other things, captures, digitizes, and compresses a high resolution, full motion composite signal; splitting the resultant data file; and transmitting it via telemetric frequencies to a host location for subsequent used."

At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 6,226,449 ("the '449 patent") were conceived no later than April 17, 1996, when the first Japanese patent application to which the U.S. application for the '449 patent claims priority was filed. At least Hisashi Inoue, Keiji Nagayama and Tomishige Yatsugi contributed to the conception of the inventions claimed in the '449 patent.

At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 7,232,058 ("the '058 patent") were conceived no later than March 3, 2004, when the first Korean patent application to which the U.S. application for the '058 patent claims priority was filed. At least Kwang-Bok Lee contributed to the conception of the inventions claimed in the '058 patent.

At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 7,577,757 ("the '757 patent") were conceived no later than January 19, 2001, when the parent U.S. patent application to which the application for the '757 patent claims priority was filed. At least Harry Nick Carter, Ronald Cococcia, Zachary Piech, John Reine, Silvan Sauter, Steven Vasquez, Craif Willis, and Hyung-Jun Brutus Youn contributed to the conception of the inventions claimed in the '449 patent.

At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 7,551,596 ("the '596 patent") were conceived no later than November 9, 2004, when the first Korean patent application to which the U.S. application for the '596 patent claims priority was filed. At least Soeng-Hun Kim and Jan Van Lieshout contributed to the conception of the inventions claimed in the '596 patent.

At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 7,756,087 ("the '087 patent") were conceived no later than July 16, 2004, when the first Korean patent application to which the U.S. application for the '087 patent claims priority was filed. At least Young-Bum Kim, Sung-Ho Choi, Soeng-Hun Kim, Ju-Ho Lee, Yong-Jun Kwak, Youn-Hyoung

Heo and Joon-Young Cho contributed to the conception of the inventions claimed in the '087 patent.

At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 7,672,470 ("the '470 patent") were conceived no later than November 21, 2003, when the first Korean patent application to which the U.S. application for the '470 patent claims priority was filed. At least Jae-hoon Lee contributed to the conception of the inventions claimed in the '470 patent.

At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 6,292,179 ("the '179 patent") were conceived no later than May 12, 1998, when the first Korean patent application to which the U.S. application for the '179 patent claims priority was filed. At least Jin-chul Lee contributed to the conception of the inventions claimed in the '179 patent.

Additional information about the conception of the inventions claimed in the Samsung Patents-in-Suit may be determined from examining these documents: SAMNDCA630-00829266 - SAMNDCA630-00832499. Samsung has not yet completed its discovery and investigation of the facts relating to this interrogatory. Samsung will supplement or amend this response with a narrative and/or with the documents reflecting this information pursuant to Federal Rule of Civil Procedure 33(d).

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12**:

Subject to and incorporating its General Objections and Specific Objections from Samsung's Objections and Responses to Apple's Second Set of Interrogatories, Samsung provides the following amended response:

There are three typographical errors in Samsung's responses to Interrogatory No. 12. The paragraph that appears in Samsung's initial Response to Interrogatory No. 12 at 7:24-8:2 should read:

At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 7,577,757 ("the '757 patent") were conceived no later than June 19, 2001, when the parent U.S. patent application to which the application for the '757 patent claims priority was filed.  At least Harry Nick Carter, Ronald Cococcia, Zachary Piech, John Reine, Silvan Sauter, Steven Vasquez, Craig

Willis, and Hyung-Jun Brutus Youn contributed to the conception of the inventions claimed in the '757 patent.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12**:

Subject to and incorporating its General Objections and Specific Objections from Samsung's Objections and Responses to Apple's Second Set of Interrogatories, Samsung provides the following second supplemental response:

The following response is given without prejudice to Samsung's right to produce or rely on subsequently discovered information, facts or documents, as well as forthcoming depositions. Samsung accordingly reserves the right to change the responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained.

Samsung Patents-in-Suit U.S. Patent No. 7,577,757.   At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 7,577,757 ("the '757 patent") were conceived no later than March 1, 2001.   *See, e.g.*, VASQUEZNDCA630-00000003-4, VASQUEZNDCA630-00000007, VASQUEZNDCA630-00000008-10, VASQUEZNDCA630-00000030, CARTERNDCA630-00000008-21, CARTERNDCA630-00000008-21; CARTERNDCA630-00000028-37.   Samsung also refers to the following deposition transcripts and the documents and exhibits discussed therein: Deposition of Zachary Piech, on October 23, 2012; Deposition of Steven Vasquez, on December 6, 2012; Deposition of Harry Nick Carter, on January 16, 2013; Deposition of Ronald Cococcia, on January 24, 2012; and Deposition of John Reine, on January 26, 2012.

According to the cited testimony and documents, the inventions claimed in the '757 patent were conceived in one or more meetings on or before March 1, 2001, shortly after Harry Nick Carter began working for ReQuest, Inc. ("ReQuest").   The individuals present during the meeting(s) included Harry Nick Carter, Ronald Cococcia, Zachary Piech, John Reine, Silvan Sauter, Steven Vasquez, Craig Willis, and Hyung-Jun Brutus Youn.

At the time of conception, ReQuest was in the high-end custom audio installation business. Harry Nick Carter, then ReQuest's Vice President of Sales, had proposed the meeting(s) in order to improve the Audio ReQuest line of products.   For example, dealers in the industry were

interested in audio devices that had multiple outputs, in order for music and audio to be accessed and heard from multiple locations, such as rooms in a home.   During one of the meetings, Ronald Cococcia conceived of the idea of synchronizing data between two devices, thereby making the media accessible on each device.   The effect would be to permit a user's music to be accessible from devices in multiple locations.   The individuals at the meeting further conceived that this solution could be applied more generally to make data accessible not only within the home, but in any location where a device might be located.   Harry Nick Carter, Ronald Cococcia, Zachary Piech, John Reine, Silvan Sauter, Steven Vasquez, Craig Willis, and Hyung-Jun Brutus Youn each contributed to the conception of the inventions in the '757 patent through their participation at the meeting, discussing the problems, and developing and refining the inventions claimed in the '757 patent.   Harry Nick Carter further contributed by describing the criteria demanded by ReQuest's customers.

U.S. Patent No. 7,672,470.   At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 7,672,470 ("the '470 patent") were conceived and reduced to practice no later than November 21, 2003, when the first Korean patent application to which the U.S. application for the '470 patent claims priority was filed.   At least Jae-hoon Lee contributed to the conception and reduction to practice of the inventions claimed in the '470 patent.   Additional information about the conception and reduction to practice of the inventions claimed in the '470 patent may be determined from examining these documents: SAMNDCA630-04520730-SAMNDCA630-04523618, and SAMNDCA630-05788547- SAMNDCA630-05789662.

U.S. Patent No. 7,232,058.   At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 7,232,058 ("the '058 patent") were conceived and reduced to practice no later than March 3, 2004, when the first Korean patent application to which the U.S. application for the '058 patent claims priority was filed.   At least Kwang-Bok Lee contributed to the conception and reduction to practice of the inventions claimed in the '058 patent. Additional information about the conception and reduction to practice of the inventions claimed in the '058 patent may be determined from examining these documents: SAMNDCA630-00829266 – 67, SAMNDCA630-

04258818–21, SAMNDCA630-04258822-SAMNDCA630-04258828, FARRELLNDCA00000001 – FARRELNDCA0000000166.

<u>U.S. Patent No. 6,292,179</u>.   At least some of the ideas disclosed in the inventions claimed in U.S. Patent No. 6,292,179 ("the '179 patent") were conceived and reduced to practice no later than May 12, 1998, when the first Korean patent application to which the U.S. application for the '179 patent claims priority was filed. At least Jin-chul Lee contributed to the conception and reduction to practice of the inventions claimed in the '179 patent.   Additional information about the conception and reduction to practice of the inventions claimed in the '179 patent may be determined from examining these documents: SAMNDCA630-04520531 – 618, 728-729, SAMNDCA630-04520619 – 727.

**INTERROGATORY NO. 13:**

Separately for each claim of the Samsung Patents-in-Suit that Samsung contends Apple has infringed or is infringing, describe in detail all facts relevant to the first reduction to practice of that claimed invention, including without limitation: the date of the first reduction to practice, the name of each person who contributed to the reduction to practice, the nature of each person's contribution, all facts and circumstances relating to any alleged diligence between the asserted conception and reduction to practice dates, the identity of each person with knowledge of such diligence, the nature of each person's participation, involvement, and/or contribution to the diligence in reduction to practice, and the identity of all documents (by Bates numbers) relating to such diligence and reduction to practice.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii) it is overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "all facts

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23:**

Subject to and incorporating its General Objections and Specific Objections from Samsung's Objections and Responses to Apple's Third Set of Interrogatories, Samsung provides the following further supplemental response:

Samsung's previous response fully responded to this Interrogatory by providing information concerning when and how Samsung became aware of the Non-Preliminary Injunction Patents-In-Suit and identifying a person with knowledge. Accordingly, no supplementation is required.

DATED: April 10, 2013         QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Michael L. Fazio*
Victoria F. Maroulis
William C. Price
Michael L. Fazio

John Caracappa (*pro hac vice*)
STEPTOE & JOHNSON, LLP

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

| | | |
|---|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP | STEPTOE & JOHNSON, LLP |
| 2 | Charles K. Verhoeven (Bar No. 170151) charlesverhoeven@quinnemanuel.com | John Caracappa (*pro hac vice*) jcaracappa@steptoe.com |
| 3 | Kevin A. Smith (Bar No. 250814) kevinsmith@quinnemanuel.com | 1330 Connecticut Avenue, NW Washington, D.C. 20036 |
| 4 | 50 California Street, 22nd Floor San Francisco, California 94111 | Telephone: (202) 429-6267 Facsimile: (202) 429-3902 |
| 5 | Telephone: (415) 875-6600 Facsimile: (415) 875-6700 | |
| 6 | | |
| 7 | Kevin P.B. Johnson (Bar No. 177129 (CA); 2542082 (NY)) | |
| 8 | kevinjohnson@quinnemanuel.com Victoria F. Maroulis (Bar No. 202603) | |
| 9 | victoriamaroulis@quinnemanuel.com 555 Twin Dolphin Drive, 5th Floor | |
| 10 | Redwood Shores, California 94065 Telephone: (650) 801-5000 | |
| 11 | Facsimile: (650) 801-5100 | |
| 12 | William C. Price (Bar No. 108542) williamprice@quinnemanuel.com | |
| 13 | Michael L. Fazio (Bar No. 228601) michaelfazio@quinnemanuel.com | |
| 14 | 865 South Figueroa Street, 10th Floor Los Angeles, California  90017-2543 | |
| 15 | Telephone:   (213) 443-3000 Facsimile:    (213) 443-3100 | |
| 16 | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, | |
| 17 | INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | | |
|---|---|---|
| 21 | APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
| 22 | Plaintiff, | **CERTIFICATE OF SERVICE** |
| 23 | vs. | |
| 24 | SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG | |
| 25 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | |
| 26 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 27 | Defendants. | |
| 28 | | |

02198.51981/5260527.1

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On April 10, 2013, I served true copies of the following documents, described as:

**SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S SECOND AND THIRD SETS OF INTERROGATORIES   (Interrogatory Nos. 11-13, 19, 23)
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

on the interested parties in this action addressed as follows:

| **ATTORNEYS FOR APPLE INC**. | **ATTORNEYS FOR APPLE INC**. |
|---|---|
| MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA   94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA   94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br>Apple/Samsung@gibsondunn.com |
| **ATTORNEYS FOR APPLE INC.**<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WHAppleSamsungNDCalIIService@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA   94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | |

**BY ELECTRONIC MAIL TRANSMISSION** from michaelfazio@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed in their address(es). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 10, 2013 at Los Angeles, California.

*/s/ Michael L. Fazio*