# EXHIBIT 13

**to Declaration of Shannon Mader**

**CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY
FILED UNDER SEAL**

1  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
3  Kevin A. Smith (Bar No. 250814)
   kevinsmith@quinnemanuel.com
4  50 California Street, 22nd Floor
   San Francisco, California 94111
5  Telephone:   (415) 875-6600
   Facsimile:   (415) 875-6700
6
   Kevin P.B. Johnson (Bar No. 177129)
7  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
8  victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
9  Redwood Shores, California 94065
   Telephone:   (650) 801-5000
10 Facsimile:   (650) 801-5100

11 William C. Price (Bar No. 108542)
   williamprice@quinnemanuel.com
12 Michael L. Fazio (Bar No. 228601)
   michaelfazio@quinnemanuel.com
13 865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
14 Telephone:   (213) 443-3000
   Facsimile:   (213) 443-3100
15
   Attorneys for SAMSUNG ELECTRONICS CO.,
16 LTD., SAMSUNG ELECTRONICS AMERICA,
   INC. and SAMSUNG
17 TELECOMMUNICATIONS AMERICA, LLC

18
                    UNITED STATES DISTRICT COURT
19
         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
20

21 | APPLE INC., a California corporation, | CASE NO. 12-cv-00630-LHK |
|---|---|
|      Plaintiff, | **SAMSUNG'S OBJECTIONS AND RESPONSE TO APPLE'S TENTH SET OF INTERROGATORIES (No. 45)** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |
|      Defendants. | |

**INTERROGATORY NO. 45:**

For each and every purported non-infringing alternative technology that Samsung identifies in response to Apple's Interrogatory No. 29 (hereinafter "Alternative") state the time it took Samsung to implement the Alternative (if actually implemented), or (if not actually implemented) the time Samsung contends it would have taken to implement that Alternative, fully explain Samsung's factual bases for its response to this interrogatory, and identify all documents relating to Samsung's response to this interrogatory and all individuals with knowledge of facts relating to Samsung's response this interrogatory.

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 45:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this interrogatory on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is compound and comprises discrete subparts resulting in separate interrogatories; (iii) it is vague, ambiguous, overly broad and unduly burdensome as to the term "implement"; (iv) it calls for information that is not within Samsung's possession, custody or control; (v) it is premature to the extent that it seeks information that is properly the subject of expert opinion prior to the deadline established in the May 2, 2012 Minute Order and Case Management Order; (vi) it calls for legal conclusions; and (vii) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Samsung responses as follows:

**502 Patent**

For at least the reasons set forth in response to Interrogatory No. 24, the accused Samsung products do not infringe the asserted claims of the '502 patent; the accused Samsung products are therefore alternatives to the claimed technology. But although the accused products themselves are non-infringing alternatives, they are not non-infringing alternatives that were, or need to be,

1  "implemented." Accordingly, Samsung need not list the amount of time required to create the
2  accused Samsung products as no time is required.
3       Moreover, in its March 25, 2013 Amended Patent Local Rule 3-3 and 3-4 Disclosures,
4  Samsung identified a variety of prior art. At least to the extent that Apple contends that any of this
5  prior art does not anticipate the asserted claims of the '502 patent, the scope and variety of the
6  prior art represents a number of alternatives to the claimed technology. The estimated time to
7  implement not-yet-implemented non-infringing alternatives, such as those identified by the prior
8  art, are properly the subject of expert testimony. Samsung will provide the time to implement
9  these not-yet-implemented non-infringing alternatives, as it deems necessary, in its expert reports.
10       In its Response to Apple's Interrogatory No. 29, Samsung identified the following non-
11  infringing alternatives to the '502 Patent: (1) utilizing the design of Turbo C++ in order to display
12  history lists; (2) utilizing the design of Borland Turbo C++ in order to update history lists; (3) not
13  updating a history list of a user selects an item from the history list; (4) not updating a history table
14  if a user selects an item from the history list; (5) not displaying a list of previously used entries,
15  but rather displaying a list that includes items that are not previously used entries; (6) not storing
16  or displaying any previously used entries, but rather displaying only items provided that form a
17  network, such as popular searches or popular videos, applications, or addresses; (7) not displaying
18  a number of history lists, but rather a single history list that is shared between all field classes; (8)
19  not including a number of different history tables, but only including a single history table in
20  which all histories are stored; and (9) not updating a history table when a user selects an item from
21  a history list, but rather updating a history table at some other time, such as when a user submits
22  the information as a query based on the selected item. However, the three applications accused of
23  infringing the '502 Patent – YouTube, Google Maps, and Play Store – are not created by
24  Samsung. These applications are created by Google, and any changes to these applications have
25  been and would be made by Google. To the extent Samsung has any knowledge of the topic of this
26  Interrogatory, there would be no marginal time cost to Samsung for any changes Google made to
27  the YouTube, Google Maps and Play Store applications.
28

**647 Patent**

For at least the reasons set forth in response to Interrogatory No. 24, the accused Samsung products do not infringe the asserted claims of the '647 patent; the accused Samsung products are therefore alternatives to the claimed technology. But although the accused products themselves are non-infringing alternatives, they are not non-infringing alternatives that were, or need to be, "implemented." Accordingly, Samsung need not list the amount of time required to create the accused Samsung products as no time is required.

Moreover, in its March 25, 2013 Amended Patent Local Rule 3-3 and 3-4 Disclosures, Samsung identified a variety of prior art. At least to the extent that Apple contends that any of this prior art does not anticipate the asserted claims of the '647 patent, the scope and variety of the prior art represents a number of alternatives to the claimed technology. Not-yet-implemented non-infringing alternatives, such as those identified by the prior art, are properly the subject of expert testimony. Samsung will provide the time to implement these not-yet-implemented non-infringing alternatives, as it deems necessary, in its expert reports.

In its Response to Apple's Interrogatory No. 29, Samsung identified the following non-infringing alternatives to the '647 Patent: (1) only analyzing text and providing a context menu when the text string is first selected by the user; (2) restricting the actions a user can perform after tapping on a text, in accord with Apple's theories (disputed) regarding the necessity of multiple actions being linked to each structure; (3) allowing the user to link actions to a structure; (4) restricting the type of information that can be detected by an application, in accord with Apple's theories (disputed) regarding the necessity that the analyzer server detect multiple types of structures; and (5) providing the same context menu of options to the user regardless of what text the user has selected in the Browser and Messaging applications. The Messenger and Browser applications are created by Google and changes to the accused functionality would be made by Google in the first instance. To the extent Samsung has any knowledge of the topic of this Interrogatory, there would be no marginal time cost to Samsung for any changes Google made to the Messenger and Browser applications. And to the extent any non-infringing alternatives have been implemented, such as non-infringing alternatives (1), (2), and (3) identified above, by

1  Samsung or otherwise, they were implemented in the ordinary course of business, as would have
2  been necessary with or without Apple's allegations regarding the '647 patent.

3  **959 Patent**

4      For at least the reasons set forth in response to Interrogatory No. 24, the accused Samsung
5  products do not infringe the asserted claims of the '959 patent; the accused Samsung products are
6  therefore alternatives to the claimed technology. But although the accused products themselves are
7  non-infringing alternatives, they are not non-infringing alternatives that were, or need to be,
8  "implemented". Accordingly, Samsung need not list the amount of time required to create the
9  accused Samsung products as no time is required.

10      Moreover, in its March 25, 2013 Amended Patent Local Rule 3-3 and 3-4 Disclosures,
11  Samsung identified a variety of prior art. At least to the extent that Apple contends that any of this
12  prior art does not anticipate the asserted claims of the '959 patent, the scope and variety of the
13  prior art represents a number of alternatives to the claimed technology. Furthermore, in its
14  Response to Apple's Interrogatory No. 29, Samsung also identified non-infringing alternatives to
15  the '959 patent based on prior art which Apple distinguished during prosecution of the '959
16  patent, including U.S. Patent No. 5,870,755 to Stevens, U.S. Patent No. 7,020,670 to Andreoli *et*
17  *al.* and Blumenfeld *et al.*, "A uniform interface to networked library services," ACM 1992, pp.
18  608-13. At least to the extent that Apple contended to the U.S. Patent Office that this prior art does
19  not anticipate the asserted claims of the '959 patent, the scope and variety of this prior art
20  represents alternatives to the claimed technology.  Not-yet-implemented non-infringing
21  alternatives, such as those identified by the prior art, are properly the subject of expert testimony.
22  Samsung will provide the time to implement these not-yet-implemented non-infringing
23  alternatives, as it deems necessary, in its expert reports.

24      In its Response to Apple's Interrogatory No. 29, Samsung also identified only providing
25  search suggestions and search results from a web search to the Quick Search Box as a non-
26  infringing alternative to the '959 Patent; no local search results would be provided. Samsung does
27  not create the accused features of the Quick Search Box or the web search provider for the Quick
28  Search Box installed on the accused Samsung devices. Because Samsung does not create these

accused features, there is no time cost for Samsung to implement this non-infringing alternative. To the extent this non-infringing alternative has already been implemented in the versions of the Galaxy SIII, Galaxy SII and Exhibit 4G identified in Samsung's Response to Apple's Interrogatory No. 29, there was no time cost for Samsung to implement them.

In its Response to Apple's Interrogatory No. 29, Samsung identified each search provider performing a non-heuristic search including only constraints given by the user as a non-infringing alternative to the '959 Patent. To the extent Samsung has any knowledge of the topic of this Interrogatory, there would be no marginal time cost to Samsung for any changes Google or the creator of a search provider made for implement the changes to those search provider applications. To the extent Samsung would need to modify its own search providers to implement this non-infringing alternative, it has not done so, and an estimation of the time it would take to implement this design is properly the subject of expert testimony. Samsung will provide the time to implement this not-yet-implemented non-infringing alternative, as it deems necessary, in its expert report.

In its Response to Apple's Interrogatory No. 29, Samsung identified adding a "plug-in module" that performs the same search technique as another "plug-in module" as a non-infringing alternative to the '959 Patent. To the extent Samsung has any knowledge of the topic of this Interrogatory, there would be no marginal time cost to Samsung for any changes Google or the creator of a search provider made to add a "plug-in module" which uses the same search technique as another "plug-in module". To the extent Samsung could create its own plug-in modules which used the same search techniques to implement this non-infringing alternative, Samsung has not done so, and an estimation of the time it would take to implement this design is properly the subject of expert testimony. Samsung will provide the time to implement this not-yet-implemented non-infringing alternative, as it deems necessary, in its expert report.

In its Response to Apple's Interrogatory No. 29, Samsung identified only using a single module to perform all searches and to interact with each possible set of data as a non-infringing alternative to the '959 Patent. The Quick Search Box is created by Google, and any changes to the Quick Search Box have been and would be made by Google. To the extent Samsung has any

knowledge of the topic of this Interrogatory, there would be no marginal time cost to Samsung for any changes Google made to implement this change to the Quick Search Box.

In its Response to Apple's Interrogatory No. 29, Samsung identified removing the Quick Search Box and replacing it with each application having its own search user interface as a non-infringing alternative to the '959 Patent. Samsung does not create, alter, or otherwise develop the functionality of the Quick Search Box, whether installed on a Samsung device or otherwise. To the extent Samsung has any knowledge of the topic of this Interrogatory, there would be no marginal time cost to Samsung for Google to remove the Quick Search Box. To the extent Samsung would have to create independent search user interfaces for its own search providers in order to implement this non-infringing alternative, Samsung has not done so, and an estimation of the time it would take to implement is properly the subject of expert testimony Samsung will provide the time to implement this not-yet-implemented non-infringing alternative, as it deems necessary, in its expert report.

**414 Patent**

For at least the reasons set forth in response to Interrogatory No. 24, the accused Samsung products do not infringe the asserted claims of the '414 patent; the accused Samsung products are therefore alternatives to the claimed technology. But although the accused products themselves are non-infringing alternatives, they are not non-infringing alternatives that were, or need to be, "implemented." Accordingly, Samsung need not list the amount of time required to create the accused Samsung products as no time is required.

Moreover, in its March 25, 2013 Amended Patent Local Rule 3-3 and 3-4 Disclosures, Samsung identified a variety of prior art. At least to the extent that Apple contends that any of this prior art does not anticipate the asserted claims of the '414 patent, the scope and variety of the prior art represents a number of alternatives to the claimed technology. Not-yet-implemented non-infringing alternatives, such as those identified by the prior art, are properly the subject of expert testimony. Samsung will provide the time to implement these not-yet-implemented non-infringing alternatives, as it deems necessary, in its expert reports.

1          In its Response to Apple's Interrogatory No. 29, Samsung identified utilizing the design of
2   Shalev, *Predictive Log Synchronization*, in order to perform database synchronization as a non-
3   infringing alternative to the '414 Patent.   The estimated time to implement not-yet-implemented
4   non-infringing alternatives, such as those identified by the prior art, are properly the subject of
5   expert testimony. Samsung will provide the time to implement these not-yet-implemented non-
6   infringing alternatives, as it deems necessary, in its expert reports.

7          In its Response to Apple's Interrogatory No. 29, Samsung identified utilizing the design of
8   U.S. Patent Application Publication No. 2007/0022155 to Owens et al. ("Owens") in order to
9   perform database synchronization as a non-infringing alternative to the '414 Patent.   The
10  estimated time to implement not-yet-implemented non-infringing alternatives, such as those
11  identified by the prior art, are properly the subject of expert testimony. Samsung will provide the
12  time to implement these not-yet-implemented non-infringing alternatives, as it deems necessary, in
13  its expert reports.

14         In its Response to Apple's Interrogatory No. 29, Samsung identified performing data
15  synchronization only when applications that allow users to access and edit structured data are not
16  running as a non-infringing alternative to the '414 Patent.   The estimated time to implement not-
17  yet-implemented non-infringing alternatives, such as those identified by the prior art, are properly
18  the subject of expert testimony. Samsung will provide the time to implement these not-yet-
19  implemented non-infringing alternatives, as it deems necessary, in its expert reports.

20         In its Response to Apple's Interrogatory No. 29, Samsung identified preventing users from
21  editing database through applications running on the device as a non-infringing alternative to the
22  '414 Patent.   The estimated time to implement not-yet-implemented non-infringing alternatives,
23  such as those identified by the prior art, are properly the subject of expert testimony. Samsung will
24  provide the time to implement these not-yet-implemented non-infringing alternatives, as it deems
25  necessary, in its expert reports.

26         In its Response to Apple's Interrogatory No. 29, Samsung identified performing all write
27  operations to a given database on the same thread as a non-infringing alternative to the '414
28  Patent.   The estimated time to implement not-yet-implemented non-infringing alternatives, such

as those identified by the prior art, are properly the subject of expert testimony. Samsung will provide the time to implement these not-yet-implemented non-infringing alternatives, as it deems necessary, in its expert reports.

**760 Patent**

For at least the reasons set forth in response to Interrogatory No. 24, the accused Samsung products do not infringe the asserted claims of the '760 patent; the accused Samsung products are therefore alternatives to the claimed technology. But although the accused products themselves are non-infringing alternatives, they are not non-infringing alternatives that were, or need to be, "implemented". Accordingly, Samsung need not list the amount of time required to create the accused Samsung products as no time is required.

Moreover, in its March 25, 2013 Amended Patent Local Rule 3-3 and 3-4 Disclosures, Samsung identified a variety of prior art. At least to the extent that Apple contends that any of this prior art does not anticipate the asserted claims of the '760 patent, the scope and variety of the prior art represents a number of alternatives to the claimed technology. Not-yet-implemented non-infringing alternatives, such as those identified by the prior art, are properly the subject of expert testimony. Samsung will provide the time to implement these not-yet-implemented non-infringing alternatives, as it deems necessary, in its expert reports.

In its Response to Apple's Interrogatory No. 29, Samsung identified permitting different responses through the use of different means of interaction with the same display area, such as permitting the user to tap in a display area for one response and swipe in the same display area of the screen for another response as a non-infringing alternative to the '760 Patent. One implementation of this alternative, in which the entire area of the item on the list reacts to swipe input from the user and a portion of that display area provides a different response upon tap input, existed in Samsung devices sold in the United States since at least June 2010.   Another implementation of this alternative, in which the display area in which the user can swipe for one response has the same boundaries as the display area in which the user can tap for a different response, has been implemented in updates, including an update to the at least the Galaxy S III

1  (Verizon).   The time required to design and implement this alternative design was approximately

2  ▮▮▮▮▮▮▮▮

3  **721 Patent**

4  For at least the reasons set forth in response to Interrogatory No. 24, the accused Samsung
5  products do not infringe the asserted claims of the '721 patent; the accused Samsung products are
6  therefore alternatives to the claimed technology. But although the accused products themselves are
7  non-infringing alternatives, they are not non-infringing alternatives that were, or need to be,
8  "implemented". Accordingly, Samsung need not list the amount of time required to create the
9  accused Samsung products as no time is required.

10  Moreover, in its March 25, 2013 Amended Patent Local Rule 3-3 and 3-4 Disclosures,
11  Samsung identified a variety of prior art. At least to the extent that Apple contends that any of this
12  prior art does not anticipate the asserted claims of the '721 patent, the scope and variety of the
13  prior art represents a number of alternatives to the claimed technology. Not-yet-implemented non-
14  infringing alternatives, such as those identified by the prior art, are properly the subject of expert
15  testimony. Samsung will provide the time to implement these not-yet-implemented non-infringing
16  alternatives, as it deems necessary, in its expert reports.

17  In its Response to Apple's Interrogatory No. 29, Samsung identified implementing
18  detection of an instruction to unlock a touch screen that relies on other metrics, such as the length
19  of the users' stroke or swipe, rather than the starting and ending locations as a non-infringing
20  alternative to the '721 Patent. Samsung designed and implemented this non-infringing alternative
21  in an ▮▮▮▮▮▮▮▮▮▮▮▮ Documents related to the design and implementation of this
22  non-infringing alternative have been produced by Samsung at Bates numbers SAMNDCA630-
23  07275694 to SAMNDCA630-07274704.

24  In its Response to Apple's Interrogatory No. 29, Samsung identified moving the entire
25  screen instead of an unlock image as a non-infringing alternative to the '721 Patent.

26  In its Response to Apple's Interrogatory No. 29, Samsung identified not using an unlock
27  image at all, but rather, a visual effect applied to a background image as a non-infringing
28  alternative to the '721 Patent. Samsung designed and   implemented this non-infringing alternative

1 in an ▇▇▇▇▇▇▇▇▇▇ Documents related to the design and implementation of this
2 non-infringing alternative have been produced by Samsung at Bates numbers SAMNDCA630-
3 07275694 to SAMNDCA630-07274704.   To the extent this technique is applied by the Samsung
4 Galaxy Nexus (Jelly Bean), Samsung does not create the accused features on the Samsung Galaxy
5 Nexus (Jelly Bean) device, and any changes to these features have been and would be made by
6 Google. To the extent Samsung has any knowledge of the topic of this Interrogatory as it pertains
7 to the Samsung Galaxy Nexus (Jelly Bean), there would be no marginal time cost to Samsung for
8 any changes Google made to the accused features of that device.

9     Moreover, in its Response to Apple's Interrogatory No. 29, Samsung identified additional
10 non-infringing alternatives to the '721 Patent which have not been implemented. The estimated
11 time to implement these not-yet-implemented non-infringing alternatives is properly the subject of
12 expert testimony. Samsung will provide the time to implement these not-yet-implemented non-
13 infringing alternatives, as it deems necessary, in its expert reports.

14 **172 Patent**

15     For at least the reasons set forth in response to Interrogatory No. 24, the accused Samsung
16 products do not infringe the asserted claims of the '172 patent; the accused Samsung products are
17 therefore alternatives to the claimed technology. But although the accused products themselves are
18 non-infringing alternatives, they are not non-infringing alternatives that were, or need to be,
19 "implemented". Accordingly, Samsung need not list the amount of time required to create the
20 accused Samsung products as no time is required.

21     Moreover, in its March 25, 2013 Amended Patent Local Rule 3-3 and 3-4 Disclosures,
22 Samsung identified a variety of prior art. At least to the extent that Apple contends that any of this
23 prior art does not anticipate the asserted claims of the '172 patent, the scope and variety of the
24 prior art represents a number of alternatives to the claimed technology. Not-yet-implemented non-
25 infringing alternatives, such as those identified by the prior art, are properly the subject of expert
26 testimony. Samsung will provide the time to implement these not-yet-implemented non-infringing
27 alternatives, as it deems necessary, in its expert reports.

28

1    In its Response to Apple's Interrogatory No. 29, Samsung identified not replacing the
2 current character string with a suggested replacement character string when the user selects a
3 delimiter as a non-infringing alternative to the '172 Patent. Samsung implemented this non-
4 infringing alternative, in the Samsung keyboard, in an ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5 Samsung does not create the accused features of the Swype application installed on the accused
6 Samsung devices. The Swype application was created by Swype, and is now created by Nuance,
7 and any changes to the Swype application would be made by Swype or Nuance. To the extent
8 Samsung has any knowledge of the topic of this Interrogatory as it pertains to the Swype
9 application, there would be no marginal time cost to Samsung for any changes Swype or Nuance
10 made to the Swype application.
11    In its Response to Apple's Interrogatory No. 29, Samsung identified displaying the
12 suggested replacement character string instead of the current character string in the first area as the
13 user is entering characters with a keyboard as a non-infringing alternative to the '172 Patent. The
14 Samsung keyboard which functioned in this way was available on the earliest Android
15 smartphones sold by Samsung in the United States. These devices were sold prior to the issuance
16 of the '172 Patent and prior to any product accused of infringing any patent in this case. Indeed,
17 Apple has not accused the Samsung keyboard – on any device – of infringing the '172 Patent.
18 Because Samsung developed its product, the Samsung keyboard, independent of any attempt to
19 create an alternative, Samsung need not list the keyboard's implementation time, as no time was
20 required.
21    In its Response to Apple's Interrogatory No. 29, Samsung identified not displaying a
22 current character string at all as a non-infringing alternative to the '172 Patent. In the Samsung
23 keyboard, this alternative is implemented using two underlying technologies: T9 Trace and
24 Swiftkey Flow. Samsung implemented the T9 Trace non-infringing alternative, in the Samsung
25 keyboard, in an ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Similarly, Samsung implemented the
26 Swiftkey Flow non-infringing alternative, in the Samsung keyboard, in an estimated ▮▮
27 ▮▮▮▮▮▮▮▮▮▮▮▮
28

**604 Patent**

For at least the reasons set forth in response to Interrogatory No. 24, the accused Samsung products do not infringe the asserted claims of the '604 patent; the accused Samsung products are therefore alternatives to the claimed technology. But although the accused products themselves are non-infringing alternatives, they are not non-infringing alternatives that were, or need to be, "implemented". Accordingly, Samsung need not list the amount of time required to create the accused Samsung products as no time is required.

Moreover, in its March 25, 2013 Amended Patent Local Rule 3-3 and 3-4 Disclosures, Samsung identified a variety of prior art. At least to the extent that Apple contends that any of this prior art does not anticipate the asserted claims of the '604 patent, the scope and variety of the prior art represents a number of alternatives to the claimed technology. In its Response to Apple's Interrogatory No. 29, Samsung also identified non-infringing alternatives to the '604 patent based on prior art which Apple distinguished during prosecution of the '604 patent, including U.S. Patent No. 6,636,849 to Tang *et al.* and U.S. Patent No. 7,020,670 to Andreoli *et al.*. At least to the extent that Apple contended to the U.S. Patent Office that this prior art does not anticipate the asserted claims of the '604 patent, the scope and variety of this prior art represents alternatives to the claimed technology. Not-yet-implemented non-infringing alternatives, such as those identified by the prior art, are properly the subject of expert testimony. Samsung will provide the time to implement these not-yet-implemented non-infringing alternatives, as it deems necessary, in its expert reports.

In its Response to Apple's Interrogatory No. 29, Samsung also identified providing only search suggestions from the web to the Quick Search Box as a non-infringing alternative to the '604 Patent; no local search results would be provided. The Quick Search Box is created by Google, and any changes to the Quick Search Box have been and would be made by Google. Because Samsung does not create these accused features, to the extent Samsung has any knowledge of the topic of this Interrogatory, there would be no marginal time cost to Samsung for any changes Google made to the Quick Search Box. To the extent this non-infringing alternative has already been implemented in the versions of the Galaxy SIII, Galaxy SII and Exhibit 4G

1  identified in Samsung's Response to Apple's Interrogatory No. 29, there was no time cost for
2  Samsung to implement them.
3       In its Response to Apple's Interrogatory No. 29, Samsung identified adding a "heuristic
4  module" that performs the same search technique as another "heuristic module" as a non-
5  infringing alternative to the '604 Patent. To the extent Samsung has any knowledge of the topic of
6  this Interrogatory, there would be no marginal time cost to add another "heuristic module" which
7  performs the same search technique as another "heuristic module", because Google or the creator
8  of another search provider could implement this non-infringing alternative. To the extent design
9  changes made and provided by Google or the creator of another search provider are non-infringing
10 alternatives, there is no time cost for Samsung to implement them. To the extent Samsung could
11 create its own "heuristic modules" which use the same search techniques in order to implement
12 this non-infringing alternative, Samsung has not done so, and an estimation of the time it would
13 take to implement is properly the subject of expert testimony. Samsung will provide the time to
14 implement this not-yet-implemented non-infringing alternative, as it deems necessary, in its expert
15 report.
16      In its Response to Apple's Interrogatory No. 29, Samsung identified only using a single
17 module to perform all searches and to interact with each possible set of data as a non-infringing
18 alternative to the '604 Patent. To the extent Samsung has any knowledge of the topic of this
19 Interrogatory, there would be no marginal time cost to Samsung for any changes Google made to
20 the Quick Search Box.
21      In its Response to Apple's Interrogatory No. 29, Samsung identified storing all searchable
22 data in a single index as a non-infringing alternative to the '604 Patent. To the extent Samsung has
23 any knowledge of the topic of this Interrogatory, there would be no marginal time cost to Samsung
24 for any changes Google made to store all searchable data in a single index.
25
26
27
28

| | | |
|---|---|---|
| 1 | DATED:   June 10, 2013 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By   */s/ Michael L. Fazio*
       Victoria F. Maroulis
       William C. Price
       Michael L. Fazio

       Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | Charles K. Verhoeven (Bar No. 170151) charlesverhoeven@quinnemanuel.com |
| 3 | Kevin A. Smith (Bar No. 250814) kevinsmith@quinnemanuel.com |
| 4 | 50 California Street, 22nd Floor San Francisco, California 94111 |
| 5 | Telephone: (415) 875-6600 Facsimile: (415) 875-6700 |
| 6 | |
| 7 | Kevin P.B. Johnson (Bar No. 177129 (CA); 2542082 (NY)) |
| 8 | kevinjohnson@quinnemanuel.com Victoria F. Maroulis (Bar No. 202603) |
| 9 | victoriamaroulis@quinnemanuel.com 555 Twin Dolphin Drive, 5th Floor |
| 10 | Redwood Shores, California 94065 Telephone: (650) 801-5000 Facsimile: (650) 801-5100 |
| 11 | |
| 12 | William C. Price (Bar No. 108542) williamprice@quinnemanuel.com |
| 13 | Michael L. Fazio (Bar No. 228601) michaelfazio@quinnemanuel.com |
| 14 | 865 South Figueroa Street, 10th Floor Los Angeles, California  90017-2543 |
| 15 | Telephone:   (213) 443-3000 Facsimile:    (213) 443-3100 |
| 16 | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, |
| 17 | INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
| Plaintiff, | |
| vs. | **CERTIFICATE OF SERVICE** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

02198.51981/5360465.1

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On June 10, 2013, I served true copies of the following documents, described as:

**SAMSUNG'S OBJECTIONS AND RESPONSE TO APPLE'S TENTH SET OF INTERROGATORIES (No. 45)**

on the interested parties in this action addressed as follows:

| **ATTORNEYS FOR APPLE INC**. | **ATTORNEYS FOR APPLE INC**. |
|---|---|
| MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA    94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA    94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br>Apple/Samsung@gibsondunn.com |
| **ATTORNEYS FOR APPLE INC.**<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WHAppleSamsungNDCalIIService@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA    94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | |

**BY ELECTRONIC MAIL TRANSMISSION** from michaelfazio@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed in their address(es). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 10, 2013, at Los Angeles, California.

/s/ *Michael L. Fazio*