# Samsung's Notice of Motion and Motion for Leave to Amend its Invalidity Contentions
# Filed Publicly Pursuant To Court Order [Dkt. No. 1415]

1  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
3  Kevin A. Smith (Bar No. 250814)
   kevinsmith@quinnemanuel.com
4  50 California Street, 22nd Floor
   San Francisco, California 94111
5  Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
6
   Kevin P.B. Johnson (Bar No. 177129)
7  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
8  victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
9  Redwood Shores, California 94065
   Telephone: (650) 801-5000
10 Facsimile: (650) 801-5100

11 William C. Price (Bar No. 108542)
   williamprice@quinnemanuel.com
12 Michael L. Fazio (Bar No. 228601)
   michaelfazio@quinnemanuel.com
13 865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
14 Telephone:   (213) 443-3000
   Facsimile:   (213) 443-3100
15
   Attorneys for SAMSUNG ELECTRONICS
16 CO., LTD., SAMSUNG ELECTRONICS
   AMERICA, INC. and SAMSUNG
17 TELECOMMUNICATIONS AMERICA, LLC

18
                           UNITED STATES DISTRICT COURT
19
              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
20
21 | APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK (PSG) |
   | --- | --- |
22 |              Plaintiff, | |
23 |        vs. | **SAMSUNG'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS** |
24 | SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date:    July 2, 2013<br>Time:   10:00 a.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |
25 | | |
26 | | **[FILED UNDER SEAL]** |
27 |              Defendants. | |
28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, July 2, 2013 at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order granting Samsung leave to amend its invalidity contentions pursuant to Patent L.R. 3-6.   This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Amar L. Thakur (the "Thakur Decl."); and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

**RELIEF REQUESTED**

Samsung seeks an order granting it leave to amend its infringement contentions pursuant to Patent L.R. 3-6.

DATED: May 28, 2013                    QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ Victoria Maroulis*
Victoria F. Maroulis
Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

-ii-
SAMSUNG'S MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 1

I. INTRODUCTION................................................................................................................ 1

II. FACTS ................................................................................................................................. 1

III. LEGAL STANDARD ......................................................................................................... 4

IV. ARGUMENT ...................................................................................................................... 4

    A. Samsung Should Be Permitted To Amend Its Invalidity Contentions Based on Apple's Recent Assertion of Earlier Conception Dates ....................................... 4

    B. There Will Be No Prejudice To Apple If This Motion Is Granted............................ 7

V. CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

## CASES

*Acer, Inc. v. Tech. Prop. Ltd.*,
  2010 WL 3618687 (N.D. Cal. 2010) .................................................................................... 4

*Golden Hour Data Systems, Inc. v. Health Services Integration, Inc.*,
  2008 WL 2622794 (N.D. Cal. 2008) .................................................................................... 4

*O2 Micro Int'l, Ltd. v. Monolithic Power Systems, Inc.*,
  467 F.3d 1355, 1363, 1366 (Fed. Cir. 2006) ........................................................................ 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Samsung respectfully requests leave to amend certain of its invalidity contentions to identify earlier prior art devices, systems and references in response to conception dates that Apple disclosed to Samsung for the first time on April 10, 2013. The devices, systems and references on which Samsung had previously relied predated the conception dates that Apple disclosed to Samsung in November 2012, but Apple recently asserted new conception dates for four of its eight asserted patents. Permitting Apple to rely upon earlier conception dates, without allowing Samsung to introduce prior art to address the new dates, results in a fundamental unfairness and rewards Apple for changing its core positions late in the litigation.

## II. FACTS

Apple's Rule 3-2 Production of Documents. On June 15, 2012, Apple served its Disclosure of Asserted Claims and Infringement Contentions ("Apple's Disclosure") as required by Patent Local Rules 3-1 and 3-2. (Thakur Decl., Ex. 1.) Patent Local Rule 3-2(b) requires that parties "produce to each opposing party or make available for inspection and copying . . . [a]ll documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3-1(f), whichever is earlier." Patent L.R. 3-2(b). Apple's Disclosure included a three-page list of documents, not separated by patent, allegedly "evidencing conception, reduction to practice, design and development of the claimed inventions." (Thakur Decl., Ex. 1 at 5-8.) Apple also stated that it "has produced or is making available for inspection certain Director files and other electronic files embodying or otherwise relating to the conception, reduction to practice, design, and development of the claimed inventions." (*Id.* at 8.)

Samsung's Initial Invalidity Contentions. On August 10, 2012, pursuant to the deadlines set by the Court, Samsung served its initial invalidity contentions on Apple.

<u>Samsung's Interrogatory Seeking Conception Dates</u>.   On September 25, 2012, Samsung served its First Set of Interrogatories to Apple.  (Thakur Decl. Ex. 2.)   Samsung's Interrogatory No. 2 to Apple asked Apple to identify, *inter alia*, the date of conception of the asserted claim:

> Separately for each claim of the APPLE PATENTS that APPLE contends SAMSUNG has infringed or is infringing, describe in detail all facts relevant to the conception of that claimed invention, including without limitation: the date of conception, the name of each person who contributed to the conception, the specific contribution made by each such person to the claimed invention, how these persons arrived at their claimed invention, and the identity of all documents (by Bates numbers) relating to such conception.

(*Id.* at 7.)

<u>Apple's First Response to Samsung's Conception Interrogatory</u>.   On November 8, 2012, Apple served its Objections and Responses to Samsung's First Set of Interrogatories.   With respect to U.S. Patent No. 8,014,760 (the "'760 patent"), Apple stated that "the inventions recited in claims 1-5 and 7-22 of the '760 patent were conceived . . . no later than September 6, 2006." (Thakur Decl. Ex. 3 at 10.)   September 6, 2006 is the date of the earliest provisional application identified on the face of the '760 patent.   (Thakur Decl. Ex. 4.)   With respect to U.S. Patent No. 5,666,502 (the "'502 patent"), Apple stated that "the inventions recited in claims 1-2, 4-5, 8, 11, 13-17, 20, 22-24, and 26 of the '502 patent were conceived no later than August 7, 1995."  Thakur Decl. Ex. 3 at 9).   August 7, 1995 is the date of filing of the application that issued as the '502 patent.   (Thakur Decl. Ex. 5).

<u>Third Party Discovery</u>.   On August 31, 2012, Samsung served a subpoena on third party Microsoft seeking documentation and source code concerning Windows Mobile 5, a version of the Windows Mobile operating system that was released in 2005.   (Thakur Decl. Ex. 6).   In early January 2013, Microsoft made the Windows Mobile code available for inspection.   (Thakur Decl. Ex. 7.)   On February 21, 2013, Samsung served a subpoena on third party Palm, Inc., seeking, *inter alia*, documents concerning Palm devices that used the Windows Mobile 5 operating system. (Thakur Decl. Ex. 8.)

In November 2012, Samsung served a subpoena on third party Embarcadero Technologies seeking, *inter alia*, source code for all versions of Borland C++ from prior to the filing of the '502 patent.  (Thakur Decl. Ex. 9.)

<u>The Parties' First Amended Invalidity Contentions</u>.   On January 4, 2013, the Parties filed a Stipulation and Proposed Order Regarding Amended Invalidity Contentions.  Dkt. 343.  That stipulation stated "the parties agree they have acted diligently in identifying new evidence and in seeking to amend their contentions, and that the parties agree that the proposed amendments would not cause undue prejudice."  *Id.* at 2.

<u>Apple's Supplemental Response to Samsung's Conception Interrogatory</u>.   On April 10, 2013, Apple supplemented its response to Samsung's Interrogatory No. 2 and for the first time asserted that the conception date for the '760 patent was "no later than March 3, 2005," eighteen months earlier than the date originally set forth in Apple's November 2012 interrogatory response.  (Compare Thakur Ex. 10 at 8 with Ex. 3 at 10.)  Apple also asserted a conception date of December 21, 1994 for the '502 patent, eight months earlier than the date originally set forth in Apple's November 2012 interrogatory response.  Apple provided this information for the first time eight months after Samsung served its invalidity contentions pursuant to L.R. 3-3 and three months after the parties' first set of stipulated amendments to their invalidity contentions was submitted to the Court.

<u>The Parties Second Amended Invalidity Contentions</u>.   On April 26, 2013, the parties filed another Stipulation and Proposed Order Regarding Amended Invalidity Contentions.  Dkt. 473.  This stipulation also stated "the parties agree they have acted diligently in identifying new evidence and in seeking to amend their contentions, and that the parties agree that the proposed amendments would not cause undue prejudice."  *Id.* at 2.

<u>The Instant Motion</u>.   In this motion, Samsung seeks to amend its invalidity contentions to provide detail concerning earlier prior art, to include earlier versions of previously charted prior art, and to include earlier combination references, to respond to Apple's recently asserted conception dates.  On May 21, 2013, Samsung served supplemental and amended invalidity claim charts on Apple.  (*See* Thakur Decl. Ex. 11.)  On May 24, 2013, Samsung served further

amended claim charts concerning the '760 patent as well as two amended invalidity claim charts concerning the '502 patent on Apple.  (*See* Thakur Decl. Ex. 12.)   Although Samsung requested a response by May 27, Apple provided no response before the filing of this motion.

## III.    LEGAL STANDARD

Patent Local Rule 3-6 allows the parties to amend their infringement contentions "by order of the Court upon a timely showing of good cause."  Pat. L.R. 3-6.  "Good cause" requires a showing that "the party seeking leave to amend acted with diligence promptly when new evidence is revealed."  *O2 Micro Int'l, Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1363, 1366 (Fed. Cir. 2006).   Once the moving party shows it was diligent in amending its contentions, the court considers whether the non-moving party "would suffer prejudice if the motion to amend were granted."  *Acer, Inc. v. Tech. Prop. Ltd.*, 2010 WL 3618687 (N.D. Cal. 2010).   "The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories."  *Golden Hour Data Systems, Inc. v. Health Services Integration, Inc.*, 2008 WL 2622794 (N.D. Cal. 2008), *citing O2 Micro*, 467 F.3d at 1365-1366.

## IV.    ARGUMENT

### A.    Samsung Should Be Permitted To Amend Its Invalidity Contentions Based on Apple's Recent Assertion of Earlier Conception Dates

Samsung seeks leave to amend its invalidity contentions concerning the '760 patent to include earlier versions of the Windows Mobile operating system; earlier combination references; and earlier references concerning general knowledge in the art at the time of the alleged invention.  Samsung's amended contentions concerning invalidity of the '760 patent contain no new theories, and Samsung is not offering any new claim charts.   Rather, Samsung merely seeks to amend its charts to establish that the bases for invalidating the '760 patent that existed as of September 6, 2006 – Apple's previously asserted conception date – were no different as of March 3, 2005 – Apple's newly asserted conception date for the '760 patent.   Notably, Samsung is not seeking to introduce any new theories of invalidity for the '760 patent.   (Compare Thakur Decl. Exs. 19, 21 & 20, 22).

1   With respect to the '502 patent, Samsung is not even seeking to introduce any new
2   versions of prior art, let alone new art.   Instead, Samsung simply seeks to include additional
3   details concerning versions of Codewright and Borland Turbo C++ and Turbo C++ that were
4   already part of Samsung's invalidity contentions.   (Compare Thakur Decl. Exs. 15,17 & 16,18).
5   Samsung's good cause is plain.   The dates of conception of the inventions claimed in
6   Apple's patents are facts well within Apple's control, and there is no reason that Apple could not
7   have disclosed them at the beginning of the discovery period.   In response to Samsung's
8   interrogatory, on November 8, 2012, Apple disclosed one set of alleged conception dates.   Five
9   months later, and more than a year after filing this action, Apple disclosed much earlier purported
10  conception dates for four of its patents, including the '760 and '502 patents.   If Apple is permitted
11  to assert these earlier dates, Samsung will be prejudiced because certain of the systems and
12  references on which it relied in its invalidity contentions may no longer be prior art.[1]   Samsung
13  should be permitted to alleviate the prejudice caused by Apple's late disclosure by providing
14  additional detail for earlier versions of the relevant prior art devices and systems, and by including
15  earlier references that establish the state of the art as of the earlier date.
16  In particular, Samsung has good cause to amend its invalidity contentions to include
17  information and screen shots for earlier versions of the Windows Mobile operating system. Based
18  on the priority date on the face of the '760 patent and Apple's November 2012 representation that
19  the '760 conception date was September 6, 2006, Samsung relied on Windows Mobile 5, which
20  first became available in 2005.   To illustrate Windows Mobile 5, Samsung relied on screen shots
21  from a Palm Treo 700w, a device that used the Windows Mobile 5 operating system and that was
22  on sale in the United States by January of 2006.   Although earlier versions of Windows Mobile,
23  including Windows Mobile 2003 and Windows Mobile 2003 SE disclosed the same functionality,
24  there was no reason to include such versions in Samsung's contentions if Apple's conception date

---

[1] Samsung is separately moving to preclude Apple from relying on the late asserted conception dates.   *See* Samsung's Motion To Preclude Apple From Asserting Untimely Dates Of Conception.

1  was September 2006.   But if Apple successfully establishes the March 2005 conception date that

2  it now asserts for the alleged invention of the '760 patent, Samsung may not be able to rely on

3  Windows Mobile 5.   Accordingly, Samsung seeks leave to amend all of its invalidity contentions

4  concerning the '760 patent to include the versions of Windows Mobile that were publicly available

5  prior to 2005 and/or that are prior art under 35 U.S.C. § 102(b).

6        For the same reasons, Samsung seeks to include additional combination references, as well

7  as additional references concerning the state of knowledge in the art, to include certain earlier

8  references.   For example, Samsung seeks to add a Nokia 5140 User Manual, ©2004, as an

9  alternative combination reference for dependent claim 11.   Similarly, Samsung seeks to add

10  discussion of the Kyocera 7135 phone, which was available by 2003, to potentially rely on the

11  Kyocera 7135 rather than more recent devices and systems that disclosed similar functionality.

12  Finally, although disclosure of references establishing the state of the art at the time is not

13  necessary in invalidity claim charts, Samsung had previously included a brief discussion

14  concerning the knowledge of touch screens—and has added certain earlier references to that

15  discussion as well in its proposed amended contentions.   Each of these proposed amendments was

16  necessitated by Apple's April 10, 2013 assertion that the conception date for the '760 patent was

17  eighteen months earlier than previously disclosed.

18        Samsung likewise has good cause to amend its invalidity contentions for the '502 patent to

19  include additional detail for earlier versions of Codewright and Borland Turbo C++ and Turbo

20  C++.   Relying on Apple's representation that the conception date for the '502 patent was in

21  August of 1995, Samsung's invalidity claim charts emphasized versions of Codewright and

22  Borland C++ and Turbo C++ that were on sale in late 1994 and early 1995.   For instance,

23  Samsung included screenshots from Codewright version 3.1d, released on or about December of

24  1994.   Samsung also identified other versions of Codewright that functioned in the same way as

25  version 3.1d, including versions 1.0, 3.0, and 3.1. Similarly, in Samsung's invalidity chart based on

26  Borland C++ and Turbo C++, Samsung included screenshots for Borland C++ 2.0, but Samsung

27  included analysis of source code only for versions 4.5.1 of Borland C++ and 4.5 of Borland Turbo

28  C++, released on or about December of 1994 and March of 1995, respectively.   Now, based on

1 Apple's belated attempt to change its conception date to December 1994, Samsung seeks leave to
2 amend its invalidity charts to include screenshots for earlier versions of Codewright and to provide
3 source code analysis for an earlier version of Borland C++.  Samsung's earlier contentions
4 identified the earlier Codewright versions and included screenshots for Borland C++.  The
5 addition of screenshots for that earlier version of Codewright and of more source code detail for
6 one version of Borland C++ does not introduce any new invalidity theories.

### B. There Will Be No Prejudice To Apple If This Motion Is Granted

Apple will not be prejudiced if Samsung is allowed to amend its invalidity contentions to respond to Apple's recent assertions of earlier conception dates for certain Apple patents. Samsung is not seeking to introduce any new invalidity theories.  Indeed, with respect to Windows Mobile, Codewright and Borland C++, Samsung is not even seeking to introduce any new prior art.  Samsung merely seeks leave to establish that earlier versions of these systems – versions that qualify as prior art even if Apple establishes earlier conception dates – contained the same functionality and invalidate the Apple patents for the same reasons.

In fact, the prejudice here is to Samsung.  On November 8, 2012, Apple revealed one set of purported conception dates.  Such conception dates are based on information that is uniquely within Apple's control.  Apple waited five months, until April 10, 2012, before amending its interrogatory responses to assert earlier conception dates.  Samsung should not be punished for Apple's delinquent behavior.

Finally, it is worth noting that just a month ago, on April 26, 2013, the parties stipulated to amend their invalidity contentions a second time.  At that time, Apple agreed that those proposed amendments would not cause undue prejudice.  In light of that representation, Apple cannot credibly argue that the instant proposed amendments will prejudice it.

### V.   CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant Samsung's motion for leave to amend its invalidity contentions.

DATED: May 28, 2013                QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP


                                   By */s/ Victoria Maroulis*
                                       Victoria F. Maroulis
                                       Attorney for SAMSUNG ELECTRONICS CO.,
                                       LTD., SAMSUNG ELECTRONICS AMERICA,
                                       INC., and SAMSUNG
                                       TELECOMMUNICATIONS AMERICA, LLC