# Exhibit 3
# Filed Publicly Pursuant To Court Order [Dkt. No. 1415]

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No. 12-CV-00630-LHK (PSG)<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | |

1
2

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S
OBJECTIONS AND RESPONSES TO SAMSUNG'S
<u>FIRST SET OF INTERROGATORIES (NOS. 1-24)</u>**

3   Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule
4   33, Apple Inc. ("Apple") hereby objects and responds to the First Set of Interrogatories to
5   Apple Inc. (Nos. 1-24) served by Samsung Electronics Co., Ltd., Samsung Electronics
6   America, Inc., and Samsung Telecommunications America LLC (collectively, "Samsung")
7   on September 25, 2012.  These responses are based on information reasonably available to
8   Apple at the present time.  Apple reserves the right to continue discovery and investigation
9   into this matter and reserves the right to amend and supplement these responses when and if
10  additional information becomes available.  Apple's objections as set forth herein are made
11  without prejudice to Apple's right to assert any additional or supplemental objections
12  pursuant to Rule 26(e).

13   **GENERAL OBJECTIONS**

14   Apple makes the following general responses and objections ("General Objections")
15  to each definition, instruction, and interrogatory propounded in Samsung's First Set of
16  Interrogatories to Apple Inc. These General Objections are hereby incorporated into each
17  specific response. The assertion of the same, similar, or additional objections or partial
18  responses to individual interrogatories does not waive any of Apple's General Objections.

19   1.   Apple provides these objections and responses to the best of its current
20  knowledge.  Discovery or further investigation may reveal additional or different information
21  warranting amendment of these objections and responses. Apple reserves the right to produce
22  at trial and make reference to any evidence, facts, documents, or information not discovered
23  at this time, omitted through good-faith error, mistake, or oversight, or the relevance of
24  which Apple has not presently identified.  Apple's response to any particular Interrogatory
25  should not be taken as an admission that it accepts or admits the existence of any fact set
26  forth or assumed by the interrogatory, or that the response constitutes admissible evidence.
27  No response to any portion of any interrogatory shall be deemed a waiver of any objection

28

-1-

not set forth herein that could be made to any such portion of the interrogatory regarding relevancy of the information or its admissibility. Rather, these responses and any information or documents produced reflect Apple's attempt to produce non-privileged information and documents as they are kept in the ordinary course of business and within the timeline set forth by the appropriate Court Orders.

2. Apple objects to each and every definition, instruction, and request to the extent it seeks to impose upon Apple any obligations broader than, different from, or in addition to those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, and/or the Court's Orders. Apple further objects to Samsung's Instruction No. 2 to the extent it purports to impose requirements and obligations on Apple other than as set forth in the Federal Rules of Civil Procedure and the Stipulation Regarding Electronic Discovery, Protective Order, Privilege Logs, and Expert Discovery, entered into by the parties on May 9, 2012.

3. Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and "YOUR" to the extent they purport to include persons or entities that are separate and distinct from Apple and are not under Apple's control. "Apple" refers only to Apple Inc.

4. Apple objects to Samsung's definitions of each term incorporating the word "PATENT," "PATENTS," and "PATENTS-IN-SUIT," including definitions 15 through 23, because they are inaccurate, overly broad, vague, ambiguous, and unduly burdensome.

5. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to Samsung's definition of "Apple Accused Products" to the extent that it requires a legal conclusion. For purposes of responding to these Requests, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean only those products

-2-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY          Case No. 12-CV-00630-LHK (PSG)
APPLE'S RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES

1. that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

6. Apple objects to Samsung's definition of the term "THIRD PARTY" and "THIRD PARTIES" as vague, overly broad, and unduly burdensome.

7. Apple objects to Samsung's definition of the term "APPLE PATENTS" as inaccurate, vague, overly broad, and unduly burdensome. The phrase "APPLE PATENTS" means U.S. Patent Nos. 5,666,502, 5,946,647, 6,847,959, 7,761,414, 8,014,760, 8,046,721, 8,074,172, and 8,086,604.

8. Apple objects to Samsung's definition of the term "APPLE COVERED PRODUCT" as vague, overly broad, and unduly burdensome as defined.

9. Apple objects to Samsung's definition of the term "PATENTED FEATURES" as vague, overly broad, and unduly burdensome as defined.

10. Apple objects to Samsung's definition of the term "SAMSUNG ACCUSED PRODUCTS" as improper and incomplete. Apple will interpret this term to mean those products identified in any Supplemental or Amended Disclosures of Asserted Claims and Infringement Contentions provided by Apple.

11. Apple objects to all definitions, instructions, and Interrogatories to the extent they seek to elicit a response that would require Apple to draw a legal conclusion or implicate the mental impressions of counsel in order to make a proper response, including but not limited to the term "PRIOR ART." Apple further objects to Samsung's definition of "PRIOR ART" as inaccurate, overly broad, vague, ambiguous, and unduly burdensome, including but not limited to its use of the phrase "relevant to the validity."

12. Apple objects to Samsung's Instruction No. 1 because it is vague, ambiguous, overly broad, and unduly burdensome, especially in its purported requirement that Apple furnish information from entities that are not Apple, and from persons with "the best knowledge." Apple further objects to this instruction to the extent it calls for the disclosure of information that is privileged and protected by the work product doctrine.

-3-

13. Apple objects to any interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or discovery immunity. The inadvertent production by Apple of information protected from disclosure by any such privilege, doctrine, or immunity shall not be deemed a waiver by Apple of such privileges or protections. Pursuant to the parties' agreement, to the extent any interrogatory calls for the identification of information dated after April 15, 2011 that is protected by such privilege, doctrine, or immunity, such information will not be included on Apple's privilege log.

14. Apple objects generally to the Interrogatories to the extent they seek confidential, proprietary, or trade secret information of third parties. Apple will endeavor to work with third parties in order to obtain their consent, if necessary, before providing such information. To the extent an interrogatory seeks information of a confidential or proprietary nature to Apple, or to others to whom Apple is under an obligation of confidentiality, Apple will respond pursuant to the terms of the protective order to be entered in this case and subject to notice to third parties, as necessary.

15. Apple objects to any interrogatory to the extent it is premature and/or to the extent that it: (a) conflicts with the schedule entered by the Court; (b) conflicts with obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; (d) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; and/or (e) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.

16. Apple objects to each interrogatory as overbroad and unduly burdensome to the extent that it calls for information that is neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.

-4-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY          Case No. 12-CV-00630-LHK (PSG)
APPLE'S RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES

17. Apple objects to each interrogatory and to Samsung's "Definitions" and "Instructions" to the extent they are vague, ambiguous, overbroad, or unduly burdensome, or purport to impose upon Apple any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, or any other applicable rule.

18. Apple objects to any Interrogatory to the extent it seeks irrelevant information about Apple's products or business operations. Such requests are overbroad and unduly burdensome. Apple will only produce information that is relevant to the patents-in-suit, or that is otherwise related to the claims or defenses of the parties asserted by the parties in this litigation.

19. Apple objects to each Interrogatory to the extent that it would impose a duty on Apple to undertake a search for or an evaluation of information, documents, or things for which Samsung is equally able to search for and evaluate. In particular, Apple objects to each Interrogatory to the extent that it seeks information or documents that are publicly available or readily available to Samsung. Apple further objects to each Interrogatory to the extent that it seeks information that can be derived or ascertained from documents that will be produced in discovery or that are uniquely in Samsung's possession, custody, and control.

20. Apple objects to any Definition, Instruction, or Interrogatory to the extent that it purports to require identification of oral communications. Such Definition, Instruction, or Interrogatory is overbroad, vague, ambiguous, and unduly burdensome.

21. Apple objects to the Interrogatories to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions.

22. In Apple's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

-5-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY          Case No. 12-CV-00630-LHK (PSG)
APPLE'S RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES

23. Apple objects to the Interrogatories to the extent they purport to require Apple to identify or describe or identify "every," "each," "any," "all," or other similarly expansive, infinite, or all-inclusive terms to the extent that such Interrogatories are overbroad and unduly burdensome.

24. Apple objects to the Interrogatories to the extent they seek information that is not in the possession, custody, or control of Apple, purport to require Apple to speculate about the identity of persons who might have responsive documents, and/or purport to call for any description of documents that Apple no longer possesses and/or was under no obligation to maintain.

25. Apple objects to the Interrogatories to the extent they are not limited in time and seek information for periods of time that are not relevant to any claim or defense.

26. Apple responds to each and every interrogatory, definition, and instruction without waiving, or intending to waive, but to the contrary, preserving and intending to preserve: (a) the right to object to the use of any information or documents for any purpose in whole or in part, in any subsequent proceeding in this litigation or in any other action on the grounds of competency, privilege, relevance or materiality, or requests for production, interrogatories, or other discovery procedures involving or relating to the subject matter of the interrogatory to which Apple responds herein, and (b) the right at any time to revise, correct, add to, or clarify any of the responses made herein.

27. Apple will make, and has made, reasonable efforts to respond to Samsung's First Set of Interrogatories, to the extent that no objection is made, as Apple reasonably understands and interprets each Interrogatory. By responding to these interrogatories, Apple does not concede the relevance or materiality of any of the interrogatories or of the subjects to which it refers. Apple's responses are made subject to, and without waiving any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the responses, or of the subject matter to which they concern, in any proceeding in this action or in any other proceeding. If Samsung subsequently asserts any interpretation of any

-6-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY   Case No. 12-CV-00630-LHK (PSG)
APPLE'S RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES

Interrogatory that differs from the interpretation of Apple, then Apple reserves the right to supplement and amend its objections and responses.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung's First Set of Interrogatories as follows:

**INTERROGATORY NO. 1:**

Separately identify and describe in detail each and every instance in which APPLE or anyone else has ever given notice to SAMSUNG of the existence and/or the alleged infringement of the APPLE PATENTS, including without limitation: the date of notice; the manner in which notice was given; the patent(s) and the patent claim(s) at issue; the sum and substance of the notice; and the identity of all documents or oral communications constituting such notice.

**RESPONSE TO INTERROGATORY NO. 1**

Apple objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and as not reasonably calculated to lead to the discovery of admissible evidence, including but not limited to on the grounds that it seeks information regarding "each and every instance in which [an entity other than Apple] has ever given notice to SAMSUNG of the existence and/or the alleged infringement of the APPLE PATENTS," as well as with respect to its use of the terms "sum and substance," "APPLE or anyone else," ""notice," "existence and/or the alleged infringement," and "has ever given notice." Apple further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple still further objects to this Interrogatory on the grounds and to the extent it is compound and comprises discrete

-7-

1  subparts resulting in separate interrogatories, seeks a legal conclusion, and seeks expert
2  opinion.  Apple also objects that this Interrogatory seeks information that is either equally
3  available to Samsung as to Apple, or that is entirely in Samsung's possession, custody, or
4  control.  Samsung has not yet produced discovery that Apple has requested that may contain
5  information relevant to the response to this Interrogatory.
6        Subject to the foregoing General and Specific Objections, Apple responds as follows:
7  Samsung has had notice of U.S. Patent No. 5,946,647, and Samsung's infringement thereof,
8  since at least as early as August of 2010, when Apple disclosed that patent to Samsung.  On
9  information and belief, Samsung also had notice of U.S. Patent No. 8,046,721, and
10 Samsung's infringement thereof, as of the approximate date of its issue by virtue of the fact
11 that Apple had previously asserted foreign counterparts to that patent against Samsung in
12 other jurisdictions.
13       Information showing the notice provided to Samsung by Apple regarding the asserted
14 Apple Patents can be found in documents that Apple has produced or will produce pursuant
15 to Federal Rule of Civil Procedure 33(d), and the burden of ascertaining the answer to this
16 Interrogatory from the produced documents is substantially the same for Apple as for
17 Samsung.  Discovery is still in its early stages and Apple is continuing to investigate.  Apple
18 reserves the right to supplement and/or amend its response as appropriate.
19 **INTERROGATORY NO. 2:**
20       Separately for each claim of the APPLE PATENTS that APPLE contends
21 SAMSUNG has infringed or is infringing, describe in detail all facts relevant to the
22 conception of that claimed invention, including without limitation: the date of conception, the
23 name of each person who contributed to the conception, the specific contribution made by
24 each such person to the claimed invention, how these persons arrived at their claimed
25 invention, and the identity of all documents (by Bates numbers) relating to such conception.
26 **RESPONSE TO INTERROGATORY NO. 2**
27
28

-8-

1    Apple objects to this Interrogatory as overly broad, unduly burdensome, vague,
2  ambiguous, and as not reasonably calculated to lead to the discovery of admissible evidence,
3  including but not limited to its use of the phrase "how these persons arrived at their claimed
4  invention."  Apple still further objects to this Interrogatory on the grounds and to the extent it
5  is compound and comprises discrete subparts resulting in separate interrogatories, seeks a
6  legal conclusion, and seeks expert opinion.
7    Subject to the foregoing General and Specific Objections, Apple responds as follows:
8    U.S. Patent No. 5,666,502
9    Apple is informed and believes that the inventions recited in claims 1-2, 4-5, 8, 11,
10  13-17, 20, 22-24 and 26 of the '502 patent were conceived of by Stephen Capps no later than
11  August 7, 1995.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d),
12  Apple has produced and/or will produce documents responsive to this Interrogatory, and the
13  burden of ascertaining the answer to this Interrogatory from the produced documents is
14  substantially the same for Apple as for Samsung.  Apple refers to such documents including
15  those identified by bates number in Apple's Local Patent Rules Disclosures served on June
16  15, 2012.
17    U.S. Patent No. 5,946,647
18    Apple is informed and believes that the inventions recited in claims 1-2, 4, 6 and 8-9
19  of the '647 patent were conceived of by James R. Miller, Thomas Bonura, Bonnie Nardi, and
20  David Wright no later than September 25, 1994.  Furthermore, in accordance with Federal
21  Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents
22  responsive to this Interrogatory, and the burden of ascertaining the answer to this
23  Interrogatory from the produced documents is substantially the same for Apple as for
24  Samsung.  Apple refers to such documents including those identified by bates number in
25  Apple's Local Patent Rules Disclosures served on June 15, 2012.
26    U.S. Patent No. 6,847,959
27
28    -9-

Apple is informed and believes that the inventions recited in claims 1-5, 9-12, 14-17, 19-20, 22-25, 27-30 and 32-33 of the '959 patent were conceived of by Yan Arrouye and Keith Mortensen no later than January 5, 2000. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung. Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

<u>U.S. Patent No. 7,761,414</u>

Apple is informed and believes that the inventions recited in claims 1-2, 4, 6-7, 10-12, 14, 16-17, 20-24, 26-28 and 30-32 of the '414 patent were conceived of by Gordon J. Freedman no later than January 7, 2007. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung. Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

<u>U.S. Patent No. 8,014,760</u>

Apple is informed and believes that the inventions recited in claims 1-5 and 7-22 of the '760 patent were conceived of by Scott Forstall, Greg Christie, Scott Herz, Imran Chaudhri, Michael Matas, Marcel Van Os, Stephen O. Lemay no later than September 6, 2006. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung. Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

-10-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY        Case No. 12-CV-00630-LHK (PSG)
APPLE'S RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES

U.S. Patent No. 8,046,721

Apple is informed and believes that the inventions recited in claims 1-15 of the '721 patent were conceived of by Imran Chaudhri, Bas Ording, Freddy Allen Anzures, Marcel Van Os, Stephen O. Lemay, Scott Forstall, and Greg Christie no later than January 19, 2005. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung. Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

U.S. Patent No. 8,074,172

Apple is informed and believes that the inventions recited in claims 2-6, 9-12, 17-21, 23-25, 27-37 of the '172 patent were conceived of by Kenneth Kocienda and Bas Ording no later than January 5, 2007. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung. Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

U.S. Patent No. 8,086,604

Apple is informed and believes that the inventions recited in claims 1, 6, 11 and 16-21 of the '604 patent were conceived of by Yan Arrouye and Keith Mortensen no later than January 5, 2000. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung. Apple refers to such documents including

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY          Case No. 12-CV-00630-LHK (PSG)
APPLE'S RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES

| | |
|---|---|
| Dated: November 8, 2012 | By:  /s/ H. Mark Lyon |

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

MARK D. SELWYN (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

WILLIAM F. LEE (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

-92-