# Samsung's Motion to Preclude Apple from Asserting Untimely Dates of Conception
# Filed Publicly Pursuant To Court Order [Dkt. No. 1415]

1   QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
2   Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
3   Kevin A. Smith (Bar No. 250814)
    kevinsmith@quinnemanuel.com
4   50 California Street, 22nd Floor
    San Francisco, California 94111
5   Telephone: (415) 875-6600
    Facsimile: (415) 875-6700
6
    Kevin P.B. Johnson (Bar No. 177129)
7   kevinjohnson@quinnemanuel.com
    Victoria F. Maroulis (Bar No. 202603)
8   victoriamaroulis@quinnemanuel.com
    555 Twin Dolphin Drive, 5th Floor
9   Redwood Shores, California 94065
    Telephone: (650) 801-5000
10  Facsimile: (650) 801-5100

11  William C. Price (Bar No. 108542)
    williamprice@quinnemanuel.com
12  Michael L. Fazio (Bar No. 228601)
    michaelfazio@quinnemanuel.com
13  865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
14  Telephone:  (213) 443-3000
    Facsimile:  (213) 443-3100
15
    Attorneys for SAMSUNG ELECTRONICS
16  CO., LTD., SAMSUNG ELECTRONICS
    AMERICA, INC. and SAMSUNG
17  TELECOMMUNICATIONS AMERICA, LLC

18                  UNITED STATES DISTRICT COURT

19        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

20  APPLE INC., a California corporation,          CASE NO. 12-CV-00630-LHK (PSG)

21              Plaintiff,

22        vs.                                      **SAMSUNG'S MOTION TO PRECLUDE
                                                   APPLE FROM ASSERTING UNTIMELY
                                                   DATES OF CONCEPTION**
23  SAMSUNG ELECTRONICS CO., LTD., a
    Korean corporation; SAMSUNG               Date:  July 2, 2013
24  ELECTRONICS AMERICA, INC., a New          Time: 10:00 a.m.
    York corporation; SAMSUNG                 Courtroom: 5, 4th Floor
25  TELECOMMUNICATIONS AMERICA,               Honorable Paul S. Grewal
    LLC, a Delaware limited liability company,
26
                Defendants.
27

28

SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION

1
## NOTICE OF MOTION AND MOTION

2
TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3
PLEASE TAKE NOTICE that on July 2, 2013, at 10:00 am, or as soon thereafter as the

4
matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District

5
Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st

6
Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc.,

7
and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do

8
move the Court for an order precluding Apple, Inc. ("Apple") from asserting dates of conception

9
for U.S. Patent Nos. 5,666,502 ("the '502 Patent"), 7,761,414 ("the '414 Patent"), 8,014,760 ("the

10
'760 Patent"), and 8,074,172 ("the '172 Patent") earlier than those dates identified in Apple's

11
November 8, 2012 response to Samsung's Interrogatory No. 2.

12
This motion is based on this notice of motion and supporting memorandum of points and

13
authorities; the declaration of Amar L. Thakur ("Thakur Decl.") and any exhibits attached thereto;

14
and such other written or oral argument as may be presented at or before the time this motion is

15
deemed submitted by the Court.

16
## RELIEF REQUESTED

17
Pursuant to Federal Rule of Civil Procedure 37(c)(1), Samsung seeks an order precluding

18
Apple from asserting dates of conception for Apple's asserted patents earlier than those dates

19
identified in Apple's November 8, 2012 response to Samsung's Interrogatory No. 2.

20
## STATEMENT OF ISSUES TO BE DECIDED

21
Whether Apple should be precluded from asserting dates of conception for Apple's

22
asserted patents earlier than those dates identified in Apple's November 8, 2012 response to

23
Samsung's Interrogatory No. 2.

24
## SAMSUNG'S CIVIL L.R. 37-2 STATEMENT

25
Pursuant to Civil L.R. 37-2, Samsung's Interrogatory No. 2 is set forth in full below along

26
with Apple's objections and responses:

27
**INTERROGATORY NO. 2:**

28

SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION

1    Separately for each claim of the APPLE PATENTS that APPLE contends SAMSUNG has

2 infringed or is infringing, describe in detail all facts relevant to the conception of that claimed

3 invention, including without limitation: the date of conception, the name of each person who

4 contributed to the conception, the specific contribution made by each such person to the claimed

5 invention, how these persons arrived at their claimed invention, and the identity of all documents

6 (by Bates numbers) relating to such conception.

7    **RESPONSE TO INTERROGATORY NO. 2:**

8    Apple objects to this Interrogatory as overly broad, unduly burdensome, vague,

9 ambiguous, and as not reasonably calculated to lead to the discovery of admissible evidence,

10 including but not limited to its use of the phrase "how these persons arrived at their claimed

11 invention." Apple still further objects to this Interrogatory on the grounds and to the extent it is

12 compound and comprises discrete subparts resulting in separate interrogatories, seeks a legal

13 conclusion, and seeks expert opinion.

14    Subject to the foregoing General and Specific Objections, Apple responds as follows:

15    U.S. Patent No. 5,666,502

16    Apple is informed and believes that the inventions recited in claims 1-2, 4-5, 8, 11, 13-17,

17 20, 22-24 and 26 of the '502 patent were conceived of by Stephen Capps no later than August 7,

18 1995. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced

19 and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the

20 answer to this Interrogatory from the produced documents is substantially the same for Apple as

21 for Samsung. Apple refers to such documents including those identified by bates number in

22 Apple's Local Patent Rules Disclosures served on June 15, 2012.

23    U.S. Patent No. 5,946,647

24    Apple is informed and believes that the inventions recited in claims 1-2, 4, 6 and 8-9 of the

25 '647 patent were conceived of by James R. Miller, Thomas Bonura, Bonnie Nardi, and David

26 Wright no later than September 25, 1994. Furthermore, in accordance with Federal Rule of Civil

27 Procedure 33(d), Apple has produced and/or will produce documents responsive to this

28 Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced

SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION

1   documents is substantially the same for Apple as for Samsung. Apple refers to such documents

2   including those identified by bates number in Apple's Local Patent Rules Disclosures served on

3   June 15, 2012.

4            U.S. Patent No. 6,847,959

5            Apple is informed and believes that the inventions recited in claims 1-5, 9-12, 14-17, 19-

6   20, 22-25, 27-30 and 32-33 of the '959 patent were conceived of by Yan Arrouye and Keith

7   Mortensen no later than January 5, 2000. Furthermore, in accordance with Federal Rule of Civil

8   Procedure 33(d), Apple has produced and/or will produce documents responsive to this

9   Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced

10  documents is substantially the same for Apple as for Samsung. Apple refers to such documents

11  including those identified by bates number in Apple's Local Patent Rules Disclosures served on

12  June 15, 2012.

13           U.S. Patent No. 7,761,414

14           Apple is informed and believes that the inventions recited in claims 1-2, 4, 6-7, 10-12, 14,

15  16-17, 20-24, 26-28 and 30-32 of the '414 patent were conceived of by Gordon J. Freedman no

16  later than January 7, 2007. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d),

17  Apple has produced and/or will produce documents responsive to this Interrogatory, and the

18  burden of ascertaining the answer to this Interrogatory from the produced documents is

19  substantially the same for Apple as for Samsung. Apple refers to such documents including those

20  identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

21           U.S. Patent No. 8,014,760

22           Apple is informed and believes that the inventions recited in claims 1-5 and 7-22 of the

23  '760 patent were conceived of by Scott Forstall, Greg Christie, Scott Herz, Imran Chaudhri,

24  Michael Matas, Marcel Van Os, and Stephen O. Lemay no later than September 6, 2006.

25  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced

26  and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the

27  answer to this Interrogatory from the produced documents is substantially the same for Apple as

28

SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION

1   for Samsung. Apple refers to such documents including those identified by bates number in

2   Apple's Local Patent Rules Disclosures served on June 15, 2012.

3         U.S. Patent No. 8,046,721

4         Apple is informed and believes that the inventions recited in claims 1-15 of the '721 patent

5   were conceived of by Imran Chaudhri, Bas Ording, Freddy Allen Anzures, Marcel Van Os,

6   Stephen O. Lemay, Scott Forstall, and Greg Christie no later than January 19, 2005. Furthermore,

7   in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce

8   documents responsive to this Interrogatory, and the burden of ascertaining the answer to this

9   Interrogatory from the produced documents is substantially the same for Apple as for Samsung.

10  Apple refers to such documents including those identified by bates number in Apple's Local

11  Patent Rules Disclosures served on June 15, 2012.

12        U.S. Patent No. 8,074,172

13        Apple is informed and believes that the inventions recited in claims 2-6, 9-12, 17-21, 23-

14  25, 27-37 of the '172 patent were conceived of by Kenneth Kocienda and Bas Ording no later than

15  January 5, 2007. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple

16  has produced and/or will produce documents responsive to this Interrogatory, and the burden of

17  ascertaining the answer to this Interrogatory from the produced documents is substantially the

18  same for Apple as for Samsung. Apple refers to such documents including those identified by

19  bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

20        U.S. Patent No. 8,086,604

21        Apple is informed and believes that the inventions recited in claims 1, 6, 11 and 16-21 of

22  the '604 patent were conceived of by Yan Arrouye and Keith Mortensen no later than January 5,

23  2000. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced

24  and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the

25  answer to this Interrogatory from the produced documents is substantially the same for Apple as

26  for Samsung. Apple refers to such documents including those identified by bates number in

27  Apple's Local Patent Rules Disclosures served on June 15, 2012.

28

SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION

1          Discovery is still in its early stages and Apple is continuing to investigate. Apple reserves

2  the right to supplement and/or amend its response as appropriate.

3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

4          Subject to and incorporating its General Objections and its Specific Objections from Apple

5  Inc.'s Objections and Responses to Samsung's First Set of Interrogatories with regard to

6  Samsung's In  terrogatory No. 2, Apple provides the following supplemental response:

7         <u>U.S. Patent No. 5,666,502</u>

8          Apple is informed and believes that the inventions recited in claims 1-2, 4-5, 8, 11, 13-17,

9  20, 22-24 and 26 of the '502 patent were conceived of by Stephen Capps no later than December

10  21, 1994. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has

11  produced and/or will produce documents responsive to this Interrogatory, and the burden of

12  ascertaining the answer to this Interrogatory from the produced documents is substantially the

13  same for Apple as for Samsung. Apple refers to such documents including those identified by

14  bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012; the December 7,

15  2012 deposition of Stephen Capps; APLNDC630-0000199426; APLNDC630-0000199430;

16  APLNDC630-0000199431; APLNDC630-0000199437-44; APLNDC630-0000199445;

17  APLNDC630-0000199446-51; APLNDC630-0000199452; APLNDC630-0000199453;

18  APLNDC630-0000199459-63; APLNDC630-0000199464; APLNDC630-0000199465-7;

19  APLNDC630-0000199468; APLNDC630-00001994701; CAPPS00002508-9; CAPPS00002513;

20  CAPPS00002514; CAPPS00002520-7; CAPPS00002528-9; CAPPS00002530-5;

21  CAPPS00002536-8; CAPPS00002539; CAPPS00002545-9; CAPPS00002550-7;

22  CAPPS00002558-60; CAPPS00002561-2; CAPPS00002564;APLNDC630-0000280437-1826;

23  APLNDC630-0000279495-80436; APLNDC630-0000241265-2202; APLNDC630-0000202282-

24  342; APLNDC630- 0000199535-52; APLNDC630-0000434889-5299; APLNDC630-

25  0000435300-6237; APLNDC630-0000436238-7124; APLNDC630-0000439040-109;

26  APLNDC630- 0000439110-276; APLNDC630-0000439277-583; APLNDC630-0000439584-994;

27  APLNDC630-0000439995-40881; source code at /Volumes/Source/Samsung630/333-

28

SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION

1  Newton2.0ROMSources/Box9398-000166L/Newt MP120US-2.0 ROM Src/Source +

2  Objects/Products/Newt/Soup/ made available to Samsung on or about June 2012.

3       U.S. Patent No. 5,946,647

4       Apple is informed and believes that the inventions recited in claims 1-2, 4, 6 and 8-9 of the

5  '647 patent were conceived of by James R. Miller, Thomas Bonura, Bonnie Nardi, and David

6  Wright no later than September 25, 1994. Furthermore, in accordance with Federal Rule of Civil

7  Procedure 33(d), Apple has produced and/or will produce documents responsive to this

8  Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced

9  documents is substantially the same for Apple as for Samsung. Apple refers to such documents

10  including those identified by bates number in Apple's Local Patent Rules Disclosures served on

11  June 15, 2012. Additional information relevant to this interrogatory may be found in the

12  transcripts of the April 6, 2012 and November 13, 2012 depositions of David Wright, the

13  December 11, 2012 deposition of Thomas Bonura, and the January 17, 2013 deposition of Bonnie

14  Nardi. 1 The following documents with bates numbers bearing CAPPS prefixes are duplicates of

15  the preceding documents. These documents were re-produced and re-numbered with bates

16  numbers bearing the CAPPS prefix.

17       U.S. Patent No. 6,847,959

18       Apple is informed and believes that the inventions recited in claims 1-5, 9-12, 14-17, 19-

19  20, 22-25, 27-30 and 32-33 of the '959 patent were conceived of by Yan Arrouye and Keith

20  Mortensen no later than January 5, 2000. Furthermore, in accordance with Federal Rule of Civil

21  Procedure 33(d), Apple has produced and/or will produce documents responsive to this

22  Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced

23  documents is substantially the same for Apple as for Samsung. Apple refers to such documents

24  including those identified by bates number in Apple's Local Patent Rules Disclosures served on

25  June 15, 2012.

26       U.S. Patent No. 7,761,414

27       Apple is informed and believes that the inventions recited in claims 1-2, 4, 6-7, 10-12, 14,

28  16-17, 20-24, 26-28 and 30-32 of the '414 patent were conceived of by Gordon J. Freedman no

SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION

1    later than February 24, 2006. Furthermore, in accordance with Federal Rule of Civil Procedure

2    33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the

3    burden of ascertaining the answer to this Interrogatory from the produced documents is

4    substantially the same for Apple as for Samsung. Apple refers to such documents including those

5    identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012; the

6    January 16 & 17, 2013 Deposition of Gordon Freedman; APLNDC630-0000163542-43;

7    APLNDC630-0000163544-47; APLNDC630- 0000163548-50; APLNDC630-0000163551-52;

8    APLNDC630-0000163553; APLNDC630- 0000163585; APLNDC630-0000163586-89;

9    APLNDC630-0000163592-93; APLNDC630- 0000163595-97; APLNDC630-0000163602-03;

10   APLNDC630-0000163604-05; APLNDC630-0000163606; APLNDC630-0000163607-08;

11   APLNDC630-0000163611-12; APLNDC630-0000163613-16; APLNDC630-0000163621-25;

12   APLNDC630-0000163626- 37; APLNDC630-0000163638-40; APLNDC630-0000163641-42;

13   APLNDC630- 0000163643; APLNDC630-0000191107-08; APLNDC630-0000191110;

14   APLNDC630- 0000191115-16; APLNDC630-0000191182.

15         U.S. Patent No. 8,014,760

16         Apple is informed and believes that the inventions recited in claims 1-5 and 7-22 of the

17   '760 patent were conceived of by Scott Forstall, Greg Christie, Scott Herz, Imran Chaudhri,

18   Michael Matas, Marcel Van Os, and Stephen O. Lemay no later than March 3, 2005. Furthermore,

19   in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce

20   documents responsive to this Interrogatory, and the burden of ascertaining the answer to this

21   Interrogatory from the produced documents is substantially the same for Apple as for Samsung.

22   Apple refers to such documents including those identified by bates number in Apple's Local

23   Patent Rules Disclosures served on June 15, 2012; the January 24, 2013 deposition of Michael

24   Matas; the March 14, 2013 deposition of Scott Herz; the March 29, 2013 deposition of Scott

25   Forstall; APL-ITC796-0000199274; APLNDC630-0000015446; APLNDC630-0000350619;

26   APLNDC630-000250015-18; APLNDC0000018883-908; APLNDC630-0000164515;

27   APLNDC630-0000165889; APLNDC630-0000167290; Director files that have been made

28   available to Samsung for inspection including at least Speed Dial (touch) 5.dir.

SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION

1      U.S. Patent No. 8,046,721

2          Apple is informed and believes that the inventions recited in claims 1-15 of the '721 patent

3    were conceived of by Imran Chaudhri, Bas Ording, Freddy Allen Anzures, Marcel Van Os, Scott

4    Forstall, and Greg Christie no later than January 19, 2005. Furthermore, in accordance with

5    Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents

6    responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory

7    from the produced documents is substantially the same for Apple as for Samsung. Apple refers to

8    such documents including those identified by bates number in Apple's Local Patent Rules

9    Disclosures served on June 15, 2012; the April 20, 2012 deposition of Greg Christie; the March

10   29, 2013 deposition of Scott Forstall; the April 4, 2013 deposition of Bas Ording; APLNDC630-

11   0000021220-21; APLNDC630-0000021238; APLNDC630-0000030061; APLNDC630-

12   0000021248; APLNDC630-0000021251; APLNDC630-0000021252; APLNDC630-0000021255;

13   APLNDC630-0000015446; APLNDC630-0000015450; APLNDC630-0000121850;

14   APL79400126401321; Director files that have been made available to Samsung for inspection

15   including at least slider 03.dir.

16      U.S. Patent No. 8,074,172

17          Apple is informed and believes that the inventions recited in claims 2-6, 9-12, 17-21, 23-

18   25, 27-37 of the '172 patent were conceived of by Kenneth Kocienda and Bas Ording no later than

19   April 14, 2006. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has

20   produced and/or will produce documents responsive to this Interrogatory, and the burden of

21   ascertaining the answer to this Interrogatory from the produced documents is substantially the

22   same for Apple as for Samsung. Apple refers to such documents including those identified by

23   bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012; the April 4,

24   2013 deposition of Bas Ording; the April 13, 2012 deposition of Kenneth Kocienda;

25   APLNDC630-0000149267; APLNDC630-0000024778-80; APLNDC630-0000024781-83;

26   APLNDC0001334519-20; APLNDC630-0000024784-86; Director files that have been made

27   available to Samsung for inspection including at least word correct 01.dir.

28      U.S. Patent No. 8,086,604

-ix-

1       Apple is informed and believes that the inventions recited in claims 1, 6, 11 and 16- 21 of

2 the '604 patent were conceived of by Yan Arrouye and Keith Mortensen no later than January 5,

3 2000. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced

4 and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the

5 answer to this Interrogatory from the produced documents is substantially the same for Apple as

6 for Samsung. Apple refers to such documents including those identified by bates number in

7 Apple's Local Patent Rules Disclosures served on June 15, 2012.

8       Discovery is ongoing and Apple is continuing to investigate. Apple reserves the right to

9 supplement and/or amend its response as appropriate.

10       **SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

11       Samsung hereby certifies that it has in good faith conferred with Apple in an effort to obtain

12 the discovery described immediately above without Court action.  Samsung's efforts to resolve this

13 dispute without court intervention are described in paragraphs 13-15 of the Declaration of Amar

14 Thakur ("Thakur Decl."), submitted herewith.

15

16 DATED: May 28, 2013            QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP

17

18

19                                      By */s/ Victoria Maroulis*

20                                       Victoria F. Maroulis
                                      Attorney for SAMSUNG ELECTRONICS CO.,
21                                       LTD., SAMSUNG ELECTRONICS AMERICA,
                                      INC., and SAMSUNG
22                                       TELECOMMUNICATIONS AMERICA, LLC

23

24

25

26

27

28

SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION

1                                   **INTRODUCTION**

2            Early in discovery, Samsung served interrogatories seeking all facts relevant to the

3   conception of Apple's asserted patents, including the dates of conception for those patents.  Apple

4   answered those interrogatories on November 8, 2012.  For the next five months, Samsung took

5   follow-up discovery based on Apple's responses, which included taking the depositions of named

6   inventors of each of Apple's '502, '414, '760, and '172 patents.

7            With just over three months remaining before the close of fact discovery, and the deadline

8   for expert reports rapidly approaching, Apple served supplemental interrogatory responses that

9   move back the alleged dates of conception of four of its asserted patents—by as much as eighteen

10  months.  Questions and answers regarding conception during six inventor depositions for these

11  patents have been rendered obsolete by Apple's "shifting sands" approach to its contentions.  To

12  correct this deficiency, Samsung will be forced to use remaining—and already limited—

13  deposition hours to retake inventor depositions.

14           Additionally, in reliance on Apple's asserted date of conception for its '414 and '760

15  patents, Samsung has taken prior art discovery, involving source code, from third party Microsoft,

16  that must be revisited.  Samsung has spent months pursuing, reviewing, and analyzing that

17  discovery.  Apple's change in its conception date for these patents, and its delay in providing

18  notice of the changed date, has forced Samsung to go back to Microsoft and request production of

19  source code for earlier versions of its products.  Apple should not be allowed to wait until the end

20  of  discovery to change the purported conception dates for its own patents—information that was

21  readily available to Apple when it commenced this litigation in February of 2012.  The Court

22  should preclude Apple from relying on these new dates.

23                              **FACTUAL BACKGROUND**

24           Apple filed its Complaint on February 8, 2012, asserting Samsung infringed eight patents,

25  including U.S. Patent Nos. 8,074,172; 8,014,760; 5,666,502; and 7,761,414.  On May 2, 2012, the

26  Court issued a Minute Order and Case Management Order setting the briefing and hearing

27  schedule for this matter along with setting several discovery deadlines related to this case.  Dkt.

28  No. 160.  The Court adopted the parties' joint proposals regarding discovery limitations, ordered

-1
SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION

1  that the parties provide Disclosures of Asserted Claims and Infringement Contentions in

2  accordance with the Local Rules by June 15, 2012, and set a Fact Discovery Cut Off deadline of

3  July 8, 2013.  *Id.*

4          On June 15, 2012, Apple served its Disclosure of Asserted Claims and Infringement

5  Contentions ("Apple's Disclosure") as required by Patent Local Rules 3-1 and 3-2.  Thakur Decl.,

6  Ex. A.  Patent Local Rule 3-2(b) requires that parties "produce to each opposing party or make

7  available for inspection and copying . . . [a]ll documents evidencing the conception, reduction to

8  practice, design, and development of each claimed invention, which were created on or before the

9  date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3-

10 1(f), whichever is earlier."  Patent L.R. 3-2(b).  Apple's Disclosure included a large set of

11 documents allegedly "evidencing conception, reduction to practice, design and development of the

12 claimed inventions."  Thakur Decl., Ex. A at 5-8.

13         Samsung served its first set of Interrogatories to Apple on September 25, 2012.  Thakur

14 Decl., Ex. B.  Interrogatory No. 2 seeks all facts relevant to the conception of Apple's asserted

15 patents, "including without limitation: the date of conception, the name of each person who

16 contributed to the invention, how these persons arrived at their claimed invention, and the identity

17 of all documents (by Bates numbers) relating to such conception."  *Id.*  Apple responded on

18 November 8, 2012, and asserted dates of conception for the following asserted Apple Patents

19 relevant to this Motion: (1) August 7, 1995 for the '502 patent, (2) January 7, 2007 for the '414

20 patent, (3) September 6, 2006 for the '760 patent, and (4) January 5, 2007 for the '172 patent.

21 Thakur Decl., Ex. C at 9-11.

22         With Apple's interrogatory responses in hand, Samsung began to take discovery regarding

23 the Apple patents, including by deposing Apple's named inventors.  Samsung took the deposition

24 of six named inventors of these patents during the period of November 8, 2012 to April 10, 2013.[1]

25

26 _____
      [1]  Samsung deposed Stephen Capps, named inventor of the '502 patent, on December 7, 2012;
27 Gordon Freedman, named inventor of the '414 patent, on January 16 and 17, 2013; Michael
   Matas, named inventor of the '760 patent, on January 24, 2013; Scott Herz, named inventor of the
28 '760 patent, on March 14, 2013; Scott Forstall, named inventor of the '760 patent, on March 29,

-2-

1    Samsung questioned these inventors about the conception of the subject matter of their patent at

2    their depositions.  *See, e.g.,* Thakur Decl., Ex. G at 55:8-10 ("Q. Do you know roughly when this

3    mockup of a screen was created?  A. Probably late 2006, 2007, early 2007.");[2] *see also* Thakur

4    Decl., Ex. D at 45:15-16, 69:14-71:16; Ex. E at 8:22-9:5; Ex. F at 167:11-170:9; Ex. I at 114:9-14;

5    Ex. J at 54:6-64:17.

6         Five months later (on April 10, 2013), Apple supplemented its responses to Samsung's

7    Interrogatory No. 2.  Thakur Decl., Ex. K.  With no explanation as to why the "new" information

8    was not available earlier, Apple's supplemental responses now assert earlier dates of conception

9    for four of its asserted patents: (1) December 21, 1994 for the '502 patent (a change of eight

10   months), (2) February 24, 2006 for the '414 patent (a change of eleven months), (3) March 3, 2005

11   for the '760 patent (a change of eighteen months), and (4) April 14, 2006 for the '172 patent (a

12   change of nine months).  Thakur Decl., Ex. K at 5-9.  Apple's supplemental response also

13   references new documents in support of Apple's assertions, but Apple did not update its

14   Disclosure of Asserted Claims and Infringement Contentions under Patent Local Rule 3-6, nor has

15   Apple sought leave of court to do so.

16        On May 1, 2013, Samsung wrote to meet and confer with Apple regarding a number of

17   issues relating to Apple's supplemental response to Interrogatory No. 2, including Apple's newly

18   asserted conception dates for the '502, '414, '760 and '172 patents.  Thakur Decl., Ex. L.

19   Samsung pointed out that the new dates were highly prejudicial to Samsung, given that Apple

20   changed the dates a mere three months before the close of fact discovery, as Apple's assertions

21   would require new prior art searches and efforts to locate new witnesses in light of the earlier

22   conception dates.  *Id*.  Samsung requested that Apple agree to withdraw the new dates.  *Id*.

23        Apple never responded to the portion of Samsung's letter regarding Apple's new

24   conception dates.  Thakur Decl., ¶ 13.  Samsung raised the issue at the parties' Lead Counsel Meet

25   _____

     2013; and Bas Ording, named inventor of the '172 patent, on April 4, 2013.  Thakur Decl., Exs. D-
26   J.
        [2]  Mr. Matas is a named inventor of the '760 patent.  At the time of Mr. Matas' deposition,
27   Apple was asserting a date of conception for the '760 of September 6, 2006.  Samsung spent a
     considerable amount of deposition time discussing Mr. Matas' activity in late 2006.  *See, e.g.,*
28   Thakur Decl. Ex. G at 91:15-95:3.

SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION

1   and Confer, held on May 15, 2013.  Thakur Decl., ¶ 15, and Ex. M at 2.  Apple refused to

2   withdraw the newly asserted dates.  Thakur Decl., ¶ 15.

3

4                                              **ARGUMENT**

5   I.       THE COURT SHOULD PRECLUDE APPLE FROM ASSERTING EARLIER DATES
         OF CONCEPTION

6

7            A.       Dates of Conception are Critical in Patent Litigation

8            To establish an invention date prior to the date of the patent filing date, a patentee must

    demonstrate "conception coupled with reasonable diligence in reducing the invention to practice . .

9   . ."  *Singh v. Brake*, 317 F.3d 1334, 1340 (Fed.Cir. 2003).  It is presumed that the invention date is

10  the filing date of the asserted patent, or the asserted patent's parent, until an earlier date is proved.

11  *Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 449 (Fed.Cir. 1986).  Once

12  a party challenging a patent's validity makes a prima facie case of invalidity based on prior art, the

13  burden shifts to the patentee to come forth with evidence of an earlier invention

14  date.  *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1305 (Fed.Cir. 2008).

15           Accurate information concerning the date of conception of an asserted patent is necessary

16  for any defense or claim that a patent is invalid as anticipated or obvious.  *See* 35 U.S.C. §§ 102 &

17  103; *see also Lamoureux v. Genesis Pharmacy Services, Inc.*, 226 F.R.D. 154, 160 (D. Conn.

18  2004).  An interrogatory seeking such information is fully appropriate and expected, and the

19  information is "patently relevant."  *Lamoureux*, 226 F.R.D. at 160 (citing *Hickman v. Taylor*, 329

20  U.S. 495, 507 (1947)).

21           Here, Samsung's Interrogatory No. 2 seeks such information and Apple provided its

22  responses over six months ago.  Since that time, Samsung has taken significant discovery and

23  prepared its invalidity defenses based on the dates of conception that appeared in Apple's

24  November 2012 interrogatory responses.  Patent searches by Samsung and its experts relied on

25  those dates of conception.  Thakur Decl. ¶ 4.  Samsung has deposed Apple's inventors.  Apple's

26  new responses will force Samsung to re-do this work.

27

28

SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION

1          1.          Apple's dilatory supplementation of critical interrogatory responses renders
                       Samsung's prior depositions useless at a time where such harm cannot
2                      easily   be cured.

3          This is no small point—the parties in this case are *strictly limited* in the amount of time

4   they have available to take depositions.  *See* Dkt. No. 160.  The court has limited the parties to 140

5   hours of total deposition time, with each deposition counting for a minimum of three and a half

6   hours.  *Id.*[3]  Samsung has expended almost eleven hours—7.8% of its total deposition allowance—

7   across multiple inventor depositions inquiring about conception dates that Apple's supplemental

8   responses have now rendered irrelevant.[4]  *See, e.g.*, Thakur Decl., Ex. D at 45:15-16, 69:14-71:16;

9   Ex. E at 8:22-9:5; Ex. F at 167:11-170:9; Ex. G at 55:8-10 and 91:15-95:3; Ex. I at 114:9-14; Ex. J

10  at 54:6-64:17.  One of these depositions occurred *within seven days* of Apple's supplemental

11  answers.  *See* Thakur Decl., Ex. J.  Yet Apple failed to notify Samsung that it was preparing to

12  amend its critical allegations concerning the material changes to its dates of conception, as it was

13  required to do.  *See* Fed. R. Civ. P. 26(e)(1)(A) (party must supplement or correct its Interrogatory

14  response "if the additional or corrective information has not otherwise been made known to the

15  other parties").

16         Samsung expended time and effort organizing and attending these depositions at a time

17  that would not disrupt the procedural schedule.  Now, with little over a month remaining in fact

18  discovery, Samsung is forced to retake all of these depositions while maintaining its current

19

20
    _____
21      [3]  The parties have agreed that depositions shared between this case and *Motorola Mobility
    LLC v. Apple Inc.* (S.D. Fla. 12-cv-20271-RNS), which shares similar issues and many of the same
22  patents, only count for half time, and have an adjusted minimum of one hour and forty five
    minutes.  Furthermore, any time spent discussing patents that are at issue in only one of the cases
23  does not count against the total time in the other case.  Thakur Decl., ¶ 19.
        [4]  The exact times were as follows: Scott Forstall: two hours and two minutes (four hours and
24  four minutes in total, halved since shared with Motorola); Gordon Freedman: four hours and fifty-
    eight minutes (no special treatment); Scott Herz: one hour and forty five minutes (three hours and
25  twenty eight minutes in total, halved since shared with Motorola, raised to half minimum time);
    Bas Ording: two hours and eight minutes (six hours and fourteen minutes in total, one hour and
26  fifty nine minutes spent discussing patents only at issue in the Motorola case, remaining four
    hours and fifteen minutes halved since shared with Motorola).  Stephen Capps and Michael Matas
27  were deposed as third parties, and thus their deposition time does not count against Samsung's
    total.  *See* Dkt. No. 160.
28

1   deposition commitments.[5]  Furthermore, Samsung has already made several compromises

2   regarding depositions due to the strict time commitments set in this case.  It will be highly

3   prejudicial to force Samsung to retake multiple depositions while rebalancing its current

4   deposition schedule in enough time to allow for follow-up discovery during the fact discovery

5   period.

6                   2.          Apple's dilatory supplementation of critical interrogatory responses ignores
                                the requirements of the Patent Local Rules.
7

8           Required Patent Local Rule disclosures, which are designed to pinpoint the parties'

9   contentions early in the case, were due almost a year ago (in June 2012)—and Samsung is entitled

10  to rely on them.  *See Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F.Supp.2d 1121,

11  1123 (N.D.Cal. 2006) ("The patent local rules were adopted by this district in order to give claim

12  charts more "bite."  The rules are designed to require parties to crystallize their theories of the case

13  early in the litigation and to adhere to those theories once they have been disclosed.") (quoting

14  *Integrated Circuit Systems v. Realtek Semiconductor Co.,* 308 F.Supp.2d 1106, 1107 (N.D.Cal.

15  2004)).  Apple's late amendment prejudices Samsung's ability to prepare invalidity defenses and

16  to adequately defend itself by, in effect, requiring Samsung to start over at the beginning with

17  regard to four of the Apple asserted patents.

18          Indeed, Apple's "vexatious shuffling of positions" creates the very "kind of legal musical

19  chairs" that the Patent Local Rules were designed to prevent.  *See Rambus Inc. v. Hynix

20  Semiconductor Inc.,* 569 F. Supp. 2d 946, 980 (N.D. Cal. 2008) (quoting *Atmel Corp. v.

21  Information Storage Devices Inc.*, 1998 WL 775115, *2 (N.D.Cal.1998)) (noting that the Patent

22  Local Rules "strongly discourage" a party from shifting its claim construction positions).  The

23  Patent Local Rules are designed to promote efficient and equitable access to justice.  Waiting until

24  after depositions to change key facts relevant to that deposition is inequitable.  *See Rambus,* 569 F.

25  Supp. 2d at 980 (holding that shifting claim construction positions after an expert's deposition is a

26  "clear inequity" where it prevented timely depositions on the new positions prior to opening and

27  reply briefs).  Apple's dilatory approach to this critical information should not be tolerated.

     ---
        [5]   Samsung and Apple have noticed a total of 118 depositions between now and July 8, 2013.
28  However, the dates of many of those depositions are unconfirmed.

---
                                              -6

3. **Apple's belated supplementation prejudices Samsung's ability to defend itself.**

Apple's eleventh-hour update to its alleged dates of conception greatly prejudices Samsung's ability to adequately prepare a full defense.  First, Apple's delay in providing notice of the alleged conception date of the '414 patent—which is based entirely upon information Apple has had in its possession since at least the filing of this lawsuit—came nearly three months after the deposition of the sole named inventor of the '414 patent, Gordon Freedman.  The fact that Apple did not identify documents it believes support a prior date of conception in advance of Mr. Freedman's deposition prejudiced Samsung in its ability to examine Mr. Freedman regarding these documents, or to establish his inability to corroborate the alleged date.

Second, Samsung is relying on the Microsoft Windows Vista Operating System ("Vista") as prior art against the '414 patent.  On December 17, 2012, Samsung served a subpoena on Microsoft Corporation ("Microsoft") seeking documentation and source code about Vista, including two specific versions of the software, Vista Beta 1 and Vista Beta 2.  Thakur Decl. Ex. N.  Vista Beta 1 was released in July 2005—prior to Apple's newly alleged conception date—and Vista Beta 2 was released in May 2006—after the new date.  In response to the subpoena, Microsoft made Vista source code available for inspection on March 1, 2013, in the offices of its outside counsel in Philadelphia, PA.  Since that date, Samsung has invested considerable time and effort analyzing the produced source, with the understanding that Vista Beta 2 would sufficiently predate the '414 patent.   In light of Apple's newly alleged conception date for the '414 patent, however, Samsung can no longer rely on Vista Beta 2 and must expend additional resources evaluating Vista Beta 1 exclusively.  Thakur Decl., ¶ 16.

Similarly, Samsung is relying on the Microsoft Windows Mobile operating system ("Windows Mobile") as prior art against the '760 patent.  On August 31, 2012, Samsung served a subpoena on Microsoft seeking documentation and source code concerning Windows Mobile 5, a version of the Windows Mobile operating system that was released in 2005.  Thakur Decl., Ex. O  In early January 2013, Microsoft made the Windows Mobile source code available for inspection, and Samsung inspected the source code on January 16-18, 2013.  Samsung has analyzed that

1   source code and included references to that code in the Amended Invalidity Contentions that it

2   served on Apple on March 25, 2013.  Thakur Decl., ¶ 17.  However, in light of Apple's new date

3   of conception, Samsung has had to go back to third-party Microsoft to request production of

4   source code for earlier versions of the Windows Mobile operating system.  Thakur Decl., ¶ 18 and

5   Ex. P.  As of the date of this motion, Microsoft has not produced source code for the earlier

6   version of Windows Mobile, and even assuming Microsoft completes its production by June 1,

7   Samsung will be left with little more than one month to analyze the source code and amend its

8   invalidity contentions accordingly.

9          Apple's delay in providing notice of the alleged conception dates of the '414 and '760

10  patents has not only prejudiced Samsung in preparing its invalidity contentions, but also has

11  prejudiced and will continue to prejudice third party Microsoft by forcing it to revisit subpoena

12  obligations it believed were already satisfied, and host ongoing source code review so that

13  Samsung may evaluate earlier versions of the Vista and Windows Mobile source code.

14  Furthermore, Apple's vastly fluctuating dates raise concerns whether these new dates will be

15  further supplemented and changed.  Apple's late supplementation is highly disruptive and should

16  not be tolerated.

17          B.      Preclusion Is An Appropriate Sanction In This Situation

18          An excessive delay of information concerning dates of conception can deny fair

19  adjudication where the date of conception is critically important.  *See Caron v. QuicKUTZ, Inc.,*

20  2012 WL 5497869 at *17 (D.Ariz. 2012) (dismissing a suit for patent infringement with prejudice

21  where plaintiff patent holder failed to produce documents related to the date of conception in a

22  timely manner).  In such situations, preclusion and even dismissal with prejudice is an appropriate

23  sanction.  *See id.*, *see also* Fed. R. Civ. P. 37(d) (when party fails to respond to interrogatories,

24  court "may make such orders in regard to the failure as are just," including any sanction

25  authorized under Rule 37(b)(2)).  Apple's assertion of new conception dates up to a year and a half

26  earlier than its prior conception dates effectively requires Samsung to restart its efforts into

27  determining the validity of Apple's patents.  Thus, the Court should preclude Apple from relying

28  on those new dates.

-8
SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION

1    If the Court does not preclude Apple from relying on its unfairly amended dates of

2   conception, Samsung requests that the Court either (i) allow Samsung to reopen these depositions

3   to ask about the new dates of conception without such depositions counting towards Samsung's

4   140 hour total deposition time, or (ii) credit Samsung with additional deposition time to

5   compensate Samsung for the time it wasted investigating Apple's false interrogatory responses.

6

7                                     **CONCLUSION**

8    For the foregoing reasons, the Court should GRANT Samsung's Motion to Preclude Apple

9   from Asserting Untimely Dates of Conception and preclude Apple from asserting the amended

10   dates of conception for the '502, '414, '760, and '172 patents, or, in the alternative, should

11   GRANT Samsung's request for additional depositions or deposition time.

12

13   DATED: May 28, 2013                     QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
14

15                                           By */s/ Victoria Maroulis*
                                                 Victoria F. Maroulis
16                                               Attorney for SAMSUNG ELECTRONICS CO.,
                                                 LTD., SAMSUNG ELECTRONICS AMERICA,
17                                               INC., and SAMSUNG
                                                 TELECOMMUNICATIONS AMERICA, LLC
18

19

20

21

22

23

24

25

26

27

28