# Exhibit C
# Filed Publicly Pursuant To Court Order [Dkt. No. 1415]

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No. 12-CV-00630-LHK (PSG)<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | |

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S
OBJECTIONS AND RESPONSES TO SAMSUNG'S
FIRST SET OF INTERROGATORIES (NOS. 1-24)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple Inc. ("Apple") hereby objects and responds to the First Set of Interrogatories to Apple Inc. (Nos. 1-24) served by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively, "Samsung") on September 25, 2012.  These responses are based on information reasonably available to Apple at the present time.  Apple reserves the right to continue discovery and investigation into this matter and reserves the right to amend and supplement these responses when and if additional information becomes available.  Apple's objections as set forth herein are made without prejudice to Apple's right to assert any additional or supplemental objections pursuant to Rule 26(e).

**GENERAL OBJECTIONS**

Apple makes the following general responses and objections ("General Objections") to each definition, instruction, and interrogatory propounded in Samsung's First Set of Interrogatories to Apple Inc. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or partial responses to individual interrogatories does not waive any of Apple's General Objections.

1.    Apple provides these objections and responses to the best of its current knowledge.  Discovery or further investigation may reveal additional or different information warranting amendment of these objections and responses. Apple reserves the right to produce at trial and make reference to any evidence, facts, documents, or information not discovered at this time, omitted through good-faith error, mistake, or oversight, or the relevance of which Apple has not presently identified.  Apple's response to any particular Interrogatory should not be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by the interrogatory, or that the response constitutes admissible evidence. No response to any portion of any interrogatory shall be deemed a waiver of any objection

-1-

1   not set forth herein that could be made to any such portion of the interrogatory regarding

2   relevancy of the information or its admissibility.  Rather, these responses and any

3   information or documents produced reflect Apple's attempt to produce non-privileged

4   information and documents as they are kept in the ordinary course of business and within the

5   timeline set forth by the appropriate Court Orders.

6          2.     Apple objects to each and every definition, instruction, and request to the

7   extent it seeks to impose upon Apple any obligations broader than, different from, or in

8   addition to those imposed by the Federal Rules of Civil Procedure, the Federal Rules of

9   Evidence, the Local Rules of the United States District Court for the Northern District of

10  California, and/or the Court's Orders.  Apple further objects to Samsung's Instruction No. 2

11  to the extent it purports to impose requirements and obligations on Apple other than as set

12  forth in the Federal Rules of Civil Procedure and the Stipulation Regarding Electronic

13  Discovery, Protective Order, Privilege Logs, and Expert Discovery, entered into by the

14  parties on May 9, 2012.

15         3.     Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU,"

16  and "YOUR" to the extent they purport to include persons or entities that are separate and

17  distinct from Apple and are not under Apple's control. "Apple" refers only to Apple Inc.

18         4.     Apple objects to Samsung's definitions of each term incorporating the word

19  "PATENT," "PATENTS," and "PATENTS-IN-SUIT," including definitions 15 through 23,

20  because they are inaccurate, overly broad, vague, ambiguous, and unduly burdensome.

21         5.     Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS"

22  to the extent it is overly broad and unduly burdensome and to the extent it seeks information

23  that is neither relevant nor reasonably calculated to lead to the discovery of admissible

24  evidence.  Apple further objects to Samsung's definition of "Apple Accused Products" to the

25  extent that it requires a legal conclusion.  For purposes of responding to these Requests,

26  Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean only those products

27

28                        -2-

that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement

Contentions, served on June 15, 2012.

6.     Apple objects to Samsung's definition of the term "THIRD PARTY" and

"THIRD PARTIES" as vague, overly broad, and unduly burdensome.

7.     Apple objects to Samsung's definition of the term "APPLE PATENTS" as

inaccurate, vague, overly broad, and unduly burdensome.  The phrase "APPLE PATENTS"

means U.S. Patent Nos. 5,666,502, 5,946,647, 6,847,959, 7,761,414, 8,014,760, 8,046,721,

8,074,172, and 8,086,604.

8.     Apple objects to Samsung's definition of the term "APPLE COVERED

PRODUCT" as vague, overly broad, and unduly burdensome as defined.

9.     Apple objects to Samsung's definition of the term "PATENTED

FEATURES" as vague, overly broad, and unduly burdensome as defined.

10.     Apple objects to Samsung's definition of the term "SAMSUNG ACCUSED

PRODUCTS" as improper and incomplete.  Apple will interpret this term to mean those

products identified in any Supplemental or Amended Disclosures of Asserted Claims and

Infringement Contentions provided by Apple.

11.     Apple objects to all definitions, instructions, and Interrogatories to the extent

they seek to elicit a response that would require Apple to draw a legal conclusion or

implicate the mental impressions of counsel in order to make a proper response, including

but not limited to the term "PRIOR ART."  Apple further objects to Samsung's definition of

"PRIOR ART" as inaccurate, overly broad, vague, ambiguous, and unduly burdensome,

including but not limited to its use of the phrase "relevant to the validity."

12.     Apple objects to Samsung's Instruction No. 1 because it is vague, ambiguous,

overly broad, and unduly burdensome, especially in its purported requirement that Apple

furnish information from entities that are not Apple, and from persons with "the best

knowledge." Apple further objects to this instruction to the extent it calls for the disclosure of

information that is privileged and protected by the work product doctrine.

-3-

13.     Apple objects to any interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or discovery immunity. The inadvertent production by Apple of information protected from disclosure by any such privilege, doctrine, or immunity shall not be deemed a waiver by Apple of such privileges or protections. Pursuant to the parties' agreement, to the extent any interrogatory calls for the identification of information dated after April 15, 2011 that is protected by such privilege, doctrine, or immunity, such information will not be included on Apple's privilege log.

14.     Apple objects generally to the Interrogatories to the extent they seek confidential, proprietary, or trade secret information of third parties. Apple will endeavor to work with third parties in order to obtain their consent, if necessary, before providing such information. To the extent an interrogatory seeks information of a confidential or proprietary nature to Apple, or to others to whom Apple is under an obligation of confidentiality, Apple will respond pursuant to the terms of the protective order to be entered in this case and subject to notice to third parties, as necessary.

15.     Apple objects to any interrogatory to the extent it is premature and/or to the extent that it: (a) conflicts with the schedule entered by the Court; (b) conflicts with obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; (d) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; and/or (e) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.

16.     Apple objects to each interrogatory as overbroad and unduly burdensome to the extent that it calls for information that is neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.

-4-

17.    Apple objects to each interrogatory and to Samsung's "Definitions" and "Instructions" to the extent they are vague, ambiguous, overbroad, or unduly burdensome, or purport to impose upon Apple any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, or any other applicable rule.

18.    Apple objects to any Interrogatory to the extent it seeks irrelevant information about Apple's products or business operations. Such requests are overbroad and unduly burdensome.  Apple will only produce information that is relevant to the patents-in-suit, or that is otherwise related to the claims or defenses of the parties asserted by the parties in this litigation.

19.    Apple objects to each Interrogatory to the extent that it would impose a duty on Apple to undertake a search for or an evaluation of information, documents, or things for which Samsung is equally able to search for and evaluate.  In particular, Apple objects to each Interrogatory to the extent that it seeks information or documents that are publicly available or readily available to Samsung.  Apple further objects to each Interrogatory to the extent that it seeks information that can be derived or ascertained from documents that will be produced in discovery or that are uniquely in Samsung's possession, custody, and control.

20.    Apple objects to any Definition, Instruction, or Interrogatory to the extent that it purports to require identification of oral communications.  Such Definition, Instruction, or Interrogatory is overbroad, vague, ambiguous, and unduly burdensome.

21.    Apple objects to the Interrogatories to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions.

22.    In Apple's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

-5-

23.     Apple objects to the Interrogatories to the extent they purport to require Apple to identify or describe or identify "every," "each," "any," "all," or other similarly expansive, infinite, or all-inclusive terms to the extent that such Interrogatories are overbroad and unduly burdensome.

24.     Apple objects to the Interrogatories to the extent they seek information that is not in the possession, custody, or control of Apple, purport to require Apple to speculate about the identity of persons who might have responsive documents, and/or purport to call for any description of documents that Apple no longer possesses and/or was under no obligation to maintain.

25.     Apple objects to the Interrogatories to the extent they are not limited in time and seek information for periods of time that are not relevant to any claim or defense.

26.     Apple responds to each and every interrogatory, definition, and instruction without waiving, or intending to waive, but to the contrary, preserving and intending to preserve: (a) the right to object to the use of any information or documents for any purpose in whole or in part, in any subsequent proceeding in this litigation or in any other action on the grounds of competency, privilege, relevance or materiality, or requests for production, interrogatories, or other discovery procedures involving or relating to the subject matter of the interrogatory to which Apple responds herein, and (b) the right at any time to revise, correct, add to, or clarify any of the responses made herein.

27.     Apple will make, and has made, reasonable efforts to respond to Samsung's First Set of Interrogatories, to the extent that no objection is made, as Apple reasonably understands and interprets each Interrogatory.  By responding to these interrogatories, Apple does not concede the relevance or materiality of any of the interrogatories or of the subjects to which it refers. Apple's responses are made subject to, and without waiving any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the responses, or of the subject matter to which they concern, in any proceeding in this action or in any other proceeding.  If Samsung subsequently asserts any interpretation of any

-6-

1  Interrogatory that differs from the interpretation of Apple, then Apple reserves the right to

2  supplement and amend its objections and responses.

3  **OBJECTIONS AND RESPONSES TO INTERROGATORIES**

4  Subject to the foregoing qualifications and General Objections and the specific

5  objections made below, Apple objects and responds to Samsung's First Set of Interrogatories

6  as follows:

7

8  <u>**INTERROGATORY NO. 1:**</u>

9  Separately identify and describe in detail each and every instance in which APPLE or

10  anyone else has ever given notice to SAMSUNG of the existence and/or the alleged

11  infringement of the APPLE PATENTS, including without limitation: the date of notice; the

12  manner in which notice was given; the patent(s) and the patent claim(s) at issue; the sum and

13  substance of the notice; and the identity of all documents or oral communications

14  constituting such notice.

15  <u>**RESPONSE TO INTERROGATORY NO. 1**</u>

16  Apple objects to this Interrogatory as overly broad, unduly burdensome, vague,

17  ambiguous, and as not reasonably calculated to lead to the discovery of admissible evidence,

18  including but not limited to on the grounds that it seeks information regarding "each and

19  every instance in which [an entity other than Apple] has ever given notice to SAMSUNG of

20  the existence and/or the alleged infringement of the APPLE PATENTS," as well as with

21  respect to its use of the terms "sum and substance," "APPLE or anyone else," ""notice,"

22  "existence and/or the alleged infringement," and "has ever given notice."  Apple further

23  objects to this Interrogatory to the extent that it seeks information protected from disclosure

24  by the attorney-client privilege, the attorney work product doctrine, the joint defense or

25  common interest privilege, or any other applicable privilege, doctrine, or immunity, as well

26  as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple still further objects

27  to this Interrogatory on the grounds and to the extent it is compound and comprises discrete

28  -7-

1    subparts resulting in separate interrogatories, seeks a legal conclusion, and seeks expert

2    opinion.  Apple also objects that this Interrogatory seeks information that is either equally

3    available to Samsung as to Apple, or that is entirely in Samsung's possession, custody, or

4    control.  Samsung has not yet produced discovery that Apple has requested that may contain

5    information relevant to the response to this Interrogatory.

6         Subject to the foregoing General and Specific Objections, Apple responds as follows:

7    Samsung has had notice of U.S. Patent No. 5,946,647, and Samsung's infringement thereof,

8    since at least as early as August of 2010, when Apple disclosed that patent to Samsung.  On

9    information and belief, Samsung also had notice of U.S. Patent No. 8,046,721, and

10   Samsung's infringement thereof, as of the approximate date of its issue by virtue of the fact

11   that Apple had previously asserted foreign counterparts to that patent against Samsung in

12   other jurisdictions.

13        Information showing the notice provided to Samsung by Apple regarding the asserted

14   Apple Patents can be found in documents that Apple has produced or will produce pursuant

15   to Federal Rule of Civil Procedure 33(d), and the burden of ascertaining the answer to this

16   Interrogatory from the produced documents is substantially the same for Apple as for

17   Samsung.  Discovery is still in its early stages and Apple is continuing to investigate.  Apple

18   reserves the right to supplement and/or amend its response as appropriate.

19   **INTERROGATORY NO. 2:**

20        Separately for each claim of the APPLE PATENTS that APPLE contends

21   SAMSUNG has infringed or is infringing, describe in detail all facts relevant to the

22   conception of that claimed invention, including without limitation: the date of conception, the

23   name of each person who contributed to the conception, the specific contribution made by

24   each such person to the claimed invention, how these persons arrived at their claimed

25   invention, and the identity of all documents (by Bates numbers) relating to such conception.

26   **RESPONSE TO INTERROGATORY NO. 2**

27

28                                          -8-

1    Apple objects to this Interrogatory as overly broad, unduly burdensome, vague,

2  ambiguous, and as not reasonably calculated to lead to the discovery of admissible evidence,

3  including but not limited to its use of the phrase "how these persons arrived at their claimed

4  invention."  Apple still further objects to this Interrogatory on the grounds and to the extent it

5  is compound and comprises discrete subparts resulting in separate interrogatories, seeks a

6  legal conclusion, and seeks expert opinion.

7    Subject to the foregoing General and Specific Objections, Apple responds as follows:

8    U.S. Patent No. 5,666,502

9    Apple is informed and believes that the inventions recited in claims 1-2, 4-5, 8, 11,

10  13-17, 20, 22-24 and 26 of the '502 patent were conceived of by Stephen Capps no later than

11  August 7, 1995.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d),

12  Apple has produced and/or will produce documents responsive to this Interrogatory, and the

13  burden of ascertaining the answer to this Interrogatory from the produced documents is

14  substantially the same for Apple as for Samsung.  Apple refers to such documents including

15  those identified by bates number in Apple's Local Patent Rules Disclosures served on June

16  15, 2012.

17    U.S. Patent No. 5,946,647

18    Apple is informed and believes that the inventions recited in claims 1-2, 4, 6 and 8-9

19  of the '647 patent were conceived of by James R. Miller, Thomas Bonura, Bonnie Nardi, and

20  David Wright no later than September 25, 1994.  Furthermore, in accordance with Federal

21  Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents

22  responsive to this Interrogatory, and the burden of ascertaining the answer to this

23  Interrogatory from the produced documents is substantially the same for Apple as for

24  Samsung.  Apple refers to such documents including those identified by bates number in

25  Apple's Local Patent Rules Disclosures served on June 15, 2012.

26    U.S. Patent No. 6,847,959

27

28
-9-

Apple is informed and believes that the inventions recited in claims 1-5, 9-12, 14-17, 19-20, 22-25, 27-30 and 32-33 of the '959 patent were conceived of by Yan Arrouye and Keith Mortensen no later than January 5, 2000.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung.  Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

U.S. Patent No. 7,761,414

Apple is informed and believes that the inventions recited in claims 1-2, 4, 6-7, 10-12, 14, 16-17, 20-24, 26-28 and 30-32 of the '414 patent were conceived of by Gordon J. Freedman no later than January 7, 2007.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung.  Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

U.S. Patent No. 8,014,760

Apple is informed and believes that the inventions recited in claims 1-5 and 7-22 of the '760 patent were conceived of by Scott Forstall, Greg Christie, Scott Herz, Imran Chaudhri, Michael Matas, Marcel Van Os, Stephen O. Lemay no later than September 6, 2006.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung.  Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

-10-

<u>U.S. Patent No. 8,046,721</u>

Apple is informed and believes that the inventions recited in claims 1-15 of the '721 patent were conceived of by Imran Chaudhri, Bas Ording, Freddy Allen Anzures, Marcel Van Os, Stephen O. Lemay, Scott Forstall, and Greg Christie no later than January 19, 2005. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung.  Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

<u>U.S. Patent No. 8,074,172</u>

Apple is informed and believes that the inventions recited in claims 2-6, 9-12, 17-21, 23-25, 27-37 of the '172 patent were conceived of by Kenneth Kocienda and Bas Ording no later than January 5, 2007.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung.  Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

<u>U.S. Patent No. 8,086,604</u>

Apple is informed and believes that the inventions recited in claims 1, 6, 11 and 16-21 of the '604 patent were conceived of by Yan Arrouye and Keith Mortensen no later than January 5, 2000.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung.  Apple refers to such documents including

-11-

1   those identified by bates number in Apple's Local Patent Rules Disclosures served on June

2   15, 2012.

3        Discovery is still in its early stages and Apple is continuing to investigate.  Apple

4   reserves the right to supplement and/or amend its response as appropriate.

5   **INTERROGATORY NO. 3:**

6        Separately for each claim of the APPLE PATENTS that APPLE contends

7   SAMSUNG has infringed or is infringing, describe in detail all facts relevant to the first

8   reduction to practice of that claimed invention, including without limitation: the date of the

9   first reduction to practice, the name of each person who contributed to the reduction to

10  practice, the nature of each person's contribution, all facts and circumstances relating to any

11  alleged diligence between the asserted conception and reduction to practice dates, the identity

12  of each person with knowledge of such diligence, the nature of each person's participation,

13  involvement, and/or contribution to the diligence in reduction to practice, and the identity of

14  all documents (by Bates numbers) relating to such diligence and reduction to practice.

15  **RESPONSE TO INTERROGATORY NO. 3**

16       Apple objects to this Interrogatory as overly broad, unduly burdensome, vague,

17  ambiguous, and as not reasonably calculated to lead to the discovery of admissible evidence,

18  including but not limited to its use of the terms "nature," "any alleged diligence between the

19  asserted conception and reduction to practice dates," and "participation, involvement, and/or

20  contribution."  Apple still further objects to this Interrogatory on the grounds and to the

21  extent it is compound and comprises discrete subparts resulting in separate interrogatories,

22  seeks a legal conclusion, and seeks expert opinion.

23       Subject to the foregoing General and Specific Objections, Apple responds as follows:

24       U.S. Patent No. 5,666,502

25       Apple is informed and believes that the inventions recited in claims 1-2, 4-5, 8, 11,

26  13-17, 20, 22-24 and 26 of the '502 patent were reduced to practice no later than August 7,

27  1995.  The asserted claims were also constructively reduced to practice in U.S. Patent

28                              -12-

1

2

3    Dated:  November 8, 2012                    By:   /s/ H. Mark Lyon

4                                                     _____
                                                      JOSH A. KREVITT (CA SBN 208552)
5                                                     jkrevitt@gibsondunn.com
                                                      H. MARK LYON (CA SBN 162061)
6                                                     mlyon@gibsondunn.com
                                                      GIBSON, DUNN & CRUTCHER LLP
7                                                     1881 Page Mill Road
                                                      Palo Alto, California 94304-1211
8                                                     Telephone: (650) 849-5300
                                                      Facsimile: (650) 849-5333
9
                                                      HAROLD J. MCELHINNY (CA SBN 66781)
10                                                    hmcelhinny@mofo.com
                                                      MICHAEL A. JACOBS (CA SBN 111664)
11                                                    mjacobs@mofo.com
                                                      RICHARD S.J. HUNG (CA SBN 197425)
12                                                    rhung@mofo.com
                                                      MORRISON & FOERSTER LLP
13                                                    425 Market Street
                                                      San Francisco, California  94105-2482
14                                                    Telephone:  (415) 268-7000
                                                      Facsimile:  (415) 268-7522
15
                                                      MARK D. SELWYN (SBN 244180)
16                                                    (mark.selwyn@wilmerhale.com)
                                                      WILMER CUTLER PICKERING
17                                                      HALE AND DORR LLP
                                                      950 Page Mill Road
18                                                    Palo Alto, California 94304
                                                      Telephone:  (650) 858-6000
19                                                    Facsimile:  (650) 858-6100

20                                                    WILLIAM F. LEE (admitted pro hac vice)
                                                      (william.lee@wilmerhale.com)
21                                                    WILMER CUTLER PICKERING
                                                        HALE AND DORR LLP
22                                                    60 State Street
                                                      Boston, Massachusetts 02109
23                                                    Telephone:  (617) 526-6000
                                                      Facsimile:  (617) 526-5000
24
25                                                    *Attorneys for Plaintiff and Counterclaim-*
                                                      *Defendant Apple Inc.*
26

27

28                                   -92-

**CERTIFICATE OF SERVICE**

I, Angela L. Wilkins, hereby certify that on this 8th day of November, 2012, I did cause the following documents to be served in the following manner:

**Apple's Responses to Samsung's First Set of Interrogatories**

On the interested parties in this action addressed as follows:

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO.,**
**LTD., SAMSUNG ELECTRONICS AMERICA, INC. and**
**SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

William Price
Victoria F. Maroulis
Charles K. Verhoeven
Michael Fazio
Kevin A. Smith
Kevin P.B. Johnson
**Quinn Emanuel Urquart & Sullivan, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
Telephone: (650) 801-5000
williamprice@quinnemanuel.com
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
michaelfazio@quinnemanuel.com

John M. Caracappa
Huan-Yi Lin
Michael Heimbold
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
jcaracappa@steptoe.com
hlin@steptoe.com
mheimbold@steptoe.com

<u>X</u>   **BY ELECTRONIC MAIL TRANSMISSION** from awilkins@gibsondunn.com, by transmitting PDF copies of such documents to each such person identified above, at the e-mail address listed in their addresses.  The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 8, 2012 in Dallas, TX.

Dated:   November 8, 2012                              *Angela L. Wilkins*
                                                      Angela L. Wilkins
                                                      Gibson, Dunn & Crutcher
                                                      2100 McKinney Ave., Suite 1100
                                                      Dallas, TX  75201
                                                      (214) 698-3145

# Exhibit D
# Filed Publicly Pursuant To Court Order [Dkt. No. 1415]

Attorneys' Eyes Only

Page 1

```
 1            UNITED STATES DISTRICT COURT
 2          NORTHERN DISTRICT OF CALIFORNIA
 3                SAN JOSE DIVISION
 4   APPLE INC., a California
     Corporation,
 5                                 No. 12-CV-00630-LHK
                  Plaintiff,
 6   vs.
 7   SAMSUNG ELECTRONICS CO., LTD,
     a Korean business entity; SAMSUNG
 8   ELECTRONICS AMERICA, INC., a
     New York corporation; SAMSUNG
 9   TELECOMMUNICATIONS AMERICA, LLC,
     a Delaware limited liability company,
10
                  Defendants.
11
     _____/
12
13
14
15           ** ATTORNEYS' EYES ONLY **
16          DEPOSITION OF STEPHEN CAPPS
17             Palo Alto, California
18           Friday, December 7, 2012
19
20
21
22
23   Reported By:
24   LINDA VACCAREZZA, RPR, CLR, CRP, CSR. NO. 10201
25   JOB NO. 55402
```

Attorneys' Eyes Only

Page 2

1

2

3

4                    December 7, 2012

5                    9:35 a.m.

6

7

8        Deposition of STEPHEN CAPPS, held

9    at Gibson Dunn & Crutcher, 1881 Page

10   Mill Road, Palo Alto, California,

11   pursuant to Subpoena before Linda

12   Vaccarezza, a Certified Shorthand

13   Reporter of the State of California.

14

15

16

17

18

19

20

21

22

23

24

25

Attorneys' Eyes Only

Page 45

1   Did you create a working version of this

2   interface?

3                   MR. LO:  Objection.  Vague.

4                   THE WITNESS:  I'm sure I wrote the

5           code for this, yeah.

6           Q.    And was this design used in any

7   versions of the Apple Newton?

8                   MR. LO:  Objection.  Vague.

9                   THE WITNESS:  I believe it was.

10          Again, we can go to eBay and buy a Newton

11          and find out.

12          Q.    When did you come up with this

13  idea for the user interface that used these

14  lists?

15                  When did you come up with the idea

16  for the design of the 502 patent?

17          A.    I believe it was part of, as you

18  mentioned earlier, the Newton 2.0 design.  We

19  caught our breath after doing the first version,

20  and then decided, what can we do to make -- for

21  the second version, and this was one of the

22  features.  So since we shipped it in '93 and this

23  was filed in '95, somewhere in that time.

24          Q.    Was there a particular name or

25  code name or feature name for this design?

Attorneys' Eyes Only

Page 69

1    2.0 device, look at the API for 2.0, the

2    developer documentation for 2.0, get some detail

3    on how that was implemented; is that fair?

4            MR. LO:  Objection.  Vague.  Calls

5         for speculation.

6            THE WITNESS:  You could see how to

7         use it.  I don't know what else we would

8         provide.  But like I said, at minimum,

9         this is how you use it.  A little bit

10        extra would be, this is how you use it,

11        and here's our standard names, our

12        standard classes.  But beyond that, your

13        guess is as good as mine.

14        Q.   Do you recall when the code for

15   this feature that's described in the 502 patent

16   would have been completed and integrated into

17   some pre-released version of the Newton 2.0

18   operating system?

19        A.   My vague, vague memory is that

20   this was early on in 2.0, but what that's based

21   on is nothing besides just thinking about it in

22   light of this, the reason we are sitting here

23   today.

24        Q.   And do you recall using this

25   feature on a Newton after Version 2.0 was

Attorneys' Eyes Only

Page 70

1    released?

2           A.    Guilt by association.  I must

3    have.

4           Q.    Do you recall when you started

5    working on an implementation for this feature?

6           A.    Specifically?  No.

7           Q.    Are you aware of any inventor

8    notebooks or other documents that would show when

9    you came up with this idea, or how you tracked

10   your work on it?

11          A.    We definitely didn't use

12   notebooks.  I can't recall what the process was

13   in this case.  Definitely not.

14                MR. LO:  Counsel, we have been

15          going about an hour and a half, so

16          whenever is convenient, maybe we could

17          take a break.

18                MR. CURRAN:  I think just a couple

19          questions.

20          Q.    And -- did you discuss the idea in

21   the 502 patent with anyone within Apple before

22   you submitted for a patent application?

23                MR. LO:  Just a yes or no for now.

24                THE WITNESS:  I assume yes.

25          Q.    And who would those persons have

1    been?

2              MR. LO:  Just names or identities.

3              THE WITNESS:  Most likely, Jeff

4         Ventanadis, because he's the guy that I

5         worked closely with on the UI.

6         Q.    He was a software developer?

7         A.    No, he was marketing.

8         Q.    Anyone else you suspect you would

9    have discussed this feature set with at Apple

10   before filing for a patent?

11        A.    Before filing for the patent?

12   Anybody.  Like I said repeatedly, it's a

13   cooperative effort there.  I'm sure, I'm sure I

14   would say, "Hey, check this out.  Add it to your

15   Newton.  Add it your field classes, to your apps,

16   you guys, and then all this magic will happen."

17        Q.    And what magic would that have

18   been if people added field classes to their apps?

19        A.    The user wouldn't have to enter a

20   name; they could pick it from a list, for

21   instance.

22        Q.    To get a list of names people had

23   entered in other people's -- users had entered in

24   other people's applications?

25              MR. LO:  Objection.  Vague.

Attorneys' Eyes Only

Page 175

1       C E R T I F I C A T E

2    STATE OF CALIFORNIA        )

3                               )

4    COUNTY OF SAN FRANCISCO )

5        I, LINDA VACCAREZZA, a Certified

6    Shorthand Reporter for the State of

7    California, do hereby certify:

8        That STEPHEN CAPPS, the witness

9    whose deposition is hereinbefore set

10   forth, was duly sworn by me and that such

11   deposition is a true record of the

12   testimony given by such witness.

13       I further certify that I am not

14   related to any of the parties to this

15   action by blood or marriage; and that I

16   am in no way interested in the outcome of

17   this matter.

18       IN WITNESS WHEREOF, I have hereunto

19   set my hand this 7th day of December

20   2012.

21

22   _____

23   LINDA VACCAREZZA, CSR. NO. 10201

24

25

# Exhibit E
# Filed Publicly Pursuant To Court
# Order [Dkt. No. 1415]

Highly Confidential - Attorneys' Eyes Only

Page 1

1            UNITED STATES DISTRICT COURT
2            NORTHERN DISTRICT OF CALIFORNIA
3                 SAN JOSE DIVISION
4
5    APPLE INC., a California
     corporation,
6
                  Plaintiff,
7
     vs.                           CASE NO.  11-cv-00630-LHK
8
     SAMSUNG ELECTRONICS CO.,
9    LTD., a Korean business
     entity; SAMSUNG ELECTRONICS
10   AMERICA,INC., a New York
     corporation; SAMSUNG
11   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited
12   liability company,
13                Defendants.
     _____/
14
15
16        H I G H L Y   C O N F I D E N T I A L
17         A T T O R N E Y S'  E Y E S   O N L Y
18
19     VIDEOTAPED DEPOSITION OF GORDON FREEDMAN
20             PALO ALTO, CALIFORNIA
21          WEDNESDAY, JANUARY 16, 2013
22
23   BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR
24   CSR LICENSE NO. 9830
25   JOB NO. 56774

Highly Confidential - Attorneys' Eyes Only

Page 2

1          WEDNESDAY, JANUARY 16, 2013

2                  1:13 p.m.

3

4

5

6    VIDEOTAPED DEPOSITION OF GORDON FREEDMAN,

7    taken at Gibson, Dunn & Crutcher LLP,

8    1881 Page Mill Road, Palo Alto, CA,

9    Pursuant to Notice, before me,

10   ANDREA M. IGNACIO HOWARD, CLR, CCRR, RPR,

11   CSR License No. 9830.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Highly Confidential - Attorneys' Eyes Only

Page 8

1   has designated you as a corporate representative to

2   testify on Apple's behalf on certain topics today?

3        A    I don't know the -- the exact terminology or

4   the position.

5        Q    That wasn't quite my question.

6             Do you understand that Apple has designated

7   you as a corporate representative to testify on

8   Apple's behalf on certain topics today?

9        A    Yes.

10       Q    So let's review those topics.

11            MR. CURRAN:  I'll mark as Freedman Exhibit 1

12   the amended 30(b)(6) notice.

13            (Document marked Freedman Exhibit 1

14             for identification.)

15            THE WITNESS:  Thank you.

16            MR. CURRAN:  Do you need one?

17       Q    Mr. Freedman, have you reviewed the document

18   that's been marked as Freedman 1 before?

19       A    Yes.

20       Q    I'm going to ask you to take a look at topic

21   No. 1, and specifically to subtopic A.

22            Are you prepared to testify on behalf of

23   Apple today concerning the conception and reduction to

24   practice of the '414 patent, including any alleged

25   diligence from conception to reduction to practice of

Highly Confidential - Attorneys' Eyes Only

1  the alleged inventions of the '414 patent?

2      A    Yes.

3      Q    And when I refer to "the '414 patent," sir,

4  do you understand what I'm referring to?

5      A    Yes.

6      Q    On subtopic B, are you prepared to testify on

7  behalf of Apple today concerning the subject matter

8  disclosed in the '414 patent?

9      A    Yes.

10     Q    With respect to subtopic C, are you prepared

11 to testify on behalf of Apple today concerning the

12 problem allegedly solved by the '414 patent, including

13 each way in which the claimed invention of the

14 '414 patent allegedly differs from or improves upon

15 the prior art?

16     A    Yes.

17         MR. BUROKER:  Counsel, we had qualified his

18 designation in our letter to you on that subtopic.

19 Just for clarification, we had said he was designated

20 only as to the problems solved by the invention and

21 the prior art known to the inventor on C.  So that's

22 his designation.

23         MR. CURRAN:  Let me understand.  He's

24 being -- he's being designated as a corporate

25 representative to the extent he has personal, not

Highly Confidential - Attorneys' Eyes Only

Page 135

CERTIFICATE OF REPORTER

1

2

3

4        I, ANDREA M. IGNACIO HOWARD, hereby certify

5   that the witness in the foregoing deposition was by me

6   duly sworn to tell the truth, the whole truth, and

7   nothing but the truth in the within-entitled cause;

8

9        That said deposition was taken in shorthand

10   by me, a Certified Shorthand Reporter of the State of

11   California, and was thereafter transcribed into

12   typewriting, and that the foregoing transcript

13   constitutes a full, true and correct report of said

14   deposition and of the proceedings which took place;

15

16        That I am a disinterested person to the said

17   action.

18

19        IN WITNESS WHEREOF, I have hereunto set my

20   hand this 16th day of January 2013.

21

22   _____

23   ANDREA M. IGNACIO HOWARD, RPR, CCRR, CLR, CSR No. 9830

24

25

# Exhibit F
# Filed Publicly Pursuant To Court Order [Dkt. No. 1415]

H I G H L Y   C O N F I D E N T I A L
A T T O R N E Y S'   E Y E S   O N L Y

Page 138

1              UNITED STATES DISTRICT COURT
2              NORTHERN DISTRICT OF CALIFORNIA
3                   SAN JOSE DIVISION
4
5    APPLE INC., a California
     corporation,
6
                   Plaintiff,
7
     vs.                          CASE NO.  11-cv-00630-LHK
8
     SAMSUNG ELECTRONICS CO.,
9    LTD., a Korean business
     entity; SAMSUNG ELECTRONICS
10   AMERICA,INC., a New York
     corporation; SAMSUNG
11   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited
12   liability company,
13                 Defendants.
     _____/
14
15
              H I G H L Y   C O N F I D E N T I A L
16
              A T T O R N E Y S'   E Y E S   O N L Y
17
18
         VIDEOTAPED DEPOSITION OF GORDON FREEDMAN
19
              VOLUME II PAGES 138 - 197
20
                PALO ALTO, CALIFORNIA
21
              THURSDAY, JANUARY 17, 2013
22
     JOB NO. 56775
23
     BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR
24
     CSR LICENSE NO. 9830
25

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY

Page 139

THURSDAY, JANUARY 17, 2013

1:11 p.m.

VIDEOTAPED DEPOSITION OF GORDON FREEDMAN,

taken at GIBSON DUNN & CRUTCHER LLP,

1881 Page Mill Road, Palo Alto, California,

Pursuant to Notice, before me,

ANDREA M. IGNACIO HOWARD, CLR, CCRR, RPR,

CSR License No. 9830.

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY

Page 167

1    MR. BUROKER:  Same objection.

2    THE WITNESS:  Yes.

3    MR. CURRAN:  Q.  In Sync Services, you'd

4  agree that different sync clients were configured to

5  synchronize different classes of data; true?

6    MR. BUROKER:  Same objection.

7    THE WITNESS:  Yes.

8    MR. CURRAN:  Q.  And that was true of Sync

9  Services as it was released in 2004; true?

10   A   I'm not sure.

11   Q   Mr. Freedman, in your work on the iPhone

12  sync, was there an "aha" moment or a "Eureka" moment

13  when you felt you'd first fully conceived of all the

14  ideas that would go into the iPhone sync software?

15    MR. BUROKER:  Objection; calls for a legal

16  conclusion.

17    THE WITNESS:  I don't remember.

18    MR. CURRAN:  Q.  Do you recall the

19  development time line for your work on the iPhone

20  synchronization software?

21   A   In broad terms.

22   Q   What's your recollection of that development

23  time line?

24   A   This is for the iPhone synchronization

25  software?

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY

Page 168

1    Q    Yes, sir.

2    A    I'm not exactly sure of the start date.

3    Q    What's your best recollection?

4    A    Near the end of 2005.

5    Q    Do you recall when you first had the ideas

6    that are expressed in Claim 1 of the '414 patent?

7    A    I'm not exactly sure.

8    Q    Do you recall when you believe you first had

9    a working version of the software described in Claim 1

10   of the '414 patent?

11   A    I'm not sure.

12   Q    And that's your testimony on behalf of Apple

13   as the corporate representative on the conception and

14   reduction to practice of the '414 patent; true?

15   A    I'm not sure if I understand that question.

16   Q    You understand that you are here today as

17   Apple's corporate representative on a number of

18   different topics; true?

19   A    Yes.

20   Q    You're here today as Apple's corporate

21   representative on the conception and reduction to

22   practice of the '414 patent, including any alleged

23   diligence from conception to reduction to practice of

24   the alleged inventions of the '414 patent; true?

25   A    Yes.

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY

Page 169

1    Q    Why were you selected to work on the iPhone

2    sync project?

3    A    I don't know.  I'd have to speculate.

4    Q    How long did it take between when you were

5    first staffed on this project and you were -- you

6    believe you came up with the idea of the software --

7    strike that.

8         In preparing to testify today on behalf of

9    Apple, did you conduct the investigation that you felt

10   was necessary to provide testimony on the company's

11   behalf?

12   A    I'm not sure if I understand that question.

13   Q    Are there any materials that you wish you had

14   had access to but did not receive access to in order

15   to testify on behalf of Apple today?

16   A    That I wish I had access to?

17   Q    Yes, sir.

18        Were you able to perform the investigation

19   you felt necessary in order to testify on behalf of

20   Apple today?

21   A    I don't understand what you mean by the --

22   what I felt was necessary for the investigation.

23   Q    Is there anything that you felt you needed to

24   do to testify on Apple's behalf that you did not do

25   for your deposition today?

H I G H L Y   C O N F I D E N T I A L
A T T O R N E Y S '   E Y E S   O N L Y

Page 170

1    A    That's speculative because I didn't know what

2 you would ask.  I...

3    Q    You understood that you were Apple's

4 corporate representative to testify on the conception

5 and reduction to practice of the '414 patent; true?

6    A    Yes.

7    Q    You feel you've done what you needed to do to

8 testify in that capacity today?

9    A    Yes.

10    Q    Sir, the Sync Services product, that

11 incorporated portions of the iSync architecture; true?

12    A    Can you clarify what you mean by "iSync

13 architecture."

14    Q    The Sync Services product used the iSync API;

15 true?

16    A    No.

17    Q    The Sync Services product offered an API;

18 true?

19    A    Yes.

20    Q    And that Sync Services product API included

21 classes that had been used in iSync; true?

22    A    Can you specify what you mean by "classes."

23    Q    Sure.

24         Did the Sync Services API include an iSync

25 client class?

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY

Page 195

CERTIFICATE OF REPORTER

1

2

3

4     I, ANDREA M. IGNACIO HOWARD, hereby certify

5  that the witness in the foregoing deposition was by me

6  duly sworn to tell the truth, the whole truth, and

7  nothing but the truth in the within-entitled cause;

8

9     That said deposition was taken in shorthand

10  by me, a Certified Shorthand Reporter of the State of

11  California, and was thereafter transcribed into

12  typewriting, and that the foregoing transcript

13  constitutes a full, true and correct report of said

14  deposition and of the proceedings which took place;

15

16     That I am a disinterested person to the said

17  action.

18

19     IN WITNESS WHEREOF, I have hereunto set my

20  hand this 17th day of January, 13.

21

22     _____

23  ANDREA M. IGNACIO HOWARD, RPR, CCRR, CLR, CSR No. 9830

24

25

# Exhibit G
# Filed Publicly Pursuant To Court Order [Dkt. No. 1415]

Page 1

1                UNITED STATES DISTRICT COURT

2              NORTHERN DISTRICT OF CALIFORNIA

3                   SAN JOSE DIVISION

4    APPLE INC., a California
     corporation,

5

             Plaintiff,

6                                Case No.
       vs.                       12-cv-00630-LHK (PSG)

7

     SAMSUNG ELECTRONICS CO., LTD.,

8    a Korean corporation; SAMSUNG
     ELECTRONICS AMERICA, INC.,

9    a New York corporation; and
     SAMSUNG TELECOMMUNICATIONS

10   AMERICA, LLC, a Delaware
     limited liability company,

11

             Defendants.

12   -----------------------------------

13

14

15    ** HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY **

16

17

18      VIDEOTAPED DEPOSITION OF MICHAEL J. MATAS

19             Palo Alto, California

20           Thursday, January 24, 2013

21

22

23

24   REPORTED BY:
     CYNTHIA MANNING, CSR No. 7645, CLR, CCRR

25   JOB NO. 57268

Highly Confidential - Attorneys' Eyes Only

Page 2

1                UNITED STATES DISTRICT COURT

2                SOUTHERN DISTRICT OF FLORIDA

3

4    MOTOROLA MOBILITY LLC,

5             Plaintiff,              Case No.

6      vs.                           1:12-20271-RNS-TEB

7    APPLE INC.,

8             Defendant.

9    ------------------------------

10

11

12    ** HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY **

13

14

15       VIDEOTAPED DEPOSITION OF MICHAEL J. MATAS

16               Palo Alto, California

17             Thursday, January 24, 2013

18

19

20

21

22

23

24   REPORTED BY:

     CYNTHIA MANNING, CSR No. 7645, CLR, CCRR

25   JOB NO. 57268

Highly Confidential - Attorneys' Eyes Only

Page 3

1                    January 24, 2013

2                       9:36 a.m.

3

4

5          Deposition of MICHAEL J. MATAS, taken at

6   Cooley LLP, 3175 Hanover Street, Palo Alto,

7   California, before Cynthia Manning, Certified

8   Shorthand Reporter No. 7645, Certified LiveNote

9   Reporter, California Certified Realtime Reporter.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Highly Confidential - Attorneys' Eyes Only

Page 55

1      Q.   And if you were to tap on the names within

2  this depicted screen, what would happen?

3      A.   It would return the call to them.

4      Q.   Were there any other -- was there any other

5  functionality from the list of calls within this

6  depicted screen?

7      A.   No.

8      Q.   Do you know roughly when this mockup of a

9  screen was created?

10     A.   Probably late 2006, 2007, early 2007.

11     Q.   Do you know who created it?

12     A.   Probably Steve Lemay authored the Photoshop

13  file.

14     Q.   Did you work on any aspects of the recent

15  or missed call lists that are depicted?

16     A.   Not directly, in terms of authoring the

17  Photoshop file.  But I was involved in discussions

18  and explorations of various related things.

19     Q.   Did you author any Photoshop files or

20  mockups of the missed call list at any time?

21     A.   Not that I recall in this -- for the

22  iPhone.

23          (Deposition Exhibit 6 was marked for

24          identification)

25          THE WITNESS:  It's a little stretched.

Highly Confidential - Attorneys' Eyes Only

Page 91

1    BY MS. FERNANDS:

2         Q.  And let me just make my question clear,

3    then.

4              I'm not asking for in relationship to any

5    particular patent, but when you joined Apple, were

6    you informed of any process that -- or steps that

7    you should abide by in seeking -- in identifying for

8    people whether or not there is something for which

9    you wanted to seek patent protection?

10        A.  No.

11        Q.  There weren't any internal policies at

12   Apple as far as how you should disclose whether

13   there is an invention you think should be patented?

14        A.  No.

15        Q.  So the -- there was a provisional

16   application filed in -- September 6 of 2006, as

17   indicated on the front of the '760 patent.

18             Do you recall what you were working on at

19   that time while at Apple?

20        A.  Sorry, at what time?

21        Q.  September 6 of 2006.  If you want to see --

22   the related patent application data in item 60 has a

23   list of provisionals, the earliest one being

24   September 6, 2006.

25        A.  Where is that?

Highly Confidential - Attorneys' Eyes Only

Page 92

1          MR. CHEN:  Counsel, can I point it out?

2          MS. FERNANDS:  Feel free.  Yes.

3          THE WITNESS:  Oh, right there.  Okay.

4          All right.  What was I working on then?

5   Don't remember.

6   BY MS. FERNANDS:

7       Q.  Do you recall the status of the iPhone UI

8   development as of September 6, 2006?

9          MR. LO:  Objection; vague.

10          THE WITNESS:  It was halfway done.

11   BY MS. FERNANDS:

12       Q.  Do you recall the status of the UI

13   development for the missed call list as of September

14   of 2006?

15          MR. LO:  Objection; vague.

16          THE WITNESS:  No, I don't.

17   BY MS. FERNANDS:

18       Q.  What about for the contact card as of that

19   time?

20       A.  I don't remember.

21       Q.  Did you ever have any contact with

22   Apple's -- and this is a "yes" or "no."  I'm not

23   asking for communications.

24          Did you have any contact with Apple's

25   patent counsel in connection with the prosecution of

Highly Confidential - Attorneys' Eyes Only

Page 93

1    the '760 patent?

2        A.  I -- probably.  I don't remember.

3        Q.  You don't recall any communications with

4    Apple's patent counsel regarding --

5        A.  I mean, I must have, so, yes, to sign it.

6        Q.  Again, "yes" or "no," do you recall any

7    specific communications with Apple's patent counsel

8    in connection with the prosecution of the '760

9    patent?

10       A.  No.

11       Q.  Did you review the specification for the

12   '760 patent before the patent application was filed?

13       A.  I don't recall.  I assume I did, because I

14   did that with the patents that were filed.

15       Q.  You just don't recall specifically as to

16   this one?

17       A.  Correct.

18       Q.  After the application was filed, did you

19   have any role in the prosecution of the patent?

20           MS. CAPPELLA:  Objection; vague.

21           THE WITNESS:  No.  I don't know what that

22   means.

23   BY MS. FERNANDS:

24       Q.  While the patent application was before the

25   Patent Office, were you consulted -- again, "yes" or

Highly Confidential - Attorneys' Eyes Only

Page 94

1    "no" -- were you consulted by any Apple attorneys in

2    connection with their prosecution of the patent?

3         A.  No.

4         Q.  Were you shown any materials that the

5    Patent Office issued in connection with the

6    prosecution of the patent before the patent issued?

7         A.  No.

8         Q.  Are you familiar with the term "prior art"?

9         A.  Yes.

10        Q.  Okay.  What is your understanding of prior

11   art?

12        A.  It's like an invention that came before

13   another invention that might be related or similar.

14        Q.  So if we roughly go with, you know, work in

15   the same field that came before for prior art, can

16   we use that as a working definition?

17        A.  Sure.

18        Q.  Do you recall being asked to collect any

19   prior art that -- in your possession in connection

20   with the prosecution of the '760 patent?

21        A.  I don't recall.

22        Q.  Did you -- do you recall ever having

23   conducted a search for any prior art to the '760

24   patent?

25        A.  I don't recall, no.

Highly Confidential - Attorneys' Eyes Only

Page 95

1          Q.  Did you receive notification from Apple

2     when the '760 patent issued in September of 2011?

3          A.  I don't recall.

4          Q.  Have you received notification from Apple

5     as to any patents issuing with you as a named

6     inventor since then, any Apple patents?

7          A.  Yes, I have.

8          Q.  Which ones were those?

9          A.  I don't remember specifically.

10         Q.  But you remember that since 2011, you've

11    received notifications of patents issued --

12         A.  Oh, since 2011?  I don't remember

13    specifically if it was before 2011.

14         Q.  When you started working at Apple in 2005,

15    is that the first time you worked on UI for a

16    telephone?

17         A.  Yes.

18         Q.  Had you worked on UI for any other portable

19    devices before then?

20         A.  No.

21         Q.  When you started working with Apple, did

22    you attend any conferences or -- well, let's just

23    start with did you attend any conferences concerning

24    the technology for telephones or portable devices?

25         A.  No.

Highly Confidential - Attorneys' Eyes Only

Page 106

1    STATE OF CALIFORNIA   )

2              :ss

3    COUNTY OF SAN MATEO   )

4         I, CYNTHIA MANNING, a Certified Shorthand

5    Reporter of the State of California, do hereby

6    certify:

7         That the foregoing proceedings were taken

8    before me at the time and place herein set forth;

9    that any witnesses in the foregoing proceedings,

10   prior to testifying, were placed under oath; that a

11   verbatim record of the proceedings was made by me

12   using machine shorthand which was thereafter

13   transcribed under my direction; further, that the

14   foregoing is an accurate transcription thereof.

15        I further certify that I am neither

16   financially interested in the action, nor a relative

17   or employee of any attorney of any of the parties.

18

19        IN WITNESS WHEREOF, I have subscribed my

20   name this 24th day of January 2013.

21

22

                    _____

23             CYNTHIA MANNING, CSR No. 7645, CCRR, CLR

24

25

# Exhibit H
# Filed Publicly Pursuant To Court Order [Dkt. No. 1415]

# CASES:

## *Apple, Inc. vs. Samsung Electronics Co., et al. AND Motorola Mobility, LLC  vs. Apple, Inc.*

_____

## *Scott Herz*

### *March 14, 2013*

_____

## **HIGHLY CONFIDENTIAL**
## *Attorneys' Eyes Only*

**MERRILL CORPORATION**

**LegaLink, Inc.**

311 South Wacker Drive
Suite 300
Chicago, IL 60606
Phone: 312.386.2000
Fax: 312.386.2275

Highly Confidential - Attorneys' Eyes Only
Scott Herz      March 14, 2013

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

--oOo--

| | |
|---|---|
| APPLE INC., A CALIFORNIA CORPORATION, | ) ) ) |
| Plaintiff, | )CASE NO. ) 12-CV-00630-LHK |
| vs. | ) (PSG) ) |
| SAMSUNG ELECTRONICS CO., LTD., A KOREAN CORPORATION; SAMSUNG ELECTRONICS AMERICA, INC., A NEW YORK CORPORATION; AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, A DELAWARE LIMITED LIABILITY COMPANY, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

** HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY **

VIDEOTAPED DEPOSITION OF

SCOTT HERZ

-----------------------------------

Thursday, March 14, 2013

REPORTED BY:  MEGAN F. ALVAREZ, RPR, CSR 12470

Highly Confidential - Attorneys' Eyes Only
Scott Herz    March 14, 2013

Page 2

1                   UNITED STATES DISTRICT COURT

2                   SOUTHERN DISTRICT OF FLORIDA

3                         --o0o--

4    MOTOROLA MOBILITY LLC,            )
                                       )
5                   Plaintiff,    )CASE NO.
                                  ) 1:12-20271-RNS-TEB
6         vs.                     )
                                  )
7    APPLE INC.,                  )
                                  )
8                   Defendant.    )
     _____)

9

10      ** HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY **

11                VIDEOTAPED DEPOSITION OF

12                     SCOTT HERZ

13      ------------------------------------

14             Thursday, March 14, 2013

15

16

17

18

19    REPORTED BY:  MEGAN F. ALVAREZ, RPR, CSR 12470

20    (2003-449125)

21

22

23

24

25

Highly Confidential - Attorneys' Eyes Only
Scott Herz    March 14, 2013

1            BE IT REMEMBERED THAT, pursuant to Notice, and

2    on Thursday, March 14, 2013, commencing at Gibson Dunn,

3    1881 Page Mill Road, Palo Alto, California, before me,

4    Megan F. Alvarez, a Certified Shorthand Reporter,

5    Registered Professional Reporter, personally appeared

6                         SCOTT HERZ

7                    _____

8    a witness in the above-entitled court case, called by

9    Defendants, who, having been first duly sworn, was

10   examined and testified in said cause.

11   APPEARANCES FOR APPLE INC. v SAMSUNG ELECTRONICS:

12

13   FOR THE PLAINTIFF AND SCOTT HERZ:

14            BRIAN M. BUROKER, ESQ.
             GIBSON DUNN & CRUTCHER
15           1050 CONNECTICUT AVENUE, N.W.
             WASHINGTON, D.C. 20036-5306
16           202.955.8500
             BBUROKER@GIBSONDUNN.COM
17

18   FOR DEFENDANTS SAMSUNG ELECTRONICS COMPANY, LTD.,
     SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG
19   TELECOMMUNICATIONS AMERICA, LLC:

20            ANASTASIA FERNANDS, ESQ.
             QUINN EMANUEL URQUHART & SULLIVAN
21           51 MADISON AVENUE, 22ND FLOOR
             NEW YORK, NEW YORK 10010
22           212.849.7157
             ANASTASIAFERNANDS@QUINNEMANUEL.COM
23

24

25

Highly Confidential - Attorneys' Eyes Only
Scott Herz    March 14, 2013

Page 7

1      APPEARANCES FOR MOTOROLA MOBILITY v APPLE INC.:

2

3      FOR APPLE INC.:

4               ANNA CAPPELLA, ESQ.
                WEIL GOTSHAL & MANGES
5               201 REDWOOD SHORES PARKWAY
                REDWOOD SHORES, CALIFORNIA 94065-1134
6               650.802.3141
                ANNA.CAPPELLA@WEIL.COM
7

8               WENDY ANNA HERBY, ESQ.
                APPLE
9               1 INFINITE LOOP, MS 36-3NYJ
                CUPERTINO, CALIFORNIA 95014
10              408.974.5419
                WHERBY@APPLE.COM
11

12     FOR MOTOROLA MOBILITY LLC:

13              GRAHAM M. PECHENIK, ESQ.
                QUINN EMANUEL
14              50 CALIFORNIA STREET, 22ND FLOOR
                SAN FRANCISCO, CALIFORNIA 94111
15              415.875.6409
                GRAHAMPECHENIK@QUINNEMANUEL.COM
16

17     ALSO PRESENT:

18              WAYNE TIDWELL, VIDEOGRAPHER

19

20                      --o0o--

21

22

23

24

25

Merrill Corporation - Chicago
(312) 386-2000                    www.merrillcorp.com/law

Highly Confidential - Attorneys' Eyes Only
Scott Herz     March 14, 2013

```
 1                    CERTIFICATE OF REPORTER

 2

 3          I, MEGAN F. ALVAREZ, a Certified Shorthand

 4   Reporter, hereby certify that the witness in

 5   the foregoing deposition was by me duly sworn to tell

 6   the truth, the whole truth, and nothing but the truth in

 7   the within-entitled cause;

 8          That said deposition was taken down in

 9   shorthand by me, a disinterested person, at the time and

10   place therein stated, and that the testimony of the said

11   witness was thereafter reduced to typewriting, by

12   computer, under my direction and supervision;

13          That before completion of the deposition,

14   review of the transcript (X) was ( ) was not requested.

15   If requested, any changes made by the deponent (and

16   provided to the reporter) during the period allowed are

17   appended hereto.

18          I further certify that I am not of counsel or

19   attorney for either or any of the parties to the said

20   deposition, nor in any way interested in the event of

21   this cause, and that I am not related to any of the

22   parties thereto.

23          DATED:

24          _____

25          MEGAN F. ALVAREZ, RPR, CSR 12470
```

# Exhibit I
# Filed Publicly Pursuant To Court Order [Dkt. No. 1415]

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 1

1            UNITED STATES DISTRICT COURT              10:22

2            NORTHERN DISTRICT OF CALIFORNIA

3                 SAN JOSE DIVISION

4                      --o0o--

5    APPLE INC., a California
     corporation,

6
                     Plaintiff,
7
                 Vs.                    Case No.

8                                      12-cv-00630-LHK (PSG)

9    SAMSUNG ELECTRONICS CO., LTD.,
     a Korean corporation; SAMSUNG

10   ELECTRONICS AMERICA, INC.,
     a New York corporation; and

11   SAMSUNG TELECOMMUNICATIONS
     AMERICA, LLC, a Delaware

12   limited liability company,

13                   Defendants.
     _____/

14

15     **HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY **

16

               VIDEOTAPED DEPOSITION OF SCOTT FORSTALL
17
                      Palo Alto, California,
18
                      Friday, March 29, 2013
19

20

21

22

23   Job No. CS1637369

     Reported By:  CAROL S. NYGARD

24               California CSR No. 4018

                 Nevada CCR 915

25               Registered Merit Reporter

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 2

1                UNITED STATES DISTRICT COURT

2                SOUTHERN DISTRICT OF FLORIDA

3    MOTOROLA MOBILITY, LLC,

4                 Plaintiff,

5        vs.                          Case No.
                                      1:12-20271-RNS-TEB

6

     APPLE, INC.,

7

                 Defendant.

8    _____/

9

10

11

12

13

14

15       **HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY **

16

             VIDEOTAPED DEPOSITION OF SCOTT FORSTALL

17

                     Palo Alto, California,

18

                   Friday, March 29, 2013

19

20

21

22

23

     Reported By:  CAROL S. NYGARD

24                 California CSR No. 4018

                   Nevada CCR 915

25                 Registered Merit Reporter

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 3

1                          MARCH 29, 2013

2                            10:29 a.m.

3

4          Deposition of SCOTT FORSTALL, taken at Gibson,

5    Dunn & Crutcher, LLP, 1881 Page Mill Road, Palo Alto,

6    California, before Carol S. Nygard, Certified Shorthand

7    Reporter No. 4018, Certified Court Reporter No. 915,

8    Certified Merit Reporter.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 114

1    A.    On this patent I don't think I'll recall who    01:51

2    contributed what specifically in this.    01:51

3    Q.    Okay.  And if I ask you, Mr. Forstall, about    01:51

4    the -- you know, what the other inventors contributed,    01:51

5    so do I understand your answer to say you're not sure    01:51

6    what the others contributed as well?    01:51

7    A.    That's correct.    01:51

8    Q.    Okay.  Can you --    01:51

9         Who came up with the original idea for what    01:51

10   became the 76 patent -- 760 patent?    01:51

11   A.    I don't recall.    01:52

12   Q.    And you don't know when that person came up    01:52

13   with the idea?    01:52

14   A.    I do not.    01:52

15   Q.    Okay.  Can you generally describe for us what    01:52

16   the 760 patent relates to?    01:52

17   A.    It covers a number of things.    01:52

18        One of those is the Recents list in the phone.    01:52

19        When you receive phone calls, you may receive    01:53

20   five, 10 phone calls, you miss three, maybe miss all 10    01:53

21   of them.    01:53

22        There is a -- a UI that lists all those phone    01:53

23   calls and allows you to tap on a portion of the list to    01:53

24   immediately call the person back or tap on an Icon on    01:53

25   the righthand side that will give more information about    01:53

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 172

1         I, CAROL S. NYGARD, a Certified Shorthand

2   Reporter of the State of California, duly authorized to

3   administer oaths, do hereby certify:

4         That the foregoing proceedings were taken

5   before me at the time and place herein set forth; that

6   any witnesses in the foregoing proceedings, prior to

7   testifying, were duly sworn; that a record of the

8   proceedings was made by me using machine shorthand which

9   was thereafter transcribed under my direction; that the

10  foregoing transcript is a true record of the testimony

11  given.

12        Further, that if the foregoing pertains to the

13  original transcript of a deposition in a Federal Case,

14  before completion of the proceedings review of the

15  transcript [ ] was [X] was not requested.

16        I further certify I am neither financially

17  interested in the action nor a relative or employee of

18  any attorney or party to this action.

19        IN WITNESS WHEREOF, I have this date

20  subscribed my name:

21        Dated:

22

23        _____

24        CAROL S. NYGARD CSR #4018

25

# Exhibit J
# Filed Publicly Pursuant To Court Order [Dkt. No. 1415]

Page 1

1                UNITED STATES DISTRICT COURT

2                NORTHERN DISTRICT OF CALIFORNIA

3                     SAN JOSE DIVISION

4

5     APPLE INC., a California
      corporation,

6

                      Plaintiff,

7                                      No. 12-cv-00630-LHK

          vs.                              (PSG)

8

      SAMSUNG ELECTRONICS CO., LTD.,

9     a Korean corporation; SAMSUNG
      ELECTRONICS AMERICA, INC., a

10    New York corporation; and
      SAMSUNG TELECOMMUNICATIONS

11    AMERICA, LLC, a Delaware
      limited liability company,

12

                      Defendants.

13    _____/

14

15

16                    -- CONFIDENTIAL --

17

18        Videotaped deposition of BAS ORDING, taken at the

19        offices of Weil, Gotshal & Manges LLP, 201 Redwood

20        Shores Parkway, Redwood Shores, California,

21        commencing at 9:41 a.m., on Thursday, April 4, 2013,

22        before Leslie Rockwood, RPR, CSR No. 3462.

23

24

25    Pages 1 - 250                    Job No. 1637378

Page 2

1                  UNITED STATES DISTRICT COURT

2                 SOUTHERN DISTRICT OF FLORIDA

3

4     MOTOROLA MOBILITY LLC,

5                  Plaintiff,

6           vs.                      No. 1:12-20271-RNS-TEB

7     APPLE INC.,

8                  Defendant.
      _____/

9

10

                        -- CONFIDENTIAL --

11

12

13        Videotaped deposition of BAS ORDING, taken at the

14        offices of Weil, Gotshal & Manges LLP, 201 Redwood

15        Shores Parkway, Redwood Shores, California,

16        commencing at 9:41 a.m., on Thursday, April 4, 2013,

17        before Leslie Rockwood, RPR, CSR No. 3462.

18

19

20

21

22

23

24

25

Page 57

1          MR. DAVIS:  Same objections.  Plus asked and

2     answered -- oh, I'm sorry.  "Word corrections," it's

3     different.

4          THE WITNESS:  Yeah.  I'm not sure that's covered

5     either so -- or in what way it's covered.

6          Q.  BY MS. DAVIS:  Okay.  So if you will look

7     towards the back of Exhibit 1, the '172 patent, there's

8     columns of text, so if you look at the numbers on the

9     tops of the columns, if you go to column 11.

10         A.  All right.

11         Q.  Got it?

12         A.  Yes.

13         Q.  Okay.  And do you see in column 11 where Claim 1

14    is printed?

15         A.  Yes, I see it.

16         Q.  All right.  If you'll take a -- a moment and

17    read Claim 1 to yourself.

18         A.  (Witness complies.)

19             Okay.

20         Q.  Okay.  So Claim 1 begins with, tell me if I read

21    anything wrong, okay, "A method comprising at a portable

22    electronic device with a touch screen display."

23             Did you invent a portable electronic device with

24    a touch screen display?

25             MR. DAVIS:  Object to form, calls for a legal

Page 58

1    conclusion.

2         THE WITNESS:  I don't think I invented a touch

3    screen display.

4         Q.  BY MS. DAVIS:  Did you invent a portable

5    electronic device with a touch screen display?

6         MR. DAVIS:  Object to form, calls for a legal

7    conclusion.

8         THE WITNESS:  I don't think I did.

9         Q.  BY MS. DAVIS:  The next element, "In a first

10   area of the touch screen display, displaying a current

11   character string being input by a user with the

12   keyboard."

13        Did you invent that?

14        MR. DAVIS:  Object to form, calls for a legal

15   conclusion.

16        THE WITNESS:  Not that specific part.

17        Q.  BY MS. DAVIS:  Okay.  That was known before

18   you -- before you invented the '172 patent?

19        MR. DAVIS:  Object to form, calls for a legal

20   conclusion, incomplete hypothetical.

21        THE WITNESS:  As far as I know, these set of

22   claims are trying to cover the idea that we worked on

23   with regards to the word corrections.

24        Q.  BY MS. DAVIS:  Okay.  But the specific piece,

25   "In a first area of a touch screen display, displaying a

Page 59

1    current character string being input by a user with the

2    keyboard," was known before you worked on the '172

3    patent?

4              MR. DAVIS:  Object to form, calls for a legal

5    conclusion.

6              THE WITNESS:  I don't know.

7         Q.  BY MS. DAVIS:  Okay.  The next piece, "In a

8    second area of the touch screen display that is between

9    the first area and the keyboard, displaying the current

10   character string or a portion thereof and a suggested

11   replacement character string for the current character

12   string on opposite sides of the second area."

13             Did I read that right?

14        A.  Yes.

15             MR. DAVIS:  Objection to form.  The document

16   speaks for itself.

17        Q.  BY MS. DAVIS:  All right.  Did you -- did you

18   invent that?

19             MR. DAVIS:  Object to the form, calls for a

20   legal conclusion.

21             THE WITNESS:  I worked on ideas to have a bar

22   above the keyboard.

23        Q.  BY MS. DAVIS:  Did you invent that particular

24   paragraph in the second area?

25             MR. DAVIS:  Same objections.  Plus asked and

Page 60

1    answered.

2            THE WITNESS:  All I can say is I worked on ideas

3    that are related to the bar that shows word corrections.

4        Q.  BY MS. DAVIS:  So you don't know whether you

5    invented that particular element?

6            MR. DAVIS:  Object to form, calls for a legal

7    conclusion.

8            THE WITNESS:  Like I said before, all I know is

9    I worked on those ideas, and I assume that the patent is

10   covering some of those ideas.

11       Q.  BY MS. DAVIS:  Okay.  The next paragraph, read

12   it to yourself.  It begins with "replacing."

13       A.  (Witness complies.)

14       Q.  Did you invent that?

15           MR. DAVIS:  Object to form, calls for a legal

16   conclusion.

17           THE WITNESS:  Well, I worked on ideas where the

18   spacebar would trigger the correction, so sounds related.

19       Q.  BY MS. DAVIS:  Okay.  When -- when was the first

20   time you had the idea for that paragraph?

21           MR. DAVIS:  Object to form, calls for a legal

22   conclusion.

23           THE WITNESS:  I don't remember when I came up

24   with the idea for the word corrections.

25       Q.  BY MS. DAVIS:  Approximately, when did you come

Page 61

1   up with the idea for replacing the current character

2   string in the first area with suggested replacement

3   character string if the user activates a spacebar key on

4   the keyboard?

5           MR. DAVIS:  Same objections.

6           THE WITNESS:  I don't remember when we were

7   working on -- on that -- that idea.

8       Q.  BY MS. DAVIS:  Okay.  Then the next paragraph:

9   "Replacing the current character string in the first area

10  with the suggested replacement," that paragraph, did you

11  invent that?

12          MR. DAVIS:  Well, just --

13      Q.  BY MS. DAVIS:  When you're done reading.

14          MR. DAVIS:  And -- and just to be clear, the

15  part where you left off --

16          MS. DAVIS:  Yes.

17          MR. DAVIS:  -- is still the same as --

18          MS. DAVIS:  Oh, that was unintentional.

19          MR. DAVIS:  -- as the paragraph --

20          MS. DAVIS:  Let me read the whole thing.

21          MR. DAVIS:  -- before that.

22          MS. DAVIS:  That was not on purpose.  They're

23  long clauses.

24      Q.  "Replacing the current character string in the

25  first area with the suggested replacement character

1  string if the user performs a first gesture on the

2  suggested replacement character string displayed in the

3  second area," that's the paragraph I'm looking at.

4         MR. DAVIS:  Okay.  Object to form, calls for a

5  legal conclusion.

6     Q.  BY MS. DAVIS:  So the question was:  Did you

7  invent that?

8     A.  Well, I worked on ideas for where you see a word

9  suggested in a bar, and you could, like, tap on them, so

10  I assume that's related.

11     Q.  When was the first time that you had -- the

12  earliest date that you had the idea that's cap -- that

13  you believe is captured in that paragraph?

14         MR. DAVIS:  Object to form, calls for a legal

15  conclusion.

16         THE WITNESS:  I don't know.

17     Q.  BY MS. DAVIS:  Can you give a ballpark estimate?

18         MR. DAVIS:  Same objections.

19         THE WITNESS:  Well, it was at some point after

20  2005 -- or during 2005 and before the beginning of 2007

21  that we worked on those ideas, so --

22     Q.  BY MS. DAVIS:  Okay.  Can -- can you remember

23  anymore specifically?

24         MR. DAVIS:  Same objections.

25         THE WITNESS:  I don't remember.

Page 63

1      Q.  BY MS. DAVIS:  Okay.  And then let's look at the

2   last paragraph of Claim 1.  It says, "Keeping the current

3   character string in the first area and adding a space if

4   the user performs a second gesture in the second area on

5   the current character string or the portion thereof

6   displayed in the second area."

7           Did you invent that?

8           MR. DAVIS:  Object to form, calls for a legal

9   conclusion.

10          THE WITNESS:  I'm -- I don't know.  I don't know

11   what some of the words mean, "second gesture" and -- so

12   I'm not sure what that means.

13      Q.  BY MS. DAVIS:  So now considering Claim 1 here

14   as a whole, do you believe that you invented Claim 1?

15          MR. DAVIS:  Object to form, calls for a legal

16   conclusion.

17          THE WITNESS:  I don't know.  All I can say is I

18   worked on ideas that sound related to this, so --

19      Q.  BY MS. DAVIS:  And what were those ideas that

20   sound related to Claim 1?

21          MR. DAVIS:  Object to form and calls for --

22   possibly calls for a legal conclusion.

23          THE WITNESS:  I worked on ideas where there is a

24   bar above the keyboard that has -- that displays words

25   that the user can tap on.  It sounds like it's related,

Page 64

```
 1   so --
 2        Q.  BY MS. DAVIS:  And when did you first start
 3   working on that project you said that this sounds related
 4   to -- this claim sounds related to?
 5             MR. DAVIS:  Object to form, asked and answered.
 6             THE WITNESS:  Yeah.  I believe it was sometime
 7   between 2005 and 2007.
 8        Q.  BY MS. DAVIS:  And, again, can you get anymore
 9   specific?
10        A.  Well, it was probably not in the first part of
11   2005.  I think it was later on.  But other than that, I
12   find it hard to -- to say when.
13        Q.  But no earlier than the second half of 2005?
14             MR. DAVIS:  Object to form.
15             THE WITNESS:  Yeah.  I think if I remember
16   correctly that after the second -- starting the second
17   half of 2005, we bore into details like this.
18        Q.  BY MS. DAVIS:  Okay.  If you'll take a second
19   and read to yourself Claim 2, which is just below Claim
20   1.
21        A.  (Witness complies.)
22             Okay.
23        Q.  And Claim 2 at the top begins with, "A method
24   comprising at a portable electronic device with a touch
25   screen display."
```

Page 249

1   STATE OF CALIFORNIA     ) ss:

2   COUNTY OF MARIN         )

3

4        I, LESLIE ROCKWOOD, CSR NO. 3452, do hereby

5   certify:

6        That the foregoing deposition testimony was

7   taken before me at the time and place therein set forth

8   and at which time the witness was administered the oath;

9        That testimony of the witness and all objections

10   made by counsel at the time of the examination were

11   recorded stenographically by me, and were thereafter

12   transcribed under my direction and supervision, and that

13   the foregoing pages contain a full, true and accurate

14   record of all proceedings and testimony to the best of my

15   skill and ability.

16        I further certify that I am neither counsel for

17   any party to said action, nor am I related to any party

18   to said action, nor am I in any way interested in the

19   outcome thereof.

20        IN WITNESS WHEREOF, I have subscribed my name

21   this 11th day of April, 2013.

22

23

24        _____

25        LESLIE ROCKWOOD, RPR, CSR NO. 3462

# Exhibit K
# Filed Publicly Pursuant To Court Order [Dkt. No. 1415]

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

|  |  |
|---|---|
| APPLE INC., a California corporation,<br><br>      Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>      Defendants. | Civil Action No. 12-CV-00630-LHK (PSG)<br><br>**APPLE INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>      Counterclaim-Plaintiffs,<br><br>   v.<br><br>APPLE INC., a California corporation,<br><br>      Counterclaim-Defendant. |  |

1

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES (NOS. 2, 3, 7, 10, 21, AND 24)**

2

3          Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule

4    33, Apple Inc. ("Apple") hereby provides its supplemental responses to Interrogatory Nos. 2,

5    3, 7, 10, 21, and 24 served by Samsung Electronics Co., Ltd., Samsung Electronics America,

6    Inc., and Samsung Telecommunications America LLC (collectively, "Samsung") on

7    September 25, 2012.  These responses are based on information reasonably available to

8    Apple at the present time.  Apple reserves the right to continue discovery and investigation

9    into this matter and reserves the right to amend and supplement these responses when and if

10   additional information becomes available.  Apple's objections as set forth herein are made

11   without prejudice to Apple's right to assert any additional or supplemental objections

12   pursuant to Rule 26(e).

13                              **GENERAL OBJECTIONS**

14          The General Objections set forth in Apple Inc.'s Objections and Responses to

15   Samsung's First Set of Interrogatories, served on November 8, 2012, are incorporated herein

16   by reference.

17              **OBJECTIONS AND RESPONSES TO INTERROGATORIES**

18          Subject to the foregoing qualifications and General Objections and the specific

19   objections made below, Apple objects and responds to Samsung's First Set of Interrogatories

20   as follows:

21   **INTERROGATORY NO. 2:**

22          Separately for each claim of the APPLE PATENTS that APPLE contends

23   SAMSUNG has infringed or is infringing, describe in detail all facts relevant to the

24   conception of that claimed invention, including without limitation: the date of conception, the

25   name of each person who contributed to the conception, the specific contribution made by

26

27

28

-1-

1   each such person to the claimed invention, how these persons arrived at their claimed

2   invention, and the identity of all documents (by Bates numbers) relating to such conception.

3   **RESPONSE TO INTERROGATORY NO. 2:**

4     Apple objects to this Interrogatory as overly broad, unduly burdensome, vague,

5   ambiguous, and as not reasonably calculated to lead to the discovery of admissible evidence,

6   including but not limited to its use of the phrase "how these persons arrived at their claimed

7   invention."  Apple still further objects to this Interrogatory on the grounds and to the extent it

8   is compound and comprises discrete subparts resulting in separate interrogatories, seeks a

9   legal conclusion, and seeks expert opinion.

10     Subject to the foregoing General and Specific Objections, Apple responds as follows:

11     U.S. Patent No. 5,666,502

12     Apple is informed and believes that the inventions recited in claims 1-2, 4-5, 8, 11,

13   13-17, 20, 22-24 and 26 of the '502 patent were conceived of by Stephen Capps no later than

14   August 7, 1995.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d),

15   Apple has produced and/or will produce documents responsive to this Interrogatory, and the

16   burden of ascertaining the answer to this Interrogatory from the produced documents is

17   substantially the same for Apple as for Samsung.  Apple refers to such documents including

18   those identified by bates number in Apple's Local Patent Rules Disclosures served on June

19   15, 2012.

20     U.S. Patent No. 5,946,647

21     Apple is informed and believes that the inventions recited in claims 1-2, 4, 6 and 8-9

22   of the '647 patent were conceived of by James R. Miller, Thomas Bonura, Bonnie Nardi, and

23   David Wright no later than September 25, 1994.  Furthermore, in accordance with Federal

24   Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents

25   responsive to this Interrogatory, and the burden of ascertaining the answer to this

26   Interrogatory from the produced documents is substantially the same for Apple as for

27

28

-2-

Samsung.  Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

U.S. Patent No. 6,847,959

Apple is informed and believes that the inventions recited in claims 1-5, 9-12, 14-17, 19-20, 22-25, 27-30 and 32-33 of the '959 patent were conceived of by Yan Arrouye and Keith Mortensen no later than January 5, 2000.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung.  Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

U.S. Patent No. 7,761,414

Apple is informed and believes that the inventions recited in claims 1-2, 4, 6-7, 10-12, 14, 16-17, 20-24, 26-28 and 30-32 of the '414 patent were conceived of by Gordon J. Freedman no later than January 7, 2007.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung.  Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

U.S. Patent No. 8,014,760

Apple is informed and believes that the inventions recited in claims 1-5 and 7-22 of the '760 patent were conceived of by Scott Forstall, Greg Christie, Scott Herz, Imran Chaudhri, Michael Matas, Marcel Van Os, and Stephen O. Lemay no later than September 6, 2006.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of

-3-

ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung.  Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

U.S. Patent No. 8,046,721

Apple is informed and believes that the inventions recited in claims 1-15 of the '721 patent were conceived of by Imran Chaudhri, Bas Ording, Freddy Allen Anzures, Marcel Van Os, Stephen O. Lemay, Scott Forstall, and Greg Christie no later than January 19, 2005. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung.  Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

U.S. Patent No. 8,074,172

Apple is informed and believes that the inventions recited in claims 2-6, 9-12, 17-21, 23-25, 27-37 of the '172 patent were conceived of by Kenneth Kocienda and Bas Ording no later than January 5, 2007.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung.  Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

U.S. Patent No. 8,086,604

Apple is informed and believes that the inventions recited in claims 1, 6, 11 and 16-21 of the '604 patent were conceived of by Yan Arrouye and Keith Mortensen no later than

-4-

1   January 5, 2000.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d),

2   Apple has produced and/or will produce documents responsive to this Interrogatory, and the

3   burden of ascertaining the answer to this Interrogatory from the produced documents is

4   substantially the same for Apple as for Samsung.  Apple refers to such documents including

5   those identified by bates number in Apple's Local Patent Rules Disclosures served on June

6   15, 2012.

7        Discovery is still in its early stages and Apple is continuing to investigate.  Apple

8   reserves the right to supplement and/or amend its response as appropriate.

9   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

10       Subject to and incorporating its General Objections and its Specific Objections from

11  Apple Inc.'s Objections and Responses to Samsung's First Set of Interrogatories with regard

12  to Samsung's Interrogatory No. 2, Apple provides the following supplemental response:

13       U.S. Patent No. 5,666,502

14       Apple is informed and believes that the inventions recited in claims 1-2, 4-5, 8, 11,

15  13-17, 20, 22-24 and 26 of the '502 patent were conceived of by Stephen Capps no later than

16  December 21, 1994.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d),

17  Apple has produced and/or will produce documents responsive to this Interrogatory, and the

18  burden of ascertaining the answer to this Interrogatory from the produced documents is

19  substantially the same for Apple as for Samsung.  Apple refers to such documents including

20  those identified by bates number in Apple's Local Patent Rules Disclosures served on June

21  15, 2012; the December 7, 2012 deposition of Stephen Capps; APLNDC630-0000199426;

22  APLNDC630-0000199430; APLNDC630-0000199431; APLNDC630-0000199437-44;

23  APLNDC630-0000199445; APLNDC630-0000199446-51; APLNDC630-0000199452;

24  APLNDC630-0000199453; APLNDC630-0000199459-63; APLNDC630-0000199464;

25

26

27

28

-5-

1   APLNDC630-0000199465-7; APLNDC630-0000199468; APLNDC630-0000199470[1];

2   CAPPS00002508-9; CAPPS00002513; CAPPS00002514; CAPPS00002520-7;

3   CAPPS00002528-9; CAPPS00002530-5; CAPPS00002536-8; CAPPS00002539;

4   CAPPS00002545-9; CAPPS00002550-7; CAPPS00002558-60; CAPPS00002561-2;

5   CAPPS00002564;APLNDC630-0000280437-1826; APLNDC630-0000279495-80436;

6   APLNDC630-0000241265-2202; APLNDC630-0000202282-342; APLNDC630-

7   0000199535-52; APLNDC630-0000434889-5299; APLNDC630-0000435300-6237;

8   APLNDC630-0000436238-7124; APLNDC630-0000439040-109; APLNDC630-

9   0000439110-276; APLNDC630-0000439277-583; APLNDC630-0000439584-994;

10   APLNDC630-0000439995-40881; source code at /Volumes/Source/Samsung630/333-

11   Newton2.0ROMSources/Box9398-000166L/Newt MP120US-2.0 ROM Src/Source +

12   Objects/Products/Newt/Soup/ made available to Samsung on or about June 2012.

13          U.S. Patent No. 5,946,647

14          Apple is informed and believes that the inventions recited in claims 1-2, 4, 6 and 8-9

15   of the '647 patent were conceived of by James R. Miller, Thomas Bonura, Bonnie Nardi, and

16   David Wright no later than September 25, 1994.  Furthermore, in accordance with Federal

17   Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents

18   responsive to this Interrogatory, and the burden of ascertaining the answer to this

19   Interrogatory from the produced documents is substantially the same for Apple as for

20   Samsung.  Apple refers to such documents including those identified by bates number in

21   Apple's Local Patent Rules Disclosures served on June 15, 2012.  Additional information

22   relevant to this interrogatory may be found in the transcripts of the April 6, 2012 and

23   November 13, 2012 depositions of David Wright, the December 11, 2012 deposition of

24   Thomas Bonura, and the January 17, 2013 deposition of Bonnie Nardi.

25

26   _____

[1]  The following documents with bates numbers bearing CAPPS prefixes are duplicates of the preceding
27   documents.  These documents were re-produced and re-numbered with bates numbers bearing the CAPPS
     prefix.

-6-

28

U.S. Patent No. 6,847,959

Apple is informed and believes that the inventions recited in claims 1-5, 9-12, 14-17, 19-20, 22-25, 27-30 and 32-33 of the '959 patent were conceived of by Yan Arrouye and Keith Mortensen no later than January 5, 2000.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung.  Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

U.S. Patent No. 7,761,414

Apple is informed and believes that the inventions recited in claims 1-2, 4, 6-7, 10-12, 14, 16-17, 20-24, 26-28 and 30-32 of the '414 patent were conceived of by Gordon J. Freedman no later than February 24, 2006.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung.  Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012; the January 16 & 17, 2013 Deposition of Gordon Freedman; APLNDC630-0000163542-43; APLNDC630-0000163544-47; APLNDC630-0000163548-50; APLNDC630-0000163551-52; APLNDC630-0000163553; APLNDC630-0000163585; APLNDC630-0000163586-89; APLNDC630-0000163592-93; APLNDC630-0000163595-97; APLNDC630-0000163602-03; APLNDC630-0000163604-05; APLNDC630-0000163606; APLNDC630-0000163607-08; APLNDC630-0000163611-12; APLNDC630-0000163613-16; APLNDC630-0000163621-25; APLNDC630-0000163626-37; APLNDC630-0000163638-40; APLNDC630-0000163641-42; APLNDC630-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY       Case No. 12-CV-00630-LHK (PSG)

APPLE'S SECOND SUPPLEMENTAL RESPONSE
TO SAMSUNG'S FIRST SET OF INTERROGATORIES

1  0000163643; APLNDC630-0000191107-08; APLNDC630-0000191110; APLNDC630-

2  0000191115-16; APLNDC630-0000191182.

3      U.S. Patent No. 8,014,760

4      Apple is informed and believes that the inventions recited in claims 1-5 and 7-22 of

5  the '760 patent were conceived of by Scott Forstall, Greg Christie, Scott Herz, Imran

6  Chaudhri, Michael Matas, Marcel Van Os, and Stephen O. Lemay no later than March 3,

7  2005.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has

8  produced and/or will produce documents responsive to this Interrogatory, and the burden of

9  ascertaining the answer to this Interrogatory from the produced documents is substantially

10 the same for Apple as for Samsung.  Apple refers to such documents including those

11 identified by bates number in Apple's Local Patent Rules Disclosures served on June 15,

12 2012; the January 24, 2013 deposition of Michael Matas; the March 14, 2013 deposition of

13 Scott Herz; the March 29, 2013 deposition of Scott Forstall; APL-ITC796-0000199274;

14 APLNDC630-0000015446; APLNDC630-0000350619; APLNDC630-000250015-18;

15 APLNDC0000018883-908; APLNDC630-0000164515; APLNDC630-0000165889;

16 APLNDC630-0000167290; Director files that have been made available to Samsung for

17 inspection including at least Speed Dial (touch) 5.dir.

18     U.S. Patent No. 8,046,721

19     Apple is informed and believes that the inventions recited in claims 1-15 of the '721

20 patent were conceived of by Imran Chaudhri, Bas Ording, Freddy Allen Anzures, Marcel

21 Van Os, Scott Forstall, and Greg Christie no later than January 19, 2005.  Furthermore, in

22 accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will

23 produce documents responsive to this Interrogatory, and the burden of ascertaining the

24 answer to this Interrogatory from the produced documents is substantially the same for Apple

25 as for Samsung.  Apple refers to such documents including those identified by bates number

26 in Apple's Local Patent Rules Disclosures served on June 15, 2012; the April 20, 2012

27

28

-8-

1    deposition of Greg Christie; the March 29, 2013 deposition of Scott Forstall; the April 4,

2    2013 deposition of Bas Ording; APLNDC630-0000021220-21; APLNDC630-0000021238;

3    APLNDC630-0000030061; APLNDC630-0000021248; APLNDC630-0000021251;

4    APLNDC630-0000021252; APLNDC630-0000021255; APLNDC630-0000015446;

5    APLNDC630-0000015450; APLNDC630-0000121850; APL7940012640132l; Director files

6    that have been made available to Samsung for inspection including at least slider 03.dir.

7         U.S. Patent No. 8,074,172

8         Apple is informed and believes that the inventions recited in claims 2-6, 9-12, 17-21,

9    23-25, 27-37 of the '172 patent were conceived of by Kenneth Kocienda and Bas Ording no

10   later than April 14, 2006.  Furthermore, in accordance with Federal Rule of Civil Procedure

11   33(d), Apple has produced and/or will produce documents responsive to this Interrogatory,

12   and the burden of ascertaining the answer to this Interrogatory from the produced documents

13   is substantially the same for Apple as for Samsung.  Apple refers to such documents

14   including those identified by bates number in Apple's Local Patent Rules Disclosures served

15   on June 15, 2012; the April 4, 2013 deposition of Bas Ording; the April 13, 2012 deposition

16   of Kenneth Kocienda; APLNDC630-0000149267; APLNDC630-0000024778-80;

17   APLNDC630-0000024781-83; APLNDC0001334519-20; APLNDC630-0000024784-86;

18   Director files that have been made available to Samsung for inspection including at least

19   word correct 01.dir.

20        U.S. Patent No. 8,086,604

21        Apple is informed and believes that the inventions recited in claims 1, 6, 11 and 16-

22   21 of the '604 patent were conceived of by Yan Arrouye and Keith Mortensen no later than

23   January 5, 2000.  Furthermore, in accordance with Federal Rule of Civil Procedure 33(d),

24   Apple has produced and/or will produce documents responsive to this Interrogatory, and the

25   burden of ascertaining the answer to this Interrogatory from the produced documents is

26   substantially the same for Apple as for Samsung.  Apple refers to such documents including

27

28

-9-

1 those identified by bates number in Apple's Local Patent Rules Disclosures served on June

2 15, 2012.

3      Discovery is ongoing and Apple is continuing to investigate.  Apple reserves the right

4 to supplement and/or amend its response as appropriate.

5 **INTERROGATORY NO. 3:**

6      Separately for each claim of the APPLE PATENTS that APPLE contends

7 SAMSUNG has infringed or is infringing, describe in detail all facts relevant to the first

8 reduction to practice of that claimed invention, including without limitation: the date of the

9 first reduction to practice, the name of each person who contributed to the reduction to

10 practice, the nature of each person's contribution, all facts and circumstances relating to any

11 alleged diligence between the asserted conception and reduction to practice dates, the identity

12 of each person with knowledge of such diligence, the nature of each person's participation,

13 involvement, and/or contribution to the diligence in reduction to practice, and the identity of

14 all documents (by Bates numbers) relating to such diligence and reduction to practice.

15 **RESPONSE TO INTERROGATORY NO. 3:**

16      Apple objects to this Interrogatory as overly broad, unduly burdensome, vague,

17 ambiguous, and as not reasonably calculated to lead to the discovery of admissible evidence,

18 including but not limited to its use of the terms "nature," "any alleged diligence between the

19 asserted conception and reduction to practice dates," and "participation, involvement, and/or

20 contribution."  Apple still further objects to this Interrogatory on the grounds and to the

21 extent it is compound and comprises discrete subparts resulting in separate interrogatories,

22 seeks a legal conclusion, and seeks expert opinion.

23      Subject to the foregoing General and Specific Objections, Apple responds as follows:

24 U.S. Patent No. 5,666,502

25      Apple is informed and believes that the inventions recited in claims 1-2, 4-5, 8, 11,

26 13-17, 20, 22-24 and 26 of the '502 patent were reduced to practice no later than August 7,

27

28

-10-

1

2

3  Dated:  April 10, 2013                           By:   */s/ H. Mark Lyon*

4                                                   _____
                                                    JOSH A. KREVITT (CA SBN 208552)
5                                                   jkrevitt@gibsondunn.com
                                                    H. MARK LYON (CA SBN 162061)
6                                                   mlyon@gibsondunn.com
                                                    GIBSON, DUNN & CRUTCHER LLP
7                                                   1881 Page Mill Road
                                                    Palo Alto, California 94304-1211
8                                                   Telephone: (650) 849-5300
                                                    Facsimile: (650) 849-5333
9
                                                    HAROLD J. MCELHINNY (CA SBN 66781)
10                                                  hmcelhinny@mofo.com
                                                    MICHAEL A. JACOBS (CA SBN 111664)
11                                                  mjacobs@mofo.com
                                                    RICHARD S.J. HUNG (CA SBN 197425)
12                                                  rhung@mofo.com
                                                    MORRISON & FOERSTER LLP
13                                                  425 Market Street
                                                    San Francisco, California  94105-2482
14                                                  Telephone:  (415) 268-7000
                                                    Facsimile:  (415) 268-7522
15
                                                    MARK D. SELWYN (SBN 244180)
16                                                  (mark.selwyn@wilmerhale.com)
                                                    WILMER CUTLER PICKERING
17                                                    HALE AND DORR LLP
                                                    950 Page Mill Road
18                                                  Palo Alto, California 94304
                                                    Telephone:  (650) 858-6000
19                                                  Facsimile:  (650) 858-6100

20                                                  WILLIAM F. LEE (admitted *pro hac vice*)
                                                    (william.lee@wilmerhale.com)
21                                                  WILMER CUTLER PICKERING
                                                      HALE AND DORR LLP
22                                                  60 State Street
                                                    Boston, Massachusetts 02109
23                                                  Telephone:  (617) 526-6000
                                                    Facsimile:  (617) 526-5000
24
25                                                  ***Attorneys for Plaintiff and Counterclaim-
                                                    Defendant Apple Inc.***
26

27                                     -35-

28

1    I, Heather J. Fischer, hereby certify that on this 10th day of April, 2013, I did cause

2  the following documents to be served in the following manner:

3  **APPLE INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES**

4

5    On the interested parties in this action addressed as follows:

6  **ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

7

8  William Price
   Victoria F. Maroulis                    John M. Caracappa

9  Charles K. Verhoeven                    Huan-Yi Lin
   Michael Fazio                          Michael Heimbold

10 Kevin A. Smith                          **Steptoe & Johnson LLP**
   Kevin P.B. Johnson                      1330 Connecticut Avenue, NW

11 Amar Thakur                             Washington, DC 20036
   **Quinn Emanuel Urquart & Sullivan, LLP**  Telephone: (202) 429-3000

12 555 Twin Dolphin Drive, 5th Floor       jcaracappa@steptoe.com
   Redwood Shores, California  94065       hlin@steptoe.com

13 Telephone: (650) 801-5000               mheimbold@steptoe.com
   williamprice@quinnemanuel.com

14 victoriamaroulis@quinnemanuel.com
   kevinjohnson@quinnemanuel.com

15 charlesverhoeven@quinnemanuel.com
   kevinsmith@quinnemanuel.com

16 michaelfazio@quinnemanuel.com
   amarthakur@quinnemanuel.com

17

18 **X**    **BY ELECTRONIC MAIL TRANSMISSION** from hfischer@gibsondunn.com, by
            transmitting PDF copies of such documents to each such person identified above, at

19          the e-mail address listed in their addresses.  The documents were transmitted by
            electronic transmission and such transmission was reported as complete and without

20          error.

21          I declare that I am employed in the office of a member of the bar of this Court at whose
            direction the service was made.

22          Executed on April 10, 2013 in Palo Alto, CA.

23 Dated:   April 10, 2013              *Heather J. Fischer*

24                                       Heather J. Fischer
                                         Gibson, Dunn & Crutcher

25                                       1881 Page Mill Road
                                         Palo Alto, CA 94304

26                                       (650) 849-5300

27

28