# Samsungs Response to Apples Notice of Joinder In Motion For Protective Order By Nokia Filed Publicly Pursuant To Court Order [Dkt. No. 1415]

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S RESPONSE TO APPLE'S NOTICE OF JOINDER IN MOTION FOR PROTECTIVE ORDER BY NOKIA CORPORATION**<br><br>**FILED UNDER SEAL** |

**Samsung's Response to Apple's Notice of Joinder**

On July 1, 2013, Nokia filed a Motion for Protective Order in which it asserted that confidential financial information concerning Nokia's licensing agreement with Apple had been provided to Samsung's employees.  According to Nokia's motion, Samsung allegedly referenced that information in the context of license negotiations with Nokia and claimed that it had become public through leaks.  Nokia sought an order prohibiting Apple from producing Nokia's confidential information in this case and other relief.  Samsung has been working with Nokia to resolve the issues raised in its motion for the past two weeks, and Samsung and Nokia agreed to extend the deadline for Samsung's opposition from July 15 to August 19.  On August 16, more than six weeks after Nokia filed its motion and just one business day before Samsung's opposition would be due, Apple filed a purported "notice of joinder" in Nokia's motion (the "Notice").  On August 18, Samsung and Nokia filed a stipulation through which Nokia withdrew its motion.

Samsung opposes this improper purported joinder, which in fact merits no consideration and should be stricken.  The filing of a joinder represents a party's agreement with another's party's arguments and requests for relief.  Far from being a mere joinder, Apple's Notice makes *new* arguments and requests *new* relief, not set forth in Nokia's motion.  While Nokia's motion is premised on Samsung's alleged use of confidential information in the course of license negotiations between Samsung and *Nokia*, Notice at 2 (Apple acknowledging as much), Apple's Notice is based on an entirely new and hypothetical argument that Samsung "could use" confidential information in the course of negotiations between Samsung and *Apple*, *id*.  Likewise, Apple does not seek the same relief as Nokia.  The primary relief Nokia sought was an order precluding *Apple* from producing Nokia's confidential information.  Nowhere does Apple join in that request for entry of an order against Apple.  Instead, Apple demands two new forms of relief that Nokia did not seek—(i) an order that "Apple need not produce any further documentation to Samsung that includes confidential information related to the Nokia-Apple license or the negotiations therefor," and (ii) an order requiring Samsung to "forensically preserve and return all copies of any documents (including internal Samsung emails) that contain the confidential information about the Apple-Nokia license that was illegitimately obtained."  *Id*.

1    Apple's request for new relief against Samsung based on new arguments simply is not a
2 joinder—it is an improper motion for relief that was filed in violation of the the Rules and this
3 Court's requirements.  A party seeking affirmative relief in its own right must comply with this
4 Court's notice requirements, and a purported joinder that seeks new relief is ineffective where it
5 fails to do so.  *See LiveOps, Inc. v. Teleo, Inc*., 2006 WL 83058, *1 n.2 (N.D. Cal. Jan. 9, 2006)
6 (striking portions of joinder request that raised new substantive issues because such issues were
7 not filed 35 days in advance of hearing date).  Far from complying with the statutory notice
8 requirements, Apple filed its Notice seeking new relief a month *after* the original due date for
9 Samsung's opposition to Nokia's motion, and just one business day before the extended due date.
10 Samsung plainly should not be required to oppose the significant, costly relief that Apple seeks on
11 such an expedited basis, and Apple makes no argument to the contrary.  Moreover, Apple never
12 even met and conferred on the relief it seeks, which violates this Court's rules requiring a lead
13 counsel meet and confer before the filing of any discovery motion.  *See*, *e.g.*, Case No. 11-1846
14 Dkt. No. 187 at 1:23-24; Case No. 11-1846 Dkt. No. 537 at 1-2 (denying Apple's request for
15 discovery relief because of Apple's failure to meet and confer); Case No. 11-1846 Dkt. No. 811 at
16 1-2 (declining to provide relief from meet and confer requirement).  No authority allows Apple to
17 violate the rules governing how a party may seek relief in the manner it attempts here through its
18 improper purported joinder.

19    Finally, even if Apple's purported "joinder" in Nokia's motion were proper, it can have no
20 effect now that *Nokia has withdrawn the motion in which Apple seeks to join*.  Because Nokia's
21 motion has been fully and finally resolved as a result of Nokia's withdrawal, Apple's attempt to
22 join in Nokia's motion is moot.  *See*, *e.g*., *Jones v. Deutsche Bank AG*, 2005 WL 2007892, *2
23 (N.D. Cal. 12, 2005) (denying joinder motion as moot after denying underlying motion); *One
24 Beacon Ins. Co. v. T. Wade Welch & Assoc.*, 2012 WL 1231750, *6 (S.D. Tex. Apr. 12, 2012)
25 (similar).

26    Apple has stated that it intends to bring motions against Samsung in its own right relating
27 to Samsung's alleged improper disclosures.  Apple can seek the relief it seeks in its purported
28 joinder through such motions if it wishes to do so.  But Apple cannot circumvent the Rules and

1  this Court's requirements, which is what its Notice seeks to do.   Apple's Notice should be
2  stricken and disregarded.   In the alternative, if the Court is inclined to permit Apple to seek relief
3  based upon the arguments raised in Nokia's motion, then the Court should provide Samsung with
4  14 days to submit a substantive opposition brief that addresses Apple's arguments.

## Conclusion

6      For the foregoing reasons, Samsung respectfully requests that the Court strike Apple's
7  purported Notice of Joinder in Nokia's motion for protective order, take the hearing on the motion
8  off-calendar, and deny any request for relief asserted by Apple through its request to join in the
9  motion.

11  DATED:   August 19, 2013        Respectfully submitted,

        QUINN EMANUEL URQUHART &
        SULLIVAN, LLP


        By */s/ Michael L. Fazio*
           Charles K. Verhoeven
           Kevin P.B. Johnson
           Victoria F. Maroulis
           William C. Price
           Michael L. Fazio

           Attorneys for SAMSUNG ELECTRONICS
           CO., LTD., SAMSUNG ELECTRONICS
           AMERICA, INC. and SAMSUNG
           TELECOMMUNICATIONS AMERICA, LLC