| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | WILLIAM F. LEE (*pro hac vice*) |
| jkrevitt@gibsondunn.com | william.lee@wilmerhale.com |
| H. MARK LYON (CA SBN 162061) | WILMER CUTLER PICKERING |
| mlyon@gibsondunn.com |   HALE AND DORR LLP |
| GIBSON, DUNN & CRUTCHER LLP | 60 State Street |
| 1881 Page Mill Road | Boston, Massachusetts 02109 |
| Palo Alto, California 94304-1211 | Telephone: (617) 526-6000 |
| Telephone: (650) 849-5300 | Facsimile: (617) 526-5000 |
| Facsimile: (650) 849-5333 | |
| | |
| MICHAEL A. JACOBS (CA SBN 111664) | MARK D. SELWYN (CA SBN 244180) |
| mjacobs@mofo.com | mark.selwyn@wilmerhale.com |
| RICHARD S.J. HUNG (CA SBN 197425) | WILMER CUTLER PICKERING |
| rhung@mofo.com |   HALE AND DORR LLP |
| MORRISON & FOERSTER LLP | 950 Page Mill Road |
| 425 Market Street | Palo Alto, California 94304 |
| San Francisco, California 94105-2482 | Telephone: (650) 858-6000 |
| Telephone: (415) 268-7000 | Facsimile: (650) 858-6100 |
| Facsimile: (415) 268-7522 | |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No. 12-cv-00630 (LHK)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING**<br><br><br>**FILED UNDER SEAL** |

Samsung's motion for leave to file supplemental briefing should be denied for two reasons.

***First***, Samsung's motion centers around the premise that Apple improperly withheld the '757 opinion of counsel and related documents produced on May 30, 2013. But Apple did not improperly withhold anything. Rather, having elected to rely on an opinion of counsel for the '757 patent, Apple acted in full compliance with its discovery obligations by ***timely*** producing all these privileged opinion-related documents within the time frame required by Patent Local Rule 3-7. *See* Pat. L.R. 3-7 (requiring a party relying upon advice of counsel as a patent-related defense to produce the written advice and related documents for which privilege has been waived "***not later than 50 days*** after service by the Court of its Claim Construction Ruling") (emphasis added). Intent on trying to cast Apple as having improperly withheld these documents, Samsung inexplicably fails even to mention Patent Local Rule 3-7 in its motion.[1]

***Second***, nothing in Apple's recent opinion of counsel-based production changes the fact that Samsung undeniably knew ***ten months before filing*** its patent infringement counterclaims that ReQuest had tried to sell the '757 patent to Apple in July 2011—when ReQuest told Samsung, in writing, about its offer to Apple during negotiations that led Samsung to purchase the '757 patent. Selwyn Decl. ISO Opp. to Mot. to Amend Ex. 1 (7/26/2011 ReQuest-Samsung email discussing ReQuest-Apple offer); *id.* Ex. 2 (ReQuest-Samsung due diligence materials discussing ReQuest-Apple offer). Because Samsung indisputably knew that Apple was aware of the '757 patent before this lawsuit even began, Samsung cannot rely on documents that Apple produced many months later in an attempt to excuse its failure to allege at the outset the willfulness contentions it now seeks to include in its Patent Local Rule 3-1(h) disclosures.

---

[1] Samsung also fails to mention that, throughout this litigation, it has withheld ReQuest-Samsung communications about the '757 patent acquisition on improper privilege grounds. On May 10, 2013, Samsung finally produced hundreds of pages of ReQuest-Samsung communications, including due-diligence documents in which Request informed Samsung that it had offered the '757 patent to Apple in July 2011. Selwyn Decl. ISO Opp. to Supp. Brief., Ex. 1 (Jun. 4, 2013 Ltr. from Silhasek to Fazio re Samsung's withholding of ReQuest-Samsung communications). Samsung only today confirmed that it is willing to produce other ReQuest-Samsung communications that it has been improperly withholding on grounds of privilege.

OPPOSITION TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING
1                                                      Case No. 12-cv-00630 (LHK)

ActiveUS 111115482v.1

1    For these reasons, Apple respectfully requests that the Court deny Samsung's motion for
2    leave to file a supplemental brief.
3
4
5    Dated:  June 7, 2013                                   /s/ Mark D. Selwyn
                                                                Mark D. Selwyn
6

ActiveUS 111115482v.1

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on June 7, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark D. Selwyn
Mark D. Selwyn