# EXHIBIT 39

# Redacted Version of Document Sought To Be Sealed

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　Counterclaim-Plaintiffs,<br>　v.<br><br>APPLE INC., a California corporation,<br>　　　　　　Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**INITIAL EXPERT REPORT OF DR. TODD C. MOWRY REGARDING INFRINGEMENT OF U.S. PATENT NO. 5,946,647**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**<br><br>**GOOGLE'S HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY— SOURCE CODE** |

INITIAL EXPERT REPORT OF DR.TODD C. MOWRY CONCERNING U.S. PATENT NO. 5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)　　　HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY SOURCE CODE

Gibson, Dunn & Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

4. This report is not the first infringement opinion I have rendered regarding infringement of the '647 Patent by Android-based devices. During the ITC investigation *In the matter of Certain Personal Data and Mobile Communications Devices and Related Software*, Investigation No. 337-TA-710 ("the 710 Investigation"), I provided an opinion that certain Android-

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)     2

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

based smartphones manufactured by HTC infringe claims 1 and 8 of the '647 Patent. These smartphones automatically detected structures in a web page displayed on the stock Android web browser shipped with the device. When a user selected a detected structure, the user is presented with a menu of actions linked to the detected structure. The screenshots below are exemplary of the functionality I found to infringe the '647 Patent in the 710 Investigation.  The Administrative Law Judge, and later the ITC, agreed with my conclusion that these devices infringed the '647 Patent.




**Browser on HTC Droid Incredible showing detected phone number**          **Menu of linked actions**

5. Also, in *Apple Inc. v. Motorola, Inc. and Motorola Mobility, Inc.*, Case No. 10-CV-662 (W.D. Wis.), transferred to Case No. 1:11-cv-08540 (N.D. Ill) ("the *Motorola* litigation"), I provided my opinion that certain Android-based smartphones manufactured by Motorola, Inc. and Motorola Mobility, Inc. infringed claims 1 and 8 of the '647 Patent. These devices automatically detected structures in a web page displayed on the browser and provided a user with a menu of actions linked to a particular detected structure. My analysis of the browser on these devices was identical to my analysis in the 710 Investigation. In addition to the browser, these Motorola devices

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

infringed by, among other things, automatically detecting structures displayed in a messaging application and linking actions to those detected structures.

6.    I also submitted declarations during the preliminary injunction phase of this case providing my opinion that the Android-based Samsung Galaxy Nexus infringes claims 1 and 8 of the '647 Patent. As I described in those declarations, the Samsung Galaxy Nexus, like the HTC and Motorola Android-based smartphones, automatically detects structures in web pages displayed on the browser and provides a user a menu of actions linked to a particular structure. Below are screenshots of the accused functionality in the Galaxy Nexus that I provided in my declaration. I understand that the Court, in granting Apple's motion for preliminary injunction, found that Apple had shown a likelihood of success in proving infringement by the Galaxy Nexus based on my analysis.




| Browser on Samsung Galaxy Nexus showing detected phone number | Menu of linked actions |

7.    As I explain below, the Android browser application on the accused Samsung devices (the "Browser") is virtually identical to that found on the infringing HTC Android-based

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)          4

Gibson, Dunn &
Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

smartphones, the Motorola Android-based smartphones, and the Android-based Samsung Galaxy Nexus. Although most of the accused Samsung devices run on different Android-based operating system versions (codenamed Gingerbread, Ice Cream Sandwich, and Jelly Bean)[1] than those at issue in the 710 Investigation (codenamed Eclair and Froyo), my infringement analysis for the Browser in the Samsung accused products is essentially the same as, if not identical to, my analysis in the 710 Investigation. There are no differences across carriers, and only minor differences across Android OS versions that do not affect my infringement opinions. Indeed, I understand that Samsung does not contend that there are any relevant differences in my Browser analysis among the Froyo, Gingerbread, and Ice Cream Sandwich accused devices. And although Samsung identifies one non-infringement argument unique to the Browser on Jelly Bean devices, in my opinion Samsung is wrong and there is no difference in my infringement opinions. Also, I understand that Samsung does not contend that there are any relevant differences among the different carrier versions.

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

---

[1] One device, the Samsung Dart, runs Android version 2.2 (Froyo), which was an operating system at issue in the 710 investigation.

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)            5

Gibson, Dunn &
Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

16. I also note that Samsung has identified several non-infringement arguments and purported non-infringing alternatives in its discovery responses. Most of these arguments simply repeat arguments that have been advanced in other proceedings or previously in this case. For example, ████████████████████████████████████████████████████████████████████ I understand that in the *Motorola* litigation, Motorola made this very argument by summary-judgment motion, which was denied. Samsung's expert also made this very argument during the preliminary injunction phase in this case, and I understand that the Court rejected this argument in light of my analysis that the Galaxy Nexus satisfied Samsung's construction of "analyzer server."

17. As another example, Samsung appears to argue that the Accused Products do not meet the "analyzer server" element because ████████████████████████████████████ This argument is contrary to the court's claim construction order in the *Motorola* litigation, and the Court rejected this very argument during the preliminary injunction phase of this case. I explain in detail below why I believe that all of Samsung's non-infringement arguments for the accused devices are without merit.

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)       9

Gibson, Dunn &
Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

20. Finally, I provide below my opinion that Apple practices the '647 Patent. I provided an extensive analysis of Apple's use of the '647 Patent technology in the 710 Investigation. There, I understand that the ITC agreed with my analysis. I also provided my opinions regarding Apple's practice of the '647 Patent during the preliminary injunction phase. I understand that based on my analysis, the Court found that Apple practices the '647 Patent in its Order granting Apple's Motion for Preliminary Injunction. *See* PI Order, at 85, 96. I have updated my analysis based on new versions of iOS, Apple's mobile operating system, and conclude that Apple continues to practice the '647 Patent in the same way.

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

90. Device makers, such as Samsung, can customize aspects of the Android platform and install it on devices that they sell. In addition to the software installed on the device when it is released ("Launch Release"), Samsung periodically releases software updates, known as Maintenance Releases, for the Accused Products.[7] These Maintenance Releases can include a new version of the Android operating system and new versions of applications on the device. As discussed more fully below, in my examination of the Samsung produced source code, I have

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

---

[7] SAMNDCA630-00217804 at SAMNDCA630-00217804-23 ███████████████████
███████████████████████████████████████████

INITIAL EXPERT REPORT OF DR. TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)      33

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

1  concluded that ███████████████████████████████████████████

2  ████████████████████████ I have also concluded that ███████████████████

3  ██████████████████████████████████████ which I describe more fully below. But these

4  changes do not affect my conclusion that the Messaging app on the Samsung Accused Devices

5  infringes the '647 Patent.

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

INITIAL EXPERT REPORT OF DR. TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)          34

Gibson, Dunn &
Crutcher LLP

Case 5:12-cv-00630-LHK   Document 1485-6   Filed 03/20/14   Page 11 of 18

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

93.     The following Samsung Accused Products infringes one or more of claims 1, 4, 6, 8, and 9 of the '647 Patent through the pre-installed browser application ("Browser"): Admire, Captivate Glide, Conquer 4G, Dart, Exhibit II 4G, Galaxy Nexus, Galaxy Note, Galaxy Note II, Galaxy Rugby Pro, Galaxy S II, Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, Galaxy S III, Illusion, Stratosphere, and Transform Ultra.[10]  I refer to these devices in my report as "Accused Browser Products."

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

---

[10]  As described in the claim charts at Exhibits 3, the Galaxy Tab 2 and Galaxy Note 10.1 also infringe the '647 patent through the Browser application under claim constructions adopted in the *Motorola* litigation requiring only a single action for each detected structure.

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

### 2. The Browser Has Already Been Found to Infringe the '647 Patent

110. The same web browser that is found in the Froyo, Gingerbread, and Ice Cream Sandwich versions of the Samsung Accused Devices was found to infringe claims 1 and 8 of the '647

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

Patent when used in HTC's devices during the ITC investigation *In the matter of Certain Personal Data and Mobile Communications Devices and Related Software*, Investigation No. 337-TA-710 (*See* Ex. 15 to my Feb. 6, 2012 Declaration ("Initial Determination"), at 1, 133.)   I understand both the finding of infringement and the reasoning were affirmed by the Commission in the Final Determination.  (*See* Ex. 16 to my Feb. 6, 2012 Declaration ("Commission Opinion"), at 31.)

111.     During the aforementioned investigation, the ITC found that the stock Android web browser application provided with HTC's accused products infringed at least claims 1 and 8 of the '647 Patent (*See* Initial Determination at 133-157).  I understand this was confirmed by the Commission in the Final Determination (*See* Commission Opinion at 31).

112.     Based on my analysis, I have determined that the Browser applications on Samsung Accused Devices running Android OS versions 2.2 (Froyo), 2.3 (Gingerbread), and 4.0 (Ice Cream Sandwich) are identical in all relevant respects, ███████████████████████████████

███████████████████████████████

113.     Hence for the same reasons that the Commission concluded the Browser running on the accused HTC Android phones infringed claims 1 and 8 of the '647 Patent, the Samsung Accused Products running Android OS versions 2.2 (Froyo), 2.3 (Gingerbread), and 4.0 (Ice Cream Sandwich) ███████████████████████████████ would also infringe claims 1 and 8 of the '647 Patent.  In addition, in my opinion the Browser application on Jelly Bean devices infringes in a substantially similar way.

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

Case 5:12-cv-00630-LHK Document 1485-6 Filed 03/20/14 Page 14 of 18

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

236. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

279. As stated above, it is my opinion that the '647 Patent requires detection of multiple structures (*e.g.*, email addresses, phone numbers, postal addresses, etc.)  I understand that the court in the *Motorola* litigation agreed with that construction of claim 1.  While he did not agree with my

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

opinion that multiple actions are required for a particular structure, he did find that a single action for each structure could satisfy claim 1, "so long as other structures are linked to other actions," for example, "link[ing] dates to the calendar and phone numbers to the phone book."

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)            110

Gibson, Dunn & Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

## VI. USE BY APPLE OF THE '647 PATENTED TECHNOLOGY

298. I am aware that the ITC has already found that Apple practices at least claim 1 of the '647 Patent. Specifically, during the ITC investigation *In the matter of Certain Personal Data and Mobile Communications Devices and Related Software*, Investigation No. 337-TA-710 the ITC found that the Apple iPhone 3GS running iOS version 3.1.3 met the technical prong of the domestic industry requirement (*See* [Initial Determination at 157-164). I understand that this was affirmed by the Commission in the Final Determination (*See* [Commission Opinion at 6).

299. For the reasons set forth in my expert report submitted in that investigation it is my opinion that the Apple iPhone 3GS running iOS 3.1.3 practices at least claim 1 of '647 Patent. The relevant portions of that report may be found at APLNDC630-0000069204-69324; APLNDC630-0000069325-69460; APLNDC630-0000169870-169907.

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 12, 2013

_____
Todd C. Mowry

INITIAL EXPERT REPORT OF DR. TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP