# EXHIBIT 52

# Redacted Version of Document Sought To Be Sealed

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**REBUTTAL EXPERT REPORT OF DR. ALEX C. SNOEREN CONCERNING U.S. PATENTS NOS.  6,847,959 AND 7,761,414**<br><br><br>**HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE** |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. MATERIALS REVIEWED .....................................................................................................2

III. SUMMARY OF OPINIONS ....................................................................................................2

IV. LEGAL STANDARDS ............................................................................................................3

    A. Claim Construction ......................................................................................................3

    B. Presumption of Validity ................................................................................................4

    C. Priority Date .................................................................................................................4

    D. Prior Art .......................................................................................................................5

    E. Anticipation ..................................................................................................................5

    F. Obviousness .................................................................................................................7

    G. Written Description Requirement ................................................................................8

V. THE '959 PATENT ..................................................................................................................8

    A. CLAIMS 24 & 25 ARE NOT ANTICIPATED ..........................................................8

        1. Introduction .....................................................................................................8

        2. The "Testing and Demonstration" Systems that Dr. Rinard Built for this Case are Not Prior Art ...............................................................................10

        3. Case Narrowing ............................................................................................10

        4. AppleSearch ..................................................................................................11

        5. MetaCrawler .................................................................................................24

        6. WAIS .............................................................................................................31

        7. Sherlock ........................................................................................................51

        8. Evans .............................................................................................................58

    B. CLAIMS 24 & 25 ARE NOT OBVIOUS ................................................................67

        1. The Scope and Content of the Prior Art .......................................................68

        2. Differences Between the Prior Art and the Claims at Issue .........................71

        3. Jensen in Combination with Shoham ............................................................72

# TABLE OF CONTENTS
(continued)

| | | | Page |
|---|---|---|---|
| | 4. | Legall in Combination with Shoham | 82 |
| | 5. | Newton in combination with Hemlock | 88 |
| | 6. | Smith in Combination with Shoham | 101 |
| | 7. | Level of Ordinary Skill in the Art | 112 |
| | 8. | Secondary Considerations Do Not Support a Finding of Obviousness | 113 |
| C. | | CLAIMS 24 AND 25 ARE ADEQUATELY DESCRIBED IN THE '959 PATENT | 121 |
| | 1. | The '959 Patent Provides an Adequate Written Description for Claims 24 and 25 | 121 |
| | 2. | The 959 Patent Specification Enables Claims 24 and 25 | 125 |
| | 3. | Claims 24 and 25 Satisfy Section 112, Second Paragraph | 126 |
| D. | | RESPONSE TO OTHER SECTIONS OF THE RINARD REPORT | 131 |
| | 1. | Qualifications and Technology Background Sections | 131 |
| | 2. | The 959 Patent Section | 132 |
| | 3. | Asserted Claim Scope and Claim Interpretation (Section VII) | 135 |
| | 4. | The Prior Art | 136 |
| | 5. | Other Comments (Section X) | 136 |
| VI. | | THE '414 Patent | 137 |
| | A. | PRIORITY DATE OF CLAIM 20 OF THE '414 PATENT | 137 |
| | B. | CLAIM 20 IS NOT ANTICIPATED | 140 |
| | 1. | Introduction | 140 |
| | 2. | The "Testing and Demonstration" Systems that Dr. Chase Built for this Case are Not Prior Art | 141 |
| | 3. | Case Narrowing | 142 |
| | 4. | Evolution | 143 |
| | 5. | iSync | 155 |
| | 6. | iTunes | 165 |

# TABLE OF CONTENTS
(continued)

| | | | Page |
|---|---|---|---|
| | 7. | Rashid | 170 |
| | 8. | Thunderbird | 175 |
| | 9. | Windows Mobile with ActiveSync | 180 |
| C. | CLAIM 20 IS NOT OBVIOUS | | 186 |
| | 1. | The Scope and Content of the Prior Art | 188 |
| | 2. | Differences Between the Prior Art and the Claims at Issue | 189 |
| | 3. | Dr. Chase's Generic Analysis of the "Knowledge of a Person of Ordinary Skill" in Combination with Previously-Discussed References. | 189 |
| | 4. | Rashid in Combination with Hawkins | 194 |
| | 5. | Vadlamani in Combination with Hill | 197 |
| | 6. | Level of Ordinary Skill in the Art | 201 |
| | 7. | Secondary Considerations Do Not Support a Finding of Obviousness | 202 |
| D. | CLAIM 20 IS ADEQUATELY DESCRIBED IN THE '414 PATENT | | 206 |
| E. | RESPONSE TO "ADDITIONAL COMMENTS" SECTION OF THE CHASE REPORT | | 206 |

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE



HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE



EXPERT REPORT OF DR. ALEX SNOEREN
CONCERNING U.S. PATENT NOS. 6,847,959 AND
7,761,414                                    96

1. [REDACTED]
2. [REDACTED]
3. [REDACTED]
4. [REDACTED]
5. [REDACTED]
6. [REDACTED]

### b. Combining the functionality of Newton and Hemlock is not obvious

270. The Rinard Report alleges that including Internet search into the Global Find interface was obvious. RR, Ex. 6 at 51. I disagree that such an integration would have been obvious at the time for a number of reasons.

271. First, Samsung's case narrowing statement identifies only Sherlock as an additional obviousness reference combined with Newton and Hemlock (although as described above it is unclear whether not Dr. Rinard intends to rely on Sherlock here). Nevertheless, Sherlock cannot stand for the proposition that it was obvious to combine local and Internet search since, as explained above, Sherlock itself had two distinct and separate interfaces for searching locally and on the Internet that were never searched together.

272. For the remainder of the sources cited by the Rinard Report, I understand that this is outside the scope of Samsung's case narrowing statement and therefore no response is necessary. I provide one here for the sake of completeness, but my response should not be viewed that I think inclusion of these references is proper or within the scope of the case narrowing statement.

273. Dr. Rinard writes that "as of the late 1990s, adding the ability to search the Internet to the existing extensible Newton Universal Find service was obvious." RR Ex. 6 at 51. It continues that "By the time that Apple was producing the Newton MessagePad 2000, it was clear that the ability to locate and access information in the Internet was perceived to be an important feature for mobile devices such as the Newton to support. Indeed, Apple's marketing literature at the time repeatedly touted the Newton's ability to access data via the Internet as a key feature that the Newton provided to its users." RR, Ex. 6 at 53. This conclusory statement is belied by the facts. As Dr.

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

Dated: September 13, 2013

_____
Alex C. Snoeren