JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S CLAIM CONSTRUCTION BRIEF REGARDING THE "MEANS FOR TRANSMISSION" LIMITATION OF CLAIM 15 OF U.S. PATENT NO. 5,579,239** |

Having steadfastly refused to seek a construction for "means for transmission," Samsung now seeks, on the eve of trial, to save its infringement case by pursuing a new claim construction unmoored from the disclosed structure — and, if that effort is unsuccessful, by asking for leave to add an equivalents theory.  Because Samsung's construction violates well-settled principles, and because Samsung has not been diligent, the Court should adopt Apple's construction (which Apple disclosed nearly a year ago) and deny Samsung leave to add equivalents.

## I. THE SPECIFICATION REQUIRES "MEANS FOR TRANSMISSION" TO BE CONSTRUED SIMILAR TO "MEANS FOR TRANSMITTING."

The parties dispute two issues:  (1) whether the software sequence that the specification discloses as part of the transmission process, which the Court described as "necessary for any transmission," is part of the required structure; and (2) whether the structure includes "cellular radio transmitters," which the specification nowhere discloses.

### A. "Means for Transmission" Includes The Disclosed Software Sequence.

In construing claim 1, the Court held that the required structure for "means for transmitting" must include the disclosed 3-step software sequence, finding the steps are "*necessary for any transmission* because they are *never described as optional* or elective operations by the specification."  (Dkt. No. 447 at 63.)  Applying that same rationale, the 3-step software sequence—namely, "initializing one or more communications ports on the remote unit, obtaining the stored data file, and transmitting the stored data file"—also is required structure for "means for transmission," which also involves "any transmission."[1]

---

[1] The specification makes clear that transmission *cannot occur* until the user triggers software sequence B by selecting TRANSFER button 26.  For example, the specification explains that "*[t]ransmission* of a data file *is accomplished* by selecting the 'TRANSFER' button 26 [for] the first frame of *video of the file to be transmitted*," which "initiates the *transfer software sequence B*."  ('239, 8:17-20.)  Software sequence B "*enables* the remote unit to *communicate* with the host unit *to transmit* a stored data file *using the system hardware*," and "contains all of the instructions necessary" to initialize the communications ports on the remote, obtain the stored data file, and transmit the data file.  (8:23-30.) Software sequence B "is then called *for each communications port*," which interface with the modems.  (8:38-42; Selwyn Decl., Ex. 1, ¶¶ 6-8).)  Emphasis added throughout.

1    In an attempt to avoid that outcome, Samsung contends that no software is required
2 for three flawed reasons.  ***First***, Samsung argues that the specification sections that the Court
3 cited for claim 1's software requirement are irrelevant because they describe functions of the
4 "remote" and "host" units set forth in claim 1, and neither is recited in claim 15.  (SSBr. at 1,
5 3.)  But claim 15 is directed to "a computer" that transmits "captured video," and the remote
6 unit is the only "computer" in the specification that transmits video.  ('239, 4:17-27
7 ("remote unit 2 is a portable personal computer . . . ."); 4:36-37 ("remote unit 2 could be a
8 desktop computer").)  Therefore, the disclosures directed to the remote unit apply equally to
9 the "computer" of claim 15.  The Court held that the disclosed software sequence is required
10 for "any transmission," without making any distinction between transmissions involving
11 "remote units" and those involving "computers."[2]

12    ***Second***, Samsung is wrong that the structure cannot include software that obtains the
13 to-be-transmitted video from a "stored data file."  The disclosed structure for "captured
14 video" is a stored data file, and the specification consistently describes the obtaining video
15 from a stored data file as part of transmission.[3]  The applicants also confirmed the data file
16 requirement during prosecution when they argued a prior art reference had "a ***very***
17 ***significant difference***" from the '239 claims, including claim 15, because it "does not
18 disclose the creation of ***a data file as required by Applicants' claims***."  (Selwyn Decl., Ex. 2
19 ['239 File History] at 10-11, 12 (applying arguments to claim 15), Ex. 1 [Storer Decl.] ¶ 9).)

20    ***Third***, for similar reasons, Samsung's argument that, at most, only the third software
21 step should be required, fails.  As the Court determined, the specification does not describe
22 the first two software steps as optional.  The fact that claim 15 does not recite "initializing a

---

[2] Samsung's suggestion that hardware alone performs the function also is incorrect:  transfer software sequence B operates with the required cellular telephone and modem hardware to transmit the video file.  (8:28 (cellular telephone), 8:38-42 (modems).)

[3] '239, 2:66-7-3:1 ("The video capture card takes the audio/visual signal, digitizes it into a computer data file, and compresses that data file."); 6:27-29 ("***captured video data file*** may be retrieved from the remote hard disk and the video sequence run"); 8:17-20 ("file box 22 contain[s] the first frame of ***video of the file***"); 2:26-9 (invention purpose).

1  communications port" or "obtaining a stored data file" is irrelevant – neither does claim 1,
2  but the Court found the software steps required for performing the claimed function.  The
3  Court did not rely on the "means for storing" limitation of claim 1, as Samsung suggests
4  (SSBr. at 3), but instead found the structure linked to the function in the specification.

### B. The Specification Excludes "Cellular Radio Transmitters."

There is no basis for Samsung to read "cellular radio transmitters" into the structure for "means for transmission."

*First*, the patent never mentions "cellular radio transmitters," much less "modems connected to cellular radio transmitters."  To the contrary, claim 15 requires transmission to occur "over a cellular frequency," and the *only* structures disclosed for that function are modems connected to *cellular telephones*.  ('239, 4:25-27; Selwyn Decl., Ex. 1, ¶ 10.)[4]

*Second*, Samsung points to a sentence in the specification involving "radio transmitters."  (SSBr. at 3.)  But the specification explains that radio transmitters are used *when there is no cellular service*: "In areas which are inaccessible to standard telephone lines and *outside cellular telephone 'cell,'* files can be transmitted using radio frequencies.  In order to accomplish this, the cellular telephones in the remote *are replaced with radio transmitters*."  ('239, 9:37-42; Dkt. 447 at 58 ("[W]hen using radio rather than cellular frequencies, 'the cellular telephones in the remote [broadcasting unit] are replaced with radio transmitters.'"); Selwyn Decl., Ex.1, ¶ 11.)  Therefore, these disclosures are irrelevant to the cellular-based requirements of claim 15.[5]

*Third*, Samsung cites claim 16, but the doctrine of claim differentiation does not apply here.  Claim 16 adds the limitation "*at least two* interfaces operating in conjunction

---

[4] Samsung cites *Atmel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1380 (Fed. Cir. 1999), in arguing that structure need only be "implicit," but that case required the court to "assess whether sufficient structure *was disclosed in the specification*."  *Id*.

[5] Samsung cites to Dr. Schonfeld's declaration, but a party cannot use an expert to add structure not disclosed in the specification.  *See Default Proof Credit Card Sys., Inc. v. Home Depot USA, Inc*., 412 F.3d 1291, 1300-02 (Fed. Cir. 2005) (rejecting expert testimony identifying structure not found in the specification and contradicting the patent).

with said computer"—which is absent from claim 15. *See Andersen Corp. v. Fiber Composites, LLC*, 474 F.3d 1361, 1370 (Fed. Cir. 2007). Nor can Samsung rely on claim differentiation to add structure not disclosed in the specification. *See Retractable Tech., Inc. v. Becton, Dickinson & Co.*, 653 F.3d 1296, 1305 (Fed. Cir. 2011) ("[A]ny presumption created by the doctrine of claim differentiation will be overcome by a contrary construction dictated by the written description or prosecution history.").

*Finally*, Samsung argues that its proposed structure is necessary because every cellular telephone includes a cellular radio transmitter. (SSBr. at 1.) But if that were its true intent, Samsung would have proposed a structure that (unnecessarily) includes "one or more modems connected to one or more cellular telephones, *each of which includes a cellular radio transmitter*." Instead, Samsung seeks to expand claim 15's reach beyond the structure disclosed for "means for transmission" (i.e., modems connected to *external, standalone* cellular telephones) to cover situations in which the modem resides *inside the cellular telephone itself* (i.e., "one or more modems connected to one or more . . . cellular radio transmitters"). Because the patent does not disclose any such embodiment, Samsung's proposed structure should be rejected.

## II. SAMSUNG SHOULD NOT BE PERMITTED TO ADD EQUIVALENTS.

Samsung argues that Judge Grewal (Dkt. 636) "implied" that it would be "permitted" to make equivalents arguments. (SSBr. 5, n.3.) That is inaccurate: Judge Grewal emphasized that "Samsung has not explained why it has a good faith basis to assert DOE theories only now" and would need to seek leave to add equivalents if it faced an adverse claim construction and show diligence and lack of prejudice to Apple. Dkt. 636 at 3 ("Good cause *requires* requesting parties to show in part that they '*acted with diligence* promptly when new evidence is revealed.' . . . '*Only* if the moving party is able to show diligence may the court consider the prejudice to the non-moving party.'").[6] Samsung can show neither.

---

[6] If the movant fails to establish diligence, there is "no need to consider the question of prejudice." *Cisco Sys., Inc. v. Teleconference Sys., LLC*, 2012 U.S. Dist. LEXIS 189372 (N.D. Cal. June 11, 2012).

### A. Samsung Has Failed to Show Diligence.

Although Judge Grewal indicated that Samsung could seek leave to amend "*if* and when" it faced an adverse construction, that required Samsung to *actually seek* a construction. Yet it refused to do. Samsung was well aware of Apple's construction since at least May 2, 2013, when Apple served contentions stating its construction (Selwyn Decl., Ex. 3 [Resp. to Rog. 12] at 123), and was required to act then. *Cisco*, 2012 U.S. Dist. LEXIS 189372, at *17 (receipt of defendant's proposed construction "marked the beginning of the relevant time period for evaluating TS's diligence because that is when TS first became aware of the risk that the district court could adopt that construction"). Instead, last July, Samsung objected to Apple's suggestion that the Court would need to construe additional means-plus-function limitations, even when the Court indicated that it would construe more terms. (Dkt. 708 at 3; Dkt. 750 at 24-25 ; Dkt. 1133 [Hearing Tr.] at 23 (asking which terms to construe).) It was *only* after the Court denied Samsung's motion to strike Apple's expert's non-infringement opinions for the means-plus-function limitations (Dkt. 1301) that Samsung sought claim construction – and waited *three weeks* to do so. In short, whether to seek a construction of the term was *always* under Samsung's control and its burden. Having failed to do so for at least nine months, Samsung cannot show diligence.

### B. Samsung's Assertion of Equivalents Will Prejudice Apple.

Even if Samsung could show diligence – which it cannot – the prejudice to Apple if equivalents were added now would be severe. With ten days until trial, the parties have completed their pre-trial filings. At a minimum, Apple would need to re-consider its exhibit list, and submit new jury instructions. Furthermore, Samsung *withdrew* its expert's equivalents opinions 3 months ago, and Apple has been preparing its case on the assumption that Samsung would proceed only on literal infringement for claim 15.[7]

---

[7] Samsung notes that it included equivalents arguments in its expert reports "to preserve the right to make [those] argument[s]" and that Apple responded to them. (SSBr. at 5.) But Samsung had no right to make those arguments, and should not be permitted to use its defiance of Judge Grewal's order to show lack of prejudice.

Dated: March 21, 2014

WILMER CUTLER PICKERING
HALE AND DORR LLP


By: */s/ Mark D. Selwyn*
     Mark D. Selwyn

     Attorneys for Plaintiff and
     Counterclaim-Defendant
     APPLE INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: March 21, 2014                    */s/ Mark D. Selwyn*_____