# EXHIBIT 2

JOINT TRIAL EXHIBIT NO. 26
United States District Court
Northern District of California
No. 12-CV-00630-LHK (PSG)
*Apple Inc. v. Samsung Elecs.*
Date Admitted:          By:

FILE HISTORY
US 5,579,239

| | |
|---|---|
| PATENT: | 5,579,239 |
| INVENTORS: | Freeman, Mitchael C. |
| | Freeman, Richard C. |
| | Boss, Chad |
| | Freeman, Michael H. |
| TITLE: | Remote video transmission system |
| APPLICATION NO: | US1994198130A |
| FILED: | 16 FEB 1994 |
| ISSUED: | 26 NOV 1996 |
| COMPILED: | 06 OCT 2011 |



# ‡ 3/A
M.E.
2-28-96

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

MITCHAEL C. FREEMAN ET AL

Serial No:   08/198,130

Filed:   02/16/94

For:   REMOTE VIDEO TRANSMISSION SYSTEM

Group No:   2414

Examiner:   P. Assouad



I HEREBY CERTIFY THAT THIS CORRESPONDENCE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: COMMISSIONER OF PATENTS AND TRADEMARKS, WASHINGTON, D.C. 20231, ON THE DATE SHOWN:

Date: FEB. 2, 1996

Ruth A. Griffith

2/28/96

## AMENDMENT AND RESPONSE TO THE OFFICE ACTION DATED AUGUST 2, 1995

Commissioner of Patents and Trademarks

Washington, D.C. 20231

Dear Sir:

This is an Amendment responsive to the Office Action of August 2, 1995.

Please amend the above-identified application in the following manner:

IN THE CLAIMS:

Please cancel claims 8, 9, 11, and 15.

Please amend the following claims:

A

SAMNDCA630-00832596

is after the invention of the "Remote Video Transmission System" by Applicants.

The Rosenthal et al "Planetary Data Distribution System" publication is not prior art and cannot anticipate Applicants' claims under 35 U.S.C. §102(a). The rejection in the Office Action under 35 U.S.C. §102(a) is overcome. Allowance of claims 1-15 is respectfully requested.

4. Claims 1-15 have been rejected in the Office Action under 35 U.S.C. §103 as being unpatentable over Gattis et al ('136) in view of Dykes et al ('671) and Guillou ('483). Claims 1, 3, and 12 have been amended, and claims 8, 9, 11, and 15 have been canceled in this Amendment and Response. Reconsideration and allowance of claims 1-7, 10, and 12-14 is hereby respectfully requested.

The Gattis et al ('136) patent lacks a significant element contained within Applicants' independent claims 1 and 12 which is not supplied by Dykes et al or Guillou. Specifically, amended claim 1 requires "means for capturing, compressing, digitizing, storing, and transmitting at least one composite signal" (emphasis added). Claim 12 recites "a remote unit being a personal computer, including: a.) a video card having a video capture module to capture, compress, and digitize said signal into a data file."

Significantly, Gattis et al as referenced on page 7 of the Office Action, and in column 3, line 67 - column 4, line 3, of Gattis, discloses the usage of a frame grabber 24A. This device only contemplates an uninterrupted, continuous stream of information digitized on a line by line of resolution basis that ultimately represent a sequence of "pictures." Gattis does not contemplate the creation of full-motion composite signal video information

10

into digitized files which can be stored, transmitted, played or replayed. This is a very significant difference. Under Gattis the video quality is depicted by the available connection speed, and the lower the speed the lower the quality of the frames grabbed. Moreover, the system disclosed in Gattis even fails if the connection is not a continuous link sufficiently fast to provide "an acceptable picture." Gattis, column 8, line 66. Thus, Gattis does not disclose the creation of a data file as required by Applicants' claims. Also, Gattis does not contemplate the ability to provide a high quality full-motion picture with lower band width connections and cannot take into account the actual variables encountered in video data transmissions (whether analog or digital) including: variable baud rates; interference; line loss and the like. However, in Applicants' invention, full-motion composite signal is captured into digitized files and transmitted over narrow (slow) and/or intermittent band widths while and still maintaining the original captured quality of the video.

Neither Dykes et al, nor Guillou supply this important deficiency of Gattis et al. Claims 1-7, 10, and 12-14 must be allowed at least for this reason and is respectfully requested. Claims 2-7 and 10 depend upon claim 1 and Claims 13-14 depend upon claim 12 and are all allowable at least for the reasons set forth above with regard to claims 1 and 12.

Further, claims 5, 12, 13, and 14 all require "means for splitting and organizing the digitized, compressed, composite signal prior to transmission." As discussed above with regard to the rejections under 35 U.S.C. §112, the means for splitting and organizing the digitized, compressed composite signal prior to transmission includes splitting the

11

captured, organized, and compressed composite signal according to the present application (p. 22, line 18 - p. 24, line 14). Gattis does not disclose splitting the file prior to transmission. In fact, Gattis recognizes the problem of transmission speed. In column 4, lines 9-13, Gattis states, "Efficient transmission of such signals without overloading the transmission channel requires the use of a compressed code. A compressed code also reduces the amount of memory required to store each frame." Although the present invention employs compression technology, transmission speed is increased by splitting and then simultaneously transmitting the portions of the split file. Gattis, column 4, lines 21-22, states:

> "The video signal fed into the encoder/compressor 30A should be a standard black and white signal."

Capture of full motion color video with audio produces a much larger digitized data file. Transmission of that large file in real time necessitates the splitting function described by Applicants.

Applicants have added new claims 16-21. New claims 16-21 do not include new subject matter. The arguments contained herein in response to the rejections under 35 U.S.C. §112, 102(a) and 103 apply to new claims 16-20. Allowance is respectfully requested.

12

The application as originally filed had 15 claims, including two independent claims. In this Amendment four dependent claims have been canceled. One independent claim and five dependent claims have been added. This totals 3 independent claims, and 14 dependent claims. Therefore, it is not believed any additional filing fee is necessary. However, the Commissioner is hereby authorized to credit any overpayment or debit any additional fees which may be due in connection with this Amendment to the deposit account of the undersigned, No. 03-1127.

In view of the above comments and amendments to the claims which clearly distinguish the claims for the prior art, it is respectfully requested that the Office Action be reconsidered and that the application be allowed.

Respectfully submitted,

CATALANO, ZINGERMAN & ASSOCIATES

By _____
Frank J. Catalano, Reg. No. 25,836
Scott R. Zingerman, Reg. No. 35,422
810 S. Cincinnati, Suite 200
Tulsa, Oklahoma 74119
(918) 584-8787
Attorneys for Applicant

13