# EXHIBIT 3

1    JOSH A. KREVITT (CA SBN 208552)
     jkrevitt@gibsondunn.com
2    H. MARK LYON (CA SBN 162061)
     mlyon@gibsondunn.com
3    GIBSON, DUNN & CRUTCHER LLP
     1881 Page Mill Road
4    Palo Alto, California 94304-1211
     Telephone: (650) 849-5300
5    Facsimile: (650) 849-5333

6    MICHAEL A. JACOBS (CA SBN 111664)
     mjacobs@mofo.com
7    RICHARD S.J. HUNG (CA SBN 197425)
     rhung@mofo.com
8    MORRISON & FOERSTER LLP
     425 Market Street
9    San Francisco, California  94105-2482
     Telephone:  (415) 268-7000
10   Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

11   *Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

12                      **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
13                           **SAN JOSE DIVISION**

14

15   APPLE INC., a California corporation,

16        Plaintiff,

17        vs.                                     Civil Action No. 12-CV-00630-LHK

18
     SAMSUNG ELECTRONICS CO., LTD., a        **APPLE INC.'S SUPPLEMENTAL**
19   Korean corporation; SAMSUNG            **RESPONSES TO SAMSUNG'S FIRST**
     ELECTRONICS AMERICA, INC., a New        **SET OF INTERROGATORIES**
20   York corporation; and SAMSUNG          **(NOS. 5, 8, 11, 12, 14, 18)**
     TELECOMMUNICATIONS AMERICA,
21   LLC, a Delaware limited liability company,
                                             **HIGHLY CONFIDENTIAL –**
22        Defendants.                        **ATTORNEYS' EYES ONLY**

23

24

25

26

27

28

**B.      "means for transmission of said captured video over a cellular frequency"**

Samsung contends that the accused iOS devices "allow[] for the transmission of a captured video over a cellular frequency in a variety of ways" and also identifies Mail, Message, FaceTime, and YouTube applications.  But Samsung fails to provide a proper means plus function analysis.  The only corresponding structure disclosed in the '239 patent for performing the claimed function is  "one or more modems connected to one or more cellular telephones, and software performing a software sequence of initializing one or more communications ports on the remote unit, obtaining the stored data file, and transmitting the stored data file."  Samsung has failed to identify any modem connected to any cellular telephone, any communications port, or any software to perform the required sequence of steps.  Moreover, Samsung cannot identify any such components because none of Apple iOS devices uses a modem, a modem connected to a cellular telephone, or communications ports.  Because the required components do not exist in the accused Apple iOS devices, Apple does not infringe claim 15.

Samsung also cannot prove infringement with respect to this limitation by FaceTime because, as discussed above, FaceTime does not use stored data files.

Samsung has also failed to articulate any theory of infringement of equivalents under 35 U.S.C § 112 ¶ 6 or the doctrine of equivalents, and the accused devices do not contain the equivalent of the disclosed structure.  For this reason, Samsung cannot prove infringement under any theory of equivalents

## XVIII. CLAIM 16

Claim 16 is a dependent claim that depends on claim 15.  The accused Apple devices do not infringe claim 16 at least for the reasons set out above for claim 15.

**A.      "wherein the means for transmitting of said captured video over a cellular frequency includes; at least two interfaces operating in conjunction with said computer; a cellular telephone connected to each said interface"**

For the same reasons as discussed above with respect to claim 7, Samsung cannot prove infringement of claim 16.

-123-

APPLE INC.'S SUPPLEMENTAL RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   Dated:  May 2, 2013

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
2   (mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
3    HALE AND DORR LLP
950 Page Mill Road
4   Palo Alto, California 94304
Telephone:  (650) 858-6000
5   Facsimile:  (650) 858-6100

6   William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
7   WILMER CUTLER PICKERING
 HALE AND DORR LLP
8   60 State Street
Boston, Massachusetts 02109
9   Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000
10

11  JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
12  mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
13  1881 Page Mill Road
Palo Alto, California 94304-1211
14  Telephone: (650) 849-5300
Facsimile: (650) 849-5333
15

16  *Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

17

18

19

20

21

22

23

24

25

26

27

28                        -151-