# EXHIBIT 3

# WEIL, GOTSHAL & MANGES LLP

SILICON VALLEY OFFICE
201 REDWOOD SHORES PARKWAY
REDWOOD SHORES, CALIFORNIA 94065
(650) 802-3000
FAX: (650) 802-3100

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SINGAPORE
WARSAW
WASHINGTON, D.C.

MATTHEW D. POWERS
DIRECT LINE (650) 802-3200
E-MAIL: matthew.powers@weil.com

September 8, 2010

**BY E-FILE**

The Honorable Richard Seeborg
450 Golden Gate Ave.
Courtroom 3, 17th Floor
San Francisco, CA 94102

Re: **Elan v. Apple, C-09-01531 RS (PVT)**

Dear Judge Seeborg:

I write to follow up on Elan's August 20, 2010 letter regarding claim construction proceedings in the parallel ITC Investigation.

Elan is correct the parties agreed to explore by September 3 whether they could come to agreement on the construction of some of the disputed claim terms in Elan's '352 Patent based on the evidence presented at the ITC *Markman* hearing. After meeting-and-conferring, the parties came to agreement on one key issue. Specifically, for the reasons set forth below, the parties agreed that the claim terms "(a) identify a first maxima in a signal corresponding to a first finger," "(b) identify a minima following the first maxima," and "(c) identify a second maxima in a signal corresponding to a second finger following said minima" should all be construed to require identification of the max-min-max in a "finger profile taken on a straight line."

In the ITC, Elan initially appeared to be disavowing the "finger profile" requirement it had proposed in the *Synaptics* litigation and again before Your Honor. However, at the ITC *Markman* hearing, Elan's expert confirmed that "finger profile" is a proper construction of the term "signal" in the asserted claims. *See* Tr. at 458:4-10 (attached hereto as Exhibit A); *see also id.* at 454:20-455:7 ("I think that the use of the term 'profile' is fine"). Similarly, as to the requirement that the "finger profile" be one-dimensional and taken "on an axis," Elan's expert testified that he did not "have a problem" with a construction requiring the "finger profile" to be "taken on a straight line." *Id.* at 461:13-21. Because Apple has always confirmed that "axis" in its proposed

WEIL, GOTSHAL & MANGES LLP

The Honorable Richard Seeborg
September 8, 2010
Page 2

constructions is merely a straight line and is not limited to the X and Y coordinate axes, the testimony of Elan's expert confirmed the substance of Apple's proposed constructions. *See, e.g.*, D.I. 85 at 12. Based on this, the parties have agreed that the max/min/max limitations should all be construed to require analysis of a "finger profile taken on a straight line." *See* August 31-September 2, 2010 Emails between S. DeBruine and S. Mehta (attached hereto as Exhibit B).

Thus, the only disputes remaining for the Court to decide on the max-min-max limitations is whether the identification of the max-min-max must be in temporal order, both as a matter of the intrinsic record and based on judicial and collateral estoppel.[1]

During meet-and-confer, the parties further explored whether they could reach agreement on corresponding structure for a number of the disputed means-plus-function terms. Although the parties did not reach agreement on any such terms, there was one noteworthy development in the ITC related to the disputed means-plus-function terms. Specifically, the day before the deposition of Elan's claim construction expert and two days before the *Markman* hearing in the ITC Investigation, Elan advised Apple that it would no longer assert claim 26, which includes the disputed term "means for providing a click function in response to the removal and reappearance of said second maxima within a predetermined period of time."[2] At his deposition the next day, Elan's expert

---

[1] As to collateral estoppel specifically, the recent *Int'l Gamco, Inc. v. Multimedia Games, Inc*, No. 04-CV-1053, 2010 U.S. Dist. LEXIS 81172 (S.D. Cal. Aug. 11, 2010) case (attached hereto as Exhibit C) from the Southern District of California is directly relevant to the case at bar. There, the Court applied collateral estoppel to a previous claim construction determination, rejecting the contention that collateral estoppel should not apply because the previous construction was allegedly not the reason for the loss or a critical and necessary part of the previous judgment. As the Court explained, such requirements are "not an element [of collateral] estoppel in the Ninth Circuit." *Int'l Gamco*, 2010 U.S. Dist. LEXIS 88172 at *20-*22. Thus, to the extent the "Federal Circuit has held that a [previous] construction must be essential to the final determination," it had no bearing on the Court's collateral estoppel determination under Ninth Circuit precedent. At the *Markman* hearing, such contentions were the only meaningful arguments Elan raised against the application of collateral estoppel, and it is noteworthy that another district court in this circuit has recently rejected them. Of course, in Apple's view, a previous claim construction on a disputed term is always an essential part of an earlier infringement determination. *See* D.I. 103 at 3-4.

[2] Although the parties dispute the meaning of this term, they did not select it as one of the top ten most important disputed terms. The parties thus did not brief this term in

WEIL, GOTSHAL & MANGES LLP

The Honorable Richard Seeborg
September 8, 2010
Page 3

agreed that the '352 Patent includes no disclosure of any algorithm that considers removal and replacement of the maxima within a predetermined period of time in providing a click function, as required by the claim. *See* 8/17/2010 Dezmelyk Tr. at 175:5-176:3 (attached hereto as Exhibit D). Thus, there appears to be no meaningful dispute that Claim 26 is indefinite, and no basis for Elan to continue pursuing that claim here.

Finally, Elan stated in its August 20 letter that it intended to file a motion for leave to submit supplemental briefing regarding pertinent developments in the ITC Investigation. Elan has not yet filed such a motion, and it is unclear if it will ever do so. Although Apple has no objections to apprising the Court of pertinent ITC developments, in Apple's view, the Court need not wait for any such supplemental briefing prior to issuing a *Markman* order. Indeed, the Court rejected Elan's motion to stay this action pending completion of the ITC Investigation, and any ITC decision is not binding on this Court. Thus, it would not be inappropriate for this Court to promptly issue a *Markman* order. Of course, Apple will consider and address any subsequent Elan submissions.

                                            Respectfully submitted,

                                            /s/ Matthew D. Powers
                                            Matthew D. Powers

---

advance of the *Markman* hearing in this action, nor did they present argument on it during the June 23, 2010 *Markman* hearing.