**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, ) | Case No.: 12-CV-00630-LHK |
| ) | |
| Plaintiff and Counterdefendant, ) | ORDER CONSTRUING '239 PATENT |
| ) | CLAIM 15 |
| v. ) | |
| ) | |
| SAMSUNG ELECTRONICS CO., LTD., a ) | |
| Korean corporation; SAMSUNG ) | |
| ELECTRONICS AMERICA, INC., a New York ) | |
| corporation; and SAMSUNG ) | |
| TELECOMMUNICATIONS AMERICA, LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants and Counterclaimants. ) | |
| ) | |

Samsung has requested that the Court construe an additional limitation in claim 15 of the

'239 patent: "means for transmission of said captured video over a cellular frequency." Samsung

also requests permission to amend its infringement contentions to include theories for means-plus-

function equivalents and the doctrine of equivalents for claim 15. The parties have submitted

briefs and expert declarations in support of their respective positions. The Court has reviewed the

parties' submissions and, in the interest of resolving any potential dispute prior to trial (*cf. O2*

*Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362-63 (Fed. Cir. 2008)), now

construes the limitation at issue.

1

I.      BACKGROUND

On April 10, 2013, the Court issued its Order Construing Disputed Claim Terms, following a claim construction hearing and full briefing from the parties.  ECF No. 447 ("Order").  At the time, Samsung asserted claims 1 and 15 of the '239 patent.  Among the disputed terms, the Court construed certain means-plus-function limitations in claim 1 of the '239 patent, but the parties did not request construction of any terms in claim 15 of the '239 patent.  *See* Order at 64; Joint Claim Construction Statement at 9-40 (ECF No. 300-1).  Since the Court issued its Order, the parties have filed multiple rounds of motions seeking to exclude opposing expert opinions based on the Court's existing claim construction rulings.  *See* ECF Nos. 878-4, 877-4, 1202-3.  Those disputes were resolved well before the March 5, 2014 pretrial conference.  *See* ECF Nos. 1127, 1301.

On February 4, 2014, the parties filed case-narrowing statements pursuant to the Court's case management orders, limiting their asserted patent claims to five claims per side.  Samsung elected claims 1 and 15 of the '239 patent among its five claims.  *See* Samsung's Feb. 4, 2014 Case Narrowing Statement at 2 (ECF No. 1236).  However, at the March 5, 2014 pretrial conference, Samsung *sua sponte* indicated that it might voluntarily withdraw some asserted claims for trial and would do so by March 7.  *See* ECF No. 1411 at 6:14-24.

On March 7, 2014, the parties *sua sponte* filed a stipulation in which Samsung agreed to withdraw several asserted patent claims, including claim 1 of the '239 patent, leaving claim 15 as the only asserted claim of the '239 patent.  *See* ECF No. 1419.  On March 13, 2014, Samsung filed an "administrative motion" for additional claim construction of "means for transmission of said captured video over a cellular frequency" as recited in claim 15, requesting briefing and a hearing prior to trial, which will begin on March 31, 2014.  *See* ECF No. 1461.  Apple responded by contending that additional claim construction was not necessary in light of the Court's construction of claim 1, but requesting permission for a summary judgment motion and hearing regarding noninfringement of claim 15 should the Court construe the terms at issue.  *See* ECF No. 1465.  The parties agree that claim 15 presents a means-plus-function limitation and concur on the claimed function, but disagree about the scope of the corresponding structure.  The parties also disagree

Case No.: 12-CV-00630-LHK
ORDER CONSTRUING '239 PATENT CLAIM 15

United States District Court
For the Northern District of California

1   about whether Samsung previously waived its ability to assert equivalents (either means-plus-

2   function or under the doctrine of equivalents) for claim 15.

3   The Court allowed the parties to submit short briefs regarding claim construction and

4   Samsung's ability to amend its infringement contentions, but denied Apple's request for another

5   round of summary judgment briefing on the eve of trial.  *See* ECF No. 1470.  Samsung filed its

6   brief on March 19, 2014.  *See* ECF No. 1484 ("Samsung Br.").  Apple filed a response on March

7   21, 2014.  *See* ECF No. 1491 ("Apple Br.").

8   **II.     LEGAL STANDARDS**

9   As before, the Court construes patent claims as a matter of law based on the relevant

10  intrinsic and extrinsic evidence.  *See Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*,

11  No. 2012-1014 (Fed. Cir. Feb. 21, 2014) (en banc); *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed.

12  Cir. 2005) (en banc); *see also* Order at 2.  Claim construction of means-plus-function limitations

13  pursuant to 35 U.S.C. § 112(f) requires identifying the claimed function and the corresponding

14  structure for performing that function in the patent's disclosure.  *See Noah Sys., Inc. v. Intuit Inc.*,

15  675 F.3d 1302, 1311 (Fed. Cir. 2012); *see also* Order at 47.

16  "Amendment of the Infringement Contentions or the Invalidity Contentions may be made

17  only by order of the Court upon a timely showing of good cause."  Patent L.R. 3-6.  This Court's

18  rules have required the parties to give "early notice of their infringement and invalidity

19  contentions, and to proceed with diligence in amending those contentions when new information

20  comes to light in the course of discovery."  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467

21  F.3d 1355, 1365-66 (Fed. Cir. 2006).  Accordingly, determining whether "good cause" justifies

22  amendment of contentions in a particular situation depends on the amending party's diligence and

23  the degree of prejudice to other parties.  *See* Order Re: Samsung's and Apple's Mots. for Leave at

24  2-4 (ECF No. 636) (collecting cases).  "Only if the moving party is able to show diligence may the

25  court consider the prejudice to the non-moving party."  *Genentech, Inc. v. Trs. of the Univ. of Pa.*,

26  No. 10-CV-02037, 2011 U.S. Dist. LEXIS 108127, at *4 (N.D. Cal. Sept. 16, 2011).

27

28

Case No.: 12-CV-00630-LHK
ORDER CONSTRUING '239 PATENT CLAIM 15

## III.   DISCUSSION

### A.   Claim Construction

The only limitation at issue is "means for transmission of said captured video over a cellular frequency," recited in '239 patent claim 15.  Both claim 1, which the Court previously construed, and claim 15 are reproduced below for reference.

| Claim 1 | Claim 15 |
|---|---|
| 1. An apparatus for transmission of data, comprising: <br><br> a mobile remote unit including: <br>    a.) means for capturing, digitizing, and compressing at least one composite signal; <br>    b.) means for storing said composite signal; <br>    c.) means for transmitting said composite signal; <br><br> a host unit including: <br>    a.) means for receiving at least one composite signal transmitted by the remote unit; <br><br> a playback unit including: <br>    a.) means for exchanging data with said host unit; <br>    b.) means for storing the composite signal received by the host unit; <br>    c.) means for decompressing said composite signal. | 15. An apparatus for transmission of data, comprising: <br><br> a computer including a video capture module to capture and compress video in real time; <br><br> **means for transmission of said captured video over a cellular frequency**. |

Samsung and Apple agree that the contested phrase (bolded above) is a means-plus-function limitation under § 112(f), and that the claimed function is "transmission of said captured video over a cellular frequency."  *See* Samsung Br. at 1; Apple Br. at 1.  However, the parties identify different sets of corresponding structure:

| Claim Language | Samsung's Proposed Construction | Apple's Proposed Construction |
|---|---|---|
| "means for transmission of said captured video over a cellular frequency" | structure: "one or more modems connected to one or more cellular telephones or cellular radio transmitters" | structure: "one or more modems connected to one or more cellular telephones, and software performing a software sequence of initializing one or more communications ports on the remote unit, obtaining the stored data file, and transmitting the stored data file" |

4

Case No.: 12-CV-00630-LHK
ORDER CONSTRUING '239 PATENT CLAIM 15

1    Samsung Br. at 1.  Both constructions include the structure of "one or more modems connected to

2    one or more cellular telephones," but otherwise diverge.  There are two primary points of

3    disagreement: (1) whether the claimed structure also includes "cellular radio transmitters"

4    (Samsung's proposal), and (2) whether software of any kind is claimed (Apple's proposal).

5    The parties' prior dispute regarding claim 1 of the '239 patent provides some context for

6    this claim construction.  Previously, the Court construed the similar limitation in claim 1 of "means

7    for transmitting said composite signal" to mean "one or more modems connected to one or more

8    cellular telephones, telephone lines, and/or radio transmitters, and software performing a software

9    sequence of initializing one or more communications ports on the remote unit, obtaining the stored

10   data file, and transmitting the stored data file."  Order at 55-64.  Thus, the Court has already

11   determined that certain types of hardware *and* software from the specification correspond to

12   "means for transmitting" a signal.  *Id.*

### 1.    "Cellular Radio Transmitters"

14   Samsung, citing expert opinion, argues that the claimed structure must include "cellular

15   telephones <u>or cellular radio transmitters</u>" because a person of ordinary skill would have understood

16   that a cellular radio transmitter performs the transmission in a cellular telephone.  Samsung Br. at

17   1; Decl. of Prof. Dan Schonfeld (ECF No. 1484-1, "Schonfeld Decl.") ¶ 3.  Samsung also argues

18   that the doctrine of claim differentiation favors its definition.  Claim 16 depends from claim 15 and

19   recites "a cellular telephone."

| Claim 15 | Claim 16 |
|---|---|
| 15. An apparatus for transmission of data, comprising:<br><br>a computer including a video capture module to capture and compress video in real time;<br><br>**means for transmission of said captured video over a cellular frequency**. | 16. The apparatus of claim 15 wherein the means for transmission of said captured video over a cellular frequency includes;<br><br>at least two interfaces operating in conjunction with said computer;<br><br>**a cellular telephone connected to each said interface**. |

Generally, a dependent claim is construed to be narrower and distinct from its corresponding

independent claim.  *See InterDigital Commc'ns, LLC v. Int'l Trade Comm'n*, 690 F.3d 1318, 1324-

25 (Fed. Cir. 2012).  According to Samsung, claim 15's structure cannot be limited to cellular

5

1    telephones because claim 16 also recites "a cellular telephone," and claim differentiation requires

2    that the two claims be distinguishable.  *See* Samsung Br. at 2.

3         Samsung's positions are unpersuasive.  First, the intrinsic evidence does not support

4    Samsung's proposal.  As Apple points out, the phrase "cellular radio transmitter" appears nowhere

5    in the entire patent.  Also, if Samsung is correct that a cellular telephone necessarily comprises a

6    cellular radio transmitter, then Samsung's proposed language of "cellular telephones or cellular

7    radio transmitters" is superfluous.  Therefore, it would be incorrect to read the structure of "cellular

8    radio transmitters" into claim 15, for § 112(f) does not "permit incorporation of structure from the

9    written description beyond that necessary to perform the claimed function."  *Micro Chem., Inc. v.*

10   *Great Plains Chem. Co., Inc.*, 194 F.3d 1250, 1258 (Fed. Cir. 1999).

11        Nor do principles of claim differentiation require Samsung's construction.  Claim 16

12   specifies additional limitations not found in claim 15: "at least two interfaces" and "a cellular

13   telephone *connected to each interface*" (emphasis added).  These extra limitations differentiate

14   claim 16 from claim 15, and also require that a cellular telephone be connected to each interface,

15   which adds an additional restriction on cellular telephones that does not exist in claim 15.

16   Furthermore, this Court previously observed that "the presence of a dependent claim reciting a

17   structure does not override the requirements of § 112, ¶ 6."  Order at 48 (citing *Laitram Corp. v.*

18   *Rexnord, Inc.*, 939 F.2d 1533, 1538 (Fed. Cir. 1991)).  Here, as explained above, the specification

19   provides no basis for reading "cellular radio transmitters" into the claimed structure.

20        Samsung's unexplained delay also undermines its arguments—Samsung waited until less

21   than three weeks before trial and more than a year after claim construction briefing and the hearing

22   to take this new position.  Indeed, Samsung did not propose "cellular radio transmitters" in its

23   construction of the similar "means for transmitting" limitation in claim 1.  *See* Samsung's Opening

24   Claim Construction Br. at 22 (ECF No. 335); *see generally* Feb. 21, 2013 Tr. of Proceedings (ECF

25   No. 429).  Samsung's late efforts to construe claim 15 appear to be a last-ditch attempt to seek

26   reconsideration of the Court's construction of claim 1, which Samsung no longer asserts.

27        As to extrinsic evidence, the parties provide only brief expert declarations.  These opinions

28   are conclusory and provide little guidance.  Samsung's expert opines that a person of ordinary skill

United States District Court
For the Northern District of California

6

United States District Court
For the Northern District of California

1    would know that a cellular radio transmitter "is the actual hardware enabling transmission of

2    information" in a cellular telephone, but provides little support for this position.  Schonfeld Decl.

3    ¶ 3.  As explained above, even if all cellular telephones have cellular radio transmitters, then

4    Samsung's proposed construction is superfluous.  Apple's expert repeats portions of the

5    specification, noting for example the absence of "cellular radio transmitter" in the specification.

6    *See* Decl. of James Storer, Ph.D. (ECF No. 1491-2, "Storer Decl.") ¶¶ 10-11.  In short, neither

7    side's expert provides a dispositive opinion that alters the conclusion supported by the

8    specification—that "cellular radio transmitters" is not part of the required structure for transmission

9    of signals.

10         The parties appear to agree that claim 15's structure also excludes conventional telephone

11   lines and radio transmitters, which are structures that the Court included in its construction of the

12   similar limitation of "means for transmitting said composite signal" in claim 1.  The Court

13   construed that limitation in claim 1 to encompass "one or more modems connected to one or more

14   cellular telephones, telephone lines, and/or radio transmitters."  In doing so, the Court observed

15   that claim 1 does not restrict the type of frequency used for transmitting a signal, and the '239

16   patent's specification also discloses the use of land lines and radio transmissions, in addition to

17   cellular telephones.  Order at 57-59; *see also* '239 Patent col.2 ll.29-31 ("A further object is to

18   provide an apparatus that will transmit audio/video files for immediate broadcast over radio

19   frequencies, cellular telephone frequencies, or land telephone lines.").  By contrast, claim 15 limits

20   "means for transmission" to "over a cellular frequency."  Accordingly, neither party contends that

21   claim 15's structure comprises conventional telephone lines and radio transmitters.

22         In light of the foregoing, the hardware structure corresponding to "means for transmission

23   of said captured video over a cellular frequency" is properly construed as **"one or more modems

24   connected to one or more cellular telephones."**

25                    **2.        Software as Part of the Corresponding Structure**

26         Samsung argues that claim 15's structure should not be restricted to software of any kind

27   because software is not necessary for transmission of captured video.  Samsung Br. 3.  Although

28   the Court construed claim 1's "means for transmitting" to require software (Order at 64), Samsung

7

1    points out that claim 1 includes the terms "remote unit" and "host unit," and the specification

2    discusses transmission software only in the context of communication between a "remote unit" and

3    "host unit." *E.g.*, '239 Patent col.8 ll.23-25 ("Transfer software sequence B enables the remote

4    unit to communicate with the host unit to transmit a stored data file using the system hardware.").

5    Samsung contends that claim 15 is different because it "does not require transmitting from a

6    remote unit to a host unit," and therefore does not require software.  Samsung Br. 3.

7           Apple proposes that claim 15 be construed to require "software performing a software

8    sequence of initializing one or more communications ports on the remote unit, obtaining the stored

9    data file, and transmitting the stored data file."  Apple asserts that the '239 patent states that

10   software is necessary for any transmission, and that the "computer" of claim 15 corresponds to the

11   "remote unit" in the specification, such that the specification's discussion of transmission software

12   applies equally to claim 15.  *See* Apple Br. at 2.

13          The Court agrees that claim 15's means-plus-function structure requires software for the

14   same reasons that applied to claim 1.  As explained above, the Court previously determined that

15   claim 1's "means for transmitting" must include software because the specification teaches that a

16   software sequence is necessary for transmitting a signal in the context of the invention.  *See* Order

17   at 61-63.  Under the preferred embodiment, the '239 patent discloses that software is required for

18   transmission: "Transfer *software sequence B enables the remote unit* to communicate" and

19   "contains all of the instructions *necessary*" for communication.  '239 Patent col.8 ll.23-30

20   (emphases added); *see also id.* col.8 l.45 – col.10 l.2 (discussing "Transfer Software Sequence B"),

21   col.2 l.24 – col.3 l.14 ("Summary of the Invention"; "a computer program sequence . . . sends

22   [data] to one or more computer interfaces which transmit the data file").  Samsung is correct that

23   claim 15 does not recite a "remote unit" or "host unit," which appear in both claim 1 and the

24   specification.  However, Samsung fails to demonstrate that this difference shows that software is

25   unnecessary for "transmission" as recited in claim 15, or that the specification supplies any other

26   structure for performing an alternate type of transmission that does not involve a "remote unit" and

27   "host unit."  Indeed, the term "transmission" implies communication from one unit to another, and

28   the specification explains that software is necessary to enable such communication.  *E.g.*, *id.* col.8

8

United States District Court
For the Northern District of California

1    ll.25-30.  Samsung also suggests that "transmitting" (claim 1) and "transmission" (claim 15)

2    require different constructions (ECF No. 1461 at 3), but fails to explain why "transmitting"

3    involves software while "transmission" does not.  *See, e.g.*, *AIA Eng'g Ltd. v. Magotteaux Int'l S/A*,

4    657 F.3d 1264, 1275 (Fed. Cir. 2011) (construing "homogeneous solid solution" and

5    "homogeneous ceramic composite" as "synonymous").

6            Samsung next argues in the alternative that, if claim 15's structure is construed to include

7    software, the software "should be restricted solely to software to perform the claimed function,"

8    which "does not include initializing a communications port or obtaining the stored data file."

9    Samsung Br. at 4.  Accordingly, Samsung proposes the alternative construction of "software that

10   transmits the file."  *Id.*  Apple counters that the same software sequence for "initializing" and

11   "obtaining" in claim 1 is also necessary for "transmission" in claim 15.  *See* Apple Br. at 1.  Apple

12   also argues that claim 15's software requires a sequence for "obtaining the stored data file" because

13   the "captured video" recited in claim 15 must be a stored data file.  *Id.* at 1-3.  Apple points out that

14   the '239 patent applicants relied on creation of a data file to distinguish prior art.  *Id.*

15           The Court agrees in part with Apple.  Samsung provides no persuasive reasons why the

16   software sequence that the Court identified for claim 1 is not also required for claim 15.  The Court

17   previously explained in detail why the software sequence in claim 1 is necessary, not optional, for

18   transmitting a signal.  *See* Order at 61-62 ("[T]he other steps performed by software sequence B—

19   initializing communication ports, obtaining the stored data file, and transmitting the stored data

20   file—all appear to be necessary for any transmission . . . .").  Specifically, the written description

21   lists five software algorithms in "transfer software sequence B": "[1] initialize the communications

22   ports on the remote, [2] obtain a cellular connection with each cellular telephone to the host unit,

23   [3] obtain the stored data file, [4] initiate file splitting sequence C, and [5] transmit the split data

24   file."  '239 Patent col.8 ll.25-30.  However, not all five algorithms are necessary for transmission—

25   the step of "file splitting" need not occur, or may occur prior to transmission.  *E.g.*, *id.* col.3 ll.22-

26   23 ("In an alternate embodiment, a basic one, the signal is not divided before it is transmitted.");

27   *see* Order at 62.  Moreover, claim 17 depends from claim 15 and includes "means for splitting the

28   captured video into pieces for transmission," which further confirms that claim 15 does not require

9

Case No.: 12-CV-00630-LHK
ORDER CONSTRUING '239 PATENT CLAIM 15

United States District Court
For the Northern District of California

1   software for initiating file splitting.  By contrast, the steps of initializing the communications ports

2   and obtaining the data for transmission are required for the transmission process.  *See id.* at 62-63.

3          However, as explained above, claim 15 is limited to transmission "over a cellular

4   frequency," while claim 1 is not.  For claim 1, the Court previously concluded that the

5   specification's algorithm to "obtain a cellular connection with each cellular telephone to the host

6   unit" ('239 Patent col.8 ll.27-28) was not necessary structure because claim 1 encompasses

7   transmitting over telephone lines and radio transmitters, not just cellular telephones:

8          [T]he transmission may take place using a radio transmitter instead of a traditional
           phone or cell phone. Thus, the software algorithm of "obtain[ing] a cellular
9          connection with each cellular telephone" relates only to a particular embodiment of
           the invention using cell phones, and is not necessary for the embodiments using a
10         radio transmitter.

11  Order at 63.  Here, because claim 15 is limited to cellular frequencies, this software algorithm for

12  obtaining a cellular connection would be necessary for transmission "over a cellular frequency."

13  Therefore, the Court construes claim 15 to include this software algorithm.

14         The Court further disagrees with Apple's proposed construction because it includes terms

15  from claim 1 that do not appear in claim 15.  Apple proposes "software performing a software

16  sequence of initializing one or more communications ports on <u>the remote unit</u>, obtaining <u>the stored</u>

17  <u>data file</u>, and transmitting <u>the stored data file</u>" (emphases added).  However, neither "remote unit"

18  nor "stored data file" (or "storing") appears in claim 15:

| Claim 1 | Claim 15 |
|---|---|
| 1. An apparatus for transmission of data, comprising: | 15. An **apparatus for transmission of data**, comprising: |
| a mobile **remote unit** including:<br>  a.) means for capturing, digitizing, and compressing at least one composite signal;<br>  b.) means for **storing** said composite signal;<br>  c.) means for transmitting said composite signal; | a computer including a video capture module to capture and compress video in real time;<br><br>means for transmission of **said captured video** over a cellular frequency. |

Therefore, claim 15 provides no antecedent basis for either "the remote unit" or "the stored data

file."  *See Haemonetics Corp. v. Baxter Healthcare Corp.*, 607 F.3d 776, 782 (Fed. Cir. 2010)

(rejecting claim construction that ignored antecedent basis).

10

1    Where claim 1 states that the "means for transmitting" is included in a "mobile remote

2    unit," claim 15 recites that the "means for transmission" are included in "[a]n apparatus for

3    transmission of data."  Therefore, the "one or more communications ports" in Apple's proposed

4    construction must refer to ports in the claimed apparatus for transmission.

5    Claim 1 also includes "means for storing said composite signal," which does not appear in

6    claim 15.  Instead, claim 15 recites a computer with a video capture module "to capture and

7    compress video," with means for transmission of "said captured video."  Accordingly, the

8    information that is obtained and transmitted in claim 15 must be "said captured video."

9    Apple posits that "[t]he disclosed structure for 'captured video' is a stored data file."  Apple

10    Br. at 2.  Apple's argument is that the '239 patent applicants stated during prosecution that their

11    invention requires a stored data file because they distinguished a prior art reference on that basis:

12    "Thus, Gattis does not disclose the creation of a data file as required by Applicants' claims."  ECF

13    No. 1491-3 (Feb. 2, 1996 amendment, SAMNDCA630-00832606).  However, the excerpted

14    prosecution history also shows that the applicants were discussing then-pending claims 1 and 12,

15    and claim 12 specifically recited "a data file."  *Id.* (SAMNDCA630-00832605).  There is no

16    indication that the applicants were addressing claim 15 as issued or the term "said captured video."

17    Accordingly, the Court rejects Apple's prosecution history argument.

18    For the reasons above, the Court provides the following construction of the software

19    structure: **"software performing a software sequence of initializing one or more**

20    **communications ports on said apparatus, obtaining a cellular connection, obtaining said**

21    **captured video, and transmitting said captured video."**

22    **B.    Amendment of Samsung's Infringement Contentions for Claim 15**

23    In its motion requesting construction of claim 15, Samsung sought permission to argue

24    infringement under the doctrine of equivalents, if the Court did not adopt Samsung's proposed

25    construction.  *See* Samsung's Admin. Mot. for Limited Additional Claim Construction at 4 n.1

26    (ECF No. 1461).  In its claim construction brief, Samsung further clarifies that it wants to amend

27    its infringement contentions to assert equivalents under § 112(f) in addition to the doctrine of

28    equivalents.  *See* Samsung Br. at 5.  Apple responds that Samsung waived its right to amend when

Case No.: 12-CV-00630-LHK
ORDER CONSTRUING '239 PATENT CLAIM 15

*United States District Court*
For the Northern District of California

1      Samsung previously withdrew equivalents contentions for claim 15 and failed to seek additional

2      claim construction until the eve of trial.  *See* Apple Br. at 4-5.

3            Based on the parties' litigation conduct regarding infringement contentions (discussed

4      below), the Court concludes that Samsung had not preserved the right to assert equivalents (for

5      means-plus-function structure or the doctrine of equivalents) prior to its present request for

6      additional claim construction.  The parties have repeatedly litigated the proper scope of Samsung's

7      infringement contentions, and Samsung failed to assert its equivalents theories for claim 15 until

8      now, after *sua sponte* dropping claim 1 voluntarily from the case.

9            After the Court issued its claim construction Order, the parties moved for leave to amend

10     their respective infringement contentions.  On June 26, 2013, Judge Grewal granted and denied in

11     part Samsung's request to assert equivalents for the '239 patent.  *See* ECF No. 636.  Judge Grewal

12     rejected Samsung's general attempt to include the doctrine of equivalents for all asserted patents

13     and § 112(f) equivalents for all means-plus-function limitations not yet construed, finding that

14     Samsung did not have "good cause to add DOE and Section 112(f) equivalents theories" at that

15     time.  *Id.* at 5, 8.  Samsung concedes that it lost its attempt to assert equivalents for claim 15:

16     "Judge Grewal denied Samsung's amendments for claim 15 because Samsung's request was

17     'premature.'"  Samsung Br. at 5 & n.3.  However, Judge Grewal advised: "If and when Samsung

18     faces an adverse construction, it may seek leave to amend in light of that adverse construction."

19     ECF No. 636 at 8.

20           Meanwhile, Judge Grewal partially granted Samsung's specific request to assert both

21     § 112(f) equivalents and the doctrine of equivalents for the "means for transmitting" limitation in

22     claim 1 of the '239 patent because "the claim construction order provides good cause for the

23     proposed amendments," but did not permit Samsung to include the vague phrase "and/or other

24     processes."  *Id*. at 17-18.  Samsung specifically identified this limitation and presented arguments

25     as to why it should be allowed to adjust its contentions in response to the Court's claim

26     construction.  *Id.*

27           On November 5, 2013, both parties filed motions to strike certain infringement contentions.

28     ECF Nos. 877-4, 878-4.  On December 13, 2013, the parties submitted a joint chart of issues

Case No.: 12-CV-00630-LHK
ORDER CONSTRUING '239 PATENT CLAIM 15

United States District Court
For the Northern District of California

1   disputed in their motions to strike, noting that Apple's motion targeted Samsung's equivalents

2   arguments for claim 15.  ECF No. 1056 at 3, 4.  The chart also included the following agreement

3   on equivalents theories in light of Judge Grewal's June 26, 2013 Order:

> Both Apple and Samsung agree to withdraw all doctrine of equivalents and
> structural equivalents arguments under Section 112(f) in their respective expert
> reports that are subject of the parties' pending motions to strike. For clarity, Apple's
> motion to strike did not include and this agreement does not extend to the "means
> for capturing" and "means for transmitting" limitations that were subject to Judge
> Grewal's June 26, 2013 order. (Dkt. No. 636.) Subject to the resolution of Apple's
> pending Daubert motion, Samsung can argue both doctrine of equivalents and
> structural equivalents under Section 112(f) for these terms. This agreement does not
> preclude the parties from seeking leave to amend their infringement contentions to
> include doctrine of equivalents or structural equivalents arguments under Section
> 112(f) if the Court construes terms adverse to a party in the future.

10  *Id.* at 3 n.4.  Therefore, Samsung expressly withdrew all equivalents contentions—including those

11  for claim 15—other than the same two specific limitations in claim 1 of the '239 patent permitted

12  by Judge Grewal's June 26, 2013 Order.

13          While the June 26, 2013 Order and the parties' agreement allowed the parties to seek leave

14  to amend contentions in response to later claim constructions, Samsung has failed to demonstrate

15  that it exercised the necessary diligence to do so.  To obtain leave to amend, the moving party must

16  "proceed with diligence in amending those contentions."  *O2 Micro*, 467 F.3d at 1365-66; Patent

17  L.R. 3-6.  Here, Samsung has asserted claim 15 since before claim construction (*see* ECF No. 383

18  at 2-3 (Feb. 18, 2013)), but never requested construction of any terms until March 13, 2014—after

19  rulings on summary judgment, *Daubert*, and in limine motions; almost a year after the claim

20  construction Order; and less than three weeks before trial.  Between Judge Grewal's June 26, 2013

21  Order and Samsung's March 13, 2014 motion for additional claim construction, Samsung did not

22  seek claim construction for claim 15 or leave to assert equivalents theories.  *See, e.g.*, *Acer, Inc. v.*

23  *Tech. Props. Ltd.*, No. 5:08-CV-877, 2010 U.S. Dist. LEXIS 142472, at *17 (N.D. Cal. Sept. 10,

24  2010) (denying leave to amend infringement contentions; "Because TPL has not demonstrated

25  diligence, 'the inquiry should end.'" (citation omitted)).  Nor does Samsung identify any new

26  evidence that would justify this late request.  The fact that Samsung *sua sponte* voluntarily

27  withdrew claim 1 of the '239 patent does not permit Samsung to wholly revisit claim construction

28  and pose new infringement theories.

United States District Court
For the Northern District of California

13

United States District Court
For the Northern District of California

1    Furthermore, Samsung's belated tactics would now unfairly prejudice Apple and tax the

2    resources of the Court.  Jury selection will begin on Monday, March 31, 2014.  Instead of

3    narrowing the issues for trial, Samsung now seeks to expand them by introducing new

4    infringement theories.  Samsung contends that Apple faces no prejudice because both parties'

5    experts already opined on equivalents for claim 15.  *See* Samsung Br. at 5 n.3.  However, Apple

6    responds that it would "need to re-consider its exhibit list, and submit new jury instructions," and

7    that it relied on Samsung's withdrawal of its equivalents contentions for claim 15.  Apple Br. at 5

8    & n.7.  Samsung would almost certainly seek to revise its own proposed exhibits and jury

9    instructions in response to any changes that Apple makes.  Moreover, the Court has already ruled

10   on summary judgment, *Daubert* motions, and motions in limine.  With opening statements only

11   days away, the Court will not entertain new rounds of motions for leave to amend infringement

12   contentions, witness and exhibit lists, and jury instructions based on theories that Samsung could

13   have raised long ago.

14       For the foregoing reasons, Samsung's request for leave to amend its infringement

15   contentions to include equivalents theories for claim 15 is DENIED.

16   **IV.    CONCLUSION**

17       In summary, and for the reasons stated herein, the Court construes the relevant limitation of

18   '239 patent claim 15 as follows:

| Patent | Disputed Term | Court's Construction |
|---|---|---|
| 5,579,239 | "means for transmission of said capture video over a cellular frequency" | "one or more modems connected to one or more cellular telephones, and software performing a software sequence of initializing one or more communications ports on said apparatus, obtaining a cellular connection, obtaining said captured video, and transmitting said captured video." |

**IT IS SO ORDERED.**

Dated: March 28, 2014

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

14