UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, ) | Case No.: 12-CV-00630-LHK |
| ) | |
| Plaintiff and Counterdefendant, ) | ORDER DENYING SAMSUNG'S |
| ) | MOTION TO STRIKE PORTIONS OF |
| v. ) | DR. VELLTURO'S SUPPLEMENTAL |
| ) | EXPERT REPORT |
| SAMSUNG ELECTRONICS CO., LTD., a ) | |
| Korean corporation; SAMSUNG ) | **[PUBLIC REDACTED VERSION]** |
| ELECTRONICS AMERICA, INC., a New York ) | |
| corporation; and SAMSUNG ) | |
| TELECOMMUNICATIONS AMERICA, LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants and Counterclaimants. ) | |
| ) | |

Samsung moves to strike portions of Apple's February 17, 2014 Supplemental Expert Report of Christopher A. Vellturo, Ph.D. as untimely under Fed. R. Civ. P. 26 and contrary to this Court's prior rulings regarding off-the-market lost profits. *See* ECF No. 1420-3 ("Mot."). Apple filed an Opposition, and Samsung filed a Reply. *See* ECF Nos. 1438-3 ("Opp'n"), 1445. Having considered the briefing, relevant record, and applicable law, the Court DENIES the Motion for the reasons stated below.

1

## I. BACKGROUND

On February 4, 2014, the parties stipulated to exchange updated sales information for accused products, as well as "supplemental calculations of damages incorporating" that data. ECF Nos. 1235, 1239. On February 17, 2014, the agreed date for exchanging supplemental calculations, Apple served Dr. Vellturo's Supplemental Report addressing Apple's asserted damages. Samsung seeks to strike two aspects of Dr. Vellturo's Supplemental Report. First, Samsung argues that Dr. Vellturo's new analysis of Apple's off-the-market lost profits for the '647 patent contradicts this Court's ruling on damages in a prior case involving Apple and Samsung, No. 11-CV-1846-LHK. *See* Mot. at 2-5; *see also* Joint Pretrial Statement at 13-14, 22-23 (ECF No. 1336) (noting dispute). Second, Samsung attacks Dr. Vellturo's attempts to rely on certain new deposition testimony and sales information produced after his August 12, 2013 Opening Report. *See* Mot. at 2 n.1. Apple opposes.

## II. LEGAL STANDARDS

Samsung moves to strike pursuant to Fed. R. Civ. P. 26, contending that Apple failed to timely disclose Dr. Vellturo's opinions under Rule 26(a)(2). *See* Mot. at 3. As the moving party, Samsung bears the burden of showing a discovery violation has occurred. *See*, *e.g.*, *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, No. 06-CV-3359, 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008). Once Samsung satisfies that burden, it becomes Apple's burden to show that Apple's failure to comply with Rule 26 was either justified or harmless. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001).

## III. DISCUSSION

### A. Off-the-Market Lost Profits for the '647 Patent

On November 7, 2013, in a prior case involving Apple and Samsung, *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 5:11-CV-1846-LHK (N.D. Cal.) ("*Apple I*"), this Court addressed the parties' arguments about the proper timing for analyzing Apple's asserted off-the-market (or "blackout") lost profits—damages corresponding to times when Samsung was allegedly infringing but should have been unable to sell the accused products until Samsung had built non-

2

Case No.: 12-CV-00630-LHK
ORDER DENYING SAMSUNG'S MOTION TO STRIKE PORTIONS OF DR. VELLTURO'S SUPPLEMENTAL EXPERT REPORT

infringing alternatives. The issue presented was whether potential design-arounds must be considered beginning on the date of first infringement, or on the date when Samsung first received notice of infringement. *See* Order Re: Design Around Start Dates at 1-2, *Apple I* (N.D. Cal. Nov. 7, 2013) ("*Apple I* Order"). Under the circumstances that the parties presented in *Apple I*, the Court accepted Samsung's position and ruled that "one would need to begin the *analysis* at the date of first infringement to avoid arbitrarily ignoring actions the infringer could have taken in lieu of infringing." *Id.* at 5. That ruling reduced Apple's damages demand in *Apple I* by $305 million. *See* Opp'n at 4.

Turning to the present case, Samsung used the same arguments about design-around dates to restrict Apple's damages theories in this second litigation. On October 10, 2013, Samsung filed a *Daubert* motion to exclude Dr. Vellturo's opinions on off-the-market lost profits. *See* Samsung Mot. to Exclude Ops. at 13 (ECF No. 802-3). In his Opening Report on Apple's damages theories in this case, Dr. Vellturo analyzed off-the-market lost profits based on notice dates, not first infringement dates. *See* Opening Expert Rpt. of Christopher A. Vellturo, Ph.D. ("Vellturo Opening Rpt.") ¶ 306, Tbl. 4. For four of Apple's five asserted patents, the date of first infringement preceded the notice date. *See id.* By requiring Dr. Vellturo to analyze non-infringing alternatives at the earlier dates of first infringement instead of the later notice dates, Apple's lost profits recovery would drop by as much as $███████. Samsung Mot. to Exclude Ops. at 13 (ECF No. 802-3). In its *Daubert* motion to exclude Dr. Vellturo's initial opinions about blackout damages, Samsung wielded the same arguments about design-around dates that it asserted in *Apple I*: "Dr. Vellturo's failure to use the date of first infringement for his lost profits calculations is improper." *Id.* On February 25, 2014, the Court granted Samsung's *Daubert* motion to preclude Dr. Vellturo from using "notice dates rather than first-infringement dates in his lost profits analysis" because "this Court ruled in favor of Samsung on that issue" in *Apple I*. Feb. 25, 2014 Order at 2-3 (ECF No. 1326).

On February 17, 2014 (after the *Apple I* Order, and while Samsung's *Daubert* motion in the instant case was pending), Apple served Dr. Vellturo's Supplemental Report, which now includes

3

Case No.: 12-CV-00630-LHK
ORDER DENYING SAMSUNG'S MOTION TO STRIKE PORTIONS OF DR. VELLTURO'S SUPPLEMENTAL EXPERT REPORT

off-the-market lost profits calculations for the '647 patent using the date of first infringement. For the '647 patent, the current alleged date of first infringement (█████████) falls *after* the notice date (█████████). *See* Supplemental Expert Rpt. of Christopher A. Vellturo, Ph.D. ("Vellturo Supp. Rpt.") ¶ 5; Vellturo Opening Rpt. ¶ 306, Tbl. 4. Previously, Dr. Vellturo did not calculate such damages for the '647 patent because the notice date preceded infringement. *See* Vellturo Opening Rpt. ¶ 309. Now, by analyzing non-infringing alternatives on the first date of infringement instead of the earlier notice date, Dr. Vellturo opines that Apple is entitled to an additional $█████████ in off-the-market lost profits for the '647 patent. *See* Vellturo Supp. Rpt. ¶¶ 4-6; Mot. at 1.

Despite prevailing in the *Apple I* Order and in its *Daubert* motion in the instant case, Samsung now argues that Dr. Vellturo's new off-the-market lost profits calculations for the '647 patent should be stricken—even though they are based on design-around periods beginning on the first infringement date. According to Samsung, the *Apple I* Order does not require that design-arounds be analyzed at the date of first infringement if the notice date is earlier. Mot. at 4-5. However, Samsung maintains that the date of first infringement is still the appropriate date for Apple's four other patents for which the date of first infringement precedes the notice date. On the other hand, Apple contends that this Court has already held that design-arounds should be analyzed as of the first infringement date, and points out that Samsung advocated such a rule but now contradicts itself to reduce its potential damages exposure for the '647 patent. Opp'n at 2-4.

Samsung's arguments are unpersuasive. The Court concludes that Dr. Vellturo's supplemental opinions on blackout damages for the '647 patent are not inconsistent with the *Apple I* Order. In *Apple I*, this Court held that "potential design arounds ought to be considered as of the date of first infringement," based on the relevant dates and issues presented in that dispute. *Apple I* Order at 10. The Court applied the underlying reasoning of Federal Circuit precedent in concluding that "reconstructing the hypothetical market requires one to factor out infringement entirely," and that it is legally improper to "arbitrarily ignor[e] actions the infringer could have taken in lieu of infringing." *Id.* at 5. Specifically, in *Grain Processing Corp. v. American Maize-*

4

Case No.: 12-CV-00630-LHK
ORDER DENYING SAMSUNG'S MOTION TO STRIKE PORTIONS OF DR. VELLTURO'S SUPPLEMENTAL EXPERT REPORT

*Products*, the Federal Circuit addressed lost profits and stated that "a fair and accurate reconstruction of the 'but for' market also must take into account, where relevant, alternative actions the infringer foreseeably would have undertaken had he not infringed." 185 F.3d 1341, 1350-51 (Fed. Cir. 1999).

However, *Grain Processing* also confirmed that "[t]he critical time period for determining availability of an alternative is the period of infringement for which the patent owner claims damages, *i.e.*, the 'accounting period.'" *Id.* at 1353 (citation omitted). This is because the lost profits inquiry is based on what the patentee would have earned "had the Infringer not infringed." *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 377 U.S. 476, 507 (1964) (citation omitted); *see also Grain Processing*, 185 F.3d at 1349 ("To recover lost profits, the patent owner must show 'causation in fact,' establishing that 'but for' the infringement, he would have made additional profits." (citing *King Instruments Corp. v. Perego*, 65 F.3d 941, 952 (Fed. Cir. 1995)). Accordingly, the Federal Circuit has held that the relevant time frame for assessing lost profits (including the absence of non-infringing alternatives) is during the period of infringement, when the infringer made sales that would have otherwise gone to the patentee.

Contrary to these principles, Samsung now proposes a rule that would require analysis of potential design-arounds before the infringement period—in this case, on the notice date of ▮▮▮▮, which precedes the first infringement date of ▮▮▮▮▮▮ by over one year. *See* Vellturo Supp. Rpt. ¶ 5. Samsung provides no authority that requires assessing design-arounds before infringement even began, when no lost profits could have been available. Indeed, *Grain Processing* counsels that "[w]hen an alleged alternative is not on the market *during the accounting period*, a trial court may reasonably infer that it was not available as a noninfringing substitute at that time," and the infringer "then has the burden to overcome this inference by showing that the substitute was *available during the accounting period*." 185 F.3d at 1353 (emphases added). According to Apple's allegations, Samsung decided to infringe instead of designing around the '647 patent, despite receiving notice more than a year earlier. *See* Opp'n at 4. As a factual matter, Samsung may show that various non-infringing alternatives were developed before Samsung's first

5

Case No.: 12-CV-00630-LHK
ORDER DENYING SAMSUNG'S MOTION TO STRIKE PORTIONS OF DR. VELLTURO'S SUPPLEMENTAL EXPERT REPORT

infringement date and were available during the relevant accounting period. *See Apple I* Order at 5. However, Samsung provides insufficient justification for holding, as a matter of law, that a patentee's damages expert must consider non-infringing alternatives at a notice date that precedes the infringement accounting period.

Furthermore, under Samsung's current view, early notice of infringement would make it easier for an infringer to avoid liability for lost profits because the infringer could choose to infringe and later assert the availability of design-arounds at the earlier notice date, instead of the date it first infringed. Also, an infringer could be subject to potentially *greater* lost profits damages if it received notice *after* infringing, instead of before. Such a rule could create a disincentive for a patentee to provide early notice or for an accused infringer to pursue early non-infringing alternatives. Indeed, Samsung previously argued that early notice should be encouraged: "If Apple were right about the law, the statute intended to encourage early notice would reward *not* giving early notice." Samsung's Resp. to Apple's Statement Regarding Design Around Dates at 5, *Apple I* (ECF No. 2598). Samsung's current position regarding the '647 patent runs contrary to this principle.

Moreover, as Apple points out, Samsung vigorously argued that design-around periods must begin with the date of first infringement as a matter of law, but now retreats from that position to avoid lost profits liability for the '647 patent. *See* Opp'n at 2-4. In *Apple I*, Samsung insisted that the proper design-around date is the first infringement date, not the notice date. *See* Samsung's Mot. to Strike at 3-4, *Apple I* (ECF No. 2386) ("When calculating lost profits, courts look to whether noninfringing design arounds are available *starting on the date of first infringement*—even if it is earlier than the notice date."); Oct. 10, 2013 Tr. of Proceedings at 127:3-8, *Apple I* (ECF No. 2535) ("[F]or lost profits design around starts at the date of first infringement. It does not happen at the notice date."); Samsung's Resp. to Apple's Statement Regarding Design Around Dates at 2, *Apple I* (ECF No. 2598) ("Apple's Improper Methodology Is Contrary to Law"); Samsung's Statement Regarding the Court's Order, *Apple I* (ECF No. 2530).

Then, after obtaining a favorable ruling on this issue in *Apple I*, Samsung successfully moved in this case to exclude Dr. Vellturo's opinions in his Opening Report regarding off-the-market lost profits based on the notice dates for Apple's patents, without ever addressing a possible exception for the '647 patent. *See* Samsung's Mot. to Exclude Ops. at 13 (ECF No. 802-4) ("This is contrary to the law: when calculating lost profits, courts look to whether non-infringing design arounds are available *starting on the date of first infringement* – even if it is earlier than the notice date."); Samsung's Reply in Supp. of Mot. to Exclude Ops. at 9 (ECF No. 948-4) ("Apple's efforts . . . to justify Dr. Vellturo's design-around period for his lost profits calculation are contrary to the Court's recent ruling in NDCA I that, as a matter of law, the design-around period must commence on the date of the first infringement, not on the notice date.").

Neither party has timely raised this issue to the Court, for Apple did not supplement Dr. Vellturo's opinions for the '647 patent until February 17, 2014, more than three months after the *Apple I* Order. However, it is far too late for Samsung to reverse positions regarding design-around dates. Because Samsung has failed to provide a sufficient legal basis for excluding Dr. Vellturo's Supplemental Report in light of the *Apple I* Order, Samsung's motion to strike is DENIED with respect to opinions on off-the-market lost profits for the '647 patent.

### B. Reliance on Other Discovery

In a footnote, Samsung also seeks to preclude Dr. Vellturo from relying on (1) new depositions of Google employees, (2) new data about certain accused Apple products, and (3) adjustments to reasonable royalty calculations for time periods based on new Samsung product data. *See* Mot. at 2 n.1. Samsung fails to demonstrate that any of these updates are impermissible.

The parties plainly agreed to supplement their experts' damages calculations based on updated sales information. *See* ECF No. 1235 at 2 ("The parties agree to exchange supplemental calculations of damages incorporating Updated Financial Data . . . ."). Each of Dr. Vellturo's supplementations to which Samsung objects appears to fall within the scope of the parties' stipulation. Regarding depositions, Dr. Vellturo identifies two Google depositions that took place on August 16, 2013, shortly after his Opening Report, and reserves the ability to cite those

7
Case No.: 12-CV-00630-LHK
ORDER DENYING SAMSUNG'S MOTION TO STRIKE PORTIONS OF DR. VELLTURO'S SUPPLEMENTAL EXPERT REPORT

materials to "reinforce" his original opinions. *See* Vellturo Supp. Rpt. ¶ 28 & nn. 22, 23. Thus, Dr. Vellturo does not appear to introduce new opinions based on these materials, and the depositions that took place seven months ago cannot be a surprise to Samsung. As to new data about Apple products, Dr. Vellturo claims to update market share calculations "using methods previously disclosed" to account for new numbers, such as "exclud[ing] products for which I observe no unit sales by the end of 2013." *Id.* ¶¶ 21-25. Dr. Vellturo also updates his reasonable royalty conclusions about customers repurchasing smartphones based on Samsung's newly produced data. *See id.* ¶¶ 14-15. Samsung offers no explanation for why these updates would be impermissible uses of new data, particularly given Apple's representation that these changes actually *reduce* Apple's asserted damages. *See* Opp'n at 4 n.3. Accordingly, Samsung's motion to strike these modifications to Dr. Vellturo's Opening Report is DENIED.

## IV.   CONCLUSION

For the foregoing reasons, Samsung's motion to strike portions of Dr. Vellturo's Supplemental Report is DENIED.

**IT IS SO ORDERED.**

Dated: March 28, 2014

_____
LUCY H. KOH
United States District Judge