UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation )<br><br>Plaintiff, )<br><br>v. )<br><br>SAMSUNG ELECTRONICS CO., LTD., a )<br>Korean corporation; SAMSUNG )<br>ELECTRONICS AMERICA, INC., a New York )<br>corporation; and SAMSUNG )<br>TELECOMMUNICATIONS AMERICA, LLC, )<br>a Delaware limited liability company )<br>)<br>Defendants. )<br>) | Case No.: 12-CV-00630-LHK |

**PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)**

Dated: March 28, 2014

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

# 1. DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. Do not let personal likes or dislikes, opinions, prejudices, bias or sympathy influence your decision. Bias includes bias for or against any party or any witness based upon nationality, race, or ethnicity. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.1A (2007 Edition); Adapted from BAJI 1.00.

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

## 2.   WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

      1. the sworn testimony of any witness;

      2. the exhibits which are received into evidence; and

      3. any facts to which the lawyers have agreed.


**Source:** Ninth Circuit Model Civil Jury Instructions - 1.6 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

### 3.   WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.7 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

*United States District Court*
*For the Northern District of California*

## 4.  EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.8 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

## 5.  DIRECT OR CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.9 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

## 6.   RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.10 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

# 7.  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.11 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

United States District Court
For the Northern District of California

1

### 8.  IMPEACHMENT EVIDENCE--WITNESS

2

3

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

4

5

**Source**: Ninth Circuit Model Civil Jury Instructions - 2.8 (2007 Edition)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

**United States District Court**
For the Northern District of California

**9.   CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court. Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.12 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

**10. NO TRANSCRIPT AVAILABLE/TAKING NOTES**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.13, 1.14 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

# 11. STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

**Source**: Ninth Circuit Model Civil Jury Instructions - 2.2 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

## 12. DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**Source**: Ninth Circuit Model Civil Jury Instructions - 2.4 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

## 13. USE OF INTERROGATORIES OF A PARTY

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source**: Ninth Circuit Model Civil Jury Instructions - 2.10 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

**United States District Court**
For the Northern District of California

**14. EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source**: Ninth Circuit Model Civil Jury Instructions - 2.11 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

**15. FOREIGN LANGUAGE TESTIMONY**

Languages other than English may be used during this trial.

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know Korean, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

**Source**: Ninth Circuit Model Civil Jury Instructions - 2.7 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

**United States District Court**
For the Northern District of California

### 16. USE OF INTERPRETERS IN COURT

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.


**Source**: Ninth Circuit Model Civil Jury Instructions - 1.17 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

## 17. BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.18 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

**United States District Court**
For the Northern District of California

# 18. WHAT A PATENT IS AND HOW ONE IS OBTAINED

This case involves disputes relating to United States patents. Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what patents are and how they are obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO"). In general terms, a patent protects the way an article is used and works. It also protects a method or process of making or doing something.

A valid United States patent gives the patent owner the right to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, during the term of the patent without the patent holder's permission. A violation of the patent owner's rights is called infringement. The patent owner may try to enforce a patent against persons believed to be infringers by a lawsuit filed in federal court.

A patent includes what is called a "specification." The specification must contain a written description of the claimed invention telling what the invention is, how it works, how to make it and how to use it so others skilled in the field will know how to make or use it. The specification concludes with one or more numbered sentences. These are the patent "claims." When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

The process of obtaining a patent is called patent prosecution. To obtain a patent one must file an application with the PTO. The PTO is an agency of the federal government and employs trained examiners who review applications for patents. After the applicant files the application, a PTO patent examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claimed. In examining a patent application, the patent examiner reviews records available to the PTO for what is referred to as "prior art." The examiner also will review prior art if it is submitted to the PTO by the applicant. Prior art is defined by law, and I will give you at a later time specific instructions as to what constitutes prior art. However, in general, prior art includes things that existed before the claimed invention, that were publicly known, or used in a publicly accessible way in this country, or that were patented or described in a publication in any country. The examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious in view of the prior art. A patent lists the prior art that the examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the patent examiner then informs the applicant in writing what the examiner has found and whether any claim is patentable, and thus will be "allowed." This writing from the patent examiner is called an "office action." If the examiner rejects the claims, the applicant then responds and sometimes changes the claims or submits new claims. This process, which takes place only between the examiner and the patent applicant, may go back and forth for some time until the examiner is satisfied that the application and claims meet the requirements for a patent. The papers generated during this time of communicating back and forth between the patent examiner and the applicant make up what is called the "prosecution history." All of this material becomes available to the public no later than the date when the patent issues.

19

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent. For example, the PTO may not have had available to it all the information that will be presented to you. A person accused of infringement has the right to argue here in federal court that a claimed invention in the patent is invalid because it does not meet the requirements for a patent.

**Source**: Adapted from N.D. Cal. Model Patent Jury Instruction A.1.

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

**19.  PATENTS AT ISSUE**

There are seven patents asserted in this case.

Apple accuses Samsung of infringing United States Patent Nos. 5,946,647; 6,847,959; 7,761,414; 8,046,721; and 8,074,172. Patents are often referred to by their last three digits, so Apple's patents may be referred to in shorthand as the '647, '959, '414, '721, and '172 patents.

Samsung accuses Apple of infringing United States Patent Nos. 6,226,449 and 5,579,239. Samsung's patents may be referred to in shorthand as the '449 and '239 patents.

**Source**: Adapted from N.D. Cal. Model Patent Jury Instruction A.2.

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

**United States District Court**
For the Northern District of California

## 20.  SUMMARY OF PATENT CONTENTIONS

To help you follow the evidence, I will now give you a summary of the positions of the parties with respect to the patent claims.

The parties in this case are Apple, Inc., which we will refer to as "Apple" and Samsung Electronics Company Ltd., Samsung Electronics America Inc., and Samsung Telecommunications America LLC, which I will refer to collectively as "Samsung" unless I think it is important to distinguish between these entities for the purposes of a specific instruction. You must decide the case as to Samsung Electronics Company, Samsung Electronics America, and Samsung Telecommunications America separately regardless of whether I refer to them collectively as "Samsung" or individually. The case involves five United States patents owned by Apple and two United States patents owned by Samsung.

Apple filed this lawsuit against Samsung, seeking money damages from Samsung for allegedly infringing the '647, '959, '414, '721, and '172 patents by making, importing, using, selling and/or offering for sale the tablet and smartphone products that Apple argues are covered by claim 9 of the '647 patent, claim 25 of the '959 patent, claim 20 of the '414 patent, claim 8 of the '721 patent, and claim 18 of the '172 patent. Apple also argues that Samsung Electronics Company actively induced Samsung Electronics America Inc. and Samsung Telecommunications America LLC to infringe. Apple contends that Samsung's infringement has been willful.

Samsung denies that it has infringed the asserted claims of the '647, '959, '414 and '721 patents and argues that, in addition, the asserted claims are invalid. Invalidity is a defense to infringement.

Your duty for Apple's '172 patent is different from the other patents. The Court has already found that the Admire, Galaxy Nexus, Galaxy Note (excluding one release), Galaxy SII (excluding one release), Galaxy SII Epic 4G Touch (excluding one release), Galaxy SII Skyrocket (excluding one release), and Stratosphere infringe claim 18 of the '172 patent. You need only determine whether claim 18 is invalid.

Samsung has also brought claims against Apple for patent infringement. Samsung seeks money damages from Apple for allegedly infringing the '449 and '239 patents by making, importing, using, selling and/or offering for sale Apple's (1) certain iPhone and iPod touch products that Samsung argues are covered by claim 27 of the '449 patent; and (2) certain iPhone and iPad products that Samsung argues are covered by claim 15 of the '239 patent. Samsung also contends that Apple's infringement has been willful.

Apple denies that it has infringed the claims asserted by Samsung. Apple does not argue that Samsung's patents are invalid. Therefore, you need only determine whether the ' 449 and '239 patents are infringed and whether than infringement has been willful.

In this case, Apple does not contend that it practices the '414, '172, or '959 patents, and Samsung does not contend that it practices the '449 patent.

For each party's patent infringement claims against the other, the first issue you will be asked to decide is whether the alleged infringer has infringed the claims of the patent holder's patents. For Apple's patents, you will also be asked to decide whether those patents are valid. If you decide that any claim of either party's patents has been infringed and, for Apple's patents, is not invalid, you will then need to decide any money damages to be awarded to the patent holder to compensate it

for the infringement. You will also need to make a finding as to whether the infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you give. I will take willfulness into account later.

Before you decide whether either party has infringed the other's patents, or whether Apple's patents are invalid, you will need to understand the patent claims. As I mentioned, the patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's protection. It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

I have already determined the meaning of certain terms of the claims of some of the patents at issue. You will be asked to apply my definitions of these terms in this case. However, my interpretation of the language of the claims should not be taken as an indication that I have a view regarding issues such as infringement (except for Apple's '172 patent) and invalidity. Those issues are yours to decide. I will provide you with more detailed instructions on the meaning of the claims before you retire to deliberate your verdict.

**Source**: Adapted from N.D. Cal. Model Patent Jury Instruction A.3.

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK

United States District Court
For the Northern District of California

## 21. OUTLINE OF TRIAL

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin. Witnesses will take the witness stand and the documents will be offered and admitted into evidence. There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding. On some issues, you must decide whether something is more likely true than not. On other issues you must use a higher standard and decide whether it is highly probable that something is true.

Apple will start by presenting its evidence on its contentions that Samsung has infringed Apple's patents. Apple will also present its evidence that Samsung's infringement has been willful. These witnesses will be questioned by Apple's counsel in what is called direct examination. After the direct examination of a witness is completed, Samsung has an opportunity to cross-examine the witness. To prove infringement of any claim, Apple must persuade you that it is more likely than not that Samsung has infringed Apple's patents.

After Apple has presented its witnesses, Samsung will call its witnesses, who will also be examined and cross-examined. Samsung will present its evidence on its contentions that Apple has infringed Samsung's patents. Samsung will also present its evidence that Apple's infringement has been willful. To prove infringement of any claim, Samsung must persuade you that it is more likely than not that Apple has infringed Samsung's patents.

Samsung will also present its evidence that asserted claims of Apple's patents are not infringed and are invalid. To prove invalidity of any claim, Samsung must persuade you that it is highly probable that the claim is invalid.

Apple will then return and will put on evidence responding to Samsung's contention that the Apple patents are invalid. Apple will then present its evidence that asserted claims of Samsung's patents are not infringed.

Because the evidence is introduced piecemeal, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions. In other words, you should keep an open mind throughout the entire trial.

After the evidence has been presented, I will give you final instructions on the law that applies to the case, and the attorneys will make closing arguments. Closing arguments are not evidence. After the instructions and closing arguments, you will then decide the case.

**Source**: Adapted from N.D. Cal. Model Patent Jury Instruction A.5.

PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)
5:12-cv-00630-LHK