| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | WILLIAM F. LEE |
| jkrevitt@gibsondunn.com | william.lee@wilmerhale.com |
| H. MARK LYON (CA SBN 162061) | WILMER CUTLER PICKERING |
| mlyon@gibsondunn.com | HALE AND DORR LLP |
| GIBSON, DUNN & CRUTCHER LLP | 60 State Street |
| 1881 Page Mill Road | Boston, MA 02109 |
| Palo Alto, CA 94304-1211 | Telephone: (617) 526-6000 |
| Telephone: (650) 849-5300 | Facsimile: (617) 526-5000 |
| Facsimile: (650) 849-5333 | |
| | |
| HAROLD J. McELHINNY (CA SBN 66781) | MARK D. SELWYN (SBN 244180) |
| hmcelhinny@mofo.com | mark.selwyn@wilmerhale.com |
| JAMES P. BENNETT (CA SBN 65179) | WILMER CUTLER PICKERING |
| jbennett@mofo.com | HALE AND DORR LLP |
| JACK W. LONDEN (CA SBN 85776) | 950 Page Mill Road |
| jlonden@mofo.com | Palo Alto, California 94304 |
| RACHEL KREVANS (CA SBN 116421) | Telephone: (650) 858-6000 |
| rkrevans@mofo.com | Facsimile: (650) 858-6100 |
| RUTH N. BORENSTEIN (CA SBN 133797) | |
| rborenstein@mofo.com | |
| ERIK J. OLSON (CA SBN 175815) | |
| ejolson@mofo.com | |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, California 94105-2482 | |
| Telephone: (415) 268-7000 | |
| Facsimile: (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.   12-cv-00630-LHK |
| Plaintiff, | **APPLE'S RESPONSE TO SAMSUNG'S OBJECTION TO APPLE'S PROPOSED VERSION OF FEDERAL JUDICIAL CENTER PATENT INSTRUCTIONAL VIDEO** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

In November 2013, the Federal Judicial Center ("FJC") updated its instructional video for jurors in patent cases (*The Patent Process: An Overview for Jurors*) for the first time in 11 years. That updated, shorter video (narrated by Judge Fogel)—which the FJC explains was "carefully crafted, in consultation with judges and members of the bar, to present a balanced view of the patent process" (SBr. at 1)—covers much of the same subject matter as the prior 2002 FJC video, along with other new material as well.  For example, the updated video describes the new PTO filing and prosecution processes that occur using electronic-based systems, it more clearly and succinctly explains how to read a patent,[1] and it reflects significant changes that have occurred over the last decade with respect to the number of patent applications the PTO receives (300,000 versus 600,000) and grants (150,000 versus 270,000) each year.  This new material would help jurors better understand the patenting process and their role in this complex patent litigation.

In its brief, Samsung says nothing about these helpful, updated aspects of the new FJC video.  Instead, it contends that the Court should show the jury the older 2002 version of the FJC video solely because the updated video contains five scenes that briefly depict Apple products.  That request should be rejected for two reasons.

*First*, Samsung's motion creates the impression that the only commercially-branded products appearing in the updated FJC video are Apple products.  But the video contains ***dozens*** of other scenes showing commercial products (some for more than a minute)—in courtrooms or being used by engineers, PTO employees, and others—that bear the names and logos of at least seven other companies, including at least two scenes showing ***Samsung products***.  (*See* 2013 FJC Video at 3:48, 3:59 (Samsung), 3:39, 9:22, 10:06, 10:23, 11:40, 12:59, 14:53 (NEC), 4:18, 5:15, 6:55, 8:36, 8:48, 11:48, 13:49 (Dell), 5:59, 9:19, 9:22, 10:06, 12:59 (Microsoft), 10:18 (Google), 3:51 (HP), 12:59, 14:46, 14:53 (Cisco).)  The brief display of Apple products, amongst

---

[1] As one example, unlike the 2002 FJC video, which merely tells jurors where the patent number, title, and other information is located, and refers jurors to their binder for more details (*see* 2002 FJC video starting at 5:24 and 13:00), the 2013 FJC video actually shows the relevant information on the patent, which permits jurors to more easily follow along (*see* 2013 FJC video starting at 6:34 and 13:09).

1  these dozens of other commercial products, alone is insufficient to show any undue prejudice to
2  Samsung.[2]  Yet, Samsung's logic essentially would preclude Apple, and the many other
3  companies whose products appear, from playing the updated FJC video in *any* litigation.
4      *Second*, nor is there anything prejudicial about the five scenes involving Apple products,
5  which merely show the products without mentioning them or Apple in any way.  For example,
6  the first scene referenced in Samsung's brief (starting at 2:55) quickly displays what may be an
7  Apple laptop, tablet, and smartphone; but Apple's name and logo are not visible anywhere on the
8  products.  Samsung also complains about four other scenes showing someone using an Apple
9  laptop in connection with a discussion of the patent application process.  But the video (starting
10 at 11:22) later shows the same individual using the same Apple laptop during a discussion about
11 what happens when the PTO *rejects* an application based on grounds of an "insufficient or
12 unpatentable" invention—a scene that Samsung fails to describe in its motion because it affirms
13 that the updated FJC video does not attribute any special importance to Apple products or users
14 of those products.
15     In the end, Samsung has not shown that there is anything prejudicial about the updated
16 FJC video sufficient to deprive the jury in this case of that more current, streamlined, and helpful
17 presentation concerning patents and the modern patenting process.  Accordingly, Samsung's
18 objection should be overruled.

Dated:  March 29, 2014

WILMER CUTLER PICKERING
  HALE AND DORR LLP

*/s/* Mark D. Selwyn  _
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
950 Page Mill Road
Palo Alto, CA  94304

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

---

[2]   Of course, Apple does not intend to call any attention to its products appearing in the video, and expects that Samsung would similarly refrain from calling attention to its own products in the video as well.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on March 29, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

>*/s/* Mark D. Selwyn
>Mark D. Selwyn