JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK<br><br>**APPLE'S OBJECTIONS AND RESPONSES TO OBJECTIONS REGARDING THOMAS DENIAU AND JAMES MILLER** |

# APPLE'S OBJECTIONS TO SAMSUNG'S DISCLOSURES

## A. THOMAS DENIAU

Apple did not make any High Priority Objections to the cross-examination materials disclosed by Samsung for Mr. Deniau.

## B. JAMES MILLER

**DX338.** DX338 purports to be a 27-page article from 1992 written by Eric Bier of Xerox. Apple objects to Samsung's use of DX338 with Dr. Miller because he lacks personal knowledge of the article. Samsung therefore may not lay a foundation for the admission of DX388 (FRE 602) or establish its authenticity (FRE 901) through Dr. Miller.

**DX339.** DX339 purports to be an agenda for a 1991 conference attended by Dr. Miller. Samsung intends to rely on DX339 to suggest that Dr. Miller was aware of a prior art article that was presented during that conference, but which was not provided to the Patent Office during the prosecution of the '647 patent (Dr. Miller is an inventor of the '647 patent). However, because Samsung has not asserted an inequitable conduct defense to the '647 patent, DX339 is irrelevant under FRE 402 to any issue in this case. In addition, absent an inequitable conduct claim, there is a high risk of juror confusion and unfair prejudice to Apple resulting from any suggestion by Samsung that Dr. Miller was aware of alleged prior art that was not disclosed to the Patent Office. This also warrants exclusion of DX339 under FRE 403.

**SDX2326.** SDX2326 is one of eight Samsung demonstratives (SDX2320-2327) that purport to compare PX106 to a document (APL794-A0000020866-874) that is not identified on either party's exhibit list. Earlier this week, the Court sustained Apple's objection to Samsung's use of proposed cross-examination exhibits that are not on the parties' trial exhibit lists. (Dkt. 1554 at 1.) The Court denied Samsung's motion to reconsider this ruling at the conclusion of the first day of trial. (*See* Trial Tr. at 265-67.) Samsung's attempt to include an undisclosed exhibit on a demonstrative slide—rather than identifying the document as a cross-examination "exhibit"—is no more than a thinly-veiled attempt to circumvent this Court's prior ruling.

Apple also objects to SDX2326 on FRE 403 grounds. As explained below in Apple's response to Samsung's objection to PX106, and during Apple's opening statement (Trial Tr. at

320-22), Apple is offering PX106 to show Samsung's copying of material from Dr. Miller's website.  The comparison of PX106 to APL794-A0000020866-874 is therefore irrelevant to the use that Apple will make of PX106 at trial.  Any probative value would be minimal and substantially outweighed by the unfair prejudice and juror confusion that would result from comparing PX106 to an undisclosed exhibit that will not be in evidence.

**APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS**

A.   <u>THOMAS DENIAU</u>

**PX109.**  Samsung objects to PX109 on FRE 701 grounds (improper expert opinion from a fact witness).  However, Mr. Deniau will not offer expert testimony regarding the Apple products that comprise PX109 (or on any other issue).  Apple disclosed Mr. Deniau in its interrogatory responses as the "individual with primary responsibility" for data detectors at Apple (s*ee* Declaration of Ruth N. Borenstein Ex. 1 at 50:13-19), and Samsung deposed Mr. Deniau at length regarding his work with data detectors at Apple.  He will testify regarding facts of which he has personal knowledge, including facts demonstrating the manner in which Apple implements data detectors in its products.

**PX240.**  Apple has withdrawn this document from its disclosures for this witness.

B.   <u>JAMES MILLER</u>

**PX106.**  The Court overruled Samsung's objections to PX106 in connection with the objections briefing for the parties' opening statements, and the same result should apply here. (*See* Dkt. 1516-03 at 4 (Samsung objection "J" (PX106); Dkt. 1541 (overruling objection "J").) PX106 shows the text of an early version of an article co-authored by Dr. Miller, a named inventor on Apple's asserted '647 patent, which discusses the "data detector" technology that led to the filing of that patent.  Apple plans to elicit testimony that Dr. Miller posted this article to his personal website, and as Apple told the jury in its opening statement, Samsung "simply cut and pasted the illustration from [PX 106] into its own roadmap" document.  (*See* Trial Tr. at 320-22 (comparing PX 106 and PX 107).)  Thus, PX 106 is highly probative evidence of Samsung's copying, and Samsung's relevance objection should be overruled once again.

Samsung's hearsay objection also should be overruled (again), for similar reasons.  Apple

1  plans to introduce PX106 through Dr. Miller for the non-hearsay purpose of establishing that Dr.
2  Miller posted the draft article to his website, where it was publicly accessible. This purpose does
3  not rely on the truth of the matters asserted in PX106. Apple will then establish through other
4  witness(es) that Samsung copied a portion of this article from Dr. Miller's website.

5  **Witness Objection.** There is no basis for Samsung's objection to the scope of Dr.
6  Miller's testimony. Dr. Miller is a lay witness, and he is not being called to offer "opinions" on
7  the scope of the '647 patent. Rather, Dr. Miller will testify as to the facts regarding what he
8  invented and how he made that discovery. Samsung also cannot exclude Dr. Miller's factual
9  testimony about his invention based on a claim that he somehow "disclaimed" such knowledge
10 during his deposition. To the extent that Samsung believes Dr. Miller's trial testimony is
11 inconsistent with his deposition testimony, Samsung may address that through cross-
12 examination. At most, Samsung's objection goes to the weight of Dr. Miller's testimony, not
13 its admissibility.

14 **SEALING OF EXHIBITS DISCLOSED FOR DENIAU AND MILLER**

15 Apple is not moving to seal any of the exhibits, demonstratives or discovery responses
16 identified by the parties for the examination of these witnesses. Although a discovery response
17 listed by Samsung for use with Mr. Deniau does include Apple confidential information, the
18 parties met and conferred and agreed upon a revised version of the document for use during Mr.
19 Deniau's examination that omits the confidential information, obviating the need for Apple to
20 file a motion to seal.

22 Dated: April 2, 2014                    MORRISON & FOERSTER LLP

24                                         By:  /s/ Rachel Krevans
                                                Rachel Krevans
25
                                                Attorneys for Plaintiff
26                                              APPLE INC.