JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   12-cv-00630-LHK<br><br>**APPLE INC.'S MOTION FOR PERMISSION TO PRESENT EVIDENCE THAT APPLE PRACTICES THE '414, '172, AND '959 PATENTS AND CURATIVE INSTRUCTIONS** |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Apple Inc. ("Apple") shall and hereby does move the Court, pursuant to Civil Local Rule 7, for permission to present testimony and evidence demonstrating that Apple practices the asserted patents and curative instructions on the grounds that Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Telecommunications America, LLC (collectively, "Samsung") made prejudicial and false statements during opening statements that have unfairly prejudiced Apple.

This motion is based on this notice of motion and supporting memorandum, the supporting Declaration of Erik J. Olson, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Apple seeks an Order permitting Apple to present testimony and evidence demonstrating that Apple has practiced and continues to practice the '414, '172, and '959 patents in order to correct the false impressions created by Samsung's counsel. Apple also requests that the Court recognize Apple's continuing objection to any further misleading or false statements by Samsung. And Apple asks the Court to issue curative instructions, both now and with the final jury instructions, to curtail the harm and prejudice caused by Samsung's improper statements to the jury.

Dated: April 3, 2014                    */s/ Harold J. McElhinny*
                                         Harold J. McElhinny

**MEMORANDUM**

**I.     INTRODUCTION**

During opening statements, Samsung's counsel repeatedly made irrelevant, misleading, and even untrue statements that have undoubtedly caused the jury to form impressions that are highly prejudicial to Apple. Over and over again, Samsung's counsel represented that Apple has never practiced the '414, '172, and '959 patents—even though, as Samsung knows, Apple has sold and continues to sell products that use each of Apple's asserted patents. The Court's order limiting Apple's ability to contend that it practices the '414, '172, and '959 patents at trial does not (and cannot) permit Samsung to affirmatively present false factual statements to the jury; but now that Samsung has done precisely that, Apple should be permitted to respond with testimony and evidence demonstrating that Apple practices those patents. Samsung's counsel also improperly suggested to the jury that it should consider the fact that Apple may seek permanent injunctive relief—which is irrelevant to the issues that the jury is being asked to decide and extremely prejudicial to Apple. And finally, Samsung's counsel misrepresented the Federal Circuit's preliminary injunction decision in a way that, again, is highly prejudicial to Apple.

Samsung's repetition of these misleading and untruthful statements has unfairly prejudiced Apple at the outset of the trial. As set forth below, Apple requests that the Court: (1) permit Apple to present testimony and evidence demonstrating that Apple has practiced and continues to practice the '414, '172, and '959 patents in order to correct the false impressions created by Samsung's counsel; (2) recognize Apple's continuing objection to any further misleading or false statements by Samsung; and (3) issue curative instructions, both now and again with the final jury instructions, to curtail the harm and prejudice caused by Samsung's improper statements to the jury.

**II.    ARGUMENT**

    **A.     Samsung's False Statements Regarding Whether Apple Practices The '414, '172, And '959 Patents Are Highly Prejudicial To Apple And Require Curative Action.**

Apple has sold and continues to sell products that include embodiments of all five

1  patents that Apple is asserting at trial.  In connection with the case narrowing proceedings in
2  this case, however, the Court has ordered that Apple may not tell the jury that it practices the
3  '414, '172, and '959 patents.  More specifically, in granting Samsung's Motion *in Limine* #2,
4  the Court ordered that:

> Apple may present the invention story of [the '414, '172, and '959] patents, but *may not contend* that it practices the patents.  Apple may not rebut any Samsung contention that Apple products constitute an acceptable non-infringing alternative to the '414, '172, or '959 Patents by contending that Apple practices an unasserted or asserted claim of the '414, '172, or '959 Patents.

9  (Dkt. 1398 at 3 (emphasis added).)  Following that order, the parties filed a joint submission on
10 jury instructions, which proposed an instruction that "[i]n this case, **Apple does not contend**
11 that it practices the '414, '172, and '959 patents." (Dkt. 1418 at 1 (emphasis added).)  The
12 Court's final preliminary jury instructions accordingly stated that "[i]n this case, **Apple does not**
13 **contend** that it practices the '414, '172, or '959 patents." (Dkt. 1542 at 22 (emphasis added).)

14      Although Apple has sold in the past and continues to sell products that practice the '414,
15 '172, and '959 patents,[1] Apple has complied with the Court's order by not telling the jury
16 during opening statements that it practices those patents.  Apple expected that Samsung would
17 also comply with the Court's order during trial and would state, at most, that Apple does not
18 contend that it practices the '414, '172, and '959 patents or that the jury would see no evidence
19 that Apple practices those patents.

20      Samsung, however, has flouted the Court's ruling by making false statements to the jury
21 regarding whether Apple has ever practiced the asserted patents.  During opening statements,
22 Samsung's counsel told the jury that:

> ***Apple admits, the judge has instructed you***, I'm sure it went past you because it was so quick, the preliminary instructions and Mr. McElhinny acknowledged it, ***Apple admits that three of the five patent claims that it is suing on were not in that iPhone and have never been in any iPhone since***.  Apple doesn't consider it valuable enough to even use.

---

[1] *See* Olson Decl., Ex. 2, Cockburn Expert Report ¶¶ 470-473 ('172 patent); Olson Decl., Ex. 3, Snoeren Expert Report ¶¶ 360-367, 525-528 ('959 and '414 patents).

(Olson Decl., Ex. 1, 4/1/14 Trial Tr. 353:6-12 (emphases added).)  In particular, Samsung's counsel said to the jury that "the judge has instructed" and "Apple admits" that Apple has never practiced three of the five asserted claims—even though the Court gave no such instruction and Apple made no such admission.

To make matters worse, Samsung's counsel repeatedly told the jury that Apple affirmatively does not practice the '414, '172, and '959 patents and has never used those patents in Apple's own products:

- "The way you know that Apple thinks that's a nuisance, because *in the iPhone, they don't use that ['172] patent, never have.  Have never used it.  The iPhone does it differently*."  (*Id.* at 386:17-19 (emphasis added).)

- "So in other words, the survey participants are told, 'you either use Apple's ['414] patent' which, again, this is another one, *Apple doesn't use this, it's not in any iPhone, never has been* …."  (*Id.* at 391:3-5 (emphasis added).)

- "But, again, this search capability that, you know, they claim to have a ['959] patent on, *it's not something that they have ever used.  It's never been done on the iPhone.*"  (*Id.* at 401:22-24.)

- "*iPhone doesn't even use four out of these five features.*"  (*Id.* at 357:18 (emphasis added).)

- "Even though most of these patent claims are not valuable enough for Apple to use itself, it claims that Android uses them and that this causes customers to buy Samsung phones.  And if Samsung didn't have these features, they'd sell more Apple phones even though *a customer looking for four of five of these features couldn't find them in an Apple phone, they don't use them*."  (*Id.* at 359:6-12 (emphasis added).)

- "So what are the damages that Apple seeks for use of its own particular form of word correction, *which it doesn't even use* …?"  (*Id.* at 386:25-387:2.)

- "*Apple itself doesn't even use four of the five.  They agree as to three.*  We have to prove to you the fourth, the slide to unlock.  *You can't get those features by buying an Apple product.  They're not in a product.  They don't use them.*"  (*Id.* at 413:22-414:1.)

Samsung's statements to the jury go far beyond what the Court ordered and the parties stipulated to—namely, that Apple would not contend that it practices the '414, '172, and '959 patents.  Even worse, the repeated statements made by Samsung's counsel during opening statements are demonstrably false because many of Apple's past and current products do, in fact, practice Apple's patents.  Apple did not, could not, and would not have stipulated that it does not practice the '414, '172, and '959 patents because such a stipulation would have been

untrue. *See Darwish v. Tempglass Grp.*, Inc., 26 F. App'x 477, 480 (6th Cir. 2002) ("'[P]arties [cannot] stipulate to patently untrue facts.'" (second alternation in original; quoting *FDIC v. St. Paul Fire & Marine Ins. Co.*, 942 F.2d 1032, 1038 n.3 (6th Cir. 1991))). Indeed, the Court would have had an obligation to reject such a false proposed jury instruction. *See Dillon, Read & Co. v. United States*, 875 F.2d 293, 300 (Fed. Cir. 1989) (a trial court "has a duty to reject stipulations which are demonstrably false").

In just the first day of trial, Samsung has deliberately used the Court's order limiting the scope of what Apple may contend at trial to create the knowingly false impression that Apple does not practice—and has never practiced—the '414, '172, and '959 patents. That false impression, which Samsung's counsel repeated over and over again, has unfairly prejudiced Apple. Accordingly, Apple seeks the following relief to reduce the harm caused by Samsung's repeated prejudicial statements.

> **1. Apple should be permitted to present testimony and evidence demonstrating that it practices and has previously practiced the '414, '172, and '959 patents.**

Apple should be permitted to present evidence that it does, in fact, practice the '414, '172, and '959 patents in order to rebut the false impression created by Samsung's repeated statements to the jury. Although the Court previously excluded such evidence, under the curative admissibility rule, previously excluded evidence may be permitted when the opposing party has opened the door by introducing evidence on the same issue or "when it is needed to rebut a false impression that may have resulted from the opposing party's evidence." *Henderson v. George Wash. Univ.*, 449 F.3d 127, 140-141 (D.C. Cir. 2006) (finding abuse of discretion where the trial court did not permit the introduction of previously excluded evidence when the opposing party "opportunistically used [the prior exclusion] ruling not only to shield themselves from potentially damaging evidence, but also to use it as a sword to slice through the foundation of much of appellant's case"); *see also United States v. Sine*, 493 F.3d 1021, 1037 (9th Cir. 2007) ("[T]he 'opening the door' principle allows parties to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission."); *United States v. Rosa*, 11 F.3d 315, 335 (2d Cir. 1993) (otherwise inadmissible

evidence can be admitted "when it is needed to rebut a false impression that may have resulted from the opposing party's evidence"). Apple accordingly requests that the Court permit Apple to introduce testimony and evidence demonstrating that Apple currently practices—and has in the past practiced—the '414, '172, and '959 patents.[2]

### 2. Apple requests a continuing objection to any false or misleading statements regarding Apple's practice of the '414, '172, and '959 patents.

Apple also requests a continuing objection to any misleading statements regarding Apple's practice of the '414, '172, and '959 patents. For the reasons discussed above, Apple objects to any argument, testimony, or evidence from Samsung suggesting that Apple does not actually practice—or has never practiced—the '414, '172, and '959 patents. Apple asks the Court to recognize a continuing objection from Apple to any such argument, testimony, or evidence presented by Samsung for the remainder of the trial.

### 3. Apple requests a curative instruction.

Finally, the Court should issue a curative instruction to the jury—both now and with the final jury instructions. Samsung's repeated statements suggesting that Apple does not practice the '414, '172, and '959 patents have no doubt already caused the jury to form the false impression that Apple does not practice and has never practiced its own patents. To minimize the unfair prejudice to Apple caused by Samsung's misleading statements, Apple requests that the Court provide the jury with the following curative instruction:

> Whether a party practices its own patents is not relevant to the issues of infringement and validity that you will be asked to decide in this case. I have previously instructed you that Apple does not contend that it practices the '414, '172, or '959 patents, and that Samsung does not contend that it practices the '449 patent. To the extent Samsung has suggested that Apple does not in fact practice the '414, '172, and '959 patents, those statements are not true. They are stricken from the record and you should disregard them.

---

[2] Samsung apparently agrees that the parties should be permitted to present evidence to rebut the other party's arguments that its products do not practice the asserted patents. In the Joint Amended Pretrial Statement, Samsung identified the following issue: "Whether Apple should be allowed to argue that Samsung's products do not practice the '449 patent and, if so, whether Samsung should be allowed to present argument and evidence its products do practice the patent." (Dkt. 1455-1 at 12.)

### B. Samsung's Reference To The Possibility Of A Permanent Injunction Was Extremely Prejudicial To Apple And Warrants A Curative Instruction.

There is no legitimate reason for Samsung to discuss the possibility of permanent injunctive relief during this trial on liability and damages. Nevertheless, Samsung's counsel made the following remark to the jury during opening statements:

> Yet Apple is here literally seeking billions of dollars for particular software configurations that are under the hood in the phone that most consumers are not even aware that it's there, and they want to take that big number not only to the bank, not only to the bank, ***but to get an order saying that none of these phones can be sold in the United States anymore***.

(Olson Decl., Ex. 1, 4/1/14 Trial Tr. 358:19-24 (emphasis added).)

The Supreme Court has recognized "the well-established principle that a jury is to base its verdict on the evidence before it, without regard to the possible consequences of the verdict." *Shannon v. United States*, 512 U.S. 573, 576 (1994); *see also id.* at 579 ("Information regarding the consequences of a verdict is therefore irrelevant to the jury's task."). That rule "is a reflection of the basic division of labor in our legal system between judge and jury." *Id.* Equitable remedies—like injunctive relief—are the exclusive province of the court and should not influence the jury's decision on the merits of the case.

Consistent with the Supreme Court's guidance, district courts—including in several patent cases—have repeatedly precluded the parties from mentioning to the jury the possibility of post-trial permanent injunctive relief. *See, e.g.*, *Broadcom Corp. v. Emulex Corp.*, No. 09-1058, Dkt. 770 at 2 (C.D. Cal. Aug. 10, 2011) (excluding any reference to the jury about the possibility of permanent injunctive relief in a patent case); *Ciena Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526, 529 (D. Del. 2005) (patent defendant precluded from "refer[ring] to the injunctive remedy in the presence of the jury"); *Computer Assoc. Int'l, Inc. v. American Fundware, Inc.*, 831 F. Supp. 1516, 1530 (D. Colo. 1993) (granting motion *in limine* to exclude reference to claim for injunctive relief in the jury's presence because "[the Court] will determine, if necessary, whether to enjoin AFW's distribution of PC-Fund or Fundware based on the jury's conclusions"); *United States Football League v. National Football League*, No. 84-7484, 1986 WL 7012, at *2-3 (S.D.N.Y. June 17, 1986) (barring defendants "from referring to the possibility of injunctive relief

in front of the jury, since such references would needlessly confuse the issues and unfairly prejudice plaintiffs").

Samsung's reference in its opening statement to the fact that Apple may seek an order enjoining Samsung's sale of infringing products is contrary to those well-established principles. Permanent injunctive relief is an equitable remedy for the Court—and the Court alone—to decide following the jury's verdict. Samsung is asking the jurors to decide this case based on the consequences of their verdict, not the facts or the law. Samsung's statement risks that the jury will think that Apple is not entitled to damages or, even worse, that it should find no liability to avoid the possibility of an injunction. It is an improper invitation to jury nullification.

Apple asks the Court to preclude Samsung from making any further statements regarding the possibility of injunctive relief for the remainder of the trial. Moreover, in an effort to counteract the prejudicial harm that has already occurred, Apple requests that the Court provide the jury with the following curative instruction both now and with the final jury instructions:

> Both Apple and Samsung have requested a permanent injunction barring sales of products found to infringe the other's patents. Should you find that either party infringes the other's patents, it is for the Court, and not you, to decide whether to enter an injunction that bars sales of those infringing products in the United States. An injunction does not automatically follow a finding of patent infringement. In fact, the Court previously denied Apple's request for a permanent injunction in a prior case after a jury found that Samsung infringed six Apple patents and awarded damages. Your decision in this case, and any damages that you award, should not take into account whether the Court might enter an injunction that bars sales of any infringing product.

**C.   Samsung's Reference To The Federal Circuit's Preliminary Injunction Decision Was Highly Prejudicial To Apple And Warrants A Curative Instruction.**

During opening statements, Samsung's counsel mischaracterized the Federal Circuit's preliminary injunction decision in this case in a way that is highly prejudicial to Apple. In particular, Samsung's counsel stated:

> What happened is they sued on a different search patent. They sued on the '604 patent, not this one, and they went to court and they got an injunction against our doing this type of search. We didn't think it was right. We didn't agree, but we complied. And so we – it wasn't hard to do. I mean, we turned that off.

> We appealed it, and the court of appeals reversed and said we were right, Apple was wrong, *we're entitled to do it*, and then dropped that patent.

(Olson Decl., Ex. 1, 4/1/14 Trial Tr. 402:7-15 (emphasis added).)

To begin with, Samsung's statement regarding the Federal Circuit's preliminary injunction decision is incorrect. In that decision, the court addressed the issues of irreparable harm and claim construction with respect to the '604 patent and held that Apple did not satisfy the burden necessary for a preliminary injunction. *Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370 (Fed. Cir. 2012). Contrary to Samsung's assertion, the Federal Circuit did not hold that Samsung was "entitled" to use Apple's universal search feature.[3]

Samsung's statement regarding the preliminary injunction decision is also highly prejudicial to Apple. It unfairly suggests to the jury that an appeals court sided with Samsung and against Apple on an issue that is relevant in the current trial, when in fact the Federal Circuit's decision has no relevance to the issues that are before the jury. Samsung's statement also improperly suggests that the appeals court somehow ruled that Samsung is entitled to use Apple's patented universal search feature claimed ***in the '959 patent***, even though the '959 patent was not at issue in the appeal.

To minimize the prejudice caused by Samsung's improper statement regarding the Federal Circuit's preliminary injunction ruling, Apple requests that the Court issue the following curative instruction both now and with the final jury instructions:

> Any prior rulings by the court of appeals are not relevant to the issues that you are being asked to decide in this case. To the extent Samsung has suggested that the court of appeals ruled that Samsung is entitled to use Apple's patented universal search feature, those statements are not true. They are stricken from the record and you should disregard them. The court of appeals has not considered or ruled on whether Samsung infringes the '959 patent. That issue is for you to decide.

---

[3] Samsung's statement that "[t]hey sued on the '604 patent, not this one" is also false. The original complaint filed on February 8, 2012 asserted infringement of both the '604 patent and the '959 patent. (Dkt. 1.) That false statement prejudicially suggests that the '959 patent was added to the lawsuit as an afterthought by Apple only after the finding on the '604 patent. That is simply not the case.

## III. CONCLUSION

Samsung's repetition of false and prejudicial statements to the jury during opening statements has unfairly prejudiced Apple at the outset of trial. Apple respectfully requests that the Court: (1) permit Apple to present testimony and evidence demonstrating that Apple has practiced and continues to practice the '414, '172, and '959 patents in order to correct the false impressions created by Samsung's counsel; (2) recognize Apple's continuing objection to any further misleading or false statements by Samsung; and (3) issue curative instructions, both now and again with the final jury instructions, to minimize the harm and prejudice caused by Samsung's improper statements to the jury.

Dated: April 3, 2014         MORRISON & FOERSTER LLP


By: */s/ Harold J. McElhinny*
    Harold J. McElhinny

Attorneys for Plaintiff
APPLE INC.