JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone:  (650) 849-5300
Facsimile:  (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK<br><br>**DECLARATION OF MARK D. SELWYN IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS THAT SAMSUNG MAY USE DURING THE EXAMINATIONS OF SCHILLER, CHRISTIE, AND COCKBURN** |

1    I, Mark D. Selwyn, hereby declare as follows:

2         1.    I am a partner at the law firm Wilmer Cutler Pickering Hale and Dorr LLP,

3    counsel for Apple Inc. ("Apple") in the above-captioned action.  I am licensed to practice law in

4    the State of California, Commonwealth of Massachusetts, and State of New York, and am

5    admitted to practice before the U.S. District Court for the Northern District of California.  I am

6    familiar with the facts set forth herein and, if called as a witness, I could and would testify

7    competently to those facts under oath

8         2.    Pursuant to Local Rule 79-5, I submit this declaration in support of Apple's

9    Administrative Motion to File Under Seal Exhibits that Samsung May Use During the

10   Examinations of Schiller, Christie, and Cockburn.  The trial exhibits identified in Apple's motion

11   contain information that is highly confidential to Apple.

12        3.    To the extent Samsung uses any of DX377, DX404, DX407, DX416, DX418,

13   DX421, DX422, DX427, DX428, DX429, DX452, DX457, and DX458 with Mr. Schiller, any

14   pages that are not shown to the jury should be sealed because they contain detailed market

15   research information regarding consumer use of smartphones and tablets and purchasing

16   decisions for smartphones and tablets.  These documents contain proprietary Apple information

17   and the public disclosure of this information would be harmful to Apple for similar reasons as

18   stated in the Declaration of Greg Joswiak in Support of Apple's Motion to Seal Trial Exhibits

19   (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No.

20   1496) (supporting sealing market research documents describing buyer survey responses

21   regarding Apple's products because detailed information of this kind is extremely valuable time

22   series of information that shows how customer preference have evolved)). The Federal Circuit

23   has previously approved of Apple's request to seal market research documents that contain a

24   similar level of detail regarding the accused Apple products. *See, e.g., Apple Inc. v. Samsung

25   Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 2013 WL 4487610, at

26   *10-12 (Fed. Cir. Aug. 23, 2013) (approving the sealing of marketing documents). This Court

27   has previously allowed Apple to seal all pages of market research documents which are not

28

shown to the jury.  *See e.g.* Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 2796) (sealing portions of DX534 and Dx572 which were not shown to the jury).

4.      Pages 2, 5-8, 15, 23-25, 30, 34, 36, 38-46, 48, 52-54, 57-62 and all other pages of DX405 that are not shown to the jury should be sealed.  Pages 2, 5-8, 15, 23-25, 30, 34, 36, 38-46, and 48 of DX405 discuss Apple's strategy for future corporate plans and  would  cause competitive harm to Apple if publicly disclosed. The slides include discussions of Apple's strategy for future product development, future product development roadmaps, discussions of Apple's sales figures for specific products, and discussions of Apple's sales outside the United States.  The Court has previously granted Apple's request to seal this type of information because Apple's "analysis and strategy for *future* corporate plans have the potential to cause considerable competitive harm to Apple if publically disclosed." *See* Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 7-8) (granting sealing of "documents which contain confidential financial data as well as analysis and strategy discussions based on that data.").

5.      Pages 52-54 and 57-62 of DX405 discuss Apple's component costs and comparisons of Apple's costs with estimates of competitors' costs.  As Apple explained in the Declaration of Mark Buckley, a Finance Manager at Apple, cost information would give competitors a substantial advantage over Apple as competitors could tailor offerings and pricing to undercut Apple and determine exactly what price level would make a given product unprofitable to Apple. (Dkt. No. 685-1 at 3.)  Suppliers with cost data could alter Apple's price on components. (*Id.* at 3-5.)  This is the type of information the Federal Circuit confirmed is properly sealed and would be harmful to Apple if exposed. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013).

6.      To the extent the remaining pages of DX405 are not shown to the jury, they should be sealed for the same reasons as is set forth above in paragraph 3 for DX377, DX404. DX407, DX416, DX418, DX421, DX422, DX427, DX428, DX429, DX452, DX457, and DX458.

7.      DX413 should be sealed in full, with the exception that Apple has agreed that pages 8, 14 and 46 may be unsealed if they are shown to the jury.  DX413 is a highly confidential document that discusses Apple's strategy for future corporate plans and has the potential to cause considerable competitive harm to Apple if publicly disclosed.  The Court has previously granted Apple's request to seal this type of information because Apple's "analysis and strategy for *future* corporate plans have the potential to cause considerable competitive harm to Apple if publically disclosed." *See* Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 7-8) (granting sealing of "documents which contain confidential financial data as well as analysis and strategy discussions based on that data.").

8.      DX390, DX411, DX412, DX413, DX415, DX417, DX420, DX425, DX489, and DX500 also contain highly confidential Apple information.  However, Apple is not moving to seal them at this time because it understands from counsel for Samsung that Samsung will not be using these exhibits with Mr. Schiller.

9.      I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this Declaration was executed this 4th day of April, 2014, in San Jose, California.


Dated:  April 3, 2014                      */s/ Mark D. Selwyn*
                                           Mark D. Selwyn

1

## CERTIFICATE OF SERVICE

2        I hereby certify that a true and correct copy of the above and foregoing document has

3  been served on April 3, 2014 to all counsel of record who are deemed to have consented to

4  electronic service via the Court's ECF system per Civil Local Rule 5-1.

5

6                              /s/ Mark D. Selwyn
                               Mark D. Selwyn

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28