QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S NOTICE REGARDING APPLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS THAT SAMSUNG MAY USE DURING THE EXAMINATION OF SCHILLER** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Apple seeks to seal substantial portions of no fewer than 15 trial exhibits that may be used during the cross examination of Phil Schiller (DX413, DX405, DX377, DX404, DX407, DX416, DX418, DX421, DX422, DX427, DX428, DX429, DX452, DX457, and DX458) on the basis that the exhibits include "market research" information, "Apple's strategy for future corporate plans," and financial data. (Dkts. 1569 ("Motion") at 1-2, 1569-1 ¶¶ 3-8.)

Apple represents that it is not moving to seal certain exhibits, including DX413 and DX489, because "Samsung does not intend to use or offer into evidence any of those documents with Mr. Schiller." (Motion at 1:24-2:1.) Apple's contention that Samsung does not intend to use or offer any portion of DX489 or DX413 is incorrect. In fact, Samsung has already shown portions of DX489 in open court during its opening statement. (Rough RT at 371-74.) Regarding DX413, as the Court will recall, this exhibit was discussed prior to Mr. Schiller's examination and the parties subsequently agreed that the pages Samsung intended to use could be shown publicly. (*Id.* at 416:9-19.) Apple points to pages subject to this agreement in the first portion of its Motion (Motion at 1:5); however, later Apple includes DX413 in its list of documents it states it is not moving to seal because Samsung does not intend to use them (*id.* at 1:24-25.)

Additionally, and while Samsung does not oppose Apple's request to seal product-specific financial data, survey data underlying market research reports, or *specific* information about unreleased products and future product strategies, Apple's sealing request is overbroad and many of the pages it identifies are not sufficiently confidential to meet the Ninth Circuit's "compelling reasons" standard. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). For example, DX413, pages 3-5 include agendas for April 2013 meetings and do not reveal any specific information about future products or strategies; pages 16-23 list the types of devices, content and services that Apple and its competitors offer; page 85 includes past initiatives; pages 106-11 merely include headings; and pages 119-20 include information about the

1  iPhone 4, a product that Apple no longer markets (*see* http://www.apple.com/iphone/compare/
2  (last accessed April 3, 2014)).
3      As the Court has found, outdated product strategy information is not sealable under the
4  "compelling reasons" standard.  Case No. 11-cv-1846-LHK ("1846 case"), Dkts. 2168 at 10-12
5  (denying motion to seal "strategies for time periods that [had] already passed"); 2210 at 4
6  (denying motion to seal information about implemented design-arounds).  Similarly, general
7  marketing goals or strategies, untethered from "specific unreleased products and specific future
8  business strategies," are not sealable under the "compelling reasons" standard.  *Id.*, Dkt. 2190 at 4.
9  Accordingly, certain types of information that Apple seeks to seal – generalized information
10 regarding meetings and past product and business strategies – are not sealable.

12 DATED:  April 3, 2014                QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP

                                        */s/ Michael L. Fazio*
                                        Charles K. Verhoeven
                                        Kevin P.B. Johnson
                                        Victoria F. Maroulis
                                        William C. Price
                                        Michael L. Fazio

                                        Attorneys for Defendants
                                        SAMSUNG ELECTRONICS CO., LTD.,
                                        SAMSUNG ELECTRONICS AMERICA, INC.,
                                        and SAMSUNG TELECOMMUNICATIONS
                                        AMERICA, LLC