1  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
3  Kevin A. Smith (Bar No. 250814)
   kevinsmith@quinnemanuel.com
4  50 California Street, 22nd Floor
   San Francisco, California 94111
5  Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
6
   Kevin P.B. Johnson (Bar No. 177129)
7  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
8  victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
9  Redwood Shores, California 94065
   Telephone: (650) 801-5000
10 Facsimile: (650) 801-5100

11 William C. Price (Bar No. 108542)
   williamprice@quinnemanuel.com
12 865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
13 Telephone:   (213) 443-3000
   Facsimile:   (213) 443-3100
14
   Attorneys for SAMSUNG ELECTRONICS
15 CO., LTD., SAMSUNG ELECTRONICS
   AMERICA, INC. and SAMSUNG
16 TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION FOR PERMISSION TO PRESENT EVIDENCE THAT APPLE PRACTICES THE '414, '172, AND '959 PATENTS AND CURATIVE INSTRUCTIONS**<br><br>Date:   April 4, 2014<br>Time: TBD<br>Place: Courtroom 1, Fifth Floor<br>Judge: Honorable Lucy H. Koh |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT ................................................................................................................................. 1

I. The Court Should Deny Apple's Third Attempt to Re-Open Its Decision to Withdraw Its Claims to Practice the '414, '172 and '959 Patents Rather Than Subject Them to The Court's Case Narrowing Order and Samsung's Practice and Validity Challenges ................................................................................................... 1

    A. Apple Waived Any Objection By Failing to Rise During Opening Arguments ............................................................................................................. 1

    B. Apple Chose to Waive Any Argument That It Practices These Patents ................... 1

    C. Apple's Motion Would Undo Its Prior Decision to Waive These Arguments .......... 5

    D. Apple's Motion Fabricates Alleged Misstatements by Distorting the Record .......... 5

    E. The Court Should Sanction Apple For Promoting and Highlighting Excluded Evidence in a Manner Sure to Attract Publicity and Likely Taint the Jury ..................................................................................................................... 6

II. Samsung's Statements Regarding Injunctions in Opening Argument Were Proper ............. 8

    A. The Court Has Already Rejected Apple's Arguments That Samsung's Reference to The Possibility of a Permanent Injunction Was Improper ................... 8

    B. The Court Expressly Permitted Samsung To Discuss The Federal Circuit's Reversal of the Preliminary Injunction ................................................................... 10

    C. Apple's "Curative Instructions" Are Far More Prejudicial Than Any Harm They Purport to "Cure" .......................................................................................... 11

CONCLUSION ............................................................................................................................ 11

**INTRODUCTION**

The Court should deny Apple's Motion. The bulk of Apple's Motion seeks to avoid the consequences of a decision Apple itself deliberately made—not once, but *twice*. By now the Court should be disappointingly familiar with this issue: Apple tried to evade this Court's case narrowing order by arguing that this order did not apply to Apple's "practice" claims; the Court explained to Apple that if it asserted its "practice" claims, they would fall under the case narrowing order and would be subject to Samsung's challenge; and Apple agreed that it would withdraw its "practice" claims rather than face these consequences. Apple now attempts to reopen this issue for an unprecedented third time, but the Court should not allow it to do so.

**ARGUMENT**

**I.  The Court Should Deny Apple's Third Attempt to Re-Open Its Decision to Withdraw Its Claims to Practice the '414, '172 and '959 Patents Rather Than Subject Them to The Court's Case Narrowing Order and Samsung's Practice and Validity Challenges**

**A.  Apple Waived Any Objection By Failing to Rise During Opening Arguments**

Apple failed to make any objection during Samsung's opening statement to the supposedly misleading assertions regarding Apple's failure to practice the patents-in-suit. By failing to present timely objections Apple waived these arguments. *See, e.g., DeMendoza v. Huffman*, 1 Fed. Appx. 665, 667 (9th Cir. 2001) (where party "did not object to the reference to [particular evidence] in the Plaintiffs' opening statement," party "waived the right to challenge it"). This concludes the matter, and the Court can rule against Apple's motion for this reason alone.

**B.  Apple Chose to Waive Any Argument That It Practices These Patents**

This is the *third time* the Court has confronted this issue, and the third time that Apple has tried to avoid the consequences of its own actions. Apple has *twice* deliberately chosen to drop its claims to practice certain claims of the '414, '172 and '959 patents rather than subject them to the Court's case narrowing order and Samsung's challenges to their validity and actual practice—and, each time, Apple acknowledged that Samsung could argue to the jury that Apple did not practice the '414, '172 and '959 patents, without "opening the door" for Apple to allege that it did practice certain claims. Apple's motion now alleges that the same argument somehow "opens

the door" for Apple to make the same response that it previously, explicitly, and repeatedly disclaimed. The Court should deny this motion.

Apple's willful blindness to the history of this issue compels Samsung to review it. On October 10, 2013, Samsung filed its Motion to Enforce Apple's Compliance With the Court's Order Regarding Case Narrowing. (Dkt. 804-3.) Samsung argued Apple had violated the Court's case narrowing order by asserting ten claims for *infringement* purposes, while at the same relying on three additional claims for Apple's case on practice and damages. (*Id.* at 1.) Samsung requested that the Court issue an order "striking Apple's contentions that it practices Claim 34 of the '959 Patent, Claim 27 of the '172 Patent, and Claim 11 of the '414 Patent, and striking all portions of Apple's expert reports that rely on those contentions." (Dkt. 804-3 at 6.) At the hearing, after the Court indicated that it would likely grant Samsung's motion, Apple sought to preserve its ability to argue it practices these patents if Samsung "opened the door" by arguing to the jury that Apple did not practice the '414, '172 and '959 patents:

> MR. KREVITT: As I said, we have heard Your Honor loud and clear. We are prepared and are withdrawing our affirmative assertions with respect to our practice of those claims. You won't hear that in opening, just for example.
>
> But to the extent that Samsung makes arguments or tries to convey to the jury that Apple does not practice the patents, even if they do it in a way by confining the specific comment to practice the asserted claims, it's misleading and unfair and Apple should have an opportunity then to say we do practice the patents.

(Dkt. 1285-6 (Dec. 12, 2013 H'rg Tr.) at 163:13-22.) The Court disagreed:

> THE COURT: **Your request was "we will withdraw the unasserted claims if and only if Samsung does not argue that Apple does not practice the claims of the patent," which they have said explicitly they will make that argument**, so then the unasserted claims will be in the case, in which case I think it's – I mean, I'll think about this motion further, but my tentative right now is it seems only fair that they then get to challenge its validity.
>
> MR. KREVITT: **Then we would withdraw the claims, your honor, and not request the opportunity to say that we practice the unasserted claims.**

(*Id.* at 170:15-25 (emphasis added).) The Court's order on Samsung's Motion to Enforce left no reservation for any opening of the door by Samsung:

> At the hearing, Apple stated that it would not seek to introduce at trial any evidence of its three unasserted claims, *i.e.*, Claim 34 of the '959 patent, Claim 27 of the '172 patent, and Claim 11 of the '414 patent. Accordingly, the Court denies Samsung's motion to enforce Apple's compliance with the Court's case narrowing order, ECF No. 804-3, as moot.

>Consistent with Apple's withdrawal, the Court strikes any contentions in Apple's experts' reports that Apple practices Claim 34 of the '959 patent, Claim 27 of the '172 patent, and Claim 11 of the '414 patent.

(Dkt. 1057 at 2.) During the hearing, the Court itself said that even if Samsung "will make that argument" that "Apple does not practice the claims of the patent," this would not permit Apple to "say that we practice the unasserted claims"—and Apple agreed. (Dkt. 1285-6 at 170:15-25.)

Despite this clear choice, Apple tried to reopen this issue in argument against Samsung's motions in limine. The Court acknowledged that Apple was returning to ground thoroughly covered in the previous hearing:

>THE COURT: That was the whole point of our discussion. It is not fair to use it as a sword and a shield and say we are shielding it from any validity challenge, but we're using it as a sword to prevent you from using it as a non-infringing alternative. **That was the discussion I thought I was having at the summary judgment hearing. You can't have it both ways. Either you're going to use it and it counts as one of your five and it is potentially going to be invalidated.**
>
>MS. KREVANS: We will abide by whatever ruling the Court makes on this, Your Honor.

(Dkt. 1411 (Mar. 5, 2014 Hr'g Tr.) at 55:12-20.) Although the Court had already given Apple the option of including its three "practice" claims in the Court's case narrowing order, and Apple had *already chosen once* to drop them rather than subject them to Samsung's practice and validity challenges, the Court nonetheless gave Apple *the same choice, again*, just in case Apple had any doubts about the path it wished to follow:

>THE COURT: So let me ask you my question. Why should you be able to not assert these three claims, but use them as a basis to prevent Samsung from arguing that apple products are non-infringing alternatives? Why should you be able to do that and not have the validity of those claims challenged?
>
>If you give me a compelling reason, maybe you'll convince me. But that's my question.
>
>MS. KREVANS: Well, Your Honor, we -- you've already decided the first half of this issue and we're going to abide by your ruling. And if you decide the second half unfavorable to us, we will abide by that as well.
>
>THE COURT: Which means that Samsung could argue that the apple products are non-infringing alternatives.
>
>MS. KREVANS: If you rule that they can, we will go forward and abide by that. Whatever Your Honor rules, we are going to abide by that for the purposes of this trial.
>
>THE COURT: So you would prefer that ruling versus having us brief and have me rule on validity in advance of the trial of these three unasserted claims?

1      MS. KREVANS:   Your Honor, we have selected the five claims that we want to go to trial on.   You've made the rulings you've already made.   You may make further ones on this motion.   We will abide by them as well.   We want to keep our trial date and these are the claims we're --

    THE COURT:   I'm not talking about the trial date.   I'm giving you the choice.   Do you want me to potentially rule on the validity of these unasserted claims versus just allowing Samsung to argue that the apple products are non-infringing alternatives?

(Dkt. 1411 (Mar. 5, 2014 Hr'g Tr.) at 56:12 to 57:17.)    After the Court gave Apple an opportunity to consider its options, Apple chose, *for the second time*, to drop its "practice" claims rather than face Samsung's challenge to their actual practice of those claims and their validity:

    MS. KREVANS:   Yes, Your Honor, we would like to stick with our original five.

    THE COURT:   Okay.

    MS. KREVANS:   And if -- even though we understand Your Honor may rule -- you may have already ruled just now --

    THE COURT:   Okay.

    MS. KREVANS:   -- that they can argue --

    THE COURT:   They can?

    MS. KREVANS:   **They can argue, if you rule that, they can argue that Apple practices no claim in all these patents, and, therefore, that the iPhone is a non-infringing alternative, if that's your ruling, we will abide by it, and we would like to stick with our five claims**.

(Dkt. 1411 (Mar. 5, 2014 Hr'g Tr.) at 56:12 to 57:17.)    The Court then ruled, firmly, that in this trial Apple cannot argue that it practices these three patents, not merely certain claims of those patents.   When counsel for Apple offered to "stipulate that Apple does not practice the asserted *claims*," the Court responded:   "It can't be just asserted claims.   It has to be these patents."   (*Id.* at 63:7-8.)

    After the hearing, the Court ordered the parties to "file either a stipulation or competing proposals as to how to inform the jury that Apple does not practice the claims of the '414, '172, and '959 Patents."   (Dkt. 1395 at 3.)   Apple specifically negotiated and agreed with Samsung on preliminary and final jury instructions that do exactly that.   Together, Apple and Samsung filed a joint motion to supplement Preliminary Jury Instruction No. 20 and Proposed Final Jury Instruction No. 18 with the following language:   "In this case, Apple does not contend that it

practices the '414, '172, or '959 patents, and Samsung does not contend that it practices the '449 patent."   (Dkt. 1418 at 2.)

### C.   Apple's Motion Would Undo Its Prior Decision to Waive These Arguments

Apple's motion offers, literally, nothing new.   After agreeing *twice* that Samsung could argue it did not practice these patents without "opening the door" to Apple arguing that it *did* practice them, Apple's motion makes a single argument:   that Samsung has "opened the door" by arguing that Apple does not practice the patents.   To cloak its obvious re-hashing of ground well tread, Apple seeks to deceive the Court by calling Samsung's arguments "false statements to the jury."   (Motion at 3:20.)   Nothing could be more wrong.   Apple's motion simply assumes, as a given, that "Apple has sold in the past and continues to sell products that practice the '414, '172 and '959 patents."   (Mot. at 3:14-15; *see id. passim*.)   But Samsung has *always* asserted that Apple *does not practice* any valid claim of the '414, '172 and '959 patents, and Apple acknowledged this assertion not once, but *twice*, during the hearings on the Motion to Enforce and the Motions in Limine.   (Dkt. 1285-6 (Dec. 12, 2013 Hr'g Tr.) at 170:15; Dkt. 1411 (Mar. 5, 2014 Hr'g Tr.) at 51:4-7.)   These are not "false statements to the jury":   they are *Samsung's contentions*, presented by Samsung's attorneys, and they do not become "false" because Apple's contentions differ.   Under Apple's own standard, it too made blatantly and willfully false statements to the jury during opening arguments, because it stated that Samsung's products infringe its patents, despite Samsung's disagreement.   By calling Samsung's statements "false," Apple accomplishes nothing but unnecessary publicity and inappropriate impugning of its adversary's well-known and well-understood argument.   Apple's motion seeks to return this trial to the state of play that prompted Samsung's original Motion to Enforce the Case Narrowing Order, now six months ago, with Apple's "practice" claims neither fish nor fowl, fully assertable by Apple but immune from Samsung's attack.   Apple could not justify such a manifest unfairness in October, in response to Samsung's original Motion to Enforce, and it cannot justify it now.

### D.   Apple's Motion Fabricates Alleged Misstatements by Distorting the Record

Worse still, Apple's Motion grossly misrepresents stipulated facts in an attempt to paint Samsung's opening argument as misleading, and in hopes of obtaining relief that the Court has

denied time and again.   Apple states that "Samsung's counsel said to the jury that 'the judge has instructed' and 'Apple admits' that Apple has never practiced three of the five asserted claims – even though the Court gave no such instruction and *Apple made no such admission*."   (Dkt. 1567 at 5.)   This argument intentionally ignores Undisputed Fact No. 17 in the parties' Joint Amended Pretrial Statement and Proposed Order:   that "Apple's products do not practice claim 25 of the '959 patent, claim 20 of the '414 patent, or claim 18 of the '172 patent."   (Dkt. 1455-1 at 9.)   Apple castigates Samsung for arguing facts to which Apple *already stipulated*:   it is "Undisputed" that "Apple's products do not practice claim 25 of the '959 patent, claim 20 of the '414 patent, or claim 18 of the '172 patent."   (Dkt. 1455 at 7, "Undisputed Facts" at paragraph 17.)   Apple's brief shamelessly misrepresents the facts, both to this Court and to the public, by claiming "Apple made no such admission."   (Mot. at 4.)   Apple did.   It cannot undo these undisputed facts now, or besmirch Samsung's credibility for simply stating the truth.[1]

### E. The Court Should Grant Samsung A Remedy For Apple's Promoting and Highlighting Excluded Evidence in a Manner Sure to Attract Publicity and Likely Taint the Jury

Apple's motion is not merely deficient on the facts and the law, however:   it was also guaranteed to generate significant press, and therefore likely to taint the jury.   Even if the Court denies Apple's motion, as it should, Apple's motion will have a troubling and improper effect.   In the prior trial between Apple and Samsung, Apple moved for sanctions based on Samsung's public distribution of excluded evidence.   Under Apple's own standard, Apple cannot distribute detailed and widespread accounts of excluded evidence.

Apple's motion bears several troubling hallmarks indicating an intention to publicize, rather than persuade the Court.   First, Apple did not meet and confer with Samsung before filing

---

[1]   Apple's motion also raises an issue with no substance.   While the Court clearly granted Samsung the right to argue that Apple does not practice the three *patents* at issue, Samsung's counsel was actually clear that he was talking about the patent *claims* in suit.   Counsel said "patent *claims*" repeatedly when the "do not practice" issue was first referenced.   Indeed, Apple quotes the portion of the opening where "claims" are referenced.   That Samsung's counsel later referred to "patents" without adding "claims" is of no moment.   From the context it was always clear that Samsung was referring to the claims at issue.

this motion; Samsung had no notice of it before Apple published it on PACER.   Had Apple notified Samsung of its intention to file this motion, Samsung could have informed Apple that it should file its motion under seal to avoid tainting the jury.   But Apple denied Samsung this opportunity.   Second, Apple's motion explains at length its contentions that it practices Claim 34 of the '959 patent, Claim 27 of the '172 patent, and Claim 11 of the '414 patent.   (Mot. at 3 n.1, 4-5.)   But the Court is well aware of these contentions, having considered them at least twice; Apple's explication of them is necessary only if its real audience is the press.   Finally, and most troublingly, Apple supports its motion with *public filings* of *excluded portions* of Apple's expert reports.   (*See* Dkt. 804-8 (Opening Snoeren Report ¶¶ 360-367 and ¶¶ 525-528); Dkt. 804-16 (Opening Cockburn Report ¶¶ 470-473).)   Today, Apple publicly re-filed the already-excluded paragraphs.   (Mot at 3 n. 1; Olson Decl. Ex. 2-3.)   Apple did not need to re-file these paragraphs to persuade the Court, which already has them in its confidential files, and already knows that Apple contends it practices Claim 11 of the '414 patent, unasserted Claim 34 of the '959, and unasserted Claim 27 of the '172 patent.   Apple's goal appears to have been to put this excluded evidence in the hands of the press, which would distribute it to the jury.   Apple succeeded, even as of this filing, which does not reflect tomorrow morning's coverage.   *See e.g.,* Foss Patents, *Apple Files Motion, Alleges False and Prejudicial Statements by Samsung's Counsel at Start of Trial* (April 3, 2014, 11:34 a.m. PDT), http://www.fosspatents.com/2014/04/-apple-files-motion-alleges-false-and.html; PCWorld, *A Day Into the Trial, Apple and Samsung Already Annoying Each Other* (April 3, 2014, 2:10 p.m. PDT), http://www.pcworld.com/article/-2139880/a-day-into-the-trial-apple-and-samsung-already-annoying-each-other.html; The Unofficial Apple Weblog, *Apple Files Motion Protesting Samsung Assertion That Apple Doesn't Practice Patents At Issue* (April 3, 2014, 2:35 p.m. PDT), http://www.tuaw.com/2014/04/-03/apple-files-motion-protesting-samsung-assertion-that-apple-doesn/; Electronista, *Apple Files Motion Claiming Samsung Deception in Opening Statements* (April 3, 2014, 2:39 p.m. PDT), http://www.electronista.com/articles/14/04/03/company.insists.it.continues.to.practice.certain.patents/.

During the first trial between Apple and Samsung, Apple moved for sanctions against Samsung for "attempting to prejudice the jury by issuing a statement that attaches and discusses excluded evidence." (1846 Dkt. 1539 at 1.) In that motion, Apple argued that "Samsung apparently believes that it is above the law, and that it—not this Court—should decide what evidence the jury should see." (*Id.*).[2] As Apple reminded this Court during the first trial, "[t]he Court has the authority to sanction [a litigant] for 'bad faith conduct' that offends the legal process," and "[a] court has broad discretion to fashion appropriate sanctions for litigation misconduct." (1846 Dkt. 1539 at 5 (*citing Chambers v. NASCO, Inc.,* 501 U.S. 32, 46 (1991).) Indeed, Apple asked the Court to "enter judgment against Samsung" and find that *every single one* of Apple's design patents in the case was "valid and infringed by Samsung." (*Id.* at 1, 4.) The Court found that Apple's requested remedy was "not warranted" because it was too extreme. (1846 Dkt. 1610 (Aug. 3, 2012 Trial Tr.) at 574:8.) Here, however, Samsung seeks a much more modest remedy: the Court should make a factual finding that Apple does not practice the '414, '959, or '172 patents. This ruling would punish Apple's misconduct, and would put this issue to rest forever—apparently the only way that Apple will ever do so. Without such a ruling, Apple will evidently insist on raising this issue again and again.

## II.   Samsung's Statements Regarding Injunctions in Opening Argument Were Proper

### A.   The Court Has Already Rejected Apple's Arguments That Samsung's Reference to The Possibility of a Permanent Injunction Was Improper

The Court has already considered and rejected the exact same arguments that Apple raises in its motions—not once, but twice. First, Apple's objected to an opening slide referencing permanent injunctive relief because "[t]he reference . . . to an injunction is highly prejudicial because it suggests that Apple is not entitled to the damages," and "equitable relief is to be decided

---

[2] Apple remains well aware of this issue. On the first day of trial, Samsung moved for additional voir dire time because Apple made one of its key witnesses available to the press for an interview on the eve of trial, and publicly discussed "things that would never be admissible in Court." (Mar. 31, 2014 Trial Tr. at 3:22-23.) Opposing Samsung's motion, Apple's lawyer argued, "I mean, this is the same firm that issued a press release in the middle of our trial in the first case that's complaining about this." (*Id*. at 5:21-23.)

1  by the Court." Dkt. 1517-3 at 7. The Court overruled Apple's objection. Dkt. 1538 at 1.
2  Apple then sought reconsideration of the Court's ruling, relying on the same authorities Apple
3  cites in its Motion. *See* 3/31/14 Tr. 253:12-20, 255:18-156:1 (citing "the *Shannon* case" and
4  "several other courts [holding] that having the jury hear there's a permanent injunction as a
5  possibility at the end of the case is prejudicial and shouldn't happen."). The Court denied
6  Apple's motion for reconsideration. *See* Dkt. 1555 at 1 ("Apple's motion for reconsideration of
7  Apple's objection to Slide 3 in Samsung's opening slides is denied."). Apple's Motion fails to
8  identify any reason why the Court should not reject Apple's arguments a third time.

9  Contrary to Apple's claim, Samsung's counsel did not ask the jurors to "decide this case
10 based on the consequences of their verdict," nor did counsel even remotely suggest that the jury
11 should consider the prospect of injunctive relief in determining liability or damages. *See* Mot. at
12 8. As is clear from the sentences immediately following the reference to injunctive relief—
13 conveniently omitted from Apple's Motion—Samsung's counsel pointed to Apple's claim for an
14 injunction as a further indication that Apple's true motive in this case is to stifle its chief
15 competitor with penalties far out of proportion to any harm caused by the alleged infringement of
16 its five asserted patents:

> Yet Apple is here literally seeking billions of dollars for particular software configurations that are under the hood in the phone that most consumers are not even aware that it's there, and they want to take that big number not only to the bank, not only to the bank, but to get an order saying that none of these phones can be sold in the United States anymore. ***It's an attack on Android.*** It's an attack, it's an attack –
>
> Mr. McElhinny:  Objection, Your Honor.  This is argument.
>
> The Court:  Overruled.  Overruled.
>
> Mr. Quinn:  It's the truth.  ***It's an attack [o]n Android, and that's what this case is.***

23 (4/1/14 Tr. at 358:19-359:5 (emphasis added).) Apple does not contend that its motive for filing
24 suit is irrelevant—nor could it, as Apple itself raised the issue of the parties' motivations for
25 litigating before Samsung even began its opening statement. *Id*. at 341:17-343:11 (arguing that
26 the real reason Samsung asserted the '239 and '449 patents was to undercut Apple's claimed
27 damages). Apple cannot ask the jury to question Samsung's motivations for litigating while at
28 the same time asking the Court to prevent Samsung from question Apple's motivations.

Apple's cited cases are beside the point. As Apple's counsel recognized, whether the risk of prejudice substantially outweighed the probative value of Apple's claim for injunctive relief was "completely in [the Court's] discretion . . . a judgment for [the Court] to make." 3/31/14 Tr. 255:21-22. Thus, the fact that some courts reached a different conclusion in different factual circumstances is of no moment. *See also Retractable Techs., Inc. v. Becton, Dickinson & Co.*, 2:08-CV-16-LED-RSP, 2013 WL 4411237 (E.D. Tex. Aug. 14, 2013) (denying defendant's motion *in limine* and allowing plaintiff to tell the jury that injunctive relief is being sought). The Court considered Apple's prejudice arguments and—after properly balancing the probative value against the risk of unfair prejudice—rejected those arguments. Apple fails to cite any authority suggesting that the Court's decision was in error.

### B.   The Court Expressly Permitted Samsung To Discuss The Federal Circuit's Reversal of the Preliminary Injunction

Apple failed to make any objection during Samsung's opening statement to this issue either, and has again waived these arguments. *See, e.g., DeMendoza v. Huffman*, *supra*.

As with Apple's objections to Samsung's reference to permanent injunctive relief, the Court has already rejected Apple's arguments regarding the preliminary injunction order and the Federal Circuit's decision vacating that order—not once, but twice. Dkt. 1538 at 1; *see also* 3/31/14 at 253:21-255:17. The Court gave *Apple* control over whether or not the jury learned of the Federal Circuit's decision. If Apple decided to "introduce evidence . . . about the removal of the [Quick Search Box] feature," then Samsung was free to discuss the preliminary injunction and the Federal Circuit's subsequent reversal. 3/31/14 Tr. at 255:5-7 ("THE COURT: So take your pick. Which one do you want?"). Apple made its decision—misleadingly claiming that the QSB feature was restored in response to consumer complaints, and not the Federal Circuit's reversal of the preliminary injunction order—and Samsung responded exactly as this Court said that it could. Apple decided to inject this issue into this case, and now it must abide by that decision.

Nor did Samsung mischaracterize the Federal Circuit's decision in any way. The Federal Circuit found that Apple failed to establish a likelihood of success on its infringement claims for

the '604 patent, and in fact determined that the patent was far narrower than Apple contended. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 695 F. 3d 1370, 1377-1380 (considering the "likelihood of success" on infringement and construing the asserted claim more narrowly).  With the injunction reversed, Samsung believed it was entitled to return the feature to its phones.  Apple's motion misleadingly ignores Samsung's statement, a few lines later in the transcript, where Samsung made this point clear: the feature at issue is "one of many, many features and we include it and *we think we're entitled to include it*."  4/1/14 Tr. 403:1-3.  Moreover, Samsung precisely stated that the preliminary injunction and the Federal Circuit's decision involved "a different search patent"—not the '959 patent.  *Id*. at 402:7-8.  Apple constructs a claim of prejudice by fabricating statements that Samsung never made – asserting that "the '959 patent was added to the lawsuit as an afterthought," and that this happened "after the finding on the '604 patent."  (Mot. at 9 n.3.)  Samsung made no such claim.  Instead, Samsung correctly noted that the '959 patent was not at issue in the proceedings before the Federal Circuit.

### C.    Apple's "Curative Instructions" Are Far More Prejudicial Than Any Harm They Purport to "Cure"

Even if some sort of limiting instructions were appropriate—and they are not—Apple's "curative instructions" should be rejected out of hand.  As an initial matter, Apple waived its request by not seeking a limiting instruction or "curative" instruction in Apple's to Samsung's opening slides, in its motion reconsideration, or at the time the statements were made.  Furthermore, Apple does not merely seek a "curative instruction," but a substantive ruling that part of Samsung's opening statement be "stricken from the record."  Finally, Apple's proposed instructions are flagrantly biased and prejudicial.  There is no legitimate need for injecting the '1846 case into this lawsuit and instructing the jury that the previous jury "found that Samsung infringed 6 Apple patents and awarded damages," or for the Court to take a position on whether or not Samsung's statements regarding the Federal Circuit's decision are "true."

### CONCLUSION

For the reasons above, the Court should deny Apple's motion in full, and should make a factual finding that Apple does not practice the '414, '959, or '172 patents.

DATED: April 3, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price

Attorneys for
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC