1  JOSH A. KREVITT (CA SBN 208552)           WILLIAM F. LEE (*pro hac vice*)
   jkrevitt@gibsondunn.com                   william.lee@wilmerhale.com
2  H. MARK LYON (CA SBN 162061)              WILMER CUTLER PICKERING
   mlyon@gibsondunn.com                         HALE AND DORR LLP
3  GIBSON, DUNN & CRUTCHER LLP               60 State Street
   1881 Page Mill Road                       Boston, Massachusetts  02109
4  Palo Alto, California  94304-1211         Telephone:  (617) 526-6000
   Telephone:  (650) 849-5300                Facsimile:  (617) 526-5000
5  Facsimile:  (650) 849-5333

6  HAROLD J. McELHINNY (CA SBN 66781)        MARK D. SELWYN (CA SBN 244180)
   hmcelhinny@mofo.com                       mark.selwyn@wilmerhale.com
7  JAMES P. BENNETT (CA SBN 65179)           WILMER CUTLER PICKERING
   jbennett@mofo.com                            HALE AND DORR LLP
8  JACK W. LONDEN (CA SBN 85776)             950 Page Mill Road
   jlonden@mofo.com                          Palo Alto, California  94304
9  RACHEL KREVANS (CA SBN 116421)            Telephone:  (650) 858-6000
   rkrevans@mofo.com                         Facsimile:  (650) 858-6100
10 RUTH N. BORENSTEIN (CA SBN
   133797)
11 rborenstein@mofo.com
   ERIK J. OLSON (CA SBN 175815)
12 ejolson@mofo.com
   MORRISON & FOERSTER LLP
13 425 Market Street
   San Francisco, California  94105-2482
14 Telephone:  (415) 268-7000
   Facsimile:  (415) 268-7522
15
   *Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*
16

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | |
| Plaintiff, | |
| vs. | Case No. 12-cv-00630-LHK (PSG) |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **APPLE'S RESPONSE TO SAMSUNG'S NOTICE REGARDING APPLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS THAT SAMSUNG MAY USE DURING THE EXAMINATIONS OF SCHILLER, CHRISTIE, AND COCKBURN** |
| Defendants. | |

Apple's Response To Samsung's Notice
Regarding Apple's Administrative Motion to File Exhibits Under Seal
Case No. 12-cv-00630-LHK (PSG)

ActiveUS 126507287v.1

Samsung's Notice erroneously implies that Apple is seeking to seal substantial portions of documents that Samsung intends to use during its cross-examination of Mr. Phil Schiller. In order to clarify the record, Apple briefly responds below.

**DX413**: Due to a typographical error, Apple erroneously listed DX413 in both the list of items it was moving to seal (Motion at 1:5) and the list of documents it was not moving to seal. (Motion at 1:24-2:1.) Consistent with the parties' discussion on the record, Apple's Motion seeks to seal all portions of this document other than the pages 8, 14 and 46, which are the only three pages Samsung indicated it planned to use with Mr. Schiller. (*See* Motion at 1:5; Tr. 361-366, 416.) After Apple filed its motion to seal, Samsung requested it also be allowed to publicly show the cover of DX413, to which Apple consented.

Given Samsung's representations to the Court that those were the only pages it planned to use from DX413 (Tr. at 363-364), Apple is surprised by Samsung's challenge to the confidentiality of *other* pages from this exhibit, which is generally a highly confidential document from 2013 regarding Apple's plans for fiscal year 2014. Apple has not addressed DX413 on a page by page basis because Samsung has represented that it does not intend to use any other pages from this exhibit.[1] And Samsung has not explained why these pages should be unsealed where Samsung does not intend to use them.

**DX405**: Samsung does not raise any objections in its Notice to Apple's request to seal this document. As Apple explained in the Declaration of Mark D. Selwyn in Support of Apple's Motion to Seal ("Selwyn Declaration"), the pages that Apple seeks to seal include discussions of

---

[1] Apple does note that certain of the pages from DX 413 that Samsung singles out in its Notice are in fact clearly confidential. For example, page 120 contains highly confidential information about margins. Public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Jim Bean in Support of Apple's Motion to Seal Trial Exhibits (Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1495-2 at 1-3) (explaining that Apple's financial information is immensely valuable and disclosed only on a need to know basis within Apple to a small list of individuals because maintaining the confidentiality of Apple's financial data "allows Apple to remain competitive in an opaque and fast-moving marketplace."). The Federal Circuit has previously approved of Apple's request to similar financial information. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 727 F.3d 1214, 1224-26 (Fed. Cir. Aug. 23, 2013) (approving sealing of detailed product-specific financial information).

Apple's Response To Samsung's Notice
Regarding Apple's Administrative Motion to File Exhibits Under Seal
1    Case No. 12-cv-00630-LHK (PSG)

ActiveUS 126507287v.1

Apple's strategy for future product development, future product development roadmaps, discussions of Apple's sales figures for specific products, discussions of Apple's sales outside the United States, and discussions of Apple's component costs and comparisons of Apple's costs with estimates of competitors' costs.  (Selwyn Declaration ¶¶ 4-5.)

**DX377, DX404, DX407, DX416, DX418, DX421, DX422, DX427, DX428, DX429, DX452, DX457, and DX458**:  For buyer survey-type documents, consistent with the parties' practice at the two trials in the 1846 Matter, a practice which the Court has previously approved, Apple seeks to seal only those portions of these documents that Samsung does not show to the jury.  (*See* Selwyn Declaration ¶ 3; Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 2796) (sealing portions of DX534 and DX572 which were not shown to the jury).)

**DX489**: On Tuesday morning, counsel for Apple provided Samsung with a list of documents identified for use during the examination of Mr. Schiller over which Apple maintained a claim of confidentiality. (Declaration of Mark D. Selwyn in Support of Apple's Response (" Selwyn Response Declaration"), Ex. 1.)  On Wednesday evening, counsel for Samsung informed Apple that in addition to DX413, it also intended to "use pages from DX405" and "exhibits [DX377, DX404, DX407, DX416, DX418, DX421, DX422, DX427, DX428, DX429, DX452, DX457, and DX458] listed in your 4/1 email with an asterisk.  Samsung's understanding is that Apple does not object to Samsung's use of those exhibits in open court and that Apple only intends to later move to seal pages not shown in open court."  (Selwyn Response Declaration, Ex. 2.)  In light of that correspondence, Apple did not include DX489 in its Motion to Seal. Samsung's Notice is unclear as to whether it now intends to use DX489 with Mr. Schiller.  (Notice at 10-12 (stating that Samsung has already shown portions of DX489 during its opening statement).)  If Samsung does use DX489 with Mr. Schiller, Apple will request the Court seal pages 34, 39-55, 73-75, 77-80, 82-91, 95, 100-105, 107, 109-114, 165, 174, 176-177, 181-197, 201, 206, 208, 215, 217-218, 220, 222-224 and 226-230 as those portions of the document discuss Apple's component costs, comparisons of Apple's costs with estimates of competitors' costs and estimates of competitors' costs based on Apple costs.  As Apple

Apple's Response To Samsung's Notice
Regarding Apple's Administrative Motion to File Exhibits Under Seal
2     Case No. 12-cv-00630-LHK (PSG)

ActiveUS 126507287v.1

1  explained in the Declaration of Mark Buckley, a Finance Manager at Apple, cost information
2  would give competitors a substantial advantage over Apple as competitors could tailor offerings
3  and pricing to undercut Apple and determine exactly what price level would make a given
4  product unprofitable to Apple. (Dkt. No. 685-1 at 3.) Suppliers with cost data could alter Apple's
5  price on components. (*Id.* at 3-5.) This is the type of information the Federal Circuit confirmed
6  is properly sealed and would be harmful to Apple if exposed. *Apple Inc. v. Samsung Elecs. Co.*,
7  727 F.3d 1214, 1225 (Fed. Cir. 2013).

8  Accordingly, for the reasons stated in Apple's Motion to Seal and the Selwyn Declaration
9  in Support, Apple requests that its Motion to Seal be granted in full. [2]

Dated:  April 3, 2014

WILMER CUTLER PICKERING
  HALE AND DORR LLP

*/s/* Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc..*

---

[2] While Samsung included DX390, DX411, DX412, DX415, DX417, DX420, DX425, and DX500 in its disclosures for Mr. Schiller, Apple understands that Samsung does not intend to use any of these exhibits with Mr. Schiller. As Samsung's Notice does not address them, Apple understands this is still the case. Apple maintains a claim of confidentiality over these exhibits and will move to seal all, or portions of them, should Samsung introduce them at trial.

Apple's Response To Samsung's Notice
Regarding Apple's Administrative Motion to File Exhibits Under Seal
3                    Case No. 12-cv-00630-LHK (PSG)

ActiveUS 126507287v.1

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on April 3, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

                                       */s/* Mark D. Selwyn
                                       Mark D. Selwyn

Apple's Response To Samsung's Notice
Regarding Apple's Administrative Motion to File Exhibits Under Seal
4                    Case No. 12-cv-00630-LHK (PSG)

ActiveUS 126507287v.1