# EXHIBIT 1

# Herriot, Liv

| | |
|---|---|
| **From:** | Herriot, Liv |
| **Sent:** | Tuesday, April 01, 2014 7:55 AM |
| **To:** | 'Michael Fazio'; Kolovos, Peter; WH Apple Samsung NDCal II Service; 'Apple/Samsung@gibsondunn.com'; 'Apple630MoFoTeam' |
| **Cc:** | Samsung NEW |
| **Subject:** | RE: Apple v. Samsung, Case No. 12-cv-00630 |

Michael,
Apple identifies the following exhibits Samsung disclosed for Mr. Schiller as having confidential information Apple information. Those exhibit marked with a star are exhibits where Apple will only seek to seal those pages not shown in Court.

DX377 *
DX390
DX404 *
DX405
DX407 *
DX411
DX412
DX413
DX415
DX416 *
DX417
DX418 *
DX420
DX421 *
DX422 *
DX425
DX427 *
DX428 *
DX429 *
DX452 *
DX457 *
DX458 *
DX489
DX500

In addition, Apple understands that MAL has been discussing DX440, DX441, DX442 and DX443 with you and may be seeking to seal those documents.

Thank you,
Liv

---

**From:** Michael Fazio [mailto:michaelfazio@quinnemanuel.com]
**Sent:** Monday, March 31, 2014 11:46 PM
**To:** Kolovos, Peter; WH Apple Samsung NDCal II Service; 'Apple/Samsung@gibsondunn.com'; 'Apple630MoFoTeam'

**Cc:** Samsung NEW
**Subject:** RE: Apple v. Samsung, Case No. 12-cv-00630

Peter,

There is simply no reason why Apple cannot flag for Samsung the other exhibits that, according to Apple, should not be shown or discussed in open court earlier than when "Mr. Schiller takes the stand."

Additionally, the parties would be better served if Apple would have previewed its proposal before yesterday's call so that Samsung could have given Apple's proposal due consideration and been prepared to make its own. In any event, Apple asked for a proposal from Samsung and we made one in the email below. We request again that Apple let us know if that proposal is agreeable. We also again request that Apple immediately identify these other exhibits that Apple contends cannot be shown in open court. Apple obviously knows what they are. We are prepared to reciprocate.

Best regards,
Michael Fazio

---

**From:** Kolovos, Peter [mailto:Peter.Kolovos@wilmerhale.com]
**Sent:** Monday, March 31, 2014 11:19 PM
**To:** Michael Fazio; WH Apple Samsung NDCal II Service; 'Apple/Samsung@gibsondunn.com'; 'Apple630MoFoTeam'
**Cc:** Samsung NEW
**Subject:** RE: Apple v. Samsung, Case No. 12-cv-00630

Michael.

Had Samsung made this proposal (or, for that matter, any proposal) regarding the exhibits for Mr. Schiller when we spoke at noon yesterday, we might have been able to provide this information tonight. Not only did Samsung not make such a proposal, but when we spoke yesterday you were not willing to commit to providing any notice before a witness testified regarding which of the exhibits listed in the disclosures for that witness Samsung might move to seal.

Separately, our identification of certain pages from DX 405 and DX 489 that could be shown in open court during Samsung's opening does not mean that those pages do not contain Apple CBI or that there was any over-designation of CBI by Apple. Rather, that identification reflects Apple's judgment, in light of the court's prior sealing orders, to allow the confidential information in those pages to become public in the event they are used at trial (where the court applies a higher standard for sealing).

-- Peter

---

**From:** Michael Fazio [mailto:michaelfazio@quinnemanuel.com]
**Sent:** Monday, March 31, 2014 10:44 PM
**To:** Kolovos, Peter; WH Apple Samsung NDCal II Service; 'Apple/Samsung@gibsondunn.com'; 'Apple630MoFoTeam'
**Cc:** Samsung NEW
**Subject:** RE: Apple v. Samsung, Case No. 12-cv-00630

Peter,

We are prepared to identify any exhibits or other materials in the parties' disclosures and cross disclosures for Mr. Schiller that contain Samsung CBI tonight. Apple's proposal that we do this tomorrow minutes before Mr. Schiller takes the stand is not acceptable. We again ask that Apple provide this information as to Mr. Schiller tonight by 11.30 pm pst. For future witnesses, we are also agreeable to identifying any materials in the parties' disclosures or cross disclosures that contain Samsung CBI by 8 pm the day before the witness is scheduled to testify, and request that Apple

agree to the same as to Apple CBI contained in the witness's disclosures or cross disclosures.  Please confirm Apple's agreement.

Additionally, we note that based upon the page numbers from DX 405 and DX 489 that Apple previously identified, and which are reproduced in the email below, Apple appears to have vastly over-designated materials as containing Apple CBI.  Those designations go well beyond the type of information the Court has previously found to be sealable.  Accordingly, to the extent that Apple intends to maintain those designations for materials to be used during Mr. Schiller's examination, Samsung intends to challenge them.

Best regards,
Michael Fazio

---

**From:** Kolovos, Peter [mailto:Peter.Kolovos@wilmerhale.com]
**Sent:** Tuesday, April 01, 2014 12:56 AM
**To:** Michael Fazio; WH Apple Samsung NDCal II Service; Apple/Samsung@gibsondunn.com; Apple630MoFoTeam
**Cc:** Samsung NEW
**Subject:** RE: Apple v. Samsung, Case No. 12-cv-00630

Michael,

During our meet and confer call yesterday, we proposed that the parties come up with a process to identify for each other the confidential information included in the exhibits disclosed for each witness, and we also proposed that we exchange marked up copies of the disclosure lists as each witness took the stand to provide courtesy notice regarding which exhibits could not be displayed publicly or discussed in open court.  Samsung was not willing to commit to any such process.  Please be advised that there are other exhibits disclosed for Mr. Schiller that cannot be shown or discussed in open court.  We will flag those for you when Mr. Schiller takes the stand.  Given your request below, we assume that Samsung will do the same for each witness, including for any witnesses testifying tomorrow for whom Apple has disclosed exhibits containing Samsung confidential information.

In addition, we note that Samsung also disclosed exhibits for Mr. Schiller that contain third party confidential information.  We trust that Samsung has already notified those third parties of this, and that they are aware that their confidential materials may be used in court tomorrow.

-- Peter

---

**From:** Michael Fazio [mailto:michaelfazio@quinnemanuel.com]
**Sent:** Monday, March 31, 2014 9:37 PM
**To:** WH Apple Samsung NDCal II Service; Apple/Samsung@gibsondunn.com; Apple630MoFoTeam
**Cc:** Samsung NEW
**Subject:** Apple v. Samsung, Case No. 12-cv-00630

Counsel,

Please inform us which (if any) of the cross exhibits and demonstratives Samsung disclosed for use with Mr. Schiller Apple contends cannot be shown or discussed in open court.  Based on Apple's response to Samsung's opening statement disclosures and slides, we are aware of the following:

DX 405 pages 405.15, 405.23-405.25, 405.36, 405.38, 405.40, 405.44-405.46, 405.52-405.54, 405.57-405.62.

DX 489 pages  34, 39-55, 73-75, 77-80, 82-91, 95, 100-105, 107, 109-114, 165, 174, 176-177, 181-197, 201, 206, 208, 215, 217-218, 220, 222-224 and 226-230

3

If there are additional exhibits that Apple believes Samsung cannot publicly display, please let us know by 11 PM tonight.

Best regards,

Michael Fazio