QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES REGARDING EXHIBITS AND DEMONSTRATIVES DISCLOSED FOR SCHILLER, CHRISTIE, COCKBURN, AND KOCIENDA** |

**I.  SAMSUNG'S RESPONSES TO APPLE'S OBJECTIONS.**

**A.  Apple Withdrew Its Objections as to Mr. Christie's Cross-Disclosed Two Demonstratives and One Exhibit.**

Apple withdrew its objections as to SDX2002, SDX2006, and DX1082.  *See* Email from Borenstein to Fazio dated March 30, 2014 (Fazio Decl., Ex. I); Email from Borenstein to Fazio dated March 29, 2014 (setting forth Apple's high priority objections) (Fazio Decl., Ex. K).

**B.  Samsung's Cross Disclosures For Mr. Kocienda Are Proper.**

**March 29, 2013 Deposition of Scott Forstall.**   Withdrawn by Samsung.

**SDX2002.**   Apple withdrew its objections to this demonstrative.   *See* Fazio Decl., Ex. I.

**SDX2111.**   SDX2111 is a proper impeachment demonstrative.  The devices depicted – the Galaxy S III, Galaxy Note II, and Galaxy Tab 2 10.1 – are as a point of fact not accused of infringing the '172 patent.  (PDX15.)  Mr. Kocienda may lay the foundation for SDX2111 through his testimony; Apple's objection is premature.

**C.  Samsung's Cross Disclosures For Mr. Schiller Are Proper.**

**DX348.**   This document was admitted in both 1846 trials and added to Samsung's exhibit list in this case on March 13, 2014, shortly after Samsung served its original exhibit list and after its' accidental omission was discovered.   Apple's objection should be overruled.

**DX408A.**   Apple's "improper redactions" objection is without merit. DX408A illustrates that both Mr. Schiller and Apple's ad agency expressed concerns that Samsung's success was a result of business decisions and savvy marketing that equalized Apple's "coolness" factor—and not due to any alleged infringement.   DX408A is therefore highly probative. Samsung has only redacted three sentences from a forwarded article referring to the verdict in the 1846 case and other litigation between the parties.   The redacted sentences have no impact on the probative value of DX408A, and do not prejudice Apple in any way.   Interjecting references to the prior verdict would be unnecessarily prejudicial (and indeed, here factually incorrect as the article predates the retrial in the 1846 action).   Finally, Apple raises no other objection to DX408A, and thus Samsung should be permitted to rely on the unredacted DX408 in the event the Court agrees that Samsung's redactions are improper.

**DX1008.**  DX 1008 is an Apple television advertisement produced by Apple and thus is a proper subject of cross examination with Mr. Schiller.

### D. Mr. Cockburn's Cross-Disclosed SDX2003 and DX328 Are Moot.

Samsung has withdrawn DX328 and Apple withdrew its objections to SDX2003.  *See* Fazio Decl, Ex. I.

## II. SAMSUNG'S HIGH PRIORITY OBJECTIONS TO APPLE'S DISCLOSURES.

### A. Samsung's Objections to Mr. Christie Disclosures Should Be Sustained.

**PX122.**  PX122 summarizes information about reasons buyers purchase phones.  Apple's Initial Disclosures concerning Mr. Christie do not identify him as having knowledge of sales or marketing.  *See* Apple's January 29, 2013 Supplemental Initial Disclosures at 5.  Indeed, Mr. Christie has no personal knowledge of this information – he testified at deposition "I just said I don't know what impacts sales."  *See, e.g.*, April 20, 2012 deposition of G. Christie at 168:21-22; *see also* 168:13-14; 169:5-6; 169:10-11 (Fazio Dec. Ex. A).[1]

**PX134.**  PX134 is an article that concerns "patents that list Mr. Jobs as an inventor or coinventor" (*see* PX 134), but Mr. Jobs is not listed as an inventor on any asserted patents.  PX 134 is therefore irrelevant to any issue, is prejudicial, and its use is contrary to prior rulings in the 1846 case. *See* 5:11-cv-01846, Dkt. 1267 at 4:1-3.[2]

**PX171.**  PX171, an email from Gordon Freedman, is Apple's "invention story" for the '414 patent; Apple alleges the document shows conception of the asserted claim (Snoeren Reb. Rep. ¶¶ 397-98; Dkt. 1334-03 at 5).  To present this "invention story," Apple, of course, needs a '414 inventor.  Mr. Christie is *not* a '414 inventor.  Nor is he author or recipient of the email.  In fact, he is not author or recipient of *any* trial exhibit discussing the '414 patent, and he was not listed in Apple's witness disclosures as having knowledge of the '414 patent.  (Dkt. 1448-1 at 8.)  The witness Apple disclosed for the '414 "invention story" is Gordon Freedman (Dkt. 1448-1

---

[1]  Samsung's objection to PX 122 applies equally to PX123 and PX136, which are also sales related information for which Mr. Christie lacks personal knowledge.

[2]  Samsung's objection to PX 134 applies equally to PX 179, which is an email to Steve Jobs.

at 16), the sole inventor of that patent.  Testimony on the '414 patent, including PX171, is outside Mr. Christie's personal knowledge and would go beyond his witness disclosure.[3]

### B. Samsung's Objections to Mr. Kocienda's Disclosures Should Be Sustained.

**DX492.**  This exhibit – U.S. Patent No. 7,883,730 ("Robinson") – is prior art to Apple's '172 patent and is outside the scope of Mr. Kocienda's designation.[4]  (Dkt. 1266-1 at 23 ("Mr. Kocienda … may testify regarding the '172 patent, including its background, conception, and reduction to practice.").)  This designation does not encompass any discussion of prior art.  Moreover, Mr. Kocienda testified it was his not responsibility to consider prior art. (Apr. 13, 2012 Dep. at 133:22-25 ("Q So it's -- sitting here today, you just can't tell me whether there's anything new because you haven't looked at the prior art; right? A That was not my responsibility.")).  Mr. Kocienda is testifying as fact witness, not an expert.  Under FRE 701, Mr. Kocienda is limited to offering opinions based on first-hand knowledge and not "scientific, technical, or other specialized knowledge within the scope of Rule 702."  Mr. Kocienda would instead only be offering improper expert testimony.[5]

---

[3]  For the same reasons, Kenneth Kocienda should be precluded from testifying on PTX171; Mr. Kocienda is not a '414 inventor and was not disclosed as having knowledge of that patent. Apple's 01/29/2013 Supplemental Initial Disclosures (Fazio Ex. B).

[4]  Samsung's objection to DX 492 applies equally to JX58 and JX59, which are prior art references for which Mr. Kocienda lacks personal knowledge.

[5]  *See* 1846 Dkt. 2719 at 4-6 (prohibiting Apple from presenting a new damages theory through a fact witness, where an expert would not be able to explain the calculations, and noting that it would be "particularly difficult" for the jury to reach a damages figure "where the issues are complex, the parties are large companies, and the damages evidence is hotly contested"); *Laser Design Int'l, LLC v. BJ Crystal, Inc.*, No. 03-1179 JSW, 2007 WL 735763, at *3 (N.D. Cal. Mar. 7, 2007) ("[W]hile lay witnesses may be allowed to testify as to their personal knowledge of a particular invention or prior art, they may not 'provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.'"); *Cytyc Corp. v. TriPath Imaging, Inc.*, 505 F. Supp. 2d 199, 211-12 (D. Mass. 2007), *as amended*, (Aug. 23, 2007) (precluding patentee from presenting a new doctrine of equivalents theory through lay testimony); *Gart v. Logitech, Inc.*, 254 F. Supp. 2d. 1119, 1123 (C.D. Cal. 2003) (allowing inventor to testify about his experience directing the research group for the technology at issue, but prohibiting him from opining on how patent claims at issue compared to the prior art); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. 03-1431 SBA, 2006 WL 1330002, at *3 (N.D. Cal. May
  (footnote continued)

1      **PX108**.   Withdrawn by Apple for use with Kocienda.   *See* Fazio Decl., Ex. I.

2      **PX180**.   Apple has agreed not to use PX180 with Mr. Kocienda.

3      C.   **Samsung's Objections to Mr. Schiller's Disclosures Should Be Sustained.**

4      **PX 122.**   Apple removed pg. 3 of PX122 for use with Mr. Schiller. *See* Fazio Decl., Ex. I.

5      **PX179.**   This exhibit should be excluded as inadmissible hearsay—unless the statements in the email are accepted as true, the email is irrelevant—and for the related reason that Mr. Schiller lacks personal knowledge and cannot lay a proper foundation.  Whatever minimal probative value there may be in the fact that a single one-year-old from Poland can unlock the iPhone is outweighed by the risk of prejudicially evoking a purely emotional reaction from the jury.

**PX211.**   This exhibit is a blog article which makes the inflammatory accusation that Galaxy Tab 8.9 and 10.1 "cloned" the iPad 2's "design"—the same article Apple previously to support its trade dress and design patent claims.  Neither product is accused in this case, the design of Samsung's tablets is irrelevant, and nothing in PX211 relates to the patented features.[6]  Furthermore, Apple failed to disclose PX211 in any response to interrogatories seeking the identity of all documents Apple intended to rely on as evidence of secondary considerations (including copying and commercial success) and its damages claims.   *See* Fazio Decl., Exs. C-F (Rog Nos. 5, 27, 39, 49).[7]

---

15, 2006) (prohibiting engineer from "offer[ing] opinion testimony comparing [a product] to the '131 Patent").

[6]   During the damages retrial, the court sustained Samsung's Rule 403 objection to evidence regarding Samsung's tablet design (*see* 1846 Dkt. 2645 at 2), and it should do again here.

[7]   Apple purports to reserve all rights to "Samsung belated cross disclosures."   *See* Fazio Decl., Ex. K.   In characterizing Samsung's cross disclosures as late, what Apple does not tell the Court is that it did not complete its own disclosures until 4:19 pm pst – over seven hours after the deadline agreed upon the party.  *See* Email from Sabri to Fazio dated March 29, 2014 (Fazio Decl., Ex. J). Further, the overwhelming majority of Samsung's exhibits were provided to Apple at 7:00 pm with the remainder hand delivered to Apple at approximately 7:35 pm.   Though neither party met the agreed upon deadlines in this round of disclosures and cross disclosures, Samsung came much closer than Apple.

### D. Samsung's Objections to Mr. Cockburn's Disclosures Should Be Sustained.

**PDX60.**  This slide depicts a screen shot of a phone, but the slide contains no exhibit reference or other support.

**PX181.**  PX181 is not cited in Professor Cockburn's reports. The Court has *very* consistently held—often at Apple's behest—that experts may not testify about evidence not disclosed in their reports.  *See, e.g.*, Dkt. 1563 at 2; *id.* at 3; *id.* at 4; Dkt. 1563 at 2; Dkt. 1650 at 2; Dkt. 1690 at 1-2; *id.* at 8; Dkt. 2575 at 5-6; *id.* at 9; Dkt. 2721 at 4.   Nothing about PX181 warrants an exception to this rule.

DATED: March 30, 2014

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael L. Fazio*
Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael L. Fazio

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC