# EXHIBIT E

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | Case No. 12-cv-00630-LHK (PSG)<br><br>APPLE INC.'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORIES NOS. 1, 2, 3, 5, 9, 10, 25, 26, 27, 39, 40, 41, 42, 49<br><br>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY |

**INTERROGATORY NO. 39:**

For each of the APPLE PATENTS-IN-SUIT, DESCRIBE in detail the measure and proper calculation of any and all damages and harm claimed against SAMSUNG in this litigation, including without limitation: the measure and proper calculation, if any, of a reasonable royalty, royalty base, royalty rate, lost profits, and price erosion. If YOU contend that lost profits are a proper measure of damages, please identify (1) each product or service for which you seek lost profits, (2) any and all evidence of demand for such APPLE product or service; (3) any and all evidence that APPLE had the manufacturing and marketing capacity to make additional sales; (4) any and all evidence of the profit that APPLE contends it would have made from the additional sales; and (5) any and all additional evidence that you contend supports a lost profits claim. Please include in YOUR answer a detailed list on a quarterly and yearly basis of unit sales, revenue, cost, and profit for each such product or service.

**RESPONSE TO INTERROGATORY NO. 39:**

Apple objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and as not reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "APPLE PATENTS-IN-SUIT," "measure and proper calculation of any and all damages and harm," "measure and proper calculation," "evidence of demand," "manufacturing and marketing capacity to make additional sales," "the profit that APPLE contends it would have made from the additional sales," and "a detailed list on a quarterly and yearly basis of unit sales, revenue, cost, and profit for each such produce or service." Apple further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple still further objects to this Interrogatory on the grounds and to the extent

- 306 –

Apple's Further Supplemental Responses to Samsung's Interrogatories
Nos. 1, 2, 3, 5, 9, 10, 25, 26, 27, 39, 40, 41, 42, 49
Case No. 12-cv-00630-LHK (PSG)

it is compound and comprises discrete subparts resulting in separate interrogatories, seeks a legal conclusion, and seeks expert opinion.

Subject to the foregoing General and Specific Objections, Apple responds as follows:

Apple has suffered and will continue to suffer both monetary and non-monetary harm as a result of Samsung's infringement of the Apple patents at issue in this lawsuit. Pursuant to 35 U.S.C. § 284, Apple claims damages adequate to compensate for Samsung's infringement of the Apple patents-in-suit, which shall consist of lost profits and reasonable royalties applied to Samsung's sales of infringing products and services. The calculation of lost profits and reasonable royalties on infringing sales is the subject of expert testimony. Apple also seeks prejudgment interest on the amount of any monetary award pursuant to section 284. Further, based on discovery to date, Apple seeks enhanced damages of three times the amount assessed based on Samsung's willful infringement of Apple's patents at issue. Apple has and will have expended costs and reasonable attorneys' fees, which it will seek to recover pursuant to 35 U.S.C. § 285, because Samsung's infringement presents an exceptional case. Finally, Apple also has been irreparably harmed by Samsung's infringement in incalculable ways, which also is the subject of expert testimony.

Discovery in this matter and Apple's investigation is ongoing. Samsung has not yet responded to and/or produced documents in response to numerous outstanding discovery requests relating to Apple's damages claims. Apple reserves the right to supplement or amend this interrogatory after further investigation and further discovery from Samsung.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 39:**

Subject to and incorporating its General Objections and its Specific Objections and Response from Apple Inc.'s Objections and Responses to Samsung's Fourth Set of Interrogatories with regard to Samsung's Interrogatory No. 39, Apple provides the following supplemental response:

Lost Profits

Apple and Samsung compete directly for customers, including first-time buyers, in the market for smartphones and tablets, including in the same segments of those markets. Specifically, Samsung's infringing products do not have a disparately higher or lower price than Apple's comparable products, nor do they possess characteristics that are significantly different from Apple's comparable products incorporating the patented features so as to place them in different market segments. Accordingly, Apple will contend that but for Samsung's infringing activities, Apple would have made at least a portion of Samsung's infringing sales. The portion of sales that Apple would have made absent Samsung's infringement is based on a reconstruction of the relevant smartphone/tablet markets as they would exist without Samsung's infringing products, and that reconstruction is the subject of expert testimony, but will be based, at least, on actual market shares during the infringing period. In addition, documents relating to Samsung's direct competition with Apple in the relevant markets, as well as actual and reconstructed market shares, include at least the following: SAMNDCA00232190, SAMNDCA00237976, SAMNDCA00508318, SAMNDCA10036081, SAMNDCA10807316, SAMNDCA10807388, SAMNDCA11026335, SAMNDCA11298663, SAMNDCA630-00012373, SAMNDCA630-00017561, SAMNDCA630-00023462, SAMNDCA630-00026051, SAMNDCA630-00031468, SAMNDCA630-00057428, SAMNDCA630-00124744, SAMNDCA630-00197252, SAMNDCA630-00197257, SAMNDCA630-00308495, SAMNDCA630-00309026, SAMNDCA630-00629534, SAMNDCA630-00836436, SAMNDCA630-00906875, SAMNDCA630-00911642, SAMNDCA630-00911648, SAMNDCA630-01022445, SAMNDCA630-01027982, SAMNDCA630-04290079, SAMNDCA630-04300304, SAMNDCA630-04438933, SAMNDCA630-04466024, SAMNDCA630-04466096, SAMNDCA630-04507260, SAMNDCA630-04519104, SAMNDCA630-04519152, SAMNDCA630-04519269, SAMNDCA630-04519375, SAMNDCA630-

04520309, SAMNDCA630-04543807, SAMNDCA630-05548946, SAMNDCA630-05564631, SAMNDCA630-05791533, SAMNDCA630-05791843, SAMNDCA630-05793584, SAMNDCA630-05797211, SAMNDCA630-06030021, SAMNDCA630-06030206, SAMNDCA630-06034231, SAMNDCA630-06034254 , SAMNDCA630-06039221, SAMNDCA630-06444236, SAMNDCA630-06519666, SAMNDCA630-06614527, SAMNDCA630-06615777, SAMNDCA630-06615945, SAMNDCA630-06616427, SAMNDCA630-06617906, SAMNDCA630-06635592, SAMNDCA630-06682064, SAMNDCA630-06698295, SAMNDCA630-06978042, SANMDCA630-00203811, APLNDC630-0000126911, APLNDC630-0000170974, APLNDC630-0000127085, APLNDC630-0000135098, APLNDC630-0000744742, APLNDC630-0000170947, APLNDC630-0000170960, APLNDC630-0000170968, APLNDC630-0000170971, APLNDC630-0000170977, APLNDC630-0000170980, APLNDC630-0000170981, APLNDC630-0000170982, APLNDC630-0000170940, APLNDC630-0000171389, APLNDC630-0000171397, APLNDC630-0000171399, APLNDC630-0000171401, APLNDC630-0000171404, APLNDC630-0000171406, APLNDC630-0000171409, APLNDC630-0000171413, APLNDC630-0000171481, APLNDC630-0000171486, APLNDC630-0000171489, APLNDC630-0000171236, APLNDC630-0000171536, APLNDC630-0000171854, APLNDC630-0000135164, APLNDC630-0000128163, APLNDC00010809, APLNDC630-0000170948, APLNDC630-0000170963, APLNDC630-0000135164, APLNDC630-0000171859, APLNDC630-0000171856, APLNDC630-0000882329, APLNDC630-0000837502, APLNDC630-0000837380, APLNDC630-0000823305, and APLNDC630-0000823270.

In addition, there is substantial demand for the patented products, including substantial demand for the patented features at issue in this case. Indeed, Samsung has enjoyed considerable success in the smartphone and tablet markets by virtue of its use of the Apple patented features at issue. Samsung also recognizes that the patented features at issue

have significant value, as evidenced by its own documents. Documents relating to the demand for the patented products and patented features at issue, as well as the value of the patented features, include at least the following: GOOG-NDCAL630-00062038, GOOG-NDCAL630-00062048, GOOG-NDCAL630-00063685, SAMNDCA00036232, SAMNDCA00176053, SAMNDCA00201683, SAMNDCA00203727, SAMNDCA00203880, SAMNDCA00214274, SAMNDCA00221705, SAMNDCA00226589, SAMNDCA00231459, SAMNDCA00238251, SAMNDCA00239398, SAMNDCA00249929, SAMNDCA00250864, SAMNDCA00251538, SAMNDCA00508318, SAMNDCA10029586, SAMNDCA10042955, SAMNDCA10166661, SAMNDCA10175266, SAMNDCA10175268, SAMNDCA10244357, SAMNDCA10244604, SAMNDCA10247373, SAMNDCA10247549, SAMNDCA10252803, SAMNDCA10275576, SAMNDCA10279489, SAMNDCA10387449, SAMNDCA10807316, SAMNDCA10807388, SAMNDCA10907800, SAMNDCA10907803, SAMNDCA10993206, SAMNDCA11290440, SAMNDCA11290567, SAMNDCA11294641, SAMNDCA11296712, SAMNDCA11298663, SAMNDCA630_04330382, SAMNDCA630_04335717, SAMNDCA630_04362736, SAMNDCA630-00018307, SAMNDCA630-00018347, SAMNDCA630-00021349, SAMNDCA630-00050226, SAMNDCA630-00055959, SAMNDCA630-00124744, SAMNDCA630-00189518, SAMNDCA630-00189528, SAMNDCA630-00602178, SAMNDCA630-00867642, SAMNDCA630-00867643, SAMNDCA630-00872689, SAMNDCA630-00875256, SAMNDCA630-00911800, SAMNDCA630-01022452, SAMNDCA630-01031074, SAMNDCA630-01092185, SAMNDCA630-01100970, SAMNDCA630-01391611, SAMNDCA630-01412081, SAMNDCA630-04291891, SAMNDCA630-04292775, SAMNDCA630-04294324, SAMNDCA630-04294353, SAMNDCA630-04387598, SAMNDCA630-04387935,

SAMNDCA630-04401169, SAMNDCA630-04402504, SAMNDCA630-04403171,
SAMNDCA630-04406006, SAMNDCA630-04408350, SAMNDCA630-04432191,
SAMNDCA630-04438933, SAMNDCA630-04440727, SAMNDCA630-04455675,
SAMNDCA630-04462640, SAMNDCA630-04466024, SAMNDCA630-04466096,
SAMNDCA630-04483842, SAMNDCA630-04503299, SAMNDCA630-04503771,
SAMNDCA630-04527774, SAMNDCA630-04529157, SAMNDCA630-04529157,
SAMNDCA630-04533481, SAMNDCA630-04538779, SAMNDCA630-04543328,
SAMNDCA630-04543506, SAMNDCA630-04543614, SAMNDCA630-04543750,
SAMNDCA630-04543807, SAMNDCA630-04544458, SAMNDCA630-05065440,
SAMNDCA630-05066964, SAMNDCA630-05375143, SAMNDCA630-05375902,
SAMNDCA630-05376089, SAMNDCA630-05396802, SAMNDCA630-05407747,
SAMNDCA630-05411575, SAMNDCA630-05425937, SAMNDCA630-05446737,
SAMNDCA630-05459040, SAMNDCA630-05459042, SAMNDCA630-05460449,
SAMNDCA630-05512238, SAMNDCA630-05515895, SAMNDCA630-05516000,
SAMNDCA630-05560681, SAMNDCA630-05582497, SAMNDCA630-05598268,
SAMNDCA630-05659595, SAMNDCA630-05695534, SAMNDCA630-05748484,
SAMNDCA630-05760408, SAMNDCA630-05859535, SAMNDCA630-05876686,
SAMNDCA630-05878281, SAMNDCA630-05882639, SAMNDCA630-05890517,
SAMNDCA630-05901700, SAMNDCA630-05931596, SAMNDCA630-05931637,
SAMNDCA630-06010136, SAMNDCA630-06018043, SAMNDCA630-06018913,
SAMNDCA630-06032104, SAMNDCA630-06091364, SAMNDCA630-06147696,
SAMNDCA630-06162057, SAMNDCA630-06233846, SAMNDCA630-06243410,
SAMNDCA630-06376300, SAMNDCA630-06382407, SAMNDCA630-06382677,
SAMNDCA630-06635592, SAMNDCA630-06641653, SAMNDCA630-06976158, S-ITC-009302888, S-ITC-010617659, S-ITC-010698481, APLNDC630-0000170909,
APLNDC0001324274, APLNDC630-0000171023, APLNDC630-0000171819,

APLNDC630-0000171814, APLNDC630-0000128231, APLNDC0002420480, APLNDC630-0000128231, APLNDC630-0000149086, APLNDC630-0000149470, APLNDC630-0000171046, APLNDC630-0000171052, APLNDC630-0000149086, APLNDC630-0000149086, APLNDC630-0000171846, APLNDC630-0000171812, APLNDC630-0000171823, APLNDC630-0000149209, APLNDC630-0000167955, APLNDC630-0000171082, APLNDC630-0000171084, APLNDC-Y0000025024, APLNDC-Y0000024130, and APLNDC630-0000171825.  Additional support for widespread and significant consumer demand for the patented products and features will be presented in the form of expert and fact witness testimony.

Further, Samsung has failed to implement or even identify acceptable, available non-infringing substitutes to the Apple patented technology at issue in the relevant time period.  Even if Samsung were to prove the availability of substitutes to the Apple patented technology at issue, which it has not done, as is its burden, those substitutes would likely not be acceptable to all customers who would have purchased Samsung's infringing products, and some portion of those customers would therefore not purchase the alternatives at all.  The absence of an acceptable, available non-infringing substitute in the market in the relevant time period leads to the inference that no such alternative exists.  Samsung has not adequately rebutted that inference.  Indeed, during the 30(b)(6) deposition regarding consumer acceptance of alleged alternatives to Apple's patented technology, Samsung's designee, Mr. Benner, failed to identify any studies, tests, analyses, or other information that demonstrated that consumers found Samsung's alleged alternatives acceptable.  Apple is therefore entitled to lost profits at least based on the portion of customers for whom there is no available, acceptable alternative to the Apple patented technology at issue in the relevant time period.  Additional support for the absence of available, acceptable non-infringing alternatives will be presented in the form of expert and fact witness testimony.

Moreover, Apple possessed ample manufacturing and marketing capability to exploit

the demand for the products incorporating the patented features.  Documents relating to Apple's capacity to exploit demand include the following:  APLNDC630-Y00003612, APLNDC630-Y00003613, APLNDC630-Y00000113, APLNDC630-Y00000137, APLNDC630-Y00000272, APLNDC630-Y00000280, APLNDC630-Y00000313, APLNDC630-Y00000326, APLNDC630-Y00000360, APLNDC630-Y00000375, APLNDC630-0001120880, and APLNDC630-0001120881.  Additional support for Apple's capacity to exploit demand will be presented in the form of expert and fact witness testimony.

Based on the above, Apple would have made a profit on lost sales of Apple products as a result of Samsung's infringement.  In particular, Apple is entitled to the profits on sales it would have made but for Samsung's infringement.  First, Samsung would have had to remove its infringing products from the market entirely.  The infringing sales Samsung would have made during the period in which its products were removed from the market would then have been captured by other market participants, including Apple, based on those participants' *pro rata* market share.  As noted above, Samsung has not yet identified commercially acceptable non-infringing alternatives to the Apple patented features at issue in this case.  Nonetheless, if Samsung did prove the availability of such alternatives, it would be able to introduce those alternatives into the marketplace only after a period of design-around efforts, which would include not only design and development of the commercially acceptable non-infringing alternatives, but also at least negotiation with wireless carriers, release of the alternatives to the market, and other steps.  In that event, it will be Samsung's burden to establish that the asserted non-infringing alternatives would be fully acceptable to those customers who want the advantages provided by the infringing features, and Apple will continue to be entitled to its lost profits to the extent that Samsung fails to carry its burden of proof with regard to all sales that were in fact made after the date(s), if any,  that Samsung establishes that it could have re-entered the market with non-infringing alternative products.

Documents relating to the measure of profits lost by Apple as a result of Samsung's infringement include the following: APLNDC630-Y00000001 to APLNDC630-Y00008895. Further, the amount of sales that Samsung would have lost and the resulting profits that would have been gained by Apple had Samsung not infringed the patents-in-suit will be the subject of expert testimony.

Reasonable Royalties

Apple is entitled to reasonable royalties for each sale of a Samsung infringing product for which Apple does not receive lost profits. These royalties will be calculated based on a hypothetical negotiation that would have occurred between Apple and Samsung prior to Samsung's first infringement of the patents in suit, consistent with what an actual negotiation at the time of those initial acts of infringement would have looked like and with the actual relationship between Apple and Samsung taken into account. For example, the reasonable royalty calculation will be informed by the fact that Apple and Samsung are direct competitors in the smartphone and tablet markets, as discussed above. Further, and also as discussed above and below, Samsung's sales of infringing products promote sales of other Samsung products and services, while Apple's sales of products that practice the Apple patents in suit likewise generate significant sales of other Apple products and services. Moreover, products incorporating the patented features at issue generate substantial profits and have obtained a great degree of commercial success and popularity. This is in part due to the utility and advantages that the patented features provide over old modes and devices, as well as the substantial benefits and value that the patented features incorporated into the products at issue provide for consumers. Accordingly, Apple has made substantial use of the patented features in its own products, and will continue to do so. A reasonable royalty sufficient to compensate Apple for Samsung's infringement would necessarily take the above factors, as well as those discussed below under "Lost Customers," into account. These factors further include the amount of profits Apple would lose by virtue of Samsung's

infringement. The precise calculation of reasonable royalties adequate to compensate Apple for Samsung's infringement will be the subject of expert testimony. Documents relating to reasonable royalties adequate to compensate Apple for any Samsung infringing sales for which Apple is deemed not entitled to receive lost profits include documents cited above in Apple's discussion of the lost profits it is owed as a result of Samsung's infringement; documents cited below in Apple's discussion of the losses it faces as a result of ecosystem effects, lost customers, and the unique characteristics of the smartphone and tablet markets; and at least the following: SAMNDCA630-06642237. Additional support for the reasonable royalties owed to Apple as a result of Samsung's infringement will be presented in the form of expert and fact witness testimony.

Lost Customers

In addition, Apple has lost a substantial number of customers as a result of Samsung's infringement. Each of those lost customers represents a significant lost long-term asset for Apple. As the Court has already recognized, platform "stickiness" and brand loyalty mean that the initial capture of market share is likely to lead to high rates of market share retention as well as significant losses in sales of related and tag-along products. Thus, Samsung has focused on attracting valuable first-time and other smartphone and tablet buyers in order retain those buyers as Samsung customers for the long term. For each such customer Apple loses to Samsung as a result of Samsung's infringement, Apple loses not only a direct smartphone or tablet sale, but also sales of myriad other products and services both today and in the future. These additional lost customer sales (and the corresponding long-term customer gains Samsung makes by virtue of its infringement) would in turn have at least been factored into the parties' positions during a hypothetical negotiation concerning a royalty rate sufficient to compensate Apple for Samsung's infringement. Documents relating to Apple's losses of valuable customers include at least the following: SAMNDCA00191811, SAMNDCA00221705, SAMNDCA00249029,

SAMNDCA00251506, SAMNDCA10170873, SAMNDCA11298663, SAMNDCA630-00012373, SAMNDCA630-00013323, SAMNDCA630-00048548, SAMNDCA630-00163815, SAMNDCA630-00309738, SAMNDCA630-00872689, SAMNDCA630-00875256, SAMNDCA630-00911642, SAMNDCA630-00911648, SAMNDCA630-04290079, SAMNDCA630-04466096, SAMNDCA630-05375480, SAMNDCA630-05375568, SAMNDCA630-05789663, SAMNDCA630-06376300, SAMNDCA630-06618657, SAMNDCA630-06639842, SAMNDCA630-06974237, SAMNDCA630-06981615, SAMNDCA630-00309026, APLNDC630-0000839758, APLNDC630-0000123751, APLNDC630-0000057968, APLNDC630-0000171058, APLNDC630-0000171060, APLNDC630-0000171062, APLNDC630-0000171063, APLNDC630-0000171065, APLNDC630-0000171080, APLNDC630-0000171138, APLNDC630-0000171140, APLNDC630-0000171142, APLNDC630-0000171144, APLNDC630-0000171147, APLNDC630-0000171225, APLNDC630-0000171227, APLNDC630-0000171304, APLNDC630-0000171306, APLNDC630-0000171307, APLNDC630-0000171318, APLNDC630-0000171322, APLNDC630-0000171326, APLNDC630-0000171329, APLNDC630-0000171371, APLNDC630-0000171372, APLNDC-Y0000025024, APLNDC630-0000135164, APLNDC630-0000126911, APLNDC630-0000123859, APLNDC630-0000057886, APLNDC630-0000056847, APLNDC630-0000171334, APLNDC630-0000171333, APLNDC630-0000171335, APLNDC630-0000062843, APLNDC630-0000056522, and APLNDC630-0001861446.  Additional evidence supporting Apple's contention that it has and will continue to be injured (in an amount beyond that quantified in its lost profits due to lost sales analysis) as a result of lost customers attributable to Samsung's infringement will be presented in the form of expert and fact witness testimony.

As noted above, the total measure and extent of Apple's damages as a result of Samsung's infringement will be the subject of expert testimony.  Moreover, Samsung's

infringement of the patents in suit is demonstrated by Apple's Infringement Contentions and all of the evidence cited therein, including any amendments to those Infringement Contentions. All of such evidence is incorporated by reference herein as evidence to show infringement, copying, failure to design around after notice of infringement, and the importance of the patented features to Samsung, Google and customers. Additional documents evidencing Samsung's infringement of the patents in suit include, but are not limited to, the documents identified in the attached Exhibits A-G. Apple also incorporates by reference its responses and supplemental responses to Samsung's Interrogatory Nos. 5 and 10.

Discovery is ongoing and Apple is continuing to investigate. Apple reserves the right to supplement and/or amend its response as appropriate.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 39:**

Additional evidence of Samsung's direct competition with Apple in relevant markets, as well as actual and reconstructed market shares, includes but is not limited to the evidence identified in the attached Appendix G. Additional evidence of demand for the patented products, including demand for the patented features at issue in this case, includes but is not limited to the evidence identified in the attached Appendix H. Additional evidence relating to Apple's capacity to exploit demand includes the evidence identified in the attached Appendix I. Additional evidence relating to Apple's loss of valuable customers includes the evidence identified in the attached Appendix J. Additional evidence relating to Apple's damages includes the evidence identified in the attached Appendix K. Apple also incorporates by reference its responses and supplemental responses to Samsung's Interrogatory Nos. 5, 10 and 49.

In addition to the documents identified above and those identified previously by Apple in response to this Interrogatory, the harm caused to Apple by Samsung's infringement and the calculation of damages are the subject of expert opinion found in the following expert

reports, which are hereby incorporated by reference:
- Opening Expert Report of Christopher A. Vellturo, PH.D., dated August 12, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Expert Report of John R. Hauser, August 11, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Declaration of Christopher Vellturo, PH.D., dated February 8, 2012 and all exhibits, appendices, errata, and supplementations thereto
- Reply Declaration of Christopher Vellturo, PH.D., dated May 14, 2012 and all exhibits, appendices, errata, and supplementations thereto

Moreover, evidence to show infringement, copying, failure to design around after notice of infringement of the patents-in-suit lack on non-infringing alternatives, and the importance of the patented features to Samsung, Google and customers includes, but is not limited to, the Samsung accused devices that Apple has made available for inspection and the documents identified in the attached Appendices A, C, E, and H.  These matters are also the subject of expert opinion found in the following reports, which are hereby incorporated by reference.
- Expert Report of Dr. Alex C. Snoeren Concerning U.S. Patent Nos. 6,847,959 And 7,761,414 dated August 12, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Initial Expert Report Of Dr. Todd C. Mowry Regarding Infringement Of U.S. Patent No. 5,946,647 dated August 12, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Expert Report Of Professor Andrew Cockburn dated August 12, 2013 and all exhibits, appendices, errata, and supplementations thereto

**INTERROGATORY NO. 40:**

Separately, for each asserted claim, provide a chart identifying where each element is supported by the written description for each of the APPLE PATENTS-IN-SUIT, including where each claim element is supported by the written description of a patent to which each claim claims priority.