# Exhibit A
# (Submitted Under Seal)

| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | Charles K. Verhoeven (Bar No. 170151) |
| | charlesverhoeven@quinnemanuel.com |
| 3 | Kevin A. Smith (Bar No. 250814) |
| | kevinsmith@quinnemanuel.com |
| 4 | 50 California Street, 22nd Floor |
| | San Francisco, California 94111 |
| 5 | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| 6 | |
| | Kevin P.B. Johnson (Bar No. 177129) |
| 7 | kevinjohnson@quinnemanuel.com |
| | Victoria F. Maroulis (Bar No. 202603) |
| 8 | victoriamaroulis@quinnemanuel.com |
| | 555 Twin Dolphin Drive, 5th Floor |
| 9 | Redwood Shores, California 94065 |
| | Telephone: (650) 801-5000 |
| 10 | Facsimile: (650) 801-5100 |
| 11 | William C. Price (Bar No. 108542) |
| | williamprice@quinnemanuel.com |
| 12 | Michael L. Fazio (Bar No. 228601) |
| | michaelfazio@quinnemanuel.com |
| 13 | 865 South Figueroa Street, 10th Floor |
| | Los Angeles, California  90017-2543 |
| 14 | Telephone:   (213) 443-3000 |
| | Facsimile:   (213) 443-3100 |
| 15 | |
| 16 | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG |
| 17 | TELECOMMUNICATIONS AMERICA, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-cv-00630-LHK |
| Plaintiff, | **SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH SETS OF INTERROGATORIES** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **(Interrogatory Nos. 8, 20, 24, 28, 29, 45)** |
| Defendants. | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE** |

INTENTIONALLY LEFT BLANK

**INTERROGATORY NO. 20:**

Separately for each claim of the Apple Patents-in-Suit, identify each secondary consideration that you contend supports the obviousness of the invention(s) claimed (e.g., lack of commercial success, lack of long-felt need, lack of commercial acquiescence, lack of expressions of skepticism, copying, lack of commercial acquiescence through acceptance of licenses, adherence to acceptable principles of prior art, or lack of acclaim by industry), and for each such alleged secondary consideration describe in detail the facts underlying the alleged secondary consideration including any related documents and people most knowledgeable of the secondary consideration.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 20:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the grounds that: (i) it is compound and comprises discrete subparts resulting in separate interrogatories; (ii) it is vague and ambiguous with regard to the phrases "related documents" and "people most knowledgeable"; (iii) it is overly broad, unduly burdensome, and nonsensical to the extent that it asks Samsung to identify facts supporting the "lack of" any secondary indicia; (iv) it seeks to impose obligations beyond those required by

**INTENTIONALLY LEFT BLANK**

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:**

Subject to and incorporating its General Objections and Specific Objections from Samsung's Objections and Responses to Apple's Third Set of Interrogatories, Samsung further supplements its response to Interrogatory No. 20 as follows:

Samsung incorporates by reference as if fully set forth herein its responses to Apple's Interrogatory Nos. 4, 20, 23, 28, and 47 as relevant to the obviousness of the Apple Patents-in-Suit, including as a rebuttal to any allegations of copying by Samsung or Google. Individuals with knowledge relevant to secondary considerations include Samsung's experts, who will be

disclosed consistent with the Court's Scheduling Order dated May 2, 2012 as amended, as well as individuals named in Samsung's responses to Apple's Interrogatory Nos. 4, 20, 23, 28, and 47.

**'647 Patent:**

**No copying.** As noted in Samsung's first supplemental response to this interrogatory, Apple has provided no evidence that the functionality accused of infringing the '647 patent was copied from Apple, or copied from any functionality that Apple asserts practices or infringes any asserted claim of the '647 patent. The Linkify.java and CacheBuilder.cpp functionality that Apple accuses of infringing the '647 patent could not have been copied from functionality that Apple asserts practices the '647 patent, because Linkify.java and CacheBuilder.cpp existed in Android prior to Apple's first practicing of the '647 patent. According to Apple's response to Samsung's Interrogatory No. 25, iOS 3 is the first version of iOS that practices the '647 patent. *See* Apple's Second Supplemental Objections and Responses to Samsung's Second Set of Interrogatories (No. 25) at 3-8. But Linkify.java (located at /frameworks/base/core/java/android/text/util in SAMNDCA630AOSP-0000059) and CacheBuilder.cpp (located at /external/webkit/WebKit/android/nav/ in SAMNDCA630AOSP-0000059) have been utilized in Android since at least version 1.5, also known as Cupcake. Android 1.5, produced in this action with Bates number SAMNDCA630AOSP-0000059, was released to the public in April 2009. *See, e.g.* S-ITC-003064576 (identifying 2009/4/27 as release date for Cupcake); *see also* Declaration of Cary Clark at ¶ 26, Dkt. 120 at 11 ("Code implementing the functionality I have described above … has been available in the Android Open Source Project since April 30, 2009, when the open source version of version 1.5 (cupcake) of Android was made available on the Internet."). By contrast, iOS 3 was released only with the introduction of the iPhone 3GS, on June 18, 2009. *See, e.g.,* Apple Announces the New iPhone 3GS—The Fastest, Most Powerful iPhone Yet, APL-ITC796-X0000002678 ("iPhone 3GS includes the new iPhone OS 3.0, the world's most advanced mobile operating system with over 100 new features such as Cut, Copy and Paste, MMS*, Spotlight Search, landscape keyboard and more."). Since Linkify.java and CacheBuilder.cpp predate Apple's own alleged practicing of the '647 patent, Samsung could not have copied that functionality from Apple. Samsung also could

1  not have copied the Linkify.java and CacheBuilder.cpp functionality from the '647 patent itself.
2  Samsung only became aware of the '647 patent in approximately August 2010, in connection with
3  patent discussions between Apple and Samsung. *See* APLNDC00000388 – APLNDC00000410.
4  But, the accused functionality was present in Android 1.5, released nearly a year before then.
5  *See, e.g.* S-ITC-003064576. Since Samsung was not aware of the '647 patent at the time the
6  functionality was created, it could not have copied that functionality from the '647 patent.
7        At least Jinhyung Kim, Cary Clark, and Dianne Hackborn have knowledge of facts relating
8  to this response.

**INTENTIONALLY LEFT BLANK**

**INTENTIONALLY LEFT BLANK**

DATED: October 4, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael L. Fazio
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael L. Fazio

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC