| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| HAROLD J. McELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>JAMES P. BENNETT (CA SBN 65179)<br>jbennett@mofo.com<br>JACK W. LONDEN (CA SBN 85776)<br>jlonden@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>RUTH N. BORENSTEIN (CA SBN 133797)<br>rborenstein@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>          Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | Case No.   12-cv-00630-LHK<br><br>**APPLE'S OBJECTIONS AND RESPONSES TO OBJECTIONS REGARDING GREGORY CHRISTIE, KEN KOCIENDA, PHIL SCHILLER AND ANDREW COCKBURN** |

## APPLE'S OBJECTIONS TO SAMSUNG'S DISCLOSURES

For just four witnesses, Samsung has disclosed seventy-seven (77) proposed cross-examination exhibits that are not on the parties' trial exhibit lists. (*See* Declaration of Erik J. Olson ("Olson Decl.") Ex. 1 (Samsung's cross-examination disclosures for Christie, Kocienda, Schiller, Cockburn).) This is contrary to the Court's prior rulings in the 1846 damages retrial, during which the Court sustained objections to cross-examination exhibits proposed by Apple that were not on Apple's trial exhibit list. (1846 Dkt. 2746 at 3-5 (sustaining objections to PX 3001, 3036, 3037).) Samsung's disclosure of new exhibits is also inconsistent with the Court's March 10 Order that the parties not add new trial exhibits despite the recent case narrowing. (Dkt. 1427 at 3.) Samsung's noncompliance with these prior orders is particularly egregious given that it disclosed over 250 cross-examination exhibits (and over 500 demonstrative slides and "other documents") for just these four witnesses. (*See* Olson Decl. Ex. 1.) Accordingly, the objection set forth below to the late-disclosed DX 1008 applies equally to all of Samsung's cross-examination exhibits that are not on the trial exhibit lists – *i.e.,* those exhibits numbered DX1000 or higher on Samsung's cross-examination disclosures.

**A.   GREGORY CHRISTIE**

Apple has withdrawn its HPO objections.

**B.   KEN KOCIENDA**

**3/29/13 Deposition of Scott Forstall.** Samsung has withdrawn this document from its disclosures for this witness.

**SDX2002.** Apple has withdrawn its HPO objections.

**SDX2111.** This demonstrative purports to include pictures of the Galaxy SIII, Galaxy Note II, and Galaxy Tab 2 10.1, and states that these "Were Never Accused and Do Not Infringe . . . the '172 Patent." However, as a named inventor of the '172 patent and solely a fact witness, Mr. Kocienda lacks personal knowledge of what Samsung devices are accused in this case and whether other, non-accused devices might infringe the '172 patent. FRE 602 (A "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Nor legally is the lack of an allegation a confession that

1  the product does not infringe, a distinction that a lay person is not expected to know.  FRE 602

2  exempts Rule 703 expert testimony, but Mr. Kocienda has not been disclosed and will not be

3  testifying as an expert.  In addition, the demonstrative is inadmissible hearsay under FRE 802, as

4  it contains out-of-court statements (presumably made by Samsung's attorneys), including that the

5  pictured products are what the captions claim, that they were not accused, and that they do not

6  infringe the '172 patent.  These statements are being offered to prove the truth of the matters

7  asserted, and they do not fall within any of the hearsay exceptions under Rules 801 and 803.

8  **C.    PHIL SCHILLER**

9  **DX 348.**  On February 13, 2014, Samsung originally disclosed a publication (Masui,

10  POBox: An Efficient Text Input Method for Handheld and Ubiquitous Computers) as DX348.

11  (Dkt. 1267-4 at 4.)  Samsung filed a corrected exhibit list on February 25 with this same DX348.

12  (Dkt. 1331-1 at 4.)  On March 4, weeks after the deadline for disclosing trial exhibits, Samsung

13  sought to replace DX348 with an entirely different document – an internal Apple email from 2010

14  regarding advertisements (APL-ITC796-0000119763-67) – and has filed subsequent versions of

15  its exhibit list showing this different document as DX348.  Apple objected at the time (*see* Olson

16  Decl. Ex. 2 (3/6/14 E-mail from Sabri to Fazio)), and Samsung has provided no explanation for

17  its belated disclosure of its new DX348.  Samsung's attempt to expand its exhibit list by

18  swapping one exhibit for an entirely different document is improper.  (*See* Dkt. 1427 at 3 (holding

19  that, even after case narrowing, the parties may not replace exhibits removed from the exhibit lists

20  with different exhibits).)  Apple further objects that there is no foundation for use of DX 348 with

21  Mr. Schiller.

22  **DX408A.**  DX408A is an email chain that Samsung has redacted to remove portions of an

23  embedded news article describing the 1846 case.  There is no claim of privilege or confidentiality

24  to the redacted material.  Samsung may not unilaterally revise its own trial exhibits by selectively

25  omitting portions of the documents that it does not wish the jury to see.

26  **DX1008.**  DX1008 is one of 44 exhibits disclosed for Mr. Schiller that are not on

27  Samsung's exhibit list and that Samsung first disclosed in its cross-examination disclosures for

28  Mr. Schiller.  As discussed above, the Court in the 1846 damages retrial sustained Samsung's

objections to the use of cross-examination exhibits that were not on the parties' exhibit list.  (*See* 1846 Dkt. 2746 at 3-5.)  All of the direct exhibits for this witness were on Apple's exhibit list.  Samsung's belated disclosure of more than 75 additional exhibits – such as DX1008 – is an improper attempt to expand its own exhibit list.

### D.      ANDREW COCKBURN

**SDX 2003.**  Apple has withdrawn its HPO objections.

**DX 328.**  Samsung has withdrawn this document from its disclosures for this witness.

## APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS

### A.      GREGORY CHRISTIE

**PX122.**  PX122, an FRE 1006 summary of results from iPhone buyer surveys, is relevant to "Apple's asserted patents and their significance," one of the topics for which Apple has disclosed Mr. Christie.  (Dkt. 1448-1 at 1.)  Mr. Christie's testimony will lay any necessary foundation regarding his knowledge of this exhibit.  As discussed below, Apple has withdrawn page 3 of this exhibit for purposes of examination of Mr. Christie and Mr. Schiller.

**PX134.**  PX134, a New York Times article showing acclaim and industry praise for the iPhone, is relevant to at least the issue of demand for the patented products.  The court recently overruled Samsung's objection to PX134.  (Dkt. 1540 at 2(B).)

**PX171.**  PX171 is an internal Apple email regarding the "history, design, and development of Apple's products," one of the topics for which Apple has disclosed Mr. Christie.  (Dkt. 1448-1 at 1.)  Mr. Christie's testimony will lay any necessary foundation regarding his knowledge of this exhibit.

### B.      KEN KOCIENDA

**DX492.**  U.S. Patent No. 7,880,730 to Robinson et al. ("the '730 patent"), is a prior art patent that Samsung contends invalidates Apple's '172 patent.  Samsung objects as outside the scope of Mr. Kocienda's witness disclosure.  However, Apple's trial witness list says Mr. Kocienda may testify "regarding the '172 patent, ***including its background***, conception, and reduction to practice."  (Dkt. No. 1448-1 (emphasis added).)  The '730 patent is part of the state

of the art that serves as background to the '172 patent; factual testimony from Mr. Kocienda regarding the '730 patent therefore can give context to the '172 invention. Samsung further objects under Federal Rule of Evidence 701. However, Apple does not intend to elicit Mr. Kocienda's opinions regarding the '730 patent.

**PX108.** Apple has withdrawn this document from its disclosures for this witness.

**PX180.** While Apple believes that PX180 (an iPhone television advertisement) is relevant and that there is nothing misleading about it, in light of Samsung's objection, Apple agrees not to use this exhibit with Mr. Kocienda.

## C.   PHIL SCHILLER

**PX122 (page 3 only).** For purposes of its examination of Mr. Schiller and Mr. Christie only, Apple has agreed to remove page 3 of PX122. Samsung's HPO challenged only p. 3 of this exhibit.

**PX179.** Apple will not rely upon PX179 for its truth, but only as evidence of the importance of ease of use to consumers. The mere fact that PX179 is an email sent to Mr. Jobs does not improperly invoke his reputation. The Court has repeatedly overruled similar objections to documents mentioning Mr. Jobs, including most recently in ruling on opening demonstratives. (Dkt. 1540 at 2(A).)

**PX211.** Samsung is incorrect that PX 211 relates only to Samsung's copying of designs. PX211 repeatedly discusses Samsung's copying of Apple's technical specifications, *see, e.g.*, PX211 at 1 ("In terms of specs, they're pretty much clones of Apple's offering."); *id.* at 2 ("[T]he machines are close to being clones of the Apple device, in terms of specs."). Samsung complains that PX211 was not disclosed in Apple's interrogatory responses, but Samsung has long known that Apple intends to rely on PX211 as evidence of the competition between the parties. Indeed, the Court overruled Samsung's objection to Apple's use of the same document with Mr. Schiller in the 1846 case. (*See* 1846 Dkt. 2774 at 7 (PX172).)

## D.   ANDREW COCKBURN

**PDX26.** This demonstrative properly shows an image of a device which Dr. Cockburn discusses in his expert report as an example of the problems that existed in the prior art. (Olson

Decl. Ex. 3 (Cockburn Expert Report) ¶ 119.)  He has personal knowledge of this device (*id.*) and will testify that this demonstrative accurately depicts the device discussed in his report.

**PDX60.**  This demonstrative depicts the "circle unlock," which Samsung's expert argues is a non-infringing alternative.  (Olson Decl. Ex. 4 (Greenburg Expert Report) ¶ 450.)  Dr. Cockburn will testify that this demonstrative accurately contains an image of the circle unlock screen. Apple is willing to replace this image with the picture used in Dr. Greenberg's Expert Report in paragraph 450.  (*See id.*)

**PX181.**  PX181 consists of a Korean language email from Min Kyung Kim and an English language translation of that email.  The Korean language portion of PX181 (pages PX181.6-.9) was introduced as Exhibit 3 to the deposition of Sung Sik Lee.  (Olson Decl. Ex. 5.)  Dr. Cockburn cites to this deposition exhibit in his expert report.  (Olson Decl. Ex. 3 ¶ 325 n.3 (citing "Sung Sik Lee Deposition Exh. 3").)  Thus, this exhibit was properly disclosed in Dr. Cockburn's Report.

Dated: March 30, 2014　　　　　　　　　　MORRISON & FOERSTER LLP

　　　　　　　　　　　　　　　　　　　　By:  */s/ Rachel Krevans*
　　　　　　　　　　　　　　　　　　　　　　　Rachel Krevans

　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　APPLE INC.