QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES REGARDING EXHIBITS AND DEMONSTRATIVES DISCLOSED FOR DENISON, DICARLO, LEE, MOWRY, SEXTON, SHEPPARD, AND SNOEREN** |

02198.51981/5858381.1

Case No. 12-cv-00630-LHK
SAMSUNG'S HPO OBJECTIONS AND RESPONSES RE: DENISON, DICARLO, LEE, MOWRY, SEXTON, SHEPPARD, AND SNOEREN

## I. SAMSUNG'S RESPONSES TO APPLE'S HIGH PRIORITY OBJECTIONS.

### A. Apple Has No Objections to Samsung's Cross Disclosures for Justin Denison.

Apple does not object to Samsung's cross disclosures for Mr. Denison.

### B. Apple's Objections to Samsung's Cross Disclosures for DiCarlo Should be Overruled.

**Dep. Tr. at 19:6-11.**  Apple's objection to Samsung's counter-designation of 19:6-11 as "not timely disclosed" has no merit. Apple itself designated 19:6-11 as part of its deposition designations and only offered a narrowed designation yesterday morning. Dkt. 1428-1 at 9 (designating 19:6-18 in its entirety). Accordingly, Samsung had no need to counter designate the testimony until yesterday and Apple has no grounds to object to its admission.

**Dep. Tr. at 201:10-11.**  Apple has no objection to this counter designation by Samsung.

### C. Apple Has No Objections to Samsung's Cross Disclosures for Jun Won Lee.

Apple has stated that it has no objections to Samsung's cross disclosures for Mr. Lee.

### D. Apple's Objections to Samsung's Cross Disclosures for Mowry Should be Overruled.

**DX338.**  Samsung will only use DX338 to the extent Dr. Mowry opens the door.

***Motorola* Rebuttal Expert Report of Todd C. Mowry.**  Apple objects to one of Dr. Mowry's reports from an earlier case based on purportedly different claim constructions used in that case. As an initial matter, the vast majority of that report is unrelated to those constructions. Samsung must be allowed to impeach Dr. Mowry using his prior testimony, including his expert reports on the '647 patent from past cases. Moreover, Dr. Mowry applied in October 2011 the same disputed constructions he applied here. (Fazio Dec., Ex. F (Motorola Opening Report) at ¶¶ 22-28; Ex. E (Motorola Rebuttal Report) at ¶¶ 25, 28.)

### E. Apple's Objections to Samsung's Cross Disclosures for Sexton Should be Overruled.

**DX 411, DX 430.**  Apple's foundation objections to DX 411 and DX 430 should be overruled. Both documents were produced by Apple in this case. The court explained on April 4, 2014 that documents produced by a party will be admitted. (Rough Trial Tr. at 560:18-22.) This rule is particularly applicable here, where the witness is Apple's Vice President of Supply/Demand management, the witness was Apple's 30(b)(6) designee on capacity-related issues, and the exhibit pages all relate to Apple's capacity. (Fazio Dec., Ex. A (Sexton Dep. Tr.)

1  at 9:1-10:13.)

2  **SDX 2351.**   With respect to SDX2351, Samsung is only offering this demonstrative for
3  impeachment purposes, as evidenced by its sole inclusion as a "SDX" demonstrative.   Thus,
4  while Samsung disagrees that this document would be precluded under the hearsay rule, that
5  objection is irrelevant here and need not be addressed with this witness.[1]   Apple's objection that
6  SDX2351 misquotes the exhibit is without merit – all portions of the demonstrative were direct
7  quotes from the article.[2]   Apple's objection should be overruled.

8      **F.**   **Samsung Did Not Serve Cross Disclosures for Timothy Sheppard.**

9  Samsung did not serve cross disclosures for Mr. Sheppard.

10      **G.**   **Apple's Objections to Samsung's Cross Disclosures for Dr. Snoeren Should be**
11          **Overruled.**

12  **May 1, 2012 Deposition Transcript of Dr. Snoeren from 1846 case, including Exhibits**
13  **1-4 thereto.**   Samsung does not intend to use Dr. Snoeren's deposition transcript from the 1846
14  case unless Dr. Snoeren's testimony in this litigation contradicts his prior sworn testimony.
15  Samsung should not be barred from using the 1846 transcript for impeachment purposes, as
16  impeachment evidence is relevant and will not confuse the jury.   The transcript is relevant to
17  various issues, including bias, as it shows Dr. Snoeren's prior paid work for Apple.   Moreover,
18  the parties' cross-use agreement permits this 1846 transcript to be used for any purpose, just as if
19  the deposition had been taken in this case.

20  Further, and though Samsung did not disclose exhibits 1-4 from this 1846 transcript as
21  exhibits in this action, Samsung should be able to use exhibits 1-4 for impeachment pursuant to
22  the parties' cross-use provision, just as if these exhibits were any other document in this action.
23  (*See* Dkt. 84.)

24  **APLNDC630-0000879654.**   This is a document that Samsung has disclosed for
25  impeachment purposes and should not be excluded.   Dr. Snoeren listed this document in the

---

[1]   Under FRE 801(c), "'Hearsay' means a statement that: … a party offers *in evidence*…."
[2]   In an effort to resolve this without the Court's involvement, Samsung has twice offered to revise the slide.   Apple has nonetheless refused to withdraw its objection.

1  materials he reviewed in arriving at the conclusions in his expert report. (Fazio Dec., Ex. B
2  (Snoeren Opening Report, Ex. 2) at 4.)  If Dr. Snoeren's opinion testimony contradicts the
3  documents he reviewed in arriving at the opinion he has disclosed, Samsung should be permitted
4  to impeach Dr. Snoeren on that point.

## II.    SAMSUNG'S HIGH PRIORITY OBJECTIONS TO APPLE'S DISCLOSURES.

### A.    Samsung's Objections to Apple's Justin Denison Disclosures Should be Sustained.

**Dep. Tr. at 7:21-9:07, 20:07-20:14.**  Samsung's objections should be sustained under FRE 402 and 403.  The outward appearance of Samsung's products is irrelevant to Apple's asserted patents; any testimony about who designed those products, or where, is inadmissible under Rule 402. (July 18, 2013 Dep. Tr. at 7:21-9:07).  The Court previously excluded Apple's opening slides intended to bring design issues into this trial from the last.  (*See* Dkt. 1516-3 at 6-7 (Samsung objections to slides 26-27, 31-32 at heading n.1); Dkt 1540 at 2 (Order).)  Any relevance Apple may claim for this testimony would be merely secondary, being "dragged in by the heels for the sake of its prejudicial effect."  *U.S. v. Hankey*, 203 F. 3d 1160, 1172 (9th Cir. 2000) (citation omitted).  Questions about products not at issue (MP3 players, music players, and tablets) is similarly irrelevant and confusing, (July 18, 2013 Dep. Tr. at 7:21-8:01), as is testimony about how STA might pay for those products (*id.* at 20:07-20:14).

### B.    Samsung's Objections to Apple's Nick DiCarlo Disclosures Should be Sustained.

**Dep. Tr. at 19:12-16.**  Apple's designation is incomplete.  Apple's original designation properly included 19:6-11, which provides the foundation to Apple's follow-up question at 19:12-13:  "So who is Samsung's largest competitor among the ones you named?"  (Dkt. 1428-1 at 9.)  Not including the testimony Apple initially designated at 19:6-11 is misleading, likely to confuse a jury, and prejudicial to Samsung.

**Dep. Tr. at 200:17-201:09.**  Apple's designation is misleading and incomplete.  It selectively designates a portion of Mr. DiCarlo's answer, and cuts off the last line of his response at 201:11.  This is improper.  Apple cannot selectively quote from a portion of Mr. DiCarlo's answer.

02198.51981/5858381.1

-3-    Case No. 12-cv-00630-LHK
SAMSUNG'S HPO OBJECTIONS AND RESPONSES RE: DENISON, DICARLO, LEE, MOWRY, SEXTON, SHEPPARD, AND SNOEREN

### C. Samsung's Objections to Apple's Jun Won Lee Disclosures Should be Sustained.

**PX132.17-22.**  These pages should be excluded from this exhibit as irrelevant, unduly confusing, and prejudicial.  Pages 17-22 contain comparisons of the Galaxy S smartphone to the iPhone, and images of other Android devices, which are related only to their designs.  The Galaxy S is not accused of infringement of any patent in this case.  Design is also irrelevant in this case, and comparisons showing "copying" of designs, relating to products not at issue, could only confuse and prejudice the jury against Samsung.  (1846 Dkt. 2746, at 7 (JX1019).)

**Dep. Tr. at 31:15-16; 31:18-23; 33:21-24.**  These passages contain Mr. Lee's recollection that, at a meeting, someone from Apple asserted Samsung was infringing Apple patents and had copied the iPhone.  Mr. Lee's recollection of what unidentified others said in a meeting is textbook hearsay, and irrelevant to establishing either notice or willfulness, being untied to any particular patents or products.  *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d. 178, 187 (Fed. Cir. 1994).

### D. Samsung's Objections to Apple's Todd Mowry Disclosures Should be Sustained.

**JX53.**  JX53 is public Android Source code.  Any testimony from Dr. Mowry about JX53 would violate FRCP 26(a)(2) and FRE 702 because Dr. Mowry disclosed no analysis of public Android Open Source Project code in his reports.  Rather, Dr. Mowry only offered unsupported conclusions concerning unidentified versions of public code.  Importantly, Apple has not and cannot point to a single specific page of Dr. Mowry's report that cites to Android code.

**PDX88.39.** The Court should exclude this slide under FRCP 26(a)(2) and FRE 702 because it argues claim construction to the jury.  The Court previously ruled that "[a]rguing claim construction to the jury is inappropriate because it risks confusion and the likelihood that a jury will render a verdict not supported by substantial evidence."  (Dkt. 1301 at 5 (citing *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1173 (Fed. Cir. 2005)).)  PDX88.39 is titled "'Linking' Means Associating," contains portions of the '647 specification, and concludes "Linking = Associating."  Dr. Mowry never disclosed a "plain meaning" opinion for this term— he instead applied Judge Posner's construction and Apple's rejected construction throughout his report.  (Fazio Dec., Ex. D (Mowry 630 Case Opening Report) at ¶¶ 66-83.)

E. **Samsung Has No Objection to Apple's Disclosure for Rory Sexton.**

Samsung does not object to Apple's disclosures for Mr. Sexton.

F. **Samsung Has No Objection to Apple's Disclosures for Tim Sheppard.**

Samsung does not object to Apple's disclosures for Mr. Sheppard.

G. **Samsung's Objections to Apple's Dr. Snoeren Disclosures Should be Sustained.**

**PDX91.31A.** This is a video demonstrative not served with Dr. Snoeren's expert report. This Court has held that an expert may not testify about materials not disclosed in his expert report. (1846 Dkt. 1563 at 2-4; 1846 Dkt. 1650 at 2; 1846 Dkt. 1690 at 1-2, 7; 1846 Dkt. 1798 at 2, 7-8; 1846 Dkt. 2575 at 5-6, 9; 1846 Dkt. 2721 at 4.) The video describes concepts in the report (Fazio Dec., Ex. C (Snoeren Opening Report) at ¶ 397), but the demonstrative evidence was not previously disclosed. The video should be excluded, or both sides' experts should be allowed to show new demonstrative videos illustrating concepts in their reports.

III. **SAMSUNG MOVES TO SEAL SOURCE CODE.**

Pursuant to the Court's instruction to identify sealing issues in the parties' HPO briefs (Rough Trial Tr. at 366:11-17), Samsung moves to seal the following exhibits, which are listed in Apple's direct disclosures and include Samsung and third-party source code file names, file paths, and information regarding function or operation of source code:

- JX50 (entire document); JX51 (entire document); JX53 (entire document); PDX91.16; PDX91.17; PDX91.18;

- Samsung's Third Supplemental Objections and Responses to Apple's Sixth Set of Interrogatories (No. 41), July 15, 2013 (pages 4-6, 8-17);

- Samsung's Objections and Responses to Apple's Twelfth Set of Interrogatories (Nos. 47-50), July 15, 2013 (pages 12-41; Appendix A to Samsung's Response to Apple's Interrogatory No. 48, pages 1-77); and

- Samsung's Further Supplemental Responses to Apple's First, Third, and Tenth Sets of Interrogatories (Interrogatory Nos. 8, 20, 24, 28, 29, 45), October 4, 2013 (pages 279:3-7, 293:7-10, 294:23-25, 295:23-296:2, 296:23-25, 297:23-28, 304:9-28, 305:13-28).

02198.51981/5858381.1

-5-   Case No. 12-cv-00630-LHK
SAMSUNG'S HPO OBJECTIONS AND RESPONSES RE: DENISON, DICARLO, LEE, MOWRY, SEXTON, SHEPPARD, AND SNOEREN

| | | |
|---|---|---|
| 1 | DATED: April 5, 2014 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | By */s/ Michael L. Fazio* |
| 5 | | Kevin P.B. Johnson<br>Victoria F. Maroulis<br>William C. Price |
| 6 | | Michael L. Fazio |
| 7 | | |
| 8 | | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG |
| 9 | | TELECOMMUNICATIONS AMERICA, LLC |

02198.51981/5858381.1

-6-    Case No. 12-cv-00630-LHK
SAMSUNG'S HPO OBJECTIONS AND RESPONSES RE: DENISON, DICARLO, LEE, MOWRY, SEXTON, SHEPPARD, AND SNOEREN