# EXHIBIT F

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| APPLE INC., and NEXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),<br><br>                     Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>MOTOROLA, INC. and MOTOROLA MOBILITY, INC.<br><br>                     Defendants and Counterclaim-Plaintiffs | Case No. 10-CV-662 (BBC) |

# INITIAL EXPERT REPORT OF TODD C. MOWRY REGARDING INFRINGEMENT OF U.S. PATENT NO. 5,946,647

---

Highly Confidential - Attorneys' Eyes Only                                   APLNDC630-0000257165

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

20. I understand that discovery in this Action is still ongoing, and I reserve the right to supplement this report should additional information become available to me.

## III. RELEVANT LEGAL PRINCIPLES AND GUIDELINES

21. I am not a legal expert and offer no legal opinions. However, I have been informed by counsel of various legal standards that apply to the pertinent technical issues, and I have applied those standards in arriving at my conclusions expressed in this Report.

### A. Claim Construction

22. I understand that the patent claims should be construed from the standpoint of a person of ordinary skill in the art at the time of the invention of the '647 patent. I understand that claim construction is a matter of law and will be determined by the Judge in this Action.

23. I understand that the Court has not issued a claim construction Order in this Action and has not determined constructions for any terms in this Action. I also understand that the parties have not agreed upon constructions for any terms in the '647 patent.

24. I understand that Motorola asked the Court to construe the term "linking actions to the detected structures" in the asserted claims and that the parties disputed the meaning of this term, but that the Court concluded that Motorola had not established that this term was appropriate for construction. As to the parties' dispute as to the meaning of this term, I understand that Apple construes this term to mean, "linking detected structures to computer subroutines that cause the CPU to perform a sequence of operations on the particular structures to which they are linked." I understand that Motorola construes this term to mean, "creating a specified connection between a

Todd C. Mowry Initial Expert Report Case No. 10-CV-662
10

Highly Confidential - Attorneys' Eyes Only                                                    APLNDC630-0000257174

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

detected structure and at least one specific computer subroutine which performs operations on the structure." While I understand that the Court will not be construing this term in connection with the pending claim construction proceedings, I nevertheless explain below why I agree with Apple's construction and why for purposes of my infringement analysis, the construction of this term is not pertinent because the Accused Products meet this limitation under either of the proposed constructions, both literally and under the Doctrine of Equivalents.

25.     I also understand that Motorola originally identified the claim term "analyzer server" for construction but later did not select that term to propose to the Court for construction. I understand that Apple's proposed construction for this term is "a program routine(s) that receives data, uses patterns to detect structures in the data, and links actions to the detected structure" and that Motorola's proposed construction was "a server routine separate from a client that receives data having structures from the client." While I understand that the Court will not be construing this term in connection with the pending claim construction proceedings, I nevertheless explain below why I agree with Apple's construction and why for purposes of my infringement analysis, the construction of this term is not pertinent because the Accused Products meet this limitation under either of the proposed constructions, both literally and under the Doctrine of Equivalents.

26.     I understand that claim construction is guided by the patent and the prosecution history and the understanding of one skilled in the art at the time of the invention. I apply these principles below to the disputed claim terms. For all claim terms in the asserted claims 1 and 8 of the '647 patent, I have applied the plain and ordinary

---

Todd C. Mowry Initial Expert Report Case No. 10-CV-662
11

Highly Confidential - Attorneys' Eyes Only                                    APLNDC630-0000257175

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

meaning that those terms would have, in view of the patent, to one of ordinary skill in the art at the time of the invention.

27. I understand that a prior case involving the '647 patent involved claim construction disputes that are not before the Court in this Action, and have not been raised by either party in this Action. I reserve the right to supplement this report in the event that new issues regarding claim construction are raised in connection with the '647 patent.

28. I reserve the right to supplement these opinions based on any claim construction ruling(s) by the Court, any agreement of the parties, claim construction issues raised by the Court, or positions taken by Motorola as to claim construction in this Action.

**B.     Infringement**

29. It is my understanding that an entity that makes, uses, offers to sell, or sells within the United States, or imports into the United States a device that meets each limitation of a claim would infringe that claim.

30. It is my understanding that direct infringement requires a two-step analysis. First, the claims must be construed, and then the properly construed claims must be compared to what is accused. For a patent to be infringed, at least one claim must be infringed. It is my understanding that for a claim to be directly infringed, each and every element of the claim must be present or embodied in the accused device, either literally or by an equivalent.

31. It is my understanding that literal infringement can be found where an accused product literally meets each limitation of the claim as properly construed.

---

Todd C. Mowry Initial Expert Report Case No. 10-CV-662
12

Highly Confidential - Attorneys' Eyes Only                                                           APLNDC630-0000257176

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

Dated: September 15, 2011

_____
Todd C. Mowry

Highly Confidential - Attorneys' Eyes Only                                                       APLNDC630-0000257244