| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) <br> jkrevitt@gibsondunn.com <br> H. MARK LYON (CA SBN 162061) <br> mlyon@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 1881 Page Mill Road <br> Palo Alto, California  94304-1211 <br> Telephone:  (650) 849-5300 <br> Facsimile:  (650) 849-5333 | WILLIAM F. LEE (*pro hac vice*) <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 60 State Street <br> Boston, Massachusetts  02109 <br> Telephone:  (617) 526-6000 <br> Facsimile:  (617) 526-5000 |
| HAROLD J. McELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> JAMES P. BENNETT (CA SBN 65179) <br> jbennett@mofo.com <br> JACK W. LONDEN (CA SBN 85776) <br> jlonden@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> RUTH N. BORENSTEIN (CA SBN 133797) <br> rborenstein@mofo.com <br> ERIK J. OLSON (CA SBN 175815) <br> ejolson@mofo.com <br> Morrison & Foerster LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 | MARK D. SELWYN (CA SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California  94304 <br> Telephone:  (650) 858-6000 <br> Facsimile:  (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 12-cv-00630-LHK <br><br> **DECLARATION OF RUTH N. BORENSTEIN IN SUPPORT OF SEALING MATERIALS THAT APPLE AND SAMSUNG MAY USE DURING THE EXAMINATIONS OF SEXTON, MOWRY AND SNOEREN** |

I, Ruth N. Borenstein, hereby declare as follows:

1. I am a partner at the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple") in the above-captioned action. I am licensed to practice law in the State of California. I am familiar with the facts set forth herein and, if called as a witness, I could and would testify competently to those facts under oath.

2. Pursuant to Local Rule 79-5, I submit this declaration in support of Sealing Materials that Apple and Samsung May Use During the Examinations of Sexton, Mowry and Snoeren.

3. DX411 should be sealed in full, with the exception that Apple has agreed that pages 1, 2, and 32 may be unsealed if they are shown to the jury. DX411 is a highly confidential document that discusses Apple's strategy for future corporate plans and has the potential to cause considerable competitive harm to Apple if publicly disclosed. The Court has previously granted Apple's request to seal this type of information because Apple's "analysis and strategy for *future* corporate plans have the potential to cause considerable competitive harm to Apple if publically disclosed." (*See* 1846 Dkt. No. 1649 at 7-8 (granting sealing of "documents which contain confidential financial data as well as analysis and strategy discussions based on that data."); *see also* Dkt. 1580 (granting sealing of all pages of DX413 that Apple requested be sealed).)

4. Samsung has indicated it plans to use pages .001, .038, .040 of DX413. Page .001 may be used publicly. The other pages have been sealed. (*See* Dkt. 1580 (granting Apple's motion to seal all pages of DX413 other than the cover page and pages 8, 14 and 46).)

5. DX415 and PX128 should be sealed in full. These documents contain detailed capacity information. The harm that would befall Apple if its capacity information were to be unsealed is detailed in multiple declarations previously filed by Apple, including the Declarations of Mark Buckley dated July 27, 2012 (1846 Dkt. No. 1415), April 8, 2013 (Dkt No. 442), and July 15, 2013 (Dkt No. 685), and the Declaration of Jim Bean in Support of Apple's Motion to Seal Trial Exhibits dated July 30, 2012 (1846 Dkt. No. 1495-2) (supporting sealing capacity information)). As Mr. Buckley and Mr. Bean explained, if competitors gained access to

Apple's capacity data, they could alter their production timing accordingly.  (1846 Dkt. Nos. 1416 at 1-2; *id.* at 1495-2 at 2-3).)  The Court has previously granted Apple's request to seal documents that contain capacity information that contain a similar level of detail regarding the accused Apple products.  (*See, e.g.*, 1846 Dkt. No. 1649 at 4-5 (granting Apple's request to seal production capacity information); 1846 Dkt. No. 2732) (sealing analogous exhibit PX 182 in full).)

6. Pages 2, 3 and 5 and all other pages of DX430 that are not shown to the jury should be sealed.  Page 2 of DX430 discusses Apple's confidential launch plans and capacity information and has the potential to cause considerable competitive harm to Apple if publicly disclosed.  This Court has previously sealed this type of information.  (*See, e.g.*, 1846 Dkt. No. 1649 at 7-8 (granting sealing of "documents which contain confidential financial data as well as analysis and strategy discussions based on that data."); *id.* at 4-5 (granting Apple's request to seal production capacity information); 1846  Dkt. No. 2732 (sealing PX182 in full); Dkt. No. 1580 (granting sealing of all pages of DX413 that Apple requested be sealed).)

7. Pages 3 and 5 of DX430 contain highly confidential financial information regarding margins.  Public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Jim Bean in Support of Apple's Motion to Seal Trial Exhibits.  (1846 Dkt. No. 1495-2 at 1-3 (explaining that Apple's financial information is immensely valuable and disclosed only on a need to know basis within Apple to a small list of individuals because maintaining the confidentiality of Apple's financial data "allows Apple to remain competitive in an opaque and fast-moving marketplace.").)  The Federal Circuit has previously approved of Apple's request to similar financial information.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1224-26 (Fed. Cir. 2013) (approving sealing of product-specific financial information).

8. Samsung has indicated it plans to use pages 75:1-83:11; 91:1-92:10; 104:4-10; 121:1-16; 322:3-324:18; 329:3-16; 329:17-336:18; 340:24-27 from Apple's Supplemental Responses to Interrogatories Nos. 25, 26, 41, 42 date October 4, 2013with Dr. Mowry.  To the

extent Samsung does use those pages, Apple requests the Court seal the source code information on pages 83, 91, 336 and 340.  The Court has previously granted Apple's request to seal source code of the accused products.  (*See, e.g.*, 1846 Dkt. 1649 at 8 (citing *Agency Solutions.Com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal Apple source code).)

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this Declaration was executed this 5th day of April, 2014, in San Jose, California.

Dated:  April 5, 2014  　　　　　　　　　　*/s/ Ruth N. Borenstein*  
　　　　　　　　　　　　　　　　　　　　Ruth N. Borenstein

### ATTESTATION OF E-FILED SIGNATURE

I, Rachel Krevans, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Ruth N. Borenstein has concurred in this filing.

Dated:  April 5, 2014  　　　　　　　　　　*/s/ Rachel Krevans*  
　　　　　　　　　　　　　　　　　　　　Rachel Krevans