QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar. No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**SAMSUNG'S SUPPLEMENTAL BRIEF ON APPLE'S NON-PRACTICE OF ASSERTED CLAIM 20 OF THE '414 PATENT, ASSERTED CLAIM 18 OF THE '172 PATENT, AND ASSERTED CLAIM 25 OF THE '959 PATENT** |

1   There is *no* evidence in the record that *any* of Apple's products have *ever* practiced claim
2   18 of the '172 patent, claim 20 of the '414 patent, or claim 25 of the '959 patent.   Apple explicitly
3   disclaimed any such argument.   Samsung constructed its trial strategy accordingly, and would
4   suffer grave and irrevocable prejudice if the Court suddenly allowed Apple to argue otherwise.

**I.   Apple's Stipulation and Discovery Responses Resolve This Issue Definitively**

Apple stipulated that its "products do not practice claim 25 of the '959 patent, claim 20 of the '414 patent, or claim 18 of the '172 patent."   (Dkt. 1455-1 at 7.)   This is the best evidence from Apple; Apple repeatedly stated it would never enter a false stipulation.   (Dkt. 1411 at 63:22-25; Dkt. 1567 at 4-5.)   Apple made this stipulation without reservation, and without claiming any relevant differences between past and current versions of its products.   Nor could Apple make such a claim, as it disclosed no differences in response to Samsung's Interrogatory No. 20, which sought all such differences between products that Apple asserted did and did not practice these claims.   (Decl. of Michael Fazio ("Decl."), Ex. 1 at 86-87.)   Any new arguments on that issue would not be "timely disclosed evidence" of differences between Apple's products.

**II.   Apple Has No Evidence Of "Past" Practice Of Any Of These Three Claims**

In response to Samsung's Interrogatory No. 42, which sought Apple's position on whether Apple's products *ever* practiced *any* claim, Apple *never* claimed that *any* products practiced claim 20 of the '414 patent or claim 18 of the '172 patent.   (Decl. Ex. 2 at 329-330.)   Its experts on these patents likewise did not opine that Apple *ever* practiced those claims.   (Dkt. 1567-3 ¶¶ 470-473; Dkt. 1567-4 ¶¶ 525-528.)   Dr. Cockburn admitted iOS *did not* practice claim 18 of the '172 patent.   (Decl. Ex. 3 at 43:16-20.)   Dr. Snoeren had no opinion on claim 20 of the '414, because Apple asked him not to form one.   (Dkt. 1285-8 at 253:9-25.)   On the '959, Apple alleged that products running "Siri" practiced claim 25 of the '959 patent (ex. 2 at 332-335, 339) but, after reviewing Samsung's prior art and invalidity contentions, Apple dropped this claim in its initial expert report and stipulated that its "products *do not* practice claim 25 of the '959 patent."   (Dkt. 1455-1 at 7.)   And Apple disclosed *only one version* of Siri:   its discovery responses referred to a singular "Siri Personal Assistant" (Decl. Ex. 2 at 339) and cited only *one* set of code that allegedly practiced the claim, iOS 6 (*id.*); and PTX-108 contains only *one* version of Siri source code, which

Apple *agreed* did not practice claim 25 in response to Samsung's Motion in Limine No. 2. (Dkt. 1355 at 5-8; *see generally* Dkt. 1373.) Apple's stipulation that its "products *do not* practice claim 25 of the '959 patent" thus covers all products Apple previously alleged practiced claim 25, which remain at issue in this case and are on the current exhibit list (Dkt. 1455-4 (JX-39-40, 42, 44-46)), as well as the one version of source code in PTX-108. (Dkt. 1455-1 at 7.) Nor can Apple's expert testify on practice of claim 25—Dr. Snoeren admitted he had "not conducted that analysis" (at Apple's request) and thus had no opinion on claim 25. (Dkt. 1285-8 at 99:14-25.) His report cited *zero* Siri source code files, and found *zero* differences between versions. (Decl. Ex. 4 ¶ 506.) Samsung's expert offered an unrebutted opinion that Apple does not practice claim 25. (*Id.* ¶¶ 501-510.) As a matter of law, that concludes the issue: with no interrogatory responses or expert testimony, Apple has not "timely disclosed" evidence of practice.[1]

### III. Samsung Would Suffer Grave Prejudice if the Court Allows Apple to Reverse Field

Had Apple maintained any allegation it practiced these claims, Samsung could have sought summary judgment on its practice of them; would not have dropped prior art mirroring Apple's allegedly practicing products, such as MetaCrawler for the '959; and would have listed trial exhibits and witnesses to rebut practice allegations, such as third parties Dag Kittlaus and Adam Cheyer, creators of Siri. Samsung cannot undo these and many other such decisions, all relying on Apple's repeated statements that it does not practice these claims, and would suffer grave prejudice if Apple could suddenly reverse field and make new arguments that it did practice them.

---

[1] *Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1369-70 (Fed. Cir. 2004) (patentee cannot "satisfy its burden of proof" with non-expert testimony "in a case involving complex technology, where the accused infringer offers expert testimony negating infringement"). In prior trials between Apple and Samsung, this Court struck any theory or evidence not timely disclosed in an interrogatory response. (1846 Dkt. 1144 at 3-5; 1846 Dkt. 1563 at 4, 5; 1846 Dkt. 1596 at 2; 1846 Dkt. 1690 at 8-9.) The Court also consistently held that an expert may not testify about evidence not disclosed in their reports. (1846 Dkt. 1563 at 2; *id.* at 3; *id.* at 4; 1846 Dkt. 1650 at 2; 1846 Dkt. 1690 at 1-2; *id.* at 7; 1846 Dkt. 1798 at 2; *id.* at 7-8; 1846 Dkt. 2575 at 5-6; *id.* at 9; 1846 Dkt. 2721 at 4.) This Court also held that parties may not use fact witnesses or cross-examination to introduce theories not timely disclosed in expert reports or interrogatory responses. (1846 Dkt. 1611 at 950:9-18, 952:4-15; 1846 Dkt. 1519 at 1-2; Dkt. 1563 at 5, 6-7, 8; 1846 Dkt. 1596 at 3; 1846 Dkt. 1720 at 4; 1846 Dkt. 1749 at 7; 1846 Dkt. 1798 at 7.) In any event, Apple explicitly disclaimed any such testimony regarding these claims. (Dkt. 1411 at 56:4-7 ("We have no intention of putting the inventors on to say I made this invention and it practices claim X, any claim. The inventors aren't going to say that about any claim for these three patents.").)

1  DATED: April 4, 2014            QUINN EMANUEL URQUHART & SULLIVAN, LLP

2                                   By */s/ Victoria F. Maroulis*
3                                       Victoria F. Maroulis
                                        Michael L. Fazio
4                                       Attorneys for SAMSUNG ELECTRONICS
                                        CO., LTD., SAMSUNG ELECTRONICS
5                                       AMERICA, INC., and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28