1  JOSH A. KREVITT (CA SBN 208552)
   jkrevitt@gibsondunn.com
2  H. MARK LYON (CA SBN 162061)
   mlyon@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   1881 Page Mill Road
4  Palo Alto, California  94304-1211
   Telephone:  (650) 849-5300
5  Facsimile:  (650) 849-5333

6  HAROLD J. McELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
7  JAMES P. BENNETT (CA SBN 65179)
   jbennett@mofo.com
8  JACK W. LONDEN (CA SBN 85776)
   jlonden@mofo.com
9  RACHEL KREVANS (CA SBN 116421)
   rkrevans@mofo.com
10 RUTH N. BORENSTEIN (CA SBN 133797)
   rborenstein@mofo.com
11 ERIK J. OLSON (CA SBN 175815)
   ejolson@mofo.com
12 Morrison & Foerster LLP
   425 Market Street
13 San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
14 Facsimile:  (415) 268-7522

   WILLIAM F. LEE (*pro hac vice*)
   william.lee@wilmerhale.com
   WILMER CUTLER PICKERING
     HALE AND DORR LLP
   60 State Street
   Boston, Massachusetts  02109
   Telephone:  (617) 526-6000
   Facsimile:  (617) 526-5000

   MARK D. SELWYN (CA SBN 244180)
   mark.selwyn@wilmerhale.com
   WILMER CUTLER PICKERING
     HALE AND DORR LLP
   950 Page Mill Road
   Palo Alto, California  94304
   Telephone:  (650) 858-6000
   Facsimile:  (650) 858-6100

15 *Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

16 **UNITED STATES DISTRICT COURT**
17 **NORTHERN DISTRICT OF CALIFORNIA**
   **SAN JOSE DIVISION**

18

| | |
|---|---|
| 19  APPLE INC., a California corporation, | Case No. 12-cv-00630-LHK |
| 20       Plaintiff, | **APPLE'S OBJECTIONS AND** |
| 21    vs. | **RESPONSES TO OBJECTIONS REGARDING MARK BUCKLEY,** |
| 22  SAMSUNG ELECTRONICS CO., LTD., a | **JOHN HAUSER AND CHRISTOPHER VELLTURO AND MOTION TO SEAL** |
| 23  Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New | |
| 24  York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, | |
| 25  LLC, a Delaware limited liability company, | |
| 26       Defendants. | |
| 27 | |

28

1    **APPLE'S OBJECTIONS TO SAMSUNG'S DISCLOSURES**

2    **A.    MARK BUCKLEY**

3         **2/23/12 Deposition of Mark Buckley and exhibits thereto.**  Samsung has withdrawn

4    the exhibits to this deposition from its disclosures for this witness.  This resolves Apple's

5    objection.

6         **6/28/13 Deposition of Rory Sexton and exhibits thereto.**  Samsung seeks to cross

7    examine Mr. Buckley, a fact witness, with the transcript and exhibits from the deposition of

8    another fact witness, Mr. Sexton.  The Court has repeatedly ruled that this is improper under

9    Federal Rules of Civil Procedure 32(a)(2).  (*See* 1846 Dkt. 1520 at 5-6; 1846 Dkt. 1563 at 6;

10   1846 Dkt. 1690 at 6; 1846 Dkt. 1720 at 2; 1846 Dkt. 1798 at 3.)

11   **B.    JOHN HAUSER**

12        **SDX2410.**  The parties have resolved this HPO objection.

13        **SDX2414.**  As an initial matter, the article quoted on SDX2414 was not on any party's

14   exhibit list and it should be excluded on this basis alone because it is not relied upon by, or tied

15   to Dr. Hauser in any way, and is not part of the record in this case or any other case between the

16   parties.  (*See, e.g.*, Dkt. 1554 at 1.)  In addition, the article quoted on SDX2414 has no probative

17   value because – as is apparent from the discussion within the article itself – it involves a different

18   type of conjoint analysis.  Unlike Dr. Hauser's methodology, the analysis described in the article

19   calculates changes in market share.  (*See* Declaration of Erik J. Olson ("Olson Decl.") Ex. 1 at 9

20   (article quoted in SDX 2414: "The choice probability averages over the distribution of

21   preferences is the market share that the firm can expect to attain given the configuration of the

22   product characteristics and price.").)  The Court previously recognized that Samsung's market

23   share criticisms of Dr. Hauser's methodology were misplaced (Dkt. 1325 at 27 n.8), and the

24   Court should exclude those same misleading arguments now under FRE 403.

25        **SDX2420.**  SDX 2420 shows what Samsung apparently contends are non-infringing

26   alternatives to the '172 patent, including Apple's iOS 7.  But Samsung has not disclosed iOS 7 as

27   a non-infringing alternative to the '172 patent, and the operation of auto-word correct in iOS 7

28

1   has not been addressed in any of the parties' expert reports.  Samsung should not be allowed to

2   present that argument belatedly now.  Moreover, there is no indication as to how Samsung

3   created the screen images (*i.e.*, what text the user input) to create SDX2420, and it is misleading

4   and confusing under FRE 403 for Samsung to present the images without that context.

5   **C.      CHRISTOPHER VELLTURO**

6          **DX464.**  Samsung has withdrawn this document from its disclosures for this witness.

7          **11/5/2012 trial testimony of Dr. Vellturo in the *VirnetX* litigation.**  As Judge Grewal

8   found in June 2013 (Dkt. 636 at 37-39), there is no technological nexus between this case and the

9   *VirnetX, Inc. v. Apple, Inc.* litigation.  Because the parties and technologies at issue in the two

10  cases differ, any probative value of Dr. Vellturo's testimony in the *VirnetX* matter is far

11  outweighed by the risk of jury confusion.  Indeed, Judge Grewal found that the patents at issue in

12  the two cases "superficially overlap" (*id.*), which only heightens the risk of confusion.  The

13  Court has previously sustained objections to the use of expert testimony from unrelated prior

14  proceedings for precisely this reason, and Apple requests that the Court do so again here.  (*See,*

15  *e.g.*, 1846 Dkt. 1668 at 3 (excluding Apple's expert Mr. Musika's prior testimony in the *UniRam*

16  case); 1846 Dkt. 1749 at 1-2 (excluding Samsung's expert Dr. Van Dam's ITC hearing

17  transcript).)

18         **03/06/14 Order in *Stragent v. Intel*.**  Samsung has withdrawn this document from its

19  disclosures for this witness.

20                    **APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS**

21  **A.      MARK BUCKLEY**

22         **PX130; PX131.**  Data regarding products not at issue in this case (in particular, Mac

23  products) will be removed from the exhibits.  Samsung has indicated that it withdraws its

24  objections on this basis.

25         **B.      JOHN HAUSER**

26         **PDX93.10.**  There is nothing misleading, confusing, or unfairly prejudicial in PDX93.10,

27  which simply identifies the features that Dr. Hauser studied.  Contrary to Samsung's assertion

28

1   that no survey tested all five features listed in PDX93.10, Dr. Hauser's tablet survey did exactly

2   that.  *See* PX141 at 50 (listing five features included in tablet survey).  Dr. Hauser will testify at

3   trial that the smartphone survey tested four of these five features.

4         **PDX93.11.**  Samsung objects to this demonstrative as misleading because it mentions "21

5   other features."  However, Dr. Hauser undeniably included 21 different distraction features

6   between his smartphone and tablet surveys.  (*See* PX140 at 51, 103.)  Nothing in PDX93.11

7   suggests that all 21 of those features were included in a single survey and Dr. Hauser will testify

8   at trial that this is the number of distraction features tested in both surveys, not one.

9   **C.      CHRISTOPHER VELLTURO**

10        **PX146.**  PX146 is an internal Samsung document relied on by Dr. Vellturo in his report.

11  (*See* Olson Decl. Ex. 2 at 67 n.320.)  While Dr. Vellturo is not offering an opinion as to whether

12  Samsung ultimately adopted or infringed Apple's patents, he did consider this and other evidence

13  of competition and Samsung's copying in forming his damages opinions (as did Apple's prior

14  damages experts in the 1846 action).  As the Court has repeatedly held, documents similar to

15  PX146 are relevant to at least the issues of demand and reasonable royalty.  (*See, e.g.*, 1846 Dkt.

16  2735 at 4-5.)

17        **PX227.**  Apple has withdrawn this exhibit from its disclosures for this witness.

18        **PDX92.22.**  PDX92.22 is a demonstrative showing an excerpt from a declaration filed by

19  Mr. Michael Wagner, Samsung's damages expert earlier in this litigation.  Samsung's hearsay

20  objection to PDX92.22 is misplaced.  Apple does not intend to offer PDX92.22 – a

21  demonstrative – into evidence.  In addition, discussion by Dr. Vellturo of Dr. Wagner's

22  declaration excerpt is allowed under FRE 703.  The excerpt at issue from Dr. Wagner's

23  declaration supports the use of surveys and conjoint analysis as suitable methods for proving the

24  link between patented features and consumer demand for products.  Dr. Vellturo cited

25  Dr. Wagner's excerpt in his expert report to support Dr. Vellturo's own reliance on the conjoint

26  study and analysis performed by Dr. Hauser.  (*See* Olson Decl. Ex. 2 at 91 n.450).  "Mr. Michael

27  Wagner endorsed surveys and conjoint analysis as suitable methods for proving the link between

28

1    patented features and consumer demand for products, and for calculating the number of Samsung

2    customers who made their decision to purchase a Samsung smartphone based on features

3    enabled by Apple's patented inventions (Declaration of Michael J. Wagner in Support of

4    Samsung's Opposition to Apple's Motion for a Preliminary Injunction, June 7, 2012 ("Wagner

5    Declaration") ¶ 116)." *Id.*   Under FRE 703, Dr. Vellturo should be allowed to explain to the jury

6    how Dr. Wagner's declaration supports Dr. Vellturo's own opinions.

7           In addition, the Court has already ruled that experts may testify about the opposing

8    party's experts' opinions from prior related proceedings between these parties.  (Dkt. 1326 at 23

9    (permitting Dr. Chevalier to rely on opinions offered by Apple's damages experts in the 1846

10   litigation).)  Here, the probative value is even greater since Dr. Wagner's opinion was offered in

11   the context of the instant litigation.  Finally, Samsung objects that Dr. Wagner's underlying

12   declaration was not included on Apple's trial exhibit list, but Apple is not seeking to enter either

13   Dr. Wagner's declaration, or PDX92.22, into evidence.  Dr. Vellturo is entitled to identify, show,

14   and explain the material he cited to support his opinion to the jury, like any other evidence cited

15   in his expert report, whether or not it is separately admitted.

16                    **SEALING OF EXHIBITS (BUCKLEY, HAUSER, VELLTURO)**

17          For the reasons stated in the Declaration of Erik J. Olson in Support of Sealing Materials

18   that Apple and Samsung May Use During the Examinations of Buckley, Hauser and Vellturo,

19   Apple requests the Court seal exhibits PX128, PX130, PX131, PX136, PX198, PX199, PX222,

20   PX222A, PX223, PX223A, PX243, PX244, PX245, DX401, DX411, DX412, DX415, DX417,

21   DX420, DX425, DX430, DX489, DX500, and certain of the Vellturo demonstratives in whole or

22   in part.  Apple also notifies the Court that Samsung seeks to use portions of DX377, DX404,

23   DX405, DX407, DX413, DX416, DX418, DX421, DX422, DX427, DX428, DX429, and

24   DX452, which the Court has already sealed.  (*See* Dkt. 1580.)

25          Finally, Apple notes that Samsung disclosed over 35 additional impeachment items for

26   Dr. Hauser, and over 70 additional items of Dr. Vellturo, but indicated that Samsung will not

27   seek to admit any of these additional impeachment items into evidence.  Given Samsung's

28

1  statement that it will not seek admission of these items, Apple is not moving to seal any of those

2  materials that contain confidential Apple information at this time.  Apple expects that in the

3  event that Samsung uses any of these additional items during trial with these witnesses, Samsung

4  will not publicly display or disclose Apple's confidential information. Apple reserves its right to

5  move to seal any Apple confidential information in these additional impeachment materials if

6  necessary.

7

8  Dated: April 6, 2014                              MORRISON & FOERSTER LLP

9

10                                                           By:  */s/ Rachel Krevans*
                                                                       Rachel Krevans
11
                                                                       Attorneys for Plaintiff
12                                                                     APPLE INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28