| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | WILLIAM F. LEE (*pro hac vice*) |
| jkrevitt@gibsondunn.com | william.lee@wilmerhale.com |
| H. MARK LYON (CA SBN 162061) | WILMER CUTLER PICKERING |
| mlyon@gibsondunn.com | HALE AND DORR LLP |
| GIBSON, DUNN & CRUTCHER LLP | 60 State Street |
| 1881 Page Mill Road | Boston, Massachusetts  02109 |
| Palo Alto, California  94304-1211 | Telephone:  (617) 526-6000 |
| Telephone:  (650) 849-5300 | Facsimile:  (617) 526-5000 |
| Facsimile:  (650) 849-5333 | |
| HAROLD J. McELHINNY (CA SBN 66781) | MARK D. SELWYN (CA SBN 244180) |
| hmcelhinny@mofo.com | mark.selwyn@wilmerhale.com |
| JAMES P. BENNETT (CA SBN 65179) | WILMER CUTLER PICKERING |
| jbennett@mofo.com | HALE AND DORR LLP |
| JACK W. LONDEN (CA SBN 85776) | 950 Page Mill Road |
| jlonden@mofo.com | Palo Alto, California  94304 |
| RACHEL KREVANS (CA SBN 116421) | Telephone:  (650) 858-6000 |
| rkrevans@mofo.com | Facsimile:  (650) 858-6100 |
| RUTH N. BORENSTEIN (CA SBN 133797) | |
| rborenstein@mofo.com | |
| ERIK J. OLSON (CA SBN 175815) | |
| ejolson@mofo.com | |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, California  94105-2482 | |
| Telephone:  (415) 268-7000 | |
| Facsimile:  (415) 268-7522 | |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | |
| Plaintiff, | |
| vs. | Case No. 12-cv-00630-LHK |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **DECLARATION OF ERIK J. OLSON IN SUPPORT OF SEALING MATERIALS THAT APPLE AND SAMSUNG MAY USE DURING THE EXAMINATIONS OF BUCKLEY, HAUSER, AND VELLTURO** |
| Defendants. | |

I, Erik J. Olson, hereby declare as follows:

1. I am a partner at the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple") in the above-captioned action. I am licensed to practice law in the State of California. I am familiar with the facts set forth herein and, if called as a witness, I could and would testify competently to those facts under oath.

2. Pursuant to Local Rule 79-5, I submit this declaration in support of Sealing Materials that Apple and Samsung May Use During the Examinations of Buckley, Hauser, and Vellturo.

3. On April 5, 2014, Apple moved to seal PX128 and DX415 in full. (Dkt. 1593-7 ¶5.) As explained in the April 5, 2014 declaration of Ruth Borenstein ("April 5 Borenstein Declaration"), these documents contain detailed capacity information. The harm that would befall Apple if its capacity information were to be unsealed is detailed in multiple declarations previously filed by Apple, including the Declarations of Mark Buckley dated July 27, 2012 (Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1416)), April 8, 2013 (Dkt No. 442), and July 15, 2013 (Dkt No. 685), and the declaration of Jim Bean in Support of Apple's Motion to Seal Trial Exhibits dated July 30, 2012 (Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1495-2) (supporting sealing capacity information)). As Mr. Buckley and Mr. Bean explained, if competitors gained access to Apple's capacity data, they could alter their production timing accordingly. (Case No. 11-cv-01846 (N.D. Cal.) (Dkt. Nos. 1416 at 1-2; 1495-2 at 2-3).) The Court has previously granted Apple's request to seal documents that contain capacity information that contain a similar level of detail regarding the accused Apple products. *See, e.g.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 4-5) (granting Apple's request to seal production capacity information); Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 2732) (sealing analogous exhibit PX 182 in full).

4. PX130, PX131, and DX401 contain highly confidential financial information regarding Apple's sales and margins. Public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Jim Bean in Support of Apple's Motion

1  to Seal Trial Exhibits.  (Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1495-2 at 1-3 ) (explaining

2  that Apple's financial information is immensely valuable and disclosed only on a need to know

3  basis within Apple to a small list of individuals because maintaining the confidentiality of

4  Apple's financial data "allows Apple to remain competitive in an opaque and fast-moving

5  marketplace.").)  The Federal Circuit has previously approved of Apple's request to similar

6  financial information.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos.

7  2012-1600, 2012-1606, 2013-1146, 727 F.3d 1214, 1224-26 (Fed. Cir. Aug. 23, 2013)

8  (approving sealing of product-specific financial information).

9         5.        PX222, PX222A, PX223, PX223A, PDX92.26, PDX92.27, PDX92.34,

10 PDX92.39, PDX92.58, PDX92.59, PDX92.64, PDX92.70-.73, PDX92.79, and PDX92.82

11 contain highly confidential financial information regarding Apple's sales and margins and profits

12 per unit.  They also contain financial information that could be used to determine Apple's per

13 unit profits and manufacturing capacity.  With respect to PX222 and PX222A, Apple requests

14 the Court seal pages 11, 13, 15, 17, 21, 30, 31, 32, 34, 35, 39, 41, 42 of PX222 and PX222A.

15 Apple requests the Court seal pages 5-8, 11-14, 17-20, 23-26, 29-32, and 59-63 of PX222 and

16 PX222A.  With respect to Dr. Vellturo's demonstratives, Apple requests the Court allow it to

17 show PDX92.26, PDX92.27, PDX92.34, PDX92.39, PDX92.58, PDX92.59, PDX92.64,

18 PDX92.70-.73, PDX92.79, and PDX92.82 only to the jury.  The harm that would befall Apple if

19 its financial and capacity information were to be unsealed is detailed in multiple declarations

20 previously filed by Apple, including the Declarations of Mark Buckley dated July 27, 2012 (Case

21 No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1416)), April 8, 2013 (Dkt No. 442), and July 15, 2013

22 (Dkt No. 685), and the declaration of Jim Bean in Support of Apple's Motion to Seal Trial

23 Exhibits dated July 30, 2012 (Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1495-2) (supporting

24 sealing capacity information); (*id. at* 1-3) (explaining that Apple's financial information is

25 immensely valuable and disclosed only on a need to know basis within Apple to a small list of

26 individuals because maintaining the confidentiality of Apple's financial data "allows Apple to

27 remain competitive in an opaque and fast-moving marketplace")).  As Mr. Buckley and Mr.

28

Bean explained, if competitors gained access to Apple's capacity data, they could alter their production timing accordingly.  (Case No. 11-cv-01846 (N.D. Cal.) (Dkt. Nos. 1416 at 1-2; 1495-2 at 2-3).)  The Court has previously granted Apple's request to seal documents that contain capacity information that contain a similar level of detail regarding the accused Apple products.  *See, e.g.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 4-5) (granting Apple's request to seal production capacity information); Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 2732) (sealing analogous exhibit PX 182 in full).  The Federal Circuit has previously approved of Apple's request to similar financial information.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 727 F.3d 1214, 1224-26 (Fed. Cir. Aug. 23, 2013) (approving sealing of product-specific financial information).

6. DX405 is a highly confidential document that discusses Apple's strategy for future corporate plans and has the potential to cause considerable competitive harm to Apple if publicly disclosed.  Pages 2, 5-8, 15, 23-25, 30, 34, 36, 38-46, and 48 of DX405 discuss Apple's strategy for future corporate plans and would cause competitive harm to Apple if publicly disclosed.  The Court has already granted Apple's request to seal pages 2, 5-8, 15, 23-25, 30, 34, 36, 38-46, and 48 and all other pages that are not shown to the jury.  Dkt. 1580.

7. DX411 is a highly confidential document that discusses Apple's strategy for future corporate plans and has the potential to cause considerable competitive harm to Apple if publicly disclosed. In the April 5 Borenstein Declaration, Apple agreed that pages 1, 2, and 32 may be unsealed if they are shown to the jury.  Samsung has now identified additional pages it wishes to use with Mr. Vellturo, Mr. Hauser, and Mr. Buckley.  Apple has carefully reviewed the additional pages requested by Samsung (3-15, 19, 20, and 23-26).  Apple agrees that pages 4, 5, 10, 11, 13, 14, and 25 may also be unsealed if they are shown to the jury.  Apple therefore requests that DX411 be sealed in full other than pages 1, 2, 4, 5, 10, 11, 13, 14, 25 and 32 if they are shown to the jury.  The Court has previously granted Apple's request to seal this type of information because Apple's "analysis and strategy for *future* corporate plans have the potential to cause considerable competitive harm to Apple if publically disclosed."  *See* Case No. 11-cv-

1    01846 (N.D. Cal.) (Dkt. No. 1649 at 7-8) (granting sealing of "documents which contain
2    confidential financial data as well as analysis and strategy discussions based on that data."); *see*
3    *also* Dkt. 1580 (granting sealing of all pages of DX413 that Apple requested be sealed).
4        8.    DX412 is a highly confidential document that discusses Apple's strategy for
5    future corporate plans and has the potential to cause considerable competitive harm to Apple if
6    publicly disclosed.  Samsung has indicated it plans to use pages 1, 2, 5-9, 17, and 22 of DX412.
7    Apple has carefully reviewed these pages and does not object to pages 1, 2, 17, and 22 being
8    shown publicly.  Accordingly, DX412 should be sealed in full, with the exception of pages 1, 2,
9    17, and 22  if they are shown publicly. The Court has previously granted Apple's request to seal
10   this type of information because Apple's "analysis and strategy for *future* corporate plans have
11   the potential to cause considerable competitive harm to Apple if publically disclosed."  *See* Case
12   No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 7-8) (granting sealing of "documents which
13   contain confidential financial data as well as analysis and strategy discussions based on that
14   data."); *see also* Dkt. 1580 (granting sealing of all pages of DX413 that Apple requested be
15   sealed).
16       9.    DX413 is a highly confidential document that discusses Apple's strategy for
17   future corporate plans and has the potential to cause considerable competitive harm to Apple if
18   publicly disclosed. Samsung previously indicated that it wished to use only pages 1, 8, 14, and
19   46 from DX413.  Apple agreed those could be shown publicly and the remaining pages were
20   sealed. *See* Dkt. 1580 (granting Apple's motion to seal all pages of DX413 other than the cover
21   page and pages 8, 14 and 46).  Samsung has now identified additional pages of DX413 it wishes
22   to use. Apple has carefully reviewed the additional pages requested by Samsung (2-7, 16-18, 20,
23   38, 40, 42-45).  Apple does not object to pages 1, 2, 3, 5, 6, 8, 14, 16-18, 42, and 46 being shown
24   publicly.  Consistent with this Court's prior Order (Dkt. 1580), the remaining pages should
25   remain sealed.
26       10.   On April 5, Apple moved to seal pages 2, 3, and 5 and all other pages of DX430
27   that are not shown to the jury.  As explained in the April 5 Borenstein Declaration, page 2 of
28

1  DX430 discusses Apple's confidential launch plans and capacity information and has the
2  potential to cause considerable competitive harm to Apple if publicly disclosed.  This Court has
3  previously sealed this type of information.  *See, e.g.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt.
4  No. 1649 at 7-8) (granting sealing of "documents which contain confidential financial data as
5  well as analysis and strategy discussions based on that data."); (*id.* at 4-5) (granting Apple's
6  request to seal production capacity information); Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No.
7  2732) (sealing PX182 in full); Dkt. No. 1580 (granting sealing of all pages of DX413 that Apple
8  requested be sealed).  As explained in the April 5 Borenstein Declaration, pages 3 and 5 of
9  DX430 contain highly confidential financial information regarding margins.  Public disclosure of
10  this information would be harmful to Apple for similar reasons as stated in the Declaration of
11  Jim Bean in Support of Apple's Motion to Seal Trial Exhibits.  (Case No. 11-cv-01846 (N.D.
12  Cal.) (Dkt. No. 1495-2 at 1-3) (explaining that Apple's financial information is immensely
13  valuable and disclosed only on a need to know basis within Apple to a small list of individuals
14  because maintaining the confidentiality of Apple's financial data "allows Apple to remain
15  competitive in an opaque and fast-moving marketplace.").)  The Federal Circuit has previously
16  approved of Apple's request to similar financial information.  *See, e.g.*, *Apple Inc. v. Samsung
17  Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 727 F.3d 1214, 1224-
18  26 (Fed. Cir. Aug. 23, 2013) (approving sealing of product-specific financial information).
19        11.   PX136 is a full market research report prepared by nonparty IDC.  This Court has
20  previously sealed these types of documents because "public disclosure would cause significant
21  harm to IDC's competitive standing."  *See, e.g.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No.
22  1649 at 10) (sealing two full IDC reports because of the "substantial commercial harm" that
23  would be caused by public disclosure of those exhibits).
24        12.   To the extent Apple or Samsung uses any of PX198, PX199, PX243, PX244,
25  PX245, any pages that are not shown to the jury should be sealed because they contain detailed
26  market research information regarding consumer use of smartphones and tablets and purchasing
27  decisions for smartphones and tablets. These documents contain proprietary Apple information
28

1  and the public disclosure of this information would be harmful to Apple for similar reasons as
2  stated in the Declaration of Greg Joswiak in Support of Apple's Motion to Seal Trial Exhibits
3  (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No.
4  1496) (supporting sealing market research documents describing buyer survey responses
5  regarding Apple's products because detailed information of this kind is extremely valuable time
6  series of information that shows how customer preference have evolved)). The Federal Circuit
7  has previously approved of Apple's request to seal market research documents that contain a
8  similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v. Samsung
9  Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 2013 WL 4487610, at
10 *10-12 (Fed. Cir. Aug. 23, 2013) (approving the sealing of marketing documents). This Court
11 has previously allowed Apple to seal all pages of market research documents which are no
12 shown to the jury. *See, e.g.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 2796) (sealing portions
13 of DX534 and DX572 which were not shown to the jury); Dkt. No. 1580 (sealing all pages of
14 DX377, DX404, DX407, DX416, DX418, DX421, DX422, DX427, DX428, DX429, DX452,
15 DX457, DX458 that are not shown to the jury).

16       13.     Samsung has indicated it may use portions of DX377, DX404, DX407, DX416,
17 DX418, DX421, DX422, DX427, DX428, DX429, and DX452.  These documents contain
18 detailed market research information regarding consumer use of smartphones and tablets and
19 purchasing decisions for smartphones and tablets.  The Court has already granted Apple's
20 request to seal all pages not shown to the jury.  Dkt. No. 1580.

21       14.     DX417, DX420, and DX425 are third-party market research documents that
22 should be sealed in full.  The public disclosure of this information would be harmful to Apple for
23 similar reasons as stated in the Declaration of Greg Joswiak in Support of Apple's Motion to
24 Seal Trial Exhibits  (Dkt. No. 1496) (supporting sealing market research documents describing
25 buyer survey responses regarding Apple's products because detailed information of this kind is
26 extremely valuable time series of information that shows how customer preference have
27 evolved)).  The public disclosure of these third party reports would also be harmful to those third
28

1  parties that prepared those reports.  The Federal Circuit has previously approved of Apple's
2  request to seal market research documents that contain a similar level of detail regarding the
3  accused Apple products.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, Case Nos. 2012-
4  1600, 2012-1606, 2013-1146, 727 F.3d 1214, 1226-28 (Fed. Cir. 2013) (approving the sealing of
5  market research documents).
6        15.  Pages 34, 39-55, 73-75, 77-80, 82-91, 95, 100-105, 107, 109-114, 165, 174, 176-
7  177, 181-197, 201, 206, 208, 215, 217-218, 220, 222-224, and 226-230 and all other pages of
8  DX489 not shown to the jury should be sealed.  The pages of DX489 identified by Apple discuss
9  Apple's component costs, comparisons of Apple's costs with estimates of competitors' costs and
10 estimates of competitors' costs based on Apple costs.  As Apple explained in the Declaration of
11 Mark Buckley, a Finance Manager at Apple, cost information would give competitors a
12 substantial advantage over Apple as competitors could tailor offerings and pricing to undercut
13 Apple and determine exactly what price level would make a given product unprofitable to Apple.
14 (Dkt. No. 685-1 at 3.)  Suppliers with cost data could alter Apple's price on components. (*Id.* at
15 3-5.)  This is the type of information the Federal Circuit confirmed is properly sealed and would
16 be harmful to Apple if exposed. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed.
17 Cir. 2013).
18       16.  DX500 is a highly confidential document that discusses Apple's strategy for
19 future corporate plans and has the potential to cause considerable competitive harm to Apple if
20 publicly disclosed.  Samsung has indicated it plans to use pages 1-4, 9, 11-20, and 22-24 of
21 DX500.  Apple has carefully reviewed these pages and does not object to pages 1, 12, 13, 16-18,
22 and 20 being shown publicly.  Accordingly, DX500 should be sealed in full, with the exception
23 of pages 1, 12, 13, 16-18, and 20 if they are shown publicly. The Court has previously granted
24 Apple's request to seal this type of information because Apple's "analysis and strategy for *future*
25 corporate plans have the potential to cause considerable competitive harm to Apple if publically
26 disclosed." *See* Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 7-8) (granting sealing of
27 "documents which contain confidential financial data as well as analysis and strategy discussions
28

1  based on that data."); *see also* Dkt. 1580 (granting sealing of all pages of DX413 that Apple
2  requested be sealed).
3      I declare under the penalty of perjury under the laws of the United States of America that
4  the foregoing is true and correct to the best of my knowledge and that this Declaration was
5  executed this 6th day of April, 2014, in San Jose, California.

Dated:  April 6, 2014                              */s/ Erik J. Olson*
                                                  Erik J. Olson

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on April 6, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Rachel Krevans
Rachel Krevans

**ATTESTATION OF E-FILED SIGNATURE**

I, Rachel Krevans, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Local Rule 5-1(i)(3), I hereby attest that Erik J. Olson has concurred in this filing.

Dated:   April 6, 2014

*/s/ Rachel Krevans*
Rachel Krevans