QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar. No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES REGARDING EXHIBITS AND DEMONSTRATIVES DISCLOSED FOR MARK BUCKLEY, JOHN HAUSER, AND CHRISTOPHER VELLTURO** |

02198.51981/5858558.6

Case No. 12-cv-00630-LHK
SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES REGARDING EXHIBITS AND DEMONSTRATIVES DISCLOSED FOR BUCKLEY, HAUSER AND VELLTURO

## I. THE COURT SHOULD OVERRULE APPLE'S OBJECTIONS.

### A. Mark Buckley

**Sexton Deposition Transcript.** Apple's objection overlooks the fact that Mr. Sexton testified as Apple's 30(b)(6) designee on capacity. Rule 32(a)(3) expressly permits Samsung to use "for *any* purpose" the deposition of "anyone who, when deposed, was . . . [Apple's] designee under Rule 30(b)(6)." *See* Fed. R. Civ. P. 32(a)(3). Thus, Apple's reliance on the Court's order excluding Jung Min Yeo's testimony in the 1846 case is misplaced – Ms. Yeo was not a Rule 30(b)(6) designee, and Apple claimed that its use of her deposition was authorized by a completely different provision of Rule 32.

### B. John Hauser

**SDX 2414.** Apple's objections to SDX 2414 are without merit. SDX 2414 contains an excerpt from an article written by Apple's survey expert, Dr. Peter Rossi, whom Apple has used in both the 1846 action and this case. Dr. Rossi served his expert rebuttal report in this litigation in September 2013. While Apple later withdrew him purportedly "[i]n order to further narrow the number of experts at trial," Dr. Rossi's academic writings on a subject on which Apple has offered him as an expert – conjoint surveys – are relevant to examine Apple's other conjoint expert, Dr. Hauser. Dr. Rossi's article cited in SDX 2414 speaks directly to the type of conjoint Dr. Hauser ran here and endorses Samsung's critiques that his failure to include brand and other important product features renders it unreliable. Denying a party the ability to cross-examine an expert using scholarly articles from within the expert's field is reversible error. *See Reilly v. Pinkus*, 338 U.S. 269, 275 (1949). Indeed, the Federal Rules of Evidence specifically contemplate the use of "statement[s] contained in a treatise, periodical, or pamphlet" with an "expert witness on cross-examination." Fed. R. Evid. 803(18). Samsung is entitled to cross Dr. Hauser with the academic writings of another Apple expert in the very same field.

Apple's objection that the excerpts are misleading is without merit. They are direct quotes from Dr. Rossi's article, which has been provided to Apple in full. Apple may use any additional portions of the article on redirect if it so chooses. Finally, Apple's objection that this document is

02198.51981/5858558.6

-1-

Case No. 11-cv-01846-LHK
SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES REGARDING EXHIBITS AND DEMONSTRATIVES DISCLOSED FOR BUCKLEY, HAUSER AND VELLTURO

1  not on any party's exhibit list is irrelevant as Samsung offers it only for the purposes of

2  impeachment and does not seek to introduce this demonstrative or the article into evidence.

3  **SDX 2420.**  SDX2420 is a proper demonstrative.  It contains screenshots of the Swype,

4  Dart, and iOS 7 keyboards, respectively, into each of which has been typed: "The quick brown fox

5  jumps over the lazy dog," minus the last letter of each word.  The slide is to be used as a

6  hypothetical assumption in examining Dr. Hauser regarding the explanation of the '172 patent in

7  his conjoint survey.  The Court should assess any objection to this hypothetical at the time it is

8  used in the examination of Dr. Hauser and not in the abstract.  There is no basis for foreclosing a

9  hypothetical question to an expert on cross examination on the grounds that no expert report posed

10 it.  Moreover, if there were, the precise phrase displayed was discussed in Dr. Wigdor's report at

11 paragraph 117.  *See* Fazio Decl. Ex. C.

12       **C.**       **Christopher Vellturo**

13       **11/5/2012 trial testimony of Christopher A. Vellturo in *VirnetX* litigation.**  Apple's

14 objection is contrary to this Court's Order on Apple's *Daubert* motion.  In rejecting Apple's

15 request to preclude the opinions given by Apple's experts in other cases, the Court ruled that

16 testimony of Apple's experts (*i.e.*, Dr. Vellturo) "from other cases" (*i.e.*, *VirnetX*) is "relevant,

17 both to *impeach Apple's expert* and to support Samsung's expert's own opinions.  Dkt. 1321 at 22

18 (emphasis added).  Notably, in its *Daubert* Order, the Court rejected Apple's Rule 403 argument,

19 finding the "probative value of such testimony is not substantially outweighed by any speculative

20 danger of 'confusing the issues' or 'misleading the jury.'"  *Id*. at 23.  As the Court noted, "the past

21 methodologies of Apple's expert are highly probative impeachment evidence[.]"  *Id.*

22       Dr. Vellturo was Apple's damages expert in the *VirnetX* litigation.  That case also involved

23 software patents on smartphones.  The methodologies used by Dr. Vellturo in the *VirnetX*

24 litigation endorse the methodology used by Dr. Chevalier.  Dkt. 806-6, Ex. A-1 at 190 n.761.  This

25 Court has already found that such evidence is "highly probative" and is not objectionable on 403

26 grounds.  The Court has further found that Dr. Vellturo's opinions in the *VirnetX* litigation are

27 relevant to this case.  *See* Dkt. No. 636 at 40 ("The court agrees that the categories Samsung listed

28

1  in its motion [which include documents regarding Apple's damages theories in *VirnetX*] fall
2  within the broad scope of relevance …."). Apple's attempt to preclude Samsung from examining
3  Dr. Vellturo on opinions he has previously offered on smartphone software patent damages on
4  behalf of Apple should be rejected.

**II.     THE COURT SHOULD SUSTAIN SAMSUNG'S OBJECTIONS.**

   **A.     John Hauser**

**PDX93.10.** Dr. Hauser's smartphone survey only tested four of the five patented features. The smartphone survey did not test slide-to-unlock, as this slide misleadingly implies. Furthermore, this slide will confuse the jury—while slide-to-unlock was included in Dr. Hauser's *tablet* survey, Apple does not accuse any Samsung tablet of infringing the '721 patent.

**PDX93.11.** Dr. Hauser *never* performed a survey for this case that included 21 distraction features, and Apple should not be allowed to mislead the jury into thinking that he did. In opposing Samsung's *Daubert* motion, Apple itself could point to just 12 distraction features used in Dr. Hauser's smartphone survey. Dkt. 1299 at 6, n.5. Having criticized Samsung for "*understat[ing]* the number of distraction features," *see id.* (emphasis in original), Apple cannot now *overstate* the number of distraction features.

   **B.     Christopher Vellturo**

**PTX146.** In the 1846 retrial, the Court ruled that Apple's damages expert was not qualified to offer "opinion[s] regarding whether or not Samsung copied." 1846 Dkt. 2654 at 3 (*citing* Fed. R. Evid. 702). Accordingly, Ms. Davis was only permitted to rely on the opinions expressed by Apple's technical experts during trial—to the extent "Apple's technical experts provide conclusions at the retrial regarding Samsung's adoption of Apple's features," Ms. Davis was free to "assume those conclusions as fact in her testimony because her assumptions will be based on foundational evidence given at trial." *Id.* at 6.

Dr. Vellturo is no more qualified than Ms. Davis to testify about Samsung's alleged copying. Like Ms. Davis, Dr. Vellturo "does not have technical expertise in the

telecommunications industry, consumer electronics, industrial design, or patents."[1] *Id.* at 4. Dr. Vellturo repeatedly professed a lack of technical expertise when questioned at his deposition about the subject matter of the patents-in-suit, Apple's practice of the asserted patents, or the nature of the accused features. Fazio Decl. Ex. A, 9/25/13 Vellturo Dep. at 53:10-54:1 ("[A]gain, I'm not a technical expert"); *id.* at 59:2-60:2 (same); *id.* at 61:8-17 (same); *id.* at 65:21-66:2 (same); *id.* at 188:21-189:5 (technical feasibility of noninfringing alternatives is "more engineering and software type stuff, I'm not here to give those opinions.").[2]

PX146 is just one example of nearly two-dozen "copying" documents that Apple disclosed for Dr. Vellturo, only a small fraction of which have been discussed by a technical expert at trial. Dr. Cockburn was the only technical expert to cite PX146 in his report, and yet Dr. Cockburn did not offer any opinions regarding PX146 during his direct testimony. Because Dr. Vellturo is unqualified to offer opinions about "copying" evidence not presented at trial through a technical expert, Apple should be precluded from using these documents, eliciting testimony regarding those documents or copying generally, or having Dr. Vellturo embellish what Apple's technical experts already said about those documents. Instead, Dr. Vellturo should be limited, as Ms. Davis was, to assuming as true the copying-related conclusions of Apple's technical experts and only to the extent that those experts actually offered opinions on the specific "copying" documents in

---

[1] The fact that Dr. Vellturo is an economist, rather than an accountant, is of no moment. In barring Ms. Davis from offering an analysis of Samsung's alleged copying, this Court relied on *Oracle America, Inc. v. Google, Inc.*, No. C 10-03561 WHA, 2011 WL 5914033, at *1 (N.D. Cal. Nov. 28, 2011), in which Judge Alsup allowed an "economist[ ] with no technical expertise" to opine on technical issues on the condition that "the foundational facts [were] properly laid at trial" and the economist "ma[d]e clear that he assumed this point and [wa]s himself not qualified to make expert findings on the technical point."

[2] *See also* Fazio Decl. Ex. B, 4/18/12 Vellturo Dep. at 11:16-12:23 (Vellturo's understanding of Apple's patents and Samsung's accused features is "derived from the technical experts," and he did not "try to opine or evaluate the positions of those experts."); *id.* at 65:23-66:23("I think you're taking me a little deeper into the technical aspects of the nature of the patents . . . From a technical standpoint, I don't have a specific understanding as to how those [features] would relate to the invention itself."); *id.* at 84:14-85:21 ("You're talking to the wrong guy about design engineering. That's not anything I'm familiar with."); *id.* at 86:16-22("Again, I'm not a design engineer").

their reports.  Because Apple's technical experts would be precluded from opining on the alleged "copying" documents they did not address in their report, Vellturo's testimony cannot be an end run around his lack of qualification or the technical experts' lack of disclosure in their reports.

**PDX92.22.**  Apple did not list the Wagner Declaration on its exhibit list.  The Court has excluded Samsung demonstratives quoting from documents not on Samsung's exhibit list.  Dkt. 1554 at 1; Dkt. 1573 at 2; *see also* Trial Tr. at 265-67.  The same rule should apply to both parties – and the Court has indicated that it would.  *See* Dkt. 1554 at 1.  The Wagner Declaration is hearsay and none of the exceptions to the hearsay rule allows a party to bolster its expert's opinions on direct with the out-of-court statements of another declarant.  It is especially prejudicial to do so here, by taking Mr. Wagner ' statements out of context where he cannot be called to explain them.  Moreover, including this statement violates FRE 403, because those statements related to a different set of patented features – with some of the patents no longer at issue in the case  – and before case narrowing and Apple's admission that Apple does not practice most of the remaining claims.  Finally, the slide is misleading because it suggests that Mr. Wagner endorsed this particular Hauser survey.  To the contrary, the  Hauser survey in this case was not even in existence.

### III. SAMSUNG MOVES TO SEAL ITS CONFIDENTIAL INFORMATION.

Samsung moves to seal portions of the following exhibits, which are listed in the parties' April 5th disclosures:  Samsung's financial data (PX142; PX158; PX160; PX 161; PX162; PX208; PX222; PX222A; PX223; PX223A; DX431; DX432); documents regarding future business strategy (PX154; PX 226); and documents with market research reports to the extent confidential pages are not used during a witness examination (DX432, DX433, DX434, DX435, DX436, DX437, DX438, DX439, PX217, PX182, and PX185).  The specific pages Samsung seeks to seal are listed in the concurrently filed Declaration of Michael L. Fazio in Support of Samsung's Request to Seal Trial Exhibits and accompanying Proposed Order.

1  DATED: April 6, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Victoria F. Maroulis
Kevin P.B. Johnson
Michael L. Fazio
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

02198.51981/5858558.6

-6-   Case No. 12-cv-00630-LHK
SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES REGARDING EXHIBITS AND DEMONSTRATIVES DISCLOSED FOR BUCKLEY, HAUSER AND VELLTURO