# EXHIBIT A

Confidential Attorneys' Eyes Only

Page 1

1        IN THE UNITED STATES DISTRICT COURT
2          NORTHERN DISTRICT OF CALIFORNIA
3                 SAN JOSE DIVISION
4  APPLE, INC., a California         )
   corporation,                      )
5                                    )  CASE NO.
              Plaintiff,             )  12-CV-00630-LHK
6                                    )
            vs.                      )
7                                    )
   SAMSUNG ELECTRONICS, CO., LTD.,   )
8  a Korean corporation; SAMSUNG     )
   TELECOMMUNICATIONS AMERICA,       )
9  LLC, a Delaware limited           )
   liability company,                )
10                                   )
              Defendants.            )
11 --------------------------------- )
12          * * *ATTORNEYS' EYES ONLY* * *
13       CONFIDENTIAL VIDEOTAPED DEPOSITION
14                     OF
15         CHRISTOPHER VELLTURO, PH.D.
16             New York, New York
17             September 25, 2013
18
19
20
21
22
23  Reported by:
24  KATHY S. KLEPFER, RMR, RPR, CRR, CLR
25  JOB NO. 66028

Confidential Attorneys' Eyes Only

Page 53

1            MR. THOMASCH:  Objection to form.    11:01:48:21
2            I believe you misspoke there.
3       A.   Samsung is infringing.
4       Q.   Yes, that Samsung is infringing
5  certain claims in Apple patents; you understand  11:01:55:00
6  that?
7       A.   Right, that there are certain claims
8  that are part of this litigation that Apple has
9  brought on Samsung.
10      Q.   Right.  And is it your understanding  11:02:04:15
11 that Apple actually practices in its devices all
12 those claims which it is asserting against
13 Samsung in this action?
14           MR. THOMASCH:  Objection to form.
15           You may answer.                        11:02:15:21
16      A.   I guess I need a clarification.
17      Q.   Go ahead.
18      A.   Asserting as of today or having
19 asserted at any point during this litigation?
20 That's where I'm getting confused.                11:02:29:00
21      Q.   Let's start with today.
22      A.   I recall that there are some asserted
23 claims that Apple is bringing on Samsung where
24 Apple does not practice those asserted claims in
25 its products.  But again, I'm not a technical     11:02:48:15

Confidential Attorneys' Eyes Only

Page 54

1  expert, but I understand that to be the case.     11:02:51:21
2      Q.    And which claims does Apple not
3  practice which it is asserting in this case?
4           MR. THOMASCH:  Objection to form.
5      Beyond the scope of the report.               11:03:03:06
6           You may answer.
7      A.    I don't have the claims memorized.  My
8  recollection is, with respect to the '172
9  patent, AutoCorrect, again, speaking from
10 recollection, I believe it's claims 1 and 8, but 11:03:16:15
11 again, I don't have my report, of that that are
12 currently being asserted against Samsung, and
13 it's my understanding that Apple's form of
14 AutoCorrect does not practice those two claims,
15 but it does practice other currently             11:03:40:12
16 non-asserted claims of that same patent.
17     Q.    Are there any other patent claims that
18 Apple is asserting against Samsung in this case
19 which Apple does not presently practice?
20          MR. THOMASCH:  Objection to form.       11:03:58:27
21          You may answer.
22     A.    I don't remember others as I sit here.
23 There might be, but I just, from memory, I can't
24 be sure.
25     Q.    If to answer a question you ever need  11:04:05:03

Confidential Attorneys' Eyes Only

Page 59

1  the asserted claims cover.                           11:10:20:12
2     Q.    In fact, the asserted claims do not
3  cover syncing contacts while engaged in a Game
4  or Web Browsing or engaged in Video Play,
5  correct?                                             11:10:34:27
6     A.    Well, that would depend on whether
7  you're multitasking and engaged in the contacts
8  and while you're doing those other things.  I
9  think that's pretty unlikely, but it's not
10 literally the case that under no circumstance        11:10:52:09
11 would these actions be undertaken in the context
12 where there would definitively be no
13 infringement going on.
14    Q.    Sir, if the application that is open
15 is Game Play or Web Browsing or Video Play, and      11:11:05:24
16 syncing is being -- on contacts is being done in
17 the background --
18    A.    And contacts is not open.
19    Q.    -- and contacts is not open, that
20 functionality -- that's not covered by this          11:11:16:21
21 patent, correct?
22    A.    Again, I'm not a technical expert.  I
23 can only work with my understandings of the --
24 the coverage of the asserted claims.  My
25 understanding as I sit here is what you just         11:11:32:00

Confidential Attorneys' Eyes Only

Page 60

1 proposed would not be covered by the asserted    11:11:34:18
2 claims.  That's my understanding.
3     Q.    So the fact that Samsung is evaluating
4 syncing of contacts while these other
5 applications are open is irrelevant to whether   11:11:50:06
6 Samsung values the functionality covered by the
7 '414 patent, correct?
8     A.    No, that's not correct.
9     Q.    Explain why it's not correct.
10    A.    Because what the example here is       11:12:02:12
11 showing is that the user experience associated
12 with potential delays or stoppages in an
13 application when background syncing is going on
14 is something they are concerned about and
15 something that they understand consumers place  11:12:25:09
16 value on.
17          Now, in the instance that's studied
18 here, the nature of the potential delay they're
19 identifying doesn't specifically practice the
20 asserted claims as I understand it, but the     11:12:39:24
21 concept of the consumer costs or dissatisfaction
22 that this is associated with is very closely
23 related to the consumer dissatisfaction that the
24 patented claims alleviate, the asserted claims
25 alleviate.                                      11:13:07:24

Confidential Attorneys' Eyes Only

Page 61

1  Q.  You're certainly not -- it's certainly 11:13:18:15
2  not your understanding that this patent covers
3  syncing in background while engaging in any type
4  of multitasking?
5  A.  Again, it would depend on whether, in  11:13:33:12
6  this example, contacts was part of that
7  multitasking.
8  Q.  In other words, the function that is
9  being synced, actually that application has to
10 be open for it to be covered by this patent,   11:13:45:09
11 correct?
12 A.  Asserted claims or this patent?
13 Q.  The asserted claims.
14 A.  Again, I'm not the technical expert.
15 My understanding is that the user -- under the  11:13:54:18
16 asserted claims, the user would need to be using
17 the application that is being background-synced.
18 Q.  Turning now to the '647 patent, your
19 opinion regarding the '647 patent and its
20 contribution to demand for smartphones is based 11:14:31:18
21 in part on the fact that the functionality
22 described in the '647 patent was a primary theme
23 of Apple's original marketing efforts, correct?
24 A.  As a concept, that's what I recall,
25 yes.                                            11:14:50:24

Confidential Attorneys' Eyes Only

Page 65

1    Q.    So you're not saying that the claimed    11:18:57:00
2    functionality was a primary theme of Apple's
3    original marketing efforts back in June of 2007?
4         MR. THOMASCH:  Objection.  Misstates
5         the testimony.                             11:19:05:24
6         You may answer.
7    A.    I am saying that with respect to the
8    functionality described in the '647 patent in
9    its entirety.
10   Q.    But not the particular claims asserted    11:19:17:09
11   in this case?
12        MR. THOMASCH:  Objection to form.
13        You may answer.
14   A.    The outstanding claims, it's my
15   understanding that those weren't in the first   11:19:25:00
16   iPhone.
17   Q.    Have you spoken with a -- an expert
18   that Apple has retained by the name of Mr.
19   Mowry?
20   A.    Yes.                                      11:19:39:18
21   Q.    Is a short tap which yields a single
22   functionality, such as a tap to call, is that a
23   functionality that's accused by Apple in this
24   case?
25   A.    Again, I'm not the legal expert and       11:19:54:18

Page 66

1    I'm not the technical expert.  My recollection    11:19:56:06

2    is no, that's not accused.

3        Q.    All of -- almost all of the materials

4    discussed in your report under the '647 patent

5    beginning on page 64, almost all of that relates  11:20:12:21

6    to the short tap functionality, a tap to do a

7    call; isn't that true?

8              MR. THOMASCH:  64 to the top of 70?

9              MR. QUINN:  Yes.

10             MR. THOMASCH:  Take a moment to look    11:20:32:03

11       through it.

12   BY MR. QUINN:

13       Q.    I'm going to withdraw the question.

14             I mean, would you agree that to the

15   extent your opinion addresses the value of a     11:21:07:18

16   functionality which is not covered by the

17   asserted claims, it's not relevant to establish

18   the value of those claims in this case?

19             MR. THOMASCH:  Objection to form.

20       A.    No, I wouldn't agree with that.        11:21:24:06

21       Q.    Turning now to the '959 patent, have

22   you spoken with an expert Apple has retained in

23   this case by the name of Mr. Snoeren?

24       A.    Yes.

25       Q.    You're aware that the claims of the    11:22:13:03

Confidential Attorneys' Eyes Only

Page 188

1  financial feasibility of any non-infringing          15:11:40:00
2  alternatives that Samsung has available to it?
3          MR. THOMASCH:  Objection to form.
4     A.   From a financial feasibility
5  standpoint, that is something I take into            15:11:50:15
6  consideration and that I am reaching opinions
7  on.
8     Q.   And which non-infringing alternatives
9  are you giving opinions on from a financial
10 standpoint?                                           15:12:02:12
11         MR. THOMASCH:  Objection to form.
12    A.   Well, again, what -- what my exercises
13 are directed at is looking at the relative
14 difference between using the patented or accused
15 patented approach and the non-infringing              15:12:13:12
16 alternative, and so wherever I'm considering
17 that assessment, what would be taken into
18 consideration there would be non-infringing
19 alternatives that would be -- that would inform
20 the hypothetical negotiation.                         15:12:32:12
21    Q.   How about technical capability or
22 technical feasibility, are you here to give
23 opinions concerning the technical feasibility of
24 any non-infringing alternative available to
25 Samsung?                                              15:12:45:27

Confidential Attorneys' Eyes Only

Page 189

1    A.    Sadly, I think you probably don't          15:12:55:06
2 characterize economics as technical, so assuming
3 that's not in your definition, that's it more
4 engineering and software type stuff, I'm not
5 here to give those opinions.                        15:13:06:24
6    Q.    Do you know what the cost of OS
7 upgrades were when Apple used to sell them?
8    A.    Speaking from recollection, I seem to
9 recall an OS upgrade, one instance of one, at
10 $29.  I imagine there are others, but I don't      15:13:35:18
11 recall those numbers as I sit here.
12   Q.    And is it your understanding that that
13 OS upgrade covered hundreds of features?
14   A.    Which OS upgrade?  The $29.
15   Q.    Yes, the one you're thinking of.           15:13:51:09
16         MR. THOMASCH:  Objection to form.
17   A.    I remember, it's been a while, but I
18 remember there being some documents that I
19 reviewed that had those, some of those features
20 listed.  I don't remember it going into the        15:14:14:00
21 hundreds and.  I guess I might need a little
22 clarification as that I saw that not in the
23 context of this case.
24   Q.    Do you have an opinion concerning the
25 cost to Samsung of implementing any of the         15:14:26:15