QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar. No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. 12-cv-00630-LHK <br><br> **SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES REGARDING EXHIBITS AND DEMONSTRATIVES DISCLOSED FOR BONURA, CLARK, HACKBORN, LOCKHEIMER, AND SOHN** |

02198.51981/5863869.2

Case No. 12-cv-00630-LHK
SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES REGARDING EXHIBITS AND
DEMONSTRATIVES DISCLOSED FOR BONURA, CLARK, HACKBORN, LOCKHEIMER, AND SOHN

## I. APPLE'S OBJECTIONS TO SAMSUNG'S EXHIBITS SHOULD BE OVERRULED

### A. Apple's objections to Thomas Bonura disclosures should be overruled.

**FRE 602/Foundation.**  Apple has waived any foundation objection to any of the excerpts it identifies by not objecting at deposition or in its Designation Objections on foundation grounds. Dkt. 1493-1 at 9-12.  Further, it appears Apple is trying to leverage testimony about specific elements of Exhibit 1 to the deposition (Fazio Dec., Ex. C at 93:21-93:24, 94:2-94:5, 94:12-94:17) to try to exclude testimony about Exhibit 3, a different document. (*Id*. at 168:3-168:16, 168:20-168:25, 169:2-169:5, 169:8-169:9).  Importantly, Mr. Bonura testified that he wrote and recalled Exhibit 1 (*id*. at 93:16-94:7) and Exhibit 3 (105:16-106:4), and testified substantively and at length about these emails, as well as a related third email (*id.* at 93:16-101:13 (Exhibit 1), 101:14-105:15 (Exhibit 2), and 105:16-109:24 (Exhibit 3)). There is no foundation issue.

**FRE 602/Speculation.**  Apple's speculation objection is similarly misguided.  Apple tries to leverage testimony about specific elements of Ex. 1 (*id*. at 99:22-100:18) to suggest Dr. Bonura was speculating about Exhibits 2 and 3 (*id*. at 103:6-105:11, 105:14-15, 107:5-108:10, 108:13-108:16, 108:18-108:22).  He was not— Dr. Bonura gave lengthy substantive answers about all three exhibits. (*See e.g. id*. at 103:6-105:11 (testifying extensively about Exhibit 2); 107:5-108:22 (giving precise understanding of elements of Exhibit 3); (*Id*. at 103:6-9) (providing factual statement that he did not recall having a shared library version of data detectors by a certain date).

**FRE 402/403.**  Apple did not object on Rule 402 or 403 grounds in its Designation Objections to the excerpts its seeks to exclude (*id*. at 70:9-70:11; 70:13-70:22). Dkt. 1493-1 at 9. Apple thus waived the objection. Moreover, the Court overruled an objection to similar testimony during Dr. Mowry's cross-examination. (Dkt. 1624 at 895:1-897:23).  Dr. Bonura's understanding of his work leading to the patent and the state of the art is relevant and probative of both.

### B. Apple's objections to Cary Clark and Dianne Hackborn disclosures are moot.

Samsung withdrew all exhibits Apple objected to by Apple for these witnesses.

### C. Apple's objections to Hiroshi Lockheimer disclosures should be overruled.

**Witness Objection.**  Apple argues that Mr. Lockheimer may testify only regarding "the design, development and operation of, as well as potential alterations to, Android software and

various Android features," and therefore cannot testify regarding "Apple's alleged 'copying' of Android." Apple's narrow view of this language masks the critical fact that Apple has argued in this trial that Android's development is tainted by allegedly improper copying. The Court should allow Mr. Lockheimer to put Apple's allegations in full context by explaining how Android's development influenced Apple's iOS products. This testimony will provide evidence showing that the design and development of Android fell within industry norms and was not tainted by copying.

### D. Apple has withdrawn all objections to Samsung's Dale Sohn disclosures.

## II. SAMSUNG'S OBJECTIONS TO APPLE'S EXHIBITS SHOULD BE SUSTAINED

### A. Samsung's objections to Thomas Bonura disclosures should be sustained.

**Beyond the Scope of Designation.** Samsung's objection to Bonura Dep. Tr. 26:8-10 & 26:13-27:1 as should be sustained. Apple did not identify Bonura Dep. Tr. 26:8-10 & 26:13-27:1 as a counter-designation for any testimony Samsung included on its disclosure (or any other designation). *Compare* Dkt. 1493-1, at 9-12 with Fazio Dec., Ex. D (Bonura disclosure). Apple identified this testimony only as a "Protective Counter-Designations" (as it did for every single Samsung designation). Apple stated it would only attempt to designate this testimony if Samsung "presents *only a portion* of its designation." Dkt. 1466 at 2 (emphasis added). Samsung has not included the initially designated testimony, nor any portion thereof in its disclosures. Therefore, Apple's designation is inappropriate and beyond the scope.

**Leading/Beyond the Scope of Designation.** Each of these counter-designations – Bonura Dep. Tr. 156:23-158:3, 156:15-20, and 158:6-160:12 – consists of Apple's leading redirect questions, and would not be allowed if offered with a live witness. For instance, in Apple's counter-designation Tr. 156:23-158:3, Dr. Bonura speaks twelve words in comparison to the attorney, who speaks over 150 words. This is effectively testimony by counsel. Similarly, as to Tr. 156:15-20, Apple has designated leading re-direct questioning by Apple's attorneys about Bonura Exhibit 4, but failed to include the portion of testimony showing the exhibit to which the counter-designation relates. *See* Fazio Dec., Ex. C (Bonura Tr.) at 155:22-156:3 (undesignated). Samsung designated no testimony about Exhibit 4. Instead, Apple claims this is a counter-designation as to testimony about Bonura Exhibit 3. Dkt. 1492-1 at 10. Exhibit 3, which is on the trial exhibit list,

02198.51981/5863869.2

-2-    Case No. 12-cv-00630-LHK
SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES REGARDING EXHIBITS AND DEMONSTRATIVES DISCLOSED FOR BONURA, CLARK, HACKBORN, LOCKHEIMER, AND SOHN

has no relationship to Exhibit 4.  *See* DX-334.  As to Tr. 158:6-160:12, Samsung withdrew its designation of all testimony to which this counter-designation relates.  Accordingly, Apple should be deemed to have withdrawn this counter-designation.

### B. **Samsung's objections to Cary Clark disclosures should be sustained.**

**Ex. 5 to June 25, 2013 Dep. of Cary Clark.**  This is a document that is not on either party's exhibit list.  Last week, Apple objected to one of Samsung's cross demonstratives for use with Dr. Miller, arguing that it was based on a document not identified in either party's exhibit list.  (Dkt. 1564 at 1.)  The Court sustained Apple's objection (Dkt. 1573), despite the allegedly objectionable document being a deposition exhibit to a February 17, 2012 deposition of Dr. Miller.  (Dkt. 1563-8.)  This document is no different – it is an improper attempt by Apple to expand its exhibit list.  (Dkt. 1554; 1573.)

### C. **Samsung's objections to Dianne Hackborn disclosures should be sustained.**

**Ex. 4 to June 18, 2013 Dep. of Dianne Hackborn.**  The Court should sustain Samsung's objection to Ex. 4 for the same reasons enumerated above as to Ex. 5 to the June 25, 2013 deposition of Cary Clark.  Ex. 4 not on either party's exhibit list, and should be excluded.

**PDX88.10.**  PDX 88.10 is a demonstrative from Dr. Mowry's presentation on the '647 patent.  Apple withdrew PDX88.10 after Samsung objected to the demonstrative.  However, PDX88.10 is representative of several other demonstratives, including PDX88.6, .11, .14-.17, .18A, .19A, .20-.24, .26-.33, .35, and .41-.43, all of which should be excluded.  These demonstratives, used with Apple's expert, are irrelevant to Ms. Hackborn's testimony under FRE 402, and Apple has laid no foundation for their use with Ms. Hackborn.

**Ex. 5 to June 25, 2013 Dep. of Cary Clark.**  The Court should sustain Samsung's objection to this document for use with Ms. Hackborn for the same reasons enumerated above with respect to Mr. Clark.  Moreover, Apple seeks to cross-examine Ms. Hackborn, a fact witness, with the transcript and exhibits from the deposition of another fact witness, Mr. Clark.  Unlike the parties' recent briefing concerning use of a deposition of Rory Sexton during the cross-examination of Mark Buckley, Mr. Clark was not a 30(b)(6) witness.  (*See* Dkts. 1600-3; 1601-3.)  Use of Mr. Clark's testimony with Ms. Hackborn is therefore improper under FRCP 32(a)(2).

02198.51981/5863869.2

-3-    Case No. 12-cv-00630-LHK
SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES REGARDING EXHIBITS AND DEMONSTRATIVES DISCLOSED FOR BONURA, CLARK, HACKBORN, LOCKHEIMER, AND SOHN

**D. Samsung's objections to Hiroshi Lockheimer disclosures should be sustained.**

**PX212.**  The Court should preclude Apple from cross-examining Hiroshi Lockheimer with PX212.  In Apple's witness objection regarding Mr. Lockheimer, Apple seeks to restrict his testimony to Apple's narrow view of "the design, development and operation of, as well as potential alterations to, Android software and various Android features."  PX212 is beyond this scope; if the Court grants Apple's motion, it should also exclude PX212.  Moreover, Apple cannot lay the requisite foundation to examine Mr. Lockheimer regarding this document.  It would be improper for Apple to introduce PX212 under these circumstances, and prejudicial to Samsung.

**PX221.**  Objections to PX221 should be sustained for the same reasons as PX212.

**Order Granting Motion for Preliminary Injunction, July 1, 2012 (Dkt. 221).**
Samsung's objections to Dkt. 221 should be sustained for the same reasons stated below in support of Samsung's objections to Apple's disclosure of Dkt. 221 and Dkt. 222 for Dale Sohn.

**E. Samsung's objections to Dale Sohn disclosures should be sustained**

**PX147.**  Apple already questioned Mr. Sohn about this exact document during deposition, where he testified that he did "*not* recall seeing this document" and that he did not have an "understanding with regard to the intention of the author of this document."  (Fazio Dec., Ex. A 4/20/12 Sohn Depo. at 44:9-45:9.)  FRE 602 *prohibits* testimony on a matter where a witness lacks personal knowledge.  This rule is separate from whether the document is admissible through other means.  Indeed, this is precisely what the Court ordered in the past, excluding exhibits under FRE 602 for use with particular witnesses, even though the document was admissible, or had even already been admitted, through another witness.  (*See, e.g.*, 1846 Dkt. 2746 at 2 (sustaining Rule 602 objection to use of PX34 with Samsung witness even though exhibit already admitted through Apple's expert)).  This is also the very rule *Apple* advocated for in the 1846 trial, where its lead attorney argued that admissibility of party documents was separate from whether a particular witness could testify about them.  (*See* 1846 Dkt. 1612, Trial Tr. 1459:13-1460:5 ("Our view, Your Honor, is that, in fact, we're merging two different issues. We have a document.  The [first] question is whether or not the document comes into evidence. . . . Once the document comes into evidence, then the foundational issue, it doesn't go to a document, the foundational issue goes to

the ability of any particular witness to speak about the document."); *id.* at 1461:9-13 ("And to be clear, because I don't want to be – and then once it is in evidence, the question is whether or not a particular witness has legitimate testimony that they can bring to bear on that.").)

**PX227.** Samsung's objections to PX227 should be sustained because Apple never cited PX227 in its responses to Samsung Interrogatory Nos. 10, 27, 49, or 50, or in any other responses to Samsung's interrogatories.  (Fazio Dec., Ex. B.)  Apple could have done so:  Google produced PTX 227 on August 3, and Apple marked it at a deposition on August 16, 2013, nearly two months before Apple supplemented 24 of its interrogatory responses.  This warrants exclusion.

**Order Granting Motion for Preliminary Injunction, July 1, 2012 (Dkts. 221 & 222).**  The Court should preclude Apple from using either Dkt. 221 or Dkt. 222 with Hiroshi Lockheimer or Dale Sohn because these documents are not on either party's trial exhibit list.  Indeed, applying this exact reasoning, the Court has precluded Samsung from using documents for cross-examination in this case.  (Dkt. 1554 at 1; Dkt. 1607 at 2.)  This alone warrants exclusion.

The Court should also exclude these documents from evidence as inappropriate and prejudicial under Fed. R. Evid. 403.  In the prior action, this Court excluded documents regarding the motion for preliminary injunction for this reason.  (*See* 1846 Dkt. 1267 at 4, ¶ 15).  Apple now seeks to leverage its own deceptive argument to cause grave prejudice to Samsung.  It cannot.

Although the Court was initially inclined to exclude any mention of the preliminary injunction proceedings in this case, Apple insisted on arguing that Samsung removed local search functionality and then "restored" it in response to "customer complaints."  To avoid prejudicing Samsung, the Court gave Apple an election:  avoid its deceptively partial story, or permit the jury to hear "the fact that the injunction was issued and it was reversed by the higher court." (Dkt. 1622, Trial Tr. at 255:5-7).  Apple chose the latter.  Having done so, it apparently now seeks to show the jury the Court's *reasoning underlying the injunction*, which would inevitably prejudice the jury now hearing many of the same issues.  Apple cannot convert its response to the Court's election, intended to *shield Samsung*, into a *sword for Apple* guaranteed to prejudice the jury by sharing the Court's reasoning and ruling on patents still at issue in this case.  This "evidence" would prejudice Samsung deeply and irreparably, and would taint any verdict.

### III. SAMSUNG MOVES TO SEAL CONFIDENTIAL EXHIBITS.

Samsung moves to seal portions of certain trial exhibits and demonstratives, which are listed in the parties' April disclosures. Several pages were previously disclosed and the Court has already found that portions of various trial exhibits are properly sealable. Samsung now moves to seal only the trial exhibits that the Court has not previously addressed. Samsung seeks to seal:

- Confidential financial data (PX202, page 11 and PX242);
- A licensing agreement (PX229);
- Confidential market research results to the extent pages are not used during a witness examination (PX164, pages 3-7, 18, 20-24; PX165, pages 3-7, 17, 19-22; PX200, pages 71-81; PX203, pages 3 & 7); and
- Source code (PDXPDX88.18A, .19A, .20, .22-24, .26-.33, .35).

In addition, Samsung moves to seal PX212, PX221, DX336, PX227, and PX229 because third-party Google may maintain a claim of confidentiality over the document. Samsung expects that Google will file a declaration in support of this brief.

Apple has also designated nearly 40 "Other Documents" in addition to trial exhibits and demonstratives. Based on the parties' past practice (*see* Dkt. 1600-3 at 4-5), and to minimize the burden on the Court, Samsung does not move to seal those documents at this time. Samsung expects that in the event that Apple uses any of these additional items during trial Apple will not publicly display or disclose Samsung or third-party confidential information. Samsung reserves its right to move to seal any confidential information in these additional materials if necessary.

DATED: April 9, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael L. Fazio*
Victoria F. Maroulis
Kevin P.B. Johnson
Michael L. Fazio
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

02198.51981/5863869.2

-6-    Case No. 12-cv-00630-LHK
SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES REGARDING EXHIBITS AND DEMONSTRATIVES DISCLOSED FOR BONURA, CLARK, HACKBORN, LOCKHEIMER, AND SOHN