| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) <br> jkrevitt@gibsondunn.com <br> H. MARK LYON (CA SBN 162061) <br> mlyon@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 1881 Page Mill Road <br> Palo Alto, CA 94304-1211 <br> Telephone: (650) 849-5300 <br> Facsimile: (650) 849-5333 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 |
| HAROLD J. McELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> JAMES P. BENNETT (CA SBN 65179) <br> jbennett@mofo.com <br> JACK W. LONDEN (CA SBN 85776) <br> jlonden@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> RUTH N. BORENSTEIN (CA SBN 133797) <br> rborenstein@mofo.com <br> ERIK J. OLSON (CA SBN 175815) <br> ejolson@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 | MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No.    12-cv-00630-LHK <br><br> **APPLE'S BRIEF SUPPORTING ADMISSION OF PX137A** |

1    The Court already overruled Samsung's hearsay objection to PX137, which included the
2 identical news article contained in PX137A.  (*See* Dkt. 1541 at 2 (category "M"); Dkt. 1516-3 at
3 5:22-23.)  The article discusses the return of universal search to Samsung's Galaxy S3
4 smartphone—describing the removal as "disheartening" and its return as "wonderful."
5 (PX137A.002.)  It is not offered for its truth, but as evidence of market reaction that is probative
6 of demand for the patented feature under the second *Panduit* factor, and the extent and value of
7 Samsung's use under *Georgia-Pacific* factor eleven.  (*See, e.g.,* 1846 Dkt. 2721 at 2; *see also*
8 1846 Dkt. 1520 at 2 & 4.)  Notably, Samsung's own damages expert, Dr. Chevalier, uses public
9 product reviews for the same purpose.  (*See*, *e.g.*, Dkt. 1298-1 at 6.)  Having used such non-
10 hearsay media reports as the basis for a damages calculations, Samsung cannot now object to Dr.
11 Vellturo's use of non-hearsay media reports to examine consumer interest in the feature.
12 PX137A is also relevant to secondary considerations of non-obviousness, including praise for the
13 invention and long-felt need.  (*See* 1846 Dkt. 1520 at 2.)
14    PX137 should be redacted to remove irrelevant, inaccurate, and prejudicial reader
15 "Comments" that were appended to the online article, including irrelevant and inaccurate
16 references to this litigation and the 1846 case—such as "I thought the universal patent was
17 invalidated," and "I think they restored it because the verdict was overturned maybe?"—and that
18 disparage the very action before the Court.  (*E.g.*, PX137 at 6-8.)  These Comments carry a
19 serious risk of misleading and confusing the jury as to events in this litigation and the 1846 case,
20 and of tainting the jury's view of the case they must decide.  Redaction of this material is proper.
21 Indeed, the Court permitted Samsung to redact a trial exhibit to remove portions of a news article
22 (DX408A) that referenced the 1846 litigation and verdict (Dkt. 1154 at 1), and precluded Apple
23 from mentioning the 1846 litigation during its opening statement (Dkt. 1621 at 263-64.)
24 Samsung also revised another of its exhibits to redact content (DX459A).  (Dkt. 1623 at 512:23-
25 513:5.)  Any conceivable probative value of reader Comments speculating about and disparaging
26 this case (and there is none) would be substantially outweighed by the high risk of confusing,
27 misleading, and tainting the jury.  PX137A redacted all Comments; as an alternative, Apple now
28 submits PX137B (attached as Ex. A), which redacts only Comments related to litigation.

APPLE'S BRIEF SUPPORTING ADMISSION OF PX137A                                                                 1
Case No. 12-cv-00630-LHK
sf- 3404285

Dated: April 9, 2014                       MORRISON & FOERSTER LLP


                                           By:  */s/ Rachel Krevans*
                                                Rachel Krevans

                                                Attorneys for Plaintiff
                                                APPLE INC.