1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   William C. Price (Bar. No. 108542)
10 williamprice@quinnemanuel.com
   Michael L. Fazio (Bar No. 228601)
11 michaelfazio@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

16

17                    UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 19  APPLE INC., a California corporation, | CASE NO. 12-cv-00630-LHK (PSG) |
| 20         Plaintiff, | **SAMSUNG'S BRIEF ON EXHIBIT 137A** |
| 21         vs. | |
| 22  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 23 | |
| 24 | |
| 25         Defendants. | |

26

27

28

1    This Court has already offered, and Apple has already accepted, a square deal: if Apple
2 puts in evidence on the market's reaction to the removal or reincorporation of the accused search
3 feature, Samsung may enter evidence sufficient to avoid a deceptive story:

> THE COURT: Okay. If you say you are not going to introduce evidence of any uproar of consumers about the removal of the feature, then I'll agree with you and none of that comes in. But if you're going to say, yes, we want to get into the fact that this was removed and customers complained and it was reincorporated, then I think that comes in.
>
> MR. LEE: All right.
>
> THE COURT: So take your pick. Which one do you want?
>
> MR. LEE: The first. We're going to put it in.
>
> THE COURT: Okay. Then I think the fact that the injunction was issued and it was reversed by the higher court comes in.

(Tr. at 255:5-17.) The Court's reasoning was simple: if Apple makes "the argument that Samsung reincorporated a feature because there was an uproar from customers about the absence of the feature," that "does open up the question of why the feature was removed." (*Id*. at 253:22 to 254:1.) Apple now seeks to avoid the effect of its bargain. Apple offers Exhibit 137A to show "response in the marketplace evidencing the value of the universal search" and to elicit expert testimony that "restoration of universal search was a positive thing in the marketplace." (*Id*. at 1260:8-12 , 1260:23 to 1261:1.) But Apple *seeks to exclude* statements in the *same document* that blame litigation for the feature's removal precisely because they "comment on litigation between the parties." (*Id*. at 1261:2-4; *see also, e.g.,* Exhibit 137 at 7: "Who cares, we've had content searches on OS since way before the iPhone did it. Hate this lawsuit garbage.")

Apple's attempt is also improper under Fed. R. Evid. 106, which calls for the introduction "of any other part — or any other writing or recorded statement — that in fairness ought to be considered."[1] Apple seeks to use Exhibit 137A to show consumer reaction, but *excludes reactions by consumers*. Apple cannot assert the document as a marketplace indicator while withholding the very market sentiment Apple claims the document shows.

---

[1] Under a stipulation between the parties, Samsung is permitted to object "for hearsay within a document," but does not do so here. (Dkt. 1533 at 4:11.)

1  DATED: April 9, 2014            QUINN EMANUEL URQUHART & SULLIVAN, LLP

2                                   By */s/ Victoria F. Maroulis*
                                        Victoria F. Maroulis
3                                       Michael L. Fazio
                                        Attorneys for SAMSUNG ELECTRONICS
4                                       CO., LTD., SAMSUNG ELECTRONICS
                                        AMERICA, INC., and SAMSUNG
5                                       TELECOMMUNICATIONS AMERICA, LLC

## ATTESTATION

I, Michael L. Fazio, am the ECF User whose ID and password are being used to file this Brief.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Victoria F. Maroulis has concurred in this filing.


Dated:  April 9, 2014              */s/ Michael L. Fazio*
                                    Michael L. Fazio