# EXHIBIT 3
(Redacted Version of Document Sought to be Sealed)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | Civil Action No. 12-CV-00630-LHK (PSG)<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S NINTH SET OF INTERROGATORIES (NO. 42)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Counterclaim-Plaintiffs,<br><br>    v.<br><br>APPLE INC., a California corporation,<br><br>            Counterclaim-Defendant. | |

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule

2    33, Apple Inc. ("Apple") hereby objects and responds to the Ninth Set of Interrogatories to

3    Apple Inc. (No. 42) served by Samsung Electronics Co., Ltd., Samsung Electronics America,

4    Inc., and Samsung Telecommunications America LLC (collectively, "Samsung") on May 13,

5    2013.  These responses are based on information reasonably available to Apple at the present

6    time.  Apple reserves the right to continue discovery and investigation into this matter and

7    reserves the right to amend and supplement these responses when and if additional

8    information becomes available.  Apple's objections as set forth herein are made without

9    prejudice to Apple's right to assert any additional or supplemental objections pursuant to

10    Rule 26(e).

11                            **GENERAL OBJECTIONS**

12    Apple makes the following general responses and objections ("General Objections")

13    to each definition, instruction, and interrogatory propounded in Samsung's Ninth Set of

14    Interrogatories to Apple Inc.  These General Objections are hereby incorporated into each

15    specific response.  The assertion of the same, similar, or additional objections or partial

16    responses to individual interrogatories does not waive any of Apple's General Objections.

17    Apple incorporates its General Objections from its Responses to Samsung's First and Second

18    Set of Preliminary Injunction Interrogatories, as well as from its Responses to Samsung's

19    First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Sets of Interrogatories, and

20    any supplementations thereto.

21    1.    Apple provides these objections and responses to the best of its current

22    knowledge.  Discovery or further investigation may reveal additional or different information

23    warranting amendment of these objections and responses. Apple reserves the right to produce

24    at trial and make reference to any evidence, facts, documents, or information not discovered

25    at this time, omitted through good-faith error, mistake, or oversight, or the relevance of

26    which Apple has not presently identified.  Apple's response to any particular Interrogatory

27

28
                                    -1-

should not be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by the interrogatory, or that the response constitutes admissible evidence. No response to any portion of any interrogatory shall be deemed a waiver of any objection not set forth herein that could be made to any such portion of the interrogatory regarding relevancy of the information or its admissibility.  Rather, these responses and any information or documents produced reflect Apple's attempt to produce non-privileged information and documents as they are kept in the ordinary course of business and within the timeline set forth by the appropriate Court Orders.

2.     Apple objects to each and every definition, instruction, and request to the extent it seeks to impose upon Apple any obligations broader than, different from, or in addition to those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, and/or the Court's Orders.  Apple further objects to Samsung's Instruction No. 2 to the extent it purports to impose requirements and obligations on Apple other than as set forth in the Federal Rules of Civil Procedure and the Stipulation Regarding Electronic Discovery, Protective Order, Privilege Logs, and Expert Discovery, entered into by the parties on May 9, 2012.

3.     Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and "YOUR" to the extent they purport to include persons or entities that are separate and distinct from Apple and are not under Apple's control. "Apple" refers only to Apple Inc.

4.     Apple objects to Samsung's definition of "APPLE PATENTS-IN-SUIT" to the extent that it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.

5.     Apple objects to Samsung's definition of "APPLE COVERED PRODUCT" on the grounds and to the extent that it is overly broad, vague, ambiguous, and unduly burdensome.

-2-

6. Apple objects to Samsung's definitions of "SOFTWARE" and "SOURCE CODE" on the grounds and to the extent they are inaccurate, overly broad, vague, ambiguous, and unduly burdensome, particularly to the extent that they include "source code, hardware code, machine code, assembly code, or code written in any programming language," as well as "any listings or printouts thereof," and "files containing source in . . ." Apple still further objects to the definition of "SOURCE CODE" as "human-readable programming language text that defines SOFTWARE, firmware, or electronic hardware descriptions" as vague and ambiguous, as well as the fact that Samsung's definitions of "SOFTWARE" and "SOURCE CODE" refer to each other to define themselves.

7. Apple objects to all definitions, instructions, and interrogatories to the extent they seek to elicit a response that would require Apple to draw a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.

8. Apple objects to any interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or discovery immunity. The inadvertent production by Apple of information protected from disclosure by any such privilege, doctrine, or immunity shall not be deemed a waiver by Apple of such privileges or protections. Pursuant to the parties' agreement, to the extent any interrogatory calls for the identification of information dated after April 15, 2011 that is protected by such privilege, doctrine, or immunity, such information will not be included on Apple's privilege log.

9. Apple objects generally to the Interrogatories to the extent they seek confidential, proprietary, or trade secret information of third parties. Apple will endeavor to work with third parties in order to obtain their consent, if necessary, before providing such information. To the extent an interrogatory seeks information of a confidential or proprietary nature to Apple, or to others to whom Apple is under an obligation of confidentiality, Apple

-3-

1    will respond pursuant to the terms of the protective order to be entered in this case and

2    subject to notice to third parties, as necessary.

3         10.    Apple objects to any interrogatory to the extent it is premature and/or to the

4    extent that it: (a) conflicts with the schedule entered by the Court; (b) conflicts with

5    obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules

6    and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks

7    information that is the subject of expert testimony; (d) seeks information and/or responses

8    that are dependent on the Court's construction of the asserted claims of the patents-in-suit;

9    and/or (e) seeks information and/or responses that are dependent on depositions and

10   documents that have not been taken or produced.

11        11.    Apple objects to each interrogatory as overbroad and unduly burdensome to

12   the extent that it calls for information that is neither relevant to the claims or defenses of the

13   parties nor reasonably calculated to lead to the discovery of admissible evidence.

14        12.    Apple objects to each interrogatory and to Samsung's "Definitions" and

15   "Instructions" to the extent they are vague, ambiguous, overbroad, or unduly burdensome, or

16   purport to impose upon Apple any duty or obligation that is inconsistent with or in excess of

17   those obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local

18   Rules and/or the Patent Local Rules of this Court, or any other applicable rule.

19        13.    Apple objects to any Interrogatory to the extent it seeks irrelevant information

20   about Apple's products or business operations. Such requests are overbroad and unduly

21   burdensome.  Apple will only produce information that is relevant to the patents-in-suit, or

22   that is otherwise related to the claims or defenses of the parties asserted by the parties in this

23   litigation.

24        14.    Apple objects to each Interrogatory to the extent that it would impose a duty

25   on Apple to undertake a search for or an evaluation of information, documents, or things for

26   which Samsung is equally able to search for and evaluate.  In particular, Apple objects to

27

28
                                      -4-

each Interrogatory to the extent that it seeks information or documents that are publicly available or readily available to Samsung.  Apple further objects to each Interrogatory to the extent that it seeks information that can be derived or ascertained from documents that will be produced in discovery or that are uniquely in Samsung's possession, custody, and control.

15.     Apple objects to any Definition, Instruction, or Interrogatory to the extent that it purports to require identification of oral communications.  Such Definition, Instruction, or Interrogatory is overbroad, vague, ambiguous, and unduly burdensome.

16.     Apple objects to the Interrogatories to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions.

17.     In Apple's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

18.     Apple objects to the Interrogatories to the extent they purport to require Apple to identify or describe or identify "every," "each," "any," "all," or other similarly expansive, infinite, or all-inclusive terms to the extent that such Interrogatories are overbroad and unduly burdensome.

19.     Apple objects to the Interrogatories to the extent they seek information that is not in the possession, custody, or control of Apple, purport to require Apple to speculate about the identity of persons who might have responsive documents, and/or purport to call for any description of documents that Apple no longer possesses and/or was under no obligation to maintain.

20.     Apple objects to the Interrogatories to the extent they are not limited in time and seek information for periods of time that are not relevant to any claim or defense.

21.     Apple responds to each and every interrogatory, definition, and instruction without waiving, or intending to waive, but to the contrary, preserving and intending to

-5-

preserve: (a) the right to object to the use of any information or documents for any purpose in whole or in part, in any subsequent proceeding in this litigation or in any other action on the grounds of competency, privilege, relevance or materiality, or requests for production, interrogatories, or other discovery procedures involving or relating to the subject matter of the interrogatory to which Apple responds herein, and (b) the right at any time to revise, correct, add to, or clarify any of the responses made herein.

22.    Apple will make, and has made, reasonable efforts to respond to Samsung's Ninth Set of Interrogatories, to the extent that no objection is made, as Apple reasonably understands and interprets each Interrogatory.  By responding to these interrogatories, Apple does not concede the relevance or materiality of any of the interrogatories or of the subjects to which it refers. Apple's responses are made subject to, and without waiving any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the responses, or of the subject matter to which they concern, in any proceeding in this action or in any other proceeding.  If Samsung subsequently asserts any interpretation of any Interrogatory that differs from the interpretation of Apple, then Apple reserves the right to supplement and amend its objections and responses.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung's Ninth Set of Interrogatories as follows:

## INTERROGATORY NO. 42:

To the extent not already provided in response to Samsung's Interrogatory No. 25, for each APPLE COVERED PRODUCT that APPLE contends, for any purpose, practices any asserted claim of the APPLE PATENTS-IN-SUIT, IDENTIFY, in chart format, specifically where each limitation of each asserted claim is found within each APPLE COVERED PRODUCT, INCLUDING, but not limited to, an identification of the specific portion or

-6-

1   portions of APPLE'S SOURCE CODE that allegedly perform(s) the function of each

2   limitation of each asserted claim, and INCLUDING, but not limited to, for each limitation

3   that APPLE contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s),

4   act(s), or material(s) in the APPLE COVERED PRODUCT that performs the claimed

5   function.

6   **RESPONSE TO INTERROGATORY NO. 42:**

7        In addition to its General Objections above, which it hereby incorporates by

8   reference, Apple objects to this Interrogatory on the grounds that: (i) it is compound and

9   comprises discrete subparts resulting in separate interrogatories; (ii) it calls for legal

10   conclusions; and (iii) it prematurely calls for expert testimony or opinions at this stage of

11   litigation.  Apple further objects to this Interrogatory on the grounds and to the extent that it

12   is overly broad and unduly burdensome, seeking information that is neither relevant nor

13   reasonably calculated to lead to the discovery of admissible evidence, to the extent that it (i)

14   seeks an identification of "each APPLE COVERED PRODUCT," defined overly broadly as

15   "any PRODUCT sold or offered for sale at any time by APPLE that APPLE contends

16   practices any of the APPLE PATENTS-IN-SUIT," regardless of whether all such products

17   are relevant to this litigation; and (ii) seeks an identification of "where each limitation of

18   each asserted claim is found within each APPLE COVERED PRODUCT, INCLUDING, but

19   not limited to, an identification of the specific portion or portions of APPLE'S SOURCE

20   CODE that allegedly perform(s) the function of each limitation of each asserted claim,"

21   particularly to the extent that it seeks an identification of "the specific portion or portions of

22   APPLE's SOURCE CODE . . . for each limitation that APPLE contends is governed by 35

23   U.S.C. § 112(6). . . .;" and (iii) seeks an identification "in chart form . . . [of] where each

24   limitation of each asserted claim is found within each APPLE COVERED PRODUCT."

25   Apple further objects to this Interrogatory to the extent that it calls for legal conclusions and

26   prematurely calls for expert testimony or opinions at this stage of litigation to the extent that

27

28

-7-

1  it seeks an identification of the "function of each limitation of each asserted claim, " it seeks

2  an identification of "where each limitation of each asserted claim is found within each

3  APPLE COVERED PRODUCT, INCLUDING, but not limited to, an identification of the

4  specific portion or portions of APPLE'S SOURCE CODE that allegedly perform(s) the

5  function of each limitation of each asserted claim," particularly to the extent that it seeks an

6  identification of "the specific portion or portions of APPLE's SOURCE CODE . . . for each

7  limitation that APPLE contends is governed by 35 U.S.C. § 112(6). . . .;" and it seeks an

8  identification "in chart form . . . [of] where each limitation of each asserted claim is found

9  within each APPLE COVERED PRODUCT."   Apple additionally objects to this

10  Interrogatory to the extent that it seeks information protected from disclosure by the attorney-

11  client privilege, work product doctrine, or other applicable privilege or immunity against

12  disclosure.  Apple also objects to this Interrogatory because it is compound and comprises

13  discrete subparts resulting in separate interrogatories.  Apple still further objects to this

14  Interrogatory as duplicative of prior discovery served by Samsung, including Interrogatory

15  No. 25 in Samsung's Second Set of Interrogatories.

16       Subject to and without waiving the foregoing General and Specific Objections, Apple

17  responds as follows: Apple incorporates by reference in full its Objections and Responses set

18  forth in Apple Inc.'s Supplemental Objections and Responses to Samsung's Second Set of

19  Interrogatories, served on May 28, 2013, and any supplementations thereto.  Apple further

20  responds as follows:

21       The Apple devices, identified with iOS version where appropriate, that practice

22  claims of the asserted Apple Patents are indicated below, along with an identification of

23  claims practiced of such Apple Patent:

| Device | OS | '502 Patent | '647 Patent | '959 Patent | '414 Patent | '760 Patent | '721 Patent | '172 Patent | '604 Patent |
|--------|----|-------------|-------------|-------------|-------------|-------------|-------------|-------------|-------------|

-8-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE

| Device | OS | '502 Patent | '647 Patent | '959 Patent | '414 Patent | '760 Patent | '721 Patent | '172 Patent | '604 Patent |
|--------|-----|-------------|-------------|-------------|-------------|-------------|-------------|-------------|-------------|
| iPad | iOS 3 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | None | 1, 3-15 | 21, 23, 27 | None |
| iPad | iOS 4 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | None | 1, 3-15 | 21, 23, 27 | None |
| iPad | iOS 5 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | None | 1, 3-15 | 21, 23, 27 | None |
| iPad 2 | iOS 4 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | None | 1, 3-15 | 21, 23, 27 | None |
| iPad 2 | iOS 5 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | None | 1, 3-15 | 21, 23, 27 | None |
| iPad 2 | iOS 6 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | None | 1, 3-15 | 21, 23, 27 | None |
| New iPad | iOS 5 | 1-2, 4-5, 8, 11, 13-17, 20, 22- | 1, 2, 4, 6, 8, 9 | None | 11 | None | 1, 3-15 | 21, 23, 27 | None |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE

APPLE'S RESPONSE TO SAMSUNG'S NINTH SET OF INTERROGATORIES
Case No. 12-CV-00630-LHK (PSG)

| Device | OS | '502 Patent | '647 Patent | '959 Patent | '414 Patent | '760 Patent | '721 Patent | '172 Patent | '604 Patent |
|---|---|---|---|---|---|---|---|---|---|
|  |  | 24, 26 |  |  |  |  |  |  |  |
| New iPad | iOS 6 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | 1-5, 9-12, 14-17, 19-20, 22-25, 27-30, 32-33 | 11 | None | 1, 3-15 | 21, 23, 27 | 1, 6, 11, 16, 18, 20 |
| iPad Mini | iOS 6 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | 1-5, 9-12, 14-17, 19-20, 22-25, 27-30, 32-33 | 11 | None | 1, 3-15 | 21, 23, 27 | 1, 6, 11, 16, 18, 20 |
| iPhone | iOS 1 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | None | None |  | 1-5, 7-22 | 1, 3-15 | 21, 23, 27 | None |
| iPhone | iOS 2 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | None | None |  | 1-5, 7-22 | 1, 3-15 | 21, 23, 27 | None |
| iPhone | iOS 3 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | 1-5, 7-22 | 1, 3-15 | 21, 23, 27 | None |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE

APPLE'S RESPONSE TO SAMSUNG'S NINTH SET OF INTERROGATORIES
Case No. 12-CV-00630-LHK (PSG)

| Device | OS | '502 Patent | '647 Patent | '959 Patent | '414 Patent | '760 Patent | '721 Patent | '172 Patent | '604 Patent |
|---|---|---|---|---|---|---|---|---|---|
| **iPhone 3G** | **iOS 2** | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | None | None | | 1-5, 7-22 | 1, 3-15 | 21, 23, 27 | None |
| **iPhone 3G** | **iOS 3** | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | 1-5, 7-22 | 1, 3-15 | 21, 23, 27 | None |
| **iPhone 3G** | **iOS 4** | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | 1-5, 7-22 | 1, 3-15 | 21, 23, 27 | None |
| **iPhone 3GS** | **iOS 3** | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | 1-5, 7-22 | 1, 3-15 | 21, 23, 27 | None |
| **iPhone 3GS** | **iOS 4** | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | 1-5, 7-22 | 1, 3-15 | 21, 23, 27 | None |
| **iPhone 3GS** | **iOS 5** | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | 1-5, 7-22 | 1, 3-15 | 21, 23, 27 | None |
| **iPhone 3GS** | **iOS 6** | 1-2, 4-5, 8, 11, 13-17, 20, 22- | 1, 2, 4, 6, 8, 9 | None | 11 | 1-5, 7-22 | 1, 3-15 | 21, 23, 27 | None |

-11-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE

| Device | OS | '502 Patent | '647 Patent | '959 Patent | '414 Patent | '760 Patent | '721 Patent | '172 Patent | '604 Patent |
|---|---|---|---|---|---|---|---|---|---|
| | | 24, 26 | | | | | | | |
| iPhone 4 | iOS 4 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | 1-5, 7-22 | 1, 3-15 | 21, 23, 27 | None |
| iPhone 4 | iOS 5 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | 1-5, 7-22 | 1, 3-15 | 21, 23, 27 | None |
| iPhone 4 | iOS 6 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | 1-5, 7-22 | 1, 3-15 | 21, 23, 27 | None |
| iPhone 4S | iOS 5 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | 1-5, 9-12, 14-17, 19-20, 22-25, 27-30, 32-33 | 11 | 1-5, 7-22 | 1, 3-15 | 21, 23, 27 | 1, 6, 11, 16, 18, 20 |
| iPhone 4S | iOS 6 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | 1-5, 9-12, 14-17, 19-20, 22-25, 27-30, 32-33 | 11 | 1-5, 7-22 | 1, 3-15 | 21, 23, 27 | 1, 6, 11, 16, 18, 20 |

-12-

| Device | OS | '502 Patent | '647 Patent | '959 Patent | '414 Patent | '760 Patent | '721 Patent | '172 Patent | '604 Patent |
|---|---|---|---|---|---|---|---|---|---|
| iPhone 5 | iOS 6 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | 1-5, 9-12, 14-17, 19-20, 22-25, 27-30, 32-33 | 11 | 1-5, 7-22 | 1, 3-15 | 21, 23, 27 | 1, 6, 11, 16, 18, 20 |
| iPod touch | iOS 1 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | None | None | | None | 1, 3-15 | 21, 23, 27 | None |
| iPod touch | iOS 2 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | None | None | | None | 1, 3-15 | 21, 23, 27 | None |
| iPod touch | iOS 3 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | None | 1, 3-15 | 21, 23, 27 | None |
| iPod touch | iOS 4 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | None | 1, 3-15 | 21, 23, 27 | None |
| iPod touch | iOS 5 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | None | 11 | None | 1, 3-15 | 21, 23, 27 | None |

-13-

| Device | OS | '502 Patent | '647 Patent | '959 Patent | '414 Patent | '760 Patent | '721 Patent | '172 Patent | '604 Patent |
|--------|----|------------|------------|-------------|-------------|-------------|-------------|-------------|-------------|
| iPod touch | iOS 6 | 1-2, 4-5, 8, 11, 13-17, 20, 22-24, 26 | 1, 2, 4, 6, 8, 9 | 1-5, 9-12, 14-17, 19-20, 22-25, 27-30, 32-33 | 11 | None | 1, 3-15 | 21, 23, 27 | 1, 6, 11, 16, 18, 20 |

Apple further responds with the following identification.  With respect to the identification below of file directories where source code implementing the patented features or functionalities may be found, Apple's identification is not intended to be an exhaustive listing of every file in which practicing source code may be found.  To the extent the source code in the identified file may reference other source code files, those files are incorporated herein by reference.  Apple reserves the right to further supplement its response to the extent information becomes available during discovery.

U.S. Patent No. 5,946,647

Apple generally refers to the functionality covered by the asserted claims of the '647 patent as "data detectors," and that term has also been used in numerous reviews and discussions of Apple products to describe this functionality (although this "data detectors" functionality is not necessarily coterminous with the asserted claims).  File names where code implementing the feature or functionality may be found with respect to iOS version 5 include at least the following: ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

-14-

1 ██████████████████████████████████████████████████████████

2 ██████████████

3

4 <u>U.S. Patent No. 8,014,760</u>

5       Apple generally refers to the functionality covered by the asserted claims of the '760

6 patent as the "missed calls list," and that term has also been used in numerous reviews and

7 discussions of Apple products to describe this functionality (although this "missed call lists"

8 functionality is not necessarily coterminous with the asserted claims).  File names where

9 code implementing the feature or functionality may be found with respect to iOS version 5

10 include at least the following: ████████████████████████████████████████

11 ██████████████████████████████████████

12 ████████████████████████████████████████

13 ██████████████████████████████████████████

14 ██████████████████████████

15

16 <u>U.S. Patent No. 8,074,172</u>

17       Apple generally refers to the functionality covered by the asserted claim of the '172

18 patent as "auto-correction," "word-correction," or "word suggestion," and these terms have

19 also been used in numerous reviews and discussions of Apple products to describe this

20 functionality (although the discussed functionality is not necessarily coterminous with the

21 asserted claims).   The '172 patent is a user interface patent, and therefore any infringement

22 or practicing of the patent occurs at the user interface level, regardless of the manner in

23 which the source code implements the patented features.  Accordingly, Apple is not relying

24 on any source code either to prove infringement of the '172 patent, or to demonstrate its

25 practice of the patent, and therefore objects to identifying source code files in connection

26 with Apple's implementation of its auto-correction, word correction, or word suggestion

27

28

-15-

functionality.  Subject to these objections, Apple is informed and believes that file and project names where code implementing the feature or functionality may be found with respect to iOS version 5 include at least the following: ███████

███████████████████████████

████████████████████████████████

███████

U.S. Patent No. 5,666,502

Apple practices the asserted claims of the '502 patent through the use of history list or search histories in certain applications available on its devices (although references to history list or search history functionality are not necessarily coterminous with the asserted claims). File names where code implementing the feature or functionality may be found with respect to iOS version 6 include at least the following: ████████

██████████████████████████

████████████████████

██████████████████████████

████████████████████████████

███████████████████████

██████████████████████████

██████████████

███████████████████████████

███████████████

█████████████████████████

████████████████████

█████████████████████████

███████

-16-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE

1

2  U.S. Patent No. 8,046,721

3        Apple generally refers to the functionality covered by the asserted claim of the '721

4  patent as "slide to unlock," and that term has also been used in numerous reviews and

5  discussions of Apple products to describe this functionality (although this "slide to unlock"

6  functionality is not necessarily coterminous with the asserted claims).  The '721 patent is a

7  user interface patent, and therefore any infringement or practicing of the patent occurs at the

8  user interface level, regardless of the manner in which the source code implements the

9  patented features.  Accordingly, Apple is not relying on any source code either to prove

10 infringement of the '721 patent, or to demonstrate its practice of the patent, and therefore

11 objects to identifying source code files in connection with Apple's implementation of its

12 slide to unlock functionality.  Subject to these objections, Apple is informed and believes that

13 file names where code implementing the feature or functionality may be found with respect

14 to iOS version 5 include at least the following: ██████████████████

15 ████████████████████

16 ██████████████████████

17 ████████████████████

18 ██████████████████████

19 ████████████████

20 ████████████

21 ██████████████████████████

22 ████████████

23

24 U.S. Patent Nos. 6,847,959 and 8,066,604:

25        Apple practices the asserted claims of the '959 and '604 patents through the use of

26 the Siri Personal Assistant.  File names where code implementing the feature or functionality

27

28
-17-

1    may be found with respect to iOS version 6 include at least the following:

2    █████████████████████████████████████

3    ███████████████████████████████████████████████

4    ████████████████████████████████████████████

5    ████████████████████

6

7    U.S. Patent No. 7,761,414

8         Apple practices one or more of the asserted claims of the '414 patent through the use

9    of the syncing functionality available on iOS 3 and later for certain applications including

10   Calendar and Contacts that allow data for those applications to synchronize with a remote

11   server.  File names where code implementing the feature or functionality may be found with

12   respect to iOS version 6 include at least the following: ███████████████

13   ████████████████████████████████

14   ██████████████████████████████

15   ███████████████████████████████████████████

16   ███████████████████████████████████████

17   ████████████████████████████████████████████████

18   ████████████████████████████████████████████████

19   ███████████████████████████████████████

20   ██████████████████████████████████████

21   █████████

22         Additional file names where code implementing the feature or functionality may be

23   found with respect to iOS version 6 include at least the following: ████████████████████

24   ███████████████████████████████████████

25   ███████████████████████████████

26   ██████████████████████████████

27

28
                                         -18-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE
APPLE'S RESPONSE TO SAMSUNG'S NINTH SET OF INTERROGATORIES
Case No. 12-CV-00630-LHK (PSG)

1  ████████████████████████████

2  ███████████████████████████████████████

3  ██████████████████████████████████

4  ██████████████████████████████████

5  ████████████████████████████████████

6  █████████████████████████████████████████

7  ███████████

8          Apple will provide a further response in accordance with, and pursuant to, the parties'

9  meet and confer discussions regarding this interrogatory.  Discovery in this matter and

10  Apple's investigation is ongoing.  Apple reserves the right to supplement and/or amend its

11  response as appropriate.

12

13  Dated:  June 13, 2013                        By:   */s/ H. Mark Lyon*

14  _____

15  ***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

16

17  101535111.2

18

19

20

21

22

23

24

25

26

27

28

-19-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of **APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S NINTH SET OF INTERROGATORIES (NO. 42)** was served on June 13, 2013, by electronic mail upon the following counsel of record:

Kevin P.B. Johnson
Victoria F. Maroulis
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com

William Price
Michael Fazio
Amar Thakur
Jeanine M. Zalduendo
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
williamprice@quinnemanuel.com
michaelfazio@quinnemanuel.com
amarthakur@quinnemanuel.com
jeaninezalduendo@quinnemanuel.com

Charles K. Verhoeven
Kevin A. Smith
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:  (415) 875-6600
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com

Aaron P. Maurer
David Michael Horniak
David M. Krinsky
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5282
amaurer@wc.com
dhorniak@wc.com
dkrinsky@wc.com

Dated:  June 13, 2013            /s/     Jennifer J. Rho
                                             Jennifer J. Rho

-20-