JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   12-cv-00630-LHK<br><br>**APPLE INC.'S RESPONSE TO SAMSUNG'S "PROFFER OF EXCLUDED EVIDENCE REGARDING APPLE'S PAST LICENSES AND LICENSING POSITIONS"** |

Samsung's "proffer" is another improper request for reconsideration of the Court's settled rulings, which rehashes arguments that the Court has repeatedly considered and unequivocally rejected—including most recently on Tuesday. Having several times rejected Samsung's request to introduce evidence of Dr. Vellturo's *Motorola* royalty calculation and the HTC agreement, the Court should not entertain Samsung's renewed request disguised as an evidentiary proffer.

The Court correctly excluded evidence of Dr. Vellturo's *Motorola* royalty calculation at the March 5, 2014 pretrial hearing. Based on the many differences between this case and the *Motorola* case, the Court recognized that allowing evidence of Dr. Vellturo's *Motorola* analysis would invite "a whole mini trial on that Illinois case inserted into our case, which is complex enough." Dkt. 1411 at 68:20-21. The Court therefore granted Apple's motion *in limine* to exclude Judge Posner's *Motorola* order and any evidence of Dr. Vellturo's royalty analysis from that case. *Id.* at 69:15-20; *see also* Dkt. 1398 at 2.

Samsung incorrectly argues that ruling is limited only to Judge Posner's actual order. Dkt. 1653 at 3. On the contrary, Samsung expressly argued at the pretrial hearing that it should be allowed to present evidence of Dr. Vellturo's *Motorola* royalty calculation even without introducing the substance of Judge Posner's order. *See* Dkt. 1411 at 69:8-14. In response, the Court correctly held that any discussion of Dr. Vellturo's calculation should be excluded for the same reasons as Judge Posner's order itself:

> It's different asserted claims, different claim constructions, different products, different defendants, different party circumstances, different implementations in the accused products, different non-infringing alternatives, so my ruling still stands.

*Id.* at 69:15-20. Reiterating that Dr. Vellturo's *Motorola* royalty calculation "will not be a permissible topic for this trial," 4/8/14 Trial Tr. 1098:23-1099:14, the Court reaffirmed its prior rulings on Tuesday when Samsung raised the issue yet again. Samsung has presented no reason to revisit—let alone reverse—the Court's well-considered prior rulings.

The same is true of the HTC agreement, which the Court has considered on several occasions and correctly excluded from this case and the 1846 case. *See, e.g.*, Dkt. 1326 at 9-14,

APPLE INC.'S RESPONSE TO SAMSUNG'S "PROFFER OF EXCLUDED EVIDENCE REGARDING APPLE'S PAST LICENSES AND LICENSING POSITIONS"
Case No. 12-cv-00630-LHK

1

21; 1846 Dkt. 2667 at 6-10. In fact, when Samsung sought to reopen the issue yet again on Tuesday, the Court reaffirmed its prior rulings excluding the HTC agreement, and stated: "I've ruled enough times now that this should not be an issue." 4/8/14 Trial Tr. at 1094:14-17. Samsung assured the Court that it "understood" the Court's prior rulings and promised that the HTC agreement is "not going to come up" during its cross-examination of Dr. Vellturo. *Id.* at 1094:18-19.

Only two days later, Samsung nevertheless urges the Court to reconsider its rulings to permit cross-examination of Dr. Vellturo with respect to the HTC agreement. Dkt. 1653 at 6-8. But as the Court correctly recognized in ruling on the parties' *Daubert* motions, "the HTC Agreement is not probative of the damages issue the jury must answer, and it therefore provides no value to the damages analysis." Dkt. 1326 at 13. Indeed, "in light of the complicated and unsettled nature of the HTC Agreement"—which is a broad cross-license with complex payment and anti-cloning provisions—the Court recognized that it is "impossible" to apply the HTC agreement to the reasonable royalty analysis in this case. *Id.* at 14. Moreover, although Samsung contends that the HTC agreement "goes directly to the reliability and credibility of [Dr. Vellturo's] *Georgia Pacific* analysis" (Dkt. 1653 at 6), the Court correctly rejected that very argument before. *See* Dkt. 1326 at 40 (explaining that "Dr. Vellturo cannot be faulted for declining to incorporate" the HTC agreement into his analysis because it is "unreliable for calculating damages" in this case). Dr. Vellturo will testify that there are no comparable licenses for purposes of his reasonable royalty analysis and that Apple's business model is not to monetize its intellectual property through licensing. Samsung's proffer recycles the arguments that the Court has considered and rejected several times, and Samsung provides no reason to revisit the issue now.

APPLE INC.'S RESPONSE TO SAMSUNG'S "PROFFER OF EXCLUDED EVIDENCE REGARDING APPLE'S PAST LICENSES AND LICENSING POSITIONS"
Case No. 12-cv-00630-LHK

2

Dated: April 10, 2014                    MORRISON & FOERSTER LLP

                                         By:  */s/ Harold J. McElhinny*
                                              Harold J. McElhinny

                                              Attorneys for Plaintiff
                                              APPLE INC.

APPLE INC.'S RESPONSE TO SAMSUNG'S "PROFFER OF EXCLUDED EVIDENCE REGARDING APPLE'S PAST LICENSES AND LICENSING POSITIONS"
Case No. 12-cv-00630-LHK

3