QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND RULE 50(A) MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>**Date:**    TBD<br>**Time:**    TBD<br>**Place:**   Courtroom 8, 4th Floor<br>**Judge:**   Hon. Lucy H. Koh |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at the Court's earliest convenience, or as soon thereafter as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do respectfully seek an order granting judgment as a matter of law.

This motion is based on this notice of motion and supporting memorandum, the trial record, and such other written or oral argument as was presented and may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Samsung respectfully seeks an order granting it judgment as a matter of law on: (1) Apple's claims for relief.

DATED:   April 11, 2014                         QUINN EMANUEL URQUHART &
                                                SULLIVAN, LLP


                                                By   /s/ Victoria F. Maroulis
                                                    Charles K. Verhoeven
                                                    Kevin P.B. Johnson
                                                    William C. Price
                                                    Victoria F. Maroulis
                                                    Michael L. Fazio
                                                    Attorneys for SAMSUNG ELECTRONICS CO.,
                                                    LTD., SAMSUNG ELECTRONICS AMERICA,
                                                    INC., and SAMSUNG
                                                    TELECOMMUNICATIONS AMERICA, LLC

## I. LEGAL STANDARD

Judgment as a matter of law is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1).

## II. SAMSUNG IS ENTITLED TO JUDGMENT OF NO WILLFUL INFRINGEMENT

Willfulness requires clear and convincing evidence that Samsung subjectively knew or recklessly disregarded that particular claims were valid and infringed. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010). Knowledge of the asserted patents is mandatory but insufficient. *Id.*[1] There is no evidence this standard is met.[2]

Apple failed to prove knowledge. There is no evidence that Samsung knew of any asserted patent before the complaint other than the '647 patent, Dkt 1377-1 at 9, and that patent was listed among over 70 others, PX132, months before Apple contends it was first infringed.

Alleged copying is not proof of willfulness. There can be no equation between copying and willful infringement, and it is error to suppose "that copying is synonymous with willful infringement." *Princeton Biochemicals, Inc. v. Beckman Ins., Inc.,* 180 F.R.D. 254, 258 n.3 (D.N.J. 1997). Copying publicly-known information not protected by a valid patent is fair competition. *See TrafFix Devices, Inc. v. Mkt'g Displays, Inc.*, 532 U.S. 23, 29 (2001). Moreover, evidence that Samsung allegedly copied an Apple device is irrelevant because there is no evidence that these products practice the asserted claims. At a minimum, copying evidence must relate to the asserted claims. *ICU Med., Inc. v. RyMed Techs., Inc.,* 752 F. Supp. 2d 486, 493 (D. Del. 2010); *VNUS Med. Techs., Inc., v. Diomed Holdings, Inc.*, 527 F.Supp.2d 1072,

---

[1] Willfulness cannot be proven where knowledge of the patents is not shown. *LML Holdings, Inc. v. Pac. Coast Dist., Inc.*, 2012 WL 1965878, at *4 (N.D. Cal. May 30, 2012); *Sealant Sys. Int'l, Inc. v. TEK Global*, 2012 WL 13662, at *3-4 (N.D. Cal. Jan. 4, 2012).

[2] Samsung reserves its right to address objective willfulness after development of its defenses to validity and infringement. *See Bard Peripheral Vascular, Inc. v. Gore & Assoc., Inc.,* 682 F.3d 1003, 1007 (Fed. Cir. 2012). Further, the objective prong cannot be established as a matter of law at least due to the absence of evidence of infringement, *supra*.

1073-1074 (N.D.Cal. 2007). There is no evidence that Apple practiced the asserted claims of the '647 and '721 patents, and therefore evidence that Samsung copied any Apple product is irrelevant.[3] Apple cannot show copying as to the '647 patent because Apple did not establish practice of the '647 patent (Tr. 876-877; Dkt. 1572), and offered no evidence that Samsung or Google had knowledge of the patent before the accused functionality was integrated into Android. Moreover, Apple's expert stated he was not accusing Google of copying and acknowledged that the evidence cited for copying is based on acts taken on or after 2010, after the accused functionality was integrated into Android. Trial Tr. at 918-922. Apple cannot rely on any of PX119, PX120, PX121, PX157 and or PX219 because Apple has neither tied any discussion in those documents to the subject matter of claim 8 of the '721 patent nor established that any of the recommendations in those documents were ever implemented. Finally, Apple cannot prove copying by Samsung with regard to the Galaxy Nexus, which runs Google's software, not Samsung's. Trial Tr. 1488-90; 1529-30; 1543-44.

### III. SAMSUNG IS ENTITLED TO JUDGMENT OF NON-INFRINGEMENT

#### A. There Is No Evidence of Infringement of Claim 9 of U.S. Patent No. 5,946,647

There is no evidence that any defendant (either literally or by equivalents) infringes claim 9 of the '647 patent. There is no evidence that any accused product meets the "analyzer server" or the "linking actions to detected structures" limitations as construed in *Apple Inc. v. Motorola, Inc.*, No. 1:11-cv-08540 (N.D. Ill. Mar. 19, 2012) (Dkt. 671). *See* Trial Tr. 818-925. Apple is bound by these constructions by collateral estoppel. *See* Dkt. 1521-3; Trial Tr. 818-925.

The Court construed "action processor" as "program routine(s) that perform the selected action on the detected structure." Dkt. 447. There is no evidence that the "action processor" limitation is met by any accused product under this construction. Trial Tr. 818-925.

---

[3] Apple's '647 expert, Dr. Mowry, did not opine that Apple practices the '647 patent. Tr. 876-77; Dkt. 1572. Apple's '721 expert, Dr. Cockburn, provided conclusory testimony unsupported by limitation by limitation analysis. Tr. 625-26 & 732. Apple did not even admit into evidence any Apple devices or source code. Apple has conceded that it does not practice the asserted claims of the '959, '414, and '172. Dkt. 1398; Dkt 1455-1 at 7; Dkt 1567.

**B.     There Is No Evidence of Infringement of Claim 25 of U.S. Patent No. 6,847,959**

There is no evidence that any defendant (either literally or by equivalents) infringes claim 25 of the '959 patent.   Apple purported to present evidence that only certain "representative products" (Galaxy S III for Jellybean, Galaxy Nexus for Ice Cream Sandwich and Galaxy S II Epic 4G Touch for Gingerbread) or source code (Jellybean) infringe.   There is no non-conclusory evidence that these products and code are "representative" of the accused products.   Further, there is no evidence that any of the accused products satisfy the: (1) "plurality of heuristics to locate information in the plurality of locations . . . include[ing] the Internet" limitation (Trial Tr. at 951-53); (2) "plurality of heuristics to locate information in the plurality of locations . . . include[ing] local storage media" limitation (Trial Tr. at 953-56); or (3) "information identifier is applied separately to each heuristic" limitation (Trial Tr. at 958-59).

**C.     There Is No Evidence of Infringement of Claim 20 of U.S. Patent No. 7,761,414**

There is no evidence that any defendant (either literally or by equivalents) infringes claim 20 of the '414 patent.   There is no evidence that any of the accused products contain instructions to "execut[e] at least one synchronization processing thread concurrently with the executing of [] at least one user-level non-synchronization processing thread" or to execute "at least one synchronization processing thread [] provided by a synchronization software component," as is required by claim 20.   The testimony that these limitations were met was conclusory.   Trial Tr. at 975-78.   Further, all of the expert testimony was based solely on an analysis of the Galaxy S III. *Id*. at 969.   There is no evidence that this product is "representative" of the accused products, and Apple's expert conceded that it differed in material respects.   *Id*. at 1001.

**D.     There Is No Evidence of Infringement of Claim 8 of U.S. Patent No. 8,046,721**

There is no evidence that any defendant (either literally or by equivalents) infringes claim 8 of the '721 patent.   In particular, there is no evidence that: (1)   any of the accused products meet the "instructions" limitations; (2) the Galaxy Nexus meets the "unlock image," "continuously move the unlock image" and "if the unlock image is moved" limitations; (3) the Galaxy S II, Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, and Admire satisfy the "continuously move the unlock image" limitation; (4) the incoming call user interface functionality in any of the

-3-

1  Admire, Galaxy S II, Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, and Stratosphere include
2  an "unlock image" or that they "unlock" when an incoming call is answered; or (5) any evidence
3  specific to the Galaxy S II Epic 4G Touch, or Galaxy S II Skyrocket.

### E. There Is No Evidence of Indirect Infringement of Any Patent

There is no evidence of indirect infringement of any patent.  In particular, there is no evidence that any defendant took action that it knew or should have known would induce infringement.  *See Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1369 (Fed. Cir. 2013). Nor is there evidence that any defendant supplied an important a component of the infringing part of the product that was not a staple product suitable for non-infringing use or did so with knowledge that the component was especially made or adapted for use in an infringing manner. *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009).

## IV. SAMSUNG IS ENTITLED TO JUDGMENT OF NO DAMAGES

### A. Samsung Is Entitled to Judgment as a Matter of Law on Lost Profits

There is no evidence of lost profits from lost sales or diminished demand.  *See Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360 (Fed. Cir. 1991).  In particular, there is no evidence of an absence of non-infringing alternatives.  With respect to the '647 patent, there is no evidence that a pull-down menu in the place of a pop-up menu, would not be acceptable.  With respect to the '414 patent, there is no evidence that any alternatives were not acceptable because Dr. Hauser's survey omitted elements of claim 20, including the requirement that three classes of data are synchronized.  With respect to the '721 and '172 patents, there is no evidence that any consumer preferred the patents over noninfringing alternatives like the Galaxy S III.  Dr. Hauser's survey does not show that the Galaxy S III is unacceptable because the Galaxy S III keyboard automatically corrects errors, which Dr. Hauser expressly told respondents was not possible "without this [patented] feature."

Nor is there evidence of demand for the patented feature.  There is no evidence that any consumer purchased an iPhone or one of the accused Samsung products because of the advantages of the patented invention.  Generic evidence regarding "ease of use" is not sufficient, and purported evidence that consumers welcomed the return of universal search (PX163) is hearsay.

There is no evidence to support an "off-the-market" theory of lost profits because there is no non-conclusory evidence that it would take any time to switch to any noninfringing alternative.

There is no evidence that Apple had the capacity to meet additional demand because it is undisputed that Apple: (1) was unable to meet existing demand for iPhone 4S in 2011; (2) could not meet existing demand in 2012 and 2013; (3) there were iPhone 5 shortages at launch; and (4) there were iPad mini shortages in 2012.

There is no evidence of lost profits from diminished demand.  The only evidence in support of this theory was the fundamentally flawed survey of Dr. Hauser.

There is no evidence quantifying any alleged lost profits.  Apple's incremental profit calculations are based on worldwide (not U.S.) figures.  Apple's estimates of its U.S. profit margins (DX430) show that these calculations are inflated.

No reasonable jury could find an award of lost profits based on market share.  *See State Indus., Inc. v. Mor-Flo Ind. Inc.*, 883 F. 2d 1573, 1577-78 (Fed. Cir. 1989).  There is no evidence that Apple products were priced comparably to the accused products, and Dr. Vellturo failed to account for characteristics that differentiate the accused products.

### B. Samsung Is Entitled to Judgment as a Matter of Law on Reasonable Royalties

There is no evidence to support an award of a reasonable royalty.  Dr. Vellturo's reasonable royalty rates are unreliable because they: (1) are based on Dr. Hauser's unreliable survey and Apple's flawed claims to lost profits; and (2) assume that Samsung would be willing to pay royalty rates that would virtually eliminate its profit margin and that Samsung would raise its prices in order to license the patents.

### C. Samsung Is Entitled to Judgment on Pre-August 25, 2012 Damages for the Galaxy S II Products

Samsung is entitled to judgment on any damages from sales of the Galaxy S II products that predate the verdict in the 1846 litigation.  Dkt. 1283-3 at 18-21.  Any award for sales of these products made before the jury verdict in the 1846 case would be a double recovery.

### Conclusion

For the foregoing reasons, Samsung's motion should be granted.

DATED: April 11, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Victoria F. Maroulis
Charles K. Verhoeven
Kevin P.B. Johnson
William C. Price
Victoria F. Maroulis
Michael L. Fazio
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC