QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**DECLARATION OF MICHAEL L. FAZIO IN SUPPORT OF SAMSUNG'S REQUEST TO SEAL TRIAL MATERIALS RELATED TO PARTIES' DISCLOSURES** |

I, Michael L. Fazio, declare:

1.  I am a member of the State Bar of California, admitted to practice before this Court, and a partner at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung").  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2.  I make this declaration in support of Samsung's request to seal certain trial exhibits related to the parties' disclosures for Todd Pendleton, Paul Westbrook, and Björn Bringert ("Samsung's Request") as indicated in Samsung's High Priority Objections and Responses Regarding Exhibits and Demonstratives Disclosed for Pendleton, Westbrook, and Bringert, Section III.

3.  Samsung requests an order sealing the following pages:

| Exhibit | Portions to be Sealed |
|---|---|
| PX154 | Pages 2-4 |
| PX202 | Pages 13 & 14 |

4.  Samsung also requests an order sealing the portions of the exhibits below that are not used during a witness examination:

| Exhibit | Portions to Sealed |
|---|---|
| PX203 | Pages 4, 9-16, 19-21, 23-25, 28-33, and 36-38 |

5.  The documents listed in paragraphs 3 and 4 include Samsung's highly confidential financial data and market research reports.  Specifically:

- Portions of PX 154 and PX202 include Samsung's financial data;
- Portions of PX203 include information reflecting confidential market research conducted by Samsung.

6. I incorporate by reference the previously filed declarations of Daniel W. Shim, Senior Legal Counsel at Samsung Electronics Co., Ltd., in support administrative motions to file under seal that establish that the Samsung-confidential information at issue here is sealable.  (*See* Dkts. 874 (re: Apple's Opposition to Samsung's MSJ), 940 (re: Apple MTS), 1018 (re: Samsung's Reply ISO MTS); *see also* Dkts. 810, 821, 858, 874, 949, 960 (providing compelling reasons why various categories of Samsung-confidential information should be filed under seal).)

7. I am informed and believe that Samsung considers its survey and market research data highly confidential.  Disclosure of Samsung's market research data allow competitors to discover what Samsung considers important functions and features of its phones and tablets, and predict Samsung's future product and marketing strategies, removing any first-mover advantage Samsung may otherwise enjoy.

8. I am informed and believe that Samsung considers information about its unreleased products, future product and marketing strategies, and deliberations regarding product development highly confidential as the disclosure of this information could allow competitors to gain insight into unreleased products and features.

9. I am informed and believed that Samsung considers the financial data included in these documents highly confidential.  Samsung does not report the type of data included in these documents to investors, regulatory bodies, the press, or business analysts.  This type of information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information.  Even within Samsung's finance and accounting groups, such data can only be accessed by certain personnel on a restricted, need-to-know basis.  This type of data guides Samsung's pricing, distribution, financial planning, and other business decisions.

10. Samsung's financial data was produced in this case to Apple's outside counsel and experts for the sole purpose of calculating supposed damages and were marked "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

11. I am informed and believe that competitors and suppliers could use the financial data included in these documents to Samsung's detriment by undercutting Samsung's prices, or using margins to extract higher prices for components during supply negotiations.

1    12.     For the foregoing reasons, Samsung requests that Samsung's request to seal be
2 granted as to the pages listed in paragraphs 3 and 4.

4    I declare under penalty of perjury under the laws of the United States of America that the
5 foregoing is true and correct.  Executed on April 12, 2014, at San Jose, California.

　　　　　　　　　　　　　　　　　　　　　　*/s/ Michael L. Fazio*
　　　　　　　　　　　　　　　　　　　　　　Michael L. Fazio