JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   12-cv-00630-LHK<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Date:  TBD<br>Time:  TBD<br>Place: Courtroom 8, 4th<br>Floor: Hon. Lucy H. Koh |

## I.   APPLE PRESENTED AMPLE EVIDENCE SUPPORTING ITS CLAIMS.

Samsung's pro forma argument that Apple presented "no evidence" on every issue in the case ignores the record of over 22 hours of fact and expert testimony and over 100 different trial exhibits.  Many of the arguments Samsung raises were previously rejected by the Court.  Viewing the evidence in the light most favorable to Apple, Samsung's motion should be denied.  *See* Fed. R. Civ. P 50(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## II.   APPLE PRESENTED AMPLE EVIDENCE OF WILLFULNESS.

Samsung ignores undisputed evidence that it continued to sell millions of accused smartphones and tablets after Apple told it to stop infringing the '647 patent in August 2010 and then after Apple filed suit for all five patents on February 8, 2012.  (4/8/14 Tr. 1043:17-20; PX132; PX142.)  Drawing all inferences in Apple's favor, a reasonable jury could conclude on this record that Samsung acted with "reckless disregard" of Apple's patents.

The evidence of Samsung's intentional copying of the iPhone further supports Apple's willfulness claim.  *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1336 (Fed. Cir. 2009) (evidence of copying relevant to subjective willfulness).  Evidence shows that, in 2010, Samsung launched an initiative to copy features of the iPhone without regard for Apple's intellectual property rights, including Apple's '721 slide to unlock technology (4/4/14 Tr. 638:25-650:3 (Cockburn), Dkt. 1623; PX119.011, PX121.027, PX157.020, PX219.014) and '647 data detectors technology (4/7/14 Tr. 875:12-15, 878:9-881:7, 883:11-884:11, 887:8-891:4 (Mowry), Dkt. 1264; PX106.003; PX107.052; PX146.037).  Dr. Cockburn testified that Samsung intentionally copied Apple.  (4/4/14 Tr. 649:21-650:3.)  The fact that Samsung used Google code on the Galaxy Nexus to do so is irrelevant.

Contrary to Samsung's assertion that there was "no evidence" tying the iPhone to the asserted claims or to Samsung's copying, (1) Dr. Cockburn explained how Apple practices the '721 slide to unlock patent (4/4/14 Tr. 634:22-636:3, Dkt. 1263) and (2) Mr. Deniau testified about Apple's use of data detectors in the iPhone and iPad (4/7/14 Tr. 791:7-803:1, Dkt. 1624).  Dr. Mowry then walked the jury through the requirements of claim 9 for the '647 patent.  (*Id*. 878:19-883:9.)  A reasonable jury could find from this evidence that Apple practices the asserted

claims of the '721 and '647 patents.  *Cf. Centricut., LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1370 (Fed. Cir. 2004) (rejecting a "per se rule that expert testimony is required to prove infringement"). Samsung's own proposed jury instruction on willfulness recognizes the relevance of such copying.  (Dkt. 1458-2 at 116 (jury should consider "whether [Samsung] intentionally copied a product of [Apple] that is covered by a patent" in determining willfulness).)

### III.  APPLE PRESENTED AMPLE EVIDENCE OF INFRINGEMENT.

#### A.  Apple Demonstrated Infringement of Claim 9 of the '647 Patent.

Samsung asserts that Apple failed to demonstrate infringement of the '647 patent based on a claim construction from another case that (1) Samsung did not request (Dkt. 352 at 11-15) and (2) the Court has already excluded from this trial after hearing Samsung's collateral estoppel argument (Dkt. 1536 at 1).  Dr. Mowry's testimony demonstrated infringement of every limitation of the claim (4/7/14 Tr. 841:19-843:11, 848:13-875:8, Dkt. 1624) based on the Court's construction and the plain meaning of the terms, including the "analyzer server" and "linking actions to detected structures" limitations (4/7/14 Tr. 850:11-861:7, Dkt. 1624), consistent with Samsung's own proposed jury instruction (instructing the jury to "apply the claim language's plain and ordinary meaning" to every claim term in the '647 patent other than the term "action processor").  (Dkt. 1458-2 at 56.)  Dr. Mowry also explained how the accused devices meet the "action processor" limitation, including by identifying specific program routines in the accused devices satisfying that element.  (*See, e.g.*, 4/7/14 Tr. 853:13-861:1, 873:8-874:6, Dkt. 1624.)

#### B.  Apple Demonstrated Infringement of Claim 25 of the '959 Patent.

The Court previously rejected Samsung's argument in the 1846 case that Apple cannot establish infringement using representative products.  (1846 Dkt. 2220 at 15:10-25.)  Moreover, contrary to Samsung's assertions, Dr. Snoeren testified, based on his review of the source code for all infringing products, that all limitations of claim 25 were met by all accused devices regardless of which Android version they used (4/7/14 Tr. 933:9-934:11; 942:1-945:9; 968:25-969:15; 996:15-998:10; 1000:23-1008:13, Dkt. 1624), including his testimony that all accused devices running Gingerbread work "the same way," and all accused devices running Ice Cream Sandwich and Jellybean "work the same way and have all the same functionality" (*id*. at 942:7-

12, 943:17-25).  Dr. Snoeren also testified that all of the accused devices contain (1) a heuristic to locate information from "the Internet" (4/7/14 Tr. 934:3-11, 942:1-945:9, 953:21-956:23, 968:25-969:15, 996:15-997:23, 1000:23-1008:13, Dkt. 1624; JX51(a)), (2) a heuristic to locate information from "local storage media" (*id*. 942:13-945:3; 950:12-953:18; JX51(a)), and (3) an "information identifier [that] is applied separately to each heuristic" (*id*. 958:8-959:8; JX51(a)).

**C.    Apple Demonstrated Infringement of Claim 20 of the '414 Patent.**

Dr. Snoeren testified that he did not find any material differences among the ten accused devices for purposes of '414 patent infringement.  (4/7/14 Tr. 968:25-969:20, Dkt. 1624 ("As far as the claims are concerned, the code is the same.").)  While Samsung asserts that Dr. Snoeren conceded material differences on cross, his testimony made clear that despite some differences, "they all do infringe because the fundamentals underneath them are all the same." (*Id*. 1001:12-14.)  Dr. Snoeren specifically discussed every claim element individually (*id*. 968:25-990:19), including discussion of the source code relevant to each claim element that Samsung asserts lacks evidentiary support (*id*. 974:25-982:3; *see also* PX172; JX51(a); JX53(a).)

**D.    Apple Demonstrated Infringement of Claim 8 of the '721 Patent.**

Dr. Cockburn analyzed infringement of every claim element (4/4/14 Tr. 657:17-664:24, 671:16-679:21, Dkt. 1623), including those that Samsung argues lacks support: (1) all the accused devices contain "instructions" (*id*. at 625:25-626:11, 659:16-21), (2) the Galaxy Nexus contains an "unlock image" (*id*. at 677:13-679:21), (3) the Galaxy Nexus and Galaxy SII meet the "continuously move" element (*id*. at 671:16-673:16), (4) the accused slide-to-answer functionality infringes (*id*. at 663:14-664:24), and (5) all carrier and software versions infringe, including the Galaxy SII Epic 4G Touch and Galaxy SII Skyrocket (*id*. at 652:5-8; PX300).

**E.    Apple Presented Evidence of Indirect Infringement.**

Apple established that SEC induced STA and SEA to infringe.  Samsung knew about the '647 patent since at least August 2010, and all other patents since at least February 8, 2012. (4/8/14 Tr. 1043:17-20; PX132.)  Samsung's witnesses testified that STA works at the direction of SEC's R&D team in Suwon, Korea to design, develop, test, and commercialize U.S.-bound devices (PX3004 at 87:23-88:18), and that SEC makes the smartphones and tablets sold by STA

and SEA (PX3001 at 7:21-9:07). The evidence further established that (1) SEC continued to supply millions of infringing devices to STA and SEA after Apple sued Samsung for patent infringement, and (2) STA and SEA, in turn, continued to sell infringing devices to retailers, and induced customers to use the infringing features by directions given in user guides. (*See, e.g.*, 4/7/14 Tr. 961:3-8, Dkt. 1624; PX230.071; PX238.739; *see also* PX230-PX239.) Drawing all reasonable inferences in Apple's favor, a reasonable jury could find that SEC induced STA or SEA to infringe and that the infringing features have no substantial, non-infringing uses, and were instead especially made for use in an infringing manner. (*See, e.g.*, JX28-JX37; PX230-PX239.)

## IV.   APPLE PRESENTED AMPLE EVIDENCE OF DAMAGES.

### A.   Apple Presented Evidence Supporting Lost Profits.

Contrary to Samsung's assertions, Apple presented substantial evidence on the disputed *Panduit* factors. *First*, Samsung itself sought and obtained a ruling from the Court that non-infringing alternatives were Samsung's burden and that Apple could not present its evidence on that issue for three of the patents until its rebuttal case. (4/7/14 Tr. 811:21-817:1, Dkt. 1624.) *Second*, Apple presented evidence of demand for the iPhone and for each patented feature through the testimony of its technical, survey,[1] and damages experts, and through Samsung's own documents. (4/4/14 Tr. 636:4-638:21, 694:16-695:17, Dkt. 1623; 4/7/14 Tr. 831:14-832:19,

---

[1] For the same reasons the Court rejected Samsung's *Daubert* motion, Samsung cannot show that Dr. Hauser's survey—which demonstrated significant demand for the patented features—is unreliable. (Dkt. 1326 at 27-36.) Apple's experts established that Dr. Hauser's descriptions of the patented features fairly convey the benefits of the claimed inventions for the three patents Samsung challenges. (4/4/14 Tr. 688:11-23, 744:15-745:19, 745:20-748:17, Dkt. 1623 ('721 patent); *id*. 705:24-706:9, 752:4-754:17, 755:1-4, 777:16-22 ('172 patent); 4/7/14 Tr. 995:13-996:6 ('414 patent); 4/8/14 Tr. 1035:14-24; 1036:5-1039:2 ('414 patent).) For example, Dr. Hauser tested the Galaxy SIII version of auto-word correct that replaced the "jarring" alternative Samsung says he should have included. (4/4/14 Trial Tr. 754; PX168.007) Samsung recycles its previously-rejected argument that Dr. Hauser's description does not capture elements of claim 20 of the '414 patent. (Dkt. 1326 at 35-36.) But Dr. Snoeren testified that in the accused products attempts to remove the separate synchronization components of claim 20 would result in "impacts" and "side effects" visible to the user. (Tr. 981:18-983:16, 1037:13-1039:2.) Because of the fundamental change it would require to the Android architecture Samsung employs, Samsung could not implement a single thread alternative to claim 20. (Tr. 1283:24-1284:15.) This evidence is more than sufficient. Finally, before Samsung sought its "no pre-rebuttal" order, Apple established the benefits of the '172 and '721 patents over non-infringing alternatives. (4/4/14 Tr. 679:22-687:17, 695:24-705:17, Dkt. 1623.) Thus, Samsung cannot move for judgment as a matter of law on this issue until after the close of Apple's rebuttal.

1  936:24-938:20, Dkt. 1624; 4/8/14 Tr. 1075:16-20; *see also* PX115.003; PX116.002; PX119.011;

2  PX120.028; PX137B.002; PX141; PX146.037; PX163; PX169.004; PX196.002.)  *Third*, Apple

3  presented evidence supporting Dr. Vellturo's "off-the-market" lost profit periods, including

4  (1) testimony from Dr. Cockburn regarding the "months" it would take to design around the '721

5  and '172 patents, (4/4/14 Tr. 687:25-688:10, 705:18-23), and (2) evidence that Samsung never

6  designed around the '647 patent.  (4/11/14 Tr. 1330:18-21; 4/8/14 Tr. 1249:10-16; 4/11/14 Tr.

7  1286:14-1289:13.)  *Fourth*, Mr. Sexton and Dr. Vellturo both testified that Apple would have had

8  sufficient capacity to meet additional demand.  (4/8/2014 Tr. 1058:22-1060:18; 4/11/14 Tr.

9  1292:16-1293:18, 1299:23:1300:3, PX128; PX-222A at 29-32.)  *Fifth*, Dr. Vellturo's reliance on

10  Dr. Hauser's diminished demand survey results were justified, as the Court has already found.

11  (Dkt. 1326 at 28:8-31:11.)  *Sixth*, Dr. Vellturo properly quantified lost profits and relied on a

12  market share allocation.  (4/11/14 Tr. 1294:8-11, 1322:8-16; PX222A at 12; *see also* 1846 Dkt.

13  2271 at 14 (finding that record "supported a jury award of lost profits" where Apple's expert

14  "reconstruct[ed] the market based on market share, capacity, and demand, thus demonstrating

15  how many additional sales Apple would likely have made, but for Samsung's infringement").

16  *Finally*, Apple established that its products compete with Samsung's accused products.  (4/1/14

17  Tr. 466:12-467:15, Dkt. 1622; 4/8/14 Tr. 1214:11-14; *see also* PX3002.)

**B.  Apple Presented Evidence Supporting Reasonable Royalties.**

19  Dr. Vellturo provided detailed testimony about the hypothetical negotiation between

20  Apple and Samsung in support of his reasonable royalty rates.  (4/11/14 Tr. 1301:8-1321:25; *see*

21  *also* PX222A.036-PX222A.042.)  The Court has already rejected Samsung's fact-intensive

22  attacks on the reliability of Dr. Hauser's survey (Dkt. 1326 at 24-36), and Dr. Vellturo's use of

23  expected lost income in his reasonable royalty analysis (*id.* at 38-39).  Likewise, the Court has

24  previously rejected Samsung's argument that royalty rates that might require the infringer to

25  either raise prices or reduce profit margins are per se unreasonable.  (*Id.*)

**C.  Apple Is Entitled to Damages on the Galaxy S II Products.**

27  The Court previously rejected Samsung's argument that Apple cannot recover damages

28  for infringing Galaxy SII sales that overlap with the unsatisfied 1846 verdict.  (Dkt. 1398:3.)

1  Dated: April 12, 2014                    MORRISON & FOERSTER LLP

3                                            By:  */s/ Rachel Krevans*
                                                  Rachel Krevans

                                                  Attorneys for Plaintiff
                                                  APPLE INC.