1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   William C. Price (Cal. Bar. No. 108542)
10 williamprice@quinnemanuel.com
   Michael L. Fazio (Cal. Bar No. 228601)
11 michaelfazio@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17              UNITED STATES DISTRICT COURT

18        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19 APPLE INC., a California corporation,            CASE NO. 12-cv-00630-LHK

20              Plaintiff,
                                                    **SAMSUNG'S HIGH PRIORITY**
21        vs.                                       **OBJECTIONS AND RESPONSES**
                                                    **REGARDING EXHIBITS AND**
22 SAMSUNG ELECTRONICS CO., LTD., a                 **DEMONSTRATIVES DISCLOSED FOR**
   Korean business entity; SAMSUNG                  **DENISON, FRID-NIELSEN, GOGERTY,**
23 ELECTRONICS AMERICA, INC., a New                 **GREENBERG, JEFFAY, KAHLE, KIM,**
   York corporation; SAMSUNG                        **LUNDBERG, PFEIFER, RINARD,**
24 TELECOMMUNICATIONS AMERICA,                      **WIGDOR, AND WONG**
   LLC, a Delaware limited liability company,
25
                Defendants.
26

27

28

# I. **APPLE'S HIGH PRIORITY OBJECTIONS SHOULD BE OVERRULED.**

### A. **Samsung has withdrawn all demonstratives subject to objections for Frid-Nielsen.**

### B. **Apple's objections to Saul Greenberg disclosures should be overruled.**

**DX342.**  Apple's HPO concerning DX 342 is another challenge to the Neonode reference, a motion that Apple has already lost in MIL No. 5 (Dkt. 1398).  Now, Apple attempts to preclude Dr. Greenberg from testifying about the first four pages of DX342.  There is no basis for doing so.

DX 342 is the website and manual for the Neonode reference, and was attached to -- and authenticated as one document by -- the Affidavit of Christopher Butler.  (Fazio Dec., Ex. A). Apple has already stipulated to the authenticity of DX 342 in its entirety (*see* Dkt. 795)  and has not objected to the affidavit of Mr. Butler, who authenticated on behalf of the Internet Archive that DX 342 was available online as of July 29, 2004.  Pages 1-3 of DX 342 are internet pages of the Neonode Guide, and page 4 provides the July 29 date for the Manual that appears at pages 5-28.

Dr. Greenberg explicitly referenced and relied upon Mr. Butler's Affidavit and DX 342 as the basis for his understanding that the exhibit "was available online as of July 29, 2004."  Dr. Greenberg stated at Paragraph 354 of his opening report:

> I understand that the Neonode N1 Quick Start Guide (produced as SAMNDCA630-0966506 to 0966529), was available online as of July 29, 2004, and therefore qualifies as prior art under 35 U.S.C. 102(b).  I base my understanding on the June 21 and June 26 [sic] Affidavits of Christopher Butler from the Internet Archive.

August 12, 2013 Greenberg Rpt. at ¶ 354 (Fazio Dec., Ex. B).   The same web pages and date page were attached to both the June 21 *and* June 25 Butler Affidavits.  The June 21 and June 25 Butler Affidavits were also both disclosed in Dr. Greenberg's list of materials considered.  Rpt. App. 1.

**SDX 2693.**  SDX 2693 illustrates the combination about which Dr. Greenberg will testify.

### C. **Apple's objections to Kevin Jeffay disclosures should be overruled.**

**Witness Objection.**  Apple seeks to exclude Dr. Jeffay from testifying about his understanding of the "analyzer server" and "linking actions…" terms. Dr. Jeffay provided extensive opinions under multiple constructions for those terms, including opinions under Apple's

1    construction, which Dr. Mowry opined was consistent with plain and ordinary meaning. Fazio

2    Decl. Ex. C at ¶¶ 69, 79, 89.  Indeed, both experts applied the same approach: providing analysis

3    under constructions disputed since PI. *Compare* Fazio Decl. Ex. C (Dr. Mowry's understanding)

4    *with* Ex. D (Dr. Jeffay's understanding).  After the expert reports were submitted and depositions

5    taken, Apple asked the Court to construe these terms consistent with one set of constructions Dr.

6    Jeffay applied—Apple's own constructions.  Dkt. 1151 at 16-18.  Indeed, the Court relied on the

7    other set of constructions, also addressed by Dr. Jeffay, for the purpose of deciding both Apple's

8    PI and SJ motions. Dkts. 221 at 32; 1151 at 16-18.  To suggest Dr. Jeffay has no understanding of

9    these terms is another example of Apple engaging in a "dubious characterization" of the parties'

10   dispute over these terms.  Dkt. 1151 at 17-18.

11        The Court has already rejected the same argument Apple now makes in rejecting

12   Samsung's *Daubert* challenge to Dr. Mowry.  Dkt. 0857-4 at 19.  There, the Court cited *Advanced*

13   *Fiber Techs. Trust v. J & L Fiber Svcs., Inc*., No. 07–1191, 2010 WL 1930569, at *6-7 (N.D.N.Y.

14   May 11, 2010), where an expert offered an opinion on disputed claim constructions prior to the

15   Court ruling on the proper construction of the terms. Just as Dr. Mowry did, Dr. Jeffay offered an

16   opinion on the parties' dispute over the meaning of "analyzer server" and "linking actions..." prior

17   to the Court definitively establishing a construction.

18        Apple alleges Dr. Jeffay testified at deposition that he had formed no opinions about how a

19   person of ordinary skill would have understood those terms. That is false. Dr. Jeffay testified as

20   follows:  "Q.  So in your opinion that's the construction [*sic*] given by the court in the Motorola

21   litigation is how one of ordinary skill would understand that term as it's used in the '647 patent

22   claims? A. I think it's consistent with how a person of ordinary skill in the art would understand

23   the term within the context of the patent." Fazio Decl., Ex. E (84:12-20).  Apple is confusing Dr.

24   Jeffay's testimony that he was not offering an opinion *beyond* the parties' proposed constructions

25   with a statement that he has no understanding of those terms at all. Fazio Decl., Ex. E (98:16-25).

26        Dr. Jeffay will not offer testimony or evidence that the claims were previously construed

27   by the *Apple v. Motorola* court (or any other court).  But Dr. Jeffay is entitled to provide testimony

28

1  regarding his analysis of the prior art and accused devices under the constructions available and

2  disputed at the time of his reports—the same ones applied by Dr. Mowry.

3  **D.  Apple's objections to Brewster Kahle disclosures should be overruled.**

4  **DX311.**  Apple claims WAIS "is not asserted prior art," but WAIS *is* asserted prior art

5  (Dkt. 1256 at 2), as Apple admitted on summary judgment (Dkt. 803-4 at 17 n.13).  DX311 is

6  relevant to that prior art.  DX311, proceedings from a conference on WAIS chaired by Mr. Kahle,

7  shows WAIS functionality Mr. Kahle created; it corroborates his testimony on how Mr. Kahle's

8  open-source WAIS code operated (Dkt. 854-11 at 80:20-81:5; 85:3-15) – the same code authored

9  by Mr. Kahle that was included in versions of WAIS such as freeWAIS-sf.  (*See* Fazio Decl., Ex.

10  F (Kahle-authored code)).  Apple's hearsay objection is meritless; DX311 is 22 years old (DX311.

11  001), and statements in ancient, authentic documents like DX311 are not hearsay.  FRE 803(16).

12  **DX312** is admissible for the same reason as DX311.  Moreover, Apple *stipulated* DX312

13  is an authentic video from 1991 (Dkt. 1514 at 7), and it is therefore non-hearsay.  FRE 803(16).

14  **E.  Apple's objections to Youngmi Kim disclosures should be overruled.**

15  **Testimony beyond the scope.**  Ms. Kim will testify within the scope of the disclosure.

16  **F.  Apple's objections to Ulrich Pfeifer disclosures should be overruled.**

17  **DX305.**  Apple made this *same hearsay argument* for these *same materials* at summary

18  judgment (Dkt. 944-4 at 11), and lost (Dkt. No. 1150 at 29).  It now challenges them as an

19  improper Rule 1006 summary, despite Apple's use of such summaries earlier in the litigation.

20  (Trial Tr. 436:5-23; PTX144A.)  To resolve the objection, Samsung submits DX305A (Fazio

21  Decl., Ex. G), a compilation of the summarized documents.  They are not offered for truth but for

22  a non-hearsay purpose: showing knowledge in the United States.  *CA, Inc. v. Simple.com, Inc.*, 780

23  F.Supp.2d 196, 227-28 (E.D.N.Y. 2009) (admitting email not offered for truth where "offered to

24  show [prior art] was available" and "others accessed, used and were aware of [it]").  Moreover,

25  Mr. Pfeifer  received these as part of his regular practice of monitoring and responding to postings

26  and emails about freeWAIS-sf (Dkt. 866 at ¶ 5), rendering them non-hearsay.  FRE 803(6).

27  **G.  Apple's objections to Martin Rinard disclosures should be overruled.**

28  **DX310.**  David Casseres sent DX310, a party admission, from his Apple email address

1  while an Apple employee. (Fazio Decl., Ex. H.) It describes the AppleSearch software Casseres

2  wrote at Apple – a matter well within the scope of his employment. Thus, it is not hearsay.  FRE

3  801(d)(2)(D).  Apple's foundation objection is premature.  *See* Dkts. 1556, 1573.

4  **H.  Apple's objections to exhibits authenticated by declarants Gogerty, Lundberg and**
   **Wong should be overruled.**

5  

6  **DX314, 326 (Gogerty)**; **DX320, 323, 324 (Lundberg); DX318 (Wong).**  This is Apple's

7  *fifth* attempt to keep from the jury Samsung's prior art software and related source code and

   documentation.  (Dkt. 1337-03 at 10:2-16.)  The parties agreed long ago (Dkt. 795 at 1-2, 5) that

8  declarations of third parties Gogerty, Lundberg and Wong were admissible to authenticate and

9  characterize source code (DX 314, DX 318 and DX 320) and user manuals (DX 323, DX 324 and

10  DX 326).  Samsung offers these declarations for that very purpose.  Apple's objection that these

11  exhibits are "irrelevant, confusing and a waste of time" because they purportedly are not "printed

12  publications" is nonsensical and irrelevant under Fed. R. Evid. 403.  These exhibits describe

13  software that Apple stipulated is prior art (Dkt. 1514 ¶¶ 38, 42), including just *yesterday*, when

14  Apple waived the objections it now makes to DX 320. (Dkt. 1671 ¶ 2.)  They corroborate

15  functionality of Windows Mobile 5 and Evolution prior art.  *Ceats, Inc. v. Continental Airlines,*

16  *Inc.*, 526 Fed. App'x 966, 970-71 (Fed. Cir. April 26, 2013).  Apple's objection merely rehashes

17  its Motions *in Limine* Nos. 4 and 5, which the Court properly denied.  (Dkt. 1398 at 2.)

18  **II.  SAMSUNG'S HIGH PRIORITY OBJECTIONS SHOULD BE SUSTAINED.**

19  **A.  Samsung's objections to Justin Denison disclosures should be sustained.**

20  **WSJ, "Samsung Tweaks How it Calculates Marketing Costs".**  This article is not on

21  any exhibit list, was never produced, and should be excluded consistent with prior orders.  *See*

22  Dkt. 1554 at 1 (excluding all exhibits not on parties' lists); Trial Tr. at 265-67. Hearsay media

23  speculation that "Samsung may be more focused on marketing than R&D and innovation" has no

24  probative value but high risk it will unfairly be considered in determining liability.

25  **B.  Samsung has no objections to Apple's Frid-Nielsen disclosures.**

26  **C.  Samsung's  objections to Saul Greenberg disclosures should be sustained.**

27  **1846 Trial Tr. at 795-796 (1846 Dkt. 1610).**  The transcript from the prior case, which

28

1 concerned different products and patents, is irrelevant to the issues here, prejudicial, and will

2 confuse the jury.

3     **D.**   **Samsung's  objections to Kevin Jeffay disclosures should be sustained.**

4     **DX345:**  This iPhone device is irrelevant under 402 because Apple offered no evidence or

5 testimony that Apple practices claim 9 of the '647 patent.

6     **4/26/2012 Cohen Decl.:**  This declaration should be excluded under 403 because it could

7 mislead and confuse the jury as to Samsung's use of different experts at PI versus trial.

8     **E.**   **Samsung does not object to Apple's disclosures for Kahle, Kim, Pfeiffer and Rinard.**

9     **F.**   **Samsung's  objections to Daniel Wigdor disclosures should be sustained.**

10     **Summary Judgment Order (Dkt. 1150).**  Apple seeks to use on cross-examination this

11 Court's SJ Order of infringement to discredit Samsung's '172 expert.  The Order has no probative

12 purpose and should be excluded under FRE 403 as highly prejudicial, confusing the issues, and

13 likely to mislead the jury.  First, this Order does not even meet FRE 403's threshold relevance

14 inquiry because Dr. Wigdor will *not* testify regarding infringement of the '172 patent.  It also

15 violates FRE 611(b) because it would plainly go beyond the subject matter of Dr. Wigdor's direct

16 examination.  Furthermore, the Order will likely mislead the jury, which is only evaluating the

17 validity of the '172 patent.  (Dkt. 1543, Prelim. Jury Instructions at 22.)  Apple itself recognized

18 the impropriety of using the Summary Judgment Order with a witness in connection with its

19 objections to disclosures of Dr. Rinard.  (Fazio Dec., Ex. I ).

20     **Joint Stip. and Order re: Scope of Summary Judgment Order (Dkt. 1416).**  This

21 should be excluded under FRE 403 and 611 for the reasons enumerated for Dkt. 1151, above.

22 **III.**   **SAMSUNG MOVES TO SEAL CONFIDENTIAL EXHIBITS.**

23     Samsung moves to seal portions of certain trial exhibits, which are listed in the parties'

24 April 12 disclosures.  The Court has already found portions of several exhibits the parties now

25 disclose sealable, and Samsung now moves to seal only the portions of trial exhibits that the Court

26 has not previously addressed.  Samsung seeks to seal:

27     •   Confidential financial data (PX201, pages 60, 72, 87 and PX216, pages 5, 6, 8);

28

1      • Confidential market research reports to the extent pages are not used during a

2      witness examination (PX200[1], pages 6, 8, 9, 12, 22-39, 42-51, 53-68, 83-91, 95-

3      112, 114-119, 121-130, 133-136, 139-147, 149-168, 171-179, 181-188); and

4      • Source code (JX50B, JX50C, and SDX2570).

5      Additionally, Samsung moves to seal JX51B and JX51C, which comprise certain source

6   code files, because Google may maintain a claim of confidentiality over the exhibits, and DX314

7   and DX316 because they include Microsoft's source code and financial data.  Samsung expects

8   that Google and Microsoft will file declarations in support of this brief, but requests that the Court

9   enter an order provisionally sealing the exhibits should Google and Microsoft not file declarations

10  before the Court issues an order.

11      Apple has also designated numerous "Other Documents" in addition to trial exhibits and

12  demonstratives.  Based on the parties' past practice, and to minimize the burden on the Court,

13  Samsung does not move to seal those documents at this time.  Samsung expects that in the event

14  that Apple uses any of these additional items during trial Apple will not publicly display or

15  disclose Samsung or third-party confidential information. Samsung reserves its right to move to

16  seal any confidential information in these additional materials if necessary.

17

18  DATED: April 13, 2014          QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP
19

20                                  By */s/ Michael L. Fazio*
                                         Victoria F. Maroulis
21                                       Kevin P.B. Johnson
                                         Michael L. Fazio
22                                       Attorneys for SAMSUNG ELECTRONICS
                                         CO., LTD., SAMSUNG ELECTRONICS
23                                       AMERICA, INC., and SAMSUNG
                                         TELECOMMUNICATIONS AMERICA, LLC
24

25

26

27

28

[1] The Court previously found pages 71-81 sealable (Dkt. No. 1656).

SAMSUNG'S HPO'S AND RESPONSES RE: EXS. AND DEMOS. FOR DENISON, FRID-NIELSEN, GOGERTY,
GREENBERG, JEFFAY, KAHLE, KIM, LUNDBERG, PFEIFER, RINARD, WIGDOR, WONG