QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar. No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S RESPONSES TO APPLE'S SUPPLEMENTAL HIGH PRIORITY OBJECTIONS REGARDING EXHIBITS AND DEMONSTRATIVES DISCLOSED FOR GREENBERG, JEFFAY, LUNDBERG, PFEIFER, AND WIGDOR** |

02198.51981/5872809.1

Case No. 12-cv-00630-LHK
SAMSUNG'S RESPONSES TO APPLE'S SUPPLEMENTAL HPO'S RE: EXHIBITS AND DEMONSTRATIVES DISCLOSED FOR GREENBERG. JEFFAY. LUNDBERG. PFEIFER. AND WIGDOR

I.   **APPLE'S SUPPLEMENTAL HIGH PRIORITY OBJECTIONS SHOULD BE OVERRULED.**[1]

A. **Apple's supplemental objections to Saul Greenberg disclosures should be overruled.**

**Testimony Beyond Scope.**  Samsung agreed to withdraw the joint exhibit Apple objected to – JX 61 – for use during Dr. Greenberg's examination.  Apple declined Samsung's offer and continues to assert a broad objection that Dr. Greenberg cannot testify as to art not in the case narrowing.  Samsung agrees that it will not present invalidity theories other than those as narrowed.  Dr. Greenberg, however, is entitled to provide a description as background as to the state of the technology at the time of the patent, and he intends do so with respect to the background provided in his expert report.

**SDX2707.**  This demonstrative, using the Hypponen disclosure, illustrates that the prior art reference contains all of the elements of the claim.  Dr. Greenberg will lay foundation for the demonstrative.

B. **Apple's supplemental objections to Kevin Jeffay disclosures should be overruled.**

**SDX2562.**  None of the videos used by Dr. Mowry, Dr. Jeffay's counterpart, was disclosed in Dr. Mowry's expert report – he disclosed no videos at all.  This slide illustrates a basic concept in computer science.  To the extent Apple argues that the parties cannot use demonstratives outside the reports to help the jury, Samsung does not understand the Court's Order (Dkt. 1608) to be so broad.  Apple's interpretation would ban demonstratives almost entirely.

**SDX2558.**  Apple objects to this slide, which depicts U.S. Patent 5,858,636 (part of DX-333), as irrelevant and not prior art.  Dr. Jeffay will present SDX2558 as evidence of the state of the art, as well as simultaneous invention.  Apple claims, but has not shown, that the art in DX333 is not part of the state of the art.  In fact, Apple specifically declined to call Dr. Miller regarding conception and reduction of the claimed invention in order to protect him to cross examination.

---

[1]   Pursuant to the Court's Order dated April 13, 2014 (Dkt. No. 1679), the parties' counsel met and conferred in-person on April 14, 2014 regarding Apple's high priority objections.

### C. Apple's supplemental objections to Jim Lundberg disclosures should be overruled.

**DX321.** DX321 contains excerpts from two press releases issued by Novell Inc. that were authenticated by Novell's custodian of records, Jim Lundberg. (Fazio Decl. Ex. A (June 25, 2013 Lundberg Decl.) at ¶ 9.) In accordance with FRE 803(6) and 902(11), Mr. Lundberg declared under the penalty of perjury that copies of the press releases attached to his declaration are "true and correct" and that "Novell generates these press releases in the normal course of its business." (*Id*. at Exs. 2 and 3.) Apple's argument that Mr. Lundberg did not authenticate DX321 is therefore meritless. Additionally, as indicated in DX321, the press releases were available through the M2 Presswire service, and are thus self-authenticating. *Hartstein v. Rembrandt IP Solutions, LLC*, 202 WL 3075084, at *4 n. 2 (N.D. Cal. 2012) ("The press release was published by *GlobeNewswire* and is self-authenticating").

### D. Apple's supplemental objections to Ulrich Pfeifer disclosures should be overruled.

**DX 301.** This is now Apple's *sixth* attempt to prevent the jury from seeing the WAIS prior art. This time, Apple argues that Mr. Pfeifer, the person who *actually created freeWAIS-sf 2.0.65* and who is in the *best possible position* to authenticate it, somehow cannot personally know whether DX 301 is a copy of his work. The Court should deny Apple's attempt to hide evidence.

Mr. Pfeifer will testify that he wrote freeWAIS-sf while a research assistant at Dortmund University in Germany, and in 1996 uploaded source code for freeWAIS-sf 2.0.65 to the university's FTP server. (Dkt. No. 866 ¶¶ 4, 8.) Shortly after completing freeWAIS-sf 2.0.65 in 1996, Mr. Pfeifer archived that distribution in a source code repository, which he kept in his possession from then until now. (*Id.* ¶¶ 8, 9.) Before authenticating DX301 (produced as FUHRNDCA00000001), Mr. Pfeifer compared *each and every file* in freeWAIS-sf 2.0.65 between DX301 and his 1996 source code repository, and concluded that DX 301 "contains a true and correct copy of the contents of the freeWAIS-sf 2.0.65 distribution that was uploaded to the Dortmund University website in or around January 1996." (Dkt. No. 866 at ¶ 9.)

Against Mr. Pfeifer's thorough, careful and complete authentication, Apple levels a single argument: that none of this matters, and Mr. Pfeifer cannot *ever* authenticate DX301 because *that specific copy* of freeWAIS-sf 2.0.65 was not in his possession for the last eighteen years. Apple's

1  argument is nonsensical.  Under Apple's view, for example, an author of a published book could
2  *never* authenticate a copy of his book, unless that copy of his book came from his personal files.
3  Of course the Rules of Evidence provide no such thing.  To the contrary, they allow authentication
4  after testimony from a knowledgeable witness that "an item is what it is claimed to be," Fed. R.
5  Evid. 901(b)(1), or even the "appearance, contents, substance, internal patterns, or other distinctive
6  characteristics of the item." Fed. R. Evid. 901(b)(4).  Mr. Pfeifer will satisfy both here.  Apple
7  complains Mr. Pfeifer did not lay foundation in his deposition, but Mr. Pfeifer *was not shown* the
8  code in his deposition – when Apple deposed Mr. Pfeifer, Apple chose not to mark DX301 as an
9  exhibit or otherwise show Mr. Pfeifer this already-produced code.  Apple's decision not to use this
10 exhibit at Mr. Pfeifer's deposition does not preclude Mr. Pfeifer from examining it at trial.

11 **DX313.**  Apple made this *same hearsay argument* for these *same materials* at summary
12 judgment (Dkt. 944-4 at 11), and lost (Dkt. No. 1150 at 29).  The Court should rule in Samsung's
13 favor again.  Mr. Pfeifer has declared that he created and kept this document in the regular course
14 of his maintenance of the freeWAIS-sf software, and will so testify at trial.  (Dkt. 866 at ¶ 12.)  It
15 is therefore excepted from hearsay by FRE 803(6).  Even if the Court were to find FRE 803(6)
16 inapplicable, Mr. Pfeifer will testify that he knew of the contents of DX313 at the time, that he
17 wrote the e-mail when those contents were fresh in his mind, and that it was accurate at the time.
18 It is therefore also excepted from hearsay by FRE 803(5).

19 DX313 is not misleading.  Ulrich Pfeifer released freeWAIS-sf 2.0.65 in early 1996.  (Dkt.
20 866 at ¶ 8.)  DX313, dated March 1997, indicates that there were nearly a *thousand* freeWAIS-sf
21 hosts in the United States. (DX313.001.)  As the Court already recognized in its Order denying
22 Apple's summary judgment motion, this is probative circumstantial evidence that freeWAIS-sf
23 2.0.65 was in public use in the United States.  (Dkt. 1150 at 28-29.)  Apple's complaint regarding
24 DX313 goes to weight – not admissibility.

25 **E.  Apple's supplemental objections to Daniel Wigdor disclosures should be overruled.**
26 **SDX2744.**  SDX2744, a slide depicting the undisputed auto-correct behavior of Microsoft
27 Word, is offered for the limited purpose of establishing one aspect of the scope and content of the
28 prior art to the '172 patent, required by the Supreme Court precedent when performing an

1 obviousness inquiry. *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966). The auto-correct
2 behavior of Microsoft Word is described in numerous places in Dr. Wigdor's opening report
3 including as a primary example of spell checking in word processors. (Fazio Ex. B (Wigdor
4 Opening Report) ¶¶ 361-363.) Apple identifies no rule, in the Federal Rules of Evidence or
5 otherwise, that would justify exclusion of SDX2744. It is a basic depiction of the scope and
6 content of the prior art and is relevant, probative, and non-prejudicial. It is a proper demonstrative
7 in all respects.

DATED: April 14, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael L. Fazio*
Victoria F. Maroulis
Kevin P.B. Johnson
Michael L. Fazio
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

02198.51981/5872809.1

-4-                                            Case No. 12-cv-00630-LHK
SAMSUNG'S RESPONSES TO APPLE'S SUPPLEMENTAL HPO'S RE: EXHIBITS AND DEMONSTRATIVES
DISCLOSED FOR GREENBERG. JEFFAY. LUNDBERG. PFEIFER. AND WIGDOR