1  JOSH A. KREVITT (CA SBN 208552)
   jkrevitt@gibsondunn.com
2  H. MARK LYON (CA SBN 162061)
   mlyon@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   1881 Page Mill Road
4  Palo Alto, CA 94304-1211
   Telephone: (650) 849-5300
5  Facsimile: (650) 849-5333

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

6  HAROLD J. McELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
7  JAMES P. BENNETT (CA SBN 65179)
   jbennett@mofo.com
8  JACK W. LONDEN (CA SBN 85776)
   jlonden@mofo.com
9  RACHEL KREVANS (CA SBN 116421)
   rkrevans@mofo.com
10 RUTH N. BORENSTEIN (CA SBN 133797)
   rborenstein@mofo.com
11 ERIK J. OLSON (CA SBN 175815)
   ejolson@mofo.com
12 MORRISON & FOERSTER LLP
   425 Market Street
13 San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
14 Facsimile:  (415) 268-7522

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

15 Attorneys for Plaintiff and
16 Counterclaim-Defendant APPLE INC.

17                    UNITED STATES DISTRICT COURT

18                 NORTHERN DISTRICT OF CALIFORNIA

19                          SAN JOSE DIVISION

20

21 APPLE INC., a California corporation,

22                    Plaintiff,

23        v.

24 SAMSUNG ELECTRONICS CO., LTD., a
   Korean corporation; SAMSUNG
25 ELECTRONICS AMERICA, INC., a New
   York corporation; and SAMSUNG
26 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
27
28                    Defendants.

Case No.    12-cv-00630-LHK

**APPLE'S SUPPLEMENTAL
OBJECTIONS REGARDING
SAUL GREENBERG, KEVIN
JEFFAY, YOUNGMI KIM, JIM
LUNDBERG, ULRICH PFEIFER,
MARTIN RINARD, AND DANIEL
WIGDOR**

1   **APPLE'S SUPPLEMENTAL OBJECTIONS TO SAMSUNG'S DISCLOSURES**

2        Apple did not make any supplemental HPO objections for Christopher Butler, Justin

3   Denison, Lars Frid-Nielsen, Patrick Gogerty, Brewster Kahle, and Walter Wong.

4   **SAUL GREENBERG**

5        **Testimony beyond scope of prior art case narrowing**.  Samsung disclosed JX61 for

6   use during its direct examination of Dr. Greenberg.  Samsung had previously asserted this

7   document as a prior art reference against the '721 patent, but did not include it in its final case

8   narrowing statement.  *See* Dkt. 1256.  While Samsung offered to withdraw JX61 from its

9   disclosures, Samsung's identification of this dropped reference suggests that it may seek to

10  elicit testimony in support of validity arguments beyond the scope of its final case narrowing

11  statement.  Samsung should be precluded from presenting such invalidity arguments at trial,

12  whether through Dr. Greenberg or otherwise.

13       **SDX2707.**  This is the second demonstrative that Samsung has created that alters the

14  same figure from the same prior art reference (JX60) in an attempt to make it resemble the

15  claimed '721 invention.  The Court sustained an objection under FRE 403 to Samsung's

16  opening slide that altered this figure.  *See* Dkt. 1538 at 2.  Samsung's proposed SDX2707

17  makes even more alterations.  Samsung's misleading and prejudicial modifications should once

18  again be rejected under FRE 403.

19  **KEVIN JEFFAY**

20       **SDX2562.**  This video demonstrative was not served with or disclosed in Dr. Jeffay's

21  expert report.  The Court has sustained Samsung's objections to video demonstratives that were

22  not served with an expert's report, even where Samsung conceded that the concepts underlying

23  the video demonstrative were disclosed in the report.  Dkt. 1592 at 5 (Samsung arguing to

24  exclude PDX91.31A because "video demonstrative not served with Dr. Snoeren's expert report");

25  Dkt. 1608 at 2 (excluding PDX91.31A).  The Court should exclude SDX2562 for the same

26  reasons it sustained Samsung's objection to video demonstratives presenting similar issues.

27       **SDX2558.**  This demonstrative animates a figure from U.S. Patent No. 5,859,636

28  ("Pandit").  The demonstrative is irrelevant (FRE 402) and unduly prejudicial (FRE 403).  First,

1   the Court has previously held that the Pandit patent is not prior art, due to the '647 applicants'

2   successfully swearing behind the reference.  Dkt. 221 at 38-40.  Second, regardless of whether

3   Pandit is prior art, Samsung did not include it in its final prior art case narrowing statement (Dkt.

4   1256).  Samsung thus may not use this reference to invalidate the '647 patent, including on any

5   "simultaneous invention" theory.  Any such theory also fails because Dr. Jeffay has not offered an

6   opinion that Pandit discloses the entire invention of claim 9 of the '647 patent; at best he seeks to

7   use the Pandit patent in combination with other references, in which case the Pandit patent is not

8   itself "the invention."  Declaration of Ruth N. Borenstein ("Borenstein Decl.") Ex. 1 at ¶¶ 220-23.

9   **YOUNGMI KIM**

10      **SDX2462.**  This is one of a series of video demonstratives disclosed by Samsung for use

11  with Ms. Kim (SDX2461 to SDX2464) about the Android notification center, which is not

12  relevant to any issue in this case (FRE 402) and thus would be unduly prejudicial and confusing

13  to present to the jury (FRE 403).  In response to Apple's objections, Samsung withdrew all of

14  these videos from its disclosures for Ms. Kim.  Samsung should not be permitted to use any of

15  them with any other witness (for example, Samsung has also disclosed similar demonstratives

16  for use with Dr. Greenberg).

17  **JIM LUNDBERG**

18      **DX321.**  DX321 is a summary of excerpts of SUSE Linux 10.0 Press Releases.  While the

19  Lundberg declaration authenticates two press releases, the press releases themselves are not the

20  trial exhibit (DX321) that Samsung seeks to admit—presumably Samsung created a summary

21  exhibit (rather than list the press releases themselves as exhibits), in order to stay within the

22  Court's limit on trial exhibits.  Not only does DX321 consist of excerpts rather than entire press

23  releases, but the excerpts are not identical to the press releases authenticated by the Lundberg

24  declaration.  For example, the press releases are printed from "novell.com" but both articles

25  excerpted in DX321 are attributed to "M2 Presswire, M2 Communications Ltd."  *Compare*

26  DX321, *with* Borenstein Decl. Ex. 2 at Exs. 2 and 3.  Moreover, the second article excerpted in

27  DX321 has a different date than the authenticated press release.  *Compare* DX321.002 (dated

28  10/11/05), *with* Borenstein Decl. Ex. 2 at Ex. 3 (dated 10/10/05).  Samsung may not use the

APPLE'S SUPP. OBJS. RE: GREENBERG, JEFFAY, KIM, LUNDBERG, PFEIFER, RINARD, AND WIGDOR
CASE NO. 12-cv-00630-LHK
sf- 3406004

2

1   declaration to authenticate DX321 (a trial exhibit which Mr. Lundberg presumably has never

2   seen), particularly where Apple had no opportunity to cross examine Mr. Lundberg on the

3   discrepancies between the press releases he authenticated in June 2013 and Samsung's recently-

4   created summary trial exhibit.

5   **ULRICH PFEIFER**

6   **DX301.**  Samsung alleges that DX301 is source code for freeWAIS-sf version 2.0.65,

7   released in 1996.  But DX301 was not produced by Mr. Pfeifer, and his deposition testimony

8   makes clear that he lacks foundation to testify to it.  He testified that someone else wrote most

9   of the code (Borenstein Decl. Ex. 3 at 128:15-18); that he was unsure if he personally uploaded

10  every release (*id.* at 171:7-10); and that in 2013, he found freeWAIS-sf source code on four

11  Internet sites, but he did not know where the code came from, when it was uploaded, or who

12  uploaded it (*id.* at 47:1-49:18).  He testified that while his personal backups contained files that

13  "matched closely" the files he found on the Internet (*id.* at 230:21-22), he did not have "an

14  exact copy" of the 2.0.65 release in his possession (*id.* at 49:22-50:5) and was not otherwise

15  able to "reconstruct" the 2.0.65 release using his backups (*id.* at 41:21-44:7, 45:19-46:25).

16  Contradicting his deposition testimony, Mr. Pfeifer submitted a declaration several months later

17  (Dkt. 855-9) in connection with Samsung's summary judgment opposition that attempted to

18  connect the freeWAIS-sf code available online to his earlier work.  But that self-serving

19  declaration from a paid witness (Borenstein Decl. Ex. 3 at 15:3-8) cannot provide a foundation

20  for the admissibility of DX301 in light of his prior contrary testimony. *See Yeager v. Bowlin*,

21  693 F.3d 1076, 1080 (9th Cir. 2012) ("court may find a declaration to be a sham when it

22  contains facts that the affiant previously testified he could not remember") , *cert. denied*, 133 S.

23  Ct. 2026 (2013).

24  **DX313.**  This exhibit purports to be an email from Mr. Pfeifer bearing the subject line

25  "freeWAIS-sf (hosts)" which contains nothing more than a list of apparent Internet domains

26  and numbers (*e.g.*, "US Education 337").  Mr. Pfeifer testified that DX313 collected statistics

27  regarding the number of packets that his server received from freeWAIS-sf installations in each

28  domain (*e.g.*, .com, .gov), but that he did not undertake any further effort to determine the

APPLE'S SUPP. OBJS. RE: GREENBERG, JEFFAY, KIM, LUNDBERG, PFEIFER, RINARD, AND WIGDOR
CASE NO. 12-cv-00630-LHK
sf- 3406004

3

1   countries in which freeWAIS-sf was used.  Borenstein Decl. Ex. 3 at 87:17-89:22, 93:12-95:4.

2   Under FRE 802, Samsung may not offer DX313 to prove the use of freeWAIS-sf in the United

3   States because that depends upon the truth of the matter asserted in the document (*i.e.*, the

4   identification of host sites/countries).  Further, because Samsung's invalidity theory requires

5   freeWAIS-sf to be used and configured in particular ways, DX313 is also likely to mislead the

6   jury because it provides no information on use or configuration.  *Id.* 90:22-92:7, 95:15-96:13.

7   **MARTIN RINARD**

8       **DX305.**  This exhibit compiles excerpts from nearly a dozen different documents

9   produced by Ulrich Pfeifer—many of which are not cited in Dr. Rinard's report.  In response to

10  Apple's objections, Samsung agreed to withdraw this exhibit for use with Dr. Rinard.

11      **Opening video WAIS_v03.mp4.**  This video was not among the materials that Dr. Rinard

12  disclosed with his expert reports, but instead is a new video that Samsung only recently created.

13  Samsung agreed to withdraw this video for use with Dr. Rinard.

14  **DANIEL WIGDOR**

15      **DX347.**  This article was not included as a prior art reference against the '172 patent in

16  Samsung's final prior art case narrowing statement (Dkt. 1256).  In response to Apple's

17  objections, Samsung agreed to withdraw this exhibit for use with Dr. Wigdor.

18      **SDX2744.**  This demonstrative shows an image (captioned "Auto-Correct") of the

19  spellcheck feature in Microsoft Word, which does not appear on any exhibit list.  The Court has

20  previously ruled that unlisted exhibits may not be included in direct examination disclosures.

21  (*See, e.g.*, Dkt. 1573.)  Further, Microsoft Word's spellcheck feature is not on Samsung's prior art

22  case narrowing statement (Dkt. 1256).  The Court should reject Samsung's attempt to include an

23  undisclosed exhibit in its demonstratives.

24

25

26

27

28

APPLE'S SUPP. OBJS. RE: GREENBERG, JEFFAY, KIM, LUNDBERG, PFEIFER, RINARD, AND WIGDOR
CASE NO. 12-cv-00630-LHK
sf- 3406004

4

1    Dated: April 14, 2014                MORRISON & FOERSTER LLP

2
                                          By:  */s/ Rachel Krevans*
3                                               Rachel Krevans

4                                              Attorneys for Plaintiff
                                               APPLE INC.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S SUPP. OBJS. RE: GREENBERG, JEFFAY, KIM, LUNDBERG, PFEIFER, RINARD, AND WIGDOR
CASE NO. 12-cv-00630-LHK
sf- 3406004

5