# Exhibit 2

```
                                                              Page 1
 1             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
 2                     SAN JONES DIVISION
 3                                  )
    APPLE, INC., A CALIFORNIA       )
 4  CORPORATION,                    )
                                    )
 5       Plaintiff,                 )
                                    )
 6                                  )
    VS.                             ) CASE
 7                                  ) NO.
                                    ) 11-CV-01846-LHK(PSG)
 8  SAMSUNG ELECTRONICS CO.,        )
    LTD., A KOREAN BUSINESS         )
 9  ENTITY; SAMSUNG                 )
    ELECTRONICS AMERICA,            )
10  INC., A NEW YORK                )
    CORPORATION; SAMSUNG            )
11  TELECOMMUNICATIONS              )
    AMERICA, LLC, A DELAWARE        )
12  LIMITED LIABILITY               )
    COMPANY,                        )
13                                  )
                                    )
14       Defendant.                 )
15
    **********************************************************
16              ORAL AND VIDEOTAPED DEPOSITION OF
                       DAE IL "DALE" SOHN
17                  Friday, April 20, 2012
         HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
18  **********************************************************
19
20       ORAL AND VIDEOTAPED DEPOSITION OF DAE IL "DALE" SOHN,
    produced as a witness at the instance of the Plaintiff(s),
21  and duly sworn, was taken in the above-styled and numbered
    cause on Friday, April 20, 2012, from 9:33 a.m. to
22  5:27 p.m., before Tamara K. Chapman, CSR in and for the
    State of Texas, reported by machine shorthand, at Regus,
23  4515 Cole Avenue, Dallas, Texas, pursuant to the Federal Rules of
    Civil Procedure and the provisions stated on the record or
24  attached hereto.
25  JOB NO: 48590
```

|   |   | Page 44 |
|---|---|---|
| 1 | your recollection at the time? | 11:47 |
| 2 |     MS. MAROULIS:  Objection; asked and | 11:47 |
| 3 | answered, calls for speculation. | 11:47 |
| 4 |   A.  I do not have an accurate understanding as to | 11:47 |
| 5 | your statement.  And, once again, I do not have a | 11:48 |
| 6 | recollection as to specifics with regard to the 2010 | 11:48 |
| 7 | market situation. | 11:48 |
| 8 |     (Exhibit 2713 was marked.) | 11:48 |
| 9 |   Q.  (BY MR. OLSON)  I'm handing you a document I've | 11:48 |
| 10 | had marked as Exhibit 2713.  It is a PowerPoint | 11:48 |
| 11 | presentation.  On the front, says:  Samsung 3G iPhone US | 11:48 |
| 12 | market impact - July 2008. | 11:48 |
| 13 |     SAMNDCA251506 through 251522. | 11:48 |
| 14 |     Please take a look at that.  And my first | 11:49 |
| 15 | question for you -- well, why don't you take a look at | 11:49 |
| 16 | that.  And when you're done, let me ask my question. | 11:49 |
| 17 |     (Witness reviews document.) | 11:50 |
| 18 |   Q.  (BY MR. OLSON)  Okay.  Is Exhibit 2713 a | 11:55 |
| 19 | PowerPoint presentation prepared at Samsung regarding the | 11:55 |
| 20 | 3G iPhone in the U.S.? | 11:55 |
| 21 |     MS. MAROULIS:  Objection; lacks foundation, | 11:55 |
| 22 | calls for speculation. | 11:55 |
| 23 |   A.  It appears to be the case. | 11:55 |
| 24 |   Q.  (BY MR. OLSON)  If you'll turn to the first | 11:55 |
| 25 | substantive page of the document, the second page of it, | 11:55 |

Highly Confidential - Attorneys Eyes Only

Page 119

| | | |
|---|---|---|
| 1 | a result, I cannot match which one is related to which | 05:21 |
| 2 | lawsuit or which case." | 05:21 |
| 3 | Q. (BY MR. OLSON) Is it the case that STA has a | 05:21 |
| 4 | different document retention policy than SEC, the Korean | 05:21 |
| 5 | parent? | 05:21 |
| 6 | MS. MAROULIS: Objection; calls for | 05:22 |
| 7 | speculation, calls for legal conclusion. | 05:22 |
| 8 | A. I'm not familiar with the document retention | 05:22 |
| 9 | process or policy at headquarters. But when it comes to | 05:22 |
| 10 | STA, it has its own document retention process in place. | 05:22 |
| 11 | Q. (BY MR. OLSON) When is your best recollection of | 05:22 |
| 12 | the first time you ever received a litigation hold notice | 05:22 |
| 13 | with respect to Apple or litigation with Apple? | 05:22 |
| 14 | A. I do not have any particular recollection as to | 05:23 |
| 15 | that. That is because when it comes to the document | 05:23 |
| 16 | retention process, I was well aware of it and I have been | 05:23 |
| 17 | abiding by the rules related. | 05:23 |
| 18 | Q. Have you deleted any documents related to | 05:23 |
| 19 | Samsung's mobile phone business between April of 2011 and | 05:23 |
| 20 | today? | 05:23 |
| 21 | A. I have never deleted any e-mails that I had | 05:24 |
| 22 | received. | 05:24 |
| 23 | Q. Does your e-mail system have an automatic | 05:24 |
| 24 | deletion function with it? | 05:24 |
| 25 | MS. MAROULIS: Objection; calls for | 05:24 |

Highly Confidential - Attorneys Eyes Only

```
                                                           Page 120
 1   speculation.                                              05:24
 2       A.   There is security professional working at STA.   05:24
 3   Therefore, I need to --                                   05:25
 4            THE INTERPRETER:  Strike that.                   05:25
 5       A.   -- I may need to ask him when it comes to        05:25
 6   technical issues.                                         05:25
 7            But to my understanding, even though I delete an 05:25
 8   e-mail, e-mails are automatically saved in a server of the 05:25
 9   company.                                                  05:25
10            MR. OLSON:  I don't have any further             05:25
11   questions and will pass the witness.    `                 05:25
12            MS. MAROULIS:  I don't have any questions        05:25
13   for the witness.  We'd like the right to review and sign  05:25
14   the transcript and we need to put this under protective   05:25
15   order, highly confidential, attorneys' only.              05:25
16            MR. OLSON:  I have no disagreement with          05:26
17   that.  I would like to pursue and still get a final copy, 05:26
18   if I haven't gotten it, of that one native document, but  05:26
19   that's something we can resolve elsewhere and -- and is a 05:26
20   fairly minor issue.                                       05:26
21            So with that I otherwise agree with marking      05:26
22   the transcript, although I'll ask that it be evaluated if 05:26
23   there is any portion of it that may be de-designated      05:26
24   later.  I certainly agree you can sign the transcript.    05:26
25   And with that, I think I have no other comments.          05:26
```

Highly Confidential - Attorneys Eyes Only

Page 121

| | | |
|---|---|---|
| 1 | MS. MAROULIS: Thank you. | 05:26 |
| 2 | THE VIDEOGRAPHER: Off the record at 5:27. | 05:26 |
| 3 | (DEPOSITION CONCLUDED AT 5:27 p.m.) | |

Highly Confidential - Attorneys Eyes Only

Highly Confidential - Attorneys Eyes Only

```
                                                              Page 122
 1                    CHANGES AND SIGNATURE.
 2      PAGE        LINE         CHANGE              REASON
 3      _____
 4      _____
 5      _____
 6      _____
 7      _____
 8      _____
 9      _____
10      _____
11      _____
12      _____
13      _____
14      _____
15      _____
16      _____
17      _____
18      _____
19      _____
20      _____
21      _____
22      _____
23      _____
24               _____
                       DAE IL "DALE" SOHN
25
```

Page 123

1          SIGNATURE PAGE
2
        I, DAE IL "DALE" SOHN, have read the foregoing
3    deposition and hereby affix my signature that same is true
     and correct, except as noted above.
4
5
6                    _____
                     DAE IL "DALE" SOHN
7
8
9
     THE STATE OF _____)
10   COUNTY OF _____)
11            Before me, _____, on this
     day personally appeared DAE IL "DALE" SOHN, known to me (or
12   proved to me under oath or through
     _____) (description of identity card
13   or other document)) to be the person whose name is
     subscribed to the foregoing instrument and acknowledged to
14   me that they executed the same for the purposes and
     consideration therein expressed.
15           Given under my hand and seal of office this
     _____ day of _____, 2012.
16
17
18                   _____
                     NOTARY PUBLIC IN AND FOR
19                   THE STATE OF _____
                     COMMISSION EXPIRES: _____
20
21
22
23
24
25

Highly Confidential - Attorneys Eyes Only

Page 124

```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
 2                     SAN JONES DIVISION
 3                                   )
     APPLE, INC., A CALIFORNIA       )
 4   CORPORATION,                    )
                                     )
 5        Plaintiff,                 )
                                     )
 6                                   )
     VS.                             ) CASE
 7                                   ) NO.
                                     ) 11-CV-01846-LHK(PSG)
 8   SAMSUNG ELECTRONICS CO.,        )
     LTD., A KOREAN BUSINESS         )
 9   ENTITY; SAMSUNG                 )
     ELECTRONICS AMERICA,            )
10   INC., A NEW YORK                )
     CORPORATION; SAMSUNG            )
11   TELECOMMUNICATIONS              )
     AMERICA, LLC, A DELAWARE        )
12   LIMITED LIABILITY               )
     COMPANY,                        )
13                                   )
                                     )
14        Defendant.                 )
15
                    REPORTER'S CERTIFICATION
16            DEPOSITION OF DAE IL "DALE" SOHN
                       APRIL 20, 2012
17
18       I, Tamara K. Chapman, Certified Shorthand Reporter in
19   and for the State of Texas, hereby certify to the
20   following:
21       That the witness, DAE IL "DALE" SOHN, was duly sworn
22   by the officer and that the transcript of the oral
23   deposition is a true record of the testimony given by the
24   witness;
25       That the deposition transcript was submitted on
```

Highly Confidential - Attorneys Eyes Only

Page 125

1   April 20th, 2012 to the witness or to the attorney for
2   the witness for examination, signature and return to me by
3   May 20th, 2012;
4       That the amount of time used by each party at the
5   deposition is as follows:
6       Mr. Erik J. Olson - 6:01
7       Ms. Victoria F. Maroulis - 00:00
8       That pursuant to information given to the deposition
9   officer at the time said testimony was taken, the
10  following includes counsel for all parties of record:
11      Mr. Erik J. Olson - THE PLAINTIFF
12      Ms. Victoria F. Maroulis - THE DEFENDANT
13      That $_____ is the deposition officer's charges
14  to the Plaintiff(s) for preparing the original deposition
15  transcript and any copies of exhibits;
16      I further certify that I am neither counsel for,
17  related to, nor employed by any of the parties or
18  attorneys in the action in which this proceeding was
19  taken, and further that I am not financially or otherwise
20  interested in the outcome of the action.
21
22
23
24
25

Highly Confidential - Attorneys Eyes Only

Page 126

1    Certified to by me this 20th day of April 2012.
2
3                    _____
     Tamara K. Chapman, Texas CSR 7248
4    Expiration Date:  12/31/10
     TSG Reporting, Inc.
5    Firm Registration No. 615
     Nationwide - Worldwide
6    Phone: (877) 702-9580
     info@tsgreporting.com
7    www.tsgreporting.com
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25