QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**DECLARATION OF MICHAEL L. FAZIO IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

I, Michael L. Fazio, declare:

1. I am a member of the State Bar of California, admitted to practice before this Court, and a partner at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. I make this declaration in support of Samsung's Administrative Motion To File Under Seal Documents Relating to Samsung's High Priority Objections and Responses Regarding Exhibits and Demonstratives Disclosed for Chevalier, Freeman, Kearl, Parulski, Rao, Schonfeld, Garcia, Hong, Mazur, Millet, and Storer ("HPO Brief").

3. Samsung moves to file under seal:

- The HPO Brief
- Exhibits A, B, C, E, F, and G to the Declaration of Michael L. Fazio In Support of Samsung's HPO Brief ("Fazio Declaration").

4. The HPO Brief and Exhibits C, E, F, and G to the Fazio Declaration include information Apple may consider confidential.

5. Exhibits E and F to the Fazio Declaration include information that various third-parties may consider confidential.

6. Samsung maintains a claim of confidentiality over Exhibits A, B, and E to the Declaration of Michael L. Fazio. These documents contain: (1) calculations that reveal Samsung's sales data; (2) calculations that reflect Samsung's per-unit profit, margin and pricing data; and (3) Samsung source code and development, function, categorization, and operation of Samsung's source code and/or source code modules.

7. I incorporate by reference the previously filed declarations of Daniel W. Shim, Senior Legal Counsel at Samsung Electronics Co., Ltd., in support administrative motions to file under seal that establish that the Samsung-confidential information at issue here is sealable. (*See* Dkts. 874 (re: Apple's Opposition to Samsung's MSJ), 940 (re: Apple MTS), 1018 (re: Samsung's

1  Reply ISO MTS); *see also* Dkts. 810, 821, 858, 874, 949, 960 (providing compelling reasons why
2  various categories of Samsung-confidential information should be filed under seal).)

3      8.    I am informed and believed that Samsung considers the information regarding its
4  source code and the development of its code highly confidential because competitors could use the
5  information to copy certain features exclusively found on Samsung's products, and to gain insight
6  into Samsung's development processes.

7      9.    I am informed and believe that information about Samsung's deliberations
8  regarding product development and marketing is highly confidential as the disclosure of this
9  information could allow competitors to discover what Samsung considers important functions and
10 features of its phones and tablets, removing any first-mover advantage Samsung may otherwise
11 enjoy regarding those features or providing them with a competitive advantage regarding those
12 development efforts.

13     10.    I am informed and believe that information about Samsung's internal product
14 development processes and design-around times are likewise highly confidential because
15 competitors could use the information to estimate Samsung's development time frames and
16 release dates.  Competitors could then try to beat Samsung to the market, removing any first-
17 mover advantage Samsung may otherwise enjoy.

18     11.    I am informed and believed that Samsung considers the information regarding
19 considers the financial data included in these documents to be highly confidential, including
20 detailed information about profits.  Samsung does not report the type of data included in these
21 documents to investors, regulatory bodies, the press, or business analysts.  This type of
22 information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain
23 the secrecy of the information.  Even within Samsung's finance and accounting groups, such data
24 can only be accessed by certain personnel on a restricted, need-to-know basis.  This type of data
25 guides Samsung's pricing, distribution, financial planning, and other business decisions.

26     12.    Samsung's financial data was produced in this case to Apple's outside counsel and
27 experts for the sole purpose of calculating supposed damages and were marked "Highly
28

02198.51981/5883539.1

-2-    Case No. 12-CV-00630-LHK (PSG)
DECLARATION OF MICHAEL L. FAZIO ISO
SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Confidential – Attorneys' Eyes Only" under the Protective Order.  I am informed and believed that Samsung took special precautions when producing detailed financial data.

13.     I am informed and believed that Samsung considers the information regarding specific profit data to be far more sensitive and confidential than company-wide financial statements because they can be used to determine the lowest price at which Samsung can profitably sell its products.  Armed with that information, a competitor could charge a lower price in an effort to gain market share.  Competitors could also use knowledge of Samsung's highest- and lowest-performing product lines to target marketing and advertising efforts.

14.     Suppliers could use the same information as leverage to negotiate higher prices for components, and carrier and retail partners would be able to leverage knowledge of Samsung's margins to negotiate lower prices for Samsung's smart phone and tablet products.

15.     For the foregoing reasons, Samsung requests that Samsung's Administrative Motion to File Under Seal be granted for the reasons stated in the aforementioned Shim declarations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 19, 2014, at San Jose, California.

*/s/ Michael L. Fazio*
Michael L. Fazio

02198.51981/5883539.1

-3-    Case No. 12-CV-00630-LHK (PSG)
DECLARATION OF MICHAEL L. FAZIO ISO
SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL