QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar. No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES REGARDING EXHIBITS AND DEMONSTRATIVES DISCLOSED FOR CHASE, COCKBURN, GREENBERG, JEFFAY, MACCOUN, MOWRY, RINARD, SCHONFELD, SNOEREN, VELLTURO, AND WIGDOR** |

02198.51981/5883606.3

Case No. 12-cv-00630-LHK
SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES RE: CHASE, COCKBURN, GREENBERG, JEFFAY. MACCOUN. MOWRY. RINARD. SCHONFELD. SNOEREN. VELLTURO. AND WIGDOR

## I. APPLE'S HIGH PRIORITY OBJECTIONS SHOULD BE OVERRULED.

### A. Apple's Witness Objection as to Drs. Chase, Greenberg, Jeffay, Rinard, and Wigdor Regarding the Scope of Their Rebuttal Testimony Should be Overruled.

The Court explicitly excused these witnesses subject to recall on invalidity. Dkt. 1717 at 1842:16-21, 1958:16-18, 2004:15-18; RT (4/18/2014) at 2059:4-7, 2255:1-4. Instead of permitting them to testify, Apple now attempts to impose a double standard, in which Apple gets to rebut non-infringement, non-infringing alternatives *and* invalidity, but Samsung cannot rebut *anything*, even Apple's validity theories. *See* Fazio Decl. Ex. A (9:41 PM Borenstein Email). Apple argues that the preliminary jury instructions do not allow Samsung's rebuttals, *id.*, but under Apple's logic, Apple is similarly precluded from all rebuttal that does not address validity. The Court should not impose a double standard.

### B. Apple's Objections to Samsung's disclosures for Dr. Jeffay Should be Overruled.

**DX339.** The Court previously overruled Apple's objection to DX339 on this ground. *See* Dkt. 1573.

### C. Apple's Objections to Samsung's cross disclosures for Dr. Mowry Should be Overruled.

**SDX4032.** This slide accurately represents a change Dr. Mowry made to his opinion that the Court found "is matter for cross-examination" in its Daubert order regarding Dr. Mowry. *See* Dkt. 1326 at 41.

**Collaborative, Programmable Intelligent Agents.** This document can be used to refresh Dr. Mowry's recollection concerning his alleged review of the Internet Archives for PX106, which is disclosed by Apple for Dr. Mowry. It will not be entered into evidence. *See* Dkts. 1690 at 1; 1720 at 2; 1733 at 1-2.

### D. Apple's objections to Samsung's disclosures for Dr. Rinard Should be Overruled.

**DX306.** If Dr. Snoeren, during his rebuttal examination, describes the state of the art inconsistently with DX306, the Court should permit Dr. Rinard to use DX306 to rebut.

**JX54.** The Court should overrule this objection for the same reasons as DX306.

E.  **Dr. Schonfeld.**

Samsung has withdrawn Dr. Schonfeld as a rebuttal witness.

F.  **Apple's Objections to Samsung's cross disclosures for Vellturo Should be Overruled. 8/23/2012 Deposition of Christopher A. Vellturo in** *VirnetX Inc. v. Cisco Systems, Inc.*

In the *VirnetX* litigation, Dr. Vellturo opined on damages for technology that contributes to FaceTime; those opinions are relevant to his critique of Dr. Kearl's valuation of the '239 patent. At deposition he discussed his methodology for deriving patent value from Apple software upgrades, which is directly relevant to one of Dr. Chevalier's methodologies. *See* 8/23/2012 Vellturo Dep. at 132-33.  In his expert report, he discussed application of the *Georgia-Pacific* factors where smartphone technology is at issue. *See, e.g.*, Dkt. 1156-3 ¶ 430.  As this Court found in denying Apple's Rule 403 argument at *Daubert*, "the past methodologies of Apple's experts are highly probative impeachment evidence that a fact-finder will consider in assessing the weight a fact-finder may choose to give the experts in the instant litigation." Dkt. 1325 at 23:7-9. Dr. Vellturo's *VirnetX* opinions are directly relevant to Apple's criticisms of Dr. Chevalier and Dr. Kearl.  At a minimum, Samsung should be allowed to use this testimony to refresh his recollection.  Dkts. 1656 at 2; 1690 at 1; 1720 at 2.

**DX462.**  DX462 is a compilation of articles regarding Apple supply shortages. Unless the document is admitted before Dr. Vellturo's testimony, Samsung will not seek to admit this document with him. The exhibit is not being offered for the truth, but as evidence Dr. Vellturo failed to consider contrary evidence.  Evidence regarding Apple's capacity is relevant to prove lost profits under *Panduit*, which requires consideration of the patentee's capacity to meet demand.  DX462 shows there were many reports that Apple was unable to meet capacity, evidence which Dr. Vellturo ignored.

II. **SAMSUNG'S HIGH PRIORITY OBJECTIONS SHOULD BE SUSTAINED.**

A. **Samsung's Insufficient Identification of Materials Objection to Drs. Chase, Greenberg, Jeffay, Rinard, and Wigdor Should be Sustained.**

Apple's cross-disclosures for these witnesses do not follow the Court's orders regarding the HPO process, and did not give Samsung a reasonable opportunity to object.  The HPO process

02198.51981/5883606.3
-2-                              Case No. 12-cv-00630-LHK
SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES RE: CHASE, COCKBURN, GREENBERG, JEFFAY. MACCOUN. MOWRY. RINARD. SCHONFELD. SNOEREN. VELLTURO. AND WIGDOR

1  should prevent a "flooding of documents being designated," which results in "a lot of makework
2  for all of us."  1846 Dkt. 1610 at 909:9-10.  The Court has repeatedly warned both Apple and
3  Samsung that there will be consequences for "unreasonable" and "unrealistic" disclosures.  Dkt.
4  1716 at 1616:12-13.  Apple and Samsung both served lists of specific materials until yesterday,
5  when Apple abandoned this practice entirely.  Apple's cross-disclosures listed not one single
6  document, but instead incorporated by reference multiple *prior* disclosures from both parties.
7  Fazio Exs. B-F (Apple's rebuttal cross-disclosure forms for Chase, Greenberg, Rinard, Wigdor,
8  and Jeffay).

9  This tiered, wholesale incorporation of previously served disclosures is exactly what the
10  Court prohibited when it warned that there would be consequences for "unreasonable" and
11  "unrealistic" disclosures.  Dkt. 1716 at 1616:12-13.  Apple's gamesmanship provides Samsung
12  with no notice of what Apple will actually use, and Samsung cannot review this myriad of
13  documents in the hours between cross-disclosures and the objection deadline, let alone write a
14  brief for the next morning.  The Court should not reward Apple's tactics, but should strike its
15  disclosures in their entirety.

16  **B.  <u>Samsung's objections to Apple's disclosure for Dr. Cockburn should be sustained.</u>**

17  **<u>Witness Objection.</u>  Rebuttal Scope** – Dr. Cockburn's rebuttal testimony should be
18  limited to the prior art raised by Samsung.  At Apple's request, Dr. Cockburn's direct examination
19  contained "pre-buttal" testimony, and he has already responded to Dr. Greenberg's '721 positions
20  concerning infringement (Dkt. 1623 at 663:1-664:24, 671:16-674:23); alleged copying/secondary
21  indicia (*id.* at 638:25-650:3); practice of the patent (*id.* at 634:22-636:3); and non-infringing
22  alternatives for both '721 and '172 (*id.* at 679:22-687:15; 695:24-705:17).  Allowing Dr.
23  Cockburn to address these issues a second time would be cumulative and unfairly prejudicial.

24  **<u>PDX97.103.</u>**  FRE 403 – This slide is misleading, confusing, and prejudicial with respect
25  to the statement that the "PTO ruled '721 valid," which misstates the law and the PTO's role.

26  **<u>PDX97.124.</u>**  Rule 26 – This slide indicates that Xrgomics does not disclose multiple
27  limitations of claim 18, including the next to last limitation.  Dr. Cockburn, however, did not offer
28  any opinion in his reports that Xrgomics fails to disclose the next to last limitation of claim 18.

**C. Samsung's objections to Apple's disclosure of Mr. Maccoun should be sustained.**

**Improper Rebuttal.** Far from rebutting anything Samsung raised, Apple seeks to inject into this trial a brand-new issue regarding licensing terms between Samsung and Google. Apple chose not to raise this issue either during its case in chief or during Samsung's case, repeatedly disclosing but never introducing PX227, PX228, and PX229 for use with Vellturo, Sohn, or Pendleton, Fazio Decl. Exs. G-I, and Mr. Maccoun's testimony for use with Lockheimer, *id.* Ex. J. Having made these choices, and having repeatedly told the jury that this case has nothing to do with Google, Apple cannot raise this issue for the first time in rebuttal. Doing so would confuse and mislead the jury, and prejudice Samsung by raising a new issue for which it has not allocated any trial time. Although it would not cure this harm, should the Court allow Apple to use any portion of its disclosures for Mr. Maccoun, it should grant Samsung two hours of surrebuttal to mitigate its prejudice.

**PX2003.** The Court should exclude this document because it is not on either party's exhibit list. Dkt. 1554 at 1; Dkt. 1573 at 2; Dkt. 1621 at 265-67; RT (4/18/2014) at 2127:3-22 (THE COURT: "Well, if it wasn't on the exhibit list, it's not going to be admitted."). Apple's attempt to end-run the limits on trial exhibits is improper. *See id.* It is also not in Apple's interrogatory responses. *See* Dkt. 1649, Apple's Further Supplemental Responses to Samsung Interrogatory Nos. 10, 27, or any other responses to Samsung's interrogatories. Mr. Maccoun will testify only by deposition, so Apple cannot refresh his recollection.

**PX2004.** The Court should exclude this document for the same reasons as PX2003.

**D. Samsung's objections to Apple's disclosure of Dr. Mowry should be sustained.**

**Witness Objection: Violation of Case Narrowing.** Apple's disclosures and Apple's cross-examination of Dr. Jeffay suggest Dr. Mowry may testify that Samsung would still infringe unasserted claim 1 of the '647 patent if Samsung removed the pop-up menu required by dependent claim 9. But Apple dropped claim 1 in its Case Narrowing Statement. Dkt. 1237. Apple cannot now argue infringement of claim 1 while shielding that claim from a validity challenge. *C.f.*, Dkt. 1057 at 2; Dkt. 1398; Dkt. 1133 (Dec. 12, 2013 Hr'g Tr.) at 162:18-170:15-25.

02198.51981/5883606.3

-4-   Case No. 12-cv-00630-LHK
SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES RE: CHASE, COCKBURN, GREENBERG, JEFFAY. MACCOUN. MOWRY. RINARD. SCHONFELD. SNOEREN. VELLTURO. AND WIGDOR

**Witness Objection: FRE 403/611 (Order of Testimony).**  Dr. Mowry should not be able to introduce new infringement arguments that he did not present during Apple's case-in-chief. Apple has disclosed slides and materials from its initial direct disclosures that it chose not to use during Apple's case-in-chief.  These materials indicate Dr. Mowry may offer new infringement theories to the jury on rebuttal.  *See, e.g.*, Dkt. 1640 (PDX88.21) (arguments about "glue code"). This is beyond the scope of rebuttal, misleading, and prejudicial to Samsung.  It is Apple's burden to show infringement for any Apple theory in its case-in-chief.

**Witness Objection:  Rule 26/Dkts. 1127 & 1446 (Excluded Opinion).**  Apple identified certain exhibits, *e.g.*, PX106, PX117, PX176, indicating Dr. Mowry will rely on iOS and Mac OS X to argue commercial success, copying, or praise of the invention.  But Dr. Mowry is precluded from offering opinions on Apple's alleged practice, *see* Dkts. 1127 and 1446; Dkt. 1624 at 876:24-877:12, and Dr. Mowry never offered any opinions that Apple practices asserted claim 9.  *Id.*; *see generally* Dkt. 1624 at 818:11-926:9; *see also*, *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1366 (Fed. Cir. 2001).  Thus, Dr. Mowry cannot show the predicate nexus to iOS or Mac OS X without violating the Court's orders at Dkts. 1127 and 1446.

### E. Samsung's objections to Apple's disclosure of Dr. Snoeren should be sustained.

**Witness Objection.**  Dr. Snoeren decided *not* to submit opinions on GSA 2.7.  He had leave to submit any such opinion by January 31, 2014, Dkt. 1056, Ex. A at 2, n. 3, but elected *not* to provide an opinion on GSA 2.7, even after reviewing the code. Dkt. 1337-40.  This Court specifically asked Apple counsel, "why didn't you do [a supplemental Snoeren report]?"  Dkt. 1411 (March 5, 2014 Hr'g Tr.) at 80:2-5.  Apple replied Dr. Snoeren did not need to opine on this design; "we got a chance to look at the code and we did not see a need to do an additional report." *Id.* at 80:12-14.  Apple cannot now sandbag Samsung with new opinions on GSA 2.7, having chosen *not* to timely disclose any such opinions. Dkt. 1700 at 2 (precluding opinions not disclosed before trial).

02198.51981/5883606.3

-5-   Case No. 12-cv-00630-LHK
SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES RE: CHASE, COCKBURN, GREENBERG, JEFFAY. MACCOUN. MOWRY. RINARD. SCHONFELD. SNOEREN. VELLTURO. AND WIGDOR

### III. SAMSUNG SEEKS TO SEAL CONFIDENTIAL TRIAL EXHIBITS.

Samsung moves to seal portions of certain trial exhibits and demonstratives that are listed in the parties' April 19, 2014 disclosures. The Court has previously found portions of several of the parties' disclosures sealable, and Samsung now moves to seal only the portions of trial exhibits and demonstratives that the Court has not previously addressed. Samsung seeks to seal:

- Financial and sales data (PDX92.86, PDX92.86A, SDX3792[1]); and
- Samsung source code (JX50A[2]).

Additionally, Samsung moves to seal PX2003 and PX2004, which comprise certain confidential business information, because Google may maintain a claim of confidentiality over the exhibits, and DX314A,[3] which includes Microsoft's confidential source code. Samsung expects that Google will file a declaration in support of this brief, but requests that the Court enter an order provisionally sealing the exhibits and demonstratives any such declaration is not filed before the Court issues its order.

Apple has also designated numerous "Other Documents." Samsung expects that in the event that Apple uses any of these additional items during trial Apple will not publicly display or disclose Samsung or third-party confidential information. Samsung reserves its right to move to seal any confidential information in these additional materials if necessary.

---

[1] Samsung previously moved to seal SDX3792 in its High Priority Objection brief filed on April 19, 2014. Dkt. Nos. 1276-39 at 2:9; 1276-40 at 2:16. Though SDX3792 was detailed in Samsung's supporting sealing declaration and listed in Samsung's proposed order, it was inadvertently omitted from the sealing section of Samsung's High Priority Objection brief. Samsung thus respectfully requests that SDX3792 be sealed due to the fact that it contains Samsung's confidential financial and sales data.

[2] The Court previously found certain portions of JX50A sealable, *see* Dkt. 1615, but Samsung now seeks to seal additional pages the parties have disclosed that contain Samsung source code.

[3] The Court has already granted sealing as to DX314, *see* Dkt. No. 1699 at 2, and Microsoft has already filed a declaration in support of sealing DX314, *see* Dkt. No. 1706. As requested by the Court on April 18, 2014, *see* RT 2217:11-15, Samsung prepared a subset of DX314 as DX314A. As DX314A contains no additional data not included in the previously-filed exhibit, DX314, no additional ruling on sealing is required.

02198.51981/5883606.3

-6-   Case No. 12-cv-00630-LHK
SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES RE: CHASE, COCKBURN, GREENBERG, JEFFAY. MACCOUN. MOWRY. RINARD. SCHONFELD. SNOEREN. VELLTURO. AND WIGDOR

| | | |
|---|---|---|
| 1 | DATED: April 20, 2014 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By   */s/ Michael L. Fazio* |
| 4 | | Victoria F. Maroulis<br>Kevin P.B. Johnson |
| 5 | | Michael L. Fazio<br>Attorneys for SAMSUNG ELECTRONICS |
| 6 | | CO., LTD., SAMSUNG ELECTRONICS<br>AMERICA, INC., and SAMSUNG |
| 7 | | TELECOMMUNICATIONS AMERICA, LLC |

02198.51981/5883606.3

-7-   Case No. 12-cv-00630-LHK
SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES RE: CHASE, COCKBURN, GREENBERG, JEFFAY. MACCOUN. MOWRY. RINARD. SCHONFELD. SNOEREN. VELLTURO. AND WIGDOR