| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | WILLIAM F. LEE |
| jkrevitt@gibsondunn.com | william.lee@wilmerhale.com |
| H. MARK LYON (CA SBN 162061) | WILMER CUTLER PICKERING |
| mlyon@gibsondunn.com | HALE AND DORR LLP |
| GIBSON, DUNN & CRUTCHER LLP | 60 State Street |
| 1881 Page Mill Road | Boston, MA 02109 |
| Palo Alto, CA 94304-1211 | Telephone: (617) 526-6000 |
| Telephone: (650) 849-5300 | Facsimile: (617) 526-5000 |
| Facsimile: (650) 849-5333 | |
| HAROLD J. McELHINNY (CA SBN 66781) | MARK D. SELWYN (SBN 244180) |
| hmcelhinny@mofo.com | mark.selwyn@wilmerhale.com |
| JAMES P. BENNETT (CA SBN 65179) | WILMER CUTLER PICKERING |
| jbennett@mofo.com | HALE AND DORR LLP |
| JACK W. LONDEN (CA SBN 85776) | 950 Page Mill Road |
| jlonden@mofo.com | Palo Alto, California 94304 |
| RACHEL KREVANS (CA SBN 116421) | Telephone: (650) 858-6000 |
| rkrevans@mofo.com | Facsimile: (650) 858-6100 |
| RUTH N. BORENSTEIN (CA SBN 133797) | |
| rborenstein@mofo.com | |
| ERIK J. OLSON (CA SBN 175815) | |
| ejolson@mofo.com | |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, California  94105-2482 | |
| Telephone:  (415) 268-7000 | |
| Facsimile:  (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.   12-cv-00630-LHK |
| Plaintiff, | **APPLE'S OBJECTIONS AND RESPONSES TO OBJECTIONS REGARDING  JUSTIN DENISON, NICK DICARLO, JUN WON LEE, TODD MOWRY, RORY SEXTON, TIM SHEPPARD AND ALEX SNOEREN AND MOTION TO SEAL** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

## APPLE'S OBJECTIONS TO SAMSUNG'S DISCLOSURES

**A.    JUSTIN DENISON**

Apple did not make any HPO objections to these counter-designations.

**B.    NICK DiCARLO**

**6/26/13 Dep. at 19:6-11.**  Apple objects to this counter-designation as late disclosed, as it was not included in Samsung's counter-designations for trial.  (*See* Dkt. 1468-1.)

**6/26/13 Dep. at 201:10-11.**  Apple did not make any HPO objections to this designation.

**C.    JUN WON LEE**

Apple did not make any HPO objections to these counter-designations.

**D.    TODD MOWRY**

**DX338.**  This exhibit is a prior art reference that Samsung is asserting against the '647 patent.  This document is irrelevant to Dr. Mowry's testimony in Apple's affirmative case, which will deal with issues on which Apple has the burden of proof, *e.g.*, infringement by Samsung.  To the extent DX338 may become relevant cross-examination material for Dr. Mowry, it will be during his testimony in Apple's rebuttal case against Samsung's invalidity arguments.  To allow cross examination on validity issues during Apple's affirmative case would only serve to confuse the jury and unduly prejudice Apple.

**DX345.**  Samsung has withdrawn this exhibit from its disclosures for this witness.

**10/25/2012 Mowry Rebuttal Expert Report (*Motorola* Litigation).**  This is one of Dr. Mowry's expert reports from the *Motorola* case, in which, as this Court is aware, Judge Posner adopted claim constructions that do not control here.  Cross examining Dr. Mowry on opinions that he rendered under entirely different claim constructions is irrelevant to the issues in this case, where other constructions control.  The Court should reject Samsung's attempted end-run around this Court's order denying Samsung's request to include Judge Posner's *Motorola* constructions in the jury books. (Dkt. 1536; *see also* Dkt. 1521-03; *cf.* Dkt. 1398 at 2 (excluding DX449).)

**E.    RORY SEXTON**

**DX411.**  DX411 is an internal Apple email with a presentation attached.  Mr. Sexton is neither the sender nor recipient of the email.  Apple objects to Samsung's use of DX411 with Mr.

APPLE'S OBJS. AND RESP. RE: DENISON, DICARLO, LEE, MOWRY, SEXTON, SHEPPARD AND SNOEREN AND MOTION TO SEAL
Case No. 12-cv-00630-LHK
sf-3403104

1

1  Sexton because he lacks personal knowledge of the document and thus Samsung cannot lay a
2  foundation for its admission.

3  **DX430.**  Nothing in DX430 suggests that Mr. Sexton has personal knowledge of this
4  internal Apple document, and thus Samsung cannot lay a foundation to admit it through him.  His
5  prior designation as a 30(b)(6) witness may permit Samsung to use his deposition testimony at
6  trial, if designated, but does not serve as a basis to establish personal knowledge sufficient to
7  admit a document through Mr. Sexton when he is appearing at trial in his personal capacity.

8  **SDX2351.**  This slide purports to be derived from DX462, which is an attorney-created
9  summary of articles.  But SDX2351 includes an image from an article which is not a trial exhibit.
10 This image appears nowhere on what Samsung submitted as trial exhibit DX462 (and indeed the
11 slide disclosed by Samsung quotes text that does not even appear in the underlying article).  The
12 Court should reject this attempt to circumvent the exhibit limit.  Separately, SDX2351 purports to
13 characterize a blog and newspaper reports and thus is inadmissible hearsay (or hearsay within
14 hearsay).  If the Court overrules Apple's objections, Apple requests that the jury be given a
15 limiting instruction that they may not consider SDX2351 for the truth of the matters asserted.

16 **F.    TIM SHEPPARD**
17 Samsung did not disclose any counter-designations for Mr. Sheppard.

18 **G.    ALEX SNOEREN**
19 **5/1/12 Snoeren Deposition Transcript and Deposition Exs. 1-4 (1846 Case).**  Dr.
20 Snoeren's deposition testimony and exhibits from the 1846 case (the exhibits are his expert
21 reports from the 1846 case and another lawsuit involving Motorola) relate to entirely different
22 technical subject matter and thus are irrelevant to his testimony on infringement in this case.
23 Moreover, under FRE 403, the waste of time and confusion of the issues that would result from
24 using these materials substantially outweigh their minimal probative value.  (*See, e.g.*, 1846 Dkt.
25 1668 at 3.)

26 **APLNDC630-0000879654.**  This document is not on any exhibit list and should be
27 excluded consistent with the Court's prior orders.  (*See, e.g.*, Dkt. 1554 at 1.)

28 **JX29(1)/JX72.**  Samsung has withdrawn this exhibit from its disclosures for this witness.

APPLE'S OBJS. AND RESP. RE: DENISON, DICARLO, LEE, MOWRY, SEXTON, SHEPPARD AND SNOEREN AND MOTION TO SEAL
Case No. 12-cv-00630-LHK
sf-3403104

2

## APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS

**A.   JUSTIN DENISON**

**7/18/13 Dep. at 7:21-9:07, 7:21-8:02, 20:07-20:14 (FRE 402/403).** Mr. Denison is a Samsung executive who will testify regarding Samsung's corporate entities, Samsung's phones and tablets, and competition. His testimony regarding the design and development of Samsung's products is relevant to infringement, willfulness, and damages. His brief mention of tablets (which are accused) and music players is not confusing, nor is his reference to "writ[ing] a check" when describing the relationship among Samsung's corporate entities. Mr. Denison's testimony regarding copying is a subject that the Court has repeatedly held is relevant to damages. The perceived fairness of competition is also relevant to damages, as it informs how the parties would have approached the hypothetical negotiation.

**All designations (FRE 106).** The parties have resolved this objection.

**B.   NICK DiCARLO**

**6/26/13 Dep. at 192:12-16, 200:17-201:9 (FRE 106, 403).** These designations are clear and complete. At page 192:14-16, Mr. DiCarlo identifies Samsung's largest smartphone competitor in the United States market. His answer is clear without including the list of other competitors that precedes it. Similarly, his testimony at 200:17-201:9 that a particular marketing tactic was a "portion" of Samsung's strategy is clear and does not require the additional comment that the tactic is just "one dimension" of that strategy. If Samsung believes Mr. DiCarlo's additional "one dimension" comment should be heard by the jury, Samsung can play that counter-designation, consistent with the Court's prior counter-designation practice.

**C.   JUN WON LEE**

**PX132.17-22.** PX132 is Apple's presentation from its August 4, 2010 meeting with Samsung at which Apple asked Samsung to stop its unauthorized use of Apple's intellectual property. It was the subject of Samsung's MIL #3, which the Court denied without prejudice. (Dkt. 1398 at 3) and was admitted in its entirety in the 1846 case (1846 Dkt. 1889 (PX52)). Samsung objects to pages 17-22 under FRE 402 and 403, but those pages are highly relevant and there is no risk of unfair prejudice to Samsung, let alone unfair prejudice that substantially

APPLE'S OBJS. AND RESP. RE: DENISON, DICARLO, LEE, MOWRY, SEXTON, SHEPPARD AND SNOEREN AND MOTION TO SEAL
Case No. 12-cv-00630-LHK
sf-3403104

3

outweighs the probative value.  Apple's actual discussions with Samsung (including Apple's request that Samsung stop copying) are highly relevant to the *Georgia-Pacific* analysis, including Factors 4, 5, and 15.  Moreover, these particular pages, which identify specific Samsung products (such as the Galaxy S), are relevant to the issue of notice.  Indeed, Samsung has previously argued that Apple is required to provide notice of the "specifically accused products." (1846 Dkt. 2013 at 23.)  Having made that argument, Samsung cannot deny the relevance of these pages specifically accusing Samsung's Galaxy product line of copying Apple's intellectual property.

**3/7/12 Dep. at 31:15-16, 18-23 and 33:21-24 (FRE 402, 802).**  All of the lines to which Samsung objects were admitted in one or both of the 1846 trials. (*See* 1846 Dkt. 1887-1; Dkt. 2797-1.)  These lines are not offered to prove the truth of matters asserted.  Rather, Apple's communication to Samsung that Apple believed Samsung had copied Apple's products is relevant to the hypothetical negotiation and to provide context for the notice presentation that Mr. Lee's testimony authenticates (PX132).  The Court previously held that "the probative value of Apple's allegations of copying is not substantially outweighed by unfair prejudice to Samsung," when overruling Samsung's objections to this testimony. (1846 Dkt. 2721 at 6.)

### D. TODD MOWRY

**JX53.**  This is a *joint* exhibit: Android open source code.  Contrary to Samsung's objection, Dr. Mowry discussed his reliance upon the open source code at length in his expert report, as well as the similarities and differences between the open source code and the Samsung proprietary code.  (*See, e.g.*, Declaration of Ruth N. Borenstein ("Borenstein Decl.") Ex. 1 ¶¶ 44, 87, 89-90, 98-100, 108-09, 133 (n.16), 177-78, 296-97.)  Dr. Mowry also disclosed the location where he accessed the open source code. (*See id.* Ex. 1 ¶ 89.)  For these reasons, Samsung's FRE 702 "not based on sufficient facts" objection makes no sense.

**PDX88.39.**  This demonstrative includes excerpts of the '647 patent relating to the claim term "linking."  The demonstrative does not argue an issue of law.  "Linking" is a '647 claim term that the Court has not construed, and thus it is accorded its plain and ordinary meaning.  *See ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 520 (Fed. Cir. 2012).  That is the meaning Dr. Mowry will apply.  Contrary to Samsung's objection, Dr. Mowry disclosed in his expert report

APPLE'S OBJS. AND RESP. RE: DENISON, DICARLO, LEE, MOWRY, SEXTON, SHEPPARD AND SNOEREN AND MOTION TO SEAL
Case No. 12-cv-00630-LHK
sf-3403104

4

1  that he was applying the plain and ordinary meaning to terms (such as "linking") not construed by
2  the Court (Borenstein Decl., Ex. 1 ¶¶ 49-52), and that, in his opinion, the plain and ordinary
3  meaning of "linking" in the context of the '647 patent is "associating" (*id.* Ex. 1 ¶¶ 79-83). To
4  the extent Samsung disagrees with this interpretation, it may cross examine Dr. Mowry.
5       **PDX88.18.** The parties have resolved this objection.
6  **E.   RORY SEXTON**
7       Samsung did not make any HPO objections for Mr. Sexton.
8  **F.   TIM SHEPPARD**
9       Samsung did not make any HPO objections to these designations.
10 **G.   ALEX SNOEREN**
11      **PDX91.66.** Apple has withdrawn this document from its disclosures for this witness.
12      **PDX91.31.** This animated demonstrative illustrates how multiple threads are "active"
13 during an overlapping time period, with only one thread running on the CPU at any given time, as
14 required by the asserted claim of the '414 patent. Dr. Snoeren discussed that concept at length in
15 his expert report. (*See, e.g.*, Borenstein Decl., Ex. 2 ¶ 375 ("[I]t is entirely possible that the
16 hardware is actually only executing one thread at a time, and switching back and forth between
17 these threads in rapid succession.").) Indeed, Dr. Snoeren specifically discussed switching among
18 "running," "ready," and "waiting" threads in his report, as illustrated in PDX91.31. (*Id.* Ex. 2
19 ¶¶ 397, 456.) Dr. Snoeren stated in his report that he "may create or assist in the creation of
20 certain demonstrative exhibits to assist me in testifying." (*Id.* ¶ 5.) That is precisely what
21 PDX91.31 is, an illustration of a concept discussed at length in Dr. Snoeren's expert report.

22                    **SEALING OF EXHIBITS (SEXTON, MOWRY, SNOEREN)**
23      For the reasons stated in the Declaration of Ruth N. Borenstein in Support of Sealing
24 Materials that Apple and Samsung May Use During the Examinations of Sexton, Mowry and
25 Snoeren, Apple requests the Court seal exhibits DX411, DX415, DX430 and PX128, and Apple's
26 Supplemental Responses to Interrogatories Nos. 25, 26, 41, 42 (dated 10-4-2013), in whole or in
27 part. Apple also notifies the Court that Samsung seeks to use portions of DX413, which the
28 Court already sealed. (*See* Dkt. 1580.)

| | | |
|---|---|---|
| 1 | Dated: April 5, 2014 | MORRISON & FOERSTER LLP |
| 3 | | By: */s/ Rachel Krevans* |
| 4 | | Rachel Krevans |
| 5 | | Attorneys for Plaintiff APPLE INC. |

APPLE'S OBJS. AND RESP. RE: DENISON, DICARLO, LEE, MOWRY, SEXTON, SHEPPARD AND SNOEREN AND MOTION TO SEAL
Case No. 12-cv-00630-LHK
sf-3403104

6