JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   12-cv-00630-LHK<br><br>**APPLE'S BRIEF REGARDING THE PARTIES' PROPOSED VERDICT FORMS**<br><br>Date:  TBD<br>Time:  TBD<br>Place: Courtroom 8, 4th<br>Floor: Hon. Lucy H. Koh |

Samsung's 29-page Proposed Verdict Form (Dkt. 1642) is precisely the type of overly-complicated form that Samsung proposed—and the Court rejected—in the 1846 case. The Court should adopt Apple's Proposed Verdict Form (Dkt. 1641-1), which tracks the 1846 forms.

Samsung's form also misrepresents the accused products in this case by trying to limit the totality of products that Apple has accused to the physical devices in evidence. In each question about an Apple Patent, the Samsung form identifies a Samsung product and then refers to "Accused Versions:" followed by the exhibit numbers for one or more illustrative physical devices in evidence. This is improper: *The Samsung products accused of infringement include all devices with specific hardware and software builds, regardless of whether there is an identical illustrative physical device in evidence.* Documents such as PX222A and PX300 identify the accused products and builds, and Apple has offered documents and testimony establishing that (a) all accused products infringe and (b) the physical exhibits are representative of these accused products. Samsung's attempt to limit the jury's infringement findings and damages award to the physical exhibits in evidence reprises its JMOL argument that Apple failed to offer evidence of infringement by any device other than the representative products discussed at trial. Just as the Court denied Samsung's JMOL motion, it should reject Samsung's verdict form.

Finally, while Samsung's form acknowledges the need to break out damages by time period for the Galaxy SII products that also are at issue in the 1846 case, it fails to identify all three relevant time periods.

## I. SAMSUNG PROPOSES THE SAME KIND OF OVERLY-COMPLICATED VERDICT FORM THAT THE COURT REJECTED IN THE 1846 CASE.

Samsung's 29-page verdict form would require the jury to make 491 individual decisions, a clear attempt to create jury confusion and inconsistencies that could require a new trial. The Court rejected Samsung's similarly overly-complex verdict form in the 1846 case. For example, the Court rejected Samsung's request to break out infringement questions for the '381 patent by specific applications. (1846 Dkt. 1998 at 3848:6-3849:4; *see also* 1846 Dkt. 1219 (Samsung's original proposed verdict form).) Yet Samsung's proposed form in this case asks a total of nine questions concerning whether Samsung has infringed claim 9 of the '647 patent, six concerning

the Browser application and three concerning the "Messenger" application. (Dkt. 1642 at 14-22 (Questions 16-24).) Similarly, the Court rejected Samsung's 1846 case proposal to break down damages by theory and by patent, explaining: "I don't want a matrix that's so complicated." (1846 Dkt. 1998 at 3854:10-11; *see id.* at 3852:24-3856:10.) Yet Samsung again proposes to break down damages by theory and by patent. (Dkt. 1642 at 25-26 (Questions 30-31).) Apple's proposed form is modeled on the actual 1846 case verdict forms. (*Compare* 1846 Dkt. 1890 & 2631, *with* 630 Dkt. 1641-1.) There is no reason to depart from this approach. (*Cf.* Dkt. 1158 at 2 (Court will adopt jury instructions from 1846 case "absent a compelling reason to depart").)

## II. SAMSUNG IMPROPERLY SEEKS TO LIMIT THE JURY'S INFRINGEMENT FINDINGS TO SPECIFIC PHYSICAL PHONES IN EVIDENCE.

Apple's Amended Complaint identified the accused Samsung products, and its infringement contentions identified the specific accused versions of each product. (*E.g.* Dkt. 261 ¶ 16; Dkt. 526-4 at Ex. A5 n.1.) Dr. Vellturo's report identified the accused products and the relevant chart is included as page 7 of PX222A. Further information about each is included in PX300 (Samsung's Response to Apple's Interrogatory No. 41) and PX142 (Summary of Samsung's Sales). Apple introduced physical devices sufficient to illustrate for the jury the combinations of devices and software that were sold during the relevant period of time. As Apple successfully argued in defeating JMOL, the record contains evidence that a range of Samsung builds—not just the specific physical devices in evidence—infringes each patent. (*See* Dkt. 1670 at 2-3.) Apple's JMOL opposition cited to testimony from Apple's technical experts identifying groups of Samsung devices that infringe each of Apple's asserted patents—none of the identified groups was limited to the representative devices that Apple introduced as exhibits. (*See id.*) Instead, Apple's witnesses described the physical devices they testified about as representative examples of the behavior that, according to their testimony and Samsung's admissions, is common to all devices with certain builds.[1] Each expert testified that he analyzed all the accused

---

[1] *See, e.g.*, Dkt. 1623 (4/4/2014 Tr.) at 651:9-654:16, 656:19-22 (Cockburn re '721 patent); Dkt. 1624 (4/7/2014 Tr.) at 833:1-834:11, 838:13-839:20, 841:12-843:11 (Mowry re '647 patent); *id.* at 933:9-934:11, 941:5-15, 942:7-12, 943:17-25, 947:2-5 (Snoeren re '959 patent); *id.* at 933:9-934:11, 968:25-969:20 (Snoeren re '414 patent).

devices.

Consistent with the evidence, Apple's proposed form refers to accused products by product name and identifies "Representative Exhibits." The listed Representative Exhibits are physical devices that allow the jury to observe the performance of devices that, according to the evidence, exemplify the infringing combinations of product and software. Apple identified the Representative Exhibits for each patent based on whether the particular device in evidence demonstrates the accused feature for that patent.[2] But consistent with the record discussed above, those physical devices are simply a subset of the full range of accused products at issue.

In contrast, Samsung's proposed form seeks to limit the jury's infringement findings to the specific physical devices in evidence by wrongly identifying those devices as the sole "Accused Versions" of each product. (Dkt. 1642, Questions 1-3, 6-8, 11-13, 16-24, 31-32.) As discussed above and recognized in the Court's order denying Samsung's JMOL motion, restricting the jury's findings to those specific exhibits would be inconsistent with the evidence of the full range of accused products. The Court should therefore reject Samsung's proposed form.

### III. THE COURT SHOULD USE APPLE'S QUESTION 9.B

Apple's Question 9.b breaks down damages for Galaxy S II products for three time periods, which will allow sufficient detail about any damages award for those products in this case to ensure that there is no double recovery of judgments. (*See* Dkt. 1424 at 20-21 & n.9.) Samsung's Question 32 fails to break out the period from July 1, 2012 through August 24, 2012, for which there is no possible overlap of damages. (*See id.*)[3]

---

[2] Some physical devices in evidence are listed as Representative Exhibits for only one patent, others are listed for multiple patents, and some are not listed as Representative Exhibits at all. A physical device in evidence is not listed as a Representative Exhibit for a particular patent if either (1) it is an example of an accused product that is not accused of infringing that patent, or (2) as currently configured (due to, for example, inadvertent software updates), it does not show the accused feature of a patent, even though the evidence in the record establishes that the accused product infringes.

[3] Apple's amended form, submitted herewith, updates the products at issue in Questions 11-12 and also revises Question 6 (contributory negligence) to ask only about actions of SEC (and not SEA or STA), as in Apple's Question 5 (inducement).

Dated: April 21, 2014                           MORRISON & FOERSTER LLP

By: */s/ Rachel Krevans*
    Rachel Krevans

    Attorneys for Plaintiff
    APPLE INC.

APPLE'S BRIEF RE PARTIES' PROPOSED VERDICT FORMS
CASE NO. 12-cv-00630-LHK
sf-3407117                                                                    4