QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar. No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S STATEMENT REGARDING THE PARTIES' PROPOSED VERDICT FORMS** |

Pursuant to the Court's April 15, 2014 request (Apr. 15, 2014 Trial Tr. at 2045:6-14), Samsung submits this statement in support of Samsung's Proposed Verdict Form (Dkt. 1642).

## I.   THE VERDICT FORM SHOULD SPECIFY THE INTERFACE OF EACH DEVICE ACCUSED OF INFRINGING THE '721 PATENT

Samsung's proposed verdict form for products accused of infringing Apple's '721 patent provides additional detail about the type of interface used by each accused device, mirroring language offered by both parties' experts at trial. (Dkt. 1642 at 6-8.) There are numerous interfaces for devices accused of infringing the '721 patent, some of which, such as the Galaxy Nexus, vary by Android release version. Samsung's proposal will provide the jury the necessary information to differentiate between the accused interfaces and resolve confusion during deliberations.

## II.   THE VERDICT FORM FOR THE '647 PATENT SHOULD SPECIFY THE ACCUSED APPLICATION

Samsung's proposed verdict form for Apple's '647 patent is divided by accused application and, in the case of the Browser application, by Android version. (Dkt. 1642 at 14-22.) Apple's form lacks the requisite level of specificity. Apple's expert Dr. Mowry testified that there are four "Representative Product Groupings" which vary by Android version and accused application. Samsung's proposed verdict form captures those groupings: the Messenger application, the Browser application on devices running the Gingerbread or Ice Cream Sandwich versions of Android, and the Browser application on devices running the Jelly Bean version of Android. (*Id.*)

## III.   THE JURY SHOULD SPECIFY DAMAGES BY PATENT, PRODUCT, AND THEORY

Apple's proposal will again force the parties and the Court to engage in reverse engineering, which Apple wrongly claims is prohibited. Samsung's proposal, by contrast, will ease review by this and appellate courts, should any damages be awarded to either party.

Patent and Product Specificity. Samsung's proposed verdict form breaks out damages by patent and accused products. Apple's proposed verdict form does not, rather including only an entry for total damages for all patents. (*Compare* Dkt. 1641-1 at 8 *with* Dkt. 1642 at 25-26.) Similar to Samsung, Apple has consistently proposed breaking out damages by product. (*See* Dkt. 1339, Ex. A at 9, 12; Dkt. 1641-1 at 8, 10). The parties' only dispute is whether the damages

calculations should further be broken down by patent. Any damages awarded by the jury should specify both the patent and accused products to provide the basis for those damages. Apple originally agreed with this approach: in the parties Joint Submission Regarding Proposed Form of Verdict (Dkt. 1339), Apple included the below question relating to Samsung's patents, reflecting Apple's belief that patent damages should be broken down by patent in addition to by product:

**15.** **For the total dollar amounts in your answers to Question 14, please provide the breakdown by patent:**

'087 Patent: $_____

'596 Patent: $_____

'239 Patent: $_____

'449 Patent: $_____

(*Id.*, Ex. A at 12.) Apple has since eliminated this question from its proposed verdict form. (*Compare id. with* Dkt. 1641-1 at 10.)

Samsung's product/patent proposal will provide the parties and the Court with critical information concerning the jury's damages award, if any. This will allow the parties and the Court to assess the accuracy of the jury's calculations as well as any award's relationship to the parties' damages theories. For instance, Apple's damages expert Dr. Vellturo provided detailed calculations on a per-patent and per-product basis for all of the damages theories he presented to the jury. The per-patent and per-product specificity that Samsung seeks would increase the ability of the parties to confirm any damages award does not exceed the scope of the damages requested by either party, reducing the likelihood of an improper windfall. Moreover, Samsung's request would only nominally increase the burden on the jury, as both parties already agree the verdict form should break out damages award by product.[1]

---

[1] Alternatively, the Court could adopt a verdict form question similar to the question Apple included for Samsung's patents in its portion of the Joint Submission Regarding Proposed Form of Verdict, quoted above. (*See* Dkt. 1339, Ex. A at 12.) This alternative question would simply request the jury to divide its total damages award, if any, among any patents it found valid and infringed. This less comprehensive alternative would add a single short question to the jury's verdict form.

1          <u>Theory of Damages Specificity</u>. Samsung's proposed verdict form also divides damages

2    between lost profits and reasonable royalty. Apple's verdict form ignores that distinction and only

3    calls for total damages. (*Compare* Dkt. 1641-1 at 8 *with* Dkt. 1642 at 25 (Question No. 30).). Yet,

4    Apple is well aware that the legal test and required proof are different for the lost profits and

5    reasonably royalties. Samsung requests that the verdict form include the two forms of damages

6    presented by Apple and Dr. Vellturo, lost profits and reasonable royalty. (Dkt. 1642 at 25.)

7    Samsung's format provides the Court with the means to review any damages awarded by the jury

8    for sufficient support by evidence and testimony under either theory.

9          In addition to allowing the Court to better assess the legitimacy of the jury's awards,

10   requiring the jury to be specific about the basis for its awards (if any) may also help limit the

11   scope of a new trial, should one become necessary. If the jury's damages awards are

12   undifferentiated, errors or flaws in the verdicts as to one patent may require a new trial as to all

13   patents, at least on damages. *See Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295,

14   1310 (Fed. Cir. 2007). By requiring the jury to allocate the portion of its awards by patent, the risk

15   that such a broadened new trial will be needed can be minimized.

16   **IV.    <u>ONLY TWO TIME PERIODS ARE RELEVANT TO GALAXY S II DAMAGES</u>**

17         The Court has already indicated that the verdict form should specify the time period of any

18   damages for Samsung's Galaxy S II products to avoid a double recovery. Mar. 5, 2014 Hr'g Tr. at

19   24. Apple was already awarded damages for infringement by the Galaxy S II products in the first

20   case, and is not entitled to overlapping damages here. *Id.* The parties disagree as to the time

21   periods that should be included. Samsung proposes two time periods should be presented to the

22   jury: August 1, 2011 through August 24, 2012, the date of the verdict in the 1846 case, and August

23   25, 2012 to present. (Dkt. 1642 at 26.) Apple proposes a contrived third time period, prior to the

24   verdict in the 1846 case, for which it claims it has not already recovered damages. (Dkt. 1641-1 at

25   8). Apple's position is contrary to this Court's ruling in the 1846 case that Apple was awarded

26   damages through August 25, 2012 (1846 Case, Dkt. 2271 at 3), and imposes an unnecessary

27   burden on a jury already tasked with deciding many difficult questions.

28

1    DATED: April 21, 2014        QUINN EMANUEL URQUHART &
2                                 SULLIVAN, LLP

3                           By */s/ Victoria F. Maroulis*
4                                Victoria F. Maroulis
5                                Kevin P.B. Johnson
6                                Michael L. Fazio
7                                Attorneys for SAMSUNG ELECTRONICS
                                CO., LTD., SAMSUNG ELECTRONICS
                                AMERICA, INC., and SAMSUNG
                                TELECOMMUNICATIONS AMERICA, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28