QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar. No. 108542)
williamprice@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>             Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>             Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S BRIEF REGARDING EVIDENCE OF APPLE'S DROPPED INVALIDITY CASE** |

Apple dropped its invalidity challenge to Samsung's patents days before trial so it can argue to the jury that the USPTO never makes mistakes.  It argued so in the opening (Dkt. 1584 at 340:21-341:9) and continued to imply with multiple witnesses that any suggestion of invalidity must mean the PTO "made a mistake."  (Dkt. 1716 at 1720:10-12 (Lars Frid-Nielsen); Dkt. 1717 at 1944:11-22 (Dr. Martin Rinard), 1855:15-16 (Brewster Kahle), 1869:2-3 (Ulrich Pfeifer).) Apple also asked each patentee witness whether the Patent Office "did the right thing" by granting their patents.  (Dkt. 1716 at 1720:16-18 (Lars Frid-Nielsen); Dkt. 1717 at 1822:10-18 (Dr. Kevin Jeffay), 1856:6-8 (Brewster Kahle), 1943:23-24 (Dr. Martin Rinard); 4/18 Tr. at 2251:11-13 (Dr. Jeffrey Chase).)  This strategy culminated during cross-examination of Samsung's '721 expert, Dr. Saul Greenberg, whom Apple first asked to admit that "we're basically here second-guessing the decision that was made by these examiners," and then that "the examiners who issued this patent were simply hardworking government officials doing their job as well as they knew best." (*Id.* at 1989:7-8; 1998:20-22.)  All of these questions were deliberately calculated to mislead and confuse the jury into thinking that the PTO's decisions on validity are foolproof.

Now that Apple has opened the door, the Court should allow Samsung to respond by explaining that Apple itself asserted that the PTO "made a mistake" when it granted the '449 and '239 patents until *three days before trial*, when Apple reversed field and dropped its invalidity case.  (Dkt. 1527.)  Should the Court bar Samsung from explaining Apple's eleventh-hour reversal, Samsung would suffer prejudice and the jury would hear only Apple's one-sided story.

No other dropped claim, defense, or product is relevant to the parties' remaining claims and defenses.  Moreover, this ruling should not require a broader admission of evidence regarding dropped claims.  Although the parties have dropped at least twenty asserted claims and dozens of accused products (*see, e.g.,* Dkt. 467; Dkt. 645; Dkt. 1727-5), the Court has succeeded in keeping out evidence of unasserted claims and unaccused products in the past.  Without making any anticipatory rulings, the Court can continue to admit relevant evidence where necessary without allowing evidence on unasserted claims and products.

| | |
|---|---|
| DATED: April 21, 2014 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By */s/ Victoria F. Maroulis* |
| | Charles K. Verhoeven |
| | Victoria F. Maroulis |
| | Kevin P.B. Johnson |
| | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

01980.52084/5885322.3

-2-  Case No. 12-cv-00630-LHK
SAMSUNG'S BRIEF REGARDING EVIDENCE OF APPLE'S DROPPED INVALIDITY CASE