JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   12-cv-00630-LHK<br><br>**APPLE INC.'S BRIEF REGARDING THEORIES NO LONGER ASSERTED** |

1    The Court should exclude any discussion of Apple's invalidity theories, which Apple is
2 not pursuing at trial, because they are irrelevant to any issue remaining in the case, and
3 introducing the history of these theories would cause jury confusion and waste time.
4 Discussion of abandoned invalidity theories would also invite satellite litigation concerning the
5 reasons that Apple chose not to pursue them at trial.  Moreover, Apple would be prejudiced by
6 allowing Samsung to address the history of Apple's invalidity theories now because Mr.
7 Freeman and Dr. Schoenfeld have already testified and been excused, and Apple would have no
8 opportunity to cross-examine those witnesses on these issues (or the additional issues relating to
9 the '239 patent discussed below).  Discussion of Apple's past invalidity theories would
10 unnecessarily complicate an already complex case.

11    Apple did not open the door to discussion of invalidity theories asserted earlier in the
12 case.  As originally proposed *by Samsung* (*see* Selwyn Decl. Exs. 1, 2), the Court instructed the
13 jury that "Apple does not argue that Samsung's patents are invalid." Dkt. 1542 at 22.  The
14 statements from Apple's opening echo—and explicitly refer to—the Court's preliminary
15 instruction.  Dkt. 1622 at 340:21-22 ("Now, at this trial you will not hear Apple argue, *as her*
16 *Honor has said*, that these two patents are invalid.").  Samsung should not now be permitted to
17 create confusion by presenting evidence of Apple's past invalidity theories, when it previously
18 insisted that the jury should be instructed that Apple would present no such theories.

19    However, if the Court permits discussion of Apple's invalidity defenses, Apple should be
20 permitted to present evidence as to why Apple withdrew them (*i.e.*, Apple believes the evidence
21 of non-infringement is sufficiently strong so as to justify not wasting limited trial time pursuing
22 an invalidity defense).  Further, if the door is opened to evidence regarding the timing of
23 withdrawn claims and defenses, that door must swing both ways.  In fairness, Apple should be
24 allowed to discuss Samsung's voluntary dismissal of its claims that Apple infringed two standard
25 essential patents and claim 1 of the '239 patent just weeks before trial (*see* Dkt. 1419; Selwyn
26 Decl. Ex. 3), and Samsung's abandonment, after three weeks of trial, of its allegations that
27 Apple's iPad products and the iPhone 4's FaceTime functionality infringe the '239 patent
28 (Selwyn Dec. Ex. 4).

APPLE INC.'S BRIEF REGARDING THEORIES NO LONGER ASSERTED
Case No. 12-cv-00630-LHK                                                                                          1

| | | |
|---|---|---|
| 1 | Dated: April 21, 2014 | WILMER CUTLER PICKERING HALE AND DORR LLP |

By:  */s/ Mark D. Selwyn*
     Mark. D. Selwyn

Attorneys for Plaintiff
APPLE INC.