# EXHIBIT 1

**From:** Todd Briggs [mailto:toddbriggs@quinnemanuel.com]
**Sent:** Thursday, March 27, 2014 11:59 AM
**To:** Prussia, Kevin S; Samsung NEW
**Cc:** 'Apple630MoFoTeam (Apple630MoFoTeam@mofo.com)'; WH Apple Samsung NDCal II Team; "*** Apple/Samsung' (Apple/Samsung@gibsondunn.com)'
**Subject:** RE: Apple v. Samsung (630) -- invalidity

Kevin,

Here are our proposed redlines to the jury instructions and verdict forms.

Todd

**From:** Prussia, Kevin S [mailto:Kevin.Prussia@wilmerhale.com]
**Sent:** Thursday, March 27, 2014 9:25 AM
**To:** Todd Briggs; Samsung NEW
**Cc:** 'Apple630MoFoTeam (Apple630MoFoTeam@mofo.com)'; WH Apple Samsung NDCal II Team; "*** Apple/Samsung' (Apple/Samsung@gibsondunn.com)'
**Subject:** RE: Apple v. Samsung (630) -- invalidity

Hi Todd,

Here's the Word version of the proposed final jury instructions that was filed on the 13th.  I believe that your team filed the proposed preliminary instructions.

Kind regards,
Kevin

**Kevin S. Prussia | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6243 (t)
+1 617 526 5000 (f)
kevin.prussia@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all

copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Todd Briggs [mailto:toddbriggs@quinnemanuel.com]
**Sent:** Thursday, March 27, 2014 12:20 PM
**To:** Prussia, Kevin S; Samsung NEW
**Cc:** 'Apple630MoFoTeam (Apple630MoFoTeam@mofo.com)'; WH Apple Samsung NDCal II Team; "*** Apple/Samsung' (Apple/Samsung@gibsondunn.com)'
**Subject:** RE: Apple v. Samsung (630) -- invalidity

Kevin,

I understand that Apple had the last word version of the joint and final jury instructions before they were filed with the Court.  We only have the filed pdf.  Can you please send the word version to us so we can redline it?

Thanks, Todd


**From:** Prussia, Kevin S [mailto:Kevin.Prussia@wilmerhale.com]
**Sent:** Wednesday, March 26, 2014 7:42 PM
**To:** Todd Briggs; Samsung NEW
**Cc:** 'Apple630MoFoTeam (Apple630MoFoTeam@mofo.com)'; WH Apple Samsung NDCal II Team; "*** Apple/Samsung' (Apple/Samsung@gibsondunn.com)'
**Subject:** RE: Apple v. Samsung (630) -- invalidity

Great, thanks.

**Kevin S. Prussia | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6243 (t)
+1 617 526 5000 (f)
kevin.prussia@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Todd Briggs [mailto:toddbriggs@quinnemanuel.com]
**Sent:** Wednesday, March 26, 2014 10:42 PM
**To:** Prussia, Kevin S; Samsung NEW
**Cc:** 'Apple630MoFoTeam (Apple630MoFoTeam@mofo.com)'; WH Apple Samsung NDCal II Team; "*** Apple/Samsung' (Apple/Samsung@gibsondunn.com)'
**Subject:** RE: Apple v. Samsung (630) -- invalidity

Ok.  Noon pacific works for us.


**From:** Prussia, Kevin S [mailto:Kevin.Prussia@wilmerhale.com]
**Sent:** Wednesday, March 26, 2014 7:36 PM
**To:** Todd Briggs; Samsung NEW
**Cc:** 'Apple630MoFoTeam (Apple630MoFoTeam@mofo.com)'; WH Apple Samsung NDCal II Team; "*** Apple/Samsung'

2

(Apple/Samsung@gibsondunn.com)'
**Subject:** RE: Apple v. Samsung (630) -- invalidity

Todd,

We'll be able to exchange tomorrow; not tonight.

Thanks,
Kevin

**Kevin S. Prussia | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6243 (t)
+1 617 526 5000 (f)
kevin.prussia@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Todd Briggs [mailto:toddbriggs@quinnemanuel.com]
**Sent:** Wednesday, March 26, 2014 10:16 PM
**To:** Prussia, Kevin S; Samsung NEW
**Cc:** 'Apple630MoFoTeam (Apple630MoFoTeam@mofo.com)'; WH Apple Samsung NDCal II Team; '*** Apple/Samsung' (Apple/Samsung@gibsondunn.com)'
**Subject:** RE: Apple v. Samsung (630) -- invalidity

Kevin,

Will you please send us word redlines that reflect your proposed changes to the jury instructions and verdict forms this evening.

Thanks, Todd

**From:** Prussia, Kevin S [mailto:Kevin.Prussia@wilmerhale.com]
**Sent:** Wednesday, March 26, 2014 5:35 PM
**To:** Samsung NEW
**Cc:** Apple630MoFoTeam (Apple630MoFoTeam@mofo.com); WH Apple Samsung NDCal II Team; '*** Apple/Samsung' (Apple/Samsung@gibsondunn.com)
**Subject:** Apple v. Samsung (630) -- invalidity

Counsel,

Apple will not argue at trial that claim 27 of the '449 patent or claim 15 of the '239 patent is invalid.  Apple proposes that the parties exchange revised jury instructions and verdict forms to reflect this change.  Apple proposes tomorrow at noon pacific so that the documents can be jointly filed with the Court by close of business.  Please let us know if Samsung agrees to that schedule.

Kind regards,
Kevin

3

**Kevin S. Prussia | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6243 (t)
+1 617 526 5000 (f)
kevin.prussia@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**20.     SUMMARY OF PATENT CONTENTIONS**

To help you follow the evidence, I will now give you a summary of the positions of the parties with respect to the patent claims.

The parties in this case are Apple, Inc., which we will refer to as "Apple" and Samsung Electronics Company Ltd., Samsung Electronics America Inc., and Samsung Telecommunications America LLC, which I will refer to collectively as "Samsung" unless I think it is important to distinguish between these entities for the purposes of a specific instruction. You must decide the case as to Samsung Electronics Company, Samsung Electronics America, and Samsung Telecommunications America separately regardless of whether I refer to them collectively as "Samsung" or individually. The case involves five United States patents owned by Apple and two United States patents owned by Samsung.

Apple filed this lawsuit against Samsung, seeking money damages from Samsung for allegedly infringing the '647, '959, '414, '721, and '172 patents by making, importing, using, selling and/or offering for sale the tablet and smartphone products that Apple argues are covered by claim 9 of the '647 patent, claim 25 of the '959 patent, claim 20 of the '414 patent, claim 8 of the '721 patent, and claim 18 of the '172 patent. Apple also argues that Samsung Electronics Company actively induced Samsung Electronics America Inc. and Samsung Telecommunications America LLC to infringe. Apple contends that Samsung's infringement has been willful.

Samsung denies that it has infringed the asserted claims of the '647, '959, '414 and '721 patents and argues that, in addition, the asserted claims are invalid. Invalidity is a defense to infringement.

Your duty for Apple's '172 patent is different from the other patents. The Court has already found that the Admire, Galaxy Nexus, Galaxy Note (excluding one release), Galaxy SII (excluding one release), Galaxy SII Epic 4G Touch (excluding one release), Galaxy SII Skyrocket (excluding one release), and Stratosphere infringe claim 18 of the '172 patent. You need only determine whether claim 18 is invalid.

Samsung has also brought claims against Apple for patent infringement. Samsung seeks money damages from Apple for allegedly infringing the '449 and '239 patents by making, importing, using, selling and/or offering for sale Apple's (1) certain iPhone and iPod touch products that Samsung argues are covered by claim 27 of the '449 patent; and (2) certain iPhone and iPad products that Samsung argues are covered by claim 15 of the '239 patent. Samsung also contends that Apple's infringement has been willful.

Your duty for Samsung's '449 and '239 patents is different from the other patents. Apple does not challenge the validity of these patents. Therefore, you need only determine whether the '449 and '239 patents are infringed and whether that infringement has been willful. ~~Apple denies that it has infringed the claims asserted by Samsung and argues that the claims asserted by Samsung are invalid. Invalidity is a defense to infringement.~~

In this case, Apple does not contend that it practices the '414, '172, or '959 patents, and Samsung does not contend that it practices the '449 patent.

For each party's patent infringement claims against the other, the first issue you will be asked to decide is whether the alleged infringer has infringed the claims of the patent holder's patents. ~~and whether those patents are valid~~ For Apple's patents, you must then determine if those patents are invalid. If you decide that any claim of either party's patents has been infringed and, for Apple's patents, is not invalid, you will then need to decide any money damages to be awarded to the patent holder to compensate it for the infringement. You will also need to make a finding as to

02198.51990/5832162.3

1  whether the infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damage award you give.  I will take willfulness into account later.

2

3  Before you decide whether either party has infringed the other's patents, or whether ~~those~~ Apple's patents are invalid, you will need to understand the patent claims.  As I mentioned, the patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's

4  protection.  It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

5

6  I have already determined the meaning of certain terms of the claims of some of the patents at issue.  You will be asked to apply my definitions of these terms in this case.  However, my interpretation of the language of the claims should not be taken as an indication that I have a view

7  regarding issues such as infringement (except for Apple's '172 patent) and invalidity of Apple's patents.  Those issues are yours to decide.  I will provide you with more detailed instructions on

8  the meaning of the claims before you retire to deliberate your verdict.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02198.51990/5832162.3