| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | WILLIAM F. LEE (*pro hac vice*) |
| jkrevitt@gibsondunn.com | william.lee@wilmerhale.com |
| H. MARK LYON (CA SBN 162061) | WILMER CUTLER PICKERING |
| mlyon@gibsondunn.com | HALE AND DORR LLP |
| GIBSON, DUNN & CRUTCHER LLP | 60 State Street |
| 1881 Page Mill Road | Boston, Massachusetts  02109 |
| Palo Alto, California  94304-1211 | Telephone:  (617) 526-6000 |
| Telephone:  (650) 849-5300 | Facsimile:  (617) 526-5000 |
| Facsimile:  (650) 849-5333 | |
| HAROLD J. McELHINNY (CA SBN 66781) | MARK D. SELWYN (CA SBN 244180) |
| hmcelhinny@mofo.com | mark.selwyn@wilmerhale.com |
| JAMES P. BENNETT (CA SBN 65179) | WILMER CUTLER PICKERING |
| jbennett@mofo.com | HALE AND DORR LLP |
| JACK W. LONDEN (CA SBN 85776) | 950 Page Mill Road |
| jlonden@mofo.com | Palo Alto, California  94304 |
| RACHEL KREVANS (CA SBN 116421) | Telephone:  (650) 858-6000 |
| rkrevans@mofo.com | Facsimile:  (650) 858-6100 |
| RUTH N. BORENSTEIN (CA SBN 133797) | |
| rborenstein@mofo.com | |
| ERIK J. OLSON (CA SBN 175815) | |
| ejolson@mofo.com | |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, California  94105-2482 | |
| Telephone:  (415) 268-7000 | |
| Facsimile:  (415) 268-7522 | |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK<br><br>**DECLARATION OF PETER J. KOLOVOS REGARDING SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

I, Peter J. Kolovos, hereby declare as follows:

1.      I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned litigation. I am licensed to practice law in the Commonwealth of Massachusetts, and have been admitted *pro hac vice* in this action. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2.      Samsung filed an Administrative Motion to File Documents Under Seal relating to Samsung's High Priority Objections and Responses Regarding Exhibits and Demonstratives Disclosed for Chevalier, Freeman, Kearl, Parulski, Rao, Schonfeld, Garcia, Hong, Mazur, Millet, and Storer ("Samsung's HPO Brief") (Dkt. No. 1726) and Exhibits A, B, C, E, F and G to the Declaration of Michael L. Fazio in Support of Samsung's HPO Brief ("Fazio Declaration") (Dkt. No. 1726-4).

3.      Samsung's HPO Brief contains a list of source code file names. The following portions of Samsung's HPO Brief identify specific source code file names:

| Page | Lines |
|------|-------|
| 2    | 24-27 |
| 3    | 1; 3  |

Accordingly, these portions of Samsung's HPO Brief should be sealed. As this Court has previously held, "[c]onfidential source code clearly meets the definition of a trade secret" and is sealable under the "compelling reasons" standard (Case No. 11-cv-1846, Dkt. No. 2190 at 3 (Dec. 10, 2012), Dkt. No. 2046 at 3 (Oct. 16, 2012), Dkt. No. 1649 at 8 (Aug. 9, 2012) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)). The specific Apple technical information at issue here is nonpublic. In this litigation, source code is treated with the utmost confidentiality and additional restrictions regarding its protection were implemented (*See* Dkt. No. 512 at ¶ 11; Declaration of Cyndi Wheeler, Dkt. No. 803-2). The technical information at issue here, derived from or related to source code, is similar to other information the Court has ordered sealed. Apple has extremely tight controls on its source code to limit access and that revelation of source code or the underlying functionality of

its products would cause Apple competitive harm (Declaration of Cyndi Wheeler, Dkt. No. 685). For all of these reasons, the source code file names included in Samsung's HPO Brief should be sealed.

4. Exhibit B to the Fazio Declaration contains highly confidential financial information regarding Apple's margins and profits per unit. It also contains financial information that could be used to determine Apple's per unit profits and manufacturing capacity. The Court has previously granted Apple's request to seal similar financial information (*See* Dkt. No. 1626 at 2 (granting Apple's request to seal Exhibit PX 223A); Case No. 11-cv-01846, Dkt. No. 1649 at 7-8 (granting sealing of "documents which contain confidential financial data as well as analysis and strategy discussions based on that data.")).  Apple therefore requests that the Court seal this document in full.

5. The portions of Exhibit E to the Fazio Declaration that will be highlighted in the conformed copies to be filed by Samsung contain information designated confidential by Apple. These portions of Exhibit E to the Fazio Declaration contain highly technical analysis of accused Apple products and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (Case No. 11-cv-01846, Dkt. No. 1504 at 3 (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)).  The Court has previously granted Apple's request to seal product schematics that contain a similar level of detail regarding the accused Apple products (*See, e.g.*, Case No. 11-cv-01846, Dkt. No. 1649 at 8 (granting Apple's request to seal schematics related to the Apple iBook and iSight)).

6. Apple has served on Samsung a highlighted version of Samsung's HPO Brief and Exhibit E to the Fazio Declaration identifying the portions of those documents which Apple is supporting sealing. Apple understands that Samsung will file a conformed copy of these

documents with the Court identifying what information Apple, Samsung and any third parties have supported sealing in their declarations.

7. Apple does not maintain a claim of confidentiality over any portions of Samsung's HPO Brief or Exhibits A, B, C, E, F, and G to the Fazio Declaration other than those identified above.

8. The relief requested by Apple is necessary and narrowly tailored to protect confidential Apple information.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge and that this Declaration was executed this 21st day of April, 2014, in San Jose, California.

Dated: April 21, 2014

*/s/ Peter J. Kolovos*
Peter J. Kolovos

ActiveUS 127384693v.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on April 21, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

*/s/ Mark. D Selwyn*
Mark D. Selwyn

## ATTESTATION OF E-FILED SIGNATURE

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Peter J. Kolovos has concurred in this filing.

Dated:   April 21, 2014                  */s/ Mark D. Selwyn*
                                         Mark D. Selwyn