JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone:  (650) 849-5300
Facsimile:  (650) 849-5333

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

APPLE INC., a California corporation,

      Plaintiff,

    vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

      Defendants.

Case No. 12-cv-00630-LHK (PSG)

APPLE INC.'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORIES NOS.  1, 2, 3, 5, 9, 10, 25, 26, 27, 39, 40, 41, 42, 49

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Opening Expert Report of Christopher A. Vellturo, PH.D., dated August 12, 2013 and all exhibits, appendices, errata, and supplementations thereto, and all documents and evidence cited therein.

**INTERROGATORY NO. 10:**

Separately for each of the APPLE PATENTS, state the complete factual and legal basis for YOUR contentions that APPLE is entitled to injunctive relief against infringement of the APPLE PATENTS, including but not limited to: (a) what irreparable injury APPLE has suffered; (b) why other remedies such as monetary damages are inadequate to compensate for that injury; (c) why the balance of hardships between APPLE and SAMSUNG warrants a permanent injunction; and (d) why the public interest would not be disserved by an injunction.

**RESPONSE TO INTERROGATORY NO. 10:**

Apple objects to this Interrogatory on the grounds and to the extent it is compound and comprises discrete subparts resulting in separate interrogatories, seeks a legal conclusion, and seeks expert opinion.  Apple also objects that this Interrogatory seeks information that is either equally available to Samsung as to Apple, or that is entirely in Samsung's possession, custody, or control.  Samsung has not yet produced discovery that Apple has requested that may contain information relevant to the response to this Interrogatory.

Subject to the foregoing General and Specific Objections, Apple responds as follows: Apple is entitled to injunctive relief from Samsung's infringement of the asserted Apple Patents because: (1) it has suffered an irreparable injury; (2) the remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) a remedy in equity is warranted considering the balance of hardships between Apple and Samsung; and (4) the public interest would not be disserved by a permanent injunction.

Apple has suffered irreparable injury and will continue to suffer irreparable injury

- 65 –

Apple's Further Supplemental Responses to Samsung's Interrogatories
Nos.  1, 2, 3, 5, 9, 10, 25, 26, 27, 39, 40, 41, 42, 49
Case No. 12-cv-00630-LHK (PSG)

without an injunction.  Samsung and Apple are intense and direct competitors in the market for smartphones, tablet computers, and media players.  Moreover, Samsung has emerged as the leading seller of infringing smartphone, tablet, and media players that run Android, a mobile operating platform that is directly competitive to Apple's iOS operating system. Once customers choose Android over iOS, they tend to stick to that platform, ensuring that Apple's losses will have long-term consequences extending well beyond initial sales lost to Samsung's infringing products.  In addition, with each lost iOS customer, Apple loses a significant source of downstream sales, including of other Apple products, accessories, and digital content.

Remedies available at law, such as money damages, are inadequate to fully compensate Apple for the consequences of Samsung's infringement.  Although some measure of damages may be calculable, such as lost profits associated with the immediate and direct sales lost to Samsung, and some extent of downstream sales, there is great deal of harm to Apple, resulting from Samsung's infringement, that will not be fully quantified and captured in a damages award.

The balance of hardships also favors Apple.  The only hardship Samsung would suffer were it forced to remove the infringing features from products would be to give up the improper advantage Samsung has gained by infringing on Apple's patents.  That form of hardship is not a cognizable basis for defeating an injunction.

Finally, the public interest would favor an injunction in this case.  Samsung has engaged in a pervasive strategy of copying Apple's products and willfully infringing on Apple's patents.  Indeed, Samsung has been found to willfully infringe Apple's patents in the past, and yet has continued to release new infringing products.  The public interest favors an injunction to protect Apple's innovation and to stop Samsung from its continued efforts to irreparably harm Apple using Apple's own technology.

Apple further responds by incorporating by reference as if fully set forth herein all

facts and evidence contained or identified in Apple's Motion for Preliminary Injunction (D.I. 10, 44) and Reply in support of its Motion for Preliminary Injunction (D.I. 175), and all supporting documents, as well as the Court's June 29, 2012 Order (D.I. 221, 222).  Apple still further responds that, as explained in Apple's Motion for a Preliminary Injunction, Apple has provided a detailed, expert analysis, demonstrating conclusively that Apple is losing market share to Samsung as a result of Samsung's continued infringement, and will continue to do so absent injunctive relief.

Apple also responds that it has not yet completed its discovery and investigation of the facts relating to this contention interrogatory.  Discovery is ongoing.  Apple will supplement or amend this response with a narrative and/or with the documents reflecting this information under Federal Rule of Civil Procedure 33(d).  Apple's contentions will be detailed in its expert report(s) that will be served in accordance with the procedural schedule set forth in the Court's Case Management Order.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Subject to and incorporating its General Objections and its Specific Objections from Apple Inc.'s Objections and Responses to Samsung's First Set of Interrogatories with regard to Samsung's Interrogatory No. 10, Apple provides the following supplemental response:

1.    Apple Has Suffered Irreparable Injury

Apple has suffered and continues to suffer irreparable injury as a result of Samsung's infringement.  As Apple has repeatedly shown, Apple and Samsung are fierce competitors in what has increasingly become a two-player market.  Samsung's own documents recognize that the smartphone market is now a "two-horse race" between Apple and Samsung.  See, e.g., SAMNDCA630-06032442, at *444 ("It's a two horse race in the US and globally.").  Samsung's primary goal in that two-horse race is to "beat Apple" and thus to capture invaluable market share at Apple's expense.  *See, e.g.*, SAMNDCA630-04519375.  As a

- 67 –

result of this direct, head-to-head competition, sales Samsung makes as a result of its infringement directly cause Apple long-standing, irreparable harm.  In fact, Samsung has already achieved substantial market share gains at Apple's expense by virtue of its repeated infringement of Apple's intellectual property.  *See, e.g.*, Reply Decl. of Christopher Vellturo, Ph.D., May 14, 2012, (D.I. 178), at 25-34.

Samsung will continue to take sales from Apple for many years to come as a result of its infringement in the short-term because of the "stickiness" of the smartphone, tablet and media player markets.  As the Court in this case has already noted, "Samsung's own documents . . . reveal that Samsung recognizes the importance of brand loyalty and 'platform stickiness' and thus the importance of locking in first-time consumers."  Order Granting Mot. for Prelim. Inj., June 29, 2012 (D.I. 221) ("June 29, 2012 Order"), at 72 (citing SAMNDCA00268352, at *358 ("Android & Apple ecosystems are 'sticky' (high repeat purchases)"), *372 ("capturing first time smartphone buyers is critical to success" because "consumers are loyal to an ecosystem once they enter")).  The full extent of these lost downstream sales is impossible to quantify.

As Samsung's own documents also recognize, first-time smartphone buyers therefore represent a "large opportunity" for Samsung to gain—and keep—market share.  *See, e.g.*, SAMNDCA630-05795620, at *632.  Once first-time buyers purchase a Samsung phone, a significant portion of them are then likely to purchase additional Samsung phones down the road, thereby entrenching Samsung's market share gains.  *See, e.g.*, *id.*  And as Samsung recognizes, opportunities to attract critical first-time smartphone buyers to the Samsung or Android ecosystems will persist for several years.  *See, e.g.*, S-ITC-003353288.  Accordingly, one of Samsung's primary business strategies is to "focus on preventing smartphone buyers from becoming Apple 'loyalists.'"  SAMNDCA00268352 at *373.  That focus continues to the present.  *See, e.g.*, SAMNDCA630-06030206, at *220.

Samsung also targets existing Apple users in order to "increase Apple's outflow of

– 68 –

subscribers" and "increase Apple churn."  SAMNDCA11087639, at *640; *see also, e.g.*,

SAMNDCA630-04519152, at *155.  By releasing copycat products that infringe upon

Apple's patents and incorporate Apple's unique, industry-leading features, Samsung seeks to

attract Apple's existing customer base, further harming Apple in the near- and long-term.

Samsung focuses as well on attracting customers away from other smartphone makers

by offering products that copy Apple's patented functionality.  For example, Samsung

considers RIM customers to be "low hanging fruit" (S-ITC-500056374, at *402) who "are

jumping to Android and Apple" (SAMNDCA630-00095422, at *425).  Thus, according to

Samsung's own expert in this case, RIM customers represent "a significant opportunity in the

marketplace" for Samsung to gain market share at Apple's expense.  Dep.  of Michael J.

Wagner, May 4, 2012, at 81:10-17.

Samsung documents also acknowledge that consumers within a particular platform

ecosystem tend to buy other products within that ecosystem as well.  Thus, as Samsung

continues to take customers from Apple in the smartphone, tablet, and media player markets,

Samsung will also garner additional sales in other product markets—such as media, apps,

computers, etc.—all at Apple's expense.  For example, Samsung notes that Apple buyers

tend to buy other Apple products because of what Samsung concedes is an "insanely great

experience."  S-ITC-003353288, at *324.  Apple documents substantiate that effect.  *See,*

*e.g.*, APLNDC630-0000062843, APLNDC630-0000056522.  Every lost sale for Apple today

as a result of Samsung's infringement—including infringement meant by Samsung to mimic

the "insanely great experience" Apple offers—therefore means future lost sales for Apple in

other product markets.  Similarly, Samsung's documents confirm that its own smartphone or

tablet buyers tend to buy other Samsung products.  *See, e.g.*, SAMNDCA630-00163815, at

*842; SAMNDCA00258674, at *752, *795; SAMNDCA00276935, at *7035;

SAMNDCA00268763, at *779-81.  These additional lost sales are also impossible to fully

calculate.

So-called "network effects" "further exacerbate the magnitude of Apple's harm," as the Court has already ruled in this case.  June 29, 2012 Order, at 76.  Specifically, "not only would Apple lose sales of other Apple products to [Samsung] users, but also the resultant smaller installed base of iPhone users would have ripple effects on other prospective Apple customers."  *Id.*  Samsung's own documents recognize the competitive importance of network effects.  *See, e.g.*, SAMNDCA00268763, at *779-781; S-ITC-500056374, at *410; SAMNDCA00258674, at *793; SAMNDCA630-04466096, at *118; SAMNDCA630-00872689, at *69.

Even if Apple could quantify some amount of harm associated with these stickiness, ecosystem, network, or other effects, the full extent of such harms are impossibly to fully calculate.

Moreover, this irreparable harm to Apple is a direct consequence of Samsung's infringement of the Apple patented features at issue in this case.  Although Apple disagrees that infringing features must drive customer demand in order for a permanent injunction to issue—particularly given the incalculable harm Apple suffers as a result of widespread infringement by a direct competitor—the Apple patented features at issue in this case not only drive smartphone, tablet, and media player sales, but also are important contributors to user interfaces that are easy to use, which in turn are also key sales drivers.  *See, e.g.*, SAMNDCA630-00875256, at *268, *324-329; SAMNDCA11290567, at *592; SAMNDCA630-04466096, at *116; SAMNDCA630-04432191, at 3; APLNDC630-0000128231, at *233, *240; APLNDC630-0000128231, at *480; SAMNDCA00203880, at *915; SAMNDCA630-01022452, at *463; SAMNDCA10175268, at *278, *284, *290; SAMNDCA10029586, at *161; SAMNDCA630_04335717, at *726-28; S-ITC-010698481, at *484; SAMNDCA00203727, at *730; SAMDCA10252803, at *825; SAMNDCA00238251, at *253-254; APLNDC630-0000128231, at *238; SAMNDCA11296712, at *748, *770; SAMNDCA11290440, at *496.

– 70 –

2.      The Remedies Available at Law Are Inadequate

As discussed in detail above, much of the harm to Apple as a result of Samsung's infringement is not only long-term and irreparable, but unquantifiable as well.  As a result, a damages award in this case would fall well short of adequately compensating Apple for Samsung's infringement.  Apple therefore requires an injunction against the sale of Samsung's infringing products and at the very least an injunction against Samsung's use of the particular patented features at issue in any of its products.

As the litigation history between the parties shows, Samsung's strategy is to continue using Apple's patented functionality in wave after wave of smartphone, tablet, and media player products brought to market.  Samsung's rationale is clear:  by continually introducing new products that infringe Apple's patents, Samsung attempts to stay one step ahead of the legal system and further capture invaluable market share from Apple—using Apple's own innovation against it—as litigation plays out.  Moreover, this strategy pays substantial dividends to Samsung no matter how much it may ultimately be liable for in terms of monetary damages, as every new Samsung product on the market results in additional longstanding gains due to, for example, market stickiness, related ecosystem sales, and network effects, as discussed above.  Only an injunction prohibiting Samsung's use of Apple's patented features will bring an end to Samsung's harmful tactics and curb the irreparable, and largely unquantifiable, harm Apple suffers.

3.      The Balance of Hardships Favors Apple

The balance of hardships rests sharply in Apple's favor.  As the Court has already noted, "Apple's interest in enforcing its patent rights is particularly strong because it has presented a strong case on the merits" with respect to four of the patents at issue in this case. June 29, 2012 Order, at 97.  "Samsung, by contrast, [has not presented] any evidence of what hardship it will suffer if [an] injunction issues."  *Id.*  In fact, Samsung has admitted that an injunction against Samsung's use of the patented features at issue would pose no substantial

- 71 –

harm on Samsung.  Indeed, Samsung has described the intellectual property at issue as "minuscule feature patents."  Samsung's Mot.  to Compel Production of Documents Responsive to Samsung's Seventh Set of Requests for Production (RFP Nos.  337-349), April 2, 2013 (D.I.  433), at 19.  Samsung has no basis, then, to argue that it would suffer material hardship if forced to remove the patented features at issue from its products.

        4.      <u>The Public Interest Would Not Be Disserved By a Permanent Injunction</u>

The public interest also favors an injunction in this case.  An injunction would curb Samsung's serial infringement of Apple's patent rights and uphold the importance of the patent system in encouraging innovation, as this Court has already held.  *See* June 29, 2012 Order, at 99.  "Although Samsung has a right to compete, it does not have a right to compete with infringing products."  *Id.*  Samsung, by contrast, has identified no substantial interest whatsoever in allowing it to continue infringing Apple's patents and release product after product into the market that incorporates Apple's hard-earned innovation.

Discovery is ongoing and Apple is continuing to investigate.  Apple reserves the right to supplement and/or amend its response as appropriate.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Subject to and incorporating its General Objections and its Specific Objections and Responses from Apple Inc.'s Objections and Responses to Samsung's First Set of Interrogatories with regard to Samsung's Interrogatory No. 10 and Apple Inc.'s Second Supplemental Objections and Responses to Samsung's First Set of Interrogatories with regard to Samsung's Interrogatory No. 10, Apple provides the following additional supplemental response:

Apple incorporates herein by reference Apple's Supplemental Response to Samsung Interrogatory Nos. 5 and 39, which contain additional information relating to the substantial irreparable harm posed by Samsung's infringement to Apple as well as the value of the Apple patented features at issue.  Further, Samsung's infringement of the patents in suit is

- 72 –

demonstrated by Apple's Infringement Contentions and all of the evidence cited therein, including any amendments to those Infringement Contentions.  All of such evidence is incorporated by reference herein as evidence to show infringement, copying, failure to design around after notice of infringement and the importance of the patented features to Samsung, Google and customers.  Additional documents evidencing Samsung's infringement of the patents in suit include, but are not limited to, the documents identified in the attached Exhibits A-G.

In addition, Samsung's infringement and failure to design around the patents-in-suit will be the subject of expert testimony and the forthcoming expert reports are hereby incorporated by reference.

Discovery is ongoing and Apple is continuing to investigate.  Moreover, Apple's contentions and information related to Apple's response to this Interrogatory will be detailed in Apple's expert report(s) that will be served in accordance with the procedural schedule set forth in the Court's Case Management Order.  Apple reserves the right to supplement and/or amend its response as appropriate.

**THIRD SUPPLEMENTAL RESPONSE TO INTEROGATORY NO. 10**

Additional evidence to show Apple's entitlement to injunctive relief, including the irreparable injury Apple has suffered, the inadequacy of monetary damages, the balance of the hardships between Apple and Samsung, and the public's interest in enjoining Samsung's infringement includes, but is not limited to, the documents identified in the attached Appendices G, H, J, and K.  Additional evidence to show infringement, copying, failure to design around after notice of infringement of the patents-in-suit and the importance of the patented features to Samsung, Google and customers includes, but is not limited to, the Samsung accused devices that Apple has made available for inspection and the documents identified in the attached Appendices A, B, C, D, E, and F. Apple also incorporates by

reference its responses and supplemental responses to Samsung's Interrogatory Nos. 5, 39, and 49.

In addition, Apple's contentions regarding the harm it has suffered as a result of Samsung's infringement, infringement of the patents-in-suit, copying, failure to design around after notice of infringement and the importance of the patented features to Samsung, Google and customers are the subject of expert opinions found in the following expert reports which are hereby incorporated by reference:

- Opening Expert Report of Christopher A. Vellturo, PH.D., dated August 12, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Expert Report of John R. Hauser, August 11, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Declaration of Christopher Vellturo, PH.D., dated February 8, 2012 and all exhibits, appendices, errata, and supplementations thereto
- Reply Declaration of Christopher Vellturo, PH.D., dated May 14, 2012 and all exhibits, appendices, errata, and supplementations thereto
- Expert Report of Dr. Alex C. Snoeren Concerning U.S. Patent Nos. 6,847,959 And 7,761,414 dated August 12, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Initial Expert Report Of Dr. Todd C. Mowry Regarding Infringement Of U.S. Patent No. 5,946,647 dated August 12, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Expert Report Of Professor Andrew Cockburn dated August 12, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Rebuttal Expert Report of Dr. Alex C. Snoeren Concerning U.S. Patent Nos. 6,847,959 And 7,761,414 dated September 13, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Rebuttal Expert Report Of Dr. Todd C. Mowry Regarding Infringement Of U.S. Patent No. 5,946,647 dated September 13, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Rebuttal Expert Report Of Professor Andrew Cockburn dated September 13, 2013 and all exhibits, appendices, errata, and supplementations thereto

In addition, Apple reserves the right to submit additional expert testimony regarding its entitlement to injunctive relief at an appropriate stage of the case.

- 74 –

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 26**

Additional evidence supporting the validity of Apple's patents-in-suit includes, but is not limited to, the documents identified in the attached Appendices B, D, and F.

In addition, Apple's contentions regarding the validity of the Apple patents-in-suit are the subject of expert opinion found in the following expert reports, which are hereby incorporated by reference:

- Rebuttal Expert Report of Dr. Alex C. Snoeren Concerning U.S. Patent Nos. 6,847,959 And 7,761,414 dated September 13, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Rebuttal Expert Report Of Dr. Todd C. Mowry Regarding Infringement Of U.S. Patent No. 5,946,647 dated September 13, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Rebuttal Expert Report Of Professor Andrew Cockburn dated September 13, 2013 and all exhibits, appendices, errata, and supplementations thereto

**INTERROGATORY NO. 27**

Identify by Bates Number all DOCUMENTS or things on which APPLE intends to rely at trial in this LITIGATION, including but not limited to all DOCUMENTS APPLE will use to support its claims of infringement on the APPLE PATENTS-IN-SUIT, its claims that the APPLE PATENTS-IN-SUIT are valid and enforceable, its damages and injunctive relief claims for the APPLE PATENTS-IN-SUIT, its claims that it does not infringe the SAMSUNG PATENTS-IN-SUIT, its claims that the SAMSUNG PATENTS-IN-SUIT are invalid or unenforceable, its claims RELATING to Samsung's claims for damages and injunctive relief on the SAMSUNG PATENTS-IN-SUIT, and any other claims, affirmative defense, or counterclaim APPLE has or will assert in this LITIGATION.

**RESPONSE TO INTERROGATORY NO. 27**

Apple objects to this interrogatory as premature in light of deadlines for the disclosure of trial exhibits established by the Court's Minute Order and Case Management Order dated May 2, 2012 (Docket Entry No. 160), the Civil Local Rules and/or the Patent Local Rules of

- 303 –

this Court.

Subject to and without waiving the foregoing General and Specific Objections, Apple incorporates by reference all documents cited in Apple's Disclosures of Asserted Claims and Infringement Contention, including any Supplemental or Amended Disclosures of Asserted Claims and Infringement Contentions; Apple's Invalidity Contentions, including any Supplemental or Amended Invalidity Contentions; and Apple's Responses to Samsung's Interrogatories.

Discovery is still in its early stages and Apple is continuing to investigate.  Apple reserves the right to supplement and/or amend its response as appropriate.  In particular, Apple will identify the documents or things on which it intends to rely at trial in its pre-trial disclosures pursuant to the schedule set by the Court.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 27:**

Subject to and without waiving the foregoing General and Specific Objections, in addition to its prior response, Apple may rely on some or all of the following at trial in this matter:

a) some or all of the documents introduced as exhibits in depositions in this case, including, particularly but not limited to, exhibits introduced by Apple in the depositions taken of Samsung and Google;

b) some or all documents identified in Apple's contentions and interrogatory responses, including, but not limited to, the documents identified in this supplemental response;

c) the source code produced by Samsung, Google, Nuance and other third parties as well as the source code Apple has requested but have not yet been produced by those parties; and

d) all source code identified by Apple in its Infringement Contentions and related discovery responses and all source code produced by Apple.

Apple also notes that the parties have agreed to and the Court has ordered a date for supplementation of discovery responses to include identification of documents through August 23, 2013 and therefore, Apple will further supplement its response to this Interrogatory at that time (or at a later time if agreed by the parties).

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 27:

In additional to the documents previously identified by Apple in response to this interrogatory, Apple may further rely on some or all of the following at trial in this matter:

a)      All Samsung accused devices made available for inspection by Apple;

b)      All telephones, smartphones, tablets, or other devices relied on or made available for inspection by any party or third party to this litigation;

c)      All documents identified in Apple's responses to Samsung's Interrogatories, including but not limited to, Apple's supplemental responses, all of which are hereby incorporated by reference;

d)      The documents identified in the attached Appendices A, B, C, D, E, F, G, H, I, J, and K;

e)      All source code made available for inspection, produced or printed by any party or third party to this litigation;

f)      All documents, source code, deposition testimony and other evidence relied on, referred to or otherwise cited in in any of the expert reports served by Apple in this litigation, including all exhibits, appendices, errata, and supplementations thereto

g)      Without waiving any arguments with regards to admissibility of any evidence cited therein, all documents, source code, deposition testimony and other evidence relied on, referred to or otherwise cited in in any of the expert reports served by Samsung in this litigation, including all exhibits, appendices, errata, and supplementations thereto

**INTERROGATORY NO. 49:**

Separately for each of the Apple Patents-in-Suit, identify the following: (1) the role, if any, that each of the Apple Patented Features has in consumer purchase decisions, (2) whether each of the Apple Patented Features is the basis of consumer demand for, or substantially creates the value of, the component parts of the Apple Practicing Devices and Samsung Accused Devices, and (3) any documents upon which APPLE relies in providing its response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 49:**

In addition to its General Objections above, which it hereby incorporates by reference, Apple objects to this Interrogatory as overly broad, unduly burdensome, and vague and ambiguous as to the terms and phrases "consumer purchase decisions," "substantially creates the value of," "consumer demand," and "component parts." Apple further objects to this Interrogatory to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to this Interrogatory to the extent it seeks information that is outside of Apple's possession, custody, or control, or that is equally available to Samsung. Apple further objects to this Interrogatory as compound and comprising discrete subparts resulting in separate interrogatories. Apple further objects to this Interrogatory as calling for legal conclusions. Apple further objects to this Interrogatory as it prematurely calls for expert testimony or opinions at this stage of litigation. Apple further objects to this Interrogatory to the extent it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Discovery in this matter and Apple's investigation is ongoing. Apple reserves the right

to supplement and/or amend its response as appropriate. Subject to the foregoing, Apple responds as follows:

The inventions claimed in U.S. Patent No. 6,847,959 drive consumer demand for the Apple Practicing Devices and Samsung Accused Devices. The presence of the inventions in a device positively impacts consumer purchase decisions. For example, ease of use is an important factor affecting consumer purchase decisions, APLNDC630-0000167955 at *978-80, and the inventions disclosed in the '959 patent enhance a device's ease of use. For further example, a mobile device that lacks the inventions disclosed in the '959 patent lacks some of the core functionality of a mobile device. For further example, a mobile device lacking the inventions disclosed in the '959 patent is "like a notepad without a pen." SAMNDCA630-07866179 at *187. For further example, the inventions disclosed in the '959 patent are desired by consumers, and consumers expect those inventions to be embodied in mobile devices. For further example, when Samsung removed the inventions disclosed in the '959 patent from certain Samsung Accused Devices, consumers were "both confused and irritated." SAMNDCA630-07517049 at *050. For further example, Samsung's removal of the inventions disclosed in the '959 patent from certain Samsung Accused Devices was a "dumb[ing] down" of the devices' search feature. SAMNDCA630-07515686 at *687. For further example, Siri is one of the most often used features of the iPhone 4S, and a majority of Ski users use Siri to locate information. APLNDC630-0000149086 at *090, 092. For further example, Ski was one of the most influential features in consumer purchasing decisions for iPhone 4S buyers. APLNDC630-0000127252 at *282-83.

The inventions claimed in U.S. Patent No. 5,946,647 drive consumer demand for the Apple Practicing Devices and Samsung Accused Devices. The presence of the inventions in a device positively impacts consumer purchase decisions. For example, ease of use is an important factor affecting consumer purchase decisions, APLNDC630-0000167955 at *978-80, and the inventions disclosed in the '647 patent enhance a device's ease of use. For further

- 342 –

example, the inventions disclosed in the '647 patent are desired by consumers, and consumers expect those inventions to be embodied in mobile devices. For further example, the inventions disclosed in the '647 patent are some "of the most powerful features" on Android devices. GOOGNDCAL630- 00062054 at *055. For further example, a device lacking those features could be "very painful and dangerous." SAMNDCA630-06641653 at *654, *657.

The inventions claimed in U.S. Patent No. 8,046,721 drive consumer demand for the Apple Practicing Devices and Samsung Accused Devices. The presence of the inventions in a device positively impacts consumer purchase decisions. For example, ease of use is an important factor affecting consumer purchase decisions, APLNDC630-0000167955 at *978-80, and the inventions disclosed in the '721 patent enhance a device's ease of use. For further example, the inventions disclosed in the '721 patent are desired by consumers, and consumers expect those inventions to be embodied in mobile devices. For further example, the majority of consumers prefer a device that employs the inventions disclosed in the '721 patent. SAMNDCA10175268 at *309. For further example, an "emotional" user interface is also an important factor affecting consumer purchase decisions, and consumers find the inventions disclosed in the '721 patent to be "fun." SAMNDCA00206747 at *757. For further example, when Samsung attempted to design around the inventions disclosed in the '721 patent, it received complaints and there were requests to reinstate the inventions disclosed in the '721 patent. SAMNDCA630 04369886. The inventions claimed in U.S. Patent No. 8,074,172 drive consumer demand for the Apple Practicing Devices and Samsung Accused Devices. The presence of the inventions in a device positively impacts consumer purchase decisions. For example, ease of use is an important factor affecting consumer purchase decisions, APLNDC630-0000167955 at *978-80, and the inventions disclosed in the '172 patent enhance a device's ease of use. For further example, the inventions disclosed in the '172 patent are desired by consumers, and consumers expect those inventions to be embodied in mobile devices. For further example, the inventions disclosed in the '172 patent allow users

- 343 –

of touchscreen mobile devices to type as quickly and accurately as users of mobile devices with physical keyboards. APLNDC-Y0000234932 at *932.  The inventions claimed in U.S. Patent No. 8,014,760 drive consumer demand for the Apple Practicing Devices and Samsung Accused Devices. The presence of the inventions in a device positively impacts consumer purchase decisions. For example, ease of use is an important factor affecting consumer purchase decisions, APLNDC630-0000167955 at *978-80, and the inventions disclosed in the '760 patent enhance a mobile device's ease of use. For further example, the inventions disclosed in the '760 patent are desired by consumers, and consumers expect those inventions to be embodied in mobile devices. For further example, the inventions disclosed in the '760 patent are specifically included in mobile devices to attract consumers. See SAMNDCA00203880 at *927.

The inventions claimed in U.S. Patent No. 7,761,414 drive consumer demand for the Apple Practicing Devices and Samsung Accused Devices. The presence of the inventions in a device positively impacts consumer purchase decisions. For example, ease of use is an important factor affecting consumer purchase decisions, APLNDC630-0000167955 at *978-80, and the inventions disclosed in the '414 patent enhance a device's ease of use. For further example, the inventions disclosed in the '414 patent are desired by consumers, and consumers expect those inventions to be embodied in mobile devices. For further example, a device that fails to properly implement the inventions disclosed in the '414 patent is a "top" issue that negatively affects the operability of the device. GOOG-NDCAL630-00063685 at *685.

Additionally, Samsung allegedly implemented design changes in the Samsung Accused Devices to avoid infringing U.S. Patent Nos. 8,074,172 and 8,046,721. Samsung did not implement any design changes to avoid infringing any other Apple Patents-in-Suit, however because the inventions disclosed in those Apple Patents-in-Suit were too fundamental and important to remove or alter.

Apple's contentions with respect to this Interrogatory No. 49 are also based on expert

- 344 –

opinion, which will be disclosed at a later time in accordance the discovery schedule set forth by the Court.

The following documents present additional evidence demonstrating the role that the Apple Patented Features have in consumer purchase decisions, and demonstrating that the Apple Patented Features drive consumer demand for the Apple Practicing Devices and Samsung Accused Devices:

| APL-1TC796-0000436056 | SAMNDCA10123040 | SAMNDCA630-05512238 |
| APLNDC-0000026173 | SAMNDCA10123049 | SAMNDCA630-05515895 |
| APLNDC-0000026257 | SAMNDCA10123122 | SAMNDCA630-05516000 |
| APLNDC-0000026348 | SAMNDCA10166657 | SAMNDCA630-05529496 |
| APLNDC0001324274 | SAMNDCA10166661 | SAMNDCA630-05560681 |
| APLNDC630-0000056520 | SAMNDCA10175266 | SAMNDCA630-05582497 |
| APLNDC630-0000127110 | SAMNDCA10175268 | SAMNDCA630-05598268 |
| APLNDC630-0000127252 | SAMNDCA10244357 | SAMNDCA630-05666454 |
| APLNDC630-0000127692 | SAMNDCA10244604 | SAMNDCA630-05695534 |
| APLNDC630-0000128231 | SAMNDCA10245281 | SAMNDCA630-05699628 |
| APLNDC630-0000129659 | SAMNDCA10245956 | SAMNDCA630-05707752 |
| APLNDC630-0000131781 | SAMNDCA10247373 | SAMNDCA630-05707782 |
| APLNDC630-0000149470 | SAMNDCA10247549 | SAMNDCA630-05726501 |
| APLNDC630-0000167955 | SAMNDCA10252803 | SAMNDCA630-05748484 |
| APLNDC630-0000170909 | SAMNDCA10311844 | SAMNDCA630-05859535 |
| APLNDC630-0000171023 | SAMNDCA10320161 | SAMNDCA630-05861826 |
| APLNDC630-0000171052 | SAMNDCA10320164 | SAMNDCA630-05876293 |
| APLNDC630-0000171814 | SAMNDCA10387447 | SAMNDCA630-05876686 |
| APLNDC630-0000171819 | SAMNDCA10387449 | SAMNDCA630-05878281 |
| APLNDC630-0000171825 | SAMNDCA10410283 | SAMNDCA630-05882639 |
| APLNDC630-0000171846 | SAMNDCA10432232 | SAMNDCA630-05890517 |
| APLNDC630-0000177067 | SAMNDCA10506419 | SAMNDCA630-05901700 |
| APLNDC630-0000177303 | SAMNDCA10807316 | SAMNDCA630-05931596 |
| APLNDC630-0000177658 | SAMNDCA10807388 | SAMNDCA630-05931637 |
| APLNDC630-0000177773 | SAMNDCA10967364 | SAMNDCA630-05951901 |
| APLNDC630-0000244108 | SAMNDCA10990627 | SAMNDCA630-06010136 |
| APLNDC630-0000728780 | SAMNDCA10993206 | SAMNDCA630-06018043 |
| APLNDC630-0000823418 | SAMNDCA10994757 | SAMNDCA630-06018913 |

| | | |
|---|---|---|
| APLNDC630-0000832896 | SAMNDCA10999199 | SAMNDCA630-06032104 |
| APLNDC630-0000843247 | SAMNDCA11065647 | SAMNDCA630-06147696 |
| APLNDC630-0000844702 | SAMNDCA11077704 | SAMNDCA630-06162057 |
| APLNDC630-0000870318 | SAMNDCA11290440 | SAMNDCA630-06233846 |
| APLNDC630-0000870458 | SAMNDCA11290567 | SAMNDCA630-06243410 |
| APLNDC630-0000870714 | SAMNDCA11294641 | SAMNDCA630-06279877 |
| APLNDC630-0000886083 | SAMNDCA11296712 | SAMNDCA630-06376300 |
| APLNDC630-0000935722 | SAMNDCA11298663 | SAMNDCA630-06382407 |
| APLNDC630-0000936889 | SAMNDCA11568028 | SAMNDCA630-06382677 |
| APLNDC630-0000937009 | SAMNDCA20003761 | SAMNDCA630-06614527 |
| APLNDC630-0001042428 | SAMNDCA63004335717 | SAMNDCA630-06635592 |
| APLNDC630-0001233115 | SAMNDCA63004362736 | SAMNDCA630-06639213 |
| APLNDC630-0001233406 | SAMNDCA63004369886 | SAMNDCA630-06639215 |
| APLNDC630-0001332683 | SAMNDCA630-00018307 | SAMNDCA630-06640771 |
| APLNDC630-0001336200 | SAMNDCA630-00018347 | SAMNDCA630-06641653 |
| APLNDC630-0001342197 | SAMNDCA630-00021349 | SAMNDCA630-06684572 |
| APLNDC630-0001409994 | SAMNDCA630-00050226 | SAMNDCA630-06687243 |
| APLNDC630-0001410776 | SAMNDCA630-00055957 | SAMNDCA630-06687358 |
| APLNDC630-0001427164 | SAMNDCA630-00055959 | SAMNDCA630-06691877 |
| APLNDC630-0001437744 | SAMNDCA630-00124744 | SAMNDCA630-06976158 |
| APLNDC630-0001438833 | SAMNDCA630-00153422 | SAMNDCA630-06988513 |
| APLNDC630-0001439288 | SAMNDCA630-00855947 | SAMNDCA630-07001037 |
| APLNDC630-0001463186 | SAMNDCA630-00855975 | SAMNDCA630-07177902 |
| APLNDC630-0001463541 | SAMNDCA630-00875256 | SAMNDCA630-07318132 |
| APLNDC630-0001466502 | SAMNDCA630-00911800 | SAMNDCA630-07320934 |
| APLNDC630-0001467057 | SAMNDCA630-01022452 | SAMNDCA630-07339199 |
| APLNDC630-0001467518 | SAMNDCA630-01031074 | SAMNDCA630-07340999 |
| APLNDC630-0001506122 | SAMNDCA630-01100970 | SAMNDCA630-07341087 |
| APLNDC630-0001725702 | SAMNDCA630-01391611 | SAMNDCA630-07341167 |
| APLNDC-Y0000023428 | SAMNDCA630-01412081 | SAMNDCA630-07341292 |
| APLNDC-Y0000023579 | SAMNDCA630-04291891 | SAMNDCA630-07380941 |
| APLNDC-Y0000023730 | SAMNDCA630-04294324 | SAMNDCA630-07415153 |
| APLNDC-Y0000024130 | SAMNDCA630-04387935 | SAMNDCA630-07416541 |
| APLNDC-Y0000024334 | SAMNDCA630-04401169 | SAMNDCA630-07416667 |
| APLNDC-Y0000025024 | SAMNDCA630-04406006 | SAMNDCA630-07435638 |
| APLNDC-Y0000026461 | SAMNDCA630-04408350 | SAMNDCA630-07435668 |
| APLNDC-Y0000029092 | SAMNDCA630-04432191 | SAMNDCA630-07441315 |
| GOOG-NDCAL630-00062038 | SAMNDCA630-04440727 | SAMNDCA630-07470136 |
| GOOG-NDCAL630-62048 | SAMNDCA630-04455675 | SAMNDCA630-07488222 |

| | | |
|---|---|---|
| GOOG-NDCAL630-00062054 | SAMNDCA630-04462640 | SAMNDCA630-07488578 |
| GOOG-NDCAL630-00063685 | SAMNDCA630-04466024 | SAMNDCA630-07488580 |
| http://news.consumerreports.org/electronics/2012/08/samsung-galaxy-note-ii-has-abrilliant-55-inch-lcd-but-nouniversal-search.html | SAMNDCA630-04466096 | SAMNDCA630-07488605 |
| http://www.idownloadblog.com/2011/06/13/ios-5-useiphone-while-syncing/ | SAMNDCA630-04483842 | SAMNDCA630-07493451 |
| http://www.mobilenapps.com/articles/3332/20120727/samsung-galaxy-s3-universalsearch-function-coming.htm | SAMNDCA630-04503299 | SAMNDCA630-07493479 |
| http://www.theverge.com/2012/7/3/3136102/googlesamsung-software-updategalaxy-nexus-infringement | SAMNDCA630-04503771 | SAMNDCA630-07514866 |
| http://www.youtube.com/watch?v=AbexaqNTppo | SAMNDCA630-04527774 | SAMNDCA630-07515681 |
| http://www.youtube.com/watch?v=FLxB4pHHGY | SAMNDCA630-04529157 | SAMNDCA630-07515686 |
| http://www.youtube.com/watch?v=IPTgTeLFawM&NR | SAMNDCA630-04529870 | SAMNDCA630-07516211 |
| http://www.youtube.com/watch?v=kikTGEGz1dY | SAMNDCA630-04529875 | SAMNDCA630-07516356 |
| http://www.youtube.com/watch?v=qiUs8HQulo | SAMNDCA630-04532363 | SAMNDCA630-07516358 |
| http://www.youtube.com/watch?v=SOSiE1dGJ8&list=PL151367C4704CDA94&index=1 | SAMNDCA630-04532819 | SAMNDCA630-07517047 |
| http://www.youtube.com/watch?v=VHSZFrOfvTY | SAMNDCA630-04533481 | SAMNDCA630-07517049 |
| http://www.youtube.com/watch?v=yfey1U6ePug | SAMNDCA630-04533871 | SAMNDCA630-07578304 |
| SAMNDCA00176053 | SAMNDCA630-04538779 | SAMNDCA630-07694668 |
| SAMNDCA00201683 | SAMNDCA630-04543328 | SAMNDCA630-07697146 |
| SAMNDCA00203727 | SAMNDCA630-04543614 | SAMNDCA630-07697657 |
| SAMNDCA00203811 | SAMNDCA630-04543750 | SAMNDCA630-07799286 |

Apple's Further Supplemental Responses to Samsung's Interrogatories
Nos. 1, 2, 3, 5, 9, 10, 25, 26, 27, 39, 40, 41, 42, 49
Case No. 12-cv-00630-LHK (PSG)

| | | |
|---|---|---|
| SAMNDCA00203880 | SAMNDCA630-04544458 | SAMNDCA630-07831241 |
| SAMNDCA00206747 | SAMNDCA630-05065440 | SAMNDCA630-07865073 |
| SAMNDCA00226589 | SAMNDCA630-05375143 | SAMNDCA630-07865076 |
| SAMNDCA00231459 | SAMNDCA630-05375902 | SAMNDCA630-07866179 |
| SAMNDCA00238251 | SAMNDCA630-05376089 | S-ITC-001015073 |
| SAMNDCA00239302 | SAMNDCA630-05394970 | S-ITC-001742947 |
| SAMNDCA00239398 | SAMNDCA630-05396802 | S-ITC-001764757 |
| SAMNDCA00239999 | SAMNDCA630-05407166 | S-ITC-009302888 |
| SAMNDCA00249929 | SAMNDCA630-05407533 | S-ITC-010477376 |
| SAMNDCA00250864 | SAMNDCA630-05407747 | S-ITC-010477381 |
| SAMNDCA00251761 | SAMNDCA630-05411575 | S-ITC-010531269 |
| SAMNDCA00508318 | SAMNDCA630-05425937 | S-ITC-010625175 |
| SAMNDCA10029586 | SAMNDCA630-05446737 | S-ITC-010671049 |
| SAMNDCA10042955 | SAMNDCA630-05459040 | S-ITC-010675987 |
| SAMNDCA10068570 | SAMNDCA630-05459042 | S-ITC-010698481 |
| SAMNDCA10091885 | SAMNDCA630-05460449 | S-ITC-500042803 |
| S-ITC-600103549 | S-ITC-010477381 | S-ITC-010671049 |
| SAMNDCA10940411 | SAMNDCA11077704 | S-ITC-006218603 |
| SAMNDCA10940411 | S-ITC-010625175 | SAMNDCA630-04416663 |
| SAMNDCA10940411 | SAMNDCA10145014 | |

Apple reserves the right to supplement and/or amend its response as appropriate.

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 49:

Additional evidence demonstrating the role that the Apple Patented Features have in consumer purchase decisions, and demonstrating that Apple Patented Features drive consumer demand for the Apple Practicing Devices and Samsung Accused devices includes but is not limited to the evidence listed in Appendices C, E, F, and H. Apple also incorporates by reference its responses and supplemental responses to Samsung's Interrogatory Nos. 5, 10 and 39.

In addition to the documents identified above and those identified previously by Apple in response to this Interrogatory, the harm caused to Apple by Samsung's infringement and the calculation of damages are the subject of expert opinion found in the following expert reports, which are hereby incorporated by reference:

- 348 –

- Opening Expert Report of Christopher A. Vellturo, PH.D., dated August 12, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Expert Report of John R. Hauser, August 11, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Declaration of Christopher Vellturo, PH.D., dated February 8, 2012 and all exhibits, appendices, errata, and supplementations thereto
- Reply Declaration of Christopher Vellturo, PH.D., dated May 14, 2012 and all exhibits, appendices, errata, and supplementations thereto