QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar. No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES REGARDING EXHIBITS AND DEMONSTRATIVES DISCLOSED FOR BRINGERT, PENDLETON, AND WESTBROOK** |

02198.51981/5871457.1

Case No. 12-cv-00630-LHK
SAMSUNG'S HPO BRIEF RE: BRINGERT, PENDLETON, AND WESTBROOK.

## I. APPLE'S OBJECTIONS TO SAMSUNG'S EXHIBITS SHOULD BE OVERRULED

### A. Apple's objections to Todd Pendleton disclosures should be overruled.

**SDX2516.** SDX2516 is a demonstrative and will not be offered into evidence. The demonstrative will merely elicit Mr. Pendleton's state of mind and the effect on the reader – Mr. Pendleton – of the article contained in the demonstrative as it relates to Samsung's brand marketing campaign. Mr. Pendleton will testify how the article prompted aspects of Samsung's strategy. Apple offered a number of similar demonstratives related to the iPhone with its own marketing witness, Mr. Schiller. The demonstrative is not being offered for the truth of the matters asserted in the article quoted. Apple makes no objection that the demonstrative is misleading or would otherwise invoke Rule 403 concerns, because no such concerns exist. SDX2516 is a proper demonstrative to be used with Samsung's Chief Marketing Officer.

### B. Apple's objections to Paul Westbrook disclosures should be overruled.

**Movie_03_(414 – Gmail Sync v2 – ALT2).wmv.** Apple's objections to this video border on frivolous. This video shows two Android devices running the Android Gmail application, and various user interactions with those devices. Apple played this video during its opening statement, and Apple's counsel purported to describe to the jury what was happening on the device during this video. Apr. 1, 2014 Trial Tr. 327:18 to 328:12. Now, however, Apple seeks to block Gmail developer Paul Westbrook from providing actual facts, by viewing the same video and describing to the jury what happens on the device during the video. Apple's objections have no merit, and are intended to prevent the jury from learning the facts. The Court should quickly overrule them.

Apple first argues that Mr. Westbrook lacks foundation to testify about this video, which shows user interactions with Gmail. Mr. Westbrook is a Gmail developer and supervises the team of engineers developing the Android Gmail application. Samsung disclosed him as a witness "regarding the design, development and operation of, as well as potential alterations to, Android software including the functionality accused of infringing the '414 patent"—which of course includes the Android Gmail application. Dkt. 1454 at 8. As a witness who deeply understands how the Android Gmail application works, Mr. Westbrook can observe the user interaction depicted in the video, and explain to the jury what happens on the device. That is no surprise:

02198.51981/5871457.1

-1-   Case No. 11-cv-01846-LHK
SAMSUNG'S HPO BRIEF RE: BRINGERT, PENDLETON, AND WESTBROOK.

software engineers testifying in patent cases often do precisely that.  Indeed, and again unsurprisingly, during Mr. Westbrook's deposition Apple asked multiple questions about how the Android Gmail application responds to user behavior.  For example:

Q. If the e-mail has already been stored in the SQLite database and a user selects an e-mail on the user interface, will the Gmail application retrieve the rest of that e-mail, the body of the message, from that SQLite database?

A. In the Android Gmail application, when the user selects a conversation the application will load all of the messages for that conversation.

Fazio Decl. Ex. E at 102:14-21.  Having asked Mr. Westbrook at deposition what happens when a user selects an email in Gmail, and having played to the jury a video showing a *user selecting an email in Gmail*, Apple cannot now contend that Mr. Westbrook has no foundation to describe what happens "under the hood" in response to the user interaction displayed in the video.  Finally, and devastatingly for Apple's objection, Apple itself cross-disclosed *exactly the same video* against Google witnesses Hiroshi Lockheimer, Dianne Hackborn and Cary Clark.  Having submitted this video for examination of Mr. Lockheimer, Ms. Hackborn and Mr. Clark, Apple cannot now contend that it is improper for Mr. Westbrook, who knows much more about Gmail than those other witnesses.

Apple's second objection is even weaker than the first.  Apple asserts that this demonstrative will cause Mr. Westbrook to offer "improper expert opinion."  Not so:  as Samsung has already explained, software engineers often explain how their software works in patent cases, and this testimony is fact testimony.  The bulk of Mr. Westbrook's deposition concerned precisely this.  As a fact witness, Mr. Westbrook cannot and will not offer expert opinion, such as whether Gmail infringes the '414 patent, whether he watches the video or not.  Apple cannot use this unrelated rule, however, to prevent Mr. Westbrook from explaining *how his software works* using the same video Apple already played to the jury during its opening statement.

## II. SAMSUNG'S OBJECTIONS TO APPLE'S EXHIBITS SHOULD BE SUSTAINED

### A. Samsung's objections to Mr. Pendleton's cross-disclosures should be sustained.

**PX227.**  This exhibit should be excluded under Rules 602 and 403.  PTX 227 is a

1  document produced by Google, not Samsung.  ████████████████████████

2  ████████████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████████████

4  ████████████████████████████████████████

5  **PX268.**  Apple should be precluded from introducing PX268 because it was not timely

6  produced.  Fact discovery in this case closed in July 2013.  Dkt. 664.  Apple produced PX268 on

7  February 12, 2014, over six months past the discovery deadline.  *See* Fazio Decl. Ex. D.  The

8  Court has previously ordered documents not timely produced excluded.  *See, e.g.*, Case No. 11-cv-

9  01846, Dkt. 1563 at 3, Dkt. 1596 at 6, Dkt. 1798 at 7.  Additionally, PX268 is inadmissible

10 hearsay.  It is a news article being offered to prove the truth of the statements asserted and the

11 statements do not fall within any hearsay exception.  Finally, the article contains references to the

12 Apple-Samsung litigation and workplace accidents, both of which are properly excluded.

13 **New York Times article, Samsung: Uneasy in the Lead.**  This document is not on any

14 exhibit list and should be excluded consistent with the Court's prior orders.  Dkt. 1554 at 1, Dkt.

15 1573 at 2; *see also* Trial Tr. at 265-67.  Moreover, the document is unproduced and post-dates the

16 July 2013 fact discovery cutoff in this action—it is dated December 14, 2013.

17 **III.  SAMSUNG MOVES TO SEAL ITS CONFIDENTIAL INFORMATION.**

18 Samsung moves to seal portions of certain trial exhibits, which are listed in the parties'

19 April 11, 2014 disclosures.  The Court has already found portions of several exhibits the parties

20 now disclose sealable, and Samsung now moves to seal only the portions of trial exhibits that the

21 Court has not previously addressed.  Samsung seeks to seal:

22  • Confidential financial data (PX154[1], pages 2-4, and PX202[2], pages 13 and 14);

23  • Confidential market research results to the extent pages are not used during a

24      witness examination (PX203[3], pages 4, 9-16, 19-21, 23-25, 28-33, and 36-38); and

---

[1] The Court previously found pages 5, 9, and 10 sealable (Dkt. 1619), but the parties have now disclosed additional pages.
[2] The Court previously found page 11 sealable (Dkt. 1656).

- Source code (JX51B).

Samsung moves to seal JX51B, which comprises certain source code files, because Google may maintain a claim of confidentiality over the exhibit. Samsung expects that Google will file a declaration in support of this brief.

Apple has also designated numerous "Other Documents" in addition to trial exhibits and demonstratives. Based on the parties' past practice, and to minimize the burden on the Court, Samsung does not move to seal those documents at this time. Samsung expects that in the event that Apple uses any of these additional items during trial Apple will not publicly display or disclose Samsung or third-party confidential information. Samsung reserves its right to move to seal any confidential information in these additional materials if necessary.

## IV. THE PARTIES' ONGOING NEGOTIATIONS REGARDING PRIOR ART WITNESSES.

On the morning of April 11th, after the Court expressed concern about the number of witnesses Samsung disclosed on Friday for Monday's proceedings, Samsung asked Apple if it would stipulate to the authenticity and, where applicable, the public availability in the United States, of exhibits associated with eleven prior art witnesses. In exchange, Samsung would agree not to call those eleven witnesses live, by deposition, or by declaration, and thus streamline the trial. Samsung informed the Court of its proposal during proceedings on April 11.

On the evening of April 11, Apple and Samsung reached agreement as to three of these witnesses.[4] Eight prior art witnesses thus remain potential trial witnesses. Importantly, these remaining eight prior art witnesses, in the aggregate, will only consume approximately 60-70 minutes of Samsung's trial time. Samsung anticipates that the parties will continue working

---

[3] Apple previously disclosed pages 1-4, 7, and 10, and the Court found pages 3 and 7 sealable (Dkt. 1656). However, Apple claims that the entirety of PX203 – including portions Apple never listed in a witness disclosure – was admitted into evidence when the exhibit was used in connection with Dr. Vellturo's testimony (Rough RT 1311:12-14). Samsung seeks to seal additional pages to the extent they are not used during a witness examination.

[4] Apple also provided counter proposals involving various conditions precedent to agreement for several additional prior artists. The parties are discussing these proposals.

02198.51981/5871457.1

-4-   Case No. 12-cv-00630-LHK
SAMSUNG'S HPO BRIEF RE: BRINGERT, PENDLETON, AND WESTBROOK.

toward agreement on the remaining eight witnesses to avoid calling them altogether, or to resolve any objections and thus obviate the need for the Court to rule on them. For now, however, Samsung will need to include the eight remaining witnesses for whom Apple would not offer confirmation in tomorrow's HPO briefing. Samsung will update the Court on the status of the parties' discussion and any remaining objections in its April 13th HPO brief.

DATED: April 12, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael L. Fazio*
Victoria F. Maroulis
Michael L. Fazio
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC