| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| HAROLD J. McELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>JAMES P. BENNETT (CA SBN 65179)<br>jbennett@mofo.com<br>JACK W. LONDEN (CA SBN 85776)<br>jlonden@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>RUTH N. BORENSTEIN (CA SBN 133797)<br>rborenstein@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendant. | Case No.   12-cv-00630-LHK (PSG)<br><br>**APPLE'S COMMENTS ON THE TENTATIVE VERDICT FORM** |

## I.  APPLE'S COMMENTS ON THE TENTATIVE VERDICT FORM

The Court's adoption of Samsung's proposed question 10(a) substantially increases the risk of a mistrial based on future claims by Samsung that the jury's calculations are inconsistent, and adds substantially to the jury's burden. Samsung's proposal requires the jury to fill out and reconcile over 60 separate boxes in three separate questions using three different parameters (three time periods, five patents and ten products). The Court rejected an equally complex verdict form in the 1846 case for this reason. The 1846 format favors neither party, reduces the risk of an inconsistent verdict, and allows the jury to use resources provided by both parties' experts when it fills out the verdict form.

Because Samsung's question 10(a) departs from the 1846 approach, it does not align with either party's summary exhibit regarding damages. Thus neither exhibit is sufficient to permit the jury to answer the required questions without doing additional calculations. The parties both prepared summaries and calculations sufficient to satisfy the 1846 form. Dr. Vellturo's summary of his $2.191 billion calculation provides the relevant breakdowns by time and by product, but the jury would need to do additional math to incorporate the per-patent and per-product breakdowns required by new interrogatory 10(a). (*See* PX222A at 12-13). Dr. Chevalier's summary, DX453A, provides a product and patent breakdown but none by time period. (DX453A at 12). As a result, the jury would be required to calculate damages without an equivalent table in either damages summary. This places an unfair burden on the jury and substantially increases the risk of an error in the calculation that could force a retrial. This burden and risk can be avoided by retaining the format that the Court has twice employed, requiring only a breakdown by product.

## II.  CLARIFICATION RE JX SUBPARTS

Apple proved through a combination of expert testimony and documentary evidence that the ten accused Samsung devices infringe the asserted patents. (*See, e.g.*, Dkt. 1756 at 2-3; *see also* Dkt. 1670 at 2-3.) Apple introduced representative devices (identified by JX subpart) to illustrate Samsung's infringing functionality to the jury, but those physical devices were simply a subset of the full range of accused products in the case. Apple's Proposed Verdict Form referred to accused products by product name and included a column identifying exemplary

"Representative Exhibits" by JX subpart (*i.e.*, A, B, C) for each patent that the jury could test for infringement (*see* Dkt. 1641-1 at 2-4).  Some physical devices in evidence are listed as Representative Exhibits for only one patent, others are listed for multiple patents, and some are not listed as Representative Exhibits at all.  A physical device in evidence is not listed as a Representative Exhibit for a particular patent if either (1) it is an example of an accused product that is not accused of infringing that patent, or (2) as currently configured (due to, for example, inadvertent software updates), it does not show the accused feature of a patent, even though the evidence in the record establishes that the accused product infringes.  Apple did not introduce every different carrier and software version given the nature of Apple's proof of infringement, the undisputed lack of relevant differences across most software versions for purposes of infringement, and the serious risk of inadvertent software updates and juror confusion that might result from admitting so many different devices.

Representative information is necessary to prevent the jury from attempting to test for infringement of a particular patent a phone running a software version that has not been accused of infringing that patent.  Not all JX subparts are accused of infringing the '959 patent because of Samsung's temporary removal of the accused '959 functionality during specific periods of time.  Likewise, not all JX subparts are accused of infringing the '721 patent because of Samsung's removal of the accused '721 functionality from certain phones after certain dates.  If the Court does not provide this information to the jury, the jury may attempt to test a particular JX subpart for infringement of the '959 or '721 patents that has not been accused of infringing those patents, and wrongly conclude that the phones actually accused of infringement do not infringe.  Accordingly, Apple again requests that the Court provide the jury with Apple's identification of representative exhibits.[1]

---

[1] Samsung's identification of specific JX subparts in its Proposed Verdict Form as "Accused Versions" is inaccurate and misleading for two reasons.  First, it ignores the full range of evidence establishing infringement by all the relevant carrier and software versions.  Second, it does not accurately reflect which JX subparts are accused of infringing which patents.  For example, Samsung identified JX29(n) as an "Accused Version" of the '721 Patent (Dkt. 1642 at 6:16); however, JX29(n) does not appear to contain a '721 accused software version (*see* JX29(n) (Android 4.2.2); Dkt. 1623 at 654:10-11; PX300 at 15).

APPLE'S COMMENTS ON THE TENTATIVE VERDICT FORM
CASE NO.12-cv-00630-LHK (PSG)
sf-3409951

2

| | | |
|---|---|---|
| 1 | Dated: April 24, 2014 | MORRISON & FOERSTER LLP |
| 3 | | By: */s/ Harold J. McElhinny* |
| 4 | | HAROLD J. MCELHINNY |
| 5 | | Attorneys for Plaintiff and Counterclaim-Defendant APPLE INC. |