QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar. No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S STATEMENT REGARDING THE VERDICT FORM [TENTATIVE]** |

Pursuant to the Court's April 23, 2014 Order Re: Verdict Form [Tentative] (Dkt. 1780), Samsung provides the following comments.

## I. VERDICT FORM [TENTATIVE]

Samsung objects to the lack of specificity concerning damages theories potentially applied by the jury.  Samsung proposed a verdict form that divided damages by lost profits and reasonable royalty.  As explained in Samsung's brief in support of its proposed verdict form (Dkt. 1757), this level of specificity would allow for a more transparent understanding of the jury's damages award, if any.  Samsung incorporates the entirety of its briefing in support of its proposed verdict form and maintains the positions set forth in that brief.  (Dkt. 1757.)

## II. CLARIFICATION OF ACCUSED PRODUCTS/JX SUBPARTS

The Court requested clarification concerning the accused products identified in each parties' proposed verdict form.  (Dkt. 1780.)  The Court's tentative verdict form differs from the parties' proposed verdict forms, listing each product by JX number but not identifying the relevant subparts.  But Apple only accuses certain subsets of the JX devices for Apple's '721 and '959 patents and there is no dispute as to which versions Apple is accusing.  (*See* Fazio Decl. Ex. A (Snoeren Ex. 5); PX-222A at 7; PX-300)

All software versions are not accused.  Apple is not accusing all operating software versions and subversions of all JX subparts, at least for Apple's '721 and '959 patents.  For the '721 patent, Apple has identified an "assertion end date" for each accused product, after which time any new software versions are not accused.  (PX-222A at 7; PX-300.)  For the '959 patent, Apple's expert Dr. Snoeren expressly identified the specific non-accused software releases for each accused device.  (*See* Fazio Decl. Ex. A.)

JX devices in evidence.  Despite the parties each providing contributions to the JX device lists, not all of the originally listed JX devices have been admitted into evidence.  This occurred for two reasons:  first, certain JX devices in Apple's possession, including JX 29(f) and JX 35(k), were withdrawn after receiving software updates.  Second, Samsung did not seek to introduce into evidence some JX devices in Samsung's possession, including JX 29(k), as those devices are duplicative of other devices already entered into evidence or are otherwise not necessary for a

1  complete record.  Samsung included these devices as of April 21, 2014 in its proposed verdict
2  form, expecting that those devices would be entered into evidence during subsequent testimony.
3  To resolve any ambiguity, Samsung is providing a proposed redline of the Court's tentative
4  verdict form with only those accused subparts actually admitted into evidence.  (Fazio Decl. Ex.
5  B)

6        <u>Differences in identification of JX devices.</u>  The parties' identifications of JX device
7  subparts are nearly identical.  The parties' proposals only differ because Apple's proposal, which
8  claims to identify "Representative" products, is under-inclusive.  Apple only identifies
9  "representative" devices with the accused functionality for all Apple patents on which a given
10 device is accused (Apple identifies an even smaller "representative" subset for the '721 patent).
11 Apple's proposal ignores that certain JX subparts are accused on some patents but not on others.
12 For example, JX-35(a) is accused of infringing the '647 patent but not the '959 patent.  Yet
13 Apple's proposal does not specify JX-35(a) as a representative exhibit for the '647 patent.  (*See*
14 Dkt. 1755.)  Apple's list further includes only a subset of those JX subparts entered into evidence
15 by Apple, ignoring that JX subparts were also entered into evidence by Samsung—*e.g.,* JX-35(o).
16 Samsung's proposal, in contrast, aimed to provide a complete list of all JX device subparts that
17 might be entered into evidence by either party, specifically identifying which JX subparts were
18 accused for each Apple patent.  Again, to resolve any ambiguity, Samsung provides a proposed
19 redline of the Court's tentative verdict form including the accused subparts admitted into evidence.
20 (Fazio Decl. Ex. B)

DATED: April 24, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
   Victoria F. Maroulis
   Kevin P.B. Johnson
   Michael L. Fazio
   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC