SQUIRE SANDERS (US) LLP
Mark C. Dosker (CA Bar # 114789)
Carrie E. Jantsch (CA Bar # 284877)
275 Battery Street, Suite 2600
San Francisco, CA 94111
Telephone: +1 415 954 0200
Facsimile: +1 415 393 9887
E-mail: mark.dosker@squiresanders.com
carrie.jantsch@squiresanders.com

SQUIRE SANDERS (US) LLP
Bruce A. Khula (to be admitted *pro hac vice*)
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44114
Telephone: +1 216 479 8500
Facsimile: +1 216 479 8780
E-mail: bruce.khula@squiresanders.com

Attorneys for Defendants
SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA,
LLC in the related action *Dang v. Samsung Electronics Co., Ltd. et al.*, Case No. 14-cv-00530-SI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC a Delaware limited liability company,<br><br>Defendants. | Case No. 5:11-cv-01846-LHK<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; DECLARATION OF MARK C. DOSKER IN SUPPORT THEREOF** |

Pursuant to Civil Local Rules 3-12 and 7-11, Defendants Samsung Electronics America, Inc. ("SEA") and Samsung Telecommunications America, LLC ("STA") move for a determination by this Court as to whether the action captioned *Dang v. Samsung Electronics Co., Ltd. et al.*, Case No. 14-cv-00530-SI (the "Dang Action") should be considered "related" to *Apple Inc. v. Samsung Electronics Co., Ltd. et al.*, Case No. 5:11-cv-01846-LHK (the "Apple I Action") and *Apple Inc. v. Samsung Electronics Co., Ltd. et al.*, Case No. 5:12-cv-00630-LHK (the "Apple II Action") (collectively, the "Apple Patent Litigation") within the meaning of Civil Local Rule 3-12. Under that Rule, an action is related to another when two circumstances are met: (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. Civ. L.R. 3-12(a). Those circumstances are met here.

## I. The Apple Patent Litigation

Apple Inc. ("Apple") initiated the Apple I Action on April 15, 2011 and the Apple II Action on February 8, 2012. The Apple I Action and the Apple II Action allege that Samsung Electronics Co., Ltd. ("SEC"), SEA, and STA (collectively, "Samsung") infringed on Apple's patents as summarized below.

### a. The Apple I Action

The Apple I Action asserts that Samsung infringed on Apple's intellectual property rights related to its iPhone, iPad, and iPod Touch products when Samsung introduced its Galaxy line of mobile phones and its Galaxy Tab computer tablet. Apple I Complaint, ¶4. Based on this alleged infringement, Apple asserted the following claims: (1) Trade Dress Infringement (Lanham Act Section 43(a), 15 U.S.C. § 1125(a)); (2) Federal Trade Dress Infringement (15 U.S.C. § 1114); (3) Federal Trademark Infringement (15 U.S.C. § 1114); (4) Common Law Trademark Infringement; (5) Unfair Business Practices (California Business and Professions Code § 17200, *et seq*.); (6) Unjust Enrichment; (7) Infringement of the '022 Patent; (8) Infringement of the '381 Patent; (9) Infringement of the '134 Patent; (10) Infringement of the '828 Patent; (11)

- 1 -

Infringement of the '915 Patent; (12) Infringement of the '891 Patent; (13) Infringement of the '533 Patent; (14) Infringement of the 'D790 Patent; (15) Infringement of the 'D016 Patent; (16) Infringement of the 'D677 Patent.

Over the course of the past three years, the Apple I Action has proceeded through trials to final judgment and is now on appeal. On August 24, 2012, a jury returned a verdict that 26 Samsung products infringed one or more of Apple's patents or diluted Apple's trade dress. Apple I ECF 1931. The jury awarded Apple $1,049,343,540 in damages. *Id*. Because Apple had presented insufficient evidence for some of the sales at issue, the Court struck $410,020,294 of the jury's damages award. Apple I ECF 2271. A damages retrial was held in November 2013 to recalculate the damages for those sales, and the retrial jury awarded Apple $290,456,793. Apple I ECF 2822. The Court upheld the retrial jury's damages award (Apple I ECF 2947), resulting in a total damages award to Apple of approximately $929,780,039. The Court entered its final judgment against Samsung and in favor of Apple on March 6, 2014. Apple I ECF 3017.

Samsung vigorously denies any infringement and contests the basis for and amount of damages awarded, and has appealed the Court's final judgment to the United States Court of Appeals for the Federal Circuit, Case No. 14-1335. Apple subsequently filed a cross-appeal. All appeals remain pending at present.

### b. The Apple II Action

The Apple II Action arises from allegations of patent infringement involving the same parties but different patents and accused products. In the Apple II Action, Apple alleges that Samsung sold and sells products that purportedly infringe various utility patents. Apple II Amended Complaint, ¶3. Based on these allegations of infringement, Apple is asserting claims for (1) Infringement of the '647 Patent; (2) Infringement of the '959 Patent; (3) Infringement of the '721 Patent; (4) Infringement of the '172 Patent; and (5) Infringement of the '414 Patent.

A jury trial of the Apple II Action began on March 31, 2014 and is scheduled to continue through April 29, 2014. As of the date of filing the present motion, the jury trial is ongoing.

## II. The Dang Action

The Dang Action, which was initiated against SEC, SEA, and STA in this Court on February 4, 2014, relies entirely on allegations and opinions and judgments in the Apple Patent Litigation. Plaintiff Hoai Dang, the alleged purchaser of a Samsung Galaxy SIII smartphone ("Galaxy SIII"), alleges that his Galaxy SIII has "dramatically" lost value as a result of recent opinions in the Apple Patent Litigation that found in favor of Apple with regard to patent infringement allegations against certain Samsung products. Dang Complaint, ¶¶2-3. In light of those holdings, Dang seeks relief on behalf of himself and a putative nationwide class (and a California subclass) of allegedly similarly situated consumers for the purportedly lost value of the Galaxy SIII and some 52 other specified Samsung products, that allegedly resulted from the litigation determinations that certain Samsung devices infringed on Apple's patents. Dang Complaint, ¶¶21-32. Based on these allegations, Dang asserts the following claims: (1) Breach of Warranty (under all 50 states' laws); (2) Unfair and Unlawful Business Practices (California Business and Professions Code § 17200, *et seq.*); (3) Violation of Consumers Legal Remedies Act (Civ. Code § 1750 *et seq.*); (4) Violation of New York General Business Law § 349; (5) Violation of New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1 *et seq.*); (6) Restitution/Unjust Enrichment.

## III. The Dang Action is Related to the Apple Patent Litigation

The Dang Action is related to both the Apple I Action and the Apple II Action within the meaning of Civil Local Rule 3-12. The Dang Action, the Apple I Action, and the Apple II Action involve substantially the same parties; SEC, SEA, and STA are the sole defendants in each action. The Dang Action also involves the same Samsung products as the Apple Patent Litigation. Indeed, the Dang Action alleges that each of the 53 products at issue in Dang is a product which was held in the Apple Patent Litigation to have infringed on Apple's patents, and the complaint in the Dang Action cites at length to the operative complaints in the Apple I Action and the Apple II Action to demonstrate that the same allegedly infringing products in the Apple Patent Litigation

are at issue in the Dang Action. Dang Complaint, ¶¶24-25. Because the Dang Action is wholly founded on the Apple Patent Litigation, it clearly implicates the same Samsung devices.

The relatedness of the Dang Action to the Apple Patent Litigation goes beyond the similarities between the parties and the products at issue; the Dang Action is intrinsically linked to the Apple I Action and the Apple II Action by the nature of the allegations contained in the complaint in the Dang Action. Dang alleges that certain Samsung products "are illegally based on the patents of" Apple. Dang Complaint, ¶¶2, 22. He alleges that, because of that purported infringement, the value of certain Samsung products is "significantly less than the prices the consumers paid, resulting in injury and damages to the consumers." *Id*. ¶32. Dang squarely relies on the allegations of patent infringement asserted in the Apple Patent Litigation to claim that the alleged infringement of Apple's patents by certain Samsung devices, including the Galaxy SIII, decreased the value of those Samsung products. The Dang Action is so completely based on the claims and decisions in the Apple Patent Litigation that without the Apple I Action and the Apple II Action, the Dang Action would not exist. As such, the Dang Action should be treated as related to the Apple I Action and the Apple II Action under Civil Local Rule 3-12.

The Honorable Lucy H. Koh, who has been presiding over the Apple Patent Litigation from its inception, is very familiar with the parties, the products at issue, and the sensitive nature of discovery in that litigation. If the cases are not related, the parties risk duplication of labor and expense to re-evaluate issues that they and this Court have been scrutinizing for some time. Further, there may be risk of conflicting results if the Dang Action proceeds before one judge while litigation of the alleged patent infringement, on which the Dang Action exclusively relies, proceeds before a different judge. This is of particular importance given that the findings of infringement that form the crux of the Dang Action are being challenged on appeal. Accordingly, as discussed herein, these cases readily meet the definition of related cases under Civil Local Rule 3-12, and the Dang Action should be deemed "related" to the Apple I Action and the Apple II Action and reassigned to the Honorable Lucy H. Koh to foster consistency of the outcome in these matters and to promote judicial economy.

- 4 -

### IV. Compliance with Civil Local Rule 7-11(a)

On April 16, 2014, counsel for SEA and STA in the Dang Action contacted plaintiff's counsel in the Dang Action and asked whether he would stipulate to an order determining the Dang Action to be related to the Apple I Action and the Apple II Action, and they discussed the matter further on the following day. On April 18, 2014, Plaintiff's counsel in the Dang Action declined to agree to the proposed stipulation. Pursuant to Civil Local Rule 7-11(a), the efforts by the counsel for SEA and STA to obtain a stipulation are detailed in the Declaration of Mark C. Dosker attached hereto.

### V. Conclusion

For the foregoing reasons, SEA and STA respectfully request that these cases be deemed related and that the Dang Action be assigned to the same judge to whom the Apple I Action and the Apple II Action are assigned – the Honorable Lucy H. Koh.

Dated: April 24, 2014

Respectfully submitted,

SQUIRE SANDERS (US) LLP

By: *Mark C. Dosker*
      Mark C. Dosker

Attorneys for Defendants
SAMSUNG ELECTRONICS AMERICA, INC.
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC in the related action captioned
*Dang v. Samsung Electronics Co., Ltd. et al.*,
Case No. 14-cv-00530-SI

# DECLARATION OF MARK C. DOSKER

I, Mark C. Dosker, declare:

1. I am counsel of record for Samsung Electronics America, Inc. ("SEA") and Samsung Telecommunications America, LLC ("STA") in the action pending in this Court captioned *Dang v. Samsung Electronics Co., Ltd. et al.*, Case No. 14-cv-00530-SI (the "Dang Action"). I am a member of the Bar of this Court, a member of the Bar of various other federal courts, and a member of the Bar of the State of California. I make this declaration of my own personal knowledge, and if called upon to testify to the matters stated herein I could and would competently do so.

2. On April 16, 2014 I contacted Michael Reese, plaintiff's counsel in the Dang Action, and asked whether he would stipulate to an order determining the Dang Action to be related to the Apple I Action and the Apple II Action. He and I discussed the matter further on the following day, and plaintiff's co-counsel Melissa Wolchansky also participated in that discussion. On April 18, 2014, Michael Reese declined to agree to the proposed stipulation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 24, 2014 at San Francisco, California.

               */s/ Mark C. Dosker*
                Mark C. Dosker