QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar. No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**SAMSUNG'S ADDITIONAL PROPOSED FINAL JURY INSTRUCTION** |

Pursuant to Fed. R. Civ. P. 51 and Tr. 2043:16-24, Samsung proposes the following additional final jury instruction. Apple has objected to the instruction for the reasons stated below.

**PROPOSED FINAL JURY INSTRUCTION NO. 54 (Samsung)**
**LIMITS ON ADMISSIBILITY OF INDEMNIFICATION EVIDENCE**

Evidence that a party is indemnified is not admissible to prove that the party infringed any patent, that the indemnified or indemnifying party believed any patent to be valid or infringed, or acted wrongfully in any way. It is also not admissible on any issue of damages for any party. It is only admissible to show the indemnifier's potential interest in the outcome of the case.

**Source**

FRE411; Tr. 2749:4-10, 2784:7-10; *Larez v. Holcomb*, 16 F.3d 1513, 1518-19 (9th Cir. 1994) ("It has long been the rule in our courts that evidence of insurance or other indemnification is not admissible on the issue of damages, and, should any such information reach the ears of the jurors, the court should issue a curative instruction.").

**Apple's Objections**

The Court has already instructed the jury on this issue, and Apple's position is that no further instruction is necessary. However, to the extent the Court is inclined to provide another instruction on this issue, the Court should simply give the same instruction that was given to the jury on Tuesday (after consultation with the parties), to avoid the potential for confusing the jury with multiple and different instructions on the same issue: "Evidence that a party is indemnified is not admissible to prove that the party is liable, but is admissible for another purpose, such as proving a witness's bias." Trial Tr. at 2784. The Court's instruction closely tracks FRE 411 ("the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control"), and is consistent with Ninth Circuit precedent. *See In re Hanford Nuclear Reservation Litig.*, 543 F.3d 986, 1014 (9th Cir. 2008) (indemnity agreement admissible "to show prejudice or bias of a witness" (citing FRE 411)); *Brocklesby v. United States*, 767 F.2d 1288, 1292-1293 (9th Cir. 1985) (indemnity agreement properly admitted to show

1  relationship of the parties and attack witness credibility); *see also Bryant v. Mattel, Inc.*, No. 04-
2  09049, 2007 WL 5430893, at *6 (C.D. Cal. May 18, 2007) (in resolving discovery dispute, court
3  noted that "[f]ee or indemnity agreements are relevant to demonstrate bias and lack of
4  credibility.").

**Samsung's Statement in Support**

7  The Court provided a mid-trial instruction regarding indemnification based on FRE 411 (Tr.
8  2784:7-10) and Samsung believes it is necessary to include a modified version of that instruction
9  in the final set for various reasons, including at least the following.  First, including the
10  indemnification instruction at the end of the case will refresh the jury's memory about it prior to
11  deliberations and confirm that the indemnification instruction is as important as the rest of the
12  closing instructions the jury will receive.  Second, the instruction given during trial was taken
13  directly from FRE 411, which uses general language about liability insurance and negligence.  As
14  this case involves only patent claims, the instruction will be more useful and understandable to the
15  jury if the language of FRE 411 is modified to apply to the specific liability issues in this case,
16  namely infringement and willfulness.  The words "acted wrongfully" are taken from FRE 411.
17  Samsung requested such a clarification be made in the closing instructions at the time the mid-trial
18  instruction was proposed by the Court.  (Tr. 2750:3-13.)  Third, the phrase "interest in the
19  outcome of the case" is taken directly from Preliminary Instruction No. 7 regarding witness
20  credibility.  (Dkt. 1542).  Fourth, Ninth Circuit law makes clear that indemnification evidence is
21  not admissible on the issue of damages, and that a curative instruction is needed on that specific
22  issue if such evidence reaches the jury.  *See Larez v. Holcomb*, 16 F.3d 1513, 1518-19 (9th Cir.
23  1994) ("It has long been the rule in our courts that evidence of insurance or other indemnification
24  is not admissible on the issue of damages, and, should any such information reach the ears of the
25  jurors, the court should issue a curative instruction.  *See, e.g., Halladay v. Verschoor*, 381 F.2d
26  100, 112 (8th Cir. 1967) ('Unless the fact that the plaintiff is insured or otherwise indemnified is a
27  material issue in the case, or unless the prejudicial effect has been cured by an admonition or

instruction to the jury to disregard it, it has been almost universally held that the receipt of such evidence constitutes prejudicial error sufficient to require reversal.').")

DATED: April 24, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
   Victoria F. Maroulis
   Kevin P.B. Johnson
   Michael L. Fazio
   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC