JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   12-cv-00630-LHK<br><br>**APPLE'S OBJECTIONS AND RESPONSES TO OBJECTIONS REGARDING SARAH CHANDLER, JEFFREY CHASE, NICK DICARLO, TULIN ERDEM GARY HALL, GREG JOSWIAK, ART RANGEL, DAVID REIBSTEIN, PHILIP SCHILLER, STEVEN SINCLAIR AND DANIEL WINSHIP, AND NOTICE REGARDING SEALING OF TRIAL EXHIBITS** |

## APPLE'S OBJECTIONS TO SAMSUNG'S DISCLOSURES

### SARAH CHANDLER

**DX 489 (pp. 1-28, 32-55, 68-91).** These pages are lists of competitors' products purchased by Apple and presentations showing disassembled Samsung phones. Samsung apparently intends to argue that they show copying by Apple. Not only is the allegation incorrect—these pages merely reflect estimates of component costs (*e.g.*, DX489.034, .039-055, .073, .075, .077-.085, .087-.091)—but it is also irrelevant, given that no patented technology developed by Samsung is at issue. Nor can Samsung argue that these documents put in perspective the evidence of copying by Samsung. Unlike the documents showing Samsung's copying, DX489 does not contain side-by-side comparisons between the parties' products, let alone the dozens of "directions for improvement" noted in Samsung's documents in light of those comparisons. *E.g.*, PX146.006.132. Any attempt by Samsung to equate the evidence of its own copying with DX489 would be misleading, which outweighs any minimal probative value.

### JEFFREY CHASE

**DX328.** Apple objected to this e-mail exhibit because it is not cited in Dr. Chase's expert reports or declarations, and thus he should not be allowed to rely on it during direct examination. *See* Dkt. 1701 at 2 (excluding DX305 because not cited in expert's report). In response to Apple's objections, Samsung withdrew DX328, and should not be permitted to use any other exhibits not cited in Dr. Chase's report (such as DX316, DX321, and DX322).

**SDX3602.** This video demonstrative was not served with or disclosed in Dr. Chase's expert reports. While Dr. Chase did include other videos with his report, none of these timely disclosed videos show two mobile devices sending emails to each other using different email accounts, as does SDX3602. The Court sustained Samsung's objections to video demonstratives that were not served with an Apple expert's report (Dkt. 1608 at 2 (excluding PDX91.31A)), and recently sustained an objection to a proposed video demonstrative for use with Dr. Jeffay (Dkt. 1701 at 2 (excluding SDX2562)). The Court should exclude SDX3602 on the same basis.

### NICK DICARLO

**DX493.** Page 1 of DX493, a compilation of articles, contains out-of-court statements

APPLE'S OBJS. & RESP. RE: CHANDLER, CHASE, DICARLO, ERDEM, HALL, JOSWIAK, RANGEL, REIBSTEIN, SCHILLER, SINCLAIR, WINSHIP AND NOTICE RE SEALING OF TRIAL EXHIBITS
Case No. 12-cv-00630-LHK

1

1  being offered for their truth that do not fall within any hearsay exception.  Further, the

2  comments attributed to Mr. Wozniak, who was not an Apple representative at the time these

3  statements were made, are prejudicial because they may mislead the jury to believe Apple itself

4  made the statements regarding being "somewhat behind" Samsung's phone features.

**TULIN ERDEM**

**DX404.**  This exhibit is one of many disclosed by Samsung for use with Dr. Erdem that are not cited in her report.  *See* Declaration of Ruth N. Borenstein ("Borenstein Decl.") Ex. 1.  In the 1846 trial, the Court sustained objections to documents not disclosed in expert reports (*e.g.* 1846 Dkt. 1798 at 2), and should do the same here.  *See* Dkt. 1701 at 2 (excluding DX305 because not cited in expert's report).  Apple notes that Samsung has similarly disclosed exhibits for Dr. Reibstein that are not cited in his expert report (*e.g.*, DX444-446), and will object to these if Samsung seeks to use them with Dr. Reibstein at trial.

**SDX3544**:  This is one of many demonstratives disclosed by Samsung for Dr. Erdem that includes quotes from a document not on Samsung's exhibit list (*e.g.* SDX3545-3547).  The Court has previously excluded demonstratives quoting from documents not on the exhibit lists (*e.g.*, Dkt. 1554 at 1), and should do the same here.

**SDX3541**:  The portion of the demonstrative "Percentage Change in Likelihood to Choose" and associated equation at the top of SDX3541 is not disclosed in Dr. Erdem's report.  The Court previously excluded Dr. Jeffay's video demonstratives containing information not properly disclosed in his report (Dkt. 1701), and should exclude SDX3541 on the same basis.

**ART RANGEL**

**6/25/13 Depo. at 40-42, 132-34.**  Mr. Rangel speculates how consumers may interpret certain survey questions and repeatedly states he has "no idea" whether certain features contribute to ease of use.  Given this lack of knowledge, there is no foundation for the testimony.

**DAVID REIBSTEIN**

**DX454A.**  Samsung disclosed both DX454 and DX454A (a subset of DX454) for use with Dr. Reibstein.  Apple made an HPO objection to DX454.  Samsung then withdrew DX454, but refused to withdraw DX454A, which should be excluded on the same basis as its parent:  it is

1  not a proper summary under FRE 1006.  It is a one-sided selection of quotes from pre-testing

2  interviews, not a summary of the interviews.  The claim made on DX454A that the quotes show

3  the interviewee's "confusion" is not a summary, let alone an accurate one; this is an

4  argumentative presentation, which is improper under FRE 1006.  *See United States v. Taylor*, 210

5  F.3d 311, 315-16 (5th Cir. 2000).  Samsung omits numerous quotes that demonstrate the

6  inaccuracy and one-sided nature of its characterizations.  For example, while Samsung claims a

7  respondent was "confused" about all but one of the features, it omits that very respondent's reply

8  when asked to comment on the material "in terms of clarity and helpfulness":  "A:  It was very,

9  very clear."  Borenstein Decl. Ex. 2 (Respondent PHIL 1); *see also id.* (Respondent PHX 1: "all

10 the explanations for all of those [features] were pretty clear").  DX454A also is misleading

11 because it gives the jury the false impression that the selected quotes represent the entirety of the

12 interviewees' understanding of the animations, which is untrue.  Indeed, the impression Samsung

13 seeks to create through DX454A is inconsistent with how Dr. Reibstein himself characterized

14 these same quotes in his expert report.[1]

15    **SDX3171.**  SDX3171 is one of multiple slides Samsung disclosed for Dr. Reibstein (*e.g.,*

16 SDX3136-39 and SDX3172-75) that quote from documents not on any party's exhibit list, despite

17 multiple rulings from the Court that such demonstratives are impermissible.  *See* Dkt. 1554 at 1;

18 1681 at 1; 1573 at 2; 1626 at 2.  In response to Apple's objections, Samsung withdrew SDX3171-

19 74, and should not be permitted to use these or any similar demonstratives (such as SDX3136-39

20 and SDX3175) with Dr. Reibstein or any other witness.

21 **PHILIP SCHILLER**

22    **7/23/13 Depo. at 87:24-88:15.**  This testimony improperly seeks to prejudice Apple with

23 irrelevant testimony regarding "Antennagate."  The Court stated at the pretrial hearing in the 1846

24 case that evidence relevant to adjudicated issues could come in, but not "mud smearing like tax

25

---

26   [1] In his report, Dr. Reibstein characterizes the same group of quotes based on whether the
respondent "[e]xhibits misunderstanding/[l]ack of sufficient understanding" of the feature
27 descriptions.  Borenstein Decl. Ex. 3.  Thus, the use of "confusion" throughout DX454A does not
accurately reflect Dr. Reibstein's findings.
28

APPLE'S OBJS. & RESP. RE: CHANDLER, CHASE, DICARLO, ERDEM, HALL, JOSWIAK, RANGEL, REIBSTEIN,
SCHILLER, SINCLAIR, WINSHIP AND NOTICE RE SEALING OF TRIAL EXHIBITS
CASE NO. 12-cv-00630-LHK

3

evasion," or "human rights claim about how Apple treats its manufacturing workers." 1846 Dkt. 1272 at 135:6-9. The Court has sustained similar objections to evidence lacking a technological nexus to the patents at issue. *See* Dkt. 1626 at 2 (VirnetX testimony).

**DANIEL WINSHIP**

**DX319, DX320, DX323.** These exhibits purport to describe or show the functionality of Evolution 2.4. Mr. Winship testified that he did not perform any material work as a developer on version 2.4, and that the last version he materially worked on was version 2.0. *See* Borenstein Decl. Ex. 4 at 9:19-23; 10:4-15; 24:16-22; 26:18-22. Mr. Winship said he is only "slightly familiar" with changes made since version 2.0. *Id.* at 35:23-36:5. Thus, he lacks foundation to testify as to Evolution 2.4.

## APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS

**SARAH CHANDLER**

**9/20/13 Depo. at 12:3-9.** The testimony to which Samsung now objects was originally designated ***by Samsung***, and Apple protectively counter-designated the same testimony in the event that Samsung withdrew the designation. *See* Dkt. 1466-1 at 24 (11:16-12:22). Samsung has now narrowed its designations to exclude this testimony, but Apple expressly counter-designated it for use in precisely these circumstances.

**NICK DICARLO**

**PX218.** This exhibit was cited in Dr. Vellturo's report (Borenstein Decl. Ex. 5 at 74 n.358), which Apple disclosed in response to both interrogatory nos. 27 and 39 (*id*. Ex. 6 at 305, 318). Apple does not intend to offer PX218 for the truth of what is stated, but as evidence of market demand for the patented features.

**"Samsung Tweaks How it Calculates Marketing Costs."** The Court has already overruled Samsung's objections to this article when disclosed for use with Mr. Denison. Dkt. 1690. Apple will only use the article if necessary to refresh Mr. DiCarlo's recollection.

**TULIN ERDEM**

**AT&T Website for Galaxy S4.** In light of Samsung's objection that this website depicts an unaccused product, Apple proposes to use the website for the Galaxy S3 instead. With respect

APPLE'S OBJS. & RESP. RE: CHANDLER, CHASE, DICARLO, ERDEM, HALL, JOSWIAK, RANGEL, REIBSTEIN, SCHILLER, SINCLAIR, WINSHIP AND NOTICE RE SEALING OF TRIAL EXHIBITS
CASE NO. 12-cv-00630-LHK

4

1  to Samsung's objection that this website is not on Apple's exhibit list, Apple will only use it to
2  refresh recollection, if necessary, a purpose the Court has permitted (*e.g.,* Dkt. 1690).

3  **ART RANGEL**

4  **4/5/12 Depo. at 147:8-19.**  Samsung objects to language in the question, not Mr. Rangel's
5  testimony.  The response is relevant, and should not be excluded due to a passing references to
6  the preliminary injunction proceeding by Samsung's counsel.  The reference is neither prejudicial
7  nor confusing, as it merely refers to the '172 patent as "one of the other patents at issue."

8  **DAVID REIBSTEIN**

9  **Verizon and Samsung Galaxy S4 Websites.**  As noted above in response to Samsung's
10 identical objection for Dr. Erdem, in light of Samsung's objections, Apple proposes to use
11 websites for the Galaxy S3, and will only use this material to refresh recollection.

12 **PHILIP SCHILLER**

13 **7/23/13 Depo. at 310:21-311:11.**  Mr. Schiller testifies based on personal knowledge and
14 industry experience that the slide to unlock feature, whether in the iPhone or a Samsung phone,
15 contributes to ease of use.  He neither denies knowledge nor guesses.

16 **7/23/13 Depo. at 311:17-312:5.**  Mr. Schiller does not use the words "autocorrect" or
17 "word suggestion" in his answer.  He refers to the undisputed existence of a multi-touch keyboard
18 in the iPhone, and does not claim (or even suggest) practice of the '172 patent.

APPLE'S OBJS. & RESP. RE: CHANDLER, CHASE, DICARLO, ERDEM, HALL, JOSWIAK, RANGEL, REIBSTEIN, SCHILLER, SINCLAIR, WINSHIP AND NOTICE RE SEALING OF TRIAL EXHIBITS
CASE NO. 12-cv-00630-LHK

5

## NOTICE REGARDING SEALING OF TRIAL EXHIBITS

The materials disclosed by the parties for use with these witnesses do contain confidential Apple information. However, as indicated below, the Court has already granted Apple's requests to seal these materials in whole or in part:

| Exhibit/Demonstrative | Docket No. Granting Apple's Request to Seal |
|---|---|
| DX 377 | 1580 |
| DX 404 | 1580 |
| DX 405 | 1580 |
| DX 407 | 1580 |
| DX 411 | 1626 |
| DX 413 | 1626 |
| DX 416 | 1580 |
| DX 417 | 1626 |
| DX 418 | 1580 |
| DX 421 | 1580 |
| DX 422 | 1580 |
| DX 425 | 1626 |
| DX 427 | 1580 |
| DX 428 | 1580 |
| DX 429 | 1580 |
| DX 452 | 1580 |
| DX 457 | 1580 |
| DX 458 | 1580 |
| DX 489 | 1626 |
| DX 500 | 1626 |
| PDX 92.26, 92.27, 92.34, 92.39, 92.58, 92.59, 92.64, 92.70, 92.71, 92.72, 92.73, 92.79, 92.82 | 1626 |
| PDX 92.29, 92.30, 92.31, 92.35, 92.40, 92.63, 92.66, 92.68, 92.75, 92.80, 92.81, 92.83, 92.84 | 1629 |

Apple is not moving to seal any exhibits or other documents disclosed by the parties solely for impeachment or for refreshing recollection because they will not be entered into evidence. Apple expects that if Samsung uses any of these documents, Samsung will not display any Apple confidential information publicly. Apple reserves its right to move to seal any Apple confidential information in these materials if necessary.

APPLE'S OBJS. & RESP. RE: CHANDLER, CHASE, DICARLO, ERDEM, HALL, JOSWIAK, RANGEL, REIBSTEIN, SCHILLER, SINCLAIR, WINSHIP AND NOTICE RE SEALING OF TRIAL EXHIBITS
CASE NO. 12-cv-00630-LHK

6

| | | |
|---|---|---|
| Dated: April 16, 2014 | | MORRISON & FOERSTER LLP |
| | By: | */s/ Rachel Krevans* |
| | | Rachel Krevans |
| | | Attorneys for Plaintiff APPLE INC. |

APPLE'S OBJS. & RESP. RE: CHANDLER, CHASE, DICARLO, ERDEM, HALL, JOSWIAK, RANGEL, REIBSTEIN, SCHILLER, SINCLAIR, WINSHIP AND NOTICE RE SEALING OF TRIAL EXHIBITS
CASE NO. 12-cv-00630-LHK

7