1   JOSH A. KREVITT (CA SBN 208552)          WILLIAM F. LEE
    jkrevitt@gibsondunn.com                  william.lee@wilmerhale.com
2   H. MARK LYON (CA SBN 162061)             WILMER CUTLER PICKERING
    mlyon@gibsondunn.com                     HALE AND DORR LLP
3   GIBSON, DUNN & CRUTCHER LLP              60 State Street
    1881 Page Mill Road                      Boston, MA 02109
4   Palo Alto, CA 94304-1211                 Telephone: (617) 526-6000
    Telephone: (650) 849-5300                Facsimile: (617) 526-5000
5   Facsimile: (650) 849-5333

6   HAROLD J. McELHINNY (CA SBN 66781)       MARK D. SELWYN (SBN 244180)
    hmcelhinny@mofo.com                      mark.selwyn@wilmerhale.com
7   JAMES P. BENNETT (CA SBN 65179)          WILMER CUTLER PICKERING
    jbennett@mofo.com                        HALE AND DORR LLP
8   JACK W. LONDEN (CA SBN 85776)            950 Page Mill Road
    jlonden@mofo.com                         Palo Alto, California 94304
9   RACHEL KREVANS (CA SBN 116421)           Telephone: (650) 858-6000
    rkrevans@mofo.com                        Facsimile: (650) 858-6100
10  RUTH N. BORENSTEIN (CA SBN 133797)
    rborenstein@mofo.com
11  ERIK J. OLSON (CA SBN 175815)
    ejolson@mofo.com
12  MORRISON & FOERSTER LLP
    425 Market Street
13  San Francisco, California  94105-2482
    Telephone:  (415) 268-7000
14  Facsimile:  (415) 268-7522

15  Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC.
16

17                     UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                          SAN JOSE DIVISION

20

21  APPLE INC., a California corporation,      Case No.   12-cv-00630-LHK

22            Plaintiff,                        **APPLE'S OBJECTIONS AND
                                                RESPONSES TO OBJECTIONS
23        v.                                    REGARDING JEFFERY CHASE,
                                                ANDREW COCKBURN, SAUL
24  SAMSUNG ELECTRONICS CO., LTD., a            GREENBERG, KEVIN JEFFAY,
    Korean corporation; SAMSUNG                 JAMES MACCOUN, TODD
25  ELECTRONICS AMERICA, INC., a New            MOWRY, MARTIN RINARD,
    York corporation; and SAMSUNG              ALEX SNOEREN, DANIEL
26  TELECOMMUNICATIONS AMERICA,                 WIGDOR, CHRISTOPHER
    LLC, a Delaware limited liability company,  VELLTURO, AND NOTICE
27                                              REGARDING SEALING OF
              Defendants.                       TRIAL EXHIBITS**
28

1      **APPLE'S OBJECTIONS TO SAMSUNG'S DISCLOSURES**

2      **Witness Objection (All Samsung Rebuttal Witnesses).**  None of Samsung's proposed

3      rebuttal witnesses – Drs. Chase, Greenberg, Jeffay, Rinard or Wigdor – can testify regarding the

4      only issue for which Samsung timely sought (in its proposed preliminary instructions) to present

5      rebuttal testimony, *i.e.*, "the validity of Samsung's patents." (Dkt. 1305 at 39.)  Thus, the Court

6      should preclude these witnesses from re-appearing at trial and deny Samsung's belated mid-trial

7      request to expand the scope of its rebuttal case to include the validity of *Apple's* patents.  The

8      Court's instructions to the jury do not afford Samsung such a rebuttal. (*See* Dkt. 1542 at 24.)  To

9      alter the order of proof at this late stage would likely confuse the jury and prejudice Apple, which

10     planned its trial presentation in the context of the Court's preliminary instructions.

11             That Apple's experts will be addressing non-infringement in rebuttal does not alter the

12     scope of Samsung's rebuttal.  Samsung requested that Apple address non-infringement during

13     rebuttal "to streamline the case." (Dkt. 1624 at 812:2-813:2.)  Samsung did not request, nor did

14     the Court suggest in granting the request (*id.* at 816:23-817:1), that the door would be opened to

15     Samsung offering a rebuttal on the validity of Apple's patents that was never requested pre-trial.

16     **SAUL GREENBERG**

17             **Testimony Beyond the Scope of Recall of Witness.**  Samsung represented that any recall

18     of Dr. Greenberg would be limited to invalidity. (*See* Dkt. 1717 at 2004:15-17.)  Thus, to the

19     extent Dr. Greenberg is permitted to present rebuttal testimony at all, it should be limited to

20     invalidity, and he should not be permitted to provide testimony on any other issues, including

21     non-infringement, non-infringing alternatives, conjoint surveys, or damages issues.

22     **KEVIN JEFFAY**

23             **DX339.**  This exhibit relates to a 1991 conference attended by Dr. Miller, a '647 patent

24     inventor, at which an Embedded Buttons paper and video purportedly were presented.  Apple

25     objects to the use of DX339 to the extent Samsung seeks to elicit testimony suggesting that Dr.

26     Miller was aware of Embedded Buttons and failed to disclose it to the PTO, as Samsung does not

27     have an inequitable conduct claim.  The Court previously held (in addressing Apple's prior

28     objection to this exhibit when disclosed for Dr. Miller) that Samsung may not elicit testimony

APPLE'S OBJS. AND RESP. RE: CHASE, COCKBURN, GREENBERG, JEFFAY, MACCOUN, MOWRY, RINARD,
SNOEREN, WIGDOR, VELLTURO AND NOTICE RE: SEALING OF TRIAL EXHIBITS                                                1
Case No. 12-cv-00630-LHK

1  related to inequitable conduct (Dkt. 1573), and the same applies here.

2  **TODD MOWRY**

3      **SDX4032.**  This demonstrative presents a misleading comparison between sentences from

4  Dr. Mowry's preliminary injunction reply declaration and rebuttal report, with the false headline:

5  "Dr. Mowry Changed His Opinion."  The argument that Samsung deletes in redline is disclosed

6  in Dr. Mowry's report.  (*See* Declaration of Erik J. Olson ("Olson Decl.") Ex. 1 at ¶¶ 135-137,

7  151-152.)  Samsung may cross-examine Dr. Mowry on his prior opinions, but cannot

8  misrepresent that he changed or dropped the opinions in question.

9      **Web Version of "Collaborative, Programmable Intelligent Agents" Article.**

10  Samsung has identified two archived versions of PX106 for use with Dr. Mowry (from 1999

11  and 2007, both supposedly accessed last week).  Because Samsung's expert did not testify

12  about any archived versions of PX106, any questions to Dr. Mowry about these documents

13  would be beyond the scope of his rebuttal.  Nor are the archived versions relevant, as the only

14  relevant inquiry is whether the figure from Dr. Miller's article was publicly available before it

15  was copied into Samsung's internal document dated 2010, an issue already established through

16  Dr. Mowry's testimony about PX106.  (*See* Dkt. 1624 at 924:16-925:9.)

17  **MARTIN RINARD**

18      **JX54, DX306:**  The exhibits are prior art references that Samsung did not present in its

19  case-in-chief.  While Samsung argues that it intends to use these exhibits only "to rebut Dr.

20  Snoeren's rebuttal testimony," it may not deprive Apple's expert the opportunity to address

21  Samsung's new invalidity theories by presenting them for the first time in rebuttal.

22  **DANIEL WIGDOR**

23      **Testimony Beyond the Scope of Recall of Witness.**  Samsung represented that any recall

24  of Dr. Wigdor would be "on invalidity."  (Trial Tr. (4/18/14) at 2059:4-6.)  Thus, to the extent Dr.

25  Wigdor is permitted to present rebuttal testimony, he should not be permitted to testify about non-

26  infringing alternatives, conjoint survey analysis, or damages issues.

27  **CHRISTOPHER VELLTURO**

28      ***VirnetX* Deposition Testimony.**  The Court already sustained Apple's objection to

APPLE'S OBJS. AND RESP. RE: CHASE, COCKBURN, GREENBERG, JEFFAY, MACCOUN, MOWRY, RINARD, SNOEREN, WIGDOR, VELLTURO AND NOTICE RE: SEALING OF TRIAL EXHIBITS
Case No. 12-cv-00630-LHK

2

1    Samsung's use of Dr. Vellturo's *VirnetX* trial testimony.  (Dkt. 1626 at 2.)  Samsung now has

2    disclosed Dr. Vellturo's *VirnetX* deposition testimony.  Because Judge Grewal has found that

3    there is no technological nexus between this case and *VirnetX* (Dkt. 636 at 37-39), any probative

4    value of the *VirnetX* materials is substantially outweighed by the risk of jury confusion, and Dr.

5    Vellturo's *VirnetX* deposition testimony (like his trial testimony) should be excluded.

6         **DX462.**  Dr. Vellturo had no role in the preparation of this alleged summary of news

7    articles (a summary prepared by Samsung) and cannot confirm that it faithfully represents any

8    underlying source.  Moreover, each selection, even if accurate, is relevant only for the truth of the

9    matters stated regarding alleged supply shortages.  Thus, the statements are inadmissible hearsay.

10                    **APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS**

11        **Sufficiency of Apple's Cross Disclosures (All Samsung Rebuttal Witnesses).**  Apple

12   sufficiently identified its cross examination materials for Samsung's rebuttal witnesses.  In

13   particular, for each Samsung expert, Apple disclosed that it would use: (1) the materials on

14   Samsung's own rebuttal disclosure for that witness; and (2) the exhibits on Apple's rebuttal

15   disclosure for the relevant Apple expert.  (*See* Olson Decl. Ex. 2.)  Samsung cannot object to

16   the use of its own disclosures.  As to the second set of exhibits, Samsung did identify objections

17   to Apple's rebuttal disclosures (briefed herein).  There is no basis for Samsung's claim that

18   Apple's disclosures were insufficiently precise.

19   **ANDREW COCKBURN**

20        **Witness objection.**  The Court has already addressed this objection.  When the Court

21   granted Samsung's request that Apple address non-infringement and non-infringing alternatives

22   in rebuttal (not direct), the Court also held that Samsung could not use the timing of its request,

23   made after Dr. Cockburn's direct examination, to preclude him from presenting rebuttal

24   testimony on these issues.  (*See* Dkt. 1624 at 815:7-816:22.)

25        **PDX97.103.**  Samsung objected to two versions of this slide, one stating "PTO ruled the

26   '721 valid" and the other (proposed by Apple during meet and confer) "PTO issued the '721 as

27   valid."  Samsung's objections ignore the statutory presumption of validity.  35 U.S.C. § 282.

28        **PDX97.124.**  There is nothing misleading about this demonstrative, which depicts an

APPLE'S OBJS. AND RESP. RE: CHASE, COCKBURN, GREENBERG, JEFFAY, MACCOUN, MOWRY, RINARD,
SNOEREN, WIGDOR, VELLTURO AND NOTICE RE: SEALING OF TRIAL EXHIBITS
Case No. 12-cv-00630-LHK

3

1   unaltered figure from JX59 and the language of claim 18 of the '172 patent.  The slide accurately

2   reflects both the underlying documents and Dr. Cockburn's disclosed opinion that "Xrgomics

3   does not disclose replacing a current character string with a suggested replacement character

4   string." (Olson Decl. Ex. 3 at ¶¶ 120-26.)  As he explained, the elements of claim 18 underlined

5   in red in PDX 97.124 are not only missing from JX59, but JX59 discloses the opposite behavior

6   of the first element shown with an "X." (*Id.*)

7   **JAMES MACCOUN**

8         **Witness objection.** ████████████████████████████████████

9   ████████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████. *See In*

11  *re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1014 (9th Cir. 2008).  Samsung has sought

12  to  make Google the centerpiece of their defense, calling more Google than Samsung witnesses.

13  ████████████████████████████████████████████████████████████████

14  ███████████████████. *See Brocklesby v. United States*, 767 F.2d 1288, 1292–93 (9th Cir.

15  1985).  The probative value of this evidence to show bias far outweighs any potential prejudice.

16        **PTX2003, PTX2004.** ███████████████████████████████████████

17  ███████████████          In the 1846 trial, the Court permitted the parties to offer rebuttal

18  exhibits that were not on the exhibit lists (*e.g.*, 1846 Dkt. 1798), consistent with the Court's

19  Standing Order, which does not require exhibit lists to include rebuttal exhibits.  Both of these

20  letters were exhibits to Mr. MacCoun's deposition and his testimony authenticated and laid a

21  foundation for them. (Olson Decl. Ex. 4 at 17:9-18:12, 20:16-21:12 and Exs. 3, 4.)  The Court

22  already overruled Samsung's objection that ██████████████████████ (PX227) was not

23  disclosed in Apple's interrogatory responses. (*See* Dkt. 1656 at 2; Dkt. 1639-3 at 6.)

24  **TODD MOWRY**

25        **Witness objections:  (1) Infringement of claim 1**:  Dr. Mowry is not precluded from

26  testifying that eliminating the "pop-up menu" required of claim 9 would not avoid infringement.

27  Any relevant prior orders were limited to other patents and claims that were not asserted or that

28  were withdrawn.  Moreover, Samsung's expert opened the door to rebuttal by testifying that,

APPLE'S OBJS. AND RESP. RE: CHASE, COCKBURN, GREENBERG, JEFFAY, MACCOUN, MOWRY, RINARD,
SNOEREN, WIGDOR, VELLTURO AND NOTICE RE: SEALING OF TRIAL EXHIBITS
Case No. 12-cv-00630-LHK

4

1   without the pop-up menu required by claim 9, "legally you cannot infringe the patent." (Dkt.

2   1717 at 1797:6-1798:8.)  **(2) New infringement theories on rebuttal:**  Apple does not intend to

3   offer new infringement theories.  Dr. Mowry may testify regarding infringement by purported

4   non-infringing alternatives discussed *after* his direct testimony.  Dr. Mowry was prepared to

5   address them during his direct testimony, but, at Samsung's request, reserved that testimony for

6   rebuttal.  (*See* Dkt. 1624 at 816:23-817:1.)  **(3) Secondary considerations:**  Dr. Mowry's reports

7   fully disclose his opinions on commercial success, praise, and copying, all of which concern

8   validity.  (*See* Olson Decl. Ex. 5 at ¶¶ 84-88; Ex. 1 at ¶¶ 381-399.)  Dr. Mowry's direct did not

9   address these validity issues because, at Samsung's request, the Court deferred his validity

10  opinions until rebuttal.  (*See* Dkt. 1607.)

11  **ALEX SNOEREN**

12       **Witness Objection.**  The Court permitted Dr. Rinard to testify about GSA 2.7 to the

13  extent of his rebuttal expert report (Dkt. 1398), and Dr. Snoeren should now be permitted to

14  respond.[1]  Dr. Rinard's testimony went well beyond arguing that GSA 2.7 is a non-infringing

15  alternative, as he attempted to explain why Dr. Snoeren did not accuse GSA 2.7 of infringement

16  and weaved that testimony into a new non-infringement discussion.  *See* Dkt. 1717 at 1897:20-

17  1904:20.  Samsung thus opened the door to Dr. Snoeren responding to Dr. Rinard's non-

18  infringement arguments that rely on GSA 2.7.

19

20

21

22

23

24

25

26

27       [1] Dr. Snoeren did not serve a supplemental report because it would have been limited to
     disputing whether GSA 2.7 was a non-infringing alternative using the same infringement
     theories.  Dkt. 1056 (Ex. A at 3).

28

1

2

3                              **NOTICE REGARDING SEALING OF TRIAL EXHIBITS**

4          The parties have disclosed materials for use with Chase, Cockburn, Greenberg, Jeffay,

   MacCoun, Mowry, Rinard, Snoeren, Vellturo, and Wigdor that contain confidential Apple

5  information.  However, the Court has already granted Apple's requests to seal these materials in

6  whole or in part, including:  Apple's Supplemental Responses to Interrogatories Nos. 25, 26, 41,

7  42; DX 377, 399, 404, 405, 407, 411, 412, 413, 415, 416, 417, 418, 420, 421, 422, 425, 427, 428,

   429, 430, 452, 453A, 457, 489, and 500; PDX 92.26, 92.27, 92.29, 92.30, 92.31, 92.34, 92.35,

8  92.39, 92.40, 92.58, 92.59, 92.63, 92.64, 92.66, 92.68, 92.70, 92.71, 92.72, 92.73, 92.75, 92.79,

9  92.80, 92.81, 92.82, 92.83, 92.84, 102.1, and 102.2; SDX 3784, 3805, and 3807.  *See* Dkt. Nos.

10 1580, 1607, 1618, 1626, 1629, 1678, 1727, and 1730.  In addition, in their rebuttal disclosures,

11 the parties have incorporated by reference prior disclosures.  The Court has already ruled on the

12 parties' sealing requests related to these prior disclosures.

13         The parties have also disclosed certain documents solely for impeachment or for

14 refreshing a witness's recollection.  Apple is not moving to seal any documents disclosed by the

15 parties solely for impeachment or for refreshing a witness's recollection because they will not be

16 entered into evidence.  Apple expects that if Samsung uses any of these documents, Samsung will

17 not display any confidential Apple information publicly.  Apple reserves its right to move to seal

18 any confidential Apple information in these materials if necessary.

19

20

21

22

23

24

25

26

27

28

APPLE'S OBJS. AND RESP. RE: CHASE, COCKBURN, GREENBERG, JEFFAY, MACCOUN, MOWRY, RINARD,
SNOEREN, WIGDOR, VELLTURO AND NOTICE RE: SEALING OF TRIAL EXHIBITS                                  6
Case No. 12-cv-00630-LHK

1    Dated: April 20, 2014                                MORRISON & FOERSTER LLP

2

3                                                     By:  */s/ Rachel Krevans*
                                                          Rachel Krevans
4
                                                          Attorneys for Plaintiff
5                                                         APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S OBJS. AND RESP. RE: CHASE, COCKBURN, GREENBERG, JEFFAY, MACCOUN, MOWRY, RINARD,
SNOEREN, WIGDOR, VELLTURO AND NOTICE RE: SEALING OF TRIAL EXHIBITS
Case No. 12-cv-00630-LHK

7