QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND RULE 50(A) MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>**Date:**    TBD<br>**Time:**    TBD<br>**Place:**   Courtroom 8, 4th Floor<br>**Judge:**  Hon. Lucy H. Koh |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at the Court's earliest convenience, or as soon thereafter as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do respectfully seek an order granting judgment as a matter of law.

This motion is based on this notice of motion and supporting memorandum, the trial record, and such other written or oral argument as was presented and may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

Samsung respectfully seeks an order granting it judgment as a matter of law on: (1) Apple's claims for relief.

DATED: April 25, 2014        QUINN EMANUEL URQUHART &
                             SULLIVAN, LLP


                             By  /s/ Victoria F. Maroulis
                                Charles K. Verhoeven
                                Kevin P.B. Johnson
                                William C. Price
                                Victoria F. Maroulis
                                Michael L. Fazio
                                Attorneys for SAMSUNG ELECTRONICS CO.,
                                LTD., SAMSUNG ELECTRONICS AMERICA,
                                INC., and SAMSUNG
                                TELECOMMUNICATIONS AMERICA, LLC

## I. SAMSUNG IS ENTITLED TO JUDGMENT OF NO WILLFUL INFRINGEMENT

Knowledge of the asserted patents is mandatory but insufficient for a finding of willfulness. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010). There is no evidence that Samsung knew of any asserted patent before the complaint other than the '647 patent, Dkt 1377-1 at 9, and that patent was listed among over 70 others, PX132, months before Apple contends it was first infringed.[1] There was no evidence that Samsung or Google had knowledge of that patent before the accused functionality was integrated into Android.

The alleged evidence of copying is not evidence of willfulness because there is no evidence that the "copied" Apple products practiced the claims of the '647 and '721 patents.[2] The "copying" documents Apple introduced (PX119, PX120, PX121, PX157, PX219) are not related to the subject matter of the claims, and there is no evidence that any recommendation in those documents was implemented. Moreover, Apple's expert conceded he was not accusing Google of copying and that the evidence cited for copying is based on acts taken after the accused functionality was integrated into Android. Tr. 918-22. There is no evidence that the Galaxy Nexus is a result of Samsung copying because it runs Google's software, not Samsung's. Tr. 1488-90; 1529-30; 1543-44. Finally, with respect to the '959 and '414 patents, Google independently developed the accused functionality. Tr. 1511-12; 1502-05:16; DX-327.

## II. SAMSUNG IS ENTITLED TO JUDGMENT OF NON-INFRINGEMENT

There is no evidence that any defendant (either literally or by equivalents) infringes claim 9 of the '647 patent. Apple is and has been bound to the constructions for the "analyzer server" and "linking actions…" limitations issued in *Apple Inc. v. Motorola, Inc.*, No. 1:11-cv-08540

---

[1] The objective prong cannot be established as a matter of law at least due to the evidence of invalidity and absence of evidence of infringement, *infra*.

[2] Apple's expert, Dr. Mowry, did not opine that Apple practices the '647 patent. Tr. 876-77; Dkt. 1572. Apple's expert, Dr. Cockburn, provided conclusory testimony on the '721 patent unsupported by limitation by limitation analysis. Tr. 625-26, 732. Apple did not even admit into evidence any Apple devices or source code. Apple has conceded that it does not practice the asserted claims of the '959, '414, and '172 patents. Dkt. 1455-1 at 7; Dkt. 1542 at 22 (Final Preliminary Jury Instruction No. 20).

(N.D. Ill. Mar. 19, 2012) (Dkt. 671), and affirmed today by the Federal Circuit today in Case No. 12-1548.  Dkt. 1521-3; Ex. 1 (opinion) at 21-23.[3]  Apple chose not to put in any evidence that those constructions were met by the accused products (Tr. 818-925, 2788-91), and moved the Court for evidence and testimony regarding them to be struck.  Dkt. 1593.  Apple's expert testimony was based on an incorrect construction.  Tr. 840, 893 & 917.

Samsung showed the accused products do not practice the properly construed claims.  Tr. 1781-88, 1794-96, 1817-18.  Judgment for Samsung would avoid a jury verdict inconsistent with the binding constructions.  Additionally, the Court construed "action processor" as "program routine(s) that perform the selected action on the detected structure."  Dkt. 447.  There is no evidence that the "action processor" limitation is met under this construction.  Tr. 818-925; 2794-97.  There is no evidence that the "Jelly Bean" Browser satisfies the "user interface" limitation; a user cannot select a "detected" structure.  Tr. 2791-93.

There is no evidence that any defendant (either literally or by equivalents) infringes claim 25 of the '959 patent.   Apple introduced evidence related to only certain "representative products" (Galaxy S III for Jelly Bean, Galaxy Nexus for Ice Cream Sandwich and Galaxy S II Epic 4G Touch for Gingerbread) or source code (Jelly Bean).   There is no corroborated, non-conclusory testimony that these products and code are "representative" of all accused products.   There is no evidence that any of the accused products satisfy the: (1) "plurality of heuristics to locate information in the plurality of locations . . . includ[ing] the Internet" limitation; (2) "plurality of heuristics to locate information in the plurality of locations . . . includ[ing] local storage media" limitation; or (3) "information identifier is applied separately to each heuristic" limitation.   Tr. 951-59.  Further, though Apple has sought damages for their sale, there is no evidence that any

---

[3]   The *Apple v. Motorola* opinion also reaffirms the holding in *Active Video* that disputes about the comparability of licenses "goes to the weight of the evidence, not its admissibility," and thereby confirms that Samsung should have been permitted to offer Dr. Chevalier's licensing analysis to the jury.  Dkt No. 1326, *Motorola* Order at 61 *citing Active Video Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1333 (Fed. Cir. 2012).

1  defendant has infringed the '959 patent through the sale of phones with an admittedly non-
2  infringing Google Search Application.   Tr. 996.
3       There is no evidence that any defendant (either literally or by equivalents) infringes claim
4  20 of the '414 patent.   There is no evidence that any of the accused products contain instructions
5  to "execut[e] at least one synchronization processing thread concurrently with the executing of []
6  at least one user-level non-synchronization processing thread" or to execute "at least one
7  synchronization processing thread [] provided by a synchronization software component," as
8  required by claim 20.   The infringement testimony was conclusory.   Tr. 975-78.   Apple's expert
9  testimony was based solely on the Galaxy S III (Tr. 969), but there is no evidence this product is
10 "representative" and it is undisputed that it differed in material respects.   Tr. 1001.
11      There is no evidence that any defendant (either literally or by equivalents) infringes claim
12 8 of the '721 patent.   In particular, there is no evidence that: (1) any products meet the
13 "instructions" limitations; (2) the Galaxy Nexus meets the "unlock image," "continuously move
14 the unlock image" and "if the unlock image is moved" limitations; (3) the Galaxy SII, Galaxy SII
15 Epic 4G Touch, Galaxy SII Skyrocket, and Admire satisfy the "continuously move the unlock
16 image" limitation; (4) the incoming call user interface functionality in the Admire, Galaxy S II,
17 Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, and Stratosphere include an "unlock image" or
18 that they "unlock" when an incoming call is answered; or (5) any evidence specific to the Galaxy
19 SII Epic 4G Touch or Galaxy SII Skyrocket.
20      There is no evidence of indirect infringement of any patent.   In particular, there is no
21 evidence that any defendant took action that it knew or should have known would induce
22 infringement.   *See Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1369 (Fed. Cir. 2013).
23 Nor is there evidence that any defendant supplied an important a component of the infringing part
24 of the product that was not a staple product suitable for non-infringing use or did so with
25 knowledge that the component was especially made or adapted for use in an infringing manner.
26 *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009).
27
28

-3-

## III. SAMSUNG IS ENTITLED TO JUDGMENT AS A MATTER OF LAW THAT APPLE'S PATENT CLAIMS ARE INVALID

Claim 9 of the '647 patent is rendered obvious by the Sidekick System as a matter of law. Tr. 1777-81 & 1802-13; DX330, DX331, DX332.   Apple introduced no evidence of secondary considerations of non-obviousness after Samsung showed that secondary considerations support Samsung's obviousness arguments.   Tr. 1811-13, 2787-2811.

Claim 25 of the '959 patent is invalid.   It is anticipated by the WAIS prior art, DX301, as a matter of law.   Tr. 1844-74 & 1910-29; DX 301, DX304, DX305, DX311.   It is undisputed that that source code was available in the U.S. before the '959 patent was filed.   Tr. 2819-26.   The undisputed evidence also established obviousness.   Tr. 1929-33; JX55; JX56.   The claim is also indefinite.   The Court previously stated that "Samsung remains free to raise the issue of indefiniteness again should the term 'heuristic' become central to Apple's attempts to distinguish the '959 patent from any prior art."   Dkt. 1150 at 33 n.11.   Apple made "heuristic" central to its validity theory (Tr. 2820-24), confirming that it is indefinite.   Dkt. 805-4 at 16-22, 946-4 at 9.

Claim 20 of the '414 patent is anticipated by Windows Mobile 5.[4]   Claim 20 requires a synchronization thread "provided by" a synchronization software component (claim 11), and further requires three synchronization software components each configured to synchronize a different data class (claim 20).   JX-7 at 47.   There is no dispute – WM5 meets all these limitations.   Apple does not dispute that Windows Mobile 5 contains an "IMAP" component that both provides a thread and is configured to synchronize structured data of a mail class.   Tr. 2254.   Moreover, Apple *admits* three "Provider" components for email, contacts and calendar are each configured to synchronize structured data.   Tr. 2848.    Apple argues that no thread is "provided by" these "Provider" components (*id.*), saying "provided by" means "created by" – a claim the inventor disputes.   Tr. 2854-55.   However, the IMAP component satisfies claim 11 on *any* reading of the claim (Tr. 2254), and, together with calendar and contacts "Providers," indisputably satisfies the additional limitations of claim 20.   Tr. 2191-96; 2846-50.

---

[4]   Apple stipulated that Windows Mobile 5 is prior art.   Dkt. No. 1514, ¶ 42.

-4-

1   Claim 8 of the '721 patent is invalid as a matter of law.  Claim 8 of the '721 patent is
2  rendered obvious by the Neonode N1 Quickstart Guide and the Plaisant paper and video prior art.
3  Tr. 1965-77; DX342; DX343; DX344.  Claim 8 of the '721 patent is also invalid because the
4  claim term "unlock" is indefinite.  Tr. 633; JX10.
5   Claim 18 of the '172 patent is rendered obvious by the combination of Robinson, 7,880,730
6  and Int'l Patent Pub. WO 2005/008899 as a matter of law.  Tr. 2009-24; DX492, JX-59.

7  **IV.   SAMSUNG IS ENTITLED TO JUDGMENT OF NO DAMAGES TO APPLE**
8   **A.   Samsung Is Entitled to Judgment as a Matter of Law on Lost Profits**

9  5884172_9_End of Trial JMOL motion.DO  There is no evidence of an absence of non-infringing alternatives.  For the
10  '647 patent, there is no evidence that an available pull-down menu would not be acceptable in the
11  place of a pop-up menu, or that tap-to-dial is inferior.  Tr. 1796-1801 & 2797-99.  For the '414
12  patent, there is no evidence that any of the available alternatives were not acceptable because Dr.
13  Hauser's survey omitted claim elements, including the requirement that three classes of data are
14  synchronized.  Dkt. 802.  For the '721 and '172 patents, there is no evidence consumers preferred
15  the patents over available noninfringing alternatives like the Galaxy S III.  Dr. Hauser's survey
16  ignored the fact that the Galaxy S III keyboard automatically corrects errors, which Dr. Hauser
17  told respondents was not possible "without this [patented] feature."  Tr. 1162-65.  For the '959
18  patent, there is no evidence that the available alternatives presented were not acceptable to
19  consumers.  Tr. 1514 & 1901-07; JX72; JX35(n).  For the '647 patent, his survey did not address
20  the underlying software architecture or apply the correct construction adopted by the Federal
21  Circuit in the *Apple v. Motorola* decision.  Ex. 1.
22   Nor is there evidence of demand for the patented feature.  There is no evidence that
23  anyone purchased any product because of the patents' advantages.  Generic evidence regarding
24  "ease of use" is not sufficient, and purported evidence that consumers welcomed the return of
25  universal search (PX163) is hearsay and insufficient in light of the fact that 98 percent of the time,
26  users select web results – rather than local results.  Tr. 1515-16, 1541-42, 1906.   Dr. Hauser's
27  surveys are insufficient to show demand is caused by Apple's patented features.  Dr. Reibstein's
28  unrebutted testimony established that Dr. Hauser's survey suffers from deep methodological

1   flaws, including that respondents likely misunderstood the survey descriptions.  Tr. 2060-2158,
2   DX454A.
3          Apple failed to show lost profits either as a result of an "off-the-market" period or
4   diminished demand.   Apple failed to support an "off-the-market" theory of lost profits.   There is
5   no non-conclusory evidence that it would take any time to switch to any noninfringing alternative.
6   Mr. DiCarlo testified that carriers have approved product changes in one to six days.   Tr. 2258.
7   There is no evidence of lost profits from diminished demand; the only evidence offered was the
8   flawed survey of Dr. Hauser which is not sufficient to show causation.   Tr. 1296-99, 1359-65 &
9   2060-2158, DX454..
10         There is no evidence that Apple had the capacity to meet additional demand because it is
11  undisputed that Apple could not meet its existing demand from 2011 to 2013 and that there were
12  iPhone 5 shortages at launch.   Tr. 1063-72, 1403-04, Dkt. 802.   There is no reliable evidence
13  quantifying any lost profits.   Apple's incremental profit calculations are based on worldwide (not
14  U.S.) figures (Tr. 2368), contrary to its U.S. profit margins (DX430).
15         No reasonable jury could find an award of lost profits based on market share.  *See State*
16  *Indus., Inc. v. Mor-Flo Indus. Inc*., 883 F. 2d 1573, 1577-78 (Fed. Cir. 1989).   There is no
17  evidence that Apple products were priced comparably to the accused products, and Dr. Vellturo
18  failed to account for characteristics that differentiate the accused products.
19         **B.      Samsung Is Entitled to Judgment as a Matter of Law on Reasonable Royalties**
20         There is no evidence to support an award of a reasonable royalty.   Dr. Vellturo's
21  reasonable royalty rates are unreliable because they: (1) are based on Dr. Hauser's unreliable
22  survey and Apple's flawed claims to lost profits (Dkt. 802, Tr. 1316 & 2060-2158, DX454); (2)
23  assume that Samsung would be willing to pay royalty rates that would virtually eliminate its profit
24  margin and that it would raise its prices to license the patents (Tr. 1367 & 2419-20); and (3) for
25  the '959 patent, include in the royalty base sales of phones with an admittedly non-infringing
26  Google Search Application (Tr. 996; PX222A at 24, 37).   Dr. Vellturo's reliance on lost profits to
27  support his royalty rate opinion is an improper attempt to circumvent the *Panduit* and *Mor-Flo*
28

standards and violates the entire market value rule.  *LaserDynamics Inc. v. Quanta Computer Inc.*, 694 F.3d 51, 67 (Fed. Cir. 2012); Dkt. 802 at 12.

### C. Samsung Is Entitled to Judgment on Pre-August 25, 2012 Damages for the Galaxy S II Products

Samsung is entitled to judgment of no damages from sales of the Galaxy S II products that predate the verdict in the 11-cv-1846 case.  Dkt. 1283-3 at 18-21.  Any award for these sales would be impermissible double recovery.

### D. Samsung Is Entitled to Judgment of Lack of Notice

For the '647 patent, Samsung is entitled to judgment that Apple failed to prove actual notice of "a specific charge of infringement by a specific accused product or device."  *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).  No accused product was specifically identified in Apple's August 4, 2010 presentation.  PX132.

## V. SAMSUNG IS ENTITLED TO JUDGMENT AS A MATTER OF LAW THAT ITS PATENTS ARE INFRINGED AND NOT INVALID

Samsung has proven patent infringement as a matter of law.  The undisputed evidence shows that claim 15 of the '239 patent and claim 27 of the '449 patent are infringed.  Tr. 2529, 2539-57, 2589, 2595, 2601-16, 2624-26.  Apple's non-infringement arguments are based on erroneous claim constructions of key terms, including for the '239 patent, "video capture module," "video," "communications port," and "modem connected to one or more cellular telephones," and for the '449 patent, "search mode," "list," "compressor," "decompressor," and "classification data."  Samsung is entitled to judgment these claims are not invalid as Apple failed to dispute validity.

Samsung is entitled as a matter of law to the damages claimed.  Damages for the '449 patent are $158,400, and damages for the '239 patent are $6,067,788 but in any event no less than $1,289,363.  Tr. 2645-77; DX377.024; DX391A; DX445; DX446; DX418.010-.013; DX452.021-023.  Notice is established for both patents no later than April 18, 2012.  Tr. 2656; DX391A.

### Conclusion

For the foregoing reasons, Samsung's motion should be granted.

| | | |
|---|---|---|
| 1 | DATED:   April 25, 2014 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By  /s/ Victoria F. Maroulis |
| | | Charles K. Verhoeven |
| 4 | | Kevin P.B. Johnson |
| | | William C. Price |
| 5 | | Victoria F. Maroulis |
| | | Michael L. Fazio |
| 6 | | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |
| 7 | | |
| 8 | | |

-8-