1  JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
2  H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
4  Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
5  Facsimile: (650) 849-5333

6  HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
7  JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
8  JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
9  RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
10  RUTH N. BORENSTEIN (CA SBN 133797)
11  rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
12  ejolson@mofo.com
MORRISON & FOERSTER LLP
13  425 Market Street
San Francisco, California  94105-2482
14  Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522
15

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

16  Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

17            UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA

19                 SAN JOSE DIVISION

20

21  APPLE INC., a California corporation,

           Plaintiff,
22
        v.
23
    SAMSUNG ELECTRONICS CO., LTD., a
24  Korean corporation; SAMSUNG
    ELECTRONICS AMERICA, INC., a New
25  York corporation; and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
26  LLC, a Delaware limited liability company,

27            Defendant.

28

Case No.    12-cv-00630-LHK (PSG)

**APPLE'S NOTICE OF MOTION
AND RULE 50(A) MOTION FOR
JUDGMENT AS A MATTER OF
LAW AT THE CLOSE OF ALL
EVIDENCE**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that as soon as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Plaintiff Apple Inc. ("Apple") shall and hereby does respectfully seek an order granting judgment as a matter of law.

This motion is based on this notice of motion and supporting memorandum, the trial record, and such other written or oral argument as was presented and may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Apple respectfully seeks an order granting it judgment as a matter of law that: (1) Samsung failed to show invalidity of claim 9 of the '647 patent; (2) Samsung failed to show invalidity of claim 25 of the '959 patent; (3) Samsung failed to show invalidity of claim 20 of the '414 patent; (4) Samsung failed to show invalidity of claim 8 of the '721 patent; (5) Samsung failed to show invalidity of claim 18 of the '172 patent; (6) Samsung failed to show the availability of acceptable non-infringing alternatives; (7) Samsung failed to establish any other affirmative defense; (8) SEC and STA infringe, and have infringed, claim 8 of the '721 patent; (9) SEC, STA, and SEA infringe, and have infringed, claim 25 of the '959 patent; (10) SEC, STA, and SEA infringe, and have infringed, claim 20 of the '414 patent; (11) SEC and STA infringe, and have infringed, claim 9 of the '647 patent; (12) SEC and STA are directly liable for the infringement discussed above and SEA is directly liable for infringement of claim 25 of the '959 patent and claim 20 of the '414 patent; (13) each Samsung entity's infringement has been willful; (14) SEC is liable for induced and contributory infringement; (15) Apple is entitled to lost profits; (16) Apple does not infringe, and has not infringed, claim 27 of the '449 patent; (17) Apple does not infringe, and has not infringed, claim 15 of the '239 patent; (18) Apple has not willfully infringed either the '239 or '449 patents;

1    Dated: April 25, 2014                    MORRISON & FOERSTER LLP

2

3                                             By:   */s/ Harold J. McElhinny*
                                                    HAROLD J. MCELHINNY
4

5                                             Attorneys for Plaintiff and
                                              Counterclaim-Defendant
6                                             APPLE INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Apple moves for judgment as a matter of law on all claims (as summarized in PX222A.007,

2    attached as Exhibit A) and all defenses in this case. Samsung has been fully heard, and a reasonable

3    jury would not have a legally sufficient evidentiary basis to find for Samsung.

4    **I.      SAMSUNG FAILED TO MEET ITS BURDEN OF PROOF ON ITS DEFENSES.**

5    Samsung bore the burden at trial to overcome the presumption of validity of Apple's

6    patents by clear and convincing evidence. Samsung failed to meet that burden, and also failed to

7    prove all other defenses on which it bore the burden.

8    **A.      Samsung Failed to Show Invalidity of Claim 9 of the '647 Patent.**

9    Samsung presented one invalidity theory for claim 9, based on the alleged obviousness of

10   claim 9 over the Sidekick system.[1] Samsung's expert effectively admitted that, as the claim

11   language makes clear, claim 9 requires multiple actions that are linked to structures. (Dkt. 1717

12   at 1818:2-10; *see also* JX1.015 ("linking actions to the detected structures").) But the evidence

13   established that Sidekick linked only a single action to any detected structure—dialing a phone

14   number. Samsung's expert Dr. Jeffay testified that Sidekick could "detect multiple structures,

15   multiple different phone number structures, and will *link the dialing action* to each of these

16   detected structures." (Dkt. 1717 at 1807:16-20.) Mr. Frid-Nielson confirmed that Sidekick

17   linked only one action (dialing). (Dkt. 1716 at 1722:16-18.) Samsung did not present any

18   evidence or argument regarding whether that missing claim element might have been obvious in

19   light of the prior art. Instead, Samsung addressed only whether it might have been obvious to

20   combine a pop-up menu with Sidekick. (Dkt. 1717 at 1810:20-1811:24.) Further, Dr. Mowry

21   explained why Sidekick did not detect multiple structures, as required by the claim language,

22   relying on the relevant Sidekick code, which Dr. Jeffay failed to discuss. (Tr. 2803:18-2806:2.)

23   Dr. Jeffay's testimony that Sidekick detected multiple structures thus cannot be the clear and

24   convincing evidence on this element required for Samsung to meet its burden.

25

26   [1] While Samsung's expert discussed Embedded Buttons, he did not provide an element-by-element analysis of whether Embedded Buttons might invalidate claim 9, and instead

27   expressly disclaimed offering opinions on whether Embedded Buttons satisfied the program routine elements ([c][1]-[3]) of the claim. (Dkt. 1717 at 1841:23-1842:2 (Jeffay).)

28

1

### B.      Samsung Failed to Show Invalidity of Claim 25 of the '959 Patent.

Samsung presented invalidity theories for claim 25 based on (1) freeWAIS-sf source code and (2) a proposed combination of the Smith and Shoham patents.  The Court previously denied summary judgment of validity because it determined that a jury could conclude Dr. Rinard's freeWAIS-sf demonstration system represented a system known and used by the public prior to the critical date.  (Dkt. 1151 at 28-29.)  Dr. Rinard unequivocally told the jury, however, that he was *not* relying on a prior art system to invalidate claim 25, but solely on freeWAIS-sf source code (in his view, whether a prior art system existed was "not relevant to this case").  (Dkt. 1717 at 1953:8-25, 1957:12-25.)  Samsung provided no evidence that source code, which is not machine readable, can constitute "program instructions" on a "computer readable medium" as required by claim 25, nor any evidence that source code alone, without compiling and setup, contains the required functionality.  (Tr. 2824:7-21.)  Samsung did not provide any evidence of a *plurality* of heuristics as required by Claim 25 as Dr. Rinard compiled the same code on two different machines, resulting in a system with the same heuristic set in both locations.  (Tr. 2823:10-25.)  Samsung also provided no evidence that freeWAIS-sf contains a heuristic on the device to locate information from a location that includes the Internet.  (Tr. 2821:10-2823:6.)  Samsung presented no obviousness evidence or argument related to freeWAIS-sf.  As for Smith and Shoham, Samsung could not meet its burden, because it did not perform an element-by-element analysis for either patent, or for the two in combination.  (Dkt. 1717 at 1929:9-1932:5.)

### C.      Samsung Failed to Show Invalidity of Claim 20 of the '414 Patent.

Samsung presented invalidity theories based on two prior art "systems"—Windows Mobile and Evolution.  Samsung's expert Dr. Chase admitted that three of the four synchronization software components that he identified for Windows Mobile do not create a thread.  (Tr. 2193:22-2195:8, 2253:20-2254:21.)  Dr. Chase testified that Windows Mobile creates a thread, but presented no evidence that the specific synchronization software components he identified provide a thread.  (Tr. 2192:15-2193:1.)  For Evolution, Samsung failed to show that the email data class that the user accesses and edits (*e.g.*, the emails) is stored in a first database, thus failing to meet the requirement of claim 20 for three data classes that are accessed and edited

1    by a user, stored in a database, and then synchronized with a second database.  (Tr. 2227:14-21

2    (what the user accesses and edits is email); 2252:11-18 (emails themselves not stored in mail

3    summary file Samsung alleges to be the first database).)  Samsung presented no obviousness

4    evidence or argument on claim 20 at all.

5        **D.    Samsung Failed to Show Invalidity of Claim 8 of the '721 Patent.**

6        Samsung's expert offered a single obviousness theory for claim 8 based on Neonode over

7    Plaisant.  (Dkt. 1717 at 1965:20-1966:3.)  The PTO expressly considered both references.  (*Id.* at

8    1996:4-18; Tr. 2866:17-2867:5.)  No reasonable jury could find that Neonode and Plaisant, even

9    in combination, disclose all elements of claim 8.  (*Id.* at 2864:22-2867:18.)

10       **E.    Samsung Failed to Show Invalidity of Claim 18 of the '172 Patent.**

11       Samsung's expert offered a single obviousness theory based on Robinson over Xrgomics.

12   (Tr. 2056:17-24 (Wigdor).)  No reasonable jury could find that Robinson and Xrgomics, even

13   in combination, disclose all elements of claim 18.  (Rough Tr. At 30:7-33:23 (Cockburn 4/25/14).)

14       **F.    Samsung Failed to Show Available, Acceptable Non-Infringing Alternatives.**

15       Samsung failed to present sufficient evidence to overcome its burden to show the

16   availability and acceptability of non-infringing alternatives to the '647, '414, and '959 patents

17   during the accounting period.  *Grain Processing Corp. v. Am. Maize-Products Co.*, 185 F.3d

18   1341, 1353 (Fed. Cir. 1999) ("[T]rial court must proceed with caution in assessing proof of the

19   availability of substitutes not actually sold during the period of infringement," as "substitutes only

20   theoretically possible" will not meet accused infringer's burden of proof).  Accordingly, Apple is

21   entitled to lost profits as a matter of law (as set forth below, *infra* Section III.H).

22       **G.    Samsung Failed to Establish Any Other Affirmative Defense.**

23       Samsung did not offer sufficient evidence at trial on any of the other affirmative defenses

24   listed in its pleadings or pretrial statement.  (Dkts. 107, 1455-1.)  According, Apple is entitled to

25   judgment as a matter of law on those defenses.

26   **II.    APPLE IS ENTITLED TO JUDGMENT ON ITS AFFIRMATIVE CLAIMS.**

27       As set forth below, no reasonable jury could find against Apple on its claims.

28

### A.      Apple Is Entitled to Judgment of Infringement of Claim 8 of the '721 Patent.

Dr. Cockburn testified that the '721 accused devices meet every element of claim 8.  (Dkt. 1623 at 657:14-664:24, 671:16-679:21.)  Samsung offered no defense to infringement for the Admire, Galaxy SII, Galaxy SII Epic 4G Touch, Galaxy SII Skyrocket, and Stratosphere.  (Dkt. 1717 at 1980:1-1982:1 (Greenberg); Tr. 2859:22-2860:4 (Cockburn).)  For the Galaxy Nexus, Samsung offered a legally erroneous non-infringement defense contrary to the plain meaning of claim 8—that an "unlock image" within the meaning of claim 8 cannot change shape or appearance.  (Dkt. 1717 at 1981:3-25 (Greenberg); Tr. 2861:15-2862:5 (Cockburn).)

### B.      Apple Is Entitled to Judgment of Infringement of Claim 25 of the '959 Patent.

Dr. Snoeren testified that all accused devices meet every element of claim 25.  (Dkt. 1624 at 933:9-934:11; 942:1-945:9; 953:21-956:23, 968:25-969:15; 996:15-998:10; 1000:23-1008:13.)  Samsung's sole argument was that the accused devices do not include a heuristic that locates information in a location that includes the Internet, but Apple presented testimony that the Google module includes a heuristic that locates information on the Internet.  (Tr. 2814:16-2816:25.)  Samsung's witnesses admitted that the Google search suggestion server, from which the Google module obtains information, is on the Internet.  (Tr. 1562:4-8 (Bringert), 1885:1-9 (Rinard).)

### C.      Apple Is Entitled to Judgment of Infringement of Claim 20 of the '414 Patent.

Dr. Snoeren testified that all accused devices meet every element of claim 20.  (Dkt. 1714 at 968:25-990:19; *see also* PX172; JX51(a); JX53(a).)  Samsung's sole arguments were that the accused synchronization software components are not "configured to synchronize" and do not provide a thread.  However, Samsung offered no evidence to support its argument that "configured to synchronize" requires the sync adapter to execute every synchronization step itself, without calling any other code.  There is no dispute that the Android sync adapters provide threads, are data-class specific, and execute "OnPerformSync," which performs the synchronization for the account with data-class and account-specific configurations, as Google's own documentation specifies.  (Tr. 2833:12-2835:21 (discussion of PX102).)

### D.      Apple Is Entitled to Judgment of Infringement of Claim 9 of the '647 Patent.

Dr. Mowry testified that the '647 accused devices meet every element of claim 9.  (Dkt.

1624 at 841:19-843:11, 848:13-875:8.)  No reasonable juror could find non-infringement of claim 9, because Dr. Jeffay's testimony was based on the erroneous, unsupported assumption that the claim language (1) excludes shared libraries from the meaning of the analyzer server element, and (2) requires the linked action of the action processor element to be a subroutine that is specific and exclusive to the detected structure.  (Dkt. 1717 at 1784:4-1786:16, 1793:23-1796:11.)

E.    **Apple Is Entitled to Judgment of Infringement Against All Samsung Entities.**

In light of the infringement evidence, Apple is entitled to judgment against each defendant for direct infringement—SEC and STA as to all patents, and SEA as to the '959 and '414 (as SEA sells only tablets).  It was uncontested that each entity sold infringing devices within the United States.  (*See* PX3004 at 88:5-18 (Sheppard Dep.); PX3001 at 8:2-9 (Denison Dep.); Dkt. 1714 at 1208:23-1209:18; Dkt. 1715 at 1285:25-1286:3 (Vellturo); PX142.)  *See also Litecubes, LLC v. N. Light Prods, Inc.*, 523 F.3d 1353, 1371 (Fed. Cir. 2008) (entity that ships accused products to United States for resale by another entity in United States may be liable for direct infringement).

F.    **Apple Is Entitled to Judgment of Willfulness.**

Samsung copied Apple's patented products and features (*e.g.*, PX106.003; PX107.052; PX120.025; PX121.027; PX157.019), and sold millions of infringing devices after Apple notified each Samsung entity that it was infringing each of Apple's patents (PX132; PX142; Dkt. 1714 at 1043:17-20 (undisputed fact no. 13)).  Accordingly, no reasonable jury could find that the defendants did not act with reckless disregard with respect to the asserted patents.

G.    **Apple Is Entitled to Judgment of Induced and Contributory Infringement.**

No reasonable jury could find against Apple on indirect infringement, where the evidence showed that (1) SEC intentionally took action to induce the direct infringement by STA and SEC, with knowledge of the asserted patents, knowing that its actions would cause the infringing sales; and (2) SEC supplied an important component lacking substantial non-infringing uses, with knowledge of the asserted patents, knowing that the component was especially made or adopted for use in an infringing manner.  SEC designed the infringing devices (PX3004 at 88:05-88:18 (Sheppard Dep.)), made the decision to include the infringing software in those devices (Dkt. 1716 at 1607:4-7 (Sohn)), shipped those devices to STA and SEA for sale in the United States

(Dkt. 1714 at 1208:23-1209:9 (Vellturo)), and set the prices at which those devices were sold to carriers (PX3004 at 188:09-188:17 (Sheppard Dep.).)  SEC continued to supply STA and SEA with millions of infringing devices for sale in the United States after Apple notified Samsung of infringing Apple's patents.  (PX142; Dkt. 1714 at 1043:17-20 (undisputed fact no. 13).)

### H.    Apple Is Entitled to Judgment of Lost Profits.

Apple established entitlement as a matter of law to lost profits, showing (1) demand for the patented product (*e.g.*, Dkt. 1622 at 434:10-12, 445:6-447:11, 450:6-8, 450:24-451:7, 480:9-13 (Schiller), PX143, PX145, PX135A, PX113A, PX133)); (2) absence of acceptable alternatives (*e.g.*, *supra* Section II.F; *see also* Dkt. 1623 at 679:22-687:15, 695:24-705:17); (3) capacity to make additional sales (*e.g.*, Dkt. 1714 at 1054:15-1056:22, 1060:16-18; Dkt. 1715 at 1293:15-18; PX128, PX222A); and (4) lost profits (Dkt. 1715 at 1293:19-1294:11, 1300:4-12; PTX-222A.)

### III.    SAMSUNG FAILED TO MEET ITS BURDEN OF PROOF ON ITS AFFIRMATIVE CLAIMS.

### A.    Apple Is Entitled to Judgment of Non-Infringement for '239 Claim 15.

On April 18, 2014, Samsung informed Apple that it no longer accused the iPad 2, iPad 3, iPad 4, and iPad mini of infringement.  (Dkt. 1764-5.)  At trial, Samsung presented no evidence of infringement by Apple's iPad products.  (Tr. 2529:20-23 (Schonfeld).)  The Court should accordingly grant JMOL that Apple's iPad products do not infringe claim 15 of the '239 patent.

For the products accused at trial (iPhone 4, iPhone 4S, and iPhone 5), no reasonable jury could find that Apple's products satisfy either limitation required by claim 15.[2]

*First*, Samsung failed to present sufficient evidence to prove that any accused product contains a "video capture module" as required by claim 15.  At the time of the claimed invention, a "video capture module" was a well-known commercially available component used to capture analog video from a remote source for use on a computer.  (JX25 at 3:51-54, 4:17-45, 12:37-40; JX26 at 144; Tr. 1770 at 2511:7-2512:1 (Freeman); 2712:24-2713:7 (Garcia), 2724:21-2738:3

---

[2]  The Court precluded Samsung from relying on equivalents.  (Dkt. 636 at 7-8; Dkt. 1532 at 13-14.)  Samsung was thus permitted to present only a theory of literal infringement.

(Storer); PX248; PX249; PX251; PX253.)  Samsung's expert Dr. Schonfeld did not deny this. (Tr. 2574:21-2577:5.)  Dr. Schonfeld admitted that he did not find a "video capture module" in the bill of materials for Apple's products.  (*Id.* at 2578:24-2579:6; DX354A.)  He instead pointed to Apple's System-on-a-Chip ("SoC"), but that is not a "video capture module."  (Tr. 2713:8-9 (Garcia), 2738:13-2740:12 (Storer); PX255, PX257, PX294.)  Nor does the SoC even perform the same functions as a "video capture module":  it has many components unrelated to video, is not a component of a video card, and does not "capture" analog video from another device.  (Tr. 2557:17-2558:4 (Schonfeld); 2688:13-2689:1 (Millet); 2742:11-2743:23 (Storer).)

*Second*, Samsung failed to present sufficient evidence to prove that any accused product contains the "means for transmission" required by claim 15.  As Dr. Storer explained, Apple's accused products do not have the required structure for this means-plus-function limitation because:  (1) the baseband processor identified by Dr. Schonfeld as a "modem" is a component of the iPhone and thus cannot be "connected to" a cellular telephone; (2) the electrical connections between chips identified by Dr. Schonfeld are not "communication ports" and there is no software for "initializing one or more communications ports"; and (3) FaceTime transmits and discards individual video frames as they are received and thus never obtains or transmits "captured video." (Tr. 2713:12-2715:11 (Garcia), 2743:24-2746:18, 2751:8-2755:13 (Storer).)

## B.    Apple Is Entitled to Judgment of Non-Infringement for '449 Claim 27

No reasonable jury could find that Apple infringes claim 27 of the '449 patent.  Samsung failed to establish that the accused products (iPhone 4, iPhone 4S, iPhone 5, iPod touch 4th Generation, and iPod touch 5th Generation) satisfy at least four limitations required by claim 27.

*First*, Samsung failed to present sufficient evidence to prove that certain accused products contain a "reproducing circuit which reproduces … a sound signal in synchronous to said moving image signal."  (JX22 at 18:24-26.)  Samsung's expert Mr. Parulski identified an "audio circuit" as performing the limitation that reproduces synchronous audio.  (Tr. 2609:22-2610:23.)  But Apple engineer Tim Millet testified that the audio subsystem identified by Mr. Parulski—at least for the iPhone 4S, iPhone 5, and iPod touch 5th Generation—does not perform ***any*** audio processing.  (*Id.* at 2699:20-24 ("Q. And what audio processing, if any, does this audio subsystem

1   perform in the iPhone 5?  A. ***None***.”  (emphasis added)); *see id.* at 2700:7-13 (same for other

2   products).)  Nor is the audio subsystem even capable of reproducing synchronous audio.  As Mr.

3   Millet explained, Apple's “software team decided to not use [the audio subsystem] because they

4   found that it was less efficient, less flexible, and didn't really save them any power.”  (*Id.* at

5   2699:25-2700:13.)

6        ***Second***, Samsung failed to present sufficient evidence to prove that any accused product

7   contains “a compressor” (or “a decompressor”) for both still images and videos.  Mr. Parulski

8   contended that the JPEG and H.264 components in a block diagram together form “a compressor”

9   (or “a decompressor”).  (Tr. 2605:14-23, 2644:4-13; DX351A.)  But Apple's products have

10  ***separate and distinct*** compressors (or decompressors) for still images and videos.  The

11  undisputed evidence shows that Apple's two compressors (or decompressors) are designed by

12  different companies, do not share any circuitry, are on separate power domains, and can run

13  simultaneously.  (Tr. 2587:1-2588:4 (Schonfeld), 2642:12-16, 2643:2-2644:16 (Parulski),

14  2688:13-19, 2691:9-15, 2693:10-2698:10 (Millet), 2768:15-2775:16 (Storer); PX294; DX351A.)

15       ***Third***, Samsung failed to present sufficient evidence to prove that any accused product

16  contains a “list … as a search mode.”  Unlike the '449 patent, Apple's Camera Roll displays not a

17  list but an array of thumbnails, which the user may browse through.  (Tr. 2611:25-2612:14,

18  2633:18-2638:9 (Parulski), 2759:10-2768:14 (Storer); JX22 at 1:24-44.)

19       ***Finally***, Samsung failed to present sufficient evidence to prove that any accused product

20  contains a “recording circuit” that records images “with classification data.”  Like the ALL folder

21  608 in the patent, Apple's Camera Roll includes ***all*** photos and videos taken with the device and

22  is not a “classification.”  (Tr. 2637:9-16 (Parulski), 2762:10-16, 2775:17-2778:24 (Storer).)

23       **C.      Apple Is Entitled to Judgment of No Willfulness on Samsung's Claims.**

24       Because the jury is not being asked to decide objective willfulness, Apple reserves the

25  right to raise that issue in its post-verdict JMOL motion.  On subjective willfulness, Samsung

26  failed to present sufficient evidence.  Samsung identified no evidence of copying, and Apple's

27  engineers testified that they were not aware of the '239 and '449 patents when designing the

28  accused products or even before this lawsuit.  (Tr. 2689:8-10 (Millet), 2715:12-16 (Garcia).)

1     Dated: April 25, 2014                    MORRISON & FOERSTER LLP

2

3                                              By:    */s/ Harold J. McElhinny*
                                                      HAROLD J. MCELHINNY
4
                                               Attorneys for Plaintiff and
5                                              Counterclaim-Defendant
                                               APPLE INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28