JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.    12-cv-00630-LHK<br><br>**APPLE INC.'S TRIAL BRIEF REGARDING THE SCOPE OF DR. MOWRY'S CROSS-EXAMINATION** |

1

2

**I.    SAMSUNG SHOULD BE PRECLUDED FROM CROSS-EXAMINING DR. MOWRY REGARDING PAST OR CHANGED CLAIM CONSTRUCTIONS.**

At Samsung's urging, the Court has precluded Apple from cross-examining witnesses

3

during this trial with questions about the law.  Yet now, Samsung seeks to do exactly that.

4

Following the Federal Circuit's opinion in an unrelated case, Samsung has indicated that it

5

intends to cross-examine Apple's expert Dr. Todd Mowry with questions about changed claim

6

constructions for the '647 patent.  The Court should preclude Samsung from this line of

7

questioning because it is irrelevant, would be prejudicial to Apple, and would be confusing to

8

the jury which has already been instructed that claim construction is for the Court to decide.

9

During this trial, the Court has repeatedly ruled that the parties may not cross-examine

10

witnesses with questions about the law.  For example, when Apple included the Court's

11

preliminary jury instructions as part of its cross-examination disclosures for Dr. Chevalier,

12

Samsung filed a high-priority objection.  In Samsung's own words:

13

14

> Arguing the law with a witness is improper.  They [the Court's preliminary jury instructions] are irrelevant and any minimal relevance is outweighed by the prejudice under FRE 403.

15

16

(Dkt. 1726-3 at 3.)  The Court sustained Samsung's objection, thereby precluding Apple from

17

cross-examining Samsung's expert with questions about the law.  (Dkt. 1733 at 2; *see also* Dkt.

18

1656 at 2 (precluding Apple from cross-examining Samsung witnesses based on preliminary

19

injunction order).)  Similarly, now, the Court should preclude Samsung from cross-examining

20

Dr. Mowry with questions about whether he agrees with ***the Court's*** claim construction.

21

Samsung's proposed cross-examination should also be precluded under FRE 402 since it

22

is not relevant to any issue that the jury will be asked to decide in this case.  While questions

23

regarding an expert's application of the Court's construction to the accused products and the

24

prior art are certainly probative, questions regarding changes in claim construction or whether

25

an expert agrees with certain claim constructions are not relevant to infringement or validity.

26

Nor are such questions proper impeachment.  *See, e.g.*, *Power Integrations, Inc. v. Fairchild*

27

*Semiconductor Int'l, Inc.*, 2007 WL 7658923, at *1 (D. Del. Sept. 14, 2007) (experts at

28

invalidity trial bound by court's claim constructions, but could not be impeached with opinions

1    they offered during earlier infringement trial which involved alternative constructions).

2            Finally, it would be unfairly prejudicial to Apple and misleading to the jury for Samsung

3    to use Dr. Mowry's compliance with the Court's order regarding the new '647 constructions as

4    a basis for challenging his opinions.  The Court has already instructed the jury that it is **the**

5    **Court's** duty to interpret the claims.  (Dkt. 1542 at 23 ("It is my job as judge to explain to you

6    the meaning of any language in the claims that needs interpretation."); Dkt. 1622, Trial Tr.

7    295:13-14.)  The jury should thus properly understand that experts are not testifying about how

8    they would interpret the claims.  Rather, it is their duty to apply the Court's constructions when

9    providing their infringement and validity opinions.  Dr. Mowry testified previously to his

10   understanding of the plain meaning of the claim language at a time when—as a result of

11   Samsung's failure to seek any other construction—the appropriate interpretation was governed

12   by plain meaning.  (Dkt. 1151 at 6.)  Any suggestion that Dr. Mowry was "wrong" or changed

13   his own opinion regarding claim construction would be prejudicial to Apple and confusing to

14   the jury.  Courts have precluded cross-examining experts regarding claim construction opinions

15   that were later not adopted by the court for these very reasons.  *FLOE Int'l, Inc. v. Newmans'*

16   *Mfg. Inc.*, 2007 WL 902809, at *9 (D. Minn. 2007) ("[A]llowing such questions would have

17   posed a serious danger of confusing the jury regarding claim construction and infringement issues

18   given that the jury had already been told that it was the Court's job to construe the claim terms

19   and that Durfee's opinion was based on the Court's claim construction.").

20   **II.     THE COURT SHOULD INFORM THE JURY THAT IT HAS ADOPTED NEW**
     **CLAIM CONSTRUCTIONS FOR THE '647 PATENT.**

21
22           To alleviate any confusion that may arise from the Court's new claim constructions,

23   Apple asks the Court to provide the following instruction to the jury on Monday morning:

24           In preparing the final jury instructions, the Court has concluded that two
             additional claim constructions may assist you for the '647 patent.  I will
25           provide these in my final instructions.  To ensure that you have the
             necessary evidence, I have allowed the parties to recall their experts, Drs.
26           Mowry and Jeffay, for the '647 patent.  They will testify this morning.

27   Apple submits that this neutral instruction would clarify the change in trial procedure for the jury,

28   without introducing any prejudice to either party.

1

2    Dated: April 25, 2014                MORRISON & FOERSTER LLP

3

4                                         By:   /s/ Rachel Krevans
                                                RACHEL KREVANS
5

6                                         Attorneys for Plaintiff and
                                          Counterclaim-Defendant
                                          APPLE INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28