QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S RESPONSE TO APPLE'S TRIAL BRIEF REGARDING THE SCOPE OF DR. MOWRY'S CROSS-EXAMINATION** |
|---|---|

SAMSUNG'S RESP TO APPLE'S TRIAL BRIEF RE THE SCOPE OF DR. MOWRY'S CROSS-EXAMINATION

## I. CROSS-EXAMINATION USING PRIOR TRIAL TESTIMONY IS PROPER

Apple elicited from Dr. Mowry, in the guise of telling the jury how a person of ordinary skill would interpret that term, Apple's construction of the "analyzer server" term:

> Q. What does the claim require, as it would have been understood by a person of ordinary skill when this patent was filed, of something in order for it to be the analyzer server of the claim?
> A. It is program routines, meaning that it's software, and the software detects structures in the data and links actions to the detected structures.

Tr. 2789:18-24; *see also* 893:7-24 ("A. Well, actually, the definition of analyzer server is it's -- it's given right here in the claim language. It's a piece of software that performs these functions."). All of Dr. Mowry's opinions in this trial to date have been predicated on the incorrect construction to which he testified. Samsung must be able to elicit from Dr. Mowry on cross-examination that his prior analysis, offered to the jury on direct and rebuttal, no longer applies and conflicts with the governing constructions. Blocking such cross examination invites the jury to believe that Dr. Mowry's past testimony has any value in determining infringement or invalidity, when in fact he applied a factually erroneous interpretation of "plain meaning." *Apple Inc. v. Motorola, Inc.*, 2012-1548, -1549 (Fed. Cir. Apr. 25, 2014) ("the plain meaning of 'server' . . . entails a client-server relationship.").

Apple claims no relevance under FRE 402. But such cross-examination goes to the heart of whether Dr. Mowry applied the properly construed claims in his analysis—both before and after the Federal Circuit's construction. Such cross-examination goes to Dr. Mowry's credibility as well: the Court previously allowed Apple to cross-examine Samsung's '172 expert Dr. Wigdor regarding "plain meaning" opinions he offered that the Court later rejected. *See* Tr. 2035:16-2036:11.

Apple claims *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2007 WL 7658923, at *1 (D. Del. 2007) stands for the proposition that impeachment with trial testimony from the same trial is improper. But Apple misstates the facts—*Power Integrations* did not involve an expert who changed his testimony midtrial to apply a different construction. *Id.* Instead, it involved two separate trials, and the Court applied the same construction in both. *Id.*

Apple also claims that Samsung seeks to "use Dr. Mowry's compliance with the Court order" against him. As the Court stated, Dr. Mowry offered Apple's construction in *violation* of the

-1-
SAMSUNG'S RESP TO APPLE'S TRIAL BRIEF RE THE SCOPE OF DR. MOWRY'S CROSS-EXAMINATION

1  Court's order. Tr. 2974:21-2975:1. Apple and Dr. Mowry told the jury that their definition of
2  "plain meaning" was right, but that definition is wrong as a matter of fact and law. Any
3  "prejudice" is of Apple's own making.   In fact, it is Samsung who would be prejudiced by
4  blocking such cross-examination, because Dr. Mowry's previous testimony was heard by the jury
5  and could be relied upon unless Samsung is allowed to demonstrate that such testimony was based
6  on an erroneous construction.

7       Apple also claims that Samsung is prejudicing Apple by some alleged "delay" in asking for
8  constructions. But Apple misrepresents the record when it claims prejudice from "delay."
9  Samsung asked for a construction at the outset of this case (Dkt. 115 at 5 ("The '647 Patent
10 Requires Claim Construction")) and has repeatedly asserted the Motorola constructions controlled
11 under collateral estoppel. Feb. 14, 2013 Hr'g (Dkt. 481) at 60 ("We believe that it's been construed
12 and it's collateral estoppel"); Dkt. 1521-3. Apple cannot now claim surprise that Samsung believes
13 the constructions the Federal Circuit adopted are appropriate.[1]  Moreover, that both parties asked
14 for a construction during this case had *no effect* on what the Federal Circuit ultimately did—reject
15 Dr. Mowry's understanding of plain meaning. Unlike *FLOE Int'l, Inc. v. Newmans' Mfg. Inc.*, 2007
16 WL 902809, at *9 (D. Minn. 2007), Apple could have presented an infringement analysis at trial
17 consistent with both constructions—just as Dr. Mowry did in his expert report. It did not.

18 **II.    THE INSTRUCTION TO THE JURY SHOULD BE CONSISTENT WITH THE COURT'S PROPOSAL**
19

20      Apple's proposed "neutral instruction" is not entirely consistent with the tentative
21 instruction offered by the Court, which Samsung believes is appropriate[2]:

22  > I have decided to provide further clarification on the meaning of the
23  > "analyzer server" and "linking actions to the detected structures"
24  > terms of claim 9 of Apple's 647 patent. Those constructions are as
     > follows: [COURT TO READ CONSTRUCTIONS]. The parties'
     > experts will offer further testimony this morning related to those
     > construed terms.

---

[1] *See, e.g.*, Dkt. 1673-7 (Mowry Opening) ¶¶ 66-83; Dkt. 1673-7 (Mowry Rebuttal) ¶¶ 80-93; ¶ 81 ("I have already noted the reasons I believe this construction is erroneous…").
[2] Apple's proposed instruction – in particular that it "may assist" the jury – downplays the import of the Federal Circuit's constructions, inaccurately suggesting that Dr. Mowry's prior testimony is consistent with these new constructions.

| | |
|---|---|
| DATED: April 26, 2014 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By */s/ Victoria F. Maroulis* |
| | Charles K. Verhoeven |
| | Kevin P.B. Johnson |
| | William C. Price |
| | Victoria F. Maroulis |
| | Michael L. Fazio |
| | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |