QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S RULE 50(A) MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>**Date:**     TBD<br>**Time:**    TBD<br>**Place:**    Courtroom 8, 4th Floor<br>**Judge:**   Hon. Lucy H. Koh |

# I. APPLE IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW

## A. There Is Clear and Convincing Evidence that Apple's Patents Are Invalid

### 1. There Is Overwhelming Evidence that the '647 Patent Is Invalid

There is clear and convincing evidence that claim 9 is obvious.[1] Dr. Jeffay and Lars Frid-Nielsen provided ample evidence and testimony for the jury to properly determine that Sidekick is prior art and renders claim 9 obvious. Tr. 1711-23, 1830-39 & 1840-41. Apple failed to address any secondary considerations of non-obviousness after Samsung showed that they confirmed obviousness. *Compare* Tr. 1811-13 *with* 2787-2811.

Apple argues "claim 9 requires multiple actions that are linked to structures," and alleges that Samsung did not present evidence that adding additional actions to Sidekick would have been obvious. Apple's claim construction argument is wrong as a matter of law. *Apple Inc. v. Motorola, Inc*., No. 12-1548, at *26 (Fed. Cir. Apr. 25, 2014) (only requiring "at least one" linked action). Moreover, adding additional actions, to the extent necessary, would have been obvious. Tr. 1805, 1810-11 & 1823-25. Apple admits as much by acknowledging that Samsung presented evidence that it would have been obvious to combine a pop-up menu *of linked actions* with Sidekick. Tr. 1810-11; *see also* Tr. 1722-23 (Sidekick developers considered adding a pop up).

Apple argues that Sidekick did not detect multiple structures and Dr. Jeffay "failed to discuss" its code. But Dr. Jeffay showed that it can detect multiple phone numbers, including international (Tr. 1803-09, 1833-35), which Apple's expert admitted (Tr. 2808-09). Sidekick could detect "any kind of phone number" in principle by modifying the code. Tr. 1718-19.

### 2. There Is Overwhelming Evidence that the '959 Patent Is Invalid

There is clear and convincing evidence that the '959 patent is anticipated by WAIS. *See* Dkt. 1150 at 27-29 (denying Apple's motion for summary judgment). Claim 25 does not require compiled software. Claim 25 requires "program instructions," i.e., source code. Tr. 1913-14, 1952, 1957-58 & 2915-16; JX 4 at 9:16-30; *Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d

---

[1] Apple suggests in a footnote that Embedded Buttons cannot invalidate the claim. The overwhelming evidence is to the contrary. Tr. 1776-81 & 1841-42. Relevant documents are in evidence (Tr. 1779) and Dr. Jeffay testified extensively on invalidity (Tr. 1822-30).

1255, 1262 (Fed. Cir. 2013) (where not raised at claim construction, "[w]hether 'computer instructions' can include source code thus becomes a pure factual issue").  Even on Apple's reading, a reasonable jury would find anticipation.  Tr. 1865-67 & 1870-71; DX301; DX305; DX313.  Apple is wrong that WAIS uses a single heuristic; it included a plurality of heuristics, including at least synonym matching, stemming and heuristic ranking.  Tr. 1849-52, 1915-18 & 2916-17, DX301; DX304 at 449-52, 461, 482-83, 553-55; DX311 at 13.  A reasonable jury would conclude this satisfies the "plurality of heuristics" limitation and that heuristics can be located anywhere.  Tr. 1854, 1915-18, 2815-16 & 2917-18.  A reasonable jury would also conclude Smith and Shoham render claim 25 obvious.  Tr. 1929-33; SDX2982; SDX2988; SDX2996.

### 3. There Is Overwhelming Evidence that the '414 Patent Is Invalid

There is clear and convincing evidence that both Windows Mobile and Evolution anticipate claim 20 of the '414 patent.  Tr. 2193-96, 2226-30, 2252-54; DX314A; DX317; DX319; DX320A; DX514.  Apple's sole argument against Windows Mobile is based on its assumption that claim 20 requires the "synchronization software component" of claim 11 to "create" a thread.  But Apple presented no evidence that would require a reasonable jury to adopt such a narrow reading of "provided by," which is contrary to expert and its own witness' testimony on the meaning of "provide."  Tr. 2192-93 & 2853-54.  Windows Mobile anticipates even under Apple's reading.  Dkt. 1803 at 6.

Evolution also anticipates claim 20.  Tr. 2226-30 & 2250-52; DX319; DX320A.  The software stores and synchronizes structured email data in a database.  Tr. 2228-30 & 2250-52; DX320A.  Apple's only rebuttal is that Evolution does not store email message *text* in a database. This ignores the claim language, which requires storage of *structured* data, and the evidence shows that Evolution does just that.  Tr. 2228-30 & 2252; DX320A; JX7 at 47.

### 4. There Is Overwhelming Evidence that the '721 Patent Is Invalid

There is clear and convincing evidence that the combination of the Neonode N1 Quickstart Guide (DX342) and Plaisant (DX343, DX344) renders claim 8 of the '721 patent obvious.  Tr. 1965-78; DX342; DX343; DX344.  There is no evidence of a nexus between any purported secondary indicia of non-obviousness and claim 8 (Tr. 2867-69), and Dr. Greenberg explained

1  why secondary indicia do not support non-obviousness (Tr. 1976-78).

2  **5.    There Is Overwhelming Evidence that the '172 Patent Is Invalid**

3  There is clear and convincing evidence that the combination of Robinson (DX492) and
4  Xrgomics (JX59) renders claim 18 of the '172 patent obvious.  Tr. 2010-24; DX492;
5  JX59.   There is no evidence of a nexus between purported secondary indicia of non-obviousness
6  and claim 18 (Tr. 2906), and Dr. Wigdor explained the indicia confirm obviousness (Tr. 2024).

7  **B.    There Is Substantial and Overwhelming Evidence of Non-Infringement**

8  **1.    There Is Overwhelming Evidence that the '647 Patent Is Not Infringed**

9  Apple is not entitled to judgment of infringement of claim 9 of the '647 patent.  Dr. Jeffay
10 testified that the accused products do not infringe.  Tr. 1781-96 & 1817-19; DX506; JX50A;
11 JX50B.  Apple's claim that the "analyzer server" limitation includes shared libraries was fully
12 rebutted by testimony of Dr. Jeffay, Tr. 1782-88, and the inventor Thomas Bonura (DX506).
13 Dianne Hackborn testified to the lack of a "server" in the accused products (Tr. 1586-89); these
14 devices lack the required "analyzer server" because they lack a "server," among other reasons.
15 Additionally, as set forth in Dkt. 1803, Apple introduced no evidence that the binding claim
16 constructions were met.  The Jelly Bean Browser does not have the claimed "user interface" (Tr.
17 1788-93), all accused devices lack an "action processor," and no accused devices perform the
18 claimed "linking," but rather use a different system designed by Google.  Tr. 1794-96 & 1817-18.

19 **2.    There Is Overwhelming Evidence that the '959 Patent Is Not Infringed**

20 Apple is not entitled to judgment of infringement of claim 25 of the '959 patent.  Claim 25
21 requires instructions to "provide said information identifier to a plurality of heuristics to locate
22 information in the plurality of locations which include the Internet and local storage media."  JX4
23 at 9:16-40.  Dr. Snoeren admits that he is not accusing the functionality of the Google server and
24 has no idea how it works.  Tr. 1005-07.  Dr. Snoeren's alleged "heuristic" does not locate
25 information in the Internet.  It merely blends two sources of local information that have already
26 been located by other means.  Tr. 1003, 1566-68, 1889-90, 1894-97 & 2815-16.

27 **3.    There Is Overwhelming Evidence that the '414 Patent Is Not Infringed**

28 Apple is not entitled to judgment of infringement of claim 20 of '414 patent.  Tr. 1650-53

& 2169-74; JX50A; JX51A.  Apple makes the same argument it lost during summary judgment: that the accused Sync Adapters are "configured to synchronize structured data" because they call other software to perform synchronization.  Dkt. 1151 at 23.  The Court already concluded that "Apple has pointed to nothing that would require a jury to read the plain and ordinary meaning of the claim so broadly."  *Id*.  Indeed, Dr. Chase explained that, consistent with the prosecution history of the '414 patent, "causing" other software to perform synchronization is not sufficient to make a component "configured to synchronize structured data."  Tr. 2180-83; JX8.  Four of the six accused Sync Adapters are not "configured to synchronize structured data" under the plain meaning of that limitation.  Tr. 1650-53 & 2169-74; JX50A; JX51A.[2]

### 4.  There Is Overwhelming Evidence that the '721 Patent Is Not Infringed

Apple is not entitled to judgment of infringement of claim 8 of the '721 patent.  The Galaxy Nexus's identified "unlock image" disappears upon use contact, so that it does not "continuously move" as required by claim 8.  Tr. 1980-82 & 676-77 (the "unlock image" changes).  No image moves in the Jelly Bean version.  Tr. 1981-82.  Prof. Cockburn himself identified various bases that support findings of non-infringement.  Tr. 626 (no reliance on source code), 657 (phones are merely "more or less identical" to Galaxy S II), 674 (same), 663, 672-75 (non-continuous, jumping movement of the Admire and Galaxy S II), 663 & 674 (call answering).

### C.  Apple Is Not Entitled to Judgment on Any Infringement by SEC

Apple points to no evidence of direct sales or other infringing activity in the U.S. by SEC. Apple asserts that SEC sells products to its subsidiaries, but there is no evidence that any negotiations or execution of contracts, or any other actions to make, use, offer to sell or sell products, occurred in the U.S.  *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon*, 420 F.3d 1369, 1375, 1377 (Fed. Cir. 2005) (mere knowledge of future importation insufficient); Dkt. 1815 at 34 (Final Jury Instr. No. 25).

---

[2]  Although Apple argues that Samsung contends the accused Sync Adapters "do not provide a thread," Apple points only to testimony that the Sync Adapters do not "invoke" or "create" a thread.  Tr. 2241.  Samsung has not contended that "providing" a thread requires invoking or creating the thread; it does not.  Tr. 2853-54.

### D.  Apple Is Not Entitled to Judgment on Indirect Infringement

There is no evidence that Samsung had the specific intent to encourage another's infringement, as required for inducement.  Evidence of passive knowledge of infringement is insufficient.  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (*en banc*). Vague references to SEC's purported role in "design" and pricing or marketing guidance merely show interactions between corporate entities, not inducement of infringement.

Nor is Apple entitled to judgment as a matter of law on contributory infringement.  The products include thousands of non-infringing features.  Apple's claim that the accused products (or any component thereof) lack any substantial noninfringing use is meritless.

### E.  Apple Is Not Entitled to Judgment As a Matter of Law on Willfulness

Apple has not shown willfulness as a matter of law for several reasons:

First, knowledge of the asserted patents is mandatory for a finding of willfulness, *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010), and there is no evidence Samsung knew of any asserted patent before the lawsuit, except the '647 patent.  Tr. 1043.  Notice of the '647 patent (PX132.15), and the alleged "copying" documents (e.g., PX107.52) all came after Google had integrated the accused functionality into Android, and the evidence is undisputed that Google did not copy.  Tr. 919-22, 1501-05 & 1510-12; DX326; DX327.

Second, evidence of "copying" Apple's products is irrelevant absent evidence that those products practiced Apple's patents.  Apple admits no practice of the '959, '414 and '172 patents. Tr. 1760.  For the '647 patent, there is no expert testimony that Apple practices it, let alone as construed by the Federal Circuit.  *See Motorola*, No. 2012-1548, at *21-27.  For the '721 patent, Apple failed to offer limitation-by-limitation evidence of practice.  Tr. 634-36 (merely showing a demonstrative).  Apple's supposed evidence of copying for the '721 patent also fails because (1) all of it predates Samsung's notice of the patent, so Samsung could not have copied; (2) any pre-notice analysis, or even emulation, of an unmarked product cannot be wrongful, *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 US 141, 161-62 (1989); (3) the only witness with personal knowledge of the Samsung documents, Youngmi Kim, denied that Samsung designers ever copied Apple (Tr. 1725, 1737-38 & 1747-48); and (4) the only accused unlock screen designed by

1  Samsung, Puzzle Unlock (Tr. 1728-29), looks nothing like slide-to-unlock.

2  Third, there is no evidence that Samsung modified the Android software accused of
3  infringing the '414, '959, '172 and '647 patents.

4  Fourth, willfulness cannot be based on post-complaint sales that Apple did not seek to
5  preliminarily enjoin, *In re Seagate*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc), which rules
6  out all products except the Galaxy Nexus, and *Google* independently developed that (Tr. 1488-90).

### F. Apple Is Not Entitled to Judgment on Lost Profits or Non-Infringing Alternatives

There is no evidence to proceed to the jury on lost profits, much less obtain lost profits as a matter of law.   Lost profits require a showing of causation.   Final Jury Instr. No. 22; 1846 Case Dkt. 2784; Tr. 1243-44.   Apple relies almost entirely on Dr. Hauser's deficient conjoint survey to show causation.   As shown in Samsung's Rule 50(a) motion, Dr. Hauser's conjoint survey is flawed and cannot show causation, and other purported causation evidence is likewise insufficient. Dkt. 1803 at 5-6.   There is also overwhelming evidence that "consumers do not, in fact, demand the patented features" (Tr. 2283-2322, 2339-85 & 2418-34), which is proper rebuttal evidence to this *Panduit* factor.   1846 Case Dkt. 2657.[3]

Apple has not established as a matter of law that there are no non-infringing alternatives. There is overwhelming evidence of alternatives for the '172 patent (Tr. 750-51 & 2024-29; DX346; DX508), the '414 patent (Tr. 1655-57), the '959 patent[4] (Tr. 1512-16, 1557-59, 1898-07 & 1954-57; SDX2919; DX308; JX32A; JX32D; JX34D; JX35A-D; JX53B; JX35L; JX35N; JX36A-F; JX37B; SDX2914; SDX3008; JX72), the '647 patent (Tr. 1586-89 1796-98 & 1820-21), and the '721 (Tr. 714-19, 722-25 & 1982-84; JX30A-C; JX32A-F; JX35A; PX300; DX508).

There is also no evidence of *Panduit* factors three and four, as shown in Samsung's Rule 50(a) motion.   Dkt. 1803 at 6.

---

[3]   Moreover, "[w]hether any given noninfringing alternative is an *acceptable* substitute" is "a question of fact" for the jury.   1846 Case Dkt. 2657, at 5 (emphasis in original).
[4]   These were available because Google made changes when Samsung asked.   Tr. 1512-14, 1558-59 & 1573-74.

## II. APPLE IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW ON SAMSUNG'S CLAIMS FOR RELIEF

### A. There Is Overwhelming Evidence that the '239 Patent Is Infringed

Samsung withdrew its allegations that the iPad products practice claim 15 of the '239 patent before presenting its offensive case. Accordingly, they were not "actually litigated" at trial and judgment as to these products should be denied. *Alcon Research Ltd. v. Barr Labs., Inc.*, No. 2012-1340, 2014 WL 1013076 at *10 (Fed. Cir. Mar. 18, 2014).

The accused products meet the limitations of claim 15 of the '239 patent. Tr. 2529, 2539, 2540-57 & 2589-90. Apple's argument rests on an erroneous construction of "video capture module." Apple SoCs and related source code capture and compress video in real time, and the "video capture module" does not require a video card. Tr. 2540-47, 2574 & 2589-90; DX351A; JX52A (video capture and compression source code). Apple infringes regardless of whether or not its bill of materials lists an item called "video capture module." Tr. 2579. Even under Apple's construction, Apple's products have a video capture module that receives an analog signal (DX491.1377, .1393, .1481, .1497, .1693; Tr. 2541, 2544, 2567-68 & 2589-90), and resides on a card (PX255; Tr. 2557 & 2741).

Apple relies on an erroneous construction of the means for transmission term. The modem is connected to the iPhone. Tr. 2548-51. Mr. Freeman confirmed that his commercial embodiment had an integrated modem like the iPhone. Tr. 2520-21. Dr. Schonfeld identified hardware ports on the Apple SoCs and software ports (Tr. 2553; DX351A; DX353A), and the software initializing those ports (Tr. 2551-53; JX52A). Apple's expert admitted that software ports share the same functionality as hardware ports. Tr. 2752. Finally, the entire purpose of FaceTime is to transmit video, Dr. Schonfeld testified that the products transmit video (Tr. 2555-56), and Dr. Storer admitted that his report states that FaceTime transmits video (Tr. 2781).

### B. There Is Overwhelming Evidence that the '449 Patent Is Infringed

Each of Apple's arguments rests on a flawed claim construction. At trial, the evidence presented showed infringement when the claim 27 of the '449 patent is properly applied to the accused products. Tr. 2529, 2539-57, 2589, 2595, 2601-16 & 2624-26.

1    Despite Apple's argument otherwise, Mr. Parulski identified circuitry that meets the
2 "reproducing circuit" limitation including the requirement that it reproduce audio.  Tr. 2609-
3 11.  Moreover, a reasonable jury can conclude that the fact that the accused products play audio
4 synchronized with video is evidence that the accused products have a reproducing circuit.  Tr.
5 2609-10; JX38-40, JX45-46.  Dr. Storer did not dispute this.  Finally, Mr. Millet admitted he is
6 not an expert on Apple's software.  Tr. 2701.  At most, his testimony creates a factual dispute.

7    At best, Apple's argument that the "compressor" and "decompressor" contain separate
8 circuitry create an issue of fact.   The "compressor" and "decompressor" limitations are satisfied
9 by the HPERF-NRT circuitry within the Apple SoCs.  Tr. 2605-09.  Apple's SoCs, such as the
10 A6, are a single integrated circuit.  Tr. 2638-42.  The circuitry for performing H.264 and JPEG
11 compression is not a separate chip within the A6.  Tr. 2638-42.  Mr. Millet agrees.  Tr. 2688 ("a
12 system on chip is essentially a single integrated circuit") & Tr. 2701-02 (A6 contains circuitry for
13 both photo and video compressors and decompressors).

14    Apple's argument that the accused products do not have a "search mode" is based on an
15 erroneous construction of a "list  . . . as a search mode."  The specification discloses the use of
16 thumbnails as part of the list of images as a search mode.  Tr. 2611-15.  Nothing requires a list to
17 be vertically oriented in a single column with text.  Sufficient evidence was presented at trial for a
18 reasonable jury to conclude that the accused products include a "search mode." *Id*.

19    The accused products also record "classification data."   Mr. Parulski identified a recording
20 circuit that records classification data, explaining that the accused products include a database that
21 tracks which images are in which album, including the camera roll.  Tr. 2615-16.  The camera roll
22 does not include all photos and videos on the device.  Tr. 2636-67

23    **C.    There Is Evidence that Post-Counterclaim Infringement Is Willful**

24    Apple only moves for JMOL on willfulness for the period of time before Samsung filed its
25 counterclaim with the '239 and '449 patents.   Samsung does not oppose for this time period, but
26 reserves the right to pursue willfulness for Apple's post-counterclaim conduct.

27                                       **Conclusion**

28    For the foregoing reasons, Apple's motion should be denied.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:   April 26, 2014 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | By  /s/ Victoria F. Maroulis |
| | | Charles K. Verhoeven |
| 5 | | Kevin P.B. Johnson |
| | | William C. Price |
| 6 | | Victoria F. Maroulis |
| | | Michael L. Fazio |
| 7 | | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

-9-
SAMSUNG'S OPPOSITION TO RULE 50(A) MOTION