QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar. No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**SAMSUNG'S OBJECTIONS TO THE FINAL ANNOTATED JURY INSTRUCTIONS [TENTATIVE] (DKT. NO. 1815)** |

**PRESERVATION OF PRIOR OBJECTIONS**

Pursuant to Fed. R. Civ. P. 51, Tr. 2333:5-23, and Tr. 3006:12-3007:1, Samsung provides the following objections to the Court's Final Annotated Jury Instructions [Tentative] (Dkt. No. 1815).  Samsung incorporates by reference all arguments, objections, and proposals it has made previously relating to jury instructions, either orally or in writing, including those made or referenced in Dkt. Nos. 1311, 1313, 1340, 1458, 1494, 1527, 1561, 1758, and 1794.

Pursuant to the Stipulation and Order re Submission of Proposed Final Jury Instructions (Dkt. No. 1313), Samsung also expressly preserves and does not waive any of its rights and objections with respect to (1) jury instructions previously submitted by Samsung but not given by the Court in Case No. 11-CV-01846 ("the 1846 Case"); (2) jury instructions previously given by the Court in the 1846 Case, including any such instructions included herein in whole or in part; or (3) jury instructions stemming from orders from the first trial and post-trial proceedings in the 1846 Case, including but not limited to the March 1, 2013 Order re: Damages that granted Samsung's motion for a new trial.  Those objections and proposed instructions include but are not limited to those set forth in the 1846 Case Dkt. Nos. 987-03, 1221, 1231, 1232, 1238, 1264, 1279, 1279-01, 1329, 1388, 1389, 1423, 1426, 1428, 1591, 1600, 1622, 1656, 1670, 1693, 1694, 1800, 1809, 1812, 1821, 1821-01, 1831, 1846, 1858, 1859, 1860, 1862, 1867, 1883, 1892, 2241, 2513, 2707,  2724, 2768, as well as any objections or proposed instructions stated orally before the Court (*see e.g.*, 7/24/12 Hr'g Tr. 32-39; 7/27/12 Hr'g Tr. 4, 39-51, 72-76; Dkt. No. 1621 at 4-45; Dkt. No. 1695 at 1642-43; Dkt. No. 1998 at 3730-3940; 10/23/13 Hr'g Tr. 1-27, 108-12; Dkt. No. 2562 at 111-19; Dkt. No. 2738 at 11-15; Dkt. Nos. 2738 and 2739 at 307-20; Dkt. No. 2739 at 416-18; Dkt. No. 2841 at 941-45, 1055-57; Dkt. No. 2843 at 1210-35; Dkt. No. 2844 at 1403-15).  Samsung incorporates by reference all of its previously submitted proposed jury instructions and objections to jury instructions in the 1846 Case.

For any jury instruction proposed by Samsung that is not given in whole as requested by Samsung, in either this action or in the 1846 Case as described above, Samsung objects.

# ADDITIONAL OBJECTIONS

Pursuant to the above, Samsung makes the following further objections:

## I.     INSTRUCTIONS INCLUDED IN FINAL ANNOTATED JURY INSTRUCTIONS [TENTATIVE] (DKT. NO. 1815)

FINAL JURY INSTRUCTION NO. 1 DUTY OF JURY

The parties submitted a joint proposed instruction including language from California BAJI 1.00 making clear that the jury's decision should not be influenced by bias and that "bias includes bias against any party or any witness based upon nationality, race or ethnicity."  The Court included this jointly proposed language in its instructions (Dkt. 1542 at 2) and should include the same language in the final instructions as well.  Given that Samsung Electronics Corporation is a Korean Company and a number of Samsung's witnesses are also Korean, this additional language is necessary and appropriate.  There is good cause, therefore, to slightly modify the jury instructions given in the first trial to guard against the potential of racial or ethnic bias.

FINAL JURY INSTRUCTION NO. 2 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

No further objections.

FINAL JURY INSTRUCTION NO. 3 BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

No further objections.

FINAL JURY INSTRUCTION NO. 4 TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

No further objections.

FINAL JURY INSTRUCTION NO. 5 WHAT IS EVIDENCE

No further objections.

FINAL JURY INSTRUCTION NO. 6 WHAT IS NOT EVIDENCE

No further objections.

FINAL JURY INSTRUCTION NO. 7 EVIDENCE FOR A LIMITED PURPOSE

No further objections.

FINAL JURY INSTRUCTION NO. 8 CHARTS AND SLIDES NOT RECEIVED IN EVIDENCE

No further objections.

FINAL JURY INSTRUCTION NO. 9 CHARTS AND SUMMARIES IN EVIDENCE

No further objections.

FINAL JURY INSTRUCTION NO. 10 DIRECT AND CIRCUMSTANTIAL EVIDENCE

No further objections.

FINAL JURY INSTRUCTION NO. 11 CREDIBILITY OF WITNESSES

No further objections.

FINAL JURY INSTRUCTION NO. 12 IMPEACHMENT EVIDENCE—WITNESS

No further objections.

FINAL JURY INSTRUCTION NO. 13 TAKING NOTES

No further objections.

FINAL JURY INSTRUCTION NO. 14 DEPOSITION IN LIEU OF LIVE TESTIMONY

No further objections.

FINAL JURY INSTRUCTION NO. 15 USE OF INTERROGATORIES OF A PARTY

No further objections.

FINAL JURY INSTRUCTION NO. 16 EXPERT OPINION

No further objections.

FINAL JURY INSTRUCTION NO. 17 USE OF DEVICES DURING DELIBERATIONS

Samsung believes that the references to the "Web Browser application" are potentially confusing.  Unlike in the 1846 Case, applications other than the Web Browser application are also accused of infringement.  Samsung recommends that, in place of the statement that the jurors "may connect to the Internet through the Web Browser application," Instruction No. 17 should

state that the jurors "may use any of the applications on the device."  Similarly, Samsung recommends that, in place of the statement that the jurors "will not need to take any additional action to use the Web Browser application," Instruction No. 17 should state that the jurors "will not need to take any additional action to use the applications."

FINAL JURY INSTRUCTION NO. 18 SUMMARY OF CONTENTIONS

     No further objections.

FINAL JURY INSTRUCTION NO. 19 DUTY TO DELIBERATE

     No further objections.

FINAL JURY INSTRUCTION NO. 20 COMMUNICATION WITH COURT

     No further objections.

FINAL JURY INSTRUCTION NO. 21 RETURN OF VERDICT

     No further objections.

FINAL JURY INSTRUCTION NO. 22 PATENTS—INTERPRETATION OF CLAIMS

     The jury should be instructed on the meaning of "thread" in the '414 patent because Apple presented trial testimony that departs from the agreed-upon meaning of the term.  Throughout this case Apple has consistently defined the term "thread" as "a series of steps that a computer process needs to complete." (Dkt. 333 at 19:6-20; *see also* Feb. 14, 2013 Hearing Tr. at 66:2-3 (counsel for Apple defining "thread" as "just a series of steps.").)  As far back as January, the Court recognized that "[t]he parties agree that a 'thread' is 'a series of steps that a computer process needs to complete.'" (Dkt. 1151 at 24-25 n.8.)

     During trial, however, Apple's expert Dr. Snoeren testified that a "thread" is not simply a series of steps or instructions, but instead requires "context":

> **Q.** And why do – why does organization of instructions into threads help the programmer accomplish what they want?  Why would a claim call a thread out as opposed to saying instructions?
>
> **A.** Sure.  Well, it's the unit of organization.  And so, for example, if I could use an analogy, when you and I have a conversation as human beings, at the beginning of the conversation, we have to use full names and complete descriptions of who we're talking

about or what we're talking about.  But as the conversation rolls along, we build up a context of what we've been talking about, and technically we use that same word context, and *every thread as* [*sic* has] *a context which allows the computer to be more efficient about executing each instruction as it goes*.

(Tr. 971:8-972:5.)

Dr. Snoeren's testimony goes beyond the long-agreed meaning of the term "thread" and is likely to confuse the jury into thinking "context" is required for purposes of infringement and invalidity.  The likelihood of confusion is especially high because Apple presented no evidence concerning "context."  To avoid this confusion, the Court should instruct the jury on the proper and agreed-upon meaning of the term.

FINAL JURY INSTRUCTION NO. 23 PATENTS—INFRINGEMENT BURDEN OF PROOF

No further objections.

FINAL JURY INSTRUCTION NO. 24 PATENTS—DIRECT INFRINGEMENT

No further objections.

FINAL JURY INSTRUCTION NO. 25 PATENTS—DIRECT INFRINGEMENT

No further objections.

FINAL JURY INSTRUCTION NO. 26 PATENTS—LITERAL INFRINGEMENT

No further objections.

FINAL JURY INSTRUCTION NO. 27 PATENTS—PATENT INFRINGEMENT OF MEANS-PLUS-FUNCTION CLAIMS – '239 PATENT, CLAIM 15

No further objections.

FINAL JURY INSTRUCTION NO. 28 PATENTS—INDUCING PATENT INFRINGEMENT

No further objections.

FINAL JURY INSTRUCTION NO. 29 PATENTS—CONTRIBUTORY PATENT INFRINGEMENT

No further objections.

FINAL JURY INSTRUCTION NO. 30 PATENTS—WILLFUL PATENT INFRINGEMENT

No further objections.

FINAL JURY INSTRUCTION NO. 31 PATENTS—INVALIDITY—BURDEN OF PROOF

No further objections.

FINAL JURY INSTRUCTION NO. 32 PATENTS—ANTICIPATION

No further objections.

FINAL JURY INSTRUCTION NO. 33 PATENTS—STATUTORY BARS

No further objections.

FINAL JURY INSTRUCTION NO. 34 PATENTS—OBVIOUSNESS

No further objections.

FINAL JURY INSTRUCTION NO. 35 PATENT DAMAGES—BURDEN OF PROOF

No further objections.

FINAL JURY INSTRUCTION NO. 36 PATENT DAMAGES—LOST PROFITS—GENERALLY

No further objections.

FINAL JURY INSTRUCTION NO. 37 PATENT DAMAGES—LOST PROFITS—FACTORS TO CONSIDER

No further objections.

FINAL JURY INSTRUCTION NO. 38 PATENT DAMAGES—LOST PROFITS—AMOUNT OF PROFIT

No further objections.

FINAL JURY INSTRUCTION NO. 39 PATENT DAMAGES—LOST PROFITS—MARKET SHARE

No further objections.

FINAL JURY INSTRUCTION NO. 40 PATENT DAMAGES—REASONABLE ROYALTY—ENTITLEMENT

No further objections.

FINAL JURY INSTRUCTION NO. 41 PATENT DAMAGES—REASONABLE ROYALTY—DEFINITION

No further objections.

FINAL JURY INSTRUCTION NO. 42 PATENT DAMAGES—DATE OF COMMENCEMENT—PRODUCTS

The Court correctly stated the law in that the notice must be both patent-specific and product-specific.  However, the additional deletion may cause the jury to conclude that the parties do not dispute when Apple gave Samsung product-specific notice.  Samsung believes that its original proposal more accurately reflects the state of the evidence and what the jury needs to decide.

FINAL JURY INSTRUCTION NO. 43 PATENT DAMAGES—MONETARY REMEDIES— ONLY ONE RECOVERY PER ACCUSED SALE

No further objections.

## II.     INSTRUCTIONS NOT INCLUDED IN FINAL ANNOTATED JURY INSTRUCTIONS [TENTATIVE] (DKT. NO. 1815)

Samsung also objects that the following proposed instructions are not being given as proposed, and for the reasons stated, in Dkt. Nos. 1758 and 1794:

PROPOSED FINAL JURY INSTRUCTION NO. 25A (Samsung) DIRECT INFRINGEMENT OF THE '959 AND '414 PATENTS  (Dkt. No. 1758 at 69-70.)

No further statements in support.

PROPOSED FINAL JURY INSTRUCTION NO. 26C (Samsung) APPARATUS CLAIMS--LITERAL INFRINGEMENT  (Dkt. No. 1758 at 71-72.)

No further statements in support.

PROPOSED FINAL JURY INSTRUCTION NO. 32A (Samsung) ANTICIPATION OF THE '959 AND '414 PATENTS  (Dkt. No. 1758 at 77-79.)

No further statements in support.

PROPOSED FINAL JURY INSTRUCTION NO. 52 (Samsung) COPYING ALLEGATIONS IRRELEVANT WHERE PATENT NOT PRACTICED  (Dkt. No. 1758 at 123-24.)

No further statements in support.

PROPOSED FINAL JURY INSTRUCTION NO. 53 (Samsung) RELEVANCE OF COPYING (Dkt. No. 1758 at 127-28.)

No further statements in support.

PROPOSED FINAL JURY INSTRUCTION NO. 54 (Samsung) LIMITS ON ADMISSIBILITY OF INDEMNIFICATION EVIDENCE  (Dkt. No. 1794 at 1-3.)

In addition to its previous statements in support of Proposed Final Jury Instruction No. 54 — Limits on Admissibility of Indemnification Evidence, Samsung further notes that Apple does not object that the substance of the instruction on indemnification is improper, only that Apple would prefer the court not to deviate from what was previously given mid-trial.  *See* Dkt. No. 1794 at 1-2.  In particular, Apple prefers the word "bias" instead of the phrase "interest in the outcome of the case" as Samsung proposed.  *See id*.  Samsung believes these phrases address the same principle, but that "interest in the outcome of the case" is more appropriate in this context when referring to a corporate indemnifier, and not a particular witness.

1    Apple also has no objection to the portion of the instruction stating that indemnification

2  evidence is "not admissible on any issue of damages for any party."  The Ninth Circuit is clear that

3  where indemnification evidence reaches the jury, a curative instruction is required on this

4  issue.  *See Larez v. Holcomb*, 16 F.3d 1513, 1518-19 (9th Cir. 1994).

5

6                              Respectfully submitted,

7  DATED: April 26, 2014              QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
8

9                              By */s/ Victoria F. Maroulis*
                                 Victoria F. Maroulis
10                               Kevin P.B. Johnson
                                 Michael L. Fazio
11                               Attorneys for SAMSUNG ELECTRONICS
                                 CO., LTD., SAMSUNG ELECTRONICS
12                               AMERICA, INC., and SAMSUNG
                                 TELECOMMUNICATIONS AMERICA, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28