| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| HAROLD J. McELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>JAMES P. BENNETT (CA SBN 65179)<br>jbennett@mofo.com<br>JACK W. LONDEN (CA SBN 85776)<br>jlonden@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>RUTH N. BORENSTEIN (CA SBN 133797)<br>rborenstein@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.   12-cv-00630-LHK<br><br>**APPLE'S OBJECTIONS TO FINAL ANNOTATED JURY INSTRUCTIONS [TENTATIVE] (DKT. 1815)** |

Apple respectfully submits its objections to the tentative final jury instructions issued by the Court (Dkt. 1815). The Court has indicated that all objections previously asserted by the parties are preserved. 4/25/2014 Trial Tr. at 3006-07. Accordingly, Apple objects to any tentative instruction that differs in any way from an instruction proposed by Apple or an instruction jointly proposed by the parties. Apple also objects to the extent Apple proposed an instruction which the Court did not adopt in its tentative instructions, and to the extent the Court adopted in its tentative instructions an instruction proposed by Samsung to which Apple had objected. In support of these objections, Apple expressly preserves and incorporates by reference all of its proposed jury instructions, statements of position, and objections identified in the parties' April 21, 2014 Revised Proposed Joint Final Jury Instructions with Objections (Dkt. 1758), including any proposals and objections incorporated by reference therein, and Apple's objections to Samsung's Additional Proposed Final Jury Instruction (Dkt. 1794 at 2-3).

In addition, Apple provides the following comments on certain of the tentative instructions issued by the Court. To the extent the Court does not adopt one or more of the changes proposed below, Apple expressly preserves and incorporates by reference the proposed jury instructions, statements of position, and objections identified in Dkt. 1758 which correspond to each of the instructions discussed below.

**Tentative Instruction No. 18 (Summary of Contentions).**

(1)   Apple proposes the following additional language for the seventh paragraph of this instruction: "In this case, Apple does not contend that it practices the '414, '172, or '959 patents, and Samsung does not contend that it practices the '449 patent <u>or the '239 patent</u>." Apple proposes this addition to conform to the evidence, as Samsung did not present any evidence at trial that it practices the '239 patent.

(2)   The Court has not adopted the two sentences that Apple proposed for inclusion at the end of the seventh paragraph of the Court's tentative instruction: "Whether or not a patent owner practices a patent is irrelevant to whether the patent has been infringed. A patent owner need not practice the patent itself in order to recover damages for patent infringement." *See* Dkt. 1758 at 53. Given the emphasis that Samsung has placed at trial on whether Apple practices the

asserted patents (and the expectation that Samsung will continue this emphasis during its closing), Apple renews its request that the Court include in this instruction a statement that a patent owner's practice of an asserted patent is irrelevant to infringement and is not a prerequisite to recovery of damages for infringement.  As Apple has previously noted (*id.* at 58), this additional language is necessary to correct any misimpression or mistaken assumption by the jury that a patent holder cannot prove infringement or obtain damages if it does not contend that it practices an asserted patent, which is contrary to the law.  *See*, *e.g.*, *Rite-Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1547-48 (Fed. Cir. 1995) (en banc).

**Tentative Instruction No. 36 (Patent Damages – Lost Profits -- Generally).**

Apple renews its objection to the third paragraph of this tentative instruction, adopted from Samsung's proposed instruction: "You must allocate the lost profits based upon the customer demand for the patented feature of the infringing products.  That is, you must determine which profits derive from the patented invention that Samsung sells, and not from other features of the infringing products."  As Apple has previously explained (Dkt. 1758 at 91-92), while this paragraph was used by the Court in the 1846 matter, it reflects a legal error, as reflected by recent Federal Circuit authority (*see id.* (collecting cases)), and is likely to confuse the jury when it is compared to tentative instructions 37 and 39, which properly instruct the jury that it may use a patentee's market share to identify the portion of the sales that a patentee would have made but for the infringement of the patent.

**Tentative Instruction No. 37 (Patent Damages – Lost Profits – Factors to Consider).**

Apple proposes the following additional language within numbered paragraph 2 (lines 7-8): "An alternative may be considered available as a potential substitute even if it was not actually on sale during the infringement period <u>if Samsung proves that it could have incorporated the non-infringing features into its infringing products as a design-around</u>."  Apple has previously proposed this language regarding the burden of proof on non-infringing alternatives, and thus incorporates by reference its prior statement of support and authorities referenced therein.  *See* Dkt. 1758 at 97-99.  Additionally, the Court expressly recognized during trial that Samsung has the burden to establish non-infringing alternatives.  *See* Dkt. 1624, 4/7/2014 Trial Tr. at 815:7-9.

The additional language proposed by Apple incorporates the Court's acknowledgement of that burden into the tentative instruction.

**Apple's Proposed Instruction No. 51 (No Duty to Disclose Unknown Information).**

The Court has not adopted the instruction proposed by Apple (Dkt. 1758 at 126-27) to cure testimony offered by Samsung's expert (Dr. Chase) wrongly suggesting that Apple was at fault for not bringing certain alleged prior art to the attention of the Patent Office, where there is no evidence that Apple was aware of that prior art. *See* 4/18/2014 Trial Tr. at 2249:11-20. Apple renews its request that the Court adopt the curative instruction proposed by Apple, which accurately describes an individual's obligations regarding bringing prior art to the attention of the patent office: "An individual who has a duty to disclose information to the Patent Office is only expected to disclose material information of which the individual is aware. Any suggestion that alleged prior art should have been disclosed to the Patent Office, absent a showing that an individual with a duty to disclose actually knew of that alleged prior art, should be disregarded." *See* Dkt. 1758 at 126-27 (and authorities cited therein).

Dated: April 26, 2014                WILMER CUTLER PICKERING HALE
                                     AND DORR LLP


                                     By:  */s/ Mark D. Selwyn*
                                          Mark D. Selwyn

                                          Attorneys for Plaintiff
                                          APPLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on April 26, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

*/s/ Mark D. Selwyn*
Mark D. Selwyn