JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　　Defendants. | Case No.　12-cv-00630-LHK<br><br>**APPLE'S STATEMENT REGARDING THE VERDICT FORM [AMENDED TENTATIVE]** |

On the tentative Verdict Form (Dkt. 1812), Questions 1-6 ask the jury to determine infringement for each accused product and also include JX numbers and/or letters identifying the representative accused products that have been admitted into evidence as physical exhibits. Question 10 then asks the jury to award damages on a per-product basis for any infringement.

Although the Court denied Apple's request to specifically indicate that the JX designations in Questions 1-6 identify "representative" products (*see* Dkts. 1755, 1756), Apple understands that the Verdict Form asks the jury to determine infringement and damages for the more than 37 million Samsung products that Apple has accused of infringement. Consistent with the 1846 case (*e.g.*, 1846 Dkt. 2220 at 15; 1846 Dkt. 2635 at 3:14-16), both parties' technical experts testified about the design and operation of the accused products and treated certain hardware/software configurations as representative. (*E.g.*, Trial Tr. 843:4-11 (Mowry), 1817:3-16 (Jeffay).) Samsung, too, has treated physical exhibits of Apple products as representative of all accused products. (*E.g.*, Trial Tr. 2529:17-23, 2539:5-9 (Schonfeld).) And both parties' damages experts addressed the full range of more than 37 million infringing Samsung products in their testimony and damages schedules. (*E.g.*, Trial Tr. 1207:24-1208:3 (Vellturo), 2437:9-11 (Chevalier); PX142; PX222A; PX223A; DX453A.) Apple accordingly understands the Verdict Form to ask the jury to decide infringement and damages for all accused products, not just the representative products admitted as physical exhibits. *See, e.g.*, *Spansion, Inc. v. ITC*, 629 F.3d 1331, 1350-1351 (Fed. Cir. 2010) (infringement proved based on representative products); *TiVo Inc. v. Echostar Comms. Corp.*, 516 F.3d 1290, 1308 (Fed. Cir. 2008) (same); *Allen Archery, Inc. v. Browning Mfg. Co.*, 819 F.2d 1087, 1098 (Fed. Cir. 1987) (infringement proof does not require admission of infringing device as physical exhibit).

To the extent Samsung contends that the Verdict Form somehow limits the products accused of infringing Apple's patents or the infringing products for which damages may be awarded to the particular physical exhibits identified by JX number and/or letter in Questions 1-6 and 10, that is inconsistent with the evidence admitted during trial, the manner in which both parties have litigated this case, and Apple's understanding of the Verdict Form. Apple would object to any such interpretation of the Verdict Form.

| | |
|---|---|
| Dated: April 27, 2014 | MORRISON & FOERSTER LLP |
| | By: */s/ Rachel Krevans*<br>Rachel Krevans |
| | Attorneys for Plaintiff<br>APPLE INC. |