1   JOSH A. KREVITT (CA SBN 208552)
    jkrevitt@gibsondunn.com
2   H. MARK LYON (CA SBN 162061)
    mlyon@gibsondunn.com
3   GIBSON, DUNN & CRUTCHER LLP
    1881 Page Mill Road
4   Palo Alto, CA 94304-1211
    Telephone: (650) 849-5300
5   Facsimile: (650) 849-5333

6   HAROLD J. McELHINNY (CA SBN 66781)
    hmcelhinny@mofo.com
7   JAMES P. BENNETT (CA SBN 65179)
    jbennett@mofo.com
8   JACK W. LONDEN (CA SBN 85776)
    jlonden@mofo.com
9   RACHEL KREVANS (CA SBN 116421)
    rkrevans@mofo.com
10  RUTH N. BORENSTEIN (CA SBN 133797)
    rborenstein@mofo.com
11  ERIK J. OLSON (CA SBN 175815)
    ejolson@mofo.com
12  MORRISON & FOERSTER LLP
    425 Market Street
13  San Francisco, California  94105-2482
    Telephone:  (415) 268-7000
14  Facsimile:  (415) 268-7522

15  Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC.
16

                    WILLIAM F. LEE
                    william.lee@wilmerhale.com
                    WILMER CUTLER PICKERING
                    HALE AND DORR LLP
                    60 State Street
                    Boston, MA 02109
                    Telephone: (617) 526-6000
                    Facsimile: (617) 526-5000


                    MARK D. SELWYN (SBN 244180)
                    mark.selwyn@wilmerhale.com
                    WILMER CUTLER PICKERING
                    HALE AND DORR LLP
                    950 Page Mill Road
                    Palo Alto, California 94304
                    Telephone: (650) 858-6000
                    Facsimile: (650) 858-6100

17                 UNITED STATES DISTRICT COURT

18                NORTHERN DISTRICT OF CALIFORNIA

19                      SAN JOSE DIVISION

20

21   APPLE INC., a California corporation,          Case No.    12-cv-00630-LHK

22              Plaintiff,                          **APPLE'S OBJECTIONS AND**
                                                    **RESPONSES TO OBJECTIONS**
23        v.                                        **REGARDING CLOSING**
                                                    **DEMONSTRATIVES AND**
24   SAMSUNG ELECTRONICS CO., LTD., a               **MOTION TO SEAL**
     Korean corporation; SAMSUNG
25   ELECTRONICS AMERICA, INC., a New
     York corporation; and SAMSUNG
26   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited liability company,
27
                Defendants.
28

## APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS

**Slide 28.**  Apple proposed a nearly identical slide, which included the same heading to which Samsung now objects, in the first 1846 trial.  (*See* Declaration of Erik J. Olson ("Olson Decl.") Ex. 1.)  The Court overruled Samsung's objection that the header misstated the law and held that it was not misleading.  (1846 Dkt. 1895 at 2 (Slide 27)).  There is no reason for a different outcome here.

**Slides 38, 39, 56, 57, 58.**  The titles of these slides accurately summarize PX121 and PX146, both of which were admitted in their entirety without objection.  (Dkt. 1623 at 640:2-5; Dkt. 1624 at 878:12-17.)  That each exhibit contains a certain number of comparisons or is a certain length (both facts readily ascertained after a simple inspection) cannot be prejudicial.  Indeed, Dr. Mowry testified that PX146 contained "side-by-side comparison[s] for ... about 126 different individual [] user experience issues."  (Dkt. 1624 at 878:21-24.)  The Court has repeatedly overruled the objection that Samsung's conduct with respect to these exhibits is so prejudicial that they cannot be shown to the jury.)  (*See, e.g.*, Dkt. 1541 at 1 (Section L) (deciding Dkt. 1516-3 at 5).)

**Slide 40.**  This is a slide that was shown to the jury during Dr. Cockburn's testimony (PDX 97.109), without objection, with the same heading.  (*See* 4/25/14 Tr. at 2900:4-2902:3; Olson Decl. Ex. 2 (PDX 97.109).)  There is nothing objectionable about reminding the jury of Dr. Cockburn's testimony.

**Slide 51A.**  The slide is a call-out from an admitted exhibit with a statement of Apple's position in the heading.  There is nothing here that may confuse the jury, nor is there anything in the Federal Circuit's construction of "analyzer server" that is inconsistent with the premise that an "analyzer server may be [a] shared library."  Apple has revised the slide to include the date with the citation to the exhibit number, and thus there is nothing misleading about the reference.

**Slides 56, 57, 58.**  These slides are pages of internal Samsung documents that are in evidence.  They are relevant to damages issues (*e.g.*, commercial success, advantages of the patented product, the alleged infringer's use of the patented product, reasonable royalty under

the *Georgia Pacific* factors, demand for the patented product and features), induced infringement, willful infringement, and non-obviousness.  Contrary to Samsung's suggestion, Apple presented evidence that the iPhone practices the invention of the '647 patent through the testimony of Mr. Deniau.  (Dkt. 1624 at 791:15-18.)

**Slide 90.**  A version of this slide containing these and related quotes was shown to the jury and discussed by Dr. Vellturo as part of his reasonable royalty analysis.  (Dkt. 1715 at 1304:19-1308:9, 1312:10-1313:11 and PDX92.45; Olson Decl. Ex. 3.)  "Software is the new value driver," the only quote not previously on a slide, was discussed by Dr. Vellturo as a factor that influenced his market analysis and reasonable royalty.  (Dkt. 1714 at 1220:21-24, 1223:2-6.)  It comes from PX147, which has been admitted.  These quotations from admitted documents properly address the factors that would affect the hypothetical negotiation.   Apple's discussion of the evidence is proper for closing argument.

**Slide 101.**  The data underlying slide 101 is in evidence because Chevalier Exhibit 26A, which contains the data, was published to the jury, and the specific numbers referenced in the slide were highlighted for the jury.  (4/21/14 Tr. at 2501:2-2502:6.)  The numbers were not spoken into the transcript because Samsung moved to seal the figures the jury saw on the screen.

**Slide 108.**  This slide accurately reflects testimony given by Dr. Chevalier during trial.  Apple is entitled to show and discuss the trial transcript during its closing argument.  If Samsung believed the testimony was hearsay or misleading, it should have objected at that time, but did not, thereby waiving any objection. (*See* 4/21/14 Tr. at 2488:14-2490:6.)  The testimony is highly relevant to a contested issue that both parties will address in closing, the use of conjoint surveys.

**Slide 112.**  Samsung objects to this slide, which ***Samsung created*** and showed during opening statement, as irrelevant, misleading, and hearsay.  Samsung's counsel already recited to the jury the facts contained in the slide, so any confusion is of its own making.  (Dkt. 1622 at 373:12-15.)  Apple is not seeking to show the document for the truth of what it asserts, but is entitled to remind the jury of statements made during Samsung's opening that were not

1   supported by the evidence admitted.

2   <u>**APPLE'S OBJECTIONS TO SAMSUNG'S CLOSING DEMONSTRATIVES**</u>

3   **Slide 16.**  The Court should exclude this slide, which depicts as an alleged "Alternative

4   Design" a phone that was not admitted into evidence, a video that was never shown to the jury,

5   and a functionality about which Dr. Jeffay did not testify (or include in his expert report).  This is

6   an improper attempt to argue in closing a previously undisclosed alleged alternative design.

7   **Slides 18, 119.**  The record evidence is insufficient to support the allegations on these

8   slides that Apple has ***never*** practiced the asserted claims.  The jury was instructed that "Apple

9   ***does not contend that it practices*** the '414, '172, and '959 patents."  (Dkt. 1418 at 1 (emphasis

10  added).)  That is not an admission that Apple never practiced the asserted claims, nor was any

11  testimony or evidence offered to suggest that is the case.  Samsung should not be allowed to

12  mislead the jury with statements unsupported by the record.

13  **Slide 21.**  Slide 21 depicts a bar graph based on calculations (grouping of unit sales into

14  categories) about which no witness testified at trial and which were not previously disclosed.

15  **Slide 30.**  This slide misleadingly implies that 21 of 26 respondents believed, as to ***all*** of

16  the patented features, that the non-infringing alternative described in Dr. Hauser's survey was "no

17  capability at all."  But as Dr. Reibstein testified when explaining this issue, the respondents had

18  such a belief regarding only one of the patents.  (*See* 4/18/14 Tr. at 2095:25-2096:3.)

19  **Slide 35.**  The text of this slide misleadingly implies that Dr. Hauser made predictions as

20  to sales share.  Her did not.  As Dr. Reibstein testified, the slide shows data generated solely by

21  Dr. Reibstein, not Dr. Hauser.  (4/18/14 Tr. at 2102:8-2103:4.)  Apple does not object so long as

22  the predicted shares are properly attributed solely to Dr. Reibstein.

23  **Slides 42, 116.**  These duplicate slides misleadingly suggest that the image depicts "Prior

24  Art WAIS Software," when Dr. Rinard testified that the screenshot is from an installation he

25  created in 2013 to demonstrate how freeWAIS-sf would work and that it was "not prior art."

26  (Dkt. 1717 at 1925:14-1929:8.)  Further, these slides misleadingly imply that a witness testified

27  that Dr. Hauser's survey was inaccurate or wrong because it would cover the "Prior Art WAIS

28  Software," a topic not addressed by any Samsung witness.

**Slide 43A.**  There is no evidence that Dr. Rinard's personal phone that was updated to GSA 2.7 (the image on the right in the slide) has the same "user experience" as the accused Samsung phone.  (Dkt. 1717 at 1902:18-1905:8; 1901:23-1902:5 (Rinard's personal experience, not that of an unbiased user).)  The slide is also misleading and confusing because it suggests that there was user-based evidence that the user experience would be the same despite GSA 2.7 storing local search history for the user at Google.

**Slide 53.**  This slide misleadingly excerpts Dr. Snoeren's testimony in an attempt to attribute Dr. Chase's testimony to Dr. Snoeren.  Presumably in anticipation of Apple's objection, Samsung disclosed a second slide (104) which is identical except for the addition of the next sentence of Dr. Snoeren's testimony, which provides necessary context.  Samsung should present Slide 104, rather that the misleading and incomplete Slide 53.

**Slides 54, 103, 110.**  These slides should be excluded because they show an iPAQ product that was never admitted into evidence and a video that was never shown to the jury.

**Slides 55, 61, 87, 88.**  The headings on these slides misleadingly suggest that Mr. Bonura's deposition testimony was about the claimed "analyzer server" or any language in the patent itself.  Instead, he was testifying about a contemporaneous document regarding an implementation on which Mr. Bonura had worked.

**Slides 57, 92.**  These duplicate slides depict a screenshot of a Sidekick demonstration system that was never presented to the jury.  Moreover, the title of the slide ("Sidekick Had Pop-Up Menus") is misleading because Dr. Jeffay testified, in direct contradiction, that "Sidekick did not have a pop-up menu for displaying the linked actions."  (Dkt. 1717 at 1810:2-19.)  It is further misleading to suggest that the screen shot on this slide is DX332, the Sidekick executable itself, when in fact this is an image of a demonstration system that purports to run the Sidekick executable software.

**Slide 58.**  On this slide, only the top screenshot was shown to the jury; the bottom two were not shown.  Because the installation Samsung's expert created based on Sidekick is not in evidence, it is improper to create new screenshots as new demonstratives for use during the closing since those new screenshots are not based on evidence in the record and were not shown

1    to the jury.

2        **Slide 60.**  This slide is misleading to the extent Samsung intends to use it to suggest that

3    Dr. Hauser should have included "tap to dial" as an alternative in his survey.  Dr. Jeffay did not

4    testify (or disclose in his report) that "tap to dial" is an alleged non-infringing alternative.

5        **Slide 80.**  This slide lists certain terms of the purchase by Samsung of the '449 patent

6    (among other patents) that were never discussed during testimony, and therefore is misleading

7    and potentially confusing to the jury.  Samsung should not be able to make an argument about the

8    valuation of patents that is unsupported by any fact or expert testimony.

9        **Slide 90.**  This slide misleadingly suggests that it depicts a screen shot from DX332

10   (which is the Sidekick executable software itself), when in fact this is an image from a

11   demonstration system Dr. Jeffay created in 2013 using DX332.  Samsung should remove the

12   DX332 designation from the slide.

13       **Slide 91.**  This slide is identical to Slide 58 and is therefore objectionable for the same

14   reasons stated above.  In addition, like Slide 90, this slide labels the screenshots on the right hand

15   portion as "DX332."  Again, these screenshots on the right hand portion are not DX332 – but

16   rather were generated by Samsung's expert Dr. Jeffay in 2013 from a demonstration system that

17   is not in evidence.

18       **Slide 97.**  Although it was played for the jury, this FJC patent video is not in evidence.

19   Further, this video is improper subject matter for closing since the Court, not the parties or the

20   FJC video, will instruct the jury on the law.

21       **Slide 109.**  This slide is incomplete and misleading because it calls out only a portion of

22   the Apple's amendment, and thus does not provide the full context.  In particular, the slide omits

23   that Apple added to what became claim 11 of the '414 patent the requirement that there be

24   synchronization between a first database and a second database.  (*See* JX8 at 751.)

25       **Slides 114, 115.**  These slides misleadingly suggest that the images on those slides are

26   from a prior art "WAIS" system, when those slides instead show screen captures from the 2013

27   demonstrative installation created by Dr. Rinard that is not in evidence and is not prior art.  (Dkt.

28   1717 at 1925:14-1929:8 (Rinard testifying that SDX2939 is "not prior art").)   There is no

1   evidence in the record to support a claim that the screens shown on SDX2939 and Slides 114 and

2   115 could be created by WAIS systems generally.

3

4

5   **NOTICE OF MOTION AND MOTION TO SEAL CLOSING DEMONSTRATIVES**

6        Apple moves to seal certain demonstratives that Apple may use during its closing

7   argument because they contain confidential financial information (slides 84, 87, 88, 94, 95, 106,

8   and 107) or confidential technical information regarding Apple's products (slide 117).

9        In addition, Apple moves to seal certain slides that Samsung may use during its closing

10  argument because they contain confidential technical information and/or source code information

11  regarding Apple's products (slides 66, 67, and 71).

12        As set forth in the Declaration of Erik J. Olson in support of sealing filed herewith, these

13  slides should be sealed because the information contained therein is contain highly confidential

14  and would cause harm to Apple if publicly disclosed.

15        Finally, Apple is filing contemporaneously a complete set of the closing demonstratives

16  that it exchanged yesterday with Samsung (with revisions made as a result of the parties' meet

17  and confer).  Because Apple, Samsung, and/or Google may maintain claims of confidentiality

18  over some portions of these demonstratives, Apple is filing the entire set of demonstratives under

19  seal.  Apple expects that Samsung and/or Google will file declarations in support of sealing their

20  confidential information that appears in Apple's slides.  As noted above, Apple is submitting the

21  Olson Declaration in support of sealing slides 84, 87, 88, 94, 95, 106, 107, and 117.

22        Apple is also filing certain materials as Exhibits 2 and 3 in support of Apple's Objections

23  and Responses to Objections Regarding Closing Demonstratives and Motion to Seal.  For

24  avoidance of doubt, Apple does not maintain a claim of confidentiality with respect to Exhibits 2

25  and 3 to the Olson Declaration.

26

27

28

1    Dated: April 27, 2014                MORRISON & FOERSTER LLP

2

3                                         By:  */s/ Rachel Krevans*
                                          _____

4                                               Rachel Krevans

5                                               Attorneys for Plaintiff
                                                APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28