| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | WILLIAM F. LEE (*pro hac vice*) |
| jkrevitt@gibsondunn.com | william.lee@wilmerhale.com |
| H. MARK LYON (CA SBN 162061) | WILMER CUTLER PICKERING |
| mlyon@gibsondunn.com |   HALE AND DORR LLP |
| GIBSON, DUNN & CRUTCHER LLP | 60 State Street |
| 1881 Page Mill Road | Boston, Massachusetts  02109 |
| Palo Alto, California  94304-1211 | Telephone:  (617) 526-6000 |
| Telephone:  (650) 849-5300 | Facsimile:  (617) 526-5000 |
| Facsimile:  (650) 849-5333 | |
| | |
| HAROLD J. McELHINNY (CA SBN 66781) | MARK D. SELWYN (CA SBN 244180) |
| hmcelhinny@mofo.com | mark.selwyn@wilmerhale.com |
| JAMES P. BENNETT (CA SBN 65179) | WILMER CUTLER PICKERING |
| jbennett@mofo.com |   HALE AND DORR LLP |
| JACK W. LONDEN (CA SBN 85776) | 950 Page Mill Road |
| jlonden@mofo.com | Palo Alto, California  94304 |
| RACHEL KREVANS (CA SBN 116421) | Telephone:  (650) 858-6000 |
| rkrevans@mofo.com | Facsimile:  (650) 858-6100 |
| RUTH N. BORENSTEIN (CA SBN 133797) | |
| rborenstein@mofo.com | |
| ERIK J. OLSON (CA SBN 175815) | |
| ejolson@mofo.com | |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, California  94105-2482 | |
| Telephone:  (415) 268-7000 | |
| Facsimile:  (415) 268-7522 | |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | |
|             Plaintiff, | |
|         vs. | Case No. 12-cv-00630-LHK |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **DECLARATION OF ERIK J. OLSON IN SUPPORT OF SEALING MATERIALS THAT APPLE AND SAMSUNG MAY USE DURING CLOSING ARGUMENTS** |
|             Defendants. | |

I, Erik J. Olson, hereby declare as follows:

1. I am a partner at the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple") in the above-captioned action. I am licensed to practice law in the State of California. I am familiar with the facts set forth herein and, if called as a witness, I could and would testify competently to those facts under oath.

2. Pursuant to Local Rule 79-5, I submit this declaration in support of Sealing Materials that Apple and Samsung May Use During Closing Arguments.

3. Apple's Closing Slides 84, 87, 88, 94, 95, 106, and 107 contain highly confidential financial information regarding Apple's sales and margins. They also contain financial information that could be used to determine Apple's per unit profits and manufacturing capacity. Public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Jim Bean in Support of Apple's Motion to Seal Trial Exhibits. (Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1495-2 at 1-3 ) (explaining that Apple's financial information is immensely valuable and disclosed only on a need to know basis within Apple because maintaining the confidentiality of Apple's financial data "allows Apple to remain competitive in an opaque and fast-moving marketplace.").) The Federal Circuit has previously approved of Apple's request to similar financial information. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 727 F.3d 1214, 1224-26 (Fed. Cir. Aug. 23, 2013) (approving sealing of product-specific financial information). Apple's Closing Slides 84, 87, 88, 94 and 95 are comprised of PDX 92.26, PDX 92.72, PDX 92.64, PDX 92.31 and PDX 92.35 respectively. The Court has previously granted Apple's requests to seal those demonstratives. *See* Dkt. Nos. 1626 at 3; 1629 at 1. Consistent with this Court's prior orders, Apple's Closing Slides 84, 87, 88, 95 and 95 should be sealed. *See id.* For similar reasons, Apple's Closing Slides 106 and 107 should be sealed.

4. Apple's Closing Slide 117 contains highly confidential technical information related to Apple's products. Slide 117 contains proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the

1  Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc.
2  v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3)
3  (supporting sealing schematics showing the configuration of Apple's products because detailed
4  information of this kind constitutes trade secret information)).  The Court has previously granted
5  Apple's request to seal similar information.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co.,
6  Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to
7  seal schematics related to the Apple iBook and iSight).  Apple's Closing Slide 117 is comprised
8  of SDX3729, which contains an excerpt from DX 351.  The Court has previously granted
9  Apple's request to seal SDX3729 and DX 351 in full.  *See* Dkt. 1735 at 1 (sealing SDX 3729);
10  1730 at 2 (sealing DX 351).  Consistent with this Court's prior orders, Apple's Closing Slide 117
11  should be sealed.  *See id.*

12       5.       Samsung's Closing Slides 66, 67, and 71 contain highly confidential technical
13  information related to Apple's products.  These materials contain proprietary Apple information
14  and the public disclosure of this information would be harmful to Apple for similar reasons as
15  stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits
16  (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No.
17  1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because
18  detailed information of this kind constitutes trade secret information)).  The Court has previously
19  granted Apple's request to seal similar information.  *See, e.g.*, *Apple Inc. v. Samsung Electronics
20  Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's
21  request to seal schematics related to the Apple iBook and iSight).

22       6.       Samsung's Closing Slides 66 and 67 also contain highly confidential Apple
23  source code.  The Court has previously granted similar requests by Apple to seal its highly
24  confidential source code.  *See, e.g.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8)
25  (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D.
26  Cal. 2011)) (granting Apple's request to seal Apple source code).

27
28

7. Samsung's Closing Slides 66, 67, and 71 also contain excerpts from JX-52, DX-351, DX-351A, DX-353, and DX-491. The Court previously granted Apple's request to seal these exhibits in full. *See* Dkt. 1730 at 2 (sealing JX-52, DX-351, DX-353, and DX-491); Dkt. 1734 at 2 (sealing DX-353 and DX-491); Trial Tr. at 2560:9 (sealing DX-351A). Consistent with this Court's prior orders, Samsung's Closing Slides 66, 67, and 71 should be sealed.

8. Apple's Closing Slides and Exhibits 2-3 to the Declaration of Erik J. Olson in Support of Apple's Objections to Samsung's Closing Slides and Apple's Responses to Samsung's Objections to Apple's Closing Slides ("Exhibits 2-3") contain information that Samsung and/or Google may also consider confidential. Apple expects that Samsung and/or Google will file the required supporting declaration in accordance with Civil Local Rule 79-5 as necessary in order to confirm whether the information contained in Apple's Closing Slides should be sealed.

9. Apple does not maintain a claim of confidentiality with respect to Apple's Closing Slides and Samsung's Closing Slides and Exhibits 2-3 other than the information identified above.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this Declaration was executed this 27th day of April, 2014, in San Jose, California.

Dated:  April 27, 2014          */s/ Erik J. Olson*
                                Erik J. Olson

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on April 27, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

                                        */s/ Rachel Krevans*
                                        Rachel Krevans

**ATTESTATION OF E-FILED SIGNATURE**

I, Rachel Krevans, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Local Rule 5-1(i)(3), I hereby attest that Erik J. Olson has concurred in this filing.

Dated:   April 27, 2014               */s/ Rachel Krevans*
                                           Rachel Krevans