# EXHIBIT B

| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | Charles K. Verhoeven (Bar No. 170151) charlesverhoeven@quinnemanuel.com |
| 3 | Kevin A. Smith (Bar No. 250814) kevinsmith@quinnemanuel.com |
| 4 | 50 California Street, 22nd Floor San Francisco, California 94111 |
| 5 | Telephone: (415) 875-6600 Facsimile: (415) 875-6700 |
| 6 | |
| 7 | Kevin P.B. Johnson (Bar No. 177129) kevinjohnson@quinnemanuel.com |
| 8 | Victoria F. Maroulis (Bar No. 202603) victoriamaroulis@quinnemanuel.com |
| 9 | 555 Twin Dolphin Drive, 5th Floor Redwood Shores, California 94065 |
| 10 | Telephone: (650) 801-5000 Facsimile: (650) 801-5100 |
| 11 | William C. Price (Bar No. 108542) williamprice@quinnemanuel.com |
| 12 | Michael L. Fazio (Bar No. 228601) michaelfazio@quinnemanuel.com |
| 13 | 865 South Figueroa Street, 10th Floor Los Angeles, California 90017-2543 |
| 14 | Telephone: (213) 443-3000 Facsimile: (213) 443-3100 |
| 15 | |
| 16 | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG |
| 17 | TELECOMMUNICATIONS AMERICA, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br>Plaintiff, <br><br>vs. <br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br>Defendants. | CASE NO. 12-cv-00630-LHK <br><br>**SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH SETS OF INTERROGATORIES** <br><br>(**Interrogatory Nos. 4, 5, 6, 8, 20, 23, 24, 27, 29, 45**) <br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE** |

Intentionally omitted from record/exhibit.

**INTERROGATORY NO. 29:**

Specifically for each of the Apple Patents-in-Suit, identify and explain in detail each designaround and/or alleged alternative technology or method that can be used as an alternative to the patented technology, including but not limited to: (1) a description of the alleged design-around; (2) a description of when and how the alleged design-around was developed; (3) the identity of individuals involved in developing the alleged design-around, including their titles and departments if they are or were Samsung employees; (4) dates when the alleged design-around was incorporated into Samsung's products; and (5) each product available on the market simultaneously with the Accused Samsung Products that would have been an acceptable non-infringing alternative for customers who purchased the Accused Samsung Products.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 29:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the ground that:  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is compound and comprises discrete subparts resulting in separate interrogatories; (iii) it is vague, ambiguous, overly broad and unduly burdensome to the extent that seeks information concerning "each design-around and/or alleged alternative technology or method" that "can be used;" (iv) it calls for information that is not within Samsung's possession custody or control; (v) it is premature to the extent that it seeks information that is properly the subject of expert opinion prior to the deadline established in the May 2, 2012 Minute Order and Case Management Order; (vi) it calls for legal conclusions; and (vii) it seeks documents that are

1 not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the
2 discovery of admissible evidence.

3    Subject to and without waiving the foregoing general and specific objections, Samsung
4 responds as follows:

5    For at least the reasons set forth in response to Interrogatory No. 24, above, the accused
6 Samsung products do not infringe the asserted claims of the '502 patent; the accused Samsung
7 products are therefore alternatives to the claimed technology.  In addition, in its August 10, 2012
8 Invalidity Contentions, Samsung identified a variety of prior art.  At least to the extent that Apple
9 contends that any of this prior art does not anticipate the asserted claims of the '502 patent, the
10 scope and variety of the prior art represents a plethora of alternatives to the claimed technology.

11    For at least the reasons set forth in response to Interrogatory No. 24, above, the accused
12 Samsung products do not infringe the asserted claims of the '647 patent; the accused Samsung
13 products are therefore alternatives to the claimed technology.  In addition, in its August 10, 2012
14 Invalidity Contentions, Samsung identified a variety of prior art.  At least to the extent that Apple
15 contends that any of this prior art does not anticipate the asserted claims of the '647 patent, the
16 scope and variety of the prior art represents a plethora of alternatives to the claimed technology.
17 Additionally, HTC has implemented a design-around to the invention Apple argues is embodied
18 by the '647 patent.  Information regarding that design-around is as available to Apple as it is to
19 Samsung.

20    For at least the reasons set forth in response to Interrogatory No. 24, above, the accused
21 Samsung products do not infringe the asserted claims of the '959 patent; the accused Samsung
22 products are therefore alternatives to the claimed technology.  In addition, the Samsung Galaxy S
23 III uses non-infringing, alternative technology.  Likewise, any Samsung Galaxy Nexus using the
24 Jelly Bean version of the Android operating system uses non-infringing, alternative technology.
25 Moreover, in its August 10, 2012 Invalidity Contentions, Samsung identified a variety of prior art.
26 At least to the extent that Apple contends that any of this prior art does not anticipate the asserted
27 claims of the '959 patent, the scope and variety of the prior art represents a plethora of alternatives
28 to the claimed technology.

For at least the reasons set forth in response to Interrogatory No. 24, above, the accused Samsung products do not infringe the asserted claims of the '604 patent; the accused Samsung products are therefore alternatives to the claimed technology. In addition, the Samsung Galaxy S III uses non-infringing, alternative technology. Likewise, any Samsung Galaxy Nexus using the Jelly Bean version of the Android operating system uses non-infringing, alternative technology. Moreover, in its August 10, 2012 Invalidity Contentions, Samsung identified a variety of prior art. At least to the extent that Apple contends that any of this prior art does not anticipate the asserted claims of the '604 patent, the scope and variety of the prior art represents a plethora of alternatives to the claimed technology.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 29:**

Subject to and incorporating its General Objections and Specific Objections from Samsung's Objections and Responses to Apple's Third Set of Interrogatories, Samsung provides the supplemental response:

Samsung's products do not infringe the Apple Patents-in-Suit; therefore, each of Samsung's products are or include features that are commercially acceptable non-infringing alternatives to the alleged inventions disclosed in the Apple Patents-in-Suit. Moreover, the techniques disclosed as prior art or prior technologies to the Apple Patents-in-Suit, including but not limited to those technologies disclosed during the prosecution of the Apple Patents-in-Suit, are also commercially acceptable non-infringing alternatives to the alleged inventions disclosed in the Apple Patents-in-Suit. In addition, commercially acceptable non-infringing alternatives for the Apple Patents-in-Suit include:

Intentionally omitted from record/exhibit.

Intentionally omitted from record/exhibit.

**'959 Patent**

For at least the reasons set forth in response to Interrogatory No. 24, above, the accused Samsung products do not infringe the asserted claims of the '959 patent; the accused Samsung products are therefore alternatives to the claimed technology.  *See* Claim Construction Order, *Apple Inc. v. Samsung Elecs. Co.*, No. 2012-1507 (Fed. Cir. Oct. 11, 2012).  Moreover, in its March 25, 2013, Amended Patent Local Rule 3-3 and 3-4 Disclosures, Samsung identified a variety of prior art.  At least to the extent that Apple contends that any of this prior art does not anticipate the asserted claims of the '959 patent, the scope and variety of the prior art represents a plethora of alternatives to the claimed technology.

One non-infringing alternative to the '959 patented technology would be to utilize the design of U.S. Patent No. 5,870,755 to Stevens in order to perform searching of different types of data.  During prosecution of the '959 patent, applicants argued that Stevens was not covered by the claims, because Stevens supposedly did not disclose "providing an information identifier, which has already been input, to a plurality of plug-in modules" and "providing an input

Intentionally omitted from record/exhibit.

**INTERROGATORY NO. 45:**

For each and every purported non-infringing alternative technology that Samsung identifies in response to Apple's Interrogatory No. 29 (hereinafter "Alternative") state the time it took Samsung to implement the Alternative (if actually implemented), or (if not actually implemented) the time Samsung contends it would have taken to implement that Alternative, fully explain Samsung's factual bases for its response to this interrogatory, and identify all documents

1  "implemented". Accordingly, Samsung need not list the amount of time required to create the
2  accused Samsung products as no time is required.
3       Moreover, in its March 25, 2013 Amended Patent Local Rule 3-3 and 3-4 Disclosures,
4  Samsung identified a variety of prior art. At least to the extent that Apple contends that any of this
5  prior art does not anticipate the asserted claims of the '959 patent, the scope and variety of the
6  prior art represents a number of alternatives to the claimed technology. Furthermore, in its
7  Response to Apple's Interrogatory No. 29, Samsung also identified non-infringing alternatives to
8  the '959 patent based on prior art which Apple distinguished during prosecution of the '959
9  patent, including U.S. Patent No. 5,870,755 to Stevens, U.S. Patent No. 7,020,670 to Andreoli *et*
10 *al.* and   Blumenfeld *et al.*, "A uniform interface to networked library services," ACM 1992, pp.
11 608-13. At least to the extent that Apple contended to the U.S. Patent Office that this prior art does
12 not anticipate the asserted claims of the '959 patent, the scope and variety of this prior art
13 represents alternatives to the claimed technology.   Not-yet-implemented non-infringing
14 alternatives, such as those identified by the prior art, are properly the subject of expert testimony.
15 Samsung will provide the time to implement these not-yet-implemented non-infringing
16 alternatives, as it deems necessary, in its expert reports.

Intentionally omitted from record/exhibit.

17
18
19
20
21
22
23
24
25
26
27
28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**   -187-
SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

Intentionally omitted from record/exhibit.

| | |
|---|---|
| DATED:   July 15, 2013 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By */s/ Michael L. Fazio* |
| | Charles K. Verhoeven |
| | Kevin P.B. Johnson |
| | Victoria F. Maroulis |
| | William C. Price |
| | Michael L. Fazio |
| | |
| | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

f