UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,       ) | |
|                             ) | |
|       Plaintiff and Counterdefendant,   ) | Case No.: 12-CV-00630-LHK |
|     v.                         ) | |
|                             ) | FINAL ANNOTATED JURY |
| SAMSUNG ELECTRONICS CO., LTD., a   ) | INSTRUCTIONS |
| Korean corporation; SAMSUNG        ) | [AMENDED TENTATIVE] |
| ELECTRONICS AMERICA, INC., a New York ) | |
| corporation; and SAMSUNG          ) | |
| TELECOMMUNICATIONS AMERICA, LLC,  ) | |
| a Delaware limited liability company,    ) | |
|                             ) | |
|       Defendants and Counterclaimants.  ) | |
|                             ) | |

**IT IS SO ORDERED.**

Dated: April 27, 2014

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

## INSTRUCTIONS AT THE CLOSE OF EVIDENCE

### GENERAL CIVIL INSTRUCTIONS

FINAL JURY INSTRUCTION NO. 1 DUTY OF JURY ........................................................ 5

FINAL JURY INSTRUCTION NO. 2 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE ............................................................................ 6

FINAL JURY INSTRUCTION NO. 3 BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE ............................................................. 7

FINAL JURY INSTRUCTION NO. 4 TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS ............................................................................ 8

FINAL JURY INSTRUCTION NO. 5 WHAT IS EVIDENCE .................................................... 9

FINAL JURY INSTRUCTION NO. 6 WHAT IS NOT EVIDENCE ........................................ 10

FINAL JURY INSTRUCTION NO. 7 EVIDENCE FOR A LIMITED PURPOSE ................... 11

FINAL JURY INSTRUCTION NO. 8 CHARTS AND SLIDES NOT RECEIVED IN EVIDENCE ........................................................................... 12

FINAL JURY INSTRUCTION NO. 9 CHARTS AND SUMMARIES IN EVIDENCE ............ 13

FINAL JURY INSTRUCTION NO. 10 DIRECT AND CIRCUMSTANTIAL EVIDENCE ..... 14

FINAL JURY INSTRUCTION NO. 11 CREDIBILITY OF WITNESSES ............................... 15

FINAL JURY INSTRUCTION NO. 12 IMPEACHMENT EVIDENCE—WITNESS .............. 16

FINAL JURY INSTRUCTION NO. 13 TAKING NOTES ....................................................... 17

FINAL JURY INSTRUCTION NO. 14 DEPOSITION IN LIEU OF LIVE TESTIMONY ....... 18

FINAL JURY INSTRUCTION NO. 15 USE OF INTERROGATORIES OF A PARTY .......... 19

FINAL JURY INSTRUCTION NO. 16 EXPERT OPINION .................................................... 20

FINAL JURY INSTRUCTION NO. 17 USE OF DEVICES DURING DELIBERATIONS ...... 21

FINAL JURY INSTRUCTION NO. 18 SUMMARY OF CONTENTIONS .............................. 26

FINAL JURY INSTRUCTION NO. 19 DUTY TO DELIBERATE ......................................... 27

FINAL JURY INSTRUCTION NO. 20 COMMUNICATION WITH COURT ......................... 28

FINAL JURY INSTRUCTION NO. 21 RETURN OF VERDICT ............................................ 29

# PATENT INSTRUCTIONS

## PATENT INFRINGEMENT

FINAL JURY INSTRUCTION NO. 22 PATENTS—INTERPRETATION OF CLAIMS .........30

FINAL JURY INSTRUCTION NO. 23 PATENTS—INFRINGEMENT BURDEN OF PROOF .........................................................................................................................32

FINAL JURY INSTRUCTION NO. 24 PATENTS—DIRECT INFRINGEMENT ...................33

FINAL JURY INSTRUCTION NO. 25 PATENTS—DIRECT INFRINGEMENT ...................34

FINAL JURY INSTRUCTION NO. 26 PATENTS—LITERAL INFRINGEMENT.................35

FINAL JURY INSTRUCTION NO. 27 PATENTS—PATENT INFRINGEMENT OF MEANS-PLUS-FUNCTION CLAIMS – '239 PATENT, CLAIM 15............................36

FINAL JURY INSTRUCTION NO. 28 PATENTS—INDUCING PATENT INFRINGEMENT ....................................................................................................37

FINAL JURY INSTRUCTION NO. 29 PATENTS—CONTRIBUTORY PATENT INFRINGEMENT ....................................................................................................38

FINAL JURY INSTRUCTION NO. 30 PATENTS—WILLFUL PATENT INFRINGEMENT ....................................................................................................39

## PATENT INVALIDITY

FINAL JURY INSTRUCTION NO. 31 PATENTS—INVALIDITY—BURDEN OF PROOF .........................................................................................................................40

FINAL JURY INSTRUCTION NO. 32 PATENTS—ANTICIPATION .....................................41

FINAL JURY INSTRUCTION NO. 33 PATENTS—STATUTORY BARS .............................43

FINAL JURY INSTRUCTION NO. 34 PATENTS—OBVIOUSNESS.....................................44

## PATENT DAMAGES

FINAL JURY INSTRUCTION NO. 35 PATENT DAMAGES—BURDEN OF PROOF .........46

FINAL JURY INSTRUCTION NO. 36 PATENT DAMAGES—LOST PROFITS— GENERALLY ........................................................................................................47

FINAL JURY INSTRUCTION NO. 37 PATENT DAMAGES—LOST PROFITS— FACTORS TO CONSIDER...................................................................................48

FINAL JURY INSTRUCTION NO. 38 PATENT DAMAGES—LOST PROFITS— AMOUNT OF PROFIT.........................................................................................49

FINAL JURY INSTRUCTION NO. 39 PATENT DAMAGES—LOST PROFITS— MARKET SHARE .................................................................................................50

FINAL JURY INSTRUCTION NO. 40 PATENT DAMAGES—REASONABLE ROYALTY—ENTITLEMENT .............................................................................51

United States District Court
For the Northern District of California

FINAL JURY INSTRUCTION NO. 41 PATENT DAMAGES—REASONABLE
    ROYALTY—DEFINITION .............................................................................52

FINAL JURY INSTRUCTION NO. 42 PATENT DAMAGES—DATE OF
    COMMENCEMENT—PRODUCTS................................................................55

FINAL JURY INSTRUCTION NO. 43 PATENT DAMAGES—MONETARY
    REMEDIES—ONLY ONE RECOVERY PER ACCUSED SALE ................................56

**United States District Court**
For the Northern District of California

4

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

# FINAL JURY INSTRUCTION NO. 1
## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. Do not let personal likes or dislikes, opinions, prejudices, bias, or sympathy influence your decision.  Bias includes bias for or against any party or any witness based upon nationality, race or ethnicity.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:**

Adapted from Ninth Circuit Model Civil Jury Instructions – 1.1C (2007 ed.).
Adapted from Case No. 11-CV-01846 Final Instruction No. 1 (ECF No. 1903 at 8).

United States District Court
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 2
## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 1.3 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 2 (ECF No. 1903 at 9).

United States District Court
For the Northern District of California

**FINAL JURY INSTRUCTION NO. 3**
**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 1.4 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 3 (ECF No. 1903 at 10).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

# FINAL JURY INSTRUCTION NO. 4
## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 1.5 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 4 (ECF No. 1903 at 11).

8

# FINAL JURY INSTRUCTION NO. 5
## WHAT IS EVIDENCE

The trial is now over.  The evidence you are to consider in deciding what the facts are consists of:

      1. the sworn testimony of any witness;

      2. the exhibits which are received into evidence; and

      3. any facts to which the lawyers have agreed.

**Source:**

Adapted from Ninth Circuit Model Civil Jury Instructions – 1.6 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 5 (ECF No. 1903 at 12).

# FINAL JURY INSTRUCTION NO. 6
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits that were received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they said in their opening statements and throughout the trial, and what they will say in their closing arguments or at other times are all intended to help you interpret the evidence.  But these arguments and statements are not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Source:**

Adapted from Ninth Circuit Model Civil Jury Instructions – 1.7 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 6 (ECF No. 1903 at 13).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 7
## EVIDENCE FOR LIMITED PURPOSE

Some evidence may have been admitted for a limited purpose only.  You must consider it only for that limited purpose and for no other.

**Source:**

Adapted from Ninth Circuit Model Civil Jury Instructions – 1.8 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 7 (ECF No. 1903 at 14).

United States District Court
For the Northern District of California

**FINAL JURY INSTRUCTION NO. 8**
**CHARTS AND SLIDES NOT RECEIVED IN EVIDENCE**

Certain charts and slides not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.

**Source:**

Adapted from Ninth Circuit Model Civil Jury Instructions – 2.12 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 8 (ECF No. 1903 at 15).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

United States District Court
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 9
# CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  You may use those charts and summaries as evidence, even though the underlying documents and records are not here.  You should give them only such weight as you think they deserve.

**Source:**

Adapted from Ninth Circuit Model Civil Jury Instructions – 2.13 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 9 (ECF No. 1903 at 16).

United States District Court
For the Northern District of California

**FINAL JURY INSTRUCTION NO. 10**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 1.9 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 10 (ECF No. 1903 at 17).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 11
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness said, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testified about it.

In considering the testimony of any witness, you may take into account:

   (1) the opportunity and ability of the witness to see or hear or know the things testified to;

   (2) the witness's memory;

   (3) the witness's manner while testifying;

   (4) the witness's interest in the outcome of the case and any bias or prejudice;

   (5) whether other evidence contradicted the witness's testimony;

   (6) the reasonableness of the witness's testimony in light of all the evidence; and

   (7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 1.11 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 11 (ECF No. 1903 at 18).

# FINAL JURY INSTRUCTION NO. 12
## IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 2.8 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 12 (ECF No. 1903 at 19).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

United States District Court
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 13
## TAKING NOTES

You may have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Source:**

Adapted from Ninth Circuit Model Civil Jury Instructions – 1.14 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 13 (ECF No. 1903 at 20).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

United States District Court
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 14
## DEPOSITION IN LIEU OF LIVE TESTIMONY

You heard some witnesses testify by deposition.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**Source:**

Adapted from Ninth Circuit Model Civil Jury Instructions – 2.4 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 14 (ECF No. 1903 at 21).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

United States District Court
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 15
## USE OF INTERROGATORIES OF A PARTY

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 2.10 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 15 (ECF No. 1903 at 22).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

# FINAL JURY INSTRUCTION NO. 16
## EXPERT OPINION

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 2.11 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 16 (ECF No. 1903 at 23).

United States District Court
For the Northern District of California

**FINAL JURY INSTRUCTION NO. 17**
**USE OF DEVICES DURING DELIBERATIONS**

**Device Handling Directions**

The physical devices you received are evidence in this trial.

You may use them in your deliberations, and may connect to the Internet through the Web Browser application, but must not alter or modify the devices in any way.

Some of the devices have SIM cards in their packaging.  These SIM cards are not to be inserted into the phones.

Some of the devices have a mobile data connection, and you will not need to take any additional action to use the Web Browser application.

Others must first be connected to the Court's Wi-Fi network to access the Internet.

Once connected, you must decline any software update notifications that may be presented to you.

You also must not download any content, such as apps, music, photographs, or games, to the devices.

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

*Connecting to the Internet*

To connect a device to the Court's Wi-Fi network, select "USDCSJ01" from the list of available wireless networks, as depicted below.



From the Applications menu, select the Web Browser application.



From the Court's Wi-Fi log in page, scroll to the bottom and click on the blue "Connect!" button.

22

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS





*Declining System Update Notifications*

Some devices may display a "System update" notification like the ones below.

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS







United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

If you see such a screen, you must decline the request to update the system.  Select "Install later" or press the "home" or "back" button to exit the notification screen.



**Source:**

Case No. 11-CV-01846 Final Instruction No. 17 (ECF No. 1903 at 24-28).

25

United States District Court
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 18
## SUMMARY OF CONTENTIONS

I will now again summarize for you each side's contentions in this case.  I will then tell you what each side must prove to win on each of its contentions.

As I previously explained, Apple seeks money damages from Samsung Electronics Company, Samsung Electronics America Inc., and Samsung Telecommunications America LLC (collectively, "Samsung") for allegedly infringing claim 9 of the '647 patent, claim 25 of the '959 patent, claim 20 of the '414 patent, claim 8 of the '721 patent, and claim 18 of the '172 patent.  Apple also argues that Samsung Electronics Company actively induced Samsung Electronics America Inc. and Samsung Telecommunications America LLC to infringe the patents, and that Samsung Electronics Company contributed to the infringement of the patents by another (either another Samsung entity or another company).  Apple contends that Samsung's infringement has been willful.

Samsung denies that it has infringed the asserted claims of the '647, '959, '414 and '721 patents and argues that, in addition, the asserted claims are invalid. Invalidity is a defense to infringement.

Your duty for Apple's '172 patent is different from the other patents. The Court has already found that the Admire, Galaxy Nexus, Galaxy Note (excluding one release), Galaxy SII (excluding one release), Galaxy SII Epic 4G Touch (excluding one release), Galaxy SII Skyrocket (excluding one release) and Stratosphere infringe claim 18 of the '172 patent. You need only determine whether claim 18 is invalid.

Samsung has also brought claims against Apple for patent infringement. Samsung seeks money damages from Apple for allegedly infringing claim 27 of the '449 patent and claim 15 of the '239 patent. Samsung also contends that Apple's infringement after April 18, 2012 has been willful.

Apple denies that it has infringed the claims asserted by Samsung. Apple does not argue that Samsung's patents are invalid. Therefore, you need only determine whether the '449 and '239 patents are infringed and whether that infringement has been willful.

In this case, Apple does not contend that it practices the '414, '172, or '959 patents, and Samsung does not contend that it practices the '449 patent.

For each party's patent infringement claims against the other, the first issue you will be asked to decide is whether the alleged infringer has infringed the claims of the patent owner's patents and, for Apple's patents, you must also decide whether those patents are valid. If you decide that any claim of either party's patents has been infringed and, for Apple's patents, is not invalid, you will then need to decide any money damages to be awarded to the patent owner to compensate it for the infringement. You will also need to make a finding as to whether the infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you give. I will take willfulness into account later.

**Source:**

Adapted from Case No. 11-CV-01846 Final Instruction No. 18 (ECF No. 1903 at 29).

# FINAL JURY INSTRUCTION NO. 19
## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 3.1 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 19 (ECF No. 1903 at 31).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

United States District Court
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 20
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 3.2 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 20 (ECF No. 1903 at 32).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

United States District Court
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 21
## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Source:**

Ninth Circuit Model Civil Jury Instructions – 3.3 (2007 ed.).
Case No. 11-CV-01846 Final Instruction No. 21 (ECF No. 1903 at 33).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

1

## FINAL JURY INSTRUCTION NO. 22
## PATENTS—INTERPRETATION OF CLAIMS

2

3

4

Before you decide whether Apple or Samsung has infringed the claims of the other side's patents or whether the claims of Apple's patents are invalid, you will need to understand the patent claims. As I mentioned, the patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's protection. It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

5

6

7

I have interpreted the meaning of some of the language in the patent claims involved in this case. You must accept those interpretations as correct. My interpretation of the language should not be taken as an indication that I have a view regarding the issues of infringement and invalidity. The decisions regarding infringement and invalidity are yours to make.

8

- **U.S. Patent No. 7,761,414**

9

The term "concurrently with" means "the synchronization thread and the non-synchronization thread are both active during an overlapping time interval."

10

- **U.S. Patent No. 6,847,959**

11

The term "heuristic" means "some 'rule of thumb' that does not consist solely of constraint satisfaction parameters."

12

13

- **U.S. Patent No. 5,946,647**

14

The term "action processor" means "program routine(s) that perform the selected action on the detected structure."

15

The term "analyzer server" means "a server routine separate from a client that receives data having structures from the client."

16

17

The term "linking actions to the detected structures" means "creating a specified connection between each detected structure and at least one computer subroutine that causes the CPU to perform a sequence of operations on that detected structure."

18

19

- **U.S. Patent No. 5,579,239**

20

Claim 15 of the '239 patent includes a "means-plus-function" term that I have already interpreted. I will give you my interpretation of that term later when I explain how means-plus-function terms are infringed.

21

22

\*          \*          \*

23

For claim language where I have not provided you with any meaning, you should apply the claim language's plain and ordinary meaning.

24

The claims define the scope of the patent. You must read the claims in the same way when you analyze infringement and when you analyze Apple's patents for invalidity.

25

**Source:**

26

27

Adapted from N.D. Cal. Model Patent Jury Instr. B.2.1.
Adapted from Case No. 11-CV-01846 Final Instruction No. 22 (ECF No. 1903 at 35).
ECF No. 447 (claim construction order).

28

ECF No. 1150 (summary judgment order).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

*Apple Inc. v. Motorola Inc.*, Nos. 2012-1548, -1549 (Fed. Cir. Apr. 25, 2014).

**Authorities:**

*Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384-391 (1996); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1324 (Fed. Cir. 2005); *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304-13 (Fed. Cir. 1999); *Cybor Corp. v. FAS Techs.*, 138 F.3d 1448 (Fed. Cir. 1998) (*en banc*); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977 (Fed. Cir. 1995) (*en banc*).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

# FINAL JURY INSTRUCTION NO. 23
## PATENTS—INFRINGEMENT BURDEN OF PROOF

I will now instruct you on the rules you must follow in deciding whether either Apple or Samsung (or both) has proven that the other side has infringed one or more of the asserted claims of the asserted patents.  To prove infringement of any claim, the patent owner must persuade you by a preponderance of the evidence that the alleged infringer has infringed that claim.

**Source:**

Adapted from N.D. Cal. Model Patent Jury Instr. B.3.1.
Adapted from Case No. 11-CV-01846 Final Instruction No. 23 (ECF No. 1903 at 36).

**Authorities:**

*Warner-Lambert Co. v. Teva Pharm. USA, Inc.,* 418 F.3d 1326, 1341 n.15 (Fed. Cir. 2005); *Seal-Flex, Inc. v. Athletic Track and Court Constr.,* 172 F.3d 836, 842 (Fed. Cir. 1999); *Morton Int'l, Inc. v. Cardinal Chem. Co.,* 5 F.3d 1464, 1468-69 (Fed. Cir. 1993).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 24
## PATENTS—DIRECT INFRINGEMENT

A patent's claims define what is covered by the patent. A product directly infringes a patent if it is covered by at least one claim of the patent.

Deciding whether a claim has been directly infringed is a two-step process. The first step is to decide the meaning of the patent claim. I have already made this decision, and I have already instructed you as to the meaning of the asserted patent claims. The second step is to decide whether Samsung and/or Apple has made, used, sold, offered for sale, or imported within the United States a product covered by any of the asserted claims of the other side's patents. If Samsung or Apple has done so, it infringes. You, the jury, make this decision.

With one exception, you must consider each of the asserted claims of the patents individually, and decide whether the accused Samsung and/or Apple products infringe that claim. The one exception to considering claims individually concerns dependent claims. A dependent claim includes all of the requirements of a particular independent claim, plus additional requirements of its own. As a result, if you find that an independent claim is not infringed, you must also find that its dependent claims are not infringed. On the other hand, if you find that an independent claim has been infringed, you must still separately decide whether the additional requirements of its dependent claims have also been infringed.

You have heard evidence about both sides' commercial products. However, in deciding the issue of patent infringement you may not compare the Samsung and Apple commercial products to each other. Rather, you must compare the accused Samsung products to the claims of the Apple patents, and the accused Apple products to the claims of the Samsung patents.

Whether or not Samsung or Apple knew its products infringed or even knew of the other side's patents does not matter in determining direct infringement.

You should note, however, that what are called "means-plus-function" requirements in a claim are subject to different rules for deciding direct infringement. These separate rules apply to a requirement of claim 15 of the '239 patent. I will describe those separate rules shortly.

**Source:**

Adapted from N.D. Cal. Model Patent Jury Instr. B.3.2.
Adapted from Case No. 11-CV-01846 Final Instruction No. 24 (ECF No. 1903 at 37).

**Authorities:**

35 U.S.C. § 271; *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310-11 (Fed. Cir. 2005); *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1330-34 (Fed. Cir. 2001); *Seal-Flex, Inc. v. Athletic Track and Court Constr.*, 172 F.3d 836, 842 (Fed. Cir. 1999); *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993).

United States District Court
For the Northern District of California

**FINAL JURY INSTRUCTION NO. 25**
**PATENTS—DIRECT INFRINGEMENT**

In deciding whether a sale has taken place "within the United States," you may find the following guidelines helpful to your analysis:

The location of the sale depends on many factors, and you may find that the sale occurred in several places. A sale occurs wherever the "essential activities" of the sale take place. The essential activities include, for example, negotiating the contract and performing obligations under the contract.

**Source:**

Case No. 11-CV-01846 Final Instruction No. 25 (ECF No. 1903 at 38).

**Authorities:**

35 U.S.C. § 271; *Litecubes, LLC v. N. Light Prods.*, 523 F.3d 1353, 1369-71 (Fed. Cir. 2008); *SEB S.A. v. Montgomery Ward & Co.*, 594 F.3d 1360, 1375 (Fed. Cir. 2010); *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contrs. USA, Inc.*, 617 F.3d 1296, 1310 (Fed. Cir. 2010); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon*, 420 F.3d 1369, 1375 (Fed. Cir. 2005).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

# FINAL JURY INSTRUCTION NO. 26
## PATENTS—LITERAL INFRINGEMENT

To decide whether each accused Samsung and Apple product literally infringes a claim of an asserted patent, you must compare the product with the patent claim and determine whether every requirement of the claim is included in that product.  If so, the Samsung or Apple product in question literally infringes that claim.  If, however, a particular Samsung or Apple product does not have every requirement in the patent claim, that product does not literally infringe that claim. You must decide literal infringement for each asserted claim separately.

If the patent claim uses the term "comprising," that patent claim is to be understood as an open claim. An open claim is infringed as long as every requirement in the claim is present in the accused product. The fact that a particular accused Samsung or Apple product also includes other parts or steps will not avoid infringement, as long as it has every requirement in the patent claim.

**Source:**

Adapted from N.D. Cal. Model Patent Jury Instr. B.3.3.
Adapted from Case No. 11-CV-01846 Final Instruction No. 26 (ECF No. 1903 at 39).

**Authorities:**

*MicroStrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1352-53 (Fed. Cir. 2005); *Netword, LLC v. Centraal Corp.,* 242 F.3d 1347, 1353 (Fed. Cir. 2001); *Cole v. Kimberly-Clark Corp.,* 102 F.3d 524, 532 (Fed. Cir. 1996).

United States District Court
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 27
## PATENTS—INFRINGEMENT OF MEANS-PLUS-FUNCTION CLAIMS—
### '239 PATENT, CLAIM 15

I will now describe the separate rules that apply to the "means-plus-function" requirement that is used in claim 15 of the '239 patent. A means-plus-function requirement covers the specific structure disclosed in a patent specification for performing the claimed function. A means-plus-function requirement does not cover all possible structures that could be used to perform the claimed function.

As an example, the term "means for processing data" might be understood to encompass a variety of different ways of making a calculation, including not only a computer or calculator but a pencil and paper or even the human brain. But because the phrase is a means-plus-function requirement, we interpret that phrase not to cover every possible means for processing data, but instead to cover the actual means disclosed in the patent for processing data.

Claim 15 of the '239 patent recites the phrase: "means for transmission of said captured video over a cellular frequency." I have interpreted the means-plus-function requirement and identified the structure in the patent specification that corresponds to the means-plus-function requirement. Specifically, I have determined that:

The function identified in the means-plus-function requirement of claim 15 of the '239 patent is: "transmission of said captured video over a cellular frequency."

The structure that performs this function is: "one or more modems connected to one or more cellular telephones, and software performing a software sequence of initializing one or more communications ports on said apparatus, obtaining a cellular connection, obtaining said captured video, and transmitting said captured video."

In deciding if Samsung has proven that Apple's product includes structure covered by a means-plus-function requirement, you must first decide whether the product has any structure that performs the function I just described to you. If not, the claim containing that means-plus-function requirement is not infringed.

If you find that the Apple accused product does have structure that performs the claimed function, you must then determine whether that structure is the same as the structure I have identified in the specification. If they are the same, the means-plus-function requirement is satisfied by that structure of the accused product. If all the other requirements of the claim are satisfied, the accused product infringes the claim.

**Source:**

Adapted from N.D. Cal. Model Patent Jury Instr. B.3.5.

**Authorities:**

35 U.S.C. § 112(6) (2006); *Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Int'l, Inc.*, 389 F.3d 1370, 1378 (Fed. Cir. 2004); *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1266-67 (Fed. Cir. 1999); *Chiuminatta Concrete Concepts v. Cardinal Indus., Inc.*, 145 F.3d 1303, 1307-08 (Fed. Cir. 1998); *Micro Chem., Inc. v. Great Plains Chem. Co., Inc.*, 103 F.3d 1538, 1547 (Fed. Cir. 1997); *Valmont Indus., Inc. v. Reinke Mfg. Co., Inc.*, 983 F.2d 1039, 1042 (Fed. Cir. 1993).

United States District Court
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 28
## PATENTS—INDUCING PATENT INFRINGEMENT

Apple claims that Samsung Electronics Company actively induced its subsidiaries in the United States, Samsung Telecommunications America and Samsung Electronics America, to infringe Apple's patents.

In order for there to be inducement of infringement by Samsung Electronics Company, someone else must directly infringe the asserted patent; if there is no direct infringement by anyone, there can be no induced infringement. In order to be liable for inducement of infringement, the alleged infringer must:

1.  have intentionally taken action that actually induced direct infringement by another;

2.  have been aware of the asserted patent; and

3.  have known that the acts it was causing would be infringing.

The "knowledge" and "awareness" requirements for inducement can be satisfied by showing that a party was willfully blind. If Samsung Electronics Company did not know of the existence of the patent in question or that the acts it was inducing were infringing, it can be liable for inducement only if it actually believed that it was highly probable its actions would encourage infringement of a patent and it took intentional acts to avoid learning the truth. It is not enough that Samsung Electronics Company was merely indifferent to the possibility that it might encourage infringement of a patent. Nor is it enough that Samsung Electronics Company took a risk that was substantial and unjustified.

If you find that Samsung Electronics Company was aware of an asserted patent, but believed that the acts it encouraged did not infringe that patent, or that the patent was invalid, Samsung Electronics Company cannot be liable for inducement.

**Source:**

Adapted from Case No. 11-CV-01846 Final Instruction No. 58 (ECF No. 1903 at 77).
Adapted from N.D. Cal. Model Patent Jury Instr. B.3.9.

**Authorities:**

35 U.S.C. § 271(b); *Global-Tech Appliances, Inc., v. SEB S.A.,* 131 S. Ct. 2060, 2069 (2011) ("Given the long history of willful blindness and its wide acceptance in the Federal Judiciary, we can see no reason why the doctrine should not apply in civil lawsuits for induced patent infringement under 35 U.S.C.§ 271(b)."); *id.* at 2067; *Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1369 (Fed. Cir. 2013); *ePlus, Inc. v. Lawson Software, Inc.,* No. 3:09cv620, 2011 WL 3584313, at *5 (E.D. Va. Aug. 12, 2011) ("Knowledge of the patent may be established by a finding that [the alleged infringer] had actual knowledge of the patent or that [the alleged infringer] deliberately disregarded a known risk that ePlus had a protective patent."); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304-06 (Fed. Cir. 2006) (*en banc*); *Broadcom Corp. v. Qualcomm, Inc.,* 543 F.3d 683 (Fed. Cir. 2008); *Water Tech. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668-69 (Fed. Cir. 1988) (control over manufacture and development of infringing product is evidence of inducement); *A. Stucki Co. v. Stuart A. Schwam*, 634 F. Supp. 259, 265 (E.D. Pa. 1986) (liability for inducement based upon "the direct participation in and control of the infringing design, manufacture, and sale" of infringing products); *Ziggity Sys., Inc. v. Val Watering Sys.*, 769 F. Supp. 752, 794 (E.D. Pa. 1990) (entity with management and control over infringing related-entity found liable for inducement).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

# FINAL JURY INSTRUCTION NO. 29
## PATENTS—CONTRIBUTORY PATENT INFRINGEMENT

Apple also argues that Samsung Electronics Company has contributed to infringement by another (either another Samsung entity or another company).  Contributory infringement may arise when someone supplies something that is used to infringe one or more of the patent claims.

In order for there to be contributory infringement by Samsung Electronics Company, another Samsung entity or another company must directly infringe the asserted claims of the '414, '647, '959, and '721 patents.  If there is no direct infringement by anyone, there can be no contributory infringement.

If you find someone has directly infringed the '414, '647, '959, or '721 patents, then contributory infringement exists if:

    1.    Samsung Electronics Company supplied an important component of the infringing part of the product;

    2.    The component is not a common component suitable for non-infringing use; and

    3.    Samsung Electronics Company supplied the component with the knowledge of the patent and knowledge that the component was especially made or adopted for use in an infringing manner.

A "common component suitable for non-infringing use" is a component that has uses other than as a component of the patented product, and those other uses are not occasional, farfetched, impractical, experimental, or hypothetical.

**Source:**

Adapted from N.D. Cal. Model Jury Instr. B.3.8.

**Authorities:**

35 U.S.C. § 271(c); *PharmaStem Therapeutics, Inc. v. ViaCell, Inc. et. al.*, 491 F.3d 1342, 1356-58 (Fed. Cir. 2007); *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476 (1964); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006); *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 244 F.3d 1365 (Fed. Cir. 2001); *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990); *Preemption Devices, Inc. v. Minn. Mining & Mfr. Co.*, 803 F.2d 1170, 1174 (Fed. Cir. 1986).

# FINAL JURY INSTRUCTION NO. 30
## PATENTS—WILLFUL PATENT INFRINGEMENT

In this case, Apple and Samsung both argue that the other side willfully infringed its patents.

To prove willful infringement, the patent owner must first persuade you that the alleged infringer infringed a valid and enforceable claim of one or more of the patent owner's patents.  The requirements for proving such infringement were discussed in my prior instructions.

In addition, to prove willful infringement, the patent owner must persuade you by clear and convincing evidence that the alleged infringer acted with reckless disregard of the patent it infringed.

To demonstrate such "reckless disregard," the patent owner must persuade you that the alleged infringer actually knew, or it was so obvious that the alleged infringer should have known, that its actions constituted infringement of a valid and enforceable patent.

In deciding whether Samsung or Apple acted with reckless disregard for any patent that you find is infringed, you should consider all of the facts surrounding the alleged infringement including, but not limited to, the following factors.

> A factor that may be considered as evidence that Samsung or Apple was not willful is whether it acted in a manner consistent with the standards of commerce for its industry.

> A factor that may be considered as evidence that Samsung or Apple was willful is whether it intentionally copied a product of the other side that is covered by a patent.

**Source:**

Adapted from N.D. Cal. Model Patent Jury Instr. B.3.10.
Case No. 11-CV-01846 Final Instruction No. 59 (ECF No. 1903 at 78).

**Authorities:**

35 U.S.C. § 284; *C.R. Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, 682 F.3d 1003, 1006-07 (Fed. Cir. 2012) (the willfulness subjective prong is an issue for the jury, while the objective prong is for the court); *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011) ("Should the court determine that the infringer's reliance on a defense was not objectively reckless, it cannot send the question of willfulness to the jury, since proving the objective prong is a predicate to consideration of the subjective prong."); *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc) (standard for willful infringement); *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1345 (Fed. Cir. 2004) (en banc); *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1346 (Fed. Cir. 2001); *WMS Gaming Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1354 (Fed. Cir. 1999); *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992); *Global-Tech Appliances, Inc., v. SEB S.A.*, 131 S. Ct. 2060, 2069 (2011) ("Given the long history of willful blindness and its wide acceptance in the Federal Judiciary, we can see no reason why the doctrine should not apply in civil lawsuits for induced patent infringement under 35 U.S.C. § 271(b).").

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

### FINAL JURY INSTRUCTION NO. 31
### PATENTS—INVALIDITY—BURDEN OF PROOF

I will now instruct you on the rules you must follow in deciding whether Samsung has proven that claims of Apple's patents are invalid. Apple does not contend that Samsung's patents are invalid. Before discussing the specific rules, I want to remind you about the standard of proof that applies to this defense. To prove invalidity of any patent claim, Samsung must persuade you by clear and convincing evidence that the claim is invalid.

**Source:**

Adapted from N.D. Cal. Model Patent Jury Instr. B.4.1.
Adapted from Case No. 11-CV-01846 Final Instruction No. 29 (ECF No. 1903 at 42).

**Authorities:**

*Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242, 2251 (2011); *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260 (Fed. Cir. 2012) ("Whether a reference was previously considered by the PTO, the burden of proof is the same: clear and convincing evidence of invalidity."); *Buildex, Inc. v. Kason Indus., Inc.*, 849 F.2d 1461, 1463 (Fed. Cir. 1988); *Hybritech, Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1375 (Fed. Cir. 1986).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

# FINAL JURY INSTRUCTION NO. 32
## PATENTS—ANTICIPATION

A patent claim is invalid if the claimed invention is not new. For the claim to be invalid because it is not new, all of its requirements must have existed in a single device or method that predates the claimed invention, or must have been described in a single previous publication or patent that predates the claimed invention. In patent law, these previous devices, methods, publications or patents are called "prior art references." If a patent claim is not new we say it is "anticipated" by a prior art reference.

The description in the written reference does not have to be in the same words as the claim, but all of the requirements of the claim must be there, either stated or necessarily implied, so that someone of ordinary skill in the field looking at that one reference would be able to make and use the claimed invention.

Here is a list of the ways that Samsung can show that an Apple patent claim was not new:

> – If the claimed invention was already publicly known or publicly used by others in the United States before the date of conception of the claimed invention;

> – If the claimed invention was already patented or described in a printed publication anywhere in the world before the date of conception of the claimed invention.  A reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find;

> – If the claimed invention was already made by someone else in the United States before the date of conception of the claimed invention, if that other person had not abandoned the invention or kept it secret;

> – If the patent owner and the alleged infringer dispute who is a first inventor, the person who first conceived of the claimed invention and first reduced it to practice is the first inventor.  If one person conceived of the claimed invention first, but reduced to practice second, that person is the first inventor only if that person (a) began to reduce the claimed invention to practice before the other party conceived of it, and (b) continued to work diligently to reduce it to practice.  A claimed invention is "reduced to practice" when it has been tested sufficiently to show that it will work for its intended purpose or when it is fully described in a patent application filed with the PTO.

> – If the claimed invention was already described in another issued U.S. patent or published U.S. patent application that was based on a patent application filed before the patent owner's application filing date or the date of conception of the claimed invention.

When the date of conception for a claimed invention or prior invention is in dispute, you must determine dates of conception for the claimed inventions and prior inventions. Conception is the mental part of an inventive act and is proven when the invention is shown in its complete form by drawings, disclosure to another, or other forms of evidence presented at trial.

**Source:**

Adapted from N.D. Cal. Model Patent Jury Instr. B.4.3a1.
Case No. 11-CV-01846 Final Instruction No. 31 (ECF No. 1903 at 44).

**Authorities:**

35 U.S.C. § 102; *Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351, 1358-60 (Fed. Cir. 2006); *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1379-82 (Fed. Cir. 2005); *In re*

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

*Klopfenstein*, 380 F.3d 1345, 1348-51 (Fed. Cir. 2004); *Toro Co. v. Deere & Co.*, 355 F.3d 1313, 1320-21 (Fed. Cir. 2004); *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1377-80 (Fed. Cir. 2003); *Apotex U.S.A., Inc. v. Merck & Co.*, 254 F.3d 1031, 1035 (Fed. Cir. 2001); *Mycogen Plant Sci., Inc. v. Monsanto Co.*, 243 F.3d 1316, 1330-31 (Fed. Cir. 2001); *Ecolochem, Inc. v. S. Cal. Edison Co.*, 227 F.3d 1361, 1367-70 (Fed. Cir. 2000); *Singh v. Brake*, 222 F.3d 1362, 1366-70 (Fed. Cir. 2000); *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1349 (Fed. Cir. 1998); *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576-78 (Fed. Cir. 1997); *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 78 F.3d 540, 545 (Fed. Cir. 1996); *In re Bartfeld*, 925 F.2d 1450, 1452-53 (Fed. Cir. 1991); *Ralston Purina Co. v. Far-Mar-Co, Inc.*, 772 F.2d 1570, 1574 (Fed. Cir. 1985); *Am. Stock Exch., LLC v. Mopex, Inc.*, 250 F. Supp. 2d 323, 328-32 (S.D.N.Y. 2003); *In re Wyer*, 655 F.2d 221, 226 (C.C.P.A. 1981); *Pfaff v. Wells Elecs. Inc.*, 525 U.S. 55 (1998); *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000); *Abbott Labs. v. Geneva Pharms., Inc.*, 182 F.3d 1315, 1318 (Fed. Cir. 1999); *Finnigan Corp. v. ITC*, 180 F.3d 1354, 1365 (Fed. Cir. 1999); *J.A. LaPorte, Inc. v. Norfolk Dredging Co.*, 787 F.2d 1577, 1581 (Fed. Cir. 1986); *In re Hall*, 781 F.2d 897, 898-99 (Fed. Cir. 1986); *D.L. Auld Co. v. Chroma Graphics Corp.*, 714 F.2d 1144, 1147-50 (Fed. Cir. 1983).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

United States District Court
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 33
# PATENTS—STATUTORY BARS

A patent claim is invalid if the patent application was not filed within the time required by law. This is called a "statutory bar." For a patent claim to be invalid by a statutory bar, all of its requirements must have been present in one prior art reference dated more than one year before the patent application was filed. Here is a list of ways Samsung can show that an Apple patent application was not timely filed:

> – If the claimed invention was already patented or described in a printed publication anywhere in the world more than one year before the effective filing date of the patent application. A reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find;

> – If the claimed invention was already being openly used in the United States more than one year before the effective filing date of the patent application and that use was not primarily an experimental use (a) controlled by the inventor, and (b) to test whether the invention worked for its intended purpose;

> – If a device or method using the claimed invention was sold or offered for sale in the United States, and that claimed invention was ready for patenting, more than one year before the effective filing date of the patent application;

> – If the patent owner had already obtained a patent on the claimed invention in a foreign country before filing the original U.S. application, and the foreign application was filed at least one year before the U.S. application.

For a claim to be invalid because of a statutory bar, all of the claimed requirements must have been either (1) disclosed in a single prior art reference, (2) implicitly disclosed in a reference to one skilled in the field, or (3) must have been present in the reference, whether or not that was understood at the time. The disclosure in a reference does not have to be in the same words as the claim, but all the requirements must be there, either described in enough detail or necessarily implied, to enable someone of ordinary skill in the field looking at the reference to make and use the claimed invention.

**Source:**

Case No. 11-CV-01846 Final Instruction No. 32 (ECF No. 1903 at 45).

**Authorities:**

35 U.S.C. § 102(b) and (d); *Pfaff v. Wells Elec. Inc.*, 525 U.S. 55 (1998); *Schering Corp. v. Geneva Pharms.*, 339 F.2d 1273 (Fed Cir. 2003); *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000); *Abbot Labs. v. Geneva Pharms., Inc.*, 182 F.3d 1315, 1318 (Fed. Cir. 1999); *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354 (Fed. Cir. 1999); *J.A. LaPorte, Inc. v. Norfolk Dredging Co.*, 787 F.2d 1577, 1581 (Fed. Cir. 1986); *In re Hall*, 781 F.2d 897, 898-99 (Fed. Cir. 1986); *D.L. Auld Co. v. Chroma Graphics Corp.*, 714 F.2d 1144, 1150 (Fed. Cir. 1983).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

## FINAL JURY INSTRUCTION NO. 34
## PATENTS—OBVIOUSNESS

Not all innovations are patentable. A patent claim is invalid if the claimed invention would have been obvious to a person of ordinary skill in the field at the time of invention. This means that even if all of the requirements of the claim cannot be found in a single prior art reference that would anticipate the claim or constitute a statutory bar to that claim, a person of ordinary skill in the field who knew about all this prior art would have come up with the claimed invention.

The ultimate conclusion of whether a claim is obvious should be based upon your determination of several factual decisions.

First, you must decide the level of ordinary skill in the field that someone would have had at the time the claimed invention was made. In deciding the level of ordinary skill, you should consider all the evidence introduced at trial, including:

> (1)      the levels of education and experience of persons working in the field;

> (2)      the types of problems encountered in the field; and

> (3)      the sophistication of the technology.

Second, you must decide the scope and content of the prior art. The parties disagree as to whether certain prior art references should be included in the prior art you use to decide the validity of claims at issue. In order to be considered as prior art to a particular patent at issue here, these references must be reasonably related to the claimed invention of that patent. A reference is reasonably related if it is in the same field as the claimed invention or is from another field to which a person of ordinary skill in the field would look to solve a known problem.

Third, you must decide what differences, if any, existed between the claimed invention and the prior art.

Finally, you should consider any of the following factors that you find have been shown by the evidence:

> (1)      commercial success of a product due to the merits of the claimed invention;

> (2)      a long felt need for the solution provided by the claimed invention;

> (3)      unsuccessful attempts by others to find the solution provided by the claimed invention;

> (4)      copying of the claimed invention by others;

> (5)      unexpected and superior results from the claimed invention;

> (6)      acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention; and

> (7)      independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it.

The presence of any of factors 1-6 may be considered by you as an indication that the claimed invention would not have been obvious at the time the claimed invention was made, and the presence of factor 7 may be considered by you as an indication that the claimed invention would have been obvious at such time. Although you should consider any evidence of these factors, the

United States District Court
For the Northern District of California

relevance and importance of any of them to your decision on whether the claimed invention would have been obvious is up to you.

A patent claim composed of several elements is not proved obvious merely by demonstrating that each of its elements was independently known in the prior art. In evaluating whether such a claim would have been obvious, you may consider whether the alleged infringer has identified a reason that would have prompted a person of ordinary skill in the field to combine the elements or concepts from the prior art in the same way as in the claimed invention. There is no single way to define the line between true inventiveness on the one hand (which is patentable) and the application of common sense and ordinary skill to solve a problem on the other hand (which is not patentable). For example, market forces or other design incentives may be what produced a change, rather than true inventiveness. You may consider whether the change was merely the predictable result of using prior art elements according to their known functions, or whether it was the result of true inventiveness. You may also consider whether there is some teaching or suggestion in the prior art to make the modification or combination of elements claimed in the patent. Also, you may consider whether the innovation applies a known technique that had been used to improve a similar device or method in a similar way. You may also consider whether the claimed invention would have been obvious to try, meaning that the claimed innovation was one of a relatively small number of possible approaches to the problem with a reasonable expectation of success by those skilled in the art. However, you must be careful not to determine obviousness using the benefit of hindsight; many true inventions might seem obvious after the fact. You should put yourself in the position of a person of ordinary skill in the field at the time the claimed invention was made and you should not consider what is known today or what is learned from the teaching of the patent.

**Source:**

Adapted from N.D. Cal. Model Patent Jury Instr. B.3.9.
Adapted from Case No. 11-CV-01846 Final Instruction No. 58 (ECF No. 1903 at 77).

**Authorities:**

35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 407 (2007); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654 (Fed. Cir. 2000); *Arkie Lures, Inc. v. Gene Larew Tackle, Inc.*, 119 F.3d 953, 957 (Fed. Cir. 1997); *Specialty Composites v. Cabot Corp.*, 845 F.2d 981, 991 (Fed. Cir. 1988); *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1000 (Fed. Cir. 1986); *Pentec. Inc. v. Graphic Controls Corp.*, 776 F.2d 309, 313 (Fed. Cir. 1985). *See Novo Nordisk A/S v. Becton Dickinson & Co.*, 304 F.3d 1216, 1219-20 (Fed. Cir. 2002); *Wang Labs, Inc.. v. Toshiba Corp.*, 993 F.2d 858, 864 (Fed. Cir. 1993); *Daiichi Sankyo Co. v. Apotex, Inc.*, 501 F.3d 1254, 1256 (Fed. Cir. 2007); *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1125 (Fed. Cir. 2000); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1355 (Fed. Cir. 2000); *Ryko Mfg. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 718-19 (Fed. Cir. 1991).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

United States District Court
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 35
## PATENT DAMAGES—BURDEN OF PROOF

I will instruct you about the measure of damages for claims of patent infringement.  By instructing you on damages, I am not suggesting which party should win on any issue.  If you find that any party infringed any valid and enforceable claim of the other side's patents, you must then determine the amount of money damages to be awarded to the patent owner to compensate it for the infringement.

The amount of those damages must be adequate to compensate the patent owner for the infringement.  A damages award should put the patent owner in approximately the financial position it would have been in had the infringement not occurred, but in no event may the damages award be less than a reasonable royalty.  You should keep in mind that the damages you award are meant to compensate the patent owner and not to punish an infringer.

Each patent owner has the burden to persuade you of the amount of its damages.  You should award only those damages that the patent owner proves it suffered by a preponderance of the evidence.  While a patent owner is not required to prove its damages with mathematical precision, it must prove them with reasonable certainty.  A patent owner is not entitled to damages that are remote or speculative.

**Source:**

Adapted from N.D. Cal. Model Patent Jury Instr. B.5.1.
Adapted from Case No. 11-CV-01846 Final Instruction No. 35 (ECF No. 1903 at 49).

**Authorities:**

35 U.S.C. § 284; *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381-82 (Fed. Cir. 2003); *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1108-09 (Fed. Cir. 1996); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1544-45 (Fed. Cir. 1995) (en banc).

# FINAL JURY INSTRUCTION NO. 36
## PATENT DAMAGES—LOST PROFITS—GENERALLY

In this case, Apple seeks to recover lost profits for some of Samsung's sales of allegedly infringing products, and a reasonable royalty on the rest of Samsung's allegedly infringing sales. Samsung does not seek lost profits for infringement of its patents.

To recover lost profits for infringing sales, Apple must show that but for the infringement, there is a reasonable probability that Apple would have made sales that Samsung made of the infringing products. Apple must show the share of Samsung's sales that Apple would have made if the infringing products had not been on the market.

You must allocate the lost profits based upon the customer demand for the patented feature of the infringing products. That is, you must determine which profits derive from the patented invention that Samsung sells, and not from other features of the infringing products.

**Source:**

N.D. Cal. Model Patent Jury Instr. B.5.2.
Case No. 11-CV-01846 Final Instruction No. 36 (ECF No. 1903 at 50) (first trial).
Case No. 11-CV-01846 Final Instruction No. 22 (ECF No. 2783 at 28) (retrial).

**Authorities:**

*Garretson v. Clark*, 111 U.S. 120, 121 (1884); *Aro Mfg. Co. v. Convertible Top Co.*, 377 U.S. 476, 502-07 (1964); *Beauregard v. Mega Sys., LLC*, 350 F.3d 1327, 1345-46 (Fed. Cir. 2003); *Central Soya Co. v. George A. Hormel & Co.*, 723 F.2d 1573, 1579 (Fed. Cir. 1983); *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545, 1548-49 (Fed. Cir. 1995) (en banc); *Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1287-91 (Fed. Cir. 2011); *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1330-32 (Fed. Cir. 2009); *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1346 (Fed. Cir. 2003) (vacating and remanding lost profits award for entire value of a device containing a first component embodying a first patent, found infringed, as well as a second component embodying a second patent, found not infringed, where profits could fairly be allocated to customer demand for second component); *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1350 (Fed. Cir. 1999) ("courts have given patentees significant latitude to prove and recover lost profits for a wide variety of foreseeable economic effects of the infringement"); *State Indus., Inc. v. Mor-Flo Indus.*, 883 F.3d 1573, 1578-79 (Fed. Cir. 1983).

# FINAL JURY INSTRUCTION NO. 37
## PATENT DAMAGES—LOST PROFITS—FACTORS TO CONSIDER

Apple is entitled to lost profits if Apple proves all of the following:

    1.    that there was demand for the patented products;

    2.    that there were no acceptable non-infringing substitutes for each of the infringing products, or, if there were, the number of the sales of each product made by Samsung that Apple would have made despite the availability of other non-infringing substitutes. The time period relevant to determining availability of a non-infringing substitute is the entire period during which Samsung infringed Apple's patents. An alternative may be considered available as a potential substitute even if it was not actually on sale during the infringement period. Factors suggesting that the alternative was acceptable and available include but are not limited to whether the material, experience, and know-how for the alleged substitute were readily available. Factors suggesting that the alternative was not acceptable and available include but are not limited to whether the material was of such high cost as to render the alternative unavailable and whether Samsung had to design or invent around the patented technology (or other patented technology) to develop an alleged substitute;

    3.    that Apple had the manufacturing and marketing capacity to make any infringing sales actually made by Samsung and for which Apple seeks an award of lost profits; and

    4.    the amount of profit that Apple would have made if Samsung had not infringed.

**Source:**

Adapted from N.D. Cal. Model Patent Jury Instr. B.5.3.
Case No. 11-CV-01846 Final Instruction No. 37 (ECF No. 1903 at 51) (first trial).
Case No. 11-CV-01846 Final Instruction No. 23 (ECF No. 2783 at 29) (retrial).

**Authorities:**

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978); *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 552-53 (Fed. Cir. 1984); *Carella v. Starlight Archery*, 804 F.2d 135, 141 (Fed. Cir. 1986); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1548 (Fed. Cir. 1995) (en banc); *Gargoyles, Inc. v. United States*, 113 F.3d 1572, 1577-78 (Fed. Cir. 1997); *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349-51 (Fed. Cir. 1999); *Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1122-23 (Fed. Cir. 2003); *Ericsson, Inc. v. Harris Corp.*, 352 F.3d 1369, 1377-79 (Fed. Cir. 2003); *Am. Seating Co. v. USSC Group*, 514 F.3d 1262, 1270 (Fed. Cir. 2008); *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1330-32 (Fed. Cir. 2009).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

# FINAL JURY INSTRUCTION NO. 38
## PATENT DAMAGES—LOST PROFITS—AMOUNT OF PROFIT

Apple may calculate its lost profits on any lost sales by computing the lost revenue for sales it claims it would have made but for the infringement and subtracting from that figure the amount of additional costs or expenses it would have incurred in making those lost sales, such as cost of goods, sales costs, packaging costs, and shipping costs.

**Source:**

Adapted from Federal Circuit Bar Association Model Patent Jury Instr. B.6.2 (Feb. 2013).
Adapted from Case No. 11-CV-01846 Final Instruction No. 38 (ECF No. 1903 at 52).

**Authorities:**

*Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 745 F.2d 11 (Fed. Cir. 1984).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

**FINAL JURY INSTRUCTION NO. 39**
**PATENT DAMAGES—LOST PROFITS—MARKET SHARE**

One way Apple may prove the number of sales it would have made if the infringement had not happened is to prove its share of the relevant market excluding infringing products. You may award Apple a share of profits equal to that market share.

In deciding Apple's market share, you must decide which products are in Apple's market. Products are in the same market if they are sufficiently similar to compete against each other. Two products are sufficiently similar if one does not have a significantly higher price than or possess characteristics significantly different than the other.

**Source:**

N.D. Cal. Model Patent Jury Instr. B.5.3a.
Case No. 11-CV-01846 Final Instruction No. 39 (ECF No. 1903 at 53) (first trial).
Case No. 11-CV-01846 Final Instruction No. 25 (ECF No. 2783 at 31) (retrial).

**Authorities**

*Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1124 (Fed. Cir. 2003); *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1354-55 (Fed. Cir. 2001); *State Indus. Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1580 (Fed. Cir. 1989); *BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1218 (Fed. Cir. 1993).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

United States District Court
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 40
## PATENT DAMAGES—REASONABLE ROYALTY—ENTITLEMENT

Both Apple and Samsung seek a reasonable royalty for the infringement of their respective patents.

If Apple has not proved its claim for lost profits, or has proved its claim for lost profits for only a portion of the infringing sales, then Apple should be awarded a reasonable royalty for all infringing Samsung sales for which Apple has not been awarded lost profits damages.

Samsung does not make a claim for lost profits. Samsung should be awarded a reasonable royalty for all infringing Apple sales.

**Source:**

Adapted from N.D. Cal. Model Patent Jury Instr. B.5.6.
Adapted from Case No. 11-CV-01846 Final Instruction No. 40 (ECF No. 1903 at 54).

**Authorities:**

35 U.S.C. § 284; *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336 (Fed. Cir. 2001); *Fromson v. Western Litho Plate & Supply Co.*, 853 F.2d 1568, 1574 (Fed. Cir. 1998) (overruled on other grounds); *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1119-20 (Fed. Cir. 1996); *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1579 (Fed. Cir. 1996); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995) (*en banc*); *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1311 (Fed. Cir. 2011); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1336 (Fed. Cir. 2009).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

United States District Court
For the Northern District of California

**FINAL JURY INSTRUCTION NO. 41**
**PATENT DAMAGES—REASONABLE ROYALTY—DEFINITION**

A royalty is a payment made to a patent owner in exchange for the right to make, use or sell the claimed invention. This right is called a "license." A reasonable royalty is the payment for the license that would have resulted from a hypothetical negotiation between the patent owner and the infringer taking place at the time when the infringing activity first began. In considering the nature of this negotiation, you must assume that the patent owner and the infringer would have acted reasonably and would have entered into a license agreement. You must also assume that both parties believed the patent was valid and infringed. Your role is to determine what the result of that negotiation would have been. The test for damages is what royalty would have resulted from the hypothetical negotiation and not simply what either party would have preferred.

A royalty can be calculated in several different ways and it is for you to determine which way is the most appropriate based on the evidence you have heard. One way to calculate a royalty is to determine what is called an "ongoing royalty." To calculate an ongoing royalty, you must first determine the "base," that is, the product on which the infringer is to pay. You then need to multiply the revenue the defendant obtained from that base by the "rate" or percentage that you find would have resulted from the hypothetical negotiation. For example, if the patent covers a nail, and the nail sells for $1, and the licensee sold 200 nails, the base revenue would be $200. If the rate you find would have resulted from the hypothetical negotiation is 1%, then the royalty would be $2, or the rate of .01 times the base revenue of $200.

If the patent covers only part of the product that the infringer sells, then the base would normally be only that feature or component. For example, if you find that for a $100 car, the patented feature is the tires which sell for $5, the base revenue would be $5. However, in a circumstance in which the patented feature is the reason customers buy the whole product, the base revenue could be the value of the whole product. The patent owner might also seek a royalty that is not calculated as a percentage of the net sales for the whole product, such as a royalty to be paid per unit sold.

A second way to calculate a royalty is to determine a one-time lump sum payment that the infringer would have paid at the time of the hypothetical negotiation for a license covering all sales of the licensed product both past and future. This differs from payment of an ongoing royalty because, with an ongoing royalty, the licensee pays based on the revenue of actual licensed products it sells. When a one-time lump sum is paid, the infringer pays a single price for a license covering both past and future infringing sales.

In determining a reasonable royalty, you may consider the following factors:

    (1)    The royalties received by the patent owner for the licensing of the patent-in-suit, proving or tending to prove an established royalty.

    (2)    The rates paid by the licensee for the use of other patents comparable to the patent-in-suit.

    (3)    The nature and scope of the license, as exclusive or nonexclusive, or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.

    (4)    The licensor's established policy and marketing program to maintain his or her patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

    (5)    The commercial relationship between the licensor and licensee, such as whether they are competitors in the same territory in the same line of business, or whether they are inventor and promoter.

(6)     The effect of selling the patented specialty in promoting sales of other products of the licensee, the existing value of the invention to the licensor as a generator of sales of his nonpatented items, and the extent of such derivative or convoyed sales.

(7)     The duration of the patent and the term of the license.

(8)     The established profitability of the product made under the patents, its commercial success, and its current popularity.

(9)     The utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results.

(10)    The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention.

(11)    The extent to which the infringer has made use of the invention and any evidence probative of the value of that use.

(12)    The portion of the profit or of the selling price that may be customary in the particular business or in comparable business to allow for the use of the invention or analogous inventions.

(13)    The portion of the realizable profits that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

(14)    The opinion and testimony of qualified experts.

(15)    The amount that a licensor (such as the patent owner) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patent owner who was willing to grant a license.

It is up to you, based on the evidence, to decide what type of royalty is appropriate in this case.

**Source:**

Adapted from N.D. Cal. Model Patent Jury Instr. B.5.7.
Case No. 11-CV-01846 Final Instruction No. 41 (ECF No. 1903 at 55).

**Authorities:**

35 U.S.C. § 284; *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336 (Fed. Cir. 2001); *Fromson v. Western Litho Plate & Supply Co.*, 853 F.2d 1568, 1574 (Fed. Cir. 1998) (overruled on other grounds); *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1119-20 (Fed. Cir. 1996); *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1579 (Fed. Cir. 1996); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995) (en banc); *Golight, Inc., v. Wal-Mart Stores, Inc.*, 355 F.3d 1327, 1338 (Fed. Cir. 2004); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1108-10 (Fed. Cir. 1996); *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120

(S.D.N.Y. 1970); *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1311 (Fed. Cir. 2011); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1336 (Fed. Cir. 2009).

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

# FINAL JURY INSTRUCTION NO. 42
## PATENT DAMAGES—DATE OF COMMENCEMENT—PRODUCTS

Damages that Apple may be awarded by you commence on the date that Samsung Electronics Company, Samsung Electronics America, and/or Samsung Telecommunications America has both infringed and been notified of the patent or patents it infringed. You must determine the date that each Samsung entity received written notice of the patents and the products alleged to infringe. It is undisputed that Apple informed Samsung Electronics Company of the '647 patent on August 4, 2010, and that Apple's lawsuit informed each Samsung entity of all of Apple's asserted patents on February 8, 2012.

Damages Samsung may be awarded commence on the date that Apple has both infringed and been notified of the patent or patents it infringed. You must determine the date that Apple received written notice of the patents and the products alleged to infringe. It is undisputed that Samsung's lawsuit informed Apple of all of Samsung's asserted patents on April 18, 2012.

**Source:**

Adapted from Case No. 11-CV-01846 Final Instruction No. 28 (ECF No. 2783 at 36) (retrial). Adapted from Case No. 11-CV-01846 Final Instruction No. 42 (ECF No. 1903 at 29-30, 57) (first trial).

**Authorities:**

35 U.S.C. § 287; *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997) ("[T]he purpose of the actual notice requirement is met when the recipient is notified, with sufficient specificity, that the patent holder believes that the recipient of the notice may be an infringer. Thus, the actual notice requirement of § 287(a) is satisfied when the recipient is informed of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise."); *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336 (Fed. Cir. 2001); *Nike Inc. v. Wal-Mart Stores*, 138 F.3d 1437, 1443-44 (Fed. Cir. 1998); *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1379 (Fed. Cir. 2012); *Funai Elec. Co., Ltd. v. Daewoo Elec. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010) (communication giving rise to actual notice does not need to identify all related products since "ensuing discovery . . . may bring those products within the scope of the notice").

United States District Court
For the Northern District of California

# FINAL JURY INSTRUCTION NO. 43
## MONETARY REMEDIES—ONLY ONE RECOVERY PER ACCUSED SALE

You should award any remedy to which a party has proven it is entitled with respect to each sale of an accused smartphone or tablet, except that you should not award a party twice for the same sale of any accused smartphone or tablet.  This means that if you award lost profits for the sale of a certain number of accused smartphones or tablets, you may not also award reasonable royalties for those same sales.  If you award reasonable royalties for the sale of a certain number of accused smartphones or tablets, you may not award lost profits for those same sales.

You do not have to use the same theory to calculate damages for every sale, however.  For example, an award may be split between lost profits for some sales and a reasonable royalty for the remainder of sales.

For any sale where you measure damages by a reasonable royalty or lost profits, you may include royalty amounts for each patent that you find valid and infringed by the sale or lost profits on that sale.

If a sale is awarded one form of monetary recovery, that same sale cannot be awarded another form of monetary recovery.

**Source:**

Adapted from Case No. 11-CV-01846 Final Instruction No. 74 (ECF No. 1903 at 96).

**Authorities:**

*Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1290-92 (Fed. Cir. 2002) (awarding infringer's profits instead of a reasonable royalty because the infringer's profits amount was greater than the reasonable royalty amount); *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1017-19 (Fed. Cir. 2006) ("Generally, the double recovery of damages is impermissible," holding that a plaintiff cannot recover damages from a defendant for patent infringement and trademark infringement if the damages were calculated from the sale of the same product by the same defendant); *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994) ("[R]ecovery of both plaintiff's lost profits and disgorgement of defendant's profits is generally considered a double recovery under the Lanham Act."); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1577 (Fed. Cir. 1989), cert. denied, 493 U.S. 1022 (1990) ("[T]he award may be split between lost profits as actual damages to the extent they are proven and a reasonable royalty for the remainder."); *Minco Inc. v. Combustion Eng'g*, 95 F.3d 1109, 1119 (Fed. Cir. 1996) ("The Patent Act permits damages awards to encompass both lost profits and a reasonable royalty on that portion of an infringer's sales not included in the lost profit calculation.").

Case No.: 12-CV-00630-LHK
FINAL ANNOTATED JURY INSTRUCTIONS

United States District Court
For the Northern District of California