UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE, INC., a California corporation, | ) | Case No.: 12-CV-00630-LHK |
| | ) | |
| Plaintiff and Counterdefendant, | ) | ORDER RE: SCOPE OF CROSS-EXAMINATION OF DR. MOWRY |
| | ) | |
| v. | ) | |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| | ) | |
| Defendants and Counterclaimants. | ) ) | |

The parties have submitted Trial Briefs that address the scope of Dr. Mowry's cross-examination with respect to his additional testimony on the '647 Patent after the Court provides the jury with the two claim constructions of the '647 Patent from *Apple, Inc. v. Motorola, Inc.* ("*Motorola*"), 2012-1548, -1549 (Fed. Cir. Apr. 25, 2014).

Having considered those briefs, the relevant law, and the parties' oral arguments presented on April 25, 2014, the Court concludes that Samsung shall be permitted to cross-examine Dr. Mowry regarding whether the opinions Dr. Mowry provided in his original and rebuttal trial testimony are inconsistent with the Court's new constructions. The Court finds that the probative

1

value of such cross-examination would be substantial, as the jury needs to understand Dr. Mowry's opinions in his original and rebuttal trial testimony in light of the new constructions. Accordingly, the Court will permit questions regarding whether Dr. Mowry's trial testimony is inconsistent with the new claim constructions.

On the other hand, the Court finds that cross-examination questions regarding whether Dr. Mowry's opinions in his original and rebuttal trial testimony were wrong, erroneous, or incorrect will not be permitted, because such questions would be unfair. An expert's opinions regarding proper construction that pre-dates a court's construction are generally not proper impeachment. *See FLOE Int'l, Inc. v. Newsmans' Mfg. Inc.*, No. 04-5120, 2007 WL 902809, at *9 (D. Minn. Mar. 12, 2007). At the time that Dr. Mowry gave his opinions, the Court had not construed the two claim terms in the *Motorola* opinion. After four weeks of trial, the Court now construes the two terms consistent with the Federal Circuit's constructions in the *Motorola* opinion. It would be unfair to attack Dr. Mowry's credibility solely because he was relying on the absence of claim constructions by the Court when Dr. Mowry gave his original and rebuttal trial testimony.

Samsung's reliance on this Court's overruling of Samsung's objection to Apple's cross-examination question of Dr. Wigdor regarding whether Dr. Wigdor had previously opined that Samsung's products infringed the '172 Patent is inapposite. The Court overruled Samsung's relevance and 403 objections because Dr. Wigdor continued, even after the Court's order granting summary judgment of infringement of the '172 Patent, to label Samsung's products as "accused" of rather than "infringing" the '172 Patent. *See* Tr. 2035:18-2036:1. Specifically, Dr. Wigdor prepared and presented a timeline demonstrative that labeled the release date for the "First *Accused* Device (Admire)" and "Last *Accused* Device (Galaxy Note) Released." (emphasis in original).

The Court recognizes that the distinction between whether Dr. Mowry's opinions are *inconsistent* with the new claim construction and whether Dr. Mowry's opinions are wrong is a fine one, which will need to be further delineated on a question-by-question basis.

The parties have also briefed how to instruct the jury regarding the new constructions. Having considered those arguments, the Court will provide the following instruction to the jury regarding the '647 Patent claim constructions:

2

Case No.: 12-CV-00630-LHK
ORDER RE: SCOPE OF CROSS-EXAMINATION OF DR. MOWRY

I will provide constructions for two additional terms of Claim 9 of the '647 patent. The constructions are being handed to you for the Chart of Asserted Patent Claims Tab in your Jury Binder and will be included in the Final Jury Instructions. Each side will have one hour for additional trial testimony to address these two constructions.

**IT IS SO ORDERED.**

Dated: April 27, 2014

*Lucy H. Koh*
LUCY H. KOH
United States District Judge