QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar. No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**SAMSUNG'S HIGH PRIORITY OBJECTIONS TO APPLE'S CLOSING ARGUMENT SLIDES AND SAMSUNG'S RESPONSES TO APPLE'S HIGH PRIORITY OBJECTIONS TO SAMSUNG'S CLOSING ARGUMENT SLIDES** |

## I. SAMSUNG'S OBJECTIONS TO APPLE'S SLIDES SHOULD BE SUSTAINED.

**A. Slide 28.** The statement: "A real world check on what is obvious and what is not" misstates the law, is misleading, is likely to lead to jury confusion, is not supported by the final jury instruction (No. 34). *See Tokai Corp. v. Easton Enters.*, 632 F.3d 1358, 1370 (Fed. Cir. 2011).

**B. Slides 38, 39, 56, 57, 58.** The titles of these slides misleadingly imply that Samsung copied 88 or more features of the iPhone, or conducted 88 or more evaluations of a patented feature. Apple told the jury that documents like PX121 contain a direction to copy the iPhone on every page, *see, e.g.*, Dkt. 1622 at 318:12-320:17, but that characterization is wrong—at least one-quarter of the "88 evaluations" in PX121 make no comparison to iPhone at all, other than noting that the iPhone lacks a certain feature. *See, e.g.*, PX121 at 23-25. A majority of features discussed are unrelated to Apple's patents. Apart from the titles, the graphics on slides 39 and 58 misleadingly suggest that the selected pages relate to the patented features.

**C. Slide 40.** This slide is prejudicial, misleading and will confuse the jury by suggesting that Samsung copied the '721 patent, although every document cited came before its issuance. (JX10 (issued 10/25/11); JX120 (3/10/10); JX121 (5/31/10); JX157 (3/24/10).) There is no evidence of such copying; Apple's expert conceded Samsung did not copy the patent. Dkt. 1623 at 728:9-16.

**D. Slide 51.** The title of the slide, "Analyzer Server May be Shared Library," is inconsistent with the Federal Circuit's construction of "analyzer server."

**E. Slides 56-58.** Slides 56-58, which relate to the '647 patent and show pages from a comparison of the S1 with iPhone, are irrelevant and misleading. Apple is prohibited from arguing there is a nexus between iPhone and any claim of the '647 patent by Dkts. 1127 and 1446, as the Court prohibited Dr. Mowry from offering testimony on any nexus between the iPhone and secondary considerations. Dkt. 1760 (sustaining objection set forth in Dkt. 1740).

**F. Slide 90.** The phrases: (1) are deliberately out-of-context as to source and time (FRE106, Notes (rule made to prevent such misuse of evidence)); 2) relate in no way to the patents, thus working only to "punish," not compensate, *ResQNet v. Lansa*, 594 F.3d 860, 869 (Fed. Cir. 2010).

**G. Slide 101.**  Slide 101 is a demonstrative not previously shown to the jury based on a source (Chevalier 26A) which is not in evidence.  There is no evidence in the record of per-unit gross profits data for the time period reflected on the slide.  Further, the slide will only confuse the jury, as neither Dr. Chevalier's nor Dr. Vellturo's calculations use the numbers presented on this slide.

**H. Slide 108.**  Apple seeks to use Apple's cross examination questions to argue a partial quote from a document it was barred from admitting into evidence: Mr. Wagner's declaration from the preliminary injunction.  This is a blatant attempt to circumvent the Court's prior ruling sustaining Samsung's objection to this declaration, Dkt. No. 1619 (ruling on PDX 92.22), and Apple's representation that it would not seek to admit the declaration into evidence, Fazio Dec. Ex. A[1].  Indeed, Apple's counsel represented "I'm going to use this *just to refresh your recollection*." Rough RT at 2489:5-6 (emphasis added).  Apple never attempted to refresh recollection, *see id*. at 2488-90, and is trying to use counsel's questions improperly quoting from the document to argue in closing.  Questions are not evidence and cannot circumvent the Court' ruling sustaining an HPO.  The declaration – not on Apple's exhibit list – is hearsay and no exception applies.[2] Apple selectively quoted from the declaration, hiding from the jury the fact that Mr. Wagner was discussing ability to calculate damages assuming Apple could establish the existence of lost sales by another method.  Dkt. 1406-23.  Here of course, Apple is using a conjoint to argue causation.

**I. Slide 112.**  Slide 112 is a disclosed and unused slide that no party showed to the jury. The information on the slide was not discussed or confirmed by a witness nor entered into evidence by other means.  These statements are hearsay, and the source or accuracy of the information has not been confirmed.  Slide 112 is irrelevant to the issues presented in this case.

---

[1] Samsung relied on Apple's representation when it chose not to bring a second HPO on this declaration when Apple disclosed it with Dr. Chevalier.  As Samsung had already prevailed on an HPO precluding Apple from introducing this exhibit with Dr. Vellturo (Dkt. 1619 at 2 (sustaining Samsung's objection to PDX 92.22)), Apple's promise that it would not seek to introduce the document into evidence satisfied Samsung that it did not need another HPO ruling from the Court.

[2] As Samsung explained in Dkt. 1600-3, use of the declaration further violates Rule 403 because his statements related to a different set of patented features (some no longer at issue), before case narrowing and Apple's admission that Apple does not practice most of the remaining claims.

1  It would be misleading, confusing, and prejudicial for Apple to present this slide in closing.  *See,*
2  *e.g.*, 1846 Dkt. 1896 at 2 (excluding demonstratives referring to facts not in evidence).

## II.  APPLE'S OBJECTIONS TO SAMSUNG'S SLIDES SHOULD BE OVERRULED.

**A.  Slide 16:**  This slide illustrates Mr. Jeffay's and Ms. Hackborn's testimony on alternative designs Apple admits do not infringe.  Dkt. 1716 at 1586-89; Dkt. 1717 at 1796-98; 1820-21.

**B.  Slides 18, 119:**  The Court has addressed this objection since December 13, 2013.  Dkts. 1623 at 613:4-7; 1578 at 1; 1398 at 3; 1057 at 2.  During trial, Apple objected to claims "that Apple affirmatively does not practice the '414, '172, and '959 patents and has never used those patents in Apple's own products."  Dkt. 1567 at 4:5-7.  The Court denied Apple's motion as to "whether Apple currently practices," but gave Apple a chance to submit evidence "as to whether Apple in the past practiced" the asserted claims.  Dkt. 1578 at 1.  There is no such evidence and Apple presented none; after reviewing its submission, the Court denied Apple's prior motion. Dkt. 1623 at 613:4-7.  Samsung has told the jury that Apple has never practiced the '414, '172, and '959 patents; these slides repeat those statements.  Apple cannot re-litigate this issue.

**C.  Slide 21:**  All data reflected in this demonstrative is set forth in PX142, on Apple's own exhibit that Apple admitted.  Dkt. 1714 at 1210.  The demonstrative graphically conveys data Apple put into the record.  PX142 at 3-6.

**D.  Slide 30:**  This slide is identical to SDX3160, which was shown publicly and without objection during Dr. Reibstein's examination.  Rough RT at 2095:25-2096:5.  Apple's Rule 403 objection is waived and should be overruled.  The slide is entirely accurate and not misleading.

**E.  Slide 35:**  SDX3165 was shown to the jury without objection by Apple (Rough RT at 2102) — any 403 objection is waived.  Apple objects to the slide as misleading.  It is not. However, in the interest of compromise, Samsung provided 3 proposed revisions — 35A, 35B and 35C.  Fazio Dec. Ex. D.  Apple has unreasonably rejected them all.  The jury has already seen this slide; there is no prejudice to Apple, and Samsung should be permitted to use the original Slide 35 or, at the least, one of the proposed alternatives.

**F. Slides 42, 116:** Apple's *seventh* challenge to WAIS (Dkt. 803-04 at 15-19 (MSJ); Dkt. 806-3 at 23-24 (Daubert); Dkt. 1281-03 at 7-10 (MIL 4); Dkt. 882-03 at 10-11 (MTS); 1517-3 at 11 (HPO); Dkt. 1689 at 4 (HPO)) is meritless and untimely; the jury *saw* SDX2939 (Dkt. 1717 at. 1925:18-1928:21), after the Court overruled Apple's objections, Dkts. 1150 at 27-29; 1398 at 2; 1538 at 2; 1701 at 2.  The prior art must always be a non-infringing alternative, and Samsung timely disclosed it as such.  Fazio Ex. B at 148, 156, 187.  These slides show the relationship between Hauser's survey and prior art: Hauser either failed to describe claim 25 accurately, or his description confirms WAIS anticipates the claim. Dkt. 1717 at 1907:9-23; 1912:9-23.

**G. Slide 43:** Unrebutted evidence shows identical user experience between the accused GSA and admittedly non-infringing GSA 2.7 (JX72).  Dkt. 1717 at 1901:22-1902:5.  The slide shows these user interfaces, as explained by Dr. Rinard at trial.  *Id*. at 1899:16-1905:11.  The jury saw all this at trial, without objection, Rough RT at 1901:23-1905:11, any objection is now waived. 1846 Dkt. 1874 at 2.

**H. Slide 53:** This slide presents an excerpt of Dr. Snoeren's cross-examination.  Rough RT at 2848.  Apple is free to present its own excerpts of Snoeren's testimony during closing arguments.

**I. Slides 54, 103, 110:** Slides 54, 103, and 110 show SDX3600 – previously published to the jury.  Rough RT at 2190:4-6.  The Court overruled Apple's HPO to this and similar videos, Dkt. 1721; Apple did not further object, Rough RT at 2190:4-10; any objection is now waived.  1846 Dkt. 1874 at 2.

**J. Slides 55, 61, 87, 88:** The Court overruled Apple's objection to this testimony during cross of Dr. Mowry. Dkt. 1624 at 896-897.  This is admitted inventor testimony about his invention.  DX506.

**K. Slides 57, 92:** The jury has seen this slide, Rough RT at 2597, and the Court has overruled Apple's objection to Sidekick software screenshots made from DX332.  Dkt. 1717 at 1804-1805.

**L.  Slide 58, 91:**  Apple showed the jury these screenshots from Dr. Jeffay's reports, Rough RT at 2807-2808, and the Court overruled Apple's objection to Sidekick screenshots. Dkt. 1717 at 1804-05.

**M.  Slide 60:**  This slide does not mention Dr. Hauser.  It quotes Dr. Mowry's admission, elicited *by Apple's counsel*, that tap-to-dial is a non-infringing alternative.   Rough RT at 2798.

**N.  Slide 80:**  Apple does not dispute that Slide 80 describes the terms of the Hitachi purchase agreement.  JX24.  Nor does it dispute its relevance.  Apple put the purchase agreement in issue by cross-examining Samsung's damages expert on it and moving JX24 into evidence.  Rough RT at 2674:5-2676:9.  Apple did so to advance its argument that Samsung bought the '449 patent for the purpose of suing Apple.  *Id.*, Dkt. 1622 at 340:12-20, 341:17-343:24; Rough RT at 2627:8-2628:13.  The terms of the agreement, however, rebut this argument.  As Slide 80 shows, the '449 patent was one of *many* patents – unrelated to this case – Samsung bought from Hitachi and a small part of a larger transaction that included a cross-license.  Apple's objection misleads the jury by concealing material terms that rebut a key Apple theme.  Having put the purchase in issue, Apple cannot preclude Samsung from using Slide 80 to place the purchase in its proper context.

**O.  Slide 90:**  *See* slide 58 *infra*; both sides showed the jury this image. Rough RT at 2581; 2806.

**P.  Slide 91:**  This is a duplicate of Slide 58.  Apple already chose to show these screenshots from Dr. Jeffay's reports.  Rough RT at 2807-08.  Apple's objection to screenshots of Sidekick software made from the DX332 executable was overruled.  Dkt. 1717 at 1804-05.

**Q.  Slide 97:**  Apple invoked the FJC video *four times* in opening, claiming a invalidity defense means "the Patent and Trademark Office made a mistake."  Dkt. 1622 at 330:12-18; 340:23-341:7; 333:24-334:7; 341:13-16.  Apple repeated this theme during trial, calling an invalidity opinion "second guessing" the PTO.  Dkt. 1717 at 1988:8-1998:11.  Having called the video a "helpful presentation" of the jury's role and insisted the jury see it, Dkt. 1544, Apple cannot object to an accurate quote from it. The slide contains no statement of law.

1    **R.**   **Slide 109:**   Bother parties have presented this same excerpt to the jury.   Rough RT at
2    2182:18-2183:5, 2837:7-16.   At Apple's urging, the Court denied Samsung's objection to Apple's
3    use of "snippets" in opening.   Dkt. 1517-3 at 3; Dkt. 1538 at 2.   The same rule applies here.

4    **S.**   **Slides 114, 115:**   Dr. Rinard presented SDX2939 to the jury without objection.   Dkt.
5    1717 at 1925:18-1928:21.   Ulrich Pfeifer, the creator of the WAIS source code demonstrated in
6    SDX2939, *id. at* 1863:13-16; 1864:4-10, testified that DX301 is his authentic WAIS software,
7    built using code originally authored by Brewster Kahle.   Dkt. 1717 at 1863:4-9; 1865:6-16.
8    Apple's remaining objection ignores the evidence, including expert testimony (Dkt. 1717 at
9    1911:14-24; 1912:4-23; 1914:20-1919:25; 1922:3-1923:12); fact witness testimony (*e.g.*, Dkt.
10   1717 at 1845:22-1846:16; 1848:9-1851:11; 1852:5-1854:15; 1863:1-9; 1871:7-17; 1874:7-9;
11   1924:7-1928:25); and documentary evidence (DX301; DX304; DX305; DX311; DX312; DX313).

12   **III.**   **SAMSUNG SEEKS TO SEAL CONFIDENTIAL CLOSING DEMONSTRATIVES.**

13   Samsung moves to seal certain closing demonstratives that are included in the parties'
14   April 26, 2014 disclosures.   The Court has previously found portions of previously disclosed trial
15   exhibits and demonstratives sealable.   To the extent previously sealed exhibits or demonstratives
16   are used during the closing arguments, Samsung renews its request that confidential information
17   not be publicly disclosed.   Specifically, Samsung requests sealed the following closing
18   demonstratives that contain information that the Court has previously addressed and ordered
19   sealed:

20   - Confidential financial data (Apple closing demonstratives 46, 47, 91, 97-101, 106,
21     107; Samsung closing demonstratives 1, 4, 5, 7, 21, 25); and
22   - Third party confidential information (Samsung closing demonstratives 66, 67, 71).[3]

---

24   [3]   The Court previously sealed trial exhibits and demonstratives that include information
25   identical to the confidential information included in the listed closing demonstratives.   *See* Dkts.
     1619 (sealing PX142 and PX222A) (Samsung demonstrative 21 and Apple demonstratives 46, 47,
26   91, 97-99, 106-07); 1683 (sealing PDX92.19) (Samsung demonstrative 25); 1730 & 1734 (sealing
     DX351 and DX353) (Samsung demonstratives 66, 67, and 71); 1734 (sealing SDX3794A,
27   SDX3795 and DX453) (Samsung demonstratives 4, 5, 7); 1766 (sealing PDX92.86A and
     SDX3792) (Samsung demonstrative 1 & Apple demonstrative 100-01).   *See also* Dkt. No. 1825
28       (footnote continued)

1    Samsung further requests that Fazio Declaration Exhibit D, which comprises proposed
2 closing demonstratives, be sealed until they are used at trial.   Samsung does not maintain a claim
3 of confidentiality as to Exhibit D.

4 DATED: April 27, 2014           QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP
5
6                                 By */s/ Michael L. Fazio*
                                     Victoria F. Maroulis
7                                    Michael L. Fazio
                                     Attorneys for SAMSUNG ELECTRONICS
8                                    CO., LTD., SAMSUNG ELECTRONICS
                                     AMERICA, INC., and SAMSUNG
9                                    TELECOMMUNICATIONS AMERICA, LLC

---

27 (renewed joint request to seal revised PX222A and DX453A) (Apple demonstratives 97-99 and Samsung demonstrative 7).