1  [COUNSEL LISTED ON SIGNATURE PAGE]

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | Civil Action No. 12-CV-00630-LHK |
| Plaintiff, | **JOINT SUBMISSION IN RESPONSE TO THE COURT'S REQUEST REGARDING ADR** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Pursuant to the Court's May 5, 2014 request, Apple and Samsung submit this Joint Statement Regarding Alternative Dispute Resolution ("ADR").  (*See* Trial Tr. 3425:1-17.)

**Apple's Statement**

Apple has always been committed to a resolution with Samsung, preferably without the need for litigation, that recognizes and protects Apple's intellectual property.  As the Court knows from trial, Apple met with Samsung multiple times before being forced to file the present lawsuits.  After litigation began, the most senior officials of Apple have devoted days' worth of their time to various ADR processes, as well as having countless discussions with Samsung outside formal mediation.  Accordingly, when the Court inquired on May 5 whether Samsung and Apple were willing to engage in further ADR, and counsel for Samsung stated they "were always willing to participate if there is an interest in doing so" (Trial Tr. 3424:14-15), Apple also communicated its willingness to engage in further discussions.  (*Id.* at 3424:18-25.)

However, immediately after that exchange Samsung's lead counsel made a number of statements suggesting that Samsung has no interest in stopping its use of Apple's patents or compensating Apple for past infringement.  For example, Mr. Quinn was quoted as saying: "I'm more confident than in any case I've ever been in that this [jury verdict in the 630 matter] is unsupported [by the evidence].  It will go to zero.  They're not going to see any of this money.  This won't stand."  *Samsung Atty Quinn Calls iPhone IP War 'Apple's Vietnam'*, Law360.com, http://www.law360.com/articles/534842/samsung-atty-quinn-calls-iphone-ip-war-apple-s-vietnam (last visited May 19, 2014).  Mr. Quinn reportedly dismissed the earlier verdicts against Samsung by saying:  "Apple hasn't collected a penny—or succeeded in taking any products off the market."  *Id*.  "This is Apple's Vietnam, and people are sick of it."  *Id*.  And, in what hardly presages a fruitful return to mediation, Mr. Quinn remarked:  "It's kind of hard to talk settlement with a jihadist."  *Key Samsung Lawyer Sees Patent War Ending Soon – With Apple Getting Nothing*, Cnet.com, http://www.cnet.com/news/samsung-attorney-quinn-says-patent-war-will-be-over-soon-and-apples-not-getting-our-money/ (last visited May 19, 2014).

Apple remains concerned that despite protestations to the contrary, Samsung has adopted a business model that prohibits early or even timely resolution of any dispute involving intellectual

property infringement.  *See*, *e.g.*, Kurt Eichenwald, *Apple's Victory Over Samsung Isn't As Big As It Seems*, VanityFair, http://www.vanityfair.com/online/daily/2014/05/apple-samsung-lawsuit-winner (last visited May 19, 2014).  Accordingly, Apple sent the letter attached as Exhibit A, inquiring whether Samsung was genuinely interested in pursuing ADR.  Apple further requested assurances that Samsung would not, as it had done in the past, argue in the context of a request by Apple for an injunction or the establishment of a future royalty, that Apple's willingness to pursue ADR reflected a willingness to license Samsung to Apple's patents.  Samsung responded in the letter attached as Exhibit B.  Samsung's refusal even to agree that it will not argue that Apple's participation in the ADR process can be used in future injunction or royalty proceedings makes clear that Samsung has no interest in entering into a meaningful ADR procedure or ceasing use of Apple's intellectual property.  Absent such assurance, it would be impossible for Apple to participate in ADR.  However, upon the receipt of assurances that Samsung will not use in any of the worldwide litigations Apple's participation in ADR to resist an injunction or reduce a royalty, and that Samsung is genuinely interested in reaching a resolution of these issues, Apple will engage in further ADR proceedings to resolve the present lawsuits and avoid future litigation

**Samsung's Statement**

On May 5, the Court requested that the parties jointly report on the status of ADR by May 19.  Having heard nothing from Apple, Samsung's counsel reached out to Apple on May 7 to inquire about further ADR.  Apple responded with its May 13th letter, posturing about Apple's purported trial victories and demanding that Samsung agree to various conditions precedent to further ADR.

Despite its rhetoric, Apple has not been the only party engaged in efforts to settle this case.  Rather, for each of the prior ADR meetings cited by Apple, Samsung's most senior executives also attended – traveling from Korea to San Francisco or Los Angeles to do so – and Samsung dedicated at least as much, if not more, time and effort to those prior ADR meetings than that noted by Apple in its May 13th letter.  *See, e.g.,* Joint Submission dated February 21, 2014 (Dkt. No. 1310).

Apple seeks to condition further ADR on Samsung's agreement that "Samsung will not use Apple's participation in ADR to resist an injunction or reduce a royalty."  Importantly, if Apple were truly interested in global resolution of all cases between the parties, this condition precedent to

ADR would be a non-issue.  Regardless, Apple's condition is improper.  The case law and Federal Rules of Evidence define the boundaries of what Samsung may and may not argue – not Apple.  Apple's willingness to license its patents is relevant to multiple *Georgia Pacific* factors and, to the extent relevant, Samsung should be permitted to make such arguments without Apple attempting to extort an improper concession from Samsung, as it now is.  By contrast, Samsung does not condition its willingness to participate in ADR on anything even though Apple has repeatedly used its pre-litigation meetings with Samsung during trial to support its arguments (*See, e.g.*, PX-132; 630 Trial Tr. at 340:1-9; 2472:11-2473:1; 1846 Trial Tr. at 1290:7-16; 1951:1-1964:10; 1846 Retrial Tr. at 613:1-9; PX3038).

Finally, Apple cites to a series of statements attributable to Samsung's lead trial counsel as "suggesting that Samsung has no interest in stopping its use of Apple's patents or compensating Apple for past infringement."  Yet the statements quoted by Apple relate to the fact that Samsung does not believe portions of the juries' verdicts will withstand appeal.  Such statements have little, if anything, to do with Samsung's willingness to discuss settlement.   Simply put, though both parties contend that they are committed to resolution, only Apple seeks to impose an obstacle to this resolution through a unilateral condition precedent to further ADR.  Samsung remains amenable to discussing settlement of these cases without seeking to impose any comparable conditions upon Apple.

| | | |
|---|---|---|
| 1 | Dated: May 19, 2014 | |
| 2 | By: */s/ Mark D. Selwyn* | By: */s/ Michael L. Fazio* |
| 3 | Attorney for Plaintiff and Counterclaim-Defendant | Attorney for Defendants and Counterclaim-Plaintiffs |
| 4 | | |
| 5 | APPLE INC. | SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG |
| 6 | | TELECOMMUNICATIONS AMERICA, LLC |

```
 1   Dated:  May 19, 2014

 2   By:  /s/ Mark D. Selwyn                    By:  /s/ Michael L. Fazio

 3   Attorney for Plaintiff and Counterclaim-   Attorney for Defendants and Counterclaim-
     Defendant                                  Plaintiffs
 4
     APPLE INC.                                 SAMSUNG ELECTRONICS CO., LTD.,
 5                                              SAMSUNG ELECTRONICS AMERICA,
                                                INC., AND SAMSUNG
 6                                              TELECOMMUNICATIONS AMERICA, LLC

 7   HAROLD J. McELHINNY (CA SBN 66781)         CHARLES K. VERHOEVEN
     hmcelhinny@mofo.com                        (Bar No. 170151)
 8   JACK W. LONDEN (CA SBN 85776)              charlesverhoeven@quinnemanuel.com
     jlonden@mofo.com                           KEVIN A. SMITH (Bar No. 250814)
 9   RACHEL KREVANS (CA SBN 116421)             kevinsmith@quinnemanuel.com
     rkrevans@mofo.com                          QUINN EMANUEL URQUHART &
10   RUTH N. BORENSTEIN (CA SBN 133797)         SULLIVAN LLP
     rborenstein@mofo.com                       50 California Street, 22nd Floor
11   ERIK J. OLSON (CA SBN 175815)              San Francisco, California 94111
     ejolson@mofo.com                           Telephone: (415) 875-6600
12   MORRISON & FOERSTER LLP                    Facsimile: (415) 875-6700
     425 Market Street
13   San Francisco, California 94105-2482       KEVIN P.B. JOHNSON (Bar No. 177129
14   Telephone: (415) 268-7000                  (CA); 2542082 (NY))
     Facsimile: (415) 268-7522                  kevinjohnson@quinnemanuel.com
15                                              VICTORIA F. MAROULIS (Bar No. 202603)
     JOSH A. KREVITT (CA SBN 208552)            victoriamaroulis@quinnemanuel.com
16   jkrevitt@gibsondunn.com                    QUINN EMANUEL URQUHART &
     H. MARK LYON (CA SBN 162061)               SULLIVAN LLP
17   mlyon@gibsondunn.com                       555 Twin Dolphin Drive, 5th Floor
     GIBSON, DUNN & CRUTCHER LLP                Redwood Shores, California 94065
18   1881 Page Mill Road                        Telephone: (650) 801-5000
     Palo Alto, CA  94304-1211                  Facsimile: (650) 801-5100
19   Telephone: (650) 849-5300
     Facsimile: (650) 849-5333                  WILLIAM C. PRICE (Bar No. 108542)
20                                              williamprice@quinnemanuel.com
     WILLIAM F. LEE (pro hac vice)              QUINN EMANUEL URQUHART &
21   William.lee@wilmerhale.com                 SULLIVAN LLP
     WILMER CUTLER PICKERING                    865 South Figueroa Street, 10th Floor
22     HALE AND DORR LLP                        Los Angeles, California 90017-2543
     60 State Street                            Telephone: (213) 443-3000
23   Boston, Massachusetts 02109                Facsimile: (213) 443-3100
     Telephone: (617) 526-6000
24   Facsimile: (617) 526-5000

25

26

27

28
```

1  MARK D. SELWYN (CA SBN 244180)
   mark.selwyn@wilmerhale.com
2  WILMER CUTLER PICKERING
    HALE AND DORR LLP
3  950 Page Mill Road
   Palo Alto, CA 94304
4  Telephone: (650) 858-6000
5  Facsimile: (650) 858-6100

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I, Michael L. Fazio, am the ECF User whose ID and password are being used to file this Joint Submission. In compliance with Local Rule 5-1(i)(3), I hereby attest that Mark D. Selwyn has concurred in this filing.

Dated: May 19, 2014                                          */s/ Michael L. Fazio*
                                                                          Michael L. Fazio