# EXHIBIT B

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
(650)801-5022

WRITER'S INTERNET ADDRESS
victoriamaroulis@quinnemanuel.com

May 15, 2014

**VIA E-MAIL**

William F. Lee
WilmerHale
60 State Street
Boston, Massachusetts  02109

Re:    *Apple v. Samsung Elecs. Co., Ltd.*, Case No. 12-cv-00630-LHK (N.D. Cal.)

Dear Bill:

I write to respond to Apple's letter dated May 13, 2014.  Samsung is, and always has been, agreeable to engage in ADR to successfully resolve these cases.  Apple's letter seems to imply that Apple has been the only party meaningfully participating in ADR in these cases, to include the various sessions before Judge Spero prior to the first trial and subsequent efforts with Mr. Piazza.  Yet these ADR efforts are a two-sided process and Samsung participated in those prior efforts with the prospect of a successful conclusion.  Like Apple, Samsung's most senior executives also attended these prior ADR meetings and Samsung dedicated at least as much, if not more, time and effort to those prior ADR meetings than that noted by Apple in its May 13th letter.  *See, e.g.,* Joint Submission dated February 21, 2014 (Dkt. No. 1310).  Indeed, Samsung's executives traveled from Korea to Los Angeles and San Francisco (a 10 plus hour flight) on numerous occasions to participate in the prior ADR meetings.

Apple's letter contradicts itself – on the one hand, Apple contends that "it has always been willing to participate in any ADR" while, on the other, Apple creates various obstacles to the parties engaging in further ADR.  For example, Apple asserts that its purported "willingness" to engage in prior ADR "was used by Samsung to advance the counterfactual proposition that Apple was willing to license the asserted patents to *clone* Apple products." (emphasis added).  Yet Samsung never represented to the Court that Apple was willing to license the asserted patents to "clone" Apple products.  Rather, Samsung stated throughout the parties' negotiations that Apple was willing to license the asserted patents for a sum of money.  Further, Apple's willingness to license its patents is relevant to multiple *Georgia Pacific* factors, and Apple's attempt to condition further ADR on a prohibition against Samsung making future arguments of this type is improper.

Apple further contends that "a resolution must include compensation to Apple for Samsung's use of Apple's IP." However, and as Apple knows well, Apple has been found to have infringed Samsung's patents throughout the world, including twice in the U.S. – once in the ITC and again most recently in the 630 case. Nor have Apple's positions faired nearly as well before the Federal Circuit as Samsung's. In any event, Apple's insistence that a condition precedent to further ADR be that it is the only party to be compensated runs contrary to its purported "commit[ment] to a resolution of this matter."

Apple also seeks to condition additional ADR upon Samsung providing "assurance … that Samsung is prepared to engage in a realistic attempt to resolve this matter." Samsung has filed numerous papers with the Court undertaking the duties and obligations of ADR, and it has represented in open court that Samsung is committed to resolving these matters. It is thus unclear to Samsung what further assurances Apple seeks.

Notably, Samsung's May 7th email to Apple regarding ADR was prompted by the Court's request that the parties jointly report on the status of settlement by May 19. That was the purpose of our communication – not to posture or attempt to impose improper conditions upon further ADR, as Apple now seeks to do. Indeed, most of the statements in Apple's May 13th letter – including the various quotes attributable to Samsung's counsel – relate to the fact that Samsung does not believe portions of the juries' verdicts will withstand appeal. Such statements have little, if anything, to do with Samsung's willingness to discuss settlement.

Further, though Apple asserts that "Samsung has now lost three jury trials and an ITC proceeding," Apple's letter ignores several salient facts, to include: (1) the jury's finding of Apple's own infringement of Samsung's counterclaim patent and award of 100% of the amount Samsung sought for Apple's infringement; (2) that each verdict was far less than the amounts sought by Apple; and (3) that many commentators agree with Samsung that Apple, in fact, resoundingly lost the latest trial. *See, e.g.,* Kevin Lee, *Quinn's Play Pays Off for Samsung*, DAILY JOURNAL, May 6, 2014 at 1 ("There is no other way to characterize this [than] as a stunning defeat for Apple"); Chris O'Brien, *Samsung, in Symbolic Win, Ordered to Pay $119.6 Million*, L.A. TIMES, May 2, 2014 ("By ordering Samsung to pay only a small fraction of damages that Apple had requested in the company's latest patent trial, a jury awarded a symbolic victory to the South Korean smartphone maker"). Nor has Apple collected any amount from the prior verdicts and, as Samsung has repeatedly stated, we do not anticipate that Apple will. Simply put, Apple has nothing to show for its years of litigation and hundreds of millions of dollars spent on attorneys' fees.

Accordingly, Samsung reiterates its request that brought the parties to this latest letter exchange which is, as I requested in my May 7th email, that Apple please advise Samsung as to its position regarding the joint submission requested by the Court. Samsung believes that what the Court envisions for the May 19th submission is a short joint statement indicating whether either or both parties are willing to discuss ADR and details, if any, that the parties are able to provide as to their plans to engage in ADR. We look forward to your response.

2

3

Very truly yours,

/s/ Victoria F. Maroulis

Victoria F. Maroulis