1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
3  Kevin A. Smith (Bar No. 250814)
   kevinsmith@quinnemanuel.com
4  50 California Street, 22nd Floor
   San Francisco, California 94111
5  Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
6
   Kevin P.B. Johnson (Bar No. 177129)
7  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
8  victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
9  Redwood Shores, California 94065
   Telephone: (650) 801-5000
10 Facsimile: (650) 801-5100

11 William C. Price (Bar No. 108542)
   williamprice@quinnemanuel.com
12 865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
13 Telephone:  (213) 443-3000
   Facsimile:  (213) 443-3100
14
   Attorneys for SAMSUNG ELECTRONICS
15 CO., LTD., SAMSUNG ELECTRONICS
   AMERICA, INC. and SAMSUNG
16 TELECOMMUNICATIONS AMERICA, LLC

17                    UNITED STATES DISTRICT COURT

18              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK (PSG) |
| Plaintiff, | **DECLARATION OF JUDITH A. CHEVALIER IN SUPPORT OF SAMSUNG'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50(b) AND MOTION TO AMEND THE JUDGMENT** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

I, Judith A Chevalier, declare as follows:

1. I previously submitted an expert report[1] (the "Chevalier Report") and a declaration[2] in this action. I also testified at trial on April 21, 2014 regarding damages. My curriculum vitae was attached as Exhibit 1 to the Chevalier Report.

2. I have reviewed the original Verdict (Dkt. 1877) and the Amended Verdict (Dkt. 1884) in this action and compared the dollar amounts in Questions 10(a) and 10(b) of both the original and Amended Verdict.

3. The jury determined per-product-per-patent awards in the chart in Question 10(a) of the verdict form, as well as per-product total awards. Dkt. 1884 at 9.

4. For the Galaxy S II (JX32), Galaxy S II Epic 4G Touch (JX33), and Galaxy S II Skyrocket (JX34) (the "Galaxy S II Products"), those per-product totals in Question 10(a) are the sum of the '647 and '172 patent awards, the only patents where the jury found liability for the products. *Id.* at 9-10.

5. For each of the three products identified in Question 10(b), the damages award for each of the three time periods reflects a consistent percentage of the total award for that product. By way of example, on both the original and Amended Verdict, 71.92% of the award for the Galaxy S II (JX32) is for the first period, 3.46% is for the second period and 24.62% is for the third period. For all three products for all three periods, the relative percentages of each time period varied less than one one-hundredth of a percent between the original and Amended Verdicts, even though all of the actual numbers changed as a result of the jury's correction of a clerical error in the Amended Verdict. The precise amounts and percentages (rounded to two decimals) are set forth below.

---

[1] Expert Report of Judith A. Chevalier, Ph.D., September 13, 2013 ("Chevalier Report").
[2] Declaration of Judith A. Chevalier, Ph.D., March 7, 2014.

A. Original Verdict Dkt. 1877 at 10 (with percentages of total per-product award)

|  | August 1, 2011 – June 30, 2012 | | July 1, 2012 – August 24, 2012 | | August 25, 2012 – Present | | Total |
|---|---|---|---|---|---|---|---|
| **Galaxy S II (JX32)** | $6,203,849 | 71.92% | $298,099 | 3.46% | $2,123,612 | 24.62% | $8,625,560 |
| **Galaxy S II Epic 4G Touch (JX33)** | $8,008,191 | 56.46% | $1,081,684 | 7.63% | $5,094,659 | 35.92% | $14,184,534 |
| **Galaxy S II Skyrocket (JX34)** | $6,780,043 | 81.52% | $807,490 | 9.71% | $729,394 | 8.77% | $8,316,927 |

B. Amended Verdict Dkt. 1884 at 10 (with percentages of total per-product award)

|  | August 1, 2011 – June 30, 2012 | | July 1, 2012 – August 24, 2012 | | August 25, 2012 – Present | | Total |
|---|---|---|---|---|---|---|---|
| **Galaxy S II (JX32)** | $9,094,761 | 71.92% | $437,010 | 3.46% | $3,113,189 | 24.62% | $12,644,960 |
| **Galaxy S II Epic 4G Touch (JX33)** | $9,041,506 | 56.46% | $1,221,256 | 7.63% | $5,752,034 | 35.92% | $16,014,796 |
| **Galaxy S II Skyrocket (JX34)** | $2,972,393 | 81.52% | $354,007 | 9.71% | $319,769 | 8.77% | $3,646,169 |

6. As noted above, the jury's use of these specific percentages is confirmed by the fact that, when the jury amended the original Verdict by modifying the awards for the Galaxy S II Products in Question 10(a), it then applied the same percentages, as it had done originally, to the amended per-product totals to fill in the amounts in Question 10(b). Of particular note, the jury applied the same percentages to fill in the amounts for the Galaxy S II (JX32) in Question 10(b) in the original Verdict (reflecting damages on the '647 patent) and in the Amended Verdict (reflecting damages on the '647 and '172 patents).

7. Because the jury used these specific percentages to determine the amounts in Question 10(b), it is a simple calculation to determine the share of damages for each time period in Question 10(b) that the jury attributed to each of the '647 and '172 patents by multiplying the award for each patent by the percentage the jury employed to determine per-period damages numbers.

8. Applying the jury's percentages to per-product totals with the '647 or '172 patent awards removed, respectively, yields the following shares of damages for each time period.

A. Awards for the '172 patent only (with percentages of total per-product award)

|  | August 1, 2011 – June 30, 2012 | | July 1, 2012 – August 24, 2012 | | August 25, 2012 – Present | | Total |
|---|---|---|---|---|---|---|---|
| **Galaxy S II (JX32)** | $2,890,913 | 71.92% | $138,911 | 3.46% | $989,576 | 24.62% | $4,019,400 |
| **Galaxy S II Epic 4G Touch (JX33)** | $3,302,556 | 56.46% | $446,083 | 7.63% | $2,101,023 | 35.92% | $5,849,662 |
| **Galaxy S II Skyrocket (JX34)** | $961,054 | 81.52% | $114,460 | 9.71% | $103,390 | 8.77% | $1,178,904 |
| **TOTAL** | $7,154,523 | | $699,454 | | $3,193,989 | | $11,047,966 |

B. Awards for the '647 patent only (with percentages of total per-product award)

|  | August 1, 2011 – June 30, 2012 | | July 1, 2012 – August 24, 2012 | | August 25, 2012 – Present | | Total |
|---|---|---|---|---|---|---|---|
| **Galaxy S II (JX32)** | $6,203,848 | 71.92% | $298,099 | 3.46% | $2,123,613 | 24.62% | $8,625,560 |
| **Galaxy S II Epic 4G Touch (JX33)** | $5,738,950 | 56.46% | $775,173 | 7.63% | $3,651,011 | 35.92% | $10,165,134 |
| **Galaxy S II Skyrocket (JX34)** | $2,011,339 | 81.52% | $239,547 | 9.71% | $216,379 | 8.77% | $2,467,265 |
| **TOTAL** | $13,954,137 | | $1,312,819 | | $5,991,003 | | $21,257,959 |

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed on May 23, 2014 at New Haven, CT.

*Judith A. Chevalier*

Judith A. Chevalier