| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, California  94304-1211<br>Telephone:  (650) 849-5300<br>Facsimile:  (650) 849-5333 | WILLIAM F. LEE (*pro hac vice*)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts  02109<br>Telephone:  (617) 526-6000<br>Facsimile:  (617) 526-5000 |
| HAROLD J. McELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>JAMES P. BENNETT (CA SBN 65179)<br>jbennett@mofo.com<br>JACK W. LONDEN (CA SBN 85776)<br>jlonden@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>RUTH N. BORENSTEIN (CA SBN 133797)<br>rborenstein@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile: (415) 268-7522 | MARK D. SELWYN (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California  94304<br>Telephone:  (650) 858-6000<br>Facsimile:  (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendants. | Case No. 5:12-cv-00630-LHK<br><br>**DECLARATION OF MARYLEE ROBINSON IN SUPPORT OF APPLE'S POST-TRIAL MOTIONS** |

I, Marylee Robinson, hereby declare as follows:

1.  I am a Director with Stout Risius Ross Inc. ("SRR"), a global financial advisory firm that specializes in Investment Banking, Valuation and Financial Opinions, and Dispute Advisory Services. I have over 10 years of experience providing a variety of litigation consulting services, including commercial damages, fraud investigation, and forensic accounting, as well as consulting on restructuring and insolvency matters. I previously worked at Invotex Group. At both SRR and Invotex, I have assisted in the preparation of damages and financial calculations on behalf of Apple in disputes with Samsung in connection with both lawsuits filed in the Northern District of California. Through my work at SRR and Invotex Group, I have personal knowledge of the matters stated herein. I submit this declaration in support of Apple's Post-Trial Motions seeking supplemental damages and prejudgment interest.

2.  I am a licensed Certified Public Accountant. My business address is Legg Mason Tower, 100 International Drive, 23rd Floor, Baltimore, MD 21202.

**Supplemental Damages**

3.  In Case No. 11-CV-01846, the Court previously identified how supplemental damages should be calculated. In its decision, the Court instructed that the individual verdict for the relevant product for which sales have continued should be converted to a per-product amount and the resulting figures should be multiplied by Samsung's actual sales of the product after the verdict. (March 1 Order re Damages, 1846 Dkt. 2271 at 5-6.)

4.  The May 5, 2014 jury verdict in the present case includes per product totals in response to question 10a on the verdict form.

5.  PX142 provides a statement of the number of units of the infringing products included in the verdict on page 6 (actual sales to December 31, 2013) and page 8 (projected sales through April 2014).

6.  Using this information, the per unit damages for the Galaxy S III is $2.65 per unit and the per unit damages for the Galaxy Note II is $2.72 per unit. The calculations supporting these figures are included in **Exhibit** 1 to this declaration.

7. Samsung has not reported its sales for May 2014 and thereafter. Based on discovery in the 1846 Case and this case, I am aware that Samsung tracks sales by model and by month. Once Samsung produces these figures, it is simple to calculate supplemental damages by multiplying the per-unit amounts in paragraph 6 by the number of sales for each product that Samsung reports.

8. Based on information produced through December 31, 2013 and public reports, it is my understanding that Samsung continued to sell the Galaxy S III and Galaxy Note II in 2014. To the extent that Samsung has continued to sell other infringing products after April 2014, the same procedure can be used using the verdict form and PX142 to calculate supplemental damages for any of the other seven products once Samsung reports additional sales of those products.

**Prejudgment Interest**.

9. In Case No. 11-CV-01846, the Court previously concluded that prejudgment interest should be calculated using the United States 52-week T-Bill rate compounded annually. (March 1 Order re Damages, 1846 Dkt. 2271 at 7-8.) Since that order, Apple borrowed money in U.S. public markets. The fixed interest rate (coupon rate) that Apple paid on these public bonds has varied between 0.45% percent and 4.45% percent based on the terms of the bonds and their duration. **Exhibit** 2 summarizes this information. These rates are specific to Apple and provide a direct market indication of the return Apple would have earned on the cash owed by Samsung for its infringement. These figures are much more similar to the prime rate than to the 52-week T-Bill rate.

10. Between August 2011 and April 2014, the prime rate as reported by the Federal Reserve has been 3.25% while the 52-week T-Bill rate has been at historic lows, between 0.11% and 0.19% for the same period. Use of the 52-week T-Bill rate greatly undercompensates Apple for what has effectively been a compulsory loan that Apple was forced to make to Samsung while Samsung continued to infringe Apple's patents.

11. For the foregoing reasons, I believe that the prime rate is more appropriate than the 52-week T-Bill rate as a measure of compensation for Samsung's delay in payment. As a result, I provide a calculation of prejudgment interest until July 10, 2014 and a calculation of the daily interest thereafter using both the 52-week T-Bill rate and the prime rate.

12. To determine the date on which damages were earned in the calculation of prejudgment interest, I used the same methods provided for the 1846 case. I used the information on units sold by Samsung in PX142 and the verdict amount. The units sold for each month are multiplied by the average per unit award for all infringing products so that the totals match the jury award exactly. Consistent with the prior calculations, I compound interest on January 1 of each year by adding accrued interest from the prior year to the relevant damages based as of that time. These calculations are reflected in **Exhibit** 3 & **Exhibit** 3.1.

13. **Exhibit** 4 provides the prejudgment interest through July 10, 2014 based on the 52-week T-Bill rate as published by the Federal Reserve. The reported interest rate is converted to a monthly rate by dividing it by 12. **Exhibit** 5 provides the calculation of the daily added interest after July 10, 2014 using the 52-week T-Bill rate, which can be used by the court to bring the prejudgment interest current up to the date of its post-trial order. The interest through July 10, 2014 is $261,612 and the daily added interest is $361.08.

14. **Exhibit** 6 provides the prejudgment interest through July 10, 2014 based on the prime rate as published by the Federal Reserve. The reported interest rate is converted to a monthly rate by dividing it by 12. **Exhibit** 7 provides the calculation of the daily added interest after July 10, 2014 using the prime rate, which can be used by the court to bring the prejudgment interest current up to the date of its post-trial order. The interest through July 10, 2014 is $6,468,029 and the daily added interest is $11,040.36.

15.  **Exhibit 8** reflects the total damages with prejudgment interest through July 10, 2014 and how supplemental damages and prejudgment interest should be added.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed this 22nd day of May 2014, at Baltimore, Maryland.

*Marylee Robinson*
MARYLEE ROBINSON

| | |
|---|---|
| 1 | **ATTESTATION OF E-FILED SIGNATURE** |
| 2 | I, Rachel Krevans, am the ECF User whose ID and password are being used to file this |
| 3 | Declaration. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Marylee |
| 4 | Robinson has concurred in this filing. |
| 5 | Dated:  May 23, 2014                     /s/ Rachel Krevans |
|   |                                                            Rachel Krevans |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28