# EXHIBIT 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　　Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER GRANTING MOTION TO SEAL |

On December 3, 2012, this Court issued an Order granting Samsung's motion for leave to file Apple's license agreement with HTC, and ruling that only the pricing and royalty terms of the agreement could be filed under seal. ECF No. 2179. Samsung has now filed a proposed redacted version of the license agreement. ECF No. 2182. HTC has filed a response and a declaration in support of Samsung's proposed redactions. ECF No. 2186.

As this Court has previously explained, the "compelling reasons" standard applies to documents filed in connection with Apple's motion for a permanent injunction, as, like a dispositive motion, a motion for a permanent injunction cannot be considered tangential to the merits of the case. *See* ECF Nos. 2047; 2168; 2190. The Ninth Circuit has explained that "'compelling reasons' may exist if sealing is required to prevent judicial documents from being

1

Case No.: 11-CV-01846-LHK
ORDER GRANTING MOTION TO SEAL

used 'as sources of business information that might harm a litigant's competitive standing.'" *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

HTC has proposed to redact portions of the license agreement covering the actual pricing and royalty terms, as well as terms explaining exactly how those royalties are to be determined, for which products, and for which precise features. These terms are closely linked with the actual payment and royalty amounts, and may pose a competitive risk to HTC for the same reasons. Specifically, exposure of the details of how the royalties will be determined for any given product could allow other companies to gain an advantage in negotiating with HTC in the future. Further, HTC, not a party to this action, has carefully identified only the specific portions of the agreement likely to cause actual competitive harm. The relevance of this agreement to the present case is limited to which Apple patents have been licensed. Thus, the public's interest in disclosure of the details of how royalties are to be calculated is very limited, and is outweighed by HTC's interest in keeping the most sensitive terms of its license agreements confidential. Accordingly, Samsung's motion to file under seal, incorporating HTC's requested redactions, is GRANTED.

**IT IS SO ORDERED.**

Dated: December 11, 2012

_____
LUCY H. KOH
United States District Judge

2

Case No.: 11-CV-01846-LHK
ORDER GRANTING MOTION TO SEAL