QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**STATEMENT OF RECENT DECISION (L.R. 7-3(d))** |

Case No. 12-CV-00630-LHK (PSG)
STATEMENT OF RECENT DECISION (L.R. 7-3(d))

1 Under Local Rule 7-3(d), Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") bring to the Court's attention the June 2, 2014 Opinion of the United States Supreme Court in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. ___ (2014) ("*Nautilus*"), which issued after Samsung filed its May 23, 2014 Motion For Judgment As A Matter Of Law.[1]  *Nautilus* sets forth the definiteness requirement of 35 U.S.C. § 112.  The decision supports Samsung's contention that (1) claim 25 of the '959 patent is indefinite in view of the term "heuristic" (*see* Docket No. 1903-1 at 32-34) and (2) claim 8 of the '721 patent is indefinite in view of the term "unlock" (*id*. at 19).  Nautilus overturns the Federal Circuit's "insolubly ambiguous" standard and holds that "a patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." (*Nautilus*, 572 U.S. ___ (2014), Slip. Op. at 1.)  A copy of the Slip Opinion is attached hereto as Exhibit A.

DATED:  June 3, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price

Attorneys for
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

---

[1] Samsung previously flagged the relevance of this pending Supreme Court case in its opening post-trial brief and had argued that Apple's claims were invalid even under the higher "insolubly ambiguous" standard.  (Docket No. 1896-3 at 32-34.)