QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**DECLARATION OF MICHAEL L. FAZIO IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

I, Michael L. Fazio, declare:

1. I am a member of the State Bar of California, admitted to practice before this Court, and a partner at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. I make this declaration in support of Samsung's Administrative Motion to File Under Seal Documents Relating to Samsung's Opposition to Apple's Motion for Permanent Injunction ("Administrative Motion").

3. Samsung moves to file under seal:

- Samsung's Opposition to Apple's Motion for Permanent Injunction ("Opposition Brief");
- Exhibits 1, 2-5 to the Declaration of Michael L. Fazio in Opposition to Apple's Motion for Permanent Injunction ("Fazio Declaration");
- The Declaration of Dr. Judith Chevalier in Opposition to Apple's Motion for Permanent Injunction ("Chevalier Declaration");
- Exhibits 2, 4, 5 to the Chevalier Declaration;
- The Declaration of Dr. Tulin Erdem in Opposition to Apple's Motion for Permanent Injunction ("Erdem Declaration");
- Exhibit 2 to the Erdem Declaration;
- The Declaration of Dr. David Reibstein in Opposition to Apple's Motion for Permanent Injunction ("Reibstein Declaration"); and
- Exhibit 1 to the Reibstein Declaration.

4. Samsung's Opposition Brief, Exhibits 1, 3-5 to the Fazio Declaration, the Reibstein Declaration, Exhibit 1 to the Reibstein Declaration, the Erdem Declaration, Exhibit 2 to the Erdem Declaration, the Chevalier Declaration, and Exhibit 2 to the Chevalier Declaration include information Apple may consider confidential.

5. Samsung's Opposition Brief, the Erdem Declaration, Exhibit 2 to the Erdem Declaration, Exhibit 1 to the Reibstein Declaration, the Chevalier Declaration, and Exhibit 2 to the Chevalier Declaration include information that various third-parties, including third party Google, may consider confidential. Specifically:

- Samsung's Opposition Brief may contain information deemed confidential by HTC and Nokia;
- The Chevalier Declaration may contain information deemed confidential by Virnet-X, HTC, Nokia, and IBM;
- Exhibits 2 to the Chevalier Declaration may contain information deemed confidential by Google, IBM, HTC, Media Arts Lab, Microsoft, Motorola, Nokia, Oppenheimer, and Virnet-X;
- The Erdem Declaration may contain information deemed confidential by Google;
- Exhibit 2 to the Erdem Declaration may contain information deemed confidential by Google, Media Arts Lab, Gravity Tank, Oppenheimer, Mr. Kittlaus, Motorola, and HTC;
- The Reibstein Declaration may contain information deemed confidential by Google; and
- Exhibit 1 to the Reibstein Declaration may contain information deemed confidential by Google.

6. Samsung maintains a claim of confidentiality over the following documents listed in paragraph 3:

- Exhibits 1 and 2 to the Fazio Declaration;
- The Chevalier Declaration;
- Exhibits 2, 4, 5 to the Chevalier Declaration;
- The Erdem Declaration;
- Exhibit 2 to the Erdem Declaration;
- The Reibstein Declaration; and
- Exhibit 1 to the Reibstein Declaration.

7. The documents listed in paragraph 6 contain: (1) calculations that reveal Samsung's sales data; (2) calculations that reflect Samsung's per-unit profit, margin and pricing data; (3) information that reveals Samsung's licenses with third parties; (4) Samsung's licensing policies; (5) description of the development, function, categorization, and/or operation of Samsung's source code and/or source code modules; (6) details of Samsung's development efforts regarding non-infringing alternatives, including time to implement; and (7) details of Samsung's proprietary and third party survey data and marketing research.

8. I incorporate by reference the previously filed declarations of Daniel W. Shim, Senior Legal Counsel at Samsung Electronics Co., Ltd., in support administrative motions to file under seal that establish that the Samsung-confidential information at issue here is sealable. (*See* Dkts. 874 (re: Apple's Opposition to Samsung's MSJ), 940 (re: Apple MTS), 1018 (re: Samsung's

Reply ISO MTS); *see also* Dkts. 810, 821, 858, 874, 949, 960 (providing compelling reasons why various categories of Samsung-confidential information should be filed under seal).

9. I am informed and believe that Samsung considers the information regarding its source code and the development of its code highly confidential because competitors could use the information to copy certain features exclusively found on Samsung's products and to gain insight into Samsung's development processes.

10. I am informed and believe that information about Samsung's third-party survey data is highly confidential as Samsung has a contractual obligation to maintain the confidentiality of third-party survey data. This data is generally purchased pursuant to confidentiality agreements and third parties' ability to sell such data may be impacted by public disclosure.

11. I am informed and believe that Samsung considers its survey and market research data highly confidential. Disclosure of Samsung's market research data allows competitors to discover what Samsung considers important functions and features of its phones and tablets and predict Samsung's future product and marketing strategies, removing any first-mover advantage Samsung may otherwise enjoy.

12. I am informed and believe that information about Samsung's unreleased products, future product and marketing strategies, and deliberations regarding product development and marketing, is highly confidential as the disclosure of this information could allow competitors to discover what Samsung considers important functions and features of its phones and tablets, removing any first-mover advantage Samsung may otherwise enjoy regarding those features or providing them with a competitive advantage regarding those development efforts.

13. I am informed and believe that information about Samsung's internal product development processes and design-around times are likewise highly confidential because competitors could use the information to estimate Samsung's development time frames and release dates. Competitors could then try to beat Samsung to the market, removing any first-mover advantage Samsung may otherwise enjoy.

14. I am informed and believe that information about Samsung's licensing agreements with third parties is highly confidential because Samsung frequently negotiates licensing agreements and counterparties could use information about Samsung's existing agreements to Samsung's disadvantage during negotiations.

15. I am informed and believe that Samsung considers the information regarding financial data included in these documents to be highly confidential, including detailed information about profits. Samsung does not report the type of data included in these documents to investors, regulatory bodies, the press, or business analysts. This type of information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information. Even within Samsung's finance and accounting groups, such data can only be accessed by certain personnel on a restricted, need-to-know basis. This type of data guides Samsung's pricing, distribution, financial planning, and other business decisions.

16. Samsung's financial data was produced in this case to Apple's outside counsel and experts for the sole purpose of calculating supposed damages and were marked "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Samsung took special precautions when producing detailed financial data.

17. I am informed and believe that Samsung considers the information regarding specific profit data to be far more sensitive and confidential than company-wide financial statements because they can be used to determine the lowest price at which Samsung can profitably sell its products. Armed with that information, a competitor could charge a lower price in an effort to gain market share. Competitors could also use knowledge of Samsung's highest- and lowest-performing product lines to target marketing and advertising efforts.

18. Suppliers could use the same information as leverage to negotiate higher prices for components, and carrier and retail partners would be able to leverage knowledge of Samsung's margins to negotiate lower prices for Samsung's smart phone and tablet products.

19.     For the foregoing reasons, Samsung requests that Samsung's Administrative Motion be granted as to the portions highlighted in green for the reasons stated in this declaration and in the aforementioned Shim Declarations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 6, 2014, at Los Angeles, California.

*/s/ Michael L. Fazio*
Michael L. Fazio