| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | WILLIAM F. LEE (*pro hac vice*) |
| jkrevitt@gibsondunn.com | william.lee@wilmerhale.com |
| H. MARK LYON (CA SBN 162061) | WILMER CUTLER PICKERING |
| mlyon@gibsondunn.com | HALE AND DORR LLP |
| GIBSON, DUNN & CRUTCHER LLP | 60 State Street |
| 1881 Page Mill Road | Boston, Massachusetts 02109 |
| Palo Alto, California 94304-1211 | Telephone: (617) 526-6000 |
| Telephone: (650) 849-5300 | Facsimile: (617) 526-5000 |
| Facsimile: (650) 849-5333 | |
| | |
| HAROLD J. McELHINNY (CA SBN 66781) | MARK D. SELWYN (CA SBN 244180) |
| hmcelhinny@mofo.com | mark.selwyn@wilmerhale.com |
| JAMES P. BENNETT (CA SBN 65179) | WILMER CUTLER PICKERING |
| jbennett@mofo.com | HALE AND DORR LLP |
| JACK W. LONDEN (CA SBN 85776) | 950 Page Mill Road |
| jlonden@mofo.com | Palo Alto, California 94304 |
| RACHEL KREVANS (CA SBN 116421) | Telephone: (650) 858-6000 |
| rkrevans@mofo.com | Facsimile: (650) 858-6100 |
| RUTH N. BORENSTEIN (CA SBN 133797) | |
| rborenstein@mofo.com | |
| ERIK J. OLSON (CA SBN 175815) | |
| ejolson@mofo.com | |
| Morrison & Foerster LLP | |
| 425 Market Street | |
| San Francisco, California 94105-2482 | |
| Telephone: (415) 268-7000 | |
| Facsimile: (415) 268-7522 | |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 12-cv-0630-LHK |
| Plaintiff, | **DECLARATION OF MARYLEE ROBINSON REGARDING SUPPLEMENTAL DAMAGES** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

I, Marylee Robinson, hereby declare as follows:

1. I am a Director with Stout Risius Ross Inc. ("SRR"), a global financial advisory firm that specializes in Investment Banking, Valuation and Financial Opinions, and Dispute Advisory Services. I have over 10 years of experience providing a variety of litigation consulting services, including commercial damages, fraud investigation, and forensic accounting, as well as consulting on restructuring and insolvency matters. I previously worked at Invotex Group. At both SRR and Invotex, I have assisted in the preparation of damages and financial calculations on behalf of Apple in disputes with Samsung in connection with both lawsuits filed in the Northern District of California. Through my work at SRR and Invotex Group, I have personal knowledge of the matters stated herein. I submit this declaration in support of Apple's Post-Trial Motions seeking supplemental damages and prejudgment interest.

2. I am a licensed Certified Public Accountant. My business address is Legg Mason Tower, 100 International Drive, 23rd Floor, Baltimore, MD 21202.

3. I have prepared this declaration to calculate the supplemental damages and prejudgment interest that Samsung owes Apple in Case No. 11-CV-01846 ("the 1846 Case") based on the methods already identified by the Court. I summarize these amounts in **Exhibit 1**. As shown there, supplemental damages are $181,000,025. Prejudgment interest is $4,385,786 as of July 10, 2014. When added to the prior verdicts, the total for final judgment as of July 10, 2014 is $1,115,245,852. Daily interest award after July 10, 2014 would accrue at $2,557.13 per day.

**Supplemental Damages in Case No. 11-CV-01846**

4. In the 1846 Case, the Court previously ordered how supplemental damages should be calculated. In its order, the Court instructed that the individual verdict for the relevant products for which sales have continued should be converted to a per-unit amount for each product and the resulting figures should be multiplied by Samsung's actual sales of each product after the verdict. (March 1 Order re Damages, 1846 Dkt. 2271 at 5-6.)

5. The August 24, 2012 and November 21, 2013 jury verdicts in the 1846 Case includes per product totals on the verdict forms.

6. JX1500 and JX1550A1 from the 1846 Case provides a statement of the number of units of the infringing products included in the verdicts.

7. Using this information, I calculated the per unit damages for the seven products that Samsung sold after June 30, 2012. The calculations supporting these figures are included in **Exhibit 2.1.**

8. Exhibit 2 to the October 19, 2012 Declaration of Corey Kerstetter and PX142 from Case No. 12-CV-00630 reflect sales of the products included in **Exhibit 2.1** after June 30, 2012. The relevant unit sales and their source are included in the table at the top of **Exhibit 2**. Samsung provided the information contained in PX142 for the first time in February 2014.

9. In the table at the bottom of **Exhibit 2**, I have applied the Court's methods, stated in the March 1 Order re Damages, to calculate supplemental damages from August 25, 2012 to December 31, 2013. The table provides a complete statement of all supplemental damages owed by Samsung.

10. As shown on **Exhibit 2** and **Exhibit 1**, the total supplemental damages that Samsung owes Apple are $181,000,025.

**Prejudgment Interest in the 1846 Case**.

11. In Case No. 11-CV-01846, the Court previously concluded that prejudgment interest should be calculated using the United States 52-week T-Bill rate compounded annually. (March 1 Order re Damages, 1846 Dkt. 2271 at 7-8.)

12. Between July 2010 and May 2014, the 52-week T-Bill rate has been at historic lows, between 0.10% and 0.29%.

13. Based on the Court's order, I have calculated the prejudgment interest that Samsung owes Apple using the Court's methodology through July 10, 2014. As reflected on **Exhibit 3**, Apple is entitled to $4,047,540 in prejudgment interest on the jury awards. As

reflected in **Exhibit 4**, Apple is entitled to $338,246 in prejudgment interest on the supplemental damages award. As reflected on **Exhibit 1**, the total prejudgment interest is $4,385,786.

14. Using the foregoing methods, as shown on **Exhibit 5**, prejudgment interest should be added after July 10, 2014 at the rate of $2,557.13 per day.

15. As I stated in a declaration on May 22, 2014, I believe that the 52-week T-Bill rate undercompensates Apple in light of its public borrowing and I believe that the prime rate would be more appropriate. Nonetheless, I have provided the prejudgment interest calculation using the 52-week T-Bill rate to conform to the Court's order.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed this 6th day of June 2014, at Baltimore, Maryland.

*Marylee Robinson*
MARYLEE ROBINSON

**ATTESTATION OF E-FILED SIGNATURE**

I, Rachel Krevans, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Marylee Robinson has concurred in this filing.

Dated: June 6, 2014    */s/ Rachel Krevans*
                      Rachel Krevans