JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone:  (650) 849-5300
Facsimile:  (650) 849-5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Harold J. McElhinny (CA SBN 66781)
hmcelhinny@mofo.com
Jack W. Londen (CA SBN 85776)
jlonden@mofo.com
Rachel Krevans (CA SBN 116421)
rkrevans@mofo.com
Ruth N. Borenstein (CA SBN 133797)
rborenstein@mofo.com
Erik J. Olson (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>       Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>       Defendants. | Case No. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF PETER J. KOLOVOS REGARDING SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 1907)** |

I, Peter J. Kolovos, hereby declare as follows:

1.      I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned litigation.  I am licensed to practice law in the Commonwealth of Massachusetts, and have been admitted *pro hac vice* in this action.  I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2.      As set forth in greater detail below, Apple supports sealing portions of the documents filed by Samsung in connection with Dkt. No. 1907.  Apple will serve on Samsung a highlighted version of the documents discussed below that identifies the portions of those documents that Apple supports sealing.  Apple understands that Samsung will then file a conformed copy of these documents with the Court identifying what information Apple, Samsung and any third parties have supported sealing in their declarations.

## I.      Samsung's Opposition to Apple's Motion for a Permanent Injunction

3.      Portions of pages 17-18 of Samsung's Opposition discuss the core terms of Apple's licenses with third parties, including information as to the scope of the license and the compensation to be rendered under the license.  The Court has previously allowed Apple to seal similar information pertaining to  "pricing terms, royalty rates, and minimum payment terms[.]" *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (August 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)).  As noted by the Court, the disclosure of such information "could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an uneven bargaining position in future negotiations." *See id.* at 16.

## II.      Exhibits 1-5 to the Declaration of Michael L. Fazio in Opposition to Apple's Motion for Permanent Injunction

4.      Apple does not maintain a claim of confidentiality with respect to Exhibits 1-5.

III.     **Declaration of David Reibstein, Ph.D in Opposition to Apple's Motion for Permanent Injunction**

5.      Portions of pages 42, 45, 201, 208, and 222-23 of the .pdf version of the Declaration of David Reibstein contain or discuss detailed market and/or consumer research information.  This is Apple-proprietary information, and the public disclosure of it would be harmful to Apple for similar reasons as stated in the Declaration of Greg Joswiak in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1496) (supporting sealing Apple market research documents because detailed information of this kind is extremely valuable, such as when pertaining to evolving customer preferences)).  The Federal Circuit has previously approved of Apple's request to seal similar information.  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 2013 WL 4487610, at *10-12 (Fed. Cir. Aug. 23, 2013) (approving the sealing of market research documents).

IV.     **Declaration of Tülin Erdem in Support of Samsung's Opposition to Apple's Motion for Permanent Injunction**

6.      Portions of pages 8, 9, 22, 83-87, 95, 98-107, 185-86, and 202-04 of the .pdf version of the Declaration of Tülin Erdem contain or discuss confidential survey data and Apple market research information.  This is Apple-proprietary information, and the public disclosure of it would be harmful to Apple for similar reasons as stated in the Declaration of Greg Joswiak in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1496)).  As Mr. Joswiak explained, access to this information would be beneficial to competitors trying to take market share away from Apple because competitors would know the value of certain attributes of Apple's customers.  As described by the Federal Circuit, access to Apple's market research and confidential survey data could give competitors a "head-start" and provide them with "an enormous benefit—to Apple's detriment."  *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *11-12 (Fed. Cir. 2013).

## V.   Declaration of Judith A. Chevalier, Ph.D in Opposition to Apple's Motion for Permanent Injunction

7.       Portions of pages 10, 11, 13, 14, 25, 73-78, 82-85, 89-101, 106-12, 119-20, 148, 154, 180, 187, 190-94, 262, and 263 of the .pdf version of the Declaration of Judith A. Chevalier contain or discuss detailed Apple market research and/or buyer survey information.  This is Apple-proprietary information, and the public disclosure of it would be harmful to Apple for similar reasons as stated above and as stated in the Declaration of Greg Joswiak in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1496)).  Further, the Federal Circuit has previously approved of Apple sealing similar information.  *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *11-12 (Fed. Cir. 2013).

8.       Portions of pages 33, 60, 80, 90, 102, 112, 187, 189, 195-98, 201-03, 208-09, 211-12, 216-17, 219-29, 231-32, 238, 246-52, and 257-58 of the .pdf version of the Declaration of Judith A. Chevalier contain or discuss confidential Apple financial information, including per unit profit information, capacity information, and license payment terms.  The Court has previously granted Apple's request to seal similar information.  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846, Dkt. No. 1649 at 10-11 (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)).  As Apple explained in the Declaration of Mark Buckley, the public disclosure of Apple's confidential financial information, such as certain sales data and profit margin-related information, would give competitors a substantial advantage over Apple as competitors could tailor offerings and pricing to undercut Apple.  *See* Dkt. No. 685-1 at 3-5.  Further, the disclosure of Apple's licensing information "could result in significant competitive harm" to Apple.  *See Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (August 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 16).

* * * * *

Declaration of Peter J. Kolovos
Case No. 12-cv-00630-LHK (PSG)

9.      The relief requested by Apple is necessary and narrowly tailored to protect confidential Apple information.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this Declaration was executed this 17th day of June, 2014, in Boston, Massachusetts.


Dated:  June 17, 2014                    _/s/ Peter J. Kolovos_____
                                         Peter J. Kolovos

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on June 17, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

*/s/ Mark D. Selwyn*
Mark D. Selwyn

## ATTESTATION OF E-FILED SIGNATURE

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Peter J. Kolovos has concurred in this filing.

Dated:  June 17, 2014

*/s/ Mark D. Selwyn*
Mark D. Selwyn

Declaration of Peter J. Kolovos
Case No. 12-cv-00630-LHK (PSG)