```
 1                    UNITED STATES DISTRICT COURT
 2                  NORTHERN DISTRICT OF CALIFORNIA
 3                          SAN JOSE DIVISION
 4
 5
     APPLE INC., A CALIFORNIA          )  C-12-00630 LHK
 6   CORPORATION,                      )
                                       )  SAN JOSE, CALIFORNIA
 7                  PLAINTIFF,         )
                                       )  APRIL 30, 2014
 8            VS.                      )
                                       )  VOLUME 15
 9   SAMSUNG ELECTRONICS CO., LTD.,    )
     A KOREAN BUSINESS ENTITY;         )  PAGES 3370-3379
10   SAMSUNG ELECTRONICS AMERICA,      )
     INC., A NEW YORK CORPORATION;     )
11   SAMSUNG TELECOMMUNICATIONS        )
     AMERICA, LLC, A DELAWARE          )
12   LIMITED LIABILITY COMPANY,        )
                                       )
13                  DEFENDANTS.        )
                                       )
14   _____
15
16                    TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE LUCY H. KOH
17                  UNITED STATES DISTRICT JUDGE
18
19
20               APPEARANCES ON NEXT PAGE
21
22   OFFICIAL COURT REPORTERS:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                  CERTIFICATE NUMBER 9595
23
24
25       PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER
```

```
1
2      A P P E A R A N C E S:

3      FOR PLAINTIFF              MORRISON & FOERSTER
       APPLE:                     BY:  HAROLD J. MCELHINNY
4                                      RACHEL KREVANS
                                  425 MARKET STREET
5                                 SAN FRANCISCO, CALIFORNIA   94105

6

7                                 WILMER, CUTLER, PICKERING,
                                  HALE AND DORR
8                                 BY:  WILLIAM F. LEE
                                  60 STATE STREET
9                                 BOSTON, MASSACHUSETTS   02109

10                                BY:  MARK D. SELWYN
                                  950 PAGE MILL ROAD
11                                PALO ALTO, CALIFORNIA   94304

12

13     FOR SAMSUNG:               QUINN, EMANUEL, URQUHART & SULLIVAN
                                  BY:  JOHN B. QUINN
14                                     WILLIAM PRICE
                                  865 S. FIGUEROA STREET, FLOOR 10
15                                LOS ANGELES, CALIFORNIA   90017

16                                BY:  VICTORIA F. MAROULIS
                                       KEVIN B. JOHNSON
17                                555 TWIN DOLPHIN DRIVE
                                  SUITE 560
18                                REDWOOD SHORES, CALIFORNIA   94065

19
20
21
22
23
24
25
```

```
1      SAN JOSE, CALIFORNIA                    APRIL 30, 2014
2                       P R O C E E D I N G S
3          (JURY OUT AT 11:25 A.M.)
4              THE COURT:  GOOD MORNING.  OKAY.  I TRUST THAT YOU'VE
5      SEEN THE FIVE NOTES THAT WE RECEIVED THIS MORNING.
6              MR. BENNETT:  WE HAVE, YOUR HONOR.
7              THE COURT:  ALL RIGHT.  LET ME HEAR FROM COUNSEL AS
8      TO HOW YOU WOULD LIKE THE COURT TO RESPOND.
9              MS. MAROULIS:  YOUR HONOR, WE SHOULD PROVIDE THE
10     EIGHT COPIES OF THE JURY VERDICT FORM.
11             THE COURT:  YES, THAT'S BEEN PREPARED.
12             MS. MAROULIS:  I ASSUME MR. BENNETT AGREES.
13             MR. BENNETT:  AGREED.
14             THE COURT:  ALL RIGHT.  WHAT I'M ALSO GOING TO
15     INCLUDE ON NUMBER 5 IS -- WOULD YOU LIKE TO SEE THE EIGHT
16     COPIES?
17             MS. MAROULIS:  NO, YOUR HONOR.  I ASSUME IT'S COPIES
18     OF THE SAME FORM.
19             THE COURT:  THESE ARE COPIES OF ECF 1836, AND WE HAVE
20     EIGHT COPIES.
21         AND I'M ALSO GOING TO PROVIDE THEM THE AMENDED JOINT LIST
22     OF EXHIBITS ADMITTED, THIS IS ECF NUMBER 1866, JUST SO THEY
23     HAVE THE LATEST ONE.
24         AND I'LL INCLUDE IN THE RESPONSE TO THIS JURY NOTE -- I'VE
25     WRITTEN HERE, "EIGHT COPIES OF THE JURY VERDICT FORM ARE BEING
```

```
 1        PROVIDED TO YOU."
 2             I WOULD LIKE TO ADD ONE SENTENCE THAT JUST SAYS, "HOWEVER,
 3   ONLY ONE FORM CAN BE THE OFFICIAL VERDICT FORM."  OKAY?
 4   THERE'S AGREEMENT ON THAT?
 5             MS. MAROULIS:  AGREED.
 6             THE COURT:  OKAY.
 7             (PAUSE IN PROCEEDINGS.)
 8             THE COURT:  OKAY.  SO THE RESPONSE TO NOTE 5 STATES,
 9   "EIGHT COPIES OF THE JURY VERDICT FORM ARE BEING PROVIDED TO
10   YOU.  HOWEVER, ONLY ONE FORM CAN BE THE OFFICIAL JURY VERDICT
11   FORM.  AN AMENDED JOINT LIST OF ADMITTED EXHIBITS IS ALSO BEING
12   PROVIDED TO YOU.  THE ONLY CHANGE IS TO THE PAGES THAT ARE
13   SEALED IN PDX 223A."
14        IS THAT ACCEPTABLE TO BOTH SIDES?
15             MS. MAROULIS:  YES, YOUR HONOR.
16             MR. BENNETT:  YES, YOUR HONOR.
17             THE COURT:  OKAY.  AND THE TIME NOW ON THIS ONE IS
18   11:26.
19        UNFORTUNATELY, I HAD TWO SENTENCINGS THIS MORNING.  THAT'S
20   WHY WE'RE A LITTLE DELAYED IN GETTING TO THESE.
21        OKAY.  AS FAR AS NOTES 1 THROUGH 4, LET ME HEAR FROM
22   COUNSEL HOW YOU'D LIKE ME TO RESPOND.  I HAVE SOME THOUGHTS
23   MYSELF AS WELL.
24             MS. MAROULIS:  YOUR HONOR, WITH RESPECT TO NOTE
25   NUMBER 1, WE THINK THE JURY SHOULD BE POINTED TO EXHIBIT IN
```

|   |   |
|---|---|
| 1 | EVIDENCE DX 489.245 THROUGH 47, WHICH RESPONDS TO THE JURY'S |
| 2 | QUESTION REGARDING STEVE JOBS AND HIS DIRECTIVES REGARDING |
| 3 | GOOGLE. |
| 4 | WITH RESPECT TO OTHER NOTES, WE DON'T BELIEVE THERE'S |
| 5 | ANYTHING IN THE RECORD THAT SPECIFICALLY ADDRESSES THE JURY'S |
| 6 | QUESTIONS AND THEY SHOULD PROBABLY BE TOLD THAT THE EVIDENCE IS |
| 7 | CLOSED AND THERE'S NO ADDITIONAL -- THERE WON'T BE ADDITIONAL |
| 8 | INFORMATION ON THOSE. |
| 9 | THE COURT: WHAT WAS THAT DX NUMBER, PLEASE? |
| 10 | MS. MAROULIS: DX 489. |
| 11 | THE COURT: WHICH WITNESS DID THAT COME UP WITH? |
| 12 | MS. MAROULIS: THIS PROBABLY CAME IN THROUGH |
| 13 | MR. SCHILLER. THIS IS THE HOLY WAR E-MAIL. |
| 14 | THE COURT: OH, OKAY. WELL, FOR THAT, THE TIMING IS |
| 15 | OFF BECAUSE THE JURY IS ASKING AT THE MOMENT HE DIRECTED, OR |
| 16 | DECIDED TO PROSECUTE THE CASE, WHEN HE DECIDED TO PROSECUTE A |
| 17 | LAWSUIT AGAINST SAMSUNG. YOU SAID IT'S DX 489? |
| 18 | MS. MAROULIS: YES, .245, PAGES .245 THROUGH 47, AND |
| 19 | THE REASON THE TIMING IS RELEVANT IS BECAUSE WHILE THE CASE |
| 20 | ITSELF WAS FILED IN FEBRUARY 2012, THEY OBVIOUSLY STARTED |
| 21 | PREPARING WELL BEFORE THEN, AND THE LITIGATION BETWEEN APPLE |
| 22 | AND SAMSUNG WAS ALREADY PENDING IN 2011 AND IT WAS PART OF THE |
| 23 | STRATEGY TO FILE BOTH THE FIRST CASE IN APRIL 2011 AND THE |
| 24 | SECOND CASE IN FEBRUARY 2012. |
| 25 | THE COURT: ALL RIGHT. YOU ARE REFERRING TO THE, TO |

```
1        WHAT'S BEEN CALLED THE HOLY WAR E-MAIL?
2              MS. MAROULIS:  CORRECT, YOUR HONOR.
3              THE COURT:  OKAY.  THAT'S DATED OCTOBER 24TH OF 2010.
4              MS. MAROULIS:  RIGHT.  AND IT POINTS TO 2011 STRATEGY
5        ON THE BOTTOM OF THE PAGE.
6              THE COURT:  RIGHT.  BUT IT DOESN'T REFERENCE ANYTHING
7        AS TO LITIGATION.  IT JUST SAYS ALL THE WAYS WE WILL COMPETE
8        WITH THEM.
9           ANYWAY, LET ME HEAR FROM APPLE.
10             MR. BENNETT:  WE WOULD OBJECT TO THAT, YOUR HONOR.
11       IT'S NOT RESPONSIVE TO THE QUESTION.  IT WOULD BE PREJUDICIAL
12       AND IMPROPER TO GIVE THAT RESPONSE.
13          WE THINK THE RESPONSE TO ALL FOUR OF THE, ALL FOUR OF THE
14       FIRST QUESTIONS IS ALONG THE LINES SUGGESTED BY COUNSEL, WHICH
15       IS A STATEMENT TO THE EFFECT THAT "ALL THE EVIDENCE IS IN THAT
16       YOU'RE GOING TO HAVE TO CONSIDER IN YOUR DELIBERATIONS, AND YOU
17       WILL NOT BE PROVIDED WITH FURTHER EVIDENCE IN DELIBERATIONS."
18          BUT THEY'VE RECEIVED ALL THE EVIDENCE.  POSSIBLY A
19       REFERENCE BACK TO INSTRUCTION NUMBER 5, WHICH IS JUST A GENERAL
20       INSTRUCTION ABOUT THE EVIDENCE THEY'VE GOT.
21          BUT --
22             MS. MAROULIS:  IF I MAY RESPOND, YOUR HONOR?
23          WITH RESPECT TO NOTE NUMBER 1, YESTERDAY DURING CLOSINGS
24       WHEN APPLE WAS RESPONDING TO SAMSUNG'S PATENT CLAIM, THEY WENT
25       ALL THE WAY BACK TO DISCUSSION IN 2010 AND 2011 AND PROVIDED
```

1    THE BROADER CONTEXT, TO WHICH WE OBJECTED, BUT THEY PROVIDED
2    BROADER CONTEXT OF THE LITIGATION.
3         WE BELIEVE THIS DOES ADDRESS THE JURY'S QUESTION ABOUT
4    STEVE JOBS, GOOGLE, AND DIRECTIVES FOR LITIGATION.
5              MR. BENNETT:  AND, YOUR HONOR, THE, QUOTE-UNQUOTE,
6    HOLY WAR EXHIBIT, I DON'T THINK THE WORD "SAMSUNG" APPEARS IN
7    THAT EXHIBIT.
8              MS. MAROULIS:  YOUR HONOR, THE JURY'S QUESTION IS
9    REGARDING GOOGLE, WHICH IS WHY WE THOUGHT IT WAS APPROPRIATE TO
10   POINT THEM TO THIS PARTICULAR CASE.
11             MR. BENNETT:  THE QUESTION IS THE CASE AGAINST
12   SAMSUNG, WHICH IS A FOLLOW UP INQUIRY TO THAT.
13        EXCUSE ME, YOUR HONOR.  I SHOULDN'T INTERRUPT.
14        (PAUSE IN PROCEEDINGS.)
15             THE COURT:  ALL RIGHT.  I HAVE REVIEWED FOUR --
16   DX 489.245 THROUGH 248 AND THERE'S NO MENTION OF LITIGATION IN
17   THIS E-MAIL.
18        I DON'T THINK WE HAVE IN THE RECORD AN ANSWER TO THE
19   QUESTION OF WHAT -- OF IDENTIFYING THE MOMENT THAT STEVE JOBS
20   DIRECTED OR DECIDED TO PROSECUTE A CASE AGAINST SAMSUNG.
21        THIS IS WHAT I AM GOING TO PROPOSE FOR ALL FOUR
22   INSTRUCTIONS -- FOR ALL FOUR JURY NOTES, TO TAKE THE FIRST LINE
23   OF JURY INSTRUCTION NUMBER 6, WHICH STATES, "IN REACHING YOUR
24   VERDICT, YOU MAY CONSIDER ONLY THE TESTIMONY AND EXHIBITS THAT
25   WERE RECEIVED INTO EVIDENCE."

1          WE CAN SAY, "PLEASE SEE JURY INSTRUCTIONS NUMBER 5 AND 6.

2    NOW THAT THE TRIAL IS OVER, THE EVIDENCE CANNOT BE

3    SUPPLEMENTED."

4          AND THE ONLY REASON I WANTED TO ADD THE SECOND SENTENCE IS

5    IF WE CONTINUE TO RECEIVE JURY NOTES ASKING FOR ADDITIONAL

6    FACTS, I JUST WANT THEM TO KNOW WE CAN'T GIVE THEM ANY MORE

7    FACTS AT THIS POINT.

8          I'M OPEN TO PHRASING IT IN A DIFFERENT WAY.

9          BUT WHAT DO YOU THINK ABOUT THAT PROPOSAL?

10             MR. BENNETT:  WE ARE AGREEABLE TO THAT PHRASING, YOUR

11    HONOR.

12             MS. MAROULIS:  YOUR HONOR, WE AGREE WITH THE

13    PHRASING.

14          THE ONLY THING WE MIGHT ADD, NOT FOR THESE NOTES, BUT FOR

15    THE FUTURE, IS THAT IF THEY WANT TO HEAR THE TESTIMONY, IT CAN

16    BE READ BACK.  I WASN'T SURE IF WE GAVE THEM THAT DIRECTION

17    PREVIOUSLY.

18          AND AGAIN, THIS DOESN'T RELATE TO THESE NOTES, BUT IF WE

19    GET FUTURE QUESTIONS FROM THEM, THEY MAY WANT TO KNOW THAT IF

20    THEY WANT TO HEAR SOMEONE'S TESTIMONY, THEY CAN HEAR IT AGAIN.

21             THE COURT:  DO YOU WANT ME TO GIVE THAT INSTRUCTION

22    NOW OR WAIT UNTIL A JURY NOTE SORT OF CALLS THAT INTO QUESTION?

23    WHAT WOULD YOU LIKE?

24             MR. BENNETT:  I THINK WE'D WAIT, YOUR HONOR.  I JUST

25    THINK MAYBE THAT'S INVITING -- THESE NOTES CLEARLY DON'T --

1      MS. MAROULIS:  THE REASON WE THINK IT MIGHT BE USEFUL
2 NOW IS THAT IT WOULD EXPLAIN TO THEM, WITHOUT TELLING THEM
3 SPECIFICALLY, HOW THEY CAN GET THE EVIDENCE IF THEY NEED IT AS
4 OPPOSED TO BE -- TO ASKING THESE TYPES OF QUESTIONS.
5      THE COURT:  I THINK AT THIS POINT IT MAY BE PREMATURE
6 TO GIVE THAT INSTRUCTION, BUT I'M OPEN TO GIVING THAT AT A
7 LATER POINT.
8      IF IT SEEMS LIKE THEY'RE STRUGGLING AND NEED TO HEAR
9 SOMETHING AGAIN, I'M FINE, AT A LATER POINT, GIVING THAT.  BUT
10 THEY'VE ONLY REALLY JUST BEGUN.
11      SO LET ME GO AHEAD AND -- I'M GOING TO HANDWRITE THE SAME
12 RESPONSE ON ALL FOUR NOTES.  I HAVE COUNSEL'S PERMISSION TO DO
13 THAT; CORRECT?
14      MS. MAROULIS:  YES, YOUR HONOR.
15      MR. BENNETT:  YES, YOUR HONOR.
16      THE COURT:  ALL RIGHT.  AND THEN WE'LL GO AHEAD AND
17 FILE THESE AS WELL SO YOU HAVE A COPY OF WHAT'S GONE TO THE
18 JURY, AND THEN WE'LL BE IN TOUCH AS SOON AS WE HEAR ANYTHING
19 FURTHER.  ALL RIGHT?
20      THANK YOU.
21      MS. MAROULIS:  THANK YOU, YOUR HONOR.
22      MR. BENNETT:  THANK YOU, YOUR HONOR.
23      YOUR HONOR, WE WERE TRYING TO DECIDE WHAT THE SIGNATURE IS
24 OF THE FOREPERSON.
25      THE COURT:  I CAN'T TELL WHO THAT IS.

```
 1              MR. BENNETT:  OKAY.
 2              THE COURT:  AND I'M NOT EVEN SURE THAT IS THE
 3      FOREPERSON.
 4              MR. BENNETT:  YEAH.
 5              THE COURT:  YEAH, BUT I CAN'T TELL WHO THE SIGNATURE
 6      IS.  IF YOU ALL CAN LET ME KNOW?
 7          (LAUGHTER.)
 8              MR. BENNETT:  THANK YOU, YOUR HONOR.
 9              MS. MAROULIS:  THANK YOU, YOUR HONOR.
10          (A RECESS WAS TAKEN PENDING THE JURY'S DELIBERATIONS. )
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

<u>CERTIFICATE OF REPORTER</u>

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

_____
LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

DATED: APRIL 30, 2014