# EXHIBIT 2

# Redacted Version of Document Sought To Be Sealed

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK (PSG)<br><br>APPLE INC.'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORIES NOS. 1, 2, 3, 5, 9, 10, 25, 26, 27, 39, 40, 41, 42, 49<br><br>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple Inc. ("Apple") hereby provides its supplemental responses to Interrogatory Nos. 1, 2, 3, 5, 9, 10, 25, 26, 27, 39, 40, 41, 42, and 49 served by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively, "Samsung"). These responses are based on information reasonably available to Apple at the present time. Apple reserves the right to continue discovery and investigation into this matter and reserves the right to amend and supplement these responses when and if additional information becomes available. Apple's objections as set forth herein are made without prejudice to Apple's right to assert any additional or supplemental objections pursuant to Rule 26(e).

## GENERAL OBJECTIONS

The General Objections set forth in Apple Inc.'s Objections and Responses to Samsung's Interrogatories are incorporated herein by reference.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung's Tenth Set of Interrogatories as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Separately identify and describe in detail each and every instance in which APPLE or anyone else has ever given notice to SAMSUNG of the existence and/or the alleged infringement of the APPLE PATENTS, including without limitation: the date of notice; the manner in which notice was given; the patent(s) and the patent claim(s) at issue; the sum and substance of the notice; and the identity of all documents or oral communications constituting such notice.

Opening Expert Report of Christopher A. Vellturo, PH.D., dated August 12, 2013 and all exhibits, appendices, errata, and supplementations thereto, and all documents and evidence cited therein.

**INTERROGATORY NO. 10:**

Separately for each of the APPLE PATENTS, state the complete factual and legal basis for YOUR contentions that APPLE is entitled to injunctive relief against infringement of the APPLE PATENTS, including but not limited to: (a) what irreparable injury APPLE has suffered; (b) why other remedies such as monetary damages are inadequate to compensate for that injury; (c) why the balance of hardships between APPLE and SAMSUNG warrants a permanent injunction; and (d) why the public interest would not be disserved by an injunction.

**RESPONSE TO INTERROGATORY NO. 10:**

Apple objects to this Interrogatory on the grounds and to the extent it is compound and comprises discrete subparts resulting in separate interrogatories, seeks a legal conclusion, and seeks expert opinion. Apple also objects that this Interrogatory seeks information that is either equally available to Samsung as to Apple, or that is entirely in Samsung's possession, custody, or control. Samsung has not yet produced discovery that Apple has requested that may contain information relevant to the response to this Interrogatory.

Subject to the foregoing General and Specific Objections, Apple responds as follows: Apple is entitled to injunctive relief from Samsung's infringement of the asserted Apple Patents because: (1) it has suffered an irreparable injury; (2) the remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) a remedy in equity is warranted considering the balance of hardships between Apple and Samsung; and (4) the public interest would not be disserved by a permanent injunction.

Apple has suffered irreparable injury and will continue to suffer irreparable injury

without an injunction. Samsung and Apple are intense and direct competitors in the market for smartphones, tablet computers, and media players. Moreover, Samsung has emerged as the leading seller of infringing smartphone, tablet, and media players that run Android, a mobile operating platform that is directly competitive to Apple's iOS operating system. Once customers choose Android over iOS, they tend to stick to that platform, ensuring that Apple's losses will have long-term consequences extending well beyond initial sales lost to Samsung's infringing products. In addition, with each lost iOS customer, Apple loses a significant source of downstream sales, including of other Apple products, accessories, and digital content.

Remedies available at law, such as money damages, are inadequate to fully compensate Apple for the consequences of Samsung's infringement. Although some measure of damages may be calculable, such as lost profits associated with the immediate and direct sales lost to Samsung, and some extent of downstream sales, there is great deal of harm to Apple, resulting from Samsung's infringement, that will not be fully quantified and captured in a damages award.

The balance of hardships also favors Apple. The only hardship Samsung would suffer were it forced to remove the infringing features from products would be to give up the improper advantage Samsung has gained by infringing on Apple's patents. That form of hardship is not a cognizable basis for defeating an injunction.

Finally, the public interest would favor an injunction in this case. Samsung has engaged in a pervasive strategy of copying Apple's products and willfully infringing on Apple's patents. Indeed, Samsung has been found to willfully infringe Apple's patents in the past, and yet has continued to release new infringing products. The public interest favors an injunction to protect Apple's innovation and to stop Samsung from its continued efforts to irreparably harm Apple using Apple's own technology.

Apple further responds by incorporating by reference as if fully set forth herein all

facts and evidence contained or identified in Apple's Motion for Preliminary Injunction (D.I. 10, 44) and Reply in support of its Motion for Preliminary Injunction (D.I. 175), and all supporting documents, as well as the Court's June 29, 2012 Order (D.I. 221, 222).  Apple still further responds that, as explained in Apple's Motion for a Preliminary Injunction, Apple has provided a detailed, expert analysis, demonstrating conclusively that Apple is losing market share to Samsung as a result of Samsung's continued infringement, and will continue to do so absent injunctive relief.

Apple also responds that it has not yet completed its discovery and investigation of the facts relating to this contention interrogatory.  Discovery is ongoing.  Apple will supplement or amend this response with a narrative and/or with the documents reflecting this information under Federal Rule of Civil Procedure 33(d).  Apple's contentions will be detailed in its expert report(s) that will be served in accordance with the procedural schedule set forth in the Court's Case Management Order.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Subject to and incorporating its General Objections and its Specific Objections from Apple Inc.'s Objections and Responses to Samsung's First Set of Interrogatories with regard to Samsung's Interrogatory No. 10, Apple provides the following supplemental response:

1. <u>Apple Has Suffered Irreparable Injury</u>

Apple has suffered and continues to suffer irreparable injury as a result of Samsung's infringement.  As Apple has repeatedly shown, Apple and Samsung are fierce competitors in what has increasingly become a two-player market.  Samsung's own documents recognize that the smartphone market is now a "two-horse race" between Apple and Samsung.  See, e.g., SAMNDCA630-06032442, at *444 ("It's a two horse race in the US and globally.").  Samsung's primary goal in that two-horse race is to "beat Apple" and thus to capture invaluable market share at Apple's expense.  See, e.g., SAMNDCA630-04519375.  As a

- 67 –

Apple's Further Supplemental Responses to Samsung's Interrogatories
Nos. 1, 2, 3, 5, 9, 10, 25, 26, 27, 39, 40, 41, 42, 49
Case No. 12-cv-00630-LHK (PSG)

result of this direct, head-to-head competition, sales Samsung makes as a result of its infringement directly cause Apple long-standing, irreparable harm.  In fact, Samsung has already achieved substantial market share gains at Apple's expense by virtue of its repeated infringement of Apple's intellectual property.  *See, e.g.*, Reply Decl. of Christopher Vellturo, Ph.D., May 14, 2012, (D.I.  178), at 25-34.

Samsung will continue to take sales from Apple for many years to come as a result of its infringement in the short-term because of the "stickiness" of the smartphone, tablet and media player markets.  As the Court in this case has already noted, "Samsung's own documents . . . reveal that Samsung recognizes the importance of brand loyalty and 'platform stickiness' and thus the importance of locking in first-time consumers."  Order Granting Mot. for Prelim. Inj., June 29, 2012 (D.I.  221) ("June 29, 2012 Order"), at 72 (citing SAMNDCA00268352, at *358 ("Android & Apple ecosystems are 'sticky' (high repeat purchases)"), *372 ("capturing first time smartphone buyers is critical to success" because "consumers are loyal to an ecosystem once they enter")).  The full extent of these lost downstream sales is impossible to quantify.



- 68 –

Apple's Further Supplemental Responses to Samsung's Interrogatories
Nos.  1, 2, 3, 5, 9, 10, 25, 26, 27, 39, 40, 41, 42, 49
Case No. 12-cv-00630-LHK (PSG)

- 69 –



Apple documents substantiate that effect. *See, e.g.*, APLNDC630-0000062843, APLNDC630-0000056522. These additional lost sales are also impossible to fully calculate.

So-called "network effects" "further exacerbate the magnitude of Apple's harm," as the Court has already ruled in this case. June 29, 2012 Order, at 76. Specifically, "not only would Apple lose sales of other Apple products to [Samsung] users, but also the resultant smaller installed base of iPhone users would have ripple effects on other prospective Apple customers." *Id.* Samsung's own documents recognize the competitive importance of network effects. *See, e.g.*, SAMNDCA00268763, at *779-781; S-ITC-500056374, at *410; SAMNDCA00258674, at *793; SAMNDCA630-04466096, at *118; SAMNDCA630-00872689, at *69.

Even if Apple could quantify some amount of harm associated with these stickiness, ecosystem, network, or other effects, the full extent of such harms are impossibly to fully calculate.

Moreover, this irreparable harm to Apple is a direct consequence of Samsung's infringement of the Apple patented features at issue in this case. Although Apple disagrees that infringing features must drive customer demand in order for a permanent injunction to issue—particularly given the incalculable harm Apple suffers as a result of widespread infringement by a direct competitor—the Apple patented features at issue in this case not only drive smartphone, tablet, and media player sales, but also are important contributors to user interfaces that are easy to use, which in turn are also key sales drivers. *See, e.g.*, SAMNDCA630-00875256, at *268, *324-329; SAMNDCA11290567, at *592; SAMNDCA630-04466096, at *116; SAMNDCA630-04432191, at 3; APLNDC630-0000128231, at *233, *240; APLNDC630-0000128231, at *480; SAMNDCA00203880, at *915; SAMNDCA630-01022452, at *463; SAMNDCA10175268, at *278, *284, *290; SAMNDCA10029586, at *161; SAMNDCA630_04335717, at *726-28; S-ITC-010698481, at *484; SAMNDCA00203727, at *730; SAMDCA10252803, at *825; SAMNDCA00238251, at *253-254; APLNDC630-0000128231, at *238; SAMNDCA11296712, at *748, *770; SAMNDCA11290440, at *496.

### 2. The Remedies Available at Law Are Inadequate

As discussed in detail above, much of the harm to Apple as a result of Samsung's infringement is not only long-term and irreparable, but unquantifiable as well. As a result, a damages award in this case would fall well short of adequately compensating Apple for Samsung's infringement. Apple therefore requires an injunction against the sale of Samsung's infringing products and at the very least an injunction against Samsung's use of the particular patented features at issue in any of its products.

As the litigation history between the parties shows, Samsung's strategy is to continue using Apple's patented functionality in wave after wave of smartphone, tablet, and media player products brought to market. Samsung's rationale is clear: by continually introducing new products that infringe Apple's patents, Samsung attempts to stay one step ahead of the legal system and further capture invaluable market share from Apple—using Apple's own innovation against it—as litigation plays out. Moreover, this strategy pays substantial dividends to Samsung no matter how much it may ultimately be liable for in terms of monetary damages, as every new Samsung product on the market results in additional longstanding gains due to, for example, market stickiness, related ecosystem sales, and network effects, as discussed above. Only an injunction prohibiting Samsung's use of Apple's patented features will bring an end to Samsung's harmful tactics and curb the irreparable, and largely unquantifiable, harm Apple suffers.

### 3. The Balance of Hardships Favors Apple

The balance of hardships rests sharply in Apple's favor. As the Court has already noted, "Apple's interest in enforcing its patent rights is particularly strong because it has presented a strong case on the merits" with respect to four of the patents at issue in this case. June 29, 2012 Order, at 97. "Samsung, by contrast, [has not presented] any evidence of what hardship it will suffer if [an] injunction issues." *Id.* In fact, Samsung has admitted that an injunction against Samsung's use of the patented features at issue would pose no substantial

harm on Samsung.  Indeed, Samsung has described the intellectual property at issue as "minuscule feature patents."  Samsung's Mot. to Compel Production of Documents Responsive to Samsung's Seventh Set of Requests for Production (RFP Nos. 337-349), April 2, 2013 (D.I. 433), at 19.  Samsung has no basis, then, to argue that it would suffer material hardship if forced to remove the patented features at issue from its products.

    4.    <u>The Public Interest Would Not Be Disserved By a Permanent Injunction</u>

The public interest also favors an injunction in this case.  An injunction would curb Samsung's serial infringement of Apple's patent rights and uphold the importance of the patent system in encouraging innovation, as this Court has already held.  *See* June 29, 2012 Order, at 99.  "Although Samsung has a right to compete, it does not have a right to compete with infringing products."  *Id.*  Samsung, by contrast, has identified no substantial interest whatsoever in allowing it to continue infringing Apple's patents and release product after product into the market that incorporates Apple's hard-earned innovation.

Discovery is ongoing and Apple is continuing to investigate.  Apple reserves the right to supplement and/or amend its response as appropriate.

**<u>SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:</u>**

Subject to and incorporating its General Objections and its Specific Objections and Responses from Apple Inc.'s Objections and Responses to Samsung's First Set of Interrogatories with regard to Samsung's Interrogatory No. 10 and Apple Inc.'s Second Supplemental Objections and Responses to Samsung's First Set of Interrogatories with regard to Samsung's Interrogatory No. 10, Apple provides the following additional supplemental response:

Apple incorporates herein by reference Apple's Supplemental Response to Samsung Interrogatory Nos. 5 and 39, which contain additional information relating to the substantial irreparable harm posed by Samsung's infringement to Apple as well as the value of the Apple patented features at issue.  Further, Samsung's infringement of the patents in suit is

demonstrated by Apple's Infringement Contentions and all of the evidence cited therein, including any amendments to those Infringement Contentions. All of such evidence is incorporated by reference herein as evidence to show infringement, copying, failure to design around after notice of infringement and the importance of the patented features to Samsung, Google and customers. Additional documents evidencing Samsung's infringement of the patents in suit include, but are not limited to, the documents identified in the attached Exhibits A-G.

In addition, Samsung's infringement and failure to design around the patents-in-suit will be the subject of expert testimony and the forthcoming expert reports are hereby incorporated by reference.

Discovery is ongoing and Apple is continuing to investigate. Moreover, Apple's contentions and information related to Apple's response to this Interrogatory will be detailed in Apple's expert report(s) that will be served in accordance with the procedural schedule set forth in the Court's Case Management Order. Apple reserves the right to supplement and/or amend its response as appropriate.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

Additional evidence to show Apple's entitlement to injunctive relief, including the irreparable injury Apple has suffered, the inadequacy of monetary damages, the balance of the hardships between Apple and Samsung, and the public's interest in enjoining Samsung's infringement includes, but is not limited to, the documents identified in the attached Appendices G, H, J, and K. Additional evidence to show infringement, copying, failure to design around after notice of infringement of the patents-in-suit and the importance of the patented features to Samsung, Google and customers includes, but is not limited to, the Samsung accused devices that Apple has made available for inspection and the documents identified in the attached Appendices A, B, C, D, E, and F. Apple also incorporates by

reference its responses and supplemental responses to Samsung's Interrogatory Nos. 5, 39, and 49.

In addition, Apple's contentions regarding the harm it has suffered as a result of Samsung's infringement, infringement of the patents-in-suit, copying, failure to design around after notice of infringement and the importance of the patented features to Samsung, Google and customers are the subject of expert opinions found in the following expert reports which are hereby incorporated by reference:

- Opening Expert Report of Christopher A. Vellturo, PH.D., dated August 12, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Expert Report of John R. Hauser, August 11, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Declaration of Christopher Vellturo, PH.D., dated February 8, 2012 and all exhibits, appendices, errata, and supplementations thereto
- Reply Declaration of Christopher Vellturo, PH.D., dated May 14, 2012 and all exhibits, appendices, errata, and supplementations thereto
- Expert Report of Dr. Alex C. Snoeren Concerning U.S. Patent Nos. 6,847,959 And 7,761,414 dated August 12, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Initial Expert Report Of Dr. Todd C. Mowry Regarding Infringement Of U.S. Patent No. 5,946,647 dated August 12, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Expert Report Of Professor Andrew Cockburn dated August 12, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Rebuttal Expert Report of Dr. Alex C. Snoeren Concerning U.S. Patent Nos. 6,847,959 And 7,761,414 dated September 13, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Rebuttal Expert Report Of Dr. Todd C. Mowry Regarding Infringement Of U.S. Patent No. 5,946,647 dated September 13, 2013 and all exhibits, appendices, errata, and supplementations thereto
- Rebuttal Expert Report Of Professor Andrew Cockburn dated September 13, 2013 and all exhibits, appendices, errata, and supplementations thereto

In addition, Apple reserves the right to submit additional expert testimony regarding its entitlement to injunctive relief at an appropriate stage of the case.