QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S REQUEST FOR LEAVE FOR SUPPLEMENTAL BRIEFING TO ADDRESS ALICE V. CLS BANK DECISION**<br><br>**Date:**　July 10, 2014<br>**Time:**　1:30 p.m.<br>**Place:**　Courtroom 8, 4th Floor<br>**Judge:**　Hon. Lucy H. Koh |

On June 19, 2014, the Supreme Court issued its opinion in *Alice Corp. Pty. Ltd. v. CLS Bank Intern. et al.*  A copy of the opinion is attached as Exhibit A.  The Court's opinion in *Alice* offered a new standard to identify patent-ineligible "abstract ideas" implemented on a computer. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, __ S. Ct. __, 2014 WL 2765283, at *6-12 (2014).  The Supreme Court's opinion unambiguously stated that "abstract ideas" are not eligible for patent protection under 35 U.S.C. § 101 unless the claim "contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Id.* at *9.  This standard cannot be met by reciting "generic computer functions" that any computer could perform in implementing such an idea.  *Id.* at *11.

This new holding directly implicates the invalidity of the '959 and '721 patents. Specifically, in view of the Supreme Court's decision in *Alice*, the sole asserted claims of the '959 and '721 patents, claims 25 and 8 respectively, are invalid efforts to claim an abstract idea, implemented with generic computer functions that do not state any technical innovation.

Samsung requests leave to file the attached supplemental brief regarding the impact of the Court's decision in *Alice* on the validity of claim 25 of the '959 patent and claim 8 of the '721 patent.  At least one other Court has already permitted supplemental briefing in view of the *Alice* decision.  (*See Walker Digital, LLC v. Google Inc.*, Case No. 11-318-LPS, 2014 WL 2880474, at *2 (D. Del. Jun. 24, 2014).)   Short supplemental briefs on this issue would assist the Court in assessing the impact of *Alice* on the pending post-trial motions.  Supplemental briefing would also mirror the procedures used in the 1846 litigation to address the impact of new Supreme Court decisions on post-trial motions.  In *Apple v. Samsung,* Case No. 11-CV-01846-LHK, the Court instructed both parties to file supplemental briefs regarding the potential effects of two new Supreme Court decisions on Apple's already filed motion for attorney's fees.  (1846 Dkt. 3092.) Samsung requests a similar procedure here.  Samsung's proposed brief is attached as Exhibit B. Samsung asks that Apple's responsive brief, if any, be filed no later than July 8, 2014, of no more than five pages, and Samsung shall file a reply if any of no more than two pages by July 9, 2014.

Good cause supports Samsung's request.  Samsung could not have raised the Supreme Court's holding in *Alice* earlier, as the Supreme Court issued its opinion in *Alice* on June 19, 2014.

In *Alice*, the Supreme Court changed the prevailing standard for determining subject matter eligibility under section 101 of the Patent Act. While it nominally affirmed the Federal Circuit's *en banc* decision, 2014 WL 2765283 at *3, the now-prevailing test articulated by the Supreme Court was not found in any opinion that commanded a majority in the Federal Circuit's prior *en banc* decision. The only precedential opinion that came out of the Federal Circuit's *en banc* proceedings was a one paragraph *per curiam* affirmance. *CLS Bank Int'l. et al. v. Alice Corp. Pty. Inc.*, 717 F.3d 1269, 1273 (Fed. Cir. 2013). As Judge Rader explained, in referencing the seven separate opinions arising from of the Federal Circuit's *en banc* proceedings, "nothing said today beyond our judgment has the weight of precedent." *Alice*, 717 F.3d at 1292 n.1 (Rader, J., concurring-in-part). According to Judge Newman, the Federal Circuit *en banc* proceedings resulted in "at least three incompatible standards, devoid of consensus, serving simply to add to the unreliability and cost of the system of patents as an incentive for innovation." *Alice*, 717 F.3d at 1321 (Newman, J., concurring-in-part and dissenting-in-part).

Furthermore, the Patent and Trademark Office has recognized *Alice* as a change in law – namely, *Alice* makes clear that the framework in *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012), applies "to analyze all claims directed to laws of nature, natural phenomena, and abstract ideas for subject matter eligibility under 35 U.S.C. § 101." (U.S. PATENT & TRADEMARK OFFICE, MEMORANDUM: PRELIMINARY EXAMINATION INSTRUCTIONS IN VIEW OF THE SUPREME COURT DECISION IN *ALICE CORP. PTY. LTD V. CLS BANK INT'L ET AL* (June 25, 2014), at 1.)[1] Prior to *Alice*, the "USPTO guidance applied a different analysis to claims with abstract ideas (*Bilski* guidance in MPEP 2106(II)(B)) than to claims with laws of nature (*Mayo* guidance in MPEP 2106.1)." *Id.* at 2. *Alice* also makes clear that the same analysis should be used for both product and process claims. *Id.* Responding to the *Alice* decision, the USPTO issued a memorandum to "provide preliminary instructions . . . to the Patent Examining Corps relating to

---

[1] The Memorandum is available at http://www.uspto.gov/patents/announce/alice_pec_25jun2014.pdf.

subject matter eligibility of claims involving abstract ideas, *particularly computer-implemented abstract ideas*, under 35 U.S.C. § 101." *Id.* at 1 (emphasis added).

The new, single standard that arose out of the Supreme Court's opinion in *Alice* thus changed the landscape for determining subject matter eligibility under section 101. While Samsung previously disclosed its contention in discovery that claim 25 of the '959 patent and claim 8 of the '721 patent are invalid under section 101 generally, Samsung could not have considered the new *Alice* standard before now.  (Dkt. 540-16 (Samsung's Third Amended Invalidity Contentions) at 66-67, 113-114.)  Samsung thus seeks to make this showing under the new standard now – as soon as reasonably possible after the issuance of *Alice*.

In view of the new standard in *Alice*, claim 25 of the '959 patent is invalid as claiming unpatentable subject matter.  Apple's expert at trial effectively conceded this point, testifying that a heuristic is "just basically, you know, a good idea." (Trial Tr. at 938:16-17.)  This closely mirrors the claims in *Alice* which concerned the abstract idea of "intermediated settlement[s]." 2014 WL 2765283 at *3.  Claim 25 of the '959 patent similarly attempts to claim the use of abstract "good idea[s]" to locate information.  (Trial Tr. at 938:16-17.)  Claim 8 of the '721 patent is likewise invalid as claiming unpatentable subject matter, claiming only the idea of sliding to unlock implemented in any way on any generic portable electronic device.  Indeed, Apple's expert testified that the '721 patent does "not speak to any particular requirement in the form of instructions.  Any instructions would do." (Trial Tr. at 626:5-11).

Claim 25 of the '959 patent and claim 8 of the '721 patent cannot stand in the wake of *Alice*.  Samsung therefore asks the Court to consider the short supplemental brief attached hereto addressing the *Alice* decision and its impact on pending motions.

**SAMSUNG'S REQUEST FOR LEAVE FOR SUPPLEMENTAL BRIEFING
TO ADDRESS ALICE V. CLS BANK DECISION**

DATED: July 3, 2014

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
     Kevin P.B. Johnson
     Victoria F. Maroulis
     William C. Price
     Michael L. Fazio

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

-4-
**SAMSUNG'S REQUEST FOR LEAVE FOR SUPPLEMENTAL BRIEFING
TO ADDRESS ALICE V. CLS BANK DECISION**

## ATTESTATION

I, Michael L. Fazio, am the ECF user whose ID and password are being used to file the foregoing document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated: July 3, 2014

*/s/ Michael L. Fazio*
Michael L. Fazio