# EXHIBIT B

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100

9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael L. Fazio (Bar No. 228601)
11 michaelfazio@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
12 Los Angeles, California  90017
   Telephone:  (213) 443-3000
13 Facsimile:  (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

16

17                    UNITED STATES DISTRICT COURT

18          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19 | APPLE INC., a California corporation, | CASE NO. 12-cv-00630-LHK |
|---|---|
| 20 | Plaintiff, | **SUPPLEMENTAL BRIEF IN SUPPORT OF SAMSUNG'S MOTION FOR** |
| 21 | vs. | **JUDGMENT AS A MATTER OF LAW IN VIEW OF *ALICE V. CLS BANK*** |
| 22 | SAMSUNG ELECTRONICS CO., LTD., a | **DECISION** |
| 23 | Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | **Date:**   July 10, 2014 |
| 24 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **Time:**   1:30 p.m. **Place:**  Courtroom 8, 4th Floor **Judge:**  Hon. Lucy H. Koh |
| 25 | Defendants. | |
| 26 | | |

27

28

1    **I.      INTRODUCTION**

2            On June 19, 2014, the Supreme Court issued its opinion in *Alice Corp. Pty. Ltd. v. CLS*

3    *Bank Intern. et al.*, __ S. Ct. __, 2014 WL 2765283 (2014).  The Court's opinion in *Alice* offered a

4    new standard to identify patent-ineligible "abstract ideas" implemented on a computer.  *Id.* at *6-

5    12.  Under *Alice*, "abstract ideas" are not patentable under 35 U.S.C. § 101 unless the claim

6    "contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-

7    eligible application."  *Id.* at *9.  This standard cannot be met by reciting "generic computer

8    functions" that any computer could perform.  *Id.* at *11.

9            In view of the Court's new holding in *Alice*, the sole asserted claims of the '959 and '721

10   patents are invalid.  Each attempts to claim an abstract idea, implemented with generic computer

11   functions that do not state any technical innovation.  Claim 25 of Apple's '959 patent contains

12   only a recitation of abstract ideas, implemented on any computer readable medium.  It describes

13   using "heuristics" – something Apple considers simply "good ideas" – to locate information in

14   multiple locations.  Claim 25 presents nothing more than this basic idea, implemented with the

15   very same generic computer functions the Court held are insufficient to confer patent eligibility.

16   *Alice*, 2014 WL 2765283 at *6-12.  Claim 8 of the '721 patent similarly claims an unpatentable

17   abstract idea implemented on a generic portable computing device.  The claim covers nothing

18   more than the idea of moving an image to unlock the device.  The remaining claim elements are

19   generic limitations present in "any computing device."  (Tr. 659:19-21).  This simply is not

20   enough to qualify for patent protection post-*Alice*.  Both claims are invalid as a matter of law.

21   **II.    UNDER THE NEW *ALICE* STANDARD, CLAIM 25 OF THE '959 PATENT AND
         CLAIM 8 OF THE '721 PATENT ARE INVALID**

22

23           **A.      Claim 25 of the '959 Patent and Claim 8 of the '721 Patent Are Directed to the
                 Abstract Ideas of Using "Heuristics" to Locate Information and Moving a
                 Lock Into An Unlocked Position**

24

25   *Alice* clarified that section 101 does not permit a patentee to claim an "abstract idea," even

26   if that abstract idea is described as being implemented on a computer.  2014 WL 2765283 at *9-

27   10.  Claim 25 of the '959 patent is directed to just such an idea.  Apple's own expert explained at

28   trial that the '959 patent attempts to generally claim the use of a "heuristic" to locate information

**SUPPLEMENTAL BRIEF IN SUPPORT OF SAMSUNG'S MOTION FOR JUDGMENT AS A MATTER OF
LAW IN VIEW OF ALICE V. CLS BANK DECISION**

1  through a computer – and further claimed that a "heuristic" is "just basically, you know, *a good*

2  *idea*." (Trial Tr. at 938:16-17 (emphasis added); *see also* Dkt. 805-5, Ex. 29A (Apple expert

3  describing "heuristics" as a "concept" – specifically, "kind of a broad concept").)[1]  This is

4  strikingly similar to the language the Supreme Court itself used to describe unpatentable abstract

5  ideas.  *See*, *e.g.*, *Alice*, 2014 WL 2765283 at *8 (referring to the abstract idea disclosed as a

6  "concept").

7       Apple's expert testimony accords with the Court's construction of "heuristic."  The Court

8  construed "heuristic" in the '959 patent as a particular type of idea – "some rule of thumb that

9  does not consist solely of constraint satisfaction parameters."  (Dkt. No. 1150  at 31.)  A rule of

10  thumb is a general principle, not a specific technological process.  The Court's construction further

11  captures the open-ended and abstract nature of the '959 patent claims, noting that a "heuristic" can

12  be *any* "rule of thumb," as opposed to a particular formulation or application of a specific idea.

13  Claiming the abstract concept of "some rule of thumb," or the use of "good ideas" or "rules of

14  thumb" to find information, is indistinguishable from the claims invalidated in *Alice*.  *See* 2014

15  WL 2765283 at *7 (discussing hedging against risk as abstract idea); *id*. at *8 (intermediated

16  settlement as an abstract idea).  Apple cannot claim basic "method[s] of organizing human

17  activity" such as using "good ideas" or "rules of thumb" in the wake of *Alice*, and so claim 25 of

18  the '959 patent should be held invalid as a matter of law.  *Id.* at *8.

19       The same holds true for claim 8 of the '721 patent.  Claim 8 of the '721 patent is directed

20  to the abstract idea of locking and unlocking a device.  Claim 8 imposes no requirements or

21  limitations on the particular implementation of that abstract idea, other than the generic concept of

22  sliding an image on a screen.  As Apple's own expert testified, the '721 patent does "not speak to

23  any particular requirement in the form of instructions.  Any instructions would do."  (Trial Tr. at

24  626:5-11).  This abstract concept – moving a lock into an unlocked position – is a basic "method

25

---

26       [1]   *See also* Trial Tr. at 940:1-3 ("You'll find those heuristics, those sorts of rules of thumb that

27  are going to help do a good job for searching in that particular location that they're responsible

28  for.").

**SUPPLEMENTAL BRIEF IN SUPPORT OF SAMSUNG'S MOTION FOR JUDGMENT AS A MATTER OF LAW IN VIEW OF ALICE V. CLS BANK DECISION**

1  of organizing human activity" that is not patent-eligible, absent some technical innovation.  2014

2  WL 2765283 at *8-9.

3  **B.      Claim 25 of the '959 Patent and Claim 8 of the '721 Patent Do Not Describe
          Any "Inventive Concept"**

4  Where claims are directed to abstract ideas, a court must ask "[w]hat else is there in the

5  claims before us?"  *Id.* at *6.  Specifically, *Alice* directs courts to consider "whether the additional

6  elements 'transform the nature of the claim' into a patent-eligible application."  *Id.  Alice* explains

7  that this "search for an 'inventive concept'" determines whether there is "an element or

8  combination of elements that is 'sufficient to ensure that the patent in practice amounts to

9  significantly more than a patent upon the [ineligible concept] itself.'"  *Id.* (quoting *Mayo*

10 *Collaborative Servs.* v. *Prometheus Labs., Inc.*, 566 U. S. ___ (2012).)  Moreover, a claim that

11 "merely requir[es] generic computer implementation fails to transform that abstract idea into a

12 patent-eligible invention."  *Id.* at *3.  Where a claim describes implementing an abstract idea using

13 "purely conventional" means, such as "a generic computer to perform generic computer functions"

14 like "use of a computer to obtain data," the claim lacks any inventive concept.  *Id.* at *9, *11.

15 Claim 25 of the '959 patent clearly recites nothing more than a "generic computer to

16 perform generic computer functions," such as receiving data or searching data.  Using a heuristic

17 – a "good idea" – to carry out those operations adds no inventive concept.  To the contrary:  the

18 trial record demonstrates that these operations were "conventional" at the time.  (*E.g.*, Trial Tr. at

19 1931:19-23; JX-56 at 4:5-29 (1995 patent describing heuristic search as a "conventional" form of

20 search.)  Nor do references to local storage media or the Internet alter the analysis; *Alice* held that

21 limiting an abstract idea to a particular environment is not enough for patent eligibility.  2014 WL

22 2765283 at *10 ("limiting the use of an abstract idea 'to a particular technological environment'"

23 is not an inventive concept) (quoting *Bilski v. Kappos,* 561 U.S. 593, 610-611 (2010).)

24 The other limitations of claim 25 are similarly generic.  Receiving data, providing it to

25 "heuristics," accessing data, and displaying data were all "purely conventional" at the time the

26 '959 patent was filed – a fact the '959 patent specification readily admits.  2014 WL 2765283 at

27

28

**SUPPLEMENTAL BRIEF IN SUPPORT OF SAMSUNG'S MOTION FOR JUDGMENT AS A MATTER OF
LAW IN VIEW OF ALICE V. CLS BANK DECISION**

1   *9; Trial Tr. at 1930:2-1931:23.  Beyond these generic computer functions, claim 25 describes no

2   further combination of elements that could render the claim inventive or patent-eligible.

3   Claim 25's drafting as a "computer readable medium"-style claim provides no additional

4   support for patentability.  *Alice* reiterated the long-standing principle that the technical form of the

5   claim cannot override viewing the claims as a whole when determining validity under section 101.

6   2014 WL 2765283 at *10.  Were it otherwise, "[s]uch a result would make the determination of

7   patent eligibility 'depend simply on the draftsman's art.'"  *Id.* (quoting *Parker v. Flook*, 437 U.S.

8   584, 593 (1978).)  Here, claim 25 of the '959 patent mirrors almost exactly the method recited in

9   claim 19. (JX-4 at 8:58-9:30.)  The only material difference between the two claims is the styling

10  of the claim as a computer readable medium containing program "instructions."  (*Id.*)  The

11  presence of this parallel method claim aptly demonstrates the lack of an "inventive concept"

12  beyond the abstract idea of using a heuristic to locate information in two particular places.  In

13  essence, claim 25 "[s]tat[es] an abstract idea while adding the words 'apply it with a computer.'"

14  2014 WL 2765283 at *10.  That generic application of an idea to a computer does not confer

15  patent eligibility after *Alice*.

16  Claim 8 of the '721 patent likewise lacks any technical innovation that might save the

17  patent from invalidity under Section 101.  Simply using a computer to implement the abstract idea

18  of moving a lock from locked to unlocked position does not render the idea patentable.  *Id.*

19  ("[L]imiting the use of an abstract idea 'to a particular technological environment'" is not enough

20  (quoting *Bilski*, 561 U.S. at 610-611).)  Yet this is all that claim 8 describes.  It recites

21  conventional computer operations such as display of an image and moving that image on the

22  screen (JX10 at 19:51-20:12), to implement the abstract idea of unlocking a lock on any generic

23  computer.  There is no special or specific hardware or software involved – Apple's own expert

24  admitted that the recited hardware and software components are requirements of "any computing

25  device." (Tr. 659:15-23).  As in *Alice*, this recitation of "a handful of generic computer

26  components" that are present on nearly every computer does not render the idea patent eligible

27  under § 101.  2014 WL 2765283 at *12.

28

**SUPPLEMENTAL BRIEF IN SUPPORT OF SAMSUNG'S MOTION FOR JUDGMENT AS A MATTER OF
LAW IN VIEW OF ALICE V. CLS BANK DECISION**

1    **III.    CONCLUSION**

2        In view of the new standard articulated by *Alice*, claim 25 of the '959 patent and claim 8 of

3    the '721 patent should be held invalid under Section 101 as claiming unpatentable, abstract ideas.

**SUPPLEMENTAL BRIEF IN SUPPORT OF SAMSUNG'S MOTION FOR JUDGMENT AS A MATTER OF LAW IN VIEW OF ALICE V. CLS BANK DECISION**

1

2   DATED: July 3, 2014                Respectfully submitted,

3                                      QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
4

5                                      By /s/ Victoria F. Maroulis
                                          Kevin P.B. Johnson
6                                         Victoria F. Maroulis
                                          William C. Price
7                                         Michael L. Fazio

8                                         Attorneys for SAMSUNG ELECTRONICS CO.,
                                          LTD., SAMSUNG ELECTRONICS AMERICA,
9                                         INC. and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL BRIEF IN SUPPORT OF SAMSUNG'S MOTION FOR JUDGMENT AS A MATTER OF
LAW IN VIEW OF ALICE V. CLS BANK DECISION

1

## **ATTESTATION**

2      I, Michael L. Fazio, am the ECF user whose ID and password are being used to file the

3  foregoing document.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Victoria F.

4  Maroulis has concurred in this filing.

5  Dated:  July 3, 2014                                   */s/ Michael L. Fazio*
                                                              Michael L. Fazio
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL BRIEF IN SUPPORT OF SAMSUNG'S MOTION FOR JUDGMENT AS A MATTER OF
LAW IN VIEW OF ALICE V. CLS BANK DECISION