| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| HAROLD J. McELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>JAMES P. BENNETT (CA SBN 65179)<br>jbennett@mofo.com<br>JACK W. LONDEN (CA SBN 85776)<br>jlonden@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>RUTH N. BORENSTEIN (CA SBN 133797)<br>rborenstein@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendant. | Case No.    12-cv-00630-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S REQUEST FOR LEAVE FOR SUPPLEMENTAL BRIEFING TO ADDRESS ALICE V. CLS BANK DECISION** |

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................................................... iii

I. INTRODUCTION ...............................................................................................................1

II. SAMSUNG'S REQUEST FOR LEAVE FOR SUPPLEMENTAL BRIEFING SHOULD BE DENIED ...................................................................................2

    A. Samsung Waived Its § 101 Defense of Patent Ineligibility ..................................2

    B. Samsung Fails To Establish Good Cause For Its Request ....................................4

    C. Samsung's Request Also Is Procedurally Improper and Untimely .......................5

III. EVEN IF CONSIDERED, SAMSUNG'S SUPPLEMENTAL BRIEF FAILS TO ESTABLISH THAT SAMSUNG IS ENTITLED TO JMOL BASED ON PATENT INELIGIBILITY ............................................................................6

    A. Claim 25 of the '959 Patent Is Not Invalid Under § 101 .......................................6

        1. Samsung fails to show that claim 25 is drawn to an abstract idea ..................................................................................................6

        2. Even assuming that claim 25 were drawn to an abstract idea, Samsung fails to show that it does not contain an inventive concept ..................................................................................................8

    B. Claim 8 of the '721 Patent Is Not Invalid Under § 101 .........................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alice Corporation Pty. Ltd. v. CLS Bank International*,
 134 S. Ct. 2347 (2014) ............................................................................................ *passim*

*Baden Sports, Inc. v. Molten USA, Inc.*,
 556 F.3d 1300 (Fed. Cir. 2009) ............................................................................................ 3

*Bilski v. Kappos*,
 130 S. Ct. 3218 (2010) ........................................................................................................ 8

*CLS Bank Int'l v. Alice Corp. Pty.*,
 717 F.3d 1269 (Fed. Cir. 2013) ..................................................................................... 1, 6

*Diamond v. Diehr*,
 450 U.S. 175 (1981) ............................................................................................................ 9

*i4i Ltd. P'ship v. Microsoft Corp.*,
 598 F.3d 831 (Fed. Cir. 2010) ............................................................................................ 4

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
 132 S. Ct. 1289 (2012) .................................................................................................... *passim*

*Medisim Ltd. v. BestMed, LLC*,
 No. 2013-1451, slip op. at 9 (Fed. Cir. July 14, 2014) ........................................................ 3

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
 No. 13-369 (argued Apr. 28, 2014) ............................................................................ 1, 4, 5

*S. Cal. Retail Clerks Union & Food Emp'rs Joint Pension Trust Fund v. Bjorklund*,
 728 F.2d 1262 (9th Cir. 1984) ............................................................................................ 3

S*print Commc'ns Co. L.P. v. Vonage Holdings Corp.*,
 500 F. Supp. 2d 1290 (D. Kan. 2007) ................................................................................. 3

*Walker Digital, LLC v. Google, Inc.*,
 No. 11-318-LPS, 2014 WL 2880474, (D. Del. June 24, 2014) ...................................... 5 n.2

**RULES**

Civ. L.R. 6-3(a), 7-1(a), 7-2(a) ................................................................................................. 5

Fed. R. Civ. P.
 Rule 16(d) ............................................................................................................................ 3
 Rule 50(a) ................................................................................................................... 1, 2, 3
 Rule 50(b) ............................................................................................................................ 2

As directed by the Court's July 4, 2014, Order Re: Samsung's Request for Leave for Supplemental Briefing (Dkt. 1937), Apple submits this response addressing both procedural and substantive issues.

## I.  INTRODUCTION

While styled as a request for "supplemental briefing," Samsung actually seeks to revive a defense that it waived long ago. Samsung failed to raise any § 101 patent-eligibility defense in the Joint Amended Pretrial Statement that defined the issues for trial, at the trial itself, in either of its Rule 50(a) motions, or in its pending post-trial JMOL motion. Thus, Samsung has waived any defense under § 101 and there is no briefing for Samsung to "supplement." That the Supreme Court recently issued an opinion addressing an issue that is not in this case does not allow Samsung to resurrect that issue at this late stage.

Samsung also fails to show good cause for its request. Samsung claims it could not have raised the supposed new patent-ineligibility standards set forth in *Alice Corporation Pty. Ltd. v. CLS Bank International,* 134 S. Ct. 2347 (2014), before now. But Samsung's treatment of the indefiniteness issues that were under Supreme Court review in the *Nautilus* case belies Samsung's claim. In contrast to its handling of § 101 and *Alice*, Samsung preserved its indefiniteness defense and referenced *Nautilus* in the Joint Amended Pretrial Statement, and likewise briefed the defense and the then-pending *Nautilus* decision in its JMOL brief. Samsung had every opportunity to raise § 101 and *Alice* in a similar fashion if it believed that defense to be viable, especially since Google—which controls Samsung's defense to Apple's '959 patent claims—filed an amicus brief in *Alice* that asked for the very result the Supreme Court adopted: a continuation of the existing *Mayo* standard. Not only did the *Alice* decision not change the *Mayo* standard, but the *Alice* facts are not applicable here either. Samsung does not even assert that the claims at issue here relate to "a fundamental economic practice" like that at issue in *Alice*.

Samsung's "request" for an order allowing supplemental briefing should be denied on the additional ground that it is procedurally improper. Samsung does not even identify a procedural basis under the Local Rules for the order that it seeks, much less show that it complied with the requirements of any form of motion allowed by the Local Rules. Samsung also offers no

explanation for why it waited a full two weeks after the Supreme Court issued the *Alice* opinion before filing its "request" for supplemental briefing just one week before the scheduled hearing on post-trial motions.

Even if the Court does consider Samsung's Supplemental Brief, that brief provides no basis to grant JMOL that the '959 and '721 patents cover ineligible subject matter. Samsung offers no basis for the Court to conclude either that the patent claims at issue address "abstract ideas" or, if they did, that the patents do not contain innovative concepts added to any such "abstract ideas." Claim 25 of the '959 patent and claim 8 of the '721 patent are not directed to "fundamental economic principles" like the claims found ineligible in *Alice*. Indeed, the jury has already found claim 25 of the '959 patent and claim 8 of the '721 patent to be novel and nonobvious, which negates Samsung's arguments that those claims are merely "conventional." And Samsung's own praise for, and directions to copy, Apple's unlock mechanism defeat its contention that claim 8 of the '721 patent was a mere generic concept.

## II. SAMSUNG'S REQUEST FOR LEAVE FOR SUPPLEMENTAL BRIEFING SHOULD BE DENIED

### A. Samsung Waived Its § 101 Defense of Patent Ineligibility

Samsung repeatedly waived its § 101 patent-ineligibility defense regarding claim 25 of the '959 patent and claim 8 of the '721 patent. Samsung's Request for Leave relies on its having disclosed this defense in discovery (Dkt. 1935 at 3:3-9 (citing Dkt. 540-16 at 66-67, 113-14)), but ignores its failure to have litigated or preserved that defense on multiple occasions thereafter, providing multiple independent grounds for waiver. First, Samsung's summary judgment motion argued at length that claim 25 of the '959 patent was indefinite under § 112(b), but never mentioned alleged invalidity for patent ineligibility under § 101. (*See* Dkt. 805-3 at 16-22.) Second, Samsung omitted its § 101 defense from the Joint Amended Pretrial Statement, arguing only that the asserted claims were invalid under §§ 102, 103, and 112. (*See* Dkt. 1455-1 at 14-15, 17.) Third, Samsung never raised patent ineligibility as a defense at trial. Fourth, not surprisingly, Samsung also failed to raise the defense in either of its Rule 50(a) JMOL motions. (Dkt. 1663; Dkt. 1806-1.) Samsung failed again to raise the defense in its pending Rule 50(b)

JMOL motion (Dkt. 1896-3 at 16-19, 28-34), even though it raised a host of other invalidity defenses to the challenged claims under §§ 102, 103, and 112(b). Samsung should not be granted leave for "supplemental" briefing on an issue that is no longer part of this case.

Samsung's conduct has also waived its § 101 defense. Samsung's failure to raise the defense in the Joint Amended Pretrial Statement bars Samsung from raising it now. The Joint Amended Pretrial Statement "controls the course of the action" and precludes Samsung from raising issues, like a § 101 defense, omitted from it.[1]  *See* Fed. R. Civ. P. 16(d) (a pretrial order "controls the course of the action unless the court modifies it"). The Ninth Circuit has "consistently held that issues not preserved in the pretrial order have been eliminated from the action." *S. Cal. Retail Clerks Union & Food Emp'rs Joint Pension Trust Fund v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984); *see also Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1308 (Fed. Cir. 2009) (plaintiff waived consumer confusion theory of false advertising by not including it in pretrial order) (citing *Eagle v. AT&T Co.*, 769 F.2d 541, 548 (9th Cir 1985)). This is because the "very purpose of the pretrial order is to narrow the scope of the suit to those issues that are actually disputed and, thus, to eliminate other would-be issues that appear in other portions of the record of the case." *S. Cal. Retail Clerks*, 728 F.2d at 1264. At least one court has specifically rejected a defendant's belated attempt to add a § 101 defense not included in a pretrial order, finding the defense had been waived. S*print Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1342 (D. Kan. 2007). Like the defendant in *Sprint*, Samsung cannot resuscitate that defense at this late stage after having failed to preserve it in the Joint Amended Pretrial Statement. *See id*.

Samsung's failure to raise its defense in its Rule 50(a) motions independently bars its attempt to raise the defense now. *See Medisim Ltd. v. BestMed, LLC*, No. 2013-1451, slip op. at 9 (Fed. Cir. July 14, 2014) (defendant "forfeited its right to move for JMOL on anticipation" because it "never moved on its own for JMOL on anticipation before the case was submitted to

---

[1] The Joint Amended Pretrial Statement emphasizes its binding effect with language required by the Court's Standing Order: *"[T]he parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial in this action, unless modified to prevent manifest injustice."* (Dkt. 1455-1 at 25.)

the jury"); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 845-46 (Fed. Cir. 2010) ("[A] party must file a pre-verdict JMOL motion on all theories [of invalidity], and with respect to all prior art references, that it wishes to challenge with a post-verdict JMOL.").

### B. Samsung Fails To Establish Good Cause For Its Request

Samsung asserts that it has good cause for supplemental briefing because it could not have raised a § 101 defense earlier in the proceedings under the purportedly "new" *Alice* standard. (*See* Dkt. 1935 at 1-2.) That argument fails on multiple grounds, leaving Samsung without any basis on which the Court could find that good cause exists for Samsung's request.

*First*, Samsung knows how to make arguments under controlling and potentially new legal standards under review by the Supreme Court, but failed to do so as to any § 101 defense and the *Alice* case. Samsung's pending JMOL motion argued indefiniteness under not only the Federal Circuit's then-existing "insolubly ambiguous" standard but also under "any of the proposed standards" under review by the Supreme Court in *Nautilus, Inc. v. Biosig Instruments, Inc.*, No. 13-369 (argued Apr. 28, 2014). (Dkt. 1896-3 at 33-34, n.4 (citing portions of the Justices' questioning at oral argument, outlining standards proposed by the parties, and arguing that "[c]laim 25 is indefinite under any of the proposed standards at issue in *Nautilus*, just as it is indefinite under the 'insolubly ambiguous' standard"). Samsung had also raised the pending *Nautilus* case in its Separate Statement Regarding Disputed Legal Issues in the Joint Amended Pretrial Statement. (Dkt. 1455-1 at 14-15 ¶ 14, 17 ¶ 30.) In contrast, Samsung failed to preserve any § 101 defense in the Joint Amended Pretrial Statement and never moved the Court to hold those patents invalid under any controlling or proposed legal standard, even though the Supreme Court granted certiorari in *Alice* in December 2013 and heard argument on March 31, 2014.

*Second*, Samsung's contention that the Supreme Court's opinion in *Alice* created a new standard that Samsung could not have addressed earlier is simply wrong. The Supreme Court did not announce a new standard in *Alice*—it applied the same standard that the Supreme Court announced two years ago in *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S. Ct. 1289 (2012). (*See Alice*, 134 S. Ct. at 2355-60.) In applying *Mayo*, the Court explained that "[f]irst, we determine whether the claims at issue are directed to one of those

APPLE'S OPPOSITION TO SAMSUNG'S REQUEST FOR LEAVE FOR SUPPLEMENTAL BRIEFING
CASE NO.12-CV-00630-LHK (PSG)
sf-3434341

4

patent-ineligible concepts. If so, we then ask, '[w]hat else is there in the claims before us?'" (*Id.* at 2355 (citing *Mayo*, 132 S. Ct. at 1296-97).) The Court further explained that, to answer that question, "we consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." (*Id.* (citing *Mayo*, 132 S. Ct. at 1298, 1297).)

Nor can Samsung reasonably claim to have been surprised by the Court's reliance on *Mayo*, such that Samsung somehow could not have raised a § 101 defense under *Mayo* and/or the then-pending *Alice* case in the Joint Amended Pretrial Statement and then in its JMOL motions (as it did with *Nautilus* and indefiniteness). To the contrary, the Respondents' Brief in *Alice* (filed on February 20, 2014) had asked the Court to apply *Mayo* exactly as the Court ultimately did. (*See* Robinson Decl. Ex. A, Brief for Respondents at 33.) Moreover, Google—which controls Samsung's defense on the '959 patent (*see* Tr. 2784:13-2785:11, PX3010)—submitted an *amicus* brief in *Alice* that affirmatively argued that "*Mayo* governs the patent eligibility of all inventions, including computer implemented ones." (Robinson Decl. Ex. B, Brief of Amicus Curiae Google of February 27, 2014 at 5; *see also* Justin Nelson, SCOTUSblog, *Symposium: For patent litigants, Court affirms status quo*, Jun. 20, 2014, http://www.scotusblog.com/2014/06/symposium-for-patent-litigants-court-affirms-status-quo ("The decision was exactly as expected," and "relied heavily on prior cases.").) Samsung was in no way denied an opportunity to make its case under § 101, as all of the arguments Samsung now makes could also have been made under the existing *Mayo* standard; indeed Samsung cites and applies *Mayo* in its proposed "supplemental" brief. (*E.g.*, Dkt. 1935-2 at 3.) Accordingly, Samsung failed to establish good cause to support its Request for Leave, which should be denied on this independent ground.[2]

### C. Samsung's Request Also Is Procedurally Improper and Untimely

Samsung's "Request for Leave" should be denied for the additional independent reason

---

[2] Samsung's reliance on *Walker Digital, LLC v. Google, Inc.*, No. 11-318-LPS, 2014 WL 2880474, at *2 (D. Del. June 24, 2014) is misplaced. That case involved a pending motion for summary judgment based on a § 101 invalidity defense; it did not hold that a court may grant "supplemental briefing" on an issue outside the scope of a pending motion. This Court's request for supplemental briefing on Apple's attorneys' fees motion in the 1846 case likewise was directed to recent Supreme Court authority relevant to issues in a pending motion.

that Samsung made no attempt whatsoever to comply with this Court's Local Rules. The Civil Local Rules set forth specific procedures for seeking a court order and for shortening the time for seeking relief from the Court. *See*, *e.g.*, Civ. L.R. 6-3(a), 7-1(a), 7-2(a). Yet Samsung simply filed its "Request" and proposed an abbreviated briefing schedule without even referencing, much less showing that it satisfied, any of the Local Rule requirements. And Samsung offers no justification for waiting a full two weeks after the Supreme Court issued its *Alice* opinion before filing its Request just one week before the scheduled hearing on the parties' JMOL motions.

### III. EVEN IF CONSIDERED, SAMSUNG'S SUPPLEMENTAL BRIEF FAILS TO ESTABLISH THAT SAMSUNG IS ENTITLED TO JMOL BASED ON PATENT INELIGIBILITY

In the event that the Court considers Samsung's Supplemental Brief in support of JMOL (Dkt. 1935-2), the Court should deny Samsung's attempt to obtain JMOL as to the '959 and '721 patents based on *Alice*. The statutory presumption of patent validity "applies when § 101 is raised as a basis for invalidity in district court proceedings." *CLS Bank Int'l v. Alice Corp. Pty.*, 717 F.3d 1269, 1284 (Fed. Cir. 2013) (per curiam, en banc) (Lourie, J., joined by Dyk, J., Prost, J. Reyna, J. and Wallach, J., concurring)), *aff'd*, 134 S. Ct. 2347 (2014). Samsung's "challenge to the eligibility of the subject matter must be proven by clear and convincing evidence." *Id.* at 1304-05 (Rader, C.J., joined by Linn, J., Moore, J., and O'Malley, J., concurring). Samsung fails to carry its heavy burden.

#### A. Claim 25 of the '959 Patent Is Not Invalid Under § 101

Under *Alice*, a claim is eligible for patenting either if it is not drawn to an abstract idea or, even if drawn to an abstract idea, if it contains "an element or combination of elements that is "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Alice*, 134 S. Ct. at 2355 (punctuation omitted). Claim 25 of the '959 is doubly eligible: It is not drawn to an abstract idea, and it contains an "inventive concept" apart from any alleged abstract idea. *Id.* Samsung's Supplemental Brief fails to show otherwise.

##### 1. Samsung fails to show that claim 25 is drawn to an abstract idea

*First*, Samsung has not identified any particular abstract idea that supposedly undergirds claim 25. Rather, Samsung alleges that claim 25 "use[s]" multiple "heuristic[s]" and that a

1  heuristic is an "idea." (Dkt. 1935-2 at 1-2.) But Samsung fails to show that a "heuristic" is an
2  "abstract idea" under prevailing precedent. *Alice*, 134 S. Ct. at 2354. An "abstract idea" is a
3  "fundamental economic practice," or a "mathematical formula," or something otherwise akin
4  thereto and often characterized by the ability to be performed in a person's head or using pen and
5  paper. *Alice*, 134 S. Ct. at 2354-56. Claim 25 is not directed to a fundamental economic practice,
6  mathematical algorithm, or other "abstract idea." Instead, claim 25 is directed to a computer
7  readable media (a tangible object) that implements "heuristics to locate information in [multiple
8  different computer locations]"—something that can only be implemented in a computer. It
9  requires searching for data on computer hardware storage systems to produce tangible results.
10 The invention does not have a counterpart in the realm of pencil and paper. It is not the mere
11 organization of human activities characteristic of many business method patents that run afoul of
12 § 101. The inventors did not take an existing abstract concept used in the non-computer realm
13 and implement it on a computer. Rather, Claim 25 represents a significant advance in the field of
14 computer science by using multiple heuristics to allow searches to occur simultaneously on the
15 Internet and locally. It is therefore not directed to an "abstract idea" under prevailing precedent.

16       Samsung's erroneous argument that claim 25 is directed to an "abstract idea" rests on a
17 mischaracterization of Dr. Snoeren's testimony. Dr. Snoeren did not say that a heuristic is just a
18 "good idea." This Court construed "heuristic" as "some rule of thumb that does not consist solely
19 of constraint satisfaction parameters," and Dr. Snoeren explained to the jury what a "rule of
20 thumb" is. In the passage Samsung quotes, and as made clear from his testimony as a whole, he
21 was explaining how a lay jury might think about a "rule of thumb": it is a computer approach that
22 produces good results, but not necessarily perfect results. But a computer process that enables a
23 single machine to distribute a single information identifier and provide that to multiple "rules of
24 thumb" so that each "rule of thumb" can search different locations using different criteria
25 designed for that location is a major innovation in computer science; it improves the speed and
26 efficiency of the computer and generates more useful results. It is not an abstract idea.

27       *Second*, Samsung cannot point to anything in *Alice* that purportedly expanded the scope of
28 an abstract idea in a way that would encompass a search heuristic. Indeed, *Alice* was focused on

a category of abstract ideas the Court had previously identified, namely "fundamental economic practices," which is not relevant to claim 25 of the '959 patent. *Id.* at 2356 (discussing the eligibility of business methods, at least for foundational methods that are "long prevalent" and today remain "building block[s] of the modern economy."); *see Bilski v. Kappos*, 130 S. Ct. 3218, 3229 (2010) (Patent Act "does not suggest broad patentability" of "business method patents"); *id.* at 3231-57 (Stevens, J., concurring) (suggesting that all business method patents are ineligible); *see also Alice*, 134 S. Ct. at 2360-61 (Sotomayor, J., concurring) (same).

*Third*, the Supreme Court has explained that "[a]t some level 'all inventions . . . embody, use, reflect, rest upon, or apply . . . abstract ideas.'" *Alice*, 134 S. Ct. at 2354. "Thus, an invention is not rendered ineligible for a patent simply because it involves an abstract concept." *Id.* Even if a heuristic were an abstract idea, claim 25 is not directed at heuristics, *per se*. It is a claim to a technological improvement that uses multiple heuristics on a device to search on the Internet and locally. Notably, Samsung does not claim that using a heuristic in a technological process is itself an abstract idea.

Samsung's failure to point to an "abstract idea" alone defeats Samsung's JMOL argument, and its failure to demonstrate that claim 25 is directed to claiming an "abstract idea" further demonstrates why its motion must be denied.

### 2. Even assuming that claim 25 were drawn to an abstract idea, Samsung fails to show that it does not contain an inventive concept

Even if claim 25 were drawn to an abstract idea, it would nonetheless be eligible because it also contains an inventive concept—namely, providing a single computer medium that performs a universal search by applying an information identifier separately to each of a plurality of heuristics to locate information in different locations, including Internet and local storage. Searching multiple locations in parallel using different "rules of thumb" on a single machine is innovative and an advance in computer science. Indeed, the inventive concept is in precisely the area the Supreme Court has said would be eligible: technological improvements. *Compare Alice*, 134 S. Ct. at 2359 (*Alice*'s claims did not "purport to improve the functioning of the computer itself" or "effect an improvement in any other technology or technological field"), *with id.* at 2358

("the claims in *Diehr* were patent eligible because they improved an existing technological process"). By improving the functioning of the computer—making an existing technological process for searching operate more quickly, efficiently, and competently—claim 25 easily supplies an inventive concept.

Samsung's argument that "the trial record demonstrates that [claim 25's] operations were 'conventional' at the time," and thus cannot be an "inventive concept" (Dkt. 1935-2 at 3) attempts to resurrect its failed invalidity arguments. The jury rejected Samsung's obviousness defense, finding in Apple's favor on the validity of claim 25. (Dkt. 1884 at 7.) Samsung does not explain how something altogether new, much less something that would not be obvious to a person of ordinary skill in the art to do, can be "conventional."

Indeed, no case has ever held a non-obvious process to violate § 101. That is for good reason. An activity is "conventional," or its oft-paired synonym "routine" (*see, e.g.*, *Alice*, 134 S. Ct. at 2359 (quoting *Mayo*, 132 S. Ct. at 1294)), if everyone in the industry does it, not where the activity is something no one has done before. Thus, the *Alice* Court found that obtaining balances, adjusting data, and issuing automated instructions were all practices that the entire financial industry typically engaged in. *Id.* And in *Mayo*, the Court found that measuring metabolite concentrations was an activity "scientists routinely" performed "as part of their investigations into the relationships between metabolite levels and efficacy and toxicity of thiopurine compounds." 132 S. Ct. at 1289. By contrast, the Court found a claim eligible when the claimed invention went against "the conventional industry practice" by performing one step of a standard process in a way the industry had not generally done before. *Diamond v. Diehr*, 450 U.S. 175, 178 (1981).

The findings that the arrangement of elements recited in claim 25 was novel—*i.e.*, never previously done—and nonobvious—*i.e.*, not obvious to do— despite evidence that heuristics themselves are known necessarily negates Samsung's argument that claim 25 was done so many times that it had become commonplace.

### B. Claim 8 of the '721 Patent Is Not Invalid Under § 101

Claim 8 of the '721 patent also is doubly eligible: It is not drawn solely to an abstract

idea, and also contains an "inventive concept" apart from any supposed abstract idea.

Samsung mischaracterizes claim 8 as "directed to the abstract idea of locking and unlocking a device" without any "requirements or limitations on the particular implementation of that abstract idea, other than the generic concept of sliding an image on a screen." (Dkt. 1935-2 at 2.) Samsung offers no basis to construe locking and unlocking to be an "abstract idea" akin to a "fundamental economic practice" or a "mathematical algorithm." But even assuming that locking and unlocking could qualify as an abstract idea (which it does not), Samsung is wrong that claim 8 claims all implementation of locking and unlocking a device. Rather, claim 8 builds on prior art unlocking mechanisms through the addition of novel touch-screen elements to create an efficient and fun unlock mechanism that successfully prevents accidental activation without resorting to cumbersome combinations of physical key presses or passcodes. Specifically, claim 8 describes a novel "slide to unlock" implementation for touch-sensitive displays that requires instructions (1) "to detect contact with the touch-sensitive display at a first predefined location corresponding to an unlock image"; (2) "to continuously move the unlock image on the touch-sensitive display in accordance with movement of the detected contact"; (3) "to unlock the hand-held electronic device if the unlock image is moved from the first predefined location on the touch screen to a predefined unlock region on the touch-sensitive display"; and (4) "visual cues to communicate a direction of movement of the unlock image required to unlock the device." (JX10 at col. 19:58-20:9.)

Contrary to Samsung's arguments (Dkt. 1935-2 at 2), these steps are not routine steps common to all computer systems. Samsung's own internal documents characterize Apple's particular unlock implementation as a "creative way[] of solving UI complexity." (PX119 at 11.) Indeed, Samsung found Apple's implementation so much superior to its own prior art solutions that it praised and directed its engineers to copy Apple's invention in order to improve Samsung's own products. (*See* PX120 at 28, 84; PX121 at 27, 100; PX157 at 19, 20; PX219 at 14.) The record amply demonstrates that claim 8 is not drawn solely to an "abstract idea," but contains "additional features that provide practical assurance that the process is more than a drafting effort designed to monopolize the [abstract idea] itself." *Mayo*, 132 S. Ct. at 1290.

| | |
|---|---|
| Dated: July 17, 2014 | MORRISON & FOERSTER LLP |
| | By: */s/ Rachel Krevans* |
| | Attorneys for Plaintiff and Counterclaim-Defendant APPLE INC. |