QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS REQUEST FOR LEAVE FOR SUPPLEMENTAL BRIEFING TO ADDRESS *ALICE V. CLS BANK* DECISION**<br><br>**Judge:**  Hon. Lucy H. Koh |

## I. INTRODUCTION

Apple's opposition essentially concedes the '959 patent's invalidity under *Alice* – it offers no substantive response to Samsung's brief. Apple's arguments on the '721 patent are similarly strained. Tellingly, Apple tries to save the validity of these patents by focusing not on substance, but on procedure. Apple claims Samsung waived *Alice* arguments by failing to raise the *Alice* standard before the *Alice* decision issued. Apple's arguments are meritless. Samsung preserved its § 101 defenses in its contentions and in the joint pretrial statement. Moreover, Samsung could not waive reliance on a new legal standard that did not yet exist. After *Alice* issued, Samsung sought leave from the Court to present arguments under the new legal standard set forth in *Alice*. Nothing has been or could be waived. When the merits of the dispute are examined, Apple's asserted patent claims for the '721 and '959 patents must be invalidated.

## II. CLAIM 25 OF THE '959 PATENT AND CLAIM 8 OF THE '721 PATENT ARE DIRECTED TO PATENT-INELIGIBLE ABSTRACT IDEAS

For the '959 patent, the claims are directed to abstract "heuristics" that "locate information" – described by Apple's expert as simply "good ideas." (*See* Mot. at 1-2.) Nothing could be more abstract. Apple's effort to tie these abstractions to some tangible innovation falls flat. Apple states that the '959 patent's "heuristics" require a computer and therefore claim 25 is not directed to an abstract idea. (Opp. at 7.) This argument is both wrong and misguided. A person can search for information in two locations without a computer, using "rules of thumb" or "good ideas" to guide that search; there is nothing inherently computer-related in using those to locate information. In any event, adding a "computer" to a claim does not end the inquiry or save an abstract idea. *Alice*, 2014 WL 2765283 at *10 ("[T]he mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention.").

Apple further claims that a "rule of thumb" is a "computer approach." (Opp at 7.) But Apple provides no support for this statement – and Apple can hardly contest that "rules of thumb" existed long before computers. Apple's assertion that a "rule of thumb" is a "computer approach" is at odds with common sense, as well as its own expert's testimony that the rules of thumb in claim 25 are simply "good ideas." (Trial Tr. at 938:16-17.)

A recent Federal Circuit decision interpreting *Alice* confirms claim 25's invalidity.  In *Digitech Image Technologies, LLC v. Electronics For Imaging, Inc.*, 2014 WL 3377201, at *5 (Fed. Cir. July 11, 2014), the Federal Circuit affirmed the invalidity of a claim with striking similarities to the '959 patent:

> The above claim recites a process of taking two data sets and combining them into a single data set, the device profile. The two data sets are generated by taking existing information – *i.e.*, measured chromatic stimuli, spatial stimuli, and device response characteristic functions – and organizing this information into a new form. The above claim thus recites an ineligible abstract process of gathering and combining data that does not require input from a physical device. As discussed above, the two data sets and the resulting device profile are ineligible subject matter.

Here, as in *Digitech*, claim 25 uses "heuristics" or "good ideas" to organize two data sets into a new form.  Claim 25 is no different than the abstract process in *Digitech* "that employs mathematical algorithms to manipulate existing information to generate additional information" and therefore is not patent eligible.  2014 WL 3377201 at *5.

Finally, Apple argues that claim 25 is a "technological improvement" and not directed to abstract ideas because it facilitates locating information more quickly or efficiently.  (Opp. at 8-9.)  But there is no "technological improvement" in claiming "good ideas."  Otherwise, all "good ideas" would be patent-eligible if placed on a computer readable medium – a course the Supreme Court has long rejected in *Benson*, *Flook* and now *Alice*.

For the '721 patent, Apple barely addresses the merits at all.  Apple's brief recites the wordy limitations of claim 8, but all those words simply describe the unpatentable, abstract idea of moving a lock from a locked position to an unlocked position.  The mere fact that the idea is implemented on a generic touch-screen computer does not save it from being directed to an abstract idea.  *See Alice*, 2014 WL 2765283 at *10 ("[T]he mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention.").

### III. CLAIM 25 OF THE '959 PATENT AND CLAIM 8 OF THE '721 PATENT PROVIDE NO ADDITIONAL "INVENTIVE CONCEPT"

Apple argues that the form of claim 25 requiring "a single computer medium" adds an inventive concept.  (Opp. at 8.)  But as Samsung explained in its opening brief, the form of claim

25 as a "computer readable medium" claim is simply an artifact of claim drafting.  It cannot be considered in evaluating patent eligibility under § 101.  (*See* Mot. at 4); *see also Alice*, 2014 WL 2765283 at *12 ("This Court has long 'warn[ed] . . . against' interpreting § 101 'in ways that make patent eligibility 'depend simply on the draftsman's art.'" (citation omitted)).

Apple then makes the remarkable claim that a patent cannot be invalid under § 101 unless it is also obvious under § 103.  (Opp at 9.)  This would render § 101 completely redundant to § 103.  Not surprisingly, Apple cites no authority supporting its proposed reorganization of the Patent Act.  (Opp. at 9.)  Nor could it.  Whether elements of a claim are conventional or generic for purposes of § 101 is a very different inquiry than obviousness of a claim under § 103.  Apple cannot preclude scrutiny under § 101 by waving the banner of § 103.  In any event, Apple fails to address undisputed evidence in Samsung's motion showing that "heuristics" to locate information were already "conventional" by 1995, five years before the '959 patent was filed.  (Mot. at 3.)

For the '721 patent, Apple tries to divert attention from the abstract concept described in claim 8 by pointing to "Apple's particular unlock implementation" and claiming that Samsung copied that implementation.  (Opp. at 10.)  Samsung has previously explained in detail why Apple's oft-repeated misrepresentations regarding its allegations of copying are not supported by the record.  (*See*, *e.g.*, Dkt. 1896-3 at 24-25.)  More importantly, even if Apple were correct in its characterization of its specific implementation (which it is not), Apple's implementation is irrelevant to the question of whether the claim recites patentable subject matter.  *See Accenture Global Servs. v. Guidewire Software, Inc.*, 728 F.3d 1336, 1345 (Fed. Cir. 2013) ("[T]he important inquiry for a § 101 analysis is to look to the claim.").

**IV.    *ALICE* SUPPLIED A NEW LEGAL STANDARD; SAMSUNG COULD NOT HAVE WAIVED IT, AND SHOWED GOOD CAUSE FOR ITS REQUEST FOR LEAVE**

*Alice* creates a new standard for evaluating patent eligibility under § 101 that Samsung could not have addressed earlier.  Prior to the Supreme Court's decision, the Federal Circuit's § 101 jurisprudence on computer-implemented "abstract ideas" was splintered, to say the least.  Seven non-precedential and diverging opinions arose from the *en banc* proceedings in *Alice*.  (*See*

Dkt. 1935 at 2.)  The Supreme Court's unanimous *Alice* decision announces a new, clear legal standard, resolving the fractured decisions that preceded *Alice*.  (Opp. at 4.)[1]

      Samsung could not have cited the *Alice* standard before *Alice* issued.  But as Samsung stated in its Request for Leave, "Samsung previously disclosed its contention in discovery that claim 25 of the '959 patent and claim 8 of the '721 patent are invalid under § 101 generally." (Dkt. 1935 at 3 (citing Dkt. 540-16 (Samsung's Third Amended Invalidity Contentions) at 66-67, 113-114).)  Apple has been on notice of Samsung's Section 101 defense since the outset of this case.  Samsung preserved § 101 by advancing invalidity contentions that raised § 101, and by seeking a declaration of invalidity in the Joint Amended Pretrial Statement.[2]  (*See* Dkt. 1455-1 at 4 ("Samsung seeks the following specific relief: . . . That the Court find and declare, and enter judgment . . . that each and every claim of the Apple Patents In Suit is invalid."); *id.* at 7 (stating that "Whether Apple's asserted patent claims are valid" is a disputed factual issue).)  Apple concedes that the Joint Amended Pretrial Statement "controls the course of the action," (Opp. at 3), and Samsung's preservation of § 101 in its pretrial statement is thus all that is required.  The Ninth Circuit states that a Court should "liberally construe" pretrial orders and may consider an issue "at least implicitly included in the order." *Eagle v. AT&T Co.*, 769 F.2d 541, 548 (9th Cir. 1985); *see also Strong v. Walgreen Co.*, No. 09-cv-611, 2013 WL 1942185, at *5 (S.D. Cal. May 9, 2013).  Indeed, under the Ninth Circuit's test, even if the court concludes Samsung did not explicitly include a § 101 defense in the Joint Amended Pretrial Statement, the defense was undeniably "implicit" in the Joint Pretrial Statement's request for an invalidity finding – a request that necessarily incorporated Samsung's invalidity contentions, including their discussion of §101.

---

[1]  Apple's argument is also belied by statements Apple's own counsel has made to its clients, including that *Alice* "helps define the boundary between patent-eligible and patent-ineligible subject matter, in an area of law that has become increasingly fractured."  WilmerHale, *Unanimous U.S. Supreme Court Decides Closely-Watched Case on Patent Eligibility of Computer-Implemented Business Methods*, June 19, 2014 (*available at* http://www.wilmerhale.com/pages/publicationsandnewsdetail.aspx?NewsPubId=17179872870).

[2]  Because Samsung preserved its § 101 defense, Samsung's reliance on *Walker Digital, LLC v. Google, Inc.*, No. 11-318-LPS, 2014 WL 2880474 (D. Del. June 24, 2014), and on this Court's request for supplemental briefing on attorney's fees in the 1846 case, is proper.

-4-
**SAMSUNG'S REPLY IN SUPPORT OF ITS REQUEST FOR LEAVE FOR SUPPLEMENTAL BRIEFING TO ADDRESS ALICE V. CLS BANK DECISION**

Ultimately, Apple's waiver arguments defy common sense. The Supreme Court decided *Alice* on June 19, 2014 – long after Rule 50 motions were filed. The law is clear: a party cannot be penalized for failing to raise a defense or employ a legal standard that was not yet available.[3] Apple's brief makes the additional dangerous argument that, because Samsung in other briefing discussed the standards asserted by the parties in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014), Samsung somehow assumed an obligation to predict the Supreme Court's ruling in the unrelated *Alice* litigation. But the law is clear that a party can *always* raise new law in new briefing (*see supra* at n. 3) and, indeed, Samsung did so following the Supreme Court's *Nautilus* decision. Before the Supreme Court ruled in *Nautlius*, Samsung made a *different* argument: that this Court *need not wait* for the Supreme Court to rule in *Nautilus*, because Samsung would prevail under any of the standards before it. (Dkt. 1903-1 at 34.) After the Supreme Court ruled, Samsung then argued under the new law from the new decision. (Dkt. 1917 at 17.) Samsung did not similarly argue that the Court should rule on § 101 before the Court decided *Alice*. But that did not and cannot waive Samsung's unassailable right to argue under the *Alice* decision after the Supreme Court decided it.

## V.  CONCLUSION

For the foregoing reasons, this Court should grant Samsung's Request for Leave for Supplemental Briefing to Address the *Alice* decision, and hold that claim 25 of the '959 patent and claim 8 of the '721 patent are invalid under § 101 as unpatentable abstract ideas.

---

[3] *See*, *e.g.*, *Biomedical Patent Mgmt. Corp. v. California Dept. of Health Servs.*, 505 F.3d 1328, 1342 (Fed. Cir. 2007) (DHS was "not judicially estopped from asserting a new position [on sovereign immunity] that resulted from a change in the law" because in the previous related action, where DHS had moved to intervene, DHS could not have "expect[ed] to succeed" on the immunity defense, but due to the intervening change in law, DHS was in a different position and "could be confident that, if sued, it could assert a defense of sovereign immunity"); *see also In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 531 (S.D.N.Y. 2011) (defendant "did not waive its right to seek dismissal . . . for failure to state a claim under Rule 12(h)(2), a defense that arose from intervening Supreme Court authority"); *id.* at 531-32 ("The Circuits have recognized that '[a]n exception to normal law of the case and waiver rule is recognized when an intervening decision from a superior court changes the controlling law.'"); *Engel v. CBS, Inc.*, 866 F. Supp. 728, 730 (C.D. Cal. 1995) ("Defendants cannot be faulted for not having raised a defense that they did not know was available to them.").

DATED: July 24, 2014

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
   Kevin P.B. Johnson
   Victoria F. Maroulis
   William C. Price
   Michael L. Fazio

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

## ATTESTATION

I, Michael L. Fazio, am the ECF user whose ID and password are being used to file the foregoing document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated: July 24, 2014  */s/ Michael L. Fazio*
Michael L. Fazio