UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, ) | Case No.: 12-CV-00630-LHK |
| ) | |
| Plaintiff and Counterdefendant, ) | ORDER DENYING SAMSUNG'S |
| ) | MOTION FOR JUDGMENT OF |
| v. ) | INVALIDITY UNDER 35 U.S.C. § 101 |
| ) | |
| SAMSUNG ELECTRONICS CO., LTD., a ) | |
| Korean corporation; SAMSUNG ) | |
| ELECTRONICS AMERICA, INC., a New York ) | |
| corporation; and SAMSUNG ) | |
| TELECOMMUNICATIONS AMERICA, LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants and Counterclaimants. ) | |
| ) | |

After trial and shortly before the July 10, 2014 hearing on post-trial motions, Samsung requested supplemental briefing to argue that the asserted claims of Apple's '959 and '721 patents are invalid under 35 U.S.C. § 101, in light of the Supreme Court's decision in *Alice Corporation Pty. Ltd. v. CLS Bank International*, 134 S. Ct. 2347 (June 19, 2014) ("*Alice*"). *See* ECF No. 1935. After receiving briefing from both sides on procedural and substantive issues (ECF No. 1937), the Court DENIES Samsung's request for judgment of invalidity regarding the '959 and '721 patents as untimely.

1

## I.   BACKGROUND

The trial in this case began on March 31, 2014, and the jury verdict was entered on May 5, 2014. ECF No. 1884. In accordance with a pretrial case management order (ECF No. 1398), the parties completed briefing of all post-trial motions on June 13, 2014, with a hearing on those motions scheduled for July 10, 2014.

On June 19, 2014, the Supreme Court decided *Alice*. On July 3, 2014, one week before the post-trial hearing, Samsung filed a "Request for Leave for Supplemental Briefing" to address *Alice*. ECF No. 1935 ("Req."). Samsung simultaneously filed its proposed supplemental brief, which claimed that asserted claim 25 of the '959 patent and claim 8 of the '721 patent are invalid under § 101 as unpatentable abstract ideas. ECF No. 1935-2 ("Supp. Br."). In its proposed order, Samsung requested that Apple's response be due July 8, 2014, with Samsung's reply due July 9, 2014. ECF No. 1936.

On July 4, 2014, the Court issued an order allowing both parties to file supplemental briefs to address both procedural and substantive issues. ECF No. 1937. In accordance with that order, Apple filed its response on July 17, 2014 (ECF No. 1947, "Resp."), and Samsung filed its reply on July 24, 2014 (ECF No. 1950, "Reply").

## II.   DISCUSSION

The Court concludes in this case that Samsung could have—but failed to—preserve § 101 invalidity defenses, and that Samsung's request for the Court to adjudicate a legal theory that was disclosed after trial is untimely, regardless of the Supreme Court's intervening decision in *Alice*. Accordingly, the Court will not consider the merits of Samsung's § 101 arguments.

Samsung's request is a belated attempt to litigate entirely new substantive defenses. Samsung seeks post-trial judgment as a matter of law of invalidity under § 101 for the '959 and '721 patents, Supp. Br. at 1, and claims that supplemental briefing "would assist the Court in assessing the impact of *Alice* on the pending post-trial motions," Req. at 1. However, Samsung failed to assert and to preserve § 101 defenses for any Apple patents before, during, or after trial, and now fails to demonstrate good cause for the Court to evaluate new defenses months after the conclusion of trial. Samsung's arguments to the contrary are unavailing.

First, Samsung claims that it "preserved § 101 by advancing invalidity contentions that raised § 101." Reply at 4. Samsung cites statements in its May 24, 2013 disclosures of invalidity contentions to Apple. *See* ECF No. 540-16 at 66-67 (contentions for '959 patent), 113-14 (contentions for '721 patent). However, those disclosures were very brief and served over ten months prior to trial, which started on March 31, 2014. After Samsung served those invalidity contentions, the parties proceeded with expert discovery. Samsung's technical experts on invalidity for the '959 and '721 patents (Drs. Martin Rinard and Saul Greenberg, respectively) did not disclose any opinions regarding § 101 in their reports. As a result, the parties have not provided any expert opinions (or other potentially relevant evidence) regarding their § 101 arguments. Samsung also declined to assert § 101 in summary judgment motions. Samsung has identified no other disclosure after its May 24, 2013 invalidity contentions where Samsung stated that it would continue to assert § 101.

Next, Samsung argues that it preserved § 101 "by seeking a declaration of invalidity in the Joint Amended Pretrial Statement," and that "the defense was undeniably 'implicit' in the Joint Pretrial Statement's request for an invalidity finding – a request that necessarily incorporated Samsung's invalidity contentions, including their discussion of §101." Reply at 4. Samsung's arguments are misplaced. On March 13, 2014, the parties filed a Joint Amended Pretrial Statement and Proposed Order, listing all remaining disputed issues. ECF No. 1455-1. Samsung enumerated 31 disputed legal issues—including defenses under 35 U.S.C. §§ 102, 103, and 112—but did not identify any § 101 defenses against any Apple patents, nor incorporate Samsung's earlier invalidity contentions. *See id.* at 12-18. The pretrial order "controls the course of the action unless the court modifies it," Fed. R. Civ. P. 16(d), and the Ninth Circuit has "consistently held that issues not preserved in the pretrial order have been eliminated from the action," *S. Cal. Retail Clerks Union v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984). "Although we liberally construe pretrial orders, a theory will be barred if not at least implicitly included in the order." *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 548 (9th Cir. 1985). Here, Samsung did not "implicitly" include § 101 by merely requesting a declaration of invalidity of the asserted patent claims because invalidity encompasses a range of legal theories under separate statutes that require different forms of proof. The Ninth

3

1   Circuit requires greater specificity in identifying asserted legal theories prior to trial.  *See Dream*
2   *Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 995-96 (9th Cir. 2009) ("Allowing Dream Games
3   to argue secondary liability in response to a JMOL motion and on appeal would unduly prejudice
4   PC Onsite by not giving it fair notice of the claims at trial.").

5   Critically, Samsung did not raise § 101 at trial or in any pre-verdict or post-verdict motions
6   for judgment as a matter of law ("JMOL").  During trial, Samsung filed multiple pre-verdict JMOL
7   motions under Fed. R. Civ. P. 50(a).  *See* ECF Nos. 1663, 1806-1.  Then, Samsung filed a renewed
8   post-verdict JMOL motion under Fed. R. Civ. P. 50(b).  *See* ECF No. 1896-3.  In those motions,
9   Samsung identified numerous invalidity defenses, including anticipation, obviousness, and
10  indefiniteness.  *See, e.g.*, ECF No. 1806-1 at 4-5; ECF No. 1896-3 at 28-34.  However, in none of
11  those motions did Samsung seek judgment under § 101.  The Federal Circuit has repeatedly held
12  that "a party must file a pre-verdict JMOL motion on all theories . . . that it wishes to challenge
13  with a post-verdict JMOL."  *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 845 (Fed. Cir. 2010)
14  (citing *Duro-Last, Inc. v. Custom Seal, Inc.*, 321 F.3d 1098, 1107-08 (Fed. Cir. 2003)).  In a recent
15  example, *Medisim Ltd. v. BestMed, LLC*, the Federal Circuit followed this principle in a situation
16  where the defendant made an insufficient pre-verdict JMOL motion on anticipation under § 102.
17  No. 2013-1451, slip op. at 7-8 (Fed. Cir. July 14, 2014).  Noting that "the Supreme Court has held
18  previously that our Federal Rules of Civil Procedure are to be strictly followed in circumstances
19  such as this one," the court concluded that the defendant "forfeited its right to move for JMOL on
20  anticipation."  *Id.* at 8-9.  The court reached this conclusion even though "Medisim may not have
21  been surprised by BestMed's invalidity contentions" after BestMed presented its anticipation
22  defense at trial.  *Id.* at 8.  Here, Samsung did not even present § 101 at trial or in any JMOL
23  motions.  Accordingly, Samsung did not preserve an opportunity to seek JMOL of invalidity under
24  § 101 after trial.

25  Finally, Samsung asserts that the timing of the *Alice* decision excuses Samsung's delay in
26  raising any § 101 defenses because *Alice* was issued on June 19, 2014 and "changed the prevailing
27  standard for determining subject matter eligibility."  Req. at 1-2.  These arguments are misplaced.
28  Samsung identified § 101 defenses in its invalidity contentions, but then simply chose not to pursue

them. For example, Samsung did not include § 101 defenses in its expert reports, summary judgment motions, pretrial statement, trial evidence, or JMOL motions during and after trial. Any uncertainty in the law due to the pending *Alice* decision did not excuse Samsung's delay. Tellingly, Samsung raised and maintained invalidity defenses based on indefiniteness under § 112 throughout trial and post-trial motions, even though the Supreme Court's decision on indefiniteness in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (June 2, 2014), was pending during those times. Indeed, in its May 23, 2014 post-trial JMOL motion, Samsung noted the pending decision in *Nautilus*, excerpts from the U.S. Supreme Court oral argument, and the competing proposed legal standards for indefiniteness that were under consideration, and argued that claim 25 of the '959 patent would be invalid under any of those proposed standards. *See* ECF No. 1896-3 at 33-34 & n.4. By contrast, Samsung made no such effort regarding § 101 defenses. The Supreme Court granted certiorari in *Alice* on December 6, 2013, before it granted certiorari in *Nautilus* on January 10, 2014. Thus, Samsung had even more notice that the Supreme Court might issue a new decision regarding patentable subject matter.

Samsung points out that in Case No. 11-CV-01846-LHK, this Court requested supplemental briefing regarding attorney fees in light of new Supreme Court decisions, and advocates the same procedure here. *See* ECF No. 3092, *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK (N.D. Cal. Apr. 29, 2014). However, in that situation, Apple had timely raised and maintained a request for attorney fees. *See* Apple's Mot. for Attorneys' Fees, ECF No. 2851-8, *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK (N.D. Cal.). Therefore, Samsung's reliance on that situation is unpersuasive here. Samsung's untimely attempt to invalidate two asserted patent claims months after the close of trial would unfairly prejudice Apple.

### III. CONCLUSION

For the foregoing reasons, Samsung's request for judgment as a matter of law of invalidity of the asserted claims of the '959 and '721 patents is DENIED.

**IT IS SO ORDERED.**

Dated: August 21, 2014

*/s/ Lucy H. Koh*
LUCY H. KOH
United States District Judge