JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.   12-cv-00630-LHK (PSG)<br><br>**APPLE'S MOTION FOR ONGOING ROYALTIES**<br><br>Date:  December 18, 2014<br>Time:  1:30 p.m.<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

1

### NOTICE OF MOTION

2  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3  PLEASE TAKE NOTICE that on December 18, 2014, at 1:30 p.m., or as soon as the

4  matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court

5  for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street,

6  San Jose, CA 95113, Plaintiff Apple Inc. ("Apple") shall and hereby does move for an ongoing

7  royalty under *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1317 (Fed. Cir. 2007) in light of

8  the Court's denial of Apple's request for a permanent injunction. (Dkt. 1953.)

9  This motion is based on this notice of motion and supporting memorandum, the trial and

10  post-trial record, and such other written or oral argument as was presented and may be presented

11  at or before the time this motion is taken under submission by the Court.

12

13

### RELIEF REQUESTED

14  Apple respectfully requests an order: (1) granting Apple an ongoing *Paice* royalty, in an

15  amount to be determined, to partially compensate for any ongoing and future infringement of

16  Apple's patents based on infringing sales of Samsung products that the jury found to infringe, as

17  well as products not more than colorably different therefrom, and (2) setting an orderly briefing

18  schedule and, if necessary, a hearing to determine the amount of the ongoing *Paice* royalty.

19  Dated: September 3, 2014          MORRISON & FOERSTER LLP

20

21                                   By:   */s/ Rachel Krevans*

22                                         RACHEL KREVANS

23                                         Attorneys for Plaintiff and
                                           Counterclaim-Defendant
24                                         APPLE INC.

25

26

27

28

## I.     INTRODUCTION

On August 27, 2014, the Court denied Apple's motion for a permanent injunction.  (Dkt. 1953.)  In light of the Court's ruling, Apple now moves for an order: (1) requiring Samsung to pay royalties under *Paice* for ongoing and future infringing sales of Samsung products that the jury found to infringe, as well as Samsung products not more than colorably different therefrom (*see* Dkt. 1884 at 2-6, 9), and (2) setting a briefing schedule and, if necessary, a hearing to determine the appropriate amount of the ongoing royalty.  While Apple believes that it has been and continues to be irreparably harmed by Samsung's infringement and that only injunctive relief would suffice to remedy that harm — and Apple will urge that position before the Federal Circuit — Apple is, at the very least, entitled to the partial remedy of an ongoing royalty under *Paice* given the Court's denial of injunctive relief.

The law is clear that when a court denies a permanent injunction an ongoing royalty is appropriate to compensate, at least in part, for ongoing and future infringing sales.  *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1315 (Fed. Cir. 2007) ("*Paice I*").  As with injunctive relief, any ongoing royalties extend not only to ongoing sales of products found to infringe by the jury, but also to products "not more than colorably different" therefrom.  *E.g.*, *I/P Engine, Inc. v. AOL Inc.*, No. 2:11cv512, 2014 U.S. Dist. LEXIS 7876, at *9-11 (E.D. Va. Jan. 21, 2014) (applying ongoing royalty to adjudicated product and any new products "not more than colorably different"); *see also* Dkt. 1953 at 38:23-24 (Order Denying Apple's Motion for Permanent Injunction) ("However, the 'not more than colorably different' provision is standard in injunctions.").

To determine the appropriate rate for an ongoing royalty, Apple proposes an orderly briefing schedule as set forth in Section III.B below.

## II.     ARGUMENT

### A.     Apple Is Entitled To Ongoing Royalties Under *Paice* Given The Court's Denial Of Apple's Motion For Permanent Injunction

In the absence of an injunction, a patentee is entitled to receive ongoing royalties to compensate him, at least in part, for the loss of his lawful right to exclude others from profiting

1    from his invention. *See, e.g.*, *Paice I*, 504 F.3d at 1315; *Paice LLC v. Toyota Motor Corp.*, 609 F.

2    Supp. 2d 620, 630 (E.D. Tex. 2009) ("*Paice II*") (awarding running royalties on remand); *see*

3    *also Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 670 F.3d 1171, 1192 (Fed. Cir.

4    2012) ("The award of an ongoing royalty instead of a permanent injunction to compensate for

5    future infringement is appropriate in some cases.") (citations omitted).  As with injunctive relief,

6    ongoing royalties are equitable in nature and may be imposed by the district court without a trial

7    by jury.  *Paice I*, 504 F.3d at 1315-16.  Parties should be given a "meaningful chance to present

8    evidence to the district court on an appropriate royalty rate to compensate [plaintiff] for

9    [defendant's] *future* acts of infringement." *Id.* at 1316 (Rader, J., concurring).

10       Here, the Court denied Apple's motion for a permanent injunction, concluding that

11    "monetary remedies would more appropriately remedy Samsung's infringement than would an

12    injunction."  (Dkt. 1953 at 35:23-24.)  Apple respectfully maintains that it has been and will

13    continue to be irreparably harmed by Samsung's infringement, that the harm cannot be fully

14    quantified or compensated with money damages, and that only injunctive relief will remedy that

15    harm.  Nonetheless, Apple is entitled to receive at least an ongoing royalty to partially

16    compensate for Samsung's ongoing infringement of Apple's patents through sales of the

17    infringing products and products that are not more than colorably different from the infringing

18    products.  *See Telcordia Techs., Inc. v. Cisco Sys., Inc.*, 612 F.3d 1365 (Fed. Cir. 2010) (ongoing

19    royalty appropriate where patentee had not been compensated for defendant's continuing

20    infringement); *Paice II*, 609 F. Supp. 2d at 630.  For example, Samsung's infringing sales

21    continued after the verdict even though the jury determined that claim 9 of the '647 patent is valid

22    and infringed using a claim construction that the Federal Circuit has already confirmed on appeal

23    in *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286 (Fed. Cir. 2014).  (*See* Dkt. 1847 at 30 (Final Jury

24    Instruction No. 22); Dkt. 1884 at 2, 7 (Amended Final Jury Verdict); *see also* Tr. at 2969:21-

25    2972:11; 2976:13-18 (4/25/14); Tr. at 3014:16-24; 3016:4-3112:3 (Mowry, Jeffay) (4/28/14).)

26    And claim 9 of the '647 patent has also passed scrutiny under reexamination by the PTO.  (*See*

27    Tr. at 1024:12-22 (Dkt. 1624).)

28       This Court has recognized that it is standard for an injunction against infringement to

APPLE'S MOTION FOR ONGOING ROYALTIES
CASE NO. 12-cv-00630-LHK (PSG)
sf-3453759

2

1  prevent sale of products "not more than colorably different" from a product included in the

2  verdict.  (Dkt. 1953 at 38:23-24.)  Where a court orders an ongoing monetary award in lieu of an

3  injunction, the award of ongoing royalties extends not only to infringing products but also to

4  products not more than colorably different from the infringing products.  *I/P Engine*, 2014 U.S.

5  Dist. LEXIS 7876, at *9-11 (applying ongoing royalty to adjudicated product and any new

6  products "not more than colorably different"); *Mondis Tech., Ltd. v. Chimei Innolux Corp.*, No.

7  2:11-cv-378-JRG, 2012 U.S. Dist. LEXIS 60004, at *6-8 (E.D. Tex. Apr. 30, 2012) (same);

8  *Creative Internet Adver. Corp. v. Yahoo! Inc.*, 674 F. Supp. 2d 847, 855 (E.D. Tex. 2009) (same);

9  *Hynix Semiconductor, Inc. v. Rambus Inc.*, No. 5:00-cv-20905-RMW, ECF No. 3911, slip op. at 5

10  (N.D. Cal. Mar. 10, 2009) (ongoing royalty on products adjudged infringing and those "no more

11  than colorably different").

12  In the absence of an injunction, Apple thus is entitled to an order granting an ongoing

13  royalty in an amount to be set by the Court on all ongoing and future infringing sales of

14  adjudicated products as well as products not more than colorably different from the adjudicated

15  products.  Apple respectfully requests that the Court order Samsung to pay such a royalty and

16  establish a schedule to determine the amount of the royalty.

17  **B.      Apple Respectfully Requests A Briefing Schedule And, If Necessary, A**
     **Hearing To Set The Amount Of The Ongoing Royalty**

18

19  Because an ongoing royalty for future infringement is an equitable remedy, courts may

20  determine the appropriate ongoing royalty rate without first holding a jury trial.  *Paice I*, 504 F.3d

21  at 1315-16.  As the Federal Circuit has recognized, "[t]here is a fundamental difference . . .

22  between a reasonable royalty for pre-verdict infringement and damages for post-verdict

23  infringement."  *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1361 (Fed. Cir. 2008).  "[P]re-suit and

24  post-judgment acts of infringement are distinct, and may warrant different royalty rates given the

25  change in the parties' legal relationship and other factors."  *Id.* at 1361-62 (*citing Paice I*, 504

26  F.3d at 1317 (Rader, J., concurring)).  Consequently, in determining ongoing royalty rates, courts

27  routinely award *Paice* royalties at amounts at or above the rate implied in a jury award.  *See, e.g.*,

28  *Creative Internet Adver. Corp. v. Yahoo! Inc.*, 674 F. Supp. 2d 847, 861 (E.D. Tex. 2009) (noting

APPLE'S MOTION FOR ONGOING ROYALTIES
CASE NO.12-cv-00630-LHK (PSG)
sf-3453759

3

1  "[t]he Federal Circuit has instructed that post-verdict infringement should typically entail a higher

2  royalty rate than the reasonable royalty found at trial") (citing *Amado v. Microsoft Corp.*, 517

3  F.3d 1353, 1361 (Fed. Cir. 2008)); *I/P Engine, Inc. v. AOL Inc.*, No. 11-512, 2014 WL 309245, at

4  *2-4 (E.D. Va. Jan. 28, 2014) (ongoing royalty of nearly twice the jury's rate); *Telcordia Tech.*

5  *Inc. v. Cisco Sys., Inc.*, No. 04-876-GMS, 2014 WL 1457797, at *5 (D. Del. Apr. 14, 2014)

6  (awarding royalty at nearly twice the jury's rate); *Affinity Labs of Tex., LLC v. BMW N. Am.,*

7  *LLC*, 783 F. Supp. 2d 891, 901 (E.D. Tex. 2011) (noting that courts "have commonly awarded

8  post-trial premiums in the range of 33% to 50% of the royalty rate for past damages found by the

9  jury"); *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, No. CV-03-597, 2010 U.S. Dist.

10 LEXIS 144259, at *13-14 (D. Ariz. Sept. 8, 2010) (awarding royalty up to twice the jury's rate),

11 *appeal dismissed*, 346 Fed. Appx. 580, 592 (Fed. Cir. 2009); *Paice II*, 609 F. Supp. 2d at 630

12 (awarding royalty at four times the jury's rate).  The parties should be given a "meaningful

13 chance to present evidence to the district court on an appropriate royalty rate to compensate

14 [plaintiff] for [defendant's] *future* acts of infringement." *Paice I*, 504 F.3d at 1316 (Rader, J.,

15 concurring).

16      Here, now that the Court has denied Apple's request for injunctive relief, Apple seeks an

17 ongoing royalty to partially recover for Samsung's ongoing and future infringement of the '647

18 patent at a rate of at least $2.75 per infringing product, at least $2.30 per unit for the '172 patent,

19 and at least $1.41 per unit for the '721 patent—the implied per-product amounts awarded by the

20 jury for Samsung's past infringement of these patents.  (*See* Dkt. 1919-3, at 17:16-18 (Apple's

21 Reply ISO JMOL).)  To determine the final rate that shall apply, Apple proposes that the Court

22 adopt the following schedule:

23

| | |
|---|---|
| Two weeks after an Order granting Apple an ongoing royalty | Deadline for Apple to submit opening papers in support of a proposed ongoing royalty rate |
| Two weeks after Apple's opening brief | Deadline for Samsung to submit any opposition |

| One week after Samsung's opposition brief | Deadline for Apple to submit any reply |
| At the Court's convenience and if the Court determines a hearing is needed | Hearing |

The foregoing schedule is consistent with Northern District Local Rules 7-2 and 7-3, which would otherwise govern the proposed briefing.

Dated: September 3, 2014          MORRISON & FOERSTER LLP


                                   By:   /s/ Rachel Krevans
                                          RACHEL KREVANS

                                   Attorneys for Plaintiff and
                                   Counterclaim-Defendant
                                   APPLE INC.