UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 12-CV-00630-LHK |
| Plaintiff, | ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Before the court are three administrative motions to seal documents. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013). Records attached to nondispositive motions therefore are not subject to the strong presumption of access. *See id.* Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c). *Id.* (internal quotations and citations omitted). As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L. R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally it relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . ."

2

Case No.: 5:12-CV-00630-LHK
ORDER RE: MOTIONS TO SEAL

*Id.* In addition, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. As to license agreements, the Ninth Circuit has held that such "business information" includes "pricing terms, royalty rates, and guaranteed minimum payment terms." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

In addition to making particularized showings, parties moving to seal documents must comply with the procedures established by Civ. L. R. 79-5. Pursuant to Civ. L. R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L .R. 79-5(d)." Civ. L. R. 79-5(b) (requiring the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L. R. 79-5(e)(1).

With these standards in mind, the Court rules on the instant motions as follows.

| **Motion to Seal ECF Number** | **Document to be Sealed** |
|---|---|
| 1897 | Portions of Exhibits 1, 3, 3.1, 4, and 6 to the Declaration of Marylee Robinson in Support of Apple's Motion for Judgment as a Matter of Law. Apple does not claim confidentiality in these documents. Samsung failed to file a supporting declaration stating which parts of these exhibits need to be sealed. The motion is DENIED without prejudice. If Samsung has a claim of confidentiality, it must file a supporting declaration by 9/19/2014. |
| 1919 | Apple's Reply in Support of Motion for Judgment as a Matter of Law, Amended Judgment, New Trial, and Damages Enhancements, the Declaration of Christopher A. Vellturo in Support of Apple's Motion for a Permanent Injunction and Motion for Supplemental Damages, and Exhibits 2 and 3 to the Vellturo Declaration. Apple does not maintain a claim of confidentiality. Samsung did not file a supporting declaration stating which parts of these exhibits need to be sealed. The motion is DENIED without prejudice. If Samsung has a claim of confidentiality, it must file a supporting declaration by |

| Motion to Seal ECF Number | Document to be Sealed |
|---|---|
| | 9/19/2014. |
| 1908 | Exhibit 2 to the Declaration of Marylee Robinson Regarding Supplemental Damages filed in connection with Apple's Opposition to Samsung's Motion for Judgment as a Matter of Law. Samsung submitted a declaration stating that the information in this exhibit is confidential. ECF No. 1916. This motion is GRANTED because it includes confidential sales data for various Samsung products. |

**IT IS SO ORDERED.**

Dated: September 8, 2014



_____
LUCY H. KOH
United States District Judge

4

Case No.: 5:12-CV-00630-LHK
ORDER RE: MOTIONS TO SEAL