# EXHIBIT XX

Page 1

1           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
2                   SAN JOSE DIVISION
3                   - - - - -
4    APPLE, INC., a          )
     California corporation,)
5                            )
             Plaintiff,      )
6                            )
             vs.             ) Civil Action
7                            ) No. 12-CV-00630-LHK
     SAMSUNG ELECTRONICS      )
8    CO., LTD., a Korean      )
     corporation, et al.,     )
9                            )
             Defendants.     )
10

                    - - - - -
11

12      VIDEOTAPED DEPOSITION OF TODD CARL MOWRY

                    - - - - -
13

14                 September 19, 2013

                    - - - - -
15

16               HIGHLY CONFIDENTIAL

                    - - - - -
17
18
19
20
21
22
23
24   Reported By: Ronda Weinell
25   Job No: 65971

Highly Confidential

Page 108

1    Q.    So for the user interface in          11:57

2  Figure 6, you said there's more to it than just   11:58

3  what you see.  What are you referring to there    11:58

4  when you say there's more to it than just what     11:58

5  you see?                                           11:58

6    A.    Actually, I was not referring to       11:58

7  Figure 6 as a user interface.  I was referring    11:58

8  to the claim element in Figure 1, which talks      11:58

9  about a user interface, which is a program         11:58

10 routine.  And so that's the user interface, and   11:58

11 it has to have certain functionality.             11:58

12         What we see in Figure 6 is simply a      11:58

13 screen shot that shows the result of              11:58

14 highlighting detected structures.  So Figure 6    11:58

15 is not inconsistent with an implementation of a   11:58

16 system that satisfies Claim 1.  But the user      11:58

17 interface, for example, you have to be able to    11:58

18 press or somehow indicate what you're             11:58

19 selecting, and a screen shot doesn't show us      11:58

20 how that works or that it does work.              11:58

21    Q.    Why don't we move back to Claim 1      11:59

22 then away from Figure 6, and let's go back and    11:59

23 look at the user interface limitation again.      11:59

24 For that limitation you agree that multiple       11:59

25 structures are first detected after which a       11:59

Highly Confidential

Page 109

1   user can choose any one of which to perform an     11:59

2   operation via the user interface; right?           11:59

3                   MR. VINCENT:   Objection.          11:59

4   Vague, compound.                                   11:59

5        A.    The claim language does not include     11:59

6   that type of ordering.  It says the user           11:59

7   interface enables the selection of a detected      11:59

8   structure.  It does not say -- you said            11:59

9   multiple detected structures -- multiple           11:59

10  structures are detected ahead of time.  The        11:59

11  claim language doesn't say that.                   11:59

12       Q.    So, in your opinion, the claim          11:59

13  language doesn't reflect that?                      11:59

14       A.    There are a number of ways to           11:59

15  implement a user interface that would allow the    12:00

16  user to select a detected structure.  You may      12:00

17  detect multiple structures ahead of time and,      12:00

18  in fact, if you were going to highlight them       12:00

19  like in Figure 6 so that the user could see all    12:00

20  of them before they attempted to do any            12:00

21  selection, it would make sense to detect           12:00

22  multiple structures, and I think that's a nice     12:00

23  way to implement the invention.                    12:00

24            But Claim 1 does not require what        12:00

25  you said.  It does not require that multiple       12:00

Highly Confidential

Page 110

1   structures be detected prior to any selections        12:00

2   beginning.                                            12:00

3              MR. VINCENT:  We've been going             12:00

4   for another hour or so, so whenever you want to       12:00

5   stop at some point.                                   12:00

6              MR. ERWINE:  Sure.  Let me                 12:00

7   finish this line of questioning.                      12:00

8       Q.   So let me try and understand what            12:00

9   you're saying.  So are you saying that if             12:00

10  multiple structures are first detected after          12:01

11  which a user can choose any one of them to            12:01

12  perform and operate via the user interface,           12:01

13  that that would be covered by this limitation?        12:01

14      A.   You said choose any of them to               12:01

15  perform and operate?                                  12:01

16      Q.   Uh-huh.  An operation.                       12:01

17      A.    Okay.  So if the user is -- I'm not         12:01

18  exactly sure what those words mean in this            12:01

19  context.  So maybe I can try to rephrase it,          12:01

20  and you can tell me if my rephrasing of your          12:01

21  question is correct.                                  12:01

22             So if it's the case that the               12:01

23  analyzer server has detected multiple                 12:01

24  structures and this happens to occur, and let's       12:01

25  say there's then highlighting of them, and then       12:01

Highly Confidential

Page 111

1   the user through the user interface selects one      12:01

2   of these structures, that is covered by              12:02

3   Claim 1.  Claim 1 is consistent with that            12:02

4   embodiment of the invention.                         12:02

5        Q.    So you're saying that Claim 1 is          12:02

6   consistent within embodiment within which            12:02

7   multiple structures are detected after which         12:02

8   the user can choose any one of them to perform       12:02

9   an operation in the user interface?                  12:02

10                  MR. VINCENT:  Objection,              12:02

11  vague.                                               12:02

12       A.    I'm sorry.  You're saying perform an      12:02

13  operation, and that's not -- I think that's not      12:02

14  the correct way to characterize it.  It's --         12:02

15  the language talks about selecting a linked          12:02

16  action, so the word operation is not a term          12:02

17  that's used in the patent that I recall.             12:02

18       Q.    Okay.  So you're saying that if a         12:02

19  system -- let me read that.  So you're saying        12:02

20  that Claim 1 is consistent with an embodiment        12:02

21  within which multiple structures are detected        12:03

22  after which the user can select a linked action      12:03

23  to perform the operation via the user               12:03

24  interface; is that right?                            12:03

25                  MR. VINCENT:  Objection,              12:03

Highly Confidential

Page 112

1    vague.                                      12:03

2        A.    No.   I disagree with that.   There   12:03

3    are a couple of problems with that phrasing.   12:03

4    First of all, just to be clear, it has to be   12:03

5    analyzer server that's detecting structures.   12:03

6    And your question, I think you just said,   12:03

7    multiple structures were detected.   It would   12:03

8    have to be detected by the analyzer server.   12:03

9    And you also said that you perform an        12:03

10   operation.                                  12:03

11           And when you're selecting a detected   12:03

12   structure and you're going to select a linked   12:03

13   action -- and linked action means something   12:03

14   very specific in the context of this patent.   12:03

15   So I would not use the word operation.   I would   12:03

16   use the word linked action.                 12:03

17       Q.    I didn't use the word operation.   I   12:03

18   can repeat what I said.   But I specifically   12:03

19   took out performed an operation.            12:03

20       A.    Okay.   If you could repeat that,   12:03

21   that would be great.                        12:03

22       Q.    So you're saying that Claim 1 is   12:03

23   consistent within an embodiment within which   12:04

24   multiple structures are detected, after which   12:04

25   the user can select a linked action to perform   12:04

Highly Confidential

Page 113

| | |
|---|---|
| 1 | the operation via user interface? | 12:04 |
| 2 | A.    Okay.  So the after which -- so if | 12:04 |
| 3 | it's the case that the analyzer server detects | 12:04 |
| 4 | multiple structures and the user, through the | 12:04 |
| 5 | user interface, selects a detected structure, | 12:04 |
| 6 | and then afterward they select a linked action, | 12:04 |
| 7 | that is consistent with assuming that the other | 12:04 |
| 8 | claim elements are also met, then that is | 12:04 |
| 9 | consistent with Claim 1. | 12:04 |
| 10 | Q.    Okay.  And you would say that's also | 12:04 |
| 11 | consistent with the teachings of the '647 | 12:04 |
| 12 | patent? | 12:05 |
| 13 | A.    The '647 patent does not require | 12:05 |
| 14 | that multiple structures be detected before the | 12:05 |
| 15 | user interface -- through the user interface | 12:05 |
| 16 | the user select the detected structure.  That's | 12:05 |
| 17 | not in Claim 1.  That's one way to do it in | 12:05 |
| 18 | order to do the highlighting ahead of time, | 12:05 |
| 19 | like illustrated in Figure 6.  I think it would | 12:05 |
| 20 | naturally occur that way, but that's not a | 12:05 |
| 21 | requirement of Claim 1. | 12:05 |
| 22 | MR. ERWINE:  Why don't we take | 12:05 |
| 23 | a break. | 12:05 |
| 24 | THE VIDEOGRAPHER:  We're going | 12:06 |
| 25 | off the record at 12:06 p.m. | 12:06 |

Highly Confidential

Page 114

1          (Lunch recess taken.)                    12:52

2          THE VIDEOGRAPHER:  We're back            13:09

3   on the record at 1:11 p.m.                      13:11

4   BY MR. ERWINE:                                  13:11

5      Q.    Dr. Mowry, just to reiterate, you're   13:11

6   not being compensated for your time at the      13:11

7   deposition today; is that right?                13:11

8      A.    That's correct, yes.                   13:11

9      Q.    I hope Mr. Vincent bought you lunch     13:11

10  to make up for it.  Can you turn to your         13:11

11  Rebuttal Report and, in particular, if you have  13:11

12  it there -- it's maybe Exhibit 12.               13:11

13     A.    13.                                     13:11

14     Q.    13.  And in particular can you turn     13:11

15  to Page 55.                                      13:11

16     A.    (Witness complies.)                     13:11

17     Q.    And I'm particularly interested in      13:11

18  the Sidekick section.  Do you see that, sir?     13:11

19     A.    Yes.                                    13:11

20     Q.    And I'm interested in your analysis     13:11

21  with respect to the user interface limitation.   13:11

22  Do you see that starting with Paragraph 151 and  13:11

23  152?  If you need to refresh your recollection   13:11

24  or refresh your memory in reading those two      13:12

25  paragraphs, please go ahead and do so, and let   13:12

Highly Confidential

Page 115

1    me know once you've read it.                          13:12

2         A.    Okay.  (Pause.)  Okay.                      13:12

3         Q.    And one of the things you say in            13:12

4    Paragraph 151 is that at no point does Sidekick        13:12

5    allow a user to select from a multitude of             13:12

6    structures.  Is that right?                            13:13

7         A.    It says that, yes.                          13:13

8         Q.    And in response to that in which you        13:13

9    lay out in Paragraph 151, in 152 you say that          13:13

10   this is contrary to the teachings of the '647          13:13

11   patent in which a user can select one structure        13:13

12   from among multiple structures and choose any          13:13

13   one of which could perform an operation via            13:13

14   user interface.  Do you see that?                      13:13

15        A.    I see that.                                 13:13

16        Q.    Is that an accurate reflection of           13:13

17   your opinion?                                          13:13

18        A.    That's what I wrote, yes.                   13:13

19        Q.    Okay.  So let's do this:  I'd like          13:13

20   to mark as an exhibit -- this is literally just        13:13

21   all I'm going to look at, is a couple of pages.        13:13

22   It's basically a copy from your Rebuttal               13:13

23   Report, but I'm going to mark it separately.           13:13

24                MR. ERWINE:  If you can mark              13:13

25   this as Exhibit 15.                                    13:13

Highly Confidential

Page 116

1       (Deposition Exhibit No. 15 was       13:13

2   marked for identification.)              13:13

3       Q.    Dr. Mowry, what I'd like you to do,   13:14

4   and you can verify that that's identical to the   13:14

5   paragraphs.  I am particularly interested in   13:14

6   Paragraph 152.  If you want to verify that it's   13:14

7   identical to your report.                13:14

8       A.    Appears to be, yes.            13:14

9       Q.    I'm going to hand you a pen.  Here's   13:14

10  what I'd like you to do:  In Paragraph 152 I'm   13:14

11  just going to have you write a few things in.   13:14

12  And so -- it's pretty straightforward.  I'll   13:14

13  describe what I want you to do, and then I'll   13:14

14  ask you a question.                      13:14

15      So do you see in Paragraph 152 where   13:14

16  it says "This is contrary to the teachings of   13:14

17  the '647 patent in which"?  Do you see that?   13:14

18      A.    I see that.                    13:14

19      Q.    After the word "which" I want you to   13:15

20  add as if you're adding this into your   13:15

21  language, "multiple structures are detected."   13:15

22  Actually, you have to write it in.  If you   13:15

23  don't want to do it, I can write it in. It   13:15

24  doesn't matter to me.                    13:15

25      A.    Yeah, I haven't been asked before in   13:15

Highly Confidential

Page 117

1  a deposition to write anything.  I just thought     13:15

2  this was a verbal and video record.                 13:15

3      Q.    I'm happy to do it.                        13:15

4      A.    I also understand that notes are           13:15

5  part of the record, and the notes that I'm          13:15

6  making --                                           13:15

7      Q.    No problem.  I'm happy to do it            13:15

8  myself.                                             13:15

9      A.    You're altering my opinions there;         13:15

10  is that correct?                                    13:15

11      Q.    Okay.  I'll hand this to you.  I'll        13:16

12  represent what I did was change the language a      13:16

13  bit, so that it now reads "This is contrary to      13:16

14  the teachings of the '647 patent in which," and     13:16

15  I've added the words "multiple structures are       13:16

16  detected, after which," and back to the text,       13:16

17  "a user," and then I've crossed out "can select     13:16

18  one structure from among multiple structures        13:16

19  and can."  That's all been crossed out.  And        13:16

20  then it continues, "choose any one of which to      13:16

21  perform an operation via the user interface."       13:16

22          So the sentence would read, the way         13:17

23  that I've edited it, "This is contrary to the       13:17

24  teachings of the '647 patent in which multiple      13:17

25  structures are detected, after which a user can     13:17

Highly Confidential

Page 118

1    choose any one of which to perform an operation    13:17

2    via user interface."  Do you see that?    13:17

3        A.    I see that, yes.    13:17

4        Q.    Do you agree with the language as    13:17

5    I've modified it in Paragraph 152?    13:17

6            MR. VINCENT:  Objection,    13:17

7    vague.    13:17

8        A.    Well, this is talking about the    13:17

9    quote, which is not my quote, but your    13:17

10   modification of my opinion is now referring to    13:17

11   the teachings of the '647 patent, which I    13:17

12   understand to be a broader concept than just    13:17

13   the claim language.  And as we were discussing    13:18

14   earlier, the claim language does not require    13:18

15   that multiple structures be detected before the    13:18

16   user selects structures in the preferred    13:18

17   embodiment illustrated in Figure 6, where you    13:18

18   highlight structures, you would, indeed,    13:18

19   detect the multiple structures first in order    13:18

20   to highlight them.  But the Claim 1 does not    13:18

21   require this.    13:18

22       Q.    Okay.  So let me ask the question    13:18

23   again, and it's a yes or no question.  Do you    13:18

24   agree with the language as I've modified it?    13:18

25   And I'll repeat it.  "This is contrary to the    13:18

Highly Confidential

Page 119

1    teachings of the '647 patent in which multiple          13:18

2    structures are detected after which a user can          13:18

3    choose any one on which to perform an operation         13:18

4    via user interface."  Yes or no?                        13:18

5                 MR. VINCENT:   Objection.                  13:18

6    Vague, asked and answered.                              13:18

7         A.    Well, as I said, the Claim 1                 13:19

8    language does not require this in terms of the          13:19

9    phrase -- I was using the phrase teachings of           13:19

10   the '647 patent, and the sentence has been              13:19

11   modified from what I wrote, of course.                  13:19

12             And my understanding is that                  13:19

13   includes also the patent specification, which           13:19

14   would include preferred embodiments.  So in the         13:19

15   preferred embodiment it would be he detecting           13:19

16   multiple structures, because it has to                  13:19

17   highlight them.                                         13:19

18             So in that context of the preferred           13:19

19   embodiment, it is teaching -- the preferred             13:19

20   embodiment teaches that an instance of the              13:19

21   invention where multiple structures are                 13:19

22   detected before you select among them, but              13:19

23   Claim 1 does not require this.                          13:19

24        Q.    So if I ask you for a yes or no              13:19

25   question, is that not clear?                            13:19

Highly Confidential

Page 120

1    A.    I heard what you said.              13:19

2    Q.    So back to my question.  Does this   13:19

3 language, as I've modified it, is it your    13:20

4 opinion that that is correct?  And I'll read it  13:20

5 again.  Yes or no?                            13:20

6         MR. VINCENT:  Asked and             13:20

7 answered.                                     13:20

8    A.    You just asked me the same question,  13:20

9 so I will give you the same answer.           13:20

10   Q.    But I'm asking for a yes or no       13:20

11 answer, not for your explanation, which is not  13:20

12 a yes or no.  I'm asking for a yes or no      13:20

13 answer.  If I asked you, at trial, this       13:20

14 sentence, "This is contrary to the teachings of  13:20

15 the '647 patent in which multiple structures   13:20

16 are detected after which a user can choose any  13:20

17 one on which to perform an operation via the    13:20

18 user interface," is that accurate?  Yes or no?  13:20

19         MR. VINCENT:  Objection, asked      13:20

20 and answered.                                 13:20

21   A.    Well, what's shown here is not what  13:20

22 I wrote.  It's what was modified.  And it's a  13:20

23 modified sentence.  As I said, I agree that in  13:20

24 the context of the -- it's true that for the   13:20

25 example on the preferred embodiment, it is,    13:21

Highly Confidential

Page 121

1    indeed, teaching this example, where multiple        13:21

2    structures are detected, after which the user        13:21

3    chooses from among them, but Claim 1 does not         13:21

4    require this.                                         13:21

5         Q.    So does Claim 1 of the '647 patent        13:21

6    require that a user can select one structure         13:21

7    from among multiple detected structures?             13:21

8         A.    Claim 1 requires that the analyzer        13:21

9    server is able to detect multiple structures,        13:21

10   multiple kinds of structures.  The user             13:21

11   interface means that they have to be able to        13:22

12   select a structure.  It's possible that you         13:22

13   could have, for example, a document that only       13:22

14   has one detected structure in it, for example,      13:22

15   a text message that contains a phone number,        13:22

16   but nothing else that is recognized as a            13:22

17   detected structure.                                 13:22

18            So it's not a requirement that there       13:22

19   would have to actually be multiple structures       13:22

20   present in a document among which they select       13:22

21   one.                                                13:22

22            For that matter it's possible in a         13:22

23   specific document there are no structures, so       13:22

24   there isn't a requirement necessarily in a          13:22

25   particular instance that you would have to be       13:22

Highly Confidential

Page 122

1    able to select one out of a multitude.          13:22

2         Q.    Well, let's assume that there is      13:22

3    multiple detecting structures.  In that          13:22

4    scenario does Claim 1 require that a user can     13:22

5    select one structure from among multiple         13:22

6    detected structures?                              13:22

7                   MR. VINCENT:  Objection,           13:23

8    vague.                                            13:23

9         A.    Claim 1 simply requires that a user   13:23

10   interface enabling a selection of a detected      13:23

11   structure.  It doesn't discuss multiple           13:23

12   structures.  If there were, if there happened     13:23

13   to be multiple detected structures in some        13:23

14   implementation of the patent, then the user       13:23

15   needs to be able to select a detected             13:23

16   structure, but the claim itself doesn't discuss   13:23

17   the number of structures in a particular          13:23

18   document, for example.                            13:23

19        Q.    Let me ask you this:  Do you agree     13:23

20   that the selection of a detected structure, as    13:24

21   written in the claim limitation in Claim 1,       13:24

22   necessarily requires that a particular detected   13:24

23   structure can be chosen from a set of detected    13:24

24   structures?                                       13:24

25        A.    I'm not sure if you're emphasizing     13:24

Highly Confidential

Page 123

1    the particular or the set, so I'll deal with        13:24
2    both of those.  The interface, the description      13:24
3    says that -- Claim 1 says that you can select       13:24
4    the selection of a detected structure.  And         13:25
5    regarding a set of detected structures, the         13:25
6    system needs to be capable of detecting             13:25
7    multiple types of detected structures, clearly      13:25
8    refers to detected structures plural.               13:25
9             So depending on the actual content          13:25
10   of the document, there may or may not be            13:25
11   multiple structures to detect in a particular       13:25
12   instance.                                           13:25
13        Q.    Okay.  Is it fair to say that the        13:25
14   preamble of Claim 1 refers to a computer-based      13:25
15   system for detecting structures in data and         13:25
16   performing actions on detected structures?          13:25
17        A.    It says that, yes.                       13:25
18        Q.    And is it fair to say that the           13:25
19   analyzer server limitation says that an             13:25
20   analyzer server for detecting structures in the     13:25
21   data and linking actions in the detected            13:25
22   structures?                                         13:25
23        A.    Yes, it says that.                       13:25
24        Q.    So for the purposes of my question,      13:25
25   let's assume that there are multiple structures     13:25

Highly Confidential

Page 124

| | | |
|---|---|---|
| 1 | in the data. | 13:26 |
| 2 | A.    Okay. | 13:26 |
| 3 | Q.    So my question is does the claim | 13:26 |
| 4 | language selection of a detected structure, as | 13:26 |
| 5 | written in the claim, necessarily require that | 13:26 |
| 6 | a particular detected structure can be chosen | 13:26 |
| 7 | from a set of detected structures? | 13:26 |
| 8 | MR. VINCENT:  Objection, asked | 13:26 |
| 9 | and answered. | 13:26 |
| 10 | Q.    Yes or no question. | 13:26 |
| 11 | MR. VINCENT:  Same objection. | 13:26 |
| 12 | A.    The word, the phrasing particular | 13:26 |
| 13 | detected structure is not here.  It says | 13:26 |
| 14 | enabling the selection of a detected structure. | 13:26 |
| 15 | If there were multiple structures that were | 13:26 |
| 16 | detected in a document, and if they were, for | 13:26 |
| 17 | example, highlighted, the user would be | 13:26 |
| 18 | surprised if they couldn't select any one of | 13:26 |
| 19 | them that were highlighted, for example. | 13:26 |
| 20 | But the claim language doesn't say | 13:26 |
| 21 | that you need to something -- it doesn't use | 13:26 |
| 22 | the word particular among the set, but -- | 13:26 |
| 23 | Q.    I'm going to repeat my question, | 13:27 |
| 24 | because you're not answering my question.  I'm | 13:27 |
| 25 | going to ask you another time.  It's a yes or | 13:27 |

Highly Confidential

Page 125

1    no question.  It's a very simple question.        13:27
2    Does the claim language, selection of a           13:27
3    detected structure, as written in the claim,      13:27
4    necessarily require that a particular detected     13:27
5    structure can be chosen from a set of detected     13:27
6    structures?  Yes or no.                            13:27
7              MR. VINCENT:  Objection.                 13:27
8    Argumentative, asked and answered.                 13:27
9         A.   Well, I think I've answered that at      13:27
10   least twice now, and it does not use that          13:27
11   language.  Now, it talks about selecting a         13:27
12   detected structure.  It does not say a             13:27
13   particular structure out of a set of detected      13:27
14   structures.                                        13:27
15        Q.   So your answer is, no, you don't         13:27
16   agree with that?                                   13:28
17             MR. VINCENT:  Objection.                 13:28
18   Misstates testimony, asked and answered.           13:28
19        A.   No.  What I said was that the            13:28
20   language itself doesn't use words like             13:28
21   particular structure out of a set of               13:28
22   structures.  As I said a minute ago, if the --     13:28
23   in an example where there's highlighting and       13:28
24   where there were, in fact, multiple structures     13:28
25   in the data where multiple structures had been     13:28

Highly Confidential

Page 126

1   detected prior to selection or to highlight          13:28

2   them, the user would expect to be able to            13:28

3   select any of the structures out of the set.         13:28

4          So that would be a reasonable                 13:28

5   expectation for the preferred embodiment             13:28

6   example.  But strictly speaking, Claim 1             13:28

7   doesn't say that.  It just says selection of a       13:28

8   detected structure.                                  13:28

9      Q.   So I'd like to mark as another               13:28

10  exhibit, 16, this is -- Dr. Mowry, this is your      13:28

11  Reply Expert Declaration from, I guess, the PI       13:29

12  phase of the case.                                   13:29

13             (Deposition Exhibit No. 16 was            13:29

14  marked for identification.)                          13:29

15             MR. ERWINE:  After she marks              13:29

16  it, we have to change the tape, so let's do          13:29

17  that real quick.                                     13:29

18             THE VIDEOGRAPHER:  We're at                13:29

19  the end of Tape 2.  We'll continue with Tape 3.      13:29

20  The time is 1:29 p.m.                                13:29

21             (Off the record.)                         13:31

22             THE VIDEOGRAPHER:  This marks             13:32

23  the beginning of Tape No. 3 of the Deposition        13:32

24  of Todd Mowry.  The time is 1:33 p.m.                13:33

25  BY MR. ERWINE:                                       13:33

Highly Confidential

Page 127

1    Q.    Dr. Mowry, I have marked as an          13:33

2    exhibit your Reply Declaration from the PI     13:33

3    phase of this case, Exhibit 16.  Would you     13:33

4    please turn to Page 53.                        13:33

5    A.    (Witness complies.)                       13:33

6    Q.    In particular, I'm interested in         13:33

7    Section 4.  Do you see that where it says, in  13:33

8    quotes, "The user interface enabling the       13:33

9    selection of a detected structure and a linked 13:33

10   action"?                                        13:33

11   A.    Yes.                                       13:33

12   Q.    You understand that's the claim          13:33

13   language from Claim 1 of the '647 patent?       13:33

14   A.    Appears to be.  Let me check it.          13:33

15   Yes, that's right.                              13:33

16   Q.    And you see Paragraph 139, sir?           13:33

17   A.    I do.                                      13:33

18   Q.    You see that it says, "The Sidekick      13:33

19   dialer does not disclose a," quote, "'user      13:33

20   interface enabling the selection of a detected  13:33

21   structure and a linked action'"?               13:33

22   A.    I see that, yes.                           13:34

23   Q.    Do you agree with that statement?         13:34

24   A.    Yes.  That's my opinion.                   13:34

25   Q.    That's your opinion?                       13:34

Highly Confidential

Page 128

1      A.    That's what I wrote.                     13:34

2      Q.    And look at Paragraph 140.  Do you       13:34

3  see the sentence that says, in quotes,             13:34

4  "'Selection of a detected structure,'" end         13:34

5  quote, "as written in the claim limitation,        13:34

6  necessarily requires that a particular detected    13:34

7  structure can be chosen from a set of detected     13:34

8  structures"?  Do you see that?                      13:34

9      A.    I see that.                               13:34

10     Q.    Do you agree with that statement?        13:34

11     A.    Well, that's what I wrote at the         13:34

12 time.  And that was -- I'm not sure why I wrote    13:35

13 in the part where it says "as written in the       13:35

14 claim limitation."  I think it would have been     13:35

15 more correct for me to refer to the example of     13:35

16 the preferred implementation of the invention.     13:35

17     Q.    So you're changing your opinion?         13:35

18 Yes?                                                13:35

19     A.    Well, I wrote this -- I think that I     13:35

20 did not write this as precisely as I intended      13:35

21 to write it.  So you asked earlier if there        13:36

22 were any corrections, if I had noticed this.       13:36

23 This would be something that I would have          13:36

24 written more carefully.                            13:36

25     Q.    So you disagree with the opinion         13:36

Highly Confidential

Page 129

1   that you have in here, and you're now changing        13:36

2   your opinion; is that right?                          13:36

3                   MR. VINCENT:   Objection.              13:36

4   Misstates testimony, asked and answered.              13:36

5       A.    What I said was I think this is true        13:36

6   with respect to the preferred embodiment in the       13:36

7   patent.   What I have written here is as written      13:36

8   in the claim limitation, and I could have             13:36

9   written that more carefully.   I think that           13:36

10  should not have said "as written in the claim         13:36

11  limitation."   I should have said "as                 13:36

12  illustrated in the preferred embodiment."             13:36

13                  So, yes, that is something that I      13:36

14  would like to -- yes, that is something that I         13:36

15  would, given the choice, have fixed that error        13:36

16  in what I wrote.                                       13:36

17      Q.    So you're saying that that is an            13:36

18  error; is that right?                                  13:36

19      A.    Yes, that is an error.                       13:36

20      Q.    And you submitted this declaration          13:36

21  in support of Apple's Motion For Preliminary           13:36

22  Injunction; correct?                                   13:37

23      A.    I believe that's the context in             13:37

24  which this is submitted.                               13:37

25      Q.    And if you turn to Page 111 of your         13:37

Highly Confidential

Page 130

1   report -- I'm sorry -- the declaration, please      13:37

2   turn to Page 111.  It should be the last page.       13:37

3        A.    Okay.                                      13:37

4        Q.    Do you see there it says, "I              13:37

5   declare, under penalty of perjury, that the          13:37

6   foregoing is true and correct"; right?               13:37

7        A.    Yes.                                       13:37

8        Q.    That's your signature?                     13:37

9        A.    That is.                                   13:37

10       Q.    And you're saying this is not              13:37

11  correct, what you drafted here in Paragraph 140      13:37

12  is not correct?                                       13:37

13       A.    That was an error in what I wrote          13:37

14  down.  People make mistakes when they write           13:37

15  things down sometimes, so that is -- you asked        13:37

16  earlier at the beginning of the deposition if         13:37

17  there are any things that I wanted to correct         13:37

18  where I was aware of any mistakes.  And I did         13:37

19  not notice this before, but that is something         13:38

20  that I would prefer to amend.                          13:38

21          So that's -- I think of it as I              13:38

22  could have written that more precisely.  As I         13:38

23  said, that really should be referring to the          13:38

24  preferred embodiment rather than the claim            13:38

25  limitation language specifically.                      13:38

Highly Confidential

Page 131

1    Q.    And you're not saying that it could        13:38

2    be written more precise.  You're saying it's     13:38

3    wrong.  It's not your opinion; correct?          13:38

4                MR. VINCENT:  Objection,             13:38

5    misstates testimony.                             13:38

6    A.    No, that's not what I said at all.         13:38

7    I said that I could have written this more       13:38

8    precisely, that what it says is correct for the  13:38

9    preferred embodiment in the patent, but in       13:38

10   terms of saying it specifically for the wording  13:38

11   of the claim limitation, I could have written    13:38

12   that more correctly.  I would not choose to      13:38

13   write it the way that I wrote it.                13:38

14   Q.    So as it's written in the Reply            13:39

15   Declaration, you're saying that is incorrect;    13:39

16   is that right?                                    13:39

17   A.    Okay.  Again, I think that's the           13:39

18   same question I just answered, so I'll give you  13:39

19   the same answer, which is I think that it is     13:39

20   correct with respect to the preferred            13:39

21   embodiment.  However, that's what I should have  13:39

22   written here.  I should have said "as            13:39

23   illustrated in the preferred embodiment."  But   13:39

24   I said the wording here that I wrote was "as     13:39

25   written in the claim limitation," and that is    13:39

Highly Confidential

Page 132

1    not written precisely.                          13:39

2         It should say "in the preferred          13:39

3    embodiment," rather than "in the claim         13:39

4    limitation."                                    13:39

5    Q.    But it doesn't say in this sentence      13:39

6    "the preferred embodiment"; correct?  It says   13:39

7    "the claim limitation"; right?                  13:39

8    A.    Yes.  As I said, I should have said      13:39

9    "in the preferred embodiment," and instead I    13:39

10   just said "in the claim limitation," so I       13:39

11   should have written that more precisely.        13:39

12   Q.    And when you compare prior art to a       13:39

13   claim to determine whether or not it's          13:40

14   invalidated, you look at the claim limitation;  13:40

15   correct?                                        13:40

16   A.    Whenever you consider prior art in a      13:40

17   patent, you always begin with the claim         13:40

18   limitations, that is correct.  However, to      13:40

19   understand the meaning of them, you also look   13:40

20   to the patent specification and to the          13:40

21   prosecution history.                            13:40

22   Q.    But in this particular declaration        13:40

23   you were distinguishing the Sidekick reference  13:40

24   from the claim limitation of Claim 1; correct?  13:40

25   A.    Let me double-check the beginning of      13:40

Highly Confidential

Page 133

¹ this.  So I believe that there is -- yes, this        13:40

² is Claim 1, and this was under the heading of         13:40

³ that claim limitation in Claim 1.  And as I           13:40

⁴ said, that was not written precisely.  I was          13:41

⁵ referring to an aspect of the preferred               13:41

⁶ embodiment that can -- that was related to this       13:41

⁷ part, this claim element, but I should have           13:41

⁸ been more precise and written that I was really       13:41

⁹ talking about the preferred embodiment rather         13:41

¹⁰ than the specific wording of the claim               13:41

¹¹ limitation.                                           13:41

¹²     Q.    But you agree that the preferred            13:41

¹³ embodiment of the invention and how that             13:41

¹⁴ matches up with the prior art reference is           13:41

¹⁵ irrelevant for purposes of determining               13:41

¹⁶ invalidity; right?                                    13:41

¹⁷     A.    No, I disagree that preferred               13:41

¹⁸ embodiments are irrelevant.  The thing that is       13:41

¹⁹ most relevant is the claim language.  That's         13:41

²⁰ what you begin with.                                  13:41

²¹         But sometimes in order to                     13:41

²² understand, if you just read a claim in             13:41

²³ isolation, it may not be clear what it's really     13:41

²⁴ referring to.  So the specification of the           13:42

²⁵ patent is also something that you should look       13:42

Highly Confidential

Page 134

| | | |
|---|---|---|
| 1 | to to understand the meaning of the patent.  So | 13:42 |
| 2 | that is what I had in mind here when I wrote | 13:42 |
| 3 | this sentence.  But as I said, it was not | 13:42 |
| 4 | written as precisely as I should have written | 13:42 |
| 5 | it.  I should not have said "claim limitation," | 13:42 |
| 6 | I should have said "as illustrated in the | 13:42 |
| 7 | preferred embodiment." | 13:42 |
| 8 | Q.    So let me ask the question one more | 13:42 |
| 9 | time, because it doesn't include the words | 13:42 |
| 10 | "preferred embodiment."  It includes the words | 13:42 |
| 11 | "claim limitation." | 13:42 |
| 12 | As written by you the selection of a | 13:42 |
| 13 | detected structure, as written in the claim | 13:42 |
| 14 | limitation, necessarily requires a particular | 13:42 |
| 15 | detected structure can be chosen from a set of | 13:42 |
| 16 | detected structures.  You're saying that is | 13:42 |
| 17 | incorrect; right? | 13:43 |
| 18 | A.    I'm saying that I should have | 13:43 |
| 19 | written that more precisely, because what I was | 13:43 |
| 20 | really referring to there was the preferred | 13:43 |
| 21 | embodiment in the patent and not just the | 13:43 |
| 22 | language in the claim limitation, so I could | 13:43 |
| 23 | have written that more precisely. | 13:43 |
| 24 | Q.    So let's look at the scope a little | 13:43 |
| 25 | bit.  So you, in this declaration, distinguish | 13:43 |

Highly Confidential

Page 135

1    Sidekick on the ground that Sidekick does not    13:43

2    allow a user to select from a multitude of    13:43

3    detected structures; correct?    13:43

4        A.    There are a number of reasons why I    13:43

5    distinguish Sidekick from the '647, and this is    13:43

6    just one aspect of that discussion.  That is    13:43

7    not the sole reason why I distinguished it.    13:43

8    This is just part of my discussion.    13:43

9        Q.    Not my question.  I said that was    13:43

10   one of the reasons that you distinguished    13:43

11   Sidekick; correct?    13:43

12       A.    So I didn't hear the word one in    13:43

13   your question.  Was that one of the reasons why    13:43

14   I distinguished Sidekick, yes, that was one of    13:44

15   the reasons why I distinguished it.    13:44

16       Q.    And that was your written    13:44

17   declaration to the Court in support of Apple's    13:44

18   preliminary injunction motion; correct?    13:44

19       A.    Yes, this is my written declaration    13:44

20   to the Court in support of that, correct.    13:44

21       Q.    And now you're saying, after I    13:44

22   pointed out to you, that you no longer believe    13:44

23   that's one of distinctions of Sidekick from    13:44

24   Claim 1 in the '647 patent?    13:44

25            MR. VINCENT:  Objection,    13:44

Highly Confidential

Page 136

1    vague.                                        13:44

2       A.    Can you reread that question?        13:44

3                MR. ERWINE:   Can you read the     13:44

4    question, please.                             13:44

5                (The Reporter read back as         13:44

6    requested.)                                    13:44

7       A.    Regarding the specific language in    13:44

8    Claim 1, this discussion was not focused just  13:44

9    on the claim language but the broader context  13:45

10   of the patent, which included preferred        13:45

11   embodiment.  So this was -- I think your       13:45

12   question said narrowly Claim 1, and if I focus  13:45

13   just on the language of Claim 1 and disconnect  13:45

14   it from the rest of the patent, then this --    13:45

15   what I've written here can really only be       13:45

16   understood in the context of the preferred      13:45

17   embodiment and not just the Claim 1 language on 13:45

18   its own.                                        13:45

19      Q.    I didn't understand that answer at    13:45

20   all.  I am not sure what you're trying to say.  13:45

21   But I'll repeat.  You're relying on the ground  13:45

22   that Sidekick does not allow a user to select   13:45

23   from a multitude of detected structures to      13:45

24   distinguish it from Claim 1; correct?           13:45

25      A.    No, that's not correct.  I'm not      13:45

Highly Confidential

Page 137

1    relying on that.  There are a number of reasons        13:45

2    why Sidekick is distinguished from the '647            13:45

3    patent.                                                13:45

4        Q.    That was one of the reasons that you        13:45

5    distinguished Sidekick -- correct -- from Claim        13:45

6    1 of the '647 patent?                                  13:46

7        A.    As I wrote the text here, it does            13:46

8    appear that that's what I was writing, but I           13:46

9    did not mean to write it in this manner.  I            13:46

10   should have, to be more precise, I should have         13:46

11   distinguished this from -- I should have said          13:46

12   that this is what was discussed in the                 13:46

13   preferred embodiment.                                  13:46

14       Q.    So what you're saying is you meant           13:46

15   to distinguish it from the preferred embodiment        13:46

16   in this Reply Declaration as opposed to                13:46

17   distinguishing it from Claim 1; correct?               13:46

18           MR. VINCENT:  Objection,                       13:46

19   misstates testimony.                                   13:46

20       A.    Your question is a short question.           13:46

21   So in the broader context I am not relying on          13:46

22   the preferred embodiment to distinguish                13:46

23   Sidekick from the '647 patent.  The specific           13:46

24   sentence that you're referring to is one where         13:46

25   I should have been referring to preferred              13:47

Highly Confidential

Page 138

| | | |
|---|---|---|
| 1 | embodiment to inform this discussion here.  But | 13:47 |
| 2 | I, in my report, am distinguishing, for a | 13:47 |
| 3 | number of reasons, distinguishing Sidekick from | 13:47 |
| 4 | Claim 1 in the patent. | 13:47 |
| 5 | Q.    Play all of the word games you want | 13:47 |
| 6 | I'm talking about this sentence.  In this | 13:47 |
| 7 | sentence you're distinguishing Sidekick from | 13:47 |
| 8 | the claim limitation; correct? | 13:47 |
| 9 | MR. VINCENT:  Objection. | 13:47 |
| 10 | Argumentative, asked and answered. | 13:47 |
| 11 | A.    In this sentence, the sentence is | 13:47 |
| 12 | referring to claim limitation.  Yes, the | 13:47 |
| 13 | sentence does refer to claim limitation.  And | 13:47 |
| 14 | as I said, that was not written precisely. | 13:47 |
| 15 | Q.    Right. | 13:47 |
| 16 | A.    I should have written that | 13:47 |
| 17 | differently. | 13:47 |
| 18 | Q.    But in that particular sentence you | 13:47 |
| 19 | were distinguishing Sidekick on at least this | 13:47 |
| 20 | one ground, that Sidekick does not allow users | 13:47 |
| 21 | to select from a multitude of selected | 13:48 |
| 22 | structures; correct? | 13:48 |
| 23 | A.    Yes, that was the general context of | 13:48 |
| 24 | this discussion.  And I was referring to the | 13:48 |
| 25 | broader patent when I was writing this, but I | 13:48 |

Highly Confidential

Page 139

1   didn't write it that way.                        13:48

2       Q.    So now you're saying that -- strike    13:48

3   that.  So now you're saying that it really       13:48

4   should be distinguishing Sidekick for this       13:48

5   instance not from the claim, but from a          13:48

6   preferred embodiment; is that right?             13:48

7              MR. VINCENT:   Objection,             13:48

8   misstates testimony.                             13:48

9       A.    Sorry.  We've been focusing so much    13:48

10  on one sentence, I'm trying to remember now the  13:48

11  broader context of what I wrote.  Could you      13:48

12  repeat the question, please.                     13:48

13             (The Reporter read back as            13:49

14  requested.)                                      13:49

15      A.    Sidekick should be -- the relevant     13:49

16  discussion for Sidekick is how it compares with  13:49

17  respect to the claims.  That's what you start    13:49

18  with.  But you also look at the patent           13:49

19  specification to inform your understanding of    13:49

20  what the claims mean.                            13:49

21      Q.    And I'm not talking about that.        13:49

22  Once again, we're talking about this particular  13:49

23  sentence.  In this sentence in the reply brief   13:49

24  you are distinguishing Sidekick, at least here,  13:49

25  on the ground that Sidekick does not allow a     13:49

Highly Confidential

Page 140

| | | |
|---|---|---|
| 1 | user to select from a multitude of detected | 13:49 |
| 2 | structures; correct? | 13:49 |
| 3 | A.    What is written on the page does -- | 13:49 |
| 4 | is referring to comparing Sidekick.  Actually, | 13:49 |
| 5 | did you say multitude?  It doesn't say | 13:50 |
| 6 | multitude in that sentence.  But the sentence, | 13:50 |
| 7 | as written, is referring to the claim | 13:50 |
| 8 | limitation and selecting a particular detected | 13:50 |
| 9 | structure from a set of detected structures. | 13:50 |
| 10 | That's what the sentence, as | 13:50 |
| 11 | written, says.  And as I said earlier, I did | 13:50 |
| 12 | not write that.  That is a mistake in how I | 13:50 |
| 13 | wrote this sentence.  I should have written it | 13:50 |
| 14 | more precisely. | 13:50 |
| 15 | Q.    What you're saying now is that it | 13:50 |
| 16 | should be that the selection of the detected | 13:50 |
| 17 | structure as written in the preferred | 13:50 |
| 18 | embodiment necessarily requires that a | 13:50 |
| 19 | particular detected structures can be from a | 13:50 |
| 20 | set of detected structures; correct? | 13:50 |
| 21 | A.    Preferred embodiment doesn't require | 13:50 |
| 22 | anything.  Preferred embodiment just | 13:50 |
| 23 | illustrates one particular instance of an | 13:50 |
| 24 | invention.  So it would be inaccurate to just | 13:50 |
| 25 | edit the sentence that way and say that that | 13:50 |

Highly Confidential

Page 141

1    requires something.                              13:50

2         Q.    But in Paragraph 140 you're          13:51

3    comparing it to the claim language; right?      13:51

4         A.    As that sentence is written, which I 13:51

5    wrote it inaccurately and I wish I had written  13:51

6    it more precisely, it does talk about the claim 13:51

7    language as I wrote it in this sentence.  It     13:51

8    does say that.                                   13:51

9         Q.    So is it your opinion that if a      13:51

10   Samsung accused device does not allow the user  13:51

11   to select from a multitude of detected          13:51

12   structures, it does not infringe?               13:51

13              MR. VINCENT:  Objection.             13:51

14   Vague, incomplete hypothetical.                 13:51

15        A.    The patent requires that the user    13:51

16   interface enable the selection of a detected    13:51

17   structure, and there is also a requirement that 13:51

18   the analyzer server be able to detect multiple  13:52

19   structures.                                      13:52

20              So in the case where a particular    13:52

21   document has -- if there are multiple           13:52

22   structures in it that have been detected, the   13:52

23   user needs to be able to select a detected      13:52

24   structure from among whatever set has been      13:52

25   detected.                                        13:52

Highly Confidential

Page 142

1    Q.    Putting aside whether or not any        13:52

2    structures have been detected, putting that    13:52

3    aside, does this limitation, this claim        13:52

4    limitation, the user interface enabling the    13:52

5    selection of a detected structure in a linked   13:52

6    action -- okay?                                13:52

7    A.    Okay.                                    13:52

8    Q.    -- does that require a user to          13:52

9    select from a multitude of detected structures?  13:52

10            MR. VINCENT:  Same objection.        13:52

11   A.    Well, I think, as I discussed           13:52

12   earlier, there's not a requirement of selecting  13:52

13   from a multitude of detected structures,       13:53

14   because there could be a document that only has  13:53

15   a single detected structure or zero detected    13:53

16   structures, in which case it's not possible to  13:53

17   select from a multitude of detected structures.  13:53

18   Q.    Just assuming there are multiple        13:53

19   detected structures, then in that situation    13:54

20   it's their requirement that the user must be    13:54

21   able to select from a multitude of detected     13:54

22   structures.  Strike that.  Let me rephrase     13:54

23   that.  Assuming that there are multiple        13:54

24   structures in the document, according to the    13:54

25   claim language, must a user be able to select   13:54

Highly Confidential

Page 143

| | | |
|---|---|---|
| 1 | from a multitude of those structures? | 13:54 |
| 2 | A.    The claim language says that the | 13:54 |
| 3 | user must be able to select the detected | 13:55 |
| 4 | structure.  And in your question you said there | 13:55 |
| 5 | are multiple structures and a set of | 13:55 |
| 6 | structures, but you didn't say detected | 13:55 |
| 7 | structures.  So the language clearly says that | 13:55 |
| 8 | you're selecting a detected structure. | 13:55 |
| 9 | Q.    So let me rephrase to make sure I | 13:55 |
| 10 | get that correct.  According to that claim | 13:55 |
| 11 | language, a user must be able to select from a | 13:55 |
| 12 | multitude of detected structures; correct? | 13:55 |
| 13 | MR. VINCENT:  Objection, | 13:55 |
| 14 | misstates testimony. | 13:55 |
| 15 | A.    No.  The language just says you need | 13:55 |
| 16 | to be able to select a detected structure.  If | 13:55 |
| 17 | there were multiple detected structures, for | 13:55 |
| 18 | example, to do highlighting of all of the | 13:55 |
| 19 | structures, then they would, indeed, be | 13:56 |
| 20 | selecting a detected structure from a multitude | 13:56 |
| 21 | of them.  But the language doesn't require | 13:56 |
| 22 | that. | 13:56 |
| 23 | Q.    So any instance where there's more | 13:56 |
| 24 | than one structure that's been detected, any | 13:56 |
| 25 | instance, then in your view the user must be | 13:56 |

Highly Confidential

Page 144

1    able to select from a multitude of detected        13:56

2    structures?                                        13:56

3                    MR. VINCENT:   Objection,           13:56

4    vague.                                             13:56

5         A.    That question was difficult to          13:56

6    follow.  So any time there are multiple            13:56

7    detected structures, the user must be able to      13:56

8    select among the multiple detected structures?     13:56

9         Q.    Uh-huh.                                 13:56

10        A.    Is that what you said?                   13:56

11        Q.    Yes.                                     13:56

12        A.    Well, if there were multiple             13:56

13   detected structures and if they were               13:56

14   highlighted, the user would expect that they       13:56

15   would be able to select any of the ones that       13:57

16   they can see.  So the language says enabling       13:57

17   the selection of a detected structure, so it       13:57

18   doesn't have the wording that you just             13:57

19   presented, but the user would expect that if       13:57

20   they were shown multiple -- if multiple            13:57

21   structures were highlighted, that they could       13:57

22   somehow navigate to or in some manner select       13:57

23   any one of them that they wanted to select.        13:57

24        Q.    So let's go back to your Reply           13:57

25   Declaration and Paragraph 140.                     13:57

Highly Confidential

Page 145

1    A.    Is that the one we were just looking    13:57
2  at?                                              13:57
3    Q.    Yes, that's the one we were looking      13:57
4  at.  Is it your understanding that this          13:57
5  declaration was viewed by Apple's attorneys      13:57
6  before it was submitted to the Court?            13:57
7    A.    I don't -- was it reviewed by -- if      13:57
8  it was my declaration, I don't recall -- I       13:57
9  remember finishing the declaration, signing it,  13:58
10  and then it got submitted, so I don't know what  13:58
11  happened after that.                            13:58
12    Q.    Did Apple's attorneys give you any       13:58
13  comments on it throughout the process of         13:58
14  preparing that declaration?                      13:58
15            MR. VINCENT:  I'm going to             13:58
16  caution the witness not to disclose any          13:58
17  attorney-client --                               13:58
18            MR. ERWINE:  It's a yes or no          13:58
19  question.                                        13:58
20            MR. VINCENT:  Can I caution my         13:58
21  witness?                                         13:58
22            MR. ERWINE:  Absolutely.               13:58
23            MR. VINCENT:  I'm going to             13:58
24  caution the witness not to disclose the          13:58
25  contents of any attorney-client privileged       13:58

Highly Confidential

Page 146

1    communication, but you can otherwise answer the      13:58

2    question.                                            13:58

3         A.   I did discuss, have discussions with       13:58

4    attorney -- the counsel during the process of        13:58

5    working on this.  But I think the contents of        13:58

6    what was discussed is covered by the protective      13:58

7    order.                                               13:58

8    BY MR. ERWINE:                                        13:58

9         Q.   This is a yes or no question.  Did         13:58

10   you provide drafts of your declaration to            13:58

11   Apple's attorneys?                                   13:58

12        A.   My understanding is that's covered         13:59

13   under the protected order.                           13:59

14        Q.   It's a yes or no question.  I don't        13:59

15   understand what you're referring to as the           13:59

16   protected order.  I'm just asking whether or         13:59

17   not, yes or no, you provided drafts.                 13:59

18        A.   My understanding is that the               13:59

19   interactions between myself and the counsel in       13:59

20   preparing this is covered by the protective          13:59

21   order.  It's not something that I need to            13:59

22   discuss.                                             13:59

23        Q.   So you're refusing to answer; is           13:59

24   that right?                                          13:59

25        A.   Well, my understanding is that            13:59

Highly Confidential

Page 147

1  that's not something that I'm supposed to be        13:59
2  asked about.                                          13:59
3      Q.    Your counsel is not objecting, so          13:59
4  I'm happy to have you talk to your counsel, if       13:59
5  you're concerned about it.  But I'm asking you        13:59
6  a specific question, and you're telling me            13:59
7  you're refusing to answer?                            13:59
8              MR. VINCENT:  If you'd like to            13:59
9  go off the record, I can clear this up.               13:59
10             MR. ERWINE:  Perfectly fine.              13:59
11 Let's go off the record.                              13:59
12             THE VIDEOGRAPHER:  Going off              13:59
13 the record at 2:00 p.m.                                13:59
14             (Whereupon, a recess was                  13:59
15 taken.)                                                14:09
16             THE VIDEOGRAPHER:  We're back             14:09
17 on the record at 2:09 p.m.                             14:09
18 BY MR. ERWINE:                                         14:09
19     Q.    So, Dr. Mowry, did you get                  14:09
20 clarification from your counsel?                       14:09
21     A.    Yes.                                         14:09
22     Q.    Can you answer the question?                14:09
23     A.    And the question was whether I gave         14:09
24 copies of drafts of my report to counsel in the       14:09
25 course of preparing the report?  Is that the          14:09

Highly Confidential

Page 148

1    question?                                          14:09

2        Q.    Whether or not you provided drafts      14:09

3    of your Reply Declaration to counsel.              14:09

4        A.    Yes, I did.                              14:09

5        Q.    And another yes or no question.  Did    14:09

6    Apple's counsel provide you with comments on       14:09

7    your Reply Declaration?                            14:09

8        A.    That was a long time ago.  It's         14:09

9    possible they gave me some comments.  I don't      14:09

10   remember, to be honest.  I think I wrote it --     14:09

11   I don't remember the details.  I think I wrote     14:10

12   it with a bit of a deadline, so I don't            14:10

13   remember -- I don't remember whether I did, but    14:10

14   I might have gotten comments.                      14:10

15       Q.    Do you understand that this was          14:10

16   Apple's attempt to ban particular Samsung          14:10

17   products from entering the United States?  Is      14:10

18   that right?                                        14:10

19       A.    I don't have legal training, but my      14:10

20   understanding was that was the point of the        14:10

21   preliminary injunction, yes.                       14:10

22       Q.    I want to go back to the claim for a     14:10

23   second.  And if you could look at the '647         14:10

24   patent, in particular Claim 1.  And you see the    14:10

25   analyzer server claim limitation?                  14:10

Highly Confidential

Page 149

1    A.    Yes.                                      14:10

2    Q.    You see where it says "analyzer          14:10

3  server for detecting structures in the data and   14:10

4  for linking actions to the detected              14:10

5  structures"?  Do you see that?                   14:11

6    A.    Yes, I do.                               14:11

7    Q.    So it's your understanding that in       14:11

8  order for a system to infringe Claim 1, there    14:11

9  must be an analyzer server that detects          14:11

10  structures in the data and then links actions   14:11

11  to the detected structures; correct?            14:11

12    A.    Yes, that's correct.                     14:11

13    Q.    So if there was not a direct            14:11

14  detected structure, then it wouldn't infringe   14:11

15  Claim 1?                                         14:11

16         MR. VINCENT:  Objection,                  14:11

17  vague.                                           14:11

18    A.    Didn't say that.  I mean, this is       14:11

19  about a system.  If the system does not contain  14:11

20  an analyzer server for detecting structures and  14:11

21  the data for linking actions to the data, then  14:11

22  it would not infringe Claim 1.  But as I        14:11

23  recall, the statement of phrasing of the        14:11

24  question, you said if there was not a detected  14:11

25  structure, then it would not infringe.  I would  14:11

Highly Confidential

Page 150

1    disagree with that, because an infringing        14:12

2    system could be given a document that has no     14:12

3    structures in it, in which case there would be   14:12

4    no structures to detect.                         14:12

5         Q.    Is it your opinion that the analyzer  14:12

6    server must detect multiple structures?          14:12

7         A.    I believe I just answered that, so    14:12

8    I'll try again.  So the analyzer server must --  14:12

9    so the analyzer server must be capable of        14:12

10   detecting multiple structures, if the multiple   14:12

11   structures exist in the data.  If it is given    14:12

12   data that doesn't have any structures in it,     14:12

13   then it won't be able to detect any structures.  14:12

14   But it must be able to detect structures in the  14:12

15   data and also link actions to the detected       14:12

16   structures.                                       14:12

17        Q.    Assuming there are multiple           14:12

18   structures in the data, you agree that the       14:13

19   selection of a detected structure, as written    14:13

20   in Claim 1, necessarily requires that            14:13

21   particular detected structure can be chosen      14:13

22   from a set of detected structures; correct?      14:13

23              MR. VINCENT:  Objection.              14:13

24   Vague, asked and answered.                       14:13

25        A.    So that claim element requires the    14:13

Highly Confidential

Page 151

1    selection of a detected structure.  So I'm not          14:13

2    sure if particular has a specific meaning.  But         14:13

3    it must be able to select a detected structure.         14:13

4    That claim element does not say from a set of           14:13

5    detected structures.  It says that you have to          14:13

6    be able to select a detected structure.                 14:13

7         Q.    Are you finished?                             14:14

8         A.    Yes.                                          14:14

9         Q.    So let me repeat the question.               14:14

10   Assuming there are multiple structures in the           14:14

11   document, you'll agree that the selection of a          14:14

12   detected structure as written in Claim 1               14:14

13   necessarily requires that a particular detected         14:14

14   structure can be chosen from a set of detected          14:14

15   structures; right?                                      14:14

16              MR. VINCENT:  Asked and                       14:14

17   answered.                                               14:14

18        A.    No.  I disagree with that.  Because          14:14

19   the part that you added was you said in the             14:14

20   beginning if your question, you said there are          14:14

21   multiple structures.  That's fine.  That's part         14:14

22   of the assumption of your scenario.  And you            14:14

23   said it requires it to detect -- sorry --               14:14

24   select a detected structure from a set of, and          14:14

25   you said detected structures.  But, actually,           14:14

Highly Confidential

Page 152

1    it would just require the detection -- sorry.         14:14

2    It would require the selection of a detected          14:14

3    structure from the structures.                        14:14

4            The claim language does not require          14:14

5    that all of the structures be detected before         14:15

6    the user interface enables the user to select a       14:15

7    detected structure.                                   14:15

8        Q.    Dr. Mowry, when did you learn that          14:15

9    the Samsung devices started using content             14:16

10   detectors?                                            14:16

11       A.    The content detector class -- when         14:17

12   did I learn that.  I don't remember a date            14:17

13   exactly.  I don't know off the top of my head.        14:17

14   I mean, when I looked at the source code for          14:17

15   that appropriate version of Jelly Bean, I saw         14:17

16   it, but I don't remember seeing it.  I just           14:17

17   don't remember when I saw it.                         14:17

18       Q.    You understand that it was after you        14:17

19   submitted your Reply Declaration; correct?            14:17

20       A.    I don't remember if it was before or       14:17

21   after.  It may have been after.  I don't              14:17

22   remember when it was.                                 14:17

23       Q.    You understand that Jelly Bean was          14:17

24   not an issue in the PI stage of this case;            14:17

25   correct?                                              14:17

Highly Confidential

Page 153

1    A.    I'd have to -- that may be true.    14:17

2  I'd have to look through the document to    14:17

3  confirm that.  But I don't remember something    14:17

4  to the contrary.    14:18

5    Q.    Let's go back -- let's go back again    14:18

6  to the claim language, and let's look at the    14:18

7  user interface connotation again.  You agree    14:18

8  again that Claim 1 cites a user interface    14:18

9  enabling the selection of a detected structure    14:18

10  linked action; right?    14:18

11    A.    Yes, it says that.    14:18

12    Q.    Now, that claim language, the user    14:18

13  interface enabling the selection of a detected    14:18

14  structure, requires the user interface to    14:18

15  enable selection of a structure by the user    14:18

16  after the structure has already been detected;    14:18

17  correct?    14:18

18    A.    It does say selection of the    14:18

19  detected structure, so the structure that    14:18

20  you're selecting has been detected.    14:18

21    Q.    So you're saying, yes, you agree    14:19

22  with what I just said?    14:19

23    A.    The selection -- I think that I    14:19

24  agree with what you said.  I'm trying to    14:19

25  remember if I remember the question precisely.    14:19

Highly Confidential

Page 154

| 1 | Q.    I can repeat it. | 14:19 |

A.    That would be great.    14:19

Q.    The claim language of Claim 1, the    14:19
user interface enabling the selection of a    14:19
detected structure, requires the user interface    14:19
to enable selection of a structure by the user    14:19
after the structure has already been detected;    14:19
correct?    14:19

A.    Yes.  The selection of a detected    14:19
structure means that the structure has been    14:19
detected at some point.  By the time that the    14:19
user is selecting it -- in the selection    14:19
process, the structure has to be detected.  The    14:19
structure can't be detected after it's selected    14:20
somehow.  It has to be detected prior to    14:20
selection.  That's correct.    14:20

Q.    So the user must be able to pick or    14:20
choose a detected structure after the system    14:20
identifies such structures for the user;    14:20
correct?    14:20

MR. VINCENT:  Objection,    14:20
vague.    14:20

A.    No.  I disagree.  As we discussed    14:20
earlier, you said that the system has already    14:20
identified such structures to the user.  And    14:21

Highly Confidential

Page 155

1   these structures, that would correspond to, in        14:21
2   my opinion, the scenario where you're                 14:21
3   highlighting structures, I mean, in the case          14:21
4   where you're highlighting the structures before       14:21
5   selection.  And that to implement that, you           14:21
6   would need to have detected the structures that       14:21
7   you're going to highlight.                            14:21
8           But Claim 1, since it doesn't                 14:21
9   require the highlighting, it's possible that          14:21
10  the system has not detected the structures            14:21
11  ahead of time, the set of structures.                 14:21
12     Q.    So you're saying the plain language          14:21
13  of Claim 1 does not require that?                      14:21
14     A.    Require what?                                 14:21
15     Q.    What you just said.                           14:21
16           MR. VINCENT:  Objection.                      14:21
17     A.    Can you repeat what you just said?            14:21
18     Q.    Sure.  User must be able to pick or           14:21
19  choose a detected structure after the system          14:21
20  identifies such structures for the user.              14:21
21     A.    I disagree with that wording, as             14:21
22  just said, because you just said after the            14:21
23  system identifies such structures for the user        14:21
24  and there is not a requirement that has               14:21
25  identified such structures for the user.  If          14:22

Highly Confidential

Page 156

1    the system does not have any highlighting, in      14:22

2    my opinion, they have not been identified for      14:22

3    the user.                                          14:22

4         Q.   So let's go to your Reply               14:22

5    Declaration again.  And at this time if you can    14:22

6    refer to Page 86.                                  14:22

7         A.    This is from the preliminary            14:22

8    injunction?                                        14:22

9         Q.   Yes.  The same document.  I believe      14:22

10   it's Exhibit 16.  And do you see that on           14:22

11   Page 86 this is in reference to something          14:22

12   called Pandit?  Do you see that?                   14:23

13        A.    I do.                                   14:23

14        Q.   Do you recall that Pandit was a          14:23

15   prior art reference that was raised in the PI      14:23

16   stage?  Is that right?                             14:23

17        A.    That may be true.  It was a long        14:23

18   time ago, so I don't remember anything to the      14:23

19   contrary.                                          14:23

20        Q.   Okay.  You see on Line 4 on Page 86      14:23

21   refers to the same user interface limitation,      14:23

22   user interface enabling a selection of a           14:23

23   structure in a linked action?  Do you see that?    14:19

24        A.    I do.                                   14:23

25        Q.    In Paragraph 216 it says, "Pandit       14:23

Highly Confidential

Page 157

1   does not disclose a user interface enabling the    14:23

2   selection" --

3                    THE COURT REPORTER:  I'm

4   sorry.  You're going to have to speak up.

5   Pandit does not --

6                    MR. ERWINE:  Is it that you're

7   not hearing me?

8                    THE COURT REPORTER:  I'm

9   not hearing you.  Pandit does not --

10                   MR. ERWINE:  Pandit does         14:23

11  not -- is it the mic or just me?                  14:23

12                   THE COURT REPORTER:  I don't      14:23

13  have the mic.  So it's you.                       14:23

14                   MR. ERWINE:  All right.           14:23

15  BY MR. ERWINE:                                    14:23

16      Q.    "Pandit does not disclose a user        14:23

17  interface enabling the selection of the           14:23

18  detected structure in the linked action."         14:23

19      A.    Yes, I see that.                        14:23

20      Q.    And you understand that in this         14:23

21  Reply Declaration you're distinguishing Pandit    14:23

22  from Claim 1 of the '647 patent?                  14:24

23      A.    Yes.                                     14:24

24      Q.    And then you see that in the next       14:24

25  paragraph it says, "First, Pandit does not        14:24

Page 158

1    disclose this element of Claim 1 for at least        14:24

2    the reason that it does not detect structures         14:24

3    as explained above"?                                   14:24

4         A.    I see that.                                 14:24

5         Q.    And then you see "Pandit also does          14:24

6    not disclose user interface program routines          14:24

7    enabling the selection of the detected                 14:24

8    structure."  Do you see that?                          14:24

9         A.    Yes, I do.                                  14:24

10        Q.    And then the next sentence says,            14:24

11   "The plain and ordinary meaning of," quote, "a         14:24

12   user interface enabling the selection of a             14:24

13   detected structure requires the user interface         14:24

14   to enable selection of a structure by the user         14:24

15   after the structure has already been detected."        14:24

16   Do you see that?                                        14:24

17        A.    I do.                                        14:24

18        Q.    And you agree with that?                    14:24

19        A.    Yes.  That's what I've been --              14:24

20        Q.    And then later on it says -- and I          14:24

21   can read the whole, or if you'd like to read           14:24

22   the whole paragraph.  But it says, "This                14:24

23   argument makes no sense in view of the plain           14:24

24   language of Claim 1, which, as explained,              14:24

25   requires that the user be able to pick or              14:25

Highly Confidential

Page 159

1   choose a detected structure after the system        14:25

2   identifies such structures for the user."  Do       14:25

3   you see that?                                        14:25

4        A.    I see that.                               14:25

5        Q.    And you agree with that statement?        14:25

6        A.    Yes.  So it says identify such            14:25

7   structures for the user, and it's maybe a           14:25

8   subtle thing, but in the question a minute ago,     14:25

9   I thought you said identified the structures to     14:25

10  the user.  I may have switched the for and to,      14:25

11  if you were saying for the user.                    14:25

12          But this -- it needs to detect a             14:25

13  structure that's selected before it's chosen.       14:25

14  But I'd say identifying something to the user,      14:26

15  I interpreted that to be conveying information      14:26

16  to the user visually through highlighting.  And     14:26

17  identifying such structures for the user --         14:26

18  again, I don't remember the exact, if you said      14:26

19  for or to before, but I think what I meant here     14:26

20  was the fact this was just essentially a            14:26

21  redundant way of saying it was detected.            14:26

22          So I think the gist of what I was            14:26

23  saying here is that in order to select a            14:26

24  detected structure, that structure has to be        14:26

25  detected prior to you selecting that structure.     14:26

Highly Confidential

Page 160

1    Q.    And what I said was a user must be      14:26
2  able to pick or choose a detected structure      14:26
3  after the system identifies such structures for  14:26
4  the user.  Correct?                              14:26
5    A.    You're asking me what question you       14:26
6  asked me before?                                 14:27
7    Q.    Yes.                                      14:27
8    A.    Well, I don't remember whether you       14:27
9  said for the user or to the user.  I thought I    14:27
10 heard to the user.  So if you said for the user  14:27
11 before, then I misheard.                          14:27
12   Q.    I'll repeat the question forgetting      14:27
13 what I said before.  A user must be able to       14:27
14 pick or choose a detected structure after the     14:27
15 system identifies such structures for the user;   14:27
16 correct?                                           14:27
17         MR. VINCENT:  Objection, asked            14:27
18 and answered.                                      14:27
19   A.    That's the opinion that I wrote          14:27
20 here, and what I meant by identifies such         14:27
21 structures for the user was essentially just      14:27
22 redundantly me saying detected that structure     14:27
23 that the user had chosen.                          14:27
24         When you asked the question before,       14:27
25 I thought I heard identified such structures to   14:27

Highly Confidential

Page 161

| | | |
|---|---|---|
| 1 | the user, which is why I disagreed with that | 14:27 |
| 2 | statement, whatever the question was earlier, | 14:27 |
| 3 | because I thought that was suggesting | 14:27 |
| 4 | highlighting, and Claim 1 does not require | 14:27 |
| 5 | highlighting. | 14:28 |
| 6 | Q.    So now the way that I've expressed | 14:28 |
| 7 | it, where I said a user must be able to pick or | 14:28 |
| 8 | choose a detected structure after the system | 14:28 |
| 9 | identifies such structures for the user, that | 14:28 |
| 10 | statement is correct; right? | 14:28 |
| 11 | MR. VINCENT:  Asked and | 14:28 |
| 12 | answered. | 14:28 |
| 13 | A.    Did something change between this | 14:28 |
| 14 | question and the previous time you asked it? | 14:28 |
| 15 | Or am I missing -- | 14:28 |
| 16 | Q.    All I'm asking for is a | 14:28 |
| 17 | confirmation.  I've asked you many times for a | 14:28 |
| 18 | yes or no question, so I'll ask you again for a | 14:28 |
| 19 | yes or no question.  I'll repeat the statement. | 14:28 |
| 20 | I'm asking for a yes or no.  Do you agree, a | 14:28 |
| 21 | user must be able to pick or choose a detected | 14:28 |
| 22 | structure after the system identifies such | 14:28 |
| 23 | structures for the user?  Correct. | 14:28 |
| 24 | MR. VINCENT:  Same objection. | 14:28 |
| 25 | A.    That's what I've written here, but | 14:28 |

Highly Confidential

Page 162

1   as I said, what I meant by identifies such          14:28

2   structures for the user was I was just              14:28

3   referring to detecting the structure.  And when     14:28

4   you posed the question earlier, I thought I         14:28

5   heard you say identifies such structures to the     14:29

6   user, and I interpreted that to mean                14:29

7   highlighting, which is why I disagreed with         14:29

8   that.                                               14:29

9       Q.    But now you agree; correct?               14:29

10              MR. VINCENT:  Same objection.            14:29

11      A.    So the phrase that you gave me is          14:29

12  what I wrote here, and as I said, what I was         14:29

13  referring to was the detection of the structure     14:29

14  that was selected being selected, and that's        14:29

15  what I meant by identify such structures for        14:29

16  the user.  I thought I heard you say identified     14:29

17  such structures to the user, when you asked me      14:29

18  the question before, which is why I disagreed       14:29

19  with it before.                                     14:29

20      Q.    And I've now changed it to for the        14:29

21  user.  And with that change do you now agree?       14:29

22      A.    I agree that is the opinion that I        14:29

23  wrote here, and I agree with that opinion.  And     14:29

24  as I said, the reason why I said identifies         14:29

25  such structures for the user is that I was          14:30

Highly Confidential

Page 163

1   referring to the detection of the structure          14:30

2   prior to selection.                                   14:30

3           And when I heard you ask the                  14:30

4   question before, I thought you said to the            14:30

5   user, and that to me would suggest highlighting       14:30

6   it.  And that's why I disagreed with the              14:30

7   statement before.                                     14:30

8       Q.    So now that I've changed it from to         14:30

9   the user to for the user, do you agree?               14:30

10              MR. VINCENT:  Asked and                    14:30

11  answered.                                             14:30

12      Q.    Yes or no?                                   14:30

13              MR. VINCENT:  Asked and                    14:30

14  answered.                                             14:30

15      A.    Let's see.  This is the fifth time.         14:30

16  I will give the answer again.  So my answer is        14:30

17  that statement is the statement that I have in        14:30

18  my report, and I agree with that statement,           14:30

19  where what I meant by identifies such                 14:30

20  structures for the user is simply that that           14:30

21  structure that's being selected was detected          14:30

22  before it was selected.  And when you asked the       14:30

23  question earlier, I thought you said identifies       14:30

24  such structures to the user, which is why I           14:30

25  disagreed, because I thought that implied             14:31

Highly Confidential

Page 164

1  highlighting, which is not a requirement of          14:31

2  Claim 1.                                             14:31

3      Q.   So let's turn to -- before we go            14:31

4  there, so if a Samsung phone requires that the       14:31

5  user pick or choose a detected structure after       14:31

6  the system identifies such structures for the        14:31

7  user, it does not infringe Claim 1; correct?         14:31

8               MR. VINCENT:  Objection,                14:31

9  vague.                                               14:31

10     A.   If a product --                             14:31

11     Q.   Actually, let me -- I apologize.            14:31

12 Strike that question.  I'll, hopefully, phrase       14:31

13 it a little bit better.  So if a Samsung             14:31

14 accused phone requires that the user pick and        14:32

15 choose a detected structure before the system        14:32

16 identifies such structure, it does not infringe      14:32

17 Claim 1; correct?                                    14:32

18             MR. VINCENT:  Objection,                 14:32

19 vague.                                               14:32

20     A.   In your question you said they're           14:32

21 picking a detected structure.  If it's a             14:32

22 detected structure, then it has to have been         14:32

23 detected when the user is selecting it.  And I       14:32

24 think there was a part at the end of your            14:32

25 question that I may not have caught every word,      14:32

Highly Confidential

Page 165

1    and if you could repeat it.                     14:32

2        Q.    Yes, I can repeat the question.       14:32

3        A.    That would be great.                  14:32

4        Q.    If a Samsung accused phone requires   14:32

5    that the user pick and choose a detected        14:32

6    structure before the system identifies such     14:32

7    structure, that does not infringe Claim 1;      14:33

8    right?                                           14:33

9               MR. VINCENT:  Objection,             14:33

10   vague.                                           14:33

11       A.    I'm not exactly sure what you mean     14:33

12   by identifies such structure.  So my guess is   14:33

13   that that would mean detects such a structure.  14:33

14   So in order to detect a structure, the          14:33

15   structure has to have been detected.            14:33

16             So my guess is that what you meant    14:33

17   when you said identify was detected, so it       14:33

18   clearly would have to have been detected in      14:33

19   order for you to be selecting something that     14:33

20   was already detected.                           14:33

21       Q.    I was using your words.               14:33

22       A.    Okay.                                 14:33

23       Q.    So do you not understand what your    14:33

24   words were when you said identified?            14:33

25             MR. VINCENT:  Objection.              14:33

Page 166

1    Argumentative, misstates the document,              14:33

2    misstates the testimony.                            14:33

3         A.    You were using -- which words were       14:33

4    you referring to again?                             14:33

5         Q.    I was referring to that sentence on      14:33

6    217.  It says, "This argument make no sense in      14:33

7    view of the plain language of Claim 1 which, as     14:34

8    explained, requires that the user be able to        14:34

9    pick and choose detected structure after the        14:34

10   system identifies such structure for the user.      14:34

11        A.    Yes.  So as I just answered, I said      14:34

12   that assuming that identifies is the same as        14:34

13   detected, and the way -- when I wrote this,         14:34

14   that's what I meant.  So I really should have       14:34

15   said the system detects such structures.            14:34

16             The more precise wording would have       14:34

17   been required the user to be able to pick or        14:34

18   choose the structure after the system detects       14:34

19   such a structure.  I said identifies.  I meant      14:34

20   it to be the equivalent of detect.  And that's      14:34

21   what I believe I just said a minute ago in my       14:34

22   answer.  In that case, yes, I agree with the        14:34

23   answer I gave a minute ago, and I agree with        14:34

24   the statement.                                      14:34

25        Q.    That's a very different statement        14:34

Highly Confidential

Page 167

1    than what's written here.  So are you changing    14:34

2    your opinion again for this paragraph?    14:35

3         A.    I haven't changed my opinion for    14:35

4    this paragraph.    14:35

5         Q.    You're saying that the word detects    14:35

6    and the word identifies mean the same thing?    14:35

7              MR. VINCENT:  Objection,    14:35

8    misstates testimony.    14:35

9         A.    I think I said just a minute ago    14:35

10   that that was not necessarily the case.    14:35

11   Detects has a specific meaning in the context    14:35

12   of this patent.  And when I wrote this, I may    14:35

13   have been just attempting to not keep reusing    14:35

14   the same word.  I probably -- I should have    14:35

15   used the word detects instead of identifies to    14:35

16   be more precise, but what I wrote is not wrong,    14:35

17   given that that's what I meant.    14:35

18              I perhaps could have been a little    14:35

19   bit more precise, but I don't think that this    14:35

20   statement is incorrect.  In order for you to    14:35

21   select a detected structure, that systems that    14:35

22   have detected that structure, which is what I    14:35

23   meant when I wrote the system identifies such    14:35

24   structures for the user.  I meant that it    14:36

25   detected the structure.    14:36

Highly Confidential

Page 168

1    Q.    That's not what you said; right?    14:36

2    You said identifies, not detects.    14:36

3              MR. VINCENT:  Objection, asked    14:36

4    and answered.    14:36

5    A.    The wording says identifies here,    14:36

6    and as I said, I could have said that more    14:36

7    precisely.  I don't write with perfect    14:36

8    precision a hundred percent of the time.  I    14:36

9    strive to.  But that's what I intended when I    14:36

10   wrote identifies.  I meant for that to be    14:36

11   synonymous with detected, but I could have    14:36

12   written that more precisely.    14:36

13   Q.    Well, in fact, you testified earlier    14:36

14   that under Claim 1 a structure could be    14:36

15   detected but not identified to the user; right?    14:36

16   A.    Identified to the user.  So that we    14:36

17   get back to that again.  So identified to the    14:36

18   user.    14:36

19   Q.    I'll rephrase it.  Identified for    14:36

20   the user, to use your language, identified for    14:36

21   the user.    14:37

22             MR. VINCENT:  What is the    14:37

23   question again?    14:37

24   Q.    What I am saying is that you're now    14:37

25   saying that to be more precise in your    14:37

Highly Confidential

Page 169

1  declaration, you would have used the word     14:37

2  detects here instead of identifies.  Is that  14:37

3  right?                                          14:37

4      A.    I think it would have been more      14:37

5  precise to have said this argument made no     14:37

6  sense in view of the plain language of the     14:37

7  Claim 1 which, as explained, requires that the 14:37

8  user be able to pick or choose a detected      14:37

9  structure after the system detects that        14:37

10 structure.  And what I said was identifies such 14:37

11 structures for the user, and that's what I     14:37

12 meant, was detect the structure.              14:37

13          And earlier I thought I heard, and    14:37

14 maybe you said the word for, but I heard to.   14:37

15 When I hear someone say identify structures to 14:37

16 the user, that takes on an entirely different  14:37

17 meaning.  It's not what I wrote here.  It's    14:37

18 what I heard and perhaps misheard in the       14:37

19 earlier question.  And that would be           14:38

20 something -- I would disagree with identifying 14:38

21 it to the user, which I would think would mean 14:38

22 highlighting, and that's not what I meant here. 14:38

23     Q.    So you're saying that if it says the 14:38

24 system identifies such structures for the user, 14:38

25 that's the same as the system detecting such   14:38

Highly Confidential

Page 170

1    structures for the user?                        14:38

2                    MR. VINCENT:  Objection.        14:38

3    Vague, asked and answered.                       14:38

4        A.    Detecting has a fairly specific       14:38

5    meaning in the context of the '647 patent.       14:38

6    Identifies is a looser term.  And I should have  14:38

7    written detects here rather than identifies.     14:38

8    I'm not going to equate identifies with detect.  14:38

9        Q.    So you're saying this is wrong?        14:38

10                   MR. VINCENT:  Objection.         14:38

11   Misstates testimony, asked and answered.         14:38

12       A.    No.  I'm not saying that this --       14:38

13   sorry.                                           14:38

14                   MR. VINCENT:  Go ahead.          14:38

15       A.    No.  I disagree.  I'm not saying       14:38

16   that this is wrong.  I'm saying that I could     14:38

17   have worded this more precisely.  Instead of     14:38

18   saying identifies, which could be interpreted    14:38

19   more loosely than detected, I should have said   14:39

20   detected, instead of using the word identifies.  14:39

21       Q.    So let me ask it this way:  If a       14:39

22   user mainly selects text before the accused      14:39

23   system attempts to recognize that text, it       14:39

24   would be reversing the steps disclosed in the    14:39

25   '647 patent; right?                              14:39

Highly Confidential

Page 171

1      A.    There were a lot of words that are      14:39

2  important in there.   Can the question be      14:39

3  repeated, please.      14:39

4      Q.    I can say it again.   If a user      14:39

5  manually selects text before the accused system      14:39

6  attempts to recognize that text, it would be      14:39

7  reversing the steps disclosed in the '647      14:39

8  patent; right?      14:40

9      A.    The '647 patent does not -- okay.      14:40

10 Claim 1 does not require -- does not really      14:40

11 speak -- it describes functionalities.   There      14:40

12 are some orderings that are implied, but it      14:40

13 does not discuss many orderings.      14:40

14         The selection of a detected      14:40

15 structure means that the structure has to have      14:40

16 been detected when it is selected, prior to      14:40

17 being selected.   But regarding whether -- in      14:40

18 the case where there's no highlighting of -- so      14:40

19 for Claim 1, where there is no highlighting,      14:40

20 the user is going to select text.      14:40

21         And in terms of the precise timing      14:41

22 of when detection occurs, as long as that      14:41

23 satisfies the requirement that the selection      14:41

24 occurs after detection occurs, then it would      14:41

25 satisfy Claim 1.      14:41

Highly Confidential

Page 172

1    Q.    Okay.  Let me restate it, because I    14:41
2  didn't understand your answer, and again it's a    14:41
3  yes, no question.  If a user manually selects    14:41
4  text before the accused system attempts to    14:41
5  recognize that text, that would be reversing    14:41
6  the steps disclosed in the '647 patent;    14:41
7  correct?    14:41
8              MR. VINCENT:  Asked and    14:41
9  answered.    14:41
10    A.    So if the user manually selects text    14:42
11  before it attempts to recognize the text, that    14:42
12  does sound like it would be difficult for there    14:42
13  to be detection prior to selection.    14:42
14            So I'd have to think more about the    14:42
15  specifics of timing, but that sounds -- there    14:42
16  were also some words in there that -- I think    14:42
17  you said recognize, attempting to recognize the    14:42
18  text, and I think it would need to say detect    14:42
19  the text.    14:42
20            But as it's worded, it would be    14:42
21  challenging for that to line up with having    14:42
22  detected a structure before it was selected.    14:42
23  But I'd have to think -- like I said, some of    14:42
24  the words that were in that statement perhaps    14:42
25  could have been a little more precise for me to    14:42

Highly Confidential

Page 173

1   understand the scenario exactly.  But it would      14:43

2   certainly be difficult for that to aline with       14:43

3   the Claim 1.                                         14:43

4        Q.    In fact, wouldn't it be that that        14:43

5   reversal of steps would be materially and           14:43

6   critically significant in terms of its              14:43

7   difference from Claim 1?                             14:43

8              MR. ERWINE:   Objection, vague.           14:43

9        A.    Well, Claim 1 doesn't really talk        14:43

10   about ordering.  It says, for example, "An         14:43

11   analyzer server detects structures in the data     14:43

12   and links actions to the detected structure;       14:43

13   so --                                              14:43

14              THE COURT REPORTER:   An                 14:43

15   analyzer server --                                 14:43

16        A.    "Detects structures in the data and     14:43

17   links actions" -- well, I'm rephrasing             14:43

18   slightly.  "An analyzer server for detecting       14:43

19   structures in the data and for linking actions     14:43

20   to the detected structures."  So there's an        14:43

21   ordering there which is -- you can't link the      14:43

22   action to the detected structure before it's       14:43

23   detected.  I would think that that would make      14:44

24   sense.                                             14:44

25              And, second, it says "A user            14:44

Highly Confidential

Page 174

1    interface enabling the selection of a detected    14:44

2    structure."  So the structure needs to be    14:44

3    detected before you can select the detected    14:44

4    structure.  So those -- as long as    14:44

5    something -- those are the orderings that I see    14:44

6    in Claim 1.    14:44

7        Q.    So selection before detection would    14:44

8    be a reversal of the steps in Claim 1; right?    14:44

9        A.    Selection before detection of the    14:44

10   particular structure that the user is trying to    14:44

11   select would appear to be a reversal, yes.  At    14:44

12   first glance that would appear to be the case.    14:44

13   I could look at a specific, more detailed    14:45

14   example to think more about that.    14:45

15          But you have to be selecting a    14:45

16   detected structure.  So if the thing you're    14:45

17   selecting hasn't been detected yet, then if    14:45

18   it's not a detected structure yet, then you're    14:45

19   not selecting a detected structure.    14:45

20       Q.    And so if in the accused Samsung    14:45

21   phones a user manually selects text before the    14:45

22   Samsung phone attempts to detect that text, it    14:45

23   would not infringe; correct?    14:45

24              MR. VINCENT:  Objection,    14:45

25   vague.    14:45

Highly Confidential

Page 175

1    A.    If the user manually selects text,        14:45

2    the user can use their mouse and select text at   14:45

3    any time.   And that could be before they, for    14:45

4    example, press the button that says please go     14:45

5    to text structures in this document.              14:45

6          So I would not want to say that as a       14:46

7    blanket statement the act of manually selecting   14:46

8    text somewhere before the system has detected     14:46

9    structures would mean necessarily that this       14:46

10   doesn't infringe the patent.                      14:46

11   Q.    You referenced pressing a button           14:46

12   that says please go to detect structures;         14:46

13   right?                                            14:46

14   A.    I'm referring to the icon in               14:46

15   Figure 5.                                         14:46

16   Q.    Are you aware of any such icon in          14:46

17   any of the accused devices?                       14:46

18   A.    In the accused devices, no, I am not       14:46

19   aware of such an icon in the accused devices.     14:46

20   Q.    So putting that into perspective,          14:46

21   realizing that there is no such icon, then if     14:46

22   in the accused phones the user manually selects   14:47

23   text before the phone attempts to detect that     14:47

24   text, it would not infringe Claim 1; correct?     14:47

25          MR. VINCENT:  Objection,                  14:47

Highly Confidential

Page 176

| | |
|---|---|
| 1 vague. | 14:47 |
| 2     A.   Well, as I said, this is a | 14:47 |
| 3 hypothetical scenario.  So the case that I'm -- | 14:47 |
| 4 so strictly speaking, I could be -- I could | 14:47 |
| 5 have an e-mail message or a document that I'm | 14:47 |
| 6 looking at somewhere, and I could highlight | 14:47 |
| 7 some text in it where whatever thing I'm | 14:47 |
| 8 viewing it in isn't trying to detect | 14:47 |
| 9 structures, and then I could look at it in | 14:48 |
| 10 something that's detecting structures. | 14:48 |
| 11       So, strictly speaking, I have | 14:48 |
| 12 highlighted text before the system has | 14:48 |
| 13 attempted to detect it as a structure.  So I | 14:48 |
| 14 wouldn't say that just having detected it at | 14:48 |
| 15 some point in some other context upon the | 14:48 |
| 16 system would mean that it wouldn't be | 14:48 |
| 17 infringing Claim 1. | 14:48 |
| 18     Q.   So now I'm confused.  Before I | 14:48 |
| 19 thought we agreed that if a user mainly selects | 14:48 |
| 20 text before an accused system attempts to | 14:48 |
| 21 detect that text, that it would be reversing | 14:48 |
| 22 the steps of Claim 1 in the '647 patent. | 14:48 |
| 23     A.   So it's difficult to respond to | 14:48 |
| 24 that, because there are parts of the scenario | 14:48 |
| 25 that are not filled in.  Just as you phrased | 14:48 |

Highly Confidential

Page 177

1    it, that could mean -- a number of different        14:48
2    scenarios come to mind, and I could think of        14:48
3    cases where that could potentially not -- it        14:48
4    may or may not be consistent with Claim 1,          14:49
5    so -- but if the example was more precise, I        14:49
6    could speak to it more precisely.  But as I         14:49
7    said, just with that little snippet, there are      14:49
8    many ways to interpret what it means to             14:49
9    manually select text.  Where?  In what             14:49
10   application?  Like how?  That could mean a lot       14:49
11   of different things.                                14:49
12           So if we talk about a specific             14:49
13   example, I might be able to give you a more         14:49
14   precise answer.  As a general statement,            14:49
15   though, that statement, I think we need more         14:49
16   context in order to say something as strongly        14:49
17   as does that snippet mean that something does        14:49
18   not infringe Claim 1.                               14:49
19       Q.   Well, in the case you described, the      14:50
20   user isn't selecting text; right?  They're just     14:50
21   pointing to the screen?                             14:50
22           MR. VINCENT:  Objection,                   14:50
23   vague.                                              14:50
24       A.   Okay.  What I described earlier was       14:50
25   a case where in some context I am looking at,       14:50

Highly Confidential

Page 178

1   say, an e-mail message or a text message, and        14:50

2   using my mouse or whatever, I have selected          14:50

3   some portion of text.                                14:50

4           And then in some context where there         14:50

5   is an analyzer server, some other context, and       14:50

6   then it starts to detect that.  So I was not         14:50

7   simply pointing at the screen.  I was actually,      14:50

8   like, using the mouse to demarcate the               14:50

9   beginning and end of the structure.  That's         14:50

10  what I was referring to before.                      14:50

11      Q.   So let me repeat the question in            14:50

12  that context.  So if this user is manually          14:51

13  selecting text, in that fashion, before the         14:51

14  accused system attempts to detect that text,         14:51

15  that would be reversing the steps of Claim 1 in      14:51

16  the '647 patent; right?                              14:51

17          MR. VINCENT:  Objection,                     14:51

18  vague.                                               14:51

19      A.   You said in the context of the             14:51

20  example that I just gave?                            14:51

21      Q.   Yes.                                        14:51

22      A.   No, that would not be reversing the        14:51

23  steps.  Because in the example I just gave, I        14:51

24  was talking about two different ways in which I      14:51

25  was viewing a document, one where there wasn't       14:51

Highly Confidential

Page 198

1    mentions things such as phone numbers, e-mail       15:26

2    addresses, and other types of things that are       15:26

3    shown in the examples in Figures 5, 6, and 7.       15:26

4         Q.    But that's a specific requirement       15:26

5    that you've applied to the term structure in       15:26

6    Claim 1, correct, that it must have semantic       15:27

7    significance?                                        15:27

8         A.    Yes.  Significance to the user, yes,     15:27

9    that's correct.                                      15:27

10        Q.    Now, the Claim, Claim 1 in              15:27

11   particular, but claim 1 and its appendix, don't     15:27

12   specify that a structure must have semantic        15:27

13   significance; right?                                15:27

14        A.    Well, it doesn't say -- the claim --    15:27

15   the claim language just says structure.            15:27

16   Structure could mean a house, structure could      15:27

17   mean a sentence structure.  It could mean a        15:27

18   thousand different things, probably more.  So      15:27

19   in order to know what does structure mean, you     15:27

20   have to go look at the patent specification to    15:27

21   know what that means.                               15:27

22           There's no description in here of          15:27

23   what the structure is in Claim 1.  So you -- in    15:27

24   order to -- that's the reason why, as I            15:27

25   understand, you have to look not just at the       15:27

Highly Confidential

Page 199

1    claim language, you have to look at the patent        15:27

2    specification to understand the meaning of the        15:27

3    claim language in cases like this.                    15:27

4        Q.    So is semantic significance                15:27

5    significant to the user?                              15:28

6                  MR. VINCENT:   Objection.               15:28

7    Vague to the extent it calls for speculation.         15:28

8        Q.    I mean --                                   15:28

9        A.    Well, it means -- it does begin with        15:28

10   things that the user would recognize, so there        15:28

11   has to be some -- it's a category of type of          15:28

12   information.                                          15:28

13            So, for example, the users would             15:28

14   know what a phone number was or they would know       15:28

15   what an e-mail address is.  They wouldn't             15:28

16   know -- yeah, that's -- the examples that are         15:28

17   given here are things that would be meaningful        15:28

18   to a user as a type of category or data.              15:28

19       Q.    So let's go back to the spec, and           15:28

20   the description you referred to says that             15:28

21   structures have semantic significance; right?         15:28

22       A.    Recognizable structures that have          15:28

23   semantic significance, yes, it says that.             15:28

24       Q.    So there must be structures that do         15:29

25   not have semantic significance; correct?              15:29

Highly Confidential

Page 200

1    A.    Well, a house is a structure that      15:29

2    doesn't have -- I mean, the word structure can    15:29

3    mean other things.  In the context of this       15:29

4    patent, it's spelling out what they mean by       15:29

5    structure here.  It's an instance of these        15:29

6    types of patterns.                                15:29

7            They are categories of data, nuggets     15:29

8    that the user would normally want to just         15:29

9    search for in some way in a document, like a      15:29

10   phone number.                                     15:29

11   Q.    Well, the patent spells out a lot          15:29

12   things about structure; right?                    15:29

13           MR. VINCENT:  Objection.                  15:29

14   Vague.                                            15:29

15   A.    Well, a lot of things -- I don't           15:29

16   know -- I mean, it talks about what it is.  It    15:29

17   says it's an instance of a pattern, and it        15:29

18   gives examples of these types of structures.      15:29

19   Q.    Are you saying that anything that's        15:29

20   in the specification must be part of the claim?   15:29

21           MR. VINCENT:  Objection.                  15:30

22   Misstates testimony.                              15:30

23   A.    No.  I think I've very explicitly          15:30

24   said that that's not the case earlier today.      15:30

25   So the claim -- you begin with the claims, and    15:30

Highly Confidential

Page 201

1    where there's ambiguity in what the claim        15:30

2    language means, you look to the patent           15:30

3    specification.                                   15:30

4              And in the case of structure, if you   15:30

5    need to know what structure means, it's such a   15:30

6    generic term, having meaning in many, many       15:30

7    different contexts in the physical world and     15:30

8    society.  So like organizational structure,      15:30

9    like who reports to who, it doesn't mean that    15:30

10   at all.  It means -- it means a specific thing   15:30

11   here, and so that's why we need to look for it   15:30

12   to understand that term.                         15:30

13       Q.    So if we look at the preamble of       15:30

14   Claim 1 that says a computer-based system for    15:30

15   detecting structures and data and performing     15:30

16   actions on detected structures, doesn't that     15:30

17   give you significant context for what a          15:30

18   structure is?                                    15:30

19       A.    Not enough to understand it, no.       15:30

20   Not in my opinion.  I think you need to look to  15:30

21   the patent specification to understand what      15:30

22   that meant.                                       15:31

23       Q.    So that preamble doesn't limit it?     15:31

24   It can still be an organizational structure, a   15:31

25   house in the context of that preamble?           15:31

Highly Confidential

Page 202

1              MR. VINCENT:  Objection.          15:31

2    Vague.                                      15:31

3        A.    Well, it says, "in data," so it has   15:31

4    to be something in data, and it doesn't say   15:31

5    much beyond that.  So there's not really much   15:31

6    of a clue of what they're talking about.   15:31

7              I mean, they could be talking about   15:31

8    visual style of a background of a slide or   15:31

9    something.  It's not -- I mean, that's -- for   15:31

10   example, the border around your slide       15:31

11   presentation, one might call that a structure   15:31

12   in data.  That's not what they're referring to   15:31

13   here, for example.                          15:31

14       Q.    So you're saying that if you read   15:31

15   just the preamble -- actually, if you read the   15:31

16   whole claim -- that there isn't a plain and   15:31

17   ordinary meaning for the word structure?    15:31

18              MR. VINCENT:  Objection.         15:31

19   Misstates testimony.                        15:31

20       A.    I didn't say that.  The meaning of   15:32

21   structure is clear when you read the patent   15:32

22   specification, and that's -- that's my       15:32

23   understanding is that's what you're supposed to   15:32

24   do to understand these kinds of terms.      15:32

25              If they have to embed a complete   15:32

Highly Confidential

Page 203

1    definition of all of these terms into the claim        15:32
2    language, the claims would become unwieldy, I          15:32
3    imagine.  So that's why you can use shorthand          15:32
4    like this, because you can refer to the rest of        15:32
5    the document to understand what it's referring         15:32
6    to.                                                    15:32
7         Q.    So is the claim term structure              15:32
8    limited to items with semantic significance?           15:32
9         A.    In this case, I believe that is what        15:32
10   it's talking about, yes.                               15:32
11        Q.    And it must be a recognizable               15:32
12   structure?                                             15:32
13        A.    A structure must be recognizable            15:32
14   structure -- yes, it must be recognizable              15:33
15   through some type of pattern such as it                15:33
16   describes here.  Well, right, it refers to             15:33
17   recognizable structures, and they are instances        15:33
18   of patterns, so they are recognizable.                 15:33
19        Q.    Now, in your Rebuttal Report, you           15:33
20   also refer to the '647 prosecution history for         15:33
21   semantic significance; correct?                        15:33
22        A.    Oh, I don't recall.  I may have.  If        15:33
23   you can point me to a part of the report, I'm          15:33
24   happy to look at it.                                   15:33
25        Q.    Sure.  Paragraph 39.                        15:33

Highly Confidential

Page 204

1      A.    This is of the preliminary objection       15:33
2  or more recent one?                                   15:33
3      Q.    More recent one.                            15:33
4      A.    You said Paragraph 39?                      15:34
5      Q.    Uh-huh.                                     15:34
6      A.    Okay.                                       15:34
7      Q.    And it's Paragraph 39 and Paragraph         15:34
8  40 and Paragraph 41.  Do you see that?                15:34
9      A.    Yes.  I'm just reading through it           15:34
10  again here.                                          15:34
11     Q.    So, in your opinion, is this                15:34
12  requirement of semantic significance based on        15:34
13  prosecution history estoppel?                        15:34
14           MR. VINCENT:  Objection to the              15:34
15  extent it calls for a legal conclusion.              15:34
16     A.    I'm sorry, I'm just rereading the           15:34
17  paragraph here.  So can you please repeat the        15:34
18  question?  You mentioned estoppel.                   15:35
19     Q.    Yes, yes.                                   15:35
20     A.    I don't think I know what that word         15:35
21  means.                                               15:35
22     Q.    Just to clarify, you can turn to            15:35
23  your Opening Report and Paragraph 51 --              15:35
24     A.    Okay.                                       15:35
25     Q.    -- which is Pages 16 and 17.                15:35

Highly Confidential

Page 205

1    A.    Okay.                                    15:35

2    Q.    And you see the second sentence          15:35

3  where it says, for prosecution history to limit  15:35

4  a claim, the applicant must make a clear and      15:35

5  unambiguous disavowal of claim scope?             15:35

6           THE COURT REPORTER:  I'm                 15:35

7  sorry, I couldn't hear.  To make a claim, the

8  applicant --

9    Q.    For the prosecution history to limit      15:35

10  a claim, the applicant must make a clear and

11  unambiguous disavowal of claim scope?             15:36

12    A.    Yes, I see that.                          15:36

13    Q.    And is it your position that the          15:36

14  applicant has made a clear and unambiguous        15:36

15  disavowal of claim scope in the prosecution       15:36

16  history for the term semantic significance?       15:36

17           MR. VINCENT:  Objection to the           15:36

18  extent it calls for a legal conclusion.           15:36

19    A.    Let's see.  I have to spend a little      15:36

20  of my time refreshing my memory on this.  So      15:36

21  we're talking about prosecution history, I        15:36

22  certainly follow that.  But this is in the        15:36

23  context of -- Paragraph 51 is regarding claim     15:36

24  construction, and I have to remember whether      15:36

25  what we're referring to was specifically the      15:36

Highly Confidential

Page 206

| | | |
|---|---|---|
| 1 | claim construction or if it was just regarding | 15:36 |
| 2 | the prosecution history.  I think this was | 15:36 |
| 3 | regarding it more generally but -- | 15:36 |
| 4 | Q.   What I'm trying to understand is | 15:36 |
| 5 | you're applying a particular claim construction | 15:37 |
| 6 | for the word structure, and I'm trying to | 15:37 |
| 7 | understand your basis for applying that claim | 15:37 |
| 8 | construction. | 15:37 |
| 9 | A.   Well, it certainly begins with the | 15:37 |
| 10 | patent itself.  So my understanding of | 15:37 |
| 11 | structure is not dependent just on the | 15:37 |
| 12 | prosecution history.  It's evident to me from | 15:37 |
| 13 | reading the patent what the structure meant. | 15:37 |
| 14 | And this was also something that was discussed | 15:37 |
| 15 | in the prosecution history as well. | 15:37 |
| 16 | So that reinforces my understanding | 15:37 |
| 17 | of -- that's additional evidence that my | 15:37 |
| 18 | understanding is correct because of how it was | 15:37 |
| 19 | successfully argued with respect to that | 15:37 |
| 20 | Gerlach reference. | 15:37 |
| 21 | Q.   Now, you are aware that there were a | 15:37 |
| 22 | number of claim constructions in the HTC '710 | 15:37 |
| 23 | investigation; correct? | 15:37 |
| 24 | A.   Yes. | 15:37 |
| 25 | Q.   And you understand that there was an | 15:37 |

Highly Confidential

Page 207

1    accepted construction for the term structure;        15:37

2    correct?                                             15:38

3        A.    Yes, uh-huh.  I believe so.                15:38

4        Q.    And you understand that Apple agreed       15:38

5    to that structure?                                   15:38

6        A.    Yes.                                        15:38

7        Q.    And you understand that the way that       15:38

8    you're construing structure here is different        15:38

9    than how that was constructed in the HTC '710        15:38

10   investigation; right?                                15:38

11       A.    I disagree with that.                       15:38

12       Q.    You disagree with that.  What's your       15:38

13   understanding -- your understanding is that the      15:38

14   construction from the '710 case included            15:38

15   structures with semantic significance?               15:38

16       A.    It's consistent with that.  It was,        15:38

17   I believe, off the top of my head, it said it's      15:38

18   an instance of a pattern such as a grammar,          15:38

19   regular expression, or a result of string           15:38

20   matching.  But it didn't go into additional          15:38

21   detail about it having semantic significance.        15:38

22            But the types of things described in        15:38

23   the patent such as e-mail addresses, phone           15:39

24   numbers, and so on, those are entirely               15:39

25   consistent with the claim construction of            15:39

Highly Confidential

Page 208

1    structure in the HTC case, and I don't -- I          15:39
2    agree with that claim construction.                  15:39
3          Q.    But there's no mention in that claim      15:39
4    construction of anything with semantic               15:39
5    significance.  Those words don't exist in that       15:39
6    claim construction; correct?                         15:39
7          A.    Those words don't exist in the claim      15:39
8    construction, but they exist in the patent.          15:39
9    And in order to understand the full meaning of       15:39
10   what, for example, what those patterns are for,      15:39
11   it says it's an instance of a pattern.  Well,        15:39
12   what is the pattern representing?  The pattern       15:39
13   is representing things that have semantic            15:39
14   significance such as phone numbers, e-mail           15:39
15   addresses, postal addresses.                         15:39
16         Q.    But there is no requirement of           15:39
17   semantic significance in that construction;          15:39
18   right?                                               15:39
19                MR. VINCENT:  Objection.                15:39
20   Asked and answered.                                  15:39
21         A.    It does not contain those words.         15:39
22   But I think to understand what it means, you         15:39
23   would look to the scope of the patent               15:39
24   specification.                                       15:40
25         Q.    But you're saying here in this case      15:40

Highly Confidential

Page 209

1    you're applying a construction for structure        15:40

2    where there is a requirement of semantic            15:40

3    significance; correct?                              15:40

4         A.   No.  I am using the constructions         15:40

5    that I lay out here.  I don't insert my own         15:40

6    construction language.  I mean, the word            15:40

7    construction, I think, has -- my understanding      15:40

8    is it means something very specific.  And I         15:40

9    understand that there's only been one term          15:40

10   that's been -- for which there is claim             15:40

11   construction in this case, which is action          15:40

12   processor.                                           15:40

13        I've used that construction.  I've             15:40

14   also used the other constructions including the     15:40

15   ones I believe from the HTC case and from the       15:40

16   Motorola case, as well.                             15:40

17        So I think I've described the                  15:40

18   constructions I'm using, and I didn't represent     15:40

19   semantic significance as being part of a            15:40

20   construction, per se.                                15:40

21        Q.   You agree, though, that in your           15:41

22   Rebuttal Report you distinguish prior art based     15:41

23   on the fact that they don't detect structures       15:41

24   with semantic significance; correct?                15:41

25        A.   I think I did refer to that in some       15:41

Highly Confidential

Page 210

1    cases, yes.                                    15:41

2        Q.    And so, for example, you            15:41

3    distinguished the Stamps and Koved combination  15:41

4    from the '647 patent, because you say Stamps    15:41

5    and Koved spell-checking functionality involves  15:41

6    locating unrecognizable structures with no      15:41

7    semantic significance; correct?                15:41

8        A.    Among other things, yes, I think    15:41

9    that's something that I said.  Is there a       15:41

10   particular -- can you remind me of where --    15:41

11       Q.    Yeah.  It's Paragraph 37 in your    15:41

12   Rebuttal Report if you want to confirm that.   15:41

13       A.    Okay.                               15:41

14       Q.    And you also agree that you         15:41

15   distinguish other pieces of prior art on this  15:41

16   ground, as well; right?                        15:41

17       A.    Potentially.  Off the top of my     15:41

18   head, I don't remember which one specifically,  15:41

19   but that may very well be the case.            15:42

20       Q.    Do you apply that definition of     15:42

21   structure in your Opening Report?              15:42

22       A.    For infringement, yes.  The things  15:42

23   that I identified as being structures for      15:42

24   infringement were things that had semantic     15:42

25   significance.                                   15:42

Highly Confidential

Page 211

1    Q.    Okay.  Do you discuss that at all in    15:42

2    your Opening Report?    15:42

3        A.    It's not part of claim construction.    15:42

4    So this falls under the broader category of    15:42

5    just understanding what patent is about.  So if    15:42

6    you want to understand the meaning of a word in    15:42

7    a patent, not everything, I think, has to be    15:42

8    claim constructed necessarily, if there's a    15:42

9    plain and ordinary meaning of it.  And if not,    15:42

10   you look to the specification to understand it.    15:42

11       So the specification speaks to what    15:42

12   structure means in the context of the patent,    15:42

13   so that's just part of understanding the    15:42

14   patent.    15:43

15       Q.    Are you aware of anywhere in your    15:43

16   Infringement Report where you rely on a    15:43

17   structure having semantic significance to    15:43

18   establish infringement?    15:43

19       A.    I don't recall that off the top of    15:43

20   my head.  But I know that the -- all of the    15:43

21   structures that I've identified do have the    15:43

22   semantic significance.  I don't recall whether    15:43

23   I wrote that down anywhere.    15:43

24       Q.    Now, let's talk about another term    15:43

25   in Claim 1 of the '647.  The term is action.    15:43