UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE, INC., a California corporation, | ) | Case No.: 12-CV-00630-LHK |
| | ) | |
| Plaintiff, | ) | ORDER RE: VARIOUS |
| v. | ) | ADMINISTRATIVE MOTIONS TO |
| | ) | SEAL |
| SAMSUNG ELECTRONICS CO., LTD., a | ) | |
| Korean corporation; SAMSUNG | ) | |
| ELECTRONICS AMERICA, INC., a New York | ) | |
| corporation; and SAMSUNG | ) | |
| TELECOMMUNICATIONS AMERICA, LLC, | ) | |
| a Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court are various administrative motions to seal briefing and exhibits in connection with Apple's Motion to Exclude Certain Unreliable and Impermissible Samsung Expert Testimony (ECF No. 806-3), Apple's Opposition to Samsung's Motion to Exclude Opinions of Certain of Apple's Experts (ECF No. 857-4), and Apple's Reply in Support of Motion to Exclude Certain Unreliable and Impermissible Samsung Expert Testimony (ECF No. 945-3).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

1

1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Id.* at 1178-79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."  *Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).  Records attached to nondispositive motions therefore are not subject to the strong presumption of access.  *See id.*  Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).  *Id.* (internal quotations and citations omitted).  As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.  *See* Civ. L. R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G).  The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an

2

advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009

(9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally it relates to the production

of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . .

." *Id.* In addition, the Supreme Court has recognized that sealing may be justified to prevent

judicial documents from being used "as sources of business information that might harm a

litigant's competitive standing." *Nixon*, 435 U.S. at 598. As to license agreements, the Ninth

Circuit has held that such "business information" includes "pricing terms, royalty rates, and

guaranteed minimum payment terms." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir.

2008). Moreover, in this case, the Federal Circuit has counseled that "Apple and Samsung have an

interest in keeping their detailed product-specific financial information secret . . . because they

could suffer competitive harm if this information is made public." *Apple*, 727 F.3d at 1225.

Regarding *Daubert* motions specifically, the Ninth Circuit has noted: "That the records are

connected to a *Daubert* motion does not, on its own, conclusively resolve the issue. In some cases,

such as this one, a *Daubert* motion connected to a pending summary judgment motion may be

effectively 'dispositive of a motion for summary judgment.'" *In re Midland*, 686 F.3d 1115, 1119

(9th Cir. 2012) (citation omitted); *see also Apple*, 727 F.3d at 1222 (quoting *id.*). In the instant

case, the parties filed their *Daubert* motions concurrently with motions for summary judgment, and

the challenged expert witness opinions were central to issues for trial. Accordingly, under

*Midland*, the Court applies the "compelling reasons" standard here.

In addition to making particularized showings, parties moving to seal documents must

comply with the procedures established by Civ. L. R. 79-5. Pursuant to Civ. L. R. 79-5(b), a

sealing order is appropriate only upon a request that establishes the document is "sealable," or

"privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The

request must be narrowly tailored to seek sealing only of sealable material, and must conform with

Civil L .R. 79-5(d)." Civ. L. R. 79-5(b) (requiring the submitting party to attach a "proposed order

that is narrowly tailored to seal only the sealable material" which "lists in table format each

document or portion thereof that is sought to be sealed," and an "unredacted version of the

document" that indicates "by highlighting or other clear method, the portions of the document that

3

have been omitted from the redacted version.").  "Within 4 days of the filing of the Administrative

Motion to File Under Seal, the Designating Party must file a declaration as required by subsection

79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L. R. 79-5(e)(1).

With these standards in mind, the Court rules on the instant motions as follows.

| **Motion to Seal** | **Document to be Sealed (as Highlighted[1])** | **Ruling** |
| --- | --- | --- |
| 806, 1244 | Apple's Motion to Exclude Certain Unreliable and Impermissible Samsung Expert Testimony (ECF No. 1244-2) | DENIED as to proposed redactions at 1:25, 3:9, and 10:24 (publicly disclosed at trial); otherwise GRANTED |
| 806, 1244 | Ex. A-1 (ECF No. 1244-3) | GRANTED; prior versions at ECF Nos. 806-6, 831-3 shall remain sealed; Motorola's request for additional redactions (ECF No. 1393) beyond those in ECF No. 1244-3 is DENIED |
| 806, 1244 | Ex. A-2 (ECF No. 1244-4) | GRANTED; prior versions at ECF Nos. 806-6, 831-4 shall remain sealed |
| 806, 1244 | Ex. A-3 (ECF No. 1244-5) | GRANTED; prior versions at ECF Nos. 806-6, 831-5 shall remain sealed |
| 857, 1243 | Apple's Opposition to Samsung's Motion to Exclude Opinions of Certain of Apple's Experts (ECF No. 1243-1) | DENIED as to proposed redactions at 18:6-7 (publicly disclosed at trial); otherwise GRANTED |
| 857, 1243 | Ex. A-3 (ECF No. 859-3) | DENIED; no supporting declaration filed |
| 857, 1243 | Ex. A-4 (ECF No. 859-4) | DENIED; no supporting declaration filed |
| 857, 1243 | Ex. A-5 (ECF No. 859-5) | DENIED; no supporting declaration filed |
| 857, 1243 | Ex. A-6 (ECF No. 859-6) | DENIED; no supporting declaration filed |
| 857, 1243 | Ex. A-7 (ECF No. 859-7) | DENIED; no supporting declaration filed |
| 857, 1243 | Ex. A-8 (ECF No. 859-8) | DENIED; no supporting declaration filed |
| 857, 1243 | Ex. A-9 (ECF No. 1243-2) | GRANTED; prior version at ECF No. 859-33 shall remain sealed |
| 857, 1243 | Ex. A-10 (ECF No. 1243-3) | GRANTED; prior version at ECF No. 859-9 shall remain sealed |

---

[1]    Unless otherwise indicated, sealing is granted only for the highlighted proposed redactions of each document, where applicable.

Case No.: 5:12-CV-00630-LHK
ORDER RE: VARIOUS ADMINISTRATIVE MOTIONS TO SEAL

United States District Court
For the Northern District of California

| Motion to Seal | Document to be Sealed (as Highlighted[1]) | Ruling |
|---|---|---|
| 857, 1243 | Ex. A-11 (ECF No. 1243-4) | DENIED (publicly disclosed at trial); prior version at ECF No. 859-11 shall remain sealed |
| 857, 1243 | Ex. B-1 (ECF No. 1243-5) | GRANTED; prior version at ECF No. 859-22 shall remain sealed |
| 857, 1243 | Ex. C-3 (ECF No. 859-27) | DENIED; no supporting declaration filed |
| 859 | This is docketed as a motion to seal, but has no associated motion and includes only a declaration and exhibits in support of another motion to seal, ECF Nos. 857 and 1243. Thus, this "motion" is denied as moot. | DENIED as moot |
| 945, 1242 | Apple's Reply in Support of Motion to Exclude Certain Unreliable and Impermissible Samsung Expert Testimony (ECF No. 1242-1) | GRANTED |

**IT IS SO ORDERED.**

Dated: September 15, 2014

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28