| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) <br> jkrevitt@gibsondunn.com <br> H. MARK LYON (CA SBN 162061) <br> mlyon@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 1881 Page Mill Road <br> Palo Alto, CA 94304-1211 <br> Telephone: (650) 849-5300 <br> Facsimile: (650) 849-5333 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 |
| HAROLD J. McELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> JAMES P. BENNETT (CA SBN 65179) <br> jbennett@mofo.com <br> JACK W. LONDEN (CA SBN 85776) <br> jlonden@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> RUTH N. BORENSTEIN (CA SBN 133797) <br> rborenstein@mofo.com <br> ERIK J. OLSON (CA SBN 175815) <br> ejolson@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 | MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendant. | Case No.   12-cv-00630-LHK (PSG) <br><br> **APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR EXTENSION OF TIME TO FILE AN OPPOSITION TO APPLE'S MOTION FOR ONGOING ROYALTIES** |

In yet another attempt to delay the resolution of this case and to deny Apple relief for Samsung's adjudicated and ongoing patent infringement, Samsung seeks a two-week extension to respond to a five-page motion addressing Apple's entitlement to an ongoing royalty. Samsung offers no reasonable explanation for why it is unable to respond to this straightforward legal issue on the Court's normal briefing schedule. Instead, Samsung proposes a schedule that would require Apple to file its brief regarding the amount of any ongoing royalty *before* Samsung has even addressed the threshold legal question. Samsung's motion should be denied.

## I. SAMSUNG DOES NOT PROVIDE SUFFICIENT REASON FOR DELAY

Following the Court's denial of Apple's request for a permanent injunction, Apple promptly filed a motion requesting that the Court order an ongoing royalty—relief to which Apple is entitled, at a minimum, as partial compensation for Samsung's continuing infringement. Apple's motion raised only the legal issue of entitlement to an ongoing royalty, and the Court set a separate schedule for the parties to address the amount of any ongoing royalty. (*See* Dkt. 1966.)

Samsung's motion for an extension lacks any sensible rationale for why more time is needed to respond to Apple's motion. The current deadline for Samsung's opposition (September 17) is the default set by the Local Rules. (*See* Civil L.R. 7-3.) Samsung has known about this deadline since September 4, and the Court specifically reaffirmed it as a part of an order that set a complete briefing schedule to resolve Apple's motion expeditiously. (*See* Dkt. 1966.)

Moreover, Apple's five-page motion focuses on a single, straightforward legal issue—whether in light of the denial of a permanent injunction, Apple is entitled to receive a remedy in the form of an ongoing royalty. *See, e.g.*, *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1315 (Fed. Cir. 2007). Samsung does not explain why a three-day Korean holiday, which occurred during September 7-9 (*see* Dkt. 1969-1 ¶ 4), justifies a 14-day delay. Nor does Samsung explain why the response to this legal issue requires consultation with employees that could not occur before or after the three-day holiday. The Court has already deferred Samsung's response on the more fact-intensive issue of the royalty rate until October 1, 2014. (Dkt. 1966.)[1]

---

[1] Indeed, Apple's motion hardly raises a novel legal issue—as Samsung knows from its involvement in *Fractus, S.A. v. Samsung Electronics Co., Ltd.*, No. 6:09-CV-203 (E.D. Tex.). In
(Footnote continues on next page.)

APPLE'S OPP. TO MOT. FOR EXTENSION OF TIME
CASE NO.12-cv-00630-LHK (PSG)
sf-3457741

1

Finally, Samsung fails to explain why it waited until September 13, just three business days before the relevant deadline, to make its expedited request for an extension. Samsung blames its delay on Apple's lack of prior consultation, but points to no meet-and-confer requirement, and does not contest that Apple filed its motion promptly after the Court's order denying a permanent injunction that gave rise to it. Samsung also does not identify any "substantial harm or prejudice" that would justify an extension. (Civil L.R. 6-3.) For these reasons, the briefing on Apple's motion for ongoing royalties should proceed under the normal schedule as previously ordered by the Court.

## II. IF THE COURT MOVES THE DEADLINE FOR SAMSUNG'S OPPOSITION, IT SHOULD MOVE ALL RELATED DEADLINES

While Samsung requests an extension for its opposition to Apple's motion for an ongoing royalty, it seeks no similar extension with respect to the separate briefing regarding the amount of any ongoing royalty. Thus, if the Court grants Samsung's requested extension, it would have the effect of requiring Apple to file two briefs—regarding both entitlement to and the amount of an ongoing royalty—before Samsung even addresses the threshold legal question. That is not only contrary to the schedule set by the Court, but it would also be prejudicial to Apple.

Accordingly, Apple urges the denial of any extension, but if the Court is inclined to extend time, the extension should apply to all briefing ordered on September 9, 2014, including Apple's and Samsung's briefs addressing the amount of any ongoing royalty.

## III. CONCLUSION

For the reasons stated above, the Court should deny Samsung's motion for an extension of time. If the Court does grant Samsung's motion, Apple requests that the Court grant the same extension to Apple for its briefing regarding the amount of any ongoing royalty.

---

(Footnote continued from previous page.)

that case, Samsung was ordered to pay an ongoing royalty for its continued infringement after the district court denied the plaintiff's motion for a permanent injunction. (*See Fractus*, ECF Nos. 1113, 1176.)

APPLE'S OPP. TO MOT. FOR EXTENSION OF TIME
CASE NO. 12-cv-00630-LHK (PSG)
sf-3457741

2

| | | |
|---|---|---|
| 1 | Dated: September 15, 2014 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: */s/ Rachel Krevans* |
| 4 | | RACHEL KREVANS |
| 5 | | Attorneys for Plaintiff and Counterclaim-Defendant APPLE INC. |