# EXHIBIT 1

Case 5:12-cv-00630-LHK   Document 986-5   Filed 09/22/14   Page 2 of 4



**George E. Badenoch**
Direct 212.908.6185
gbadenoch@kenyon.com

One Broadway
New York, NY  10004-1050
212.425.7200
Fax 212.425.5288

July 13, 2006

The Honorable David Folsom
United States District Judge
500 North State Line Avenue, Third Floor
Texarkana, Texas  75503

> Re:    *Paice LLC v. Toyota Motor Corp, et al.*
>           Case No. 2-04CV-211 (DF)

Dear Judge Folsom:

We are writing to correct an erroneous characterization of the evidence in Paice's June 30, 2006 letter to the Court, and to bring to the Court's attention another new decision denying a permanent injunction in this district, *Finisar Corp. v. DirecTV Group, Inc.,* 1:105-CV-264, Docket Entry No. 333 (E.D. Tex. July 7, 2006) (attached).

Paice's June 30, 2006 letter seeks injunctive relief based on a claim of alleged irreparable harm.  In support, Paice contends that two passages of Dr. Severinsky's trial testimony supports its argument that an award of monetary damages is inadequate because other automakers will continue to refuse to license Paice's patents unless Toyota is enjoined from making future infringing sales.  *See* Paice Ltr. at 2-3 (citing Dec. 7, 2005 (AM) Tr. at 54:12-55-6 and 64:16-21).  However, the cited passages merely indicate Dr. Severinsky's belief that other automakers would not license Paice's patents if Toyota is allowed to use Paice's technology "for free." Thus, even if Dr. Severinsky's testimony were to be believed (which Toyota asserts it should not since all of the car maker documentary evidence gave other reasons for their refusal to license), it is the payment of royalties by Toyota and not an injunction that would remove the alleged impediment preventing other automakers from licensing Paice's patents.  Because this Court has the authority to order Toyota to pay royalty damages to Paice on an ongoing basis for any future infringing sales based on the reasonable royalty set by the jury for past sales (as was done in both *z4 Technologies* case and the new *Finisar* case described below, the entry of an injunction in this case is unnecessary to remedy the alleged harm to Paice.

In the *Finisar* case last week, the Court denied a motion for a permanent injunction even though it entered a final judgment of patent infringement with damages in excess of $100 million dollars based upon the jury's verdict of willful infringement.  Instead of an injunction, the Court ordered that DirecTV pay a compulsory license fee to Finisar on an ongoing basis for future infringing sales.  Thus, in the two decisions on permanent injunctions decided in this District

Case 5:12-cv-00630-LHK   Document 1986-5   Filed 09/22/14   Page 3 of 4

Page 2
July 13, 2006
Honorable David Folsom



since *eBay*, both courts have given further support for Toyota's position that this Court should deny Paice's motion and, if the jury's infringement verdict in this case is upheld, instead award a future running royalty based on the amount already determined by the jury.

Accordingly, and for the reasons previously argued, Toyota submits that, irrespective of the Court's decision on Toyota's JMOL motion, Paice's motion for a permanent injunction in this case should be denied.

Respectfully submitted,

/s/ George E. Badenoch

George E. Badenoch


cc:     Samuel F. Baxter, Esq.
        Ruffin Cordell, Esq.
        Nicholas H. Patton, Esq.
        J. Kurt Truelove, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I, George E. Badenoch, hereby certify that on this 13th day of July, 2006, I did cause a true and correct copy of *Toyota's July 13, 2006 Letter to the Court regarding Finisar Corp. v. DirecTV Group, Inc.* to be filed electronically in compliance with Local Rule CV-5(a) and served by e-mail on the following:

> Ruffin Cordell, Esq.
> Ahmed Davis, Esq.
> FISH & RICHARDSON
> 1425 K Street, N.W.
> Washington, DC 20005
> Email: cordell@fr.com
> Email: adavis@fr.com

 /s/ George E. Badenoch
George E. Badenoch