# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CREATIVE INTERNET ADVERTISING CORPORATION, | § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | CIVIL ACTION NO. 6:07cv354 |
| YAHOO! INC., et al., | | |
| Defendants. | | |

## ORDER

Before the Court is Plaintiff Creative Internet Corpooration's ("CIAC") Motion for Entry of Judgment on the Verdict, (Doc. No. 245), Reply in Support, (Doc. No. 358), and Defendant Yahoo! Inc.'s ("Yahoo") Response in Opposition, (Doc. No. 252). CIAC requests that the Court order Yahoo to pay an ongoing royalty of 23%. Yahoo responds that no ongoing royalty is necessary because it has taken steps to remove the infringing aspects of IMvironments, and that CIAC has not shown that a 23% ongoing royalty rate is appropriate. As an initial matter, if the Court finds it necessary to determine an ongoing royalty rate, the rate must compensate CIAC for any infringing activity which occurs after the date of the jury verdict and during the term of the patent.

At this time, the Court is unable to determine the appropriateness of the 23% ongoing royalty proposed by CIAC. The evidence attached to CIAC's Motion is insufficient for determining a post-verdict ongoing royalty rate. *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1362 (Fed. Cir. 2008) ("There is a fundamental difference . . . between a reasonable royalty for pre-verdict infringement and damages for post-verdict infringement."); *see, e.g., Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1315 (Fed. Cir. 2007). Some examples of evidence that may be necessary for calculating an

ongoing royalty may include: additional expert testimony, evidence of market changes, evidence of changes in Defendant's profit margin, evidence of other products released by Defendant, and evidence of additional patent licenses entered into by the patentee. *Paice LLC v. Toyota Motor Corp.*, 609 F. Supp. 2d 620, 628-631 (E.D. Tex. 2009); *Boston Sci. Corp. v. Johnson & Johnson*, No. 02-790, 2009 WL 975424 at *5-7 (N.D. Cal. Apr. 9, 2009). In addition, the following issues may or may not be appropriate for the Court to consider: the *Georgia-Pacific* factors, the fact that continued infringement by Defendant would likely be considered willful, the infringer's likelihood of success on appeal, the infringer's ability to cease infringement, and the jury's finding of infringement, *Paice LLC*, 609 F. Supp. 2d at 626-28; *Boston Sci. Corp.*, 2009 WL 975424 at *5; *Joyal Prods., Inc. v. Johnson Elec. N. Am., Inc.*, No. 04-5172, 2009 WL 512156 at *14 (D. N.J. Feb. 27, 2009).

Thus, the Court will require additional evidence and briefing on the following issues before it can determine an appropriate ongoing royalty:

- Who bears the burden for establishing the appropriateness of a Court awarded ongoing royalty rate under 35 U.S.C. § 283?

- To what extent must a plaintiff seeking an ongoing royalty satisfy the traditional four factor test applied by courts of equity?

- To what extent must the Court apply the *Georgia-Pacific* factors to calculate an ongoing royalty? *See, e.g., Paice LLC*, 609 F. Supp. 2d at 624; *Boston Sci. Corp.*, 2009 WL 975424 at *5

- What effect should the jury verdict have on an ongoing royalty?

The Court sets forth the following discovery and briefing schedule for determining an appropriate royalty:

| August 17, 2009 | Parties must produce any documents relevant for calculating an ongoing royalty. Any additional discovery is limited to two depositions per side, including expert witnesses. |

| August 31, 2009 | Discovery deadline |
|---|---|
| September 8, 2009 | Expert witness reports due |
| September 14, 2009 | Expert rebuttal reports due |
| September 21, 2009 | The parties shall serve and file briefs and any supporting evidence, not to exceed fifteen (15) pages, addressing the issues raised in this order and in support of a proposed ongoing royalty rate. |
| September 28, 2009 | The parties may file responsive briefs, not to exceed ten (10) pages |
| September 30, 2009 at 9:00 a.m. | Evidentiary hearing: the parties may present appropriate evidence and offer arguments in support |

Alternatively, the parties may agree on an appropriate ongoing royalty rate. To this end, the Court **ORDERS** the parties to meet and confer to negotiate an appropriate ongoing royalty rate. The Court further **ORDERS** the parties to submit a joint notice of the results of this negotiation by July 31, 2009.[1]

**So ORDERED and SIGNED this 14th day of July, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court encourages the parties to be reasonable during negotiations. They should keep in mind that while intervening market changes may have some negative impact on an ongoing royalty rate, this Court is not aware of any Court having awarded an ongoing royalty rate which is lower then the reasonable royalty found at trial. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951, 987 (N.D. Cal. 2009) ("[Defendant's] proposed ongoing royalty of less than 1% is irreconcilable with . . . the Federal Circuit's guidance that post-verdict infringement should entail a *higher* royalty rate than the reasonable royalty rate found at trial.").