UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 12-CV-00630-LHK |
| Plaintiff, | ORDER RE: VARIOUS ADMINISTRATIVE MOTIONS TO SEAL |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Before the Court are various administrative motions to seal, including motions to seal briefing and exhibits in connection with Apple's Motions in Limine (ECF No. 1281-3), Samsung's Motions in Limine (ECF No. 1283-3), Apple's Opposition to Samsung's Motions in Limine (ECF No. 1334), and Samsung's Opposition to Apple's Motions in Limine (ECF No. 1337).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to

1

dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013). Records attached to nondispositive motions therefore are not subject to the strong presumption of access. *See id.* Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c). *Id.* (internal quotations and citations omitted). As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L. R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009

2

Case No.: 5:12-CV-00630-LHK
ORDER RE: VARIOUS ADMINISTRATIVE MOTIONS TO SEAL

(9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally it relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* In addition, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. As to license agreements, the Ninth Circuit has held that such "business information" includes "pricing terms, royalty rates, and guaranteed minimum payment terms." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). Moreover, in this case, the Federal Circuit has counseled that "Apple and Samsung have an interest in keeping their detailed product-specific financial information secret . . . because they could suffer competitive harm if this information is made public." *Apple*, 727 F.3d at 1225.

In addition to making particularized showings, parties moving to seal documents must comply with the procedures established by Civ. L. R. 79-5. Pursuant to Civ. L. R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L. R. 79-5(d)." Civ. L. R. 79-5(b) (requiring the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L. R. 79-5(e)(1).

With these standards in mind, the Court rules on the instant motions as follows.

| Motion to Seal | Document to be Sealed (as Highlighted[1]) | Ruling |
|---|---|---|
| 1281 | Apple's Motions in Limine (ECF No. 1372) | DENIED as to proposed redactions at 2:2-3; otherwise GRANTED. Prior version at ECF No. 1281-3 shall remain sealed. |
| 1281 | Proposed order (ECF No. 1281-18) | DENIED. No party claims confidentiality. |
| 1281 | Ex. 4 (ECF No. 1436-1) | GRANTED. Prior version at ECF No. 1281-8 shall remain sealed. |
| 1281 | Ex. 5 (ECF No. 1372-1) | GRANTED. Prior version at ECF No. 1281-9 shall remain sealed. |
| 1281 | Ex. 6 (ECF No. 1372-2) | GRANTED. Prior version at ECF No. 1281-10 shall remain sealed. |
| 1281 | Ex. 8 (ECF No. 1372-3) | DENIED as to proposed redactions in ¶ 244; otherwise GRANTED. Prior version at ECF No. 1281-12 shall remain sealed. |
| 1281 | Ex. 9 (ECF No. 1372-4) | GRANTED. Prior version at ECF No. 1281-13 shall remain sealed. |
| 1281 | Ex. 10 (ECF No. 1372-5) | GRANTED. Prior version at ECF No. 1281-14 shall remain sealed. |
| 1281 | Ex. 11 (ECF No. 1372-6) | GRANTED. Prior version at ECF No. 1281-15 shall remain sealed. |
| 1281 | Ex. 12 (ECF No. 1436-2) | GRANTED. Prior versions at ECF Nos. 1281-16 and 1372-7 shall remain sealed. |
| 1281 | Ex. 13 (ECF No. 1372-8) | GRANTED. Prior version at ECF No. 1281-17 shall remain sealed. |
| 1283 | Samsung's Motions in Limine (ECF No. 1283-3) | DENIED as to proposed redactions at 6:13-16, 7:12-16, 8:2-8, 8:11-25, 10:3-4, 19:4-6, 21:7-11, 23:3-6 (publicly disclosed at trial); otherwise GRANTED. |
| 1283 | Ex. 2 (ECF No. 1376) | DENIED. No party claims confidentiality. |
| 1283 | Ex. 7 (ECF No. 1376-1) | GRANTED. Prior version at ECF No. 1285-7 shall remain sealed. |
| 1283 | Ex. 8 (ECF No. 1376-1) | DENIED. No party claims confidentiality. |
| 1283 | Ex. 9 (ECF No. 1376-1) | DENIED. No party claims confidentiality. |

---

[1] Unless otherwise indicated, sealing is granted only for the highlighted proposed redactions of each document, where applicable.

| Motion to Seal | Document to be Sealed (as Highlighted[1]) | Ruling |
|---|---|---|
| 1283 | Ex. 10 (ECF No. 1376-1) | DENIED. |
| 1283 | Ex. 12 (ECF No. 1376-1) | GRANTED. Prior version at ECF No. 1285-12 shall remain sealed. |
| 1283 | Ex. 13 (ECF No. 1376-1) | GRANTED. Prior version at ECF No. 1285-13 shall remain sealed. |
| 1283 | Ex. 16 (ECF No. 1376-1) | GRANTED. Prior version at ECF No. 1285-16 shall remain sealed. |
| 1283 | Ex. 18 (ECF No. 1376-1) | GRANTED. Prior version at ECF No. 1285-17 shall remain sealed. |
| 1283 | Ex. 19 (ECF No. 1376-1) | GRANTED. Prior version at ECF No. 1285-18 shall remain sealed. |
| 1283 | Ex. 20 (ECF No. 1376-1) | GRANTED. Prior version at ECF No. 1285-19 shall remain sealed. |
| 1283 | Ex. 21 (ECF No. 1376-1) | GRANTED. Prior version at ECF No. 1285-20 shall remain sealed. |
| 1283 | Ex. 22 (ECF No. 1376-1) | GRANTED. Prior version at ECF No. 1285-21 shall remain sealed. |
| 1283 | Ex. 23 (ECF No. 1376-1) | GRANTED. Prior version at ECF No. 1285-22 shall remain sealed. |
| 1283 | Ex. 24 (ECF No. 1376-1) | GRANTED. Prior version at ECF No. 1285-23 shall remain sealed. |
| 1283 | Ex. 25 (ECF No. 1285-24) | GRANTED. |
| 1283 | Ex. 26 (ECF No. 1285-25) | GRANTED. |
| 1283 | Ex. 27 (ECF No. 1376-1) | GRANTED. Prior version at ECF No. 1285-26 shall remain sealed. |
| 1283 | Ex. 28 (ECF No. 1285-27) | GRANTED. |
| 1283 | Ex. 29 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1283 | Ex. 31 (manually filed) | DENIED. No party claims confidentiality. |
| 1283 | Ex. 32 (ECF No. 1285-31) | GRANTED. |
| 1283 | Ex. 34 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1283 | Ex. 36 (ECF No. 1285-35) | GRANTED. |
| 1283 | Ex. 37 (ECF No. 1285-36) | GRANTED. |
| 1283 | Ex. 38 (ECF No. 1285-37) | GRANTED. |
| 1283 | Ex. 39 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |

Case No.: 5:12-CV-00630-LHK
ORDER RE: VARIOUS ADMINISTRATIVE MOTIONS TO SEAL

| Motion to Seal | Document to be Sealed (as Highlighted[1]) | Ruling |
|---|---|---|
| 1283 | Ex. 40 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1283 | Ex. 41 (ECF No. 1376-3) | GRANTED. Prior version at ECF No. 1285-40 shall remain sealed. |
| 1283 | Ex. 42 (ECF No. 1285-41) | GRANTED. |
| 1283 | Ex. 43 (ECF No. 1376-4) | GRANTED. Prior version at ECF No. 1285-42 shall remain sealed. |
| 1283 | Ex. 44 (ECF No. 1285-43) | GRANTED. |
| 1283 | Ex. 45 (ECF No. 1285-44) | GRANTED. |
| 1283 | Ex. 46 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1283 | Ex. 47 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1283 | Ex. 48 (ECF No. 1285-47) | GRANTED. |
| 1283 | Ex. 49 (ECF No. 1285-48) | GRANTED. |
| 1283 | Ex. 50 (ECF No. 1285-49) | GRANTED. |
| 1283 | Ex. 52 (ECF No. 1285-51) | GRANTED. |
| 1283 | Ex. 53 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1283 | Ex. 54 (ECF No. 1285-53) | GRANTED. |
| 1283 | Ex. 55 (ECF No. 1285-54) | GRANTED. |
| 1285 | This motion is duplicative of ECF No. 1283 and is thus DENIED as moot. | DENIED as moot. |
| 1317 | Rho Declaration (ECF No. 1317-2) | GRANTED. |
| 1334 | Apple's Opposition to Samsung's Motions in Limine (ECF No. 1424) | GRANTED. Prior version at ECF No. 1334-3 shall remain sealed. |
| 1337 | Samsung's Opposition to Apple's Motions in Limine (ECF No. 1426) | GRANTED. Prior version at ECF No. 1337-3 shall remain sealed. |
| 1337 | Ex. 3 (ECF No. 1426-1) | GRANTED. Prior version at ECF No. 1337-8 shall remain sealed. |
| 1337 | Ex. 4 (ECF No. 1337-9) | GRANTED. |
| 1337 | Ex. 5 (ECF No. 1337-10) | GRANTED. |
| 1337 | Ex. 6 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1337 | Ex. 7 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1337 | Ex. 8 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1337 | Ex. 9 (ECF No. 1426-2) | GRANTED. Prior version at ECF No. 1337-11 shall remain sealed. |

Case No.: 5:12-CV-00630-LHK
ORDER RE: VARIOUS ADMINISTRATIVE MOTIONS TO SEAL

| Motion to Seal | Document to be Sealed (as Highlighted[1]) | Ruling |
|---|---|---|
| 1337 | Ex. 11 (ECF No. 1337-13) | DENIED as to pages ending in '010, '407, '116, '319, '956, '471, '289, '088, '267, '745, '026, '137, '688, '834 (nonconfidential cover pages); otherwise GRANTED. |
| 1337 | Ex. 12 (ECF No. 1337-14) | DENIED as to pages ending in '301, '304, '774, '219, '731, '584 (nonconfidential cover pages); otherwise GRANTED. |
| 1337 | Ex. 13 (ECF No. 1337-15) | DENIED. No party claims confidentiality. |
| 1337 | Ex. 18 (computer file) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1337 | Ex. 19 (ECF No. 1426-3) | GRANTED. Prior version at ECF No. 1337-18 shall remain sealed. |
| 1337 | Ex. 20 (ECF No. 1337-19) | GRANTED. |
| 1337 | Ex. 22 (ECF No. 1337-21) | GRANTED. |
| 1337 | Ex. 24 (ECF No. 1337-23) | DENIED. Document appears to be a publication. |
| 1337 | Ex. 25 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1337 | Ex. 27 (manually filed) | DENIED. No party claims confidentiality. |
| 1337 | Ex. 28 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1337 | Ex. 29 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1337 | Ex. 30 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1337 | Ex. 31 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1337 | Ex. 32 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1337 | Ex. 34 (ECF No. 1337-25) | DENIED. No party claims confidentiality. |
| 1337 | Ex. 35 (ECF No. 1337-26) | DENIED. No party claims confidentiality. |
| 1337 | Ex. 36 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |
| 1337 | Ex. 37 (manually filed) | DENIED without prejudice; Samsung shall re-file this document if sealing is still sought. |

| Motion to Seal | Document to be Sealed (as Highlighted[1]) | Ruling |
|---|---|---|
| 1337 | Ex. 38 (ECF No. 1337-27) | DENIED. Contains only references to public proceedings or information. |
| 1337 | Ex. 39 (ECF No. 1426-4) | GRANTED as to proposed redactions on p.92; otherwise DENIED. Prior version at ECF No. 1337-28 shall remain sealed. |
| 1337 | Ex. 41 (ECF No. 1337-30) | DENIED. No party claims confidentiality. |
| 1337 | Ex. 44 (ECF No. 1426-5) | GRANTED. Prior version at ECF No. 1337-32 shall remain sealed. |
| 1337 | Ex. 50 (ECF No. 1337-38) | DENIED. No party claims confidentiality. |
| 1337 | Ex. 52 (ECF No. 1426-6) | DENIED. No party claims confidentiality. |
| 1337 | Ex. 54 (ECF No. 1426-7) | GRANTED. Prior version at ECF No. 1337-41 shall remain sealed. |
| 1337 | Ex. 55 (ECF No. 1426-8) | DENIED (publicly disclosed at trial). |
| 1337 | Ex. 56 (ECF No. 1426-9) | DENIED as to proposed redactions at ¶ 180 (not including footnotes) (publicly disclosed at trial); otherwise GRANTED. Prior version at ECF No. 1337-43 shall remain sealed. |
| 1337 | Ex. 57 (ECF No. 1426-10) | GRANTED. Prior version at ECF No. 1337-44 shall remain sealed. |
| 1337 | Ex. 58 (ECF No. 1426-11) | GRANTED. Prior version at ECF No. 1337-45 shall remain sealed. |
| 1337 | Ex. 59 (ECF No. 1426-12) | GRANTED. Prior version at ECF No. 1337-46 shall remain sealed. |
| 1337 | Ex. 60 (ECF No. 1426-13) | GRANTED. Prior version at ECF No. 1337-47 shall remain sealed. |
| 1337 | Ex. 61 (ECF No. 1337-48) | DENIED. The document does not contain confidential information. |
| 1337 | Ex. 62 (ECF No. 1337-49) | DENIED. The document does not contain confidential information. |
| 1337 | Ex. 63 (ECF No. 1337-50) | GRANTED. |
| 1337 | Ex. 64 (ECF No. 1426-14) | GRANTED. Prior version at ECF No. 1337-51 shall remain sealed. |
| 1337 | Ex. 65 (ECF No. 1426-15) | GRANTED. Prior version at ECF No. 1337-52 shall remain sealed. |

| Motion to Seal | Document to be Sealed (as Highlighted[1]) | Ruling |
|---|---|---|
| 1337 | Ex. 66 (ECF No. 1426-16) | GRANTED. Prior version at ECF No. 1337-53 shall remain sealed. |
| 1337 | Ex. 67 (ECF No. 1426-17) | GRANTED. Prior version at ECF No. 1337-54 shall remain sealed. |
| 1337 | Ex. 68 (ECF No. 1337-55) | GRANTED. |
| 1337 | Ex. 69 (ECF No. 1337-56) | DENIED WITHOUT PREJUDICE. This is a 79-page deposition excerpt, not all of which is sealable. The designating party must identify proposed redactions. |
| 855 | This docket entry is titled as a "motion" but has no motion associated with it and contains only exhibits associated with ECF No. 854. The sealing motion at ECF No. 854 was addressed in ECF No. 1961. | DENIED as moot. The sealed entries under ECF No. 855 shall remain sealed. |
| 1031 | This motion is a copy of the sealing motion at ECF No. 880, which was denied in ECF No. 1127. | DENIED, in light of ECF No. 1127. |

The parties shall file renewed sealing requests, as indicated above, no later than September 26, 2014.

**IT IS SO ORDERED.**

Dated: September 23, 2014

*Lucy H. Koh*
LUCY H. KOH
United States District Judge