1  JOSH A. KREVITT (CA SBN 208552)
   jkrevitt@gibsondunn.com
2  H. MARK LYON (CA SBN 162061)
   mlyon@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   1881 Page Mill Road
4  Palo Alto, CA 94304-1211
   Telephone: (650) 849-5300
5  Facsimile: (650) 849-5333

6  HAROLD J. McELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
7  JAMES P. BENNETT (CA SBN 65179)
   jbennett@mofo.com
8  JACK W. LONDEN (CA SBN 85776)
   jlonden@mofo.com
9  RACHEL KREVANS (CA SBN 116421)
   rkrevans@mofo.com
10 RUTH N. BORENSTEIN (CA SBN 133797)
   rborenstein@mofo.com
11 ERIK J. OLSON (CA SBN 175815)
   ejolson@mofo.com
12 MORRISON & FOERSTER LLP
   425 Market Street
13 San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
14 Facsimile:  (415) 268-7522

15 Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC.
16

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

17                    UNITED STATES DISTRICT COURT

18                 NORTHERN DISTRICT OF CALIFORNIA

19                          SAN JOSE DIVISION

20  APPLE INC., a California corporation,

21                  Plaintiff,

22            vs.

23  SAMSUNG ELECTRONICS CO., LTD., a
    Korean business entity; SAMSUNG
24  ELECTRONICS AMERICA, INC., a New York
    corporation; SAMSUNG
25  TELECOMMUNICATIONS AMERICA, LLC, a
    Delaware limited liability company,
26

27                  Defendants.
28

Case No. 5:12-cv-00630-LHK (PSG)

**DECLARATION OF
CHRISTOPHER L. ROBINSON
IN SUPPORT OF SAMSUNG'S
ADMINISTRATIVE MOTION TO
FILE DOCUMENTS UNDER
SEAL**

1    I, Christopher L. Robinson, hereby declare as follows:

2        1.       I am an associate at the law firm of Morrison & Foerster LLP, counsel for Apple

3    Inc. ("Apple") in the above-captioned litigation.  I am licensed to practice law in the State of

4    California.  I am familiar with the facts set forth herein, and, if called as a witness, I could and

5    would testify competently to those facts.

6        2.       Pursuant to Local Rule 79-5, I submit this declaration in support of Samsung's

7    Administrative Motion to File Under Seal Documents Filed in Connection with Samsung's

8    Opposition to Apple's Motion for Ongoing Royalties Injunction ("Samsung's Opposition").  (*See*

9    Dkt. 1986.)

10       3.       Apple seeks to seal portions of Samsung's Opposition at page 20, lines 11-12.

11   These portions contain confidential information regarding the scope and financial details of

12   Apple's patent license agreement with third-party HTC, including highly sensitive pricing terms

13   and royalty rates.  On Monday, September 22, 2014, at 11:36 p.m. Pacific, Samsung's counsel

14   served on Apple a highlighted version of Samsung's Opposition, which accurately reflects the

15   portions of page 20, lines 11-12, that Apple seeks to seal.

16       4.       The Court has previously allowed Apple to seal "pricing terms, royalty rates, and

17   guaranteed minimum payment terms" of license agreements because such information falls within

18   the definition of "trade secrets." *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case

19   No. 11-cv-01846 (N.D. Cal. Aug. 9, 2012) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*,

20   298 Fed. App'x 568, 569 (9th Cir. 2008)).  As the Court previously noted, the disclosure of

21   confidential licensing information "could result in significant competitive harm to the licensing

22   parties as it would provide insight into the structure of their licensing deals, forcing them into an

23   uneven bargaining position in future negotiations."  *Id.* at 16. Further, the Court has previously

24   sealed the same Apple-HTC patent licensing information that Apple seeks to seal here.  *See* Case

25   No. 11-cv-01846, Dkt. No. 2192; *see also id.* Dkt. No. 2193-1 ¶¶ 1.12, 6.

26       5.       The relief requested by Apple is necessary and narrowly tailored to protect

27   confidential Apple information and to comply with this Court's prior sealing orders.

28

1        I declare under the penalty of perjury that the foregoing is true and correct to the best of

2   my knowledge and that this Declaration was executed this 26th day of September, 2014, in San

3   Francisco, California.

4

5                                   */s/ Christopher Robinson*
                                Christopher L. Robinson

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28