QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | CASE NO. 5:12-cv-00630-LHK (PSG)<br><br>**SAMSUNG'S NOTICE AND MOTION FOR CLARIFICATION ON COURT'S ORDER REGARDING SCHEDULE FOR BILL OF COSTS OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME** |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, pursuant to Local Rule 7-11, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") move the Court for clarification that per the Stipulation and Order Regarding Schedule for Enforcing Judgment and Certain Post-Verdict Filings (Dkt. 1893), the parties' respective applications for bill of costs will be filed 21 days from the Court's order on Apple's pending motion for ongoing royalty.

In the event the Court finds to the contrary, pursuant to Local Rule 6-3, Samsung hereby moves in the alternative for a 30 day extension to complete its application for bill of costs.

**RELIEF REQUESTED**

Samsung respectfully requests that the Court clarify that the parties' respective bill of costs be filed 21 days after entry of the Court's order on Apple's pending motion for ongoing royalty, per the stipulated schedule. In the alternative, Samsung requests an extension of time for the parties to file a bill of costs of 30 days until October 30, 2014.

DATED: September 29, 2014           QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP


                                    By /s/ *Victoria F. Maroulis*
                                       Charles K. Verhoeven
                                       Kevin P.B. Johnson
                                       Victoria F. Maroulis
                                       William C. Price
                                       Michael T. Zeller

                                       Attorneys for SAMSUNG ELECTRONICS CO.,
                                       LTD., SAMSUNG ELECTRONICS AMERICA,
                                       INC. and SAMSUNG
                                       TELECOMMUNICATIONS AMERICA, LLC

SAMSUNG'S MOTION FOR CLARIFICATION RE SCHEDULE FOR BILL OF COSTS

## Motion for Clarification

It is Samsung's position that, per the Stipulation and Order Regarding Schedule for Enforcing Judgment and Certain Post-Verdict Filings (Dkt. 1893), any bills of costs should be filed 21 days after the Court's order on Apple's pending motion for ongoing royalty.[1]

On May 12, 2014, the Court granted the parties' joint stipulation regarding the schedule for enforcement of the verdict or judgment entered by the Court and the filing of any bill of costs or motion for attorney's fees. (Dkt. 1893.)  The Court ordered, per the stipulation, that "Any motion for attorney's fees under Rule 54 shall be filed 21 days after the Court enters an order that resolves all of the issues raised by the parties' Post-Trial Motions.  In the event that the Court issues multiple orders addressing Post-Trial Motions, the 21-day period will begin upon entry of the last order that, in combination with prior orders, resolves all issues raised by the parties' Post-Trial Motions." (Dkt. 1893 at 1, ¶2.)  The parties further stipulated that "Any bill of costs under Rule 54 shall be filed 21 days after the Court enters judgment resolving all post-trial motions filed pursuant to Rules 50, 52, 59, and 60." (Dkt. 1893 at 2, ¶3.)

The Court subsequently issued orders denying Samsung's Motion for Judgment of Invalidity on August 21, 2014 (Dkt. 1952); denying Apple's Motion for Permanent Injunction on August 27, 2014 (Dkt. 1953); granting-in-part and denying-in-part Apple's Motion for Judgment as a Matter of Law on September 8, 2014 (Dkt. 1962); and granting-in-part and denying-in-part Samsung's Motion for Judgment as a Matter of Law on September 9, 2014 (Dkt. 1965).  However, on September 3, 2014, Apple filed an additional post-trial motion for Ongoing Royalties. (Dkt. 1958).  Apple has styled its motion for ongoing royalties without identifying a rule under which it seeks relief yet, as argued in Samsung's opposition to Apple's motion, Ninth Circuit law clearly deems it a second post-trial motion under Rule 59(e).  (Dkt. 1986-3 at 5.)

---

[1] For ease of quoting from the original stipulation (Dkt. 1893), Samsung refers to "costs and fees," but the parties have agreed that neither will move for fees in this action and expect to only brief the subject of costs.

Apple maintains the erroneous position that, notwithstanding *its own motion* for additional post-trial relief, the deadline for bill of costs or motion for attorneys' fees is September 30, 2014. While Samsung believes that the Court should dismiss Apple's motion for ongoing royalties as untimely, Dkt. 1893 is straightforward in setting the deadline for costs and fees. The court's order resolving the ongoing royalty motion will, in combination with prior orders, likely resolve all issues raised by the parties' Post-Trial Motions. It is only with that ultimate order on post-trial issues that the parties' deadline for costs and fees briefing would begin.

Samsung has attempted to seek a stipulation from Apple clarifying that the deadline for a motion for fees and bill of costs would extend twenty-one days after the Court's resolution of ongoing royalties. (*See* Declaration of Victoria Maroulis at ¶¶ 2-4.)   Apple has refused to so stipulate (*see* Maroulis Decl. ¶ 4, Ex. 1), and takes the unreasonable position that its post-trial motion for ongoing royalties would not toll the deadlines set by the Court's order in Dkt. 1983.

In the event the Court finds to the contrary,  pursuant to Local Rule 6-3, Samsung hereby moves in the alternative for a 30 day extension to complete its application for bill of costs . A four week extension of the deadline to prepare a bill of costs is warranted because Samsung reasonably believed that Apple's motion for ongoing royalties would have been considered a post-trial motion under the text of the stipulation and order. Samsung was prejudiced by Apple's own untimely motion, and could not have anticipated that Apple would not consider a motion for ongoing royalties a "post-trial" motion. Furthermore, Samsung's counsel Kevin Johnson and Victoria Maroulis are currently trial counsel in another case being tried in the Northern District of California before Judge Orrick, and are unable to prepare these motions at this time. Samsung seeks this relief not for any purpose of delay, but rather so that it may properly prepare a bill of costs.

Counsel for Samsung contacted Apple on the afternoon of September 25, 2014 to inquire whether it would stipulate to a short courtesy extension to file bills of costs. (Maroulis Decl. ¶ 3, Ex. 1.)  Apple responded that it would not agree. (Maroulis Decl. Ex. 1.)

## **Conclusion**

1    For the foregoing reasons, Samsung respectfully requests that the Court enter an order
2 clarifying that, per the court-ordered and stipulated schedule, the parties' respective bill of costs be
3 filed three weeks from the Court's order on Apple's motion for ongoing royalty.  If the Court finds
4 to the contrary, Samsung seeks a thirty day extension to complete its bill of costs.

6 DATED:  September 29, 2014         QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By /s/ *Victoria F. Maroulis*
                                        Charles K. Verhoeven
                                        Kevin P.B. Johnson
                                        Victoria F. Maroulis
                                        William C. Price
                                        Michael T. Zeller

                                        Attorneys for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                        INC. and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC