| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) <br> jkrevitt@gibsondunn.com <br> H. MARK LYON (CA SBN 162061) <br> mlyon@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 1881 Page Mill Road <br> Palo Alto, CA 94304-1211 <br> Telephone: (650) 849-5300 <br> Facsimile: (650) 849-5333 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 |
| HAROLD J. McELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> JAMES P. BENNETT (CA SBN 65179) <br> jbennett@mofo.com <br> JACK W. LONDEN (CA SBN 85776) <br> jlonden@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> RUTH N. BORENSTEIN (CA SBN 133797) <br> rborenstein@mofo.com <br> ERIK J. OLSON (CA SBN 175815) <br> ejolson@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 | MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendant. | Case No. 12-cv-00630-LHK (PSG) <br><br> **APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR ONGOING ROYALTIES** <br><br> Date: December 18, 2014 <br> Time: 1:30 p.m. <br> Place: Courtroom 8, 4th Floor <br> Judge: Hon. Lucy H. Koh |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT........................................................................................................................1

    A. Apple Did Not Waive The Remedy Of An Ongoing Royalty ...............................1

        1. Apple requested relief to compensate for Samsung's infringement in the pretrial order..........................................................................2

        2. Apple did not waive its request for an ongoing royalty by not including that request in its motion for a permanent injunction.................4

        3. Apple's request for "[a]ny other remedy" encompasses an ongoing royalty................................................................................................5

    B. Apple's Motion Is Timely........................................................................................5

        1. Apple was not required to request an ongoing royalty as alternative relief in its motion for a permanent injunction ..........................6

        2. Apple's motion is timely under Rule 59(e) ................................................6

        3. Apple's motion is supported by precedent .................................................7

    C. The Court Has Jurisdiction To Award An Ongoing Royalty................................8

III. THERE IS NO REASON TO STAY PROCEEDINGS ON APPLE'S MOTION ............9

IV. APPLE'S REQUEST FOR ONGOING ROYALTIES SHOULD BE GRANTED..........10

    A. Ongoing Royalties Will Not Duplicate Supplemental Damages .........................10

    B. Apple Is Entitled To Ongoing Royalties...............................................................11

    C. Apple's Request Would Conserve, Not Waste, Judicial Resources.....................12

        1. Ongoing royalties are appropriate to address any future infringement of the '721 and '172 patents ..............................................12

        2. Samsung continues to sell infringing products........................................13

        3. An order that addresses Samsung's use of source code that is not colorably different is appropriate and not wasteful ................................13

    D. The Court Has Determined That The Verdict Did Not Address Future Sales.......15

V. APPLE'S ONGOING ROYALTY RATES ARE NOT EXCESSIVE.............................15

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
 694 F.3d 1312 (Fed. Cir. 2012) ................................................................................. 3, 4, 5, 6

*Amado v. Microsoft Corp.*,
 517 F.3d 1353 (Fed. Cir. 2008) ............................................................................................. 4

*Apple Inc. v. Samsung Elecs. Co.*,
 Case No. 11-1846,
 2013 WL 5958176 (N.D. Cal. Nov. 7, 2013) ...................................................................... 15

*Bianco v. Globus Med., Inc.*,
 No. 2:12-CV-00147-WCB,
 2014 U.S. Dist. LEXIS 89777 (E.D. Tex. July 1, 2014) ..................................................... 14

*Creative Internet Adver. Corp. v. Yahoo! Inc.*,
 674 F. Supp. 2d 847 (E.D.Tex.2009) .................................................................................. 13

*DataTreasury Corp. v. Wells Fargo & Co.*,
 No. 2-06-cv-72,
 2011 WL 8810604 (E.D. Tex. Aug. 2, 2011) ...................................................................... 10

*Elvis Presley Enterprises, Inc. v. Capece*,
 141 F.3d 188 (5th Cir. 1998) ................................................................................................. 3

*Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.*,
 No. 2009-1168,
 2009 WL 790105 (Fed. Cir. Mar. 25, 2009) ...................................................................... 8, 9

*Fractus, S.A. v. Samsung Elecs. Co.*,
 No. 09-cv-206,
 2013 WL 1136964 (E.D. Tex. Mar. 15, 2014) .................................................................... 14

*Fractus, S.A. v. Samsung Elecs. Co.*,
 876 F. Supp. 2d 802 (E.D. Tex. 2012) ................................................................................ 14

*Mondis Tech., Ltd. v. Chimei Innolux Corp.*,
 No. 2:11-cv-378-JRG,
 2012 U.S. Dist. LEXIS 60004 (E.D. Tex. Apr. 30, 2012) ................................................... 13

*Paice LLC v. Toyota Motor Corp.*,
 504 F.3d 1293 (Fed. Cir. 2007) ..................................................................................... *passim*

| | |
|---|---|
| *Phelan v. Taitano*, <br> 233 F.2d 117 (9th Cir. 1956) | 9 |
| *Plotkin v. Pacific Tel. & Tel. Co.*, <br> 688 F.2d 1291 (9th Cir. 1982) | 8 |
| *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, <br> No. 08-CV-335 - IEG (NLS), <br> 2010 U.S. Dist. LEXIS 79039 (S.D. Cal. Aug. 5, 2010) | 10 |
| *Ramos v. Davis & Geck, Inc.*, <br> 968 F. Supp. 765 (D.P.R. 1997) | 3 |
| *Soverain Software LLC v. J.C. Penney Corp.*, <br> 899 F. Supp. 2d 574 (E.D. Tex. 2012) | 4 |
| *Telcordia Techs., Inc. v. Cisco Sys., Inc.*, <br> 612 F.3d 1365 (Fed. Cir. 2010) | 2, 5 |
| *Tivo Inc. v. Echostar Corp.*, <br> 646 F.3d 869 (Fed. Cir. 2011) | 13, 14 |
| *United States v. Pitner*, <br> 307 F.3d 1178 (9th Cir. 2002) | 8 |
| *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, <br> 515 Fed. Appx. 882 (Fed. Cir. 2012) | 9 |
| *Webb v. Ada Cnty.*, <br> 285 F.3d 829 (9th Cir. 2002) | 7 |

**STATUTES**

| | |
|---|---|
| 28 U.S.C. § 1292(c)(2) | 9 |
| 35 U.S.C. § 283 | 4, 6 |

**OTHER AUTHORITIES**

| | |
|---|---|
| Fed. R. Civ. P. <br> 58(b)(2)(B) | 7 |
| 59(e) | 6, 7 |

## I. INTRODUCTION

Samsung has provided no valid reason why an ongoing royalty should be denied. Apple did not waive such relief. Beginning in its complaint and continuing through the pretrial order, Apple has sought compensation for every act of infringement. There is no requirement that Apple separately specify an ongoing royalty as a distinct remedy, and Samsung cites no precedent for this sweeping proposition. Nor was Apple required to request an ongoing royalty as a form of alternative relief in its motion for a permanent injunction. Apple had no basis for filing a motion for prospective monetary relief until this Court made the threshold determination not to enjoin Samsung's continuing infringement.

Apple's motion is also timely and within the Court's jurisdiction. The need for an ongoing royalty first arose when the Court denied Apple's request for a permanent injunction, and Apple filed its motion within days of that ruling. Apple's interlocutory appeal deprived the Court of jurisdiction over the injunction, but not over the rest of the case.

Samsung's request that the Court defer decision on the ongoing royalty serves no purpose other than to advance Samsung's strategy of delay. Immediate relief is warranted if Samsung continues competing with Apple by selling infringing products.

Indeed, Samsung's argument that an ongoing royalty may implicate numerous products only highlights the scope of Samsung's ongoing infringement and the need for immediate prospective relief. Throughout trial, Samsung touted its ability to implement alleged design-arounds to Apple's patents within a matter of days. Yet months after the jury's verdict, Samsung continues to infringe and has made no promises that it will stop.

Finally, Samsung cannot properly complain about the burdens of enforcing an ongoing royalty if the assertions concerning readily available design-arounds are sincere. If Samsung chooses to continue its infringement under these circumstances, equity requires that Apple receive compensation now for that infringement.

## II. ARGUMENT

### A. Apple Did Not Waive The Remedy Of An Ongoing Royalty.

Apple's motion for an ongoing royalty seeks the same relief that Apple has requested

throughout this case. From the complaint through the pretrial order, Apple sought an injunction to end Samsung's widespread infringement. But to the extent that infringement occurs, Apple also requested "***all*** damages adequate to compensate for Samsung's infringement of Apple's asserted patents, and ***in no event less than a reasonable royalty*** for Samsung's acts of infringement." (Dkt. 261 at 13 (emphases added); Dkt. 1455-1 at 3 (emphases added).) That is precisely what an ongoing royalty is—a reasonable royalty to compensate, at least in part, for an adjudicated infringer's continuing acts of infringement. *See Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1315 (Fed. Cir. 2007) (explaining that an ongoing royalty is "a reasonable royalty in light of the ongoing infringement"); *see also Telcordia Techs., Inc. v. Cisco Sys., Inc.*, 612 F.3d 1365, 1379 (Fed. Cir. 2010) (same). Now that the Court has denied injunctive relief, Apple is entitled to seek relief "to compensate for Samsung's infringement"—the same relief that Apple has sought from the beginning of this case.

### 1. Apple requested relief to compensate for Samsung's infringement in the pretrial order.

Samsung is incorrect that Apple failed to request an ongoing royalty in the joint pretrial statement. Apple's explicit request for "all damages adequate to compensate for Samsung's infringement" (Dkt. 1455-1 at 3) encompasses an ongoing royalty to the extent that Samsung's infringement continues. There is no requirement that Apple separately specify an ongoing royalty as a distinct remedy. In fact, even in the cases that Samsung cites where the patentee sought ***only*** an ongoing royalty and no injunctive relief (*see* Opp. at 8 n.4), the patentee's disclosure in the pretrial order simply requested damages for the defendant's infringement without separately demanding an ongoing royalty. *See Mondis Tech., Ltd. v. Hon Hai Precision Indus. Co.*, No. 07-cv-565, Dkt. 527 at 6 (E.D. Tex. June 3, 2011) ("Mondis has alleged that the Defendants owe Mondis damages to compensate Mondis for their infringement.") (attached as Olson Decl. Ex. 1); *I/P Engine, Inc. v. AOL, Inc.*, No. 11-cv-512, Dkt. 719 at 18 (E.D. Va. Oct. 15, 2012) ("I/P Engine has suffered and will continue to suffer damages in an amount to be determined at trial as a direct and proximate result of Defendants' infringement of the [patents-in-suit].") (attached as Olson Decl. Ex. 2); *Creative Internet Advertising Corp. v. Yahoo! Inc.*, No. 07-cv-354, Dkt. 127

at 3 (E.D. Tex. Mar. 6, 2009) ("CIAC seeks damages in the form of a reasonable royalty to compensate it for Yahoo!'s infringement.") (attached as Olson Decl. Ex. 3). And the same is true even in *Paice* itself, where the patentee's requested monetary relief was simply "a reasonable royalty for Toyota's infringement."[1] *Paice LLC v. Toyota Motor Corp.*, No. 04-cv-211, Dkt. 143 at 3 (E.D. Tex. Dec. 1, 2005) (attached as Olson Decl. Ex. 4). Apple's disclosure in its pretrial order is consistent with what patentees have provided in other cases.

Samsung cites only two cases as support for its waiver argument. (*See* Opp. at 3.) Neither is a patent case, let alone addresses what disclosure is necessary to preserve a request for an ongoing royalty. Moreover, each case addressed a very different situation from Apple's request for an ongoing royalty here. For example, in *Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir. 1998), the plaintiff failed entirely to request a particular type of damages—an accounting of the defendant's profits. Likewise, in *Ramos v. Davis & Geck, Inc.*, 968 F. Supp. 765, 771 (D.P.R. 1997), the plaintiff omitted any request for a particular type of damages in the pretrial order—"front pay" for his expected lifetime earnings.[2] By contrast, Apple here sought "*all* damages adequate to compensate for Samsung's infringement" and specifically demanded no less "than *a reasonable royalty* for Samsung's acts of infringement" (Dkt. 1455-1 at 3 (emphases added))—the same relief that it seeks now.

This situation is therefore not analogous to the Court's recent finding of waiver for Samsung's patentable subject matter defense, which Samsung failed to pursue at all except through a cursory reference in invalidity contentions served ten months before trial. (*See* Dkt.

---

[1] Samsung attempts to distinguish *Paice* on the basis that the ***defendant*** proposed an ongoing royalty as an alternative to an injunction in that case. (Opp. at 7 n.2.) But whether the ***patentee*** preserved its right to seek an ongoing royalty cannot depend upon whether the defendant is amenable to an ongoing royalty. Otherwise, the patentee's available relief would rest entirely in the defendant's hands.

[2] The plaintiff in *Ramos* also did not claim that he satisfied the statutory prerequisites for obtaining that particular relief. *See* 968 F. Supp. at 771. By contrast, the Court here has already determined that "monetary remedies would more appropriately remedy Samsung's infringement than would an injunction." (Dkt. 1953 at 35); *see ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1340-1341 (Fed. Cir. 2012) (remanding "to consider an appropriate royalty rate for future infringement by Verizon" following a determination that "Verizon's infringement can be adequately remedied by an ongoing royalty").

1952 at 3-4.) Apple has consistently sought monetary compensation for Samsung's infringement (Dkt. 261 at 13; Dkt. 1455-1 at 3), and Apple's motion for an ongoing royalty simply pursues that request following the Court's decision to deny injunctive relief.

Moreover, contrary to Samsung's suggestion (Opp. at 2), it would not have been possible for Apple's experts to opine on the amount of an ongoing royalty at an earlier stage of the case. An ongoing royalty is a remedy that depends upon the jury's verdict and events following it. *See, e.g.*, *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1342 (Fed. Cir. 2012) (holding that the district court correctly applied a different royalty analysis post-verdict, given the "substantial shift in the bargaining position of the parties" in that case); *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1361 (Fed. Cir. 2008) ("There is a fundamental difference, however, between a reasonable royalty for pre-verdict infringement and damages for post-verdict infringement."); *Paice*, 504 F.3d at 1317 (Rader, J., concurring) ("[P]re-suit and post-judgment act of infringement are distinct, and may warrant different royalty rates given the change in the parties' legal relationship and other factors."). The starting point for the calculation of ongoing royalties is the jury's verdict. *See Soverain Software LLC v. J.C. Penney Corp.*, 899 F. Supp. 2d 574, 589 (E.D. Tex. 2012) ("The jury's implied royalty rate provides a starting point for determining the ongoing post-judgment royalty rate."). Apple's damages expert submitted a declaration that calculates an ongoing royalty based upon those unique post-verdict circumstances (Dkt. 1985-4) and could not have assessed the amount of an ongoing royalty earlier without knowledge of the verdict and events thereafter.

### 2. Apple did not waive its request for an ongoing royalty by not including that request in its motion for a permanent injunction.

Samsung is also incorrect that Apple waived its right to an ongoing royalty by not requesting an ongoing royalty as part of its motion for a permanent injunction. (Opp. at 3-4.) Although the statutory authority for the equitable remedy of an ongoing royalty is the same as for a permanent injunction (35 U.S.C. § 283), the Federal Circuit has emphasized that the two are distinct remedies. *See, e.g.*, *Paice*, 504 F.3d at 1314 ("Under some circumstances, awarding an ongoing royalty for patent infringement ***in lieu of an injunction*** may be appropriate." (emphasis

added)). Different legal standards apply to each type of relief: *Georgia-Pacific* for an ongoing royalty and *eBay* for a permanent injunction. And the two types of relief apply in different situations: A permanent injunction enjoins further infringing conduct where a court determines that money damages would be inadequate, whereas an ongoing royalty determines an amount of money to compensate (at least in part) for the ongoing infringement.

Given the different issues and legal standards involved, Apple was not required to present its request for an ongoing royalty as an alternative to its motion for a permanent injunction. Indeed, as the Federal Circuit has recognized, it is the denial of permanent injunctive relief that gives rise to the need to consider an ongoing royalty. *See ActiveVideo*, 694 F.3d at 1341 ("We vacate the grant of a permanent injunction in this case and remand for the district court to consider an appropriate ongoing royalty rate for future infringement by Verizon."); *Telcordia*, 612 F.3d at 1379 (explaining that an ongoing royalty is appropriate "[i]f the district court determines that a permanent injunction is not warranted"). The same is true here. Apple's request for an ongoing royalty arises from this Court's determination that "monetary remedies would more appropriately remedy Samsung's infringement than would an injunction." (Dkt. 1953 at 35.) Apple had no basis for filing a motion for prospective monetary relief until this Court made the threshold determination not to enjoin Samsung's continuing infringement.

### 3. Apple's request for "[a]ny other remedy" encompasses an ongoing royalty.

Even if Apple's explicit request for money damages were insufficient on its own to preserve a request for an ongoing royalty (though it is not), Apple's request for "[a]ny other remedy" (Dkt. 1455-1 at 3) amply suffices to encompass an ongoing royalty. Viewed in combination with this broad request, Apple's explicit demand for "all damages adequate to compensate for Samsung's infringement" defeats Samsung's waiver argument.

### B. Apple's Motion Is Timely.

Apple brought this motion for an ongoing royalty only days after the Court denied Apple's motion for a permanent injunction, and it was not required under the Federal Rules of Civil Procedure or this Court's scheduling orders to seek this relief any earlier. Samsung points

to no authority supporting its argument that Apple was compelled to seek this relief in conjunction with its motion for a permanent injunction and, in fact, cites cases that disprove that proposition. Nor has Samsung supported its assertions that the Court's scheduling order should be interpreted as foreclosing Apple—without warning—from seeking relief to which it is entitled under Federal Circuit precedent within the timeframe provided by the Federal Rules of Civil Procedure. Apple's motion must be considered on its merits.

### 1. Apple was not required to request an ongoing royalty as alternative relief in its motion for a permanent injunction.

As shown above (Part I.A.2), an ongoing royalty is a distinct remedy from a permanent injunction. Contrary to Samsung's argument (Opp. at 5), Apple was not *required* to request an ongoing royalty as a form of alternative relief in its motion for a permanent injunction. Samsung cites no precedent for this sweeping proposition, nor could it. Rather, Samsung concedes that even the patentee in *Paice* did not request an ongoing royalty in conjunction with its motion for an injunction. (Opp. at 7 n.2.) Such a requirement would inherently prejudice patentees by forcing them to take the conflicting position that money damages are inadequate, while simultaneously proposing money damages to remedy the infringement.

Nothing in the Court's case management order imposed a more stringent standard than the case law requires. The order specifically identifies "one motion for *a permanent injunction*." (Dkt. 1398 at 4 (emphasis added).) It did not set a schedule for seeking *all* equitable remedies pursuant to 35 U.S.C. § 283. Samsung ignores the plain language of the Court's order and mischaracterizes Apple's motion as a "second chance." (Opp. at 6.) But as discussed above, an ongoing royalty is a distinct remedy governed by a separate analysis—one that only becomes necessary and available *after* a court decides that injunctive relief is not warranted. *ActiveVideo*, 694 F.3d at 1341.

### 2. Apple's motion is timely under Rule 59(e).

Samsung is likewise incorrect that Apple's motion is an untimely request under Rule 59(e). Apple agrees that its request for an ongoing royalty may be characterized as a Rule 59(e) motion to "alter or amend a judgment." Fed. R. Civ. P. 59(e). Moreover, it is undisputed that

Apple's request is ***not*** a motion for judgment as a matter of law or a motion for a new trial. Thus, it is not a "post-trial motion" as defined by the Court, and is not within the scope of the Court's March scheduling order. (Dkt. 1398 at 4 ("[E]ach side may file one motion for judgment as a matter of law and/or motion for a new trial ('post-trial motion').").) If the Court intended its order to limit Apple's access to other forms of relief permitted by the Federal Rules, it would have done so explicitly.

Treated as a motion pursuant to Rule 59(e), Apple's request for an ongoing royalty is not untimely—it is ***early***. Samsung concedes that the Court must still enter judgment. (Opp. at 7 ("[N]othing remains but for the Court to enter judgment.").) Indeed, given that the Court has granted Apple's and Samsung's motions for JMOL in part (Dkt. 1962; Dkt. 1965), the Court must enter a judgment reflecting that relief pursuant to Rule 58. *See* Fed. R. Civ. P. 58(b)(2)(B); *see also Webb v. Ada Cnty.*, 285 F.3d 829, 836 (9th Cir. 2002) (new judgment required when post-judgment motion is granted). Apple's motion for an ongoing royalty was accordingly filed before the clock even started ticking. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed ***no later*** than 28 days ***after*** the entry of the judgment." (emphases added)). In any event, because the requested relief is equitable, the Court may exercise its discretion and consider the motion regardless of timing.

### 3. Apple's motion is supported by precedent.

Samsung acknowledges that courts can *sua sponte* order an ongoing royalty after an injunction is denied and that infringers can ask to pay an ongoing royalty after a patentee seeks an injunction. (Opp. at 7 n.2.) Contrary to Samsung's argument, a patentee—the aggrieved party—can likewise request an ongoing royalty after it seeks (and is denied) an injunction. For example, in *Medtronic Sofamor Danek USA, Inc. v. Nuvasive Inc.*, the patentees made no mention of ongoing royalties in their permanent injunction briefing and only moved for that alternative relief after the court declined to enjoin future infringement. No. 08-cv-1512, Dkt. 409-1 (S.D. Cal. Nov. 2, 2011) (motion for permanent injunction) (attached as Olson Decl. Ex. 5); *id*. at Dkt. 447 (reply in support of motion for permanent injunction) (attached as Olson Decl. Ex. 6); *id*. at Dkt. 460 (order denying permanent injunction) (attached as Olson Decl. Ex. 7); *id*. at Dkt. 462 (motion

for ongoing royalty) (attached as Olson Decl. Ex. 8). In that case, the court treated the patentees' request as timely and awarded an ongoing royalty. *Id.* at Dkt. 592 (attached as Olson Decl. Ex. 9). The Court should do the same here.

### C. The Court Has Jurisdiction To Award An Ongoing Royalty.

"[I]t is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." *Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). Thus, following an interlocutory appeal from the denial of an injunction, "a district court may not proceed with matters involved with the injunction itself," but "may proceed with the litigation and permit discovery, enter rulings on summary judgment, or hold a trial on the merits." *Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.*, No. 2009-1168, 2009 WL 790105, at *1 (Fed. Cir. Mar. 25, 2009); *see also United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002).

Apple's request for an ongoing royalty is distinct from the injunction issue raised on appeal. As an initial matter, different legal standards apply. The four *eBay* factors govern Apple's request for an injunction, whereas the *Georgia-Pacific* factors control Apple's request for an ongoing royalty, as Samsung admits (Opp. at 8). Samsung attempts to portray the permanent injunction and ongoing royalty as "overlapping matters" because some of the same evidence is relevant to both issues. (Opp. at 8-9.) But mere evidentiary overlap does not divest the district court of jurisdiction. Indeed, evidentiary overlap exists between the injunction and the JMOL issues—which touch on virtually every issue in this case—that the Court decided *after* Apple noticed its appeal from the denial of a permanent injunction. (*See* Dkts. 1962, 1965.) Even Samsung does not contend that the Court lacked jurisdiction to decide the JMOL motions—which raised issues (e.g., damages) that are much more closely intertwined with Apple's request for an ongoing royalty than the permanent injunction request is.[3]

---

[3] Samsung is also incorrect that "Apple has effectively conceded that its motion rests on 'matters involved with the appeal'" simply because Apple's motion for ongoing royalties follows from the Court's denial of a permanent injunction. (Opp. at 9 n.5.) The denial of injunctive relief triggered the need for an ongoing royalty to compensate in part for Samsung's ongoing infringement, but whether Samsung's infringement should be permitted to continue at all is a distinct question, which is now on appeal.

Samsung faults Apple for citing no case in which a district court retained jurisdiction to award an ongoing royalty while an appeal from the denial of a permanent injunction was pending. But jurisdiction exists here under the long-standing precedent that the district court retains jurisdiction over other matters—including the power to resolve the case on the merits—even while an interlocutory injunction appeal is pending. *See, e.g.*, *Phelan v. Taitano*, 233 F.2d 117, 119 (9th Cir. 1956) (holding that district court could properly dismiss the case on the merits while an injunction appeal was pending); *see also Fairchild Semiconductor*, 2009 WL 790105, at *1. If there is anything unprecedented about this case, it is Samsung's belief that it should be allowed to continue infringing for free, not that Apple has requested relief from that infringement.

### III. THERE IS NO REASON TO STAY PROCEEDINGS ON APPLE'S MOTION.

As stated above, the Court has jurisdiction, and Samsung's alleged doubts regarding that jurisdiction do not justify staying these proceedings. To the contrary, a stay will leave any appeal in limbo due to *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 515 Fed. Appx. 882 (Fed. Cir. 2012). There, the court squarely held that a case is not appealable where "the district court has not yet determined ongoing royalties," even as "a claim that is 'final except for an accounting' within the meaning of 28 U.S.C. § 1292(c)(2)." *Id*. If the Court stays this motion, any appeal could be remanded without a substantive decision, pending a ruling on the present motion.

Nor does Apple's appeal of the denial of a permanent injunction favor a stay. (*See* Opp. at 10-11.) Waiting for Federal Circuit review of the permanent injunction appeal will not conserve judicial resources because, as noted above, the Court does not need to revisit the *eBay* factors to address Apple's right to an ongoing royalty or the proper rate of that royalty. The outcome of the injunction appeal would also not affect Apple's entitlement to ongoing royalties in the interim.

Addressing the ongoing royalty now would also impose minimal burdens on the Court. Apple has promptly addressed the question whether an ongoing royalty should be awarded and streamlined the determination of the amount with its conservative request that the Court award the royalty implied from the jury's verdict. Samsung raises the specter of time-consuming factual disputes, but it has not submitted even one declaration raising any factual issues. Finally, even if an appeal from a final judgment were possible in the absence of an order regarding the ongoing

royalty, it would not warrant a stay, because the possibility of an appeal on the merits affecting the outcome of the royalty is remote. Samsung's JMOL motion did not challenge any part of the jury's damages verdict that would affect ongoing royalties. (*See* Dkt. 1896-3 at 39-43 (challenging damages only to extent of any double-counting with the Galaxy SII).) In addition, the Federal Circuit has already adopted the constructions applied by the jury for the '647 patent and the PTO previously confirmed in a final decision the validity of the asserted claim of the '647 patent on reexamination. (*See* Dkt. 1985-3 at 3.) There is no equitable justification to delay Apple's access to at least a partial remedy for Samsung's ongoing infringement.

## IV. APPLE'S REQUEST FOR ONGOING ROYALTIES SHOULD BE GRANTED.

### A. Ongoing Royalties Will Not Duplicate Supplemental Damages.

Apple is not seeking the payment of supplemental damages and ongoing royalties for the same sale, and so there will be no double recovery. Apple earlier moved for supplemental damages to accompany its motion for a permanent injunction, and the injunction would have obviated the need for any ongoing royalties (or supplemental damages) thereafter. The Court, however, denied Apple's motion for a permanent injunction. Apple therefore is seeking ongoing royalties from the date of the denial of the permanent injunction forward. If the Court grants this motion for ongoing royalties, Apple requests that such ongoing royalties start from the date of the denial of the permanent injunction, and Apple will accept this remedy in lieu of supplemental damages. As a result, there will be no double-counting. This is precisely the relief that has been awarded in other cases. *See, e.g.*, *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 08-CV-335 - IEG (NLS), 2010 U.S. Dist. LEXIS 79039, at *24 (S.D. Cal. Aug. 5, 2010). Neither *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2-06-cv-72, 2011 WL 8810604 (E.D. Tex. Aug. 2, 2011), nor any other case holds that ongoing royalties are only available after the date of final judgment.

### B. Apple Is Entitled To Ongoing Royalties.

At Samsung's urging, the Court concluded that "monetary remedies would more appropriately remedy Samsung's infringement than would an injunction." (Dkt. 1953 at 35; *see* Dkt. 1907-2 at 14-17.) Samsung now argues that the Court should award *no* remedy at all for

Samsung's infringement. That is wrong legally, factually, and equitably.

Samsung cites **no case** where a court has completely denied a patentee an ongoing royalty for continuing infringement. And Samsung offers **no evidence** to support its claim that it is no longer selling infringing products, let alone evidence that Samsung will not sell more infringing products at a later date. Nor does Samsung offer any evidence that smartphones currently being sold do not use source code that is ***identical in all relevant respects*** (let alone "no more than colorably different") to the source code that the jury found to infringe the '647 patent. Nonetheless, Samsung asks the Court, based solely on alleged "principles of equity," to deprive Apple of all monetary remedies for Samsung's ongoing infringement. That is not equity. It is a license to free, willful infringement.

Samsung misquotes *Paice* to argue that ongoing royalties should not flow "as a matter of course" from the denial of a permanent injunction. *Paice* did not hold that a court has discretion to deprive the patent holder of any relief in the face of ongoing infringement. Rather, *Paice* held that ongoing royalties may need to await negotiations between the parties:

> [A]warding an ongoing royalty where "necessary" to effectuate a remedy, be it for antitrust violations or patent infringement, does not justify the provision of such relief as a matter of course whenever a permanent injunction is not imposed. *In most cases, where the district court determines that a permanent injunction is not warranted, the district court may wish to allow the parties to negotiate a license amongst themselves regarding future use of a patented invention before imposing an ongoing royalty.* Should the parties fail to come to an agreement, the district court could step in to assess a reasonable royalty in light of the ongoing infringement.

504 F.3d at 1314-1315 (emphasis added).

Samsung's remaining authority also does not support leaving the patent holder without ***any*** remedy for ongoing infringement. In *XpertUniverse*, the court found that "there were no future sales of any infringing product upon which to base an enhanced ongoing royalty," and denied the motion for that reason. 2013 WL 6118447, at *14. If there is no infringement, there is no harm, but Samsung has not provided evidence that it is not selling adjudicated products and products that are no more than colorably different with respect to the infringing features. In *Cordance Corp. v. Amazon.com*, the court bifurcated damages and deferred Cordance's motion

APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR ONGOING ROYALTIES
CASE NO.12-cv-00630-LHK (PSG)
sf-3462645

11

for ongoing royalties until after the liability appeal, while recognizing that "Cordance will have the opportunity to seek redress for both Amazon's past and continuing infringement when the court addresses the issue of damages in this case." 730 F. Supp. 2d 333, 346 (D. Del. 2010). And, in contrast with Samsung's claims, the Federal Circuit has repeatedly affirmed the imposition of an ongoing royalty when a permanent injunction is denied and infringement continues. (*See* Dkt. 1958 at 4.)

Samsung's remaining arguments wrongly attack Apple's supposed motives and alleged delay in bringing this motion. Apple has neither delayed nor hidden its claim to monetary remedies, as discussed above. Nor is Apple interested in perpetual litigation. It seeks a prompt monetary remedy to partially address Samsung's ongoing infringement. Samsung, in contrast, asks the Court to permit it to continue to sell smartphones that incorporate the infringing features without an obligation to provide any relief to Apple. Equity will not support that outcome.

### C. Apple's Request Would Conserve, Not Waste, Judicial Resources.

Permitting Samsung to sell future Galaxy S III or Note II units and incorporate the infringing features into additional products will not conserve judicial resources. Rather, an order that plainly defines the consequences of ongoing infringement will.

#### 1. Ongoing royalties are appropriate to address any future infringement of the '721 and '172 patents.

Samsung offers no assurance that Samsung will not infringe Apple's '721 and '172 patents in the future. As the Court has already recognized, "[t]he fact that Samsung may have stopped selling infringing products for now says nothing about what Samsung may choose to do in the future." (1846 Dkt. 2197 at 6-7 (footnote omitted).) A royalty will only be paid if Samsung resumes its infringement and thus Samsung will suffer no prejudice if it steers clear of Apple's patented technology.

#### 2. Samsung continues to sell infringing products.

By its own admission (Opp. at 15:20-21), Samsung continues to sell the Galaxy S III—a product that the jury found infringes the '647 patent. Samsung makes two claims, both of which are unsupported by any evidence, to suggest that its infringement has stopped. First, Samsung

1 claims that "[t]he Galaxy Note II is no longer on sale." (Opp. at 15:20-21.) But this is

2 inconsistent with Dr. Vellturo's sworn findings that the Note II is still on sale. (Dkt. 1985-4 ¶

3 10.) Second, Samsung claims that "[t]he Galaxy S III products remaining on sale already

4 incorporate different code than the code relevant to Apple's claim for infringement of the '647

5 patent." (Opp. at 15:20-23.) But this bare attorney argument shows neither that the infringing

6 code has been removed nor that any new code is "not more than colorably different" than the

7 infringing software.[4] An unsupported factual claim by Samsung's counsel does not justify denial

8 of an ongoing royalty.

### 3. An order that addresses Samsung's use of source code that is not colorably different is appropriate and not wasteful.

11 Apple's request for ongoing royalties for "products not more than colorably different"

12 from the adjudicated, infringing products is not vague or overly broad. (Opp. at 16.) This Court

13 has recognized that such language is standard in orders granting prospective relief, and other

14 courts routinely grant ongoing royalties using this language. (Dkt. 1953 at 38-39 ("[T]he 'not

15 more than colorably different' provision is standard in injunctions. . . . Therefore, Samsung fails

16 to identify any likely hardship specific to Apple's proposed order, only the general inconvenience

17 and uncertainty that results from any injunction.").) *See also Creative Internet Adver. Corp. v.

18 Yahoo! Inc.*, 674 F. Supp. 2d 847, 853 (E.D.Tex.2009) (applying ongoing royalties to products

19 that are shown to be not "colorably different" from the adjudicated products); *Mondis Tech., Ltd.

20 v. Chimei Innolux Corp.*, No. 2:11-cv-378-JRG, 2012 U.S. Dist. LEXIS 60004, at *8 (E.D. Tex.

21 Apr. 30, 2012) (same); *Bianco v. Globus Med., Inc.*, No. 2:12-CV-00147-WCB, 2014 U.S. Dist.

22 LEXIS 89777, at *36 (E.D. Tex. July 1, 2014) ("An order basing ongoing royalty payments on

23 future sales of those three products implicitly extends to any products that are not colorably

24 different from those products."). Moreover, the Federal Circuit, sitting *en banc*, has supported the

---

[4] For example, the source code in the Galaxy S3 would be "different" if a new feature were added but did not avoid infringement of the '647 patent. Samsung's attorneys do not even represent that Samsung modified or removed "one or more of those elements found to infringe" the '647 patent, or that any modification is significant. *See Tivo Inc. v. Echostar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011) (describing "not more than colorably different" test).

use of this specific language and clarified precisely how to apply it during a contempt proceeding. *Tivo Inc. v. Echostar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011). The Court's order should cover products that are not more than colorably different from products already found to infringe.

Samsung's argument that granting Apple's motion may lead to future disputes over Samsung's compliance is both premature and misguided. (Opp. at 16-17.) Samsung may be planning to disregard the jury's verdict and this Court's orders, which could certainly lead to further disputes. But Samsung cannot use the prospect that it might violate an order to justify denying Apple an ongoing royalty in the event Samsung continues to sell products with the software found to infringe or software that is not more than colorably different therefrom. Samsung has repeatedly alleged that removal of the infringing feature is both easy and of no significance in the marketplace. If it is sincere, Samsung can simply remove the infringing feature entirely and avoid any dispute regarding future sales.

*Fractus, S.A. v. Samsung Elecs. Co.*, No. 09-cv-206, 2013 WL 1136964 (E.D. Tex. Mar. 15, 2014), is distinguishable. Fractus obtained a verdict on over 50 smartphones. *See Fractus, S.A. v. Samsung Elecs. Co.*, 876 F. Supp. 2d 802, 813 (E.D. Tex. 2012) ("Fractus alleged that fifty-one (51) different models of Samsung cell phones contained infringing internal, multiband antennas."). Then, "Fractus allege[d] that at least 25 unadjudicated but not 'colorably different' phones should be considered in the ongoing royalty analysis" and that "this number could increase once it receives more information from Samsung." 2013 WL 11136964, at *2. Apple is not seeking to increase the size of its case by 50% or more, and Samsung identifies only one product, the Galaxy S IV, that Samsung apparently believes incorporates technology that is "not colorably different" with respect to the '647 patent. (Opp. at 14-15.) There is no reason to think that the Court will use fewer resources by requiring Apple to initiate a new lawsuit that will include existing and additional products than it would by entering an appropriate order under *Paice*.[5]

---

[5] Apple's efforts to enforce a limited exclusion order obtained from the ITC according to the procedures set forth by the ITC are both legitimate and irrelevant to the question whether Samsung should be allowed to continue to infringe Apple's patented technology without paying ongoing royalties.

APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR ONGOING ROYALTIES
CASE NO.12-cv-00630-LHK (PSG)
sf-3462645

14

1  **D.  The Court Has Determined That The Verdict Did Not Address Future Sales.**

The Court has already rejected Samsung's argument that the jury's verdict addressed future sales. (Dkt. 1962 at 19-22.) The Court evaluated the evidence, rejected Samsung's argument, and concluded that Apple should be awarded money for sales after the verdict. (*Id.* at 22.) Nothing justifies reversal of this conclusion now.

**V.  APPLE'S ONGOING ROYALTY RATES ARE NOT EXCESSIVE.**

Samsung has not cited a single case in which the ongoing royalty rates did not start from the jury's award. Apple has sought ongoing royalties at rates consistent with those awarded by the jury. There is no justification to abandon the jury's determination in the evaluation of ongoing royalties, which are not "ludicrously inflated." (Opp. at 20:1-2.) The Court already excluded evidence on Samsung's alleged "real world licensing" analysis, which was built on non-comparable intellectual property and licenses, and has also already concluded on several occasions that the Apple-HTC license does not provide an appropriate point of comparison for the reasonable royalties at issue in this litigation. (Dkt. 1325 at 9-14.) *See id.; see also Apple Inc. v. Samsung Elecs. Co.*, Case No. 11-1846, 2013 WL 5958176, at *4-6 (N.D. Cal. Nov. 7, 2013).

Dated: September 29, 2014  MORRISON & FOERSTER LLP

By:  */s/ Rachel Krevans*
     RACHEL KREVANS

     Attorneys for Plaintiff and
     Counterclaim-Defendant
     APPLE INC.