Exhibit 1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| MONDIS TECHNOLOGY LTD., | |
| Plaintiff, | |
| v. | Civil Case No. 2:07-CV-565-TJW-CE |
| HON HAI PRECISION INDUSTRY CO., LTD. a/k/a FOXCONN, CHIMEI INNOLUX CORP., and INNOLUX CORPORATION, | **Consolidated with** |
| | Civil Case No. 2:08-CV-478-TJW-CE |
| Defendants. | **JURY** |
| MONDIS TECHNOLOGY LTD., | |
| Plaintiff, | |
| v. | |
| TOP VICTORY ELECTRONICS (TAIWAN) CO., LTD., ET AL., | |
| Defendants | |

## JOINT FINAL PRE-TRIAL ORDER

Pursuant to Federal Rule of Civil Procedure 16, Local Rule CV-16, and the Order of the Court, Plaintiff Mondis Technology Ltd. ("Mondis") and Defendants Innolux Corp. and Chimei Innolux Corporation ("Innolux"), Defendant Hon Hai Precision Industry Co., Ltd. ("Hon Hai"), and Defendants Top Victory Electronics (Taiwan) Co., Ltd., TPV International (USA), Inc., TPV Electronics (Fujian) Co., Ltd., Top Victory Electronics (Fujian) Co., Ltd., and Envision Peripherals, Inc. (collectively, "TPV") jointly submit the following Proposed Joint Pretrial Order with respect to the asserted claims involving: U.S. Patent Nos. 6,247,090; 6,513,088; 6,549,970; 7,089,342; 7,475,180; 6,057,812; and 6,639,588.  This cause is scheduled to come before the Court at a pre-trial management conference on May 31, 2011.

## A.    COUNSEL FOR THE PARTIES

**Counsel for Plaintiff Mondis Technology Ltd.**

Martin J. Black (Lead Attorney)
Jeffrey B. Plies
Kevin M. Flannery
Gretchen Sims Sween
Jeffrey S. Edwards
Michael A. Fisher
Vincent A. Gallo
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000

Otis W. Carroll
James Patrick Kelley
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
Telephone: (903) 561-1600

**Counsel for Defendants Innolux Corp. and Chimei Innolux Corporation**

James P. Brogan (Co-Lead Counsel)
Wayne Stacy (Co-Lead Counsel)
Ann Marie Byers
Eamonn Gardner
David Kellis
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Tel:  720-566-4000
Fax:  720-566-4099

Thomas J. Friel, Jr. (Co-Lead Counsel)
Kyle Chen
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Tel:  415-693-2000
Fax:  415-693-2222

Eric H. Findlay
FINDLAY CRAFT
5760 Old Jacksonville Hwy
Suite 101
Tyler, TX  75703
Tel:  903-534-1100
Fax:  903-534-1137

**Counsel for Defendant Hon Hai Precision Industry Co., Ltd.**

Terry D. Garnett (Lead Counsel)
Vincent K. Yip
John G. Parker
Peter J. Wied
Jay C. Chiu
Carrie Richey
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, Twenty-fifth Floor
Los Angeles, CA 90071-228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Harry ("Gil") L. Gillam, Jr.
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
903-934-8450

**Counsel for Defendants Top Victory Electronics (Taiwan) Co., Ltd., TPV International (USA), Inc., TPV Electronics (Fujian) Co., Ltd., Top Victory Electronics (Fujian) Co., Ltd., and Envision Peripherals, Inc.**

Mark A. Samuels (Lead Counsel)
Brian Berliner
Vision L. Winter
Alan Tse
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Michael L. Myers
O'Melveny & Myers LLP
610 Newport Center Drive
Newport Beach, California 92660-6429
Telephone: (949) 760-9600

Facsimile: (949) 823-6994

Deron Dacus
Ramey Flock
100 East Ferguson, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-3301
Facsimile: (903) 597-2413

## B. STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)

because this action arises under the patent laws of the United States (35 U.S.C. § 1, *et seq.*).

Subject matter and personal jurisdiction are not disputed. That venue is proper is also not

disputed.

## C. NATURE OF ACTION

This is a patent infringement action. Plaintiff Mondis brought this patent infringement

action against Defendants Innolux, Hon Hai, and TPV. Mondis alleges infringement of one or

more of following patents, referred to collectively as the "patent-in-suit" or "asserted patents,"

by one or more of the Defendants: U.S. Patent No. 6,247,090; U.S. Patent No. 6,513,088; U.S.

Patent No. 6,549,970; U.S. Patent No. 7,089,342; U.S. Patent No. 7,475,180; U.S. Patent No.

6,057,812; and U.S. Patent No. 6,639,588.

## D. CONTENTIONS OF THE PARTIES (To Be Read To Jury)[1]

### Mondis's Contentions

This is a patent infringement lawsuit concerning computer monitors and televisions. The

Plaintiff in this case is Mondis Technology Ltd. There are several Defendants in the case. One

---

[1] By providing these contentions, the Parties do not concede that all of these issues are
appropriate for trial or that all of these contentions should be read to the jury. In particular, the
Parties do not waive any of their motions *in limine* or motions for summary judgment, which, if
granted, would render some or all of these issues moot.

group of defendants consists of Top Victory Electronics (Taiwan) Co. Ltd., TPV International

(USA), Inc., TPV Electronics (Fujian) Co., Ltd., and Envision Peripherals.  This group of

Defendants is referred to simply as "TPV."  A second group of Defendants consists of Chimei

Innolux Corp. and Innolux Corporation, which the parties and I will often refer to together as

"Innolux."  The third Defendant is Hon Hai Precision Industry Co., Ltd.

Mondis has alleged that TPV has infringed and continues to infringe four United States

patents that it owns.  These patents are U.S. Patent Nos. 6,247,090; 6,513,088; 7,089,342; and

7,475,180.  More particularly, Mondis contends that TPV has infringed claims 3 and 20 of the

'090 patent, claims 9, 22, and 25 of the '088 patent, claim 15 of the '342 patent, and claim 14 of

the '180 patent.  It is common practice to refer to a patent by its last three digits, such as the '090

patent, the '088 patent, etc.  Collectively, these five patents are referred to as the "'090 Patent

Family" because they have common figures and descriptions.

Mondis has alleged that InnoLux and Hon Hai have also infringed and continue to

infringe five patents in the "090 Patent Family."  More specifically, Mondis alleges that InnoLux

and Hon Hai have infringed claims 3, 15, and 20 of the '090 patent, claims 9 and 25 of the '088

patent, claim 18 of the '970 patent, claim 15 of the '342 patent, and claims 14 and 23 of the '180

patent.

Additionally, Mondis contends that InnoLux and Hon Hai have infringed two additional

United States patents that it owns.  These are U.S. Patent Nos. 6,057,812 and 6,639,588.  In

particular, Mondis alleges that InnoLux and Hon Hai have infringed claims 1 and 11 of the '812

patent, and claim 1 of the 588 patent.    Collectively, these two patents are referred to as the

"'812 Patent Family" because they have common figures and descriptions.

Mondis has also alleged that the Defendants have willfully infringed the asserted patent claims.

Finally, Mondis has alleged that the Defendants owe Mondis damages to compensate Mondis for their infringement.

**Defendants' Contentions**

Defendants contend that they have not infringed, directly or indirectly, any of the asserted claims of the Patents-in-Suit.  Defendants also contend that all of the asserted claims are invalid because they are either anticipated by or rendered obvious by one or more prior art references, or because the claimed inventions were invented by someone other than the named inventors before the alleged invention by the named inventors.

Defendants contend that, even if infringement of the asserted claims of the Patents-in-Suit is found and the claims are found not invalid, Mondis's proposed damages award is excessive and unsupported.

Defendants contend that Mondis does not own the asserted patents or the right to sue under the asserted patents.

TPV contends that it did not receive notice of any alleged infringement for its television products until December 23, 2008, the date of the filing of the lawsuit.  TPV contends that, even if infringement of the asserted claims of the Patents-in-Suit is found and the claims are found not invalid, damages would not begin to accrue until December 23, 2008 because TPV did not have notice of infringement for its television products.

InnoLux contends that any products InnoLux makes for its customer, Hewlett-Packard, Co., are licensed to the Patents-in-Suit, and therefore do not infringe and are not subject to

damages, because Hewlett-Packard has a license to the Patents-in-Suit that allows Hewlett Packard to have products made for it.

InnoLux contends that it did not receive notice of any alleged infringement until at least December 31, 2007, the date of the filing of the lawsuit.  InnoLux contends that, even if infringement of the asserted claims of the Patents-in-Suit is found and the claims are found not invalid, damages would not begin to accrue until December 31, 2007 because InnoLux did not have legally sufficient notice.

Hon Hai also contends that it did not receive notice of any alleged infringement until at least December 31, 2007, the date of the filing of the lawsuit.  Hon Hai contends that, even if infringement of the asserted claims of the Patents-in-Suit is found and the claims are found not invalid, damages would not begin to accrue until December 31, 2007 because Hon Hai did not have legally sufficient notice.

Hon Hai also contends that any products Hon Hai makes for Hewlett-Packard are licensed, and therefore do not infringe and are not subject to damages, because Hewlett-Packard's license agreement to the Patents-in-Suit covers products Hewlett-Packard has made for it.  In addition, Hon Hai contends that any of the products Hon Hai obtained from third-party monitor manufacturers or monitor suppliers that have a license to the patents in suit are not infringing.  Mondis's patent rights against those licensed products are also exhausted.  Therefore, these products do not infringe and are not subject to damages.

Hon Hai and InnoLux also contend that Mondis has engaged in unfair competition and Hon Hai and InnoLux are entitled to any and all relief recoverable for such unfair competition as is allowable under Texas unfair competition law.  Mondis contends that it has not engaged in any unfair competition.

Each of the Defendants denies having willfully infringed the Patents-in-Suit.

## E.   STIPULATIONS AND UNCONTESTED FACTS

### Stipulations

The parties have agreed to the following stipulations:

The parties shall edit out deposition objections and long pauses from designated deposition testimony to be played to the jury.

The parties have agreed to certain motions *in limine* as set forth in D.I. 428.

The parties shall provide copies of trial demonstratives or make trial demonstratives available for inspection no later than 5 p.m. the day before the demonstratives are in good faith expected to be used.

Mondis and TPV stipulate to certain representative products as set forth in D.I. 169 from case No. 2:08-cv-478-TJW.

### Uncontested Facts

1. Mondis is a corporation organized under the laws of England with its principal place of business at 19 Perrins Lane, Hampstead, London NW3 1QY, England.

2. Chimei Innolux Corporation is a Taiwanese corporation having its principal place of business at No. 160 Kesyue Rd., Miaoli County, Taiwan, Republic of China.

3. Innolux Corp. is a company organized under the laws of the State of Texas, with its principal place of business at 2525 Brockton Dr., Austin, Texas.

4. Hon Hai is a Taiwanese company having its principal place of business at 2 Tsu Yu St., Tu-Cheng City, Taiwan, Republic of China.

5. Top Victory Electronics (Taiwan) Co., Ltd. is a corporation organized under the laws of Taiwan, with its principal place of business at 10F, No. 230, Liancheng Road, Zhounghe City, Taipei County, Taiwan.

6. TPV International (USA), Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 3737 Executive Center Drive, Suite 261, Austin, Texas 78731.

7. TPV Electronics (Fujian) Co., Ltd. is a corporation organized under the laws of China, with its principal place of business at Shangzheng Yuanhong Road, Fuqing City, Fujian Province, China.

8. Top Victory Electronics (Fujian) Co., Ltd. is a corporation organized under the laws of China, with its principal place of business at Shangzheng Yuanhong Road, Fuqing City, Fujian Province, China.

9. Envision Peripherals, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 47490 Seabridge Drive, Fremont, California 94538.

10. Qisda Corporation, which was re-named from BenQ Corporation in 2007, remains a party to the 2006 license agreement between Hitachi, Ltd. and BenQ Corporation.

11. U.S. Patent No. 6,247,090 issued on June 12, 2001, with asserted claims 1 and 3.

12. A reexamination certificate for U.S. Patent No. 6,247,090 issued on July 20, 2010, with asserted claims 14, 15, and 20.

13. U.S. Patent No. 6,513,088 issued on January 28, 2003.

14. U.S. Patent No. 6,549,970 issued on April 15, 2003.

15. U.S. Patent No. 7,089,342 issued on August 8, 2006.

16. U.S. Patent No. 7,475,180 issued on January 6, 2009.

17. The asserted claims of U.S. Patent Nos. 6,247,090; 6,513,088; 6,549,970; 7,089,342; and 7,475,180 have a priority date of February 10, 1993, pursuant to 35 U.S.C. § 119 and an effective U.S. filing date of February 3, 1994, pursuant to 35 U.S.C. § 120.

18. U.S. Patent No. 6,057,812 issued on May 2, 2000.

19. A first reexamination certificate for U.S. Patent No. 6,057,812 issued on March 2, 2010.

20. A second reexamination certificate for U.S. Patent No. 6,057,812 issued on December 7, 2010.

21. U.S. Patent No. 6,639,588 issued on October 28, 2003.

22. The asserted claims of U.S. Patent Nos. 6,057,812 and 6,639,588 have a priority date of February 20, 1992, pursuant to 35 U.S.C. § 119 and an effective U.S. filing date of February 2, 1993, pursuant to 35 U.S.C. § 120.

23. Mondis filed suit against InnoLux and Hon Hai on December 31, 2007, asserting U.S. Patent Nos. 6,247,090; 6,513,088; 6,549,970; and U.S. Patent Nos. 6,057,812; and 6,639,588.

24. Mondis filed an amended complaint against InnoLux and Hon Hai on May 14, 2008, asserting 7,089,342.

25. Mondis filed an amended complaint against InnoLux and Hon Hai on March 9, 2009, asserting U.S. Patent No. 7,475,180.

26. Mondis filed suit against TPV on December 23, 2008, asserting U.S. Patent Nos. 6,247,090; 6,513,088; and 7,089,342.

27. Mondis filed an amended complaint against TPV on January 19, 2009, asserting U.S. Patent No. 7,475,180.

28. TPV filed a complaint for declaratory judgment of non-infringement and/or invalidity and unenforceability of U.S. Patent Nos. 6,247,090 and 6,513,088 on December 23, 2003, Case No. 3.03-cv-05792-WHA.

29. Hitachi Ltd. filed counterclaims for infringement of U.S. Patent Nos. 6,247,090 and 6,513,088 against TPV on March 2, 2004 in Case No. 3.03-cv-05792-WHA.

30. TPV and Hitachi filed a Stipulation of Dismissal on November 22, 2004 in which TPV and Hitachi dismissed, with prejudice, all claims and counterclaims in Case No. 3.03-cv-05792-WHA.

31. InnoLux and Hon Hai received a letter on April 1, 2005 that identified the '090, '088, '970 Patents.

32. InnoLux and Hon Hai received notice of the '342 Patent pursuant to 35 U.S.C. § 287(a) on May 7, 2008.

33. InnoLux and Hon Hai received notice of the '180 Patent pursuant to 35 U.S.C. § 287(a) on January 15, 2009.

34. InnoLux and Hon Hai received actual notice of the '812 and '588 Patents pursuant to 35 U.S.C. § 287(a) on December 31, 2007.

## F.   CONTESTED ISSUES OF FACT AND LAW[2]

1. Whether Defendants have directly infringed one or more of the asserted claims.

2. Whether Defendants have induced infringement of one or more of the asserted claims.

3. Whether Defendants have contributed to infringement of one or more of the asserted claims.

---

[2] The issues identified below are made subject to the parties' pending motions and without waiver of objection as to whether the issues have been properly pleaded, disclosed, or whether related evidence is admissible.

4.  Whether any infringement by Defendants has been willful.

5.  Whether Mondis is entitled to damages to compensate for Defendants' alleged infringement (direct, contributory, or inducement) of the asserted claims, and if so, the dollar amount adequate to compensate Mondis for such infringement.

6.  The date of actual notice to TPV and whether Mondis is barred from recovering damages from TPV for the period prior to December 23, 2008 based on an alleged lack of notice of infringement of its television products under 35 U.S.C. § 287.[3]

7.  The date of actual notice to InnoLux and whether Mondis is barred from recovering damages from InnoLux for the period prior to December 31, 2007 based on an alleged lack of notice of infringement under 35 U.S.C. § 287.

8.  The date of actual notice to Hon Hai and whether Mondis is barred from recovering damages from Hon Hai for the period prior to December 31, 2007 based on an alleged lack of notice of infringement under 35 U.S.C. § 287.

9.  Whether Mondis is entitled to enhanced damages (up to three times the amount found or assessed under 35 U.S.C. § 284) to compensate for the allegedly willful nature of Defendants' alleged infringement, and if so, the dollar amount adequate to compensate Mondis for such infringement.

10. Whether Mondis is entitled to an injunction to enjoin any further alleged infringement or a running royalty to compensate it for any continuing infringement.

11. Whether this case is an exceptional case entitling Mondis or the Defendants to an award of attorney fees under 35 U.S.C. § 285.

---

[3] To the extent this language implies that the dates of notice were different for TPV's TV products and TPV's monitor products, Mondis disputes that notice was required for every product.

12. Whether Mondis is entitled to an award of prejudgment interest.

13. Whether Mondis or the Defendants are entitled to costs and, if so, the dollar amount of such costs.

14. Whether one or more of the asserted claims are invalid for failing to satisfy the novelty requirement of 35 U.S.C. § 102.

15. Whether one or more of the asserted claims are invalid for failing to satisfy the nonobviousness requirement of 35 U.S.C. § 103.

16. Whether the doctrines of patent exhaustion, license or equitable estoppel bar the assertion of the asserted patent claims in whole or in part.

17. Whether TPV's equitable estoppel defense provides TPV with an implied license to U.S. Patent Nos. 6,247,090; U.S. Patent No. 6,513,088; U.S. Patent No. 7,089,342; and U.S. Patent No. 7,475,180.

18. Whether Mondis engaged in unfair competition in violation of Texas unfair competition law.

19. Whether Hon Hai and InnoLux are entitled to damages, reasonable attorneys' fees and costs, and other relief to compensate for Mondis's alleged unfair competition, and if so, the dollar amount and the relief adequate to compensate them for Mondis' unfair competition.

20. Whether the asserted claims of U.S. Patent No. 6,247,090; U.S. Patent No. 6,513,088; U.S. Patent No. 6,549,970; U.S. Patent No. 7,089,342; and U.S. Patent No. 7,475,180 are unenforceable due to inequitable conduct.[4]

## G.  LIST OF WITNESSES

---

[4] Mondis believes that Defendants should be limited to the inequitable conduct theories set forth in their pleadings.

13

Mondis' witness list is attached as Exhibit A.

Defendants' witness list is attached as Exhibit B.

The parties have agreed to exchange deposition designations on May 23, 2011. The parties will then exchange deposition designation objections and counter-designations on June 3, 2011, and will exchange objections to those counter-designations on June 8, 2011. The parties will then meet-and-confer regarding deposition designation objections on June 10, 2011, and will promptly thereafter provide the Court with the deposition designations.

**H.     LIST OF EXHIBITS**

The parties have agreed to exchange Exhibit Lists on June 1, 2011, and the parties will exchange objections to these Exhibit Lists on June 6, 2011. The parties will then meet-and-confer regarding Exhibit List objections on June 10, 2011, and will promptly thereafter provide the Court with the Exhibit Lists.

The parties reserve the right to use demonstrative exhibits not included on their respective exhibit lists. To the extent that demonstratives have not been exchanged between the parties, each party reserves the right to object to such demonstrative exhibits.

The parties also reserve the right to use any documents listed on the other party's Exhibit Lists. To the extent the parties have any objections to exhibits in accordance with the above procedures, they ask the court to provide a time prior to jury to selection to hear any such objections.

**I.     LIST OF ANY PENDING MOTIONS**

The following table lists motions that are still pending in Case No. 02:07-cv-565:

| Date | Dkt No | Motion |
|------|--------|--------|
| 2010-12-06 | 247 | MOTION for Partial Summary Judgment by Chimei InnoLux Corporation, Innolux Corp. |
| 2011-4-25 | 380 | Mondis SEALED Motion for Summary Judgment on TPV Equitable Estoppel Defense |

| 2011-4-25 | 383 | Mondis SEALED Motion for Partial Summary Judgment on Laches and Prosecution Laches Defenses |
|---|---|---|
| 2011-4-25 | 384 | Mondis SEALED Motion for Summary Judgment on Unfair Competition Counterclaims |
| 2011-4-25 | 385 | Mondis SEALED Motion Pursuant to Federal Rule of Evidence 702 and Daubert to Preclude Certain Purported Expert Testimony of V. Thomas Rhyne Ph.D and Jake Richter |
| 2011-4-25 | 386 | Mondis Motion for Partial Summary Judgment that VDDP is not Prior Art Under § 102(G)(2) |
| 2011-4-25 | 387 & 388 | Mondis SEALED Motion for Summary Judgment on FAA Common Console |
| 2011-4-25 | 389 & 412 | CMI/INL/HH SEALED Motion to Exclude the Report and Testimony of Stephen P. Magee |
| 2011-4-25 | 390 | Mondis SEALED Motion For Partial Summary Judgment That Certain Documents Relied upon by Dr. Rhyne are Not "Printed Publications" Under 35 U.S.C. §§102(A) or (B) |
| 2011-4-25 | 391 & 392 | Mondis SEALED Motion for Summary Judgment re Monitor Development Activities of James Webb are not Prior Art or Anticipatory Prior Art Under 35 USC §§ 102(A), (B), or (G)(2) |
| 2011-4-25 | 393 | Defendants SEALED Motion for Summary Judgment that the Asserted Claims of the '090 Patent Family are not Valid |
| 2011-4-25 | 394 | Defendants SEALED Motion for Summary Judgment of Noninfringement Regarding Hewlett Packard Licensed Products |
| 2011-4-25 | 395 | TPV SEALED Motion for Stay Pending Arbitration of Hon Hai Computer Monitors Made by TPV |
| 2011-4-25 | 396, 400, 402, 403, 405, 407 | CMI/INL SEALED Motion for Summary Judgment of No Willful Infringement |
| 2011-4-25 | 397 | TPV SEALED Motion to Compel HDMI Related Discovery |
| 2011-4-25 | 398 | Hon Hai SEALED Daubert Motion re Dr. Magee Damages Opinion |
| 2011-4-25 | 399 | Hon Hai SEALED Motion for Summary Judgment re Defenses of License & Patent Exhaustion |
| 2011-4-25 | 401 | TPV SEALED Motion For Summary Judgment of Noninfringement |
| 2011-4-25 | 404 | TPV SEALED Daubert Motion to Exclude Certain Testimony by Plaintiff's Damages Expert Stephen P. Magee |
| 2011-4-25 | 408 | Joint (CMI/INL/HH) SEALED Motion for Partial Summary Judgment on Issues Related to Non-Infringement |
| 2011-4-25 | 409 | Hon Hai's SEALED Motion for Summary Judgment of No Willful Infringement |
| 2011-5-11 | 427 | Plaintiff Mondis Technology Ltd.'s SEALED Motions In Limine |
| 2011-5-11 | 429 | Defendants' SEALED Motions In Limine |

## J.     PROBABLE LENGTH OF TRIAL

Plaintiff's Estimate: 13 hours per side not including opening and closing statements.

Defendants' Estimate: 20 hours per side not including opening and closing statements.

## K.  MANAGEMENT CONFERENCE LIMITATIONS

To be determined following the May 31, 2011 Pretrial Conference.

## L.  CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)     Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2)     With the exception discussed below, Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

(3)     When the parties finalize and submit their Lists of Exhibits, each exhibit:

(a) will be in existence;

(b) will be numbered; and

(c) will have been disclosed and shown to opposing counsel.

Approved as to form and substance:


DATED:  May 24, 2011

Respectfully submitted,

*/s/Jeffrey B. Plies*
Martin J. Black
martin.black@dechert.com
**LEAD ATTORNEY**
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000

Jeffrey B. Plies
jeffrey.plies@dechert.com

Dechert LLP
300 W. 6th Street, Suite 2010
Austin, TX 78701
Telephone: (512) 394-3000
*Attorneys for Plaintiff Mondis Technology Ltd.*

**OF COUNSEL:**

Otis W. Carroll
Texas Bar No. 03895700
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
(903) 561-1600
(903) 581-1071
fedserv@icklaw.com

DATED: May 24, 2011

COOLEY LLP

*/s/ Eamonn Gardner with permission by JBP*

Thomas J. Friel, Jr. (*admitted pro hac vice*)
**Co-Lead Attorney**
California State Bar No. 80065
E-Mail: tfriel@cooley.com
Matthew J. Brigham (*admitted pro hac vice*)
California State Bar No. 191428
E-Mail: mbrigham@cooley.com
Matthew P. Gubiotti (*admitted pro hac vice*)
California State Bar No. 241833
E-Mail: mgubiotti@cooley.com
3000 El Camino Real
Five Palo Alto Square
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

James P. Brogan
**Co-Lead Attorney**
Colorado State Bar No. 32573
E-Mail: jbrogan@cooley.com
Ann Marie Byers
Colorado State Bar No. 38898
E-Mail: abyers@cooley.com
Eamonn Gardner
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021
Telephone: (720) 566-4000
Facsimile: (720) 566-4099

*Attorneys for Defendants CHIMEI INNOLUX*
*CORPORATION and INNOLUX CORPORATION*

DATED: May 24, 2011

Respectfully submitted,

LOCAL COUNSEL:

Harry L. "Gill" Gillam, Jr.
GILLAM & SMITH
303 S. Washington Ave.
Marshall, Texas 75670 Tel. (903) 934-8450
Fax (903) 934-9257

*Attorneys for Defendant*
*HON HAI PRECISION INDUSTRY CO., LTD.*

*/s/Jay C. Chiu with permission by JBP*
Jay C. Chiu

OF COUNSEL:

PAUL, HASTINGS, JANOFSKY & WALKER LLP Vincent K. Yip, Admitted *Pro Hac Vice*
Terry D. Garnett, Admitted *Pro Hac Vice*
Jay C. Chiu, Admitted *Pro Hac Vice*
Katherine F. Murray, Admitted *Pro Hac Vice* Daniel Prince, Admitted *Pro Hac Vice*

515 South Flower Street, 25th Floor Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

*Attorneys for Defendant*
*HON HAI PRECISION INDUSTRY CO., LTD.*

Dated: May 24, 2011                    Respectfully submitted,


                                       */s/Mike Myers with permssion by JBP*
                                       Mark A. Samuels (*Pro Hac Vice*) - *Lead Counsel*
                                       Michael L. Myers (*Pro Hac Vice*)
                                       Brian M. Berliner (*Pro Hac Vice*)
                                       Ryan K. Yagura (*Pro Hac Vice*)
                                       Vision L. Winter (*Pro Hac Vice*)
                                       Nicholas J. Whilt (*Pro Hac Vice*)
                                       O'MELVENY & MYERS LLP
                                       400 South Hope Street
                                       Los Angeles, California 90071-2899
                                       Telephone: (213) 430-6000
                                       Facsimile: (213) 430-6407

                                       Trey Yarbrough
                                       Bar No. 22133500
                                       YARBROUGH ♦ WILCOX, PLLC
                                       100 E. Ferguson St., Ste. 1015
                                       Tyler, Texas 75702
                                       Telephone: (903) 595-3111
                                       Facsimile: (903) 595-0191
                                       E-mail: trey@yw-lawfirm.com


                                       *Attorneys for TPVDefendants*


**It is so ORDERED.**

 SIGNED this  3rd  day of June, 2011.


                        _T. John Ward_____
                        T. JOHN WARD
                        UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel of record who have consented to electronic service as this district requires. Local Rule CV-5(a)(3)(A).

/s/Jeffrey B. Plies
Jeffrey B. Plies

Case 5:12-cv-00630-LHK   Document 2002-1   Filed 09/29/14   Page 23 of 40

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

MONDIS TECHNOLOGY LTD.,

        Plaintiff,

v.

        Civil Case No. 2:07-CV-565-TJW-CE

HON HAI PRECISION INDUSTRY CO., LTD.
a/k/a FOXCONN, CHIMEI INNOLUX CORP.,    **JURY**
and INNOLUX CORPORATION,

        Defendants.

HON HAI PRECISION INDUSTRY CO.,
LTD.,

        Third-Party Plaintiff,

v.

AOC INT'L, LITE-ON TECH. CORP.,
LITE-ON TRADING USA, INC., TATUNG
CO., TPV TECH., LTD., and TPV INT'L
(USA), INC.,

        Third-Party Defendants

## MONDIS TECHNOLOGY'S TRIAL WITNESS LIST

Pursuant to the Court's Agreed Discovery Order and Agreed Docket Control Order, Mondis

Technology, Ltd., ("Mondis") serves this Trial Witness List for identification and categorization

of trial witnesses.  Mondis may call the witnesses identified below live or by deposition.

    At this time, Mondis identifies the following witnesses for trial:

| Witness – Will Call |
| --- |
| Michael Spiro |
| Joseph Lamm |
| Bob Wedig |

| Witness – Will Call |
|---|
| Stephen Magee |
| Cyclist Chen - InnoLux 30(b)(6) |
| Zien (Safin) Hong - InnoLux 30(b)(6) |
| Glen Huang - InnoLux 30(b)(6) |
| Howard Lin - InnoLux 30(b)(6) |
| Alex Lo - InnoLux 30(b)(6) |
| Wender Wang - InnoLux 30(b)(6) |
| Ben Chu - Hon Hai 30(b)(6) |
| Ralph Yang - Hon Hai 30(b)(6) |
| Stanley Yen - Hon Hai 30(b)(6) |
| Derek Liu – Hon Hai 30(b)(6) |

| Witness – May Call |
|---|
| Ron McCabe |
| Dean Hays |
| Duane Judd |
| Melvin Kraus |
| Ikuya Arai |
| Hiroyuki Okutsu |
| Masaichi Aoyagi |
| Takashi Suzuki |
| Charles Hsu |
| Eric Chu |

Mondis reserves the right to call, live or by deposition, witnesses called by defendants in this matter.  Mondis further reserves the right to amend this list in view of witness lists provided by Defendants. To the extent the Court consolidates the 2:07-CV-565 and 2:08-CV-478 matters, Mondis incorporates its witness lists as served in both cases.

DATED:        April 15, 2011

Respectfully submitted,

*/s/Jeffrey B. Plies*
Martin J. Black
martin.black@dechert.com
**LEAD ATTORNEY**
Dechert LLP
Cira Centre

2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000

Jeffrey B. Plies
jeffrey.plies@dechert.com
George W. Webb III
george.webb@dechert.com
Dechert LLP
300 W. 6th Street, Suite 2010
Austin, TX 78701
Telephone: (512) 394-3000
*Attorneys for Plaintiff Mondis Technology Ltd.*

**OF COUNSEL:**

Otis W. Carroll
Texas Bar No. 03895700
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
(903) 561-1600
(903) 581-1071
fedserv@icklaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 15, 2011, a true and correct copy of **Mondis Technology's Trial Witness List** was served via e-mail on the following recipients.

*/s/ Jeffrey B. Plies*
Jeffrey B. Plies

*Counsel for Defendants Innolux Corp. and Chimei Innolux Corporation:*

Thomas J. Friel, Jr.
Cooley Godward Kronish LLP - San Francisco
101 California Street
5th Floor
San Francisco, Ca 94111-5800
Email: Innolux@cooley.com

Ann Marie Byers
James Patrick Brogan
Cooley Godward Kronish LLP - Colorado
380 Interlocken Crescent
Suite 900
Broomfield, CO 80021
Email: Innolux@cooley.com

Eric Hugh Findlay
Findlay Craft
6760 Old Jacksonville Hwy
Ste 101
Tyler, TX 75703
Email: efindlay@findlaycraft.com

*Counsel for Defendants Hon Hai Precision Industry Co., Ltd.:*

Vincent K Yip
Terrence D Garnett
Jay C. Chiu
Daniel Prince
Paul Hastings Janofsky & Walker - Los Angeles
515 S Flower Street
25th Floor
Los Angeles, CA 90071-2228
Email: vincentyip@paulhastings.com
      terrygarnett@paulhastings.com
      jaychiu@paulhastings.com
      danielprince@paulhastings.com

5

*Counsel for Third-Party Defendants TPV Tech, Ltd. and TPV International (USA)*
*Incorporated:*

Alan Tse
Brian Berliner
Gloria Borges
Mark A Samuels
Nicholas J Whilt
Vision L. Winter
O'Melveny & Myers - LA
400 South Hope Street
Los Angeles, Ca 90071-2899
213/430-8036
Fax: 213/430-6407
Email: atse@omm.com
       bberliner@omm.com
       gborges@omm.com
       msamuels@omm.com
       nwhilt@omm.com
       vwinter@omm.com

Michael L Myers
O'Melveny & Myers LLP - Newport Beach, CA
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
949/760-9600
Fax: 949/823-6994
Email: mmyers@omm.com

Jennifer Parker Ainsworth
WILSON ROBERTSON & CORNELIUS PC
909 ESE Loop 323, Suite 400
P.O. Box 7339
Tyler, TX 75711-7339
(903) 509-5000 (Main)
(903) 509-5092 (Fax)
jainsworth@wilsonlawfirm.com

*Counsel for Third-Party Defendant Tatung Company:*

Mark C. Howland
Guoping Da
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100
mchowland@jonesday.com
gda@jonesday.com

Ya-Chiao Chang
JONES DAY
8th Floor
2 Tun Hwa South Road, Section 2
Taipei, 106 Taiwan
Telephone: 011-886-2-7712-3233
Facsimile: 011-886-2-2704-6791
ychang@jonesday.com

14070778.1.LITIGATION

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| MONDIS TECHNOLOGY LTD., | : | |
| | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Case No. 2:08-CV-478 |
| | : | |
| TOP VICTORY ELECTRONICS (TAIWAN) CO. | : | |
| LTD., TPV INT'L (USA), INC., ENVISION | : | |
| PERIPHERALS, INC., TOP VICTORY | : | |
| ELECTRONICS (FUJIAN) CO., LTD., TPV | : | |
| ELECTRONICS (FUJIAN) CO. LTD., AOC | : | JURY |
| INTERNATIONAL, and TPV TECHNOLOGY | : | |
| LTD., | : | |
| | : | |
| Defendants | : | |

## MONDIS TECHNOLOGY'S TRIAL WITNESS LIST

Pursuant to the Court's Agreed Discovery Order and Agreed Docket Control Order,

Mondis Technology, Ltd., ("Mondis") serves this Trial Witness List for identification and

categorization of trial witnesses. Mondis may call the witnesses identified below live or by

deposition.

At this time, Mondis identifies the following witnesses for trial:

| Witness – Will Call |
|---|
| Michael Spiro |
| Joseph Lamm |
| Stephen Magee |
| Shao Ching (aka Spencer Lu) – TPV 30(b)(6) |
| Lynn Gui – TPV 30(b)(6) |
| Kun Fu "Terry" Wu – TPV 30(b)(6) |

| Witness – May Call |
|---|
| Ron McCabe |
| Dean Hays |
| Duane Judd |
| Melvin Kraus |
| Ikuya Arai |
| Hiroyuki Okutsu |
| Masaichi Aoyagi |
| Takashi Suzuki |

Mondis reserves the right to call, live or by deposition, witnesses called by defendants in this matter. Mondis further reserves the right to amend this list in view of witness lists provided by Defendants. To the extent the Court consolidates the 2:07-CV-565 and 2:08-CV-478 matters, Mondis incorporates its witness lists as served in both cases.

DATED:        April 15, 2011

Respectfully submitted,

/s/  *Jeffrey B. Plies*

Jeffrey B. Plies
jeff.plies@dechert.com
Gretchen S. Sween
gretchen.sween@dechert.com
Dechert LLP
300 W. 6th Street, Suite 2010
Austin, TX 78701
Telephone: (512) 394-3000

Martin J. Black
martin.black@dechert.com
**LEAD ATTORNEY**
Robert D. Rhoad
robert.rhoad@dechert.com
Dechert LLP
Cira Centre

2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000

*Attorneys for Plaintiff Mondis Technology Ltd.*

**OF COUNSEL:**

Otis W. Carroll
Texas Bar No. 03895700
Wesley Hill
Texas Bar No. 24032294
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
(903) 561-1600
(903) 581-1071
fedserv@icklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2011, a true and correct copy of **Mondis Technology's Trial Witness List** was served via e-mail on the following recipients.

      */s/ Jeffrey B. Plies*
      Jeffrey B. Plies

*Counsel for Defendants:*

| | |
|---|---|
| Mark A Samuels<br>Brian Berliner<br>Nicholas J Whilt<br>Vision L Winter<br>Ryan K Yagura<br>O'Melveny & Myers - LA<br>400 South Hope Street<br>Los Angeles, Ca 90071-2899<br>213/430-7503<br>213/430-6407 (fax)<br>e-mail:<br>    msamuels@omm.com<br>    bberliner@omm.com<br>    nwhilt@omm.com<br>    vwinter@omm.com<br>    ryagura@omm.com | Herbert A Yarbrough, III<br>Yarbrough & Wilcox, PLLC<br>100 E Ferguson<br>Suite 1015<br>Tyler, TX  75702<br>903/595-3111<br>19035950191 (fax)<br>e-mail:<br>    trey@yw-lawfirm.com |

14072005

Case 5:18-cv-00630-LJK   Document 2008-1   Filed 09/29/11   Page 32 of 40

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| MONDIS TECHNOLOGY LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>HON HAI PRECISION INDUSTRY CO., LTD.<br>a/k/a FOXCONN, CHIMEI INNOLUX CORP.,<br>and INNOLUX CORPORATION<br><br>    Defendants,<br><br>HON HAI PRECISION INDUSTRY CO., LTD.<br><br><br>    Third Party Plaintiff,<br><br>LITE-ON TRADING USA, INC., TPV TECH.,<br>LTD., and TPV INT'L (USA), INC.<br><br>    Third Party Defendants. | Case No. 2:07-CV-565 (TJW-CE)<br><br><u>Consolidated with</u><br><br>Case No. 2:08-CV-478 (TJW)<br><br>**Jury Trial Demanded** |
| MONDIS TECHNOLOGY, LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>TOP VICTORY ELECTRONICS (TAIWAN)<br>CO., LTD., ET AL.,<br><br>    Defendants. | |

## <u>DEFENDANTS' AMENDED TRIAL WITNESS LIST</u>

   Pursuant to the Court's Agreed Discovery Order and Agreed Docket Control Order,

Defendants Chimei Innolux Corp., Innolux Corp., Top Victory Electronics (Taiwan) Co., Ltd.,

TPV International (USA), Inc., TPV Electronics (Fujian) Co., Ltd., Top Victory Electronics

(Fujian) Co., Ltd., Envision Peripherals, Inc. and Hon Hai Precision Industry Co., Ltd  hereby

submit their joint witness list pursuant to the Docket Control Order (D.I. 289) for identification

and categorization of trial witnesses. Defendants may call the witnesses identified below live or by deposition.

## I. CHIMEI INNOLUX CORP.'S and INNOLUX CORP.'S WITNESSES

| WITNESS | DESIGNATION | |
| --- | --- | --- |
| | WILL CALL | MAY CALL |
| Katherine Liang | | X |
| Howard Lin | X | |
| Charles Hsu | | X |
| Eric Chu | | X |
| Wender Wang | X | |
| Cyclist Chen | X | |

## II. TOP VICTORY ELECTRONICS (TAIWAN) CO., LTD., TPV INTERNATIONAL (USA), INC., TPV ELECTRONICS (FUJIAN) CO., LTD., TOP VICTORY ELECTRONICS (FUJIAN) CO., LTD., AND ENVISION PERIPHERALS, INC.'S WITNESSES

| WITNESS | DESIGNATION | |
| --- | --- | --- |
| | WILL CALL | MAY CALL |
| Lynn Gui | | X |
| Shao Chin (aka Spancer Lu) | | X |
| Kun Fu Wu (aka Terry Wu) | | X |
| Mondy Huang | | X |
| Lawrence Liu | | X |
| Sofie Chin | | X |

## III. HON HAI PRECISION INDUSTRY CO., LTD.'S WITNESSES

**A.** Party Witness – Hon Hai Precision Industry Co., Ltd.

| WITNESS | DESIGNATION | |
|---|---|---|
| | WILL CALL | MAY CALL |
| Ralph Yang | X | |
| Ben Chu | X | |
| Stanley Yen | | X |
| Derek Liu | | X |
| Samuel Fu | | X |

**B.** Third Party Witnesses

| WITNESS | DESIGNATION | |
|---|---|---|
| | WILL CALL | MAY CALL |
| David Lee | | X |
| Lynn Gui | | X |
| Wistron's corporate representative and/or Wistron subsidiary's corporate representative | | X |
| Lite-on's corporate representative and/or Lite-on subsidiary's corporate representative | | X |
| Proview's corporate representative and/or Proview subsidiary's corporate representative | | X |

## IV.  WITNESSES COMMON TO ALL DEFENDANTS

A.  Party Witness – Mondis Technology Ltd.

| WITNESS | DESIGNATION | |
|---|---|---|
| | WILL CALL | MAY CALL |
| Michael Spiro | | X |
| Philip Cardman | | X |

B.  Third Party Witnesses

| WITNESS | DESIGNATION | |
|---|---|---|
| | WILL CALL | MAY CALL |
| James Webb | X | |
| David Lesh | X | |
| Anders Frisk | X | |
| Richard Atanus | | X |
| Ikuya Arai | | X |
| Thinh Tran | | X |
| David Eccles | X | |
| Ancile Malden | X | |
| Melvin Kraus | | X |
| Takashi Suzuki | | X |
| Hiroyuki Okutsu | | X |
| Masaichi Aoyagi | | X |
| Clement Lo | X | |

Case 5:18-cv-09630-JJK   Document 20026-0   Filed 09/29/14   Page 37 of 40

| WITNESS | DESIGNATION | |
| --- | --- | --- |
| | **WILL CALL** | **MAY CALL** |
| Dick Cappels | | |

**C.**     Experts

| WITNESS | DESIGNATION | |
| --- | --- | --- |
| | **WILL CALL** | **MAY CALL** |
| V. Thomas Rhyne | X | |
| Jake Richter | | X |
| Richard L. Donaldson | X | |
| E. Deborah Jay | | X |
| Anthony Wechselberger | X | |
| Phil Green | X | |
| Aris Silzars | X | |
| Quentin Mimms | X | |

Each defendant reserves the right to call, live or by deposition, witnesses called by plaintiff Mondis as well as other defendants in this matter.  Defendants further reserve the right to amend this list.

Dated:  May 20, 2011                Respectfully submitted,

                              */s/ James P. Brogan*
                              James P. Brogan
                              Ann Marie Byers
                              Eamonn Gardner
                              David Kellis
                              COOLEY LLP
                              380 Interlocken Crescent, Suite 900
                              Broomfield, CO 80021-8023
                              E-Mail:  jbrogan@cooley.com
                              E-Mail:  abyers@cooley.com
                              E-Mail:  egardner@cooley.com
                              E-Mail:  dkellis@cooley.com
                              Tel:  720-566-4000
                              Fax: 720-566-4099

                              Thomas J. Friel, Jr.
                              COOLEY LLP
                              101 California Street, 5th Floor
                              San Francisco, CA  94111-5800
                              E-Mail:  tfriel@cooley.com
                              Tel:  415-693-2000
                              Fax:  415-693-2222

                              Eric H. Findlay
                              FINDLAY CRAFT
                              5760 Old Jacksonville Hwy
                              Suite 101
                              Tyler, TX  75703
                              E-Mail:  efindlay@findlaycraft.com
                              Tel:  903-534-1100
                              Fax:  903-534-1137

                              Attorneys For Defendants
                              CHIMEI INNOLUX CORPORATION AND
                              INNOLUX CORPORATION


Dated:  May 20, 2011                 Respectfully submitted,

                              */s/ Vision Winter (with permission)*
                              Mark A. Samuels (*Pro Hac Vice*) - *Lead Counsel*
                              Brian M. Berliner (*Pro Hac Vice*)
                              Ryan K. Yagura (*Pro Hac Vice*)
                              Vision L. Winter (*Pro Hac Vice*)

Nicholas J. Whilt (*Pro Hac Vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Trey Yarbrough
Bar No. 22133500
YARBROUGH WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Telephone: (903) 595-3111
Facsimile: (903) 595-0191
E-mail: trey@yw-lawfirm.com

Attorneys for Defendants
TOP VICTORY ELECTRONICS (TAIWAN) CO.
LTD., TPV INTERNATIONAL (USA), INC., TPV
ELECTRONICS (FUJIAN) CO., LTD., TOP
VICTORY ELECTRONICS (FUJIAN) CO., LTD.
AND ENVISION PERIPHERALS, INC.

DATED:  April 22, 2011                    Respectfully submitted,


*/s/ Terry D. Garnett, (with permission)*
Vincent K. Yip, Admitted *Pro Hac Vice*
Peter J. Wied, Admitted *Pro Hac Vice*
Jay C. Chiu, Admitted *Pro Hac Vice*
Katherine F. Murray, Admitted *Pro Hac Vice*
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Harry L. "Gil" Gillam, Jr.
GILLAM & SMITH
303 S. Washington Ave.
Marshall, Texas 75670
Tel. (903) 934-8450
Fax  (903) 934-9257

Attorneys for Defendant
HON HAI PRECISION INDUSTRY CO., LTD.

- 7 -

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document served on all counsel who are deemed to have consented to electronic service.

Dated: May 20, 2011

         _/s/ James P. Brogan_
         COOLEY LLP

355444 v2/CO