# Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| CREATIVE INTERNET ADVERTISING CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:07cv354 |
| YAHOO! INC., ET AL., | § § § | |
| Defendants. | § | |

## JOINT PRE-TRIAL ORDER

This cause came before the Court at a pre-trial management conference held on April 16, 2009 pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

  **A.**  **COUNSEL FOR THE PARTIES**

<u>Attorneys for Plaintiff Creative Internet Advertising Corporation</u>

Anthony G. Simon
Timothy E. Grochocinski
THE SIMON LAW FIRM, PC
701 Market Street, Suite 1450
St. Louis, MO 63101
Telephone: (314) 241-2929
Facsimile:   (314) 241-2029
E-mail: asimon@simonpassanante.com
E-mail: teg@simonpassanante.com

Eric M. Albritton
Craig Taddlock
ALBRITTON LAW FIRM
P. O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile:   (903) 758-7397
E-mail: Ema@emafirm.com

1

Thomas John Ward, Jr.
WARD & SMITH LAW FIRM
P. O. Box 1231
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
E-mail: jw@jwfirm.com

Attorneys for Defendant Yahoo! Inc.

Henry C. Bunsow
California State Bar No. 60707
Brian A.E. Smith
California State Bar No. 188147
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999
E-mail: bunsowh@howrey.com
E-mail: smithbrian@howrey.com

Jason White
HOWREY LLP
321 North Clark Street, Suite 3400
Chicago Illinois
Telephone: (312) 595-1239
Facsimile: (312) 595-2250
E-mail: whitej@howrey.com

Otis W. Carroll
Texas State Bar No. 03895700
Deborah J. Race
Texas State Bar No. 16448700
IRELAND CARROLL AND KELLEY, P.C.
6101 South Broadway, Suite 500,
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 561-1071
E-mail: otiscarroll@icklaw.com
E-mail: deborah@icklaw.com

### B.   STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and § 1338 because this action arises under the patent laws of the United States, including 35 U.S.SC. § 271 *et seq*.  The Court has personal jurisdiction over defendant. Jurisdiction is not disputed.

### C.   NATURE OF ACTION

This is a patent infringement case wherein the Plaintiff Creative Internet Advertising Corporation ("CIAC") has asserted that defendant Yahoo! Inc.'s ("Yahoo!") product Yahoo Messenger infringes claim 45 of United States Patent No. 6,205,432 ("the '432 patent").  CIAC seeks damages that it alleges to have sustained as a result of Yahoo's alleged acts of infringement.  Yahoo! denies that it infringes claim 45 of the '432 patent.  Yahoo! further alleges that claim 45 of the '432 patent is invalid.  Yahoo! further alleges that CIAC's claims for relief are barred in whole or in part by the equitable doctrines of laches and/or estoppel.  Yahoo! further denies CIAC's allegations of willful infringement and denies and disputes CIAC's claim for damages.

### D.   CONTENTIONS OF THE PARTIES

Plaintiff's contentions:

The Plaintiff, CIAC, alleges that the Defendant, Yahoo! infringes claim 45 of the '432 patent.  CIAC contends that Yahoo! infringes claim 45 in connection with its manufacturing and use of the Yahoo Messenger program, either by direct infringement or by indirect infringement (that is, by inducing infringement or contributorily infringing).  CIAC contends that claim 45 of the '432 patent is valid and that CIAC's claims for relief are not barred, in whole or in part, by the equitable doctrines of laches or estoppel.  CIAC seeks damages in the form of a reasonable royalty to compensate it for Yahoo!'s infringement.  CIAC also contends that such infringement has been willful and seeks enhanced damages and attorney's fees.

Defendant's contentions:

Defendant Yahoo!'s contentions in this case are detailed in Yahoo!'s Answer, Affirmative Defenses, and Counterclaims to Plaintiff's First Amended Complaint, and Yahoo!'s Amended Invalidity Contentions both of which are incorporated herein by reference. In sum, defendant Yahoo! contends the following:

1. Yahoo! contends that the Yahoo Messenger product does not infringe claim 45 of the '432 patent. Yahoo! contends that CIAC has no claim for contributory infringement or inducing infringement in this case.

2. Yahoo! contends that claim 45 of the '432 patent is invalid under 35 U.S.C. § 102 for being anticipated by the prior art identified in Yahoo!'s Amended Invalidity Contentions.

3. Yahoo! contends that claim 45 of the '432 patent is invalid under 35 U.S.C. § 103 as obvious by the prior art identified in Yahoo!'s Amended Invalidity Contentions.

4. Yahoo! contends that claim 45 of the '432 patent is invalid as lacking written description under 35 U.S.C. § 112 ¶ 1.

5. Yahoo! contends that claim 45 of the '432 patent is invalid for failure to meet the enablement requirements of 35 U.S.C. § 112 ¶ 1.

6. Yahoo! contends that claim 45 of the '432 patent is invalid under 35 U.S.C. § 112 ¶2 because the claim is not sufficiently definite, that is, it does not set forth the claimed invention with sufficient particularity and distinctness.

7. Yahoo! contends that CIAC's claims for relief are barred in whole or in part by the equitable doctrines of laches and/or estoppel.

8. Yahoo! denies CIAC's allegations of willful infringement.

9. Yahoo! contends that CIAC is not entitled to any relief in this case.

10. Yahoo! contends that this is an "exceptional case" as defined in the patent statutes, that CIAC should not have brought or pursued this case, and that as a result

Yahoo! is entitled to recover its costs and attorney fees incurred in defending against CIAC's claim of infringement.

### E.   STIPULATIONS AND UNCONTESTED FACTS

1. Jurisdiction is proper in this Court.

2. Venue is proper in the Untied States District Court for the Eastern District of Texas, Tyler Division.

3. Plaintiff CIAC is a Delaware corporation and is located in Newport Beach, California.

4. Defendant Yahoo! is a Delaware corporation with its principal office in Sunnyvale, California.

5. The parties shall exchange demonstrative exhibits that may be used during opening statements or direct examination by 7 p.m. CST of the day before the demonstrative will be presented or used. Animated and "still" demonstratives shall be provided in electronic format, viewable on a personal computer. A demonstrative exhibit is something that is generated specifically for trial and does not include trial exhibits, call outs of trial exhibits, or slides only with words and/or numbers on them.

### F.   CONTESTED ISSUES OF FACT AND LAW

Plaintiff's contested issues of fact and law:

1. Does the Yahoo Messenger program infringe claim 45 of the '432 patent, either literally or under the doctrine of equivalents?

2. Is claim 45 of the '432 patent invalid?

3. After receiving notice of the '432 patent, did Yahoo! proceed with the activities that are accused of infringement in reckless disregard of whether any of the claims of the '432 patent were infringed?

4. Did Yahoo! willfully infringe the '432 patent?

5. What sum of money would compensate CIAC for Yahoo!'s infringement of the '432 patent?

6. Is CIAC entitled to increased damages and attorney's fees?

<u>Defendant's contested issues of fact</u>:

Yahoo! believes that its three motions for summary judgment should be granted. In the event the motions are denied, the following are Yahoo!'s contested issues of facts.

1. Whether CIAC has proved by a preponderance of the evidence that Yahoo! infringes claim 45 of the '432 patent.

2. Whether claim 45 of the '432 patent is anticipated by the prior art identified in Yahoo!'s Amended Invalidity Contentions.

3. Whether claim 45 of the '432 patent is made obvious by the prior art identified in Yahoo!'s Amended Invalidity Contentions.

4. Whether claim 45 of the '432 patent sets forth the claimed invention with sufficient particularity and distinctness.

5. Whether claim 45 of the '432 patent discloses information sufficient for the ordinary skilled person to make and use the full scope of the claimed invention without undue experimentation.

6. Whether CIAC had a good faith belief that Yahoo! infringed any valid claim of the '432 patent when this case was filed.

7. Whether CIAC maintained this case in good faith after learning that Yahoo! did not infringe any valid claim of the '432 patent.

8. Whether CIAC maintained its damage claim in this case, claiming a 20% "reasonable royalty" rate, in good faith.

9. The amount of Yahoo!'s attorney fees incurred in defending against CIAC's improper claims of infringement.

Defendant's contested issues of law:

1. Whether claim 45 of the '432 patent is invalid under 35 USC 103 and the United States Supreme Court decision in <u>KSR.</u>

2. Whether CIAC's claims for relief are barred in whole or in part by the equitable doctrines of laches and/or estoppel.

3. Whether CIAC had a good faith belief that Yahoo! infringed any valid claim of the '432 patent when this case was filed.

4. Whether CIAC maintained this case in good faith after learning that Yahoo! did not infringe any valid claim of the '432 patent.

5. Whether CIAC maintained its damage claim in this case, claiming a 20% "reasonable royalty" rate, in good faith.

### G. LIST OF WITNESSES

Trial witnesses and rebuttal witnesses were identified on February 9, 2009 and February 19, 2009 respectively by both parties. Witness lists will also be provided on March 12, 2009 – the date for pre-trial disclosures in the Docket Control Order.

### H. LIST OF EXHIBITS

Exhibit lists will be provided by both parties on March 12, 2009 – the date for pre-trial disclosures in the Docket Control Order.

### I. LIST OF ANY PENDING MOTIONS

1. Yahoo!'s Motion for Summary Judgment of Invalidity.

2. Yahoo!'s Motion for Summary Judgment Barring Pre-Suit Damages Based on Laches.

3. Yahoo!'s Motion for Summary Judgment Barring Enhanced Damages Based on No Willful Infringement.

4. In addition, both parties' motions *in limine* are to be filed on April 13, 2009 pursuant to the Docket Control Order.

7

### J. PROBABLE LENGTH OF TRIAL

CIAC proposes 10 hours per side, excluding opening, closing and voir dire.

Yahoo! proposes 18 hours per side, excluding opening, closing and voir dire. Yahoo! requests that the Judicial Council video on patents be played to the jury before opening statements.

### K. MANAGEMENT CONFERENCE LIMITATIONS

The parties will confer concerning additional limitations and propose them in advance of the pre-trial conference.

### L. PROPOSED JURY INSTRUCTIONS

CIAC's proposed jury instructions are attached hereto as Exhibit 1. Yahoo's proposed jury instructions are attached hereto as Exhibit 2. CIAC objects to Yahoo's proposed jury instructions on the basis that they do not conform to the current law and do not conform to the citations identified, in addition to other objections. Yahoo objects to CIAC's proposed jury instructions on the basis that they do not conform to the current law and do not conform to the citations identified, in addition to other objections. Both parties intend to continue to work together to try to reach agreement on the proposed jury instructions.

### L. CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

8

(3) Except as otherwise agreed or ordered, counsel for each party will provide the following certification when their respective exhibit lists are filed: Each exhibit (excluding demonstratives) in the list of exhibits:

    (a) is in existence; and

    (b) is numbered; and

    (c) has been disclosed and shown to opposing counsel

Approved as to form and substance:

Dated: March 6, 2009                                Dated: March 6, 2009


By: _/s/ Timothy E. Grochocinski_                   By: _/s/ Henry C. Bunsow (*with consent*)_
Timothy E. Grochocinski                             Henry C. Bunsow
Anthony G. Simon                                    California State Bar No. 60707
THE SIMON LAW FIRM, PC                              Brian A.E. Smith
701 Market Street, Suite 1450                       California State Bar No. 188147
St. Louis, MO 63101                                 HOWREY LLP
Telephone: (314) 241-2929                           525 Market Street, Suite 3600
Facsimile: (314) 241-2029                           San Francisco, California 94105
E-mail: teg@simonpassanante.com                     Telephone: (415) 848-4900
E-mail: asimon@simonpassanante.com                  Facsimile: (415) 848-4999
                                                    E-mail: bunsowh@howrey.com
                                                    E-mail: smithbrian@howrey.com

Eric M. Albritton
Craig Taddlock                                      Jason C. White
ALBRITTON LAW FIRM                                  HOWREY LLP
P. O. Box 2649                                      321 North Clark Street, Suite 3400
Longview, Texas 75606                               Chicago Illinois 60654
Telephone: (903) 757-8449                           Telephone: (312) 595-1239
Facsimile: (903) 758-7397                           Facsimile: (312) 595-2250
E-mail: Ema@emafirm.com                             E-mail: whitej@howrey.com

Thomas John Ward, Jr.                               Otis W. Carroll
WARD & SMITH LAW FIRM                               Texas State Bar No. 03895700
P. O. Box 1231                                      Deborah J. Race
Longview, Texas 75606                               Texas State Bar No. 16448700
Telephone: (903) 757-6400                           IRELAND CARROLL AND KELLEY,
Facsimile: (903) 757-2323                           P.C.
E-mail: jw@jwfirm.com                               6101 South Broadway, Suite 500,
                                                    P.O. Box 7879
                                                    Tyler, Texas 75711
Attorneys for PLAINTIFF CREATIVE                    Telephone: (903) 561-1600
INTERNET ADVERTISING                                Facsimile: (903) 561-1071
CORPORATION                                         E-mail: otiscarroll@icklaw.com
                                                    E-mail: deborah@icklaw.com

                                                    Attorneys for DEFENDANT YAHOO!
                                                    INC.

10

This Joint Pre-Trial Order is hereby approved this _____ day of _____ 2009.

_____
The Honorable John D. Love
United States District Judge

11