# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PAICE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, a Japanese Corporation, TOYOTA MOTOR NORTH AMERICA, INC., and TOYOTA MOTOR SALES, U.S.A., INC.,<br><br>    Defendants. | Case No.: 2-04CV-211 (DF) |

## JOINT FINAL PRE-TRIAL ORDER

This cause came before the Court at a pre-trial management conference held at 10:00 a.m. on October 4, 2005, pursuant to Local Rule CV-16 and Fed. R. Civ. P. 16.

**I.    COUNSEL FOR THE PARTIES**

Attorneys for Plaintiff
PAICE LLC

Attorneys for Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., and Toyota Motor Sales, U.S.A., Inc.

Samuel F. Baxter (Bar No. 01938000)
McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
(214) 978-4000 (phone)

Nicholas H. Patton (Bar No. 01938000)
PATTON, TIDWELL & SCHROEDER, L.L.P.
4605 Texas Blvd. – P.O. Box 5398
Texarkana, TX 75503
(903) 792-7080 (phone)

Ruffin B. Cordell (Bar No. 04820550)
Ahmed J. Davis
Peter J. Sawert
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, DC 20005
(202) 783-5070 (phone)

George E. Badenoch
John Flock
Thomas Makin
KENYON & KENYON
One Broadway
New York, NY 10004-1050
(212) 425-7200 (phone)

Robert E. Hillman
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110
(617) 542-5070 (phone)
(617) 542-8906 (facsimile)

Jeffrey Gerchick
1500 K Street, N.W.
KENYON & KENYON
Washington, DC
(202) 220-4200 (phone)

## II. STATEMENT OF JURISDICTION

This is a patent infringement case. Jurisdiction is based on 28 U. S. C. §§ 1331 and 1338(a). Jurisdiction is not disputed.

## III. NATURE OF ACTION

This is a patent infringement case wherein plaintiff PAICE LLC ("PAICE") contends that the Toyota defendants have knowingly and willfully infringed PAICE's patents by making, using, offering for sale, and/or selling hybrid electric vehicles in violation of 35 U.S.C. § 271. Toyota denies infringement and contends that the patents are invalid under 35 U.S.C. §§ 102, 103.

## IV. CONTENTIONS OF THE PARTIES

### A. PAICE's Contentions

1. PAICE contends that Toyota is willfully infringing United States Patent No. 5,343,970 by using, offering for sale and selling its Prius, Highlander hybrid SUV, and RX400h SUV vehicles, which are the same or equivalent to the corresponding elements in claims 7, 8, 11, and 39 of PAICE's '970 patent.

2. PAICE contends that Toyota is willfully infringing United States Patent No. 6,209,672 by using, offering for sale and selling its Prius, Highlander hybrid SUV, and RX400h SUV vehicles, which are the same or equivalent to the corresponding elements in claims 15, 16, and 26 of PAICE's '672 patent.

3. PAICE contends that Toyota is willfully infringing United States Patent No. 6,554,088 by using, offering for sale and selling its Prius, Highlander hybrid SUV, and RX400h SUV vehicles, which are the same or equivalent to the corresponding elements in claims 1-3 of PAICE's '088 patent.

4. PAICE contends that it has been damaged by Toyota's conduct and seeks a permanent injunction and monetary damages in the form of a reasonable royalty. PAICE also contends that Toyota's infringement is willful, and seeks damages in the amount three times the amount of PAICE's actual damages pursuant to 35 U.S.C. § 284. PAICE also requests that the Court declare this an exceptional case pursuant to 35 U.S.C. § 285 and award PAICE attorneys' fees.

5. PAICE contends that it is entitled to a reasonable royalty for Toyota's infringement, to a permanent injunction prohibiting Toyota from continued infringement of the asserted patents, and to reasonable attorneys fees.

6. PAICE denies that any of the '970, the '672, or the '088 patents is invalid.

### B. Toyota's Contentions

1. Toyota contends that no accused vehicle—i.e., the 2004 Model Year Toyota Prius, the 2006 Model Year Toyota Highlander Hybrid, or the 2006 Model Year Lexus RX400h—infringes any asserted claim of U.S. Patent No. 5,343,970 either literally or under the doctrine of equivalents.

2. Toyota contends that no accused vehicle—i.e., the 2004 Model Year Toyota Prius, the 2006 Model Year Toyota Highlander Hybrid, or the 2006 Model Year Lexus RX400h—infringes any asserted claim of U.S. Patent No. 6,209,672 either literally or under the doctrine of equivalents.

3. Toyota contends that no accused vehicle—i.e., the 2004 Model Year Toyota Prius, the 2006 Model Year Toyota Highlander Hybrid, or the 2006 Model Year Lexus RX400h—infringes any asserted claim of U.S. Patent No. 6,554,088 either literally or under the doctrine of equivalents.

4. Toyota contends that, even if there were infringement, which there is not, Toyota did not willfully infringe any asserted claim of the '970, '672 or '088 patent.

5. Toyota contends that each of the asserted claims of the '970, '672 and '088 patents are invalid as either anticipated or obvious in view of the prior art.

6. Toyota contends that, even if there were infringement of a valid claim, which there is not, Paice is not entitled to the monetary relief that it seeks and is not entitled to a permanent injunction preventing Toyota from selling the accused vehicles in the United States. Toyota also contends that Paice is not entitled to enhanced damages under 35 U.S.C. § 284, and that this is not an exceptional case pursuant to 35 U.S.C. § 285.

## V. STIPULATED AND UNCONTESTED FACTS

1. Paice owns all right, title, and interest in each of United States Patent Nos. 5,343,970, 6,209,672, and 6,554,088.

2. Toyota has imported into the United States, used, offered for sale, and sold each of the 2004 Model Year Toyota Prius (and later), the 2006 Model Year Toyota Highlander Hybrid, or the 2006 Model Year Lexus RX400h (hereinafter "the accused vehicles").

3. United States Patent No. 5,343,970 was filed September 21, 1992 and granted September 6, 1994; United States Patent No. 6,209,672 has priority based upon a provisional application filed September 14, 1998 and was granted April 3, 2001; the asserted claims of United States Patent No. 6,554,088 have priority based upon a provisional application filed September 14, 1998 and was granted April 29, 2003.

4. Each document created by a party (and photocopies thereof) and produced from said party's files are stipulated to be authentic under the Federal Rules of Civil Procedure.

5. Toyota had actual notice of the '970 patent no later than May 25, 2001.

6. Toyota had actual notice of the '672 patent no later than May 25, 2001.

7. Toyota had actual notice of the '088 patent no later than June 2003.

8. Each of the asserted claims of the '672 and '088 patents is entitled to the priority date of September 14, 1998.

9. The '672 and '088 patents are based on the same provisional patent application and share the same written description for purposes of the asserted claims.

10. PAICE has not licensed any of the '970, '672 or '088 patents.

11. PAICE has not sold a hybrid vehicle or components of a hybrid vehicle.

## VI. CONTESTED ISSUES OF FACT AND LAW

### A. PAICE's Contested Issues of Fact And Law

1. Whether the Toyota's THS-II system used in the new Toyota Prius, the Toyota Highlander hybrid SUV, and the Lexus RX400h SUV literally or equivalently infringes the '970 patent.

2. Whether the Toyota's THS-II system used in the new Toyota Prius, the Toyota Highlander hybrid SUV, and the Lexus RX400h SUV literally or equivalently infringes the '672 patent.

3. Whether the Toyota's THS-II system used in the new Toyota Prius, the Toyota Highlander hybrid SUV, and the Lexus RX400h SUV literally or equivalently infringes the '088 patent.

### B. Toyota's Contested Issues of Fact And Law

1. Whether the asserted claims of the '970 patent are infringed by the 2004 Model Year Toyota Prius, the Toyota Highlander Hybrid, and the Lexus RX400h.

2. Whether the asserted claims of the '672 patent are infringed by the 2004 Model Year Toyota Prius, the Toyota Highlander Hybrid, and the Lexus RX400h.

3. Whether the asserted claims of the '088 patent are infringed by the 2004 Model Year Toyota Prius, the Toyota Highlander Hybrid, and the Lexus RX400h.

4. Whether the asserted claims of the '970 patent are rendered invalid by at least any of the Berman references, the Toyota references, or the GE/Department of Energy

5

reference, either alone or in combination with one another or the general knowledge in the art.

5. Whether the asserted claims of the '672 patent are rendered invalid by at least any of the Berman references, the 1997 Toyota Prius, the 1997 Toyota Prius Press Kit, or the 1997 Toyota Prius New Car Features manual, either alone or in combination with one another or the general knowledge in the art.

6. Whether the asserted claims of the '088 patent are rendered invalid by at least any of the Berman references, the 1997 Toyota Prius, the 1997 Toyota Prius Press Kit, or the 1997 Toyota Prius New Car Features manual, either alone or in combination with one another or the general knowledge in the art.

## VII. LIST OF WITNESSES

### A. PAICE Witnesses

(1) <u>PAICE will call the following witnesses at trial</u>: Alex J. Severinsky; Robert Embry; Steven P. Nichols; and Richard B. Troxel; and any witness designated to testify by Toyota.

(2) <u>PAICE may present the following witnesses via videotape deposition testimony</u>: David Hermance, Shinichi Abe; Masahiro Kojima; Toshifumi Takaoka; Yasuhiro Ikuta; Yutaka Taga; Takehisa Yaegashi; Shoichi Sasaki; Koichiro Muta; Junji Tokieda; Scott Haddad; and Akihiro Kimura. The specific deposition designations of these individuals is attached hereto as Exhibit A.

### B. Toyota Witnesses

(1) <u>Toyota will call the following witnesses at trial</u>: Shinichi Abe; Edward Caulfield; David Hermance; and John Jarosz.

(2) <u>Toyota may call the following witnesses at trial</u>: Krishna Palem; Shoichi Sasaki; Koichiro Muta; George Gelb; any witnesses called by Paice, either live or by deposition, in their case-in-chief.

(3) <u>Toyota may present the following witnesses via videotape deposition testimony</u>: Andrew Burke; Dennis Corn; Michael De Angeli; Theodore Louckes; Nigel McQuinn; Koichiro Muta; Shoichi Sasaki; Alex Severinsky; and Jeff Wassel. The specific deposition designations of these individuals is attached hereto as Exhibit B. Toyota may also present deposition testimony currently designated by Paice.

Toyota objects to Paice calling Robert Embry as a witness at trial, because his only connection with this case is as the Chairman of the Abell Foundation charitable organization, which is merely an investor in Paice, and he can provide no testimony relevant to the issues in dispute and his appearance and any discussion of the activities of Abell Foundation can only result in unfair prejudice to Toyota.

## VIII. LIST OF EXHIBITS

PAICE's Exhibit List is attached hereto as Exhibit C. Toyota's Exhibit List is attached hereto as Exhibit D.

## IX. JURY INSTRUCTIONS

The parties are cooperating and working diligently to agree to as many proposed jury instructions as possible, and believe that an additional week will allow the parties to present the Court with much fewer disputes regarding proposed jury instructions. To that end, the parties are filing concurrently herewith a joint motion for leave to file proposed jury instructions by Thursday, September 22, 2005.

## X. VERDICT FORM

The parties have not been able to agree to a verdict form. PAICE's proposed verdict form is attached hereto as Exhibit E. Toyota's proposed verdict form is attached hereto as Exhibit F.

## XI. LIST OF ANY PENDING MOTIONS[1]

- PAICE's Second Motion to Compel;
- Toyota's Motion for Summary Judgment of Noninfringement;

---

[1] In addition to the pending motions identified herein, claim construction disputes remain that will be resolved by the Court's *Markman* ruling.

7

- PAICE's Motion *In Limine* To Preclude Or Limit Introduction Of Evidence Of Toyota Patents Related To Hybrid Electric Vehicle Technology
- Toyota's Motion *In Limine* No. 1 To Limit the Scope of The Trial testimony Of Dr. Steven Nichols
- Toyota's Motion *In Limine* No. 2 To Require Plaintiff To Limit Its Infringement Case To A Reasonable Number of Claims
- Toyota's Motion *In Limine* No. 3 To Preclude Paice From Presenting At Trial Evidence Of Conception Of The Claimed Inventions Before the Respective Filing Dates Of The Patents-In-Suit

## XII. PROBABLE LENGTH OF TRIAL

Based on the Court's September 1 Order:

(a) Paice believes the probable length of trial is 7-8 days.

(b) Toyota believes the probable length of trial is 8-10 days.

## XIII. MANAGEMENT CONFERENCE LIMITATIONS

The Court has given the parties each 22 hours to present their case, excluding jury opening and closing statements. The Court also has ordered the parties to meet and confer to agree upon the contents and size of jury notebooks.

8

## XIV. CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's Orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders have been complied with and not altered by agreement or otherwise except as subject to a pending motion to compel;

(3) Each exhibit in the List of Exhibits herein:

    (a) is in existence;

    (b) is numbered; and

    (c) has been disclosed and shown to opposing counsel.

Approved as to form and substance:

_Robert F. Hillman_
_Sam Baxter_
_Ruffin B. Cordell_
Attorneys for Plaintiff PAICE LLC

_____
_____
_____
Attorneys for the Toyota Defendants

This Joint Pre-Trial Order is hereby approved this _____ day of _____, 2005.

_____
United States District Judge

## XIV. CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's Orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders have been complied with and not altered by agreement or otherwise except as subject to a pending motion to compel;

(3) Each exhibit in the List of Exhibits herein:

    (a) is in existence;

    (b) is numbered; and

    (c) has been disclosed and shown to opposing counsel.

Approved as to form and substance:

_____    _____
Attorneys for Plaintiff PAICE LLC    Attorneys for the Toyota Defendants

This Joint Pre-Trial Order is hereby approved this _____ day of _____, 2005.

_____
United States District Judge

## XIV. CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)   Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's Orders;

(2)   Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders have been complied with and not altered by agreement or otherwise except as subject to a pending motion to compel;

(3)   Each exhibit in the List of Exhibits herein:

    (a) is in existence;

    (b) is numbered; and

    (c) has been disclosed and shown to opposing counsel.

Approved as to form and substance:

_____          _____

_____          _____

_____          _____
Attorneys for Plaintiff PAICE LLC          Attorneys for the Toyota Defendants

This Joint Pre-Trial Order is hereby approved this _____ day of _____, 2005.

                                         _____
                                         United States District Judge

## XIV. CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's Orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders have been complied with and not altered by agreement or otherwise except as subject to a pending motion to compel;

(3) Each exhibit in the List of Exhibits herein:

    (a) is in existence;

    (b) is numbered; and

    (c) has been disclosed and shown to opposing counsel.

Approved as to form and substance:

_/s/ Nicholas H. Patton_

Attorneys for Plaintiff PAICE LLC
for Toyota Defendants

Attorneys for the Toyota Defendants

This Joint Pre-Trial Order is hereby approved this __1__ day of December, 2005.

_/s/ David Folsom_

United States District Judge