| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | WILLIAM F. LEE |
| jkrevitt@gibsondunn.com | william.lee@wilmerhale.com |
| H. MARK LYON (CA SBN 162061) | WILMER CUTLER PICKERING |
| mlyon@gibsondunn.com | HALE AND DORR LLP |
| GIBSON, DUNN & CRUTCHER LLP | 60 State Street |
| 1881 Page Mill Road | Boston, MA 02109 |
| Palo Alto, CA 94304-1211 | Telephone: (617) 526-6000 |
| Telephone: (650) 849-5300 | Facsimile: (617) 526-5000 |
| Facsimile: (650) 849-5333 | |
| | |
| HAROLD J. McELHINNY (CA SBN 66781) | MARK D. SELWYN (SBN 244180) |
| hmcelhinny@mofo.com | mark.selwyn@wilmerhale.com |
| JAMES P. BENNETT (CA SBN 65179) | WILMER CUTLER PICKERING |
| jbennett@mofo.com | HALE AND DORR LLP |
| JACK W. LONDEN (CA SBN 85776) | 950 Page Mill Road |
| jlonden@mofo.com | Palo Alto, California 94304 |
| RACHEL KREVANS (CA SBN 116421) | Telephone: (650) 858-6000 |
| rkrevans@mofo.com | Facsimile: (650) 858-6100 |
| RUTH N. BORENSTEIN (CA SBN 133797) | |
| rborenstein@mofo.com | |
| ERIK J. OLSON (CA SBN 175815) | |
| ejolson@mofo.com | |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, California 94105-2482 | |
| Telephone: (415) 268-7000 | |
| Facsimile: (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.   12-cv-00630-LHK (PSG) |
| Plaintiff, | **APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR CLARIFICATION ON THE COURT'S ORDER REGARDING SCHEDULE FOR BILL OF COSTS OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | |

Samsung previously indicated to Apple that it believed any bill of costs to be due on September 30, and Apple responded that it was prepared to file its bill of costs on that date. Samsung offers no reasonable explanation for delaying the filing of any bill of costs beyond September 30—or now, October 2 per the Court's recent order (Dkt. 2000).  Samsung's motion should be denied.

On May 12, the Court entered the parties' stipulation that any bill of costs would be due 21 days after the Court enters judgment resolving all post-trial motions.  (Dkt. 1893.)  Although Samsung now contends in its motion for clarification that any bill of costs shall be due 21 days after the Court rules on Apple's motion for ongoing royalties (Mot. at 1), Samsung previously indicated to Apple that it interpreted the Court's order as requiring any bill of costs to be filed 21 days after the Court ruled on the last JMOL/new trial motion—*i.e.*, that any bill of costs would be due on September 30.  In particular, on September 17, Samsung asked Apple to agree to a ***new*** stipulation "explicitly stating that the parties' fees and costs motions are due three weeks after the Court's disposition of Apple's pending motion for ongoing royalty." (Olson Decl. Ex. 1.)  If Samsung believed that the controlling deadline was 21 days after the Court rules on Apple's motion for ongoing royalties, there would have been no need for a new stipulation.  Instead, Samsung's proposal made clear that Samsung viewed September 30 as the current deadline for filing a bill of costs.  Thus, to avoid any confusion or delay in seeking costs, on September 23, Apple informed Samsung that Apple would file its bill of costs by September 30.  (*Id*. Ex. 2.)[1]

Samsung has provided no reasonable excuse for why it could not have prepared its bill of costs—if it even plans to file one—by September 30 (or now, October 2).  The recent unavailability of two out of the tens of attorneys who have worked on this case does not justify a 30-day delay in filing a bill of costs.

Apple has worked diligently to prepare its bill of costs.  Apple does not need any

---

[1] Samsung's inconsistent positions appear to be driven by its contention that Apple's motion for ongoing royalties is untimely.  However, as explained in Apple's reply brief on that issue, Apple promptly filed its motion for ongoing royalties after the Court denied its request for injunctive relief, and its motion for ongoing royalties is clearly timely.  (*See* Dkt. 2001 at 1.)

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR CLARIFICATION RE BILL OF COSTS
CASE NO.12-cv-00630-LHK (PSG)
sf-3462983

1

1  additional time beyond October 2.  Samsung has not provided good cause to grant further relief.
2  Samsung's request should be denied.

Dated: September 30, 2014              MORRISON & FOERSTER LLP

                                       By:  /s/ Rachel Krevans
                                            RACHEL KREVANS

                                            Attorneys for Plaintiff and
                                            Counterclaim-Defendant
                                            APPLE INC.