# EXHIBIT A

Jonathan L. McFarland, Bar No. 247601
JMcFarland@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Counsel for Non-Party
BROADCOM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK<br><br>**DECLARATION OF NON-PARTY BROADCOM CORPORATION IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 1337)** |

I, Suzanne Chapman, hereby declare:

1. I understand that this declaration is in support of Samsung's Administrative Motion to File Under Seal Documents Filed in Connection with Samsung's Opposition to Apple's Motions *in Limine* ("Samsung's Administrative Motion") (Dkt. No. 1337).

2. I am employed by non-party Broadcom Corporation ("Broadcom"). My job responsibilities include the oversight and maintenance of Broadcom's technical documents database, and I have personal knowledge of Broadcom's technical document preparation and

-1-

maintenance practices. I also have personal knowledge of all the information contained in this declaration, and it is true and correct to the best of my knowledge, information, and belief.

3. I understand that the Samsung defendants served a subpoena on Broadcom on or about May 31, 2013, in *Apple Inc. v. Samsung Electronics Co., Ltd. et al.*, Case No. 2:12-cv-0630-LHK (the "Samsung subpoena"). The Samsung subpoena sought, among other things, technical documents concerning certain Broadcom wireless semiconductor chip products.

4. I understand that Broadcom produced technical documents in response to the Samsung subpoena on July 1 and July 31, 2013. Those documents were marked with production numbers of BCM0000001 to BCM0001745, and the documents were designated "Highly Confidential - Attorney's Eyes Only" pursuant to the Court's protective order.

5. I executed a declaration on July 5, 2013, and was deposed by Samsung on July 29, 2013, as a designee of Broadcom regarding the authenticity, processing, and storage of Broadcom's document production in this case.

6. I understand that Samsung filed an exhibit under seal on February 25, 2014. That exhibit contains *six* Broadcom technical documents that were designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the protective order in this case: BCM0000127-262; BCM0000263-64; BCM0000265-397; BCM0000739-40; BCM0001408-575; and BCM0001576-745. In total, Samsung's sealed exhibit includes *611 pages* of highly confidential Broadcom technical documents.

7. These six Broadcom technical documents consist of data sheets and product briefs for four Broadcom wireless semiconductor chip products. The data sheets and product briefs contain voluminous and detailed technical information—611 pages of technical information—regarding the confidential and proprietary workings of Broadcom's wireless semiconductor chip products. For instance, these documents include functional block diagrams, topologies, circuit diagrams, read/write protocols, port locations, bus timing information, transmitter/receiver specifications, performance specifications, and timing characteristics for the Broadcom wireless semiconductor chip products. This is highly confidential information that Broadcom does not make publicly available.

8. Broadcom invests substantial amounts of money and resources in developing its products. For instance, Broadcom employs approximately 9,800 research and development employees (approximately 78% of Broadcom's total employees) and invested $2.49 billion in research and development in 2013 alone. Preserving the confidentiality of Broadcom's technical information concerning its products is therefore a priority and Broadcom goes to great lengths to protect this confidentiality. Some of the measures that Broadcom routinely takes to protect its technical documents include the use of confidentiality agreements, labeling the information "confidential," and using password protection technology to limit access to the information.

9. The disclosure of Broadcom's confidential technical information to others could cause Broadcom severe competitive and economic harm in the marketplace. Broadcom's confidential technical information has independent economic value from not being generally known to or readily ascertainable by other persons.

10. When Broadcom produced its technical documents to the parties in this litigation, Broadcom relied on the protections set forth in the Court's protective order and designated the information contained in these documents as "Highly Confidential – Attorneys' Eyes Only". Specifically, Broadcom understood that only a limited number of individuals, such as the Court, the parties' outside counsel, and certain experts that would be disclosed in advance to Broadcom, would be allowed to review Broadcom's confidential information and that they would be obligated to maintain the confidentiality of that information and to only use it for purposes of this lawsuit.

1
2      I declare under penalty of perjury under the laws of the United States of America that the
3  foregoing is true and accurate to the best of my knowledge.
4      Executed March 3, 2014, in Irvine, California.
5
6                                    *Suzanne Chapman* (signature)
7                                    Suzanne Chapman

-4-
Non-Party Broadcom's Declaration ISO Motion to Seal,
Case No. 12-cv-00630-LHK (N.D. Cal.)

LEGAL29679493.1