# EXHIBIT 1

to no authority supporting its argument that Apple was compelled to seek this relief in conjunction with its motion for a permanent injunction and, in fact, cites cases that disprove that proposition. Nor has Samsung supported its assertions that the Court's scheduling order should be interpreted as foreclosing Apple—without warning—from seeking relief to which it is entitled under Federal Circuit precedent within the timeframe provided by the Federal Rules of Civil Procedure. Apple's motion must be considered on its merits.

### 1. Apple was not required to request an ongoing royalty as alternative relief in its motion for a permanent injunction.

As shown above (Part I.A.2), an ongoing royalty is a distinct remedy from a permanent injunction. Contrary to Samsung's argument (Opp. at 5), Apple was not *required* to request an ongoing royalty as a form of alternative relief in its motion for a permanent injunction. Samsung cites no precedent for this sweeping proposition, nor could it. Rather, Samsung concedes that even the patentee in *Paice* did not request an ongoing royalty in conjunction with its motion for an injunction. (Opp. at 7 n.2.) Such a requirement would inherently prejudice patentees by forcing them to take the conflicting position that money damages are inadequate, while simultaneously proposing money damages to remedy the infringement.

Nothing in the Court's case management order imposed a more stringent standard than the case law requires. The order specifically identifies "one motion for *a permanent injunction*." (Dkt. 1398 at 4 (emphasis added).) It did not set a schedule for seeking *all* equitable remedies pursuant to 35 U.S.C. § 283. Samsung ignores the plain language of the Court's order and mischaracterizes Apple's motion as a "second chance." (Opp. at 6.) But as discussed above, an ongoing royalty is a distinct remedy governed by a separate analysis—one that only becomes necessary and available *after* a court decides that injunctive relief is not warranted. *ActiveVideo*, 694 F.3d at 1341.

### 2. Apple's motion is timely under Rule 59(e).

Samsung is likewise incorrect that Apple's motion is an untimely request under Rule 59(e). Apple agrees that its request for an ongoing royalty may be characterized as a Rule 59(e) motion to "alter or amend a judgment." Fed. R. Civ. P. 59(e). Moreover, it is undisputed that