1  JOSH A. KREVITT (CA SBN 208552)
   jkrevitt@gibsondunn.com
2  H. MARK LYON (CA SBN 162061)
   mlyon@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   1881 Page Mill Road
4  Palo Alto, CA 94304-1211
   Telephone: (650) 849-5300
5  Facsimile: (650) 849-5333

   WILLIAM F. LEE
   william.lee@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   60 State Street
   Boston, MA 02109
   Telephone: (617) 526-6000
   Facsimile: (617) 526-5000

6  HAROLD J. McELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
7  JACK W. LONDEN (CA SBN 85776)
   jlonden@mofo.com
8  RACHEL KREVANS (CA SBN 116421)
   rkrevans@mofo.com
9  RUTH N. BORENSTEIN (CA SBN 133797)
10 rborenstein@mofo.com
   ERIK J. OLSON (CA SBN 175815)
11 ejolson@mofo.com
   MORRISON & FOERSTER LLP
12 425 Market Street
   San Francisco, California 94105-2482
13 Telephone: (415) 268-7000
   Facsimile: (415) 268-7522

   MARK D. SELWYN (SBN 244180)
   mark.selwyn@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   950 Page Mill Road
   Palo Alto, California 94304
   Telephone: (650) 858-6000
   Facsimile: (650) 858-6100

14
15 Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC.

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                          SAN JOSE DIVISION

19 APPLE INC., a California corporation,

20              Plaintiff,                    Case No. 12-cv-00630-LHK (PSG)

21       v.                                   **DECLARATION OF PETER J.
                                              KOLOVOS IN SUPPORT OF
22 SAMSUNG ELECTRONICS CO., LTD., a           SAMSUNG'S RENEWED
   Korean corporation; SAMSUNG                ADMINISTRATIVE MOTION TO
23 ELECTRONICS AMERICA, INC., a New           SEAL DOCUMENTS PURSUANT
   York corporation; and SAMSUNG              TO COURT'S SEPTEMBER 23,
24 TELECOMMUNICATIONS AMERICA,                2014 ORDER**
   LLC, a Delaware limited liability company,
25
                Defendant.
26

27
28

I, Peter J. Kolovos, hereby declare as follows:

1.     I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned litigation.  I am licensed to practice law in the Commonwealth of Massachusetts, and have been admitted *pro hac vice* in this action.  I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2.     On September 26, 2014, Samsung filed a renewed motion to seal documents subject to the Court's September 23, 2014 Order.  (ECF No. 1996) ("Samsung's Renewed Motion").

3.     As detailed below, Apple supports sealing certain documents in Samsung's Renewed Motion, specifically Exhibits 6, 7, 18, 28, 29, 30, 31, 32, 36, and 37 to the Declaration of Michael L. Fazio in Opposition to Apple's Motions *In Limine* ("Fazio Declaration").

**Confidential Technical Information**

4.     Exhibits 6, 7, and 28-32 to the Fazio Declaration should be sealed for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits.  *See* Case No. 11-cv-01846, ECF No. 1504 at 3 (supporting sealing schematics showing the configuration of Apple's products because detailed technical information of this kind constitutes trade secret information).  The Court has previously granted Apple's request to seal similar information.  *See, e.g.*, Case No. 11-cv-01846, ECF No. 1649 at 8 (granting Apple's request to seal schematics related to the Apple iBook and iSight).

5.     Exhibit 6 to the Fazio Declaration is Samsung's proposed DX351[1] and consists of technical documents produced by Apple.  Exhibit 6 should be sealed in full.  The documents in Exhibits 6 contain confidential technical information regarding the design and operation of Apple components and the public disclosure of this proprietary information would be harmful to Apple. Further, the Court sealed a similar, amended version of Exhibit 6 at trial.  *See* ECF No. 1730

---

[1] Throughout my declaration I use the word "proposed" because some trial exhibits were amended during trial to contain fewer pages than the proposed versions prepared prior to trial.

1  (granting Apple's request to seal DX351); *see also* ECF No. 1866-1 at 2 (DX351A admitted and
2  sealed in full).

3      6.    Exhibit 7 to the Fazio Declaration is Samsung's proposed DX354 and consists of
4  multiple confidential documents produced by Apple.  Exhibit 7 should be sealed in full.  The
5  documents in this exhibit contain confidential technical information regarding the components
6  used in Apple's products and the public disclosure of this proprietary information would be
7  harmful to Apple.  The Court also sealed a similar, amended version of Exhibit 7 at trial.  *See*
8  ECF No. 1730 (granting Apple's request to seal DX354); *see also* ECF No. 1866-1 at 2 (DX354A
9  admitted and sealed in full).

10      7.    Exhibit 28 to the Fazio Declaration is Samsung's proposed DX355 and consists of
11  multiple Cirrus Logic documents produced by Apple and Cirrus Logic.  Exhibit 28 should be
12  sealed in full.  Because the documents in this exhibit contain confidential technical information
13  regarding the design and operation of third party components, and at least some of these
14  components are used in the Apple accused products, the public disclosure of this proprietary
15  information would be harmful to Apple and should be prevented.  The Court sealed similar
16  exhibits at trial.  *See* ECF No. 1730 (granting Apple's request to seal DX351, DX352, DX353,
17  DX354 and DX491).  This exhibit was not used at trial because it was omitted from Samsung's
18  Revised Exhibit List.  *See* ECF No. 1451-2 at 12.

19      8.    Exhibit 29 to the Fazio Declaration is Samsung's proposed DX353 and consists of
20  detailed technical Intel and Qualcomm documents produced by Intel and Apple.  DX353 should
21  be sealed in full.  Because the documents in this exhibit provide detailed information about Intel's
22  products and Qualcomm's products, and at least some of the products described are incorporated
23  into Apple's products, the public disclosure of this information would be harmful to Apple.
24  Further, the Court sealed a similar, amended version of Exhibit 29 at trial.  *See* ECF No. 1730
25  (granting Apple's request to seal DX353); *see also* ECF No. 1866-1 at 2 (DX353A admitted and
26  sealed in full).

27      9.    Exhibit 30 to the Fazio Declaration is Samsung's proposed DX491 and consists of
28  multiple Omnivision and Sony documents produced by Apple, Sony, and Omnivision.  Exhibit 30

1  should be sealed in full.  Because the documents in this exhibit contain confidential technical
2  information regarding the design and operation of third party components, and at least some of
3  these components are used in the accused Apple products, the public disclosure of this proprietary
4  information would be harmful to Apple.  The Court sealed a similar, amended version of Exhibit
5  30 at trial.  *See* ECF No. 1730 (granting Apple's request to seal DX491); *see also* ECF No. 1866-
6  1 at 4 (DX491A admitted and sealed in full).

7        10.     Exhibit 31 to the Fazio Declaration is Samsung's proposed DX356 and consists of
8  a chart produced by Apple describing the components in various Apple products and multiple
9  documents produced by Broadcom.  Exhibit 31 should be sealed in full.  The first portion of this
10 exhibit contains confidential technical information regarding the components used in Apple's
11 products.  The remaining documents in this exhibit contain confidential technical information
12 regarding the design and operation of third party components.  Because at least some of these
13 components are used in the Apple accused products, the public disclosure of this proprietary
14 information would be harmful to Apple.  Further, the Court sealed analogous exhibits at trial.  *See*
15 ECF No. 1730 (granting Apple's request to seal DX351, DX352, DX353, DX354 and DX491).
16 This exhibit was not used at trial because it was omitted from Samsung's Revised Exhibit List.
17 *See* ECF No. 1451-2  at 12.

18       11.     Exhibit 32 to the Fazio Declaration is Samsung's proposed DX352 and consists of
19 schematics produced by Apple.  Exhibit 32 should be sealed in full.  The documents in this
20 exhibit contain confidential technical information regarding the components used in Apple's
21 products, and the public disclosure of this proprietary information would be harmful to Apple.
22 The Court sealed a similar, amended version of Exhibit 32 at trial.  *See* ECF No. 1730 (granting
23 Apple's request to seal DX352); *see also* ECF No. 1866-1 at 2 (DX352A admitted and sealed in
24 full).

25 **Confidential IDC Studies**

26       12.     Exhibit 18 to the Fazio Declaration consists of extensive, highly detailed data from
27 third party IDC.

28

13. As both Apple and IDC have stated to the Court in this case and in the 1846 case, disclosure of IDC's information would severely harm IDC and Apple's relationship with IDC because the public release of the information within the IDC reports would supplant the market for those reports. *See, e.g.*, Case No. 11-cv-01846, ECF Nos. 2392 ¶ 9, 1408-2. IDC previously filed a detailed declaration in the 1846 case explaining how public disclosures of its market research data would materially and adversely impact IDC's commercial interests, including by damaging the market for these reports and providing a windfall to IDC's competitors. *See* Case No. 11-cv-01846, ECF No. 2204-1. In the 1846 case, the Court sealed trial exhibits that consisted of extensive market research data from nonparty IDC. *See* Case No. 11-cv-01846, ECF No. 1649 at 10 (finding the "public disclosure would cause significant harm to IDC's competitive standing"). For these reasons, Exhibit 18 to the Fazio Declaration should be sealed.

**Confidential Negotiation Documents**

14. Exhibit 36 to the Fazio Declaration consists of negotiation correspondence between Apple and Samsung and should be sealed except for pages 478.020 and 4780.021, which are already public. The other portions of Exhibit 36 contain confidential information relating to negotiations between Apple and Samsung. These negotiations were conducted under an NDA, and these documents reflect Apple's highly confidential negotiation strategies and the potential licensing terms considered by both Apple and Samsung. For the reasons stated in the Declaration of Erica Tierney in Support of Apple's Corrected Renewed Motion to Seal (Case No. 11-cv-01846, ECF No. 2250-1 at 6-7), disclosing the existence and outcome of Apple's negotiations with Samsung, as well as the terms that Apple considered and responded to during such negotiations, would put Apple at a significant disadvantage in the negotiation of future patent licenses. The Court has previously allowed Apple to seal "pricing terms, royalty rates, and minimum payment terms" of license agreements. *See, e.g.*, Case No. 11-cv-01846 (ECF No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). The Court noted that disclosure of such information "could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an uneven bargaining position in future negotiations." *Id*. at 16. Recognizing that a

similar rationale applies to negotiations between Apple and Samsung, this Court has also previously allowed the parties to seal information "relat[ing] to unconsummated, confidential licensing negotiations between Apple and Samsung." *See* ECF No. 1347 at 2.

**Confidential Business Strategy and Cost Information**

15.   Exhibit 37 to the Fazio Declaration is Samsung's proposed DX489. At trial, the Court sealed all pages of DX489 except for 3, 14, and 245-248. *See* ECF No. 1866-1 (Joint Admitted Trial Exhibit List) (pages 1-9, 10-28, 32-55, 68-91 and 245-248 were admitted and all pages admitted were sealed except for 3, 14 and 245-258); ECF No. 1626 (granting Apple's request to seal pages 34, 39-55, 73-75, 77-80, 82-91, 95, 100-105, 107, 109-114, 165, 174, 176-177, 181-197, 201, 206, 208, 215, 217-218, 220, 222- 224, 226-230, and all pages not shown in court of DX489). As such, Exhibit 37 should be sealed except for pages 3, 14 and 245-248. Exhibit 37 to the Fazio Declaration consists of a voluminous compilation exhibit that includes extensive and pervasive discussion of Apple's component costs; estimates of Samsung's component costs based on Apple's component costs, comparisons of particular components, many of which are driven by cost considerations; discussion of which components likely have similar costs to Apple's costs; and also includes an email on pages 245-248. Apple is not seeking to seal this email, which was shown publicly at trial. As Apple explained in the Declaration of Mark Buckley, a Finance Manager at Apple, cost information would give competitors a substantial advantage over Apple as competitors could tailor offerings and pricing to undercut Apple and determine exactly what price level would make a given product unprofitable to Apple. *See* ECF No. 685-1 at 3. Suppliers with cost data could alter Apple's price on components. *Id.* at 3-5. This is the type of information that the Federal Circuit confirmed is properly sealed and would be harmful to Apple if exposed. *See Apple Inc. v. Samsung Electronics Co.*, *Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013). This document also reveals what components Apple is evaluating and comparing with an eye towards costs, which gives similar insight and poses similar risks as the costs numbers themselves.

16. The relief requested by Apple is necessary and narrowly tailored to protect confidential Apple and third party information.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of September, 2014 at New York, New York.

*/s/ Peter J. Kolovos*
Peter J. Kolovos

DECLARATION OF PETER J. KOLOVOS ISO RENEWED MOTION TO SEAL
CASE NO.12-cv-00630-LHK (PSG)

6

**ATTESTATION OF E-FILED SIGNATURE**

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil Local Rule 5-1(i), I hereby attest that Peter J. Kolovos has concurred in this filing.

Dated: September 30, 2014                             */s/ Mark D. Selwyn*
                                                                            Mark D. Selwyn