1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Cal. Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
3   San Francisco, California 94111
    Telephone: (415) 875-6600
4   Facsimile: (415) 875-6700

5   Kevin P.B. Johnson (Cal. Bar No. 177129)
    kevinjohnson@quinnemanuel.com
6   Victoria F. Maroulis (Cal. Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
7   555 Twin Dolphin Drive 5th Floor
    Redwood Shores, California 94065
8   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100

9
    William C. Price (Cal. Bar No. 108542)
10  williamprice@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
11  Los Angeles, California 90017
    Telephone: (213) 443-3000
12  Facsimile: (213) 443-3100

13  Attorneys for SAMSUNG ELECTRONICS
    CO., LTD., SAMSUNG ELECTRONICS
14  AMERICA, INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

15

16                   UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
17

18

19  APPLE INC., a California corporation,        CASE NO. 12-cv-00630-LHK

            Plaintiff,                           **SAMSUNG'S MOTION FOR**
20                                               **ADMINISTRATIVE RELIEF FOR**
         vs.                                     **LEAVE TO FILE SUR-REPLY IN**
21                                               **OPPOSITION TO APPLE'S MOTION**
                                                 **FOR AN ONGOING ROYALTIES**
    SAMSUNG ELECTRONICS CO., LTD., a             **INJUNCTION**
22  Korean business entity; SAMSUNG
    ELECTRONICS AMERICA, INC., a New
23  York corporation; SAMSUNG
    TELECOMMUNICATIONS AMERICA,
24  LLC, a Delaware limited liability company,   Date:      December 18, 2014
                                                 Time       1:30 PM
25          Defendants.                          Place:     Courtroom 8, 4th Floor
                                                 Judge:     Hon. Lucy H. Koh
26

27

28

SAMSUNG'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO APPLE'S MOTION FOR
ONGOING ROYALTIES

1    Pursuant to Civil Local Rule 7-11, Samsung seeks leave to file a sur-reply brief in support

2 of its opposition to Apple's motion for ongoing royalties because Apple has changed its arguments

3 and positions from those in its opening brief.  On reply Apple requests new relief, puts forward a

4 new test for entitlement for relief, and re-characterizes ongoing royalties as "damages."  Good

5 cause supports Samsung's request.  Samsung could not have foreseen these changes, each of

6 which contradicts Apple's previously expressed positions.  The proposed sur-reply is attached

7 hereto.  Samsung sought Apple's stipulation to the filing of the sur-reply but Apple declined to

8 consent.  (Declaration of Victoria Maroulis in Support of Samsung's Motion for Leave to File

9 Sur-Reply, submitted herewith.)

10                                              **ARGUMENT**

11    Courts consistently recognize that a supplemental or sur-reply brief is appropriate where

12 the reply brief raises new issues.  *See, e.g.*, *GT Nexus, Inc. v. Inttra, Inc.*, No. 11-2145, 2014 WL

13 3373088, at *1 (N.D. Cal. July 9, 2014) ("[B]ecause it is undisputed that Inttra's reply brief

14 contains new legal argument and new evidence, GT Nexus's administrative motion to file a sur-

15 reply is GRANTED."); *A.F. Rothschild Fund v. HHS*, No. 11-02760, 2011 U.S. Dist. LEXIS

16 109842, at *1 (N.D. Cal. Sept. 26, 2011) ("Given that Defendants raised new evidence in their

17 reply brief, Plaintiff is entitled to respond."); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.

18 1996) ("[W]here new evidence is presented in a reply . . . , the district court should not consider

19 the new evidence without giving the [non-]movant an opportunity to respond.") (internal quotation

20 marks omitted).  Apple puts forward new argument on several issues, including a wholly new

21 request for relief, a new test for entitlement to relief, and a new argument that ongoing royalties

22 are "damages," thereby going far beyond the usual role of a reply brief.  In order to mitigate the

23 prejudice, Samsung requests the opportunity to provide a brief response to Apple's new positions.

24    *First*, Apple presents a new request that significantly increases the scope of the requested

25 relief.  In its opening brief, Apple sought a prospective injunctive remedy under 35 USC § 283 of

26 an ongoing royalty for sales "on or after the date of [an] order."  (Dkt. 1959 at 1.)  Now Apple

27 broadens this request for both ongoing royalties in the future as well as royalties for past sales

28 "start[ing] from the date of the denial of the permanent injunction, and Apple will accept this

SAMSUNG'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO APPLE'S MOTION FOR ONGOING ROYALTIES

1  remedy in lieu of supplemental damages." (Dkt. 2000 at 10.)   This change is significant because

2  supplemental damages apply only to adjudicated products, whereas Apple seeks ongoing royalties

3  for unadjudicated products "not colorably different" from the adjudicated products.   Samsung has

4  a right to respond to Apple's attempt to enlarge the relief it seeks.

5        *Second*, Apple proposes a new test for entitlement to an ongoing royalty.   In its opening

6  brief, Apple argued that it was automatically entitled to an ongoing royalty based on the denial of

7  its motion for a permanent injunction.  (Dkt. 1958 at 1-2.)   In its reply brief, however, Apple

8  argues that the "legal standards" are "*Georgia-Pacific* for an ongoing royalty and *eBay* for a

9  permanent injunction."  (Dkt. 2000 at 5.)   Samsung has a right to respond as to whether *Georgia-*

10 *Pacific*—a damages case setting for a method of calculating compensatory damages—is the

11 correct standard for deciding to grant the equitable remedy of ongoing royalties.

12       *Third*, in attempting to avoid waiver because it did not request ongoing royalties in its

13 pretrial statement, Apple introduces new argument that ongoing royalties are "damages" for

14 purposes of its request for damages in the Joint Amended Pretrial Statement.  (Dkt. 2000 at 2.)

15 This argument conflicts with Apple's prior position that ongoing royalties are an "equitable"

16 remedy. (Dkt. 1958 at 2; *id*. at 3.)   Samsung should have the opportunity to respond Apple's

17 new argument.

18       For all of these reasons, Samsung respectfully requests the Court to consider the short sur-

19 reply brief attached hereto, addressing these new positions in Apple's reply brief.

20

21 DATED: October 6, 2014              QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
22

23                                     */s/ Victoria F. Maroulis*
                                       Charles K. Verhoeven
24                                     Kevin P.B. Johnson
                                       Victoria F. Maroulis
25                                     William C. Price
                                       Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
26                                     SAMSUNG ELECTRONICS AMERICA, INC., and
                                       SAMSUNG TELECOMMUNICATIONS AMERICA,
27                                     LLC

28

SAMSUNG'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO APPLE'S MOTION FOR
ONGOING ROYALTIES