QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S SUR-REPLY IN OPPOSITION TO APPLE'S MOTION FOR AN ONGOING ROYALTIES INJUNCTION**<br><br>Date:    December 18, 2014<br>Time    1:30 PM<br>Place:   Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

Pursuant to its motion for leave, Samsung submits this sur-reply opposing Apple's motion for ongoing royalties because on reply Apple improperly requests new relief, incorrectly re-characterizes "ongoing royalties" as "damages," and proposes a new, unsupported test for relief.

## I.     Apple's New Request for Retroactive Ongoing Royalties Should Be Rejected.

In its opening brief, Apple sought an ongoing royalty for sales "on or after the date of [an] order." (Dkt. 1959 at 1.) Now Apple changes its request for relief, instead asking that ongoing royalties "start from the date of the denial of the permanent injunction, and Apple will accept this remedy in lieu of supplemental damages." (Dkt. 2001 at 10.) However, Apple cannot change its request for relief in a reply brief. *See, e.g.*, *Pirozzi v. Apple, Inc.*, 966 F. Supp. 2d 909, 918 n.3 (N.D. Cal. 2013). Such a change would prejudice Samsung because, unlike Apple's supplemental damages request, which applies only to adjudicated products, Apple's ongoing royalties request purports to seek royalties for unadjudicated products not colorably different.

Initially, Apple styled its requested relief as "an ongoing *Paice* royalty." (Dkt. 1958 at i.) In *Paice*, the Federal Circuit stated that an ongoing royalty reflects "future acts of infringement" and that "post-judgment acts of infringement are distinct, and may warrant different royalty rates." *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1316-17 (Fed. Cir. 2007). Apple also relied on *Paice* for the conclusion that an ongoing royalty is not subject to a trial by jury. (Dkt. 1958 at 2.) Apple has previously represented to the Court that "damages have already been decided under § 284 and all that remains is determining ***prospective*** relief under 35 U.S.C. § 283." (Dkt. 1985-3 at 5 (emph. added).) *See also Affinity Labs of Texas, LLC v. BMW N. Am., LLC*, 783 F. Supp. 2d 891, 897-98 (E.D. Tex. 2011) ("The authority for awarding prospective relief in the form of an ongoing royalty flows from 35 U.S.C. § 283, which permissively allows the entry of injunctions 'in accordance with the principles of equity.'") (citing *Paice,* 504 F. 3d at 1314, 1315 n. 16). This Court, applying *Paice*, has said that an ongoing royalty is a "form of relief following judgment," *Hynix Semiconductor Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951, 986-87 (N.D. Cal. 2009), in contrast to "supplemental damages under section 284 for post-verdict-but-prejudgment infringement." *Id.* at 961. *See also DataTreasury Corp. v. Wells Fargo & Co.*, 2:06-CV-72, 2011 WL 8810604, at *9 (E.D. Tex. Aug. 2, 2011) ("[b]ecause supplemental damages compensate

[plaintiff] for the time between trial and final judgment, the date of final judgment is the proper date to consider for ongoing royalties, which do not commence until final judgment.").

Moreover, the lone case Apple cites supposedly allowing this relief did so only where the court made clear in its order denying the permanent injunction that it would be imposing ongoing royalties unless the parties agreed on a license. *See Presidio Components Inc. v. Am. Technical Ceramics Corp.*, 723 F. Supp. 2d 1284, 1340 (S.D. Cal. 2010), *aff'd in part, vacated in part*, 702 F.3d 1351 (Fed. Cir. 2012). So, in *Presidio Components*, the ongoing royalty began at the time when the court found entitlement to ongoing royalties, not (as Apple now requests) retroactive before the time that Apple even raised ongoing royalties. Thus, Apple provides no basis for a retroactive ongoing royalty, a new request extending to unadjudicated products, which conflicts with basic principles of equity.

## II. Apple Cannot Re-characterize Ongoing Royalties As Damages To Avoid Waiver.

In its opening brief, Apple correctly stated that "[a]s with injunctive relief, ongoing royalties are equitable in nature" and "an ongoing royalty for future infringement is an equitable remedy." (Dkt. 1958 at 2, 3.) After Samsung pointed out that Apple never asked for ongoing royalties in its pretrial statement, Apple in its reply now claims that its request in its pretrial statement for "all damages adequate to compensate for Samsung's infringement of Apple's asserted patents, and in no event less than a reasonable royalty for Samsung's acts of infringement" (Dkt. 1455-1 at 3) encompasses an ongoing royalty. (Dkt. 2001 at 2. (emph. omitted).) But ongoing royalties are not "damages." *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 515 Fed. App'x 882, 882 (Fed. Cir. 2012) ("An ongoing royalty is not the same as an accounting for damages."). Apple's concurrent brief on ongoing royalty rates effectively concedes this point: "*Bosch* does not permit piecemeal appeals where, as here, damages have already been decided under § 284 and all that remains is determining prospective relief under 35 U.S.C. § 283." (Dkt. 1985-3 at 5.) And Apple relies on injunction cases to support its supposed right to "not colorably different" relief. (Dkt. 2001 at 13-14.) Apple cannot have it both ways, treating ongoing royalties as damages or an injunction as it pleases; the Federal Circuit has made clear that it is solely the latter.

-2-
SAMSUNG'S SUR-REPLY IN OPPOSITION TO APPLE'S MOTION FOR ONGOING ROYALTIES

### III. Apple Is Not Entitled to Ongoing Royalties Under Apple's New Proposed Test.

Apple initially asserted that it is entitled to receive ongoing royalties because the Court denied its request for permanent injunctive relief. (Dkt. 1958 at 1-2.) Samsung noted that Apple made no attempt "to show why imposition of an ongoing royalty is appropriate here" (Dkt. 1986-3 at 13), despite controlling precedent that an ongoing royalty is not to be awarded "as a matter of course whenever a permanent injunction is not imposed." *Paice*, 504 F.3d at 1314-15. Apple now proposes a new test, that "[d]ifferent legal standards apply to each type of relief: *Georgia-Pacific* for an ongoing royalty and *eBay* for a permanent injunction." (Dkt. 2001 at 5.) However, *Georgia-Pacific* is a test for determining the amount of a royalty as legal damages, ***not*** whether a plaintiff is entitled to the equitable remedy of an ongoing royalty. *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Rather, the test for entitlement is based on the court's equitable discretion. (Dkt. 1986-3 at 13-14.) Moreover, as the Supreme Court recognized in *eBay*, the four-factor test is not limited to injunctions to stop sales in patent cases, but is the "well-established" and "traditional" test for any equitable relief. *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391-93 (2006) (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-13 (1982))."[1] Apple's suggestion that *Georgia-Pacific* is the "legal standard" for equitable relief here is unsupported and has no merit.

### Conclusion

As set forth in Samsung's opposition, Apple's request for ongoing royalties is untimely and waived, and Apple is not entitled to ongoing royalties. Apple's new positions and new arguments are without merit and do not change these conclusions.

---

[1] Because Apple made no attempt to demonstrate its entitlement to the equitable relief it seeks under any test, the Court need not address these factors.

| | | |
|---|---|---|
| 1 | DATED: October 6, 2014 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | */s/ Victoria F. Maroulis* |
| | | Charles K. Verhoeven |
| 4 | | Kevin P.B. Johnson |
| | | Victoria F. Maroulis |
| 5 | | William C. Price |
| | | Attorneys for SAMSUNG ELECTRONICS CO., I |
| 6 | | SAMSUNG ELECTRONICS AMERICA, INC., a |
| | | SAMSUNG TELECOMMUNICATIONS |
| 7 | | AMERICA, LLC |

-4-

SAMSUNG'S SUR-REPLY IN OPPOSITION TO APPLE'S MOTION FOR ONGOING ROYALTIES