# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WARSAW ORTHOPEDIC, INC., <br>     Plaintiff, <br> vs. <br> NUVASIVE, INC., <br>     Defendant. | CASE NO. 3:08-CV-01512-MMA (MDD) <br><br> **PRETRIAL ORDER** |
| NUVASIVE, INC., <br>     Counterclaimant, <br> vs. <br> MEDTRONIC SOFAMOR DANEK USA, INC.; WARSAW ORTHOPEDIC, INC.; MEDTRONIC PUERTO RICO OPERATIONS CO., and MEDTRONIC SOFAMOR DANEK DEGGENDORF, GmbH, <br>     Counterclaim Defendant. | Trial:     August 30, 2011 <br><br> Honorable Michael M. Anello |
| AND RELATED COUNTERCLAIMS | |

# VI. ISSUES OF FACT TO BE TRIED[3]

The following issues of fact, and no others, remain to be litigated upon the trial.

## A. Warsaw's '973 Patent

### 1. Infringement

109. In the event that infringement of the '973 patent is tried, the issue to be litigated is as follows: Whether NuVasive has infringed claims 24, 35, 41, 42, 57, and 61 of the '973 patent by making, using, selling, or offering for sale in the United States, or importing into the United States, the CoRoent XL-Standard, CoRoent XL-Lordotic, CoRoent XL-Wide Standard, CoRoent XL-Wide Lordotic, CoRoent XL-Coronal Tapered Standard, CoRoent XL-Coronal Tapered Lordotic, CoRoent XL-Fixation, CoRoent XL-Keeled, and CoRoent XL-Thoracic products (collectively "CoRoent XL implants").

### 2. Validity

110. Whether any of claims 24, 35, 41, 42, 57, and 61 of the '973 patent is invalid as either anticipated or rendered obvious by the prior art.

111. Whether each of the references and/or alleged prior uses upon which NuVasive relies constitutes prior art to the '973 patent.

112. What was the scope and content of the prior art at the time the inventions of the '973 patent were made.

113. What were the differences between the prior art and the claimed subject matter of the '973 patent as a whole.

114. What is the level of ordinary skill in the art.

115. Whether objective evidence (or secondary considerations) supports the non-obviousness of the claimed inventions of the '973 patent.

### 3. Damages

116. When did Medtronic first provide notice within the meaning of 35 U.S.C. § 287 to NuVasive.

---

[3] The parties do not intend the listing of an issue of fact in this section to operate as a concession that the issue of fact has legal significance.

117. What is the amount of lost profit damages due to Warsaw, if any.

118. What is the amount of reasonable-royalty damages due to Warsaw, if any.

### 4. Enforceability (non-jury issues)

119. Whether any person associated with the filing or prosecution of an application leading to the '973 patent committed inequitable conduct with respect to that application.

## B. Warsaw's '586 Patent

### 1. Infringement

120. Whether Helix and Helix Mini anterior cervical plating systems made, used, sold or offered for sale in the United States, or imported into the United States, by NuVasive contain each and every element of claims 78, 103, 148, 167, 173, or 174 of the '586 patent and therefore infringe those claims, either literally or under the doctrine of equivalents.

### 2. Validity

121. Whether any of claims 78, 103, 148, 167, 173, or 174 of the '586 patent is invalid as either anticipated or rendered obvious by the prior art.

122. Whether each of the references and/or alleged prior uses upon which NuVasive relies constitutes prior art to the '586 patent.

123. What was the scope and content of the prior art at the time the inventions of the '586 patent were made.

124. What were the differences between the prior art and the claimed subject matter of the '586 patent as a whole.

125. What is the level of ordinary skill in the art.

126. Whether objective evidence (or secondary considerations) supports the non-obviousness of the claimed inventions of the '586 patent.

### 3. Damages

127. What is the amount of lost profit damages sustained by Warsaw, if any.

128. What is the amount of reasonable-royalty damages sustained by Warsaw, if any.

PRETRIAL ORDER 18 Case No. 3:08-CV-01512-MMA (MDD)

C. **Warsaw's '933 Patent**

1. **Infringement**

129. Whether MaXcess tissue retractors, or kits containing them, which are made, used, sold or offered for sale in the United States, or imported into the United States, by NuVasive, contain each and every element of claims 21, 24, or 57 of the '933 patent.

130. Whether any third party performs each and every element of method claim 66 of the '933 patent and thus directly infringes that claim.

131. Whether NuVasive indirectly infringes claim 66 of the '933 patent by inducing or contributing to third parties' alleged direct infringement of claim 66 of the '933 patent.

2. **Validity**

132. Whether any of claims 21, 24, 57, or 66 of the '933 patent is invalid as either anticipated or rendered obvious by the prior art.

133. Whether each of the references and/or alleged prior uses upon which NuVasive relies constitutes prior art to the '933 patent.

134. What was the scope and content of the prior art at the time the inventions of the '933 patent were made.

135. What were the differences between the prior art and the claimed subject matter of the '933 patent as a whole.

136. What is the level of ordinary skill in the art.

137. Whether objective evidence (or secondary considerations) supports the non-obviousness of the claimed inventions of the '933 patent.

3. **Damages**

138. What is the amount of lost profit damages sustained by Warsaw, if any.

139. What is the amount of reasonable-royalty damages sustained by Warsaw, if any.

D. **NuVasive's '236 Patent**

1. **Infringement**

140. Whether any third party directly infringed any of claims 1, 5 or 9 of the '236 patent.

to pre-admit into evidence certain exhibits prior to opening statements so that such evidence may be shown to the jury during opening statements.

## IX. ISSUES OF LAW TO BE LITIGATED

The following issues of law, and no others, remain to be litigated upon the trial:

184. Whether any of claims 24, 35, 41, 42, 57, or 61 of the '973 patent is invalid for obviousness under 35 U.S.C. § 103.

185. Whether any of claims 78, 103, 148, 167, 173, or 174 of the '586 patent is invalid for obviousness under 35 U.S.C. § 103.

186. Whether any of claims 21, 24, 57 or 66 of the '933 patent is invalid for obviousness under 35 U.S.C. § 103.

187. Whether any of claims 1, 5 or 9 of the '236 patent is invalid for obviousness under 35 U.S.C. § 103.

188. Whether NuVasive's infringement of the '973 patent should be enjoined.

189. Whether NuVasive's infringement of the '586 patent should be enjoined.

190. Whether NuVasive's infringement of the '933 patent should be enjoined.

191. Whether Medtronic's infringement of the '236 patent should be enjoined.

192. Whether, and at what royalty, a compulsory license should be imposed regarding the '973 patent.

193. Whether, and at what royalty, a compulsory license should be imposed regarding the '586 patent.

194. Whether, and at what royalty, a compulsory license should be imposed regarding the '933 patent.

195. Whether, and at what royalty, a compulsory license should be imposed regarding the '236 patent.

196. The amount of prejudgment interest due on account of the damages caused by NuVasive's infringement.

197. The amount of prejudgment interest due on account of the damages caused by Medtronic's infringement.

198. Whether the issue of prejudgment interest should be presented to the jury.

199. Whether this case is exceptional pursuant to 35 U.S.C. § 285, and whether Medtronic or NuVasive is entitled to attorneys' fees and costs.

200. Whether Warsaw's '973 patent is unenforceable due to inequitable conduct.

201. Whether Warsaw is entitled to lost profits damages.

202. To the extent that any of the issues of fact identified above might be characterized instead or additionally as issues of law, such issues are incorporated by reference here as issues of law.

### X. SUPPLEMENTING THE PLEADINGS

203. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings with respect to the four patents at issue in Phase I and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

### XI. JURY TRIAL

204. Trial is to be by jury, except for NuVasive's inequitable conduct defense for the '973 patent, which is to be tried to the bench after the jury renders its verdict.

### XII. BIFURCATION

205. Pursuant to Docket No. 304, the trial of this case in Phase I will not be bifurcated.

### XIII. LENGTH OF TRIAL

206. The time allocated for trial is 10 court days; this includes the time needed to select the jury. The 10 court days shall be split equally between the two sides; each side shall have 25 hours.

207. The Court will not be dark on September 1 and 2 as previously indicated.

DATED: August 12, 2011

Hon. Michael M. Anello
United States District Judge