# EXHIBIT 3

No. 2012-1263, -1266

# United States Court of Appeals for the Federal Circuit

**WARSAW ORTHOPEDIC, INC.,**

*Plaintiff/Counterclaim Defendant-Appellant,*

and

**MEDTRONIC SOFAMOR DANEK USA, INC.,**

*Counterclaim Defendant-Appellant,*

and

**MEDTRONIC PUERTO RICO OPERATIONS CO. and MEDTRONIC SOFAMOR DANEK DEGGENDORF, GMBH,**

*Counterclaim Defendants,*

v.

**NUVASIVE, INC.,**

*Defendant/Counterclaimant-Cross Appellant.*

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 26 2012

JAN HORBALY
CLERK

Appeals From the United States District Court for the Southern District of California in Case No. 08-CV-01512,
Judge Cathy Ann Bencivengo and Judge Michael M. Anello

## MOTION TO DISMISS APPEALS FOR LACK OF JURISDICTION

Luke L. Dauchot
Alexander F. MacKinnon
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400

Counsel for Appellants and Cross-Appellees
Warsaw Orthopedic, Inc. and
Medtronic Sofamor Danek USA, Inc.

March 26, 2012

district court has decided the issue of prejudgment interest and has said it is going to resolve ongoing royalties shortly. Determination of ongoing royalties involves equitable considerations that overlap factually with other issues that the parties are appealing, such as the district court's denial of a permanent injunction and the judgment granting Warsaw lost profits. Moving forward with the parties' appeals at this time would inevitably lead to piecemeal appeals and waste of resources. Without a proper Rule 54(b) certification, there is no final judgment in this case, and this Court lacks jurisdiction to hear the parties' appeals.

Finally, even if the Court has jurisdiction, it should exercise its discretion to dismiss the present appeals or hold them in abeyance pending resolution and possible appeal from the ongoing royalties and prejudgment interest issues, at which time all appeals can then be consolidated. Allowing the current appeals to go forward with two issues still remaining in the district court would be an inefficient use of judicial and party resources, particularly where prejudgment interest has now been decided and the issue of ongoing royalties is likely to be resolved in prompt fashion by the district court. Dismissing or staying this appeal will not prejudice the parties as they may seek review of all issues after resolution of ongoing royalties and prejudgment interest by the district court.

surely end up as piecemeal pending appeals will tax the parties' and this Court's resources. *See, e.g., Hameed v. IHOP Franchising, LLC*, 2011 WL 1233183, at *2 (E.D. Cal. Mar. 31, 2011) ("In balancing the interests of justice for a Rule 54(b) dismissal, a court must also consider judicial administrative interests to assure that Rule 54(b) effectively 'preserves the historic federal policy against piecemeal appeals.'")

Given the factual overlap between the ongoing royalty issues and the decisions relating to lost profits damages and a permanent injunction, Rule 54(b) certification at this stage was inefficient and inappropriate. *Osage Tribe of Indians of Oklahoma*, 2008 WL 268707, at *2 ("[T]he matters involved in the first phase of this case are not asserted to be factually and legally distinct from remaining issues in the case. Thus, we are not convinced that the CFC properly exercised its discretion in determining that there was no just reason for delay."); *see also Wood v. GCC Bend, LLC*, 422 F.3d 873, 882 (9th Cir. 2005) (similarity of legal or factual issues weighs heavily against entry of judgment under Rule 54(b)). Indeed, if this Court reverses the district court's denial of an injunction, that would moot at least a portion of Warsaw's request for ongoing royalties. Deciding ongoing royalties in a separate appeal is not efficient and will cause a greater delay in the ultimate resolution of Warsaw's Phase I infringement claims.

15

54(b), these appeals should be dismissed for lack of jurisdiction. Alternatively, they should be stayed until the ongoing royalty and prejudgment interest issues are decided by the district court and are ripe for appeal.

Dated: March 26, 2012

Respectfully submitted,

KIRKLAND & ELLIS LLP

By: *[signature]*

Luke L. Dauchot
Alexander F. MacKinnon
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Phone: (213) 680-8400
Fax: (213) 680-8500
Email: luke.dauchot@kirkland.com

Counsel for Appellants and Cross-Appellees
Warsaw Orthopedic, Inc. and
Medtronic Sofamor Danek USA, Inc.