JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone:  (650) 849-5300
Facsimile:  (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK<br><br>**JOINT MOTION FOR STAY OF ORDER RE: MOTIONS TO SEAL (ECF 1981)** |

1

## NOTICE OF MOTION AND MOTION

On September 18, 2014, this Court issued an Order Re: Motions to Seal (ECF No. 1981) ("Sealing Order"). Shortly thereafter, the Court granted the parties' stipulation to file any renewed motions to seal or to stay by October 9, 2014. On October 6, the parties filed a Joint Notice Regarding Order Re: Various Administrative Motions to Seal (ECF No. 1981) ("Joint Notice"). (ECF No. 2012.) The Joint Notice and Proposed Order are still pending before the Court. In the Joint Notice the parties respectfully suggested that, subject to the Court's approval, no further action or re-filing is necessary with respect to the exhibits listed in the Joint Notice because those documents were withdrawn prior to being considered by the Court or were already filed publicly (in some cases the publicly filed version includes redactions approved by the Court's prior sealing orders).

In order to minimize the burden on the Court of hearing motions for reconsideration regarding documents that were withdrawn by the parties and that the Court ordered remain on ECF under seal (*see* ECF Nos. 1168, 1977), the parties hereby move for a stay of the Court's Sealing Order as it relates to the exhibits identified in the Joint Notice.

## RELIEF REQUESTED

The parties seek an order staying the Court's Sealing Order (ECF No. 1981) as it relates to the exhibits identified in the Joint Notice (ECF No. 2012) until the later of: (1) a ruling granting the Joint Notice; or (2) in the event that the Court denies in whole or in part the Joint Notice, a ruling on the Apple's, Samsung's, or a third party's motion for reconsideration or motion for relief of non-dispositive order pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) (or in the alternative pending resolution of any appeal to the Federal Circuit).

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## <u>INTRODUCTION</u>

3      Apple and Samsung request a limited stay of the Court's Sealing Order with regard to the

4   documents that are subject to the Joint Notice.  This limited stay is warranted because the

5   documents contained in the Joint Notice are documents that were withdrawn prior to being

6   considered by the Court or were already filed publicly (in some cases the publicly filed version

7   includes redactions approved by the Court's prior sealing orders).

8      There is no substantial countervailing public or private interest in the immediate

9   disclosure of information contained in these documents.  Under the parties' understanding of the

10  Court's Sealing Order, all portions of the documents that were not sealed or withdrawn have

11  already been filed publicly.  The Court previously approved the parties' requests to withdraw

12  documents that were not considered by the Court and ordered those documents, or portions of

13  documents sealed.  (ECF No. 1977.)  Accordingly, all information that should become public is

14  already public.

15     However, even if there were such an interest, it would suffer no harm if the information

16  subject to the parties' Motion to Stay is not released until after the Court has ruled on the Joint

17  Notice and/or any motions for reconsideration.

18

## <u>ARGUMENT</u>

19     To obtain a stay, "a movant must establish a strong likelihood of success on the merits,

20  or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm

21  factors militate in its favor."  *Merial Ltd. v. Cipla Ltd.*, 426 Fed. App'x 915, 915 (Fed. Cir. 2011)

22  (unpublished)(citing *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)).  Although courts may also

23  consider the impact of a stay on other parties and the public, the likelihood of success and

24  irreparable injury prongs are important elements.  *See, e.g.*, *In re Cyclobenzaprine*

25  *Hydrochloride Extended-Release Capsule Patent Litig.*, 449 Fed. App'x 35, 36 (Fed. Cir. 2011);

26  *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512-13 (Fed. Cir. 1990)

27

28

1  ("When harm to applicant is great enough, a court will not require 'a strong showing' that

2  applicant is 'likely to succeed on the merits.'").

3  **I.    THE PARTIES HAVE A STRONG LIKELIHOOD OF SUCCESS ON THE**

4  **MERITS**

5      **A.    The Court Has Previously Sealed Similar Information.**

6  The parties have a strong likelihood of success because the Court previously approved

7  the parties' requests to withdraw those documents contained in the Joint Notice that were not

8  considered by the Court and ordered those documents, or portions of documents sealed. (ECF

9  No. 1977.) For the remaining documents, under the parties' understanding of the Court's sealing

10  Order, all portions of the documents that were not sealed or withdrawn have already been filed

11  publicly.

12      **B.    The Lower "Good Cause" Standard Applies.**

13  The documents contained in the parties' Joint Notice were all filed in connection with the

14  briefing regarding the parties' motions to strike. As such, none of the information sought to be

15  sealed was filed in connection with a dispositive motion. Accordingly, the lower "good cause"

16  standard applies. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, No. 2012-1600 at 11-12 (Fed.

17  Cir. Aug. 23, 2013) ("the public has less of a need for access to court records attached only to

18  non-dispositive motions because those documents are often unrelated, or only tangentially

19  related, to the underlying cause of action") (*citing Kamakana v. City & Cnty. of Honolulu*, 447

20  F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks omitted)).

21      **C.    The Court Previously Stayed Orders in Similar Circumstances.**

22  The Court has previously found that a stay is appropriate to allow the Court time to

23  consider and rule on a motion for reconsideration. (*See* ECF No. 2222 at 24:17-20; ECF No.

24  2232 at 2:6-11). The Court has also previously granted the parties requests relating to similar

25  Joint Notices in the past. (ECF Nos. 1972, 1988.)

26

27

28

1    **II.      THE BALANCE OF HARMS WEIGHS IN FAVOR OF A LIMITED STAY**

2          Denial of a stay in this case would cause irreparable harm to Apple, Samsung and third

3    parties by forcing the release to the public of confidential information contained in withdrawn

4    exhibits whose secrecy, once lost, cannot be restored.  As the Court previously observed, the

5    harm in allowing confidential information into the public domain is substantial, irreversible and

6    irreparable:  "When the information is publicly filed, what once may have been a trade secret

7    will no longer be."  (ECF No. 2047 at 7:6-7.)

8          Additionally, the public has little or no legitimate interest in access to confidential

9    information, particularly in exhibits that were withdrawn prior to being considered by the Court.

10   To the extent that it does, that interest will not be meaningfully impaired by a delay in the

11   information's release while the Joint Notice and/or any motions for reconsideration are

12   considered.  Accordingly, these factors weigh heavily in favor of a stay.

13                                      **CONCLUSION**

14         For the foregoing reasons, the Court should stay the Court's Sealing Order (ECF No.

15   1981) as it relates to the exhibits identified in the Joint Notice (ECF NO. 2012) until the later of:

16   (1) a ruling granting the Joint Notice; or (2) in the event that the Court denies in whole or in part

17   the Joint Notice, a ruling on the Apple's, Samsung's, or a third party's motion for

18   reconsideration or  motion for relief of non-dispositive order pursuant to Fed. R. Civ. P. 72(a)

19   and 28 U.S.C. § 636(b)(1)(A) (or in the alternative pending resolution of any appeal to the

20   Federal Circuit).

21

22   Dated:  October 8, 2014              WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
23
                               By:      */s/ Mark D. Selwyn*_____
24                                      Mark D. Selwyn
                                        mark.selwyn@wilmerhale.com
25                                      WILMER CUTLER PICKERING
                                         HALE AND DORR LLP
26                                      950 Page Mill Road
                                        Palo Alto, CA 94304
27

28

---

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

Dated: October 8, 2014             QUINN EMANUEL URQUHART & SULLIVAN, LLP


                        By:     _*/s/ Michael L. Fazio*
                                Michael L. Fazio
                                *Attorneys for Defendants and*
                                *Counterclaim-Plaintiffs SAMSUNG ELECTRONICS CO.,*
                                *LTD. SAMSUNG ELECTRONICS AMERICA, INC., and*
                                *SAMSUNG TELECOMMUNICATIONS AMERICA, LLC*

## ATTESTATION

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this

Joint Notice.  In compliance with Civil Local Rule 5-1(i), I hereby attest that Michael L. Fazio

has concurred in this filing.


Dated:  October 8, 2014                By:     */s/ Mark D. Selwyn*____
                                                Mark D. Selwyn

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on October 8, 2014, to all counsel of record who are deemed to have

consented to electronic service via the Court's CM/ECF.

                                        */s/ Mark D. Selwyn*_____
                                        Mark D. Selwyn