**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# EXHIBIT R

```
 1   NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
 2            CASE NO. 12-CV-00630-LHK
 3   ----------------------------------------)
     APPLE INC., a California corporation,    )
 4                                            )
                    Plaintiff,                )
 5                                            )
               vs.                            )
 6                                            )
     SAMSUNG ELECTRONICS CO., LTD., a         )
 7   Korean business entity; SAMSUNG          )
     ELECTRONICS AMERICA, INC., a New         )
 8   York corporation; SAMSUNG               )
     TELECOMMUNICATIONS AMERICA, LLC, a       )
 9   Delaware limited liability company,      )
                                              )
10                  Defendants.               )
     ----------------------------------------)
11
12
13
14        VIDEOTAPED DEPOSITION OF TODD MOWRY
15               New York, New York
16                April 4, 2012
17
18
19
20
21   Reported by:
22   KATHY S. KLEPFER, RMR, RPR, CRR, CLR
23   JOB NO. 47972
24
25
```

Page 2

1       April 4, 2012
2
3       VIDEOTAPED deposition of TODD
4   MOWRY, held at Quinn Emanuel Urquhart &
5   Sullivan, LLP, 51 Madison Avenue, New York,
6   New York, before Kathy S. Klepfer, a Registered
7   Professional Reporter, Registered Merit
8   Reporter, Certified Realtime Reporter,
9   Certified Livenote Reporter, and Notary
10  Public of the State of New York.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 3

1           A P P E A R A N C E S :
2
3   GIBSON DUNN & CRUTCHER
4   Attorneys for Plaintiff
5       2100 McKinney Avenue
6       Dallas, Texas  75201
7   BY:  MARK REITER, ESQ.
8       ROBERT A. VINCENT, ESQ.
9
10  QUINN EMANUEL URQUHART & SULLIVAN
11  Attorneys for Defendants
12      51 Madison Avenue
13      New York, New York  10010
14  BY:  ANASTASIA M. FERNANDS, ESQ.
15
16
17  ALSO PRESENT:
18      MICHAEL PINEIRO, Videographer
19
20
21
22
23
24
25

Page 4

1
2       IT IS HEREBY STIPULATED AND
3   AGREED, by and between the attorneys for
4   the respective parties herein, that the
5   filing and sealing be and the same are
6   hereby waived.
7       IT IS FURTHER STIPULATED AND
8   AGREED that all objections, except as to
9   the form of the question, shall be
10  reserved to the time of the trial.
11      IT IS FURTHER STIPULATED AND
12  AGREED that the within deposition may be
13  sworn to and signed before any officer
14  authorized to administer an oath, with
15  the same force and effect as if signed
16  and sworn to before the Court.
17
18
19
20
21
22
23
24
25

Page 5

1       THE VIDEOGRAPHER:  This is the start
2   of tape labeled number 1 in the videotaped
3   deposition of Dr. Todd Mowry in the matter
4   Apple, Inc. versus Samsung Electronics
5   Company Limited.
6       Today is April 4, 2012.  The time is
7   approximately 10:08 A.M.  Appearances have
8   already been noted by the court reporter.
9       Will the court reporter please swear
10  in the witness.
11          * * *
12      (Witness sworn.)
13      MS. FERNANDS:  Before we start, I
14  would like to state on the record that a
15  colleague and partner at this firm, Rich
16  Erwine, had requested to sit in on this
17  deposition which is based on a publicly
18  filed declaration and was told -- we were
19  told by counsel for Apple that they would
20  leave with the witness if Mr. Erwine stayed,
21  so Mr. Erwine has left.
22      MR. REITER:  And in response to that,
23  I want the record to be clear that Mr.
24  Erwine is a -- is counsel for Motorola, not
25  counsel for Samsung.  I asked Mr. Erwine if

Page 162

Intentionally Omitted from Exhibit/
Record

19    Q.    Now, on page -- back to your
20  declaration on page 31.
21    A.    Yes.
22    Q.    Now, on page 31, you have a section
23  with the heading "Use by Apple of the '647
24  Patented Technology," correct?
25    A.    Correct.

Page 163

1    Q.    Why did you include a section on
2  Apple's use of the patented technology in this
3  declaration?
4    A.    Why did I include it from a legal
5  perspective or why did I have an opinion on
6  this?
7    Q.    From based on your understanding,
8  why -- what is the purpose of this section of
9  your declaration?  I'm not asking for a legal
10  opinion.
11    A.    Just to demonstrate that Apple does
12  indeed practice the '647 patent.
13    Q.    And you refer here in the first
14  paragraph on page 31 to the ITC investigation
15  710 finding that the 3GS met the technical prong
16  of domestic industry, correct?
17    A.    Yes, that's correct.
18    Q.    Have you offered an opinion as to
19  whether any other Apple products other than the
20  3GS running the iOS version 3.1.3 practiced the
21  patented '647 -- the subject matter of the
22  claims of the '647 patent?
23    MR. REITER:  Objection.  Vague.
24    A.    Have I offered an opinion in what
25  context?  Do you mean in this declaration here?

Page 164

1    Q.    In this declaration.
2    A.    Yes.  Well, for example, I, in
3  paragraph 86, I refer to devices running iOS
4  5.0.  So that includes quite a large number of
5  devices, including iPhones, iPads, iPod Touches.
6    Q.    So, in your opinion, all of those
7  iPhones, iPads, iPod Touches that are running
8  iOS 5.0 are practicing the subject matter
9  claimed in claims 1 and 8 of the '647 patent?
10    A.    Yes, that's correct.

Intentionally Omitted from Exhibit/
Record

Page 165

Intentionally Omitted from
Exhibit/Record

Page 166

# Intentionally Omitted from Exhibit/ Record

10  MS. FERNANDS:  Let's go off the
11 record.
12    THE VIDEOGRAPHER:  The time is 2:39.
13 We're going off the record.
14    (Recess.)
15    THE VIDEOGRAPHER:  The time is 2:50.
16 We're back on the record.
17    MS. FERNANDS:  Dr. Mowry, thank you
18 very much for your time today.  We are done
19 with this deposition concerning your
20 declaration in connection with the '647
21 patent for this case.
22    (Continued on the next page to include
23 the jurat.)

Page 167

1    THE WITNESS:  Okay, thank you.
2    MR. REITER:  And I have no questions
3 at this time.
4    THE VIDEOGRAPHER:  The time is 2:51.
5 That's the end of today's deposition.  We're
6 going off the record.
7        oOo

_____
TODD MOWRY

Subscribed and sworn to
before me this    day
of      2012.

_____

Page 168

1
2        CERTIFICATE
3 STATE OF NEW YORK )
          : ss
4 COUNTY OF NEW YORK )
5    I, Kathy S. Klepfer, a Registered
6 Merit Reporter and Notary Public within and
7 for the State of New York, do hereby
8 certify:
9    That TODD MOWRY, the witness whose
10 deposition is herein before set forth, was
11 duly sworn by me and that such deposition is
12 a true record of the testimony given by such
13 witness.
14    I further certify that I am not
15 related to any of the parties to this action
16 by blood or marriage and that I am in no way
17 interested in the outcome of this matter.
18    In witness whereof, I have hereunto
19 set my hand this 4th day of April, 2012.
20
21    ------------------------------
      KATHY S. KLEPFER, RPR, RMR, CRR, CLR
22

Page 169

1        INDEX

2 TESTIMONY OF T. MOWRY:        PAGE
3 Examination by Ms. Fernands        6
4
5 MOWRY EXHIBITS:        PAGE
6 Exhibit 1, Declaration of Todd Mowry        7
7 Exhibit 2, List of Materials Considered        12
8 Exhibit 3, U.S. Patent No. 5,946,647        14
9 Exhibit 4, Judge Posner's Order of March 19,    20
10 2010
11 Exhibit 5, Expert Report of Dr. Todd C. Mowry    92
12 Regarding Infringement and Domestic Industry
13 For U.S. Patent No. 5,946,647
14 Exhibit 6, Initial Determination from the 710    96
15 Investigation
16 Exhibit 7, a document with the heading        100
17 Infringement by Samsung Galaxy Nexus of U.S.
18 Patent No. 5,946,647
19 Exhibit 8, Curriculum Vitae of Todd C. Mowry    142
20 Exhibit 9, Commission Opinion        154
21 Exhibit 10, portion of the reexamination        158
22 proceeding regarding the '647 patent
23 Exhibit 11, office action in the        160
24 reexamination proceedings of the '647 patent

Highly Confidential

Page 1

1           IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF CALIFORNIA
2                   SAN JOSE DIVISION
3                   - - - - -
4   APPLE, INC., a        )
    California corporation,)
5                          )
            Plaintiff,     )
6                          )
            vs.            ) Civil Action
7                          ) No. 12-CV-00630-LHK
    SAMSUNG ELECTRONICS    )
8   CO., LTD., a Korean    )
    corporation, et al.,   )
9                          )
            Defendants.    )
10

                    - - - - -
11

        VIDEOTAPED DEPOSITION OF TODD CARL MOWRY
12

                    - - - - -
13

                September 19, 2013
14

                    - - - - -
15

                HIGHLY CONFIDENTIAL
16

                    - - - - -
17
18
19
20
21
22
23
24   Reported By: Ronda Weinell
25   Job No: 65971

Highly Confidential

## Page 2

1  VIDEOTAPED DEPOSITION OF TODD CARL MOWRY
2  a witness herein, called by the Defendants for
3  examination, taken pursuant to the Federal
4  Rules of Civil Procedure, by and before
5  Ronda J. Weinell, a Registered Professional
6  Reporter and Notary Public in and for the
7  Commonwealth of Pennsylvania, at the law
8  offices of Eckert Seamans Cherin & Mellott,
9  LLC, U.S. Steel Tower, 44th Floor, 600 Grant
10  Street, Pittsburgh, Pennsylvania, on Thursday,
11  September 19, 2013, at 9:34 a.m.
12  - - - - -
13  COUNSEL PRESENT:
14  For the Plaintiff:
15      Robert Vincent, Esq.
        Gibson Dunn & Crutcher
16      2100 McKinney Avenue
        Dallas, TX 75201
17
    For the Defendants:
18
        Richard Erwine, Esq.
19      Zachariah Summers, Esq.
        Quinn Emanuel Urquhart & Sullivan
        51 Madison Avenue
20      New York, NY 10010
21
22  ALSO PRESENT:
23  James Rumbaugh, Videographer
    Kevin Jeffay
24
25

## Page 3

1      I N D E X
2      - - - - -
3  WITNESS:  TODD CARL MOWRY
4
5  E X A M I N A T I O N:       PAGE
6
7  BY MR. ERWINE            5
8  BY MR. VINCENT           330
9  BY MR. ERWINE            333
10
11  E X H I B I T S:
12
13  EXHIBIT 12          15
14  EXHIBIT 13          15
15  EXHIBIT 14          16
16  EXHIBIT 15          116
17  EXHIBIT 16          126
18  EXHIBIT 17          315
19  EXHIBIT 18          320
20
21
22
23
24
25

## Page 4

1      P R O C E E D I N G S
2      - - - - -            08:47
3      THE VIDEOGRAPHER:  This is the    08:47
4  start of tape labeled No. 1 of the videotaped   09:33
5  deposition of Todd Mowry in the matter of    09:33
6  Apple, Inc., a California corporation, versus    09:33
7  Samsung Electronics Company, Limited, a Korean   09:33
8  corporation, et al., in the United States    09:33
9  District Court for the Northern District of    09:34
10  California, San Jose Division, Case    09:34
11  No. 12-CV-00630-LHK.            09:34
12      This deposition is being held at    09:34
13  Eckert Seamans Cherin & Mellott, U.S. steel   09:34
14  Tower, 44th Floor, 600 Grant Street,    09:34
15  Pittsburgh, Pennsylvania 15219 on    09:34
16  September 19th, 2013, at 9:34 a.m.    09:34
17      My name is James Rumbaugh.  I'm a    09:34
18  legal video specialist from TSG Reporting,    09:34
19  Inc., headquartered at 747 Third Avenue, New   09:34
20  York, New York.  The court reporter is Ronda    09:34
21  Weinell in association with TSG Reporting.    09:34
22      Would counsel please introduce    09:34
23  yourselves.                09:34
24      MR. ERWINE:  Rich Erwine of    09:34
25  Quinn Emanuel on behalf of Samsung.  With me is   09:34

## Page 5

1  Zach Summers and Dr. Kevin Jeffay.    09:34
2      R. VINCENT:  Robert Vincent of    09:35
3  Gibson Dunn representing Apple and the witness.   09:35
4      THE VIDEOGRAPHER:  Will the    09:35
5  court reporter please swear in the witness.
6      - - - - -
7      TODD CARL MOWRY
8  a witness herein, having been first duly sworn,
9  was examined and testified as follows:
10      - - - - -
11      EXAMINATION
12  BY MR. ERWINE:
13      Q.  God morning.  Could you please state   09:35
14  your name and address for the record.    09:35
15      A.  Yes.  It's Todd Carl Mowry, and my    09:35
16  address is 6553 Beacon Street, Pittsburgh,    09:35
17  Pennsylvania 15217.            09:35
18      Q.  Okay if I call you Dr. Mowry today?   09:35
19      A.  Okay.                09:35
20      Q.  Is there anything restricting you    09:35
21  from providing complete and truthful testimony   09:35
22  today?                09:35
23      A.  No.                09:35
24      Q.  Are you taking any medication that    09:35
25  would impede your ability to provide complete   09:35

Page 330

1              EXAMINATION           18:47
2    BY MR. VINCENT:                 18:47
3         Q.  If you look at Dr. Hauser's report,  18:47
4    the paragraph referring to Quick Links on Page  18:47
5    35.                             18:47
6         A.  Yes.                   18:47
7         Q.  You analyzed some Android-based    18:47
8    smartphones from HTC in the previous case; is  18:47
9    that right?                     18:47
10        A.  Yes, that's correct.   18:47
11        Q.  Do you remember how many phones were  18:47
12   at issue in that case?          18:47
13        A.  A lot.  Dozens of phones.    18:47
14        Q.  What about the Motorola litigation?  18:47
15   Were those Android-based smartphones at issue  18:47
16   in that case?                   18:47
17        A.  Yes, that's correct.   18:47
18        Q.  Do you know how many phones were at  18:47
19   issue there?                    18:47
20        A.  Again, a large number.  More than  18:47
21   15, I believe.                  18:47
22        Q.  Do you remember -- do you recall how  18:47
23   many Samsung Android-based smartphones are at  18:47
24   issue in this case?             18:48
25        A.  Well, including all the different  18:48

Page 331

1    release versions, I think it's more than 20.  18:48
2    It's -- I remember a conference table with a  18:48
3    huge number of phones on them.  18:48
4         Q.  So across those cases, dozens of  18:48
5    Android-based smartphones you've analyzed; is  18:48
6    that right?                     18:48
7         A.  Yes.                   18:48
8         Q.  Have you analyzed any Android-based  18:48
9    smartphone that did not implement the  18:48
10   functionality that's described in that  18:48
11   paragraph using an analyzer server, in your  18:48
12   opinion?                        18:48
13        A.  My recollection is that all of the  18:48
14   ones that I've analyzed exercise that  18:48
15   functionality.  Exhibit that functionality.  18:48
16        Q.  If you'll look at your re -- sorry,  18:48
17   your initial expert report, Paragraph 300 on  18:48
18   Page 115.                       18:48
19        A.  Okay.  Yes.            18:48
20        Q.  Paragraph 300, the first sentence  18:48
21   states, based on my review of certain iOS code  18:48
22   and my discussions with Apple engineers, it is  18:49
23   my understanding that Apple devices running iOS  18:49
24   3.0 through 6.0 practice the asserted claims of  18:49
25   the '647 patent.  Do you see that sentence?  18:49

Page 332

1         A.  Yes.                   18:49
2         Q.  Do you agree with that sentence?  18:49
3         A.  Yes, I do.            18:49
4         Q.  Does that refresh your recollection  18:49
5    as to whether you reviewed source code for iOS  18:49
6    3.0 through 6.0?                18:49
7         A.  Yes, it does.  I definitely reviewed  18:49
8    source code for those versions of the phone.  18:49
9         Q.  And one final question.  You talked  18:49
10   about whether or not a system would be covered  18:49
11   by the '647 patent if it only had a single  18:49
12   linked action for each detected structure.  I  18:49
13   wanted to clarify something.     18:49
14         In your opinion, Claim 1 requires  18:49
15   that at least one structure have multiple  18:49
16   linked actions; is that correct?  18:49
17        A.  Yes.  That's my opinion.  18:49
18        Q.  Is that -- is the same true for  18:49
19   other independent claims of the '647 patent;  18:49
20   for example, Claim 15?          18:49
21        A.  No.  Claim 15 only required one or  18:49
22   more linked actions.  It did not require  18:49
23   multiple linked actions.         18:50
24        MR. VINCENT:  That's all of  18:50
25   the questions I have at this time.  18:50

Page 333

1              EXAMINATION           18:50
2    BY MR. ERWINE:                  18:50
3         Q.  But Claim 15 wasn't asserted in this  18:50
4    case; right?                    18:50
5         A.  That's correct.        18:50
6         Q.  In fact, it's found to be invalid in  18:50
7    the Patent and Trademark Office as it stands  18:50
8    right now?                      18:50
9         A.  That's my understanding.  18:50
10        Q.  Now, back to Paragraph 300 that  18:50
11   counsel referred you to.  When you say based on  18:50
12   your review of certain iOS code and in your  18:50
13   discussions with Apple engineers, it's your  18:50
14   understanding that Apple devices running iOS  18:50
15   3.0 through 6.0 practiced the asserted claims  18:50
16   in the '647 patent, other than making this  18:50
17   statement, do you provide any evidence of that  18:50
18   actually occurring?             18:50
19        A.  In my report I don't have anything  18:50
20   else here other than that statement.  18:50
21        Q.  No limitation-by-limitation claim  18:50
22   charts, no reference to source code, nothing at  18:50
23   all?                           18:50
24        A.  I don't have that here.  18:50
25        Q.  And in the reference to the Hauser  18:50

Highly Confidential

Page 334

1  report in this description of Quick Links, have  18:51
2  you looked at any non-Android-based and  18:51
3  non-iOS-based phones that potentially may have  18:51
4  this functionality?  18:51
5      MR. VINCENT:  Objection.  18:51
6  Calls for speculation.  18:51
7      A.  Not that I recall.  I don't  18:51
8  specifically look at other phones.  I mean, I  18:51
9  have an iPhone, and I don't typically borrow  18:51
10  other people's phones and look at them.  There  18:51
11  aren't many phones out there that aren't either  18:51
12  iPhone or Android phones.  18:51
13      Q.  So, for example, you've never looked  18:51
14  at a RIM or BlackBerry phone?  18:51
15      A.  I have seen a BlackBerry phone long  18:51
16  ago.  I don't know what they do now.  So, I  18:51
17  mean, I don't have any -- I didn't look at it  18:51
18  looking for anything like this, no.  18:51
19      Q.  You never looked at a Sony phone,  18:51
20  for example?  18:51
21      A.  I don't remember ever looking at a  18:51
22  Sony phone.  I don't think I have.  18:51
23      Q.  So it's your understanding that  18:51
24  there are phones out there that could have this  18:51
25  functionality and not practice the asserted  18:52

Page 335

1  claims in the '647 patent?  18:52
2      MR. VINCENT:  Objection.  18:52
3  Misstates testimony, calls for speculation.  18:52
4      A.  I didn't say that.  18:52
5      Q.  You have no opinion on that one way  18:52
6  or the other?  18:52
7      MR. VINCENT:  Same objections.  18:52
8      A.  I think we've discussed that before.  18:52
9  This functionality is consistent with the  18:52
10  patent.  Is it possible to implement something  18:52
11  that gives the user this experience without  18:52
12  satisfying all of the limitations of Claim 1?  18:52
13  We have to look at a specific example.  18:52
14      Claim 1 talks about some detail  18:52
15  about how things are structured, and the user  18:52
16  experience doesn't necessarily capture that.  18:52
17  So it seems like it's possible to have  18:52
18  something that would do that would not be --  18:52
19  that would not align with all of the details of  18:52
20  Claim 1.  18:52
21      MR. ERWINE:  No further  18:52
22  questions.  18:52
23      THE VIDEOGRAPHER:  Being there  18:52
24  are no further questions, this deposition is  18:52
25  now concluded.  The time is 6:53 p.m.  18:52

Page 336

1          (Signature not waived.)
2          (Whereupon, the above-entitled
3  matter was concluded at 6:53 p.m.)
4              - - - - -
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 337

1  COMMONWEALTH OF PENNSYLVANIA   )  E R R A T A
   COUNTY OF ALLEGHENY       )  S H E E T
2
3  APPLE INC.
   vs.
4  SAMSUNG ELECTRONICS CO., LTD., et al.
5
       I, TODD C. MOWRY, have read the foregoing
6  pages of my deposition given on September 19,
   2013, and wish to make the following, if any,
7  amendments, additions, deletions or
   corrections:
8
   Pg. No.  Line No.    Change and reason for
9  change:
10
11
12
13
14
15
16
17
18
19
   In all other respects the transcript is true
20  and correct.
21  _____
       TODD C. MOWRY
22
   Subscribed and sworn to before me this
23  _____ day of _____, 2013.
24  _____
       Notary Public         (rw)
25

Highly Confidential

Page 338

```
 1    COMMONWEALTH OF PENNSYLVANIA)
      COUNTY OF ALLEGHENY        )
 2
 3         I, Ronda J  Weinell, a notary public
      in and for the Commonwealth of Pennsylvania, do
 4    hereby certify that the witness, TODD C  MOWRY,
      was by me first duly sworn to testify the
 5    truth, the whole truth, and nothing but the
      truth; that the foregoing deposition was taken
 6    at the time and place stated herein; and that
      the said deposition was recorded stenographically
 7    by me and then reduced to typewriting under my
      direction, and constitutes a true record of the
 8    testimony given by said witness, all to the
      best of my skill and ability
 9
           I further certify that the inspection,
10    reading and signing of said deposition were not
      waived by counsel for the respective parties
11    and by the witness and if after 30 days the
      transcript has not been signed by said witness
12    that the witness received notification and has
      failed to respond and the deposition may then
13    be used as though signed
14         I further certify that I am not a
      relative, or employee of either counsel, and
15    that I am in no way interested, directly or
      indirectly, in this action
16
17         IN WITNESS WHEREOF, I have hereunto
      set my hand and affixed my seal of office this
      20th day of September, 2013
18
19
20
           S/Ronda J  Weinell
21         ---------------------------
22
           ---------------------------
23
24
25
```