JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone:  (650) 849-5300
Facsimile:  (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK<br><br>**DECLARATION OF PETER J. KOLOVOS IN SUPPORT OF APPLE INC.'S MOTION FOR RECONSIDERATION OF ORDER RE: MOTIONS TO SEAL (ECF 1981)** |

I, Peter J. Kolovos, hereby declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned litigation. I am licensed to practice law in the Commonwealth of Massachusetts, and have been admitted *pro hac vice* in this action. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2. On September 18, 2014, the Court issued an Order Re: Motions to Seal (ECF No. 1981 ("Sealing Order")).

**Fazio Exhibit 8**

3. The Court's Sealing Order denied sealing of Exhibit 8 to the Declaration of Michael L. Fazio in Support of Samsung's Notice of Motion and Motion to Strike Expert Testimony Based on Previously Disclosed Theories (ECF No. 880-21) ("Fazio Exhibit 8").

4. In its Sealing Order, the Court indicated that it "lack[ed the] supporting highlighted document" related to Exhibit 8, and stated that Apple "may seek reconsideration upon filing the omitted document." *See* ECF No. 1981 at 15. A highlighted version of Exhibit 8 indicating those portions that Apple seeks to seal was filed as ECF No. 1171, and a copy of ECF No. 1171 is attached hereto as **Exhibit A** for the Court's convenience.

5. Fazio Exhibit 8 is comprised of excerpts from Apple's written interrogatory responses. The portions of Exhibit 8 on pages 50-59 should be sealed because they identify particular source code files relevant to Apple's iOS software, and could be used to determine how Apple implements certain features or functionality. *See* ECF No. 685 (declaration from Apple in-house attorney Cyndi Wheeler discussing the same type of information when it was disclosed in Exhibit 11 to the Declaration of Amar Thakur). The Court has previously granted Apple's request to seal source code information. *See, e.g.*, ECF No. 1415 at 13 (granting Apple's request to seal Exhibit 11 to the Declaration of Amar Thakur); Case No. 11-cv-01846, ECF No. 1649 at 8 (granting Apple's request to seal source code related to Apple products) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D.

Cal. 2011)). As the Court has previously recognized, "[c]onfidential source code clearly meets the definition of a trade secret" and is sealable. *See* Case No. 11-cv-1846, ECF No. 2190 at 3.

**Apple's Motion to Strike**

6. The Court's Sealing Order granted sealing of the yellow highlighted portions of ECF No. 1175-4, *i.e.*, Apple Inc.'s Notice of Motion and Motion to Strike Arguments from Samsung's Infringement Expert Reports Regarding Samsung Patents ("Apple's Motion to Strike"). *See* ECF No. 1981 at 15. However, the Court did not rule on those portions sought to be sealed by Cirrus Logic, which were identified in the Declaration of Michael C. Barrett (ECF No. 932).

7. Attached hereto as **Exhibit B** is an excerpt of the relevant page from Apple's Motion to Strike indicating those portions that Cirrus Logic has supported sealing with blue highlighting.

**Kolovos Exhibits 10, 14, and 16**

8. The Court's Sealing Order granted sealing of information highlighted in yellow of Exhibits 10 and 14 to the Declaration of Peter J. Kolovos in Support of Apple Inc.'s Opposition to Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions ("Kolovos Declaration"). *See* ECF No. 1981 at 11-12. However, the Court did not rule on those portions sought to be sealed by VOCI, which were identified in the Declaration of Michael Hayes Freeman (ECF No. 1007).

9. The Court's Sealing Order denied sealing of Kolovos Exhibit 16 because no supporting declaration was filed. *See* ECF No. 1981 at 16. However, VOCI submitted a declaration in support of sealing this information when Apple initially filed its Opposition to Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions. *See* ECF No. 1007.

10. Attached hereto as **Exhibit C** are excerpts of the relevant pages of Kolovos Exhibits 10, 14, and 16 indicating those portions that VOCI has supported sealing with blue highlighting.

**Briggs Exhibit 6**

11. The Court's Sealing Order granted sealing of information highlighted in blue-green of Exhibit 6 to the Declaration of Todd Briggs in Support of Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions Inconsistent with the Court's Markman Order ("Briggs Exhibit 6"). *See* ECF No. 1981 at 14. However, the Court denied sealing of the information found in paragraph 449 lines 1-4, paragraph 450 lines 1-2 and paragraph 451 lines 5-6 because that information was not highlighted in ECF No. 1170 and no declarations were filed specifically in support of sealing that information when Samsung filed a corrected highlighted version at ECF No. 1218-1. While not filed specifically in support of ECF No. 1218, paragraphs 449, 450 and 451 were identified as containing confidential information in the Declaration of Alex Yip ("attorney for Alcatel-Lucent") (ECF No. 941), the Declaration of Paula M. Phillips ("Legal Administrator for AT&T Services, Inc.") (ECF No. 1189), and the Declaration of Billy Hogan ("Senior Specialist in Enhanced Uplink" at Ericsson) (ECF No. 926). These declarations were filed either in support of Samsung's original motion to seal Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions Inconsistent with the Court's Markman Order (ECF No. 878) or in support of Samsung's Motion for Reconsideration (ECF No. 1170).

12. Attached hereto as **Exhibit D** is an excerpt of the relevant pages of Briggs Exhibit 6 indicating those portions of paragraphs 449, 450, and 451 which the Court has not previously sealed and that Alcatel-Lucent, AT&T, and Ericsson have supported sealing with blue highlighting.

13. Cirrus Logic, VOCI, NSN, Alcatel-Lucent, AT&T, and Ericsson may also file additional declarations in support of sealing the documents mentioned above.

14. The relief requested by Apple is necessary and narrowly tailored to protect confidential Apple information.

1  I declare under the penalty of perjury under the laws of the United States of America that
2  the forgoing is true and correct to the best of my knowledge and that this Declaration was
3  executed this 9th day of October, 2014, in Boston, Massachusetts.

Dated:  October 9, 2014                    */s/ Peter J. Kolovos*
                                            Peter J. Kolovos

**ATTESTATION OF E-FILED SIGNATURE**

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with Civil Local Rule 5-1(i), I hereby attest that Peter J. Kolovos has concurred in this filing.

Dated:   October 9, 2014                     */s/ Mark D. Selwyn*
                                                                         Mark D. Selwyn

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 9, 2014, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                                                         */s/ Mark D. Selwyn*
                                                                         Mark D. Selwyn