| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | WILLIAM F. LEE (*pro hac vice*) |
| jkrevitt@gibsondunn.com | william.lee@wilmerhale.com |
| H. MARK LYON (CA SBN 162061) | WILMER CUTLER PICKERING |
| mlyon@gibsondunn.com | HALE AND DORR LLP |
| GIBSON, DUNN & CRUTCHER LLP | 60 State Street |
| 1881 Page Mill Road | Boston, Massachusetts 02109 |
| Palo Alto, California 94304-1211 | Telephone: (617) 526-6000 |
| Telephone: (650) 849-5300 | Facsimile: (617) 526-5000 |
| Facsimile: (650) 849-5333 | |
| HAROLD J. McELHINNY (CA SBN 66781) | MARK D. SELWYN (CA SBN 244180) |
| hmcelhinny@mofo.com | mark.selwyn@wilmerhale.com |
| JAMES P. BENNETT (CA SBN 65179) | WILMER CUTLER PICKERING |
| jbennett@mofo.com | HALE AND DORR LLP |
| JACK W. LONDEN (CA SBN 85776) | 950 Page Mill Road |
| jlonden@mofo.com | Palo Alto, California 94304 |
| RACHEL KREVANS (CA SBN 116421) | Telephone: (650) 858-6000 |
| rkrevans@mofo.com | Facsimile: (650) 858-6100 |
| RUTH N. BORENSTEIN (CA SBN 133797) | |
| rborenstein@mofo.com | |
| ERIK J. OLSON (CA SBN 175815) | |
| ejolson@mofo.com | |
| Morrison & Foerster LLP | |
| 425 Market Street | |
| San Francisco, California 94105-2482 | |
| Telephone: (415) 268-7000 | |
| Facsimile: (415) 268-7522 | |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | |
| Plaintiff, | |
| vs. | Case No. 12-cv-00630-LHK |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **APPLE INC.'S MOTION FOR STAY OF ORDER RE: MOTIONS TO SEAL (ECF 1981)** |
| Defendants. | |

**NOTICE OF MOTION AND MOTION**

On September 18, 2014, this Court issued an Order Re: Motions to Seal (ECF No. 1981) ("Sealing Order").  Shortly thereafter, the Court granted the parties' stipulation to file any renewed motions to seal or to stay by October 9, 2014.  Apple Inc. ("Apple") hereby moves for a stay of the Court's Sealing Order as it relates to Exhibit 8 to the Declaration of Michael L. Fazio in Support of Samsung's Notice of Motion and Motion to Strike Expert Testimony Based on Previously Disclosed Theories ("Fazio Exhibit 8"); Apple Inc.'s Notice of Motion and Motion to Strike Arguments from Samsung's Infringement Expert Reports Regarding Samsung Patents ("Apple's Motion to Strike Regarding Samsung Patents"); Exhibits 10, 14, and 16 to the Declaration of Peter J. Kolovos in Support of Apple Inc.'s Opposition to Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions ("Kolovos Exhibits 10, 14 and 16"); and Exhibit 6 to the Declaration of Todd Briggs in Support of Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions Inconsistent with the Court's Markman Order ("Briggs Exhibit 6") for the reasons set forth herein.

Apple's counsel met and conferred with Samsung's counsel regarding this motion, and Samsung does not oppose Apple's Motion for Stay.

**RELIEF REQUESTED**

Apple seeks an order staying the Court's Sealing Order (ECF No. 1981) as it relates to Fazio Exhibit 8; Apple's Motion to Strike Regarding Samsung Patents; Kolovos Exhibits 10, 14 and 16; and Briggs Exhibit 6 until the later of:  (1) a ruling granting Apple's Motion for Reconsideration of the Court's Sealing Order; or (2) in the event that the Court denies in whole or in part Apple's Motion for Reconsideration, a ruling by Judge Koh on Apple's or a third party's motion for relief of non-dispositive order pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) (or in the alternative pending resolution of any appeal to the  Federal Circuit).

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Apple's requests a limited stay of the Court's Sealing Order with regard to the documents that are subject to Apple's Motion for Reconsideration. This limited stay is warranted because the documents on which Apple has moved for reconsideration contain confidential source code information and/or confidential third party information.

There is no substantial countervailing public or private interest in the immediate disclosure of Apple's confidential source code information or confidential third party information. However, even if there were such an interest, it would suffer no harm if the information subject to Apple's Motion to Stay were not released until after the Court has ruled on Apple's Motion for Reconsideration and/or the resolution of any appeal to the Federal Circuit.

## ARGUMENT

To obtain a stay, "a movant must establish a strong likelihood of success on the merits, or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor." *Merial Ltd. v. Cipla Ltd.*, 426 Fed. App'x 915, 915 (Fed. Cir. 2011) (unpublished)(citing *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)). Although courts may also consider the impact of a stay on other parties and the public, the likelihood of success and irreparable injury prongs are important elements. *See, e.g.*, *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 449 Fed. App'x 35, 36 (Fed. Cir. 2011); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512-13 (Fed. Cir. 1990) ("When harm to applicant is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the merits.'").

**I.   APPLE HAS A STRONG LIKELIHOOD OF SUCCESS ON THE MERITS**

    **A.   The Court Has Previously Sealed Similar Information.**

Apple has a strong likelihood of success because Apple seeks to seal confidential source code information and confidential technical information of third parties. *See Merial Ltd.*, 426 Fed. App'x at 915. The Court has previously granted Apple's request to seal similar

information.  *See, e.g.*, Case No. 11-cv-01846, ECF No. 1649 at 8 (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (granting Apple's request to seal schematics and source code related to Apple products)).  The Court granted Apple leave to seek reconsideration regarding Fazio Exhibit 8.  *See* ECF No. 1981 at 15.  The Court also sealed similar third party confidential information.  *See* ECF No. 1981 at 8 (sealing portions of Samsung's Opposition to Apple's Motion to Strike Arguments from Samsung's Infringement), 14 (sealing portions of Exhibit 6 to the Declaration of Todd Briggs (ECF No. 878-11)).  As such, Apple's Motion for Reconsideration is likely to succeed on its merits.

        **B.**        <u>**The Lower "Good Cause" Standard Applies.**</u>

The documents on which Apple has moved for reconsideration were all filed in connection with the briefing regarding the parties' motions to strike.  As such, none of the information sought to be sealed was filed in connection with a dispositive motion.  Accordingly, the lower "good cause" standard applies.  *See Apple Inc. v. Samsung Electronics Co., Ltd.*, No. 2012-1600 at 11-12 (Fed. Cir. Aug. 23, 2013) ("the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action") (*citing Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks omitted)).

        **C.**        <u>**The Court Previously Stayed Orders in Similar Circumstances.**</u>

The Court has previously found that a stay is appropriate to allow the Court time to consider and rule on a motion for reconsideration.  For example, when faced with similar circumstances, the Court found that Exhibit 6 to the Pernick Declaration in Support of Apple's Motion to Strike Portions of Samsung's Expert Reports (Case No. 11-cv-01846, ECF No. 939-4) contained third-party source code references that were "proprietary and therefore appropriately may be sealed" and invited Samsung to "move to seal narrowly tailored redactions of only the source code references."  *See* Case No. 11-cv-01846, ECF No. 2222 at 24:17-20.  In connection therewith, the Court granted a motion to stay its initial order denying sealing so that the parties could file renewed motions to seal.  *See* Case No. 11-cv-01846, ECF No. 2232 at 2:6-11 ("To the

extent that Samsung seeks to stay the February 1 order with regards to the exhibits containing third-party source code until the court resolves its renewed motion to seal, the court finds that a stay is warranted."). Accordingly, the Court should also grant a stay here.

## II.     THE BALANCE OF HARMS WEIGHS IN APPLE'S FAVOR

Denial of a stay in this case would cause irreparable harm to Apple and third parties by forcing the release to the public of confidential information whose secrecy, once lost, cannot be restored. As the Court previously observed, the harm in allowing confidential information into the public domain is substantial, irreversible and irreparable: "When the information is publicly filed, what once may have been a trade secret will no longer be." *See* Case No. 11-cv-01846, ECF No. 2047 at 7:6-7.

Additionally, the public has little or no legitimate interest in access to confidential information. To the extent that it does, that interest will not be meaningfully impaired by a delay in the information's release while Apple's Motion for Reconsideration and/or appeal are considered. Accordingly, these factors weigh heavily in favor of a stay.

## **CONCLUSION**

For the foregoing reasons, the Court should stay the Court's Sealing Order (ECF No. 1981) as it relates to Fazio Exhibit 8; Apple's Motion to Strike Regarding Samsung Patents; Kolovos Exhibits 10, 14, and 16; and Briggs Exhibit 6 until the later of: (1) a ruling granting Apple's Motion for Reconsideration of the Court's Sealing Order; or (2) in the event that the Court denies in whole or in part Apple's Motion for Reconsideration, the resolution of any appeal to the Federal Circuit.

Dated:  October 9, 2014               WILMER CUTLER PICKERING
                                       HALE AND DORR LLP

                              By:     */s/ Mark D. Selwyn*_____
                                       Mark D. Selwyn
                                       mark.selwyn@wilmerhale.com
                                       WILMER CUTLER PICKERING
                                        HALE AND DORR LLP
                                       950 Page Mill Road

Palo Alto, CA 94304

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 9, 2014, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                      */s/ Mark D. Selwyn*
                                      Mark D. Selwyn