COURTLAND L. REICHMAN (CA Bar 268873)
STEPHANIE M. ADAMS (CA Bar 289548)
**MCKOOL SMITH, P.C.**
255 Shoreline Drive, Suite 510
Redwood City, CA  94065
Tel:  (650) 394-1401
Fax: (650) 394-1422
creichman@mckoolsmith.com

STEVEN CALLAHAN
(Admitted *Pro Hac Vice*)
**CHARHON CALLAHAN ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Tel: (469) 587-7240
Fax: (214) 764-8392
scallahan@ccrglaw.com

*Counsel for Non-Party Ericsson Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**NON-PARTY ERICSSON INC.'S BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF SEPTEMBER 18, 2014 ORDER (ECF NO. 1981) DENYING ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL** |

Non-Party Ericsson Inc. ("Ericsson") files this Brief In Support Of Motion For Reconsideration Of September 18, 2014 Order (ECF No. 1981) Denying Administrative Motions To File Documents Under Seal, and respectfully shows as follows:

**FACTUAL BACKGROUND**

On September 18, 2014, the Court issued an Order addressing 30 administrative motions to seal covering hundreds of documents. ECF No. 1981. As part of the Order, the Court denied in part Samsung's Administrative Motion To File Documents Under Seal Relating To Samsung's Motion To Strike Expert Testimony Based On Undisclosed Theories And Claim Constructions Inconsistent With The Court's *Markman* Order (ECF No. 878) ("Samsung's Administrative Motion") thereby requiring certain portions of Exhibit 6 to the Declaration of Todd Briggs filed in support of Samsung's Administrative Motion to be unsealed. Exhibit 6 is the Expert Report of Dr. Thomas E. Fuja, one of Apple's experts in this case, which Samsung filed in connection with its motion to strike Apple's expert testimony. Exhibit 6 contains or discloses Ericsson's trade secrets and highly confidential information concerning the technical workings of Ericsson products which Apple and Samsung obtained through third-party subpoenas issued in connection with this case.

On November 6, 2013, Samsung notified Ericsson that Samsung's motion to strike expert testimony contained, as an attachment, a copy of Dr. Fuja's expert report. Thereafter, Samsung provided Ericsson with a redacted copy of Dr. Fuja's expert report that disclosed the Ericsson trade secrets and highly confidential information. Ericsson promptly filed its Non-Party Brief In Support Of Samsung's Administrative Motion to File Documents Under Seal (ECF No. 926), along with a seven page declaration of Ericsson employee Billy Hogan, Senior Specialist in Enhanced Uplink. (*See* ECF No. 926-1, which is attached hereto as Ex. 1).

In his declaration, Mr. Hogan generally describes the Ericsson confidential information at-issue with Samsung's sealing request, and describes in detail the confidentiality of the Ericsson information at-issue. *See generally* Ex. 1. Mr. Hogan describes how Ericsson maintains the confidentiality of its highly confidentiality information and trade secrets, the harm that could be inflicted upon Ericsson if the information at-issue was disclosed, and the value of the information at-issue. *Id.* at ¶ 9. Mr. Hogan also details how Ericsson produced the at-issue information to the parties in response to subpoenas received by Ericsson, designated the at-issue information under the Court's protective order as "Highly Confidential—Attorney's Eyes Only,"

1  and relied upon the protections contained in the Court's protective order when producing the at-
2  issue information. *Id.* For example, Ericsson, a non-party to this litigation, understood that only a
3  limited number of individuals (such as the parties' outside counsel and certain experts who had
4  been disclosed in advance to Ericsson) would be entitled to review the at-issue information. *Id.* at
5  ¶ 10.

6  The Court's September 18, 2014 Order (ECF No. 1981) denied Samsung's
7  Administrative Order with respect to certain portions of Exhibit 6 to the Declaration of Todd
8  Briggs. Specifically, the Court ordered unsealed certain portions of Exhibit 6 that contain
9  Ericsson's highly confidential information and trade secrets because, according to the Court, the
10 "unsealed portions lack supporting declaration." ECF No. 1981 at 14. Ericsson respectfully
11 submits, however, that the supporting declaration was filed by Ericsson in connection with its
12 Non-Party Brief In Support Of Samsung's Administrative Motion to File Documents Under Seal.
13 *See* ECF Nos. 926 and 926-1. Accordingly, because Exhibit 6 to the Declaration of Todd Briggs
14 filed in support of Samsung's Motion To Strike Expert Testimony Based On Undisclosed
15 Theories And Claim Constructions Inconsistent With The Court's *Markman* Order contains or
16 discloses Ericsson's highly confidential information and trade secrets, Ericsson respectfully
17 requests that the Court reconsider its ruling and allow the portions containing Ericsson's
18 confidential information and trade secrets to remain sealed. The portions of Exhibit 6 to the
19 Declaration of Todd Briggs that the Court ordered unsealed that Ericsson respectfully requests be
20 allowed to remain sealed are:

21     Page 147, Paragraph 449: Entire first sentence;
22     Page 147, Paragraph 450: Entire first sentence; and
23     Page 148, Paragraph 451: Entire last sentence.[1]

24                                **ARGUMENT**

25 Ericsson respectfully requests that the Court reconsider its ruling with respect to the

---

[1] Counsel for both Samsung and Ericsson informed counsel for Ericsson that these three sentences contained in Paragraphs 449-451 are the only portions of Exhibit 6 to the Declaration of Todd Briggs that the Court ordered unsealed that relate to Ericsson. To the extent that other Ericsson confidential information is at-issue, Ericsson respectfully requests that the Court allow such information to remain sealed as well.

3

1  unsealing of portions of Exhibit 6 to the Declaration of Todd Briggs filed in support of
2  Samsung's Motion To Strike Expert Testimony Based On Undisclosed Theories And Claim
3  Constructions Inconsistent With The Court's *Markman* Order and allow the portions containing
4  Ericsson's confidential information and trade secrets to remain sealed. In this lawsuit, Ericsson
5  received two subpoenas—one from Samsung and one from Apple—requesting technical
6  documents concerning Ericsson's products. *See* Ex. 1 at ¶¶ 4-5. In response to these subpoenas,
7  Ericsson produced over a thousand pages of internal Ericsson documents. *Id.* at ¶ 6. Ericsson
8  designated those documents that contained Ericsson's highly confidential information and/or
9  trade secrets as "Highly Confidential—Attorneys' Eyes Only" pursuant to the Court's protective
10 order. *Id.*

11      It is well-established that the Court has authority to permit confidential materials to be
12 filed under seal. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(G) (the court may "requir[e] that a trade secret
13 or other confidential research, development, or commercial information not be revealed or be
14 revealed only in a specified way"). A party seeking to seal materials in connection with a
15 nondispositive motion need only show good cause. *See, e.g.*, *In re Midland Nat. Life Ins. Co.*
16 *Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) ("[A] particularized showing
17 of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy
18 of sealed discovery documents attached to non-dispositive motions."); *Pintos v. Pac. Creditors*
19 *Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in
20 nondispositive materials, we apply the 'good cause' standard when parties wish to keep them
21 under seal.").

22      Good cause exists here to allow the Ericsson at-issue information to remain under seal.
23 *First*, Ericsson has submitted the Hogan Declaration establishing that the at-issue information
24 constitutes Ericsson's highly confidential information concerning the technical workings of
25 Ericsson's products, which Ericsson maintains as trade secrets and in strict confidence. *See* ECF
26 No. 926-1 and Ex. 1. Ericsson protects the confidentiality of such information through the use of
27 password protection technology, labeling the information as "confidential," and through the use
28 of confidentiality agreements. *Id.* at ¶ 9. The Hogan Declaration specifically addresses

1  paragraphs 449-451 of Exhibit 6 (i.e., the paragraphs now at risk of being unsealed), and explains that the at-issue information relates to whether certain technical characteristics are present in Ericsson products and hardware. *Id*. at ¶¶ 8(d) and 8(e.)

*Second*, the disclosure of the at-issue information could cause Ericsson competitive and economic harm in the marketplace. *Id.* Ericsson's confidential technical information has independent economic value from not being generally known to or readily ascertainable by other persons, such as those who might obtain economic value from the disclosure of the technical information. Ericsson also spends substantial amounts of money in developing its products and in maintaining technical information concerning the products as confidential. *Id.*

*Finally*, Ericsson designated the at-issue information as "Highly Confidential—Attorneys' Eyes Only" pursuant to the Court's protective order, and, in producing these materials to Apple and Samsung, Ericsson (a non-party) relied on the Court's protective order to permit the disclosure of the materials only to a limited number of individuals, such as the parties' outside counsel and those experts Ericsson had received notice of and an opportunity to object to, and not the general public.

## CONCLUSION

For these reasons, good cause exists to maintain the Ericsson at-issue information under seal, and Ericsson respectfully requests that the Court grant its Motion for Reconsideration and allow the following Ericsson confidential information contained in Exhibit 6 to the Declaration of Todd Briggs filed in support of Samsung's Administrative Motion To File Documents Under Seal Relating To Samsung's Motion To Strike Expert Testimony Based On Undisclosed Theories And Claim Constructions Inconsistent With The Court's *Markman* Order (ECF No. 878) to be maintained under seal:

Page 147, Paragraph 449: Entire first sentence;

Page 147, Paragraph 450: Entire first sentence; and

Page 148, Paragraph 451: Entire last sentence.

5

1
2  Dated: October 9, 2014                    Respectfully submitted,
3
4                                            COURTLAND REICHMAN
                                             STEPHANIE M. ADAMS
5                                            California Bar No. 268873
                                             **MCKOOL SMITH, P.C.**
6                                            255 Shoreline Drive, Suite 510
                                             Redwood City, CA  94065
7                                            Tel:  (650) 394-1401
                                             Fax: (650) 394-1422
8                                            creichman@mckoolsmith.com
9
                                             STEVEN CALLAHAN
10                                           (Admitted *Pro Hac Vice*)
                                             scallahan@ccrglaw.com
11                                           **CHARHON CALLAHAN
                                             ROBSON & GARZA, PLLC**
12                                           3333 Lee Parkway, Suite 460
                                             Dallas, Texas 75219
13                                           Tel: (469) 587-7240
                                             Fax: (214) 764-8392
14
15                                           *Counsel for Non-Party Ericsson Inc.*
16
17
18                        **CERTIFICATE OF SERVICE**
19
        The undersigned certifies that on this day, October 9, 2014, the foregoing document was
20 served electronically, via ECF, on all counsel of record registered to receive ECF notifications in
   this case.
21
22
                                             Steven Callahan
23
24
25
26
27
28

6