# Exhibit 1

Courtland L. Reichman (CA Bar. 268873)
MCKOOL SMITH HENNIGAN, P.C.
255 Shoreline Drive, Suite 510
Redwood City, CA 94065
Tel: (650) 394-1401
Fax: (650) 394-1422
creichman@mckoolsmith.com

STEVEN CALLAHAN
(*Pro Hac Vice* Application to be filed)
CHARHON CALLAHAN
ROBSON & GARZA, PLLC
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Tel: (469) 587-7240
Fax: (214) 764-8392
scallahan@ccrglaw.com

*Counsel for Non-Party Ericsson Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**DECLARATION OF BILLY HOGAN IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL RELATING TO SAMSUNG'S MOTION TO STRIKE EXPERT TESTIMONY BASED ON UNDISCLOSED THEORIES AND CLAIM CONSTRUCTIONS INCONSISTENT WITH THE COURT'S *MARKMAN* ORDER** |

## DECLARATION OF BILLY HOGAN

I, Billy Hogan, declare as follows:

1. I understand that this declaration is in support of Samsung's Administrative Motion to File Documents Under Seal Relating to Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions Inconsistent with the Court's *Markman* Order (ECF No. 878).

2. My position at Ericsson ("Ericsson," as used herein, means Ericsson Inc. and its affiliates) is Senior Specialist in Enhanced Uplink, and I have been employed by Ericsson since 1995. I have personal knowledge of the information contained herein and it is true and correct to the best of my knowledge, information and belief.

3. Ericsson is not a party to the above-captioned litigation.

4. I understand that, on or about January 10, 2013, Ericsson received a subpoena (the "Apple subpoena") from Apple, Inc. ("Apple") seeking, among other things, documents concerning certain Ericsson products and Ericsson activities.

5. I also understand that, on or about January 24, 2013, Ericsson received a subpoena (the "Samsung subpoena") from Samsung Electronics Co., Ltd. ("Samsung") seeking, among other things, documents concerning certain Ericsson products.

6. In response to Apple's subpoena and Samsung's subpoena, I understand that Ericsson produced certain Ericsson documents bearing Bates labels ERICSSON630-000001 to ERICSSON630-000821 and ERICSSON630-800 to ERICSSON630-1168. I understand that these documents were designated as "Highly Confidential—Attorneys' Eyes Only" pursuant to the Court's protective order.

7. I further understand that, on November 6, 2013, Samsung's counsel sent an e-mail to Ericsson's counsel stating in relevant part: "On November 5, Samsung filed under seal Samsung's Motion to Strike Apple's Expert Testimony. Exhibit 6 to the Briggs Declaration in Support of the Motion is a copy of the Expert Report of Dr. Thomas E. Fuja prepared in the *Apple, Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 12-cv-00630 (LHK). See Dkt. No. 878-1 (attached). This expert report contains information that was produced by Apple in the

1 above-captioned case and designated by Apple as containing Apple and Third Party Highly
2 Confidential Information. This information may be confidential to Ericsson. Accordingly,
3 Ericsson may want to file a declaration supporting the confidentiality of this information."

4     8.    I understand that, subsequently, on November 7, 2013, Samsung's counsel provided
5 Ericsson's counsel with a redacted copy of the Fuja expert report, which I have reviewed. In the
6 redacted copy of the Fuja expert report, Dr. Fuja discusses Ericsson highly confidential
7 information concerning Ericsson products on pp. 101, 106-107, 108, 147-148, 149, and 150.
8 Specifically:

    a.    <u>Page 101</u>: Page 101 of the Fuja expert report copies a chart from an internal Ericsson technical document. The chart contains technical information regarding the workings of Ericsson's base station products and network, such as information concerning information elements, present value/value range, and information concerning rules / parameter origin / comments / references. As the Fuja expert report notes (at p. 101), the chart is found at ERICSSON630-1112. ERICSSON630-800-ERICSSON630-1146 (i.e., the document containing the chart found at ERICSSON630-1112) is an internal Ericsson document titled "WRAN PROTOCOL MODEL REPORT" and every page of this document is labeled "Ericsson Confidential." When this document was produced by Ericsson pursuant to the subpoenas served on Ericsson, it was designated by Ericsson as "Highly Confidential—Attorneys' Eyes Only."

    b.    <u>Pages 106-107</u>: Pages 106-107 of the Fuja expert report contain a reference to two internal Ericsson technical documents and Dr. Fuja's characterization of what these documents purportedly demonstrate.[1] Specifically, Dr. Fuja makes reference to certain technical characteristics that he believes are found within Ericsson's base stations, and cites two

---

[1] I do not offer any opinions concerning the accuracy of Dr. Fuja's characterizations or conclusions. This declaration is only submitted to discuss the confidentiality of the Ericsson information disclosed, discussed, cited, and/or referenced in Dr. Fuja's expert report.

3

Ericsson documents as the source of his characterization. The two cited Ericsson documents are ERICSSON630-800-1146 at 1112 and ERICSSON630-000155-502 at 467. I discussed ERICSSON630-800-1146 in Paragraph 8(a), above. The second document (i.e., ERICSSON630-000155-502) is the same document as ERICSSON630-800-1146 but it was initially produced to Apple and Samsung with redactions. ERICSSON630-000155-502 at 467 contains the same chart that I discuss in Paragraph 8(a), above.

c.   **Page 108**: Page 108 of the Fuja expert report contains a reference to two internal Ericsson technical documents and Dr. Fuja's characterizations of what these documents purportedly demonstrate. Specifically, Dr. Fuja makes reference to two Ericsson technical documents and then offers an opinion as to whether Ericsson's hardware performs in a certain manner. To support his opinion, Dr. Fuja quotes directly from an internal Ericsson document. The two Ericsson documents discussed on page 108 of the Fuja expert report are ERICSSON630-000155-502 at 467 and ERICSSON630-800-1146 at 1112. These are the two Ericsson documents I have discussed in Paragraphs 8(a)-(b), above.

d.   **Pages 147-148**: Pages 147-148 of the Fuja expert report contain a reference to two internal Ericsson technical documents and Dr. Fuja's characterizations of what these documents purportedly demonstrate. Specifically, Dr. Fuja offers an opinion as to whether the equipment Ericsson provides to a certain Ericsson customer uses information in a certain manner. To support his opinion, Dr. Fuja cites to ERICSSON630-000800-821 at 806, 808 and ERICSSON630-1147-1168 at 1153, 1155. The document produced by Ericsson pursuant to the subpoenas as ERICSSON630-000800-821 is an internal Ericsson document titled "Statement of Compliance to TS 25.321." The document's first page states

"Commercial in Confidence – Copyright Ericsson" and Ericsson designated this document as "Highly Confidential-Attorneys' Eyes Only" under the Court's protective order. The document contains confidential technical information regarding Ericsson's products. The second document referenced by Dr. Fuja (i.e., ERICSSON630-1147-1168 at 1153, 1155) is the same document as ERICSSON630-000800-821, but in unredacted form (Ericsson produced the document in redacted form as ERICSSON630-000800-821). ERICSSON630-1147-1168 was also designated by Ericsson as "Highly Confidential—Attorneys' Eyes Only" pursuant to the Court's protective order.

e.   **Page 148 at Paragraph 451**: Paragraph 451 of Dr. Fuja's expert report offers an opinion on the technical characteristics of Ericsson's products used by a certain Ericsson customer. I understand that this customer produced a confidential Ericsson document to Samsung and/or Apple pursuant to a subpoena(s) in this lawsuit. The document at issue is "WCDMA Air Interface and RAN Protocols & Procedures at 181, 194-195, 511-512." The document states: "This document was produced by Ericsson. It is used for training purposes only and may not be copied or reproduced in any manner without the express written consent of Ericsson." I understand that this document was given in confidence by Ericsson to Ericsson's customer, the document is subject to a non-disclosure agreement with the Ericsson customer, Ericsson expects the customer to keep the document confidential, and the customer designated the document as "Highly Confidential-Attorneys' Eyes Only" under the Court's protective order.

f.   **Page 149**: Page 149 of the Fuja expert report contains a reference to three Ericsson technical documents and Dr. Fuja's characterizations of what these documents purportedly demonstrate. Specifically, Dr. Fuja

5

1   makes reference to three Ericsson technical documents and then offers an
2   opinion as to whether Ericsson's hardware performs in a certain manner.
3   To support his opinion, Dr. Fuja quotes directly from an internal Ericsson
4   document. The three documents referenced by Dr. Fuja are
5   ERICSSON630-000800-821 at 806, 808 (discussed in Paragraph 8(d),
6   above); ERICSSON630-1147-1168 at 1153 (discussed in Paragraph 8(d),
7   above); and WCDMA Air Interface and RAN Protocols & Procedures at
8   181, 194-195, 511-512 (discussed in Paragraph 8(e), above).

   g.   **Page 150**: Page 150 of the Fuja expert report contains a quotation
9   from an Ericsson technical document that describes a technical
10  characteristic of Ericsson's products. Although Dr. Fuja does not reference
11  the document (or at least it is not visible to me) by Bates number on page
12  150, he cites a document (i.e., ERICSSON630-1147-1168 at 1153) that
13  uses the same quote from on p. 149 of his report. I discuss
14  ERICSSON630-1147-1168 at 1153 at Paragraph 8(d) above.
15

16  9.   The Ericsson technical information disclosed, discussed, cited, and/or referenced in Dr.
17  Fuja's expert report constitutes Ericsson's highly confidential technical information and it was
18  designated as "Highly Confidential—Attorneys' Eyes Only" information when produced to the
19  parties in this lawsuit pursuant to the Court's protective order. Ericsson maintains its highly
20  confidential information, including the documents and information described herein, as trade
21  secrets, which Ericsson goes to great lengths to protect. Some of the measures that Ericsson
22  routinely takes to protect such information is labeling the information "confidential," using
23  password protection technology to protect the information, and through the use of confidentiality
24  agreements. The disclosure of Ericsson's trade secrets to others could cause Ericsson severe
25  competitive and economic harm in the marketplace. Ericsson's confidential technical
26  information has independent economic value from not being generally known to or readily
27  ascertainable by other persons who might obtain economic value from the disclosure of the
28

1  technical information. Further, Ericsson spends substantial amounts of money in developing its
2  products and in maintaining technical information concerning its products as confidential.
3  10. When Ericsson produced its technical documents to the parties in this litigation, Ericsson
4  relied on the protections for highly confidential information found in the Court's protective
5  order. Specifically, Ericsson understood that only a limited number of individuals, such as the
6  parties' outside counsel and certain experts who had been disclosed in advance to Ericsson,
7  would be entitled to review Ericsson's confidential information and that they would be obligated
8  pursuant to the Court's protective order to maintain the information in confidence and to use it
9  only for the purpose of this lawsuit.
10 I declare under penalty of perjury under the laws of the United States of America that to
11 the best of my knowledge the foregoing is true and correct.

13 Executed:      November 12, 2013
14 Place:         Stockholm, Sweden                    /s/ Billy Hogan
15                                                    Billy Hogan

## LOCAL RULE 5-1(i)(3) ATTESTATION

I, Courtland Reichman, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that the concurrence in the filing of this document has been obtained from the signatory hereto.

Dated: November 12, 2013

*/s/ Courtland Reichman*

COURTLAND REICHMAN

*Counsel for Non-Party Ericsson Inc.*