QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (FSG)<br><br>**SAMSUNG'S UNOPPOSED NOTICE OF MOTION AND MOTION FOR PARTIAL RECONSIDERATION OF SEPTEMBER 18, 2014 SEALING ORDER [DKT. NO. 1981]; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    TBA<br>Time:    TBA<br>Place:    Courtroom 5, 4th Floor<br>Judge:    Hon. Paul S. Grewal |

## NOTICE OF MOTION AND MOTION

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD, AND TO THE CLERK AND HONORABLE JUDGE OF THE COURT, PLEASE TAKE NOTICE THAT pursuant to Civil Local Rules 7-9, 7-11 and 79-5, Defendants and counter-claim Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") move the Court for reconsideration of the portions of the September 18, 2014 Order (Dkt. No. 1981) denying Samsung's motion to file under seal Exhibit 10 to the Supplemental Declaration of Michael L. Fazio (Dkt. No. 1018-07) and Exhibit 1 to the Declaration of Samuel Drezdon in Support of Samsung's Opposition to Apple Inc.'s Motion to Strike Arguments from Samsung's Infringement Reports (Dkt. No. 963-06). Samsung bases the Motion on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the Declaration of Michael L. Fazio filed concurrently herewith; the previously filed Declarations of Daniel Woosoeb Shim in this action (Dkt. Nos. 538, 610, 692, 880-2, 949, 962-15, 1018-8); the Declaration of Christopher L. Kelley to be filed by third-party Intel; and such further briefing, evidence or argument that the Court may order.   As mentioned in the Declaration of Michael L. Fazio, Apple does not oppose Samsung's motion.

## RELIEF REQUESTED

Samsung requests an order permitting Samsung to file under seal portions of Exhibit 10 to the Supplemental Declaration of Michael L. Fazio in Support of Samsung's Reply in Support of its Motion to Strike Expert Testimony Based on Previously Undisclosed Theories (Dkt. No. 1018-07) because the document includes Samsung's confidential information, and portions of Exhibit 1 to the Declaration of Samuel Drezdzon in Support of Samsung's Opposition to Apple Inc.'s Motion to Strike Arguments from Samsung's Infringement Reports (Dkt. No. 963-06) because third-party Intel maintains a claim of confidentiality over portions of the document.

1

DATED: October 9, 2014

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

2

3

4

By  /s/ Michael L. Fazio

5

Victoria F. Maroulis
Michael L. Fazio
Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02198.51981/6274141.1

-2-                          Case No. 12-CV-00630-LHK (PSG)
SAMSUNG'S UNOPPOSED MOTION FOR PARTIAL RECONSIDERATION OF SEPT. 18, 2014 SEALING
ORDER

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ........................................................................1

RELIEF REQUESTED ..............................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................1

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS.........................................................................................1

ARGUMENT ............................................................................................................2

I.      THE COURT MAY PROPERLY RECONSIDER ITS PRIOR RULING...........................2

II.     THE COURT SHOULD SEAL SOURCE CODE INFORMATION................................3

        A.      The Court Previously Sealed the Entirety of the Response to Interrogatory
                No. 41 and Attachment A; It Should Therefore Seal the Excerpts Now...................3

        B.      The Information Was Submitted in Connection with a Non-Dispositive
                Motion; Thus, the Presumption of the Public's Right to Access Is Rebutted. ...........3

        C.      The Law Is Unequivocal: Source Code Is Properly Sealed. .....................................4

CONCLUSION .........................................................................................................5

# TABLE OF AUTHORITIES

**Page**

### Cases

*Agency Solutions.Com, LLC v. TriZetto Group, Inc.*,
    819 F. Supp. 2d 1001 (E.D. Cal. 2011) ........................................................................4

*Christianson v. Colt Indus. Operating Corp.*,
    486 U.S. 800 (1988) ........................................................................................................2

*In re Copley Press, Inc. v. Ismael Highera-Guerrero*,
    518 F.3d 1022 (9th Cir. 2008) ......................................................................................4

*Dynetix Design Solutions Inc. v. Synopsys Inc.*,
    2012 WL 8586372 (N.D. Cal. Dec. 17, 2012) ............................................................4

*Foltz v. State Farm Mut. Auto Ins. Co.*,
    331 F.3d 1122 (9th Cir. 2003) ......................................................................................3

*Kamakana v. City and Cty. of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) ......................................................................................3

*Sch Dist. No. 1 J, Multnomah Cnty., Or. v. ACandS, Inc.*,
    5 F.3d 1255 (9th Cir. 1993) ..........................................................................................2

*United States v. Quintanilla, No. CR 09-01188 SBA*,
    2011 WL 4502668 (N.D. Cal. Sept. 28, 2011) ...........................................................2

### Rules

Local Civil Rule 7-9(a) ........................................................................................................2

Local Civil Rule 7-9(b) ........................................................................................................2

Rule 26(c) .............................................................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Samsung seeks reconsideration of the Court's September 18, 2014 Order denying sealing as to only one exhibit that contains Samsung CBI, which consists of excerpts from an interrogatory response that the Court previously sealed in its entirety.   Dkt. No. 1151 at 48:6-23 (order granting sealing of documents filed in support of the parties' summary judgment papers including, *inter alia*, the exhibits at Dkt. No. 1066); Dkt. No. 1066-04 (highlighted version of response to Interrogatory No. 41 and Attachment A ordered sealed)   The information Samsung seeks to seal in that exhibit consists solely of source code information, which the Court held is properly sealable.

In addition, Samsung seeks reconsideration as to Exhibit 1 to the Declaration of Samuel Drezdon (Dkt. No. 963-06) because third-party Intel has informed Samsung that it considers portions of the document confidential.   Samsung expects that Intel will file a declaration in support of this motion establishing that the portions of Exhibit 1 it considers confidential are properly sealable.[1]

## STATEMENT OF FACTS

On September 18, 2014, the Court ruled on 30 administrative motions to file "hundreds of documents" under seal.   *See generally* Dkt. No. 1981.   The Court granted in part and denied in part the parties' motions.   *See id.*   The Court's denial of sealing as to Exhibit 10 to the Supplemental Declaration of Michael L. Fazio (Dkt. No. 1018-07) implicates Samsung's source code, including file names, paths, and directories.   The exhibit consists of four pages: a three-page excerpt from Samsung's response to Interrogatory No. 41, and a single-page page excerpt from Attachment A to the response.   Fazio Decl. Exh. A.   The excerpt from Attachment A lists Android versions, internal Samsung software versions, and Perforce server path information for Samsung devices on different carriers.   *Id.* at 14.   Importantly, on January 21, 2014, in ruling on

---

[1]   Samsung believes that additional third-party, confidential information may be implicated by the Court's order and understands that any such third parties also may be moving for reconsideration.

1  the parties' sealing requests in connection with summary judgment, the Court previously ordered

2  sealed the entirety of the response and Attachment A.   Dkt. No. 1151 at 48:6-23 (order granting

3  sealing of documents filed, *inter alia*, at Dkt. No. 1066); Dkt. No. 1066-04 (highlighted version of

4  response to Interrogatory No. 41 and Attachment A ordered sealed).[2]

5  **ARGUMENT**

6  **I.   THE COURT MAY PROPERLY RECONSIDER ITS PRIOR RULING.**

7       The Court has discretion to reconsider its prior orders.   *See United States v. Quintanilla*,

8  No. CR 09-01188 SBA, 2011 WL 4502668, at *5 (N.D. Cal. Sept. 28, 2011).   Local Civil Rule 7-

9  9(a) provides that any party can request "leave to file a motion for reconsideration of any

10  interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b)."   Rule 7-

11  9(b), in turn, makes reconsideration appropriate if the court committed clear error or the initial

12  decision was manifestly unjust.   *See Quintanilla*, 2011 WL 4502668, at *5 (*citing Sch. Dist. No. 1

13  J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).   Additionally, the

14  Court has inherent authority to reconsider interlocutory orders to prevent manifest injustice.   *Id.* at

15  *5 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

16       Here, Samsung respectfully submits that the Court should reconsider its prior ruling to

17  avoid the injustice of having Samsung's proprietary source code released into the public domain.

18  Samsung developed that code using employees, time, and money.   The public at large (and

19  Samsung's competitors in particular) should not receive a windfall and gain the fruits of that labor

20  by having access to source code that would otherwise take great time and effort to develop.

21  Notably, Samsung has limited the proposed sealing to only source code information.

22       The Court should also reconsider its ruling in light of its prior ruling that sealed the

23  entirety of the interrogatory response and Attachment A, and in light of well settled authority

24  establishing that source code is the type of information that is well suited for sealing.   Given that

25  precedent, the ruling at issue satisfies the foregoing standard.

26

27       [2]    Samsung provides a highlighted version of Exhibit 10, with the portions sought to be
     sealed highlighted in green, as Exhibit A to the concurrently filed Declaration of Michael L. Fazio.
28

II.     **THE COURT SHOULD SEAL SOURCE CODE INFORMATION.**

      A.     **The Court Previously Sealed the Entirety of the Response to Interrogatory No. 41 and Attachment A; It Should Therefore Seal the Excerpts Now.**

On January 21, 2014, the Court – applying the stricter "compelling reasons" standard – granted the parties' motions to seal documents filed in connection with motions for summary judgment.   Dkt. No. 1151.   Not only did those papers include the same type of information as the documents subject to this motion (*see generally* Dkt. No. 1151 at 48:6-23), but a full version of the response to Interrogatory No. 41 and Attachment A thereto were among those sealed papers (*id.* at 48:6-23 (order granting sealing of documents filed, *inter alia*, at Dkt. No. 1066); Dkt. No. 1066-04 (highlighted version of response to Interrogatory No. 41 and Attachment A ordered sealed)).   Following the Court's reasoning, the references to source code should be sealed here, too.   The exhibit in question contains a subset of the information the Court already sealed.

      B.     **The Information Was Submitted in Connection with a Non-Dispositive Motion; Thus, the Presumption of the Public's Right to Access Is Rebutted.**

The Ninth Circuit has held that a "particularized showing" under the "'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive [*sic*] motions.'"   *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003).   Unlike the public interest in inspecting documents attached to dispositive pleadings, which creates a "strong presumption in favor of access," the public need to access documents "unrelated or only tangentially related to the underlying cause of action" attached to non-dispositive motions is far weaker.   *Kamakana*, 447 F.3d at 1178-79 (internal quotations omitted).   In this situation, the "usual presumption of the public's right to access is rebutted."   *Id.* at 1179; *accord*, Dkt. No. 1415 at 1:22-2:9 (citing *Kamakana* and *Foltz*).

Here, the information at issue was submitted in connection with a non-dispositive motion – *i.e.*, a motion to strike.   Thus, the public's interest is weak and the presumption of the public's right to access is rebutted.   The public's interest also pales by comparison to the potential harm to Samsung from having its proprietary information dumped into the public domain.   "Secrecy is a

1   one-way street": once confidential information has been released to the public, it "cannot be made

2   secret again."   *In re Copley Press, Inc. v. Ismael Highera-Guerrero*, 518 F.3d 1022, 1025 (9th Cir.

3   2008).

4       **C.**       **The Law Is Unequivocal: Source Code Is Properly Sealed.**

5           The Court has expressly stated that "Courts have been clear that confidential source code is

6   a trade secret," and that "source code algorithms and descriptions of the operation of that source

7   code . . . meet[] the 'compelling reasons' standard, and [are] sealable."   *Samsung I*, Dkt. No. 2168

8   at 13:6-9 (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017

9   (E.D. Cal. 2011)); *see also Samsung I*, Dkt. No. 1649 at 8:18-21 ("[S]ource code is undoubtably

10   [*sic*] a trade secret.") (internal quotation, citation omitted); *Samsung I*, Dkt. No. 2222 at 24:22-24

11   ("Source code is proprietary and therefore appropriately may be sealed."); *Samsung I*, Dkt. No.

12   2232 at 2:6-11 ("To the extent that Samsung seeks to stay the February 1 order […] a stay is

13   warranted.   Source code involves proprietary information that the court already has found to be

14   appropriate for a sealing request […].").[3]   Public disclosure of Samsung's source code,

15   descriptions of the operation of that code, including descriptions of its structure, would cause

16   Samsung competitive harm as other manufacturers could use the information to copy the features

17   exclusively found on Samsung's products.   *See, e.g.*, Declaration of Daniel Shim (Dkt. No. 810)

18   ¶ 7.   Samsung would face similar harm from public disclosure of information about Samsung's

19   product and code development process.   *See, e.g.*, Declaration of Daniel Shim (Dkt. No. 821)

20   ¶ 10.   The Court should thus grant Samsung's request to file source code, information about code

21   and feature development, and detailed descriptions of the operation of code under seal.

22           The Court has also recognized the importance of sealing source code information in this

23   action, too.   The Court previously entered orders sealing Samsung source code information.   Dkt.

24

25

26       [3]   Additionally, in *Dynetix Design Solutions Inc. v. Synopsys Inc.*, Case No. 11-cv-05973
    PSG, this Court stated that "Confidential source code is generally accepted to be proprietary and
27   sealable."   2012 WL 8586372, at *1 (N.D. Cal. Dec. 17, 2012); *see also generally Samsung I*,
    Dkt. Nos. 2046, 2215, 2575.

28

1  No. 450 at 11:10-18; Dkt. No. 1151 at 48:6-23; Dkt. No. 1308 at 1:24-27; Dkt. No. 1519 at 2:4-12;

2  Dkt. No. 1631 at 1:1-8; Dkt. No. 1683 at 2:13-21; Dkt. No. 1722 at 2:12-14.

3  **<u>CONCLUSION</u>**

4        For the reasons set forth above, Samsung respectfully requests that the Court order sealed

5  the highlighted portions of Exhibit 10 to the Supplemental Declaration of Michael L. Fazio in

6  Support of Samsung's Reply in Support of its Motion to Strike Expert Testimony Based on

7  Previously Undisclosed Theories (Dkt. No. 1018-07) and the portions of Exhibit 1 Intel seeks to

8  seal.   Samsung will file a public redacted version of the exhibits within seven Court days of the

9  Court's order on the instant motion.

10        In compliance with Civil Local Rule 79-5, Samsung's filing will be served on all parties.

11

12  DATED:   October 9, 2014          QUINN EMANUEL URQUHART &
                           SULLIVAN, LLP

13

14

15                     By */s/ Michael L. Fazio*

16                       Victoria F. Maroulis
                     Michael L. Fazio

17                       Attorneys for Defendants
                     SAMSUNG ELECTRONICS CO., LTD.,

18                       SAMSUNG ELECTRONICS AMERICA, INC.,
                     and SAMSUNG TELECOMMUNICATIONS

19                       AMERICA, LLC

20

21

22

23

24

25

26

27

28