QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
| Plaintiff, | **DECLARATION OF MICHAEL FAZIO IN SUPPORT OF SAMSUNG'S BILL OF COSTS** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

I, Michael L. Fazio, declare:

1.      I am a member of the State Bar of California, admitted to practice before this Court, and a partner at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung").  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2.      Quinn Emanuel represented Samsung in this action, preparing the case and taking it to trial.  The action consisted of Apple's case against Samsung for its alleged infringement of Apple's patents and of Samsung's case against Apple for its infringement of Samsung patents. This declaration addresses the costs incurred by Samsung in connection with prosecuting its offensive case against Apple.

3.      On May 6, 2014, the Clerk entered Judgment in this action.  (ECF 1890.)  Samsung prevailed on a substantial part of its case against Apple, as reflected in the jury verdict (ECF 1884 at 11-12) and the Clerk's Judgment (ECF 1890 ("judgment is entered . . . in favor of defendants and against plaintiff, pursuant to the jury verdict filed May 5, 2014")).  In particular, the jury found that Apple had infringed Samsung's '449 patent through millions of sales of five of its major products — the iPhone 4, iPhone 4S, iPhone 5, iPod Touch (4th generation), and iPod Touch (5th generation).  Apple did not even attempt to challenge the validity of the Samsung patents at trial.  (*See id.*)

4.      Under Federal Circuit law, a party "'prevails' when actual relief on the merits of [its] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-13 (1992)).  Samsung received actual relief on the merits of its claims in the form of an infringement finding against Apple and an award of monetary damages.  (ECF 1884 at 11-12.)  Accordingly, Samsung is the prevailing party in its offensive case against Apple and is entitled to recover costs pursuant to Fed. R. Civ. P. 54(d), 17 U.S.C. § 505, and N.D Cal. Civil Local Rule 54.

5.      I have reviewed Samsung's Bill of Costs and the schedules and invoices attached to this declaration:

| Schedules and Exhibits | Description |
|---|---|
| **A.  Transcripts** | |
| A-1 | Deposition Transcripts |
| A-2 | Hearing and Trial Transcripts |
| **B.  Exemplification and E-Discovery** | |
| B-1 | Trial Graphics |
| B-2 | E-Discovery |
| B-3 | Devices |
| **C.  Interpretation** | |
| C-1 | Deposition Interpretation |
| **D.  Witness Fees** | |
| D-1 | Witness Travel Fees |

6.      Based on my personal involvement with this action and as confirmed by my consultation with other Quinn Emanuel attorneys for Samsung, the costs included in Samsung's Bill of Costs are correctly stated and were necessarily incurred in Samsung's offensive case and the services for which fees have been charged were actually and necessarily performed.  The costs in Samsung's Bill of Costs are reasonable and are fairly attributable to the claims asserted by Samsung against Apple in this litigation, and they are recoverable by Samsung under 28 U.S.C. § 1821, 28 U.S.C. § 1920, Civil Local Rule 54-3, and relevant case law, including this Court's order on costs in *Apple Inc. v. Samsung Elecs. Co, Ltd.*, No. 11-cv-1846-LHK-PSG, 2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) (hereinafter "*Apple I* Costs Order").

A.      **Transcripts**

7.      "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C. § 1920(2).

8.      Samsung seeks costs of deposition, trial, and hearing transcripts in the total amount of $121,393.92.  This includes costs for deposition transcripts (Schedule A-1) and costs for hearing and trial transcripts (Schedule A-2) as described below.

1            **1.**         **Deposition Transcripts (Schedule A-1)**

2         9.         Samsung seeks $108,536.87 in costs incurred obtaining deposition transcripts

3 related to its offensive case.

4         10.       Civil Local Rule 54-3(c)(1) permits recovery for "[t]he cost of an original and one

5 copy of any deposition (including videotaped depositions) taken for any purpose in connection

6 with the case." Civil Local Rule 54-3(c)(3) also permits "[t]he costs of reproducing exhibits to

7 depositions is allowable if the cost of the deposition is allowable."

8         11.       This Court previously allowed recovery of the costs of one written transcript, one

9 video copy, and the exhibits reproduced for each deposition. *Apple I* Costs Order at *6 ("[A]

10 sensible reading of the rule covers the cost of videotaping *and* the cost incurred by the court

11 reporter associated with obtaining a stenographic transcription of a deposition, as well as the cost

12 of one copy of the videotape and of the written transcript.") (quoting *MEMC Electronic Materials*

13 *v. Mitsubishi Materials*, No. 01-4925, 2004 WL 5361246, at *3 (N.D. Cal. Oct. 22, 2004), *adopted*

14 *as modified on other grounds*, 2004 WL 5363614 (N.D. Cal. Nov. 22, 2004)); *see also id.* at *5-7.

15         12.       This Court also allowed recovery of costs for all depositions "'taken for any

16 purpose in connection with the case.'" *Apple I* Costs Order at *5 (quoting Civil Local Rule 54-

17 3(c)(1)). The Court rejected the argument that the prevailing party could only recover for "those

18 depositions that raised liability issues on which the prevailing party actually prevailed at trial,"

19 stating that such a limitation was "not supported by authority." *Id.* at *6. Instead, the Court

20 allowed recovery of costs for all depositions taken, even if the deposition was "of an individual

21 who ultimately did not testify at trial or who testified on an issue on which the party ultimately did

22 not prevail." *Id.*

23         13.       Samsung seeks the cost of depositions only for witnesses who were related to its

24 offensive case against Apple, for which Samsung deposed 17 Apple witnesses, and Apple deposed

25 31 Samsung witnesses and 29 third party witnesses.

26         14.       Consistent with the *Apple I* Costs Order, Samsung's Bill of Costs for deposition

27 transcripts consists of the costs related to only one written copy of the deposition transcript, the

28 cost of videotaping the deposition, and the cost of reproducing the deposition exhibits. Samsung

has not included costs for delivery or for expedited transcripts.  In the few instances where Samsung purchased an expedited copy of the deposition transcript, Samsung seeks only prorated costs to reflect the cost of that deposition if it had been a non-expedited order.

15.     The deposition transcription and videography services were rendered by various different court reporting companies, including Planet Depos, TSG Reporting, Esquire Solutions, and Veritext.

16.     An itemized schedule reflecting the amount Samsung seeks for each court reporting invoice is attached as Schedule A-1.

17.     True and correct copies of invoices supporting Samsung's costs in Schedule A-1 are attached as Exhibit A-1.

**2.     Hearing and Trial Transcripts (Schedule A-2)**

18.     Samsung seeks costs of $12,857.05 for hearing and trial transcripts related to its offensive case.

19.     Pursuant to 28 U.S.C. § 1920(2), a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  Further, Civil Local Rule 54-3(b)(1) provides that "[t]he cost of transcripts necessarily obtained for an appeal is allowable."

20.     As this Court recently stated, "Courts in the Northern District generally allow for recovery of costs for one copy of the trial transcript."  *Apple I* Costs Order at *7 (citing *TransPerfect Global, Inc. v. MotionPoint Corp.*, No. 10-02590, 2014 WL 1364792, at *3 (N.D. Cal. Apr. 4, 2014)).  This Court also held "the costs for pretrial hearing transcripts for claim construction and summary judgment hearings" to be taxable.  *Id.* (citing *eBay Inc. v. Kelora Sys., LLC*, No. 10-4947, 2013 WL 1402736, at *11 (N.D. Cal. Apr. 5, 2013); *MEMC Elec. Materials*, 2004 WL 5361246, at *2).

21.     Consistent with the *Apple I* Costs Order, Samsung seeks to recover the cost of one copy of the trial transcript as well as the costs of the hearing transcripts for the claim construction hearings (Feb. 14, 2013 *Markman* tutorial and Feb. 21, 2013 *Markman* hearing) and the summary judgment hearing (Dec. 12, 2013).  The invoice for the claim construction hearings includes costs

for additional hearings as well, but Samsung is seeking to recover only for the cost of the pages associated with claim construction hearings, and at the reduced rate at which they were billed (168 and 179 pages respectively at a rate of $0.90 per page).  *See* Exhibit A-2 (Invoice No. 20051500). The invoice for the summary judgment hearing includes the cost of an additional copy of the hearing transcript, but Samsung is only seeking to recover the cost of the original copy (90 pages at the ordinary rate of $3.65 per page).  *See* Exhibit A-2 (Invoice No. 20051660).

22.      The invoices for the trial transcripts include charges for additional copies of the transcripts, as well as charges for Realtime and expedited processing.  Samsung is seeking to recover only the cost of one copy of the original transcript at the normal hourly rate charged by the United States Court Reporter.  *See* Exhibit A-2 (Invoice Nos. 00002106 and 20051804).  No costs are being sought for expedited handling, additional copies, or Realtime.

23.      The trial transcript was necessarily obtained for an appeal in this case.  The parties have already filed notices of appeal on various issues (*see* ECF Nos. 227, 1955), and Samsung expects that Apple will appeal the Court's denial of its motion for judgment as a matter of law that it did not infringe Samsung's patent (ECF 1962).

24.      The transcripts for the claim construction and summary judgment hearings were also necessarily obtained in order for Samsung to have a written record of the parties' statements to the Court regarding central claims and issues involved in Samsung's affirmative case.

25.      An itemized schedule reflecting the amount Samsung seeks from each invoice from the United States Court Reporter is attached as Schedule A-2.

26.      True and correct copies of invoices supporting Samsung's costs in Schedule A-2 are attached as Exhibit A-2.

**B.      Exemplification and E-Discovery Costs**

27.      Samsung seeks costs incurred in producing documents to Apple in discovery in Samsung's offensive case and its preparation of demonstrative evidence for its offensive case. The total amount sought in this category is $463,137.57, as reflected in Schedules B-1, B-2, and B-3 described below.

1

### 1.    Trial Graphics and Demonstratives (Schedule B-1)

2        28.    Samsung seeks $198,726.56 for costs incurred in preparing demonstrative evidence

3    for use at trial in its offensive case against Apple.

4        29.    28 U.S.C. § 1920(4) provides recovery for "[f]ees for exemplification . . .

5    necessarily obtained for use in the case."  This Court's Local Rules more specifically permit

6    recovery for exemplification costs spent "preparing charts, diagrams, videotapes, and other visual

7    aids to be used as exhibits [that are] reasonably necessary to assist the jury or the Court in

8    understanding the issues at the trial."  Civ. Loc. R. 54-3(d)(5).  This Court has ruled that the Local

9    Rules allow recovery of costs for demonstrative materials "to be used" at trial and "does not

10   require actual use of each item so prepared."  *Apple I* Costs Order at *10 (citing *Shum v. Intel*

11   *Corp.*, 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009) and *Haagen–Dazs Co. v. Double Rainbow*

12   *Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990).)  Thus, the Court has held that

13   graphics that "were created in anticipation of use at trial" are recoverable even if they were not

14   ultimately used.  *Id*.

15       30.    Samsung seeks costs incurred retaining the professional services of RLM, a trial

16   graphics company.  Samsung seeks only the costs charged by RLM for trial graphics and other

17   demonstratives that were created in anticipation of use at trial in Samsung's offensive case.  This

18   includes costs for RLM to create infringement videos of Apple products as well as Powerpoint

19   presentations, animations, and other demonstrative evidence.  Samsung has included only those

20   invoices from RLM that cover the time period during which its offensive infringement videos

21   were being made and the time during which RLM staff members were onsite preparing trial

22   graphics prior to and during the trial in this case.  Thus, the portions of invoices that Samsung

23   seeks to be reimbursed for reflect only the preparation of trial graphics.  Samsung is not seeking to

24   recover line items on the invoices related to any travel or meal expenses, equipment procurement,

25   consultations, or logistics; rather it is only seeking costs for fees incurred in preparing actual

26   graphics for anticipated use at trial.

27       31.    RLM also performed work for Samsung in relation to Samsung's defense of

28   Apple's affirmative case.  Samsung has excluded from its sought costs any line items clearly

related to creation of demonstratives for its defensive case.  Further, Samsung has discounted the remaining costs it seeks in this category by an additional 75% to ensure that it is only seeking costs related to its offensive case.  Thus, Samsung has presented a conservative estimate that includes only a portion of costs it could permissibly seek for the creation of trial graphics and demonstrative evidence for its offensive case.  *See Apple I* Costs Order at *11 (awarding $786,972.10 in trial graphics costs).

32.     An itemized schedule reflecting the amount Samsung seeks for certain RLM invoices is attached as Schedule B-1.

33.     True and correct copies of invoices supporting Samsung's costs in Schedule B-1 are attached as Exhibit B-1.  Line items not included in Samsung's costs are crossed out.

### 2.     Electronic Discovery (Schedule B-2)

34.     Samsung seeks $262,182.04 for costs it incurred in producing documents to Apple in Samsung's offensive case.

35.     This Court recently stated that "[w]hen interpreting Local Rule 54-3(d)(2), courts in the Northern District routinely award e-discovery costs that are analogous to 'making copies'" where those "documents [were] produced to the opposing party."  *Apple I* Costs Order at *11 (citing *eBay Inc.*, 2013 WL 1402736, at *5; *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, No. 09-5939, 2012 WL 1610979, at *4 (N.D. Cal. May 8, 2012); *Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, No. 12-3762, 2014 WL 1860298, at *5 (N.D. Cal. May 8, 2014)).

36.     Where a party has presented its total costs for processing documents in e-discovery, this Court has awarded costs after reducing the amount according to the percentage of documents that were actually produced to the other side.  *Apple I* Costs Order at *12 & n.7.

37.     Consistent with the *Apple I* Costs Order, Samsung here seeks only the costs associated with processing documents actually produced to Apple in Samsung's offensive case.  Samsung does not seek to recover the cost of documents produced to Apple through e-discovery in relation to Apple's affirmative claims.  Nor does Samsung seek any costs for work done for its convenience, or for work that is attributable to the "intellectual effort" involved in document review.

38.     UBIC handled the uploading, processing, and production of documents for Samsung.  UBIC's invoices include costs for recoverable activities such as ESI-collection, data processing, and data production.  They also include costs for on-line review hosting, document review, and translation.  Samsung does not seek to recover any UBIC costs associated with on-line review hosting, document review, or translation.

39.     UBIC collected and processed 11,108,653 total documents.  Of those, 880,137 documents (8% of the total) were produced to Apple.  In the *Apple I* Costs Order (at *12), the Court reduced the total e-discovery costs according to the percentage of documents that were ultimately produced.  Here, the total UBIC costs for all processed documents is $6,554,550.88. Multiplying that total by 8% to reflect the number of documents produced to Apple results in a cost of $524,364.07 for produced documents.  This Court previously confirmed that the cost for produced documents was reasonable by calculating the per page rate.  *Apple I* Costs Order at *12 n.7.  Here, the produced documents totaled 8,690,346 pages.  Dividing the cost of the produced documents by the total pages produced ($524,364.07 ÷ 8,609,346 pages) yields a per page cost of $.06 for produced documents, which is even lower than what this Court previously stated is reasonable.  *Id.* (stating that a per page rate of approximately $.08 is reasonable).

40.     Because UBIC handled the processing and production of documents in Samsung's defensive case as well as its offensive case, Samsung has further reduced the total amount it seeks to reflect only production costs for its offensive case.  Over half of Samsung's document production related to its offensive case.  Samsung therefore conservatively reduced the amount of e-discovery costs it seeks by an additional 50% to ensure that defensive document production costs are not included, yielding a final total of $262,182.04 in e-discovery costs that Samsung seeks for the production of documents in its offensive case.

41.     An itemized schedule reflecting the amount Samsung seeks for each UBIC invoice is attached as Schedule B-2.

42.     True and correct copies of invoices supporting Samsung's costs in Schedule B-2 are attached as Exhibit B-2.

**3.     Devices (Schedule B-3)**

43.     Samsung seeks $2,228.97 for costs it incurred in purchasing devices used as exhibits in its offensive case.

44.     This Court recently awarded costs for the purchase price of devices "introduced into evidence at trial." *Apple I* Costs Order, at *9-10 (citing *Maxwell v. Hapag–Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1988).

45.     Samsung seeks to recover the purchase price of one unit each of the five Apple devices found to infringe Samsung's '449 patent: the iPhone 4, iPhone 4S, iPhone 5, iPod Touch (4th generation), and iPod Touch (5th generation).  (ECF 1884 at 11.)

46.     An itemized schedule reflecting the amount Samsung seeks for each device is attached as Schedule B-3.

47.     True and correct copies of invoices supporting Samsung's costs in Schedule B-3 are attached as Exhibit B-3.

**C.     Interpreters at Depositions (Schedule C-1)**

48.     Samsung seeks $20,000 for costs incurred in compensating interpreters who interpreted at depositions in its offensive case against Apple.

49.     28 U.S.C. § 1920(6) permits recovery for "[c]ompensation of interpreters."  This Court has ruled that this includes the compensation of interpreters used at depositions.  *Apple I* Costs Order at *14.  As with deposition transcripts, taxable costs include depositions "taken for any purpose in connection with the case," not just depositions for witnesses actually designated to testify at trial.  *Id.*  Apple demanded numerous depositions of Samsung witnesses in connection with Samsung's offensive case, including inventors, patent prosecutors, and other witnesses.  A number of these depositions required foreign language interpreters because the witnesses' primary, if not only, language was Korean.  Because these depositions were conducted at Apple's request, it was necessary that Samsung attorneys attend and defend the witnesses with the aid of trained foreign language interpreters.  These interpretation costs were therefore necessarily incurred in connection with Samsung's offensive case.

50.     The interpretation services were rendered by foreign language interpreters from a company called PACLS.

51.     An itemized spreadsheet reflecting the amount Samsung seeks for each PACLS invoice is attached as Schedule C-1.

52.     True and correct copies of relevant pages from the invoices supporting Samsung's costs in Schedule C-1 are attached as Exhibit C-1.

**D.     Witness Fees (Schedule D-1)**

53.     Samsung seeks $6,215.00 in costs for reimbursing several witnesses for travel and lodging expenses they incurred attending trial in San Jose, CA to testify in Samsung's offensive case.

54.     Local Rule 54-3(e) and 28 U.S.C. § 1821 allow costs to reimburse witnesses for subsistence and travel expenses incurred in attending court.  This includes the actual cost of air transportation and up to the government-set per diem rate for lodging.  *See* 28 U.S.C. § 1821(c)(1) & (d); *see also MEMC Elec. Materials*, 2004 WL 5361246, at *7-9 (allowing actual airfare and government-determined per diem rates for lodging and food).  In 2014, the per diem rate for lodging in San Jose, CA was $142.  *See* FY 2014 Per Diem Rates, U.S. General Services Administration, available at http://www.gsa.gov/portal/content/103168#FY14PerDiemFiles.

55.     Samsung seeks costs for airfare and/or lodging for four witnesses: Ken Parulski, Dan Schonfeld, James Kearl, and Sanjay Rao.  During the trial, Samsung's witnesses were lodged at the San Jose Marriott, where the daily room rate Samsung paid exceeded the government-set per diem rate.  Thus, where the cost of lodging has been sought, Samsung has reduced the amount to the allowable per diem rate.  Ken Parulski's 10 nights at the hotel were included in a group account billed by the Marriott directly to Quinn Emanuel on behalf of Samsung.

56.     An itemized spreadsheet reflecting the amount Samsung seeks for each witness is attached as Schedule D-1.

57.     True and correct copies of invoices supporting Samsung's costs in Schedule D-1 are attached as Exhibit D-1.

1

2          I declare under penalty of perjury that the foregoing is true and correct.  Executed on

3   October 9, 2014, at Los Angeles, California.

4

5                                                    /s/  Michael L. Fazio

6                                                    Michael L. Fazio

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FAZIO DECLARATION IN SUPPORT OF SAMSUNG'S BILL OF COSTS