JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendant. | Case No.   12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF NATHAN B. SABRI IN SUPPORT OF APPLE'S BILL OF COSTS** |

I, NATHAN B. SABRI, declare as follows:

1. I am an attorney with the law firm of Morrison & Foerster LLP, counsel for Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") in this case. I am licensed to practice law in the State of California and before this Court. I have personal knowledge of the matters stated herein or understand them to be true from discussions with my team, and am competent to testify thereto. I make this declaration in support of Apple's Bill of Costs. I have knowledge of the matters stated in this declaration, and I could and would testify competently thereto if called to do so.

2. Three law firms represented Apple in this matter, preparing the case together and taking it to trial. Gibson, Dunn & Crutcher LLP ("Gibson Dunn") and Morrison & Foerster LLP took primary responsibility for Apple's claims against Samsung, and Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer Hale") took primary responsibility for defending Apple against Samsung's claims. This declaration only addresses the costs collected together by Morrison & Foerster ("Morrison Costs"), as reflected in Schedules A-1, A-2, B-1, B-2, and B-3, and the corresponding exhibits. The costs collected by Gibson Dunn are supported by the Declaration of H. Mark Lyon in Support of Apple's Bill of Costs. The costs collected by Wilmer Hale are supported by the Declaration of Mark D. Selwyn in Support of Apple's Bill of Costs. None of the costs requested by Gibson Dunn or Wilmer Hale are included in the Morrison Costs.

3. On May 5, 2014, the Court entered Judgment in this matter. (Dkt. 1885.) On May 6, 2014, the Court entered an Amended Judgment in this matter. (Dkt. 1890.) As reflected in the amended jury verdict (Dkt. 1884), Apple prevailed on a substantial part of the litigation. Apple prevailed on claim 9 of U.S. Patent No. 5,946,647 as to all products accused of infringing the '647 patent; prevailed on claim 8 of U.S. Patent No. 8,046,721 as to three of six products accused of infringing the '721 patent; prevailed on claim 18 of U.S. Patent No. 8,074,172 on summary judgment; and received $119,625,000 in damages. "A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 783, 791 (1989). Plaintiff need not prevail on all claims to be the prevailing party. *Shum v. Intel Corp.*, 629 F.3d 1360, 1367-68

(Fed. Cir. 2010); *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009).  By contrast, Samsung did not prevail on claim 15 of U.S. Patent No. 5,579,239 as to any accused Apple products, prevailed only on claim 27 of U.S Patent No. 6,226,449 as to five accused Apple products, and received a mere $158,400 in damages.  The jury awarded Samsung about 0.13% – just over one tenth of one percent – of the damages amount it awarded to Apple.  Accordingly, Apple is the prevailing party and is entitled to recover costs pursuant to Federal Rule of Civil Procedure 54(d), 17 U.S.C. § 505, and Civil Local Rule 54.

4. Pursuant to the Court's October 2, 2014, order, the parties' bills of costs must be filed by October 9, 2014.  (Dkt. 2008 at 2.)  Apple hereby submits its bill of costs.

5. I have reviewed Apple's Bill of Costs and the schedules and invoices for the Morrison Costs submitted therewith (Schedules A-1, A-2, B-1, B-2, and B-3, and the corresponding exhibits).  The Morrison Costs included in Apple's Bill of Costs are correctly stated and were necessarily incurred in this action, and the services for which fees have been charged were actually and necessarily performed.  Further, the Morrison Costs in Apple's Bill of Costs are fairly attributable to the claims asserted in this litigation and are recoverable by Apple under 28 U.S.C. § 1920, Civil Local Rule 54-3, and relevant case law.

**A.      Printed or Electronically Recorded Transcripts**

6. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C. § 1920(2).

7. Apple seeks costs of printed or electronically recorded transcripts in the amount of $13,332.45 (Morrison Costs), divided between $1,754.20 for deposition transcripts (Schedule A-1) and $11,578.25 for trial transcripts (Schedule A-2).

**1.      Deposition Transcripts (Schedule A-1)**

8. Apple seeks costs of deposition transcripts in the amount of $1,754.20 (Morrison Costs).  (*See* Schedule A-1.)

9. Under 28 U.S.C. § 1920(2) and Civil Local Rule 54-3, costs for deposition transcripts and videotapes are recoverable.  Civil Local Rule 54-3(c)(1) permits recovery for

"[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case." The cost of reproducing exhibits for depositions is also recoverable. *See* Civil Local Rule 54-3(c)(3) ("The cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable.") Indeed this Court has previously awarded such costs. *Apple Inc. v. Samsung Electronics Co.*, No. 11-CV-01846-LHK, Order Granting in Part and Denying in Part Apple's and Samsung's Motions to Review the Clerk's Taxation of Costs, at 8-11, N.D. Cal. Sept. 19, 2014 ("1846 Order") (Dkt. 3193).

10. Morrison & Foerster seeks costs in this category relating to the depositions of two individuals that were deposed after the close of fact discovery. The Court permitted the additional deposition of "the Google engineer who did the software development of QuickSearch Box 2.7." (Dkt. 1398 at 2.) Pursuant to that order, Apple deposed Mr. Bjorn Bringert. In addition, the parties agreed that Ms. Sylvia Hall-Ellis, the sponsor of several prior art references, could be deposed after the close of fact discovery, should the parties' authenticity negotiations fail to obviate the need for her deposition. When those negotiations failed, Apple proceeded to take the deposition of Ms. Hall-Ellis.

11. Pursuant to Civil Local Rule 54-3(c), Apple has included in its Bill of Costs for each deposition only the costs related to one electronic written transcript, including exhibits, and one copy of the written transcript. Apple has also included costs relating to the videotape of the deposition. Courts in this district regularly permit taxation of costs for both video and a stenographic transcript. For example, the court in *MEMC Electronic Materials v. Mitsubishi Materials* concluded "that a sensible reading of the rule covers the cost of videotaping *and* the cost incurred by the court reporter associated with obtaining a stenographic transcription of a deposition, as well as the cost of one copy of the videotape and of the written transcript." No. 01-4925 SBA (JCS), 2004 WL 5361246, at *3 (N.D. Cal. Oct. 22, 2004), *adopted as modified on other grounds*, 2004 WL 5363614 (N.D. Cal. Nov. 22, 2004). Indeed, the Federal Circuit, in applying this district's local rules, has also found that taxing costs both for a stenographic transcript and a video deposition is a "commonplace practice." *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1370 (Fed. Cir. 2011) (affirming Northern District court's decision

DECLARATION OF NATHAN B. SABRI IN SUPPORT OF APPLE'S BILL OF COSTS
CASE NO.12-cv-00630-LHK (PSG)
sf-3415204

3

to tax costs of both videotaping and transcribing of deposition); *Meier v. United States*, No. 05-4404 WHA, 2009 WL 982129, at *1 (N.D. Cal. Apr. 13, 2009) ("[C]osts both for the video and the stenographic transcript of the depositions may be taxed."); *Pixion Inc. v. PlaceWare Inc.*, No. 03-2909 SI, 2005 WL 3955889, at *2 (N.D. Cal. May 26, 2005) (interpreting Local Rule 54-3(c) to allow for taxable costs of both videotape and hard copy of transcript of depositions); *eBay Inc. v. Kelora Sys., LLC*, Nos. C 10-4947 CW (LB), C 11-1398 CW (LB), C 11-1548 CW (LB), 2013 U.S. Dist. LEXIS 49835, at *32-33 (N.D. Cal. Apr. 5, 2013) (granting costs for video depositions as "commonplace"); *Kalitta Air, LLC v. Cent. Tex. Airborne Sys.*, No. C 96-2494 CW, 2012 U.S. Dist. LEXIS 172679, at *15-16 (N.D. Cal. Dec. 5, 2012) (taxing costs for both stenographic transcript and videotape as appropriate expenses). Indeed, this Court has previously awarded "the costs of video, written transcripts, and exhibits reproduced for the depositions," while excluding costs of expedited electronic copies. (1846 Order at 11.) Consistent with that order, Apple here does not seek the costs of expedited electronic copies, but seeks the costs of the written transcript and one copy, the exhibits, and the videotape. (*Id.*)

12. A spreadsheet itemizing the recoverable Morrison Costs that Apple incurred in taking depositions is attached as Schedule A-1 to the Bill of Costs. For example, for the deposition of Sylvia Hall-Ellis, Apple requests the costs of the written transcript and one copy ($442.20), the exhibits ($349.80), and the videotape ($260.00), totaling $1052.00.

13. True and correct copies of invoices supporting the Morrison Costs in Schedule A-1 are attached as Exhibit A-1 to the Bill of Costs. These invoices are from the court reporting firm TSG Reporting, Inc.

**2.   Hearing and Trial Transcripts (Schedule A-2)**

14. Pursuant to 28 U.S.C. § 1920(2) and Civil Local Rule 54-3, Apple seeks recovery of costs for one copy of the trial transcripts in the amount of $11,578.25 (Morrison Costs). (*See* Schedule A-2.) Case law supports such recovery. *TransPerfect Global, Inc. v. MotionPoint Corp.*, No. 10-02590 CW (DMR), 2014 WL 1364792, at *3 (N.D. Cal. Apr. 4, 2014). Indeed, this Court has previously awarded such costs. (1846 Order at 11-13.)

15. A spreadsheet itemizing the recoverable Morrison Costs that Apple incurred for trial transcripts is attached as Schedule A-2 to the Bill of Costs. Morrison & Foerster did not incur any costs for hearing transcripts. Those costs are included in the declarations and supporting schedules and invoices for Gibson Dunn and Wilmer Hale.

16. A true and correct copy of the invoice supporting the Morrison Costs in Schedule A-2 is attached as Exhibit A-2 to the Bill of Costs.

**B.** **Exemplification, Costs of Making Copies, and Related Items**

17. "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C. § 1920(4).

18. Apple seeks costs associated with its production of documents and other evidence and its preparation of demonstrative evidence in the amount of $495,618.59 (Morrison Costs), as broken out into the three subcategories set forth in subsections B-1 to B-3.

**1.** **Costs of Making Copies (Schedule B-1)**

19. *In re Ricoh* permits recovery for the costs of copies for purposes of discovery that are supplied to the opposing party, or otherwise "necessarily obtained for use in the case." 661 F.3d at 1367-68.

20. Here, Apple seeks four categories of costs: (1) materials provided to the Court pursuant to Court order, such as trial exhibits; (2) materials provided to the jury, such as jury books or binders; (3) witness examination binders tendered to Samsung; and (4) copies of source code produced to Samsung. Morrison & Foerster incurred costs in only the first three categories, for which Apple seeks $36,785.86 in Morrison costs.

21. First, Apple seeks Morrison costs of $28,165.14 for materials provided to the Court. This amount includes the costs of: trial exhibits ($27,898.98), copies of opening and closing slide demonstratives provided to the Court ($103.62), and expert reports provided to the Court ($162.54). Civil Local Rule 54-3(d)(4) states that "[t]he cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided." Recovery for trial exhibits has been routinely permitted by courts in this district. *Vectren Commc'ns Servs. v. City*

*of Alameda*, No. C 08-3137 SI, 2014 U.S. Dist. LEXIS 100227, at *16-17 (N.D. Cal. July 22, 2014) ("[T]he Court finds that Alameda is entitled to recover the cost of preparing trial exhibits" and may recover costs of copies for the four binder sets required by the court); *CRS Recovery, Inc. v. Laxton*, No. C 06-7093 CW, 2013 U.S. Dist. LEXIS 4240, at *7-8 (N.D. Cal. Jan. 10, 2013) (awarding "the cost of preparing trial exhibit binders as required under the Court's standing order").

22. Second, Apple seeks Morrison costs for materials tendered to the jury in the amount of $170.30, which are materials required by the Court, such as the costs of jury books and binders. 28 U.S.C. § 1920(4) permits recovery "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Further, courts in this district have allowed recovery of materials required by the Court. *See also Vectren Commc'ns Servs.*, 2014 U.S. Dist. LEXIS 100227, at *16-17; *CRS Recovery*, 2013 U.S. Dist. LEXIS 4240, at *7-8.

23. Third, Apple seeks Morrison costs for witness examination binders tendered to Samsung in the amount of $8,450.42. Indeed, this Court has permitted recovery of materials tendered to the opposing party. (1846 Order at 8-11.) When Apple conducted a cross examination of Samsung's witnesses, Apple tendered two copies of its witness examination binders to Samsung – one for Samsung's counsel and one for Samsung's witness. Although the total number of sets reflected in the invoiced amount varied, Apple reduced the invoiced amount proportionately to reflect the costs of the two sets that were provided to Samsung's counsel and Samsung's witness. On the other hand, when Apple conducted a direct examination of one of its own witnesses, Apple tendered only one copy of its witness examination binders to Samsung. Accordingly, for direct examinations, although the total number of sets reflected in the invoiced amount varied, Apple reduced the invoiced amount proportionately to reflect the cost of the one set that was provided to Samsung's counsel.

24. A spreadsheet itemizing the recoverable Morrison Costs that Apple incurred in copying costs for materials provided to the Court at the Court's request, materials provided to the

1   jury, and witness examination binders tendered to Samsung, in the amount of $36,785.86, is

2   attached as Schedule B-1 to the Bill of Costs.

3        25.    True and correct copies of invoices supporting the Morrison Costs in Schedule B-1

4   are attached as Exhibit B-1 to the Bill of Costs.

5             **2.**    **Devices (Schedule B-2)**

6        26.    Pursuant to 28 U.S.C. § 1920(4) and Local Rule 54(d)(3), Apple seeks the costs it

7   incurred in purchasing devices for use as trial exhibits in the amount of $345.23 (Morrison

8   Costs).  (*See* Schedule B-2.)  In fact, this very Court has permitted recovery of such costs when

9   used as trial exhibits.  (1846 Order at 1-16.)  *See also Maxwell v. Hapag-Lloyd*

10  *Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1998) ("In the context of § 1920,

11  'exemplification and copies of papers' has been interpreted to include all types of demonstrative

12  evidence, including photographs and graphic aids.").

13       27.    At trial, Apple accused nine Samsung smartphones and one tablet of violating

14  Apple's asserted intellectual property rights:  Admire, Galaxy Nexus, Galaxy Note, Galaxy Note

15  II, Galaxy S II, Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, Galaxy S III, Galaxy

16  Tab 2 10.1, and Stratosphere.  (Dkt. 1455-1 at 2.)  Because the devices could run multiple

17  versions of Android or the Global Search Application, multiple copies of these devices were

18  admitted as trial exhibits.

19       28.    Morrison & Foerster incurred costs for purchasing only one device to be used as a

20  trial exhibit.  Gibson Dunn, however, incurred the costs of purchasing the other devices – those

21  costs are included in Gibson Dunn's declaration and supporting schedule and invoices.  A

22  spreadsheet itemizing the recoverable Morrison Costs that Apple incurred in purchasing a device

23  used as a trial exhibit is attached as Schedule B-2 to the Bill of Costs.

24       29.    A true and correct copy of the invoice supporting the Morrison Costs in Schedule

25  B-2 is attached as Exhibit B-2 to the Bill of Costs.

26            **3.**    **Trial Graphics and Demonstratives (Schedule B-3)**

27       30.    Apple seeks costs of preparing trial graphics and demonstratives in the amount of

28  $458,487.50 (Morrison Costs).  (*See* Schedule B-3.)  28 U.S.C. § 1920(4) provides recovery for

1  "[f]ees for exemplification . . . necessarily obtained for use in the case." More specifically, Civil Local Rule 54-3(d)(5) permits recovery for exemplification costs spent "preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits [that are] reasonably necessary to assist the jury or the Court in understanding the issues at the trial."

31.  "Fees for exemplification" under 28 U.S.C. § 1920(4) have been interpreted to include demonstrative evidence. *See, e.g.*, *Maxwell*, 862 F.2d at 770 ("In the context of § 1920, 'exemplification and copies of papers' has been interpreted to include all types of demonstrative evidence, including photographs and graphic aids"). In *Shum v. Intel Corp.*, the court held that the Local Rule allows recovery for materials "to be used" at trial and does not require actual use of each item so prepared. 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009), *aff'd*, 629 F.3d 1360 (Fed. Cir. 2010); *see also Haagen–Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (per curiam) (costs of exemplification made in anticipation of trial, but not used at trial, are recoverable).

32.  Moreover, this Court has previously awarded costs of trial graphics and demonstratives. (1846 Order at 16-17.) Consistent with that order, the Morrison Costs that Apple seeks include only the costs of graphics used at trial or in anticipation of trial. Further, these costs do not include costs related to consultation and meetings, trial technical support, equipment rental, and miscellaneous expenses.

33.  A spreadsheet itemizing the recoverable Morrison Costs that Apple incurred in preparing trial graphics and demonstratives is attached as Schedule B-3 to the Bill of Costs.

34.  True and correct copies of invoices supporting the Morrison Costs in Schedule B-3 are attached as Exhibit B-3 to the Bill of Costs. These invoices are from the trial graphics vendor Impact Trial Consulting.

### D. Summary of Requested Costs

35. The following chart summarizes the Morrison Costs requested by Apple.

| Printed or electronically recorded transcripts | Morrison Costs |
|---|---|
| Deposition transcripts | $1,754.20 Schedule A-1 |
| Hearing and trial transcripts | $11,578.25 Schedule A-2 |
| **Subtotals:** | **$13,332.45** |
| **Exemplification and costs of making copies** | **Morrison Costs** |
| Costs of making copies | $36,785.86 Schedule B-1 |
| Devices | $345.23 Schedule B-2 |
| Trial Graphics and Demonstratives | $458,487.50 Schedule B-3 |
| **Subtotals:** | **$495,618.59** |
| | |
| **Total costs** | **$508,951.04** |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 9th day of October 2014 in San Francisco, California.

                  */s/ Nathan B. Sabri*
                  Nathan B. Sabri

**ATTESTATION**

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Nathan B. Sabri has concurred in this filing.

Dated: October 9, 2014                    */s/ Mark D. Selwyn*
                                                        Mark D. Selwyn

DECLARATION OF NATHAN B. SABRI IN SUPPORT OF APPLE'S BILL OF COSTS
CASE NO.12-cv-00630-LHK (PSG)
sf-3415204