HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:     650.849.5300
Facsimile:     650.849.5333

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

**Attorneys for Plaintiff and
Counterclaim-Defendant APPLE, INC.**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                Defendants. | Case No. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF H. MARK LYON IN SUPPORT OF APPLE'S BILL OF COSTS** |

I, H. MARK LYON, hereby declare as follows:

1.      I am a partner with the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), which is counsel of record for Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") in this case. I am admitted to practice law in the State of California and before this Court. I make this declaration in support of Apple's Bill of Costs. I have knowledge of the matters stated in this declaration, and I could and would testify competently thereto if called to do so.

2.      Three law firms represented Apple in this matter, preparing the case together and taking it to trial. Gibson Dunn and Morrison & Foerster LLP ("Morrison & Foerster") took primary responsibility for Apple's claims against Samsung, and Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer") took primary responsibility for defending Apple against Samsung's claims. This declaration addresses only the costs collected together by Gibson Dunn ("Gibson Dunn Costs"), as reflected in Schedules C-1, C-2, D-1, D-2, E1, and the corresponding exhibits. The costs collected by Wilmer will be supported by the Declaration of Mark D. Selwyn in Support of Apple's Bill of Costs ("Wilmer Costs") and the costs collected by Morrison & Foerster will be supported by the Declaration of Nathan B. Sabri in Support of Apple's Bill of Costs ("Morrison Costs").  None of the costs requested by Morrison & Foerster or Wilmer Cutler Pickering Hale and Dorr are included in the Gibson Dunn Costs.

3.      On May 5, 2014, the Court entered Judgment in this matter.  (Dkt. 1885.)  On May 6, 2014, the Court entered an Amended Judgment in this matter.  (Dkt. 1890.)  As reflected in the amended jury verdict (Dkt. 1884), Apple prevailed on a substantial part of the litigation.  Apple prevailed on claim 9 of U.S. Patent No. 5,946,647 as to all products accused of infringing the '647 patent; prevailed on claim 8 of U.S. Patent No. 8,046,721 as to three of six products accused of infringing the '721 patent; prevailed on claim 18 of U.S. Patent No. 8,074,172 on summary judgment; and received $119,625,000 in damages.  "A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought."  *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 782-83, 791 (1989).  Plaintiff need not prevail on all claims to be the prevailing party.  *Shum v. Intel Corp.*,

629 F.3d 1360, 1367-68 (Fed. Cir. 2010); *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009).  By contrast, Samsung did not prevail on claim 15 of U.S. Patent No. 5,579,239 as to any accused Apple products, prevailed only on claim 27 of U.S  Patent No. 6,226,449 as to five accused Apple products, and received a mere $158,400 in damages.  The jury awarded Samsung about 0.13% – just over one tenth of one percent – of the damages amount it awarded to Apple.  Accordingly, Apple is the prevailing party and is entitled to recover costs pursuant to Fed. R. Civ. P. 54(d), 17 U.S.C. § 505, and Civil Local Rule 54.

4.      Pursuant to the Court's October 2, 2014, order, the parties' bills of costs must be filed by October 9, 2014.  (Dkt. 2008 at 2.)  Apple hereby submits its bill of costs.

5.      I have reviewed Apple's Bill of Costs and the schedules and invoices for the Gibson Dunn Costs submitted therewith (Schedules C-1, C-2, D-1, D-2, E-1 and the corresponding exhibits). The Gibson Dunn Costs included in Apple's Bill of Costs are correctly stated and were necessarily incurred in this action, and the services for which fees have been charged were actually and necessarily performed. Further, the Gibson Dunn Costs in Apple's Bill of Costs are fairly attributable to the claims asserted in this litigation and are recoverable by Apple under 28 U.S.C. § 1920, Civil Local Rule 54-3, and relevant case law.

**A.      Printed or Electronically Recorded Transcripts**

6.      "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C. § 1920(2).

7.      Apple seeks costs of deposition, trial, and hearing transcripts in the amount of $298,469.14 + 542.65 (Gibson Dunn Costs), divided between deposition transcripts (Schedule C-1) and hearing and trial transcripts (Schedule C-2).

**1.      Deposition Transcripts (Schedule C-1)**

8.      Apple seeks costs of deposition transcripts in the amount of $298,469.14 (Gibson Dunn Costs). (See Schedule C-1.)

9.      Under 28 U.S.C. § 1920(2) and Civil Local Rule 54-3, costs for deposition transcripts and videotapes are recoverable. Civil Local Rule 54-3(c)(1) allows "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case." The cost of reproducing exhibits for depositions is also recoverable. See Civil Local Rule 54-3(c)(3) ("The cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable.")  Indeed this Court has previously awarded such costs.  *Apple Inc. v. Samsung Electronics Co.*, No. 11-CV-01846-LHK, Order Granting in Part and Denying in Part Apple's and Samsung's Motions to Review the Clerk's Taxation of Costs, at 8-11, N.D. Cal. Sept. 19, 2014 ("1846 Order").

10.      Both parties acknowledged at the outset of the case that they would need to take a significant number of depositions.  The parties jointly requested and the Court granted 170 hours of total deposition time for each side in for both Apple's affirmative case against Samsung and Samsung's affirmative case against Apple.  (ECF No. 160 at 1.)  For Apple's affirmative infringement case, Apple took the deposition of 20 Samsung witnesses and 65 third-party witnesses.  In addition, Apple took the deposition of 13 Samsung experts, and Samsung took the deposition of 16 Apple experts.

11.      Pursuant to Civil Local Rule 54-3(c), Apple has included in its Bill of Costs for each deposition only the costs related to one electronic written transcript, including exhibits, and one copy of the written transcript.  Apple has also included the costs related to the videotape of the deposition. This Court regularly permits taxation of costs for both video and a stenographic transcript. *See MEMC Elec. Materials v. Mitsubishi Materials*, No. C-01-4925 SBA (JCS), 2004 U.S. Dist. LEXIS 29359, at *10 (N.D. Cal. Oct. 22, 2004) ("The Court concludes . . . that a sensible reading of the rule covers the cost of videotaping and the cost incurred by the court reporter associated with obtaining a stenographic transcription of a deposition, as well as the cost of one copy of the videotape and of the written transcript"); *eBay Inc. v. Kelora Sys.*, LLC, Nos. C 10-4947 CW (LB), C 11-1398 CW (LB), C 11-1548 CW (LB), 2013 U.S. Dist. LEXIS 49835, at *32-33 (N.D. Cal. Apr. 5, 2013) (granting costs for video depositions as "commonplace"); *Kalitta Air, LLC v. Cent. Tex. Airborne Sys.*, No. C 96-2494

CW, 2012 U.S. Dist. LEXIS 172679, at*15-16 (N.D. Cal. Dec. 5, 2012) (taxing costs for both stenographic transcript and videotape as appropriate expenses). The Federal Circuit, in applying this district's local rules, has also found that taxing costs both for a stenographic transcript and a video deposition is a "commonplace practice." *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1370 (Fed. Cir. 2011) (affirming Northern District court's decision to tax costs of both videotaping and transcribing of deposition); *Meier v. United States*, No. 05-4404, 2009 WL 982129, at *1 (N.D. Cal. Apr. 13, 2009) ("[C]osts both for the video and the stenographic transcript of the depositions may be taxed."); *Pixion Inc. v. PlaceWare Inc.*, No. 03-2909, 2005 WL 3955889, at *2 (N.D. Cal. May 26, 2005) (interpreting Local Rule 54-3(c) to allow for taxable costs of both the videotape and a hard copy of the transcript of the depositions); *eBay Inc. v. Kelora Sys., LLC*, Nos. C 10-4947 CW (LB), C 11-1398 CW (LB), C 11-1548 CW (LB), 2013 U.S. Dist. LEXIS 49835, at *32-33 (N.D. Cal. Apr. 5, 2013) (granting costs for video depositions as "commonplace"); *Kalitta Air, LLC v. Cent. Tex. Airborne Sys.*, No. C 96-2494 CW, 2012 U.S. Dist. LEXIS 172679, at*15-16 (N.D. Cal. Dec. 5, 2012) (taxing costs for both stenographic transcript and videotape as appropriate expenses).  Indeed, this Court has previously awarded "the costs of video, written transcripts, and exhibits reproduced for the depositions," while excluding costs of expedited electronic copies.  (1846 Order at 11.) Consistent with that order, Apple here does not seek the costs of expedited electronic copies, but seeks the costs of the written transcript and one copy, the exhibits, and the videotape.  (*Id.*)

12.    A spreadsheet itemizing the recoverable Gibson Dunn Costs that Apple incurred in taking depositions is attached as Schedule C-1 to the Bill of Costs. For example, for the deposition of Justin Denison, Apple requests the costs of the transcript ($875.70), exhibits ($572.85) and videotaping ($530.00) - totaling $1978.55.

13.    True and correct copies of invoices supporting the Gibson Dunn Costs in Schedule C-1 are attached as Exhibit C-1 to the Bill of Costs. Included in Exhibit C-1 are invoices from the following court reporting firms: Planet Depos, TSG Reporting, Inc., and Veritext Corp.

**2.     Hearing and Trial Transcripts (Schedule C-2)**

14.     Pursuant to 28 U.S.C. § 1920(2) and Civil Local Rule 54-3, Apple seeks costs of the transcripts for the Markman tutorial hearing and the parties' motions for summary judgment in the amount of $542.65 (Gibson Dunn Costs). (See Schedule C-2.) Case law supports such recovery. *See Affymetrix, Inc. v. Multilyte Ltd.*, No. C 03-03779 HA, 2005 U.S. Dist. LEXIS 41177, *5-6 (N.D. Cal. Aug. 26, 2005), *aff'd*, No. 05-1460, 2006 U.S. App. LEXIS 8312 (Fed. Cir. Mar. 24, 2006) (finding that "[i]t was reasonable for [the prevailing party] to incur the expense of transcripts for all court proceedings, given that [the] case was so contentiously litigated" and awarding court reporter's fees for "the cost of all hearing transcripts because they were 'necessarily obtained.'").  Indeed, this Court has previously awarded such costs.  (1846 Order at 11-13.)

15.     A spreadsheet itemizing the recoverable Gibson Dunn Costs that Apple incurred for hearing and trial transcripts is attached as Schedule C-2 to the Bill of Costs.  Gibson Dunn did not incur any costs for trial transcripts.  Those costs are included in the declarations and supporting schedules and invoices for Morrison & Foerster.

16.     True and correct copies of invoices supporting the Gibson Dunn Costs in Schedule C-2 are attached as Exhibit C-2 to the Bill of Costs.

**B.     Exemplification and Related Items**

17.     "Fees for exemplification" are taxable pursuant to 28 U.S.C. § 1920(4).

18.     Apple seeks costs associated with its production of documents and other evidence and its preparation of demonstrative evidence in the amount of $17439.98 (Gibson Dunn Costs), as broken out into the two subcategories set forth in subsections D-1 and D-2.

**1.     Devices (Schedule D-1)**

19.     Apple seeks the costs it incurred in purchasing devices for use as trial exhibits in the amount of $10,402.38 (Gibson Dunn Costs). (See Schedule D-1.)

20.     At trial, Apple accused ten Samsung smartphones and tablet of violating Apple's asserted intellectual property rights, including the:  Admire, Galaxy Nexus, Galaxy Note,

Galaxy Note II, Galaxy S II, Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, Galaxy S III, Galaxy Tab 2 10.1, and Stratosphere.  (ECF No. 1455-1 at 2.)  Further, because the devices could run multiple versions of Android or the Global Search Application, multiple copies of these devices were admitted as trial exhibits.  In addition to the devices whose expenses were incurred by Gibson Dunn, Morrison & Foerster incurred expenses for one device, which are included in Morrison & Foerster's declaration and supporting schedule and invoices.

21.     A spreadsheet itemizing the recoverable Gibson Dunn Costs that Apple incurred in purchasing devices is attached as Schedule D-1 to the Bill of Costs. All of the devices reflected in the spreadsheet were used as trial exhibits.

22.     This Court has permitted recovery of such costs when used trial exhibits.  (1846 Order at 1-16.)  *See also Maxwell v. Hapag-Lloyd Aktiengesellschaf*t, 862 F.2d 767, 770 (9th Cir. 1998) ("In the context of § 1920, 'exemplification and copies of papers' has been interpreted to include all types of demonstrative evidence, including photographs and graphic aids.")

23.     True and correct copies of invoices supporting the Gibson Dunn Costs in Schedule D-1 are attached as Exhibit D-1 to the Bill of Costs.

### 2.     Electronic Discovery: File Processing/Uploads (Schedule D-2)

24.     Pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54, and Civil Local Rule 54-3, Apple seeks $5,140.83 for costs specifically attributable to file processing and upload costs related to the production of documents produced to Samsung, determined as a percentage of the uploaded documents produced to Samsung.  Apple incurred e-discovery costs associated with file processing and uploads for documents and files produced or made available to Samsung in the amount of $86,024.56 (Gibson Dunn Costs).  (See Schedule D-2.)  Following the methodology adopted by the Court in the 1846 Order, Apple seeks to recover 5.976 percent of those costs, or $5,140.83, as related to documents produced to Samsung.

25.     Case law supports such recovery. See, e.g., *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d at 1365 ("[T]he costs of producing a document electronically can be recoverable under section 1920(4)."); *eBay Inc.*, 2013 U.S. Dist. LEXIS 49835, at *25-26 (costs for

"scanning paper documents, electronic scanning and conversion to PDF, TIFF conversion, OCR, image endorsement/Bates stamping, slip sheet preparation, blowback scanning paper documents, media hardware used for production, electronically stamping Bates numbers, slipsheet preparation, blowback preparation, and OCR conversion" are recoverable); *Parrish v. Manatt, Phelps & Phillips, LLP*, No. C 10-03200 WHA, 2011 U.S. Dist LEXIS 41021, at *7 (N.D. Cal. Apr. 11, 2011) ("The reproduction costs defendants incurred in collecting, reviewing, and preparing client documents for production were necessary expenditures made for the purpose of advancing the investigation and discovery phases of the action. As such, they are properly taxable."); *Petroliam Nasional Berhad*, 2012 U.S. Dist. LEXIS 64555, at *10-11 (allowing recovery of costs that were "necessary to convert computer data into a readable format," because such costs were "an essential component of '[t]he cost of reproducing disclosure or formal discovery documents' used in the case, as permitted under Civil Local Rule 54–3(d)(2)."); *Alzheimer's Inst. of Am., Inc. v. Elan Corp. PLC*, No. C -10-00482-EDL, 2013 U.S. Dist LEXIS 31952, at *16-17 (awarding costs in e-discovery for ".TIFF and OCR conversion, Bates stamping, load file and other physical media generation"); *Jardin v. DATAllegro*, No. 08–CV–1462-IEG (WVG), 2011 U.S. Dist. LEXIS 117517, *15-22 (S.D. Cal. Oct. 12, 2011) (costs for processing and converting to TIFF format are recoverable); *SEIU*, 2010 U.S. Dist. LEXIS 122202, at *12 (rejecting plaintiffs' argument that "the cost of trial exhibits and electronic discovery production should not be recoverable").

26.    Over the course of this litigation, Samsung has served nineteen sets of requests for production of documents, with 1153 individual document requests. In response to Samsung's requests, Gibson Dunn, on behalf of Apple, made over 40 productions of documents, totaling more than 536,249 documents comprising 11,041,426 pages. All of these documents required processing for upload to Apple's document repository system, including more than 10,000 pages of paper documents that required conversion to electronic format..  In addition, Apple incurred processing costs in having paper and electronic documents loaded to the Catalyst document repository.

27.    In the 1846 Order, this Court concluded that "costs associated with documents produced to the opposing party are taxable under Local Rule 54-3(d)(2)." Accordingly, the Court awarded Apple a percentage of the total e-discovery costs incurred based on the percentage of pages produced to total pages uploaded.

28.    In this case, Apple uploaded a total of 184,759,826 pages and produced a total of 11,041,426 pages. Thus, Apple produced 5.976 percent of the documents it uploaded.

29.    Apple seeks e-discovery costs charged by Catalyst associated with uploads and document productions in the amount of $5,140.83 ($86,024.56 multiplied by 5.976 percent) (Gibson Dunn Costs). (See Schedule D-2.)

30.    As discussed above, many of the documents collected in response to Samsung's document requests were paper documents that required processing to be converted to electronic format for upload to the Catalyst document repository. In addition, Apple incurred processing costs in having paper and electronic documents loaded to the Catalyst document repository. Further, after documents were loaded to the Catalyst document repository and after responsive and non-privileged documents were identified, Apple incurred costs in producing these documents to Samsung.

31.    A spreadsheet itemizing the recoverable Gibson Dunn Costs that Apple was charged by Catalyst related to uploading documents for production and producing documents is attached as Schedule D-2 to the Bill of Costs. Apple seeks only the amounts associated with electronic preparation, duplication, and production of documents, not the intellectual effort involved in the production, such as searching or analyzing the documents. Further, costs associated with hosting the data, software user license fees, and vendor consulting time are not included.

32.    True and correct copies of invoices supporting the Gibson Dunn Costs in Schedule D-2 are attached as Exhibit D-2 to the Bill of Costs.

### C.     Interpreters at Depositions (Schedule E-1)

33.     Apple seeks costs for compensation of interpreters at depositions in the amount of $9,000.00 (Gibson Dunn Costs). (See Schedule E-1.)

34.     Under 28 U.S.C. § 1920(6), "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title" are taxable. The Supreme Court has recognized that compensation of oral translation may be awarded under 28 U.S.C. § 1920(6), although the cost of written document translation is not allowed under the statute. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2002-07 (2012).

35.     Apple took the deposition of certain third-party witnesses who required a Korean, Japanese, and/or German interpreter.

36.     A spreadsheet itemizing the recoverable Gibson Dunn Costs that Apple incurred in compensating interpreters used at deposition or at trial is attached as Schedule E-1 to the Bill of Costs. Only the costs for interpretation services at deposition have been included. Incidental expenses (such as those relating to food and travel), per diem costs, and costs incurred for travel days and bridge (i.e., intervening) days have not been included.

37.     True and correct copies of invoices supporting the Gibson Dunn Costs in Schedule E-1 are attached as Exhibit E-1 to the Bill of Costs.

**D.     Summary of Requested Costs**

38.     The following chart summarizes the Gibson Dunn costs requested by Apple.

| Printed or electronically recorded transcripts | Gibson Dunn Costs |
|---|---|
| Deposition transcripts | $298,469.14 Schedule C-1 |
| Hearing and trial transcripts | $542.65 Schedule C-2 |
| **Subtotals:** | $299,011.79 |
| **Exemplification and costs of making copies** | **Gibson Costs** |
| Devices | $10,402.38 Schedule D-1 |
| e-Discovery (Catalyst) | $5,140.83 Schedule D-2 |
| **Subtotals:** | $15,543.21 |
| **Interpreters** | **Gibson Dunn Costs** |
|  | $9,000.00 Schedule E-1 |
| **Subtotals:** | $9000.00 |
| **Total costs** | **$323,555.00** |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th

day of October 2014 at Palo Alto, California.



_/s/ H. Mark Lyon_
H. Mark Lyon

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTESTATION**

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that H. Mark Lyon has concurred in this filing.

Dated:  October 9, 2014                                    */s/ Mark D. Selwyn*_____
                                                                       Mark D. Selwyn