
| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br> HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| HAROLD J. McELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>JACK W. LONDEN (CA SBN 85776)<br>jlonden@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>RUTH N. BORENSTEIN (CA SBN 133797)<br>rborenstein@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br> HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                   Plaintiff,<br><br>        v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                   Defendants. | Case No.    12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF MARK D. SELWYN IN SUPPORT OF APPLE'S BILL OF COSTS** |

DECLARATION OF MARK SELWYN IN SUPPORT OF APPLE'S BILL OF COSTS
CASE NO.12-cv-00630-LHK (PSG)

I, Mark D. Selwyn, declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned action. I am licensed to practice law in the State of California, Commonwealth of Massachusetts, and State of New York, and am admitted to practice before the U.S. District Court for the Northern District of California. I have personal knowledge of the matters stated herein and am competent to testify thereto. I make this declaration in support of Apple's Bill of Costs. I have knowledge of the matters stated in this declaration, and I could and would testify competently thereto if called to do so.

2. Three law firms represented Apple in this case. Gibson, Dunn & Crutcher LLP ("Gibson") and Morrison & Foerster LLP took primary responsibility for Apple's claims against Samsung, and Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") took primary responsibility for defending Apple against Samsung's claims. This declaration only addresses the costs corresponding to the portion of the case for which WilmerHale had primary responsibility ("WilmerHale Costs"), as reflected in Schedules F-1, G-1, G-2, G-3, G-4, and H-1 and the corresponding exhibits. The costs corresponding to the portion of the case for which Gibson and Morrison & Foerster had primary responsibility are supported by the Declaration of H. Mark Lyon in Support of Apple's Bill of Costs ("Lyon Declaration") and the Declaration of Nathan B. Sabri in Support of Apple's Bill of Costs ("Sabri Declaration"). None of the costs set forth in the Lyon or Sabri Declarations is included in the WilmerHale Costs.

3. On May 5, 2014, the Court entered Judgment (Dkt. 1885), and on May 6, 2014, the Court entered an Amended Judgment. (Dkt. 1890.) Apple prevailed on claim 9 of Apple's U.S. Patent No. 5,946,647 as to all nine accused Samsung products; prevailed on claim 8 of Apple's U.S. Patent No. 8,046,721 as to three accused Samsung products; prevailed on claim 18 of Apple's U.S. Patent No. 8,074,172 as to seven accused Samsung products; and was awarded $119,625,000 in damages. In addition, Apple prevailed on Samsung's claims under U.S. Patent No. 7,577,757, with the Court granting Apple's motion for summary judgment of invalidity on January 21, 2014 (Dkt. 1150). Apple also prevailed on all claims asserted by Samsung at trial under U.S. Patent No. 5,579,239. The only patent on which Samsung prevailed was U.S. Patent

1  No. 6,226,449, where the jury found Apple to infringe claim 27 and awarded $158,400.  In total,
2  the jury awarded Samsung about 0.13% of the damages amount it awarded to Apple.  "A
3  prevailing party must be one who has succeeded on any significant claim affording it some of the
4  relief sought."  *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 782-83,
5  791 (1989).  Plaintiff need not prevail on all claims to be the prevailing party.  *Shum v. Intel*
6  *Corp.*, 629 F.3d 1360, 1367-68 (Fed. Cir. 2010); *San Diego Police Officers' Ass'n v. San Diego*
7  *City Emps.' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009).  Accordingly, Apple is the prevailing
8  party and is entitled to recover costs pursuant to Fed. R. Civ. P. 54(d), 17 U.S.C. § 505, and Civil
9  Local Rule 54.
10        4.    On October 2, 2014, the Court ordered that any bill of costs must be filed by
11  October 9, 2010.  (Dkt. 2008.)  Apple hereby submits its Bill of Costs.
12        5.    I have reviewed Apple's Bill of Costs and the schedules and invoices for the
13  WilmerHale Costs submitted therewith (Schedules F-1, G-1, G-2, G-3, G-4, and H-1, and the
14  corresponding exhibits).  The WilmerHale Costs included in Apple's Bill of Costs are correctly
15  stated.  Further, in my professional judgment, the WilmerHale Costs in Apple's Bill of Costs are
16  fairly attributable to the claims asserted in this litigation and are recoverable by Apple under
17  28 U.S.C. § 1920, Civil Local Rule 54-3, and relevant case law.
18        **A.**    **<u>Printed or Electronically Recorded Transcripts</u>**
19        6.    "Fees for printed or electronically recorded transcripts necessarily obtained for use
20  in the case" are taxable pursuant to 28 U.S.C. § 1920(2).
21        7.    Apple seeks costs of deposition transcripts in the amount of $129,043.07
22  (WilmerHale Costs).  (*See* Schedule F-1.)
23        8.    Under 28 U.S.C. § 1920(2) and Civil Local Rule 54-3, costs for deposition
24  transcripts and videotapes are recoverable.  Civil Local Rule 54-3(c)(1) permits recovery for
25  "[t]he cost of an original and one copy of any deposition (including videotaped depositions)
26  taken for any purpose in connection with the case."  The cost of reproducing exhibits for
27  depositions is also recoverable.  *See* Civil Local Rule 54-3(c)(3) ("The cost of reproducing
28  exhibits to depositions is allowable if the cost of the deposition is allowable.").  This Court has

1 previously awarded such costs. *Apple Inc. v. Samsung Electronics Co.*, No. 11-CV-01846-LHK,
2 Order Granting in Part and Denying in Part Apple's and Samsung's Motions to Review the
3 Clerk's Taxation of Costs, at 11-13, N.D. Cal. Sept. 19, 2014 ("1846 Order").

4       9.      Both parties agreed at the outset of the case that they would need to take a
5 significant number of depositions. The parties jointly requested, and the Court granted, 170
6 hours of total deposition time for each side for both Apple's affirmative case against Samsung
7 and Samsung's affirmative case against Apple. (ECF No. 160 at 1.) For Apple's defensive case,
8 Apple deposed 16 Samsung witnesses and 41 third-party witnesses. In addition, Apple deposed
9 six Samsung experts.

10       10.      Pursuant to Civil Local Rule 54-3(c), Apple has included in its Bill of Costs for
11 each deposition only the costs related to one electronic written transcript, including exhibits, and
12 one copy of the written transcript. Apple has also included the costs related to the videotape of
13 the deposition. Courts in this District regularly permit taxation of costs for both video and a
14 stenographic transcript. For example, the court in *MEMC Elec. Materials v. Mitsubishi*
15 *Materials* concluded "that a sensible reading of the rule covers the cost of videotaping *and* the
16 cost incurred by the court reporter associated with obtaining a stenographic transcription of a
17 deposition, as well as the cost of one copy of the videotape and of the written transcript."
18 No. 01-4925, 2004 WL 5361246, at *3 (N.D. Cal. Oct. 22, 2004), *adopted as modified on other*
19 *grounds*, 2004 WL 5363614 (N.D. Cal. Nov. 22, 2004). The Federal Circuit, in applying this
20 district's local rules, has also found that taxing costs both for a stenographic transcript and a
21 video deposition is a "commonplace practice." *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361,
22 1370 (Fed. Cir. 2011) (affirming Northern District court's decision to tax costs of both
23 videotaping and transcribing of deposition); *Meier v. United States*, No. 05-4404, 2009 WL
24 982129, at *1 (N.D. Cal. Apr. 13, 2009) ("[C]osts both for the video and the stenographic
25 transcript of the depositions may be taxed."); *Pixion Inc. v. PlaceWare Inc.*, No. 03-2909, 2005
26 WL 3955889, at *2 (N.D. Cal. May 26, 2005) (interpreting Local Rule 54-3(c) to allow for
27 taxable costs of both the videotape and a hard copy of the transcript of the depositions); *eBay*
28 *Inc. v. Kelora Sys., LLC*, Nos. C 10-4947 CW (LB), C 11-1398 CW (LB), C 11-1548 CW (LB),

1  2013 U.S. Dist. LEXIS 49835, at *32-33 (N.D. Cal. Apr. 5, 2013) (granting costs for video

2  depositions as "commonplace"); *Kalitta Air, LLC v. Cent. Tex. Airborne Sys.*, No. C 96-2494

3  CW, 2012 U.S. Dist. LEXIS 172679, at *15-16 (N.D. Cal. Dec. 5, 2012) (taxing costs for both

4  stenographic transcript and videotape as appropriate expenses).

5       11.    A spreadsheet itemizing the recoverable WilmerHale Costs that Apple incurred in

6  taking depositions is attached as Schedule F-1 to the Bill of Costs.

7       12.    True and correct copies of invoices supporting the WilmerHale Costs in Schedule

8  F-1 are attached as Exhibit F-1 to the Bill of Costs. These invoices are from the following court

9  reporting firms: Esquire Solutions, TSG Reporting, Inc., Planet Depos, and Veritext.

10      **B.**    **Costs of Making Copies, and Related Items**

11      13.    "Fees for exemplification and the costs of making copies of any materials where

12 the copies are necessarily obtained for use in the case" are taxable pursuant to

13 28 U.S.C. § 1920(4).

14      14.    Apple seeks costs associated with reproducing documents for purposes of

15 disclosure at trial in the amount of $5,781.50 (WilmerHale Costs). Apple seeks $424.95 for

16 costs of copying jury materials, as such materials were "necessarily obtained for use in the case."

17 Apple also seeks $456.75 for copying source code for production at trial to Samsung. In

18 addition, Apple seeks recovery for copies made for exhibit binders provided to Samsung and

19 Samsung witnesses. Apple seeks $4,899.80 for costs related to copies for witness binders

20 created for Samsung's counsel and Samsung's witnesses. For each examination conducted by

21 WilmerHale, Apple created six copies of each witness binder. When Apple conducted a cross

22 examination of a Samsung witness, Apple tendered three copies of its witness examination

23 binder to Samsung – two for Samsung's counsel and one for Samsung's witness. Apple has

24 reduced the invoiced amount proportionately to reflect only the costs of the three sets that were

25 provided to Samsung's counsel and Samsung's witness. When Apple conducted a direct

26 examination of one of its witnesses, Apple tendered two copies of its witness examination binder

27 to Samsung's counsel. Apple has reduced the invoiced amount proportionately to reflect only

28 the costs of the two sets that were provided to Samsung's counsel.

DECLARATION OF MARK SELWYN IN SUPPORT OF APPLE'S BILL OF COSTS         4
CASE NO.12-cv-00630-LHK (PSG)

15. A spreadsheet itemizing the recoverable WilmerHale Costs that Apple incurred for the cost of making copies is attached as Schedule G-1 to the Bill of Costs.

16. True and correct copies of invoices supporting the WilmerHale Costs in Schedule G-1 are attached as Exhibit G-1 to the Bill of Costs.

**C.     Electronic Discovery**

      **1.     Electronic Discovery:  Non-Catalyst File Processing/Uploads (Schedules G-2 & G-3)**

17. Pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54, and Civil Local Rule 54-3, Apple seeks e-discovery costs associated with file processing and uploads for documents and files produced or made available to Samsung in the amount of $144,488.99. Apple seeks $133,765 for costs specifically attributable to the uploading of source code made available to Samsung (see Schedule G-2) and $10,723.99 for other file processing and upload costs related to the production of documents to Samsung, determined as a percentage of the uploaded documents produced to Samsung.  (See Schedule G-3.)

      **a.     Costs related to production of source code**

18. Apple seeks $133,765 for costs specifically attributable to the uploading of source code made available to Samsung.  (See Schedule G-2.)

19. "Where legitimate trade-secret concerns entitle a producing party to use a special form of production media (such as making production copies available for review on a secured computer, rather than allowing the requester to take possession of the production copies), the costs of such production media are recoverable under section 1920(4)." *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1332 (Fed. Cir. 2011); *see also eBay v. Kelora Sys., LLC*, No. C 10-4947, 2013 U.S. Dist. LEXIS 49835, at *31 (N.D. Cal. Apr. 5, 2013) (awarding the cost of "making source code available for inspection").  Costs related to providing secured computers, installing on the computer whatever review software the requester requires, copying the source code files to the secured computer are all recoverable. *CBT Flint Partners*, 737 F.3d at 1333.

1   20. In this case, Apple made available for inspection more than four million source

2   code files (the equivalent of more than 1,000 boxes in paper format).

3   21. A spreadsheet itemizing the recoverable WilmerHale Costs that Apple incurred in

4   uploading source code and making it available to Samsung is attached as Schedule G-2 to the

5   Bill of Costs.  Apple seeks only the amounts associated with providing secured computers,

6   installing on the computer the review software Samsung requested, and copying the source code

7   files to the secured computer.  Apple does not seek to recover costs related to research, planning,

8   or reviewing the files.

9   22. True and correct copies of invoices supporting the Costs in Schedule G-2 are

10   attached as Exhibit G-2 to the Bill of Costs.

**b.    Other file processing/upload costs**

12   23. Apple seeks $10,723.99 for other file processing and upload costs related to the

13   production of documents to Samsung.  Excluding the costs specifically attributable to source

14   code, Apple incurred a total of $179,451.05 in file processing and upload costs (see Schedule G-

15   3).  Following the methodology adopted by the Court in the 1846 Order, Apple seeks to recover

16   5.976% of those costs, or $10,723.99, as related to documents produced to Samsung.

17   24. Over the course of this litigation, Samsung served nineteen sets of requests for

18   production of documents, with 1153 individual document requests.  In response to Samsung's

19   requests, Apple produced 536,249 documents totaling 11,041,426 pages.  All these documents

20   required processing for upload to Apple's document repository system, including more than

21   10,000 pages of paper documents that required conversion to electronic format.  In addition,

22   Apple incurred processing costs in having paper and electronic documents loaded to the Catalyst

23   document repository.

24   25. In the 1846 Order, this Court concluded that "costs associated with documents

25   produced to the opposing party are taxable under Local Rule 54-3(d)(2)."  Accordingly, the

26   Court awarded Apple a percentage of the total e-discovery costs incurred based on the

27   percentage of pages produced to total pages uploaded.

28

1  26.   In this case, Apple uploaded a total of 184,759,826 pages and produced a total of 11,041,426 pages.  Thus, Apple produced 5.976% of the documents it uploaded.

27.   A spreadsheet itemizing the costs that Apple incurred in processing and uploading documents for production and producing documents is attached as Schedule G-3 to the Bill of Costs.  Apple seeks only the amounts associated with electronic preparation and duplication, not the intellectual effort involved in the production, such as searching or analyzing the documents.  Further, costs associated with hosting the data, software user license fees, and vendor consulting time are not included.

28.   True and correct copies of invoices supporting the costs in Schedule G-3 are attached as Exhibit G-3 to my declaration.

### 2.   Electronic Discovery:  Catalyst File Processing/Uploads

29.   Pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54, and Civil Local Rule 54-3, Apple seeks e-discovery costs associated with documents produced from the Catalyst database in the amount of $15,592.18 (WilmerHale costs), which is 5.976% of the $260,913.28 incurred related to processing and uploading documents to Catalyst.  (*See* Schedule G-4.)

30.   In response to Samsung's requests for documents related to its affirmative claims of alleged infringement, Apple collected 184,759,826 pages of documents for electronic processing and review.  Apple ultimately electronically produced the equivalent of 11,041,426 pages of documents related to Samsung's affirmative claims of alleged infringement.

31.   As noted above, in the 1846 Order, the Court concluded "costs associated with documents produced to the opposing party are taxable under Local Rule 54-3," and awarded Apple a portion of its e-discovery costs related to the documents it produced.  Based on that methodology, Apple seeks 5.976% of the costs incurred related to producing documents from Catalyst.

32.   A spreadsheet itemizing the recoverable WilmerHale costs that Apple was charged by Catalyst related to uploading documents for production and producing documents related to the defensive aspects of the case is attached as Schedule G-4 to the Bill of Costs.  Apple seeks only the amounts associated with electronic preparation, duplication, and production of

1 documents – not the intellectual effort involved in the production, such as searching or analyzing
2 the documents.  Further, costs associated with hosting the data, software user license fees, and
3 vendor consulting time are not included.

4       33.     True and correct copies of invoices supporting the WilmerHale costs in Schedule
5 G-4 are attached as Exhibit G-4 to the Bill of Costs.  Included in Exhibit G-4 are invoices from
6 Catalyst Repository Systems, Inc. for costs associated with uploading and producing documents.

7       **D.**     **Compensation for Interpreters at Deposition and Trial**

8       34.     Apple seeks costs for compensation of interpreters at deposition and trial in the
9 amount of $17,437.46 (WilmerHale costs).  (*See* Schedule H-1.)

10       35.     Under 28 U.S.C. § 1920(6), "[c]ompensation of court appointed experts,
11 compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation
12 services under section 1828 of this title" are taxable.  The Supreme Court has recognized that
13 compensation of oral translation may be awarded under 28 U.S.C. § 1920(6), although the cost
14 of written document translation is not allowed under the statute.  *Taniguchi v. Kan Pac. Saipan,*
15 *Ltd.*, 132 S. Ct. 1997, 2002-07 (2012).

16       36.     Several of Samsung's witnesses were Korean nationals and requested that an
17 interpreter be provided at deposition or at trial.  Five depositions of Samsung witnesses required
18 an interpreter.  Apple also deposed witnesses who required interpreters in German and French.

19       37.     A spreadsheet itemizing the recoverable WilmerHale costs that Apple incurred in
20 compensating interpreters used at deposition and trial is attached as Schedule H-1 to the Bill of
21 Costs.

22       38.     True and correct copies of invoices supporting the WilmerHale costs are attached
23 as Exhibit H-1 to the Bill of Costs.  Included in Exhibit H-1 are invoices from various
24 interpreters.

25
26
27
28

### E. Summary of Requested Costs

39. The following chart summarizes the WilmerHale Costs requested by Apple.

| Printed or electronically recorded transcripts | WilmerHale Costs |
|---|---|
| Deposition transcripts | $129,043.07 Schedule |
| Hearing and trial transcripts | $0.00 Schedule |
| **Subtotals:** | $129,043.07 |
| **Exemplification and costs of making copies** | **WilmerHale Costs** |
| Costs of making copies | $5,781.50 Schedule |
| Devices | $0.00 Schedule |
| Trial Graphics and Demonstratives | $0.00 Schedule |
| e-Discovery (other than Catalyst) | $144,488.99 Schedule |
| e-Discovery (Catalyst) | $15,592.18 Schedule |
| **Subtotals:** | $165,862.67 |
| **Interpreters** | **WilmerHale Costs** |
| Interpreters at Deposition and Trial | $17,437.46 Schedule |
| **Subtotals:** | $17,437.46 |
| **Total costs** | **$312,343.20** |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 9th day of October 2014 in Palo Alto, California.

*/s/ Mark D. Selwyn*
Mark D. Selwyn