JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.    12-cv-00630-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ADMINISTRATIVE RELIEF TO FILE A SUR-REPLY**<br><br>Date:  December 18, 2014<br>Time:  1:30 p.m.<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

1

## I.      INTRODUCTION

2    Samsung has provided no good cause to justify a sur-reply.  At Samsung's request, the

3  Court set an extended briefing schedule for addressing both the merits of an ongoing royalty and

4  the appropriate rate of an ongoing royalty.  Dkt. 1978.  The Court also made clear that the parties'

5  opening briefs regarding the royalty rate were limited to five pages each.  *Id.*; *see also* Dkt. 1966.

6  Pursuant to the Court's scheduling order, Apple filed its reply brief in support of its motion for

7  ongoing royalties on September 29.  Samsung waited until October 6—the date its five-page brief

8  regarding the rate of an ongoing royalty was due—and filed its motion for administrative relief

9  (attaching its sur-reply) concurrently with that brief.  Rather than identify anything that might

10  justify a sur-reply, Samsung's motion merely rehashes issues that Samsung has ***already addressed***

11  in its briefs regarding the ongoing royalty.  The Court should reject Samsung's attempt to

12  circumvent the Court's page limits and deny Samsung's motion.

13

## II.     ARGUMENT

14    The Court has already ordered that the parties file a total of six briefs relating to the issue

15  of an ongoing royalty.  None of Samsung's proffered reasons justifies any further briefing.

16    *First*, the scope of Apple's requested relief has not changed.  From the beginning of this

17  case, Apple has sought to stop Samsung's infringement and to be compensated for all acts of

18  infringement that occur.  *See* Dkt. 2001 at 5-7.  And as made clear in its opening motion, Apple

19  has always sought ongoing royalties for products that are "not more than colorably different from

20  infringing products."  Dkt. 1958, at 2-3.  Samsung alleges that a statement in Apple's reply brief

21  regarding the timing of when ongoing royalties should begin justifies a supplemental brief.[1]  Mot.

22

23
24
25
26
27

---

[1] Because the Federal Circuit has recognized that ongoing royalties may be appropriate "in lieu of an injunction," awarding ongoing royalties from the date of the denial of the permanent injunction forward is appropriate.  *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314 (Fed. Cir. 2007); *see, e.g.*, *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 08-335, 2010 U.S. Dist. LEXIS 79039, at *24 (S.D. Cal. Aug. 5, 2010) (granting supplemental damages between trial and the denial of a permanent injunction, and ongoing royalties after the denial of a permanent injunction).  Regardless of when supplemental damages end and ongoing royalties may start, however, Apple has made clear that it will not seek to recover both for any period of time.  *See* Dkt. 2001 at 14.  Apple's request for an ongoing royalty in light of the denial of injunctive relief and arguments concerning the scope of an ongoing royalty order have been fully briefed.

28

1  at 3.  However, Samsung has already argued its position with respect to the appropriate timing of

2  an ongoing royalty, stating in a previous round of briefing that "an ongoing royalty is available

3  only after final judgment."  Dkt. 1986-3.  Samsung does not need a sur-reply to restate its position

4  or to repeat its request for permission to sell products that are only colorably different from the

5  infringing products without paying any compensation to Apple.

6       *Second*, the *Georgia-Pacific* analysis is not "a new test" for ongoing royalties, nor was it

7  first "propose[d]" by Apple in its reply brief.  Mot. at 2.  On the contrary, ***Samsung***

8  acknowledged in its opposition to Apple's motion for ongoing royalties that "in deciding ongoing

9  royalties, courts consider the *Georgia-Pacific* factors for determining a reasonable royalty."  Dkt.

10  1986-3 at 8-9 (citing *I/P Engine, Inc. v. AOL Inc.*, No. 11-512, 2014 WL 309245, at *3 (E.D. Va.

11  Jan. 28, 2014); *Paice LLC v. Toyota Motor Corp.*, 609 F. Supp. 2d 620, 626 (E.D. Tex. 2009)).[2]

12  Samsung should not be permitted an extra brief in order to retreat from its prior (correct)

13  statements of the law.

14       *Third*, Apple does not dispute, either in its reply or anywhere else, that ongoing royalties

15  are a form of equitable relief.  Apple merely acknowledges—in the same way the Federal Circuit

16  has—that an ongoing royalty is "a reasonable royalty" and was therefore encompassed by

17  Apple's request for relief in the pretrial statement, which extended to "all damages adequate to

18  compensate for Samsung's infringement of Apple's asserted patents, and ***in no event less than a***

19  ***reasonable royalty*** for Samsung's acts of infringement."  Dkt. 2001 at 2 (emphasis added) (citing

20  Dkt. 1455-1 at 3; *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1315 (Fed. Cir. 2007)).  To

21  the extent there is any confusion as to whether ongoing royalties are an equitable remedy—which

22  there is not—Samsung has already addressed the issue in its response regarding the appropriate

23  rate of ongoing royalties.  *See* Dkt. 2115-2 at 3.  Again, Samsung has failed to identify good

24  cause to justify a sur-reply.

---

25  [2] Samsung's damages expert Dr. Chevalier apparently agrees that *Georgia-Pacific* is the proper
framework for evaluating ongoing royalties.  In a declaration filed the same day as Samsung's
26  present motion for administrative relief, Dr. Chevalier addressed Dr. Vellturo's analysis regarding
the *Georgia-Pacific* factors, but did not dispute that those factors are the appropriate starting point
27  in an ongoing royalty analysis.  *See* Dkt. 2015-9.

28

1    **III.    CONCLUSION**

2        For the foregoing reasons, Samsung's motion requesting a sur-reply should be denied.

3

4    Dated: October 9, 2014          WILMER CUTLER PICKERING
                                HALE AND DORR LLP

5

6

                         By:   */s/ Mark D. Selwyn*

7                                   MARK D. SELWYN

8                                   Attorneys for Plaintiff and
                               Counterclaim-Defendant

9                                   APPLE INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

The undersigned hereby certifies that a true and correct copy of the above and foregoing

3

document has been served on October 9, 2014, to all counsel of record who are deemed to have

4

consented to electronic service via the Court's CM/ECF system.

5

6

7                                            */s/ Mark D. Selwyn*_____

8                                            Mark D. Selwyn

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28