| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| HAROLD J. McELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>JAMES P. BENNETT (CA SBN 65179)<br>jbennett@mofo.com<br>JACK W. LONDEN (CA SBN 85776)<br>jlonden@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>RUTH N. BORENSTEIN (CA SBN 133797)<br>rborenstein@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 5:12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF CHRISTOPHER L. ROBINSON IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (DKT. 2015)** |

I, Christopher L. Robinson, hereby declare as follows:

1. I am an associate at the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple") in the above-captioned litigation. I am licensed to practice law in the State of California. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2. Pursuant to Local Rule 79-5, I submit this declaration in support of Samsung's Administrative Motion to File Under Seal Documents Filed in Connection with Samsung's Response to Apple's Brief Regarding Ongoing Royalty Rates ("Samsung's Response"). (*See* Dkt. 2015.)

3. Apple seeks to seal portions of the Declaration of Judith A. Chevalier, Ph.D., and the exhibits thereto (Dkt. 2015-9) ("Chevalier Declaration and Exhibits"), filed in support of Samsung's Response, as follows:

| Portions Of: | Description Of Apple Confidential Information |
|---|---|
| Page 16, lines 6-8 | iPhone profitability data |
| Page 17, lines 1, 21/22 | Information that might be used to derive projected iPhone profitability data from previously disclosed calculations |
| Page 18, lines 15-16 | Scope and financial terms of May 2014 Apple agreement with Google/Motorola Mobility |
| Page 21, line 7 | iPhone profitability data |
| Exhibits 4, 5, and 6 | Projected iPhone quarterly unit sales data, projected iPhone profitability data, and information that might be used to derive projected iPhone profitability data from disclosed calculations |

1    4.    Apple has shared with Samsung a highlighted version of the Chevalier Declaration and Exhibits indicating with yellow highlighting the portions of those documents that Apple seeks to seal. Apple understands that Samsung will file a public, proposed redacted version of the Chevalier Declaration and Exhibits reflecting the portions of those documents that both parties seek to seal.

5.    The highlighted portions on page 16, lines 6-8; on page 17, lines 1 and 21/22; on page 21, line 7; and in Exhibits 4-6 contain or discuss confidential iPhone unit data, iPhone profitability data, projected iPhone profitability data, or information that could be used to derive Apple's confidential iPhone profitability data from disclosed calculations. Page 16, lines 6-8; page 21, line 7; Exhibit 4, rows [1]-[3]; Exhibit 5, row [1]; and Exhibit 6 contain or discuss confidential iPhone unit data, iPhone profitability data, or projected iPhone profitability data. The remaining highlighted portions of these materials, including on page 17 and in Exhibits 4-5, could be used to "reverse engineer" Apple's confidential financial information from disclosed calculations. *See, e.g.,* Dkt. 1626 at 3 (sealing trial demonstratives containing some of the same numbers to prevent reverse engineering of Apple confidential financial information); *see also* Dkt. 1600-7 ¶ 5; Dkt. 1620-1 at 6. Redaction of these portions is therefore necessary to prevent a member of the public from deriving the confidential information that Apple seeks to seal.

6.    As Apple explained in the Declaration of Mark Buckley, the public disclosure of Apple's confidential financial information, including certain sales data and profit margin-related information, would give competitors a substantial advantage over Apple because, for example, competitors could tailor offerings and pricing to undercut Apple. (*See* Dkt. No. 685-1 at 3-5; *see also* Declaration of Jim Bean in Support of Apple's Motion to Seal Trial Exhibits, filed in Case No. 11-cv-01846 (N.D. Cal.), Dkt. No. 1495-2 at 1-3 (explaining that Apple's financial information is immensely valuable and disclosed only on a need to know basis within Apple because maintaining the confidentiality of Apple's financial data "allows Apple to remain competitive in an opaque and fast-moving marketplace").) The Federal Circuit has previously approved Apple's request to seal similar financial information. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, 727 F.3d 1214, 1224-26 (Fed. Cir. 2013) (approving sealing of

1  product-specific financial information).  Likewise, the Court has previously ordered similar

2  iPhone financial information to be filed under seal.  (*See* Dkt. 1626 at 2 (granting motion to seal

3  page 39 of PX222A, among other pages, which contained similar iPhone financial data).)

4        7.     The highlighted portions on page 18, lines 14-16, contain or discuss the scope of a

5  May 2014 agreement between Apple and Google/Motorola Mobility.  The Court has previously

6  allowed Apple to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" of

7  license agreements because such information falls within the definition of "trade secrets." *See,*

8  *e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal. Aug. 9,

9  2012) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir.

10 2008)).  As the Court previously noted, the disclosure of confidential licensing information

11 "could result in significant competitive harm to the licensing parties as it would provide insight

12 into the structure of their licensing deals, forcing them into an uneven bargaining position in

13 future negotiations." *Id.* at 16.  The highlighted portions are sealable under the Court's prior

14 sealing orders because they reflect confidential scope and financial terms of the May 2014 patent

15 settlement agreement between Apple and Google/Motorola Mobility.

16       8.     The relief requested by Apple is necessary and narrowly tailored to protect

17 confidential Apple information and to comply with this Court's prior sealing orders.

19      I declare under the penalty of perjury that the foregoing is true and correct to the best of

20 my knowledge and that this Declaration was executed this 10th day of October, 2014, in San

21 Francisco, California.

23            */s/ Christopher L. Robinson*
           Christopher L. Robinson

DECLARATION OF CHRISTOPHER ROBINSON ISO SAMSUNG'S MOTION TO SEAL (DKT. 2015)
CASE NO. 12-CV-00630-LHK (PSG)
sf-3466179

3