UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 5:12-cv-00630-LHK (PSG)<br><br>**[PROPOSED] ORDER GRANTING APPLE'S MOTIONS IN LIMINE** |

Apple moved in limine pursuant to Federal Rules of Evidence 402, 403, 802, 1002, and 1006 to exclude certain evidence of Samsung.  The Court finds that the evidence offered by Samsung fails to meet the standard of admissibility under the Federal Rules of Evidence.  The Court therefore GRANTS Apple's motion in its entirety.

1. Exhibit Nos. 317, 333, 334, 350-58, 360, 372, 375, 406, 457, 458, 478, and 489-91 on Samsung's Exhibit List (Dkt. 1267-4) are excluded as improper compilations of unrelated documents that violate the Court's January 24, 2014, Case Management Order (Dkt. 1158) limiting each party to 200 exhibits.

2. Evidence, argument, and testimony regarding, and any reference to, the rulings, findings, or other developments in cases not involving parties to this action, including but not limited to Exhibit 449 on Samsung's Exhibit List (Dkt. 1267), are excluded under Federal Rules of Evidence 401, 402, and 403 as irrelevant and having a substantial risk of unfair prejudice, confusing the issues, and misleading the jury.

3. Evidence, argument, and testimony regarding, and any reference to, reexamination records regarding any patent-in-suit, including but not limited to Exhibit 349 on Samsung's Exhibit List (Dkt. 1267), are excluded under Federal Rules of Evidence 401, 402, and 403 as irrelevant and having a substantial risk of unfair prejudice, confusing the issues, and misleading the jury.

4. Evidence, argument, and testimony regarding, and any reference to, demonstration systems of the "WAIS," "AppleSearch," "Evolution," and "Windows Mobile" alleged prior art are excluded under Federal Rules of Evidence 401, 402, and 403 as irrelevant and having a substantial risk of unfair prejudice, confusing the issues, and misleading the jury.

5. Evidence, argument, and testimony regarding, and any reference to, claimed prior art documents that do not qualify as prior art are excluded under Federal Rules of Evidence 401, 402, 403, 1002, and/or 1003 as irrelevant and having a substantial risk of unfair prejudice, confusing the issues, and misleading the jury.  This evidence includes but is not limited to the specific documents discussed in Apple's Motion *in Limine* No. 5.

1   6. Evidence, argument, and testimony regarding, and any reference to, versions of the Google Quick Search Box code or Google Search Application made publicly available in August 2013 or later under version numbers 2.7 and up having been implemented in any Samsung product are excluded for failure to disclose such information during discovery, under Federal Rule of Evidence 403, and as having a substantial risk of unfair prejudice.

  7. Evidence, argument, and testimony regarding, and any reference to, the amount of time Samsung actually took (or would have taken in the case of hypothetical design around) from beginning to end to implement any design around or non-infringing alternative for the '172, '721 and '959 patents, and the time it would have taken from beginning to end for Samsung to implement a design around or non-infringing alternative for the '414 and '647 patents, are excluded for failure of Samsung's corporate representatives to have been prepared to testify as to the full time period needed for any actual alleged design arounds or proposed non-infringing alternatives for any of the Asserted Patents.  *See*, *e.g.*, *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 82, 94 (D.D.C. 1998) (precluding testimony at trial of a theory that differed from one offered by the 30(b)(6) designee); *QBE Ins. Corp. v. Jorda Enters., Inc.,* 277 F.R.D. 676, 690 (S.D. Fla. 2012) (corporate designee's "'we-don't-know' response can be binding on the corporation and prohibit it from offering evidence at trial on those points"; "the lack of knowledge answer is itself an answer which will bind the corporation at trial").

**IT IS SO ORDERED.**

Dated: _____    _____
                Hon. Lucy H. Koh
                United States District Judge