# EXHIBIT 38

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants.| CASE NO. 12-cv-00630-LHK (PSG)<br><br>**REBUTTAL EXPERT REPORT OF DR. TODD C. MOWRY REGARDING VALIDITY OF U.S. PATENT NO. 5,946,647**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Counterclaim-Plaintiffs,<br>  v.<br><br>APPLE INC., a California corporation,<br>    Counterclaim-Defendant. | |

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

81.     First, Dr. Jeffay erroneously states that a "shared library" architecture fails to satisfy the construction of "analyzer server" from *Apple Inc. v. Motorola*, Case No. 1:11-cv-08540 (N.D. Ill.), March 19, 2012 Order, at 8-11.  I have already noted the reasons I believe this construction is erroneous, so I do not repeat those here.  But even if that construction is correct, Dr. Jeffay's argument is contrary to subsequent rulings in that case, namely the April 9, 2012 Order denying Motorola's summary judgment motion of non-infringement.  Motorola argued that because "the Android system stores code to perform the pattern recognition and linking functions claimed by '647 in Android common libraries," these shared libraries cannot be part of the "analyzer server."  April 9, 2012 Order, at 4-5.  The Court disagreed, stating that though "some of the code responsible for each task is intertwined with the client applications," much of the code "appears separate from and reused across the client applications."  *Id.* at 5.  Thus, the Court rejected the argument that "shared libraries" cannot satisfy its construction of "analyzer server."

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

93. I also note that Dr. Jeffay further opines that they only require detection of a single "type" of structure. This is contrary not only to the intrinsic evidence, but also to the claim construction opinions in the *Motorola* litigation. For example, Dr. Jeffay attempts to argue that the patent distinguishes between number and "type." But the section Dr. Jeffay cites relates to *actions*, not structures. It is clear that one of the goals of the invention was to overcome problems in prior art systems, such as those that identified only phone numbers. '647 patent, 1:52-65. In the 710 Investigation the Administrative Law Judge found that there must be multiple actions linked to a detected structure. ITC 337-TA-710 Initial Determination, at 130-131. In the Commission's Opinion, it noted that it was not reviewing that finding, but that an "alternative reading" could be to have "multiple actions across multiple structures." ITC 337-TA-710 Commission Opinion, at 28, n. 21. In either case, the Commission upheld the validity of claim 1 over Perspective, which detected only a single type of structure. In addition, the court in the *Motorola* litigation found that "the ability to link a structure to a single action still comports with the patent's plural reference, *so long as other structures are linked to other actions*. An analyzer that links dates to the calendar and phone numbers to the phone book still "links structures to actions." March 19, 2012 Order, at 10-11. The court explicitly identified multiple types of structures as required by claim 1.

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

97. I have reached my opinion regarding conception with the understanding that in order to show conception of a claim of the '647 patent prior to the application filing date of February 1, 1996, each element or limitation of the claim was conceived as of the earlier date. In order to more clearly demonstrate that the '647 patent is entitled to an earlier conception date, I have prepared a claim chart that details, on a limitation-by-limitation basis, source code, documents and testimony of the inventors of the '647 patent that supports my opinion that the 5 asserted claims of the '647 patent were conceived as early as September 25, 1994. *See* Exhibit B. Additional information and analysis supporting my opinion regarding the conception date of the asserted claims of the '647 patent can be found in my reports regarding the validity of the '647 patent submitted in the 710 Investigation and in *Apple Inc. v. Motorola Inc.*, No. 10-cv-662. (*See* APLNDC630-0000169908-170218; APL-ITC796-0000292677-2797).

98. Further, I have reached my opinion regarding the diligent actual reduction to practice of the invention of the '647 patent with the understanding that an invention is generally regarded as actually reduced to practice when it has been made and shown to work for its intended purpose. It is my further understanding that the filing of an application for a patent will serve as a constructive reduction to practice of the invention described in that application. In order to more clearly demonstrate that Apple actually reduced the '647 patent to practice in late 1995, I have prepared a claim chart that details, on a limitation-by-limitation basis, source code, documents, and testimony of the inventors of the '647 patent that supports my opinion that the asserted claims of the '647 patent were reduced to practice by mid-to-late 1995. (*See* Exhibit C). Additional information and analysis supporting my opinion regarding the reduction to practice of the invention of the '647 patent can be found in my reports regarding the validity of the '647 patent submitted in the 710 Investigation and in

*Apple Inc. v. Motorola Inc.*, No. 10-cv-662.  (*See* APLNDC630-0000169908-170218; APL-ITC796-0000292677-2797).

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

---

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

397.    Also, Samsung and other companies encourage their customer's infringement of the '647 patent, further evidencing industry acceptance and recognition of the patent.  For example, Samsung's User Guide for the Galaxy SIII highlights the '647 patent functionality in messaging:

REBUTTAL EXPERT REPORT OF TODD C. MOWRY REGARDING VALIDITY OF U.S. PATENT NO. 5,946,647           141           HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Gibson, Dunn & Crutcher LLP

> If a message contains a link to a Web page, tap the message and then tap the link to open it in the Web browser.
>
> If a message contains a phone number, tap the message and then tap the phone number to dial the number or add it to your contacts.

APLNDC630-0001902119-277, *183.  Samsung provides similar guidance in other User Guides for the Accused Products.  *See, e.g.*, APLNDC630-0000160976-1176, *986 (Galaxy SII Epic 4G Touch); APLNDC-Y0000058371-527, *437-38 (Transform Ultra); APLNDC630-0001900018-255, *119 (Galaxy Note II).  Other companies have similarly highlighted the patented functionality to their consumers.  *See e.g.*, APLNDC-Y0000318688-884, *802 (HTC EVO 4G User Guide); SAMNDCA11040680-834, *766 (HTC Hero); Kyocera000144-321,*237 (Kyocera Milano).  As I explained in my Opening Report, the ITC determined that HTC's Android-based smartphones infringed claims 1 and 8 of the '647 patent.  Also, I served as an expert in *Apple Inc. v. Motorola*, Case No. 1:11-cv-08540 (N.D. Ill.), in which I determined that Motorola's Android-based smartphones also infringed claims 1 and 8.

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

REBUTTAL EXPERT REPORT OF TODD C. MOWRY REGARDING VALIDITY OF U.S. PATENT NO. 5,946,647 — 142 — HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Gibson, Dunn & Crutcher LLP

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

409.     On December 10, 2010, the examiner issued a notice granting the request for Ex Parte Reexamination.  The examiner determined that there were new questions of patentability with respect to claims 1, 4, 6, 8, and 9 in light of PenSoft; with respect to claims 1, 4, 6, 8, and 9 in light of Pandit; with respect to claims 1, 4, 6, 8, and 9 in light of the combination of Pandit and Mogilevsky; with respect to claims 1, 4, 6, 8, and 9 in light of the combination of Pandit and Koved; and with respect to claims 1, 4, 6, 8, and 9 in light of Nokia.  On this same date, the examiner issued a non-final rejection of these claims based on this prior art.

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

REBUTTAL EXPERT REPORT OF TODD C. MOWRY REGARDING VALIDITY OF U.S. PATENT NO. 5,946,647      146      HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Gibson, Dunn & Crutcher LLP

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 9/13/13

_____
Todd C. Mowry

REBUTTAL EXPERT REPORT OF TODD C. MOWRY REGARDING VALIDITY OF U.S.

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY

Gibson, Dunn &