# EXHIBIT 52

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**REBUTTAL EXPERT REPORT OF DR. ALEX C. SNOEREN CONCERNING U.S. PATENTS NOS. 6,847,959 AND 7,761,414**<br><br><br><br>**HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE** |

## TABLE OF CONTENTS

Page

I.      INTRODUCTION ............................................................................................................. 1

II.     MATERIALS REVIEWED ............................................................................................... 2

III.    SUMMARY OF OPINIONS .............................................................................................. 2

IV.     LEGAL STANDARDS ...................................................................................................... 3

        A.      Claim Construction ................................................................................................ 3

        B.      Presumption of Validity ......................................................................................... 4

        C.      Priority Date ........................................................................................................... 4

        D.      Prior Art.................................................................................................................. 5

        E.      Anticipation ............................................................................................................ 5

        F.      Obviousness ........................................................................................................... 7

        G.      Written Description Requirement .......................................................................... 8

V.      THE '959 PATENT ........................................................................................................... 8

        A.      CLAIMS 24 & 25 ARE NOT ANTICIPATED ..................................................... 8

                1.      Introduction ................................................................................................ 8

                2.      The "Testing and Demonstration" Systems that Dr. Rinard Built for this
                        Case are Not Prior Art ..............................................................................10

                3.      Case Narrowing.........................................................................................10

                4.      AppleSearch ..............................................................................................11

                5.      MetaCrawler..............................................................................................24

                6.      WAIS ........................................................................................................31

                7.      Sherlock ....................................................................................................51

                8.      Evans .........................................................................................................58

        B.      CLAIMS 24 & 25 ARE NOT OBVIOUS.............................................................67

                1.      The Scope and Content of the Prior Art ...................................................68

                2.      Differences Between the Prior Art and the Claims at Issue .....................71

                3.      Jensen in Combination with Shoham .......................................................72

# TABLE OF CONTENTS
## (continued)

Page

4.  Legall in Combination with Shoham ...........................................................82

5.  Newton in combination with Hemlock ......................................................88

6.  Smith in Combination with Shoham ........................................................101

7.  Level of Ordinary Skill in the Art ...........................................................112

8.  Secondary Considerations Do Not Support a Finding of Obviousness........113

C.  CLAIMS 24 AND 25 ARE ADEQUATELY DESCRIBED IN THE '959 PATENT.......................................................................................................121

1.  The '959 Patent Provides an Adequate Written Description for Claims 24 and 25 .................................................................................121

2.  The 959 Patent Specification Enables Claims 24 and 25 ...........................125

3.  Claims 24 and 25 Satisfy Section 112, Second Paragraph ..........................126

D.  RESPONSE TO OTHER SECTIONS OF THE RINARD REPORT ....................131

1.  Qualifications and Technology Background Sections.................................131

2.  The 959 Patent Section ............................................................................132

3.  Asserted Claim Scope and Claim Interpretation (Section VII)....................135

4.  The Prior Art ...........................................................................................136

5.  Other Comments (Section X)....................................................................136

VI.  THE '414 Patent..................................................................................................137

A.  PRIORITY DATE OF CLAIM 20 OF THE '414 PATENT .................................137

B.  CLAIM 20 IS NOT ANTICIPATED.................................................................140

1.  Introduction............................................................................................140

2.  The "Testing and Demonstration" Systems that Dr. Chase Built for this Case are Not Prior Art .........................................................................141

3.  Case Narrowing......................................................................................142

4.  Evolution.................................................................................................143

5.  iSync.......................................................................................................155

6.  iTunes.....................................................................................................165

**TABLE OF CONTENTS**
<u>(continued)</u>

<u>Page</u>

      7.     Rashid ................................................................................170

      8.     Thunderbird.........................................................................175

      9.     Windows Mobile with ActiveSync .....................................180

C.     CLAIM 20 IS NOT OBVIOUS..................................................186

      1.     The Scope and Content of the Prior Art .............................188

      2.     Differences Between the Prior Art and the Claims at Issue ........................189

      3.     Dr. Chase's Generic Analysis of the "Knowledge of a Person of Ordinary Skill" in Combination with Previously-Discussed References. .....189

      4.     Rashid in Combination with Hawkins.......................................194

      5.     Vadlamani in Combination with Hill ........................................197

      6.     Level of Ordinary Skill in the Art .............................................201

      7.     Secondary Considerations Do Not Support a Finding of Obviousness.........202

D.     CLAIM 20 IS ADEQUATELY DESCRIBED IN THE '414 PATENT .................206

E.     RESPONSE TO "ADDITIONAL COMMENTS" SECTION OF THE CHASE REPORT.............................................................................206

utilize a modular architecture.

265.    It is my opinion that Newton with Hemlock does not "provide said information identifier to a plurality of heuristics to locate information in the plurality of locations which include the Internet and local storage media."

266.    First, Newton with Hemlock does not "provide said information identifier to a plurality of heuristics to locate information in the plurality of locations which include the Internet ..." As discussed in my opening report to infringe this claim the heuristic employed must be implemented in a module on the device, not remotely on a server on the Internet. *See* SR, ¶ 110.  The Rinard Report points only to the web search engines that Hemlock queries themselves as using a heuristic. *See* RR Ex 6 at 48-50.  These search engines are not part of Hemlock and Newton and therefore it is irrelevant if they implement a number of heuristics to return web search results to Hemlock.  Further, Dr. Rinard writes, "Apple or its expert may take the position that techniques that further process information already located by other heuristics may also be heuristics. To the extent that these are considered to be heuristics, Newton running Hemlock also includes techniques that further process information already located by other heuristics and therefore discloses these heuristics, as shown above, based on the relevance ranking scores generated using the Sherlock plug-in architecture." RR, Ex. 6 at 50.  I do not agree that "techniques that further process information already located by other heuristics" are necessarily heuristic themselves.  In particular, Dr. Rinard provides no explanation of how Hemlock handling of these relevance ranking scores that were apparently generated by the remote web search engines is heuristic. Based on his explanation, Hemlock's use of information already located by other algorithms located on web search engines is not a heuristic to locate information (since it has already been located).  I reserve the right to respond should Dr. Rinard present an explanation of his opinion.

267.    The only other alleged heuristic identified by Dr. Rinard is when the Rinard Report says "[a]dditionally, to the extent that constructing a query is considered to be a heuristic, Hemlock, using Sherlock plug-ins, formulates queries to search each search engine on the Internet" *See* RR Ex. 6 at 48.  This is not a heuristic and Dr. Rinard makes no effort to explain what rule of thumb this uses

EXPERT REPORT  OF DR. ALEX SNOEREN
CONCERNING U.S. PATENT NOS. 6,847,959 AND
7,761,414                                                    95

or how that is a heuristic.  Indeed, it seems to contradict other portions of the Rinard Report that claim, for example "In my opinion, one of skill would not characterize the simple process of formulating a search request as a `heuristic' in the context of the '959 Patent." (RR at 92)  Rather, as the shown in the "Sherlock Plug-ins" used by Hemlock at RR, ¶ 390, these were just manually coded formats used the same way for each query to the respective search engines.

268.    Second, Newton with Hemlock does not "provide said information identifier to a plurality of heuristics to locate information in the plurality of locations which include … local storage media."  The Rinard Report identifies Newton's Global Find as the mechanism that searches locally on the Message Pad.  The Rinard Report identifies two ways data may be stored on the MessagePad, a "soup," a standard way Newton stores data or in "other ways."  RR, Ex. 6 at 25-26.  The Rinard Report further provides two sample finder frames form a programming manual for Newton, one for each data type.  *See* RR Ex. 6 at 28-29 (for the Soup Finder Frame) and 32-33 (for a Compatible Finder Frame).  The Rinard Report further explains in generalities how Global Search operates.  *See, e.g.,* RR, Ex. 6 at 22-24; 37.  Despite these generalities, the Rinard Report says that "In general, applications store different types of data. The search algorithm for each application is therefore, for the most part, application specific and formulated to be appropriate for the application's area of search and data type used to store the application data."  RR, Ex. 6 at 35-36.

269.    However, Dr. Rinard lists a number of specific applications that allegedly implement a heuristic- Calendar, World Clock, ToDo  (RR, Ex. 6 at 38-39, where Dr. Rinard identifies, but does not explain source code files), I/O Box, Notepad and Names.[25] Dr. Rinard only provides an explanation of why he believes the Calendar and ToDo applications together implement a heuristic. RR, Ex. 6 at 43-44. For the others, the Rinard Report makes two general statements (1) "To the extent Apple or its expert contends that searching different sources of information stored in different files, databases, or portions or fields of the same are "heuristics," Newton includes many such heuristics." And (2)  "Apple or its expert may take the position that constructing a query to be properly handled

---

[25] I note that these are not the same lists of applications or items to be searched with the use of Global Find in the Rinard Report Video Ex. No. 13.

Gibson, Dunn
& Crutcher LLP

by a search engine is a heuristic that satisfies the limitations of the asserted claims…. To the extent that this is considered to be a heuristic, Newton includes the following applications, and each application formulates queries to search each application's different type of data and differently structured data store." RR, Ex. 6 at 43-44.  I do not contend that either items (1) or (2) are sufficient to be a heuristics and therefore disagree with Dr. Rinard's characterization of the remaining applications as implementing a heuristic.

**b.     Combining the functionality of Newton and Hemlock is not obvious**

270.     The Rinard Report alleges that including Internet search into the Global Find interface was obvious.  RR, Ex. 6 at 51.  I disagree that such an integration would have been obvious at the time for a number of reasons.

271.     First, Samsung's case narrowing statement identifies only Sherlock as an additional obviousness reference combined with Newton and Hemlock (although as described above it is unclear whether not Dr. Rinard intends to rely on Sherlock here).  Nevertheless, Sherlock cannot stand for the proposition that it was obvious to combine local and Internet search since, as explained above, Sherlock itself had two distinct and separate interfaces for searching locally and on the Internet that were never searched together.

272.     For the remainder of the sources cited by the Rinard Report, I understand that this is outside the scope of Samsung's case narrowing statement and therefore no response is necessary.  I provide one here for the sake of completeness, but my response should not be viewed that I think inclusion of these references is proper or within the scope of the case narrowing statement.

273.     Dr. Rinard writes that "as of the late 1990s, adding the ability to search the Internet to the existing extensible Newton Universal Find service was obvious."  RR Ex. 6 at 51.  It continues that "By the time that Apple was producing the Newton MessagePad 2000, it was clear that the ability to locate and access information in the Internet was perceived to be an important feature for mobile devices such as the Newton to support. Indeed, Apple's marketing literature at the time repeatedly touted the Newton's ability to access data via the Internet as a key feature that the Newton provided to its users." RR, Ex. 6 at 53.  This conclusory statement is belied by the facts.  As Dr.

Gibson, Dunn
& Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

Dated:    September 13, 2013

Alex C.  Snoeren

Gibson, Dunn
& Crutcher LLP