JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 5:12-cv-00630-LHK<br><br>**APPLE'S OBJECTIONS TO SAMSUNG'S BILL OF COSTS** |

# TABLE OF CONTENTS

**PAGE**

I. Samsung Is Not the "Prevailing Party" and Therefore Is Not Entitled to Any Costs ................................................................................................................................ 2

II. Samsung Is Not Entitled to the Specific Costs It Seeks .................................................. 4

    A. Objections to Costs for Deposition Transcripts ................................................... 4

        1. Samsung Should Not Recover for Deposition Transcripts, Particularly Those Unrelated to Its '449 Patent Counterclaim. ............. 4

        2. Samsung Should Not Recover For Unsupported Costs Related To Depositions. ....................................................................................... 5

    B. Objections to Costs for Hearing and Trial Transcripts ....................................... 6

    C. Objections to Costs for Graphics and Demonstratives ....................................... 6

        1. Samsung Should Not Recover for Demonstratives Created for Expert Reports Six Months Before Trial. ............................................... 6

        2. Samsung Should Not Recover for Costs that It Cannot Demonstrate Were Related to '449 Patent Counterclaim. ..................... 7

    D. Objections to Costs for E-Discovery ................................................................... 8

        1. Samsung's Documentation Is Inadequate. ............................................. 8

        2. Samsung Should Not Recover for Collection Costs. ............................. 8

        3. Samsung Has Not Met Its Burden of Establishing The Specific Costs Requested Are Taxable ................................................................ 9

    E. Objections to Interpreters at Depositions ........................................................... 9

    F. Objections to Costs for Witness Fees ............................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ancora Techs., Inc. v. Apple, Inc.*
  No. 11-cv-06357 YGR, 2013 U.S. Dist. LEXIS 121225 (N.D. Cal. Aug. 26, 2013) ................ 8

*Apple Inc. v. Samsung Electronics Co.*
  No. 11-CV-1846-LHK (N.D. Cal. Sept. 19, 2014) .......................................................... passim

*Ass'n of Mexican-Am. Educators v. State of Cal.*
  231 F.3d 572 (9th Cir. 2000) ................................................................................................ 2, 3

*Manildra Mill Corp. v. Ogilvie Mills, Inc.*
  76 F.3d 1178 (Fed. Cir. 1996) ................................................................................................... 1

*Oracle America, Inc. v. Google Inc.*
  No. C 10-0351, 2012 U.S. Dist. LEXIS 125237 (N.D. Cal. Sept. 4, 2012) ......................... 2, 3

*Power Mosfet Techs., L.L.C. v. Siemens AG*
  378 F.3d 1396 (Fed. Cir. 2004) ................................................................................................. 1

*Shum v. Intel Corp.*
  629 F.3d 1360 (Fed. Cir. 2010) ........................................................................................ 1, 2, 3

*Shum v. Intel Corp.*
  682 F. Supp. 2d 992 (N.D. Cal. 2009), *aff'd* 639 F.3d 1360 (Fed. Cir. 2010) ..................... 8, 9

**FEDERAL STATUTES**

28 U.S.C. § 1821(d)(1) ................................................................................................................ 10

**INTRODUCTION**

Samsung is not the "prevailing party" and is not entitled to recover any costs.

Apple prevailed on claim 9 of Apple's U.S. Patent No. 5,946,647 as to all nine accused Samsung products; prevailed on claim 8 of Apple's U.S. Patent No. 8,046,721 as to three accused Samsung products; prevailed on claim 18 of Apple's U.S. Patent No. 8,074,172 as to seven accused Samsung products; and was awarded $119,625,000 in damages. (Dkt. 1890.) In addition, Apple prevailed on Samsung's claims under U.S. Patent No. 7,577,757, with the court granting Apple's motion for summary judgment of invalidity on January 21, 2014. (Dkt. 1150.) Apple also prevailed on all claims asserted by Samsung at trial under U.S. Patent No. 5,579,239. (Dkt. 1890.) The only patent on which Samsung prevailed was U.S. Patent No. 6,226,449, where the jury found Apple to infringe claim 27 and awarded Samsung $158,400. (*Id.*) In total, the jury awarded Samsung about 0.13% – that is, just over one-tenth of one percent – of the damages amount it awarded to Apple.

Even if Samsung were considered the "prevailing party," which it clearly is not, the court should exercise its discretion not to award Samsung any costs given the small amount of the award it received at trial. Furthermore, the costs that Samsung seeks – nearly six times the damages awarded – are vastly overstated for the reasons set forth below.

**LEGAL STANDARD**

Fed. R. Civ. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." An award of costs thus involves two separate inquires. *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1407 (Fed. Cir. 2004). First, the court must identify the "prevailing party" within the meaning of Rule 54(d)(1). Second, the court determines how much, if any, costs should be awarded to the prevailing party. *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010).

Whether a party is a "prevailing party" in a patent litigation is a matter of Federal Circuit law. *Manildra Mill Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182-83 (Fed. Cir. 1996). The Federal Circuit has made clear that, even in mixed judgment cases, there may be only one

1

prevailing party:

> Rule 54(d) has no special rule or exception for mixed judgment cases, where both parties have some claims decided in their favor . . . . Thus, even in mixed judgment cases, punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a "prevailing party." For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, "prevailing party" to receive any costs award.

*Shum*, 629 F.3d at 1367; *see also Oracle America, Inc. v. Google Inc.*, No. C 10-0351, 2012 U.S. Dist. LEXIS 125237, at *5-6 (N.D. Cal. Sept. 4, 2012) ("Even if the action results in mixed judgment, the district court must nonetheless pick one side as the 'prevailing party' for the purposes of taxing costs."). In order to "prevail," a party must obtain "at least some relief on the merits . . . [and] [t]hat relief must materially alter the legal relationship between the parties by modifying [the other party's] behavior in a way that 'directly benefits'" the party. *Shum*, 629 F.3d at 1360 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-13 (1992)). To be a "prevailing party," it is not sufficient that a party was successful on some issues in the case or that there is some alteration in the legal relationship between the parties; the alteration in the legal relationship must be (1) material and (2) modify the opposing party's behavior in a way that directly benefits the party. *Shum*, 629 F.3d at 1368.

Even if a party is deemed the prevailing party and is eligible for costs, depending on the extent and nature of the prevailing party's victory, it may be proper for the trial court to award only low costs or no costs at all. *Shum*, 629 F.3d at 1367 n.8. Reasons that can justify denial of costs can include, among others, the nominal or partial nature of the prevailing party's recovery. *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).

## OBJECTIONS TO SAMSUNG'S BILL OF COSTS

**I.  Samsung Is Not the "Prevailing Party" and Therefore Is Not Entitled to Any Costs.**

Samsung is not the "prevailing party" and is not entitled to recover any costs. Indeed, Samsung does not and obviously cannot contend that it prevailed in the litigation as a whole. Instead, Samsung seeks costs for only the portion of the case related to Samsung's counterclaims against Apple. However, Samsung's approach is incorrect as a matter of law. For "the purpose

of costs and fees, there can be *only one winner*." *Shum*, 629 F.3d at 1367 (emphasis added); *see also Oracle*, 2012 U.S. Dist. LEXIS 125237 at *5-6 (stating that the district court must "pick *one side* as the 'prevailing party' for the purposes of taxing costs" (emphasis added)); Rule 54(d)(1) (awarding costs to "*the* prevailing party" (emphasis added)).

Here, Apple is the prevailing party. Apple was successful in proving that Samsung infringed three of Apple's patents, for which Apple was awarded $119,625,000 in damages. (Dkt. 1890.) In addition, the court invalidated Samsung's '757 patent on summary judgment. (Dkt. 1150.) Apple also successfully defeated Samsung's claim of infringement under the '239 patent. (Dkt. 1890.)

Samsung's success on a peripheral counterclaim, which reduced Apple's damages recovery by a mere 0.13%, is not sufficient to alter Apple's status as a prevailing party for the case as a whole. The law is clear that limited success on peripheral issues is not enough to qualify as a prevailing party. *See Oracle*, 2012 U.S. Dist. LEXIS 12537, at *7 (Oracle was not the prevailing party despite success on two copyright claims); *Shum*, 629 F.3d at 1366-67 (plaintiff was not prevailing party despite success on correcting inventorship for five patents). Samsung's counterclaim for infringement of the '449 patent played only a peripheral role at trial.[1] Samsung's success was equally peripheral. The jury awarded Samsung just $158,400 in damages. (Dkt. 1890.) Thus, Samsung's success on this patent merely reduced Apple's judgment against Samsung by a fraction of one percent – from $119,652,000 to $119,493,600.

Even if Samsung were considered the prevailing party, which it is not, the court should exercise its discretion not to award Samsung any costs given the extremely limited nature and extent of its claimed victory. *See Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (including the nominal or partial nature of the prevailing party's recovery as among the potential reasons for denying costs). Samsung, which was awarded only $158,400 in damages, now seeks almost six times that amount, $610,746.49, in costs. An award of costs so vastly out of proportion with the amount recovered should be denied in its entirety.

---

[1] Samsung's conduct at trial also confirms that Samsung's claim of infringement under the '449 patent was a peripheral aspect of the case. Samsung allotted only about five percent of its trial time (76 of its 1500 minutes) to issues related to the '449 patent. *See* Selwyn Decl. at ¶ 4.)

3

**II.     Samsung Is Not Entitled to the Specific Costs It Seeks**

As detailed below, the vast majority of the costs Samsung seeks are unrelated to the single patent on which Samsung was successful.  Samsung improperly also seeks costs for claims on which Apple was successful.

   **A.     Objections to Costs for Deposition Transcripts**

   **1.     Samsung Should Not Recover for Deposition Transcripts, Particularly Those Unrelated to Its '449 Patent Counterclaim.**

Samsung seeks $108,536.87 for the costs of deposition transcripts and videos of depositions.  (Fazio Decl. at ¶ 9.)  Specifically, Samsung seeks costs for depositions of 17 Apple witness, 31 Samsung witnesses, and 29 third-party witnesses.  Based on the court's ruling in *Apple Inc. v. Samsung Electronics Co.*, No. 11-CV-1846-LHK, Order Granting in Part and Denying in Part Apple's and Samsung's Motions to Review the Clerk's Taxation of Costs (N.D. Cal. Sept. 19, 2014) ("*Apple I* Bill of Costs Order"), Samsung cannot recover for any of its deposition transcript costs.  At the very least, Samsung should recover its costs for the 71 of these 87 depositions that are unrelated to the sole claim on which Samsung was successful.  (*See* Selwyn Decl. at ¶ 5.)

As noted above, Samsung does not contend that it is the prevailing party for the case as a whole.  Instead, it asks the court to award Samsung its costs—and thus deny Apple its costs—for those depositions that relate to Samsung's counterclaims based on Samsung's success on one counterclaim.  This is a more extreme form of an argument the court already rejected in the previous case between these parties.

In the *Apple I* Bill of Costs Order, the court held that Apple, the prevailing party in that case, could recover costs for all depositions "taken for any purpose in connection with the case." The court rejected Samsung's argument that deposition costs should be reduced because Apple did not succeed on every claim and counterclaim.  *See  Apple I* Bill of Costs Order at *10 (rejecting Samsung's argument that the prevailing party could recover only for "those depositions that raised liability issues on which the prevailing party actually prevailed at trial"). Undeterred, Samsung makes the same argument in a different guise here.  Samsung again tries to

4

deny Apple costs related to certain depositions in the case—this time arguing that the court should do so because Samsung was successful on certain claims (rather than because Apple was unsuccessful). But that is a distinction without difference, and Samsung's request should be denied on the same ground. As the court stated in the previous case, apportioning deposition costs based on the success or failure of certain claims is "not supported by authority." *Id.*

Indeed, Samsung's argument is more extreme than the one the court rejected in the previous case because, here, Samsung seeks to recover costs (and deny Apple recovery of costs) for depositions related to the counterclaims on which Apple *did prevail* either at trial or summary judgment, simply because Samsung was successful on one unrelated counterclaim. Samsung's costs for depositions related to its '449 patent counterclaim amount to $20,924.01. Accordingly, to the extent Samsung is awarded any costs for depositions (and it should not be because it is not the prevailing party), they should be reduced by $87,612.86. (*See* Selwyn Decl. at ¶ 5.)

### 2. Samsung Should Not Recover For Unsupported Costs Related To Depositions.

A bill of costs must provide an affidavit stating that cost were "necessarily incurred, and are allowable by law, and provide "[a]ppropriate documentation to support each item claimed." Civ. L.R.54-1(a). The party seeking costs bears the burden of "establish[ing] the amount of compensable costs and expenses to which it is entitled." *Apple I* Bill of Costs Order at *14 (quoting *In re Recoh*, 661 F.3d 1367 (Fed. Cir. 2011); *see also Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 998 (N.D. Cal. 2009) ("A district court may reduce costs . . . which are not supported by adequate documentation."), *aff'd* 639 F.3d 1360 (Fed. Cir. 2010)). Samsung has not provided adequate documentation to support its claim for $1,817.70 related to the Dong Ha Nam deposition. (Dkt. 2030-3 at 49 (Samsung Bill of Costs Exhibit A-1).) Samsung's exhibit contains only a partial invoice with the total amount, not the itemized breakdown of costs.[2]

---

[2] During the meet and confer process prior to filing these objections, Samsung agreed to reduce its requested costs for the Dong Ha Nam deposition by 50% in response to Apple's objection; however, this does not resolve Apple's objection about insufficient documentation. During the meet and confer process, Apple also objected to costs related to the deposition of Greg Keng on the ground that Samsung had failed to apply the 10% discount that the vendor deducted from the invoice total to the claimed line items; Apple understands that Samsung has agreed to reduce its request by 10% from $1,276.13 to $1,148.52, which would resolve Apple's objection with respect to the costs for Mr. Keng's deposition.

5

**B.     Objections to Costs for Hearing and Trial Transcripts**

Samsung seeks $12,857.05 for hearing and trial transcripts. Specifically, Samsung seeks $640.80 for hearing transcripts and $12,216.25 for trial transcripts. Samsung should not be able to recover these costs.

The majority of the trial transcript costs are related to Apple's affirmative case. Eight of the trial days for which Samsung seeks costs were dedicated entirely to Apple's affirmative case, and the vast majority of several of the other days also were dedicated to Apple's affirmative case. (*See* Selwyn Decl. at ¶ 3.) Because the party seeking costs bears the burden of "establish[ing] the amount of compensable costs and expenses to which it is entitled," *Apple I* Bill of Costs Order at *14 (quoting *In re Ricoh*, 661 F.3d 1367 (Fed. Cir. 2011), and Samsung has not provided documentation adequate to determine which transcript costs relate to Samsung's counterclaims, Samsung's request for costs related to trial transcripts should be denied in its entirety. At the very least, Samsung's request should be reduced for the eight full trial days that relate entirely to Apple's affirmative case.

Similarly, Samsung has not met its burden of demonstrating that it is entitled to any hearing transcripts costs. The *Markman* hearing and the summary judgment hearing for which Samsung seeks transcript costs did not involve Samsung's '449 patent. Thus, Samsung is unable to show that obtaining transcripts of either of these hearings was in any way necessarily obtained for appeal on a claim on which Samsung prevailed.

**C.     Objections to Costs for Graphics and Demonstratives**

Samsung seeks $198,726.56 for costs related to graphics and demonstratives. This request should be denied in its entirety.

**1.     Samsung Should Not Recover for Demonstratives Created for Expert Reports Six Months Before Trial.**

The Local Rules provide that costs may be recovered for "preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits [that are] reasonably necessary to assist the jury or the court in understanding the issues *at trial*." Civ. L.R. 54-3(d)(5) (emphasis added). The court has made clear that only those graphics created in anticipation of use at trial are

recoverable. *Apple I* Bill of Costs Order, at *17. In this case, Samsung seeks $43,425 in costs that were incurred in September 2013 (six months before trial). (*See* Dkt. 2030-6 (Invoice No. 1309-007), 2030-7 at 2-5.) Several of the line items expressly indicate that they were intended for the creation of videos to be included in expert reports rather than exhibits to be used at trial. Indeed, the fact that the graphics were not created for use at trial is demonstrated by the fact that they include the creation of videos relating to the '757 patent, which was invalidated on summary judgment more than three months before trial. (Dkt. 1150.) The remaining line items from the September 2013 invoice list only "On-site support" or "Communication Design." There is no documentation in the invoice or Samsung's declaration from which the court could infer that they relate to the creation of graphics or demonstratives for a trial six months later. *See Apple I* Bill of Costs Order, at *17. Accordingly, Samsung should be denied all costs related to the September 2013 invoice.

### 2. Samsung Should Not Recover for Costs that It Cannot Demonstrate Were Related to '449 Patent Counterclaim.

A bill of costs "must state separately and specifically each item of taxable costs claimed" and must provide an affidavit stating that the costs were "necessarily incurred, and are allowable by law" and provide "[a]ppropriate documentation to support each item claimed." Civ. L.R. 54-1(a). As the court has made clear, "the burden is on the prevailing party to establish in the first instance that specific requested costs are taxable." *See Apple I* Bill of Costs Order, at *14. Here, Samsung provides no documentation to show that the costs it seeks related to trial graphics are associated with the '449 patent counterclaim. Not a single line item in the invoices from 2014 expressly relate to the production of trial graphics and demonstratives for Samsung's counterclaims, much less for the '449 patent counterclaim in particular. (*See* Dkt. 2030-4 (Invoice Nos. 1403-007, 1404-012, 1405-007), 2030-5 at 6-34.) While Samsung strikes a few entries that expressly relate to Apple's patent claims, Samsung does not even assert that the remaining items relate to Samsung's counterclaims. Instead, Samsung provides an arbitrary and unexplained "estimate" that it claims "includes only a portion of the costs it could permissibly seek." (Fazio Decl. at ¶ 31.) Samsung's supposedly "conservative" estimate that 25% of

7

graphics costs were dedicated to its counterclaims is more than double all observable measures of time and graphics dedicated to Samsung's counterclaims.  For example, only 11 of 125 (8.8%) of Samsung's opening statement slides related to its counterclaims (and only 4 related to the '449 patent); only 14 of 120 (11.6%) of Samsung's closing statement slides related to its counterclaims (and only 10 related to the '449 patent); and Samsung only dedicated 134 minutes of its total 1500 minutes of trial time (8.9%) to its counterclaims (and only 76 minutes to the '449). (Selwyn Decl. at ¶ 4.)  Accordingly, because Samsung's "estimate" cannot satisfy Civ. L.R. 54-1(a)'s requirement of "[a]ppropriate documentation to support each item claimed" and does not meet Samsung's burden of establishing that the specific requested cost are taxable, the request should be denied in its entirety.

### D. Objections to Costs for E-Discovery

Samsung seeks $262,182.04 for costs incurred in producing documents.  Samsung's request should be denied in its entirety.

#### 1. Samsung's Documentation Is Inadequate.

A bill of costs "must state separately and specifically each item of taxable costs claimed" and must provide an affidavit stating that the costs were "necessarily incurred, and are allowable by law" and provide "[a]ppropriate documentation to support each item claimed."  Civ. L.R. 54-1(a); *Shum*, 682 F. Supp. 2d at 998 ("A district court may reduce costs . . . which are not supported by adequate documentation.").  For its e-discovery costs, Samsung provides only a summary page that does not "separately and specifically" identify the costs so that the court can determine which costs should be taxable. (Dkt. 2030-9.)  The "Unit Description" section of each of the line items of each of the invoices refers to "attached" pages.  There are no "attached" sheets with such descriptions included in Samsung's exhibits.  Accordingly, the document is not adequate to support the request for costs.

#### 2. Samsung Should Not Recover for Collection Costs.

Under Ninth Circuit and Northern District of California case law, "costs compensable under section 1920 are only permitted for preparation and duplication of documents, not the efforts in assembling, collecting or processing those documents."  *Ancora Techs., Inc. v. Apple,*

*Inc.*, No. 11-cv-06357 YGR, 2013 U.S. Dist. LEXIS 121225, at *9 (N.D. Cal. Aug. 26, 2013). The base number Samsung uses to calculate its e-discovery costs includes $61,517.48 in collection costs. (Dkt. 2030-9.) These costs are not recoverable and should be excluded from Samsung's recoverable costs.

### 3. Samsung Has Not Met Its Burden of Establishing The Specific Costs Requested Are Taxable

A bill of costs "must state separately and specifically each item of taxable costs claimed" and must provide an affidavit stating that the costs were "necessarily incurred, and are allowable by law" and provide "[a]ppropriate documentation to support each item claimed." Civ. L.R. 54-1(a). As the court has made clear, "the burden is on the prevailing party to establish in the first instance that specific requested costs are taxable." *See Apple I* Bill of Costs Order, at *14; *Shum*, 682 F. Supp. 2d at 998 ("A district court may reduce costs . . . which are not supported by adequate documentation.").

Once again, Samsung makes no effort to provide "appropriate documentation" demonstrating that its e-discovery costs are related only to its counterclaims, much less that they are related to the sole counterclaim on which Samsung was successful. Instead, Samsung arbitrarily seeks half of the costs it calculates would have been taxable if it were the prevailing party for the case as a whole. There is no legal basis for this methodology, and, in any event, Samsung's counterclaims did not constitute half the case. In terms of damages awarded, Samsung's recovery was only a fraction of one percent of Apple's recovery. In terms of trial time, Samsung only spent 8.9% of its time on its counterclaims (and only 5.1% on the '449 patent). Accordingly, Samsung's "estimate" does not satisfy Civ. L.R. 54-1(a)'s requirement of "[a]ppropriate documentation to support each item claimed," does not meet Samsung's burden of establishing that the specific requested cost are taxable, and should be denied in its entirety.

### E. Objections to Interpreters at Depositions

Samsung seeks $20,000 for costs incurred compensating interpreters for 13 foreign language depositions. Samsung's request should be denied in its entirety, or, at the very least, should be denied as to the 12 interpreters unrelated to the single counterclaim on which Samsung

9

was successful.  (Selwyn Decl. at ¶ 5.)

As described with respect to depositions in section II(A)(1), Samsung's request for costs related to interpreters for depositions should be denied because the court has made clear that the prevailing party in the case as a whole is entitled to recover costs for depositions (and thus interpreters) "taken for any purpose connected with the case."  *See Apple I* Bill of Costs Order, at *9.  The court rejected Samsung's argument that costs should be apportioned based on the success or failure of particular claims or counterclaims.  *Id.*  Accordingly, Samsung's argument that it should be awarded (and Apple thus denied) costs related to interpreters on depositions related to Samsung's counterclaims should be denied in its entirety.

At the very least, the court should deny Samsung's request for costs for interpreters for depositions unrelated to the counterclaim on which Samsung was successful.  Samsung's costs for the one deposition related to its '449 patent counterclaim that required an interpreter was $1,250.  (Selwyn Decl. at ¶ 5.)  Accordingly, to the extent Samsung is awarded any costs for interpreters (and it should not be because it is not the prevailing party), its request should be reduced by $18,750.  (*See* Selwyn Decl. at ¶ 5.)

### F. Objections to Costs for Witness Fees

Samsung seeks $6,215 in costs for reimbursing witnesses for travel and lodging.

Samsung's request for costs related to lodging for its experts for more than two nights is unreasonable and should be denied.  Civil L.R. 54-3(e) provides that subsistence payments for witness are allowable only "to the extent reasonably necessary," and 28 U.S.C. § 1821(d)(1) further specifies that "a subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day."  Despite this, Samsung seeks to recover for a ten-night stay for Ken Parulski, a seven-night stay for J.R. Kearl, and an eight-night stay for Sanjay Rao.  (Selwyn Decl. ¶ 4.)  All three experts testified only once.  Both Dr. Kearl's and Dr. Rao's testimony was completed in one day; Dr. Parulski's testimony was split over two days, but finished early on the second day with ample opportunity return home.  The extended stays for which Samsung seeks recovery were neither reasonably incurred nor necessary because

1  of a requirement to return to San Jose "from day to day." Accordingly, Samsung's recovery (if
2  any) for lodging should be reduced to 2-days per expert and Samsung's cost reduced by $2,698.
3  In addition, Samsung's request for travel expenses for Dan Schonfeld should be denied in
4  its entirety as Dr. Schonfeld's testimony was entirely unrelated to the sole counterclaim on which
5  Samsung was successful.

Dated: October 30, 2014

By: /s/ Mark D. Selwyn
*Attorney for Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document and its supporting documents were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: October 30, 2014                    */s/* Mark D. Selwyn