QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION


| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                   Plaintiff,<br><br>          vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                   Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S OBJECTIONS TO APPLE'S BILL OF COSTS** |

# TABLE OF CONTENTS

**Page**

INTRODUCTION.................................................................................................................. 1

PROCEDURAL BACKGROUND ........................................................................................ 2

LEGAL STANDARD ........................................................................................................... 3

OBJECTIONS TO APPLE'S BILL OF COSTS .................................................................. 4

I.      THE COURT SHOULD DEFER ANY DECISION ON COSTS UNTIL AFTER
        APPEALS ARE RESOLVED...................................................................................... 4

II.     IN THE ALTERNATIVE, THE COURT SHOULD REJECT APPLE'S BID FOR
        COSTS AND ORDER EACH PARTY TO BEAR ITS OWN EXPENSES ...................... 6

III.    APPLE'S BILL OF COSTS SEEKS ALMOST A MILLION DOLLARS IN
        DISALLOWED OR UNSUPPORTED EXPENSES................................................... 6

        A.      Apple's Request For Costs For Transcripts Should Be Reduced............................ 7

                1.      Apple Seeks Excessive Costs For Deposition Transcripts. ........................... 8

        B.      Apple's Requests For Costs For Copies, Product Purchases, Graphics, and
                Electronic Discovery Are Excessive And Unsupported And Should Be
                Reduced Or Rejected........................................................................................... 10

                1.      Apple Seeks Disallowed Costs For Making Hundreds Of Thousands
                        Of Copies............................................................................................. 11

                2.      Apple's Costs For Purchasing Devices Should Be Reduced. .................... 15

                3.      Apple Seeks Disallowed Costs For Developing Graphics And
                        Demonstratives...................................................................................... 16

                4.      Apple Seeks Disallowed Costs Related To Electronic Discovery. ............. 18

        C.      Apple's Request For Costs For Interpreters Should Be Disallowed Or
                Reduced. .............................................................................................................. 19

IV.     SUMMARY OF SAMSUNG'S OBJECTIONS TO APPLE'S BILL OF COSTS ............ 21

CONCLUSION .................................................................................................................. 24

# TABLE OF AUTHORITIES

**Page**

## Cases

*Amarel v. Connell*,
  102 F.3d 1494 (9th Cir. 1996) .......................................................................................4, 5, 6

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
  No. 11-cv-1846-LHK, 2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) .............4, 9, 12, 14 16, 17

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
  No. 2014-1802 (Fed. Cir. 2014) .............................................................................................3

*CRS Recovery, Inc. v. Laxton, No. C 06-7093 CW*,
  2013 U.S. Dist. LEXIS 4240 (N.D. Cal. Jan. 10, 2013) ........................................................11

*Champion Produce, Inc. v. Ruby Robinson Co., Inc.*,
  342 F.3d 1016 (9th Cir. 2003) ...........................................................................................4, 5

*Dunklin v. Mallinger*,
  No. 11-cv-01275-JCS, 2013 U.S. Dist. LEXIS 85340 (N.D. Cal. June 17, 2013) ....................5

*In re Eastern Erectors, Inc.*,
  396 F. Supp. 797 (E.D. Pa. 1975) ...........................................................................................5

*Estate of Pidcock v. Sunnyland Am., Inc.*,
  726 F. Supp. 1322 (S.D. Ga. 1989) ..........................................................................................5

*FLIR Sys., Inc. v. Sierra Media, Inc.*,
  965 F. Supp. 2d 1184 (D. Or. 2013) .........................................................................................6

*Friends of Tahoe Forest Access v. U.S. Dep't of Agric.*,
  12-CV-01876 JAM-CKD, 2014 WL 1575622 (E.D. Cal. Apr. 17, 2014) ................................5

*Hensley v. Eckerhart*,
  461 U.S. 424, 103 S. Ct. 1933 (1983) .....................................................................................6

*Ishida Co., Ltd. v. Taylor*,
  No. C-02-01617-JF, 2004 U.S. Dist. LEXIS 24480 (N.D. Cal. Nov. 29, 2004) ......................5

*KiSKA Constr. Corp. USA v. Washington Metro. Area Transit Auth.*,
  No. 97-2677, 2002 WL 393082 (D.D.C. Mar. 11, 2002) .........................................................5

*Lasic v. Moreno*,
  No. 2:05-cv-0161-MCE, 2007 U.S. Dist. LEXIS 88608 (E.D. Cal. Nov. 21, 2007) .................5

*MEMC Electronic Materials v. Mitsubishi Materials*,
  No. 01-4925, 2004 WL 5361246 (N.D. Cal. Oct. 22, 2004), *adopted as modified on other
  grounds*, 2004 WL 5363614 (N.D. Cal. Nov. 22, 2004) ..........................................................9

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*,
  76 F.3d 1178 (Fed. Cir. 1996) .................................................................................................3

*Postx Corp. v. Secure Data In Motion, Inc.,*
   No. C 02-04483 SI, 2006 WL 2067080 (N.D. Cal. July 24, 2006)..........................................4, 6

*In re Ricoh Co., Ltd. Patent Litig.,*
   661 F.3d 1361 (Fed. Cir. 2011) ..................................................................................4, 14, 17

*Taniguchi v. Kan Pac. Saipan, Ltd.,*
   566 U.S. ___, 132 S. Ct. 1997 (2012) ....................................................................................4

*TransPerfect Global, Inc. v. MotionPoint Corp.,*
   No. C-10-02590 CW (DMR), 2014 WL 1364792 (N.D. Cal. Apr. 4, 2014) ............................4

*Vectren Commc'ns Servs. v. City of Alameda,*
   No. C 08-3137 SI, 2014 U.S. Dist. LEXIS 100227 (N.D. Cal. July 22, 2014).........................11

*Zimmerman v. Dickerson,*
   No. 4:05-cv-0031-DFH, 2006 U.S. Dist. LEXIS 84426 (S.D. Ind. Nov. 16, 2006) ...................5

## **Statutes and Rules**

28 U.S.C. § 1920 ...................................................................................................................4

Civil L.R. 54 .........................................................................................................................4

Civil L.R. 54-1(a) .............................................................................................................10, 17

Civil L.R. 54-2 .......................................................................................................................1

Civil L.R. 54-3(d) .................................................................................................................10

Civil L.R. 54-3(d)(4) .............................................................................................................11

Civil L.R. 54(d)(2)(B) .............................................................................................................5

Fed. R. Civ. P. 26 .................................................................................................................14

Fed. R. Civ. P. 54 ..................................................................................................................5

Fed. R. Civ. P. 54(c) ...............................................................................................................3

1    Pursuant to Civil Local Rule 54-2 and the parties' stipulation regarding Costs briefing

2    (Dkt. 1893), Defendants and Counterclaim-Plaintiffs Samsung Electronics Co., Ltd., Samsung

3    Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively

4    "Samsung") hereby object to Plaintiff and Counterclaim-Defendant Apple Inc.'s Bill of Costs,

5    filed October 9, 2014 (Dkt. 2031-3).   Samsung met and conferred with Apple by phone on

6    October 30, 2014, and further by email today, in an effort to resolve the parties' disagreements

7    concerning the costs claimed in Apple's Bill of Costs.   (Declaration of Michael Fazio in Support

8    of Samsung's Objections To Apple's Bill of Costs and in Further Support of Samsung's Bill of

9    Costs ("Fazio Decl.") ¶¶ 4-5.)   The parties were unable to resolve the objections below unless

10   expressly noted.

11                                      **<u>INTRODUCTION</u>**

12   This litigation was not a simple case involving claims going one way, from Plaintiff

13   against Defendant.   Instead, each side brought affirmative patent infringement claims against the

14   other.   At trial, each party was allowed to present its offensive case against the other side.   And

15   as reflected in the jury's verdict, each party had some measure of success in its offensive case

16   against the other side, resulting in the Clerk's judgment in favor of both sides against the other.

17   Under federal law, a party is entitled to seek costs from the other side only if it prevailed.   Here,

18   Apple prevailed only in its offensive case against Samsung.   Samsung was the prevailing party in

19   its infringement case against Apple.

20   Nevertheless, Apple's Bill of Costs improperly attempts to recover hundreds of thousands

21   of dollars attributable to Samsung's offensive case, in which Samsung was the prevailing party.

22   For instance, Apple seeks over $133,000 it spent producing its source code to Samsung, but that

23   source code was found to infringe Samsung's intellectual property.   Apple has no basis to seek

24   reimbursement from Samsung for costs Apple incurred in unsuccessfully defending against

25   Samsung's infringement claim.   In some instances, it is clear from Apple's submission which

26   costs are attributable to Samsung's offensive case.   These must be rejected.   In other instances,

27   Apple seeks costs without providing any indication as to which case they are attributable to.

28

1    These costs must be rejected as well, as Apple bears the burden to prove its costs with specificity,

2    and therefore also bears the risk of failing to do so.

3         Finally, Apple's Bill of Costs contains a number of entries for redundant charges,

4    unreasonable rates, and categories of expenses that are not taxable according to this Court's rules.

5    These must also be reduced or eliminated to avoid any impermissible awards.    Samsung's

6    detailed objections to each of Apple's schedules are included below and annotated schedules

7    reflecting reasonable amounts are attached.    (Fazio Decl., Annotated Apple Schedules B-1, B-2,

8    C-1, D-1, E-1, F-1, G-1, and H-1.)

9                              **PROCEDURAL BACKGROUND**

10        Apple filed its initial complaint on February 8, 2012, and an amended complaint on August

11   31, 2012, alleging that various Samsung products infringed Apple's patents.    (Dkts. 1, 261.)

12   Samsung then filed its own affirmative claims of patent infringement against Apple, alleging

13   infringement of eight different Samsung patents.    (Dkts. 107, 264.)    During discovery, the

14   parties took hundreds of depositions, with 97 witnesses related to Samsung's offensive case.

15   (Fazio Decl. ¶ 9.)    At the Court's direction, the parties reduced the number of claims they would

16   bring at trial.    (Dkt. 1336 at 1; Dkt. 1427.)    Throughout the litigation, Apple was represented by

17   multiple law firms.    Apple represented that Gibson Dunn and Morrison & Foerster "took primary

18   responsibility for Apple's claims against Samsung" while WilmerHale "took primary

19   responsibility for defending Apple against Samsung's claims."    (Dkt. 2031-5 (Lyon Decl.) ¶ 2;

20   *accord* Dkt. 2031-4 (Sabri Decl.) ¶ 2; Dkt. 2031-6 (Selwyn Decl.) ¶ 2.)    The docket also reveals

21   that the Morrison & Foerster team largely entered the case in the months leading up to trial and

22   handled many of Apple's pre-trial and trial efforts for both Apple's offensive and defensive cases.

23   (*See, e.g.*, Dkts. 1111 through 1123 (entering appearances for a dozen Morrison & Foerster

24   attorneys on January 6, 2014, three months before trial); Dkt. 1398 (various Morrison & Foerster

25   attorneys appearing at pretrial conference); Dkt. 1266 (Morrison & Foerster attorney filing

26   Apple's trial witness list); Dkt. 1272 (same for Apple's trial exhibit list): Dkt. 1281 (same for

27   Apple's motions in limine); Dkt. 1334 (same for Apple's opposition to Samsung's motions in

28   limine); Dkt. 1377 (same for the Proposed Pretrial Statement); Dkts. 1517, 1530, 1546, 1557,

1   1574, 1591, 1646, 1727 (same for a sampling of Apple's trial briefs regarding objections to

2   exhibits and demonstratives related to both parties' offensive cases).)

3       At trial, Apple prevailed on its claims for infringement of three out of five of Apple's

4   patents, and obtained a damages award that was a fraction of the amount it had sought.   (Dkt.

5   1884 at 9.)   Samsung prevailed on its claims for infringement of one out of two Samsung patents,

6   and the jury awarded Samsung damages.   (*Id.* at 11-12.)   Reflecting that both parties had

7   prevailed to some extent in their offensive cases, judgment was entered "in favor of plaintiff and

8   against defendants, and in favor of defendants and against plaintiff, pursuant to the jury verdict

9   filed May 5, 2014."   (Dkt. 1890 (Amended Judgment in a Civil Case).)

10      Apple sought an injunction after the trial, but the Court denied the request.   (Dkt. 1953.)

11  Apple appealed that order (Dkt. 1955), and the briefing on that appeal is underway (*Apple, Inc. v.*

12  *Samsung Elecs. Co.*, No. 2014-1802 (Fed. Cir. 2014) (Apple's opening brief filed on October 3,

13  2014 at ECF-10)).   Samsung expects that at least one of the parties will also appeal the merits

14  underlying the judgment on Apple's offensive case once the Court has resolved all post-trial

15  motions.   (*See* Dkt. 1962 (Order granting in part and denying in part Apple's motion for

16  judgment as a matter of law); Dkt. 1965 (Order granting in part and denying in part Samsung's

17  motion for judgment as a matter of law).)

18      On October 9, 2014, the parties each filed a Bill of Costs.   (Dkt. 2030 (Samsung's Bill of

19  Costs); Dkt. 2031-3 (Apple's Bill of Costs).)   Samsung sought only costs attributable to its own

20  successful offensive case against Apple.   (Dkt. 2030-1 (Fazio Declaration in support of

21  Samsung's Bill of Costs) ¶¶ 3-4, 6, 9, 18, 27, 48.)   In contrast, Apple made no such effort to seek

22  only permissible costs, and instead sought costs incurred by all three of its law firms without

23  regard to whether they related to its own offensive case or not. (Dkt. 2031-4 (Sabri Decl. in

24  support of Apple's Bill of Costs) ¶ 2; Dkt. 2031-5 (Lyon Decl. in support of Apple's Bill of Costs)

25  ¶ 2; Dkt. 2031-6 (Selwyn Decl. in support of Apple's Bill of Costs) ¶ 2.)

26                              **LEGAL STANDARD**

27      In litigation, a party "'prevails' when actual relief on the merits of [its] claim materially

28  alters the legal relationship between the parties" to its benefit.   *Manildra Milling Corp. v. Ogilvie*

1    *Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (internal quotation marks omitted).    A prevailing

2    party can seek to recover certain of its reasonably incurred costs after judgment.    Fed. R. Civ. P.

3    54(c); Civil L.R. 54.    "Taxable costs are limited by statute and are modest in scope."    *Taniguchi*

4    *v. Kan Pac. Saipan, Ltd.*, 566 U.S. ___, 132 S. Ct. 1997, 2006 (2012) (interpreting 28 U.S.C.

5    § 1920).    They are only a fraction of the nontaxable expenses borne by a prevailing party in

6    litigation.    *Id.*    Taxable costs sought by a party must also comply with Civil Local Rule 54.    *In*

7    *re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011).

8            Accordingly, Apple bears the burden of "establish[ing] the amount of compensable costs

9    and expenses to which [it is] entitled."    *In re Ricoh Co.*, 661 F.3d at 1367 (internal quotation

10   marks omitted); *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-cv-1846-LHK, 2014 WL 4745933

11   at *3 (N.D. Cal. Sept. 19, 2014) (hereinafter "*Apple I* Costs Order") ("[T]he Federal Circuit

12   (applying Ninth Circuit law) has noted that the burden first rests with the prevailing party to

13   demonstrate the amount of costs that are taxable under relevant local laws").    "Prevailing parties

14   necessarily assume the risks inherent in a failure to meet that burden."    *In re Ricoh Co.*, 661 F.3d

15   at 1367; *see also TransPerfect Global, Inc. v. MotionPoint Corp.*, No. C-10-02590 CW (DMR),

16   2014 WL 1364792, at *4-5 (N.D. Cal. Apr. 4, 2014) (court is "within its discretion to deny costs"

17   not shown to be "necessarily obtained").    Proper grounds for denying costs include whether the

18   issues were close and difficult and whether the judgment was mixed, such that the prevailing

19   party's recovery was only partial.    *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d

20   1016, 1022-23 (9th Cir. 2003); *Amarel v. Connell*, 102 F. 3d 1494, 1523 (9th Cir. 1996); *see also*

21   *Postx Corp. v. Secure Data In Motion, Inc.*, No. C 02-04483 SI, 2006 WL 2067080, at *1 (N.D.

22   Cal. July 24, 2006) (denying costs in patent infringement suit because prevailing party obtained a

23   "mixed judgment").

24            **OBJECTIONS TO APPLE'S BILL OF COSTS**

25   I.    **THE COURT SHOULD DEFER ANY DECISION ON COSTS UNTIL AFTER**
           **APPEALS ARE RESOLVED**

26

27            Consideration of Apple's bill of costs should be deferred until after any eventual appeals

28   on the merits are completed.    Courts across the country have long recognized "[i]t is within the

1  Court's discretion to proceed or defer the taxation of costs while an appeal on the merits is

2  pending" because "[i]t would be an inefficient use of judicial resources to rule on the Bill of Costs

3  at this time, and then to later re-evaluate the issue after the appeal is completed."   *Lasic v.*

4  *Moreno*, No. 2:05-cv-0161-MCE, 2007 U.S. Dist. LEXIS 88608, at *2-3 (E.D. Cal. Nov. 21,

5  2007); *Ishida Co., Ltd. v. Taylor*, No. C-02-01617-JF, 2004 U.S. Dist. LEXIS 24480, at *3 (N.D.

6  Cal. Nov. 29, 2004) (finding motion to review taxed costs "ripe for disposition" only after Federal

7  Circuit appeal resolved); *Zimmerman v. Dickerson*, No. 4:05-cv-0031-DFH, 2006 U.S. Dist.

8  LEXIS 84426, at *5-6 (S.D. Ind. Nov. 16, 2006) (finding it "prudent" to stay taxation of costs

9  pending resolution of the appeal, "especially since the bill of costs" sought a significant amount,

10  including for costs that were not clearly recoverable under section 1920); *KiSKA Constr. Corp.*

11  *USA v. Washington Metro. Area Transit Auth.*, No. 97–2677, 2002 WL 393082, at *1 (D.D.C.

12  Mar. 11, 2002) (resolving cost issues prior to resolution of appeal "will be a wasteful, academic

13  exercise" if the judgment is altered).

14       The Advisory Committee Notes to Rule 54 state that "[i]f an appeal on the merits of the

15  case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may

16  deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing

17  after the appeal has been resolved."   Fed. R. Civ. P. 54 (Notes of Advisory Committee on Rules,

18  1993 Amendment).   Various cases from the Ninth Circuit, including from this District, recognize

19  that this reasoning applies equally to costs.   *See Dunklin v. Mallinger*, No. 11-cv-01275-JCS,

20  2013 U.S. Dist. LEXIS 85340, at *2-3 (N.D. Cal. June 17, 2013); *Lasic*, 2007 U.S. Dist. LEXIS

21  88608, at *2-3; *Friends of Tahoe Forest Access v. U.S. Dep't of Agric.*, 12-CV-01876 JAM-CKD,

22  2014 WL 1575622, at *1 (E.D. Cal. Apr. 17, 2014).

23       A deferral is prudent here because any reversal of the district court's judgment regarding

24  Apple's offensive case, even if only in part, also reverses the "underlying judgment and the

25  taxation of costs undertaken pursuant to that judgment."   *Amarel*, 102 F. 3d at 1523.   Thus, it

26  would be a "more efficient use of the judicial process" to await resolution of the merits before

27  addressing Apple's numerous claimed costs.   *In re Eastern Erectors, Inc.*, 396 F. Supp. 797, 800

28

(E.D. Pa. 1975); *see also Estate of Pidcock v. Sunnyland Am., Inc.*, 726 F. Supp. 1322, 1341 (S.D. Ga. 1989) (staying taxation of costs in interests of judicial economy).

## II.   IN THE ALTERNATIVE, THE COURT SHOULD REJECT APPLE'S BID FOR COSTS AND ORDER EACH PARTY TO BEAR ITS OWN EXPENSES

The jury's verdict and the Clerk's Judgment make clear that each party prevailed in its own offensive case.   That is a separate inquiry from the extent of Apple's victory, however. Although a presumption exists in favor of awarding certain costs to a prevailing party, this presumption is overcome if the prevailing party only succeeded in a partial recovery.   Indeed, "[i]n the event of a mixed judgment, it is within the discretion of a district court to require each party to bear its own costs."   *Amarel*, 102 F.3d at 1523.   This is particularly appropriate where "the damages awarded by the jury were significantly less than the amount of damages Plaintiff initially claimed was due . . . ."   *Champion Produce*, 342 F.3d at 1022 (affirming district court's refusal to award costs because the prevailing party's recovery was partial); *see also Postx Corp.*, 2006 WL 2067080, at *1-2.

Apple sought billions of dollars in damages based on allegations of infringement of five patents by Samsung's products.   Dkt. 1455 (Joint Amended Pretrial Statement).   Yet infringement was found as to only three patents by only some of the accused products, and Apple received only a fraction of the damages it sought.   (Dkt. 1884 at 8.)   In light of the mixed outcome of the judgment in Apple's offensive case, the Court should exercise its discretion and order that each party bear its own costs. This is particularly appropriate here where Apple has made no effort to reduce its costs to account for the claims it lost, but instead has sought full costs from both its own limited victory and the costs it incurred in *unsuccessfully* defending against Samsung's offensive infringement claims.   *Amarel*, 102 F.3d at 1523-24 ("allocation of costs" between successful and unsuccessful claims "is necessary" if court does not deny costs altogether in a mixed judgment).

## III.   APPLE'S BILL OF COSTS SEEKS ALMOST A MILLION DOLLARS IN DISALLOWED OR UNSUPPORTED EXPENSES

If the Court chooses to consider Apple's various requests for costs now, it should reject the vast majority of them as impermissible under Federal and Local Rules and should exclude all costs

1    that are not demonstrably associated with Apple's offensive case only, as Apple did not prevail in

2    Samsung's offensive case.    The Supreme Court has held that where two parties asserted unrelated

3    claims against the other—as here—"these unrelated claims [must] be treated as if they had been

4    raised in separate lawsuits."    *See Hensley v. Eckerhart,* 461 U.S. 424, 434-435, 103 S.Ct. 1933

5    (1983); *accord FLIR Sys., Inc. v. Sierra Media, Inc.*, 965 F. Supp. 2d 1184, 1199-200 (D. Or.

6    2013) (finding plaintiff was prevailing party on its own claims against defendant despite

7    defendant's much larger damages award on its claims against plaintiff).    Here, it is improper to

8    award costs to Apple where those costs are associated with Samsung's *successful* offensive case

9    against Apple.    Apple cites no authority allowing it to recover costs in a case that it lost.

10        All told, of the $1,144,849.24 that Apple claims in total costs, at most only $308,331.20

11   is allowable and supported by the evidence. Apple's costs were sought in three main categories:

12   fees for recorded transcripts; fees for exemplification and the costs of making copies; and

13   compensation of interpreters.    Within each category are various sub-categories, each of which is

14   addressed below.

15        **A.    Apple's Request For Costs For Transcripts Should Be Reduced.**

16        Apple seeks $441,387.31 in expenses for deposition, hearing, and trial transcripts.    (Dkt.

17   2031-3 (Apple's Bill of Costs).)    Specifically, Apple seeks (i) deposition transcript costs through

18   all three of its law firms in the total amount of $429,266.41 (Dkt. 2031-7 (Sched. A-1) ($1,754.20

19   for Morrison & Foerster); Dkt. 2031-17 (Sched. C-1) ($298,469.14 for Gibson Dunn); Dkt. 2031-

20   31 (Sched. F-1) ($129,043.07 for WilmerHale)), as well as (ii) hearing and trial transcript costs

21   from two firms in the total amount of $12,120.90 (Dkt. 2031-9 (Sched. A-2) ($11,578.25 for

22   Morrison & Foerster); Dkt. 2031-24 (Sched. C-2) ($542.65 for Gibson Dunn)).    Apple failed to

23   limit its deposition costs to depositions related to its offensive case, instead seeking costs it

24   incurred defending against Samsung's offensive infringement case.    Apple's costs for deposition

25   transcripts should therefore be reduced to eliminate all transcript costs related solely to Samsung's

26   offensive case.    Further, in several instances, both Wilmer Hale and Gibson Dunn sought

27   duplicative costs for the same deposition in Samsung's offensive case.

28

1          **1.     *Apple Seeks Excessive Costs For Deposition Transcripts.***

2          Apple seeks various types of costs under the heading of "Printed or Electronically

3    Recorded Transcripts," including deposition transcripts, videotapes, and reproduction of

4    deposition exhibits.   All three types of recovery are claimed by all three Apple firms.

5                    (a)    WilmerHale Deposition Costs (Schedule F-1)

6          Apple seeks to recoup $129,043.07 WilmerHale incurred for deposition transcripts, video,

7    and exhibits.   (Dkt. 2031-6 (Selwyn Decl.) ¶ 7; Dkt. 2031-31 (Sched. F-1).)   None of these costs

8    is recoverable.   Apple admits in the WilmerHale declaration that these costs relate to depositions

9    relating to Samsung's offensive case.   (Dkt. 2031-6 (Selwyn Decl.) ¶ 9 ("For Apple's defensive

10   case, Apple deposed 16 Samsung witnesses and 41 third-party witnesses.   In addition, Apple

11   deposed six Samsung experts"); *see also id.* ¶ 2 ("Wilmer Cutler Pickering Hale and Dorr LLP

12   ('WilmerHale') took primary responsibility for defending Apple against Samsung's claims. This

13   declaration only addresses the costs corresponding to the portion of the case for which

14   WilmerHale had primary responsibility").)   Because Apple was found to infringe in Samsung's

15   offensive case, Apple is not the prevailing party in that action and cannot recover costs associated

16   with it.   Accordingly, Apple has no basis to recover any of the WilmerHale deposition transcript,

17   exhibit, or video costs in Schedule F-1.

18                   (b)    Gibson Dunn Deposition Transcript Costs (Schedule C-1)

19         Apple seeks to recover an additional $298,469.14 in costs Gibson Dunn incurred for

20   deposition transcripts, video, and exhibits.   (Dkt. 2031-5 (Lyon Decl.) ¶ 8; Dkt. 2031-17 (Sched.

21   C-1).)   In addition to being impermissibly related to Samsung's affirmative case, which Apple

22   did not prevail on, Schedule C-1 contains a number of entries for duplicative invoices.   If any

23   costs are allowed, the duplicative ones must be eliminated.

24         Because Apple did not prevail on Samsung's offensive case, Apple cannot recover costs

25   associated with it.   Accordingly, Apple has no basis to recover any of the Gibson Dunn

26   deposition transcript, exhibit, or video costs in Schedule C-1 for witnesses that relate to

27   Samsung's offensive case, including Carl Alberty, Robert Beyers, Fred Cheng, Joonkyo Cheong,

28   Benjamin Cheung, Joonyoung Cho, Thomas Fuja, Roberto Garcia, Donald Gilpin, Naga

Kandasamy, Eric Krugler, Toshiyuki Masui, Ulrich Mennchen, Tim Millet, Nicolas Molfessis, Srinivasan Nimmala, Jaime Riley, Steven Sasson, James Storer, Richard Taylor, Justin Titi, Michael Walker, Justin Wood, and Christopher Wysocki. (Dkt. 2031-17 (Sched. C-1).)   The deposition transcript costs for these witnesses (totaling $37,104.18 [$31,180.13 + $5,924.05]) therefore should be eliminated from Gibson Dunn's Schedule C-1 costs.

Even if Apple were entitled to such costs, however, duplicative costs for multiple law firms to obtain copies of the same deposition transcript, video, and exhibits are not allowed.   *See Apple I* Costs Order, at *6 (allowing recovery of costs for one written transcript) (quoting *MEMC Electronic Materials v. Mitsubishi Materials*, No. 01-4925, 2004 WL 5361246, at *3 (N.D. Cal. Oct. 22, 2004), *adopted as modified on other grounds*, 2004 WL 5363614 (N.D. Cal. Nov. 22, 2004)); *see also id.* at *5-7.   Apple cites no authority to the contrary, yet it seeks such costs— despite representing that it does not.   The Lyon declaration states that Gibson Dunn handled Apple's affirmative case against Samsung and that "[n]one of the costs requested by Morrison & Foerster or Wilmer Cutler Pickering Hale and Dorr are included in the Gibson Dunn Costs." (Dkt. 2031-5 (Lyon Decl.) ¶ 2).   However, Gibson Dunn seeks costs for the deposition transcripts, video, and exhibits of five witnesses from Samsung's offensive case whose deposition transcripts, videos, and exhibits are already included in the WilmerHale Costs, as shown below.

| Witness | WilmerHale Recovery Sought | Gibson Dunn Recovery Sought |
|---|---|---|
| Donald L. Gilpin, third party witness relating to the '449 patent<br><br>May 14, 2013 deposition | $353.20 for transcript and exhibit costs for both Mr. Gilpin and Mr. Riley's May 14, 2013 depositions.   (Dkt. 2031-29 (Sched. F-1) at 7; Dkt. 2031-32 (Ex. F-1, Part 1) at 30. | $475.85 for transcript, exhibits, and video (Dkt. 2031-17 (Sched. C-1) at 6; Dkt. 2031-19 (Ex. C-2, Part 2) at 12.) |
| Jaime Riley, third party witness relating to the '449 patent<br><br>May 14, 2013 deposition | | $162.45 for the transcript (Dkt. 2031-17 (Sched. C-1) at 6; Dkt. 2031-19 (Ex. C-2, Part 2) at 12.) |
| Toshiyuki Masui, third party witness relating to prior art for the Samsung patents in its offensive case | $519 for video, and exhibit costs (Dkt. 2031-29 (Sched. F-1) at 11-12; Dkt. 2031-32 (Ex. F-1, Part 3) at 3-4.) | $519 for the deposition video and exhibitscosts (Dkt. 2031-17 (Sched. C-1) at 10; Dkt. 2031-19 (Ex. C-1, Part 3) at 14-15.) |

| June 11, 2013 deposition | | |
| --- | --- | --- |
| Joonkyo (Joseph) Cheong, a Samsung 30(b)(6) witness relating to Samsung finance<br><br>June 24, 2013 deposition | $2,081.75 transcript, exhibits, and video (Dkt. 2031-29 (Sched. F-1) at 7; Dkt. 2031-34 (Ex. F-1, Part 3) at 12-13.) | $4,231.75 for transcript, exhibits, and video (Dkt. 2031-17 (Sched. C-1) at 13; Dkt. 2031-20 (Ex. C-2, Part 3) at 47, 50.) |
| Joonyoung Cho, a witness relating to Samsung's standards patents<br><br>June 10, 2013 deposition | $535 for the transcript and exhibits (Dkt. 2031-17 (Sched. C-1) at 15; Dkt. 2031-19 (Ex. C-2, Part 4) at 43.) | $535 for transcript and exhibit (Dkt. 2031-29 (Sched. F-1) at 9; Dkt. 2031-33 (Ex. F-1, Part 2) at 13-14.) |

Because Gibson Dunn's Schedule C-1 costs of $5,924.05 for these five witnesses are entirely duplicative of the $3,488.95 in transcript, video, and exhibit costs Wilmer Hale sought recovery of—and inexplicably higher than Wilmer Hale's costs for the same material—they should be excluded from any cost recovery to Apple.[1]  Accordingly, the maximum allowable amount for the Gibson Dunn deposition costs should be $261,364.96.

\*      \*      \*

Annotated versions of Apple's schedules C-1 and F-1 related to deposition transcript costs are attached.   (*See* Annotated Apple Schedules B-1 & G-1.)   In total, Apple's sought costs for deposition transcripts must be reduced from $429,266.41 to a maximum of $263,119.16 (which is the sum of $261,364.96, the maximum allowable amount in Gibson Dunn's Schedule C-1, and $1,754.20, the amount claimed in Morrison & Foerster's Schedule A-1).

**B.    Apple's Requests For Costs For Copies, Product Purchases, Graphics, and Electronic Discovery Are Excessive And Unsupported And Should Be Reduced Or Rejected.**

The Local Rules provide several narrow carve outs for "Reproduction and Exemplification" expenses related to preparing trial exhibits and graphics and reproducing documents for formal discovery (Civ. L.R. 54-3(d)), yet Apple seeks to recover $677,024.47 in

[1]   Apple represented on the afternoon of this filing that it will withdraw the costs for the duplicative witness transcripts from Schedule F-1, leaving the higher-priced version of each in Schedule C-1.   This is improper.   Costs are only recoverable to the extent they are "necessarily incurred."  Civil L.R. 54-1(a).   That WilmerHale was able to purchase the same deposition transcripts for less shows that the higher prices paid by Gibson Dunn were not "necessary."

costs in these categories without distinguishing which of those costs were incurred in its own offensive case and those incurred in Samsung's offensive case.   Additionally, Apple seeks the cost of making hundreds of thousands of copies of documents that were neither produced in discovery nor provided to the Court pursuant to a Court order, as the Local Rules require.   The Court should reduce Apple's costs in this category according to the specific objections below.

      **1.**     ***Apple Seeks Disallowed Costs For Making Hundreds Of Thousands Of Copies.***

Apple seeks a total of $42,567.36 in copying costs incurred before and during trial.   (Dkt. 2031-11 (Sched. B-1) (Morrison & Foerster costs of $36,785.86); Dkt. 2031-36 (Sched. G-1) (WilmerHale costs of $5,781.50).)   Apple claims these costs are recoverable because they related to trial materials, namely (1) materials provided to the Court, (2) jury books, (3) witness examination binders tendered to Samsung, and (4) copies of source code produced at trial.   (Dkt. 2031-4 (Sabri Decl.) ¶ 20.)   Each of these sub-categories is discussed below.

      *a.   Materials Provided to the Court.*   Within this sub-category, Apple purportedly seeks to recover the cost of providing to the Court its trial exhibits and the joint trial exhibits, as well as slides and expert reports.   The local rules, however, allow only "[t]he cost of reproducing trial exhibits," and then only "to the extent that a Judge requires copies to be provided."   Civil L.R. 54-3(d)(4).   Neither of the authorities cited by Apple states differently; instead, they also limit recovery to the few sets of trial exhibits expressly required by the Court.   *Vectren Commc'ns Servs. v. City of Alameda*, No. C 08-3137 SI, 2014 U.S. Dist. LEXIS 100227, at *16 (N.D. Cal. July 22, 2014) and *CRS Recovery, Inc. v. Laxton*, No. C 06-7093 CW, 2013 U.S. Dist. LEXIS 4240, at *7, 10 (N.D. Cal. Jan. 10, 2013) (both cited in Dkt. 2031-4 (Sabri Decl.) at 5-6.)   Apple provides no support for seeking the cost of reproducing demonstratives or expert reports.   Absent any basis in the rules, those costs cannot be awarded.

As for the cost of the trial exhibits, the Court's pretrial standing order only required three sets of exhibits to be delivered to the Court.   *See* Judge Koh's Jury Pretrial Standing Order (D)(1)(c), available at http://cand.uscourts.gov/lhkorders.   But Apple inexplicably seeks the cost

1    of producing far more than these allowable sets of exhibits, and at rates more than double the

2    amount this Court has deemed to be reasonable.    (Dkt. 2031-11 (Sched. B-1) at 2 (entries 1-4).)

3            Apple submits for reimbursement two identical invoices for the cost of printing its trial

4    exhibits before trial.    (*Compare* Dkt. 2031-12 (Ex. B-1) at 2, *with id.* at 5 (both claiming print

5    orders of 61,304 pages for $8243.55 for "Apple Trial Exhibits" on successive days in February

6    2014, several months before trial).).    These two invoices cover 122,608 pages.    (Dkt. 2031-12

7    (Ex. B-1) at 2, 5.)    This is far more than the number of pages it would require to print all of the

8    exhibits on Apple's entire exhibit list three times.    (*See* Dkt. 1452-4 (Apple's Pretrial Exhibit list,

9    which includes Bates page ranges).)    Many of the exhibits relate to Samsung's offensive case as

10   well, which Apple has no basis to seek recovery for.    (*Id.* (PX248 through PX299).)    The

11   exhibits in Apple's offensive case total approximately 13,053 pages.    At the printing rate of $.08

12   per page, which this Court found reasonable (*Apple I* Costs Order, 2014 WL 4745933 at *12

13   n.7)—instead of the $0.13 per page cost calculated from Apple's invoices—Apple's maximum

14   allowable expense for printing three sets of its entire set of offensive case exhibits is $3,240

15   (which is 13,053 pages multiplied by three sets at $.08 per page).

16           Apple's printing costs for the joint exhibits is similarly inflated.    As with its own exhibits,

17   Apple submits two identical invoices for the cost of printing the joint exhibits prior to trial.

18   (*Compare id.* at 3, *with id.* at 4 (both claiming print orders of 15,500 pages for $1,603.74 for

19   "Joint Exhibits" on successive days in February 2014, several months before trial).)    Based on

20   the parties' joint exhibit list (Dkt. 1455-4), and adding a page for the slip sheets used in place of

21   physical devices and source code, the joint exhibits totaled approximately 4,155 pages.    Three

22   sets would therefore be 12,465 pages.    Apple's invoices for the joint exhibit list printing jobs

23   total 31,000 pages.    (Dkt. 2031-12 (Ex. B-1) at 3, 4.)    Using the same $.08 per page rate here for

24   three sets of the joint exhibits at the correct page count totals $997.20.

25           Apple claims the cost of printing trial exhibits, yet again, to create binders of exhibits that

26   were ultimately *admitted* into evidence.    (*See* Dkt. 2031-11 (Sched. B-1) (entries 16, 18-19); Dkt.

27   2031-12 (Ex. B-1) at 27, 30, 31 (invoices including "Admitted Exhibits").)    These invoices cover

28   120,002 pages.    (Dkt. 2031-12 (Ex. B-1) at 27, 30, 31 (including "Admitted Exhibits" entries on

1   these invoices equaling 34,647 + 65,502 + 702 + 324 + 11,549 + 7,278 pages).   At the end of

2   trial, the Court did require a set of the admitted exhibits to be provided for the jury.   (Dkt. 1717

3   (04-15-2014 Trial Tr.) at 2045:15-2046:10.)   The admitted exhibits in Apple's offensive case

4   totaled 8,842 pages.   (*See* Dkt. 1866-1 (Admitted Trial Exhibits List) (counting exhibits PX102

5   through PX246).)   The admitted joint exhibits, including the slip sheets to designate physical

6   devices, totaled 1,893 pages.   (*Id.* (JX01 through JX72).)   Adding those together yields 10,735

7   pages.   At a reasonable rate of $.08 per page for those 10,735 pages, the cost for printing

8   admitted exhibits should only have been $858.80.

9        Thus, for materials purportedly provided to the Court, Apple should not be awarded the

10   $28,165.14 that it claims for printing exhibits, slides, and expert reports.   (Dkt. 2031-11 (Sched.

11   B-1) (entries 1-4, 16, 18-19).)   Instead, for this sub-category, Apple should be allowed to recover

12   a maximum of $5,096.00, which is the sum of $3,240.00 for Apple trial exhibit sets, $997.20 for

13   joint trial exhibit sets, and $858.80 for admitted trial exhibits.

14        *b.   Jury Books.*   Apple also claims costs for the creation of jury books.   (Dkt. 2031-11

15   (Sched. B-1); Dkt. 2031-36 (Sched. G-1).)   The receipts submitted by Morrison & Foerster show

16   that it ordered the jury books to be printed in a rush on the same day they were due to the Court,

17   March 28, 2014, which resulted in per page rates three times higher than usual.   (Dkt. 2031-12

18   (Ex. B-1) at 6-7 (noting "heavy litigation copying" and charging three times the rates charged for

19   other jobs); Dkt. 1158 (Case Management Order) at 3 (setting March 28, 2014 as the due date for

20   the jury books).)   At a minimum, this cost ($170.30) should be reduced to a third ($56.77) to

21   reflect a reasonable copying rate.

22        *c.   Witness Examination Binders.*   Apple claims $13,349.81 in costs for printing yet

23   more trial exhibits in the form of "witness examination binder[s]."   (*See* Dkt. 2031-11 (Sched. B-

24   1) (entries 6-15, 17, totaling $8,450.02 in claimed costs for Morrison & Foerster); Dkt. 2031-36

25   (Sched. G-1) (entries 1, 5-8, 10-12, totaling $4,899.79 in claimed costs for WilmerHale).)   Apple

26   provides no basis to recover these costs.   It claims they are recoverable because the binders were

27   tendered to Samsung, arguing that "this Court has permitted recovery of materials tendered to the

28   opposing party."   (Dkt. 2031-4 (Sabri Decl.) ¶ 23 (citing *Apple I* Costs Order at *8-10).)   But

1    the cited order was not referring to documents handed to Samsung's counsel at trial; rather,

2    consistent with precedent, it referred to documents produced during discovery.   *Apple I* Costs

3    Order, 2014 WL 4745933 at *8-10.   "When the prevailing party seeks to recover copying costs . .

4    . [it] must establish . . . that the reproduced documents were [1] *produced by it pursuant to Rule 26*

5    *or other discovery rules*; [2] that they were copied at the prevailing party's expense and *at the*

6    *request of the opposing party*; and [3] that the copies were tendered to the opposing party."   *In re*

7    *Ricoh*, 661 F.3d at 1368 (emphasis added) (applying Ninth Circuit law and this District's Rules).

8    The witness examination binders were tendered at trial, long after discovery had closed, so they

9    cannot be considered a cost of production under the Local Rules.   Further, the witness

10   examination binders merely contained copies of the exhibits Apple claimed it *might* use with each

11   witness, though the exhibits Apple actually used with each witness were far fewer.   (*E.g.*,

12   *compare* Sohn Cross-Disclosure (disclosing 68 exhibits and 4 physical exhibits), *with* Dkt. 1716

13   (04/14/2014 Trial Tr.) at 1622-1638 (showing Apple used only two exhibits and one deposition

14   excerpt during examination); *compare* Christie Trial Disclosure (disclosing 20 exhibits), *with* Dkt.

15   1623 (04-04-2014 Trial Tr.) at 573-606 (showing Apple used only one exhibit during

16   examination).)   Apple has provided no authority for seeking the costs of re-printing numerous

17   exhibits over and over for each witness and then making Samsung foot the bill.

18          Further, Apple's claims for printing materials are also deficient because Apple improperly

19   attempts to recover copying costs associated with Samsung's offensive case.   WilmerHale's

20   supporting materials show that its examination binder costs largely relate to witnesses who

21   testified regarding Samsung's offensive case.   (Dkt. 2031-37 (Ex. G-1) at 7-11, 14 (listing

22   witness binders for Schonfeld, Storer, Parulski, Kearl, and Rao, for example, who testified in

23   Samsung's offensive case).)

24          In total, due to the inclusion of the witness examination binders, Apple seeks

25   reimbursement for creating 50 different sets of binders comprising various configurations of trial

26   exhibits.   (Dkt. 2031-11 (Sched. B-1) (28 sets of exhibits and witness examination binders for

27   Morrison Foerster); Dkt. 2031-36 (Sched. G-1) (22 sets of the same for WilmerHale).   This is

28   excessive.   No rule allows recovery of such costs, and none should be awarded to Apple.

1        *d.   Source Code.*   Apple also seeks to recoup the cost WilmerHale incurred printing

2    Apple's accused source code for use in Samsung's offensive case at trial.   (Dkt. 2031-36 (Sched.

3    G-1) (entries 4 and 9, totaling $456.75 in claimed costs).)   This is the same source code the jury

4    found to be running on products that infringe Samsung's intellectual property and is not

5    recoverable.   (*See supra* p. 1.)

6        Annotated versions of Apple's schedules B-1 and G-1 related to copying costs are

7    attached.   (*See* Fazio Decl., Annotated Apple Schedules B-1 & G-1.)   They reflect that,

8    consistent with Samsung's objections, Apple's claims for the costs of copies must be reduced from

9    $42,567.36 to a maximum of $5,550.72, with no more than $5,152.77 for Morrison & Foerster's

10   copying costs and no more than $424.95 for WilmerHale's copying costs.

11                  **2.   *Apple's Costs For Purchasing Devices Should Be Reduced.***

12       Apple seeks $10,747.61 for the purchase price of devices used as trial exhibits.   (Dkt.

13   2031-13 (Sched. B-2) (seeking $345.23); Dkt. 2031-26 (Sched. D-1) (seeking $10,402.38).)

14   Samsung objects to several specific products for which Apple seeks costs but fails to provide

15   adequate support.   First, Apple seeks the cost of trial exhibits JX30A and JX30B.   (Dkt. 2031-

16   26 (Sched. D-1) (entry 4).)   As reflected on the admitted exhibits list, those are Samsung Galaxy

17   Note devices, model SGH-I717.   (Dkt. 1866-1 at 6.)   The receipts Apple attached to its

18   schedule, however, are for the purchase of two Note *II* devices, showing model SGH-I317.   (Dkt.

19   2031-27 (Ex. D-1) at 4.)

20       Apple's submission also seeks a double recovery for several exhibits.   The first set of

21   duplicates is for JX29H.   Entries 3 and 10 in Apple's Schedule D-1 both list the Samsung Galaxy

22   Nexus for use as JX29H.   (Dkt. 2031-26.)   Apple should not be able to recover the purchase

23   price for both, but should be limited to the $199.99 model it purchased first.   (*Id.* (entry 10).)

24       The second set of duplicates is for JX29B.   The last three entries in Apple's Schedule all

25   refer to "Samsung Galaxy SIII" devices (Dkt. 2031-6 at 2), but the trial exhibit numbers for these

26   entries refer to JX29A, -B, -D, and –I, which are Galaxy Nexus devices (Dkt. 1866-1 at 6

27   (Admitted Trial Exhibits)).   The receipts Apple attached to its schedule confirm that the

28   purchases were for Galaxy Nexus devices, as they refer to device model SCH-I515, which is the

1   model number associated with those Nexus trial exhibit numbers.   (Dkt. 2031-27 at 18-19 (Ex.

2   D-1); Dkt. 1866-1 at 6 (Admitted Trial Exhibits).)   The importance of this is that Apple has

3   sought reimbursement for JX29B twice (Dkt. 2031-26 (Sched. D-1) (compare lines 15 and 16), yet

4   it is described as a Galaxy SIII in one location (line 16) and a Galaxy Nexus in another (line 15).

5   The receipts confirm that both purchases were for the Galaxy Nexus (model SCH-I515), not

6   different phones as Apple's descriptions would indicate.   Apple therefore should not be allowed a

7   double recovery of $299.99 (plus tax, shipping and handling) for that device.

8       Apple's submission also seeks to recover shipping and handling costs, as well as tax, but

9   provides no support for those costs, nor did this Court's *Apple I* Costs Order state that such costs

10   are recoverable when associated with devices introduced as trial exhibits.   (*See Apple I* Costs

11   Order, 2014 WL 4745933 at *9-10.)   Apple has sought $818.86 in shipping, handling and tax

12   costs.   (Dkt. 2031-26 (Sched. D-1) ($773.62 in such costs); Dkt. 2031-13 (Sched. B-2); Dkt.

13   2031-14 (Ex. B-2) at 2 ($45.24 in such costs)).   This includes express shipping as well.   (*See*

14   Dkt. 2031-14 (Ex. B-2) at 2 ($18.99 in "express shipping").)   Apple does not submit any

15   evidence that the devices in question were not readily available for purchase locally, which would

16   have obviated the need for shipping, expedited shipping, and handling costs.

17       After excluding the shipping, handling and tax costs for all devices ($818.86), the price of

18   the two Note II's ($799.99 x 2 = $1,599.98), the duplicate JX29H ($599.99), and the duplicate

19   JX29B ($299.99), the maximum amount Apple should be allowed to recover in this category is

20   $7,428.79, which is the total claimed amount of $10,747.61 minus the non-recoverable amounts

21   listed here.   Annotated versions of Apple's schedules B-2 and D-1 are attached and reflect these

22   reduced amounts (Schedule B-2 is reduced to $299.99 and Schedule D-1 is reduced to $7,128.80).

23           **3.   *Apple Seeks Disallowed Costs For Developing Graphics And Demonstratives.***

24       Apple seeks costs for preparing trial graphics in the amount of $458,487.50.   (Dkt. 2031-

25   4 (Sabri Decl.) ¶ 30; Dkt. 2031-15 (Sched. B-3).)   Apple seeks these costs for its entire trial

26   presentation, with no reduction made to account for costs borne defending against Samsung's

27   successful offensive case.   Neither Apple's supporting declaration nor its invoices show which

28

1  graphics costs are connected to Apple's offensive case and which are not.    Instead, the line items

2  on the invoices simply state "Services:Graphics Production" or "Services:Technology:Video

3  Editing" for each entry Apple claims.    (Dkt. 2031-16 (Ex. B-3) at 3-15.)    Apple also claims

4  every graphics production entry on the invoices between February 15, 2014 and April 29, 2014—

5  including on every day of April while the trial was being conducted—so there is no way to

6  distinguish offensive and defensive projects on that basis either.    Moreover, although the trial

7  graphics invoices were attached to the declaration of Nathan Sabri, the invoices for the trial

8  graphics show that they were billed directly to Apple, not to Mr. Sabri's firm, Morrison &

9  Foerster, or either of the other two law firms.    (Dkt. 2031-16 (Ex. B-3) at 2, 5, 10; *see also* Dkt.

10  2031-4 (Sabri Decl.) at ¶ 33 (stating that the graphics costs are those that "*Apple* incurred in

11  preparing trial graphics and demonstratives") (emphasis added).)    Accordingly, Apple has

12  provided no basis on which the Court could determine which law firm requested the preparation of

13  the graphics or could attribute these costs solely to Apple's offensive case.

14         The party seeking costs has the burden to show that the costs it seeks are recoverable.

15  *Apple I* Costs Order, 2014 WL 4745933 at *3 ("[T]he Federal Circuit (applying Ninth Circuit law)

16  has noted that the burden first rests with the prevailing party to demonstrate the amount of costs

17  that are taxable under relevant local laws") (citing *In re Ricoh*, 661 F.3d at 1364, 1367).    This

18  includes not only showing that the general category is conceptually recoverable, but also proving

19  that the specific amount sought is taxable.    *Id.* (quoting Civ. L.R. 54-1(a) as "requiring

20  '[a]ppropriate documentation to support each item claimed.'")    Apple has failed to show which

21  of its graphics costs, or what percentage of them, are attributable to its offensive case.    This

22  failure to bear its burden of proof is fatal for Apple's entire claim for trial graphics.    *In re Ricoh*

23  *Co.*, 661 F.3d at 1367 ("Prevailing parties necessarily assume the risks inherent in a failure to meet

24  that burden.").    Indeed, in the *Apple I* Costs Order, the Court previously rejected an entire request

25  by Apple for over $1.5 million in copying costs because "Apple ha[d] failed to meet its burden to

26  provide '[a]ppropriate documentation' to support [its] request." *Apple I* Costs Order, 2014 WL

27  4745933 at *8-9 (quoting *In re Ricoh*, 661 F.3d at 1367).

28

1        **4.**     ***Apple Seeks Disallowed Costs Related To Electronic Discovery.***

2        Apple seeks various types of costs under the heading of e-discovery, including production

3   of Apple's source code, e-discovery processed by non-Catalyst vendors, and e-discovery

4   processed by Catalyst.   All three types of recovery are claimed by the WilmerHale firm.   The

5   Gibson Dunn firm claims only Catalyst-related costs, which it claims are related to Apple's

6   offensive case.

7                (a)      WilmerHale e-Discovery Costs (Schedules G-2, G-3, and G-4)

8        *Source Code Production (Schedule G-2).*   Apple seeks to recoup $133,765.00 for costs

9   WilmerHale purportedly spent making Apple's source code available to Samsung for review.

10  (Dkt. 2031-6 (Selwyn Decl.) ¶¶ 18, 20-21; Dkt. 2031-38 (Sched. G-2).)   Apple cites as

11  justification several cases stating that the cost of producing source code may conceptually be

12  recoverable (Dkt. 2031-6 (Selwyn Decl.) ¶ 19), but Apple provides no authority for a party

13  recovering the cost of producing documents where it lost on the infringement claim brought by the

14  other party.   Apple's declaration fails to address that it would not have had to produce source

15  code were it not for Samsung's offensive case, in which *Samsung* was the prevailing party.   No

16  costs can or should be awarded to Apple for source code production in Schedule G-2.

17       *Processing and Upload Costs (Schedules G-3 and G-4).*   Apple seeks additional costs

18  WilmerHale incurred for processing and uploading documents for production.   Apple segregated

19  these costs based on the vendor.   Specifically, Apple seeks $10,723.99 for processing done by

20  non-Catalyst vendors to process and upload documents (Dkt. 2031-6 (Selwyn Decl.) ¶ 23; Dkt.

21  2031-40 (Sched. G-3), and an additional $15,592.18 for costs paid to upload and produce

22  documents from the Catalyst database (Dkt. 2031-6 (Selwyn Decl.) ¶ 29; Dkt. 2031-42 (Sched. G-

23  4).   Neither of these amounts is recoverable.   Apple admits in the WilmerHale declaration that

24  these costs relate to documents produced in Samsung's offensive case.   (Dkt. 2031-6 (Selwyn

25  Decl.) ¶ 30 ("Apple ultimately electronically produced the equivalent of 11,041,426 pages of

26  documents related to Samsung's affirmative claims of alleged infringement"); *see also id.* ¶ 26

27  (identifying the same number of documents).)   Because Apple was found to infringe in

28

1    Samsung's offensive, Apple cannot claim to be the prevailing party in that action or recover costs

2    associated with it.

3         The WilmerHale receipts also contain a number of entries for services that do not fit within

4    the allowable category for production.   For example, they contain entries such as "Equipment

5    prep" (Dkt. 2031-41 (Ex. G-3) at 53), "Custom software development" (*id.* at 54), "Equipment

6    maintenance" (*id.* at 63), and "Emergency Weekend Request" for in-taking *Samsung*-produced

7    documents (*id.* at 74).[2]   The invoices are also replete with alerts showing that a particular

8    timekeeper's hours exceed the number of hours in the day.   (*Id.* at 32-46.)   Even without these

9    additional deficiencies, Apple has no basis to recover any of the WilmerHale processing costs in

10   Schedules G-3 and G-4.

11        **C.    Apple's Request For Costs For Interpreters Should Be Disallowed Or
                  Reduced.**

12        Apple seeks costs for deposition interpreters in the amount of $26,437.46.   (Dkt. 2031-5

13   (Lyon Decl.) ¶ 33; Dkt. 2031-29 (Sched. E-1); Dkt. 2031-6 (Selwyn Decl.) ¶ 34; Dkt. 2031-44

14   (Sched. H-1).)   Apple seeks these costs for its entire trial presentation, with no reduction made to

15   account for costs borne defending against Samsung's successful offensive case.   In addition to

16   the claimed interpretation costs, Apple also seeks various types of costs under the heading of

17   interpreters at deposition and trial, including the cost of late cancellation and the cost of "exotic

18   interpreting service."

19                  (a)    WilmerHale Interpreter Costs (Schedule H-1)

20        Apple's request for $17,437.46 for deposition interpreter costs WilmerHale incurred

21   defending against Samsung's successful offensive infringement case should be rejected entirely.

22        In the event the Court awards costs incurred in Samsung's offensive case, WilmerHale's

23   costs for deposition interpreters should nevertheless be reduced because they are founded on

24   insufficient documentation and unreasonable rates.   Apple seeks costs for additional "exotic

25   interpreting services" (Dkt. 2031-45 (Ex. H-1) at 2-4), but provides no support for why those

---

27   [2]   Apple represented on the afternoon of this filing that it will file an amended Bill of Costs
      that does not include these line items.   (Fazio Decl. ¶ 5-7, Ex. 1.)   Samsung reserves its right to
28   object to any additional items Apple's Amended Bill of Costs includes.

1    additional costs should only apply to Maeng-Ho Shin and Young-Bum Kim.  These "exotic

2    interpreting costs" are unreasonably applied to two Korean speaking witnesses but are not

3    included in the interpreter costs for German and French-speaking witnesses, nor in the Korean

4    interpretation costs for Joonyoung Cho or Soeung Hun Kim.   (Dkt. 2031-45 (Ex. H-1) at 5-8.)

5    This arbitrary surcharge should be reduced accordingly and only basic interpretation costs should

6    be awarded.   (*See* Fazio Decl., Annotated Apple Schedule H-1 at lines 1 and 3.)

7         WilmerHale seeks a total of $5,950 for deposition interpretation costs for two depositions

8    of Young-Bum Kim, both identified as having been taken on 11/18/2012 (Dkt. 2031-44 (Sched.

9    H-1)), but provides no corresponding invoice for $2,800 of those costs (Dkt. 2031-45 (Ex. H-1)).

10   Only one Young-Bum Kim interpretation invoice is attached to Exhibit H-1 (Dkt. 2031-45 at 4),

11   for  $3,150.   The undocumented $2,800 cost for interpretation should be eliminated.

12   Furthermore, the deposition interpreter costs for Young-Bum Kim for which Apple does provide

13   an invoice must be reduced.   The interpreter invoice for the deposition of Young-Bum Kim,

14   Invoice # PL370982, seeks $2,450 for an unspecified and undocumented 7 hours of "exotic

15   interpreting additional hours" in addition to the $700 "exotic interpreting service minimum" cost.

16   (Dkt. 2031-45 (Ex. H-1) at 4.)   Samsung's invoice for that same witness and deposition date

17   notes that the deposition began at 9:00am and ended at 7:00pm, and sought only two hours of

18   overtime costs at $200 per hour. (Dkt. 2030-13 at 3.)   Apple's costs for deposition interpretation

19   should be correspondingly reduced by $2,450.

20        Finally, the hourly price charged by Apple's interpreter is unreasonably high.   Apple seeks

21   costs at a rate of $350 per hour of interpreter services for Joonyoung Cho or Soeung Hun Kim, a

22   rate significantly greater than the $200 per hour interpreter costs sought by Samsung.   Because

23   Apple offers no evidence of the reasonableness of the rates it seeks, Apple should not be able to

24   recover more than $200 per hour.   With these reductions, the maximum allowable amount for the

25   WilmerHale deposition interpretation costs, if any are allowed, is $7,770.80. (*See* Fazio Decl.,

26   Annotated Apple Schedule H-1.)

27              (b)      Gibson Dunn Interpreter Costs (Schedule E-1)

28

Apple seeks to recover $9,000 for Gibson Dunn's deposition interpreter costs for Apple's offensive case.    These deposition costs are founded on unreasonable rates, and should be reduced to avoid an impermissible award of taxed costs.    Apple used Planet Depos for interpretation services for the depositions of Thomas Deniau, Norbert Fuhr, Norbert Govert, and Ulrich Pfeifer. (Dkt. 2031-29 (Sched. E-1); Dkt. 2031-30 (Ex. E-1) at 2-4, 6.)    These interpretation services were billed at a daily minimum rate for depositions, and yet Apple provides no explanation or support for why the daily minimum rate of $2,000 for Messers. Deniau, Fuhr, and Govert is more than the Planet Depos daily minimum rate for Messers. Libchaber and Molfessis (Dkt. 2031-45 (Ex. H-1) at 7-8), or why the interpreter daily minimum rate for Mr. Pfeifer is $1,000 more than the rate for the other Apple offensive case witnesses.    (Dkt. 2031-30 (Ex. E-1) at 6.)    The inconsistency in these daily minimum rates for the same vendor is sufficient evidence that the interpreter daily minimum rate for these witnesses is unreasonable, and should be reduced to the lowest rate charged to Apple—$1,800 per day for a daily minimum interpretation rate for the French and German speaking witnesses.    (*See* Annotated Schedule E-1.)    Accordingly, the maximum allowable amount for the Gibson Dunn deposition interpretation costs should be $7,200.

\*        \*        \*

In total, Apple's sought costs for interpreter transcripts must be reduced from $26,437.46 to a maximum of $14,970.80.

## IV.    SUMMARY OF SAMSUNG'S OBJECTIONS TO APPLE'S BILL OF COSTS

If the Court taxes costs for Apple now, the chart below summarizes Samsung's objections to Apple's Bill of Costs and the maximum amount that should be taxed.

| Category Of Costs | Amount Apple Seeks | Amount Samsung Objects To | Summary Of Samsung's Objections | Maximum Taxable Amount |
|---|---|---|---|---|
| **Fees for printed or electronically recorded transcripts** | | | | |
| Deposition Transcripts and Videos | $429,266.41 | $166,147.25 | Apple's Bill of Costs improperly seeks to recover deposition transcript and video costs attributable to Samsung's | ***$263,119.16*** |

| Category Of Costs | Amount Apple Seeks | Amount Samsung Objects To | Summary Of Samsung's Objections | Maximum Taxable Amount |
|---|---|---|---|---|
| (Schedules A-1, C-1, and F-1) | | | offensive case, which cannot be recovered by Apple; Apple's Bill of Costs includes several duplicate charges for deposition transcripts, video, and exhibits. *See* Section III(A)(1). | |
| Trial and Hearing Transcripts<br><br>(Schedules A-2 and C-2) | $12,120.90 | $0 | | *$12,120.90* |
| **Fees for exemplification and the costs of making copies** | | | | |
| Making Copies<br><br>(Schedules B-1 and G-1) | $42,567.36 | $37,016.64 | Apple's Bill of Costs includes copying costs that are not allowed by law or the Local Rules, including for expert reports, source code, witness binders, and slides; Costs of copies relating to Samsung's offensive case should also not be awarded; Any recoverable costs should be reduced according to the reasonable rate of $.08 per page recently set by this Court. *See* Section III(B)(1). | *$5,550.72* |
| Purchasing Devices<br><br>(Schedules B-2 and D-1) | $10,747.61 | $3,318.82 | Apple's Bill of Costs includes several duplicate charges for devices and several charges for trial exhibits that do not match the devices in Apple's receipts; Apple provides no basis to recover shipping and handling or tax on these purchases.   *See* Section III(B)(2). | *$7,428.79* |
| Trial Graphics<br><br>(Schedule B-3) | $458,487.50 | $458,487.50 | Apple's Bill of Costs fails to prove which trial graphics costs are attributable to Apple's offensive case, and the prevailing party bears the risk of failing to meet its burden of proof.   *See* Section III(B)(3). | *$0* |
| e-Discovery by WilmerHale | $160,081.17 | $160,081.17 | Apple's Bill of Costs improperly seeks to recover e-discovery | *$0* |

| Category Of Costs | Amount Apple Seeks | Amount Samsung Objects To | Summary Of Samsung's Objections | Maximum Taxable Amount |
|---|---|---|---|---|
| (Schedules G-2, G-3, and G-4) | | | costs attributable to Samsung's offensive case, which cannot be recovered by Apple.   *See* Section III(B)(4). | |
| e-Discovery by Gibson Dunn<br><br>(Schedule D-2) | $5,140.83 | $0 | | **$5,140.83** |
| **Compensation for Interpreters** | | | | |
| Deposition Interpreters<br><br>(Schedules E-1 and H-1) | $26,437.46 | $11,466.66 | Apple's Bill of Costs improperly seeks to recover deposition interpretation costs attributable to Samsung's offensive case, which cannot be recovered by Apple; Apple also includes charges for deposition interpreter costs that do not match the invoices; Apple provides no basis to recover "exotic interpreting costs" or unreasonable hourly rates for these services. *See* Section III(C). | **$14,970.80** |
| **Total** | $1,144,849.24 | **$836,518.04** | | **$308,331.20** |

The chart below condenses the information above according to the three categories listed in Apple's Bill of Costs.   (Dkt. 2031-3.)

| Category Of Costs | Amount Apple Seeks | Amount Samsung Objects To | Maximum Taxable Amount |
|---|---|---|---|
| **Fees for printed or electronically recorded transcripts** | $441,387.31 | $166,147.25 | **$275,240.06** |
| **Fees for exemplification and the costs of making copies** | $677,024.47 | $658,904.13 | **$18,120.34** |
| **Compensation for Interpreters** | $26,437.46 | $11,466.66 | **$14,970.80** |
| **Total** | **$1,144,849.24** | **$836,518.04** | **$308,331.20** |

1

2                                 **<u>CONCLUSION</u>**

3           For the reasons set forth above, and in the interests of judicial economy, the Court should

4    stay review of the Clerk's Taxation of Costs and postpone resolving the issue of costs until after

5    the merits appeal process is complete, including any further litigation that may occur as a result.

6    Alternatively, the Court should order that each party bears its own costs.    If the Court taxes costs

7    for Apple now, the maximum amount that should be allowed is $308,331.20 to reflect supported,

8    permissible costs incurred in connection with Apple's offensive case.

9

10   DATED: October 30, 2014                    QUINN EMANUEL URQUHART &
                                                SULLIVAN, LLP
11

12                                         By   */s/ Michael L. Fazio*
                                                Charles K. Verhoeven
13                                              Kevin P.B. Johnson
                                                Victoria F. Maroulis
14                                              William C. Price
                                                Michael L. Fazio
15
                                                Attorneys for SAMSUNG ELECTRONICS CO.,
16                                              LTD., SAMSUNG ELECTRONICS AMERICA,
                                                INC., and SAMSUNG
17                                              TELECOMMUNICATIONS AMERICA, LLC

18

19

20

21

22

23

24

25

26

27

28