QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>             Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>             Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S OBJECTIONS TO APPLE'S AMENDED BILL OF COSTS AND CORRECTED BILL OF COSTS** |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................................ 1

PROCEDURAL BACKGROUND ................................................................................................... 2

I. SAMSUNG'S RESPONSES TO APPLE'S AMENDED BILL OF COSTS AND
SUPPLEMENTAL MATERIALS ....................................................................................... 3

    A. Objections to Apple's Amended Request For Deposition Transcript Costs ............. 3

    B. Apple's Amended Costs For Purchasing Devices Should Be Reduced. ................... 5

    C. Apple's Amended Request For Interpreter Costs Should Be Disallowed Or
Reduced. .................................................................................................................... 6

II. SUMMARY OF SAMSUNG'S OBJECTIONS TO APPLE'S AMENDED BILL
OF COSTS .......................................................................................................................... 7

CONCLUSION ............................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

## Cases

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
  No. 11-cv-1846-LHK, 2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) .................................3, 6

*In re Ricoh Co., Ltd. Patent Litig.*,
  661 F.3d 1361 (Fed. Cir. 2011) ..............................................................................................3, 6

*TransPerfect Global, Inc. v. MotionPoint Corp.*,
  No. C-10-02590 CW (DMR), 2014 WL 1364792 (N.D. Cal. Apr. 4, 2014) ..............................3

## Rules

Civil Local Rule 54 ..............................................................................................................................3

Civil Local Rule 54-2 ..........................................................................................................................1

Civil Local Rule 54-2(b) .....................................................................................................................2

Pursuant to Civil Local Rule 54-2 and the parties' stipulation regarding Costs briefing (Dkt. 1893), Defendants and Counterclaim-Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") hereby object to Plaintiff and Counterclaim-Defendant Apple Inc.'s Amended Bill of Costs, filed November 6, 2014 (Dkt. 2060) and Apple Inc.'s Corrected Amended Bill of Costs, filed November 20, 2014.  (Dkt. 2062.)   Samsung met and conferred with Apple by phone on November 18, 2014 in an effort to resolve the parties' disagreements concerning the costs claimed in Apple's Amended Bill of Costs.[1]   (Declaration of Michael Fazio in Support of Samsung's Objections to Apple's Amended Bill of Costs and Corrected Bill of Costs ¶¶ 3-5.)   The parties were unable to resolve the objections below unless expressly noted.

## INTRODUCTION

After the parties filed bills of costs, Samsung analyzed Apple's bill of costs and raised objections during the meet and confer meeting.   Samsung then filed its objections on the scheduled due date—which Apple had refused to agree to extend.   One week later, Apple filed an Amended Bill of Costs.   Under the auspices of "minimiz[ing] the disputes between the parties" (Dkt. 2060-3 (Supp. Selwyn Decl.) ¶ 2; Dkt. 2060-1 (Supp. Lyon Decl.) ¶ 2), Apple's Amended Bill of Cost submission seeks not simply to drop some of its most egregious requests, but also attempts to bolster its original submission with supplemental information.   Samsung does not object to the substance of Apple's agreement to waive or withdraw certain costs to which Samsung had objected, but Apple should not be allowed to freely supplement its submissions after their due date.

Even with its amended filings, Apple does not cure the defects of its original submission. If the Court does not defer its decision on costs (*see* Dkt. 2058 at 4-6), or order each party to bear its own costs (*id.* at 6), or deny Apple's claims in full, the vast majority of costs that Apple seeks

---

[1] Apple's Notice of Correction (Dkt. 2061) and Corrected Amended Bill of Costs (Dkt. 2062) purport to change only the total amount of costs requested in Apple's Amended Bill of Costs, and to make no other changes.  Samsung therefore uses the phrase "Amended Bill of Costs" throughout these objections to refer to both Apple's Amended Bill of Costs (Dkt. 2060) and Apple's Corrected Amended Bill of Costs (Dkt. 2062).

must still be denied. (*See* Dkt. 2058 at 6-7.) Apple's Amended Bill of Costs still contains redundant charges, unreasonable rates, and categories of expenses that are not taxable according to this Court's rules. As explained in Samsung's objections to Apple's original Bill of Costs, these must also be reduced or eliminated to avoid any impermissible awards. Samsung's supplemental objections to each of Apple's newly amended schedules are included below. After deducting costs that are not taxable or not supported by Apple's documentation, the maximum total amount that can be taxed for Apple is $310,631.17.[2]

**PROCEDURAL BACKGROUND**

On October 9, 2014, the parties each filed a Bill of Costs. (Dkt. 2030 (Samsung's Bill of Costs); Dkt. 2031-3 (Apple's Bill of Costs).) Per Local Rule 54-2(b), counsel for Samsung and Apple met and conferred on October 29, 2014 in an effort to resolve disagreement about the taxable costs claimed in the parties' bills of costs. The parties filed objections to the bills of costs on October 30, 2014. (Dkt. 2058 (Samsung's Objections to Apple's Bill of Costs); Dkt. 2057 (Apple's Objections to Samsung's Bill of Costs).) Apple filed an Amended Bill of Costs and supplemental declarations and schedules on November 6, 2014. (Dkt. 2060.) Counsel for Samsung and Apple met and conferred once more on November 18, 2014 in an effort to resolve disagreement about the taxable costs claimed in Apple's Amended Bill of Costs. Apple's Amended Bill of Costs reflected that Apple was still seeking $1,144,849.24 in costs against Samsung. (Dkt. 2060.) In response to an objection raised by Samsung during the meet and confer, Apple filed a Corrected Amended Bill of Costs on November 20, 2014 in which Apple withdrew $6,007.11 of its original and amended requests, and is now seeking total costs of $1,138,842.13. (Dkt. 2062.)

---

[2] Apple's Amended Bill of Costs and Corrected Amended Bill of Costs submissions do not purport to contain an independent and complete record supporting Apple's Amended Bill of Costs, but instead purport to supplement and clarify certain parts of Apple's original submissions. In response to this two-part approach, Samsung does not re-brief all of its objections, but addresses now only items changed since Apple's original Bill of Costs. Samsung's original objections, which it maintains and incorporates herein by reference, were filed as Dkt. 2058.

## I. SAMSUNG'S RESPONSES TO APPLE'S AMENDED BILL OF COSTS AND SUPPLEMENTAL MATERIALS

As Samsung explained in objecting to Apple's original Bill of Costs (Dkt. 2058 at 6-7), if the Court chooses to consider Apple's requests for costs now, it should reject the vast majority as impermissible under Federal and Local Rules and should exclude all costs that are not demonstrably associated solely with Apple's offensive case, as Apple did not prevail on Samsung's offensive case.

Even for those costs related to Apple's offensive case, Apple bears the burden of "establish[ing] the amount of compensable costs and expenses to which [it is] entitled." *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) (internal quotation marks omitted); *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-cv-1846-LHK, 2014 WL 4745933 at *3 (N.D. Cal. Sept. 19, 2014) (hereinafter "*Apple I* Costs Order") ("[T]he Federal Circuit (applying Ninth Circuit law) has noted that the burden first rests with the prevailing party to demonstrate the amount of costs that are taxable under relevant local laws").  "Prevailing parties necessarily assume the risks inherent in a failure to meet that burden." *In re Ricoh Co.*, 661 F.3d at 1367; *see also TransPerfect Global, Inc. v. MotionPoint Corp.*, No. C-10-02590 CW (DMR), 2014 WL 1364792, at *4-5 (N.D. Cal. Apr. 4, 2014) (court is "within its discretion to deny costs" not shown to be "necessarily obtained").  Taxable costs sought by a party must also comply with Civil Local Rule 54.  *In re Ricoh Co.,* 661 F.3d at 1367.

Because Apple has again failed to meet its burden of establishing that it is entitled to many of these costs, even as supplemented or reduced, the majority of the costs sought by Apple must still be denied.  Of the $1,138,842.13 that Apple now claims in total costs, at most only $310,631.17 should be allowed.

### A. Objections to Apple's Amended Request For Deposition Transcript Costs

Apple now seeks $435,723.36 in expenses for deposition, hearing, and trial transcripts. (Dkt. 2060 (Apple's Amended Bill of Costs).)  It had originally sought $441,387.31 in this category.  (Dkt. 2031-3.)  Specifically, Apple's Amended Bill of Costs reduces its claims for

1  WilmerHale's deposition transcript costs from $129,043.07 to $123,379.12 because WilmerHale
2  no longer seeks costs for five duplicative transcripts previously requested by both WilmerHale
3  (Dkt. 2031-31, Schedule F-1) and Gibson Dunn (Dkt. 2031-17, Schedule C-1).  (Dkt. 2060-3
4  (Supp. Selwyn Decl.) ¶ 4.)

   In its Amended Bill of Costs submission, Apple admitted to having sought costs associated
6  with five depositions through both WilmerHale and Gibson Dunn.  Apple's solution was to
7  withdraw from Schedule F-1 (WilmerHale) the costs relating to the five duplicative witnesses,
8  leaving the equal- or higher-priced version of each in Schedule C-1 (Gibson Dunn).  That is
9  improper.  Costs are only recoverable to the extent they are "necessarily incurred."  Civil L.R.
10 54-1(a).  Apple purports that "[t]he transcript costs for those depositions are properly included in
11 Schedule C-1" (Dkt. 2060-3 (Supp. Selwyn Decl.) ¶ 4), but the fact that WilmerHale was able to
12 purchase the same deposition transcripts for less shows that the higher prices paid by Gibson Dunn
13 were not "necessary."

| Witness | WilmerHale Amount No Longer Sought | Gibson Dunn Amount Sought |
|---|---|---|
| Donald L. Gilpin, third party witness relating to the '449 patent<br><br>May 14, 2013 deposition | $353.20 for transcript and exhibit costs for both Mr. Gilpin and Mr. Riley's May 14, 2013 depositions.  (Dkt. 2031-29 (Sched. F-1) at 7; Dkt. 2031-32 (Ex. F-1, Part 1) at 30. | $475.85 for transcript, exhibits, and video (Dkt. 2031-17 (Sched. C-1) at 6; Dkt. 2031-19 (Ex. C-2, Part 2) at 12.) |
| Jaime Riley, third party witness relating to the '449 patent<br><br>May 14, 2013 deposition | | $162.45 for the transcript (Dkt. 2031-17 (Sched. C-1) at 6; Dkt. 2031-19 (Ex. C-2, Part 2) at 12.) |
| Toshiyuki Masui, third party witness relating to prior art for the Samsung patents in its offensive case<br><br>June 11, 2013 deposition | $519 for video, and exhibit costs (Dkt. 2031-29 (Sched. F-1) at 11-12; Dkt. 2031-32 (Ex. F-1, Part 3) at 3-4.) | $519 for the deposition video and exhibits (Dkt. 2031-17 (Sched. C-1) at 10; Dkt. 2031-19 (Ex. C-1, Part 3) at 14-15.) |

| Joonkyo (Joseph) Cheong, a Samsung 30(b)(6) witness relating to Samsung finance<br><br>June 24, 2013 deposition | $2,081.75 transcript, exhibits, and video (Dkt. 2031-29 (Sched. F-1) at 7; Dkt. 2031-34 (Ex. F-1, Part 3) at 12-13.) | $4,231.75 for transcript, exhibits, and video (Dkt. 2031-17 (Sched. C-1) at 13; Dkt. 2031-20 (Ex. C-2, Part 3) at 47, 50.) |
|---|---|---|
| Joonyoung Cho, a witness relating to Samsung's standards patents<br><br>June 10, 2013 deposition | $535 for the transcript and exhibits (Dkt. 2031-17 (Sched. C-1) at 15; Dkt. 2031-19 (Ex. C-2, Part 4) at 43.) | $535 for transcript and exhibit (Dkt. 2031-29 (Sched. F-1) at 9; Dkt. 2031-33 (Ex. F-1, Part 2) at 13-14.) |

Furthermore, Apple still fails to prove that the remaining $435,723.36 is recoverable under the Local Rules.  These five witnesses relate to Samsung's offensive case, for which Samsung is the prevailing party.  As discussed in Samsung's Objections to Apple's Bill of Costs, because Apple did not prevail on Samsung's offensive case, Apple cannot recover costs associated with it.  (Dkt. 2058 at 6-7.)  Accordingly, Apple has no basis to recover any of the Gibson Dunn deposition transcript, exhibit, or video costs in Schedule C-1 for witnesses that relate to Samsung's offensive case, including the $5,924.05 in costs for Gilpin, Riley, Masui, Cho, or Cheong. (*See* Dkt. 2058 at 8-10.) Apple's amended request for WilmerHale costs related to deposition transcripts, video, and exhibits total $123,379.12.  (Dkt. 2060-3 (Supp. Selwyn Decl.) ¶ 4; Dkt. 2060-4 (Amended Schedule F-1).)  As discussed in Samsung's Objections to Apple's Bill of Costs, none of these costs in Amended Schedule F-1 are recoverable.  (Dkt. 2058 at 8.)

**B.     Apple's Amended Costs For Purchasing Devices Should Be Reduced.**

Apple's Amended Bill of Costs reduces its original request of $10,747.61 for the purchase price of devices by $211.99 and makes numerous changes to the devices and exhibit numbers listed in Schedule D-1.  (Dkt. 2060-1 (Supp. Lyon Decl.) ¶ 5; Dkt. 2060-2 (Amended Sched. D-1).)  As argued in Samsung's original objections, Apple's costs relating to the purchase of physical devices for trial exhibits included numerous errors and inconsistencies that led to duplicative and excessive claims.  (Dkt. 2058 at 15-16.)  Apple's failure to submit accurate materials with its original Bill of Costs and untimely attempt to bolster its original submission

should weigh against awarding any costs relating to the six physical devices to which Samsung objected.

In any event, Apple still fails to prove that the remaining $10,190.39 in Gibson Dunn trial exhibit device costs is recoverable.  (*See* Annotated Amended Schedule D-1.)   Apple's amended submission again seeks to recover shipping and handling costs, as well as tax, but provides no support for those costs, nor did this Court's *Apple I* Costs Order state that such costs are recoverable when associated with devices introduced as trial exhibits.   (*See Apple I* Costs Order, 2014 WL 4745933 at *9-10; *see also* Dkt. 2058 at 16.)   Apple now seeks $806.86 in shipping, handling, and tax costs.   (Dkt. 2061-2 (Amended. Sched. D-1) ($761.62 in such costs); Dkt. 2031-13 (Sched. B-2); Dkt. 2031-14 (Ex. B-2) at 2 ($45.24 in such costs)).   This includes express shipping as well.   (*See* Dkt. 2031-14 (Ex. B-2) at 2 ($18.99 in "express shipping").)   As explained in Samsung's Objections to Apple's Bill of Costs, Apple does not submit any evidence that the devices in question were not readily available for purchase locally, which would have obviated the need for shipping, expedited shipping, and handling costs. (Dkt. 2058 at 16.)

Because Apple has again failed to meet its burden of establishing that it is entitled to these costs, no shipping, handling, or state and local tax costs should be awarded for trial exhibit device purchases.   *See In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011).   After excluding the shipping, handling, and tax costs for all devices in amended Schedule D-1 ($761.62), the maximum amount Apple should be allowed to recover in this category for costs incurred by Gibson Dunn is $9,428.77, which is the total claimed amount of $10,190.39 minus the non-recoverable amounts listed here.   An annotated version of Apple's Amended Schedule D-1 is attached and reflects this reduced amount.

**C.   Apple's Amended Request For Interpreter Costs Should Be Disallowed Or Reduced.**

Apple's Amended Bill of Costs does not reduce the $26,437.46 in deposition interpreter costs sought by Apple.   Instead, Apple purports to correct a documentation error relating to the Young Bum Kim and Ju Ho Lee deposition interpreter costs sought by WilmerHale.   (Dkt. 2060-3 (Supp. Selwyn Decl.) ¶ 6; Dkt. 2060-11 (Amended Sched. H-1).)   Through this amended filing,

Apple concedes that its initial submission for interpreter costs was deficient, and even with its Amended Bill of Costs Apple cannot cure the defect. As Samsung previously explained, Apple's request for $17,437.46 in deposition interpreter costs that WilmerHale incurred defending against Samsung's successful offensive infringement case should be rejected entirely. (Dkt. 2058 at 19.)

If the Court awards costs incurred in Samsung's offensive case, WilmerHale's amended deposition interpreter costs for Ju Ho Lee should nevertheless be reduced because they are founded on insufficient documentation and unreasonable rates. WilmerHale seeks to recoup a $700 "exotic interpreting service minimum" and a $2,100 charge for "exotic interpreting additional hours (6 Hours)" for the deposition of Ju Ho Lee. (Dkt. 2031-45 (Ex. H-1) at 3.) Even though Samsung objected to these excessive "exotic" rates in its original objections (Dkt. 2058 at 19-20), Apple still fails to provide any support or explanation for why those extra costs would be unreasonably applied to three Korean speaking witnesses but not included in the interpreter costs for German and French-speaking witnesses, nor in the Korean interpretation costs for Joonyoung Cho or Soeung Hun Kim. (*Compare* Dkt. 2031-45 (Ex. H-1) at 2-4 *with* Dkt. 2031-45 (Ex. H-1) at 5-8.) This arbitrary surcharge should be reduced accordingly and only basic interpretation costs should be awarded. Because Apple has provided no supplemental documentation for reasonable basic interpreter rates relating to Ju Ho Lee, WilmerHale's costs for deposition interpretation should be correspondingly reduced by $2,800. With the reductions calculated in Samsung's Objections to Apple's Bill of Costs (Dkt. 2058 at 19-20), the maximum allowable amount for the amended WilmerHale deposition interpretation costs, if any are allowed, is still $7,770.80. The total allowable amount for Apple's interpretation costs is $14,970.80.

## II. SUMMARY OF SAMSUNG'S OBJECTIONS TO APPLE'S AMENDED BILL OF COSTS

If the Court taxes costs for Apple, the chart below summarizes Samsung's objections to Apple's Bill of Costs and Apple's Amended Bill of Costs and the maximum amount that should be taxed.

| Category Of Costs | Amount Apple Seeks | Amount Samsung Objects To | Summary Of Samsung's Objections | Maximum Taxable Amount |
|---|---|---|---|---|
| **Fees for printed or electronically recorded transcripts** | | | | |
| Deposition Transcripts and Videos (Schedules A-1, C-1, and F-1 (as amended)) | $423,602.46 | $160,483.30 | Apple's Amended Bill of Costs improperly seeks to recover deposition transcript and video costs attributable to Samsung's offensive case, which cannot be recovered by Apple. *See* Dkt. 2058 at Section III(A)(1). | *$263,119.16* |
| Trial and Hearing Transcripts (Schedules A-2 and C-2) | $12,120.90 | $0 | | *$12,120.90* |
| **Fees for exemplification and the costs of making copies** | | | | |
| Making Copies (Schedules B-1 and G-1) | $42,567.36 | $37,016.64 | Apple's Bill of Costs includes copying costs that are not allowed by law or the Local Rules, including for expert reports, source code, witness binders, and slides; Costs of copies relating to Samsung's offensive case should also not be awarded; Any recoverable costs should be reduced according to the reasonable rate of $.08 per page recently set by this Court. *See* Dkt. 2058 at Section III(B)(1). | *$5,550.72* |
| Purchasing Devices (Schedules B-2 and D-1 (as amended)) | $10,535.62 | $806.86 | Apple's Amended Bill of Costs provides no basis to recover shipping and handling or tax on these purchases. *See* Dkt. 2058 at Section III(B)(2). | *$9,728.76* |
| Trial Graphics (Schedule B-3) | $458,487.50 | $458,487.50 | Apple's Bill of Costs fails to prove which trial graphics costs are attributable to Apple's offensive case, and the prevailing party bears the risk of failing to meet its burden of proof. *See* Dkt. 2058 at Section III(B)(3). | *$0* |

| Category Of Costs | Amount Apple Seeks | Amount Samsung Objects To | Summary Of Samsung's Objections | Maximum Taxable Amount |
|---|---|---|---|---|
| e-Discovery by WilmerHale (Schedules G-2, G-3 (as amended), and G-4) | $159,950.00 | $159,950.00 | Apple's Amended Bill of Costs improperly seeks to recover e-discovery costs attributable to Samsung's offensive case, which cannot be recovered by Apple. *See* Dkt. 2058 at Section III(B)(4). | *$0* |
| e-Discovery by Gibson Dunn (Schedule D-2) | $5,140.83 | $0 | | *$5,140.83* |
| **Compensation for Interpreters** | | | | |
| Deposition Interpreters (Schedules E-1 and H-1) | $26,437.46 | $11,466.66 | Apple's Amended Bill of Costs improperly seeks to recover deposition interpretation costs attributable to Samsung's offensive case, which cannot be recovered by Apple; Apple provides no basis to recover "exotic interpreting costs" or unreasonable hourly rates for these services. *See* Dkt. 2058 at Section III(C). | *$14,970.80* |
| **Total** | **$1,138,842.13** | **$828,210.96** | | *$310,631.17* |

The chart below condenses the information above according to the three categories listed in Apple's Amended Bill of Costs.  (Dkt. 2060.)

| Category Of Costs | Amount Apple Seeks in its Amended Bill of Costs | Amount Samsung Objects To | Maximum Taxable Amount |
|---|---|---|---|
| **Fees for printed or electronically recorded transcripts** | $435,723.36 | $160,483.30 | *$275,240.06* |
| **Fees for exemplification and the costs of making copies** | $676,681.31 | $656,261.00 | *$20,420.31* |
| **Compensation for Interpreters** | $26,437.46 | $11,466.66 | *$14,970.80* |
| **Total** | **$1,138,842.13** | **$828,210.96** | *$310,631.17* |

## CONCLUSION

For the reasons set forth above and previously in Dkt. 2058, and in the interests of judicial economy, the Court should stay review of the Clerk's Taxation of Costs and postpone resolving the issue of costs until after the merits appeal process is complete, including any further litigation that may occur as a result. Alternatively, the Court should order that each party bears its own costs. If the Court taxes costs for Apple now, the maximum amount that should be allowed is $310,631.17 to reflect supported, permissible costs incurred in connection with Apple's offensive case.

DATED: November 20, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Michael L. Fazio*
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   William C. Price
   Michael L. Fazio

   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC