| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | WILLIAM F. LEE |
| jkrevitt@gibsondunn.com | william.lee@wilmerhale.com |
| H. MARK LYON (CA SBN 162061) | WILMER CUTLER PICKERING |
| mlyon@gibsondunn.com | HALE AND DORR LLP |
| GIBSON, DUNN & CRUTCHER LLP | 60 State Street |
| 1881 Page Mill Road | Boston, MA 02109 |
| Palo Alto, CA 94304-1211 | Telephone: (617) 526-6000 |
| Telephone: (650) 849-5300 | Facsimile: (617) 526-5000 |
| Facsimile: (650) 849-5333 | |
| | |
| HAROLD J. McELHINNY (CA SBN 66781) | MARK D. SELWYN (SBN 244180) |
| hmcelhinny@mofo.com | mark.selwyn@wilmerhale.com |
| JAMES P. BENNETT (CA SBN 65179) | WILMER CUTLER PICKERING |
| jbennett@mofo.com | HALE AND DORR LLP |
| JACK W. LONDEN (CA SBN 85776) | 950 Page Mill Road |
| jlonden@mofo.com | Palo Alto, California 94304 |
| RACHEL KREVANS (CA SBN 116421) | Telephone: (650) 858-6000 |
| rkrevans@mofo.com | Facsimile: (650) 858-6100 |
| RUTH N. BORENSTEIN (CA SBN 133797) | |
| rborenstein@mofo.com | |
| ERIK J. OLSON (CA SBN 175815) | |
| ejolson@mofo.com | |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, California 94105-2482 | |
| Telephone: (415) 268-7000 | |
| Facsimile: (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.   12-cv-00630-LHK (PSG) |
| Plaintiff, | |
| v. | **APPLE INC.'S NOTICE OF MOTION AND MOTION FOR STAY OF EXECUTION OF JUDGMENT** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that Plaintiff Apple Inc. ("Apple") shall and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 62(b), to stay execution of the Court's November 25, 2014 judgment (the "Judgment"), to the extent adverse to Apple, pending appeal.

**RELIEF REQUESTED**

Apple respectfully requests that the Court stay the execution of Judgment against Apple upon posting of a $200,000 bond.

**MOTION**

**I.     INTRODUCTION**

Pursuant to Fed. R. Civ. P. 62(d), Apple respectfully requests that the Court stay the execution of Judgment against Apple upon Apple's posting of a $200,000 supersedeas bond.  On November 25, 2014, the Court entered final judgment on the jury's verdict awarding Apple $119,625,000 in damages and Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") $158,400 in damages.  Dkt. 2076.  Apple has filed a notice of cross appeal of the Judgment to the extent that it is adverse to Apple, including the $158,400 damages award.  Dkt. 2079.  Apple has also requested that Samsung stipulate to a stay of execution of the Judgment against Apple pending the resolution of that cross appeal and upon Apple's posting of a $200,000 supersedeas bond.  *See* Declaration of Mark D. Selwyn in Support of Apple Inc.'s Motion for Stay of Execution of Judgment ("Selwyn Decl."), Ex. A. [1]

While Apple's proposed bond—an amount more than 125% of the judgment against Apple—is more than sufficient, Samsung has rejected Apple's proposal and demanded the amount be quadrupled to $800,000 in order to account for Samsung's requested costs.  *See* Selwyn Decl., Ex. C.  Because a $200,000 bond is an appropriate security relative to the damages Samsung was awarded, and because Samsung is not entitled to recover any costs related to this litigation, Apple respectfully requests that the Court grant a stay of execution of Judgment against Apple upon the posting of a $200,000 bond.

**II.    ARGUMENT**

Samsung's request for a bond ***more than five times*** the amount of the judgment against Apple is unreasonable and inconsistent with this Court's precedent, which has repeatedly held that a bond equal to 125% of an award is sufficient.  *See e.g.*, *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2009) (ordering "a supersedeas bond equal to

---

[1] Apple has already secured the $200,000 bond.  *See* Selwyn Decl., Ex. B.  At the Court's request, Apple is prepared to file the original bond with the Court.

125%" of award); *Funai Elec. Co., Ltd. v. Daewoo Elecs.Corp.*, , C-04-01830, 2009 WL 975787, at *1 (N.D. Cal. Apr. 9, 2009) (same); *see also* Christopher A. Goelz & Meredith J. Watts, California Practice Guide: Ninth Circuit Civil Appellate Practice ¶1:168 (TRG 2011) ("[A] bond of 1.25 to 1.5 times the judgment is typically required."). In fact, even lesser amounts can suffice—Samsung posted a bond only 7.5% greater than its liability in order to secure a stay pending appeal in the 1846 case. *See* 1846 Dkt. No. 3036.

As Samsung itself has recognized, Apple "has an absolute right to obtain a [] stay of the Judgment pending appeal by appealing and posting bond." Dkt. 1941 at 4. The amount of the bond is an issue for the Court's discretion. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("District courts have inherent discretionary authority in setting supersedeas bonds … ."). "[I]n the exercise of its recognized discretion," courts in this District have recognized that a bond with a "25% margin above the amount of the award," ***exclusive of costs***¸ "is adequate to protect against [appellee's] interests," even when the court has decided the appellee is ***entitled to recover costs***. *Ryan v. Editions Limited West, Inc.*, No. 06-CV-04812-PSG, 2013 WL 417814, at *1 (Feb. 1, 2013). Here, because Apple is the prevailing party, Samsung has not recovered and cannot recover its costs. *See* Dkt. 2057 at 2-3; *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) ("For the purpose of costs and fees, there can be only one winner"). Requiring Apple to post a bond in excess of $200,000 in order to cover Samsung's requested costs is therefore neither necessary nor appropriate. *See Ruff v. Cnty. Of Kings*, CV-F-05-631, 2009 WL 5195966, at *3 (E.D. Cal. 2009) ("The supersedeas bond should reflect the amount of monetary damages, prejudgment interest, *recoverable costs*, and some amount for delay." (emphasis added)).

Further, even if the Court believes that Samsung's costs may be recoverable, inclusion of Samsung's ***requested*** costs in the amount of Apple's bond at this time is premature. "The Court [can] increase the amount of the bond required to cover any additional amount awarded by the Court in attorneys' fees and costs." *Funai Elec. Co.,* 2009 WL 975787, at *1 (delaying inclusion of costs in supersedeas bond where appellee was entitled to costs but amount of costs had not been determined).

### III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant a stay of execution of the judgment against Apple, upon Apple's posting of a bond in the amount of $200,000, until resolution of Apple's cross appeal of the Judgment.

Dated:  December 5, 2014                         WILMER CUTLER PICKERING
                                                                      HALE AND DORR LLP

                                                                      */s/ Mark D. Selwyn*
                                                                      Mark D. Selwyn (SBN 244180)
                                                                      (mark.selwyn@wilmerhale.com)
                                                                      950 Page Mill Road
                                                                      Palo Alto, CA  94304
                                                                      Telephone:  (650) 858-6000
                                                                      Facsimile:  (650) 858-6100

                                                                      *Attorneys for Plaintiff and*
                                                                      *Counterclaim-Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document and its supporting documents were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: December 5, 2014                    */s/ Mark D. Selwyn*