QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF SUPERSEDEAS BOND**<br><br>**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Date:  January 15, 2014<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh<br><br>**[Motion to Shorten Time Under L.R. 6.3 Filed Concurrently]** |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") shall and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 62(d) and Local Rule 65.1, for approval of the proposed supersedeas bond, which is in the amount of $███████.

Under Rule 62(d), Samsung has a right to obtain a stay of execution pending appeal upon posting an appropriate supersedeas bond, and the proposed bond is appropriate because it is in an amount that will fully protect Plaintiff Apple Inc.'s ability to recover the total amount of the Judgment, as well as the maximum possible ongoing royalties permissible under the Court's Order of November 25, 2014 (Dkt. No. 2074), as well as any supplemental damages, pre- and post-judgment interest and costs that may accrue during the appeal.

This motion is based on this notice of motion and supporting memorandum, supporting declarations, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

# RELIEF REQUESTED

Samsung respectfully seeks an order approving the proposed supersedeas bond as appropriate security to stay enforcement of the Judgment.

Samsung is concurrently filing a Motion for Temporary Stay. Samsung is seeking to shorten the briefing and hearing schedule for both the instant motion and the Motion for Temporary Stay, and is concurrently filing a Motion to Shorten Time pursuant to Local Rule 6.3.

1  DATED:  December 5, 2014          QUINN EMANUEL URQUHART &
2                                     SULLIVAN, LLP
3
4                                     By */s/ Victoria F. Maroulis*
                                         Charles K. Verhoeven
5                                        Kathleen M. Sullivan
                                         Kevin P.B. Johnson
6                                        Victoria F. Maroulis
                                         William C. Price
7                                        Michael T. Zeller
                                         Michael L. Fazio
8
9                                        Attorneys for SAMSUNG ELECTRONICS CO.,
                                         LTD., SAMSUNG ELECTRONICS AMERICA,
10                                       INC., and SAMSUNG
                                         TELECOMMUNICATIONS AMERICA, LLC
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INTRODUCTION

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respectfully request that the Court approve the supersedeas bond in the amount of $■■■ ■■■■■■■ which is attached as Exhibit 1 to the Declaration of Victoria F. Maroulis.  Under Federal Rule of Procedure 62(d), Samsung is entitled to stay the judgment entered on November 25, 2014 (the "Judgment") by filing a supersedeas bond in an appropriate amount.

The proposed $■■■ ■■■■■■■ bond is sufficient to cover not only the approximately $120 million awarded in the judgment, but also any potential awards of supplemental damages, ongoing royalties, pre- and post-judgment interest, and costs and fees to which Apple may become entitled during the pendency of an appeal.  Yet when Samsung proposed to Apple that the parties enter into a stipulation on a comprehensive supersedeas bond, inclusive of ongoing royalties, costs, interest, and supplemental damages, Apple refused.  Instead, Apple suggested a $■■■ ■■■■■■■ bond that would cover only the verdict, judgment interest, and supplemental damages – but would not cover ongoing royalties.  Apple's counter-demand is more than 200% of the verdict, and, unlike Samsung's proposed bond, does not provide an efficient and secure resolution by including all potential future costs and damages awarded by the Court.  Importantly, and consistent with Samsung's proposed bond amount, Samsung also proposed that Apple bond only $800,000 – an amount that included the verdict against Apple, interest and Samsung's costs.  Apple's intransigence creates an unnecessary dispute that burdens both the Court and Samsung's right to appeal.  For these reasons and those detailed below, Samsung respectfully requests that Court approve the supersedeas bond of $■■■ ■■■■■■■ proposed by Samsung.

# ARGUMENT

**I.   THE PROPOSED BOND SHOULD BE APPROVED BECAUSE IT IS ADEQUATE TO FULLY PROTECT APPLE PENDING APPEAL**

A party appealing from a judgment "is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed.R.Civ.P. 62(d)."  *Am. Mfrs. Mut. Ins. Co. v. Am.*

*Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966).  *See also In re Swift Aire Lines, Inc.*, 21 B.R. 12, 14 (9th Cir. BAP 1982) (because a stay pending appeal upon posting bond is a "matter of right, [] its allowance does not rest in the sound discretion of court or judge.") (citation and quotation marks omitted).  This right extends to the award of ongoing royalties, which are a form of monetary damages.  *ActiveVideo Networks, Inc. v. Verizon Comms. Inc.*, 2012 U.S. App. LEXIS 6764 at *4-5 (Fed. Cir. April 2, 2012) (reversing district court order denying stay of ongoing royalty payments during a sunset period).[1]  The proposed bond of $▮ ▮▮▮ is guaranteed "to secure the appellees from a loss resulting from the stay of execution," *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987), because, notwithstanding the fact that Samsung disputes both the obligation and the underlying amounts for these facets of the judgment, it is sufficient to pay the judgment including supplemental damages and all potential ongoing royalties, as well as interest, costs, and other monetary relief, such as attorney fees that the appellate court may award.

*First*, the proposed bond is in the amount of $▮ ▮▮▮ which is over $▮ ▮▮▮ more than the approximately $120 million base award of the Judgment.  (Dkt. No. 2076.)

*Second*, the proposed bond fully protects Apple for any award of supplemental damages for sales made after the verdict but before entry of final judgment.  The Court has previously determined that an award of supplemental damages on sales of the Galaxy S III and the Galaxy Note II may be appropriate.  Samsung has sold approximately ▮▮▮▮▮▮ of these allegedly infringing devices between entry of the verdict and final judgment.  (Declaration of Corey Kerstetter ¶ 2.)  Samsung disputes that supplemental damages should be awarded for any of these

---

[1] When Samsung proposed bonding in an amount designed to cover the maximum amount Samsung might owe in the event that <u>all</u> of its products were deemed to infringe (which they do not), Apple objected that Samsung was bonding <u>too much</u>, saying Apple would agree to the bond if and only if Samsung stipulated that all of Samsung's products infringe.  To state the obvious, however, Apple has no legitimate ground for objecting to a bond that designedly covers the maximum amount it could hope to recover from Samsung following an affirmance.  And there is neither warrant nor reason for this Court to resolve disputes over ongoing royalties that may be mooted by the pending appeal, provided that Apple remains fully protected in the meantime, as it would be by Samsung's proposed bond.

products. Nonetheless, for the purposes of this motion, even if all of these devices were later adjudged to infringe, Samsung would owe at most ▬▬▬▬ in supplemental damages. (Chevalier Decl. ¶ 4.)

*Third*, the proposed bond also protects Apple for any award of ongoing royalties. In awarding ongoing royalties, the Court ordered:

> "For the reasons stated in the November 25, 2014 Order Granting Apple's Motion for Ongoing Royalties (ECF No. 2074), Samsung is ordered to pay ongoing royalties for any continuing infringement at the per-unit rates set forth in that Order. Those royalties shall apply to products adjudicated to infringe U.S. Patent Nos. 5,946,647; 8,046,721; and 8,074,172, and to products 'not more than colorably different therefrom.' The starting date for any ongoing royalties shall be after the date of this Judgment."

Accordingly, Samsung has proposed a bond sufficient to account for two factors: (1) all potential ongoing royalties that Apple may claim for products adjudicated to infringe and products "not more than colorably different therefrom," and (2) the duration of the appeal. With respect to the first factor, Apple has argued that at least some Samsung products continue to infringe the '647 patent. (*See* Dkt. No. 2074 at 30.)[2] Samsung in no way concedes that ongoing royalties are due in general, or specifically, on the products it is willing to consider for purposes of the amount of bond. Nonetheless, for the purposes of this motion only, it takes the most conservative approach and assumes the most extreme possible scenario that all of Samsung's future U.S. smartphone sales would be found by this Court to be eligible for ongoing royalties on the '647 patent. With respect to the second factor, the median time from the docketing of a Federal Circuit appeal to the issuance of an opinion for appeals is 11.3 months. *See Median Time To Disposition in Cases Terminated After Hearing or Submission*, available at http://www.cafc.uscourts.gov/the-court/statistics.html (last visited December 4, 2014). For the purposes of this motion, Samsung assumes conservatively that this appeal will stretch longer to approximately 18 months, beyond the February 1, 2016 expiration of the '647 patent. (Chevalier Decl. ¶ 5.) Given these assumptions, Samsung's estimate is that it will sell approximately ▬▬▬▬ during the

---

[2] Apple does not appear to contend that any current products practice '721 and '172 patents, and, therefore, the following discussion applies to '647 patent only.

ongoing royalties period. (Kerstetter Decl. ¶ 3). An award of ongoing royalties as to all of these products would therefore amount to ■■■■■. (Chevalier Decl. ¶ 5.) Samsung's conservative proposed bond covers this amount, even though Samsung's true liability will almost certainly be far lower, and most likely zero.

*Fourth*, total pre-judgment and post-judgment interest on the judgment, including the supplemental damages and ongoing royalties above, is likely to be less than $■■■■ (Chevalier Decl. ¶ 6.) The Court has determined that pre-judgment interest will be calculated "at the 52-week Treasury Bill rate, compounded annually." (Dkt. No. 1963, Order Granting in Part and Denying in Part Apple's Motion for Judgment as a Matter of Law, September 8, 2014, at 24.) Over the period from August 2011 through November 2014, the 52-week Treasury Bill rate has ranged from 0.10% to 0.19%. *See* Board of Governors of the Federal Reserve System, *H.15 Selected Interest Rates*, available at http://www.federalreserve.gov/releases/h15/data.htm (last visited December 2, 2014). Assuming that damages are earned over this period, total pre-judgment interest on the judgment, including the supplemental damages estimated above, would be less than $■■■■ (Chevalier Decl. ¶3.) Post-judgment interest is compounded annually at a rate "equal to the weekly average 1-year constant maturity Treasury yield," as published by the Federal Reserve, for the "calendar week proceeding" the judgment. 28 U.S.C. § 1961(a). For the week ending November 21, 2014, which is the one preceding the Judgment, this rate was 0.14%. *See* Board of Governors of the Federal Reserve System, *H.15 Selected Interest Rates*, available at http://www.federalreserve.gov/releases/h15/data.htm (last visited December 2, 2014). Assuming that interest will accrue for 18 months or less, the post-judgment interest on the judgment, including the supplemental damages and ongoing royalties above, would be less than $■■■■ (Chevalier Decl. ¶3), and the total pre-judgment and post-judgment interest would be less than $■■■■

|  | Judgment + Interest | Pre-Judgment Interest Portion | Post-Judgment Interest Portion |
|---|---|---|---|
| **As of Judgment** | $ ███ | $ ███ | ███ |
| **After 18 months** | $ ███ | $ ███ | $ ███ |

*Fifth*, any fees and costs that may be recovered by Apple will be far less than ███, the difference between the bond and the monetary awards listed above. The parties agreed not to seek fees in connection with the trial (*See* Dkt. No. 1997), and the total amount of trial costs sought by Apple is less than $1.2 million. (*See* Dkt. No. 2062)  Any fees and costs in connection with the appeal would also fall well below this additional amount.

Thus, the proposed $███ bond easily covers the Judgment ($119.625 million), possible supplemental damages ███ possible ongoing royalties ███ pre-judgment interest (███ post-judgment interest (███, and any fees and costs ($1,138,842.13), even under the highly conservative assumptions provided above.  Under more reasonable assumptions, the expected monetary award to Apple is far lower.[3]  In addition, as authorized by Local Rule 65.1-1(b)(1), each of the sureties on the bond is authorized by the Secretary of the Treasury of the United States to act as a surety on official bonds under 31 U.S.C. §§ 9301-9306 in the amount for which the proposed bond provides.  (Maroulis Decl. ¶ 2.) Accordingly, the proposed bond is more than adequate to protect Apple during the pendency of the appeal.

Finally, even if Apple concocts a hypothetical scenario that shows damages exceeding Samsung's highly conservative calculations, Apple is not genuinely prejudiced by the entry of a bond for $███ ███  Samsung is a large, financially stable company, and it is prepared to satisfy the full judgment in this case if that judgment ultimately withstands appeal.  District courts

---

[3] Samsung attempted to reach agreement with Apple on the appropriate value of a supersedeas bond, but no agreement has been reached.  Samsung reserves its right to recover costs associated with this bond, including costs pursuant to Fed. R. App. P. 39(a) and Fed. R. App. P. 39(e)(3) governing premiums paid for a supersedeas bond.

have "inherent discretionary authority in setting supersedeas bonds." *Rachel*, 831 F.2d at 1505 n.1. This includes the "broad discretionary power to waive the bond requirement if it sees fit." *Townsend v. Holman Consulting Corporation*, 881 F.2d 788, 796-97 (9th Cir. 1989) (vacated on other grounds). Here, Samsung is not seeking a waiver of the bond requirement, but instead is prepared to post a highly conservative bond. Even if the ultimate award of damages somehow exceeds that figure, the risk that Apple will be unable to recover the judgment is nonexistent. Therefore, the Court should approve Samsung's bond.

## II.  ENTRY OF THE PROPOSED SUPERSEDEAS BOND PROMOTES JUDICIAL ECONOMY

Samsung's proposed supersedeas bond also conserves judicial resources promotes judicial economy by seeking a stay not only of the November 25, 2014 final judgment awarding damages and ongoing royalties, but also for any subsequent monetary awards that might issue during the pendency of the appeal. During negotiations between the parties, Apple proposed that Samsung's supersedeas bond should be limited to staying the jury verdict awarding approximately $120 million in damages, deferring the question of whether ongoing royalties should be stayed as well. Such a procedure would be plainly inefficient, as it invites needless additional motion practice before the Court over future monetary awards. Samsung's proposed bond resolves all of these issues immediately, by including all potential future costs and damages awarded by the Court. It allows the orderly appeal of all aspects of the Court' judgment and ensures finality of this dispute before this Court.

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court enter an order approving the proposed supersedeas bond in the amount of $███ ███████.

| | |
|---|---|
| DATED:  December 5, 2014 | Respectfully submitted, |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  /s/ Victoria F. Maroulis    
   Charles K. Verhoeven
   Kathleen M. Sullivan
   Kevin P.B. Johnson
   Victoria F. Maroulis
   William C. Price
   Michael T. Zeller
   Michael L. Fazio |
| | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |