HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar. No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br>　　　　　Plaintiff,<br>　vs.<br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br>　　　　　Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**DECLARATION OF JUDITH A. CHEVALIER, PH.D.**<br><br>UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED |

I, Judith A. Chevalier, declare as follows:

1. I previously submitted an expert report in this case (the "Chevalier Initial Report")[1] and testified at trial in April 2014.[2] My curriculum vitae was attached as Exhibit 1 to the Chevalier Initial Report.

2. I was asked by counsel for Samsung to prepare the attached Exhibits 1 through 6, which estimate the amount of damages and interest Samsung could accrue through the appeals process[3] assuming for the purposes of this exercise that all Samsung smartphones sold in the U.S. infringe Apple's '647 patent. For the purposes of my calculations, I have assumed that the appeals process will continue through May 25, 2016.

3. On November 25, 2014, final judgment was entered against Samsung in the amount of $119.625 million.[4] I understand that the Court has determined that pre-judgment interest will be calculated using the 52-week Treasury Bill rate, compounded annually.[5] As shown in Exhibit 6, the 52-week Treasury Bill rate has ranged from 0.10 percent to 0.19 percent over the period from August 2011 through November 2014. Assuming that damages were incurred over time,[6] I estimate that total pre-judgment interest on the $119.625 million award through the entry of final judgment is approximately $309,822.[7] I understand that post-judgment interest is compounded annually at a rate equal to the weekly average 1-year constant maturity Treasury yield for the week

---

[1] Expert Report of Judith A. Chevalier, Ph.D., September 13, 2013. Certain underlying calculations to my report were updated on February 17, 2014. I also submitted two declarations dated March 7, 2014 and May 23, 2014, as well as declarations relating to the permanent injunction proceedings and ongoing royalties proceedings. Declaration of Judith A. Chevalier, Ph.D., March 7, 2014; Declaration of Judith A. Chevalier, Ph.D., May 23, 2014; Declaration of Judith A. Chevalier, Ph.D. in Opposition to Apple's Motion for Permanent Injunction, June 6, 2014; Declaration of Judith A. Chevalier, Ph.D., October 6, 2014.
[2] Trial Transcript, at 2361-2507.
[3] I understand that Samsung has appealed the final judgment. *See* Notice of Appeal, November 25, 2014.
[4] Judgment, November 25, 2014.
[5] Order Granting in Part and Denying in Part Apple's Motion for Judgment as a Matter of Law, September 8, 2014, at 24.
[6] This is consistent with the methodology set forth in the Declaration of Marylee Robinson in Support of Apple's Post-Trial Motions, May 23, 2014 ("Robinson Declaration"), at ¶¶11-13 and Exhibit 4.
[7] Exhibit 2.

1

preceding the judgment.[8] Using the rate of 0.14% published by the Federal Reserve for the week ending November 21, 2014,[9] I estimate that total post-judgment interest on the $119.625 million award through the resolution of the appeals process is $251,597.[10]

4. In addition, I understand that the Court has determined that an award of supplemental damages on sales of the Galaxy S III and the Galaxy Note II from the date of the jury verdict through final judgment is appropriate and that such damages will be calculated using the "per-product rate…based on the jury's verdict."[11] Exhibit 3 estimates supplemental damages of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[12] Applying the methodology described above, I estimate pre-judgment interest of $▮▮▮ and post-judgment interest of ▮▮▮ on supplemental damages.[13]

5. I further understand that the Court has determined that Apple is entitled to ongoing royalties on sales of adjudicated products and unadjudicated products "not more than colorably different" made after the entry of final judgment.[14] For such unadjudicated products, the Court has set a rate of ▮▮▮▮▮▮ for the '647 patent.[15] Using this rate and assuming the maximum ongoing royalty liability scenario (that all of Samsung's U.S. smartphone sales are eligible for ongoing royalties), I estimate damages of ▮▮▮▮▮▮ from November 26, 2014, the day after entry of final judgment, through January 31, 2016,[17] the day prior to the expiration of the '647

---

[8] 28 U.S.C. § 1961(a).
[9] *See* http://federalreserve.gov/releases/h15/data.html.
[10] Exhibit 2.
[11] Order Granting in Part and Denying in Part Apple's Motion for Judgment as a Matter of Law, September 8, 2014, at 18.
[12] *See* Order Granting in Part Apple's Motion for Ongoing Royalties, November 25, 2014, at 36 for '647 royalty rates for the Galaxy S III and the Galaxy Note II, calculated by dividing the per-product jury award for the '647 patent by the number of infringing units.
[13] Exhibit 3.
[14] Order Granting in Part Apple's Motion for Ongoing Royalties, November 25, 2014, at 36.
[15] Order Granting in Part Apple's Motion for Ongoing Royalties, November 25, 2014, at 36.
[16] Exhibit 4.
[17] *See* Supplemental Expert Report of Christopher A. Vellturo, Ph.D., February 17, 2014, at Exhibit 6.

patent.[18]  Applying the methodology described above, I estimate post-judgment interest of ▓▓▓▓ on ongoing royalty damages.[19]

6. As summarized in Exhibit 1, I estimate that total damages and interest earned through the conclusion of the appeal will amount to ▓▓▓▓▓▓▓▓ comprised of ▓▓▓▓ in damages, ▓▓▓▓ in pre-judgment interest, and ▓▓▓▓ in post-judgment interest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 5, 2014, at New Haven, CT.

*Judith A Chevalier*
JUDITH A. CHEVALIER

---

[18] Samsung provided aggregate annual projections of U.S. smartphone sales for 2014 and 2015.  I have estimated January 2016 sales using the growth rates from 2014 to 2015.  To calculate monthly sales, I have assumed that sales occur evenly throughout the year.  *See* Exhibit 5.

[19] Exhibit 4.

3