QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO. 5:12-cv-00630-LHK (PSG)<br><br>**SAMSUNG'S NOTICE AND MOTION FOR TEMPORARY STAY OF EXECUTION OF JUDGMENT PURSUANT TO FRCP 62**<br><br>**[Motion to Shorten Time Under L.R. 6.3 Filed Concurrently]**<br><br>UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 62, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") move the Court to temporarily stay execution of the final judgment entered on November 25, 2014 (Dkt. No. 2076). Samsung seeks to stay execution of the judgment until 14 days after the Court's ruling on Samsung's Motion for Approval of Supersedeas Bond, in order to provide sufficient time for the Court to rule on Samsung's bond motion and for Samsung to post a bond in the amount determined by the Court.

This motion is based on this notice of motion and supporting memorandum, supporting declarations, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

Samsung respectfully seeks an order temporarily staying execution of final judgment until 14 days after the Court's ruling on Samsung's Motion for Approval of Supersedeas Bond.

DATED:  December 5, 2014             QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Victoria F. Maroulis*
  Charles K. Verhoeven
  Kevin P.B. Johnson
  Victoria F. Maroulis
  William C. Price
  Michael T. Zeller
  Michael L. Fazio

  Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

## INTRODUCTION

Samsung respectfully requests a temporary stay on execution of the final judgment entered in this case, pursuant to Federal Rule of Civil Procedure 62.  A temporary stay until 14 days after the Court's ruling on Samsung's Motion for Approval of Supersedeas Bond would provide the Court adequate time to rule on Samsung's motion, and for Samsung to submit a bond in the amount determined by the Court.

Under the federal rules, Samsung can obtain a stay pending appeal as a matter of right under Rule 62(d) by posting a bond that would satisfy the amount of the judgment, including post-judgment interest and costs that may accrue during appeal.  Samsung has proposed a bond in an amount that would cover not only the $119,625,000 in damages, but possible supplemental damages for any post-verdict infringement, and possible ongoing royalties for any continuing infringement of Apple's patents.  While Samsung disputes both the obligation and the underlying amounts for these facets of the judgment, for the purposes of bond under 62(d) it has proposed the maximum amount Apple could conceivably recover from Samsung, including all potential ongoing royalties, as well as all possible monetary relief that the appellate court may award. Absent entry of a stay, Apple would be entitled to collect on the judgment once 14 days has passed, undermining Samsung's right to an automatic stay and causing irreparable harm to Samsung.  Yet 14 days have proven insufficient for Samsung and Apple to resolve the issues surrounding valuation of the supersedeas bond, particularly because of delays caused by the holidays and the oral argument on appeal of the first *Apple v. Samsung* trial.  Accordingly, Samsung seeks a temporary stay to provide the parties sufficient time to address the merits of Samsung's bond motion.

## FACTUAL BACKGROUND

On November 25, 2014, the Court issued an Order granting-in-part Apple's motion for ongoing royalties, and vacating the hearing on the motion that was set for December 18, 2014. Dkt. No. 2074.  On the same day, the Court entered final judgment of $119,625,000 in damages as well as ongoing royalties for any continuing infringement of three Apple patents, as described in the Court's Order.  Dkt. No. 2076.

On November 25, 2014, Samsung filed a Notice of Appeal of the final judgment. Under Federal Rule of Procedure 62(d), Samsung can obtain a stay pending appeal as a matter of right by posting a supersedeas bond that would satisfy the amount of the judgment, including post-judgment interests and costs that may accrue during appeal. This stay extends to all forms of monetary damages, including ongoing royalties. *ActiveVideo Networks, Inc. v. Verizon Comms. Inc.*, 2012 U.S. App. LEXIS 6764 at *4-5 (Fed. Cir. April 2, 2012) (reversing district court order denying stay of ongoing royalty payments during a sunset period).

Samsung attempted to meet and confer regarding the supersedeas bond, but was unable to make progress with Apple over the Thanksgiving holiday. On Wednesday, November 26, 2014, Samsung contacted Apple, requesting agreement to extend the automatic stay of execution of judgment until January 14, 2015, to give the parties sufficient time to reach agreement on the amount of the bond without intervention by the Court. Milowic Decl. ¶ 3. On Friday, November 28, 2014, Apple declined Samsung's request. *Id.* at ¶ 4. The same day, Samsung contacted Apple, requesting to meet and confer regarding the amount of the bond. *Id.* Apple did not respond to this request. *Id.*

On Monday, December 1, 2014, Samsung again requested to meet and confer with Apple, and Apple agreed. *Id.* at ¶ 5. The parties met and conferred between December 1 and December 4, 2014. *Id.* at ¶ 12. Samsung proposed a comprehensive supersedeas bond, inclusive of any supplemental damages and ongoing royalties, that would adequately protect Apple during the pendency of an appeal. Apple claimed to be unprepared to discuss ongoing royalties, but indicated willingness to consider any proposal by Samsung as to the amount of a bond inclusive of supplemental damages and ongoing royalties. *Id.* at ¶ 5.

On Tuesday, December 2, 2014, Samsung contacted Apple and proposed a comprehensive bond inclusive of supplemental damages and ongoing royalties on projected sales of Samsung's Galaxy S3, Galaxy S4 and Galaxy S5. However, counsel for Apple claimed to not be able to promptly respond to Samsung's proposal, because Apple's attorneys were traveling to Washington, D.C. and preparing for oral argument in the appeal of the first *Apple v. Samsung* case scheduled for December 4, 2014. *Id.* at ¶ 6.

On December 3, 2014, Apple stated for the first time its own position that an appropriate bond would require an additional 50% above the full verdict, pre-judgment and post-judgment interest, and potential supplemental damages. *Id.* at ¶ 7. By comparison, in the first *Apple v. Samsung* case, Apple agreed to a bond that was just 7% higher than the verdict alone. *Id.* at ¶ 8. Apple also rejected the idea of a comprehensive bond. Apple instead asked whether Samsung would stipulate to infringement of several of its un-adjudicated products, and demanded production of source code of Samsung's un-adjudicated products. *Id.* at ¶ 7.

On December 4, 2014, Samsung responded by proposing a conservative bond inclusive of ongoing royalties for all projected sales of **all** of Samsung's smartphones over the course of the appeal – offering Apple complete security during the pendency of the appeal. Samsung noted that the pending appeal may obviate any need to reach the question of the infringement as to un-adjudicated products and would not concede infringement before the appeal of infringement of the adjudicated products. *Id.* at ¶ 9. In email correspondence, Apple rejected Samsung's offer to bond inclusive of the ongoing royalties, and rejected Samsung's request to expedite briefing on the Motion for Temporary Stay. Instead, Apple maintains that Samsung must first stipulate that its un-adjudicated products are infringing and must provide source code to allow a determination of infringement. *Id.* at ¶ 10.

Apple and Samsung met and conferred again late in the evening of December 4, 2014 but were unable to reach a compromise in the limited time remaining. It was Samsung's understanding that, per their email earlier that day, Apple had rejected its proposal. After informing Apple that Samsung was prepared to bond $[redacted] inclusive of ongoing royalties, to account for costs and to provide a buffer, counsel for Samsung inquired whether there was any amount at which Apple would agree to a bond inclusive of ongoing royalties. Counsel for Apple stated that he could not answer at that time. *Id.* at ¶ 11. In response, counsel for Samsung asked again whether Apple would agree to extend the stay of execution while the parties discussed the amount of the bond. Counsel for Apple stated that he would have to get back to Samsung on that issue. *Id.* Samsung inquired whether it is Apple's position that *ActiveVideo Networks, Inc. v. Verizon Comms. Inc.* (Fed. Cir. April 2, 2012) does not provide for bonding and stay of ongoing

royalties pursuant to Rule 62(d). Counsel for Apple stated that he would have to get back to Samsung on that issue. *Id.* Finally, in the interest of avoiding motion practice, Samsung requested that Apple respond on these issues that night. Counsel for Apple stated that he could not agree to get back to Samsung that same night on these issues, given that Apple's team was traveling back from oral argument. *Id.*

Under Federal Rule of Procedure 62(a), there is an automatic stay of execution on the final judgment until 14 days have passed after its entry. Absent further action from the Court, Apple can attempt to execute the final judgment as early as December 10, 2014, or 5 days from this filing. Accordingly, Samsung has filed this motion for a temporary stay on execution of the judgment, until after the Court decides Samsung's bond motion.

## ARGUMENT

A temporary stay of the final judgment is warranted in order to preserve the status quo while the Court determines the amount of a bond necessary to stay the final judgment pending appeal. Under the federal rules, a party appealing from a judgment "is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed.R.Civ.P. 62(d)." *Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966). *See also In re Swift Aire Lines, Inc.*, 21 B.R. 12, 14 (9th Cir. BAP 1982) (because a stay pending appeal upon posting bond is a "matter of right, [] its allowance does not rest in the sound discretion of court or judge.") (citation and quotation marks omitted). This stay extends to all forms of monetary damages, including ongoing royalties. *ActiveVideo Networks, Inc.*, 2012 U.S. App. LEXIS 6764 at *4-5. Moreover, Federal Rule of Civil Procedure 62(a) provides an automatic 14-day stay on execution of any judgment. Ordinarily, Rule 62(a) and Rule 62(d) work together to provide the appealing party sufficient time to file a supersedeas bond and obtain an automatic stay pending appeal. However, Apple's refusal to negotiate in good faith has created a dispute that burdens the court and undercuts Samsung's right to obtain such a stay pending appeal.

First, the final judgment in this case is sufficiently complex to warrant a reasonable stay on execution of the judgment. In particular, the judgment includes both $119 million in damages and a requirement that Samsung "pay ongoing royalties" on products adjudicated to infringe and

products "not more than colorably different therefrom."  The Court ordered:

> "For the reasons stated in the November 25, 2014 Order Granting Apple's Motion for Ongoing Royalties (ECF No. 2074), Samsung is ordered to pay ongoing royalties for any continuing infringement at the per-unit rates set forth in that Order. Those royalties shall apply to products adjudicated to infringe U.S. Patent Nos. 5,946,647; 8,046,721; and 8,074,172, and to products 'not more than colorably different therefrom.' The starting date for any ongoing royalties shall be after the date of this Judgment."

Dkt. No. 2076.  Because "[t]he purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution," *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987), such bonds should ordinarily be set in an amount sufficient to pay the judgment plus interest, costs and other monetary relief.  In this case, the appropriate amount of monetary relief is disputed, because it depends on the number of products sold that are adjudicated to infringe, for purposes of calculating ongoing royalties.  That figure depends on future sales of Samsung's products, whether Samsung has successfully designed-around the patents-in-suit, and whether Samsung's un-adjudicated products are "not more than colorably different therefrom." Dkt. No. 2075 at 19.  Samsung's task is further complicated by the timing of final judgment, as hearing on Apple's motion for ongoing royalties had been set for December 18, 2014.  Nevertheless, Samsung has acted quickly to obtain the information necessary to estimate the ongoing royalties.

At the same time, Samsung sought to enter into negotiations with Apple to temporarily stay execution of the judgment and to reach agreement on an adequate bond that would protect Apple.  Apple, however, repeatedly rebuffed Samsung's requests to meet and confer, and instead caused delays that have eaten away at the automatic 14-day stay of judgment under the Federal Rules.  Apple refused Samsung's request to extend the stay of execution of the judgment in light of the Thanksgiving holiday and the upcoming oral arguments in the appeal of the first *Apple v. Samsung* case.  Milowic Decl. at ¶ 4.  Yet Apple proceeded to disregard requests to negotiate during the Thanksgiving weekend, and then cited its own oral argument preparations as excuses for why it could not respond more promptly to Samsung's proposals.  *Id*. at ¶ 6.  Apple then refused to make reasonable proposals as to the appropriate value of the bond.  Apple's dilatory

1  actions effectively removed any hope of Samsung entering a bond by December 9, 2014, the last
2  day available before Apple can attempt to enforce the judgment.

3  An immediate extension of the temporary stay is therefore necessary to halt execution of
4  the judgment, in order to preserve the status quo and to prevent irreparable harm to Samsung.
5  Under Rule 62(d), district courts have "inherent discretionary authority in setting supersedeas
6  bonds." *Rachel*, 831 F.2d at 1505 n.1.  This includes the "discretion to allow other forms of
7  judgment guarantee," *International Telemeter, Corp. v. Hamlin International Corporation*, 754
8  F.2d 1492, 1495 (9th Cir. 1985), and "broad discretionary power to waive the bond requirement if
9  it sees fit," *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796-97 (9th Cir. 1989) (vacated
10 on other grounds).  Here, the balance of harms weighs indisputably in favor of a temporary stay
11 for a few weeks while the Court determines the amount of a bond.  Without a stay, Apple may
12 seek to execute on and seek payment of ongoing royalties under the judgment as soon as
13 December 10, 2014 mooting Samsung's bond motion and undermining Samsung's right under
14 Rule 62(d) to obtain a stay pending appeal.  Samsung would be irreparably harmed by negative
15 publicity, adverse market reactions, and disruption of Samsung's day-to-day operations, among
16 other possible harms.  Samsung has made every effort to file an appropriate bond, one that should
17 be sufficient to cover all potential supplemental damages, costs, and ongoing royalties, and should
18 not be punished due to Apple's attempt to interfere with Samsung's right to appeal.

19 Conversely, Apple will suffer no harm from a temporary stay.  The risk that Apple will be
20 unable to collect on its judgment due to an additional few weeks of delay is nonexistent, as
21 Samsung is a large, financially stable company.  Samsung has already demonstrated its ability and
22 willingness to post a substantial bond in the first *Apple v. Samsung* case, and Samsung is ready to
23 post a supersedeas bond in this case once the value of the bond is determined.  Accordingly, the
24 equities strongly favor entry of a temporary stay.

25 **<u>CONCLUSION</u>**

26 For the foregoing reasons, Samsung respectfully requests that the Court stay execution of
27 final judgment until 14 days after the Court decides Samsung's Motion for Approval of
28 Supersedeas Bond.

1  DATED:  December 5, 2014              QUINN EMANUEL URQUHART &
2                                                          SULLIVAN, LLP
3
4                                                          By /s/ *Victoria F. Maroulis*
                                                               Charles K. Verhoeven
5                                                              Kevin P.B. Johnson
                                                               Victoria F. Maroulis
6                                                              William C. Price
                                                               Michael T. Zeller
7                                                              Michael L. Fazio
8
                                                               Attorneys for SAMSUNG ELECTRONICS CO.,
9                                                              LTD., SAMSUNG ELECTRONICS AMERICA,
                                                               INC. and SAMSUNG
10                                                             TELECOMMUNICATIONS AMERICA, LLC

02198.51981/6363669.4                          -8-                    Case No. 12-cv-00630-LHK
SAMSUNG'S MOTION FOR TEMPORARY STAY OF EXECUTION OF JUDGMENT