QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE No. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF JOSEPH MILOWIC IN SUPPORT SAMSUNG'S MOTION FOR TEMPORARY STAY OF EXECUTION OF JUDGMENT PURSUANT TO FRCP 62**<br><br>UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED |

I, Joseph Milowic III declare as follows:

1.     I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP and counsel of record for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in the above-captioned matter.    I am a member in good standing of the state bar of New York and admitted *pro hac vice* before the Court.    I make this declaration based on personal knowledge and, if called upon to do so, could testify competently thereto.

2.     I submit this declaration in support of the Samsung's Motion for Temporary Stay of Execution of Judgment Pursuant to FRCP 62 ("Motion for Temporary Stay").

3.     On Wednesday, November 26, 2014, Samsung contacted Apple, requesting that execution of judgment be stayed until January 14, 2015, to give the parties sufficient time to reach agreement on the amount of the bond without intervention by the Court.    Samsung explained that given the unexpected timing of the issuance of final judgment, the Thanksgiving holidays, and the oral arguments before the Federal Circuit in the first *Apple v. Samsung* case scheduled for December 4, 2014, a stay of execution was appropriate.

4.     On Friday, November 28, 2014, Apple refused Samsung's request to stay the judgment.    The same day, Samsung contacted Apple, requesting to meet and confer regarding the amount of the bond.    Apple did not respond to Samsung's request.

5.     On Monday, December 1, 2014, Samsung again requested to meet and confer with Apple.    Apple agreed.    The parties met and conferred regarding the scope of the bond. Samsung proposed to enter into a stipulation on a comprehensive supersedeas bond that would cover all aspects of the final judgment, including ongoing royalties, costs, interest, and supplemental damages.    Apple claimed to be unprepared to discuss ongoing royalties, but indicated willingness to consider any proposal by Samsung as to the amount of a bond inclusive of supplemental damages and ongoing royalties.

6.     On Tuesday, December 2, 2014, Samsung contacted Apple and proposed a comprehensive bond inclusive of supplemental damages and ongoing royalties on projected sales of Samsung's Galaxy S3, Galaxy S4 and Galaxy S5.    Counsel for Apple claimed to be unable to

respond to Samsung's proposals, because Apple's attorneys were traveling to Washington, D.C. and preparing for oral argument in the appeal of the first *Apple v. Samsung* case.

7.     On December 3, 2014, Apple stated for the first time its own position that an appropriate bond would require an additional 50% above the full verdict, pre- and post-judgment interest, and potential supplemental damages.   Apple further stated that any bond would not encompass the award of monetary damages.   Apple also rejected the idea of a comprehensive bond.   Apple asked whether Samsung would stipulate to infringement of several of its un-adjudicated products, and demanded production of source code of Samsung's un-adjudicated products.

8.     In the first *Apple v. Samsung* case, Apple agreed to a bond of $1 billion to secure a verdict of approximately $930 million (7% higher).   (1846 Dkt. No. 3036.)

9.     On December 4, 2014, Samsung responded by proposing a conservative bond inclusive of ongoing royalties for all projected sales of ***all*** of Samsung's smartphones over the course of the appeal – offering Apple complete security during the pendency of the appeal. Samsung noted that the pending appeal may obviate any need to reach the question of the infringement as to un-adjudicated products and would not concede infringement before the appeal of infringement of the adjudicated products.

10.     In email correspondence dated December 4, 2014, Apple rejected Samsung's offer to bond inclusive of the ongoing royalties, and rejected Samsung's request to expedite briefing on the Motion for Temporary Stay.   Apple maintains its position that Samsung first must stipulate that un-adjudicated products are covered by the ongoing royalty and must provide source code to allow a determination of infringement.

11.     Apple and Samsung met and conferred again on December 4, 2014 but were unable to reach a compromise in the limited time remaining.   It was Samsung's understanding that, per their email earlier that day (*supra* ¶ 10), Apple had rejected its proposal.   After informing Apple that Samsung was prepared to bond $███ ███████ inclusive of ongoing royalties, to account for costs and to provide a buffer, counsel for Samsung inquired whether there was any amount at which Apple would agree to a bond inclusive of ongoing royalties. Counsel for Apple stated that

1  he could not answer at that time.   In response, counsel for Samsung asked again whether Apple

2  would agree to extend the stay of execution while the parties discussed the amount of the

3  bond.   Counsel for Apple stated that he would have to get back to Samsung on that

4  issue.   Samsung inquired whether it was Apple's position that *ActiveVideo Networks, Inc. v.*

5  *Verizon Comms. Inc.* (Fed. Cir. April 2, 2012) does not provide for bonding and stay of ongoing

6  royalties pursuant to Rule 62(d).   Counsel for Apple stated that he would have to get back to

7  Samsung on that issue.   Finally, in the interest of avoiding motion practice, Samsung requested

8  that Apple respond on these issues that night.   Counsel for Apple stated that he could not agree to

9  get back to Samsung that same night on these issues, given that Apple's team was traveling back

10  from oral argument.

11      12.     The parties met and conferred twice – on December 1 and 4 – but were unable to

12  reach a compromise in the limited time available.

13      13.     Attached as Exhibit 1 is a true and correct copy of correspondence between counsel

14  for Samsung and Apple regarding entry of a supersedeas bond.

15

16      I declare under penalty of perjury of the laws of the United States that the foregoing is true

17  and correct.   Executed in New York, New York on December 4, 2014.

18

19                        */s/   Joseph Milowic*
                          Joseph Milowic
20

21

22

23

24

25

26

27

28

**<u>ATTESTATION</u>**

I, Victoria Maroulis, am the ECF User whose ID and password are being used to file this Declaration.   In compliance with Civil Local Rule 5-1(i), I hereby attest that Joseph Milowic has concurred in this filing.

Dated:    December 5, 2014

/s/ Victoria Maroulis
Victoria Maroulis