# EXHIBIT 1
# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# Elliot Siegel

| | |
|---|---|
| **From:** | Selwyn, Mark [Mark.Selwyn@wilmerhale.com] |
| **Sent:** | Thursday, December 04, 2014 5:54 PM |
| **To:** | Joseph Milowic III; Carl Anderson; "*** Apple/Samsung' (Apple/Samsung@gibsondunn.com)'; WH Apple Samsung NDCal II Service; 'Apple630Team@mofo.com' |
| **Cc:** | Samsung NEW |
| **Subject:** | RE: Apple v. Samsung, Case No. 12-cv-00630 |

Joe:

Thanks for your reply, and for finally giving us a concrete number.  Apple will agree to a stay of execution of the damages verdict, judgment interest, and supplemental damages if Samsung posts the $▮▮▮ ▮▮▮▮▮▮ bond you mention.  We will not oppose such a motion, which you can now make to Judge Koh at your convenience.

We cannot agree to a stay of the ongoing royalty obligation under the current circumstances, however, given that Samsung has so far refused to stipulate to the products covered by the ongoing royalty or to provide the source code that would allow us to evaluate Samsung's non-infringement claim.  Our invitation to Samsung to provide that information remains open until tomorrow, as communicated in our letter to Victoria Maroulis yesterday.

Lastly, given that ongoing royalties only started to accrue last week, Apple does not believe that there is any need to expedite any motion to stay that Samsung chooses to bring.

Mark

---

**From:** Joseph Milowic III [mailto:josephmilowic@quinnemanuel.com]
**Sent:** Wednesday, December 03, 2014 10:48 PM
**To:** Selwyn, Mark; Carl Anderson; "*** Apple/Samsung' (Apple/Samsung@gibsondunn.com)'; WH Apple Samsung NDCal II Service; 'Apple630Team@mofo.com'
**Cc:** Samsung NEW
**Subject:** RE: Apple v. Samsung, Case No. 12-cv-00630

Counsel:

Apple's position with respect to the bonding of the final judgment will needlessly tax the resources of the Court and the parties during the pendency of the appeal over issues that may be obviated by the appeal.

As you know, ongoing royalties are monetary damages subject to stay under FRCP 62(d), and there is no reason why the parties cannot work together to avoid burdening the Court with further proceedings over the scope of the Final Judgment.  To that end, Samsung is willing to bond conservatively to cover all potential damages that Apple could possibly seek pursuant to the Final Judgment and has arranged a bond in excess of $▮▮▮ ▮▮▮▮▮▮  This amount includes the following disputed amounts, each of which may be obviated by the appeal:

1. the jury verdict ($119,625,000)
2. supplemental damages for sales of the Galaxy S3 and Note 2 between the verdict and the entry of Final Judgment;
3. ongoing royalties on all Samsung smartphones sales from the Final Judgment through the expiration of the '647 patent (Feb. 1, 2016); and
4. pre- and post judgment interest (assuming 18 month period).

This proposal provides Apple with more than adequate security not only for adjudicated products but for **all** Samsung smartphones projected to be sold until Apple's '647 patent expires.  In response to Apple's inquiry, Samsung will not and does not concede infringement by any of its smartphones, but is willing to conservatively bond to conserve resources and provide Apple with complete security during the pendency of the appeal.

In view of the above, we ask that Apple reconsider its position.  Please let us know Apple's position by close of business on Thursday December 4, 2014, so that Samsung may seek entry of its proposed bond and a stay pending the Court's order approving the bond.

Regards,

Joe Milowic

---

**From:** Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]
**Sent:** Wednesday, December 03, 2014 10:14 PM
**To:** Joseph Milowic III; Carl Anderson; "*** Apple/Samsung' (Apple/Samsung@gibsondunn.com)'; WH Apple Samsung NDCal II Service; 'Apple630Team@mofo.com'
**Cc:** Samsung NEW
**Subject:** RE: Apple v. Samsung, Case No. 12-cv-00630

Joe:

As you know, I responded to your initial e-mail on Friday, November 28, indicating that Apple would not agree to a temporary stay, but saying that we would consider any proposal you had to make regarding a bond to stay execution of the judgment.  We made ourselves at 9am PT the next business day to meet and confer with you.  On that call, you stated for the first time that you wanted to discuss not only a bond for the judgment, but also Samsung's obligations under the ongoing royalty order – an issue that had never been raised before, and as to which you were not prepared to make any actual proposal.  It was only at 11am PT yesterday, in a phone conversation with Mark Fleming, that you finally made such a proposal covering both the supersedeas bond and the ongoing royalty – while clarifying that you did not have actual numbers to offer and had not even received confirmation from Samsung that it would agree to the terms you proposed.

For you to demand an immediate reaction from Apple to such an inchoate proposal is not reasonable.  Nonetheless, and despite the logistical difficulties that you recognize this week's oral argument has imposed, we have presented your proposal to Apple.   Apple is willing to agree to a supersedeas bond to stay execution of the judgment in the amount of 150% of (1) the amount of the verdict, (2) pre- and post-judgment interest, and (3) supplemental damages based on sales figures of the GS3 and the Note 2 between the date of the verdict and the date of the judgment.

With respect to ongoing royalties, Apple does not agree to your proposal.  Samsung may choose to bond a larger amount than necessary for the verdict but if you are not stipulating that Samsung's products infringe, we do not believe the larger bond amount has any impact on Apple's rights to continue to enforce the patent whether under the *Paice* order or otherwise.

We look forward to your response.

Mark

---

**From:** Joseph Milowic III [mailto:josephmilowic@quinnemanuel.com]
**Sent:** Wednesday, December 03, 2014 8:06 AM
**To:** Selwyn, Mark; Carl Anderson; "*** Apple/Samsung' (Apple/Samsung@gibsondunn.com)'; WH Apple Samsung NDCal II Service; 'Apple630Team@mofo.com'

**Cc:** Samsung NEW
**Subject:** RE: Apple v. Samsung, Case No. 12-cv-00630

Counsel,

We have not heard back from Apple after my conversation with Mark Fleming Tuesday. While we understand Mark's point that Apple is constrained due to the fact that members of your team are on the way to Washington for Thursday's oral argument; we are in the same situation. Indeed, we mentioned these constraints in our request last Wednesday that Apple agree to a temporary stay. We reiterated this request during our call on Monday, but have not heard a definite response. We again request that Apple agree to a temporary stay so that the parties have appropriate time for counsel to fully meet and confer on arrangements for a bond.
We are available to discuss today. Please get back to us as soon as possible today and in no event later than 4 pm EST.

Regards,
Joe Milowic

---

**From:** Joseph Milowic III
**Sent:** Monday, December 01, 2014 10:54 AM
**To:** Selwyn, Mark; Carl Anderson; "*** Apple/Samsung' (Apple/Samsung@gibsondunn.com)'; WH Apple Samsung NDCal II Service; 'Apple630Team@mofo.com'
**Cc:** Samsung NEW
**Subject:** RE: Apple v. Samsung, Case No. 12-cv-00630

9 am PT works. We can use this dial-in:

Intentionall Omitted from Record

---

**From:** Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]
**Sent:** Monday, December 01, 2014 10:34 AM
**To:** Joseph Milowic III; Carl Anderson; "*** Apple/Samsung' (Apple/Samsung@gibsondunn.com)'; WH Apple Samsung NDCal II Service; 'Apple630Team@mofo.com'
**Cc:** Samsung NEW
**Subject:** RE: Apple v. Samsung, Case No. 12-cv-00630

How about 9am PT today?

---

**From:** Joseph Milowic III [mailto:josephmilowic@quinnemanuel.com]
**Sent:** Monday, December 01, 2014 7:03 AM
**To:** Selwyn, Mark; Carl Anderson; "*** Apple/Samsung' (Apple/Samsung@gibsondunn.com)'; WH Apple Samsung NDCal II Service; 'Apple630Team@mofo.com'
**Cc:** Samsung NEW
**Subject:** RE: Apple v. Samsung, Case No. 12-cv-00630

Mark:

Please let us know your availability to meet and confer today regarding the amount of the bond and the stay.

Joe

**From:** Joseph Milowic III
**Sent:** Friday, November 28, 2014 2:48 PM
**To:** 'Selwyn, Mark'; Carl Anderson; "*** Apple/Samsung' (Apple/Samsung@gibsondunn.com)'; 'WH Apple Samsung NDCal II Service'; 'Apple630Team@mofo.com'
**Cc:** Samsung NEW
**Subject:** RE: Apple v. Samsung, Case No. 12-cv-00630

Mark:

Please let us know your availability to meet and confer today or this weekend to discuss the amount of the bond and the stay.

Joe

---

**From:** Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]
**Sent:** Friday, November 28, 2014 12:57 PM
**To:** Carl Anderson; '*** Apple/Samsung' (Apple/Samsung@gibsondunn.com); WH Apple Samsung NDCal II Service; Apple630Team@mofo.com
**Cc:** Samsung NEW
**Subject:** RE: Apple v. Samsung, Case No. 12-cv-00630

Carl:

Apple declines your request that the judgment be stayed until January 14, 2015. Samsung has known for months the amount of its liability and has had ample time to arrange for an appropriate bond.

In any event, as you know, Fed. R. Civ. P. 62(a) provides that no execution may issue on the judgment until 14 days have passed after its entry. Apple is willing to consider any proposal Samsung wishes to make regarding a bond before December 9.

Mark

---

**From:** Carl Anderson [mailto:carlanderson@quinnemanuel.com]
**Sent:** Wednesday, November 26, 2014 11:48 AM
**To:** '*** Apple/Samsung' (Apple/Samsung@gibsondunn.com); WH Apple Samsung NDCal II Service; Apple630Team@mofo.com
**Cc:** Samsung NEW
**Subject:** Apple v. Samsung, Case No. 12-cv-00630

Counsel,
Last night the Court vacated the hearing set for December 18, 2014 and entered final judgment. Samsung intends to seek approval of a bond pending appeal and would like to discuss arrangements with Apple as soon as possible; however in light of the unexpected timing of the court's action, the Thanksgiving holiday, and the Federal Circuit oral argument next week, we anticipate it may take additional time for counsel to fully meet and confer on arrangements for a bond. Please let us know that Apple is agreeable to a request that that Court temporarily stay the judgment until January 14, 2015 so that the parties have time to reach a mutually agreeable arrangement.
We would appreciate a prompt response.
Very truly yours,
Carl

**Carl Anderson**
*Partner,*

4

**Quinn Emanuel Urquhart & Sullivan, LLP**

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6328 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
carlanderson@quinnemanuel.com
www.quinnemanuel.com

This message was sent by an attorney and may contain confidential information protected by a legal privilege. If you are not the intended recipient, please delete it and notify us by phone or e-mail that you have done so.