UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, ) | Case No.: 12-CV-00630-LHK |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER GRANTING SAMSUNG'S |
| ) | REQUEST FOR APPROVAL OF ITS |
| SAMSUNG ELECTRONICS CO., LTD., a ) | SUPERSEDEAS BOND, AND |
| Korean corporation; SAMSUNG ) | GRANTING APPLE'S MOTION FOR |
| ELECTRONICS AMERICA, INC., a New York ) | STAY OF EXECUTION OF JUDGMENT |
| corporation; and SAMSUNG ) | |
| TELECOMMUNICATIONS AMERICA, LLC, ) | [PUBLIC REDACTED VERSION] |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") moves for approval of its supersedeas bond. *See* ECF No. 2080-3. Samsung proposes a supersedeas bond of ▇▇▇▇ based on the following calculations:

- Jury award of $119,625,000;
- Supplemental damages in the amount of ▇▇▇▇, which Apple, Inc. ("Apple") does not dispute;
- Ongoing royalties award of ▇▇▇▇, which exceeds the jury award in this case. Moreover, Samsung arrives at this figure by assuming conservatively that "*all* of Samsung's future U.S. smartphone sales would be found by this Court to be eligible for ongoing royalties on the '647 patent." ECF No. 2080-3 at 5 (emphasis added);
- Pre-judgment interest on the verdict, supplemental damages, and ongoing royalties award in the amount of ▇▇▇▇;

1

- Post-judgment interest on the verdict, supplemental damages, and ongoing royalties award in the amount of ███████ ; and
- Attorney's costs and fees in the amount of ███████ , a generous estimate because Apple and Samsung have agreed not to seek attorney's fees in this case, and Apple is currently seeking only $1,138,842.13 in costs.

Apple concurs with the jury award, the amount of supplemental damages, and effectively the amount of interest listed above. *See* ECF No. 2093-3 at 4. Apple, however, proposes a supersedeas bond for Samsung of only ███████ , which excludes any award for ongoing royalties and post-judgment interest thereon.

The parties disagree as to two issues: (1) whether ongoing royalties should be determined now or upon resolution of the parties' pending appeals of the final judgment; and (2) whether post-judgment interest should be awarded for eighteen months or for three and a half years. As to the first issue, the Court agrees with Samsung that a Rule 62(d) stay of ongoing royalties during the pendency of the parties' appeals will prevent the "unnecessary expenditures of time and resources should the Federal Circuit reverse any part of the jury's verdict on liability." ECF No. 1963 at 19. Moreover, even if the Court proceeded with determining Samsung's liability for ongoing royalties, Samsung could obtain a stay of execution of any ongoing royalties determination pending appeal, delaying Apple's ability to collect any award. *See ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2011-1538, 2012 WL 10716768 (Fed. Cir. Apr. 2, 2012) (per curiam) (reversing district court's denial of a stay under Rule 62(d) regarding ongoing royalty obligations). Thus, proceeding now with a determination of any ongoing royalties award may not achieve Apple's objective of receiving expeditious payment.

As for the second issue, the Court agrees with Apple. Samsung's eighteen-month appeal duration estimate does not account for Samsung's litigation of any ongoing royalties award in this Court, which Apple estimates will take six months, followed by Samsung's likely appeal of that award to the Federal Circuit. Samsung's eighteen-month estimate accounts only for the pendency of the parties' current appeals. Nevertheless, the Court concludes that any adjustment of Samsung's proposed bond amount is unnecessary because Samsung has already included an extra ███████ in costs beyond what Apple has requested. The Court notes that in the first case

2

Case No.: 5:12-CV-00630-LHK
ORDER GRANTING SAMSUNG'S REQUEST FOR APPROVAL OF ITS SUPERSEDEAS BOND, AND GRANTING APPLE'S MOTION FOR STAY OF EXECUTION OF JUDGMENT

between the parties, Apple initially requested $6,256,435.10 in costs, *see* No. 11-1846, ECF No. 2852, and this Court awarded $1,871,302.78, *see* No. 11-1846, ECF No. 3193. While this Court's award of costs in the first case will be reviewed by the Federal Circuit, in the instant case Apple has only requested $1,138,842.13, *see* ECF No. 2062, and Samsung has credited Apple's full request nearly eight times over.

Consequently, the Court in its inherent discretion GRANTS Samsung's motion, sets Samsung's supersedeas bond amount at ██████████, and finds that this amount adequately "protects [Apple] from the risk of a later uncollectible judgment and compensates [Apple] for delay in the entry of the final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) (per curiam); *see also Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 (9th Cir. 1987) (explaining that "[d]istrict courts have inherent discretionary authority in setting supersedeas bonds"). Pursuant to Rule 62(d), Samsung is "entitled to a stay of a money judgment as a matter of right if [Samsung] posts a bond in accordance with" the Court's order. *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966) (mem.).

The Court also GRANTS Apple's Motion for Stay of Execution of the Judgment, pending Apple's posting of a $200,000 supersedeas bond. *See* ECF No. 2084. Although Samsung suggests that Apple should have to post an $800,000 bond, ECF No. 2080-3 at 3, the Court, in its discretion, concludes that a supersedeas bond of $200,000, more than 125% of the $158,400 judgment against Apple, is sufficient, *see Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2012) (ordering "a supersedeas bond equal to 125% of Plaintiffs' [] award"). Samsung proffers no persuasive reason for the Court to adopt Samsung's $800,000 supersedeas bond request. The Court finds that a $200,000 supersedeas bond adequately "protects [Samsung] from the risk of a later uncollectible judgment and compensates [Samsung] for delay in the entry of the final judgment." *Westphal*, 859 F.2d at 819. Pursuant to Rule 62(d), Apple is "entitled to a stay of a money judgment as a matter of right if [Apple] posts a bond in accordance with" the Court's order. *Am. Mfrs.*, 87 S. Ct. at 3.

United States District Court
For the Northern District of California

In light of the Court's ruling, the motion hearing set for December 18, 2014, at 1:30 p.m. is hereby VACATED.  *See* Civil L. R. 7-1(b).

**IT IS SO ORDERED.**

Dated: December 16, 2014

_____
LUCY H. KOH
United States District Judge

Case No.: 5:12-CV-00630-LHK
ORDER GRANTING SAMSUNG'S REQUEST FOR APPROVAL OF ITS SUPERSEDEAS BOND, AND GRANTING APPLE'S MOTION FOR STAY OF EXECUTION OF JUDGMENT