JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants and Counterclaim-Plaintiffs. | CASE NO. 5:12-cv-00630-LHK<br><br>**MOTION FOR STAY OF THE COURT'S ORDER RE: MOTIONS TO SEAL (DKT. NO. 2064)** |

## MOTION

On November 20, 2014, the Court entered an Order granting-in-part and denying-in-part 16 separate administrative motions seeking to seal 154 documents ("Order"). (Dkt. 2064.) Pursuant to Civil Local Rule 7-9, Apple Inc. ("Apple") is filing a Motion for Leave to File a Motion for Reconsideration of the Court's Order, and hereby moves for a stay of the Order, for the reasons set forth herein.

## RELIEF REQUESTED

Apple seeks an order staying portions of the Court's Order pending the Court's resolution of Apple's Motion for Reconsideration of the Court's Order and respectfully requests that the Court stay its Order until the later of: (1) its ruling on Apple's Motion for Reconsideration, or (2) in the event that the Court denies Apple leave to file its Motion for Reconsideration, or grants leave but denies the Motion for Reconsideration, pending resolution of any appeal to the Federal Circuit.

Apple seeks a stay of the Court's Order with respect to the following document subject to Apple's Motion for Reconsideration:

| **Motion to Seal** | **Document to be Sealed** |
|---|---|
| 1726-9 | Excerpts of Expert Report of Schonfeld |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Apple submits this memorandum in support of its motion, pursuant to Rule 62(c) of the *Federal Rules of Civil Procedure*, to stay a limited portion of the Court's Order until the later of: (1) its ruling on Apple's Motion for Reconsideration, or (2) in the event that the Court denies Apple leave to file its Motion for Reconsideration, or grants leave but denies the Motion for Reconsideration, pending resolution of any appeal to the Federal Circuit.

This limited stay is warranted because revealing the highly confidential source code and technical analysis of Apple products would cause significant harm. Further, this injury would be immediate and irreparable, for "[s]ecrecy is a one-way street": once confidential information has been released to the public, it "cannot be made secret again." *In re Copley Press, Inc. v. Ismael Highera-Guerrero*, 518 F.3d 1022, 1025 (9th Cir. 2008). To require that this information be made public now would deprive Apple of any remedy.

There is no substantial countervailing public or private interest in immediate disclosure of this information. Any legitimate public interest would suffer no harm by delaying release until Apple seeks the Court's reconsideration of the document Apple originally sought sealing. Finally, this Court's prior rulings mandate both the grant of stay, and, ultimately, the grant of Apple's Motion for Reconsideration.

**FACTUAL STATEMENT**

In the course of trial, Apple and Samsung filed 16 separate administrative motions seeking to seal 154 documents. *See, e.g.*, Dkt. Nos. 1593, 1637, 1638. On November 20, 2014, the Court granted-in-part and denied-in-part portions of the parties' motions to seal. *See* Dkt. No. 2064. In that Order, the Court denied sealing of Docket No. 1726-9 [Excerpts of Expert Report of Schonfeld], which contains highly confidential Apple source code and technical analysis of Apple products.

The Court denied the motion to seal Docket No. 1726-9 with prejudice because Samsung did not file a version of the document with specific proposed redactions. (*See* Dkt. 2064.) Apple served Samsung with a highlighted version of Docket No. 1726-9 soon after the initial filing with

the understanding that Samsung would file a conformed copy of the document with the Court identifying what information Apple, Samsung, and any third parties have supported sealing in their declarations.  (*See* Dkt No. 2105, Declaration of Mark D. Selwyn in Support of Apple Inc.'s Motion for Reconsideration of Order re Motions to Seal (Dkt. No. 2064) ("Selwyn Declaration"), Ex. D, Email from Silhasek to Siegel, 4/21/14 (attaching highlighted Schonfeld exhibit).)  Apple then filed a declaration supporting sealing the portions it had highlighted.  (Dkt. No. 1768 ¶¶ 5, 6.)  However, Samsung did not file the conformed copy as expected.

## **ARGUMENT**

To obtain a stay, "a movant must establish a strong likelihood of success on the merits, or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor."  *Merial Ltd. v. Cipla Ltd.*, 426 Fed. App'x 915, 915 (Fed. Cir. 2011) (unpublished) (citing *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)).  Although courts may also consider the impact of a stay on other parties and the public, the likelihood of success and irreparable injury prongs are the more important elements.  *See, e.g.*, *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 449 Fed. App'x 35, 36 (Fed. Cir. 2011); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512-13 (Fed. Cir. 1990) ("When harm to applicant is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the merits.'").

Here, Apple has a strong likelihood of success, or at the very least a "substantial case" on the merits.  *Merial Ltd.*, 426 Fed. App'x at 915.  Denial of a stay will unavoidably cause irreparable harm by forcing the release to the public of confidential information whose secrecy, once lost, cannot be restored.  The public has little or no legitimate interest in access to confidential information, and to the extent it does, that interest will not be meaningfully impaired by a delay in the information's release while this Court reviews the limited amount of information at issue.  These factors weigh heavily in favor of a stay, which this Court should grant.

I.   **APPLE HAS A STRONG LIKELIHOOD OF SUCCESS AND CERTAINLY A SUBSTANTIAL CASE ON THE MERITS**

   A.   **The Court Previously Granted Motions to Seal Similar Confidential Information.**

Apple has a strong likelihood of success, or at the very least a "substantial case" on the merits. *Merial Ltd.*, 426 Fed. App'x at 915. This Court has previously held that "[c]onfidential source code clearly meets the definition of a trade secret" and is sealable under the "compelling reasons" standard. (Case No. 11-cv-1846, Dkt. No. 2190 at 3 (Dec. 10, 2012), Dkt. No. 2046 at 3 (Oct. 16, 2012), Dkt. No. 1649 at 8 (Aug. 9, 2012) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)).)

   B.   **The Court Previously Ruled Under Similar Circumstances That a Stay While a Motion for Reconsideration Is Pending Is Proper.**

As the Court has previously found under similar circumstances, stay of the Court's Order is appropriate to allow the Court time to consider and rule on the motion for reconsideration. Previously, the Court found that Exhibit 6 to the Pernick Declaration in Support of Apple's Motion to Strike Portions of Samsung's Expert Reports (Case No. 11-cv-01846, Dkt. No. 939-04) contained third-party source code references that were "proprietary and therefore appropriately may be sealed" and invited Samsung to "move to seal narrowly tailored redactions of only the source code references." (Case No. 11-cv-01846, Dkt. No. 2222 at 24:17-20.) In connection therewith, the Court granted a motion to stay its initial order denying sealing so that the parties could file renewed motions. (Case No. 11-cv-01846, Dkt. No. 2232 at 2:6-11 ("To the extent that Samsung seeks to stay the February 1 order with regards to the exhibits containing third-party source code until the court resolves its renewed motion to seal, the court finds that a stay is warranted. Source code involves proprietary information that the court already has found to be appropriate for a sealing request. Samsung's request to stay the February 1 order with regards to the exhibits with third-party source code references is GRANTED."); *see also* Case No. 11-cv-01846, Dkt. No. 3047 (granting Apple's Motion for Stay while the Court considered Apple's Motion for Clarification of a sealing order).)

## II. THE BALANCE OF HARMS SUPPORTS APPLE'S REQUEST FOR A STAY

Apple has, at the very least, established a substantial case on the merits; therefore, a stay is warranted. Conversely, the denial of a stay in this case would cause Apple immediate and irreparable harm, which would be sufficient to justify a stay even if the likelihood of success on the merits were relatively slight. *See Standard Havens Prods.*, 897 F.2d at 512. As the Court has previously observed, the harm allowing confidential information into the public domain is substantial, irreversible and irreparable: "When the information is publicly filed, what once may have been a trade secret will no longer be." (Case No. 11-cv-01846, Dkt. No. 2047 at 7:6-7.)

### CONCLUSION

For the foregoing reasons, the Court should stay limited portions of its Order until the later of: (1) its ruling on Apple's Motion for Reconsideration of the Court's Order, or (2) in the event that the Court denies Apple leave to file its Motion for Reconsideration, or grants leave but denies the Motion for Reconsideration, pending resolution of any appeal to the Federal Circuit.

Date: December 18, 2014       By:  */s/ Mark D. Selwyn*

        Mark D. Selwyn (CA SBN 244180)
        mark.selwyn@wilmerhale.com
        WILMER CUTLER PICKERING
         HALE AND DORR LLP
        950 Page Mill Road
        Palo Alto, CA 94304
        Telephone: (650) 858-6000
        Facsimile: (650) 858-6100

        Attorney for Plaintiff and Counterclaim-
        Defendant APPLE INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically, and will be served via the Court's ECF system upon all counsel of record who have consented to electronic service in accordance with Civil Local Rule 5.1.

Dated: December 18, 2014         */s/   Mark D. Selwyn*
                                                Mark D. Selwyn