JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.   12-cv-00630-LHK (PSG)<br><br>**APPLE'S BRIEF REGARDING ONGOING ROYALTY RATES**<br><br>Date: December 18, 2014<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh<br><br>**DOCUMENT SUBMITTED UNDER SEAL** |

## I.   INTRODUCTION

In light of the denial of permanent injunctive relief to stop its competitor's infringement of three patents, Apple has requested in its motion of September 3, 2014, that the Court order Samsung to pay ongoing royalties to partially compensate for Samsung's continuing infringement. Although the changed circumstances since the date of the hypothetical negotiation underlying the jury's verdict would justify higher ongoing royalty rates here, Apple conservatively proposes rates that are consistent with the jury's verdict. Apple accordingly requests that the Court set ongoing royalties in the amount of at least $2.75, $2.30, and $1.41 per infringing unit as to products adjudicated to infringe the '647, '172, and '721 patents, respectively, and as to products not more than colorably different therefrom.

## II.   ARGUMENT

### A.   Ongoing Royalty Rates Should Equal Or Exceed A Jury's Awarded Rates.

As explained in Apple's brief in support of its motion for ongoing royalties (*see* Dkt. 1958 at 1-3), Apple is entitled to ongoing royalties, which would at least partially (though not fully) compensate for Samsung's ongoing and future infringement of Apple's patents. *See Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1315 (Fed. Cir. 2007) ("*Paice I*").[1]

Federal Circuit law supports awarding ongoing royalties at rates equal to or exceeding the implied reasonable royalty rates awarded by a jury. *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1362 n.2 (Fed. Cir. 2008) (ongoing royalty rate "should fall somewhere between the $0.04 amount the jury found to be an appropriate pre-verdict reasonably royalty and the $2.00 amount Amado was willing to accept in exchange for a license"); *see also Soverain Software LLC v. J.C. Penney Corp.*, 899 F. Supp. 2d 574, 589 (E.D. Tex. 2012) ("The jury's implied royalty rate provides a starting point for determining the ongoing post-judgment royalty rate."). As the Federal Circuit has explained, "[t]here is a fundamental difference . . . between a reasonable royalty for pre-verdict infringement and damages for post-verdict infringement." *Amado*, 517

---

[1] Apple believes that it continues to be irreparably harmed by Samsung's infringement and that injunctive relief is the proper remedy, and it is appealing the denial of permanent injunctive relief. However, in light of the Court's denial of injunctive relief, Apple is, at the very least, entitled to the partial remedy of an ongoing royalty.

1  F.3d at 1361.  Indeed, "[t]he Federal Circuit has instructed that post-verdict infringement should
2  typically entail a higher royalty rate than the reasonable royalty found at trial."  *Creative Internet*
3  *Adver. Corp. v. Yahoo! Inc.*, 674 F. Supp. 2d 847, 861 (E.D. Tex. 2009) (citing *Amado*, 517 F.3d
4  at 1362 n.2).  Accordingly, many courts have awarded ongoing royalties at rates higher than those
5  used by the jury.  (*See* Declaration of Christopher A. Vellturo, Ph.D., in Support of Apple's Brief
6  Regarding Ongoing Royalty Rates ("Vellturo Decl."), Ex. 4.)  Nonetheless, to be conservative,
7  Apple only seeks ongoing royalties consistent with the amounts awarded by the jury.

8  **B.  Changed Circumstances Since The Date Of The Pre-Verdict Hypothetical Negotiation Make Apple's Request Conservative.**
9

10  When evaluating the amount of an ongoing royalty, courts frequently look to the change
11  in circumstances since the time of the hypothetical negotiation underlying the jury's damages
12  calculation, and to the nature and scope of a defendant's conduct.  *See, e.g.*, *Mondis Tech. Ltd. v.*
13  *Chimei Innolux Corp.*, 822 F. Supp. 2d 639, 646-53 (E.D. Tex. 2011).  Both factors make Apple's
14  request highly conservative here.

15  As set forth in more detail in Dr. Vellturo's declaration (*see* Vellturo Decl. ¶¶ 23-44), a
16  number of economic factors underlying the reasonable royalty analysis have changed since 2011,
17  the date of the hypothetical negotiation on which the verdict rested.  Those changed economic
18  circumstances, as well as the nature of Samsung's conduct, would justify increasing the implied
19  reasonable royalty rates awarded by the jury.

20  Apple and Samsung are direct and intense competitors, and the scope and intensity of the
21  competition has only increased since 2011.  (*Id.* ¶¶ 26-34.)  For example, Apple and Samsung's
22  combined market share of U.S. smartphone shipments increased from nearly 40% during the third
23  quarter of 2011 to around 70% during 2013.  (*Id.* at ¶ 29.)  During that time, Samsung's market
24  share increased from about 20% in the third quarter of 2011, to roughly 30% by 2013, and finally
25  to 36% by the second quarter of 2014.  (*Id.*)  By the first half of 2014, Samsung's and Apple's
26  collective share of smartphone subscribers (not just shipments) represented 70% of the market.
27  (*Id.* ¶ 32.)  As Samsung's market share has increased, the possibility that manufacturers of other
28  Android smartphones, such as HTC, would play a more meaningful role in the smartphone

APPLE'S BRIEF REGARDING ONGOING ROYALTY RATES
CASE NO.12-cv-00630-LHK (PSG)
sf-3456451

2

1   market has diminished. (*Id*. ¶ 33.) The degree of the head-to-head competition between Apple
2   and Samsung has thus only intensified in the period after the hypothetical negotiation, including
3   into the post-verdict period. (Vellturo Decl. ¶ 34.) The *Georgia-Pacific* framework recognizes
4   that the increased competition places upward pressure on the royalty rate to reflect, for example,
5   the comparatively greater injury that results from licensing a competitor. (*See id.* & n.44.) *See*
6   *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (factors
7   8 & 15); *see also Boston Sci. Corp. v. Johnson & Johnson*, No. C 02-00790 SI, 2009 U.S. Dist.
8   LEXIS 35372, at *22 (N.D. Cal. Apr. 19, 2009) ("a patent owner is more likely to extract a
9   greater royalty from a direct competitor in order to account for lost sales and profits").
10  Samsung's Galaxy S3, a product that will be subject to the ongoing royalty, has been a significant
11  factor in the increase in head-to-head competition between the parties. (Vellturo Decl. ¶ 30.) It is
12  the most profitable of the products that were found to infringe, and its ongoing sale in competition
13  with Apple's products represents a continuing injury to Apple that places upward pressure on the
14  royalty rate. (*Id.*)

15  Further, Samsung has made a decision to continue to sell products that infringe Apple's
16  patents, notwithstanding rulings by both the Federal Circuit and the PTO that foreclose most
17  paths Samsung might otherwise have taken to challenge the verdict. (*Id*. ¶ 37.) Specifically,
18  Samsung's infringement of Apple's patents continues despite:

19  (1)  the Federal Circuit's decision adopting the constructions applied by
20       the jury for the key terms of the '647 patent (*compare Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1304 (Fed. Cir. 2014), *with* Dkt. 1847 at 30); and
21

22  (2)  the PTO's final confirmation of the asserted claim of the '647 patent on reexamination (*see* Dkt. 1624 at 1024:12-22).

23  Moreover, Samsung continues to infringe the '647 patent despite repeatedly asserting at
24  trial that it could design-around that patent *in less than a day*. (Vellturo Decl. ¶¶ 40-42; *see also*
25  Dkt. 1717 at 1797:21-1798:8 (trial testimony of Samsung expert Jeffay that redesign would "not
26  [be] a big deal" and would take "on the order of a day"); Dkt. 1716 at 1587:25-1588:11 (trial
27  testimony of Google engineer Hackborn that "[c]hanges like these shouldn't take more than a day
28  for an engineer").)

APPLE'S BRIEF REGARDING ONGOING ROYALTY RATES
CASE NO.12-cv-00630-LHK (PSG)
sf-3456451

3

Samsung's ongoing infringement despite access to what Samsung alleges is an easy and essentially costless design-around option reveals Samsung's belief that Apple's patent has substantial economic value, such that Samsung would prefer to continue infringing rather than remove the infringing feature. (Vellturo Decl. ¶ 42.) Samsung's refusal to avail itself of an allegedly simple software change that does not affect anything other than the infringing function would also put upward pressure on the ongoing royalty rate in a new hypothetical negotiation. (*Id.* ¶¶ 42-43.) *See Creative Internet Adver. Corp.*, 674 F. Supp. 2d at 861 ("[W]here the adjudged infringer chooses to continue to infringe, this decision supports a higher ongoing royalty rate.").

### C. Apple Seeks Ongoing Royalties That Are Consistent With The Jury's Verdict.

Although the factors described above might lead the Court to enhance the ongoing royalty rate, Apple conservatively requests only that the Court order ongoing royalties at rates consistent with the rates awarded by the jury. While it is not possible to state definitively how the jury arrived at its damages award of $119 million, a comparison of the jury's verdict to Dr. Vellturo's reasonable royalty calculation strongly indicates that the jury calculated damages using per-unit reasonable royalty rates of $2.75 for the '647 patent, $2.30 for the '172 patent, and $1.41 for the '721 patent. (*See* Dkt. 1919-4 ¶¶ 17-19; *see also* Vellturo Decl. ¶¶ 13-22.) These amounts best explain the jury's damages award in view of the trial evidence and the verdict form.[2] (Vellturo Decl. ¶¶ 15-22.) Apple's proposed rates are a conservative statement of a reasonable ongoing royalty in light of all relevant factors.

---

[2] Notably, the total damages per unit sold would be higher—$3.28 per unit—if one were to divide the jury's total damages award of $119 million by the total number of Samsung's infringing units (36.4 million). (*See* Vellturo Decl. Ex. 3.) A separate product-by-product analysis of the verdict divided by infringing units provides per-product royalty rates that vary for each product and that are both slightly higher and slightly lower than Apple's proposed rates. (*Id.* ¶ 21; *see also id.* Ex. 3.) Unlike these figures, Apple's proposed rates explain the greatest number of answers on the verdict form, are consistent across all products, are derived from the evidence, and provide a simple model that could be applied by a lay jury. (*Id.* ¶¶ 15-22; *see also id.* Exs. 2-3.) As such, they better explain the damages verdict.

APPLE'S BRIEF REGARDING ONGOING ROYALTY RATES
CASE NO. 12-cv-00630-LHK (PSG)
sf-3456451

4

### D. There Can Be No Final Judgment Until The Court Decides Apple's Motion For Ongoing Royalties.

The judgment in this case cannot be final until the Court decides the ongoing royalty. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981) (no final judgment until a decision by the district court "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"). Nor is the case appealable under 28 U.S.C. § 1292(c)(2) until the Court decides the ongoing royalty. The Federal Circuit squarely held in *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 515 Fed. Appx. 882 (Fed. Cir. 2012), that a case is not appealable where "the district court has not yet determined ongoing royalties," even as "a claim that is 'final except for an accounting' within the meaning of 28 U.S.C. § 1292(c)(2)." *Id.*

*Robert Bosch, LLC v. Pylon Manufacturing Corp.*, 719 F.3d 1305 (Fed. Cir. 2013) (en banc), was not a change in the law. It reaffirmed that, when liability and damages have been bifurcated, a party may elect to appeal liability before damages are determined pursuant to 35 U.S.C. § 284. *See Bosch*, 719 F.3d at 1308, 1313; 1846 Dkt. 2377 at 73:8-23, 75:6-20 (recognizing that *Bosch* applied to bifurcation); *see also Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1343 n.2 (Fed. Cir. 2001) ("'Accounting' as used in [§ 1292(c)(2)] refers to infringement damages pursuant to 35 U.S.C. § 284."). *Bosch* does not permit piecemeal appeals where, as here, damages have already been decided under § 284 and all that remains is determining prospective relief under 35 U.S.C. § 283. *See Paice I*, 504 F.3d at 1314-16 (addressing ongoing royalty under § 283).

Dated: September 22, 2014                    MORRISON & FOERSTER LLP


                                             By:  */s/ Rachel Krevans*
                                                  RACHEL KREVANS

                                                  Attorneys for Plaintiff and
                                                  Counterclaim-Defendant
                                                  APPLE INC.

APPLE'S BRIEF REGARDING ONGOING ROYALTY RATES
CASE NO.12-cv-00630-LHK (PSG)
sf-3456451

5