| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| HAROLD J. McELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>JAMES P. BENNETT (CA SBN 65179)<br>jbennett@mofo.com<br>JACK W. LONDEN (CA SBN 85776)<br>jlonden@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>RUTH N. BORENSTEIN (CA SBN 133797)<br>rborenstein@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.   12-cv-00630-LHK (PSG)<br><br>**APPLE'S REPLY REGARDING ONGOING ROYALTY RATE**<br><br>Date:  December 18, 2014<br>Time:  1:30 p.m.<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

I.  **THE VERDICT DOES NOT COMPENSATE FOR FUTURE INFRINGEMENT.**

Samsung recycles an argument that the Court has twice rejected, claiming that the jury's verdict represents a paid up lump sum award. (*See* Dkt. 1962 at 19:8-22:22). The Court has taken up the identical issue and "reject[ed] Samsung's argument and [found] an award of supplemental damages is warranted." (*Id.* 22:21-22). That ruling also supports an award of ongoing royalties.

II. **THE ONGOING ROYALTY SHOULD REFLECT WHAT THE JURY AWARDED.**

Whether the verdict reflects royalties alone or royalties and lost profits, an ongoing per-unit royalty based on the jury's verdict is appropriate. *Boston Sci. Corp. v. Cordis Corp.*, 838 F. Supp. 2d 259, 276 (D. Del. 2012) (noting "the court declines to allow Cordis, an adjudicated willful infringer, to effectively owe less for its post-verdict infringement than the jury found for its pre-verdict infringement under the circumstances.") Moreover, Samsung never shows that the jury's verdict *actually* included an amount attributable to lost profits that might justify a change.

Despite Samsung's argument, Dr. Vellturo's and Dr. Chevalier's conclusions regarding the per-unit royalties implied by the jury's verdict are closely aligned. Dr. Vellturo identifies the following per-unit rates: $2.75 for the '647 Patent, $2.30 for the '172 Patent, and $1.41 for the '721 Patent. Dr. Chevalier's "Per Unit Royalty Rates Implied By Jury Award," set out in Samsung's Exhibit 3, are as follows: ████████████████████████████████████

████████████████████████████████████████████████████████████████

(Chevalier Decl. Ex. 3.) Dr. Vellturo's conclusions, and Apple's requested royalties, either match or were more conservative than Dr. Chevalier's conclusions about the jury's award.

Samsung's efforts to reduce the ongoing royalties to a quarter of what the jury awarded are fundamentally misguided. First, Samsung does not cite any decision awarding ongoing royalties that are less than the jury's implied royalty award. Nor does it respond to the Federal Circuit and other authority Apple cited, which state that ongoing royalties should at least equal the royalty awarded by the jury. (*See* Dkt. 1985-3 at 2.)

Samsung wrongly argues that circumstances since 2011 favor massive reductions. Dr.

APPLE'S REPLY REGARDING ONGOING ROYALTY RATE
CASE NO.12-cv-00630-LHK (PSG)
pa-1664750

1

Vellturo already showed that the opposite is true. Dr. Chevalier's proposed rate reductions rely on three new, unsupported "numerical inputs" regarding supposed events in 2014 that are not drawn from actual data regarding events year to date. (Dkt. 2015-9 ¶ 47, Exs. 4-6.) The Court should not abandon the verdict based on Dr. Chevalier's personal projections about events in 2014 and the future. Dr. Chevalier's additional downward adjustments based on changes in the number of first time buyers and changes in profitability rely heavily on evidence already presented at trial or in prior expert reports. (*See id.* ¶¶ 31-38.) This confirms the wisdom and conservatism inherent in using rates that preserve, rather than enhance, what that jury awarded.

Similarly, the Court need not consider now Samsung's alleged changes to its products. While Apple does not agree that Samsung has successfully designed around the '647 Patent, "[t]he fact that Samsung may have stopped selling infringing products for now says nothing about what Samsung may choose to do in the future." (1846 Dkt. 2197 at 6-7.) Tellingly, Samsung has not even represented that the adjudicated source code is no longer in any Samsung products currently on sale, limiting its comments about modifications to specific versions of one product. Samsung also offers no assurance that it will not use that source code (or source code that is not more than colorably different) in the future. This alone justifies entry of an order now and resolution of any factual dispute about the scope of Samsung's continued infringement later.

Nor do Samsung's submissions justify lowering the royalty rate. Samsung should pay at least what the jury awarded until Samsung stops infringing entirely with respect to the Galaxy S3, the Note II and all products that are not more than colorably different. Despite repeated assurances about its options at trial, Samsung has not removed the patented features entirely. To give just one example, Samsung's alleged change regarding whether a short press or a long press gives rise to the context-based menu associated with the structured is a cosmetic, not a substantive, change in functionality. (*See* Dkt. 2015-10 ¶¶ 35-36, 40 & 44.)

The Court does not need to resolve claims about the alleged changes now. Claims about which applications and products still infringe are properly resolved, if necessary, in a future enforcement proceeding if Samsung refuses to pay the ongoing royalty. At that point, existing Federal Circuit authority provides clarity on the parties' burdens, the discovery permitted and the

standards that apply. *Tivo Inc. v. Echostar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011) (*en banc*).

### III. THE MOTION MUST BE RESOLVED BEFORE ANY MERITS APPEAL.

Samsung agrees that *Warsaw* holds that ongoing royalties "do not fall within the finality exception under § 1292(c)(2)" and that *Bosch* "does not apply." (Dkt. 2015-2 at 3.) Accordingly, the Court must decide ongoing royalties before any appeal on the merits.

There is no support for Samsung's argument that *Warsaw* requires all equitable relief to be decided together such that Apple's injunction appeal divests the Court of jurisdiction. (Dkt. 2015-2 at 4-5.) *Warsaw* addressed appealability under Rule 54(b) or 28 U.S.C. § 1292(c)(2). Apple's injunction appeal, however, is permitted under a different statutory section—28 U.S.C. § 1292(c)(1). The patentee in *Warsaw* chose not to appeal the injunction denial immediately. (*See* Dkt. 2015-6.) But that does not alter the long-standing rule "that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." *Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). Samsung does not address that precedent, let alone try to reconcile its proposal that all equitable relief must be addressed together with the statutory authority to appeal an injunction denial separately.

Nor has Apple "reversed course" on the nature of an ongoing royalty as an equitable remedy. (Dkt. 2015-2 at 4.) As previously explained (Dkt. 2001 at 1-2), Apple has sought the same relief throughout this case—an injunction that ends Samsung's infringement and monetary compensation for all infringement that occurs. An ongoing royalty is the current phase of that request in light of the denial of injunctive relief. The reference to "damages" in the pretrial order does not alter the equitable nature of Apple's request.[1] *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 733 F.3d 1369, 1379 (Fed. Cir. 2013) (O'Malley, J., dissenting from denial of rehearing en banc) (using "the term 'damages' as a shorthand term to encompass the concept of the right to some prospective *monetary* relief . . . cannot change the equitable character of that relief").

---

[1] Samsung distinguishes the cases (cited Dkt. 2001 at 2-3) awarding an ongoing royalty where the patentee used language in the pretrial order similar to what Apple included here because they arose outside of the Ninth Circuit. (Dkt. 2015-2 at 5 n.4.) But pretrial disclosure obligations are governed by Federal Rule of Civil Procedure 26(a)(3), and Samsung has not identified any authority suggesting that the Ninth Circuit differs in its interpretation of this rule.

| | | |
|---|---|---|
| 1 | Dated: October 14, 2014 | MORRISON & FOERSTER LLP
By: */s/ Rachel Krevans* |
| 2 | | RACHEL KREVANS |
| 3 | | Attorneys for Plaintiff and Counterclaim-Defendant |
| 4 | | APPLE INC. |

APPLE'S REPLY REGARDING ONGOING ROYALTY RATE
CASE NO.12-cv-00630-LHK (PSG)
pa-1664750

4