QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DR. VELLTURO'S SUPPLEMENTAL EXPERT REPORT**<br><br>**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that as soon as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Col., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") will, and hereby does, move the Court pursuant to Fed. R. Civ. P. 26 for an order striking portions of the Supplemental Expert Report of Christopher A. Vellturo.

This motion is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, the Declarations of Michael L. Fazio ("Fazio Decl.") and Judith A. Chevalier ("Chevalier Decl.") dated March 7, 2014, together with all accompanying exhibits, all pleadings on file in this action, and such other evidence or argument as may be presented at or before the time this Motion is deemed submitted by the Court, and such matters of which this Court may take judicial notice.

**RELIEF REQUESTED**

Samsung seeks an order striking portions the Supplemental Expert Report of Christopher A. Vellturo as (1) new theories beyond the scope of the parties' stipulation on financial data supplementation and the Court's February 25, 2014 Order and contrary to Apple's representations to the Court at the *Daubert* hearing and (2) contrary to the law.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court should strike certain portions of the Supplemental Expert Report of Christopher A. Vellturo as (1) new theories beyond the scope of the parties' stipulation on financial data supplementation and the Court's February 5, 2014 Order and contrary to Apple's representations to the Court at the *Daubert* hearing and (2) contrary to the law.

1  DATED: March 7, 2014                QUINN EMANUEL URQUHART &
2                                      SULLIVAN, LLP
3
4                                      By */s/ Victoria Maroulis*
                                          Charles K. Verhoeven
5                                         Kevin P.B. Johnson
                                          Victoria F. Maroulis
6                                         William C. Price
7                                         Attorneys for SAMSUNG ELECTRONICS
                                          CO., LTD., SAMSUNG ELECTRONICS
8                                         AMERICA, INC., and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

Dr. Vellturo's supplemental report does exactly what Apple stated it would not—it seeks an entirely new category of damages for the '647 patent.  Dr. Vellturo concludes that even though Apple notified Samsung of the '647 patent in August 2010, Samsung would have chosen to purposely design products that *it knew would infringe the '647 patent* and begin selling those infringing products in August 2011, only to then immediately take them off the market to design around the patent. The effect of this inexplicable one year delay?  Dr. Vellturo claims Apple is now entitled to $320.6 million in off-the-market damages for the '647 patent.  Dr. Vellturo's new theory yields the absurd result that dropping products from the case actually increases damages by postponing the design-around period.  It should be stricken.

## STATEMENT OF FACTS

In his original damages report, Dr. Vellturo calculated off-the-market damages for the '172, '721, '414 and '959 patents based on the assumption that Samsung would not begin designing around Apple's patents until after receiving actual notice, even though Samsung's alleged infringement began months earlier.  Dkt. 1156-3, Vellturo Rpt. ¶¶ 307-310.  Dr. Vellturo did not calculate off-the-market damages for the '647 patent:

> There is one exception to the modeling provisions put forward here with respect to the '647 patent. I do not seek off the market lost-profits for that patent because I understand that Samsung had prior notice of infringement of that patent (with respect to earlier infringing products that are not at issue in this case) on August 4, 2010, more than nine months before the first Accused Product was introduced.

*Id.* at ¶ 309.

On February 5, 2014, the Court entered the parties' stipulation concerning two issues: (1) exchange of updated financial information through 2013; (2) exchange of updated damages calculations reflecting the narrowing of the case (dropping of patent claims and products) and using the revised financial information to update the prior calculations.  Dkt. 1239 at 1-2.  As Apple's counsel represented at the *Daubert* hearing, this was a "no methodology change update agreement."  Dkt. 1198, 1/23/14 Hr'g Tr. at 32:23-33:9.  On February 17, Samsung's experts produced updated versions of exhibits and schedules to their original reports, without exchanging any supplemental reports.

-1-  Case No. 12-cv-00630-LHK
SAMSUNG'S NOTICE OF MOTION AND MOTION TO STRIKE

1    Dr. Vellturo, by contrast, prepared an additional 11-page "Supplemental Report" and new schedules and exhibits. For the first time, ████████████████████████

████████████████████████████████████████████████████████████████

████████████████████ Fazio Decl. Ex. 1, Vellturo Supp. Rpt. ¶ 2. ██

████████████████████████████████████████████████████████████████[1]

On February 25, 2014, the Court granted Samsung's *Daubert* challenge to Dr. Vellturo's calculations of off-the-market damages for the '172, '721, '414 and '959 patents. That ruling was based on a prior Order, which rejected "Apple's theory that [the design around] process would begin no earlier than the date of first notice." Case No. 11-cv-01846, Dkt. 2660.

### I.    **Apple's Untimely Damages Theory for the '647 Patent Should Be Stricken**

Both Dr. Vellturo and Apple's counsel represented that Apple was not seeking off-the-market lost profits for the '647 patent. Dkt. 1156-3, Vellturo Rpt. ¶ 309; Dkt. 1198, 1/23/14 Hr'g Tr. at 60:22-61:8. At the *Daubert* hearing, after the Court indicated it would grant Samsung's motion to exclude off-the-market lost profits damages based on the later date of first infringement, Apple's counsel represented it would only seek off-the-market lost profits for "a couple" of the patents and not on the "other three." Specifically, Apple counsel stated:

> MS. KREVANS: GIVEN YOUR HONOR'S RULING ON THE DESIGN
> AROUND DATE AND THE DESIGN AROUND PERIOD START --
> THE COURT: YEAH.
> MS. KREVANS: -- IT WILL ONLY BE A COUPLE OF THE
> PATENTS, BECAUSE FOR THE OTHER THREE PATENTS THE DESIGN
> AROUND PERIOD WILL START SO MUCH EARLIER -- SO MUCH --

---

[1] ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

> LONG ENOUGH BEFORE THE NOTICE DATE THAT THE DESIGN AROUND PERIOD WILL BE OVER BEFORE WE GET TO THE NOTICE DATE BECAUSE INFRINGEMENT STARTED BEFORE THE NOTICE.
> THE COURT: OKAY.
> MS. KREVANS: **SO FOR THREE PATENTS WE WON'T HAVE OFF THE MARKET LOST PROFITS.**

*Id*. (emphasis added).   This representation was consistent with what Apple's counsel accurately described as the "no methodology change update agreement" between Apple and Samsung for supplementing expert reports.  *Id*. at 32:23-33:9.   Indeed, the stipulation only allowed for "supplemental calculations of damages incorporating Updated Financial Data and Case Narrowing Decisions by February 17, 2014."   Dkt. 1239 at 3.   Yet Dr. Vellturo's Supplemental Report now seeks off-the-market lost profits for three patents, not just two ('172 and '721), for the first time claiming off-the-market lost profits for the '647 patent.   Fazio Decl. Ex. 1, Vellturo Supp. Ex. 21.

Rule 26(a)(2) requires experts to disclose "a complete statement of all opinions . . . and the basis and reasons for them."   This Court has strictly enforced the disclosure requirements of Rule 26.  *See* 1846 Dkt. 2719 at 5 (noting "Apple has been an enthusiastic proponent of exclusion based on untimely disclosure,"); *see also* 1846 Dkt. 1690 at 2 (excluding lost profits calculations based on new design-around periods because Mr. Musika's original report "did not discuss [the alternative] theory, calculate damages based on the alternative theory, or otherwise disclose the assumptions and analysis that he intended to rely on to calculate this alternative theory of damages.")

Dr. Vellturo's supplemental report—and his new opinions regarding Samsung's hypothetical design-around efforts for the '647 patent—were disclosed for the first time just six weeks before the start of trial, and well after the close of discovery and four months after the Court's relevant order in the 1846 case.   Courts routinely exclude damages theories disclosed under similar circumstances.  *See, e.g., Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-07 (9th Cir. 2001) (excluding damages expert rebuttal report served one month before trial); *MicroStrategy Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1356-57 (Fed. Cir. 2005) (excluding damages theories not disclosed during discovery).   The Court should strike Dr. Vellturo's new opinions as untimely.  *See, e.g.,* 1846 Dkt. 2719 at 5 ("To admit a brand new damages theory on

the literal eve of trial would be grossly prejudicial to Samsung, which has never had the opportunity to take discovery on or prepare to rebut any lost profits theory other than the one presented in Davis's Report.")

## II.  Dr. Vellturo's New Opinions Are Contrary To Law

Apple asserts that Dr. Vellturo merely updated his prior opinions to reflect the Court's *Daubert* ruling—which Dr. Vellturo characterizes as requiring any design around period to commence on the date of first infringement, even if Samsung had actual notice before any alleged infringement began.   Apple misconstrues the Court's *Daubert* ruling as allowing it to argue, contrary to law, that where Samsung had notice of a patent before any alleged infringement, Apple is permitted to "arbitrarily ignor[e] actions [Samsung] could have taken in lieu of infringing."  *See* 1846 Dkt. 2660 at 5.  In the 1846 case, because of Apple's delay in giving notice, the Court analyzed the starting date for hypothetical design around only in circumstances where infringement *preceded* actual notice.  *See id.* at 5-7 (Apple's expert "must consider actions the infringer would have taken to avoid infringement . . . starting on the date of first infringement, *and not on some later date*, such as the date of first notice.").  While the Court rejected "Apple's theory that [the design around] process would begin *no earlier* than the date of first notice" (*see id.*), nothing in the Court's rulings allows Dr. Vellturo to ignore actions Samsung could have taken *after* receiving notice, and *prior* to the date of first infringement.

Dr. Vellturo's new opinions suffer from the same flaws that required exclusion in the 1846 case.   Where the notice date precedes infringement, starting the design around period on the date of first infringement "arbitrarily ignor[es] actions [Samsung] could have taken" after receiving notice by assuming that Samsung would do nothing "until the point it . . . became liable for damages."  *See id.* at 9.   Such an assumption unfairly presents "a skewed economic picture of the 'but for' world" that is "tilted in favor" of the patentee.   *See id.* at 10.

Dr. Vellturo's supplemental calculations are also inconsistent with the holding of *Grain Processing Corp. v. American Maize-Products Co.,* 185 F.3d 1341 (Fed. Cir. 1999).   In *Grain Processing*, the Circuit held that a patentee cannot recover lost profits where the defendant "could have readily produced a [noninfringing alternative] . . . *even before* the infringement period

began." Dkt. 2660 at 3 (citing *Grain Processing*, 185 F.3d at 1348).   Here, Dr. Vellturo's original report conceded Samsung could have readily produced noninfringing products before any infringement of the '647 patent began.   *See* Dkt. 1156-3, Vellturo Rpt. ¶ 309.   Dr. Vellturo's Supplemental Report makes the contrary (and unexplained) assumption that Samsung would ignore any noninfringing alternatives until *after* infringement began.

Both *Grain Processing* and this Court's orders require an analysis of the actions Samsung would have taken "had it known it was infringing."   1846 Dkt. 2660 at 4 (quoting *Grain Processing,* 185 F.3d at 1350).   Dr. Vellturo assumes Samsung had notice of the '647 patent as of August 2010 and *actually knew* that its products would infringe, and yet took no action to avoid infringement.   According to Dr. Vellturo, Samsung would have deliberately chosen to design infringing products for the year between August 2010 and August 2011—only to immediately remove those products from the market for up to four months while designing around the '647 patent.   This assumes that Samsung would "surrender its . . . market share" even if it could have "compete[d] in some other lawful manner"—an assumption that *Grain Processing* expressly rejects.   *See* 185 F.3d at 1350-51.   Dr. Vellturo fails to offer any basis for his assumption, much less the "sound economic proof" the Federal Circuit requires.   *Id.* at 1350.

The absurdity of Apple's position is illustrated by the impact of case narrowing.   Prior to February 10, Apple's accused products included the Dart and the Conquer 4G, which launched in June 2011—the then date of first infringement under Dr. Vellturo's analysis.   If Apple's off-the-market damages commenced on that date, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮   Chevalier Decl. ¶ 6.   After the product narrowing, which dropped both the Dart and the Conquer, Dr. Vellturo's new date of first infringement is August 9, 2011. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. at ¶¶ 7-8.   It is nonsensical to permit Apple to employ a methodology that assumes even with knowledge of infringement, Samsung would have sat idle until whatever date Apple chooses to accuse a product.

| | | |
|---|---|---|
| 1 | DATED: March 7, 2014 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

                         */s/ Victoria Maroulis*
                         Charles K. Verhoeven
                         Kevin P.B. Johnson
                         Victoria F. Maroulis
                         William C. Price
                         Attorneys for SAMSUNG ELECTRONICS CO., I SAMSUNG ELECTRONICS AMERICA, INC., a SAMSUNG TELECOMMUNICATIONS AMERICA, LLC