# EXHIBIT 1
# FILED UNDER SEAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

|  |  |  |
|---|---|---|
| APPLE INC. | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.12-cv-00630-LHK |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

# SUPPLEMENTAL EXPERT REPORT OF CHRISTOPHER A. VELLTURO, PH.D.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

# I.   OVERVIEW

1.   I was originally retained by Gibson Dunn, counsel for the plaintiff Apple Inc. ("Apple"), in connection with this litigation.  I submitted an affirmative expert report in this matter on August 12, 2013 ("Vellturo Expert Report" or my "Original Report").  This report discussed the results of my damages analysis through February 2013, the last month for which financial and/or industry data were available.  At the direction of WilmerHale, also counsel for Apple, I prepared a rebuttal report on September 13, 2013 ("Vellturo Rebuttal Report" or "Rebuttal Report") in which I was asked to assess the opinions set forth in the August 12, 2013 expert report of Dr. James Kearl.[1]  I was also deposed in this matter on September 25, 2013 ("Vellturo Deposition").  I have attached a current version of my *curriculum vitae* as Supplemental Exhibit 1.[2]

2.   At present, I have been asked by Apple's counsel to update the damages analyses presented in my Original Report to reflect the following:

   - Supplemental financial and industry data produced by Apple and Samsung on January 31, 2014 and February 10, 2014.  These data and the other materials I have considered in forming the opinions discussed in this report (in addition to those identified in my Original Report) are listed in Supplemental Exhibit 2;

   - The updated list of patent claims asserted and products accused by Apple ("Accused Products"), pursuant to the court's orders on case narrowing (see Supplemental Exhibits 6 and 7);[3]

   - I understand that the Court has ordered that, for the purpose of computing Off the Market Lost Profits damages, any period during which Samsung's Accused Products hypothetically would have been off the market while Samsung would have

---

[1] Dr. Kearl submitted a "Corrected Report" on August 19, 2013.

[2] To facilitate identification between this report and my Original Report, I have numbered the Supplemental Exhibits I have prepared for this report so that they match the numbers of the corresponding Exhibits to my Original Report.  As a result, the Supplemental Exhibits are not necessarily numbered in the order in which they are first referenced in this report.

[3] *See* Apple's Case Narrowing Statement, "Apple's List of Accused Products and Asserted Patent Claims Pursuant to July 31, 2013, and January 16, 2014, Court Orders," filed February 4, 2014.

designed around the Asserted Patents must be assumed to begin on the earliest date of infringement of each Asserted Patent by an Accused Product.[4]  I have modified the Off the Market Lost Profits damages calculations accordingly;

- A projection of my damages calculations through April, 2014 for periods where Samsung has not agreed to provide updated data on sales of the Accused Products.

3.   My Original Report presented the results of damages calculations which included damages due to what I referred to as "Off the Market Lost Profits," "Diminished Demand Lost Profits," and, on infringing units not subject to lost profits damages, "Reasonable Royalties."  My damages calculation methodologies used in this Supplemental Report have not changed other than to account for the factors listed above.  Because case narrowing or the production of additional supplemental financial and industry data required certain changes in the calculations, I have identified those changes below and in the footnotes to the relevant exhibits.

4.   ███████████████████████████████████████████████
█████████████████████████████████████████████
████████████████████████

---

[4] *See* January 23, 2014 Hr'g Tr. 19:1-4, Dkt. No. 1198.

[5] My damages assessments are summarized in Supplemental Exhibit 3.

| Damages Scenario | Amount |
|---|---|
| ████████████████ ████████████████ ████████ | ████████ |
| ████████████████ ████████████████ ████████████████ ████████ | ████████ |
| ████████████████ ████████████████ ██ | ████████ |
| ████████████████ ████████████████ ████████████████ ██ | ████████ |
| ████████████████ ████████████ | ████████ |
| ████████████████ | ████████ |

## II.    UPDATED DAMAGES CALCULATIONS

### A.  Off the Market Lost Profits

5.    I understand that the Court has ordered that, for the purpose of computing Off the Market
Lost Profits damages, any period during which Samsung's Accused Products



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

hypothetically would have been off the market while Samsung would have designed around the Asserted Patents must be assumed to begin on the earliest date of infringement of each Asserted Patent by an Accused Product.[8]  I understand that the date of first infringement of the '647, '959, and '414 Patents is now August 22, 2011, which is the first infringing sale of any of the Accused Products included in Supplemental Exhibit 10.  I understand further that the dates of first infringement of the '721 and '172 Patents continue to be, as in my Original Report, October 25, 2011, and December 6, 2011, their respective issue dates.  As in my Original Report, I compute damages only on infringing sales after the dates on which Samsung is held to have received notice of the Asserted Patents.  Accordingly, I only compute Off the Market Lost Profits damages for Accused Products for any portion of the four month period following Samsung's first infringement that falls after the date on which Apple gave notice of the relevant Asserted Patent.

6.   In this Report, I have been asked to compute Off the Market Lost Profits damages only for a four-month off-the-market period.  In Supplemental Exhibits 19, 19.1, and 21, I report Off the Market Lost Profits damages assuming four-month off-the-market periods beginning on the earliest dates of infringement by an Accused Product.

### B.  Diminished Demand Lost Profits

7.   On February 10, 2014, Apple and Samsung produced supplemental sales and financial data through the end of 2013; in addition, Apple produced updated data through the end of 2013 from IDC, the vendor on which I have relied for industry data on unit sales of smartphones and tablets.  With these data, I have updated my calculations of Apple's and Samsung's U.S. shares of unit sales of smartphones and tablets, Samsung's sales, and Apple's capacity to produce iPhones and iPads in Supplemental Exhibits 8, 9, 10, and 12.

8.   Using these data, I have also updated my *Mor-Flo* analyses of the sales of smartphones and tablets that Samsung would have lost and Apple would have gained had Samsung not infringed the Asserted Patents.  (See Supplemental Exhibits 15 and 15-A.)  My updated *Mor-Flo* calculations are incorporated in the calculations of Diminished Demand Lost Profits in Supplemental Exhibits 17, 18, 19, 19.1, and 21.

---

[8] *See* January 23, 2014 Hr'g Tr. 19:1-4, Dkt. No. 1198.

9.     I have made the following adjustments to my Diminished Demand Lost Profits calculations to account for newly available information.

10.    First, Apple reduced the number of Samsung Accused Products pursuant to the court's order on case narrowing.  In addition to removing the Samsung products dropped by Apple from my damages calculations in this Supplemental Report, I have conservatively treated them as if they were no longer accused in performing my *Mor-Flo* allocation analysis. This change causes Samsung's *Mor-Flo* share of unit sales of non-accused products to increase while reducing Apple's share, thus reducing Apple's damages claim.[9]

11.    Second, beginning in periods after the data were available for use in the prior report, Apple began selling the iPhone 5S.  I have excluded Apple's iPhone 5S from Apple's unit sales and total market sales in my *Mor-Flo* allocation analysis of smartphones.  This conservative adjustment accounts for the fact that introduction of the iPhone 5S and omission of the Galaxy S IV has changed the overall product mix in a way that warrants an adjustment to the market share allocation in these later periods.  (See Supplemental Exhibit 15.)  For the same reasons, I made an equivalent adjustment with respect to Apple's iPad Air.  (See Supplemental Exhibit 15-A.)  This approach reduced Apple's Diminished Demand Lost Profits.

12.    ████████████████████████████████████████████████████████████
       ████████████████████████████████████████████████████████████████
       ███████████████████████████████████████████████████████████████
       █████████████████████████████████████████████████████████████
       ████████████████████████████████████████████████████████████████
       ███████████████████████████████  ███████████████████████████████
       █████████████████████████████████████████

---

[9] I understand that Apple continues to contend that the products dropped from damages consideration (pursuant to the court's order on case narrowing) infringe the Asserted Patents and that their removal occurred without prejudice to assertion of infringement in a later suit.

[10] ████████████████████████████████████████████████████████████
     ████████████████████████████████

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

13.    ████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

**C. Reasonable Royalties**

14.    ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████ ██████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████ █████████████████████
██████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████
██████████

---

<sup>11</sup> ████████████████████████████████████████████████
████

<sup>12</sup> Original Report, ¶342.

<sup>13</sup> Original Report, ¶393.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER                                      6

15. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████ ▪ ██████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████ .

**D.  Projection for January 2014 to April 2014**

16. ████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████

**1.  Units**

17. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████

18. ████████████████████████████████████████████
████████████████████████████████████████████

---

[14] ████████████████████████████



19.

**2.  Profitability**

20.

**3.  *Mor-Flo* Allocation**

21.

22.

23.

24.





25.

### E. Supplemental Schedules and Exhibits

26.  As a part of the preparation of this Supplemental Report, I have prepared a calculation of Apple's damages based on the combination of four months of Off the Market Lost Profits, Diminished Demand Lost Profits, and Reasonable Royalties that permits the Court or the jury to identify the contribution of any individual patent.  That calculation is reflected in the exhibits identified as Supplemental Exhibit 19.1.

27.  When preparing the supplemental exhibits, I have included material previously included in workpapers produced with my Original Report (and available and included in workpapers with this supplemental report) in certain exhibits for ease of reference.  This does not reflect any change in methodology or any change in the damages assessed.  I have provided the information both in the relevant exhibits and in the new versions of the workpapers previously provided.

### F. Depositions and Exhibits That Became Available After My Opening Report

28.  After my Original Report was filed, Apple took the deposition of Google through its representatives Mr. James Maccoun[22] and Mr. Kenzo Fong Hing.[23]  I have reviewed Google's deposition testimony and associated exhibits, and they reinforce opinions stated in my Original Report, including that: Samsung and Apple compete for customers in the smartphone and tablet marketplace; consumers switch between Android and Apple's iOS,

---

[21]

[22] Deposition of James W. Maccoun, Esq., August 16, 2013.

[23] Deposition of Kenzo Fong Hing, August 16, 2013.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

which compete on that basis; there is a focus by participants in the smartphone and tablet market to attract first time buyers; ease of use is important to smartphone and tablet purchasers; and the availability of the patented features affects demand for the smartphones and tablets that contain them.  I may cite to these materials as well as those cited in my Original Report when explaining my conclusions at trial.

## III.    CONCLUSION

29.    Based on the additional data, submissions by Apple pursuant to the court's orders on case narrowing, and decisions by the court since I submitted my Original Report described above, I have updated my computation of damages owed to Apple as a result of Samsung's infringement, and projected these damages through April 2014.  These recomputed damages are summarized in Supplemental Exhibit 3.  I report the updated data and provide full presentations of the recomputed damages in the remaining Supplemental Exhibits.

February 17, 2014

Dr. Christopher A. Vellturo

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER