QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar. No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES REGARDING EXHIBITS AND DEMONSTRATIVES DISCLOSED FOR CHEVALIER, FREEMAN, KEARL, PARULSKI, RAO SCHONFELD, GARCIA, HONG, MAZUR, MILLET AND STORER**<br><br>UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL |

02198.51981/5882040.2

Case No. 12-cv-00630-LHK
SAMSUNG'S HPOS AND RESPONSES RE: CHEVALIER, FREEMAN, KEARL, PARULSKI, RAO SCHONFELD, GARCIA, HONG, MAZUR, MILLET AND STORER

## I. APPLE'S HIGH PRIORITY OBJECTIONS SHOULD BE OVERRULED.

### A. Apple's objections to Samsung's disclosures for Dr. Chevalier Should be Overruled.

**SDX3786.** Dr. Vellturo originally presented 1-month and 4-month blackout numbers, Dkt. 1516 (Vellturo Op. Rpt.) at ¶¶ 307, 310, which Dr. Chevalier recalculated after making certain adjustments, Fazio Dec. Exs. A & B (Chev. Reb. Rpt. Exs. 53A-B). In his supplemental report, Dr. Vellturo changed his approach and did not present a 1-month number and added a claim for the '647. Fazio Decl. Ex. C (Vellturo Supp. Rpt.) at ¶¶ 5, 6. Thus, the blackout damages numbers he presented to this jury first appeared in his supplemental report; Dr. Chevalier had *no* chance to address them. There is no prejudice in using Apple's own methodology to present alternate calculations and Apple's choice not to present shorter time period calculations it previously offered should not prejudice Samsung when Samsung had no opportunity to respond to the supplemental report it first appeared in.

**SDX3793 and SDX 3794.** Withdrawn.

### B. Apple's Objections to Samsung's disclosures for Michael Freeman are Resolved.

Samsung withdrew the pages of DX357 to which Apple objected. Samsung also withdrew PX255 and agreed that Mr. Freeman would not offer expert opinion.

### C. Samsung withdrew Mr. Garcia's disclosures to which Apple objected.

Samsung withdrew DX495, the 8/12/2013 Expert Report of Schonfeld, and SDX4030 for use with Mr. Garcia.

### D. Apple's objections to Samsung disclosures for Dr. Kearl Should be Overruled.

**DX390.** Mr. Jobs' description of Apple's forthcoming "video conferencing" feature as "huge and important" is material to Samsung's '239 damages. His statements are not limited to wifi and Apple was working on cellular FaceTime long before its release. DX384:1:33:26-133:47. It is clear which products are accused, the mere reference to a non-accused product is not grounds to exclude otherwise probative evidence and Apple is free to cross examine Dr. Kearl.

**DX396.** Apple's ad agency's belief that "FaceTime cellular" was one of the "2 most important topics" for a product launch is relevant to Samsung's '239 damages and properly

02198.51981/5882040.2

-1-    Case No. 12-cv-00630-LHK
SAMSUNG'S HPOS AND RESPONSES RE: CHEVALIER, FREEMAN, KEARL, PARULSKI, RAO SCHONFELD, GARCIA, HONG, MAZUR, MILLET AND STORER

considered by Dr. Kearl in forming his expert opinions.  The jury is capable of distinguishing between Apple and its ad agency.  DX396 is admissible or should be available as a demonstrative.

**SDX3935.**  Withdrawn.

E. **Samsung withdrew Mr. Millet's disclosures to which Apple objected.**

Samsung withdrew the 6/27/2013 deposition transcript of Justin Titi; the 8/12/2013 Expert Report of Kenneth Parulski; and U.S. Patent No. 8,493,482 for use with Mr. Millet.

F. **Apple's objections to Samsung's disclosures for Dr. Parulski Should be Overruled.**

**Witness Objection.**  Apple is attempting to re-litigate an issue already decided in Samsung's favor by Judge Grewal.  Samsung identified "the NAND flash package *alone* as meeting this claim element."  Dkt. 963-3 at 23.  The Court agreed. *See* Dkt. 1127 at 4.  The NAND flash package is disclosed throughout Mr. Parulski's report as meeting this limitation, consistent with its infringement contentions.  Fazio Dec. Ex. D (Parulski Op. Rpt.) at ¶ 19 (incorporating Samsung's Infringement Contentions, Dkt. 660-5); Dkt. 877-7 at ¶¶ 200-205 (describing the NAND).

**SDX3705/3706.**  These slides illustrate basic compression and classification concepts described throughout the '449 patent.  They are comparable to slides Apple used to depict its patents.  *See* PDX88.22 (Mowry), PDX25-28 (Cockburn).

G. **Apple's objections to Samsung's disclosures for Dr. Rao Should be Overruled.**

**SDX3908.**  Withdrawn.

**SDX3912.**  Samsung agreed to provided a revised version of SDX3912 to address Apple's objection.  Apple confirmed that this revised SDX3912 resolved Apple's objection.

H. **Apple's objections to Samsung's disclosures for Mr. Schonfeld Should be Overruled.**

**SDX3994.**  The FaceTime source code in this slide is disclosed in Schonfeld's report. *See* Fazio Dec. Ex. E.  In paragraph 1548, Schonfeld explicitly cites " █████████████ " which is also in the slide.  " ███████ " is also explicitly cited in paragraph 1548 and the slide.  This file contains the █████████████████████████████████ ████████████████████

02198.51981/5882040.2

-2-   Case No. 12-cv-00630-LHK
SAMSUNG'S HPOS AND RESPONSES RE: CHEVALIER, FREEMAN, KEARL, PARULSKI, RAO
SCHONFELD, GARCIA, HONG, MAZUR, MILLET AND STORER

**SDX3995**.  This slide shows the ███████████████████████████████ which is explicitly cited and discussed in paragraph 1553 of Schonfeld's report.  Fazio Dec. Ex. E. The related ████████████ code on this slide is explicitly cited and discussed in ¶ 1545.  *Id.*

**SDX3996**.  SDX3996 contains an excerpt from the H5P application processor user manual.  This user manual is cited and relied upon by Dr. Schonfeld.  *See, e.g.*, Fazio Dec. Ex. E at ¶ 916.  This portion of the user manual shows there are ports on the application processor which interface with the baseband processor—which is the opinion offered by Dr. Schonfeld in his report.  *See, e.g.*, *id.* at ¶1549.

### I. Samsung withdrew Dr. Storer's disclosures to which Apple has objected.

Samsung withdrew the 6/26/2013 deposition transcript of Justin Wood; U.S. Patent No. 7,079,051; and DX359 for use with Dr. Storer.

### II. SAMSUNG'S HIGH PRIORITY OBJECTIONS SHOULD BE SUSTAINED.

#### A. Samsung's objections to Apple's Chevalier cross disclosure should be sustained.

**Analysis Group Website Pages.**  Neither of the 2 pages from Analysis Group's website are on Apple's exhibit list.  The Court has regularly sustained objections on this basis.  Dkt. 1554 at 1; Dkt. 1573; Trial Tr. at 265-67.  They should also be excluded on 403 grounds—generic marketing statements should not be used against witnesses who had no input in their creation.

**Expert Reports and testimony of Dr. Teece in the 1846 case**.  These are not on Apple's exhibit list and should be excluded.  Dkt. 1554 at 1; Dkt. 1573; Trial Tr. at 265-67.  Dr. Teece's opinions are also irrelevant as this is a different case involving different patents and, indeed, there are no SEPs at issue here.

**Preliminary Jury Instructions.**  The Court precluded use of the preliminary instructions by Samsung.  Dkt. 1538.  Arguing the law with a witness is improper.  They are irrelevant and any minimal relevance is outweighed by the prejudice under FRE 403.

#### B. Samsung's objections to Apple's disclosure of Mitchael Freeman should be sustained.

**PX 254.**  *See* II-F, *infra*, Samsung's Objections Appe's Tracey Mazur disclosures.

#### C. Samsung's objections to Apple's Freeman cross disclosure should be sustained.

**PX251.**  *See* II-F, *infra*, Samsung's Objections Appe's Tracey Mazur disclosures.

**Robert Evatt Article.**  This article was not disclosed on Apple's exhibit list.  Moreover, the article is misleading, confusing and wastes time.  The article incorrectly states, *inter alia*, that Samsung is seeking $6.8 billion in damages and has owned the '239 patent for a decade.

D.   **Apple withdrew JX41, JX42, and JX43 for Mr. Garcia.**

E.   **Samsung's objections to Apple's disclosure for JP Hong should be sustained.**

**Depo Tr. at 74:15-22.**  Apple seeks to use Mr. Hong's assertion of the a/c privilege to create an inference that Samsung acquired the '239 patent to sue Apple.  This is misleading, Tr. at 47:18-25, prejudicial, and impermissible. *See Knorr-Bremse v. Dana Corp.*, 383 F.3d 1337, 1344-45 (Fed. Cir. 2004); *McKesson Info. v. Bridge Med., Inc.*, 434 F. Supp. 2d 810, 812 (E.D. Cal. 2006); Cal. Evid. Code § 913(b) ("jury may not draw any inference" from assertion of privilege).

F.   **Samsung's objections to Apple's disclosures for Tracey Mazur should be sustained.**

**PX248.**  Apple dropped its invalidity case for the '239 patent.  The ActionMedia II is prior art that is irrelevant, prejudicial and a waste of time. *See, e.g.*, Fazio Dec. Ex. F (Storer Invalidity Rep.) at ¶ 547 (Kodak SV9600 + ActionMedia II Delivery Board as prior art), ¶¶ 584-593 (video cards and video capture modules are "well known" and "widely available").  Moreover, use of a component of the commercial embodiment for noninfringement purposes is purposes is prejudicial and improper. *Zenith Lab. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994) (proper comparison is with the claims of the patent; not patentee's commercial embodiment).

G.   **Samsung's objections to Apple's disclosures for Tim Millet should be sustained.**

**PX257.**  Millet has no personal knowledge of this document.  FRE 602.  Fazio Dec. Ex. G (Millet Dep.) at 81:7-9 ("Q. Have you ever reviewed a bill of materials for the iPhone 5?  A. Probably not.").

**PX294/298.**  Millet is not a sponsoring witness on Apple's Exhibit List.  Dkt. 1452-4 at 31.

H.   **Samsung's objections to Apple's Parulski cross disclosures should be sustained.**

**Kearl and Schonfeld Expert Report and Depo Transcript.**  Mr. Parulski is the '449 technical expert who has no knowledge and offered no opinions on the '239 Patent (Schonfeld) or on damages (Kearl).

02198.51981/5882040.2

-4-   Case No. 12-cv-00630-LHK
SAMSUNG'S HPOS AND RESPONSES RE: CHEVALIER, FREEMAN, KEARL, PARULSKI, RAO SCHONFELD, GARCIA, HONG, MAZUR, MILLET AND STORER

I. **Samsung's objections to Apple's Rao cross disclosures should be sustained.**

**Rao Article.** Apple failed to identify this article on its exhibit list and its use would waste time and confuse and mislead the jury. Whatever Rao wrote about conjoint analysis in 1987 is utterly irrelevant. He did not perform a conjoint analysis in this case or offer opinions regarding Dr. Hauser's conjoint analysis.

J. **Samsung's objections to Apple's Schonfeld cross disclosures should be sustained.**

**JX43.** Withdrawn.

**Slide 15.** There is no foundation for this document. *See* FRE 602. Dr. Schonfeld has no knowledge and has offered no opinions on the number of patents Samsung obtains from the PTO. This information has no relevance to his infringement opinions.

**Order at Dkt. 1301.** Court Order was not disclosed in Apple's exhibit list or any expert report. Apple's attempted use of the Order is prejudicial, confusing, and a waste of time. Apple seeks to suggest that the Court favors Apple's claim constructions. "The Court disagrees that Dr. Storer's understanding of "video capture module" departs from the plain [] meaning …. This Court's description of the specification when construing a similar limitation … is instructive." Dkt. 1301 at 7.

K. **Samsung's objections to Apple's disclosures for James Storer should be sustained.**

**PX249/253.** *See* II-E, *infra*, Samsung's Objections Appe's Tracey Mazur disclosures.

**Opening Demonstrative No. 56.** Dr. Storer twice opined that the "search mode" is unsupported by the '449 patent. Dkt. 878-13 at ¶¶ 532-533; Dkt. 878-14 at ¶ 307. He identifies no portion of the specification supporting a construction of "search mode." Dkt. 878-14 at ¶¶ 308-316. Accordingly, any opinion linking "search mode" to Figure 7 of the patent should be excluded.

III. **SAMSUNG SEEKS TO SEAL CONFIDENTIAL TRIAL EXHIBITS**

Samsung moves to seal portions of certain trial exhibits and demonstratives that are listed in the parties' April 17, 2014 disclosures. The Court has previously found portions of several of the parties' disclosures sealable, and Samsung now moves to seal only the portions of trial exhibits and demonstratives that the Court has not previously addressed. Samsung seeks to seal:

- Financial and sales data (PX246, pages 1, 2, 4, 5, 6, and 15; DX431,[1] pages 30 and 33; SDX3786-87; SDX3794A; SDX3794-95; SDX3800-03; SDX3805-08; PDX102, pages 3 and 4; and DX453A, pages 2 and 12);
- Future product and/or marketing strategies (DX431, page 35);
- Market research reports to the extent not used during examination (PX153, page 26; PX183, pages 4-7; PX201, pages 11-13, 79-80, 116; PX204, pages 56-67).

Samsung also moves to seal the following containing third-party confidential information:

- Intel's proprietary product information (DX353);
- Omnivision's proprietary product information (DX491, SDX3720-24, and SDX3977-79);
- Media Arts Lab confidential marketing information (DX396 and SDX3926);
- Qualcomm proprietary product information (DX353 and SDX3990-92); and
- Sony proprietary product information (DX491).

Samsung expects that Intel, Media Arts Lab, Omnivision, Qualcomm, and Sony will file declarations in support of this brief, but requests that the Court enter an order provisionally sealing the exhibits and demonstratives should they not file declarations before the Court issues its order.

Apple has also designated numerous "Other Documents." Samsung expects that in the event that Apple uses any of these additional items during trial Apple will not publicly display or disclose Samsung or third-party confidential information. Samsung reserves its right to move to seal any confidential information in these additional materials if necessary.

---

[1] The Court previously found page 6 sealable (Dkt. No. 1619), but Samsung now seeks to seal additional pages the parties have disclosed.

| | |
|---|---|
| DATED: December 21, 2014 | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br>By */s/ Michael L. Fazio*<br>   Victoria F. Maroulis<br>   Kevin P.B. Johnson<br>   Michael L. Fazio<br>   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

02198.51981/5882040.2

-7-  Case No. 12-cv-00630-LHK
SAMSUNG'S HPOS AND RESPONSES RE: CHEVALIER, FREEMAN, KEARL, PARULSKI, RAO SCHONFELD, GARCIA, HONG, MAZUR, MILLET AND STORER