QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar. No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Cal. Bar No. 228601)
michaelfazio@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S HIGH PRIORITY OBJECTIONS AND RESPONSES REGARDING EXHIBITS AND DEMONSTRATIVES DISCLOSED FOR CHANDLER, CHASE, DICARLO, ERDEM, HALL, JOSWIAK, RANGEL, REIBSTEIN, SCHILLER, SINCLAIR, AND WINSHIP** |

I. **APPLE'S HIGH PRIORITY OBJECTIONS SHOULD BE OVERRULED**

A. **Apple's objections to Samsung's disclosures for Ms. Chandler should be overruled.**

**DX489 (pages 1-28, 32-55, 68-91).** The Court should overrule Apple's Rule 402 and 403 objections. Sarah Chandler is Apple's 30(b)(6) designee on copying-related topics who testified about the same portions of DX489 that Samsung disclosed. These portions are representative of Apple's competitive analysis practices, including two spreadsheets detailing specific instances in which Apple employees sought reimbursement for the purchase of Samsung and other Android devices for testing, teardowns, "immersion rooms," and competitive analysis; and Apple's teardowns of Samsung devices. Not only are these documents highly relevant, the Court has already ruled twice that DX489 should not be excluded. (Dkt. 1281-3 at 2; Dkt. 1538 at 2.)

B. **Apple's objections to Samsung's Jeffrey Chase disclosures should be overruled.**

**SDX3602.** In its opening arguments, Apple played a video—disclosed for the first time on March 26—depicting the synchronization of two Android phones running Gmail. In response, Samsung now wishes to play SDX3602, a video showing the Windows Mobile 5 demonstrative system disclosed in Dr. Chase's expert report matching the behavior of Apple's opening video.

Dr. Chase's report described in detail his demonstrative systems. (Fazio Ex. A (Chase Rep.) ¶¶ 238-39.) The systems have been available for inspection by Apple for nearly nine months; Apple's counsel inspected them several times, and Apple's expert Dr. Snoeren opined on them in his rebuttal expert report. (*Id.*, Ex. B (Snoeren Rebuttal Report) ¶¶ 409-11.) Dr. Chase filmed videos of the systems and served them with his opening report on August 12, 2013. The only difference between those videos and SDX3602 is that SDX3602 mimics the video Apple played during openings. Apple cannot be prejudiced by this difference, which reflects only the functionality it itself chose to highlight to the jury. In any event, SDX3602 itself could not have been disclosed with Dr. Chase's report, as Apple had not yet disclosed its own video. Having allowed Apple to play an entirely new video of Android to the jury, the Court should also allow Samsung a fair response showing the functionality selected by Apple at work in the prior art.

C. **Apple's objections to Samsung's Nick DiCarlo disclosures should be overruled.**

**DX493.** Samsung does not intend to offer DX493 for the truth, but as evidence of the

public perception of Samsung and Apple brands and the drivers of purchasing decisions. (Dkt. 1680 at 1 (overruling on same ground).) The Wozniak quotes at 493.001 are not misleading or confusing—they are direct quotes from the article, straightforward, and not prejudicial.

### D. Apple's objections to Samsung's Tülin Erdem disclosures should be overruled.

**DX404.** This is an Apple market research document that has already been admitted. It identifies influences on consumers' purchasing decisions, to which Dr. Erdem's report speaks directly. Apple's claim that this exhibit is representative of multiple other documents in Samsung's disclosures is an end run around the HPO process and the limit on HPO objections.

**SDX3544.** This demonstrative contains a quote from an article Dr. Hauser wrote and which is cited in Dr. Erdem's expert report. Dr. Hauser's article speaks directly to the consumer purchase process and is relevant to Dr. Erdem's expert report and her criticisms of Dr. Hauser.

**SDX3541.** This demonstrative reflects Dr. Erdem's findings from her consumer surveys. (*See, e.g.*, Fazio Dec., Ex. C (Erdem Rpt.) ¶¶262, 264.) Apple's claim that the "percentage change in likelihood to choose" portion of the slide contains undisclosed information is incorrect. The percentage depicted on the slide comes from data disclosed in Dr. Erdem's report and supporting materials. It is data generated by averaging the individual-level predicted likelihoods of choosing Samsung Note II from applying (1) estimated coefficients from Study 2 Model 2 (*Id.*, Ex. D (Ex. 40B to Erdem Rpt) and (2) Study 2 participant sample exposed to high complexity stimuli as provided in the back up materials served on Apple with Dr. Erdem's report.

### E. Apple has no objections to Samsung's Gary Hall disclosures.
### F. Samsung has withdrawn all Greg Joswiak disclosures subject to Apple HPOs.
### G. Apple's objections to Samsung's disclosures for Mr. Rangel should be overruled.

**Rangel 6/25/13 Dep. at 40:25-42:7, 132:6-134:8.** As Apple's Director of Market Research, Mr. Rangel has foundation to address the meaning of "ease of use" in Apple's surveys. That Mr. Rangel claimed not to know how respondents might interpret that term is highly relevant and undermines Apple's assertions that "ease of use" surveys can be linked to specific features.

### H. Apple's objections to Samsung's David Reibstein disclosures should be overruled.

**DX454A.** This exhibit is a summary of the results generated by Dr. Reibstein's pretest and

1  was attached as an exhibit to Dr. Reibstein's report.  Apple admitted the results of Dr. Hauser's
2  survey as a trial exhibit (PX141; Rough RT 1117:16-17); it cannot complain that Samsung seeks
3  to admit the results of Dr. Reibstein's survey.  To the extent that Apple objects that DX454A does
4  not contain the full transcripts of the videos of Dr. Reibstein's pretest (which would be
5  tremendously voluminous), neither did the PX141 report contain the full extent of data generated
6  by Dr. Hauser's conjoint survey.  The information contained in DX454A summarizes the basis on
7  which Dr. Reibstein concluded many survey respondents did not understand the feature
8  descriptions Dr. Hauser presented them with.  The jury should have the opportunity to review this
9  data to assess whether it agrees with Dr. Reibstein's conclusions.

10  **SDX3171.**  Samsung has withdrawn SDX3171, mooting this objection.  Apple improperly
11  purported to object to "multiple additional slides" on the same basis.  To the extent Apple intends
12  to object to them, **SDX3138** contains Prof. Hauser's own syllabus, which is cited and quoted in
13  Dr. Reibstein's report and which recommends as a "must read" the document reflected on
14  **SDX3139**, which is quoted in full in Dr. Reibstein's report.  (Fazio Dec., Ex. E (Reibstein Report,
15  page 65).)  **SDX3175** is a quotation from Dr. Hauser's own article.  Dr. Reibstein should be
16  permitted to discuss them in the course of his testimony to establish that experts in the marketing
17  field (including Dr. Hauser) understand the importance of proper pretesting.

18  **I.   Apple's objections to Samsung's disclosures for Mr. Schiller should be overruled.**
19  **Schiller Dep. at 87:24-88:15.**  The fact that iPhone models enjoyed success despite
20  lacking a fully functional telephone refutes Apple's claims that Samsung's sales would have
21  suffered in the absence of the patented features.  Apple did not object to a similar line of
22  questioning directed at the Apple Maps situation.  (Dkt. 1622 at 511:25-514:12.)

23  **J.   Apple's has no objections to Samsung's disclosures for Mr. Sinclair.**
24  **K.   Apple's objections to Samsung's Daniel Winship disclosures should be overruled.**
25  **DX319 (software) and DX320 (source code)**.  Apple's foundation objections are both
26  premature and meritless.  Mr. Winship developed the Evolution software, including its mail
27  synchronization functionality, and code he authored is included in DX 320.  (DX 320, line
28  39.)  The code in DX320, including Mr. Winship's code, was used to build the executable

Evolution software, DX319. Mr. Winship has ample foundation to discuss his code and software using that code. Mr. Winship ceased primary development of Evolution after version 2.0, but as he explained, he continued to work on later versions of the software, including bug fixes and analysis of code for other projects. (Fazio Dec., Ex. F (Winship Dep.) at 26, 35-36.) Notably, Apple deposed Mr. Winship for just over one hour total, and chose not to show him DX319 or DX320. Neither exhibit was marked as an exhibit at his brief deposition. Apple cannot object on foundation now for materials it did not to show Mr. Winship in its brief deposition.

**DX323**. DX323 is a user guide for the Evolution software and describes the software's operation and the mail synchronization functionality that Mr. Winship developed. Foundation objections are premature and meritless for the same reasons as DX319 and DX320.

## II. SAMSUNG'S HIGH PRIORITY OBJECTIONS SHOULD BE SUSTAINED.

### A. Samsung's objections to Apple's Sarah Chandler disclosures should be sustained.

**Chandler Dep. 12:3-9**. Apple's disclosure is improper because Apple failed to counter-designate this testimony in response to testimony Samsung disclosed. (*See* Dkts. 1429, 1493.)

### B. Samsung has no objections to Apple's Jeffrey Chase disclosures.

### C. Samsung's objections to Apple's disclosures for Mr. DiCarlo should be sustained.

**PX218.** Apple failed to disclose PX218 in response to interrogatories seeking the identity of all documents Apple intended to rely on as evidence of its damages claims. (Dkts. 1545-8 (Rog. 27), 1545-9 (Rog. 39), 1639-6 (Rog. 50).) Additionally, PX218 is inadmissible hearsay. PX 218 contains excerpts from news articles collected by a third party that are offered to prove the truth of the statements asserted and the statements do not fall within any hearsay exception.

**WSJ Article.** This article does not appear on either party's exhibit list and should be excluded. (*See* Dkts. 1554 at 1, 1573 at 2; *see also* Dkt. 1621 at 265-67.) Apple also failed to disclose this article in response to any of Samsung's interrogatories.

### D. Samsung's objections to Apple's disclosures for Tülin Erdem should be sustained.

**AT&T S4/S3 Website.** Apple disclosed three websites related to the Galaxy S4 in its cross disclosures for Drs. Erdem and Reibstein. Samsung objected that the websites were not on

Apple's exhibit list and that the Galaxy S4 is not an accused product in the case. In response, Apple withdrew all three links and now seeks to use two new Galaxy S3 websites on cross with Drs. Erdem and Reibstein. Apple's attempted use of these websites remains improper – neither are on the exhibit list. Moreover, they were both first disclosed to Samsung after midnight.

**E. Apple withdrew all Gary Hall disclosures subject to Samsung's HPOs.**

**F. Samsung has no objections to Apple's Greg Joswiak disclosures.**

**G. Samsung's objections to Apple's Art Rangel disclosures should be sustained.**

**Rangel 4/5/12 Dep. at 147:8-147:19.** Apple unnecessarily designated the preamble to counsel's question. The substance of Mr. Rangel's testimony would be equally clear if the designation began at lines 10-11 ("You're familiar with – with slide to unlock?"), and would avoid confusing the jury by creating uncertainty over the decisions of this Court and the Federal Circuit regarding the '721 patent during the preliminary injunction stage.

**H. Samsung's objections to Apple's disclosures for Dr. Reibstein should be sustained.**

**Galaxy S4/S3 Websites** should be excluded for the reasons set forth at II.D above.

**I. Samsung's objections to Apple's Philip Schiller disclosures should be sustained.**

**Schiller Dep. at 310:21-311:11.** When asked which features of Samsung's products contribute to ease of use, Apple's own counsel objected that Mr. Schiller lacked foundation to testify regarding Samsung's products. Mr. Schiller conceded that he "has not studied Samsung's products." He nevertheless speculated that the "ease of use" features of Samsung products are the same as the "ease of use" features of Apple products. Mr. Schiller's testimony is based on speculation, not personal knowledge of the accused products.

**Shiller Dep. at 311:17-312:5.** Mr. Schiller's claim that "multitouch keyboards" contribute to ease of use has no relevance to this case, given that none of Apple's patents claim a "multitouch keyboard." Whatever limited probative value this testimony has is outweighed by the danger of misleading the jury into believing that Apple practices the relevant claim of the '172 patent, or that Apple's damages should be influenced by demand for "multitouch keyboards."

**J. Samsung has no objections to Apple's disclosures for Daniel Winship.**

02198.51981/5877057.2

-5-   Case No. 12-cv-00630-LHK
SAMSUNG'S RESPONSES TO APPLE'S SUPPLEMENTAL HPO'S RE: CHANDLER, CHASE, DICARLO, ERDEM, HALL, JOSWIAK, RANGEL, REIBSTEIN, SCHILLER, SINCLAIR, AND WINSHIP

1  III.     **SAMSUNG SEEKS TO SEAL CONFIDENTIAL TRIAL EXHIBITS**

2        The Court has already found portions of several exhibits the parties now disclose sealable,

3  and Samsung moves to seal only one trial exhibit, which the Court has not previously addressed.

4  Specifically, Samsung moves to seal DX437A.  DX437A is a color version of DX437, but is

5  otherwise identical.  The Court previously granted Samsung's motion to seal portions of DX437

6  (Dkt. 1628) and Samsung requests that the Court seal pages 6-14, 16-24, 26, 28-30, 32-36, 39-44

7  of DX437A to the extent those pages are not used during a witness examination for the same

8  reasons as DX437 (*see* Dkts. 1627, 1628).

10  DATED: December 21, 2014            QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP

                                        By */s/ Michael L. Fazio*
                                           Victoria F. Maroulis
                                           Kevin P.B. Johnson
                                           Michael L. Fazio
                                           Attorneys for SAMSUNG ELECTRONICS
                                           CO., LTD., SAMSUNG ELECTRONICS
                                           AMERICA, INC., and SAMSUNG
                                           TELECOMMUNICATIONS AMERICA, LLC