# EXHIBIT C
# Unredacted Version of Document Sought to be Sealed

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC., SAMSUNG<br>TELECOMMUNICATIONS AMERICA,<br>LLC<br><br>Defendants. | CASE NO.12-cv-00630-LHK |

# SUPPLEMENTAL EXPERT REPORT OF
# CHRISTOPHER A. VELLTURO, PH.D.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

Intentionally Witheld

## II.  UPDATED DAMAGES CALCULATIONS

### A. Off the Market Lost Profits

5.  I understand that the Court has ordered that, for the purpose of computing Off the Market Lost Profits damages, any period during which Samsung's Accused Products

hypothetically would have been off the market while Samsung would have designed around the Asserted Patents must be assumed to begin on the earliest date of infringement of each Asserted Patent by an Accused Product.[8]  I understand that the date of first infringement of the '647, '959, and '414 Patents is now August 22, 2011, which is the first infringing sale of any of the Accused Products included in Supplemental Exhibit 10.  I understand further that the dates of first infringement of the '721 and '172 Patents continue to be, as in my Original Report, October 25, 2011, and December 6, 2011, their respective issue dates.  As in my Original Report, I compute damages only on infringing sales after the dates on which Samsung is held to have received notice of the Asserted Patents.  Accordingly, I only compute Off the Market Lost Profits damages for Accused Products for any portion of the four month period following Samsung's first infringement that falls after the date on which Apple gave notice of the relevant Asserted Patent.

6. In this Report, I have been asked to compute Off the Market Lost Profits damages only for a four-month off-the-market period.  In Supplemental Exhibits 19, 19.1, and 21, I report Off the Market Lost Profits damages assuming four-month off-the-market periods beginning on the earliest dates of infringement by an Accused Product.

### B. Diminished Demand Lost Profits

7. On February 10, 2014, Apple and Samsung produced supplemental sales and financial data through the end of 2013; in addition, Apple produced updated data through the end of 2013 from IDC, the vendor on which I have relied for industry data on unit sales of smartphones and tablets.  With these data, I have updated my calculations of Apple's and Samsung's U.S. shares of unit sales of smartphones and tablets, Samsung's sales, and Apple's capacity to produce iPhones and iPads in Supplemental Exhibits 8, 9, 10, and 12.

8. Using these data, I have also updated my *Mor-Flo* analyses of the sales of smartphones and tablets that Samsung would have lost and Apple would have gained had Samsung not infringed the Asserted Patents.  (See Supplemental Exhibits 15 and 15-A.)  My updated *Mor-Flo* calculations are incorporated in the calculations of Diminished Demand Lost Profits in Supplemental Exhibits 17, 18, 19, 19.1, and 21.

---

[8] *See* January 23, 2014 Hr'g Tr. 19:1-4, Dkt. No. 1198.