1  JOSH A. KREVITT (CA SBN 208552)        WILLIAM F. LEE
   jkrevitt@gibsondunn.com                 william.lee@wilmerhale.com
2  H. MARK LYON (CA SBN 162061)            WILMER CUTLER PICKERING
   mlyon@gibsondunn.com                    HALE AND DORR LLP
3  GIBSON, DUNN & CRUTCHER LLP             60 State Street
   1881 Page Mill Road                     Boston, MA 02109
4  Palo Alto, CA 94304-1211                Telephone: (617) 526-6000
   Telephone: (650) 849-5300               Facsimile: (617) 526-5000
5  Facsimile: (650) 849-5333

6  HAROLD J. McELHINNY (CA SBN 66781)      MARK D. SELWYN (SBN 244180)
   hmcelhinny@mofo.com                     mark.selwyn@wilmerhale.com
7  JAMES P. BENNETT (CA SBN 65179)         WILMER CUTLER PICKERING
   jbennett@mofo.com                       HALE AND DORR LLP
8  JACK W. LONDEN (CA SBN 85776)           950 Page Mill Road
   jlonden@mofo.com                        Palo Alto, California 94304
9  RACHEL KREVANS (CA SBN 116421)          Telephone: (650) 858-6000
   rkrevans@mofo.com                       Facsimile: (650) 858-6100
10 RUTH N. BORENSTEIN (CA SBN 133797)
   rborenstein@mofo.com
11 ERIK J. OLSON (CA SBN 175815)
   ejolson@mofo.com
12 MORRISON & FOERSTER LLP
   425 Market Street
13 San Francisco, California 94105-2482
   Telephone: (415) 268-7000
14 Facsimile: (415) 268-7522

15 Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC.
16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                          SAN JOSE DIVISION

20

21  APPLE INC., a California corporation,     Case No.   12-cv-00630-LHK

22                 Plaintiff,                 **APPLE'S OBJECTIONS AND
                                              RESPONSES TO OBJECTIONS
23        v.                                  REGARDING THOMAS
                                              BONURA, CARY CLARK,
24  SAMSUNG ELECTRONICS CO., LTD., a          DIANNE HACKBORN, HIROSHI
    Korean corporation; SAMSUNG               LOCKHEIMER, AND DALE
25  ELECTRONICS AMERICA, INC., a New          SOHN AND NOTICE
    York corporation; and SAMSUNG             REGARDING SEALING OF
26  TELECOMMUNICATIONS AMERICA,                TRIAL EXHIBITS**
    LLC, a Delaware limited liability company,
27
                   Defendants.
28

1 **APPLE'S OBJECTIONS TO SAMSUNG'S DISCLOSURES**

2 **A.    THOMAS BONURA**

3 **12/11/12 Dep. Tr. at 93:21-93:24, 94:2-94:5, 94:12-94:17, 168:3-168:16, 168:20-168:25, 169:2-169:5, 169:8-169:9 (FRE 602/Foundation).**  In this testimony designated by Samsung, Mr. Bonura testified that he could not recall the particulars regarding documents that the deposing attorney showed him.  Having testified that he could not recall the specifics regarding those documents, there is no proper foundation to admit Mr. Bonura's speculative testimony concerning them.  FRE 602 requires that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Mr. Bonura lacked the requisite personal knowledge for this testimony.

**12/11/12 Dep. Tr. at at 99:22-100:4, 100:7-100:18, 103:6-105:11, 105:14-15, 107:5-108:10, 108:13-108:16, 108:18-108:22 (FRE 602/Speculation).**  A similar problem exists with this testimony, as to which Mr. Bonura explicitly stated that he was speculating, unsure, or otherwise lacking a specific, concrete recollection that would qualify his testimony as admissible under FRE 602.

**12/11/12 Dep. Tr. at 70:9-70:11, 70:13-70:22 (FRE 402/403).**  Samsung has designated testimony from Mr. Bonura regarding whether, in his view, certain systems would have qualified as "client-server model."  The term "client" is nowhere in the asserted claim of the '647 patent and has no relevance to the patent merits in this case.  To the extent that Samsung is seeking to import these concepts into the claims, this would be both incorrect as a matter of the law of claim construction (because it would seek to narrow the scope of the claims without any textual basis for doing so) and an improper attempt to litigate claim construction through the jury rather than the Court.

**B.    CARY CLARK**

**DX333, PX116, DX336.**  Samsung has withdrawn these exhibits from its disclosures for this witness.

**C.    DIANNE HACKBORN**

**JX53, DX333, PX116.**  Samsung has withdrawn these exhibits from its disclosures

1  this witness.

2  **D.  HIROSHI LOCKHEIMER**

3  **Witness objection.**  Samsung's witness list discloses Mr. Lockheimer for a very limited

4  purpose: "Mr. Lockheimer will testify regarding the design, development and operation of, as

5  well as potential alterations to, Android software and various Android features." (Dkt. 1454 at 3.)

6  Samsung nevertheless disclosed numerous demonstratives suggesting that Mr. Lockheimer

7  intends to testify on topics far outside that disclosure, such as purported copying by Apple of

8  Android. (*See, e.g.*, Declaration of Erik J. Olson ("Olson Decl.") Ex. 1 (demonstrative

9  SDX2451 disclosed by Samsung for Mr. Lockheimer's testimony).)  Mr. Lockheimer was not

10  disclosed as a witness knowledgeable of Apple's purported copying or even the iPhone, and

11  Samsung's disclosure of Mr. Lockheimer's testimony concerning "the design, development and

12  operation of … various Android features" does not encompass such testimony.  The Court should

13  hold Samsung to that disclosure and preclude Mr. Lockheimer from testifying concerning this

14  topic outside of Samsung's narrow disclosure.

15  **SDX2450.**  Samsung has withdrawn this demonstrative from its disclosures.

16  **DX489 (pp. 245-48).**  Samsung has withdrawn this exhibit from its disclosures.

17  **E.  DALE SOHN**

18  **SDX2436.**  The parties have resolved this HPO objection.

19  **APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS**

20  **A.  THOMAS BONURA**

21  **12/11/12 Dep. Tr. at 26:8-10 & 26:13-27:1 (Beyond Scope of Designation).**  Samsung

22  has designated 25:8-25:9, 25:12-25:17, and 25:20-26:7, where Mr. Bonura was asked about his

23  invention; he testified that he only recalled the projects he worked on.  Apple's counter-

24  designated testimony describes how those projects related to the '647 patent, and are thus

25  proper counter-designations.

26  **12/11/12 Dep. Tr. at 156:15-20, 156:23-158:3, 158:6-160:12.**  Samsung objects to this

27  testimony as leading and beyond the scope of Samsung's designation.  This is testimony from a

28  third-party (not a current Apple employee) who was deposed by Samsung.  Samsung did not

APPLE'S OBJS. & RESP. RE: BONURA, CLARK, HACKBORN, LOCKHEIMER, SOHN & NOTICE RE SEALING
CASE NO. 12-cv-00630-LHK
sf- 3404328

2

1  object to any of these questions at the deposition and thus waived any objections to form,
2  including allegedly leading questions. Moreover, this testimony is directly and broadly relevant
3  to Samsung's designations regarding client-server issues and implementation of Dr. Bonura's
4  work leading to the '647 patent. Apple's counter-designations should be admitted to provide
5  the full context.

6  **B.    CARY CLARK**

7  **PX176.** Apple has withdrawn this exhibit from its disclosures for this witness.
8  **PDX89.3.** Apple has withdrawn this demonstrative from its disclosures for this witness.
9  **Deposition of Cary Clark, June 25, 2013, Exhibit 5.** This document is a slide
10 presentation describing Android source code. Samsung objects on the ground that the exhibit is
11 not on Apple's exhibit list. However, Apple does not seek to admit this document through Mr.
12 Clark. Rather, Apple has included it on its cross disclosure for Mr. Clark solely for the purpose
13 of refreshing his recollection, if necessary, a use which the Court permitted during the cross-
14 examination of Dr. Hauser during trial on April 8 (Trial Tr. at 1132-33 (no docket number yet)).

15 **C.    DIANNE HACKBORN**

16 **Deposition of Dianne Hackborn, June 18, 2013, Exhibit 4.** This document is a
17 "Linkify" document relating to Android functionality. Samsung objects that the exhibit is not
18 on Apple's exhibit list. However, Apple does not seek to admit any portion of this exhibit
19 through Ms. Hackborn, but instead has included the document on its disclosure list in the event
20 it is necessary to refresh her recollection, a use permitted by the Court during the cross-
21 examination of Dr. Hauser (Trial Tr. at 1132-33 (no docket number yet)).

22 **PDX88.10.** Apple has withdrawn this demonstrative from its disclosures.
23 **Deposition of Cary Clark, June 25, 2013, Exhibit 5.** This is a slide presentation
24 describing the Android source code, to which Samsung objects on the grounds that it is not on
25 Apple's exhibit list and that it constitutes improper impeachment evidence under Federal Rule
26 Civil Procedure 32(a)(2)-(8). First, as discussed above, Apple does not seek to admit any
27 portion of this exhibit into evidence through this witness, but rather has listed the document to
28 refresh recollection. Second, this document is not improper impeachment evidence, as Apple

APPLE'S OBJS. & RESP. RE: BONURA, CLARK, HACKBORN, LOCKHEIMER, SOHN & NOTICE RE SEALING
CASE NO. 12-cv-00630-LHK
sf- 3404328

3

plans to use the document to refresh recollection (not to impeach). Last, because Samsung is objecting to a document, not to deposition testimony, Federal Rule Civil Procedure 32(a) does not apply.

### D. HIROSHI LOCKHEIMER

**PX212 and PX221.** Samsung objects to both of these documents on the same grounds (outside scope of witness disclosure; FRE 602/lack of foundation). These are Google documents concerning its Android development strategy. As discussed above in connection with Apple's objections to Mr. Lockheimer's testimony, Samsung's own witness disclosure states that Mr. Lockheimer is knowledgeable as to Google's development of Android, and Apple will lay a foundation at trial for use of these documents with him. Nor is there merit to Samsung's objection to these exhibits as outside the scope of witness disclosure. If this were Apple calling Mr. Lockheimer for direct examination, then Apple's trial disclosure for this witness would govern. However, that is not the case – Samsung, not Apple, is calling Mr. Lockheimer, and Apple can cross-examine him on the matters raised during Samsung's direct.

**Preliminary Injunction Order (Dkt. 221):** Samsung itself injected the preliminary injunction and related proceedings into this trial by repeatedly discussing them (over Apple's objections) in its opening and cross-examination of Dr. Snoeren. (*See* Trial Tr. at 402:7-15, Dkt. 1622, Trial Tr. at 1031:5-1033:16 (Docket Number not available). Having used the Court's Order as a sword, Samsung may not claim unfair prejudice when Apple now seeks to use the very same Order in its examination of witnesses called by Samsung. While Samsung also objects because the Court's order is not listed as a trial exhibit, nothing in the Court's prior orders suggests that reliance at trial on a prior filing *in this case* would somehow be improper or constitute an expansion of the party's exhibit list.

### E. DALE SOHN

**PX147.** There is no merit to Samsung's objections to the use of this exhibit with Mr. Sohn (foundation and prejudice). This exhibit has already been admitted. (Trial Tr. at 1220:17-24 (Docket Number not available). Further, Mr. Sohn identified this exhibit during a deposition in the 1846 case as an internal Samsung presentation. (Olson Decl. Ex. 2 at 44:9-23.) Apple

APPLE'S OBJS. & RESP. RE: BONURA, CLARK, HACKBORN, LOCKHEIMER, SOHN & NOTICE RE SEALING
CASE NO. 12-cv-00630-LHK
sf- 3404328

4

1  will lay any additional foundation that may be needed during Mr. Sohn's examination.  That
2  Samsung may not like the statements contained in its own presentation does not make the
3  testimony of a Samsung executive regarding that document prejudicial, nor does it justify
4  precluding Apple from questioning Mr. Sohn about the document.

5  **PX227.**  Samsung objects to this email between Samsung and Google executives
6  regarding indemnification on the ground that it allegedly was not disclosed in response to
7  interrogatories.  But three of the interrogatories identified by Samsung (when Apple sought to
8  clarify the objection) do not call for this document:  those inquired about injunctive relief (No.
9  10); the role of the Apple patents-in-suit in driving demand (No. 49); and the reasons consumers
10 purchase the accused *Apple* products (No. 50).  (*See* Olson Decl. Ex. 3; Ex. 4; Ex. 5.)  Samsung
11 also suggests that Apple should have identified this document in response to an interrogatory
12 seeking identification of the documents Apple intended to rely upon at trial (No. 27) (*Id.*, Ex. 6),
13 to which Apple objected as an improper request that Apple disclose its trial exhibits months
14 before the Court's deadline for doing so.  But even though the interrogatory was objectionable at
15 the time, Apple's response incorporated by reference "exhibits introduced by Apple in the
16 depositions taken of Samsung and Google."  (Olson Decl. Ex. 8.)  PX227 was an exhibit to the
17 deposition of Google witness James Maccoun (Olson Decl. Ex. 9), and thus was disclosed in
18 response to Interrogatory 27.  Further, Apple notes that in Samsung's own interrogatory
19 responses, it represented that it was *not* seeking indemnification from any third party.  (Olson
20 Decl. Ex. 7.)  Samsung never supplemented this response.  Samsung cannot now hide behind an
21 "insufficient disclosure" argument to exclude evidence offered by Apple when Samsung's
22 disclosures mislead Apple with respect to very issue PX227 addresses.  Finally, regarding
23 Samsung's objection regarding lack of foundation, Apple will lay the necessary foundation for
24 this document during Mr. Sohn's testimony.

25 **Dkt. 221, Dkt. 222.**  Apple has withdrawn the under seal version of the preliminary
26 injunction order (Dkt. 222) from its disclosures for this witness.  With respect to the public
27 version of the order (Dkt. 221), Samsung made the same objections to the use of this Order with
28 Mr. Lockheimer, and Apple refers the Court to its responses above.

APPLE'S OBJS. & RESP. RE: BONURA, CLARK, HACKBORN, LOCKHEIMER, SOHN & NOTICE RE SEALING
CASE NO. 12-cv-00630-LHK
sf- 3404328

5

### NOTICE REGARDING SEALING OF EXHIBITS

Apple is not moving to seal any of the exhibits that have been identified for use with Thomas Bonura, Cary Clark, Dianne Hackborn, Hiroshi Lockheimer or Dale Sohn.

Apple is not moving to seal any exhibits or other documents disclosed by the parties solely for impeachment because they will not be entered into evidence. Apple expects that if Samsung uses any of these documents, Samsung will not display any Apple confidential information publicly. Apple reserves its right to move to seal any Apple confidential information in these impeachment materials if necessary.

Dated: April 9, 2014                                MORRISON & FOERSTER LLP

                                                    By:  */s/ Rachel Krevans*
                                                         Rachel Krevans

                                                         Attorneys for Plaintiff
                                                         APPLE INC.

APPLE'S OBJS. & RESP. RE: BONURA, CLARK, HACKBORN, LOCKHEIMER, SOHN & NOTICE RE SEALING
CASE NO. 12-cv-00630-LHK
sf- 3404328

6