| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| HAROLD J. McELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>JAMES P. BENNETT (CA SBN 65179)<br>jbennett@mofo.com<br>JACK W. LONDEN (CA SBN 85776)<br>jlonden@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>RUTH N. BORENSTEIN (CA SBN 133797)<br>rborenstein@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　　　Defendants. | Case No.　12-cv-00630-LHK<br><br>**APPLE'S OBJECTIONS AND RESPONSES TO OBJECTIONS REGARDING BJORN BRINGERT, TODD PENDLETON AND PAUL WESTBROOK, AND NOTICE REGARDING SEALING OF TRIAL EXHIBITS** |

As the Court is aware, Samsung initially disclosed twelve witnesses (three by deposition) to testify at trial on Monday, April 14, but informed the Court at the conclusion of the trial day on Friday that it would only call three of those witnesses on Monday: Bjorn Bringert, Todd Pendleton, and Paul Westbrook. (*See* Trial Tr. at 1546-47 (docket number not available).) Based on this representation and pursuant to the Court's direction, Apple is only addressing the parties' high priority objections for those three witnesses in this brief.

Despite its statement to the Court just a few hours earlier, Samsung informed Apple late on Friday evening that it might call four *additional* witnesses on Monday: Ulrich Pfeifer, Eric Bier, Lars Frid-Nielsen, and Kevin Jeffay. Those four witnesses are not addressed herein. Apple expects that these four witnesses (and perhaps others, depending on Samsung's next round of witness disclosures) will be included in the objections briefing that the parties submit to the Court on Sunday morning. Apple intends to serve its objections and cross-disclosures for these four witnesses on Saturday evening in accordance with the parties' agreed disclosure schedule for Tuesday witnesses, consistent with Samsung's representation to the Court that these witnesses would not be reached on Monday.

### APPLE'S OBJECTIONS TO SAMSUNG'S DISCLOSURES

**A.   BJORN BRINGERT**

Apple did not make any HPO objections for this witness.

**B.   TODD PENDLETON**

**SDX2516.** This is a slide showing excerpts of an October 5, 2011 Wall Street Journal article regarding the iPhone. The underlying article does not appear on either party's exhibit list. As the Court has previously held, unlisted exhibits are not proper subject matter for direct examination disclosures. (*See, e.g.*, Dkt. 1573.) The Court should reject Samsung's improper attempt to expand its exhibit list by manufacturing a slide out of an undisclosed document.

**3/21/12 Deposition of Todd Pendleton (ITC).** Samsung has withdrawn this deposition transcript from its disclosures for this witness.

**3/21/12 Deposition of Todd Pendleton.** Samsung has withdrawn this deposition transcript from its disclosures for this witness.

C. **PAUL WESTBROOK**

**PX173.** Samsung has withdrawn this exhibit from its disclosures for this witness.

**DX327.** Samsung has withdrawn this exhibit from its disclosures for this witness.

**Movie_03_(414 - Gmail Synch v2 - ALT2).wmv.** Samsung seeks to use this video—which was played during Apple's opening statement and depicts a Samsung Galaxy S III phone—with Mr. Westbrook. However, Samsung's witness list designated Mr. Westbrook, a Google employee, to testify regarding Google's Android software *only*. (Dkt. 1454 at 8). Mr. Westbrook lacks personal knowledge of the development of Samsung's phones or the specific executable code or configuration settings on each device. Similarly, he lacks personal knowledge regarding the executable code or configurations of the specific devices used in the video, which was prepared by Apple, not Samsung and not Google. Any guesses or inferences about what is occurring with respect to these specific Samsung devices is beyond the scope of his personal knowledge and beyond the scope of his disclosure. He therefore lacks the necessary foundation to testify as to its subject matter. *See* FRE 602. Further, given his lack of percipient knowledge, the only testimony Mr. Westbrook could provide about this video would be an opinion as an alleged but undisclosed expert, which is inappropriate for Samsung to elicit from a fact witness such as Mr. Westbrook. *See* FRE 701. Samsung made none of the expert disclosures required under the Federal Rules for this witness, and Mr. Westbrook cannot give testimony beyond the scope of his personal knowledge.

## APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS

A. **BJORN BRINGERT**

Samsung did not make any HPO objections for this witness.

B. **TODD PENDLETON**

**PX227.** The Court has already overruled objections by Samsung to this same exhibit, ███████. (Dkt. 1656 at 2.) Samsung now attempts to take a second bite at the apple by seeking to preclude the use of PX227 specifically with Mr. Pendleton, on the grounds that such use would be unfair, misleading,

1  and confusing to the jury.  However, Mr. Pendleton is a high-ranking Samsung executive whose
2  knowledge and testimony regarding ▓▓▓▓▓▓ described in PX227 is highly relevant to issues
3  in the case.  Further, Samsung's objection regarding lack of personal knowledge is
4  premature.  Apple should be permitted to question Mr. Pendleton regarding PX227 and lay any
5  necessary foundation during his cross examination.

6  **PX268.**  This is a Wall Street Journal article published on January 3, 2014.  Samsung's
7  objection to this document as untimely produced is meritless because the article did not exist
8  until after the close of discovery.  Apple produced the document shortly after publication and
9  disclosed it on its original exhibit list in early February.  (Dkt. 1269-03.)  With respect to
10 Samsung's hearsay objection, Apple does not intend to offer PX268 for the truth of what is
11 stated in the article, but instead as evidence regarding the public perception of Samsung's
12 brand—a topic for which Mr. Pendleton was explicitly disclosed.  (Dkt. 1454 at 2.)  Apple
13 notes that Samsung itself disclosed two summaries of media coverage of Samsung's products
14 for use with Mr. Pendleton (DX463 and DX493), presumably for the same non-hearsay
15 purpose.

16 **"Samsung Uneasy in the Lead," The New York Times.**  The parties have resolved
17 Samsung's FRE 403 objection to this article through Apple's agreement to redact the portion of
18 the document to which Samsung had objected on that basis.

19 Samsung's only remaining objection is that the article was not disclosed on Apple's
20 exhibit list.  However, Apple does not seek to admit this article into evidence, but instead has
21 included the document in its cross disclosures in the event it is necessary to refresh Mr.
22 Pendleton's recollection, a purpose the Court has previously permitted.  (*See* Dkt. 1659 at 1132-
23 33 (permitting use of undisclosed document during cross examination of Dr. Hauser); Dkt. 1656
24 (overruling objections to cross disclosures based on failure to identify document on exhibit list).)

25 **C.    PAUL WESTBROOK**
26 Samsung did not make any HPO objections for this witness.

27
28

**NOTICE REGARDING SEALING OF TRIAL EXHIBITS**

Apple is not moving to seal any of the exhibits that have been identified for use with Bjorn Bringert, Todd Pendleton, and Paul Westbrook.

Apple is not moving to seal any exhibits or other documents disclosed by the parties solely for impeachment because they will not be entered into evidence.  Apple expects that if Samsung uses any of these documents, Samsung will not display any Apple confidential information publicly.  Apple reserves its right to move to seal any Apple confidential information in these impeachment materials if necessary.

Dated: April 12, 2014                         MORRISON & FOERSTER LLP

                                              By: */s/ Rachel Krevans*
                                                   Rachel Krevans

                                                   Attorneys for Plaintiff
                                                   APPLE INC.