1
JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
2
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
3
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
4
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
5
Facsimile: (650) 849-5333

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

6
HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
7
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
8
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
9
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
10
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
11
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
12
MORRISON & FOERSTER LLP
425 Market Street
13
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
14
Facsimile:  (415) 268-7522

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

15
Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.
16

17
UNITED STATES DISTRICT COURT

18
NORTHERN DISTRICT OF CALIFORNIA

19
SAN JOSE DIVISION

20

21
APPLE INC., a California corporation,

22
Plaintiff,

23
v.

24
SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
25
ELECTRONICS AMERICA, INC., a New
York corporation; and SAMSUNG
26
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

27
Defendants.

28

Case No.    12-cv-00630-LHK

**APPLE'S OBJECTIONS AND
RESPONSES TO OBJECTIONS
REGARDING CHRISTOPHER
BUTLER, JUSTIN DENISON,
LARS FRID-NIELSEN, PATRICK
GOGERTY, SAUL GREENBERG,
KEVIN JEFFAY, BREWSTER
KAHLE, YOUNGMI KIM, JIM
LUNDBERG, ULRICH PFEIFER,
MARTIN RINARD, DANIEL
WIGDOR AND WALTER WONG,
AND MOTION TO SEAL**

Apple's Objs. and Resp. Re: Butler, Denison, Frid-Nielsen, Gogerty, Greenberg, Jeffay, Kahle,
Kim, Lundberg, Pfeifer, Rinard, Wigdor and Wong and Motion to Seal
Case No. 12-cv-00630-LHK

1   Despite the concerns expressed by the Court on Friday about Samsung's over-disclosure

2   of witnesses for Monday, including that Samsung was unfairly "holding the prior art inventors

3   hostage in exchange for doing any further narrowing" (Trial Tr. at 1441-44), Samsung's further

4   witness disclosures this weekend have put the parties and the Court in the exact position that the

5   Court hoped to avoid:  Samsung disclosed **thirteen witnesses** (nine live, four by declaration) for

6   possible testimony on Tuesday, including four technical experts.  Apple apologizes to the Court

7   for addressing all of these witnesses in this brief, but Apple had no alternative given Samsung's

8   failure to provide a realistic disclosure of witnesses for Tuesday.[1]

9                    **APPLE'S OBJECTIONS TO SAMSUNG'S DISCLOSURES**

10   Samsung withdrew all materials that were the subject of Apple's objections for Lars

11   Frid-Nielsen **(SDX2505-2509)** and Daniel Wigdor **(SDX2793, 2748, 2746)**, and withdrew these

12   additional materials in response to Apple's objections:  **SDX2708** (Greenberg); **Casseres**

13   **Deposition Transcript** and **Apple's RFA Responses Nos. 1-7** (Rinard); **DX304** and **DX311**

14   (Pfeifer); **SDX2644** and **SDX2561** (Jeffay).

15   **SAUL GREENBERG**

16   **DX342 (Pages 1-4)**:  DX-342.001-004 are not included in Dr. Greenberg's expert

17   report, which cites only pages 342.005-28.  (*Compare* Declaration of Erik J. Olson ("Olson

18   Decl.") Ex. 1 at 4 (listing NeoNode Quick Start Guide as SAMNDCA630-0966506-29 in expert

19   report "Materials Considered") and Ex. 2 (SAMNDCA630-0966506-29) *with* DX 342.001-

20   004.)

21   **SDX2693**.  Samsung has spliced together snippets of images from distinct references to

22   create a fictional photograph that purports to resemble the claimed '721 patent invention.  *See*

23   _____

24   [1] As the Court might imagine, Samsung disclosed scores of exhibits for these witnesses, including multiple videos and an average of over 100 demonstrative slides for each expert.

25   Because Apple is limited to three high priority objections per witness, this brief can only address a small fraction of the objectionable material in Samsung's disclosures.  As has been Apple's practice, Apple will attempt to meet and confer with Samsung to resolve additional objections,

26   including objections based on the Court's rulings on the issues addressed herein.  Apple will then raise any unresolved issues with the Court in advance of the testimony, a process which Apple

27   believes is consistent with the Court's expressed preference to resolve such disputes outside the presence of the jury (*e.g.*, Trial Tr. at 1274).

28

1  DX 342, DX343.  Specifically, Samsung has photoshopped an image from part of a video frame

2  (DX 343), spliced with an image of a Neonode phone (DX 342) with superimposed words

3  "Right Sweep to Unlock" not present in the original image.  The resulting fictional image is

4  unsupported by evidence, confusing, and prejudicial, and thus should be excluded under FRE

5  403. *See* Dkt. 1538 at 2 (striking a similar improper modification of a figure).

6  **KEVIN JEFFAY**

7      **Witness objection:** Samsung disclosed numerous demonstratives that suggest it plans to

8  elicit testimony from Dr. Jeffay relating to claim construction.  Consistent with the Court's prior

9  orders excluding the *Motorola* claim constructions (*see* Dkt. 1536; Dkt. 1607; Trial Tr. at 1448,

10  1452-53), Dr. Jeffay should be precluded from offering opinions based on those excluded (and

11  thus irrelevant as a matter of law) constructions.  Further, under Rule 26(a)(2), Dr. Jeffay should

12  be precluded from testifying regarding the plain meaning of the "analyzer server" and "linking

13  actions to detected structures" limitations, given his repeated deposition testimony (after he had

14  issued his expert reports) that he simply accepted the constructions given to him by attorneys and

15  ***had not formed his own opinions*** regarding how one of ordinary skill would have understood

16  those terms.  (*See* Olson Decl. Ex. 3 at 95:21–98:4, 98:16-25, 99:5-19, 140:12–141:20.)

17  **BREWSTER KAHLE**

18      **DX311.**  DX311 purports to be the proceedings papers of a 1992 conference regarding

19  WAIS.  Samsung may seek to rely on DX311 to establish that the alleged "WAIS system" prior

20  art had certain features described in these papers – but any such use is impermissible hearsay.

21  DX311 is also likely to mislead because it does not relate to the specific freeWAIS-sf on which

22  Samsung relies as prior art – version 2.0.65, which was created several years later, in 1996 (*see*

23  Olson Decl. Ex. 4 at 51:23-52:2) – and thus this particular exhibit cannot corroborate the

24  features of the asserted prior art.

25      **DX312.**  DX312 purports to be a video of a 1991 presentation regarding WAIS.  Apple

26  objects for the same reasons as DX311 (hearsay and FRE 403), discussed immediately above.

27  **YOUNGMI KIM**

28      **Witness Objection**:  On its witness list, Samsung disclosed Ms. Kim for a very limited

2

purpose: "Ms. Kim may testify regarding the design and development of the accused lock-screen features, as well as alternative lock-screen designs that Apple does not accuse of infringing the '721 patent…. [and] the time required for the development of those designs." (Dkt. 1454 at 6.) However, Samsung has disclosed a series of video demonstratives for use with Ms. Kim which show the Android notification center functionality, which itself is unrelated to her only disclosed topic (the lock screen). Samsung intends to use these videos to elicit testimony comparing the notification center features of Apple and Android products. But Ms. Kim was not disclosed as a witness knowledgeable about notification center functionality, nor of Apple's products. The Court previously limited Mr. Lockheimer's testimony to the scope of Samsung's witness list disclosure (Dkt. 1654 at 2), and should similarly hold Samsung to its disclosure for Ms. Kim.

**ULRICH PFEIFER**

**DX305.** This is a "summary exhibit" of excerpts from emails and postings by persons allegedly using freeWAIS-sf in the United States. Samsung relies on DX305 for the truth of the matters asserted (*i.e.*, that there was such use in the United States), and it is thus hearsay. DX305 also will mislead because it contains incomplete excerpts of the emails and postings.

**MARTIN RINARD**

**DX310.** This exhibit purports to be an online discussion post written by former Apple employee David Casseres. DX310 is not an Apple document, and Mr. Casseres had no recollection of it at his deposition. (*See* Olson Decl. Ex. 5 at 116:9-118:9.) Thus, there is no foundation for what this document is or its authenticity. Further, as DX310 is not an Apple document, its statements about the alleged operation of AppleSearch are hearsay.

**PATRICK GOGERTY**

**DX314.** DX314, which consists of Windows Mobile 5 source code, should be excluded under FRE 403 as irrelevant and confusing to the jury because the source code was never published, and therefore does not qualify as a "printed publication" under Section 102.

DX326. DX326, which consists of a Microsoft Smart Client Architecture & Design Guide, should be excluded under FRE 403 as irrelevant and confusing because the Gogerty declaration does not establish that it is a "printed publication," as it does not establish that the

APPLE'S OBJS. AND RESP. RE: BUTLER, DENISON, FRID-NIELSEN, GOGERTY, GREENBERG, JEFFAY, KAHLE, KIM, LUNDBERG, PFEIFER, RINARD, WIGDOR AND WONG AND MOTION TO SEAL
Case No. 12-cv-00630-LHK

3

1  document was published widely or available on Microsoft's website prior to the '414 patent's

2  2007 filing date.  (*See* Olson Decl. Ex. 6 ¶ 31.)

3  **JIM LUNDBERG**

4      **DX320.**  DX320, SUSE Linux 10.0 source code, should be excluded under FRE 403 for

5  the same reasons as DX314, discussed above (not a printed publication).

6      **DX323 and DX324.**  This user guide (DX323) and administration guide (DX324) should

7  be excluded under FRE 403 because the Lundberg declaration fails to establish they are printed

8  publications.  A mere statement that a document was "published" (without explaining where,

9  how, and to whom), is insufficient to establish that a document is a "printed publication" under

10  Section 102.  (*See* Olson Decl. Ex. 7 ¶¶ 5, 15.)

11  **WALTER WONG**

12      **DX318.**  This exhibit, Cyrus IMAP documentation and source code, should be excluded

13  under FRE 403 because the Wong declaration (Olson Decl. Ex. 8) does not establish these

14  materials are "printed publications."  The declaration does not establish why the date stamp for

15  the files reflects when the files were made available to the public in the United States.[2]

16  **APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS**

17      Apple has withdrawn the following materials that were the subject to Samsung's

18  objections: **JX10** (Kim); **Balakrishnan Declarations** (Greenberg); **PX193** (Denison).

19  **JUSTIN DENISON**

20      **WSJ Article ("Samsung Tweaks How it Calculates Marketing Costs").**  Apple will

21  only use this article if necessary to refresh recollection, a purpose the Court has permitted.  (*See*

22  Dkt. 1659 at 1132-1133; Dkt. 1656.)  Samsung has made its reputation as an alleged innovator a

23  central theme at trial, and itself has disclosed news articles for its witnesses presumably to bolster

24  this claim.  (*See* DX463 (summary of press coverage of Samsung products disclosed by Samsung

25  for Pendleton).)  Apple should be permitted to cross examine Mr. Denison regarding his

26

27      [2] If the Court overrules Apple's objections to DX 314, DX318, DX320, DX323, DX324, and DX326, they should be admitted with a limiting instruction that they are not prior art.

28

1    knowledge of the market's perception that Samsung's focus is not on innovation.

2    **SAUL GREENBERG**

3        **1846 Dkt. 1610 at 795-796**.  These pages contain Samsung's identification (in an

4    interrogatory response) of the commercial product and code names for Samsung products sold

5    in the United States.  Some of those code names appear in documents designated by Samsung

6    as direct examination exhibits for Dr. Greenberg.  These pages may be necessary to avoid a

7    misstatement by Samsung regarding whether code-named products mentioned in exhibits to be

8    used by Samsung with Dr. Greenberg have been released and sold, such as occurred with the

9    Samsung "Victory."  (*See* Dkt. 1613 at 2.)

10   **KEVIN JEFFAY**

11       **DX 345.**  Apple's iPhone 5 running iOS7 is relevant impeachment evidence if Dr. Jeffay

12   opines that Apple does not practice claim 9 of the '647 patent, contrary to the testimony of Mr.

13   Deniau regarding Apple's use of data detectors in iOS7.  (*See* Trial Tr. 789-803.)

14       **4/26/2012 Cohen Declaration.**  Dr. Cohen was Samsung's '647 patent expert earlier in

15   this case who, like Dr. Jeffay, addressed the accused Galaxy Nexus phone and the prior art

16   Sidekick reference.  In fact, in his own expert report, Dr. Jeffay *cited to and discussed* Dr.

17   Cohen's earlier declaration and opinions.  (*See* Olson Decl. Ex. 10 ¶¶ 287-89.)  Consistent with

18   the Court's *Daubert* ruling concerning the permissible use in this matter of testimony by Apple's

19   damages experts from the 1846 case (Dkt. 1326 at 21-23), Dr. Cohen's testimony is relevant

20   impeachment evidence for Dr. Jeffay.

21   **DANIEL WIGDOR**

22       **Summary Judgment Order (Dkt. 1150) and Joint Stipulation and Order re Scope of**

23   **Summary Judgment Order.**  Directly relevant to Dr. Wigdor's credibility, these orders will be

24   used for impeachment only (if needed).  Dr. Wigdor offered the opinion that claim 18 of the '172

25   patent requires a physical keyboard.  (*See* Olson Decl. Ex. 9 ¶¶ 239-44.)  He made this assertion

26   repeatedly his invalidity report (*id.* ¶¶ 262 fn.2, 265, 435, 439, 454, 475, 488, 499, Ex. 3 at 1-2),

27   not only his infringement report.  The Court rejected that opinion.  (Dkt. 1150 at 14.)  These are

28   appropriate cross examination materials relevant to show the limits of his opinions.

APPLE'S OBJS. AND RESP. RE: BUTLER, DENISON, FRID-NIELSEN, GOGERTY, GREENBERG, JEFFAY, KAHLE, KIM, LUNDBERG, PFEIFER, RINARD, WIGDOR AND WONG AND MOTION TO SEAL
Case No. 12-cv-00630-LHK

5

**MOTION TO SEAL**

Samsung has disclosed the following source code files from DX302 for use during the examination of Dr. Rinard:  630OFFAPPLESOURCECODE_002851 through 002853; 002854 through 002880; 002898 through 002912; 002919 through 002927; 003545 through 003547; 003578 through 003583; 003584 through 003586; 003099 through 003109; 003135 through 003137; 003140 through 003147; 004771 through 004772; 004802 through 004806; 004807 through 004809; 004876 through 004888; 004889 through 004942; 004943 through 004972; 004973 through 004980; and 004981 through 005013.  As explained in the Declaration of Erik J. Olson in Support of Sealing (submitted herewith), these identified portions of DX302 (and any others admitted into evidence or otherwise used during trial) should be sealed because they comprise highly-confidential source code.  Thus, Apple moves to seal any portions of DX302 that are shown in Court or admitted into evidence.  Because DX302 consists of voluminous source code files, Apple is not filing these portions of DX302 on ECF, but will have the exhibit available in Court on Monday and available for the Court's review in connection with this motion to seal.

Samsung also has disclosed Apple Inc.'s Supplemental Objections and Responses to Samsung's Interrogatories (Nos. 1, 5, 7, 8, 10, 14, 15, 25, 26, 27, 39, and 41), Nos. 7, 15, 26, 27, 41, for use with Dr. Greenberg.  Apple does not maintain a claim of confidentiality over the identified responses (Nos. 7, 15, 26, 27, 41), but does maintain a claim of confidentiality over the source code file names disclosed in response to Interrogatory No. 25 (which happen to appear on the same page as the beginning of Interrogatory No. 26).  For the reasons stated in the Olson Declaration, Apple requests that the Court seal the source code file names on page 59 of Apple Inc.'s Supplemental Objections and Responses to Samsung's Interrogatories (Nos. 1, 5, 7, 8, 10, 14, 15, 25, 26, 27, 39, and 41).

Apple is not moving to seal any exhibits or other documents disclosed by the parties solely for impeachment or for refreshing recollection because they will not be entered into evidence.  Apple expects that if Samsung uses any of these documents, Samsung will not display any Apple confidential information publicly.  Apple reserves its right to move to seal any Apple confidential information in these materials if necessary.

APPLE'S OBJS. AND RESP. RE: BUTLER, DENISON, FRID-NIELSEN, GOGERTY, GREENBERG, JEFFAY, KAHLE, KIM, LUNDBERG, PFEIFER, RINARD, WIGDOR AND WONG AND MOTION TO SEAL
Case No. 12-cv-00630-LHK

6

1   Dated: April 13, 2014                    MORRISON & FOERSTER LLP

2

3                                             By:   /s/ Rachel Krevans
                                                   Rachel Krevans
4
                                                   Attorneys for Plaintiff
5                                                  APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28