| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | WILLIAM F. LEE |
| jkrevitt@gibsondunn.com | william.lee@wilmerhale.com |
| H. MARK LYON (CA SBN 162061) | WILMER CUTLER PICKERING |
| mlyon@gibsondunn.com | HALE AND DORR LLP |
| GIBSON, DUNN & CRUTCHER LLP | 60 State Street |
| 1881 Page Mill Road | Boston, MA 02109 |
| Palo Alto, CA 94304-1211 | Telephone: (617) 526-6000 |
| Telephone: (650) 849-5300 | Facsimile: (617) 526-5000 |
| Facsimile: (650) 849-5333 | |
| HAROLD J. McELHINNY (CA SBN 66781) | MARK D. SELWYN (SBN 244180) |
| hmcelhinny@mofo.com | mark.selwyn@wilmerhale.com |
| JAMES P. BENNETT (CA SBN 65179) | WILMER CUTLER PICKERING |
| jbennett@mofo.com | HALE AND DORR LLP |
| JACK W. LONDEN (CA SBN 85776) | 950 Page Mill Road |
| jlonden@mofo.com | Palo Alto, California 94304 |
| RACHEL KREVANS (CA SBN 116421) | Telephone: (650) 858-6000 |
| rkrevans@mofo.com | Facsimile: (650) 858-6100 |
| RUTH N. BORENSTEIN (CA SBN 133797) | |
| rborenstein@mofo.com | |
| ERIK J. OLSON (CA SBN 175815) | |
| ejolson@mofo.com | |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, California 94105-2482 | |
| Telephone: (415) 268-7000 | |
| Facsimile: (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   12-cv-00630-LHK<br><br>**APPLE'S OBJECTIONS AND RESPONSES TO OBJECTIONS REGARDING JUDITH CHEVALIER, MITCHAEL FREEMAN, MICHAEL FREEMAN, ROBERTO GARCIA, JP HONG, JAMES KEARL, TRACEY MAZUR, TIM MILLET, KEN PARULSKI, SANJAY RAO, DAN SCHONFELD, JAMES STORER, AND MOTION TO SEAL** |

## APPLE'S OBJECTIONS TO SAMSUNG'S DISCLOSURES

**JUDITH CHEVALIER**

**SDX3786.**  Before yesterday, Dr. Chevalier had never disclosed the "one-month" and "two-month off-the-market period" calculations on SDX3786.  The source, nature, and methods used to get to these calculations are a mystery to Apple, and they should thus be excluded.

**JONG PIL HONG**

**7/4/13 Depo at 47.**  Should the Court sustain Samsung's objection (discussed below), Apple objects to this testimony as misleading.  Allowing the jury to hear only the testimony that Samsung designated would create a misimpression as to why Samsung purchased the '239 patent.

**JAMES KEARL**

**DX390.**  This is an email regarding video conferencing on the iPod Touch (a WiFi only device) and iPhone 4.  FaceTime over WiFi is not accused, and as of yesterday, neither is FaceTime over cellular on the iPhone 4.  (Olson Decl. Ex. 1.)  As neither product discussed in DX390 is currently accused, it should be excluded.  **DX396.**  This email among employees of Media Arts Lab (MAL), Apple's ad agency, is an out-of-court statement being offered for the truth of what is stated (that MAL believed FaceTime over cellular was one of the "most important topics" for the launch of the iPhone 4).  This does not fall within any hearsay exception.  Any probative value is substantially outweighed by the risk the jury will be misled into thinking the statements were made by Apple.

**KEN PARULSKI**

**Witness objection.**  In his expert report, Mr. Parulski disclosed two sets of iPhone 5 components that purportedly constitute a "recording circuit": a "NAND Flash Interface and the DDR NAND Flash," and a "NAND flash memory and controller combination."  (Olson Decl. Ex. 2 at ¶¶ 196, 200.)  For other accused products, Mr. Parulski only disclosed opinions that included a "NAND Flash Interface" (and never mentioned a "controller").  (*Id*. at ¶¶ 202-205.)  Samsung withdrew Mr. Parulski's opinion regarding the "NAND Flash Interface" because it had not been disclosed in Samsung's infringement contentions.  (Dkt. 963-3 at 23.)  Nonetheless, certain demonstratives disclosed for Mr. Parulski (*e.g.*, SDX3733) suggest he may testify that these

APPLE'S OBJS. AND RESP. RE: CHEVALIER, FREEMAN, FREEMAN, GARCIA, HONG, KEARL, MAZUR, MILLET, PARULSKI, RAO, SCHONFELD, STORER  AND MOTION TO SEAL
Case No. 12-cv-00630-LHK

1

1  products include a "recording circuit" despite only providing an opinion based on Samsung's
2  now-withdrawn theory, which he should not be permitted to do.  **SDX3705 and SDX3706.**  These
3  slides misrepresent the display that is actually disclosed in the '449 patent (*e.g.*, JX-22 at Figs. 6
4  and 7) to suggest that the patent discloses a display like the accused products.  It does not.  These
5  slides are therefore misleading, prejudicial and confusing to the jury.

6  **DAN SCHONFELD**

7  **SDX3994/SDX3995.**  Dr. Schonfeld's report does not identify the source code page cited
8  as APL630DEF-WH-SC-A007070 on SDX3994, the function call at line 144 on SDX3994, or the
9  code reproduced on SDX3995, much less discuss any of this code, providing no notice to Apple
10 of the theories he will offer.  Because Dr. Storer did not have the opportunity to review and
11 respond, Apple is prejudiced by this late disclosure.  **SDX3996.**  SDX3996 contains an excerpt
12 from Apple's H5P User's Manual.  While Dr. Schonfeld does cite this manual in his report, he
13 nowhere includes this excerpt or discusses the feature in the excerpt.  Given this manual is 8,000
14 pages long, Apple had no notice of Dr. Schonfeld's opinion without a specific discussion of the
15 excerpt and its relevance.

16                    **APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS**

17 **JUDITH CHEVALIER**

18  **Analysis Group Website Pages.**  Samsung objects to two pages of the Analysis Group
19 website:  Dr. Chevalier's biography and an overview of survey methodologies.  The Analysis
20 Group supported Dr. Chevalier with her research and preparation of her report.  (Olson Decl.
21 Ex. 3 at ¶ 12.)  Her affiliation with them and their methodologies are proper subjects for cross
22 examination.  Apple will use these documents only as necessary to refresh recollection.  **David**
23 **Teece Reports/Testimony.**  Samsung's relevance and prejudice objections are contrary to the
24 Court's ruling that "past methodologies" of the parties' experts in the 1846 case are "highly
25 probative impeachment evidence that a fact-finder will consider." (Dkt. 1326 at 23.)  Dr.
26 Chevalier intends to testify regarding the analyses of Apple's experts in the 1846 case (*id.*), and
27 Apple should be permitted to cross examine her regarding the opinions of Samsung's experts in
28 that same case.  Samsung cannot deny the relevance of those opinions, as Dr. Chevalier

APPLE'S OBJS. AND RESP. RE: CHEVALIER, FREEMAN, FREEMAN, GARCIA, HONG, KEARL, MAZUR, MILLET,
PARULSKI, RAO, SCHONFELD, STORER AND MOTION TO SEAL
Case No. 12-cv-00630-LHK

2

1  considered these materials when forming her opinions.  (Olson Decl. Ex. 3 at pp. 106-07.)

2  Apple will use these materials only as necessary to refresh recollection.  **Dkt. 1542**

3  **(Preliminary Instructions).**  These instructions are already in the jurors' binders and are

4  proper subject matter to explore with a damages expert who is offering opinions in the context

5  of these instructions.

6  **MITCHAEL FREEMAN**

7  **PX254.**  This is a 1993 Smart Video Recorder Installation Guide showing the

8  installation of a video card having a video capture module, and is relevant for the same reason

9  discussed herein with respect to PX249 and PX253.  (Olson Decl. Ex. 4 at 71:6-12 (inventors

10  used Smart Video Recorder).)

11  **MICHAEL FREEMAN**

12  **PX251.**  This is a brochure for the inventors' commercial embodiment of the '239

13  patent, which Samsung itself identified for use with Mr. Freeman.  During prosecution, the

14  inventors identified the FirstLook Video product as a commercial embodiment (JX26 at 91-96),

15  and Mr. Freeman acknowledged that this brochure was about that product.  (Olson Decl. Ex. 5

16  at 58:17-59:8.)  **Robert Evatt Article**.  This article reflects Mr. Freeman's recollection about the

17  development and sale of the '239 patent, includes statements about the scope of the patent, and

18  will be used to refresh his recollection those topics.  To the extent there are factual inaccuracies,

19  they can be explained by Mr. Freeman or Samsung.  As to Samsung's objection that the article is

20  not in Apple's exhibit list, Apple notes it was published within the last week.

21  **ROBERTO GARCIA**

22  **JX41, JX42, JX43.**  Yesterday, Samsung informed Apple that Samsung is no longer

23  accusing any iPad products of infringement.  Thus, Apple agreed to withdraw these exhibits.

24  **JONG PIL HONG**

25  **7/4/13 Depo at 74.**  Mr. Hong testifies that he cannot answer whether Samsung purchased

26  the '239 patent in order to assert it against Apple.  This is his testimony, and there is nothing

27  confusing, misleading, or prejudicial about it.

28  **TRACEY MAZUR (INTEL)**

APPLE'S OBJS. AND RESP. RE: CHEVALIER, FREEMAN, FREEMAN, GARCIA, HONG, KEARL, MAZUR, MILLET, PARULSKI, RAO, SCHONFELD, STORER AND MOTION TO SEAL
Case No. 12-cv-00630-LHK

3

1       **PX248.** This is another version of the 1992 brochure attached to the fax in PX249, and is

2 relevant for the same reasons discussed herein for PX249, PX253, and PX254.

3 **TIM MILLET**

4       **PX257**. This is a Bill of Materials for a black iPhone 5. While Mr. Millet was initially

5 uncertain about the BOM he was shown at his deposition due to its small font, he later confirmed

6 it was a white iPhone 5 BOM and testified to its content. (Olson Decl. Ex. 6 at 82:3-83:6.)

7 **PX294 and PX298.** These are user's manuals for Apple's System-on-Chips. Mr. Millet is an

8 author of significant portions of PX294. (*See* PX294 at 18-19; Olson Decl. Ex. 6 at 37:6-

9 38:14.) He also was responsible for overseeing the SOC architecture described in PX298. (*Id.* at

10 25:14-19.) Samsung questioned Mr. Millet extensively regarding PX294 and other SOC

11 documents during his deposition. (*E.g., id.* at 36-41, 56-80, 116-119.) Apple will lay the proper

12 foundation during Mr. Millet's direct testimony and move the exhibits into evidence through Dr.

13 Storer.

14 **KEN PARULSKI**

15       **Kearl Expert Report/Transcript.** Mr. Parulski spoke with Dr. Kearl and reviewed the

16 '449 patent portions of Dr. Kearl's report. (*See* Olson Decl. Ex. 7 at 181:5-8.) Thus, it is proper

17 to question Mr. Parulski regarding those portions and any related deposition testimony. Apple

18 will not move these materials into evidence. **Schonfeld Expert Report**. The technologies and

19 products at issue for the '449 and '239 patents are related, and for this reason it is proper to cross-

20 examine Mr. Parulski regarding any inconsistencies or differences. Apple will not move the

21 report into evidence.

22 **SANJAY RAO**

23       **Rao, Sanjay K., "An Empirical Appraisal of Conjoint Choice Simulators".** This is

24 Dr. Rao's Ph.D. dissertation on conjoint survey techniques. There is nothing misleading or

25 prejudicial about Apple questioning Dr. Rao about his own dissertation. Indeed, Dr. Rao raised

26 the subject of his dissertation at his deposition. (Olson Decl. Ex. 8 at 207:1-11.) Apple will use

27 Dr. Rao's dissertation only to refresh his recollection and will not seek to admit it.

28

1  **DAN SCHONFELD**

2     **Samsung Opening Slide 15.**  Samsung presented this slide during its opening, and cannot

3  now be heard to complain that its contents have no relevance.  **Dkt. 1301 (Motion to Strike**

4  **Order).**  This Order is directly relevant to an understanding of the patent language, and Apple

5  should be allowed to cross Dr. Schonfeld with the Order if his opinions misrepresent that

6  language.  There is nothing confusing or prejudicial about the Court's statements, and because of

7  the February 2014 date the Order could not have been disclosed in Apple's expert reports.

8  **JAMES STORER**

9     **PX249/PX253.**  These exhibits are relevant to the plain meaning of "video capture

10  module" of claim 15 and will not be used for invalidity.  They show commercially-available

11  video cards having a video capture module.  (*See* '239 patent (JX25) at 4:39-46.)  PX253 is a

12  1992 fax to inventor Mitchael Freeman containing a brochure of a video card having a video

13  capture module, and PX249 is a 1993 document showing the installation of such components.

14  Dr. Storer discussed both documents very extensively in his ***non-infringement*** report.  (*See*

15  Olson Decl. Ex. 9 at ¶¶ 371-388, 534, 536, 540, 701.)  Mr. Freeman testified at his deposition that

16  the products in these exhibits were used in the inventors' commercial embodiment – which is

17  shown in a Samsung trial demonstrative.  (*See* Olson Decl. Ex. 4 at 56:8-13, 71:6-12.)  The Court

18  rejected Samsung motion to strike Dr. Storer's opinion regarding video capture module and

19  concluded that "Apple's experts' opinions fit within a permissible explanation of those terms'

20  plain and ordinary meanings." (Dkt. 1301 at 5, 7.)  **Apple Opening Slide 56.**  This slide shows

21  Fig. 7 of the '449 patent.  Dr. Storer discusses and shows Fig. 7 *twice* in his report when

22  addressing "list … as a search mode" to show the difference between the claim term and the

23  accused Camera Roll.  (Olson Decl. Ex. 9 at ¶¶ 300, 303; *see also* Dkt. 1301 at 9 n. 4

24  (discussing Fig. 7: "Absent argument from the parties as to whether the accused devices contain

25  the claimed list, the jury will be left to wonder how to resolve the stark contrast between the

26  patent's description of a 'list' and the 'Camera Roll.'");  Olson Decl. Ex. 10 at 116:5-15, 119:7-

27  120:24, 132:25-133:24, 135:2-136:10, 147:19-148:11 (discussing Fig. 7).)  Samsung's

28  objection that the slide represents an undisclosed and disclaimed opinion should be overruled.

APPLE'S OBJS. AND RESP. RE: CHEVALIER, FREEMAN, FREEMAN, GARCIA, HONG, KEARL, MAZUR, MILLET, PARULSKI, RAO, SCHONFELD, STORER AND MOTION TO SEAL
Case No. 12-cv-00630-LHK

5

## MOTION TO SEAL

Apple moves to seal the following materials because they contain Apple source code or detailed technical information regarding Apple's products: JX 52; PX 257, 294, 295, and 298; DX 351, 352, 353, 354, 371, 491, and 499; SDX 3721-3724, 3728-3730, 3733, 3737-3738, 3741-3742, 3750, 3977, 3978, 3979, 3981, 3982, 3983, 3984, 3985, 3986, 3990, 3991, 3992, 3993, 3994, 3995, 3996, 3996, 3997, 3998, 3999, 4000, and 4001. As set forth in the Declaration of Erik J. Olson in Support of Sealing (filed herewith), these materials should be sealed because they contain highly confidential source code or technical information.

Apple moves to seal the following materials because they contain highly confidential financial or market research information: DX 390, 391A, 399, 402, and 453A; PDX 102.1 and 102.2; SDX 3784, 3805, 3807, and 3935. As explained in the Declaration of Erik J. Olson in Support of Sealing, this information should be sealed because it is highly confidential and would cause harm to Apple if publicly disclosed.

Other materials disclosed by the parties for use with the above-mentioned witnesses also contain confidential Apple information. However, the Court has already granted Apple's requests to seal in whole or in part: PX 222A and 223A; DX 377, 401, 404, 405, 407, 411, 412, 413, 415, 417, 418, 420, 421, 422, 425, 427, 428, 430, 452, 457, 458, 489, and 500; PDX 92.26, 92.27, 92.29, 92.30, 92.31, 92.34, 92.35, 92.39, 92.40, 92.54, 92.55, 92.56, 92.57, 92.58, 92.59, 92.60, 92.61, 92.63, 92.64, 92.65, 92.66, 92.67, 92.68, 92.69, 92.70, 92.71, 92.72, 92.73, 92.75, 92.79, 92.80, 92.81, 92.82, 92.83, and 92.84. See Dkt. Nos. 1580, 1606, 1626, 1629.

Apple is not moving to seal any documents disclosed by the parties solely for impeachment or for refreshing recollection because these documents will not be entered into evidence. Apple expects that if Samsung uses any of these documents, Samsung will not display any confidential Apple information publicly. Apple reserves its right to move to seal any confidential information in these documents if necessary. Apple will file the documents it seeks to seal unless such documents are too voluminous or otherwise impracticable to file. In the event that a document is unable to be filed, Apple will lodge it with the Court, or, for source code specifically, Apple will make it available for the Court's review.

APPLE'S OBJS. AND RESP. RE: CHEVALIER, FREEMAN, FREEMAN, GARCIA, HONG, KEARL, MAZUR, MILLET, PARULSKI, RAO, SCHONFELD, STORER AND MOTION TO SEAL
Case No. 12-cv-00630-LHK

6

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: April 19, 2014 | MORRISON & FOERSTER LLP |

By: */s/ Rachel Krevans*
    Rachel Krevans

Attorneys for Plaintiff
APPLE INC.

APPLE'S OBJS. AND RESP. RE: CHEVALIER, FREEMAN, FREEMAN, GARCIA, HONG, KEARL, MAZUR, MILLET, PARULSKI, RAO, SCHONFELD, STORER AND MOTION TO SEAL
Case No. 12-cv-00630-LHK

7