| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | WILLIAM F. LEE |
| jkrevitt@gibsondunn.com | william.lee@wilmerhale.com |
| H. MARK LYON (CA SBN 162061) | WILMER CUTLER PICKERING |
| mlyon@gibsondunn.com | HALE AND DORR LLP |
| GIBSON, DUNN & CRUTCHER LLP | 60 State Street |
| 1881 Page Mill Road | Boston, MA 02109 |
| Palo Alto, CA 94304-1211 | Telephone: (617) 526-6000 |
| Telephone: (650) 849-5300 | Facsimile: (617) 526-5000 |
| Facsimile: (650) 849-5333 | |
| HAROLD J. McELHINNY (CA SBN 66781) | MARK D. SELWYN (SBN 244180) |
| hmcelhinny@mofo.com | mark.selwyn@wilmerhale.com |
| JAMES P. BENNETT (CA SBN 65179) | WILMER CUTLER PICKERING |
| jbennett@mofo.com | HALE AND DORR LLP |
| JACK W. LONDEN (CA SBN 85776) | 950 Page Mill Road |
| jlonden@mofo.com | Palo Alto, California 94304 |
| RACHEL KREVANS (CA SBN 116421) | Telephone: (650) 858-6000 |
| rkrevans@mofo.com | Facsimile: (650) 858-6100 |
| RUTH N. BORENSTEIN (CA SBN 133797) | |
| rborenstein@mofo.com | |
| ERIK J. OLSON (CA SBN 175815) | |
| ejolson@mofo.com | |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, California  94105-2482 | |
| Telephone:  (415) 268-7000 | |
| Facsimile:  (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.   12-cv-00630-LHK |
| Plaintiff, | **APPLE'S OBJECTIONS AND RESPONSES TO OBJECTIONS REGARDING JEFFERY CHASE, ANDREW COCKBURN, SAUL GREENBERG, KEVIN JEFFAY, JAMES MACCOUN, TODD MOWRY, MARTIN RINARD, ALEX SNOEREN, DANIEL WIGDOR, CHRISTOPHER VELLTURO, AND NOTICE REGARDING SEALING OF TRIAL EXHIBITS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

## APPLE'S OBJECTIONS TO SAMSUNG'S DISCLOSURES

**Witness Objection (All Samsung Rebuttal Witnesses).** None of Samsung's proposed rebuttal witnesses – Drs. Chase, Greenberg, Jeffay, Rinard or Wigdor – can testify regarding the only issue for which Samsung timely sought (in its proposed preliminary instructions) to present rebuttal testimony, *i.e.*, "the validity of Samsung's patents." (Dkt. 1305 at 39.) Thus, the Court should preclude these witnesses from re-appearing at trial and deny Samsung's belated mid-trial request to expand the scope of its rebuttal case to include the validity of *Apple's* patents. The Court's instructions to the jury do not afford Samsung such a rebuttal. (*See* Dkt. 1542 at 24.) To alter the order of proof at this late stage would likely confuse the jury and prejudice Apple, which planned its trial presentation in the context of the Court's preliminary instructions.

That Apple's experts will be addressing non-infringement in rebuttal does not alter the scope of Samsung's rebuttal. Samsung requested that Apple address non-infringement during rebuttal "to streamline the case." (Dkt. 1624 at 812:2-813:2.) Samsung did not request, nor did the Court suggest in granting the request (*id.* at 816:23-817:1), that the door would be opened to Samsung offering a rebuttal on the validity of Apple's patents that was never requested pre-trial.

### SAUL GREENBERG

**Testimony Beyond the Scope of Recall of Witness.** Samsung represented that any recall of Dr. Greenberg would be limited to invalidity. (*See* Dkt. 1717 at 2004:15-17.) Thus, to the extent Dr. Greenberg is permitted to present rebuttal testimony at all, it should be limited to invalidity, and he should not be permitted to provide testimony on any other issues, including non-infringement, non-infringing alternatives, conjoint surveys, or damages issues.

### KEVIN JEFFAY

**DX339.** This exhibit relates to a 1991 conference attended by Dr. Miller, a '647 patent inventor, at which an Embedded Buttons paper and video purportedly were presented. Apple objects to the use of DX339 to the extent Samsung seeks to elicit testimony suggesting that Dr. Miller was aware of Embedded Buttons and failed to disclose it to the PTO, as Samsung does not have an inequitable conduct claim. The Court previously held (in addressing Apple's prior objection to this exhibit when disclosed for Dr. Miller) that Samsung may not elicit testimony

APPLE'S OBJS. AND RESP. RE: CHASE, COCKBURN, GREENBERG, JEFFAY, MACCOUN, MOWRY, RINARD, SNOEREN, WIGDOR, VELLTURO AND NOTICE RE: SEALING OF TRIAL EXHIBITS
Case No. 12-cv-00630-LHK

1

related to inequitable conduct (Dkt. 1573), and the same applies here.

**TODD MOWRY**

**SDX4032.**  This demonstrative presents a misleading comparison between sentences from Dr. Mowry's preliminary injunction reply declaration and rebuttal report, with the false headline: "Dr. Mowry Changed His Opinion."  The argument that Samsung deletes in redline is disclosed in Dr. Mowry's report.  (*See* Declaration of Erik J. Olson ("Olson Decl.") Ex. 1 at ¶¶ 135-137, 151-152.)  Samsung may cross-examine Dr. Mowry on his prior opinions, but cannot misrepresent that he changed or dropped the opinions in question.

**Web Version of "Collaborative, Programmable Intelligent Agents" Article.**  Samsung has identified two archived versions of PX106 for use with Dr. Mowry (from 1999 and 2007, both supposedly accessed last week).  Because Samsung's expert did not testify about any archived versions of PX106, any questions to Dr. Mowry about these documents would be beyond the scope of his rebuttal.  Nor are the archived versions relevant, as the only relevant inquiry is whether the figure from Dr. Miller's article was publicly available before it was copied into Samsung's internal document dated 2010, an issue already established through Dr. Mowry's testimony about PX106.  (*See* Dkt. 1624 at 924:16-925:9.)

**MARTIN RINARD**

**JX54, DX306:**  The exhibits are prior art references that Samsung did not present in its case-in-chief.  While Samsung argues that it intends to use these exhibits only "to rebut Dr. Snoeren's rebuttal testimony," it may not deprive Apple's expert the opportunity to address Samsung's new invalidity theories by presenting them for the first time in rebuttal.

**DANIEL WIGDOR**

**Testimony Beyond the Scope of Recall of Witness.**  Samsung represented that any recall of Dr. Wigdor would be "on invalidity."  (Trial Tr. (4/18/14) at 2059:4-6.)  Thus, to the extent Dr. Wigdor is permitted to present rebuttal testimony, he should not be permitted to testify about non-infringing alternatives, conjoint survey analysis, or damages issues.

**CHRISTOPHER VELLTURO**

*VirnetX* **Deposition Testimony.**  The Court already sustained Apple's objection to

APPLE'S OBJS. AND RESP. RE: CHASE, COCKBURN, GREENBERG, JEFFAY, MACCOUN, MOWRY, RINARD, SNOEREN, WIGDOR, VELLTURO AND NOTICE RE: SEALING OF TRIAL EXHIBITS
Case No. 12-cv-00630-LHK

2

1    Samsung's use of Dr. Vellturo's *VirnetX* trial testimony.  (Dkt. 1626 at 2.)  Samsung now has

2    disclosed Dr. Vellturo's *VirnetX* deposition testimony.  Because Judge Grewal has found that

3    there is no technological nexus between this case and *VirnetX* (Dkt. 636 at 37-39), any probative

4    value of the *VirnetX* materials is substantially outweighed by the risk of jury confusion, and Dr.

5    Vellturo's *VirnetX* deposition testimony (like his trial testimony) should be excluded.

6    **DX462.**  Dr. Vellturo had no role in the preparation of this alleged summary of news

7    articles (a summary prepared by Samsung) and cannot confirm that it faithfully represents any

8    underlying source.  Moreover, each selection, even if accurate, is relevant only for the truth of the

9    matters stated regarding alleged supply shortages.  Thus, the statements are inadmissible hearsay.

10   **APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS**

11   **Sufficiency of Apple's Cross Disclosures (All Samsung Rebuttal Witnesses).**  Apple

12   sufficiently identified its cross examination materials for Samsung's rebuttal witnesses.  In

13   particular, for each Samsung expert, Apple disclosed that it would use: (1) the materials on

14   Samsung's own rebuttal disclosure for that witness; and (2) the exhibits on Apple's rebuttal

15   disclosure for the relevant Apple expert.  (*See* Olson Decl. Ex. 2.)  Samsung cannot object to

16   the use of its own disclosures.  As to the second set of exhibits, Samsung did identify objections

17   to Apple's rebuttal disclosures (briefed herein).  There is no basis for Samsung's claim that

18   Apple's disclosures were insufficiently precise.

19   **ANDREW COCKBURN**

20   **Witness objection.**  The Court has already addressed this objection.  When the Court

21   granted Samsung's request that Apple address non-infringement and non-infringing alternatives

22   in rebuttal (not direct), the Court also held that Samsung could not use the timing of its request,

23   made after Dr. Cockburn's direct examination, to preclude him from presenting rebuttal

24   testimony on these issues.  (*See* Dkt. 1624 at 815:7-816:22.)

25   **PDX97.103.**  Samsung objected to two versions of this slide, one stating "PTO ruled the

26   '721 valid" and the other (proposed by Apple during meet and confer) "PTO issued the '721 as

27   valid."  Samsung's objections ignore the statutory presumption of validity.  35 U.S.C. § 282.

28   **PDX97.124.**  There is nothing misleading about this demonstrative, which depicts an

APPLE'S OBJS. AND RESP. RE: CHASE, COCKBURN, GREENBERG, JEFFAY, MACCOUN, MOWRY, RINARD, SNOEREN, WIGDOR, VELLTURO AND NOTICE RE: SEALING OF TRIAL EXHIBITS
Case No. 12-cv-00630-LHK

3

1  unaltered figure from JX59 and the language of claim 18 of the '172 patent.  The slide accurately

2  reflects both the underlying documents and Dr. Cockburn's disclosed opinion that "Xrgomics

3  does not disclose replacing a current character string with a suggested replacement character

4  string."  (Olson Decl. Ex. 3 at ¶¶ 120-26.)  As he explained, the elements of claim 18 underlined

5  in red in PDX 97.124 are not only missing from JX59, but JX59 discloses the opposite behavior

6  of the first element shown with an "X."  (*Id.*)

**JAMES MACCOUN**

**Witness objection.**  Apple offers Mr. MacCoun's testimony and related exhibits regarding Google's indemnification of Samsung to impeach the credibility of the Google employees who testified on Samsung's behalf, a purpose specifically allowed by FRE 411.  *See In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1014 (9th Cir. 2008).  Samsung has sought to make Google the centerpiece of their defense, calling more Google than Samsung witnesses.  Google's direct pecuniary interest in the outcome of this matter is directly relevant to the credibility of these witnesses. *See Brocklesby v. United States*, 767 F.2d 1288, 1292–93 (9th Cir. 1985).  The probative value of this evidence to show bias far outweighs any potential prejudice.

**PTX2003, PTX2004.**  These letters concerning indemnification are relevant to showing bias of Google witnesses.  In the 1846 trial, the Court permitted the parties to offer rebuttal exhibits that were not on the exhibit lists (*e.g.*, 1846 Dkt. 1798), consistent with the Court's Standing Order, which does not require exhibit lists to include rebuttal exhibits.  Both of these letters were exhibits to Mr. MacCoun's deposition and his testimony authenticated and laid a foundation for them.  (Olson Decl. Ex. 4 at 17:9-18:12, 20:16-21:12 and Exs. 3, 4.)  The Court already overruled Samsung's objection that a similar indemnification document (PX227) was not disclosed in Apple's interrogatory responses.  (*See* Dkt. 1656 at 2; Dkt. 1639-3 at 6.)

**TODD MOWRY**

**Witness objections:  (1) Infringement of claim 1:**  Dr. Mowry is not precluded from testifying that eliminating the "pop-up menu" required of claim 9 would not avoid infringement.  Any relevant prior orders were limited to other patents and claims that were not asserted or that were withdrawn.  Moreover, Samsung's expert opened the door to rebuttal by testifying that,

without the pop-up menu required by claim 9, "legally you cannot infringe the patent." (Dkt. 1717 at 1797:6-1798:8.)  **(2) New infringement theories on rebuttal:** Apple does not intend to offer new infringement theories.  Dr. Mowry may testify regarding infringement by purported non-infringing alternatives discussed *after* his direct testimony.  Dr. Mowry was prepared to address them during his direct testimony, but, at Samsung's request, reserved that testimony for rebuttal. (*See* Dkt. 1624 at 816:23-817:1.) **(3) Secondary considerations:** Dr. Mowry's reports fully disclose his opinions on commercial success, praise, and copying, all of which concern validity. (*See* Olson Decl. Ex. 5 at ¶¶ 84-88; Ex. 1 at ¶¶ 381-399.) Dr. Mowry's direct did not address these validity issues because, at Samsung's request, the Court deferred his validity opinions until rebuttal. (*See* Dkt. 1607.)

**ALEX SNOEREN**

**Witness Objection.** The Court permitted Dr. Rinard to testify about GSA 2.7 to the extent of his rebuttal expert report (Dkt. 1398), and Dr. Snoeren should now be permitted to respond.[1] Dr. Rinard's testimony went well beyond arguing that GSA 2.7 is a non-infringing alternative, as he attempted to explain why Dr. Snoeren did not accuse GSA 2.7 of infringement and weaved that testimony into a new non-infringement discussion. *See* Dkt. 1717 at 1897:20-1904:20. Samsung thus opened the door to Dr. Snoeren responding to Dr. Rinard's non-infringement arguments that rely on GSA 2.7.

---

[1] Dr. Snoeren did not serve a supplemental report because it would have been limited to disputing whether GSA 2.7 was a non-infringing alternative using the same infringement theories. Dkt. 1056 (Ex. A at 3).

APPLE'S OBJS. AND RESP. RE: CHASE, COCKBURN, GREENBERG, JEFFAY, MACCOUN, MOWRY, RINARD, SNOEREN, WIGDOR, VELLTURO AND NOTICE RE: SEALING OF TRIAL EXHIBITS
Case No. 12-cv-00630-LHK

5

**NOTICE REGARDING SEALING OF TRIAL EXHIBITS**

The parties have disclosed materials for use with Chase, Cockburn, Greenberg, Jeffay, MacCoun, Mowry, Rinard, Snoeren, Vellturo, and Wigdor that contain confidential Apple information. However, the Court has already granted Apple's requests to seal these materials in whole or in part, including: Apple's Supplemental Responses to Interrogatories Nos. 25, 26, 41, 42; DX 377, 399, 404, 405, 407, 411, 412, 413, 415, 416, 417, 418, 420, 421, 422, 425, 427, 428, 429, 430, 452, 453A, 457, 489, and 500; PDX 92.26, 92.27, 92.29, 92.30, 92.31, 92.34, 92.35, 92.39, 92.40, 92.58, 92.59, 92.63, 92.64, 92.66, 92.68, 92.70, 92.71, 92.72, 92.73, 92.75, 92.79, 92.80, 92.81, 92.82, 92.83, 92.84, 102.1, and 102.2; SDX 3784, 3805, and 3807. *See* Dkt. Nos. 1580, 1607, 1618, 1626, 1629, 1678, 1727, and 1730. In addition, in their rebuttal disclosures, the parties have incorporated by reference prior disclosures. The Court has already ruled on the parties' sealing requests related to these prior disclosures.

The parties have also disclosed certain documents solely for impeachment or for refreshing a witness's recollection. Apple is not moving to seal any documents disclosed by the parties solely for impeachment or for refreshing a witness's recollection because they will not be entered into evidence. Apple expects that if Samsung uses any of these documents, Samsung will not display any confidential Apple information publicly. Apple reserves its right to move to seal any confidential Apple information in these materials if necessary.

APPLE'S OBJS. AND RESP. RE: CHASE, COCKBURN, GREENBERG, JEFFAY, MACCOUN, MOWRY, RINARD, SNOEREN, WIGDOR, VELLTURO AND NOTICE RE: SEALING OF TRIAL EXHIBITS
Case No. 12-cv-00630-LHK

6

| | | |
|---|---|---|
| 1 | Dated: April 20, 2014 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: */s/ Rachel Krevans* |
| 4 | | Rachel Krevans |
| 5 | | Attorneys for Plaintiff<br>APPLE INC. |