# Corrected Exhibit 4

# (Unredacted version of document sought to be filed under seal)

Highly Confidential Business Information
of Google Inc.

```
                                                              Page 1
 1             UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3                  SAN JOSE DIVISION
 4
 5
 6  APPLE INC., a California
    corporation,
 7
                Plaintiff,
 8
         vs.                          Case No.
 9                                    12-cv-00630-LHK (PSG)
    SAMSUNG ELECTRONICS CO., LTD.,
10  a Korean corporation; SAMSUNG
    ELECTRONICS AMERICA, INC., a
11  New York corporation; and
    SAMSUNG TELECOMMUNICATIONS
12  AMERICA, LLC, a Delaware
    limited liability company,
13
                Defendants.
14  _____
15
16
17      ** HIGHLY CONFIDENTIAL BUSINESS INFORMATION
                 OF GOOGLE INC. **
18
19
        VIDEOTAPED DEPOSITION OF JAMES W. MACCOUN, ESQ.
20              San Francisco, California
21              Friday, August 16, 2013
22
23
24  Reported by:
    LESLIE ROCKWOOD, RPR, CSR 3462
25  Job No. 64920
```

Highly Confidential Business Information
of Google Inc.

Page 4

1    Friday, August 16, 2013; San Francisco, California

2                      9:37 A.M.

3

4         THE VIDEOGRAPHER:  Good morning.  This is the                09:37
5    beginning of Disk Number 1 of the videotaped deposition
6    of Mr. Jim Maccoun in the matter Apple, Inc., versus
7    Samsung Electronics in the United States District Court,
8    Northern District of California, San Jose Division, Case
9    Number 12-CV-630-LHK.
10        This deposition is being held at Quinn Emanuel,            09:37
11   50 California Street, San Francisco, California, on
12   August 16th, 2013, at 9:37 a.m.
13        I'm Alexei Dias from TSG Reporting, Inc., and
14   our court reporter today is Leslie Rockwood.
15        Counsel, would you please introduce yourself.              09:38
16        MR. STONE:  Rod Stone from Gibson Dunn on
17   behalf of Apple.
18        MR. WARREN:  Matt Warren from Quinn Emanuel on
19   behalf of nonparty Google Inc. and the witness.  And
20   with me is Susan Kim, inhouse counsel for Google.               09:38
21        THE VIDEOGRAPHER:  Thank you.
22        Will the court reporter please swear in the
23   witness.
24        THE REPORTER:  If you'd raise your right hand,
25   please.

Highly Confidential Business Information
of Google Inc.

Page 5

1        You do solemnly state that the evidence you
2   shall give in this matter shall be the truth, the whole
3   truth and nothing but the truth, so help you God?
4        THE WITNESS:  Yes, I do.
5        THE REPORTER:  Thank you, sir.
6                      EXAMINATION
7   BY MR. STONE:
8        Q.  Good morning, Mr. Maccoun.
9        A.  Good morning.
10       Q.  Am I pronouncing that correctly?                09:38
11       A.  Yes.  It's pronounced Maccoun.
12       Q.  As I introduced myself, I'm Rod Stone on behalf
13  of Apple.  I'm going to ask you some questions today in
14  some litigation between Apple and Samsung.  If you don't
15  understand any of my questions, please let me know, and  09:39
16  I'll be happy to try and rephrase them to the extent I
17  can.  And if you need a break for any reason, let me
18  know.  I'm happy to take a break.
19            Who are you currently employed by?
20       A.  I'm employed by Google Inc.                     09:39
21       Q.  How long have you been employed by Google?
22       A.  Since 2011.
23       Q.  Where did you work prior to joining Google?
24       A.  Hewlett-Packard Company most recently.
25       Q.  How long were you with Hewlett-Packard Company? 09:39

Highly Confidential Business Information
of Google Inc.

Page 17

| | | |
|---|---|---|
| 1 | Q. This was the most recent email on this subject | |
| 2 | that was provided to us. | |
| 3 | Are you aware of emails or letters subsequent | |
| 4 | to this email in December of 2012 relating to | |
| 5 | indemnification by Google of Samsung for this | 09:58 |
| 6 | litigation? | |
| 7 | MR. WARREN: So he asked for any emails. Feel | |
| 8 | free to answer regarding nonprivileged emails, but with | |
| 9 | regard to privileged emails regarding the topic, you | |
| 10 | should obviously not answer. | 09:58 |
| 11 | THE WITNESS: The emails that I was thinking of | |
| 12 | were prior to this. | |
| 13 | BY MR. STONE: | |
| 14 | Q. Were prior to this. Okay. | |
| 15 | A. And the letters that I was thinking of were | 09:58 |
| 16 | prior to this as well. | |
| 17 | Q. Okay. I was hoping to go quickly today and | |
| 18 | short-circuit this, but -- | |
| 19 | MR. STONE: Mark this as Exhibit 3, please. | |
| 20 | (Exhibit 3, Letter to Andy Rubin from | |
| 21 | JaeHyoung Kim, 4/5/12, | |
| 22 | GOOG-NDCAL630-00065923 - 24, marked for | |
| 23 | identification.) | |
| 24 | BY MR. STONE: | |
| 25 | Q. Do you recognize what's been marked as. | 09:59 |

Highly Confidential Business Information
of Google Inc.

Page 18

1  Exhibit 3, Mr. Maccoun?

2      A.  Yes, I do.

3      Q.  What is it?

4      A.  It's a letter from Samsung to Google.

5      Q.  And was this letter Samsung's initial request                09:59

6  to be indemnified for this litigation by Google?

7      A.  I'm not aware of any earlier request.

8      Q.  This is the first request that you're aware of;

9  is that correct?

10         MR. WARREN:  Objection.  Asked and answered.                 09:59

11         THE WITNESS:  This is the first request that

12 I'm aware of, yes.

13 BY MR. STONE:

14     Q.  And as part of your preparation for your

15 deposition today, had there been an earlier request,                  10:00

16 you'd have become aware of it; correct?

17         MR. WARREN:  You can answer that question "yes"

18 or "no."  Don't reveal the contents of any

19 communications with counsel.

20         THE WITNESS:  I believe so.                                  10:00

21 BY MR. STONE:

22     Q.  The bottom of page -- of the first page of the

23 letter states:  "Pursuant to the Mobile Application

24 Distribution Agreement, dated of January 1, 2011, and

25 the Strategic Marketing Agreement, dated of December 1,               10:00

Highly Confidential Business Information
of Google Inc.

Page 20

1           MR. WARREN:  Objection.  Vague.

2           Same instruction regarding privilege.

3           THE WITNESS:  So I recall that the MADA does

4    have provisions relating to defense and indemnification.

5    BY MR. STONE:                                              10:02

6       Q.  And the same is true for the Strategic

7    Marketing Agreement?

8           MR. WARREN:  Same objection.  Vague.

9           And same instruction regarding privilege.

10          THE WITNESS:  Well, I -- it would be helpful to    10:02

11   see it.  But in general, I seem to recall that the

12   Strategic Marketing Agreement simply incorporated the

13   provisions of the MADA -- or stated something to the

14   effect that the MADA would be similarly used.  Something

15   like that.                                                 10:02

16          MR. STONE:  Would you please mark this as

17   Exhibit 4.

18          (Exhibit 4, Letter to JaeHyoung Kim and

19           Seong-Woo Kim from Allen Lo, 5/21/12,

20           GOOG-NDCAL630-00065935 - 37, marked for

21           identification.)

22          MR. STONE:  Exhibit 3, which we were just

23   looking at, was dated April 5th.  And it was a letter of

24   JaeHyoung Kim of Samsung to Mr. Andy Rubin of Google.

25          Exhibit 4 is a letter from Allen Lo of Google,     10:03

Highly Confidential Business Information
of Google Inc.

Page 21

1  Deputy General Counsel Patents and Patent Litigation, to
2  JaeHyoung Kim.  And it's dated May 21, 2012.  Subject
3  is:  "Apple litigation alleged patent infringement."
4       Q.  Have you seen this exhibit before?
5       A.  Yes, I have.                                      10:04
6       Q.  Is this Google's response to Samsung's request
7  for indemnification, dated April 5th, 2012?
8           MR. WARREN:  Objection.  Vague, lacks
9  foundation.
10          THE WITNESS:  The document does state, in the    10:04
11 first sentence, that it's a response to the letter of
12 April 5th, 2012.
13 BY MR. STONE:
14      Q.  Okay.  In this letter, did Google agree to
15 indemnify Samsung for any of the claims in the             10:04
16 litigation?
17          MR. WARREN:  Objection.  Vague.
18          Obviously you can answer that question to the
19 extent that doing so would not reveal any privileged
20 information.                                               10:05
21          THE WITNESS:  So as I read it, Google's
22 essentially offering to defend Samsung to the MADA and
23 does offer to defend some -- some claims.
24 BY MR. STONE:
25      Q.  Which claims does Google offer to defend in      10:05