JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JAMES P. BENNETT (CA SBN 65179)
jbennett@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 5:12-cv-00630-LHK (PSG)<br><br>**APPLE'S NOTICE OF MOTION AND MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS AGAINST SAMSUNG**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

1

## NOTICE OF MOTION

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that Plaintiff Apple Inc. ("Apple") shall and hereby does move

4  the Court, pursuant to Civil Local Rule 54-5 and the parties' stipulation and Court's order (Dkt.

5  1893), for review of the Clerk's Taxation of Costs (Dkt. 2125).  Per the parties' stipulation and

6  Court's order (Dkt. 1893), motions to review the Clerk's award are due on March 4, 2015, and a

7  hearing date, if necessary, will be determined by the Court.

8        Apple's motion is based on this Notice, the Memorandum of Points and Authorities

9  below, Apple's Bill of Costs and Amended Bill of Costs and accompanying declarations and

10  schedules (Dkts. 2031, 2060, 2061, 2062), and such other written or oral argument as was and

11  may be presented at or before the time this motion is taken under submission by the Court.

12

## RELIEF REQUESTED

13        Apple respectfully requests that the Court review the Clerk's taxation of costs with respect

14  to the category "Fees for exemplification and the costs of making copies of any materials where

15  the copies are necessarily obtained for use in the case," and order that Apple recover costs in the

16  amount of $1,125,173.11.

17

18  Dated: March 4, 2015                    MORRISON & FOERSTER LLP

19

20                                     By:   /s/ Rachel Krevans
                                            RACHEL KREVANS

21
                                        Attorneys for Plaintiff
22                                      APPLE INC.

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

Page

3    I.      PROCEDURAL BACKGROUND ......................................................................... 1

     II.     LEGAL STANDARDS ....................................................................................... 2
4
     III.    ARGUMENT ...................................................................................................... 3
5
             A.      As the Prevailing Party, Apple Is Entitled to Its Taxable Costs ............................ 3
6
             B.      Apple Is Entitled to All Its Requested Costs Related to Exemplification,
                     Costs of Making Copies, and Related Items. ...................................................... 4
7
                     1.      Costs of Making Copies ............................................................................ 4
8
                             a.      Materials provided to the Court ....................................................... 4
9
                             b.      Materials tendered to the jury .......................................................... 5
10
                             c.      Witness examination binders ........................................................... 5
11                           d.      Source code for production at trial .................................................. 6

                     2.      Devices ...................................................................................................... 6
12
                     3.      Trial Graphics and Demonstratives ......................................................... 7
13
                     4.      Electronic Discovery ................................................................................ 7
14
                             a.      Production of source code ............................................................... 8
15                           b.      Costs for processing and uploading of produced documents .......... 8

     IV.     CONCLUSION ................................................................................................ 10

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

C<span style="font-variant:small-caps">ASES</span>

4

*Alzheimer's Inst. of Am., Inc. v. Elan Corp. PLC*,
No. C 10-00482 EDL,

5

2013 U.S. Dist LEXIS 31952 (N.D. Cal. Jan. 30, 2013) ........................................ 9

6

*CBT Flint Partners, LLC v. Return Path, Inc.*,
737 F.3d 1320 (Fed. Cir. 2011) ................................................................................ 8

7

8

*CRS Recovery, Inc. v. Laxton*,
No. C 06-7093 CW,

9

2013 U.S. Dist. LEXIS 4240 (N.D. Cal. Jan. 10, 2013) .......................................... 5

10

*eBay v. Kelora Sys., LLC*,
No. C 10-4947 CW (LB),

11

2013 U.S. Dist. LEXIS 49835 (N.D. Cal. Apr. 5, 2013) ...................................... 8, 9

12

*Haagen–Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*,
920 F.2d 587 (9th Cir. 1990) (per curiam) ............................................................. 7

13

14

*In re Ricoh Co. Patent Litig.*,
661 F.3d 1361 (Fed. Cir. 2011) ............................................................................ 4, 9

15

*Jardin v. DATAllegro, Inc.*,
No. 08–CV–1462-IEG (WVG),

16

2011 U.S. Dist. LEXIS 117517 (S.D. Cal. Oct. 12, 2011) ...................................... 9

17

18

*Lopez v. San Francisco Unified Sch. Dist.*,
385 F. Supp. 2d 981 (N.D. Cal. 2005) .................................................................... 3

19

*Maxwell v. Hapag-Lloyd Aktiengesellschaft*,
862 F.2d 767 (9th Cir. 1998) ............................................................................... 6, 7

20

21

*Parrish v. Manatt, Phelps & Phillips, LLP*,
No. C 10-03200 WHA,

22

2011 U.S. Dist. LEXIS 41021 (N.D. Cal. Apr. 11, 2011) ...................................... 9

23

*Petrolian Nasional Berhad v. GoDaddy.com, Inc.*,
No. C 09-5939 JP/JH,

24

2012 U.S. Dist. LEXIS 64555 (N. D. Cal. May 8, 2012),

25

*cert. denied*, 135 S. Ct. 55 (2014) ......................................................................... 9

26

*Quan v. Computer Scis. Corp.*,
623 F.3d 870 (9th Cir. 2010) .............................................................................. 3, 4

27

28

A<span style="font-variant:small-caps">PPLE'S</span> M<span style="font-variant:small-caps">OTION FOR</span> R<span style="font-variant:small-caps">EVIEW OF</span> C<span style="font-variant:small-caps">LERK'S</span> T<span style="font-variant:small-caps">AXATION OF</span> C<span style="font-variant:small-caps">OSTS</span> A<span style="font-variant:small-caps">GAINST</span> S<span style="font-variant:small-caps">AMSUNG</span>
C<span style="font-variant:small-caps">ASE</span> N<span style="font-variant:small-caps">O.</span> 12-cv-00630-LHK (PSG)
sf-3509567

ii

*San Diego Police Officer's Ass'n v. San Diego City Emps. Ret. Sys.*,
    568 F.3d 725 (9th Cir. 2009)................................................................................. 3

*Save Our Valley v. Sound Transit*,
    335 F.3d 932 (9th Cir. 2003), *abrogated on other grounds by*
    *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014)................................. 3

*Serv. Emps. Int'l Union v. Rosselli*,
    No. C 09-5939 JP/JH,
    2010 U.S. Dist. LEXIS 122202 (N.D. Cal. Nov. 1, 2012)........................................ 9

*Shum v. Intel Corp.*,
    682 F. Supp. 2d 992 (N.D. Cal. 2009), *aff'd*, 629 F.3d 1360 (Fed. Cir. 2010)........................ 7

*Vectren Commc'ns Servs. v. City of Alameda*,
    No. C 08-3137 SI,
    2014 U.S. Dist. LEXIS 100227 (N.D. Cal. July 22, 2014)................................. 4, 5

*Weco Supply Co. v. Sherwin-Williams Co.*,
    No. 1:10-CV-00171 AWI BAM,
    2013 U.S. Dist. LEXIS 1572 (E.D. Cal. Jan. 3, 2013)........................................ 6

STATUTES

28 U.S.C. § 1920 ........................................................................................... 2, 4, 7, 8

OTHER AUTHORITIES

Fed. R. Civ. P. 54 ........................................................................................... 2, 3, 4

N.D. Cal. Civ. L. R. 54-3 ...........................................................................*passim*

10 James W. Moore et al., *Moore's Federal Practice* ¶ 54.101[1][a] (3d ed. 1997)..................... 3

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

As the prevailing party in this case, Apple requested reimbursement of recoverable costs of $1,138,842.13, and submitted sworn declarations and evidence in support of that amount. Apple was guided by the Court's costs order in Case No. 5:11-cv-01846.  (1846 Dkt. No. 3193 ("1846 Order").)  Here, the Clerk disallowed $465,775.85 of Apple's requested $676,681.31 for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  Apple respectfully requests that the Court (1) review the Clerk's award with respect to the exemplification costs only, and (2) award to the full amount Apple requested for exemplification (in addition to the other categories that were awarded by the Clerk in its order on costs).[1]

**I.     PROCEDURAL BACKGROUND**

Apple filed this action on February 8, 2012, alleging infringement of eight utility patents. Samsung counterclaimed, alleging infringement of eight utility patents.  Over the course of several rounds of case narrowing, Apple narrowed its claims to five patents and Samsung narrowed its claims to three patents.  In January 2014, the Court granted summary judgment in Apple's favor as to infringement of one Apple patent and invalidity of one Samsung patent.  (Dkt. 1151 at 48-49; Dkt. 1150 at 44.)  The claims that remained were tried to a jury in March and April 2014.  The jury returned a verdict in Apple's favor, finding infringement of two patents (in addition to the one found infringed on summary judgment), finding none of Apple's patents invalid, finding that Samsung's infringement of one patent was willful, and awarding Apple damages in the amount of $119,625,000.  (Dkt. 1884 at 2-10.)  The jury also found that Apple infringed one Samsung patent but did not infringe the other, and awarded Samsung damages in the amount of $158,400.  (*Id.* at 11-12.)  After post-trial motions, the Court granted Samsung's motion for judgment as a matter of law that Samsung did not willfully infringe, but denied

---

[1] On February 24, 2015, the clerk also awarded costs to Samsung.  Apple will move separately for review of that award.

1  Samsung's motion in all other respects.  (Dkt. 1965 at 1.)  The Court entered final judgment on

2  November 25, 2014.  (Dkt. 2076.)

3          On October 9, 2014, Apple submitted its Bill of Costs seeking a total of $1,144,849.24 in

4  three categories of taxable costs:  (1) "printed or electronically recorded transcripts";

5  (2) "exemplification and the costs of making copies"; and (3) "[c]ompensation of interpreters."

6  (Dkt. 2031-3.)  Samsung filed objections on October 30, 2014.  (Dkt. 2058.)  After reviewing

7  Samsung's objections and in an effort to minimize the disputes between the parties, Apple filed a

8  notice of intent to waive certain costs (Dkt. 2059) along with amended schedules, followed by a

9  corrected bill of costs (Dkt. 2062), ultimately seeking $1,138,842.13 in the same three categories

10  of taxable costs.  On November 20, 2014, Samsung again filed objections.  (Dkt. 2065.)

11          On February 8, 2015, the Clerk taxed costs in the amount of $659,397.26.  (Dkt. 2125.)

12  The Clerk disallowed $13,669.02 in transcript costs "as outside the ambit of LR 54-3(b)(3)" and

13  $465,775.85 in costs for exemplification and copies "as outside the ambit of LR 54-3(d)(5)."

14  (*Id.*)  The face of the Clerk's award does not indicate which specific requested costs were

15  awarded and which were not.  Apple attempted to reverse-engineer the award, including by

16  attempting to tie the Clerk's amounts to Apple's requests and Samsung's objections, but was

17  unable precisely to determine how the Clerk's amounts were calculated or derived.  In the interest

18  of minimizing disputes, Apple challenges in this motion only the Clerk's disallowance of certain

19  exemplification costs, and does not challenge the disallowance of certain transcript costs.

20  **II.    LEGAL STANDARDS**

21          "Unless a federal statute, these rules, or a court order provides otherwise, costs—other

22  than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  The

23  categories of taxable costs are listed in 28 U.S.C. § 1920, and include costs for:  (1) "printed or

24  electronically recorded transcripts necessarily obtained for use in the case"; (2) "exemplification

25  and the costs of making copies of any materials where the copies are necessarily obtained for use

26  in the case"; and (3) "compensation of interpreters."  28 U.S.C. § 1920(2), (4), (6).  This

27  District's Civil Local Rule 54-3 provides specific guidance for taxing costs incurred for each of

28

1    the three categories that Apple requested (transcripts, document reproduction and

2    exemplification, and interpreters).  Civ. L.R. 54-3(b)-(d).

3          The Ninth Circuit has held that Rule 54 "create[s] a presumption for awarding costs to

4    prevailing parties," and "places on the losing party the burden to 'show why costs should not be

5    awarded.'"  *Quan v. Computer Scis. Corp.*, 623 F.3d 870, 888 (9th Cir. 2010), *abrogated on other*

6    *grounds by Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014), (quoting *Save Our*

7    *Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003)); *see also* Fed. R. Civ. P. 54(d)(1);

8    10 James W. Moore et al., *Moore's Federal Practice* ¶ 54.101[1][a] (3d ed. 1997) ("The

9    presumption is so strong that if the judgment entered by the district court is absolutely silent as to

10   costs, the judgment is presumed to be one allowing costs.").  Because Rule 54(d) presumes an

11   award of costs to the prevailing party, "a district court need not give affirmative reasons for

12   awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently

13   persuasive to overcome the presumption in favor of an award."  *Save Our Valley v. Sound*

14   *Transit*, 335 F.3d 932, 945 (9th Cir. 2003).  When a party seeks review of the Clerk's taxation of

15   costs, the Court reviews the Clerk's determination *de novo.  Lopez v. San Francisco Unified Sch.*

16   *Dist.*, 385 F. Supp. 2d 981, 1001 (N.D. Cal. 2005).

17   **III.    ARGUMENT**

18          **A.    As the Prevailing Party, Apple Is Entitled to Its Taxable Costs.**

19          Apple is the prevailing party.  As detailed in Section I above, Apple prevailed on

20   infringement as to three of five asserted patents; Apple prevailed on validity as to all five asserted

21   patents; a jury found willful infringement; and the jury awarded Apple nearly $120 million for

22   Samsung's violation of Apple's IP rights.  By contrast, Samsung prevailed on only one of two

23   patents at trial and was awarded less than $160,000—approximately 0.13% of what the jury

24   awarded Apple.  In addition, before trial, the Court granted Apple's motion for summary

25   judgment of invalidity of one of the three Samsung patents that still remained in the case (leaving

26   two Samsung patents for trial).  The jury's verdict and damages award clearly make Apple the

27   prevailing party.  *See, e.g.*, *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*,

28   568 F.3d 725, 741 (9th Cir. 2009) (party need not prevail on all claims to be prevailing party); *see*

*also* 1846 Order (rejecting Samsung's argument that Apple was not prevailing party due to partial victory and recovery, and stating, "[T]he test is whether Apple has obtained relief that 'materially alter[s] the legal relationship between the parties by modifying [Samsung's] behavior in a way that directly benefits' Apple." (quoting *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010).)

As the prevailing party, Apple is presumptively entitled to recover its taxable costs.  Fed. R. Civ. P. 54(d)(1).  By contrast, Samsung bears the burden of demonstrating why costs should not be awarded.  *Quan*, 623 F.3d at 888.

**B.**    **Apple Is Entitled to All Its Requested Costs Related to Exemplification, Costs of Making Copies, and Related Items.**

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C. § 1920(4).  Apple seeks costs in this category of $676,681.31.  The Clerk disallowed $465,775.85 of Apple's costs in this category as "outside the ambit of LR 54-3(d)(5)," awarding only $210,905.46.  (Dkt. 2125.)  But the Clerk's conclusion in this respect was erroneous, and Apple should recover a further $465,775.85 in costs (beyond those already awarded by the Clerk).

**1.    Costs of Making Copies.**

*In re Ricoh Co. Patent Litigation* permits recovery for the costs of copies for purposes of discovery that are supplied to the opposing party, or otherwise "necessarily obtained for use in the case."  661 F.3d 1361, 1367-68 (Fed. Cir. 2011).  Here, Apple seeks four categories of copying costs:  (1) materials provided to the Court pursuant to Court order, such as trial exhibits; (2) materials provided to the jury, such as jury books or binders; (3) witness examination binders tendered to Samsung; and (4) copies of source code produced to Samsung.  In total, Apple seeks $42,567.36 in copying costs.

**a.    Materials provided to the Court.**

Civil Local Rule 54-3(d)(4) states that "[t]he cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided."  Recovery for trial exhibits has been routinely permitted by courts in this district.  *Vectren Commc'ns Servs. v. City of Alameda*,

1   No. C 08-3137 SI, 2014 U.S. Dist. LEXIS 100227, at *16-17 (N.D. Cal. July 22, 2014) ("[T]he

2   Court finds that Alameda is entitled to recover the cost of preparing trial exhibits" and may

3   recover costs of copies for the four binder sets required by the court.); *CRS Recovery, Inc. v.*

4   *Laxton*, No. C 06-7093 CW, 2013 U.S. Dist. LEXIS 4240, at *7-8 (N.D. Cal. Jan. 10, 2013)

5   (awarding "the cost of preparing trial exhibit binders as required under the Court's standing

6   order").

7         Apple seeks costs of $28,165.14 for materials provided to the Court.  This amount

8   includes the costs of trial exhibits, copies of closing slide demonstratives provided to the Court

9   and expert reports provided to the Court.  (*See* Dkt. 2031-11 (Schedule B-1); Dkt. 2031-12

10  (Exhibit B-1).)

11            **b.**     **Materials tendered to the jury.**

12        The parties were also required to provide the jury with certain materials, which were

13  therefore necessarily obtained for use in the case.  Apple seeks costs for materials tendered to the

14  jury in the amount of $595.25.  (*See* Dkt. 2031-11, 2031-12 (Schedule B-1 and Exhibit B-1

15  supporting $170.30 in costs incurred by Morrison & Foerster); Dkt. 2031-36, 2031-37 (Schedule

16  G-1 and Exhibits G-1 supporting $424.95 in jury material costs incurred by WilmerHale).)

17            **c.**     **Witness examination binders.**

18        Apple also necessarily obtained witness examination binders to tender to Samsung.  When

19  Apple conducted a cross-examination of Samsung's witnesses, Apple tendered two copies of its

20  witness examination binders to Samsung:  one for Samsung's counsel and one for Samsung's

21  witness.  (Dkt. 2031-4 ¶ 23.)  Although the total number of sets reflected in the invoiced amount

22  varied, Apple reduced the invoiced amount proportionately to reflect only the costs of the two

23  sets that were provided to Samsung's counsel and Samsung's witness.  (*Id.*)  In contrast, when

24  Apple conducted a direct examination of one of its own witnesses, Apple tendered only one copy

25  of its witness examination binders to Samsung.  (*Id.*)  Accordingly, for direct examinations,

26  although the total number of sets reflected in the invoiced amount varied, Apple reduced the

27  invoiced amount proportionately to reflect the cost of only the one set that was provided to

28  Samsung's counsel.  (*Id.*)  Apple seeks costs for these witness examination binders tendered to

1  Samsung in the amount of $13,350.22.  (*See* Dkt. 2031-11, 2031-12 (Schedule B-1, Exhibit B-1

2  supporting $8,450.42 in costs incurred by Morrison & Foerster); Dkt. 2031-36, 2031-37

3  (Schedule G-1, Exhibit G1 supporting $4,899.80 in costs incurred by WilmerHale).)

4  **d.     Source code for production at trial.**

5  Apple also produced source code to Samsung at trial, copies of which were necessarily

6  obtained for use in the case.  Apple seeks costs in this category totaling $456.75.  (*See* Dkt. 2031-

7  36, 2031-37 (Schedule G-1 and Exhibit G1).)

8  Apple's requested costs are authorized by Civil Local Rule 54-3(d)(2), which allows for

9  recovery of "[t]he cost of reproducing disclosure or formal discovery documents when used for

10  any purpose in the case."  *Weco Supply Co. v. Sherwin-Williams Co.*, No. 1:10-CV-00171 AWI

11  BAM, 2013 U.S. Dist. LEXIS 1572, at *14-15 (E.D. Cal. Jan. 3, 2013) (allowing recovery of

12  "copying costs for copies made for the convenience, preparation, research, or records of

13  counsel").  The Court should award Apple its full costs in this category.

14  **2.     Devices.**

15  The costs of devices used as trial exhibits are recoverable as exemplification, as this Court

16  held in the 1846 case.  (1846 Order at 1-16.)  *See also Maxwell v. Hapag-Lloyd*

17  *Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1998) ("In the context of § 1920, 'exemplification

18  and copies of papers' has been interpreted to include all types of demonstrative evidence,

19  including photographs and graphic aids.").  At trial, Apple accused nine Samsung smartphones

20  and one tablet of violating Apple's asserted intellectual property rights:  Admire, Galaxy Nexus,

21  Galaxy Note, Galaxy Note II, Galaxy S II, Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket,

22  Galaxy S III, Galaxy Tab 2 10.1, and Stratosphere.  (Dkt. 1455-1 at 2.)  Because the devices

23  could run multiple versions of Android or the Global Search Application, multiple copies of these

24  devices were admitted as trial exhibits.  (Dkt. 2031-4 ¶ 27.)

25  Morrison & Foerster incurred costs for purchasing one device to be used as a trial exhibit.

26  Gibson Dunn incurred the costs of purchasing all other devices.  In total, Apple requests recovery

27  of costs in the amount of $10,535.62.  (Dkt. 2060-2 (Amended Schedule D-1, showing Gibson

28

1   Dunn device costs totaling $10,190.39); Dkt. 2031-27 (Exhibit D-1); Dkt. 2031-13, 2031-14

2   (Schedule B-2 and Exhibit B-2, supporting Morrison & Foerster device cost of $345.23).)

3                **3.      Trial Graphics and Demonstratives.**

4        28 U.S.C. § 1920(4) provides recovery for "[f]ees for exemplification . . . necessarily

5   obtained for use in the case."  More specifically, Civil Local Rule 54-3(d)(5) permits recovery for

6   exemplification costs spent "preparing charts, diagrams, videotapes, and other visual aids to be

7   used as exhibits [that are] reasonably necessary to assist the jury or the Court in understanding the

8   issues at the trial."

9        In the 1846 case, the Court awarded costs for graphics created in anticipation of use at

10  trial.  (1846 Order at 17.)  "Fees for exemplification" under 28 U.S.C. § 1920(4) have been

11  interpreted to include demonstrative evidence.  *See, e.g.*, *Maxwell*, 862 F.2d at 770 ("In the

12  context of § 1920, 'exemplification and copies of papers' has been interpreted to include all types

13  of demonstrative evidence, including photographs and graphic aids").  In *Shum v. Intel Corp.*, the

14  court held that the Local Rule allows recovery for materials "to be used" at trial and does not

15  require actual use of each item so prepared.  682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009), *aff'd*,

16  629 F.3d 1360 (Fed. Cir. 2010); *see also Haagen–Dazs Co. v. Double Rainbow Gourmet Ice

17  Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (per curiam) (costs of exemplification made in

18  anticipation of trial, but not used at trial, are recoverable).

19       Consistent with the 1846 Order, Apple seeks the costs of only graphics used at trial or in

20  anticipation of trial.  Demonstratives were critical to assist the jury and the Court in

21  understanding the issues.  Both parties made extensive use of demonstratives at trial, not just for

22  expert testimony, but for opening and closing arguments, and for numerous witnesses.

23  Accordingly, Apple is entitled to recover its full costs in this category.  These costs do not include

24  costs related to consultation and meetings, trial technical support, equipment rental, or

25  miscellaneous expenses.  Apple's requested costs for preparing trial graphics and demonstratives

26  total $458,487.50.  (*See* Dkt. 2031-15 (Schedule B-3); Dkt. 2031-16 (Exhibit B-3).)

27

28

4.     **Electronic Discovery.**

Pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54, and Civil Local Rule 54-3, Apple requested $133,765 for costs specifically attributable to the uploading of source code made available to Samsung and $31,325.83 for costs specifically attributable to file processing and upload costs related to the production of documents produced to Samsung, determined as a percentage of the uploaded documents produced to Samsung.

a.     **Production of source code.**

Costs attributable to the production of source code are recoverable.  "Where legitimate trade-secret concerns entitle a producing party to use a special form of production media (such as making production copies available for review on a secured computer, rather than allowing the requester to take possession of the production copies), the costs of such production media are recoverable under section 1920(4)."  *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1332 (Fed. Cir. 2011); *see also eBay v. Kelora Sys., LLC*, No. C 10-4947 CW(LB), 2013 U.S. Dist. LEXIS 49835, at *31 (N.D. Cal. Apr. 5, 2013) (awarding the cost of "making source code available for inspection").  Costs related to providing secured computers, installing on the computer whatever review software the requester requires, and copying the source code files to the secured computer are all recoverable.  *CBT Flint Partners*, 737 F.3d at 1333.

In this case, Apple made available for inspection more than four million source code files (the equivalent of more than 1,000 boxes in paper format).  (Dkt. 2031-6 ¶ 20.)  Apple seeks only the amounts associated with providing secured computers, installing on the computer the review software Samsung requested, and copying the source code files to the secured computer.  (*Id.*)  Apple does not seek to recover costs related to research, planning, or reviewing the files.  (*Id.*)  Apple seeks recovery of costs in this category totaling $133,765.  (*See* Dkt. 2031-38 (Schedule G-2); Dkt. 2031-39 (Exhibit G-2).)

b.     **Costs for processing and uploading of produced documents.**

Costs attributable to file processing and uploads are also recoverable.  In the 1846 Order, this Court concluded that "costs associated with documents produced to the opposing party are taxable under Local Rule 54-3(d)(2)."  (1846 Order at 18.)  Accordingly, the Court awarded

1   Apple a percentage of the total e-discovery costs incurred based on the percentage of pages

2   produced to total pages uploaded.  That conclusion is amply supported by case law.  *See, e.g.*, *In*

3   *re Ricoh Co.*, 661 F.3d at 1365 ("[T]he costs of producing a document electronically can be

4   recoverable under section 1920(4).");  *eBay Inc.*, 2013 U.S. Dist. LEXIS 49835, at *25-26 (costs

5   for "scanning paper documents, electronic scanning and conversion to PDF, TIFF conversion,

6   OCR, image endorsement/Bates stamping, slip sheet preparation, blowback scanning paper

7   documents, media hardware used for production, electronically stamping Bates numbers,

8   slipsheet preparation, blowback preparation, and OCR conversion" are recoverable);  *Parrish v.*

9   *Manatt, Phelps & Phillips, LLP*, No. C 10-03200 WHA, 2011 U.S. Dist. LEXIS 41021, at *7

10  (N.D. Cal. Apr. 11, 2011) ("The reproduction costs defendants incurred in collecting, reviewing,

11  and preparing client documents for production were necessary expenditures made for the purpose

12  of advancing the investigation and discovery phases of the action.  As such, they are properly

13  taxable.");  *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, No. C 09-5939 JP/JH, 2012 U.S.

14  Dist. LEXIS 64555, at *10-11 (N.D. Cal. May 8, 2012), *cert. denied*, 135 S. Ct. 55 (2014)

15  (allowing recovery of costs that were "necessary to convert computer data into a readable

16  format," because such costs were "an essential component of '[t]he cost of reproducing disclosure

17  or formal discovery documents' used in the case, as permitted under Civil Local Rule 54–

18  3(d)(2).");  *Alzheimer's Inst. of Am., Inc. v. Elan Corp. PLC*, No. C 10-00482 EDL, 2013 U.S.

19  Dist. LEXIS 31952, at *16-17 (N.D. Cal. Jan. 30, 2013) (awarding costs in e-discovery for ".TIFF

20  and OCR conversion, Bates stamping, load file and other physical media generation");  *Jardin v.*

21  *DATAllegro, Inc.*, No. 08–CV–1462-IEG (WVG), 2011 U.S. Dist. LEXIS 117517, at *15-22

22  (S.D. Cal. Oct. 12, 2011) (costs for processing and converting to TIFF format are recoverable);

23  *Serv. Emps. Int'l Union v. Rosselli*, No. C 09-00404 WHA, 2010 U.S. Dist. LEXIS 122202, at

24  *12 (N.D. Cal. Nov. 1, 2010) (rejecting plaintiffs' argument that "the cost of trial exhibits and

25  electronic discovery production should not be recoverable").

26          Over the course of this litigation, Samsung served 19 sets of requests for production of

27  documents, with 1,153 individual document requests.  (Dkt. 2031-5 ¶ 26.)  In response to

28  Samsung's requests, Apple made over 40 productions of documents, totaling more than 536,249

1   documents comprising 11,041,426 pages.  (*Id.*)  All of these documents required processing for

2   upload to Apple's document repository system, including more than 10,000 pages of paper

3   documents that required conversion to electronic format.  (*Id.*)  In addition, Apple incurred

4   processing costs in having paper and electronic documents loaded to the Catalyst document

5   repository.  (*Id.*)  Further, after documents were loaded to the Catalyst document repository and

6   after responsive and non-privileged documents were identified, Apple incurred costs in producing

7   these documents to Samsung.  (*Id.* ¶ 30.)

8       Apple uploaded a total of 184,759,826 pages and produced a total of 11,041,426 pages.

9   Thus, Apple produced 5.976 percent of the documents it uploaded.  Apple seeks only the amounts

10  associated with electronic preparation, duplication, and production of documents, not the

11  intellectual effort involved in the production, such as searching or analyzing the documents.  By

12  contrast, costs associated with hosting the data, software user license fees, and vendor consulting

13  time are not included.

14      Apple seeks recovery of a portion of Catalyst-related costs that totaled $346,937.84.  (Dkt.

15  2031-28, 2031-29 (Schedule D-2 and Exhibit D-2, supporting $86,024.56 in Catalyst-related e-

16  Discovery costs incurred by Gibson Dunn); Dkt. 2031-42, 2031-43 (Schedule G-4 and Exhibit G-

17  4 supporting $260,913.28 in same costs incurred by WilmerHale).)  Apple seeks recovery of a

18  portion of non-Catalyst-related costs that totaled $177,256.05.  (Dkt. 2060-9 (Amended Schedule

19  G-3); Dkt. 2031-41 (Exhibit G-3).)  Following the methodology adopted by the Court in the 1846

20  Order, Apple seeks to recover 5.976 percent of those costs, or $5,140.83 for the Catalyst-related

21  costs incurred by Gibson Dunn; $15,592.18 for the Catalyst-related costs incurred by

22  WilmerHale; and $10,592.82 for the non-Catalyst-related costs incurred by WilmerHale.  This

23  results in a total of $31,325.83 in recoverable costs for processing and uploading of documents

24  produced to Samsung.

25  **IV.    CONCLUSION**

26      For the foregoing reasons, Apple respectfully requests that the Court increase the costs

27  awarded by the Clerk for "fees for exemplification and the costs of making copies" in the amount

28  of $465,775.85.  This would increase the recovery for that category to Apple's requested

1    $676,681.31, which combined with the other costs taxed by the Clerk would result in a total costs

2    award of $1,125,173.11.

3

4    Dated: March 4, 2015                    MORRISON & FOERSTER LLP

5

6                                     By:    /s/ Rachel Krevans
                                            RACHEL KREVANS

7
                                            Attorneys for Plaintiff
8                                           APPLE INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28