QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION TO REVIEW THE CLERK'S TAXATION OF APPLE'S COSTS (DKT. 2125)**<br><br>Date:     TBD by Court per Dkt. 1893 at 2<br>Time:     TBD by Court per Dkt. 1893 at 2<br>Place:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on the date and at the time determined by the Court per Docket No. 1893 at 2, in the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC[1]  (collectively, "Samsung") will and do hereby move the Court to review the Clerk's Taxation of Apple's Costs (Dkt. 2125).   Samsung moves pursuant to Fed. R. Civ. P. 54(d)(1), Local Rule 54, and the Court's Stipulation and Order setting a special briefing schedule for this issue (Dkt. 1893 at 2).   This motion is based on this Notice of Motion and Motion to Review, the memorandum of points and authorities in support of the Motion, Samsung's prior objections to Apple's Bill of Costs and Amended Bill of Costs and the accompanying declarations, schedules, and exhibits thereto, the pleadings, records, and files in this action, all matters which are properly the subject of judicial notice, and such other evidence and argument as may be properly presented before and at the hearing on this motion.

## RELIEF REQUESTED

Samsung respectfully requests that the Court stay review of the Clerk's Taxation of Apple's Costs (Dkt. 2125) and postpone resolving the issue of costs until after the merits appeal process is complete, including any further litigation that may occur as a result.   Alternatively, Samsung respectfully requests that the Court vacate the Clerk's Taxation of Apple's Costs and order the parties to bear their own costs in this action.   If the Court determines that it will review the Clerk's Taxation of Apple's Costs and award costs at this time, Samsung respectfully requests that the Court reject Apple's attempt to recoup over $1.1 million in largely untaxable costs and instead award costs in an amount no greater than $302,860.37.

---

[1]   Note that effective January 1, 2015, Samsung Telecommunications America, LLC merged with and into Samsung Electronics America, Inc. and no longer exists as a separate corporate entity.   (Dkt. 3232.)

DATED: March 4, 2015

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By  */s/ Victoria F. Maroulis*
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   William C. Price
   Michael L. Fazio

   Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
   INC., and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

PROCEDURAL BACKGROUND ................................................................................ 1

LEGAL STANDARD .................................................................................................. 3

ARGUMENT ............................................................................................................... 4

I.     THE COURT SHOULD DEFER ANY DECISION ON COSTS UNTIL AFTER
       APPEALS ARE RESOLVED ............................................................................ 4

II.    IN THE ALTERNATIVE, THE COURT SHOULD REJECT APPLE'S BID FOR
       COSTS AND ORDER EACH PARTY TO BEAR ITS OWN EXPENSES ...................... 5

III.   APPLE'S CORRECTED BILL OF COSTS SEEKS ALMOST A MILLION
       DOLLARS IN DISALLOWED OR UNSUPPORTED EXPENSES .................................. 6

       A.    Apple's Request For Transcript Costs Should Be Reduced. .................................... 6

       B.    Apple's Requests For Exemplification and Copying Costs Should Be
             Reduced. .................................................................................................. 8

             1.    Apple Seeks Disallowed Costs For Making Hundreds Of Thousands
                   Of Copies. ......................................................................................... 8

             2.    Apple Seeks Disallowed Costs For Purchasing Devices. ........................... 11

             3.    Apple Seeks Disallowed Costs For Developing Graphics And
                   Demonstratives. ................................................................................... 12

             4.    Apple Seeks Disallowed Costs Related To Electronic Discovery. ............. 13

       C.    Apple's Request For Costs For Interpreters Should Be Reduced. ........................... 14

IV.    SUMMARY OF SAMSUNG'S OBJECTIONS TO APPLE'S SOUGHT COSTS ........... 15

CONCLUSION ........................................................................................................... 15

1

## **TABLE OF AUTHORITIES**

2

**Page**

3

## **Cases**

4

*Amarel v. Connell*,
  102 F.3d 1494 (9th Cir. 1996) ............................................................................4, 5, 6

5

6

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
  No. 11-cv-1846-LHK, 2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) ......................3, 9, 10, 12

7

*Champion Produce, Inc. v. Ruby Robinson Co., Inc.*,
  342 F.3d 1016 (9th Cir. 2003) ................................................................................4, 5

8

9

*Dunklin v. Mallinger*,
  No. 11-cv-01275-JCS, 2013 U.S. Dist. LEXIS 85340 (N.D. Cal. June 17, 2013) ....................4

10

*In re Eastern Erectors, Inc.*,
  396 F. Supp. 797 (E.D. Pa. 1975) ....................................................................................5

11

12

*FLIR Sys., Inc. v. Sierra Media, Inc.*,
  965 F. Supp. 2d 1184 (D. Or. 2013) ................................................................................6

13

*Friends of Tahoe Forest Access v. U.S. Dep't of Agric.*,
  12-CV-01876 JAM-CKD, 2014 WL 1575622 (E.D. Cal. Apr. 17, 2014) ................................5

14

15

*Hensley v. Eckerhart*,
  461 U.S. 424, 103 S. Ct. 1933 (1983) ................................................................................6

16

*KiSKA Constr. Corp. USA v. Washington Metro. Area Transit Auth.*,
  No. 97–2677, 2002 WL 393082, at *1 (D.D.C. Mar. 11, 2002) ................................4

17

18

*Lasic v. Moreno*,
  No. 2:05-cv-0161-MCE, 2007 U.S. Dist. LEXIS 88608 (E.D. Cal. Nov. 21, 2007) ..................4

19

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*,
  76 F.3d 1178 (Fed. Cir. 1996) ................................................................................3

20

21

*Estate of Pidcock v. Sunnyland Am., Inc.*,
  726 F. Supp. 1322 (S.D. Ga. 1989) ................................................................................5

22

*Postx Corp. v. Secure Data In Motion, Inc.*,
  No. C 02-04483 SI, 2006 WL 2067080 (N.D. Cal. July 24, 2006) ........................4, 5

23

24

*In re Ricoh Co., Ltd. Patent Litig.*,
  661 F.3d 1361 (Fed. Cir. 2011) ................................................................................3, 10, 11, 12

25

*Taniguchi v. Kan Pac. Saipan, Ltd.*,
  566 U.S. ___, 132 S. Ct. 1997 (2012) ................................................................................3

26

27

*TransPerfect Global, Inc. v. MotionPoint Corp.*,
  No. C-10-02590, 2014 WL 1364792 (N.D. Cal. Apr. 4, 2014) ................................3

28

SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF APPLE'S COSTS

*Zimmerman v. Dickerson*,
    No. 4:05-cv-0031-DFH, 2006 U.S. Dist. LEXIS 84426 (S.D. Ind. Nov. 16, 2006) ...................4

**Statutes and Rules**

28 U.S.C. § 1920 ...................................................................................................................3

Civil L.R. 54 ......................................................................................................................... i

Civil L.R. 54-1(a) ...............................................................................................................12

Civil L.R. 54-3(d)(4) ............................................................................................................8

Civil L.R. 54-3(d)(5) ............................................................................................................8

Fed. R. Civ. P. 54(c) ............................................................................................................3

Fed. R. Civ. P. 54(d)(1) ........................................................................................................ i

Notes of Advisory Committee on Rules, 1993 Amendment (Fed. R. Civ. P. 54) ............................4

## INTRODUCTION

This was not a simple case involving claims going one way, from Plaintiff against Defendant.   Instead, each side brought patent infringement claims against the other.   And as reflected in the jury's verdict, each party had some measure of success in its offensive case, resulting in a judgment in favor of each side against the other.   Under federal law, a party is entitled to seek costs from the other side only if it prevailed.   Here, Apple prevailed only in its offensive case against Samsung.

Nevertheless, Apple's Corrected Bill of Costs (Dkt. 2062) improperly attempts to recover hundreds of thousands of dollars attributable to Samsung's offensive case, in which Samsung was the prevailing party.   In some instances, it is clear from Apple's submission which costs are attributable to Samsung's offensive case.   In large part, these are the costs incurred by the WilmerHale law firm, which admittedly was responsible for defending against Samsung's infringement claims.   These costs must be rejected.   In other instances, Apple seeks costs without providing any indication as to which case they are attributable to.   These costs must be rejected as well, as Apple bears the burden to prove its costs with specificity, and therefore also bears the risk of failing to do so.

Apple's Corrected Bill of Costs also contains a number of entries for expenses that are not taxable under federal and local rules.   These must also be reduced or eliminated.   Indeed, the Clerk reviewed Apple's Corrected Bill of Costs and disallowed nearly half as outside the ambit of the local rules.   The Clerk was justified in reducing Apple's costs, and Samsung requests that the Court disallow even more as unsupported and untaxable.

## PROCEDURAL BACKGROUND

Apple filed its initial complaint on February 8, 2012, and an amended complaint on August 31, 2012, alleging that various Samsung products infringed Apple patents.   (Dkts. 1, 261.) Samsung then filed its own affirmative claims of patent infringement against Apple, alleging infringement of eight different Samsung patents.   (Dkts. 107, 264.)   During discovery, the parties took hundreds of depositions, with 97 witnesses related to Samsung's offensive case. (Dkt. 2058-1 ¶ 9.)   At the Court's direction, the parties reduced the number of claims they would

bring at trial.   (Dkt. 1336 at 1; Dkt. 1427.)   Throughout the litigation, Apple was represented by multiple law firms.   According to Apple, Gibson Dunn and Morrison & Foerster "took primary responsibility for Apple's claims against Samsung" while WilmerHale "took primary responsibility for defending Apple against Samsung's claims."   (Dkt. 2031-5 (Lyon Decl.) ¶ 2; *accord* Dkt. 2031-4 (Sabri Decl.) ¶ 2; Dkt. 2031-6 (Selwyn Decl.) ¶ 2.)   The docket also reveals that the Morrison & Foerster team entered the case in the months leading up to trial and handled many of Apple's pre-trial and trial efforts for both Apple's offensive and defensive cases.[2]

At trial, Apple prevailed on its claims for infringement of three out of five Apple patents, and obtained a damages award that was a fraction of the amount it had sought.   (Dkt. 1884 at 8-9 (jury award of $119 million); Dkt. 1622, 4/1/2014 Trial Tr. at 337:15-17 ("[T]he total damages that we're going to ask you to award is high.   It's over $2 billion.").)   Samsung prevailed on its claims for infringement of one out of two Samsung patents, and the jury awarded Samsung damages.   (*Id.* at 11-12.)   Reflecting that both parties had prevailed in their offensive cases, judgment was entered in favor of each party against the other.   (Dkt. 1890 (May 6, 2014 Clerk's Amended Judgment); Dkt. 2076 (Nov. 25, 2014 Final Judgment).)

Both parties have appealed the judgment, bringing the merits of both parties' offensive cases under review.   *Apple, Inc. v. Samsung Elecs. Co.*, No. 2015-1171, -1195 (Fed. Cir. 2014) (ECF Nos. 9, 20 (docketing statements)).   Briefing on the appeal and cross-appeal is scheduled to begin March 4, 2015.   *Id.* (ECF No. 29 (scheduling order)).

On October 9, 2014, the parties each filed a Bill of Costs.   (Dkt. 2030 (Samsung); Dkt. 2031-3 (Apple).)   Samsung sought only costs attributable to its offensive case against Apple. (Dkt. 2030-1 (Fazio Declaration in Support of Samsung's Bill of Costs) ¶¶ 3-4, 6, 9, 18, 27, 48.) In contrast, Apple sought $1,144,849.24 in costs incurred by all three of its law firms for work

---

[2]   *See, e.g.*, Dkts. 1111 through 1123 (entering appearances for a dozen Morrison & Foerster attorneys on January 6, 2014, three months before trial); Dkt. 1398 (various Morrison & Foerster attorneys appearing at pretrial conference); Dkt. 1266 (Morrison & Foerster attorney filing Apple's trial witness list); Dkt. 1272 (same for Apple's trial exhibit list); Dkt. 1281 (same for Apple's motions in limine); Dkt. 1334 (same for Apple's opposition to Samsung's motions in limine); Dkt. 1377 (same for the Proposed Pretrial Statement); Dkts. 1517, 1530, 1546, 1557, 1574, 1591, 1646, 1727 (same for a sampling of Apple's trial briefs regarding objections to exhibits and demonstratives related to both parties' offensive cases).

done on both its offensive and defensive cases.   (Dkt. 2031-3; Dkt. 2031-4 (Sabri Declaration in support of Apple's Bill of Costs) ¶ 2; Dkt. 2031-5 (Lyon Declaration in support of Apple's Bill of Costs) ¶ 2; Dkt. 2031-6 (Selwyn Declaration in support of Apple's Bill of Costs) ¶ 2.)   On November 6, 2014, Apple filed an Amended Bill of Costs, abandoning $6,007.11 in costs.   (Dkt. 2060; Dkt. 2060-1 (Supplemental Lyon Declaration ("Supp. Lyon Decl.")); Dkt. 2060-3 (Supplemental Selwyn Declaration ("Supp. Selwyn Decl.")).)   On November 20, 2014, Apple filed a Corrected Bill of Costs, fixing the amount stated on the Total line to read $1,138,842.13. (Dkt. 2062.)

On February 18, 2015, the Clerk taxed Apple's Corrected Bill of Costs in the amount of $659,397.26, disallowing $13,669.02 in transcript costs and $465,775.85 in exemplification costs. (Dkt. 2125.)   On February 24, 2015, the Clerk taxed Samsung's offensive case costs in the amount of $339,803.68.   (Dkt. 2126.)

## LEGAL STANDARD

In litigation, a party "'prevails' when actual relief on the merits of [its] claim materially alters the legal relationship between the parties" to its benefit.   *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (internal quotation marks omitted).   A prevailing party can seek to recover certain costs after judgment.   Fed. R. Civ. P. 54(c); Civil L.R. 54. "Taxable costs are limited by statute and are modest in scope," and are only a fraction of the expenses borne by a prevailing party in litigation.   *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. ___, 132 S. Ct. 1997, 2006 (2012) (interpreting 28 U.S.C. § 1920).

Apple bears the burden of "establish[ing] the amount of compensable costs and expenses to which [it is] entitled."   *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) (internal quotation marks omitted); *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-cv-1846-LHK, 2014 WL 4745933 at *3 (N.D. Cal. Sept. 19, 2014) (hereinafter *Apple I* Costs Order). "Prevailing parties necessarily assume the risks inherent in a failure to meet that burden."   *In re Ricoh Co.*, 661 F.3d at 1367; *see also TransPerfect Global, Inc. v. MotionPoint Corp.*, No. C-10-02590 CW (DMR), 2014 WL 1364792, at *4-5 (N.D. Cal. Apr. 4, 2014) (court is "within its discretion to deny costs" not shown to be "necessarily obtained").   Proper grounds for denying

costs include whether the issues were close and difficult and whether the judgment was mixed, such that the prevailing party's recovery was only partial.   *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022-23 (9th Cir. 2003); *Amarel v. Connell*, 102 F. 3d 1494, 1523 (9th Cir. 1996); *see also Postx Corp. v. Secure Data In Motion, Inc.*, No. C 02-04483 SI, 2006 WL 2067080, at *1 (N.D. Cal. July 24, 2006) (denying costs in patent suit because prevailing party obtained a "mixed judgment").

## ARGUMENT

## I.     THE COURT SHOULD DEFER ANY DECISION ON COSTS UNTIL AFTER APPEALS ARE RESOLVED

Consideration of Apple's costs should be deferred until after the merits appeals are completed.   Courts across the country agree "[i]t is within the Court's discretion to proceed or defer the taxation of costs while an appeal on the merits is pending" because "[i]t would be an inefficient use of judicial resources to rule on the Bill of Costs at this time, and then to later re-evaluate the issue after the appeal is completed."   *Lasic v. Moreno*, No. 2:05-cv-0161-MCE, 2007 U.S. Dist. LEXIS 88608, at *2-3 (E.D. Cal. Nov. 21, 2007); *Zimmerman v. Dickerson*, No. 4:05-cv-0031-DFH, 2006 U.S. Dist. LEXIS 84426, at *5-6 (S.D. Ind. Nov. 16, 2006) (finding it "prudent" to stay taxation of costs pending resolution of the appeal); *KiSKA Constr. Corp. USA v. Washington Metro. Area Transit Auth.*, No. 97–2677, 2002 WL 393082, at *1 (D.D.C. Mar. 11, 2002) (resolving cost issues prior to resolution of appeal "will be a wasteful, academic exercise" if the judgment is altered).

The Advisory Committee Notes to Rule 54 state that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."   Fed. R. Civ. P. 54 (Notes of Advisory Committee on Rules, 1993 Amendment).   Various cases from the Ninth Circuit, including this District, recognize that this discretion to defer applies with equal force to costs.   *See Dunklin v. Mallinger*, No. 11-cv-01275-JCS, 2013 U.S. Dist. LEXIS 85340, at *2-3 (N.D. Cal. June 17, 2013); *Lasic*, 2007 U.S.

1   Dist. LEXIS 88608, at *2-3; *Friends of Tahoe Forest Access v. U.S. Dep't of Agric.*, 12-CV-01876

2   JAM-CKD, 2014 WL 1575622, at *1 (E.D. Cal. Apr. 17, 2014).

3          A deferral is prudent here because any reversal of the district court's judgment, even if

4   only in part, also reverses the "taxation of costs undertaken pursuant to that judgment."   *Amarel*,

5   102 F. 3d at 1523.    Thus, it would be a "more efficient use of the judicial process" to await

6   resolution of the merits before addressing Apple's costs.    *In re Eastern Erectors, Inc.*, 396 F.

7   Supp. 797, 800 (E.D. Pa. 1975); *see also Estate of Pidcock v. Sunnyland Am., Inc.*, 726 F. Supp.

8   1322, 1341 (S.D. Ga. 1989) (staying taxation of costs in interests of judicial economy).

9          Nor is there reason for the Court to spend resources resolving this issue now in order to

10  secure prompt payment to Apple.    Costs are already expressly covered in Samsung's supersedeas

11  bond (Dkt. 2099-3 at 2), and as the Court recognized, Samsung's bond amount factored in a

12  "generous estimate" for costs that was "nearly eight times" the total amount Apple requested.

13  (Dkt. 2096 at 2-3; *see also* Dkt. 2097 at 2-3 (under seal version of Dkt. 2096).)

14  **II.    IN THE ALTERNATIVE, THE COURT SHOULD REJECT APPLE'S BID FOR**
    **COSTS AND ORDER EACH PARTY TO BEAR ITS OWN EXPENSES**

15

16         Although each party prevailed in its own offensive case, Apple's case resulted in a mixed

17  judgment.    Apple sought billions of dollars in damages based on allegations of infringement of

    five patents.    Infringement was found as to only three patents by only some of the accused

18  products, and most importantly Apple received a fraction of the damages it sought.    (Dkt. 1884 at

19  2-5, 8-9; Dkt. 2076; Dkt. 1622 at 337:15-17.)    Even though a presumption exists in favor of

20  awarding costs to a prevailing party, that presumption is overcome if the prevailing party only

21  succeeded in a partial recovery.    Indeed, "[i]n the event of a mixed judgment, it is within the

22  discretion of a district court to require each party to bear its own costs."    *Amarel*, 102 F.3d at

23  1523.    This is particularly appropriate where "the damages awarded by the jury were

24  significantly less than the amount of damages Plaintiff initially claimed was due . . . ."

25  *Champion Produce*, 342 F.3d at 1022 (refusing to award costs because prevailing party "recovered

26  substantially less in damages than it had sought" where damages sought were $338,137 and jury's

27  verdict was $103,513); *see also Postx Corp.*, 2006 WL 2067080, at *1-2.

28

1    In light of the mixed outcome of the judgment in Apple's offensive case, and Apple's loss

2 in Samsung's offensive case, the Court should exercise its discretion and order that each party bear

3 its own costs.   This is particularly appropriate here where Apple made no effort to reduce its

4 sought costs to account for the claims it lost, but instead has sought full costs from both its own

5 mixed judgment and the costs it incurred in *unsuccessfully* defending against Samsung's

6 infringement claims.   *Amarel*, 102 F.3d at 1523-24 ("allocation of costs" between successful and

7 unsuccessful claims "is necessary" if court does not deny costs altogether).

8 **III.   APPLE'S CORRECTED BILL OF COSTS SEEKS ALMOST A MILLION DOLLARS IN DISALLOWED OR UNSUPPORTED EXPENSES**

9

10    If the Court chooses to consider Apple's request for costs now, it should reject the vast

majority of them as impermissible under the rules and should exclude all costs that are not

11

demonstrably associated with Apple's offensive case.   The Supreme Court has held that where

12

two parties asserted unrelated claims against the other as here, "these unrelated claims [must] be

13

treated as if they had been raised in separate lawsuits."   *See Hensley v. Eckerhart,* 461 U.S. 424,

14

434-435, 103 S.Ct. 1933 (1983); *accord FLIR Sys., Inc. v. Sierra Media, Inc.*, 965 F. Supp. 2d

15

1184, 1199-200 (D. Or. 2013) (finding plaintiff was prevailing party on its own claims against

16

defendant despite defendant's much larger damages award on its claims against plaintiff).   It is

17

improper to award Apple costs associated with the case in which *Samsung* prevailed.

18

19    Apple's costs were sought in three main categories:   fees for recorded transcripts; fees for

exemplification and the costs of making copies; and compensation for interpreters.   All told, of

20

the $1,138,842.13 that Apple claims in costs, at most only $302,860.37 should be allowed.

21

22    **A.    Apple's Request For Transcript Costs Should Be Reduced.**

23    Apple seeks $435,723.36 for deposition, hearing, and trial transcripts.   (Dkt. 2062.)

Specifically, Apple seeks (i) deposition transcript costs through all three of its law firms in the

24

amount of $423,602.46 (Dkt. 2031-7 (Sched. A-1) ($1,754.20 for Morrison & Foerster); Dkt.

25

2031-17 (Sched. C-1) ($298,469.14 for Gibson Dunn); Dkt. 2060-4 (Amended Sched. F-1)

26

($123,379.12 for WilmerHale)), as well as (ii) hearing and trial transcript costs from two firms in

27

the amount of $12,120.90 (Dkt. 2031-9 (Sched. A-2) ($11,578.25 for Morrison & Foerster); Dkt.

28

1  2031-24 (Sched. C-2) ($542.65 for Gibson Dunn)).    Apple failed to limit its deposition costs to

2  its offensive case and should have them reduced accordingly.

3     *WilmerHale Deposition Transcript Costs (Amended Schedule F-1).*    Apple seeks to

4  recoup $123,379.12 that WilmerHale incurred for deposition transcripts.    (Dkt. 2060-3 (Supp.

5  Selwyn Decl.) ¶ 4; Dkt. 2060-4 (Am. Sched. F-1).)    None of these costs is recoverable.    Apple

6  admits in the original WilmerHale declaration that these costs related solely to depositions for

7  Samsung's offensive case.    (Dkt. 2031-6 (Selwyn Decl.) ¶ 9 ("For Apple's defensive case, Apple

8  deposed 16 Samsung witnesses and 41 third-party witnesses.    In addition, Apple deposed six

9  Samsung experts."); *see also id.* ¶ 2 (WilmerHale "took primary responsibility for defending

10  Apple against Samsung's claims.    This declaration only addresses the costs corresponding to the

11  portion of the case for which WilmerHale had primary responsibility").)    Apple was not the

12  prevailing party in its defensive case and cannot recover costs associated with it, including those

13  described here.

14     *Gibson Dunn Deposition Transcript Costs (Schedule C-1).*    Apple seeks to recover an

15  additional $298,469.14 in costs that Gibson Dunn incurred for deposition transcripts.    (Dkt.

16  2031-5 (Lyon Decl.) ¶ 8; Dkt. 2031-17 (Sched. C-1).)    Twenty four of the witnesses on Gibson

17  Dunn's list were related to Samsung's offensive case,[3] however, so Apple has no basis to recover

18  the $37,104.18 associated with them.    Accordingly, the maximum allowable amount for the

19  Gibson Dunn depositions should be $261,364.96.

20     In total, Apple's sought costs for deposition transcripts must be reduced from $429,266.41

21  to a maximum of $263,119.16 (which is the sum of $261,364.96, the maximum allowable amount

22  for Gibson Dunn, and $1,754.20, the amount claimed by Morrison & Foerster, with no recovery

23  for WilmerHale deposition costs).

24

25     [3]    Carl Alberty, Robert Beyers, Fred Cheng, Joonkyo Cheong, Benjamin Cheung,
26  Joonyoung Cho, Thomas Fuja, Roberto Garcia, Donald Gilpin, Naga Kandasamy, Eric Krugler,
   Toshiyuki Masui, Ulrich Mennchen, Tim Millet, Nicolas Molfessis, Srinivasan Nimmala, Jaime
27  Riley, Steven Sasson, James Storer, Richard Taylor, Justin Titi, Michael Walker, Justin Wood,
   and Christopher Wysocki.    (Dkt. 2031-17 (Sched. C-1); Dkt. 2058-6 (Samsung's Annotated
28  Version of Apple's Schedule C-1) (indicating all witnesses related to Samsung's offensive case).)

**B.** **Apple's Requests For Exemplification and Copying Costs Should Be Reduced.**

Apple seeks to recover $676,681.31 in costs for exemplification and copying without distinguishing which costs were incurred in its own offensive case and in Samsung's offensive case.   Apple also seeks the cost of making hundreds of thousands of copies that were neither produced in discovery nor provided to the Court pursuant to a Court order, as the local rules require.   The Clerk, citing the local rule regarding trial demonstratives, disallowed $465,775.85 in this category, an amount that encompasses all of Apple's trial graphics costs.   (Dkt. 2125 citing L.R. 54-3(d)(5).)   The Court should uphold this reduction and make additional cuts.

**1.** ***Apple Seeks Disallowed Costs For Making Hundreds Of Thousands Of Copies.***

Apple seeks a total of $42,567.36 in copying costs incurred before and during trial.   (Dkt. 2031-11 (Sched. B-1) (Morrison & Foerster costs of $36,785.86); Dkt. 2031-36 (Sched. G-1) (WilmerHale costs of $5,781.50).)   Apple claims these costs are recoverable because they related to various types of trial materials.   (Dkt. 2031-4 (Sabri Decl.) ¶ 20.)   The excessive costs for each type are discussed below.

*a.*   *Materials Provided to the Court.*   Within this sub-category, Apple seeks to recover the cost of providing to the Court its demonstrative slides and expert reports, as well as its trial exhibits and the joint trial exhibits.   There is no support for seeking the cost of reproducing demonstratives or expert reports for the Court, so those costs must be rejected.

And while the local rules allow "[t]he cost of reproducing trial exhibits," it does so only "to the extent that a Judge requires copies to be provided."   Civil L.R. 54-3(d)(4).   Here, the Court's pretrial standing order only required three sets of exhibits to be delivered to the Court. *See* Judge Koh's Jury Pretrial Standing Order (D)(1)(c), available at http://cand.uscourts.gov/ lhkorders.   Apple seeks the cost of producing far more than three sets of its exhibits, and at rates more than double the amount this Court has deemed to be reasonable.   (Dkt. 2031-11 (Sched. B-1) at 2 (entries 1-4).)   Apple submitted two identical invoices purportedly for the cost of printing its trial exhibits several months before trial.   (*Compare* Dkt. 2031-12 (Ex. B-1) at 2, *with id.* at 5.).   These two invoices together claim 122,608 pages were printed at $16,487.10.   (*Id.* at 2, 5.)

1   The exhibits in Apple's offensive case total only approximately 13,053 pages.   (*See* Dkt. 1452-4

2   (Apple's Pretrial Exhibit List) (excluding exhibits PX248 through PX299, which were for

3   Samsung's offensive case).)   At a printing rate of $.08 per page, which this Court previously

4   found reasonable (*Apple I* Costs Order, 2014 WL 4745933 at *12 n.7)—instead of the $0.13 per

5   page cost calculated from Apple's invoices—Apple's maximum allowable expense for printing

6   three sets of its offensive case exhibits is $3,240 (which is 13,053 pages multiplied by three sets at

7   $.08 per page).

8        Apple's printing costs for the joint exhibits is similarly inflated.   As with its own exhibits,

9   Apple submits two identical invoices for the cost of printing the joint exhibits prior to trial.

10  (*Compare id.* at 3, *with id.* at 4 (each claiming a print order of 15,500 pages for $1,603.74 for

11  "Joint Exhibits" on successive days in February 2014, several months before trial).)   Based on

12  the parties' joint exhibit list (Dkt. 1455-4), and adding a page for the slip sheets used in place of

13  physical devices and source code, the joint exhibits totaled approximately 4,155 pages.   Three

14  sets would therefore be 12,465 pages.   Apple's invoices for the joint exhibit list printing jobs

15  total 31,000 pages.   (Dkt. 2031-12 (Ex. B-1) at 3, 4.)   Using the same $.08 per page rate here for

16  three sets of the joint exhibits at the correct page count of 4,155 pages totals $997.20.

17        Apple claims the cost of printing trial exhibits, yet again, to create additional binders at the

18  end of trial containing the exhibits that were ultimately admitted into evidence.   (*See* Dkt. 2031-

19  11 (Sched. B-1) (entries 16, 18-19); Dkt. 2031-12 (Ex. B-1) at 27, 30, 31 (invoices including

20  "Admitted Exhibits").)   These invoices cover 120,002 pages.   (Dkt. 2031-12 (Ex. B-1) at 27, 30,

21  31.)   At the end of trial, the Court did require a set of the admitted exhibits to be provided for the

22  jury.   (Dkt. 1717 (04-15-2014 Trial Tr.) at 2045:15-2046:10.)   The admitted exhibits in Apple's

23  offensive case totaled 8,842 pages.   (*See* Dkt. 1866-1 (Admitted Trial Exhibits List) (counting

24  exhibits PX102 through PX246).)   The admitted joint exhibits, including the slip sheets to

25  designate physical devices, totaled 1,893 pages.   (*Id.* (JX01 through JX72).)   Adding those

26  together yields 10,735 pages.   At a reasonable rate of $.08 per page for those 10,735 pages, the

27  cost for printing admitted Apple and joint exhibits should only have been $858.80.

28

1    Thus, for materials purportedly provided to the Court, Apple should not be awarded the

2  $28,165.14 that it claims for printing exhibits, slides, and expert reports.   (Dkt. 2031-11 (Sched.

3  B-1) (entries 1-4, 16, 18-19).)   Instead, for this sub-category, Apple should be allowed to recover

4  a maximum of $5,096.00, which is the sum of $3,240.00 for Apple trial exhibit sets, $997.20 for

5  joint trial exhibit sets, $858.80 for admitted trial exhibits, and $0 for expert reports and slides.

6    *b.  Jury Books.*   Apple also claims costs for the creation of jury books.   (Dkt. 2031-11

7  (Sched. B-1); Dkt. 2031-36 (Sched. G-1).)   The receipts show the jury books were printed at

8  rates three times higher than usual.   (Dkt. 2031-12 (Ex. B-1) at 6-7.)   At a minimum, this cost

9  ($170.30) should be reduced to a third ($56.77) to reflect a reasonable copying rate.

10    *c.  Witness Examination Binders.*   Apple claims $13,349.81 in costs for printing yet

11  more trial exhibits in the form of "witness examination binder[s]."   (*See* Dkt. 2031-11 (Sched. B-

12  1) (entries 6-15, 17, totaling $8,450.02 for Morrison & Foerster); Dkt. 2031-36 (Sched. G-1)

13  (entries 1, 5-8, 10-12, totaling $4,899.79 for WilmerHale).)   Apple claims they are recoverable

14  because the binders were tendered to Samsung, arguing that "this Court has permitted recovery of

15  materials tendered to the opposing party."   (Dkt. 2031-4 (Sabri Decl.) ¶ 23 (citing *Apple I* Costs

16  Order).)   But the cited order was not referring to documents handed to opposing counsel at trial;

17  rather, consistent with precedent, it referred to documents produced during *discovery*.   *Apple I*

18  Costs Order, 2014 WL 4745933, at *8-10; *see also In re Ricoh*, 661 F.3d at 1368 (applying Ninth

19  Circuit law and this District's rules).   The witness examination binders were tendered at trial,

20  long after discovery had closed, so they cannot be considered a cost of production under the local

21  rules.   Further, the witness examination binders contained copies of the exhibits Apple claimed it

22  *might* use with each witness, though the exhibits Apple actually used with each witness were far

23  fewer.   (*E.g.*, Sohn Cross-Disclosure (disclosing 68 exhibits and 4 physical exhibits), *with* Dkt.

24  1716 (04/14/2014 Trial Tr.) at 1622-1638 (showing Apple used only two exhibits and one

25  deposition excerpt during Sohn examination).)   There is no authority allowing Apple to print

26  numerous exhibits over and over for each witness and then make Samsung foot the bill.

27    Apple also improperly seeks to recover copying costs associated with Samsung's offensive

28  case.   WilmerHale's examination binder costs largely relate to witnesses who testified in that

1    case.   (Dkt. 2031-37 (Ex. G-1) at 7-11, 14 (listing binders for Schonfeld, Storer, Parulski, Kearl,

2    and Rao — all Samsung offensive case witnesses).)

3         In total, Apple seeks reimbursement for creating 50 different sets of binders comprising

4    various configurations of the same trial exhibits.   (Dkt. 2031-11 (Sched. B-1) (28 sets of exhibits

5    and witness examination binders for Morrison Foerster); Dkt. 2031-36 (Sched. G-1) (22 sets of the

6    same for WilmerHale).   Apple should receive none of the $13,349.81 it seeks for witness binders.

7         *d.   Source Code.*   Apple also seeks the cost WilmerHale incurred printing Apple's

8    source code for use in Samsung's offensive case at trial.   (Dkt. 2031-36 (Sched. G-1) (entries 4

9    and 9, totaling $456.75 in claimed costs).)   This is the same source code the jury found to be

10   running on Apple products that infringed Samsung's intellectual property and the cost should not

11   be recovered.

12        Samsung previously submitted annotated versions of Apple's schedules B-1 and G-1

13   related to copying costs to identify unrecoverable charges.   (*See* Dkt. 2058-4 (Annotated Sched.

14   B-1); Dkt. 2058-10 (Annotated Sched. G-1).)   Apple's claims for the costs of copies must be

15   reduced from $42,567.36 to a maximum of $5,550.72, with no more than $5,152.77 for Morrison

16   & Foerster's copying costs and $424.95 for WilmerHale's copying costs.

17                    **2.   *Apple Seeks Disallowed Costs For Purchasing Devices.***

18        Apple seeks $10,535.62 for the purchase price of devices used as trial exhibits.   (Dkt.

19   2031-13 (Sched. B-2) (Morrison & Foerster seeking $345.23); Dkt. 2060-2 (Am. Sched. D-1)

20   (Gibson Dunn seeking $10,190.39).)   Within this amount, Apple seeks $806.86 in shipping and

21   handling costs, including express shipping, as well as tax, but provided no support for those costs.

22   (Dkt. 2061-2 (Am. Sched. D-1) ($761.62 in such costs); Dkt. 2031-13 (Sched. B-2); Dkt. 2031-14

23   (Ex. B-2) at 2 ($45.24 in such costs, including $18.99 in "express shipping").)   Apple failed to

24   submit any evidence that the devices in question were not readily available for purchase locally,

25   which would have obviated the need for shipping, expedited shipping, and handling costs (*see*

26   Dkt. 2058 at 16), and therefore has failed to meet its burden of establishing that it is entitled to

27   them.   *See In re Ricoh*, 661 F.3d at 1367.   The maximum amount Apple should be allowed to

28   recover in this category is $9,728.76, which is the total claimed amount of $10,535.62 minus the

-11-                                           Case No. 12-cv-00630-LHK

non-recoverable amount of $45.24 from Morrison Foerster and $761.62 from Gibson Dunn.   (*See* Dkt. 2058-5 (Samsung's Annotated Version of Apple's Sched. B-2); Dkt. 2065-2 (Samsung's Annotated Version of Apple's Am. Sched. D-1).)

### 3. *Apple Seeks Disallowed Costs For Developing Graphics And Demonstratives.*

Apple seeks costs for preparing trial graphics in the amount of $458,487.50.   (Dkt. 2031-4 (Sabri Decl.) ¶ 30; Dkt. 2031-15 (Sched. B-3).)   Apple seeks these costs for its entire trial presentation, with no reduction to account for costs related to Samsung's offensive case.   Nor does Apple's documentation show which graphics costs were connected to its offensive case and which were not.   Instead, the invoices generically state "Services:Graphics Production" or "Services:Technology:Video Editing."   (Dkt. 2031-16 (Ex. B-3) at 3-15.)   Apple also claims every entry on its invoices between February 15, 2014 and April 29, 2014—including on every day of April while the trial was being conducted—so there is no way to distinguish offensive and defensive projects on that basis either.   And although the trial graphics invoices were attached to the declaration from Morrison Foerster, the invoices show they were billed directly to *Apple*, not one of its law firms.   (Dkt. 2031-16 (Ex. B-3) at 2, 5, 10.)   Accordingly, Apple provided no basis for the Court to determine which law firm requested the preparation of specific graphics so it could segregate the costs related solely to Apple's offensive case.

The burden to show that costs are recoverable includes not only showing that the general category is conceptually recoverable, but also proving that the specific amounts sought are taxable.   *Apple I* Costs Order, 2014 WL 4745933 at *3 (quoting Civ. L.R. 54-1(a)).   Apple failed to show which of its graphics costs were attributable to its offensive case, or even to apply a fair percentage reduction.   This is fatal for Apple's entire claim for trial graphics.   Indeed, in the *Apple I* Costs Order, the Court rejected Apple's entire request for over $1.5 million in copying costs because "Apple ha[d] failed to meet its burden to provide '[a]ppropriate documentation' to support [its] request."   *Id.* at *8-9 (quoting *In re Ricoh*, 661 F.3d at 1367).

**4.**     ***Apple Seeks Disallowed Costs Related To Electronic Discovery.***

Apple seeks various types of costs under the heading of e-discovery, including production of Apple's source code, e-discovery processed by non-Catalyst vendors, and e-discovery processed by Catalyst.   All three types of recovery are claimed by the WilmerHale firm, which did its work in Samsung's offensive case.

*Source Code Production (Schedule G-2).*   Apple seeks to recoup $133,765.00 WilmerHale spent making Apple's source code available to Samsung for review.   (Dkt. 2031-6 (Selwyn Decl.) ¶¶ 18, 20-21; Dkt. 2031-38 (Sched. G-2).)   Apple previously cited as justification several cases stating that the cost of producing source code may conceptually be recoverable (Dkt. 2031-6 (Selwyn Decl.) ¶ 19), but Apple failed to provide authority for recovering the cost of producing such documents in a case where it was not the prevailing party.   Apple would not have had to produce source code were it not for Samsung's offensive case, where Apple was found to infringe.   No costs can or should be awarded for source code production in Schedule G-2.

*Processing and Upload Costs (Amended Schedule G-3 and Schedule G-4).*   Apple seeks additional costs WilmerHale incurred for processing and uploading documents for production. Specifically, Apple seeks $10,592.82 for processing done by non-Catalyst vendors to process and upload documents (Dkt. 2031-6 (Selwyn Decl.) ¶ 23; Dkt. 2060-3 (Supp. Selwyn Decl.) ¶ 5 (abandoning some costs); Dkt. 2060-9 (Am. Sched. G-3), and an additional $15,592.18 for costs paid to upload and produce documents from the Catalyst database (Dkt. 2031-6 (Selwyn Decl.) ¶ 29; Dkt. 2031-42 (Sched. G-4).   Neither of these amounts is recoverable.   Apple admits in the original WilmerHale declaration that these costs relate to documents produced in Samsung's offensive case.   (Dkt. 2031-6 (Selwyn Decl.) ¶ 30 ("Apple ultimately electronically produced the equivalent of 11,041,426 pages of documents related to Samsung's affirmative claims of alleged infringement"); *see also id.* ¶ 26.)   Again, Apple cannot recover costs associated with that case. Samsung did not object to Gibson Dunn's e-discovery costs.   (Dkt. 2031-28 (Sched. D-2) ($5,140.83).)

1

**C.    Apple's Request For Costs For Interpreters Should Be Reduced.**

2      Apple seeks costs for deposition interpreters in the amount of $26,437.46.    (Dkt. 2031-5

3   (Lyon Decl.) ¶ 33; Dkt. 2031-29 (Sched. E-1) (Gibson Dunn seeking $9,000); Dkt. 2031-6

4   (Selwyn Decl.) ¶ 34; Dkt. 2060-11 (Am. Sched. H-1) (WilmerHale seeking $17,437.46).)    Apple

5   made no reduction to account for costs borne in Samsung's successful offensive case.    Apple also

6   seeks impermissible surcharges for late cancellation and "exotic interpreting services."

7      *WilmerHale Interpreter Costs (Amended Schedule H-1).*    Apple's request for $17,437.46

8   for deposition interpreter costs WilmerHale incurred defending against Samsung's offensive

9   infringement case should be rejected entirely.    (Dkt. 2060-3 (Supp. Selwyn Decl.) ¶ 6; Dkt. 2060-

10   1 (Am. Sched. H-1).)    Even if the Court were to award any such costs they should be reduced as

11   Apple seeks costs for such surcharges as "exotic interpreting services" (Dkt. 2031-45 (Ex. H-1) at

12   2-4), but provides no support for why those unexplained additional costs should apply only to

13   Korean-speaking witnesses but not German and French-speaking witnesses.    (*Id.* at 7-8.)    Still

14   other invoices include charges for excessive hours of additional interpretation and at excessively

15   high hourly rates.    (*See* Dkt. 2058-11 (Samsung's Annotated Version of Apple's Schedule H-1).)

16   If not excluded entirely, the WilmerHale interpretation costs should at least be reduced to

17   $7,770.80 to remove those surcharges.    (*Id.*)

18      *Gibson Dunn Interpreter Costs (Schedule E-1).*    Apple seeks $9,000 for Gibson Dunn's

19   interpreter costs for Apple's offensive case.    Each deposition was billed at a daily minimum rate

20   of either $2,000 or $3,000 (*see* Dkt. 2031-29 (Sched. E-1); Dkt. 2031-30 (Ex. E-1) at 2-4, 6),

21   which is in excess of the $1,800 daily rate Apple paid elsewhere for interpretation (*see* Dkt. 2058-

22   8 (Samsung's Annotated Version of Apple's Schedule E-1)).    Accordingly, the maximum

23   allowable amount for the Gibson Dunn deposition interpretation costs should be $7,200.    (*See*

24   *id.*)

25      In total, Apple's sought costs for interpreter transcripts should be reduced to $7,200 (which

26   is the allowable amount for Gibson Dunn and no recovery for WilmerHale).

27

28

## IV.    SUMMARY OF SAMSUNG'S OBJECTIONS TO APPLE'S SOUGHT COSTS

If the Court taxes costs for Apple now, the chart below summarizes Samsung's objections to Apple's Corrected Bill of Costs (Dkt. 2062) and the maximum amount that should be taxed.

| Category Of Costs | Amount Apple Seeks | Amount Samsung Objects To | Taxable Amount |
|---|---|---|---|
| **Fees for printed or electronically recorded transcripts** | | | |
| Deposition Transcripts | $423,602.46 | $160,483.30 | **$263,119.16** |
| Trial and Hearing Transcripts | $12,120.90 | $0 | **$12,120.90** |
| **Fees for exemplification and the costs of making copies** | | | |
| Copies | $42,567.36 | $37,016.64 | **$5,550.72** |
| Purchasing Devices | $10,535.62 | $806.86 | **$9,728.76** |
| Trial Graphics | $458,487.50 | $458,487.50 | **$0** |
| e-Discovery by WilmerHale | $159,950.00 | $159,950.00 | **$0** |
| e-Discovery by Gibson Dunn | $5,140.83 | $0 | **$5,140.83** |
| **Compensation for Interpreters** | | | |
| Deposition Interpreters | $26,437.46 | $19,237.46 | **$7,200.00** |
| **Total** | **$1,138,842.13** | **$835,981.76** | **$302,860.37** |

## CONCLUSION

For the reasons set forth above, and in the interests of judicial economy, the Court should stay review of the Clerk's Taxation of Apple's Costs and postpone resolving the issue of costs until after the merits appeal process is complete, including any further litigation that may occur as a result.    Alternatively, the Court should order each party to bear its own costs.    If the Court taxes costs for Apple now, the maximum amount that should be allowed is $302,860.37 to reflect supported, permissible costs incurred in connection solely with Apple's offensive case.

DATED: March 4, 2015             QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   /s/ Victoria F. Maroulis
     Charles K. Verhoeven
     Kevin P.B. Johnson
     Victoria F. Maroulis
     William C. Price
     Michael L. Fazio

     Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC