QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF SAMSUNG'S COSTS (DKT. 2126)**<br><br>Date:     July 16, 2015<br>Time:    1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 16, 2015, at 1:30 p.m., or as soon thereafter as this matter may be heard in the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC[1] (collectively, "Samsung") will and do hereby move the Court to review the Clerk's Taxation of Samsung's Costs (Dkt. 2126).  Samsung moves pursuant to Fed. R. Civ. P. 54(d)(1), Local Rule 54, and the Court's Stipulation and Order setting a special briefing schedule for this issue (Dkt. 1893 at 2).  This motion is based on this Notice of Motion and Motion to Review, the memorandum of points and authorities in support of the Motion, Samsung's Bill of Costs and the accompanying declarations, schedules, and exhibits thereto, the pleadings, records, and files in this action, all matters which are properly the subject of judicial notice, and such other evidence and argument as may be properly presented before and at the hearing on this motion.

**RELIEF REQUESTED**

Samsung respectfully requests that the Court reverse the Clerk's disallowance of $12,216.25 for trial transcript costs and $198,726.56 for trial graphics costs and award Samsung the full amount of costs it ultimately sought: $609,710.03.

---

[1] Note that effective January 1, 2015, Samsung Telecommunications America, LLC merged with and into Samsung Electronics America, Inc. and no longer exists as a separate corporate entity.  (Dkt. 2124.)

1  DATED: March 10, 2015              QUINN EMANUEL URQUHART &
2                                                          SULLIVAN, LLP

3                                                    By /s/ Victoria F. Maroulis
                                                          Charles K. Verhoeven
4                                                      Kevin P.B. Johnson
                                                          Victoria F. Maroulis
5                                                      William C. Price
                                                          Michael L. Fazio
6
                                                          Attorneys for SAMSUNG ELECTRONICS CO.,
7                                                      LTD., SAMSUNG ELECTRONICS AMERICA,
                                                          INC., and SAMSUNG
8                                                      TELECOMMUNICATIONS AMERICA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................... 1

PROCEDURAL BACKGROUND .......................................................................................... 1

LEGAL STANDARD ............................................................................................................... 3

ARGUMENT ............................................................................................................................ 3

I.     THE COURT SHOULD AWARD SAMSUNG ITS TRIAL TRANSCRIPT COSTS .................................................................................................................... 3

II.    THE COURT SHOULD AWARD SAMSUNG ITS TRIAL GRAPHICS AND DEMONSTRATIVES COSTS ......................................................................... 4

CONCLUSION ......................................................................................................................... 6

## TABLE OF AUTHORITIES

**Page**

### Cases

*Apple, Inc. v. Samsung Elecs. Co.*,
  No. 14-1802 (Fed. Cir. 2014) ................................................................................................. 4

*Apple, Inc. v. Samsung Elecs. Co.*,
  Nos. 15-1171, -1195 (Fed. Cir. 2014) ................................................................................ 2, 4

*Apple Inc. v. Samsung Elecs. Co, Ltd.*,
  No. 11-cv-1846-LHK-PSG, 2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) .............................. 3

*Haagen–Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*,
  920 F.2d 587 (9th Cir. 1990) ................................................................................................. 5

*Lopez v. S.F. Unified Sch. Dist.*,
  385 F. Supp. 2d 981 (N.D. Cal. 2005) ................................................................................... 3

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*,
  76 F.3d 1178 (Fed. Cir. 1996) ............................................................................................... 3

*Miles v. California*,
  320 F.3d 986 (9th Cir. 2003) ................................................................................................. 3

*See Save Our Valley v. Sound Transit*,
  335 F.3d 932 (9th Cir. 2003) ................................................................................................. 3

*Shum v. Intel Corp.*,
  682 F. Supp. 2d 992 (N.D. Cal. 2009) ................................................................................... 5

*TransPerfect Global, Inc. v. MotionPoint Corp.*,
  No. 10-02590, 2014 WL 1364792 (N.D. Cal. Apr. 4, 2014) ................................................... 3

### Statutes and Rules

28 U.S.C. § 1920(2) ....................................................................................................................... 3

28 U.S.C. § 1920(4) ....................................................................................................................... 4

Civil Local Rule 54-3(b)(1) ........................................................................................................... 4

Civil Local Rule 54-3(b)(3) ........................................................................................................... 4

Civil Local Rule 54-3(d)(5) ....................................................................................................... 5, 6

**INTRODUCTION**

There were two offensive cases in this litigation, with each side bringing patent infringement claims against the other.  And as reflected in the jury's verdict, each party had some measure of success in its offensive case, resulting in a judgment in favor of each side against the other.  Under federal law, a party is entitled to seek costs from the other side where it prevailed in its case.

As the prevailing party in its offensive case, Samsung sought to recover $609,710.03 of the costs it incurred convincing the jury that Apple had infringed its intellectual property.  The Clerk awarded Samsung most of its costs, disallowing only the amounts attributable to Samsung's trial transcripts and trial graphics costs.  Both types of costs were allowed by this Court in prior litigation between the parties.  In this motion, Samsung respectfully moves the Court only to review and reverse those portions of the Clerk's taxation disallowing costs.

**PROCEDURAL BACKGROUND**

Apple filed its initial complaint on February 8, 2012, and an amended complaint on August 31, 2012, alleging that various Samsung products infringed Apple patents.  (Dkts. 1, 261.)  Samsung then filed its own affirmative claims of patent infringement against Apple, alleging infringement of eight different Samsung patents.  (Dkts. 107, 264.)  During discovery, the parties took hundreds of depositions, with 97 witnesses related to Samsung's offensive case.  (Dkt. 2058-1 ¶ 9.)  Consistent with there being two different offensive infringement cases, Apple engaged different law firms to assert its own offensive claims and defend against Samsung's.  (Dkt. 2031-4 ¶ 2; Dkt. 2031-5 ¶ 2; Dkt. 2031-6 ¶ 2.)

At the Court's direction, the parties reduced the number of claims they would bring at trial. (Dkt. 1336 at 1; Dkt. 1427.)  Samsung prevailed on its claims for infringement of one out of two Samsung patents, and the jury awarded Samsung damages.  (Dkt. 1884 at 11-12.)  In particular, the jury found that Apple had infringed Samsung's '449 patent through millions of sales of five major Apple products — the iPhone 4, iPhone 4S, iPhone 5, iPod Touch (4th generation), and iPod Touch (5th generation).  (*Id.*)  Apple did not attempt to challenge the validity of the Samsung patents at trial.  (*Id.*)  Apple prevailed on its claims for infringement of three out of five Apple

patents, and obtained a damages award that was a fraction of the amount it had sought. (*Id.* at 8-9 (jury award of $119 million); Dkt. 1622, 4/1/2014 Trial Tr. at 337:15-17 ("[T]he total damages that we're going to ask you to award is high. It's over $2 billion.").) Reflecting that both parties had prevailed in their offensive cases, judgment was entered in favor of each party against the other. (Dkt. 1890 (May 6, 2014 Clerk's Amended Judgment); Dkt. 2076 (Nov. 25, 2014 Final Judgment).)

The parties have appealed these judgments, bringing the merits of both parties' offensive claims under appellate review. *Apple, Inc. v. Samsung Elecs. Co.*, Nos. 15-1171, -1195 (Fed. Cir. 2014) (ECF Nos. 9, 20 (docketing statements)). Briefing on the appeal and cross-appeal began March 4, 2015. *Id.* (ECF No. 33).

On October 9, 2014, the parties each filed a Bill of Costs. (Dkt. 2030 (Samsung); Dkt. 2031-3 (Apple).) As detailed in its supporting attorney declaration, detailed schedules, and exhibits, Samsung sought $610,746.49 in costs attributable solely to its offensive case against Apple. (Dkt. 2030; Dkt. 2030-1 (Fazio Declaration in Support of Samsung's Bill of Costs) ¶¶ 3-4, 6, 9, 18, 27, 48; *see also* Dkt. 2030-2 through Dkt. 2030-15 (schedules and exhibits).) In contrast, Apple sought over $1.1 million in costs incurred by all three of its law firms for work done on both its offensive and defensive cases. (Dkt. 2031-3; Dkt. 2031-4 (Sabri Declaration in support of Apple's Bill of Costs) ¶ 2; Dkt. 2031-5 (Lyon Declaration in support of Apple's Bill of Costs) ¶ 2; Dkt. 2031-6 (Selwyn Declaration in support of Apple's Bill of Costs) ¶ 2.) On October 30, 2014, after counsel for the parties met and conferred, Samsung agreed to withdraw certain costs associated with deposition transcripts, bringing its total sought costs down to $609,710.03. (Dkt. 2058-1 (Fazio Declaration in Support of Samsung's Objections to Apple's Bill of Costs and in Further Support of Samsung's Bill of Costs) ¶¶ 10-13.)

On February 24, 2015, the Clerk taxed Samsung's offensive costs in the amount of $399,803.68. (Dkt. 2126.) The Clerk disallowed $12,216.25 in transcript costs as "outside the ambit of LR 54-3(b)(3)" and $198,726.56 in exemplification costs as "outside the ambit of LR 54-3(d)(5)." (*Id.*) Although the Clerk's taxation did not expressly state which specific costs the disallowances related to within each category, the amounts, categories, and Local Rule provisions

cited by the Clerk match up exactly with the costs Samsung sought for trial transcripts and trial graphics.  (Dkt. 2030-4 (Sched. A-2) (seeking $12,216.25 total for trial transcripts); Dkt. 2030-6 (Sched. B-1) (seeking $198,726.56 total for trial graphics).)

## LEGAL STANDARD

In litigation, a party "'prevails' when actual relief on the merits of [its] claim materially alters the legal relationship between the parties" to its benefit.  *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (internal quotation marks omitted).  A prevailing party can seek to recover costs after judgment.  Fed. R. Civ. P. 54(c); Civil L.R. 54.  There is a "strong presumption" in favor of awarding costs to the prevailing party.  *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003).  Indeed, a district court need not give reasons for abiding by the presumption when awarding taxable costs to the prevailing party.  *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) ("The presumption itself provides all the reason a court needs for awarding costs . . . .").  The district court reviews the Clerk's determination de novo.  *Lopez v. S.F. Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1000-01 (N.D. Cal. 2005).

## ARGUMENT

### I.   THE COURT SHOULD AWARD SAMSUNG ITS TRIAL TRANSCRIPT COSTS

A prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).  Civil Local Rule 54-3(b)(1) further provides that "[t]he cost of transcripts necessarily obtained for an appeal is allowable."  And this Court recently stated that "[c]ourts in the Northern District generally allow for recovery of costs for one copy of the trial transcript."  *Apple Inc. v. Samsung Elecs. Co, Ltd.*, No. 11-cv-1846-LHK-PSG, 2014 WL 4745933 at *7 (N.D. Cal. Sept. 19, 2014) (hereinafter "*Apple I* Costs Order") (citing *TransPerfect Global, Inc. v. MotionPoint Corp.*, No. 10-02590, 2014 WL 1364792, at *3 (N.D. Cal. Apr. 4, 2014)).  Specifically, the Court allowed Apple to recover over $15,000 in trial transcript costs on the basis that "the transcripts were necessarily obtained in anticipation of the appeal, which Samsung has already filed." *Id.*  Thus, even though the transcripts were purchased prior to the appeal, the Court ruled that the costs were recoverable in

-3-   Case No. 12-CV-00630-LHK (PSG)
SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF SAMSUNG'S COSTS

light of "the multiple interlocutory appeals in this case, as well as the appeal on the merits that is currently pending in the Federal Circuit." *Id.*

Here, Samsung seeks $12,216.25 for the cost of one copy of the trial transcripts. (Dkt. 2030-4 (Sched. A-2) (showing entries for trial transcripts of $8,460.75 and $3,755.50, which total $12,216.25); *accord* Dkt. 2030-5 (Ex. A-2) at 4-5 (invoice # 00002106 from 5/2/14 and invoice # 20051804 from 4/1/14).) While the invoices for the trial transcripts included charges for additional copies of the transcripts, as well as charges for Realtime and expedited processing, Samsung only sought to recover the cost of one copy of the original transcript at the normal hourly rate charged by the United States Court Reporter. (*See* Dkt. 2030-1 (Fazio Declaration in Support of Samsung's Bill of Costs) ¶ 22.) The costs of expedited handling, additional copies, and Realtime were excluded from Samsung's Bill of Costs. (*Id.*) The Clerk nevertheless disallowed Samsung's trial transcript costs, citing Local Rule 54-3(b)(3), which says that "[t]he cost of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel."

As in the *Apple I* Costs Order, the trial transcripts Samsung purchased here were necessarily obtained in anticipation of the appeals in this case, and therefore qualified under Local Rule 54-3(b)(1). Indeed, Apple's appeal of the Court's order denying a permanent injunction has already been briefed and argued before the Federal Circuit. *Apple, Inc. v. Samsung Elecs. Co.*, No. 14-1802 (Fed. Cir. 2014) (ECF No. 104). And briefing on the merits appeal and cross-appeal has already begun, with Samsung's opening brief having been filed on March 4, 2015. *Apple, Inc. v. Samsung Elecs. Co.*, Nos. 15-1171, -1195 (Fed. Cir. 2014) (ECF No. 33). Samsung therefore respectfully requests that the Court reverse the Clerk's disallowance of $12,216.25 for one copy of the trial transcripts, in accordance with this Court's prior order allowing this same cost.

## II. THE COURT SHOULD AWARD SAMSUNG ITS TRIAL GRAPHICS AND DEMONSTRATIVES COSTS

A prevailing party is entitled to its "[f]ees for exemplification . . . necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Local Rules more specifically permit recovery of costs incurred "preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits [that

are] reasonably necessary to assist the jury or the Court in understanding the issues at the trial." Civ. L.R. 54-3(d)(5).  This Court previously found that the Local Rules allow recovery of costs for demonstrative materials "to be used" at trial and "does not require actual use of each item so prepared" so long as it was "created in anticipation of use at trial."  *Apple I* Costs Order, 2014 WL 4745933, at *10 (citing *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009) and *Haagen–Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)).  In the prior case, the Court awarded Apple $786,972.10 in trial graphics costs.  *Id.* at *11.

Here, Samsung sought only $198,726.56 for costs incurred in preparing demonstrative evidence for trial.  (Dkt. 2030-1 (Fazio Decl.) ¶ 28; Dkt. 2030-6 (Sched. B-1); Dkt.2030-7 (Ex. B-1).)  Samsung incurred the costs retaining the services of RLM, a trial graphics company, and sought only the costs charged by RLM for trial graphics and other demonstratives that were created in anticipation of use at trial and attributable to Samsung's offensive case.  (Dkt. 2030-1 (Fazio Decl.) ¶¶ 30-31.)  The costs covered the creation of infringement videos of Apple products, as well as PowerPoint presentations, animations, and other demonstratives.  (*Id.* ¶ 30.)  Samsung included only those invoices from RLM that covered the time period during which (i) its offensive infringement videos were being made and (ii) RLM staff members were onsite preparing trial graphics prior to and during the trial in this case.  (*Id.*)  Thus, the portions of invoices that Samsung sought to be reimbursed for reflected only the preparation of graphics created for use at trial.  (*Id.*)  Samsung did not seek to recover line items on the invoices related to any travel or meal expenses, equipment procurement, consultations, or logistics.  (*Id.*)

RLM also performed work for Samsung in relation to Samsung's defense of Apple's affirmative case.  (Dkt. 2030-1 (Fazio Decl.) ¶ 31.)  Samsung therefore excluded from its sought costs any line items from RLM clearly related to creation of demonstratives for its defensive case.  (*Id.*)  Samsung further discounted the remaining graphics costs by an aggressive 75% to ensure that it was only seeking costs related to its offensive case, as explained and attested to in its supporting declaration.  (*Id.*)  Thus, Samsung presented a conservative estimate that included only a portion of the costs it incurred creating trial graphics and demonstrative evidence for use at trial,

1 and included only those types of line item costs allowed previously. *See Apple I* Costs Order,
2 2014 WL 4745933, at *10.
3     Nevertheless, the Clerk disallowed the entire amount, stating that it was outside the ambit
4 of Local Rule 54-3(d)(5).  (Dkt. 2126.)  That was the same Rule this Court cited previously to
5 *allow* these same costs to be taxed.  *Apple I* Costs Order, 2014 WL 4745933, at *10.  Samsung
6 therefore respectfully requests that the Court reverse the Clerk's disallowance of $198,726.56 for
7 trial graphics and demonstratives.

## CONCLUSION

9     Samsung respectfully requests that the Court reverse the Clerk's disallowance of
10 $12,216.25 for trial transcript costs and $198,726.56 for trial graphics costs and award Samsung
11 the full amount of costs it sought: $609,710.03.

13 DATED: March 10, 2015         QUINN EMANUEL URQUHART &
                                                SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    William C. Price
    Michael L. Fazio

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC