JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California   94105-2482
Telephone:   (415) 268-7000
Facsimile:   (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendants. | CASE NO. 5:12-cv-00630-LHK<br><br>**APPLE'S NOTICE OF MOTION AND MOTION FOR REVIEW OF CLERK'S TAXATION OF SAMSUNG'S COSTS**<br><br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 8, 4th floor<br>Judge:  Hon. Lucy H. Koh |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Apple Inc. ("Apple") shall and hereby does move, pursuant to Civil Local Rule 54-5 and the parties' stipulation and Court's Order (Dkt. 1893), for review of the Clerk's Taxation of Samsung's Costs (Dkt. 2126). Per the parties' stipulation and the Court's Order (Dkt. 1893), motions to review the Clerk's award of costs to Samsung are due on March 10, 2015, and a hearing date, if necessary, will be determined by the Court.

Apple's motion is based on this Notice, the Memorandum of Points and Authorities below, Samsung's Bill of Costs and related declarations and schedules, Apple's Bill of Costs and Corrected Bill of Costs and accompanying declarations and schedules (Dkts. 2030-2031, 2058-1, 2060, 2062), and such other written or oral argument as was and may be presented at or before the time this motion is taken under submission by the Court.

# RELIEF REQUESTED

Apple respectfully requests that the Court review the Clerk's taxation of Samsung's costs and order that Samsung's requested costs be denied in their entirety.

Dated: March 10, 2015

WILMER CUTLER PICKERING
HALE AND DORR LLP

*/s/ Mark D. Selwyn*

Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
950 Page Mill Road
Palo Alto, CA 94304
Telephone:   (650) 858-6000
Facsimile:   (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

**TABLE OF CONTENTS**

**PAGE**

I. BACKGROUND ............................................................................................................1

II. LEGAL STANDARD....................................................................................................3

III. ARGUMENT.................................................................................................................3

    A. The Court Should Deny Samsung's Request for Costs in Its Entirety Because Samsung Is Not the "Prevailing Party."..............................................................3

    B. Even If Samsung Is Deemed a "Prevailing Party," the Court Should Deny Samsung's Requested Costs Given the Limited Nature of Its Recovery............................5

    C. Samsung Is Not Entitled to Any of the Specific Costs It Requested. .................................5

        1. Samsung Should Not Recover Any Costs for Printed or Electronically Recorded Transcripts .................................................................................5

        2. Samsung Should Not Recover Any Costs for Graphics and Demonstratives. .........................................................................................8

        3. Samsung Should Not Recover Any Costs for E-Discovery. ................................10

        4. Samsung Should Not Recover Any Costs for Interpreters at Depositions. ...........11

        5. Any Samsung Recovery for Witness Fees Should Be Reduced. ..........................12

IV. CONCLUSION...........................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ancora Techs., Inc. v. Apple Inc.*,
   No. 11-cv-06357 YGR, 2013 U.S. Dist. LEXIS 121225 (N.D. Cal. Aug. 26, 2013)..............11

*Apple Inc. v. Samsung Electronics Co.*,
   No. 11-CV-1846-LHK (N.D. Cal. Sept. 19, 2014)......................................................... passim

*Ass'n of Mexican-Am. Educators v. State of Cal.*,
   231 F.3d 572 (9th Cir. 2000) .......................................................................................5

*Manildra Mill Corp. v. Ogilvie Mills, Inc.*,
   76 F.3d 1178 (Fed. Cir. 1996)......................................................................................3

*Oracle America, Inc. v. Google Inc.*,
   No. C 10-0351, 2012 U.S. Dist. LEXIS 125237 (N.D. Cal. Sept. 4, 2012) ..........................3, 4

*Power Mosfet Techs., L.L.C. v. Siemens AG*,
   378 F.3d 1396 (Fed. Cir. 2004)....................................................................................3

*Shum v. Intel Corp.*,
   629 F.3d 1360 (Fed. Cir. 2010)..............................................................................1, 3, 4

*Shum v. Intel Corp.*,
   682 F. Supp. 2d 992 (N.D. Cal. 2009), *aff'd*, 639 F.3d 1360 (Fed. Cir. 2010)....................7, 10

**FEDERAL STATUTES**

28 U.S.C. § 1821(d)(1) ....................................................................................................12

**FEDERAL AND LOCAL RULES**

Fed. R. Civ. P. 54............................................................................................................3

N.D. Ca. Civ. L. R. 54 ................................................................................................ passim

# MEMORANDUM OF POINTS AND AUTHORITIES

Samsung is not entitled to recover any costs because it is not the "prevailing party" in this litigation.  The Federal Circuit has made clear that "[a] court must choose one, and only one, 'prevailing party' to receive any costs award."  *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010).  In this matter, Apple is the sole prevailing party.  Apple was awarded $119,625,000 in damages based on Samsung's infringement of three of Apple's patents, succeeded in invalidating one of Samsung's patents on summary judgment, and defeated allegations of infringement as to another of Samsung's patents at trial.  Samsung, on the other hand, was successful on only one counterclaim for which it was awarded $158,000, approximately one-tenth of one percent of the damages awarded to Apple.  Despite the great disparity in the damages awarded to Samsung and to Apple, Samsung requested approximately $610,000 in costs—*i.e.*, nearly four times the amount of its damages award—and the Clerk awarded Samsung costs in the amount of $399,803.68.

Apple respectfully requests that the Court review the Clerk's award and deny Samsung's request for costs in its entirety.  Even if Samsung could be considered the prevailing party (which it plainly cannot), the Court should exercise its discretion not to award Samsung any costs given its minimal recovery and lack of adequate support for its requests.

I.   BACKGROUND

Apple filed this action on February 8, 2012, alleging infringement of eight utility patents. (Dkt. 1.)  On April 18, 2012, Samsung filed its answer to Apple's complaint, including counterclaims alleging infringement of eight utility patents.  (Dkt. 107.)  After several rounds of case narrowing, Apple narrowed its claims to five patents and Samsung narrowed its case to three patents.  In January 2014, the Court granted summary judgment in Apple's favor as to (1) infringement of one Apple patent, and (2) invalidity of one Samsung patent, U.S. Patent No. 7,577,757.  (Dkt. 1151 at 48-49; Dkt. 1150 at 44.)  The claims that remained were tried to a jury in March and April 2014.  The jury returned a verdict in Apple's favor, finding infringement of two Apple patents (in addition to the one found infringed on summary judgment), finding none of Apple's patents invalid, and awarding Apple damages in the amount of $119,625,000.  (Dkt. 1884 at 2-10.)  The jury also found that Apple infringed one Samsung patent, U.S. Patent No. 6,226,449,

but did not infringe the other, U.S. Patent No. 5,579,239, and awarded Samsung damages in the amount of $158,400.  (*Id.* at 11-12.)   In total, the jury awarded Samsung about 0.13%—that is, just over one-tenth of one percent—of the damages amount it awarded to Apple.

On October 9, 2014, Apple requested $1,144,849.24 in costs for the entire case, later amended to $1,138,842.13.   (Dkts. 2031-3, 2062.)   On the same day, Samsung submitted its request for $610,746.49 in costs.   (Dkt. 2030.)   In seeking these costs, Samsung did not claim that it prevailed in the case as whole, but asserted that it only sought costs "incurred by Samsung in connection with prosecuting its offensive case," based on the success on one of its patent counterclaims against Apple.   (Dkt. 2030-1 at ¶¶ 2-4.)   On October 29, 2014, in response to objections raised by Apple, Samsung reduced its request for costs for deposition transcripts from $108,536.87 to $107,500.41, and reduced its total amount requested to $609,710.03.   (Dkt. 2058-1 (Fazio Decl.) at ¶¶ 10-13.)   Samsung stated its intent to reduce its request in a declaration submitted on October 30, 2014 (*id.*), but did not file an amended Bill of Costs.   On October 30, 2014, Apple filed objections to Samsung's costs. (Dkt. 2057.)

On February 18, 2015, the Clerk taxed Apple's costs in the amount of $659,397.26.   (Dkt. 2125.)   On February 24, 2015, the Clerk taxed Samsung's costs in the amount of $399,803.68.  (Dkt. 2126.)   In taxing Samsung's costs, the Clerk disallowed:

- $12,216.25 in transcript costs "as outside the ambit of LR 54-3(b)(3)"; and
- $198,726.56 in costs for exemplification and copies "as outside the ambit of LR 54-3(d)(5)."

The Clerk's award does not indicate which specific requested costs were awarded and which were denied.   However, the $12,216.25 in disallowed transcript costs corresponds exactly with the amount Samsung requested for trial transcripts (Dkt. 2030-4) and the $198,726.56 disallowed for exemplification and copies corresponds exactly with the amount Samsung requested for preparing demonstrative evidence for use at trial (Dkt. 2030-6).   It does not appear that the Clerk's taxation of costs takes into account the amount disclaimed by Samsung ($1,036.46) in its October 30, 2014 declaration.

## II. LEGAL STANDARD

Fed. R. Civ. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." An award of costs thus involves two separate inquires. *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1407 (Fed. Cir. 2004). First, the Court must identify the "prevailing party" within the meaning of Rule 54(d)(1). Second, the Court determines how much, if any, costs should be awarded to the prevailing party. *Power Mosfet*, 378 F.3d at 1407.

Whether a party is a "prevailing party" in a patent litigation is a matter of Federal Circuit law. *Manildra Mill Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182-83 (Fed. Cir. 1996). The Federal Circuit has made clear that, even in mixed judgment cases, there may be only one prevailing party:

> Rule 54(d) has no special rule or exception for mixed judgment cases, where both parties have some claims decided in their favor . . . . Thus, even in mixed judgment cases, punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a "prevailing party." For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, "prevailing party" to receive any costs award.

*Shum*, 629 F.3d at 1367; *see also Oracle America, Inc. v. Google Inc.*, No. C 10-0351, 2012 U.S. Dist. LEXIS 125237, at *5-6 (N.D. Cal. Sept. 4, 2012) ("Even if the action results in mixed judgment, the district court must nonetheless pick one side as the 'prevailing party' for the purposes of taxing costs."). In order to "prevail," a party must obtain "at least some relief on the merits . . . [that] materially alter[s] the legal relationship between the parties by modifying [the other party's] behavior in a way that 'directly benefits'" the party. *Shum*, 629 F.3d at 1367 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-13 (1992)). To be a "prevailing party," it is not sufficient that a party was successful on *some* issues in the case or that there is *some* alteration in the legal relationship between the parties; the alteration in the legal relationship must be (1) material and (2) modify the opposing party's behavior in a way that directly benefits the party. *Shum*, 629 F.3d at 1368.

## III. ARGUMENT

### A. The Court Should Deny Samsung's Request for Costs in Its Entirety Because Samsung Is Not the "Prevailing Party."

Samsung's request for costs should be denied in its entirety because Samsung is not the

"prevailing party." Indeed, Samsung does not (and cannot) contend that it prevailed in the action as a whole, as it has conceded that Apple prevailed on its offensive case against Samsung. (Dkt. 2128 at 1.) Instead, Samsung argues that it is entitled to costs for a portion of the case because it was successful on its counterclaim for infringement of the '449 patent. (*See* Dkt. 2030-1 at ¶ 2.)

However, Samsung's approach is legally erroneous. For "the purpose of costs and fees, there can be ***only one winner***." *Shum*, 629 F.3d at 1367 (emphasis added); *see also Oracle*, 2012 U.S. Dist. LEXIS 125237, at *5-6 (stating that even in mixed judgment cases the district court must "pick *one side* as the 'prevailing party' for the purposes of taxing costs" (emphasis added)); Fed. R. Civ. P. 54(d)(1) (awarding costs to "***the*** prevailing party" (emphasis added)). Here, Apple is the prevailing party. Apple was successful in proving that Samsung infringed three of Apple's patents, for which Apple was awarded $119,625,000 in damages. (Dkt. 1890.) In addition, the Court invalidated Samsung's '757 patent on summary judgment. (Dkt. 1150.) Apple also successfully defeated Samsung's claim of infringement under the '239 patent at trial. (Dkt. 1890.)

Samsung's success on a peripheral counterclaim, which reduced Apple's damages recovery by 0.13%, is not sufficient to alter Apple's status as the prevailing party for the case as a whole. Nor is Samsung's (at best) limited success enough to qualify it as a prevailing party. *See Oracle*, 2012 U.S. Dist. LEXIS 12537, at *7 (Oracle was not the prevailing party despite success on two copyright claims); *Shum*, 629 F.3d at 1366-67 (plaintiff was not prevailing party despite success on inventorship claims for five patents). The can be no dispute that Samsung's counterclaim for infringement of the '449 patent played only a peripheral role at trial.[1] Samsung's success on this claim was equally peripheral, as the jury awarded Samsung just $158,400 in damages compared to the more than $119 million awarded Apple. (Dkt. 1890.)

Samsung's limited success on a single counterclaims did not materially alter the relationship between the parties. The jury's award of damages to Samsung merely reduced Apple's judgment against Samsung by an immaterial amount—a fraction of one percent—from $119,652,000 to

---

[1] Samsung's conduct at trial confirms that Samsung's claim of infringement under the '449 patent was a peripheral aspect of the case. Samsung allotted only about five percent of its trial time (75 of its 1500 minutes) to issues related to the '449 patent. (*See* Dkt. 2057-1 (Selwyn Decl.) at ¶ 4.)

$119,493,600. And Samsung did not seek any form of injunctive relief based on infringement of the '449 patent. For all these reasons, Samsung cannot be considered a prevailing party, which justifies denial of Samsung's request for costs in its entirety.

### B. Even If Samsung Is Deemed a "Prevailing Party," the Court Should Deny Samsung's Requested Costs Given the Limited Nature of Its Recovery.

Even if Samsung could be considered the prevailing party, which it is not, the Court should exercise its discretion not to award Samsung any costs given the negligible nature and extent of its claimed victory. *See Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (including the nominal or partial nature of the party's recovery as among the potential reasons for denying costs). Samsung requested approximately four times the amount it recovered at trial in costs. In fact, the costs sought by Samsung for the creation of trial graphics and other demonstratives alone exceeds the entire amount the jury awarded Samsung. A request for costs so vastly out of proportion with the amount recovered should be denied in its entirety. *See id.*

### C. Samsung Is Not Entitled to Any of the Specific Costs It Requested.

As detailed below, the vast majority of the costs that the Clerk awarded Samsung are unrelated to the single patent on which Samsung was successful. The Clerk also improperly awarded Samsung costs for claims on which Apple was successful. Thus, even if Samsung could be considered a prevailing party in any respect, the Court should disallow any costs awarded to Samsung for these additional reasons.

#### 1. Samsung Should Not Recover Any Costs for Printed or Electronically Recorded Transcripts.

##### a) Samsung Should Not Recover Any Deposition Transcript Costs.

Samsung originally sought $108,536.87 for the costs of deposition transcripts and videos of depositions and, as discussed below, later amended its request to $107,500.41. (Dkt. 2030-1 at ¶ 9, Dkt. 2058-1 (Fazio Decl.) at ¶¶ 10-13.) It appears that the Clerk awarded all these requested costs. However, based on this Court's ruling in *Apple Inc. v. Samsung Electronics Co.*, No. 11-CV-1846-LHK, Order Granting in Part and Denying in Part Apple's and Samsung's Motions to Review the Clerk's Taxation of Costs (N.D. Cal. Sept. 19, 2014) (Docket No. 3193.) ("*Apple I* Bill

of Costs Order"), Samsung cannot recover any of its deposition transcript costs.

In the *Apple I* Bill of Costs Order, the Court held that Apple, the prevailing party in that case, could recover costs for all depositions "taken for any purpose in connection with the case." The Court rejected Samsung's argument that deposition costs should be reduced because Apple did not succeed on every claim and counterclaim. *See Apple I* Bill of Costs Order at *10 (rejecting Samsung's argument that the prevailing party could recover only for "those depositions that raised liability issues on which the prevailing party actually prevailed at trial").

Given this ruling, Apple (as the prevailing party) is entitled to recover its costs for ***all*** depositions taken in this case, including depositions related to Samsung's patent counterclaims. Samsung's request to recover costs for a subset of the depositions taken in this case (*i.e.*, those related to its patent counterclaims) is thus inconsistent with the Court's prior ruling, in which the Court recognized that apportioning costs based on the success or failure of certain claims is "not supported by authority." *Id.* Samsung's request for such an apportionment here—arguing that Samsung (not Apple) should recover costs for depositions related to Samsung's patent counterclaims—should be denied under the Court's prior ruling.[2]

### b) Any Award of Deposition Costs Should Exclude Disclaimed and Unsupported Costs.

In the event the Court awards Samsung any deposition costs, that award should exclude disclaimed and unsupported costs. During the meet and confer process and prior to filing objections, Apple raised two specific objections based on Samsung's failure to support its deposition costs: (1) Samsung failed to apply the 10 percent discount that the vendor deducted from the invoice total to the claimed line items of the Greg Keng deposition; and (2) Samsung failed to

---

[2] If there is to be any apportionment of deposition costs based on success or failure of claims (contrary to the Court's prior ruling), Samsung should only recover costs related to the one patent on which it prevailed at trial. Notably, the majority of deposition costs Samsung seeks relate to patents on which ***Apple*** prevailed, either on summary judgment or at trial. Of the 87 depositions for which Samsung seeks to recover costs, at least 71 do not relate to the one counterclaim on which Samsung was successful—only $20,924.01 in Samsung's claimed deposition costs even arguably relate to the '449 patent. (*See* Dkt. 2057-1 (Selwyn Decl.) at ¶ 5.) Thus, in the event the Court apportions costs based on success or failure of claims, Samsung's requested deposition costs should be reduced by $87,612.86. (*See id.*)

provide adequate documentation for the Dong Ha Nam deposition, submitting a partial invoice that contained only the total amount, not the itemized breakdown of costs. In a declaration submitted along with Samsung's objections to Apple's bill of costs, Samsung agreed to reduce the amount it claimed for depositions by $1,036.46, indicating that it disclaimed 10 percent of the costs related to the Greg Keng deposition and 50 percent of the costs related to the Dong Ha Nam deposition. (Dkt. 2058-1 (Fazio Decl.) at ¶¶ 10-13.) Apple stated in its objections that Samsung's disclaimer resolved the dispute as to the Keng deposition, but that the arbitrary reduction with respect to the Dong Ha Nam deposition did not cure Samsung's failure to provide adequate supporting documentation. (Dkt. 2057.) Samsung did not file an amended bill of costs.

As an initial matter, the Clerk's taxation of costs does not appear to take into account Samsung's disclaimer.[3] Accordingly, the Court should reduce any award of costs to Samsung for transcripts by the $1,036.46 that Samsung disclaimed.

In addition, the Court should further reduce any award by $908.85 for the remaining amount of the unsupported Dong Ha Nam deposition. A bill of costs must provide an affidavit stating that cost were necessarily incurred, and are allowable by law, and provide "[a]ppropriate documentation to support each item claimed." Civ. L.R.54-1(a). The party seeking costs bears the burden of "establish[ing] the amount of compensable costs and expenses to which it is entitled." *Apple I* Bill of Costs Order at *14 (quoting *In re Ricoh*, 661 F.3d 1367 (Fed. Cir. 2011)); *see also Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 998 (N.D. Cal. 2009) ("A district court may reduce costs . . . which are not supported by adequate documentation."), *aff'd*, 639 F.3d 1360 (Fed. Cir. 2010). Samsung has not provided adequate documentation to support its claim for $908.85 related to the Dong Ha Nam deposition. (Dkt. 2030-3 at 49.) Samsung's exhibit contains only a partial invoice with the total amount, not any itemized breakdown of costs. As such, Samsung should not be allowed to recover any costs related to the Dong Ha Nam deposition.

---

[3] As discussed in the next section, the amount the Clerk disallowed with respect to transcript costs corresponds exactly with the amount Samsung requested for trial transcripts. This disallowed amount and the amount taxed by the Clerk equal the amount listed on Samsung's original bill of costs, *i.e.*, the amount requested prior to Samsung's disclaimer, indicating that the Clerk did not take into account Samsung's later disclaimer.

### c) Samsung Should Not Recover Any Costs for Hearing and Trial Transcripts.

Samsung requested a total of $12,857.05 for hearing and trial transcripts. Specifically, Samsung requested $12,216.25 for trial transcripts and $640.80 for hearing transcripts. The Clerk disallowed $12,216.25 of Samsung's total request for transcripts costs, apparently denying costs associated with trial transcripts but allowing costs for hearing transcripts. (Dkt. 2126.) The trial transcript costs were properly disallowed, and Samsung's request for hearing transcripts should be denied as well.

*Trial Transcripts.* The majority of the trial transcript costs are related to Apple's affirmative case. Eight of the trial days for which Samsung requested costs were dedicated entirely to Apple's affirmative case, and the vast majority of several of the other trial days were also dedicated to Apple's affirmative case. (*See* Dkt. 2057-1 (Selwyn Decl.) at ¶ 3.) Because the party seeking costs bears the burden of "establish[ing] the amount of compensable costs and expenses to which it is entitled," *Apple I* Bill of Costs Order at *14 (quoting *In re Ricoh*, 661 F.3d 1367 (Fed. Cir. 2011)), and Samsung has not provided documentation adequate to determine which transcript costs relate to Samsung's counterclaims, Samsung's request for costs related to trial transcripts was properly disallowed.

*Hearing Transcripts.* Similarly, Samsung has not met its burden of demonstrating that it is entitled to any hearing transcript costs. Neither the *Markman* hearing nor the summary judgment hearing for which Samsung requested transcript costs involved Samsung's '449 patent. Thus, Samsung is unable to show that obtaining transcripts of either of these hearings was in any way necessarily obtained for appeal on a claim on which Samsung prevailed. *Cf.* Civ. L.R. 54-3(b)(1).

### 2. Samsung Should Not Recover Any Costs for Graphics and Demonstratives.

Samsung requested $198,726.56 for costs related to graphics and demonstratives. It appears that the Clerk denied these costs in their entirety, as the Clerk disallowed $198,726.56 of Samsung's total requested costs for exemplification and copying costs. (Dkt. 2126.) Those costs were properly disallowed.

### a) Samsung Should Not Recover for Demostratives Created for Expert Reports Six Months Before Trial.

The Local Rules provide that costs may be recovered for "preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits [that are] reasonably necessary to assist the jury or the court in understanding the issues *at trial*."   Civ. L.R. 54-3(d)(5) (emphasis added). This Court has made clear that only those graphics created in anticipation of use at trial are recoverable.   *Apple I* Bill of Costs Order at *17.   In this case, Samsung seeks $43,425 in costs that were incurred in September 2013 (six months before trial).   (*See* Dkt. 2030-6 (Invoice No. 1309-007), 2030-7 at 2-5.)   Several of the line items expressly indicate that they were costs incurred for the creation of videos to be included in expert reports rather than exhibits to be used at trial.   Indeed, the fact that the graphics were not created for use at trial is demonstrated by the fact that they include the creation of videos relating to the '757 patent, which the Court invalidated on summary judgment more than three months before trial.   (Dkt. 1150.)   The remaining line items from the September 2013 invoice list only "On-site support" or "Communication Design."   There is no documentation from which the Court could infer that these costs relate to the creation of graphics or demonstratives for trial.   *See Apple I* Bill of Costs Order at *17.   Accordingly, the Clerk properly denied all costs related to the September 2013 invoice.

### b) Samsung Should Not Recover for Graphics Costs that It Cannot Demonstrate Were Related to '449 Patent Counterclaim.

A bill of costs "must state separately and specifically each item of taxable costs claimed" and must provide an affidavit stating that the costs were "necessarily incurred, and are allowable by law" and provide "[a]ppropriate documentation to support each item claimed."   Civ. L.R. 54-1(a).   As this Court has made clear, "the burden is on the prevailing party to establish in the first instance that specific requested costs are taxable."   *See Apple I* Bill of Costs Order at *14.   Here, Samsung provides no documentation to show that the costs it seeks related to trial graphics are associated with the '449 patent counterclaim.   Not a single line item in the invoices from 2014 expressly relates to the production of trial graphics and demonstratives for Samsung's counterclaims, much less for the '449 patent counterclaim in particular.   (*See* Dkt. 2030-4 (Invoice Nos. 1403-007, 1404-012,

1405-007), 2030-5 at 6-34.)   While Samsung strikes a few entries that expressly relate to Apple's patent claims, Samsung does not even assert that the remaining items relate to Samsung's counterclaims.   Instead, Samsung provides an arbitrary and unexplained "estimate" that it "includes only a portion of the costs it could permissibly seek."   (Dkt. 2030-1 (Fazio Decl.) at ¶ 31.) Samsung's supposedly "conservative" estimate that 25% of graphics costs were dedicated to its counterclaims is more than double all observable measures of time and graphics dedicated to Samsung's counterclaims.   For example, only 11 of 125 (8.8%) of Samsung's opening statement slides related to its counterclaims (and only 4 related to the '449 patent); only 14 of 120 (11.6%) of Samsung's closing argument slides related to its counterclaims (and only 10 related to the '449 patent); and Samsung only dedicated 134 minutes of its total 1500 minutes of trial time (8.9%) to its counterclaims (and only 76 minutes to the '449 patent).   (Dkt. 2057-1 (Selwyn Decl.) at ¶¶ 3, 4.) Accordingly, because Samsung's "estimate" cannot satisfy Civ. L.R. 54-1(a)'s requirement of "[a]ppropriate documentation to support each item claimed" and does not meet Samsung's burden of establishing that the specific requested costs are taxable, the Clerk properly disallowed this request in its entirety.

### 3. Samsung Should Not Recover Any Costs for E-Discovery.

It appears that the Clerk allowed Samsung's request for $262,182.04 for costs incurred in producing documents.   These costs should be disallowed in their entirety.

#### a) Samsung's Documentation for E-Discovery Is Inadequate.

A bill of costs "must state separately and specifically each item of taxable costs claimed" and must provide an affidavit stating that the costs were "necessarily incurred, and are allowable by law" and provide "[a]ppropriate documentation to support each item claimed."   Civ. L.R. 54-1(a); *Shum*, 682 F. Supp. 2d at 998 ("A district court may reduce costs . . . which are not supported by adequate documentation.").   For its e-discovery costs, Samsung provides only a summary page that does not "separately and specifically" identify the costs so that the Court can determine which costs should be taxable.   (Dkt. 2030-9.)   The "Unit Description" section of each of the line items on each of the invoices refers to "attached" pages, but there are no "attached" sheets with such descriptions included in Samsung's exhibits.   Accordingly, the document is not adequate to support the request

1  for costs.

#### b)  Samsung Should Not Recover for Collection Costs.

Under Ninth Circuit and Northern District of California case law, "costs compensable under section 1920 are only permitted for preparation and duplication of documents, not the efforts in assembling, collecting or processing those documents." *Ancora Techs., Inc. v. Apple Inc.*, No. 11-cv-06357 YGR, 2013 U.S. Dist. LEXIS 121225, at *9 (N.D. Cal. Aug. 26, 2013).  Samsung's requested e-discovery costs include $2,460.70 in collection costs.[4]  (Dkt. 2030-8, 2030-9.)  These costs are not recoverable and should be excluded from Samsung's recoverable costs.

#### c)  Samsung Has Not Met Its Burden of Establishing The Specific Costs Requested Are Taxable.

Once again, Samsung makes no effort to provide "appropriate documentation" demonstrating that its e-discovery costs are related only to its counterclaims, much less that they are related to the sole counterclaim on which Samsung was successful.  Instead, Samsung arbitrarily seeks half of the costs that it calculates would have been taxable if it were the prevailing party for the case as a whole. There is no legal basis for this methodology, and, in any event, Samsung's counterclaims cannot possibly constitute half the case under any measure.  In terms of damages awarded, Samsung's recovery was only a fraction of one percent of Apple's recovery.  In terms of trial time, Samsung only spent 8.9% of its time on its counterclaims (and only 5.1% on the '449 patent).  Accordingly, Samsung's "estimate" does not satisfy Civ. L.R. 54-1(a)'s requirement of "[a]ppropriate documentation to support each item claimed," and does not meet Samsung's burden of establishing that the specific requested cost are taxable.  These costs should be disallowed in their entirety.

### 4.  Samsung Should Not Recover Any Costs for Interpreters at Depositions.

The Clerk awarded Samsung $20,000 for costs incurred compensating interpreters for 13 foreign language depositions.  Samsung's request should be denied in its entirety, or, at the very least, should be denied as to the 12 interpreters used for depositions unrelated to the '449 patent.

---

[4]  The total base number Samsung used to calculate its e-discovery costs includes $61,517.48 in collection costs.  (Dkt. 2030-9.)  Samsung applied a percentage reduction to its calculated total based on the percentage of documents produced (8%) and a 50% reduction for the defensive case. Applying those percentages to the collection costs yields $2,460.70.

1  (Dkt. 2057-1 (Selwyn Decl.) at ¶ 5.)

2  As described above with respect to depositions in section III(C)(1)(a), Samsung's request for
3  costs related to interpreters for depositions should be denied in its entirety given the Court's prior
4  ruling that deposition costs should not be apportioned based on the success or failure of particular
5  claims or counterclaims.   *See Apple I* Bill of Costs Order at *9.   However, if the Court does
6  apportion deposition interpreter costs, it should disallow any such costs for depositions unrelated to
7  the one counterclaim on which Samsung was successful.   Samsung's interpreter costs for the one
8  deposition related to the '449 patent was $1,250.   (Dkt. 2057-1 (Selwyn Decl.) at ¶ 5.)
9  Accordingly, to the extent Samsung is awarded any costs for interpreters (and it should not because
10  it is not the prevailing party), its request should be reduced by $18,750.   (*Id.*)

11  **5.     Any Samsung Recovery for Witness Fees Should Be Reduced.**

12  Samsung requested (and the Clerk allowed) $6,215 in costs for reimbursing witnesses for
13  travel and lodging.   Samsung's request for costs related to lodging for its experts for more than two
14  nights is unreasonable and should be denied.   Civil L.R. 54-3(e) provides that subsistence payments
15  for witness are allowable only "to the extent reasonably necessary," and 28 U.S.C. § 1821(d)(1)
16  further specifies that "a subsistence allowance shall be paid to a witness when an overnight stay is
17  required at the place of attendance because such place is so far removed from the residence of such
18  witness as to prohibit return thereto from day to day."   Despite this, Samsung seeks to recover for a
19  ten-night stay for Ken Parulski, a seven-night stay for J.R. Kearl, and an eight-night stay for Sanjay
20  Rao.   (Dkt. 2057-1 (Selwyn Decl.) at ¶ 4.)   All three experts testified only once.   Both Dr.
21  Kearl's and Dr. Rao's testimony was completed in one day; Dr. Parulski's testimony was split over
22  two days, but finished early on the second day with ample opportunity to return home.   The
23  extended stays for which Samsung seeks recovery were neither reasonably incurred nor necessary
24  because of a requirement to return to San Jose "from day to day."   Accordingly, Samsung's
25  recovery (if any) for lodging should be reduced to two days per expert and Samsung's cost reduced
26  by $2,698.

27  In addition, Samsung's request for travel expenses for Dan Schonfeld should be denied in its
28  entirety as Dr. Schonfeld's testimony was entirely unrelated to the sole counterclaim on which

Samsung was successful.

## IV. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court disallow any costs that the Clerk awarded Samsung and otherwise affirm the Clerk's denial of Samsung's requested costs.

Dated:   March 10, 2015             WILMER CUTLER PICKERING
                                         HALE AND DORR LLP

*/s/ Mark D. Selwyn*

Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
950 Page Mill Road
Palo Alto, CA 94304
Telephone:   (650) 858-6000
Facsimile:    (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document and its supporting documents will be served upon counsel of record for Samsung who have consented to electronic service in accordance with Civil Local Rule 5.1.

Dated: March 10, 2015                                    /s/ Mark D. Selwyn