JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California   94105-2482
Telephone:   (415) 268-7000
Facsimile:   (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. 5:12-cv-00630-LHK <br><br> **APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR REVIEW OF CLERK'S TAXATION OF APPLE'S COSTS** <br><br> Date:   August 20, 2015 <br> Time:   1:30 p.m. <br> Place:   Courtroom 8, 4th floor <br> Judge: Hon. Lucy H. Koh |

# TABLE OF CONTENTS

**PAGE**

I.    SAMSUNG PROVIDES NO VALID BASIS FOR THE COURT TO DEFER THE
TAXATION OF COSTS ...................................................................................................1

II.   SAMSUNG'S REQUEST THAT EACH PARTY BEAR ITS OWN COSTS SHOULD
BE DENIED, BECAUSE APPLE IS THE SOLE PREVAILING PARTY ..................................3

    A.    Apple Is the Sole Prevailing Party in this Litigation. ...........................................3

    B.    Samsung Has Failed to Overcome the Presumption that Apple Is Entitled to
Recover Its Costs. ..................................................................................................5

III.  SAMSUNG HAS FAILED TO REBUT THE PRESUMPTION THAT APPLE IS
ENTITLED TO THE SPECIFIC COSTS IT SEEKS..........................................................6

    A.    Samsung Has Failed to Demonstrate that Apple's Costs Related to Printed or
Electronically Recorded Transcripts Should Not Be Awarded. ............................7

    B.    Samsung Has Failed to Demonstrate that Apple's Costs Related to
Exemplification, Costs of Making Copies, and Related Items Should Not Be
Awarded. ................................................................................................................8

        1.    Costs of Making Copies.............................................................................8

        2.    Devices.....................................................................................................11

        3.    Graphics and Demonstratives ..................................................................11

        4.    E-Discovery .............................................................................................12

    C.    Samsung Has Failed to Demonstrate that Apple's Costs Related to Interpreters
Should Not Be Awarded. ......................................................................................13

IV.   CONCLUSION...........................................................................................................13

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Federal Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
No. 11-CV-1846-LHK, 2014 U.S. Dist. LEXIS 132830 (N.D. Cal. Sept. 19, 2014)...... *passim*

*ASIS Internet Servs. v. Optin Global, Inc.*,
No. C-05-5124 JCS, 2008 U.S. Dist. LEXIS 103932 (N.D. Cal. Dec. 17, 2008) ....................2

*Ass'n of Mexican-Am. Educators v. State of Cal.*,
231 F.3d 572 (9th Cir. 2000) .........................................................................................5, 7

*Champion Produce Inc. v. Ruby Robinson Co.*,
342 F.3d 1016 (9th Cir. 2003) ..............................................................................................6

*City of Alameda v. Nuveen Mun. High Income Opportunity Fund*,
No. 08-cv-4575, 2012 U.S. Dist. LEXIS 7403 (N.D. Cal. Jan 23, 2012)..................................3

*FLIR Systems, Inc. v. Sierra Media, Inc.*,
965 F. Supp. 2d 1184 (D. Or. 2013) .....................................................................................4

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)...............................................................................................................4

*Hilton v. Braunskill*,
481 U.S. 770 (1987).................................................................................................................2

*Jones v. City of Orange Cove*,
No. 08-cv-0775 DLB, 2010 U.S. Dist. LEXIS 128578 (E.D. Cal. Nov. 23, 2010)...................2

*Kilopass Tech. Inc. v. Sidense Corp.*,
No. 10-cv-02066 SI, 2013 U.S. Dist. LEXIS 31945 (N.D. Cal. Mar. 6, 2013)....................2, 3

*Manildra Milling Corp. v. Ogilvie Mills*,
76 F.3d 1178 (Fed. Cir. 1996)................................................................................................6

*Mformation Techs., Inc. v. Research in Motion Ltd.*,
No. C-08-4990 EMC, 2012 U.S. Dist. LEXIS 172071 (N.D. Cal. Dec. 4, 2012) ....................2

*Oracle Am. Inc. v. Google Inc.*,
No. 10-cv-03561 WHA, 2012 U.S. Dist. LEXIS 125237 (N.D. Cal. Sept. 4, 2012) ........4, 5, 6

*Pixion Inc. v. PlaceWare Inc.*,
No. C 03-02909 SI, 2005 U.S. Dist. LEXIS 11351 (N.D. Cal. May 26, 2005)........................2

*In re Ricoh, Ltd. Patent Litig.*,
    661 F.3d at 1367 ................................................................................................2, 10, 11, 13

*In re Ricoh, Ltd. Patent Litig.*,
    No. C 03-2289 JW, 2010 U.S. Dist. LEXIS 144033 (N.D. Cal. Sept. 29, 2010) ......................2

*Save Our Valley v. Sound Transit*,
    335 F.3d 932 (9th Cir. 2003) .............................................................................................5, 7

*Shum v. Intel Corp.*,
    629 F.3d 1360 (Fed. Cir. 2010)..................................................................................4, 5, 6, 13

*Stanley v. Univ. of S. Cal.*,
    178 F.3d 1069 (9th Cir. 1999) ...............................................................................................5

*TransPerfect Global, Inc. v. MotionPoint Corp.*,
    No. 10-cv-02590, 2014 U.S. Dist. LEXIS 47179 (N.D. Cal. Apr. 4, 2014)............................6

*Vectren Commc'ns Servs. v. City of Alameda*,
    No. 08-cv-3137 SI, 2014 U.S. Dist. LEXIS 100227 (N.D. Cal. July 22, 2014)......................8

**Federal Statutes**

28 U.S.C. § 1920.......................................................................................................... 7, 8, 10-12


**Other Authorities**

Federal Rule of Civil Procedure 54(d)................................................................................ *passim*

Local Rule 54-3................................................................................................................. 7-10, 12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Apple's pending motion to review the Clerk's award of costs (Dkt. 2127) demonstrates that Apple's requested costs are appropriate and should be awarded in full.   Samsung's motion first seeks to delay Apple's recovery of these costs, notwithstanding the considerable authority—including this Court's ruling in the 1846 case—supporting the prompt award of costs after trial.   In the alternative, Samsung argues, contrary to Federal Circuit precedent, that both parties should be deemed prevailing and that each party should bear its own costs.   But Apple is the sole prevailing party in this litigation and Samsung's limited success on a single patent counterclaim—for which it recovered a fraction of one percent of Apple's recovery—is insufficient to overcome the presumption that Apple is entitled to recover its costs pursuant to Rule 54.   Lastly, Samsung's efforts to challenge Apple's specific cost requests rely almost exclusive on arguments already rejected by the Court in the 1846 case.   Samsung's motion should be denied in its entirety.

## I. SAMSUNG PROVIDES NO VALID BASIS FOR THE COURT TO DEFER THE TAXATION OF COSTS

As it did in the first case between these parties, Samsung asks the Court to delay consideration of a cost award to Apple until after the merits appeals are completed.   The Court rejected Samsung's similar request in the 1846 case, finding no basis for deferring a decision on the bill of costs.   *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-1846-LHK, 2014 U.S. Dist. LEXIS 132830, at *67 (N.D. Cal. Sept. 19, 2014) ("1846 Bill of Costs Order") ("[T]he Court finds that there is no basis to defer a decision on the bill of costs pending Samsung's appeal.").   Samsung's current request to delay should be rejected for the same reasons.

Under Federal Rule of Civil Procedure 54(d)(1), the prevailing party is routinely awarded its costs directly following judgment.   The mere pendency of a merits appeal is not a sufficient basis for a stay absent exceptional circumstances.   *See Friends of Tahoe Forest Access v. U.S. Dep't of Agric.*, No. 12-CV-01876 JAM-CKD, 2014 U.S. Dist. LEXIS 54248, at *4 (E.D. Cal. Apr. 17, 2014) (finding no basis to defer decision on bill of costs pending appeal).   In assessing whether to stay an order pending appeal, courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent

a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."   *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). In considering these factors, courts in this district have repeatedly denied requests to stay taxation of costs.   *E.g.*, *Mformation Techs., Inc. v. Research in Motion Ltd.*, No. C-08-4990 EMC, 2012 U.S. Dist. LEXIS 172071, at *14-*17 (N.D. Cal. Dec. 4, 2012) (finding that none of four *Hilton* factors weighed in favor of staying taxation of costs); *ASIS Internet Servs. v. Optin Global, Inc.*, No. C-05-5124 JCS, 2008 U.S. Dist. LEXIS 103932, at *5 (N.D. Cal. Dec. 17, 2008) (considering factors and finding that stay of taxation of costs was not warranted), *aff'd sub nom.*, *ASIS Internet Servs. v. Azoogle.com, Inc.*, 357 F. App'x 112 (9th Cir. 2009); *Pixion Inc. v. PlaceWare Inc.*, No. C 03-02909 SI, 2005 U.S. Dist. LEXIS 11351, at *4-*5 (N.D. Cal. May 26, 2005) (denying request to stay taxation of costs pending appeal).

Here, an assessment of these four factors confirms the absence of any basis to defer consideration of a cost award to Apple.   As in the 1846 case, Samsung makes no showing that it is likely to succeed on the merits on appeal.   Indeed, this Court denied Samsung's motions for judgment as a matter of law on the issues on which it appealed, finding that a reasonable jury would have a legally sufficient evidentiary basis to find for Apple on those issues.   (Dkt. 1965.)   There is no reason to expect that the Federal Circuit would find otherwise.

Samsung also makes no showing that it will be irreparably injured absent a stay.   Samsung has substantial assets and is easily able to satisfy a cost award of $1,125,173.11.   A party's "substantial assets mitigate any financial harm caused by the denial of a stay."   *In re Ricoh, Ltd. Patent Litig.*, No. C 03-2289 JW, 2010 U.S. Dist. LEXIS 144033, at *11 (N.D. Cal. Sept. 29, 2010) *aff'd in part, rev'd in part*, 661 F.3d 1361 (Fed. Cir. 2011).   Further, the mere fact that reversal on appeal would also entail reversal or reassessment of costs does not qualify as an irreparable injury and is not a sufficient basis to stay taxation of costs.   *Kilopass Tech. Inc. v. Sidense Corp.*, No. 10-cv-02066 SI, 2013 U.S. Dist. LEXIS 31945, at *12 (N.D. Cal. Mar. 6, 2013) (finding that perceived burden in having to return or reassess costs if judgment were reversed on appeal was "a mere inconvenience, and not an irreparable injury"); *Jones v. City of Orange Cove*, No. 08-cv-0775 DLB, 2010 U.S. Dist. LEXIS 128578, at *4 (E.D. Cal. Nov. 23, 2010) (denying request to stay

1   taxation of costs pending appeal because pending appeal "is not a sufficient [] basis to stay taxation

2   of costs").   Where, as here, a party has failed to "show[] that it will be irreparably harmed absent a

3   stay," there is "no basis to defer a decision on the bill of costs pending [] appeal."   *City of Alameda*

4   *v. Nuveen Mun. High Income Opportunity Fund*, No. 08-cv-4575, 2012 U.S. Dist. LEXIS 7403, at

5   *8 (N.D. Cal. Jan 23, 2012).

6         Samsung also fails to address the presumptive injury to Apple from further delay of taxation

7   of costs.   As this Court recognized in rejecting Samsung's request for deferral in the 1846 case,

8   "the prevailing party has an interest in prompt payment of its taxable costs."   1846 Bill of Costs

9   Order, at *67; *see also Kilopass*, 2013 U.S. Dist. LEXIS 31945, at *12 (finding that prevailing party

10  had "an interest in the immediate payment of its taxable costs" and denying stay of taxation of costs).

11  Judgment was entered in this case on May 6, 2014 (Dkt. 1890), and the hearing date on this motion

12  is currently set for August 20, 2015 (*see* Dkt. 2132), well over a year later.   Further delay is

13  prejudicial to Apple as the prevailing party under Rule 54(d).

14        Finally, Samsung has not demonstrated that the public interest weighs in favor of staying the

15  consideration of costs.   To the contrary, public policy favors prompt recovery of costs.   Apple

16  should be awarded the costs it incurred protecting its innovative, proprietary technologies.

17  Moreover, as the Court previously noted, there is a "need to finally bring litigation before this Court

18  to an end."   1846 Bill of Costs Order, at *67.   Because Samsung has failed to establish any of the

19  four factors for granting a stay of taxation of costs, Samsung's request for a stay should be denied.

20

21  **II.    SAMSUNG'S REQUEST THAT EACH PARTY BEAR ITS OWN COSTS SHOULD
        BE DENIED, BECAUSE APPLE IS THE SOLE PREVAILING PARTY**

22        Samsung next asks the Court to deny Apple recovery of its costs and rule that each party bear

23  its own costs.   Samsung makes two arguments in support of this claim: (1) both parties could be

24  considered "prevailing," and (2) Apple did not recover all the damages it sought.   These arguments

25  should be rejected: the first is contrary to Federal Circuit precedent, and the second was raised and

26  rejected by the Court in the 1846 case.   1846 Bill of Costs Order, at *69-70.

27        **A.    Apple Is the Sole Prevailing Party in this Litigation.**

28        Samsung's suggestion that both parties could be considered "prevailing" parties in this action

ignores that "[a] court must choose one, and *only one*, 'prevailing party' to receive any costs award." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010); *see also Oracle Am. Inc. v. Google Inc.*, No. 10-cv-03561 WHA, 2012 U.S. Dist. LEXIS 125237, at *5-6 (N.D. Cal. Sept. 4, 2012) (even in mixed judgment cases the district court must "pick *one side* as the 'prevailing party' for the purposes of taxing costs" (emphasis added)); Fed. R. Civ. P. 54(d)(1) (awarding costs to "*the* prevailing party" (emphasis added)).

The case law Samsung relies upon is inapposite.   Samsung quotes an excerpt from *Hensley v. Eckerhart*, 461 U.S. 424, 434-435 (1983), for the proposition that claims can be treated as separate suits where two parties asserted unrelated claims against each other.   However, that was not the holding of the case; the issue there was whether, under a civil rights statute, the prevailing party could recover attorney's fees for time spent on unsuccessful claims.   The Court in *Hensley* was not interpreting Rule 54(d), was not determining a prevailing party, and the case did not even involve two parties asserting claims against each other.   Samsung's citation of *FLIR Systems, Inc. v. Sierra Media, Inc.*, 965 F. Supp. 2d 1184, 1199 (D. Or. 2013), is even further astray.   While Samsung cites the case as an instance in which both sides were deemed to have prevailed, it ignores that the court, which was interpreting the Lanham Act, expressly distinguished its ruling from the Federal Circuit precedent that governs *this* case: "Relying primarily on the wording of Rule 54(d), the *Shum* court held that *in patent cases* there can be, 'by definition,' only one prevailing party, regardless of the fact that the outcome of a particular lawsuit might be mixed."   *Id.* (citing *Shum*, 629 F.3d at 1366-67) (emphasis added and internal citation omitted).

Here, Apple is the sole prevailing party.   Apple was successful in proving that Samsung infringed three of Apple's patents, for which Apple was awarded more than $119 million in damages. (Dkt. 1890.)   In addition, the Court invalidated Samsung's '757 patent on summary judgment (Dkt. 1150), and the jury found that Apple did not infringe Samsung's '239 patent (Dkt. 1890).

There can be no dispute that Samsung's counterclaim for infringement of the '449 patent

played only a peripheral role at trial.[1]   Samsung's success on this claim was equally peripheral, as the jury awarded Samsung just $158,400 in damages compared to the more than $119 million awarded to Apple.   (Dkt. 1890.)   Samsung's success on a peripheral counterclaim, which offset Apple's damages recovery by 0.13%, is not sufficient to alter Apple's status as the prevailing party for the case as a whole.   Nor is Samsung's (at best) limited success enough to deem both Apple and Samsung prevailing parties.   *See Oracle*, 2012 U.S. Dist. LEXIS 125237, at *7 (Oracle was not the prevailing party despite success on two copyright claims); *Shum*, 629 F.3d at 1366-1367 (plaintiff was not prevailing party despite success on inventorship claims for five patents).

### B.   Samsung Has Failed to Overcome the Presumption that Apple Is Entitled to Recover Its Costs.

As the prevailing party, Apple is presumptively entitled to recover its taxable costs.   Fed. R. Civ. P 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").   "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded."   *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).   A court that declines to award costs must justify its decision by explaining "why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."   *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 593 (9th Cir. 2000) (*en banc*); *see Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) ("A district court deviates from normal practice when it refuses to tax costs to the losing party, and that deviation triggers the requirement to 'specify reasons.'").   Samsung has not presented any persuasive reasons why the presumption in favor of awarding the prevailing party its costs should not apply here.

There is no merit to Samsung's contention that Apple should be denied its costs because it was not awarded all the damages it sought at trial.   The Court was not persuaded by a similar argument in the 1846 case, rejecting Samsung's assertion that Apple did not prevail because it

---

[1]  Samsung's conduct at trial confirms that Samsung's claim of infringement under the '449 patent was a peripheral aspect of the case.   Samsung allotted only about five percent of its trial time (75 of its 1500 minutes) to issues related to the '449 patent.   (*See* Dkt. 2057-1 [Selwyn Decl.] at ¶ 4.)

1  "achieved only a 'partial recovery.'"   1846 Bill of Costs Order, at *67.   The Court observed that

2  "a party need not win on every single one of its claims in order to be the prevailing party," and held

3  that "[t]he large jury damages award in favor of Apple clearly materially altered the legal

4  relationship between the parties in this case."   *Id.* at *69 (internal quotation marks omitted).

5      The same rationale applies here.   The jury awarded Apple over $119 million in damages,

6  unquestionably altering the legal relationship between the parties.   Moreover, Apple's success in

7  invalidating Samsung's '757 patent while defeating all of Samsung's efforts to invalidate Apple's

8  patents further extends Apple's victory.   *See Manildra Milling Corp. v. Ogilvie Mills*, 76 F.3d 1178,

9  1183 (Fed. Cir. 1996) ("[A] party who has a competitor's patent declared invalid meets the

10  definition of 'prevailing party.'").   The fact that Apple sought a greater damages award for

11  Samsung's infringement is not legally significant to determining whether Apple is the prevailing

12  party in this case.[2]   And the jury's award of $119 million in damages to Apple can hardly be

13  deemed a "mixed outcome," given that the same jury only awarded Samsung approximately one

14  tenth of one percent of that amount.   In light of the overwhelming nature of Apple's victory,

15  Samsung cannot overcome the presumption in favor of awarding Apple its costs as the prevailing

16  party.   *See Oracle*, 2012 U.S. Dist. LEXIS 12537, at *7 (awarding damages where the "judgment,

17  although technically mixed, was overwhelmingly in favor of" the prevailing party); *see also Shum*,

18  629 F.3d at 1366-67; *TransPerfect Global, Inc. v. MotionPoint Corp.*, No. 10-cv-02590, 2014 U.S.

19  Dist. LEXIS 47179, at *10-*11 (N.D. Cal. Apr. 4, 2014) (holding that losing party's partial success

20  on summary judgment did not diminish prevailing party's clear success).

21  **III.   SAMSUNG HAS FAILED TO REBUT THE PRESUMPTION THAT APPLE IS ENTITLED TO THE SPECIFIC COSTS IT SEEKS**

22      Because Rule 54(d) presumes an award of costs to the prevailing party, "a district court need

23  not give affirmative reasons for awarding costs; instead, it need only find that the reasons for

---

[2]  The sole case Samsung cites denying costs based on reduced recovery of damages was expressly limited to contract claims.   *See Champion Produce Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1023 (9th Cir. 2003) (cautioning that the court's denial of costs based on the disparity between the amount sought and the amount recovered "is limited to contract actions, in which damages are often more readily calculable than, for example, in tort actions"; the court expressly did "not address the propriety of these reasons in non-contract actions").

denying costs are not sufficiently persuasive to overcome the presumption in favour of an award." *Save Our Valley*, 335 F.3d at 945; *see also Ass'n of Mexican-Am. Educators*, 231 F.3d at 591 (finding that district court must "specify reasons for its refusal to award costs").   Here, Samsung has failed to demonstrate that any of Apple's specific costs should be denied.

### A.   Samsung Has Failed to Demonstrate that Apple's Costs Related to Printed or Electronically Recorded Transcripts Should Not Be Awarded.

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C § 1920(2).   The Clerk awarded Apple $422,054.34 in costs for printed or electronically recorded transcripts necessarily obtained for use in the case.[3]   All these costs were incurred in connection with disputed issues in the case for the purposes of trial preparation.   (*See* Dkt. 2031-4 [Sabri Decl.] at ¶ 10; Dkt. 2031-5 [Lyon Decl.] at ¶ 10; 2031-6 [Selwyn Decl.] at ¶ 9; *cf.* 1846 Bill of Costs Order, at *74 (holding, based on similar declarations, that "Apple has met its burden to demonstrate that the depositions were reasonably obtained").)

Samsung's only argument regarding this portion of the cost award is that Apple should not be awarded costs for certain depositions because it was not successful on all claims and counterclaims. In particular, Samsung argues that Apple should not be awarded costs for depositions related to any of Samsung's counterclaims.   Samsung made (and the Court rejected) the same argument in the 1846 litigation, and the argument should be rejected here on the same basis.

In the 1846 case, the Court concluded that Samsung's attempt to limit Apple's recovery for depositions related to "liability issues on which the prevailing party actually prevailed at trial" was "not supported by authority."   1846 Bill of Costs Order, at *73.   The Court held, consistent with the local rules, that Apple, as the prevailing party, was entitled to recover for transcripts from depositions "taken for any purpose in connection with the case."   *Id.*; *see* Civil L.R. 54-3(c)(1).

Here, Samsung again cites no authority to support its contention that Apple should only recover for depositions related to Apple's patent claims against Samsung.   As discussed above, Samsung's limited success on one counterclaim does not alter that Apple is the prevailing party in

---

[3]   The Clerk disallowed $13,669.02 of Apple's request as outside the ambit of LR 54-3(b)(3).   In the interests of minimizing disputes, Apple does not seek to recover these disallowed costs.   (*See* Dkt. 2127 at 2.)

1    this litigation and, as such, is entitled to recover for all reasonably obtained depositions.   *See* Civil

2    L.R. 54-3(c)(1).   Accordingly, and consistent with the Court's order in the 1846 case, the Clerk's

3    award of $422,054.34 for transcript costs to Apple should be upheld.

**B.    Samsung Has Failed to Demonstrate that Apple's Costs Related to Exemplification, Costs of Making Copies, and Related Items Should Not Be Awarded.**

"Fees for exemplification and costs of making copies of any materials where the copies are

necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C. § 1920(4).   Apple seeks

costs in this category of $676,681.31.   The Clerk awarded only $210,905.46 for this category,

finding that a significant portion of these costs were unrecoverable.   As set forth in Apple's Motion

(Dkt. 2127), the Court should allow all of Apple's requested costs in this category.

**1.    Costs of Making Copies**

Apple seeks its costs of reproducing documents for purposes of disclosure and materials

requested by the Court in the amount of $42,567.36.   (*See* Dkt. 3031-11 (Morrison & Foerster costs

of $36,785.86); Dkt. 3031-36 (WilmerHale costs of $5,781.50).)   These costs break down into four

categories:   (1) materials provided to the Court pursuant to Court instruction, such as copies of trial

exhibits; (2) materials provided to the jury, such as jury books or binders; (3) witness examination

binders tendered to Samsung; and (4) copies of source code produced to Samsung.   Samsung's

objections with respect to each of these categories are without merit.

**a)   Materials Provided to the Court**

Civil Local Rule 54-3(d)(4) states that "[t]he cost of reproducing trial exhibits is allowable to

the extent that a Judge requires copies to be provided."   Recovery for trial exhibits has been

routinely permitted by courts in this District.   *Vectren Commc'ns Servs. v. City of Alameda*, No.

08-cv-3137 SI, 2014 U.S. Dist. LEXIS 100227, at *16-17 (N.D. Cal. July 22, 2014).   Apple seeks

costs of $28,165.14 for materials provided to the Court, which include copies of trial exhibits, the

demonstratives used by Apple's experts, and copies of expert reports.   Apple's costs include four

sets of each of these materials (two provided to the Court and two retained by counsel).   Samsung

objects to three components of these costs: (1) demonstrative slides and expert reports provided to

the Court, (2) trial exhibits related to the Samsung's counterclaims, and (3) the rate of copy costs.

Each objection is addressed in order below.

First, Apple provided the Court, at its request, with copies of Apple's experts' demonstrative slides and reports.   (*See* Dkt. 1624, at 1018:21-24 (requesting copies of demonstratives); *id.* at 2397:13 (requesting copies of expert reports).)   Accordingly, these costs fall squarely within copies made "to the extent that a Judge requires" under Local Rule 54-3(d)(4) and are recoverable as such.

Second, Apple, as the prevailing party, is entitled to the full cost of reproducing trial exhibits under Local Rule 54-3(d)(4), not just those exhibits related to the specific issues on which Apple obtained recovery.   In the 1846 case, the Court expressly declined to engage in the minutia of attempting to determine which costs relate to which claims and counterclaims: "attempting to parse which depositions relate to liability issues on which a party did or did not prevail would place an unworkable burden on the Court."   1846 Bill of Costs Order, at *73.   All the exhibits were part of a single litigation tried before a single jury during a single trial; Apple prevailed in that litigation, and is entitled to recover its costs under Rule 54.

Third, Samsung objects to the rate charged for some of the copies, which ranged between $0.05 for black and white copies to $0.16 for color copies.   Samsung's sole support for this objection is that the Court, in the course of rejecting one of Samsung's objections in the prior matter, noted that an average rate of $0.08 per copy for Apple's e-discovery expenses was not unreasonable. 1846 Bill of Costs Order, at *92 n.7.   In so finding, the Court did not set a maximum reasonable rate for copies, and Samsung provides no basis to find that $0.16 per copy is an unreasonable rate for color copies.   Samsung has failed to show that Apple is not entitled to recover these costs.

### b)  Jury Books

The Court also instructed the parties to provide certain materials to the jury, which were therefore necessarily obtained for use in the case.   Apple seeks costs for materials tendered to the jury in the amount of $595.25.   Samsung objects to the rate Apple paid for the cost of copies made for jury materials.   As noted above, Samsung has no support for its objection regarding the rate of Apple's copy costs.   The Court did not set any maximum reasonable rate for copies in the 1846 case (1846 Bill of Costs Order, at *92 n.7), and Samsung has no support for its claim that the rates that Apple actually paid were unreasonable.

### c)   Witness examination binders

Apple seeks to recover $13,350.22 in costs for witness examination binders that it tendered to Samsung during trial.   Samsung objects that the costs for these copies are not recoverable because the copies were produced after the discovery period ended and because not every exhibit included in the binders was used during the examination of the witnesses.    Neither of these arguments has merit.

Samsung does not dispute that Apple is seeking recovery for the cost of copies made for witness binders that were actually "tendered to opposing counsel."   *See* 1846 Bill of Costs Order, at *80.[4]   Instead, Samsung argues only that the costs are not discoverable because they were produced "after discovery had closed."   (Dkt. 2128 at 12.)   However, nothing in Local Rule 54-3(d)(2) limits recovery of costs to disclosures made during the formal discovery period.

Samsung's other argument, that not every exhibit in each witness examination binder was used during the examination, is also without merit.   Under 28 U.S.C. § 1920(4), the "costs of making copies of any materials" are recoverable "where the copies are necessarily obtained for use in the case."   There is no requirement "that the copies actually be used in the case or made a part of the record."   *In re Ricoh*, 661 F.3d at 1367; *see also* 1846 Bill of Costs Order, at *85 ("[T]he Local Rule allows recovery for materials 'to be used' at trial and does not require actual use of each item so prepared.").

### d)   Source code for production at trial

Apple also produced source code to Samsung at trial, copies of which were necessarily obtained for use in the case.   Apple seeks $456.75 for costs in this category.   Once again, Samsung's sole objection to these costs is that they relate to Samsung's counterclaims.   However, as prevailing party in this litigation, Apple is entitled to recover "[f]ees for exemplification and the

---

[4]  In the 1846 case, the Court found that Apple provided inadequate documentation for its copying costs, such that the Court could not determine whether the copies were "tendered to opposing counsel" or were "created for counsel's convenience or to prepare Apple's own witnesses."   1846 Bill of Costs Order, at *80.   Following the Court's guidance, Apple's supporting declarations and schedules in this case expressly identify the purposes for which copies were made and whether copies were produced to Samsung.   (Dkt. 2031-4 [Sabri Decl.] at ¶23, Dkt. 2031-6 [Selwyn Decl.] at ¶14, Dkt. 2031-12, Dkt. 2031-13, Dkt. 2031-36, Dkt 2031-37.)   Apple seeks to recover only for those copies that were tendered to Samsung.

1   costs of making copies of any materials where the copies are necessarily obtained in the case."   28

2   U.S.C. § 1920(4).   Samsung's success on one counterclaim does not alter Apple's ability to recover

3   these costs as the prevailing party.   Moreover, Samsung makes no attempt to distinguish between

4   the copies made at Samsung's request relating to the '239 patent counterclaim (on which Apple

5   prevailed at trial) and those made with respect to the '449 patent counterclaim.

**2.      Devices**

7   The costs of devices used as trial exhibits are recoverable as exemplification, as this Court

8   held in the 1846 case.   1846 Bill of Costs Order, at *81.   At trial, Apple accused nine Samsung

9   smartphones and one tablet of infringement; because the devices could run multiple versions of

10  Android or the Global Search Application, multiple devices were required for trial.   (Dkt. 2031-4

11  [Sabri Decl.] at ¶ 27.)   Apple seeks recovery in the amount of $10,535.62 for purchasing these

12  devices.   (Dkt. 2031-13 (Morrison & Foerster costs of $345.23); Dkt. 2060-2 (Gibson Dunn costs

13  of $10,190.39).)   Apple submitted invoices detailing the actual costs of obtaining these devices,

14  which includes the costs of shipping these devices to Apple's counsel and the taxes paid by Apple to

15  purchase them.   (Dkt. 2031-14, Dkt. 2031-27, Dkt. 2060-2.)

16  Samsung asks that the Court reduce that amount by $806.86 in taxes and shipping and

17  handling costs.   Samsung contends, without citing authority, that Apple's costs should be reduced

18  because taxes are included.   Samsung offers no reasons why taxes should not be recovered as costs

19  when incurred to obtain trial exhibits, and Samsung does not dispute that these purchased devices

20  were "used in the trial" and were "of material aid to the jury."   *See* 1846 Bill of Costs Order, at *83.

21  With respect to the shipping and handling costs, Samsung argues that Apple should have "submitted

22  evidence that the devices in question were not readily available for purchase locally" before

23  incurring these expenses.   (Dkt. 2128 at 11.)   But again, Samsung offers no authority for this

24  alleged "local purchase" requirement, or any other basis to deny Apple recovery of the documented

25  costs it actually incurred to obtain these devices.   *See* Civil L.R. 54-1(a); *In re Ricoh*, 661 F.3d at

26  1367.

**3.      Graphics and Demonstratives**

28  Apple seeks costs for preparing trial graphics in the amount of $458,487.50.   (Dkt. 2031-15.)

1    Samsung's sole argument with respect to these costs is that "Apple failed to show which of its

2    graphics costs were attributable to its offensive case."    (Dkt. 2128 at 12.)    Once again, Samsung's

3    argument relies on its already-rejected position that the Court should apportion costs on a

4    claim-by-claim or issue-by-issue basis.    *See* 1846 Bill of Costs Order, at *73-74 (rejecting

5    Samsung's attempt to apportion costs on an issue-by-issue basis as placing "an unworkable burden

6    on the Court").

7            As the sole prevailing party in this litigation, Apple is entitled to the "costs of making copies

8    of any materials," where the copies were "necessarily obtained for use in the case."    28 U.S.C.

9    § 1920(4).    Those costs include costs spent "preparing charts, diagrams, videotapes, and other

10   visual aids to be used as exhibits [that are] reasonably necessary to assist the jury or the Court in

11   understanding the issues at trial."    Civil L.R. 54-3(d)(5).    Neither Section 1920 nor Rule 54

12   contains any provision limiting recovery to only those issues on which the prevailing party was

13   successful at trial.    As such, Apple is entitled to recover for the entire amount of its trial graphics

14   costs.

15                    **4.        E-Discovery**

16           Pursuant to 28 U.S.C § 1920, Rule 54, and Civil Local Rule 54-3, Apple requested (i)

17   $133,765 for costs specifically attributable to uploading source code made available to Samsung,

18   and (ii) $31,325.83 for costs specifically attributable to file processing and upload costs related to

19   the production of documents produced to Samsung (determined as a percentage of uploaded

20   documents produced to Samsung).    (Dkt. 3031-38; Dkt. 2060-9; Dkt. 2031-42; Dkt. 2031-28.)

21   Samsung objects to the entire amount requested for source code productions and $26,185.00 of

22   Apple's document production costs.

23           Yet again, Samsung's sole objection is that Apple is not entitled to recover any costs related

24   to Samsung's counterclaims.    Samsung does not contend that Apple's costs were not necessarily

25   incurred in the case.    Nor does Samsung dispute any of the particular costs included in Apple's

26   request, or the calculations Apple used to determine the percentage of costs recoverable.

27   Samsung's only argument is that Apple is "not the prevailing party" as to Samsung's counterclaims.

28   (Dkt. 2128 at 13.)    Because its position cannot be reconciled with the clear authority of the Federal

Circuit that there must be only one prevailing party, *Shum*, 629 F.3d at 1367, Samsung's argument should be rejected.

     **C.**    **Samsung Has Failed to Demonstrate that Apple's Costs Related to Interpreters Should Not Be Awarded.**

     Apple requested costs for deposition interpreters in the amount of $26,437.46.   (Dkt. 2031-29 (Gibson Dunn costs of $9,000); Dkt. 2060-11 (WilmerHale costs of $17,437.46).)   The Clerk awarded Apple all these costs.   Samsung objects to the inclusion of interpreters for depositions related to Samsung's counterclaims for the same reasons addressed above.   In addition, Samsung objects to the costs charged by certain interpreters because, in Samsung's view, their fees or minimum requirements were unreasonable.   Apple has met its burden of providing documentation detailing the actual costs it reasonably incurred for deposition interpreters.   *See* Civil L.R. 54-1(a); *In re Ricoh*, 661 F.3d at 1367.   The interpreter costs are consistent with (and indeed, are on average lower than) the costs for interpreters this Court approved in the 1846 case. (*Compare* Dkt. 2031-44 (average cost for interpretation $2491) *and* Dkt. 2031-29 (average cost for interpretation $2250), *with* 1846 Dkt.2943-21 (average cost for interpretation $3397) *and* 1846 Dkt. 2853-29 (average cost for interpretation $2996); *see also* 1846 Bill of Costs Order, at *96 ("[T]he Court grants Apple's request for . . . costs for interpreters for depositions in its entirety.").) Samsung has provided no authority to support its argument that the interpreter costs incurred by Apple were not reasonably incurred.

**IV.**    **CONCLUSION**

     For the foregoing reasons, Apple respectfully requests that Samsung's motion be denied.

Dated:   March 18, 2015                  WILMER CUTLER PICKERING
                                              HALE AND DORR LLP

                                         */s/ Mark D. Selwyn*
                                         Mark D. Selwyn (SBN 244180)
                                         (mark.selwyn@wilmerhale.com)
                                         950 Page Mill Road
                                         Palo Alto, CA 94304
                                         Telephone:   (650) 858-6000
                                         Facsimile:   (650) 858-6100

                                         *Attorneys for Plaintiff Apple Inc.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing document and its supporting documents will be served upon counsel of record for Samsung who have consented to electronic service in accordance with Civil Local Rule 5.1.

Dated: March 18, 2015                   */s/ Mark D. Selwyn*