QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS AGAINST SAMSUNG**<br><br>Date:    Aug. 20, 2015<br>Time:    1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 1

I.  APPLE'S CORRECTED BILL OF COSTS SEEKS OVER HALF A MILLION DOLLARS IN DISALLOWED OR UNSUPPORTED EXEMPLIFICATION AND COPYING EXPENSES ................................................................................................ 1

   A.  Apple Seeks Disallowed Costs For Making Hundreds Of Thousands Of Copies ............................................................................................................... 2

   B.  Apple Seeks Disallowed Costs For Purchasing Devices ................................... 7

   C.  Apple Seeks Disallowed Costs For Developing Graphics And Demonstratives ................................................................................................... 7

   D.  Apple Seeks Disallowed Costs Related To Electronic Discovery .................... 8

II. SUMMARY OF SAMSUNG'S OBJECTIONS TO APPLE'S SOUGHT EXEMPLIFICATION AND COPYING COSTS ...................................................... 9

CONCLUSION ....................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

### Cases

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
  No. 11-cv-1846-LHK, 2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) .................................. 3, 8

*CBT Flint Partners, LLC v. Return Path, Inc.*,
  737 F.3d 1320 (Fed. Cir. 2011) ............................................................................................. 8

*CRS Recovery, Inc. v. Laxton*,
  No. C 06-7093 CW, 2013 U.S. Dist. LEXIS 4240 (N.D. Cal. Jan. 10, 2013) ......................... 2

*eBay v. Kelora Sys., LLC*,
  No. C 10-4947 CW(LB), 2013 U.S. Dist. LEXIS 49835 (N.D. Cal. Apr. 5, 2013) ................. 8

*FLIR Sys., Inc. v. Sierra Media, Inc.*,
  965 F. Supp. 2d 1184 (D. Or. 2013) ....................................................................................... 2

*Hensley v. Eckerhart*,
  461 U.S. 424, 103 S. Ct. 1933 (1983) .................................................................................... 2

*In re Online DVD-Rental Antitrust Litigation*,
  __F.3d__, 2015 WL 845842 (Fed. Cir. Feb 27, 2015) ............................................................ 5

*Plantronics, Inc. v. Aliph, Inc.*,
  No. C 09-01714 WHA LB, 2012 WL 6761576 (N.D. Cal. Oct. 23, 2012) ............................. 6

*In re Ricoh Co., Ltd. Patent Litig.*,
  661 F.3d 1361 (Fed. Cir. 2011) ......................................................................................... 5, 7

*Vectren Commc'ns Servs. v. City of Alameda*,
  No. C 08-3137 SI, 2014 U.S. Dist. LEXIS 100227 (N.D. Cal. July 22, 2014) ....................... 2

*Weco Supply Co. v. Sherwin-Williams Co.*,
  No. 1:10-CV-00171 AWI-BAM, 2013 U.S. Dist. LEXIS 1572 (E.D. Cal. Jan. 3, 2013) ......... 6

### Statutes and Rules

Civil L.R. 54-3(d)(4) .................................................................................................................. 2

Fed. R. Civ. P. 26 ....................................................................................................................... 5

Fed. R. Civ. P. 34 ....................................................................................................................... 5

# INTRODUCTION

Through its motion for review, Apple impermissibly seeks to recover exemplification and copying costs related to Samsung's offensive case, where *Samsung* was the prevailing party. In some instances, it is clear from Apple's submission which costs are attributable to Samsung's offensive case. In large part, these are the e-discovery costs incurred by the WilmerHale law firm, which admittedly was responsible for defending against Samsung's infringement claims. In other instances, particularly for trial graphics, Apple seeks costs without providing any indication as to which case they are attributable to and with no effort to reduce the costs to account for this, despite its burden to prove its recoverable costs with specificity. For still other costs, namely copies, Apple seeks expenses that have no basis for recovery in the federal or local rules. All of these costs must be rejected.

Samsung already sought full review of Apple's costs elsewhere (Dkt. 2128 (Samsung's Motion to Review the Clerk's Taxation of Apple's Costs)), so in this brief Samsung includes its objections to just those exemplification and copying costs raised in Apple's motion for review. To avoid as much repetitive briefing as possible for the Court, Samsung hereby incorporates by reference its objections to Apple's transcript and interpreter costs (*see id.* at 6-8, 14-15), and will not re-brief those issues here. Samsung also incorporates by reference the procedural history and statement of the law from its motion (*id.* at 1-4), and its arguments that (i) review of Apple's costs should be stayed pending resolution of the cross-appeals in this case, and (ii) in the alternative, the parties should bear their own costs in light of the mixed judgment in Apple's offensive case and Samsung's success in its own offensive case (*id.* at 4-6).

# ARGUMENT

## I. APPLE'S CORRECTED BILL OF COSTS SEEKS OVER HALF A MILLION DOLLARS IN DISALLOWED OR UNSUPPORTED EXEMPLIFICATION AND COPYING EXPENSES

In its motion, Apple seeks to recover the entire $676,681.31 it sought in costs for exemplification and copying. (Dkt. 2127 at 4 (Apple's Motion).) If the Court chooses to review Apple's costs now, it should reject the vast majority of them because Apple either admitted they were incurred in its defensive case or failed to show they were only related to its offensive

case. The Supreme Court has held that "unrelated claims [must] be treated as if they had been raised in separate lawsuits." *See Hensley v. Eckerhart,* 461 U.S. 424, 434-435, 103 S.Ct. 1933 (1983); *accord FLIR Sys., Inc. v. Sierra Media, Inc.*, 965 F. Supp. 2d 1184, 1199-200 (D. Or. 2013) (finding plaintiff was prevailing party on its own claims against defendant despite defendant's much larger damages award on its claims against plaintiff). It is improper to award Apple costs associated with the case in which *Samsung* prevailed. Still other costs sought by Apple have no basis in the federal or local rules and should be rejected as well. The Clerk disallowed $465,775.85 in this category (Dkt. 2125) and the Court should uphold this reduction and make additional cuts so the total amount disallowed in this category is $656,261.00, leaving $20,420.31 in supported and taxable exemplification and copying costs.

### A. Apple Seeks Disallowed Costs For Making Hundreds Of Thousands Of Copies.

Apple seeks a total of $42,567.36 in costs for various types of copies made before and during trial. (Dkt. 2127 at 4 (Apple's Motion); *see also* Dkt. 2031-11 (Sched. B-1) (Morrison & Foerster costs of $36,785.86); Dkt. 2031-36 (Sched. G-1) (WilmerHale costs of $5,781.50).) The excessive costs for each type are discussed below.

*a. Materials Provided to the Court.* Within this sub-category, Apple seeks to recover $28,165.14 for providing the Court with copies of its demonstrative slides and expert reports, as well as Apple's trial exhibits and the joint trial exhibits. (Dkt. 2127 at 4-5 (Apple's Motion); Dkt. 2031-11 (Sched. B-1); Dkt. 2031-36 (Sched. G-1).) Apple provides no support in either the case law or rules for seeking the cost of reproducing demonstratives or expert reports for the Court, so those costs must be rejected.

As for reproducing trial exhibits, Apple admits that the local rules allow "[t]he cost of reproducing trial exhibits," only "to the extent that a Judge requires copies to be provided." (Civil L.R. 54-3(d)(4) (quoted in Dkt. 2127 at 4 (Apple's Motion).) Neither of the authorities cited by Apple states differently; instead, they also limit recovery to the few sets of trial exhibits expressly required by the Court. *See Vectren Commc'ns Servs. v. City of Alameda*, No. C 08-3137 SI, 2014 U.S. Dist. LEXIS 100227, at *16 (N.D. Cal. July 22, 2014); *CRS Recovery, Inc. v.*

*Laxton*, No. C 06-7093 CW, 2013 U.S. Dist. LEXIS 4240, at *7, 10 (N.D. Cal. Jan. 10, 2013) (both cited in Dkt. 2127 at 4 (Apple's Motion).)

      Here, the Court's pretrial standing order required only three sets of exhibits to be delivered to the Court.  *See* Judge Koh's Jury Pretrial Standing Order (D)(1)(c), available at http://cand.uscourts.gov/lhkorders.   Apple seeks the cost of producing far more than three sets of its exhibits, and at rates more than double the amount this Court has deemed to be reasonable.  (Dkt. 2031-11 (Sched. B-1) at 2 (entries 1-4).)  Apple submitted two identical invoices purportedly for the cost of printing its trial exhibits several months before trial.  (*Compare* Dkt. 2031-12 (Ex. B-1) at 2, *with id.* at 5.).  These two invoices together claim that 122,608 pages were printed at $16,487.10.  (*Id.* at 2, 5.)  The exhibits in Apple's offensive case total only approximately 13,053 pages. (*See* Dkt. 1452-4 (Apple's Pretrial Exhibit List) (excluding exhibits PX248 through PX299, which were for Samsung's offensive case).)  At a printing rate of $.08 per page, which this Court previously found reasonable, *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-cv-1846-LHK, 2014 WL 4745933, at *12 n.7 (N.D. Cal. Sept. 19, 2014) ("*Apple I* Costs Order") — instead of the $0.13 per page rate calculated from Apple's invoices — Apple's maximum allowable expense for printing three sets of its offensive case exhibits for the Court is $3,240 (which is 13,053 pages multiplied by three sets at $.08 per page).

      Apple's printing costs for the joint exhibits is similarly inflated.  As with its own exhibits, Apple submits two identical invoices for the cost of printing the joint exhibits prior to trial. (*Compare* Dkt. 2031-12 (Ex. B-1) at 3, *with id.* at 4 (each claiming a print order of 15,500 pages for $1,603.74 for "Joint Exhibits" on successive days in February 2014, several months before trial).)   Based on the number of pages evident from the parties' joint exhibit list (Dkt. 1455-4), and adding a page for the slip sheets used in place of physical devices and source code, the joint exhibits totaled approximately 4,155 pages.  Three sets would therefore be 12,465 pages total. Apple's invoices for the joint exhibit list printing jobs total 31,000 pages.  (Dkt. 2031-12 (Ex. B-1) at 3, 4.)  Using the same $.08 per page rate here for three sets of the joint exhibits at the correct page count of 4,155 pages totals $997.20.

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS
AGAINST SAMSUNG

1   Apple claims the cost of printing trial exhibits, yet again, to create additional binders at the
2   end of trial containing the exhibits that were ultimately admitted into evidence.  (*See* Dkt. 2031-
3   11 (Sched. B-1) (entries 16, 18-19); Dkt. 2031-12 (Ex. B-1) at 27, 30, 31 (invoices including
4   "Admitted Exhibits").)   These invoices cover 120,002 pages.   (Dkt. 2031-12 (Ex. B-1) at 27, 30,
5   31.)   At the end of trial, the Court did require a set of the admitted exhibits to be provided for the
6   jury.   (Dkt. 1717 (04-15-2014 Trial Tr.) at 2045:15-2046:10.)   The admitted exhibits in Apple's
7   offensive case totaled 8,842 pages.   (*See* Dkt. 1866-1 (Admitted Trial Exhibits List) (counting
8   exhibits PX102 through PX246).)   The admitted joint exhibits, including the slip sheets to
9   designate physical devices, totaled 1,893 pages.   (*Id.* (JX01 through JX72).)   Adding those
10  together yields 10,735 pages.   At a reasonable rate of $.08 per page for those 10,735 pages, the
11  cost for printing admitted Apple offensive case and joint exhibits should only have been $858.80.
12     Thus, for materials purportedly provided to the Court, Apple should not be awarded the
13  $28,165.14 that it claims for printing exhibits, slides, and expert reports.   (Dkt. 2031-11 (Sched.
14  B-1) (entries 1-4, 16, 18-19).)   Instead, for this sub-category, Apple should be allowed to recover
15  a maximum of $5,096.00, which is the permissible sum of $3,240.00 for Apple trial exhibit sets,
16  $997.20 for joint trial exhibit sets, $858.80 for admitted trial exhibits, and $0 for expert reports
17  and slides.
18     b.   *Jury Books.*   Apple also claims $595.25 in costs for the creation of jury books.
19  (Dkt. 2127 at 5 (Apple's Motion); *see also* Dkt. 2031-11 (Sched. B-1) ($170.30 in costs incurred
20  by Morrison & Foerster); Dkt. 2031-36 (Sched. G-1) ($424.95 in jury material costs incurred by
21  WilmerHale).)   The receipts for Morrison & Foerster's copies show the jury books were printed
22  at rates three times higher than usual.   (Dkt. 2031-12 (Ex. B-1) at 6-7.)   At a minimum, the
23  Morrison & Foerster cost ($170.30) should be reduced to a third ($56.77) to reflect a reasonable
24  copying rate.   That leaves $487.72 as the maximum permissible jury book copying cost (which is
25  the sum of $56.77 from Morrison & Foerster and $424.95 from WilmerHale).
26     c.   *Witness Examination Binders.*   Apple claims $13,350.22 in costs for printing yet
27  more trial exhibits in the form of "witness examination binders."   (Dkt. 2127 at 5-6 (Apple's
28  Motion); *see also* Dkt. 2031-11 (Sched. B-1) (entries 6-15, 17, totaling $8,450.42 for Morrison &

Foerster); Dkt. 2031-36 (Sched. G-1) (entries 1, 5-8, 10-12, totaling $4,899.79 for WilmerHale)[1].) Apple cites no authority allowing the cost of witness examination binders. (Dkt. 2127 at 5 (Apple's Motion).) Apple's general reliance on *In re Ricoh Co. Patent Litigation* for recovering copying costs is also insufficient. (*See* Dkt. 2127 at 5 (citing *In re Ricoh*, 661 F.3d 1361, 1367-68 (Fed. Cir. 2011).) *In re Ricoh* explained that the cost of copying materials to be tendered to the other side is recoverable only if the prevailing party "establishes that the copied documents were produced by it pursuant to Rule 26 or other discovery rules and that the copies were requested by, and supplied to, the opposing party." *In re Ricoh*, at 1367; *see also In re Online DVD-Rental Antitrust Litigation*, __F.3d__, 2015 WL 845842 at *11 (Fed. Cir. Feb 27, 2015) (copies "necessarily obtained for use in the case" are those where the copied documents were introduced into the record or "were obtained to be produced pursuant to Rule 34 or other discovery rules"). Apple seeks the costs of full witness examination binders tendered to Samsung, in addition to the cost of exhibits introduced into the record. And these binders were tendered to Samsung long after discovery had closed, so these costs cannot be considered a production expense under Rule 26 or 34.

Further, the witness examination binders contained copies of the exhibits Apple claimed it *might* use with each witness, though the exhibits Apple actually used with each witness were far fewer. (*E.g.*, *compare* Dkt. 1740-9 (Apple's Cross-Disclosure for Dale Sohn (disclosing 68 documentary exhibits and 4 physical exhibits)), *with* Dkt. 1716 (04/14/2014 Trial Tr.) at 1622-1638 (showing Apple used only two exhibits during Sohn examination).) There is no authority allowing Apple to print numerous exhibits over and over for each witness and then make Samsung foot the bill.

Apple also improperly seeks to recover copying costs associated with Samsung's offensive case. WilmerHale's examination binder costs largely relate to witnesses who testified in that case. (Dkt. 2031-37 (Ex. G-1) at 7-11, 14 (listing binders for Schonfeld, Storer, Parulski, Kearl, and Rao — all Samsung offensive case witnesses).)

---

[1] It appears these costs add up to the slightly different amount of $13,350.21.

In total, Apple seeks reimbursement for creating 50 different sets of binders comprising various configurations of the same trial exhibits, over and above the exhibits copied for the Court. (Dkt. 2031-11 (Sched. B-1) (28 sets of exhibits and witness examination binders for Morrison Foerster); Dkt. 2031-36 (Sched. G-1) (22 sets of the same for WilmerHale).)  Apple should receive none of the $13,350.22 it seeks for witness binders.

     *d.  Source Code.*  Apple also seeks the cost WilmerHale incurred printing Apple's source code for use in Samsung's offensive case at trial.  (Dkt. 2031-36 (Sched. G-1) (entries 4 and 9, totaling $456.75 in claimed costs).)  This is the same source code the jury found to be running on Apple products that infringed Samsung's intellectual property and the cost should not be recovered.  Apple cites as support a case from a different district, under different local rules, that did not involve source code.  (Dkt. 2127 at 6 (quoting *Weco Supply Co. v. Sherwin-Williams Co.*, No. 1:10-CV-00171 AWI-BAM, 2013 U.S. Dist. LEXIS 1572, at *14-15 (E.D. Cal. Jan. 3, 2013)).)  Apple claims that the *Weco* court allows recovery of "copying costs for copies made for the convenience, preparation, research, or records of counsel."  First, in this District, the cost of copies made for the convenience of counsel is not recoverable.  *Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA LB, 2012 WL 6761576, at *10 (N.D. Cal. Oct. 23, 2012) ("[C]opies made solely for counsel's convenience or the litigant's own use are not recoverable because they are not 'necessarily' obtained for use in the case.").  Second, the *Weco* court did not state this was a permissible category, but was merely repeating the opposing party's objection.  *Weco*, 2013 U.S. Dist. LEXIS 1572, at *15.

                      \*      \*      \*

Samsung previously submitted annotated versions of Apple's schedules B-1 and G-1 related to copying costs to identify each unrecoverable charge.  (*See* Dkt. 2058-4 (Annotated Sched. B-1); Dkt. 2058-10 (Annotated Sched. G-1).)  Apple's claims for the costs of copies must be reduced from $42,567.36 to a maximum of $5,550.72 (with no more than $5,152.77 for Morrison & Foerster's copying costs and $424.95 for WilmerHale's copying costs).  (*Id.*)

### B. Apple Seeks Disallowed Costs For Purchasing Devices.

Apple seeks $10,535.62 for the purchase price of devices used as trial exhibits. (Dkt. 2031-13 (Sched. B-2) (Morrison & Foerster seeking $345.23); Dkt. 2060-2 (Am. Sched. D-1) (Gibson Dunn seeking $10,190.39).) Within this amount, Apple seeks $806.86 in shipping and handling costs, including express shipping, as well as tax, but provides no support for recovering those costs. (Dkt. 2061-2 (Am. Sched. D-1) ($761.62 in such costs); Dkt. 2031-13 (Sched. B-2); Dkt. 2031-14 (Ex. B-2) at 2 ($45.24 in such costs, including $18.99 in "express shipping").) Apple failed to submit any evidence that the devices in question were not readily available for purchase locally, which would have obviated the need for shipping, expedited shipping, and handling costs (*see* Dkt. 2058 at 16), and therefore has failed to meet its burden of establishing that it is entitled to them. *See In re Ricoh*, 661 F.3d at 1367. The maximum amount Apple should be allowed to recover in this category is $9,728.76, which is the total claimed amount of $10,535.62 minus the non-recoverable amount of $45.24 from Morrison Foerster and $761.62 from Gibson Dunn. (*See* Dkt. 2058-5 (Samsung's Annotated Version of Apple's Sched. B-2); Dkt. 2065-2 (Samsung's Annotated Version of Apple's Am. Sched. D-1).)

### C. Apple Seeks Disallowed Costs For Developing Graphics And Demonstratives.

Apple seeks costs for preparing trial graphics in the amount of $458,487.50. (Dkt. 2031-4 (Sabri Decl.) ¶ 30; Dkt. 2031-15 (Sched. B-3).) Apple seeks these costs for its entire trial presentation, with no reduction to account for costs related to Samsung's offensive case.

Nor do Apple's invoices indicate which graphics costs were connected to its offensive case and which were not, such that the Court could reduce them on Apple's behalf. Instead, the invoices generically state "Services:Graphics Production" or "Services:Technology:Video Editing." (Dkt. 2031-16 (Ex. B-3) at 3-15.) Apple also claims every entry on its invoices between February 15, 2014 and April 29, 2014—including on every day of April while the trial was being conducted—so there is no way to distinguish offensive and defensive projects on that basis either. And although the trial graphics invoices were attached to the declaration from Morrison & Foerster, the invoices show they were billed directly to *Apple*, not one of its law firms. (Dkt. 2031-16 (Ex. B-3) at 2, 5, 10.) Accordingly, Apple provided no basis for the Court

1  to determine which law firm requested the preparation of specific graphics so it could segregate
2  the costs related solely to Apple's offensive case using that method as well.

3        The burden to show that costs are recoverable includes not only showing that the general
4  category is conceptually recoverable, but also proving that the specific amounts sought are
5  taxable.  *Apple I* Costs Order, 2014 WL 4745933 at *3 (quoting Civ. L.R. 54-1(a)).   Apple
6  failed to show which of its graphics costs were attributable to its offensive case, or even to apply a
7  fair percentage reduction.   This is fatal for Apple's entire claim for trial graphics.   Indeed, in the
8  *Apple I* Costs Order, the Court rejected Apple's entire request for over $1.5 million in copying
9  costs because "Apple ha[d] failed to meet its burden to provide '[a]ppropriate documentation' to
10 support [its] request."   *Id.* at *8-9 (quoting *In re Ricoh*, 661 F.3d at 1367).

11       **D.**     **Apple Seeks Disallowed Costs Related To Electronic Discovery.**

12       Apple seeks various types of costs under the heading of e-discovery, including production
13 of Apple's source code, and processing and uploading of other documents for production.   Each
14 type of recovery is claimed by the WilmerHale firm, which admittedly did its work in Samsung's
15 offensive case.

16       *Source Code Production (Schedule G-2).*   Apple seeks to recoup $133,765.00 spent
17 making Apple's source code available to Samsung for review.   (Dkt. 2031-6 (Selwyn Decl.)
18 ¶¶ 18, 20-21; Dkt. 2031-38 (Sched. G-2).)   Apple cites several cases stating that the cost of
19 producing source code may conceptually be recoverable.   (Dkt. 2127 at 8 (citing *CBT Flint
20 Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1332 (Fed. Cir. 2011); *eBay v. Kelora Sys.,
21 LLC*, No. C 10-4947 CW(LB), 2013 U.S. Dist. LEXIS 49835, at *31 (N.D. Cal. Apr. 5, 2013).)
22 Apple fails to admit, however, that this expense was borne entirely by the WilmerHale firm in
23 defending against Samsung's claims and provides no authority for recovering the cost of
24 producing such documents in a case where it was not the prevailing party.   Apple would not have
25 had to produce source code were it not for Samsung's offensive case, where Apple was found to
26 infringe.   No costs can or should be awarded for source code production.

27       *Processing and Upload Costs (Amended Schedule G-3 and Schedule G-4).*   Apple seeks
28 additional costs WilmerHale incurred for processing and uploading documents for production.

Specifically, Apple seeks $10,592.82 for processing and uploading done by a non-Catalyst vendor (Dkt. 2127 at 10 (Apple's Motion); Dkt. 2031-6 (Selwyn Decl.) ¶ 23; Dkt. 2060-3 (Supp. Selwyn Decl.) ¶ 5 (abandoning some costs); Dkt. 2060-9 (Am. Sched. G-3)), and an additional $15,592.18 for costs paid to upload and produce documents from the Catalyst database (Dkt. 2127 at 10 (Apple's Motion); Dkt. 2031-6 (Selwyn Decl.) ¶ 29; Dkt. 2031-42 (Sched. G-4)).   Neither of these amounts is recoverable.   Apple admits in the original WilmerHale declaration that these costs relate to documents produced in Samsung's offensive case.   (Dkt. 2031-6 (Selwyn Decl.) ¶ 30 ("Apple ultimately electronically produced the equivalent of 11,041,426 pages of documents related to Samsung's affirmative claims of alleged infringement"); *see also id.* ¶ 26.)   Again, Apple cannot recover costs associated with that case.   Samsung does not object to Gibson Dunn's e-discovery costs.   (Dkt. 2127 at 10 (Apple's Motion); Dkt. 2031-28 (Sched. D-2) ($5,140.83).)

## II. SUMMARY OF SAMSUNG'S OBJECTIONS TO APPLE'S SOUGHT EXEMPLIFICATION AND COPYING COSTS

If the Court reviews Apple's exemplification and copying costs now, the chart below summarizes Samsung's objections to those costs and the maximum amount that should be taxed.

| Category Of Costs | Amount Apple Seeks | Amount Samsung Objects To | Taxable Amount |
|---|---|---|---|
| **Fees for exemplification and the costs of making copies** | | | |
| Copies | $42,567.36 | $37,016.64 | **$5,550.72** |
| Purchasing Devices | $10,535.62 | $806.86 | **$9,728.76** |
| Trial Graphics | $458,487.50 | $458,487.50 | **$0** |
| e-Discovery – Source Code Production (WilmerHale) | $133,765.00 | $133,765.00 | **$0** |
| e-Discovery – Processing and Uploading Documents (WilmerHale) | $26,185.00 | $26,185.00 | **$0** |
| e-Discovery – Processing and Uploading Documents (Gibson Dunn) | $5,140.83 | $0 | **$5,140.83** |
| **Total for Exemplification** | *$676,681.31* | *$656,261.00* | *$20,420.31* |

## CONCLUSION

The Court should stay review of the Clerk's Taxation of Apple's Costs and postpone resolving the issue of costs until after the merits appeal process is complete, including any further litigation that may occur as a result.   Alternatively, the Court should order each party to bear its

1  own costs.   If the Court considers Apple's motion for review now, the maximum amount that
2  should be allowed for exemplification and copying costs is $20,420.31 to reflect supported,
3  permissible costs incurred solely in connection with Apple's offensive case.

5  DATED: March 18, 2015               QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP

                                       By   */s/ Victoria F. Maroulis*
                                            Charles K. Verhoeven
                                            Kevin P.B. Johnson
                                            Victoria F. Maroulis
                                            William C. Price
                                            Michael L. Fazio

                                            Attorneys for SAMSUNG ELECTRONICS CO.,
                                            LTD., SAMSUNG ELECTRONICS AMERICA,
                                            INC., and SAMSUNG
                                            TELECOMMUNICATIONS AMERICA, LLC