JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California   94105-2482
Telephone:   (415) 268-7000
Facsimile:   (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                Defendants. | CASE NO. 5:12-cv-00630-LHK<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR REVIEW OF CLERK'S TAXATION OF SAMSUNG'S COSTS**<br><br>Date:   August 20, 2015<br>Time:   1:30 p.m.<br>Place:  Courtroom 8, 4th floor<br>Judge:  Hon. Lucy H. Koh |

**TABLE OF CONTENTS**

**PAGE**

I. SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF SAMSUNG'S COSTS SHOULD BE DENIED IN ITS ENTIRETY BECAUSE SAMSUNG IS NOT THE PREVAILING PARTY ................................................................................................1

II. THE COURT SHOULD AFFIRM THE CLERK'S DENIAL OF SAMSUNG'S REQUEST FOR COSTS RELATED TO TRIAL TRANSCRIPTS ...............................................3

III. THE COURT SHOULD AFFIRM THE CLERK'S DENIAL OF SAMSUNG'S GRAPHICS AND DEMONSTRATIVES COSTS ......................................................................3

    A. Samsung Should Not Recover for Demonstratives Created for Expert Reports Six Months Before Trial .................................................................................................3

    B. Samsung Should Not Recover for Graphics Costs Unrelated to the '449 Patent Counterclaim....................................................................................................................4

IV. CONCLUSION..........................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
   No. 11-CV-1846-LHK, 2014 U.S. Dist. LEXIS 132830 (N.D. Cal. Sept. 19, 2014)............3, 4

*Oracle America, Inc. v. Google Inc.*,
   No. C 10-0351, 2012 U.S. Dist. LEXIS 125237 (N.D. Cal. Sept. 4, 2012) ..............................2

*Shum v. Intel Corp.*,
   629 F.3d 1360 (Fed. Cir. 2010)........................................................................................1, 2

**Rules**

Fed. R. Civ. P. 54(d) ................................................................................................................2, 3

Civ. L.R 54............................................................................................................... *passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

In its motion for review, Samsung seeks reversal of the Clerk's disallowance of Samsung's costs for trial transcripts and for graphics and demonstratives. But as Apple has shown in its own motion for review of the Clerk's taxation of Samsung's costs (Dkt. 2131), Samsung is not entitled to recover *any* costs because it is not "the prevailing party."[1] The Federal Circuit has made clear that "[a] court must choose one, and only one, 'prevailing party' to receive any costs award." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). In this matter, Apple is the sole prevailing party. Apple was awarded $119,625,000 in damages based on Samsung's infringement of three of Apple's patents, succeeded in invalidating one of Samsung's patents on summary judgment, and defeated allegations of infringement as to another of Samsung's patents at trial. Samsung, on the other hand, was successful on only one counterclaim for which it was awarded $158,000, approximately one-tenth of one percent of the damages awarded to Apple. Samsung's request for review should be denied on that basis alone.

Even if Samsung could be considered a prevailing party, which it plainly cannot, Samsung's request to recover costs for trial transcripts and graphics and demonstratives was still properly denied by the Clerk. There is no basis for Samsung to recover transcript costs for the entire trial, the vast majority of which—including more than 90% of Samsung's allotted time—was dedicated to Apple's claims. Similarly, Samsung is not entitled to 25% of its graphics and demonstrative costs; Samsung provides no documentation to support such recovery, and the percentage is more than double all observable measures of time and graphics dedicated to Samsung's counterclaims. Accordingly, the Clerk's denial of these costs should be affirmed.

## I. SAMSUNG'S MOTION TO REVIEW THE CLERK'S TAXATION OF SAMSUNG'S COSTS SHOULD BE DENIED IN ITS ENTIRETY BECAUSE SAMSUNG IS NOT THE PREVAILING PARTY.

Samsung's motion, which seeks reversal of the Clerk's disallowance of certain costs to

---

[1] Apple's motion to review the Clerk's taxation of Samsung's costs also shows that the Court should exercise its discretion to deny Samsung its requested costs due to the limited nature of its recovery, and that Samsung is not entitled to the costs awarded by the Clerk for deposition transcripts, hearing transcripts, e-discovery costs, interpreter costs, and witness fees. (Dkt. 2131.) To avoid unnecessary repetition, Apple hereby incorporates those objections by reference and will not re-brief those issues here.

1  Samsung, should be denied because Samsung is not the "prevailing party" and therefore cannot
2  recover any costs under Rule 54(d).   Samsung is incorrect to suggest that it is entitled to costs for a
3  portion of the case because it was successful on its counterclaim for infringement of the '449 patent.
4  For "the purpose of costs and fees, there can be *only one winner*."   *Shum*, 629 F.3d at 1367
5  (emphasis added); *see also Oracle America, Inc. v. Google Inc.*, No. C 10-0351, 2012 U.S. Dist.
6  LEXIS 125237, at *5-6 (N.D. Cal. Sept. 4, 2012) (stating that even in mixed judgment cases the
7  district court must "pick *one side* as the 'prevailing party' for the purposes of taxing costs"
8  (emphasis added)); Fed. R. Civ. P. 54(d)(1) (awarding costs to "*the* prevailing party" (emphasis
9  added)).   Here, Apple is the prevailing party.   Apple was successful in proving that Samsung
10 infringed three of Apple's patents, for which Apple was awarded $119,625,000 in damages.   (Dkt.
11 1890.)   In addition, the Court invalidated Samsung's '757 patent on summary judgment.   (Dkt.
12 1150.)   Apple also successfully defeated Samsung's claim of infringement under the '239 patent at
13 trial.   (Dkt. 1890.)
14     Samsung's success on a peripheral counterclaim, which offset Apple's damages recovery by
15 0.13%, is not sufficient to alter Apple's status as the prevailing party for the case as a whole.   Nor
16 is Samsung's (at best) limited success enough to qualify it as a prevailing party.   *See Oracle*, 2012
17 U.S. Dist. LEXIS 12537, at *7 (Oracle was not the prevailing party despite success on two copyright
18 claims); *Shum*, 629 F.3d at 1366-67 (plaintiff was not prevailing party despite success on
19 inventorship claims for five patents).   Samsung's counterclaim for infringement of the '449 patent
20 played only a peripheral role at trial.[2]   Samsung's success on this claim was equally peripheral, as
21 the jury awarded Samsung just $158,400 in damages compared to the more than $119 million
22 awarded Apple.   (Dkt. 1890.)   Accordingly, Samsung's motion to review the Clerk's taxation of
23 Samsung's costs should be denied in its entirety.

---

[2]  Samsung's conduct at trial confirms that Samsung's claim of infringement under the '449 patent was a peripheral aspect of the case.   Samsung allotted only about five percent of its trial time (75 of its 1500 minutes) to issues related to the '449 patent.   (*See* Dkt. 2057-1 (Selwyn Decl.) at ¶ 4.)

## II. THE COURT SHOULD AFFIRM THE CLERK'S DENIAL OF SAMSUNG'S REQUEST FOR COSTS RELATED TO TRIAL TRANSCRIPTS.

Samsung requested $12,216.25 for trial transcripts.  (Dkt. 2030-4.)   The Clerk properly disallowed this amount.   (Dkt. 2126.)

Even under its own theory, Samsung has no basis for seeking compensation for costs related to its unsuccessful effort to defend against Apple's affirmative case.   Samsung spent less than ten percent of its allotted trial time on its counterclaims (and only about five percent on the '449 patent counterclaim).   (*See* Dkt. 2057-1 (Selwyn Decl.) at ¶¶ 3-4.)   In fact, eight of the trial days for which Samsung requested costs (as well as the majority of several others) were dedicated entirely to Apple's affirmative case.   (*Id.*)   Accordingly, Samsung is not entitled to recover these costs under Rule 54(d).

Nor has Samsung provided any documentation adequate to determine which transcripts relate to Samsung's counterclaims or to the '449 patent in particular.   Because the party seeking costs bears the burden of "establish[ing] the amount of compensable costs and expenses to which it is entitled," *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-1846-LHK, 2014 U.S. Dist. LEXIS 132830, at *81 (N.D. Cal. Sept. 19, 2014) ("1846 Bill of Costs Order") (quoting *In re Ricoh*, 661 F.3d 1367 (Fed. Cir. 2011)), Samsung's request for costs related to trial transcripts was properly disallowed.

## III. THE COURT SHOULD AFFIRM THE CLERK'S DENIAL OF SAMSUNG'S GRAPHICS AND DEMONSTRATIVES COSTS.

Samsung requested $198,726.56 for costs related to graphics and demonstratives.   The Clerk properly disallowed these costs.   (Dkt. 2126.)

### A. Samsung Should Not Recover for Demonstratives Created for Expert Reports Six Months Before Trial.

The Local Rules provide that costs may be recovered for "preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits [that are] reasonably necessary to assist the jury or the court in understanding the issues *at trial*."   Civ. L.R. 54-3(d)(5) (emphasis added).   This Court has made clear that only those graphics created in anticipation of use at trial are recoverable.   1846 Bill of Costs Order at *86.   In this case, Samsung seeks $43,425 in costs that were incurred in September 2013 (six months before trial).   (*See* Dkt. 2030-6 (Invoice No.

1309-007), 2030-7 at 2-5.)   Several of the line items expressly indicate that they were costs incurred for the creation of videos to be included in expert reports rather than exhibits to be used at trial.   Indeed, the graphics costs include the creation of videos relating to the '757 patent, which the Court invalidated on summary judgment more than three months before trial.   (Dkt. 1150.)   The remaining line items from the September 2013 invoice list only "On-site support" or "Communication Design."   There is no documentation from which the Court could infer that these costs relate to the creation of graphics or demonstratives for trial.   *See* 1846 Bill of Costs Order at *86.   Accordingly, the Clerk properly disallowed all costs related to the September 2013 invoice.

### B.   Samsung Should Not Recover for Graphics Costs Unrelated to the '449 Patent Counterclaim.

A bill of costs "must state separately and specifically each item of taxable costs claimed" and must provide an affidavit stating that the costs were "necessarily incurred, and are allowable by law" and provide "[a]ppropriate documentation to support each item claimed."   Civ. L.R. 54-1(a).   As this Court has made clear, "the burden is on the prevailing party to establish in the first instance that specific requested costs are taxable."   *See* 1846 Bill of Costs Order at *81.   Here, Samsung provides no documentation to show that the costs it seeks related to trial graphics associated with the '449 patent counterclaim.   Not a single line item in the invoices from 2014 expressly relates to the production of trial graphics and demonstratives for Samsung's counterclaims, much less for the '449 patent counterclaim in particular.   (*See* Dkt. 2030-4 (Invoice Nos. 1403-007, 1404-012, 1405-007), 2030-5 at 6-34.)   While Samsung strikes a few entries that expressly relate to Apple's patent claims, Samsung does not assert that the remaining items relate to Samsung's counterclaims. Instead, Samsung provides an arbitrary and unexplained "estimate" that it "includes only a portion of the costs it could permissibly seek."   (Dkt. 2030-1 (Fazio Decl.) at ¶ 31.)   Samsung's supposedly "conservative" estimate that 25% of graphics costs were dedicated to its counterclaims is more than double all observable measures of time and graphics dedicated to Samsung's counterclaims.   For example, only 11 of 125 (8.8%) of Samsung's opening statement slides related to its counterclaims (and only 4 related to the '449 patent); only 14 of 120 (11.6%) of Samsung's closing argument slides related to its counterclaims (and only 10 related to the '449 patent); and Samsung only dedicated 134

1 minutes of its total 1500 minutes of trial time (8.9%) to its counterclaims (and only 76 minutes to
2 the '449 patent).   (Dkt. 2057-1 (Selwyn Decl.) at ¶¶ 3, 4, 6.)   Accordingly, because Samsung's
3 "estimate" cannot satisfy Civ. L.R. 54-1(a)'s requirement of "[a]ppropriate documentation to support
4 each item claimed" and does not meet Samsung's burden of establishing that the specific requested
5 costs are taxable, the Clerk properly disallowed this request in its entirety.

## IV.   CONCLUSION

For the foregoing reasons, Apple respectfully requests that Samsung's motion be denied.

Dated:   March 24, 2015         WILMER CUTLER PICKERING
                                  HALE AND DORR LLP

                                */s/ Mark D. Selwyn*
                                Mark D. Selwyn (SBN 244180)
                                mark.selwyn@wilmerhale.com
                                950 Page Mill Road
                                Palo Alto, CA 94304
                                Telephone:   (650) 858-6000
                                Facsimile:   (650) 858-6100

                                *Attorneys for Plaintiff Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document and its supporting documents will be served upon counsel of record for Samsung who have consented to electronic service in accordance with Civil Local Rule 5.1.

Dated: March 24, 2015                              */s/ Mark D. Selwyn*