QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR REVIEW OF CLERK'S TAXATION OF SAMSUNG'S COSTS**<br><br>Date:    Aug. 20, 2015<br>Time:    1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................... 1

COUNTER-STATEMENT OF THE PROCEDURAL HISTORY ................................................. 1

ARGUMENT .................................................................................................................................. 2

I.      SAMSUNG WAS THE PREVAILING PARTY IN ITS OWN OFFENSIVE CASE ......... 2

II.     IF SAMSUNG IS DENIED COSTS IN ITS SUCCESSFUL OFFENSIVE CASE,
        THE SAME SHOULD APPLY TO APPLE ................................................................... 4

III.    SAMSUNG FULLY SUPPORTED ALL OF ITS SOUGHT COSTS ............................... 5

      A.     Samsung Is Entitled To Its Transcript Costs .......................................................... 5

            1.     Samsung's Deposition Transcript Costs Are Recoverable ........................... 5

            2.     Samsung's Trial and Hearing Transcript Costs Are Recoverable ............... 7

      B.     Samsung Is Entitled To Its Trial Graphics And Demonstrative Costs .................... 8

            1.     The Demonstratives Created For Expert Reports Were Created To
                  Be Used At Trial And Are Therefore Recoverable ...................................... 8

            2.     The Court Should Reject Apple's Apportionment Argument ...................... 9

      C.     Samsung Is Entitled To Its E-Discovery Costs .................................................... 10

            1.     Samsung's Documentation Amply Meets This Court's
                  Requirements ........................................................................................... 11

            2.     Samsung's E-Discovery Costs Are All Recoverable ................................. 11

            3.     Samsung's E-Discovery Costs Should Not Be Apportioned ..................... 12

      D.     Samsung Is Entitled To Its Interpreter Costs ....................................................... 12

      E.     Samsung Is Entitled To Its Witness-Related Costs .............................................. 13

      F.     Samsung Is Entitled To Its Device Costs .............................................................. 14

IV.    SUMMARY OF SAMSUNG'S TAXABLE COSTS ...................................................... 14

CONCLUSION ............................................................................................................................ 14

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR REVIEW OF CLERK'S TAXATION OF SAMSUNG'S
COSTS

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>Cases</u>

*Apple Inc. v. Samsung Elecs. Co, Ltd.*,
   No. 11-cv-1846-LHK, 2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) ........ 5, 7, 8, 9, 10, 11, 12

*Apple, Inc. v. Samsung Elecs. Co.*,
   No. 14-1802 (Fed. Cir. 2014) ................................................................................... 7

*FLIR Sys., Inc. v. Sierra Media, Inc.*,
   965 F. Supp. 2d 1184 (D. Or. 2013) ......................................................................... 3

*Former Emples. of Motorola Ceramic Prods. v. United States*,
   336 F.3d 1360 (Fed. Cir. 2003) ............................................................................... 4

*Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*,
   920 F.2d 587 (9th Cir. 1990) ................................................................................... 8

*eBay Inc. v. Kelora Sys., LLC*,
   No. 10-4947, 2013 WL 1402736 (N.D. Cal. Apr. 5, 2013) ..........................7, 10, 11

*Inland Steel Co. v. LTV Steel Co.*,
   364 F.3d 1318 (Fed. Cir. 2004) ......................................................................... 3, 4

*Kwan Software Eng'g, Inc. v. Foray Techs., LLC*,
   No. 12-3762, 2014 WL 1860298 (N.D. Cal. May 8, 2014) .................................. 10

*MEMC Elec. Materials v. Mitsubishi Materials*,
   2004 WL 5361246 (N.D. Cal. Oct. 22, 2004) .................................................. 8, 13

*Oracle Am., Inc. v. Google Inc.*,
   2012 U.S. Dist. LEXIS 125237 (N.D. Cal. Sept. 4, 2012)................................. 2, 11

*Petroliam Nasional Berhad v. GoDaddy.com, Inc.*,
   No. 09-5939, 2012 WL 1610979 (N.D. Cal. May 8, 2012) .................................. 10

*Shum v. Intel Corp.*,
   629 F.3d 1360 (Fed. Cir. 2010) ............................................................................... 2

*Shum v. Intel Corp.*,
   682 F. Supp. 2d 992 (N.D. Cal. 2009) .................................................................... 8

## <u>Statutes and Rules</u>

28 U.S.C. § 1821........................................................................................................... 13

28 U.S.C. § 1920(6) ...................................................................................................... 12

Local Rule 54-3(d)(2) .................................................................................................... 10

Local Rule 54-3(d)(5) ...................................................................................................... 8

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR REVIEW OF CLERK'S TAXATION OF SAMSUNG'S COSTS

1

Local Rule 54-3(e)   ............................................................................................................... 13

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## INTRODUCTION

2       Samsung is entitled to the costs it sought because it is the prevailing party in its offensive

3 case and it supported the costs with ample documentation and supporting declarations.

4 Nevertheless, Apple seeks to bar Samsung's recovery entirely by claiming to be the prevailing

5 party in both parties' cases, including the one where it lost.   Apple's cases saying there can be

6 only one winner are no help as they involved claims going only in one direction, from plaintiff to

7 defendant.   To the contrary, the Supreme Court has taught that there can be multiple prevailing

8 parties in situations with unrelated claims.

9       Apple also argues that even if Samsung is the prevailing party in its offensive case,

10 Samsung still should not recover anything because Samsung did not seek costs attributable only to

11 the '449 patent, as opposed to other aspects of its offensive case.   This apportionment argument

12 is the very one Apple successfully opposed in prior litigation between the parties and which Apple

13 states in its own motion should *not* be applied in this case.   Indeed, Apple itself did not limit its

14 own costs to the claims it won, either in its own case or in the overall litigation.   Samsung is

15 entitled to all the costs it sought for its successful offensive case.

16

## COUNTER-STATEMENT OF THE PROCEDURAL HISTORY

17       Samsung presented a detailed procedural history in its own motion to review the Clerk's

18 taxation of Samsung's costs, and incorporates that discussion here to avoid unnecessary repetition.

19 (Dkt. 2130 at 1-3 (Samsung's Motion to Review the Clerk's Taxation of Samsung's Costs).)

20 Samsung further notes that on February 27 and 28, 2015, counsel for Samsung contacted counsel

21 for Apple in an attempt to resolve all costs disputes and avoid further briefing on the issue.

22 (Declaration of Brett Arnold in Support of Samsung's Opposition, filed herewith, ¶ 3 & Ex. 1.)

23 Specifically, Samsung proposed that the parties agree to bear their own costs, which Apple

24 rejected.   (*Id.*)   Samsung then proposed in the alternative that the parties stipulate to the Clerk's

25 awards being final and reserve the parties' rights to appeal them or seek to vacate them in the

26 event the underlying judgments are affected on appeal.   (*Id.*)   Apple never provided a response

27 to this alternative proposal (*id.*), forcing the parties to continue briefing these issues and burdening

28 the Court with them.

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR REVIEW OF CLERK'S TAXATION OF SAMSUNG'S
COSTS

**ARGUMENT**

**I.     SAMSUNG WAS THE PREVAILING PARTY IN ITS OWN OFFENSIVE CASE**

Apple relies on two flawed presumptions in claiming to be the prevailing party in both cases.   First, Apple argues there can be only one prevailing party in any litigation, citing general language to the effect that "there can be only one winner."   *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) (quoted in Apple's Motion (Dkt. 2131) at 4).   Apple's cases are telling, however, because they involved litigation with claims going only in one direction.   In *Shum*, the plaintiff sought to correct the inventorship of seven patents and also brought a variety of state claims, such as breach of contract and fraudulent concealment, with alleged damages of more than $409 million.   *Id.* at 1363.   The plaintiff won on five of the inventorship claims, but lost the remaining claims, resulting in no damage award.   *Id.*   The court held that the plaintiff had received a "mixed judgment" because he had not won every claim.   *Id.* at 1363, 1367.   The court held that defendants were the prevailing party because despite the plaintiff's successful inventorship claims, they did not materially alter the relationship among the parties.   *Id.* at 1363-64.   The case did not involve any independent offensive claims from defendants against the plaintiff.

Likewise in *Oracle Am., Inc. v. Google Inc.*, 2012 U.S. Dist. LEXIS 125237 (N.D. Cal. Sept. 4, 2012), the court ruled there could be only one prevailing party where claims went only one direction.   Plaintiff Oracle sought $6 billion in damages under seven patent and three copyright claims.   *Id.* at *6.   Every patent claim was either dismissed by the court or rejected by the jury, and Oracle's main copyright claim was also rejected, leaving it with no damage recovery.   *Id.* at *6-7.   The court ruled that while the verdict was "technically mixed" due to Oracle's prevailing on "two minor, peripheral copyright claims, this win has not materially altered the legal relationship among the parties," and therefore Google was the prevailing party.   *Id.* at *7.   There were no offensive claims brought against Oracle.

Thus, even if there can be only one prevailing party in a given offensive case, neither *Shum* nor *Oracle* holds that there can be only one prevailing party in litigation with *two* offensive cases going in opposite directions.   And where these cases refer to a "mixed judgment" they are

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR REVIEW OF CLERK'S TAXATION OF SAMSUNG'S COSTS

1   referring to the plaintiff's case alone.    Indeed, that phrase could be applied to both Apple's

2   offensive case and Samsung's offensive case, as neither side prevailed on all of its claims.

3        The situation here is more akin to that in *FLIR Sys., Inc. v. Sierra Media, Inc.*, 965 F. Supp.

4   2d 1184, 1188 (D. Or. 2013), where the plaintiff successfully brought a claim of false advertising

5   and received a jury award of $103,000, while the defendant brought independent "counterclaims

6   of false advertising (six counts), trademark infringement, and unfair competition," and received a

7   jury award of $4,136,975 after winning all but three of the claims.    The court relied on Supreme

8   Court precedent stating that "'a court can properly award fees to both parties'" where there are

9   unrelated claims decided in favor of both parties.    *Id.* at 1199 (quoting *Fox v. Vice*, __ U.S. __,

10  131 S.Ct. 2205, 2213-14 (2011)).    Thus, where litigation contains "distinctly different claims for

11  relief that are based on different facts and legal theories . . . 'these unrelated claims [must] be

12  treated as if they had been raised in separate lawsuits.'"    *Id.* at 1200 (quoting *Hensley v.*

13  *Eckerhart*, 461 U.S. 424, 435 (1983)).    Consequently, "[i]n such circumstances, there is a real

14  possibility that both parties could be a 'prevailing party.'"    *Id.*    Under Supreme Court precedent,

15  then, "the use of the definite article 'the' and singular of 'party' does not necessarily foreclose the

16  possibility that there can be more than one prevailing party."    *Id.*    Based on this, the *FLIR* court

17  ruled that because the plaintiff's successful false advertising claim was unrelated to the

18  defendants' counterclaims and achieved the relief sought — even though to a lesser extent than

19  defendants' award — the plaintiff also qualified as a prevailing party in the case, and was entitled

20  to costs and fees on its claim.    *Id.* at 1201.    The same applies here to Samsung.

21       Apple's second flawed presumption is that Samsung cannot claim to be a prevailing party

22  because its victory "did not materially alter the relationship between the parties."    (Dkt. 2131 at

23  4-5.)    This is based on the erroneous conclusion that Samsung's award "merely reduced Apple's

24  judgment against Samsung."    (*Id.*)    Samsung did not merely achieve a reduction in Apple's

25  award; the jury found that Apple had infringed Samsung's intellectual property and the Court

26  upheld that finding.    Under Federal Circuit law, that judgment satisfies the requirement of

27  receiving actual relief on the merits that alters the legal relationship of the parties.    *Inland Steel*

28  *Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004) ("[T]he district court did enter

-3-

judgment in USX's favor on the issue of infringement.   This is relief on the merits which alters ... the legal relationship of the parties.") (quotation marks omitted); *Former Emples. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003) (listing "an enforceable judgment on the merits" as one of the paradigm "examples of an alteration in the legal relationship between the parties" that qualifies one as a prevailing party).   The final judgment has res judicata effect on future litigation, another indicator that Samsung was the prevailing party in its offensive case.   *Inland Steel*, 364 F.3d at 1320 ("An indication of USX's status as a prevailing party is that the judgment it obtained in this case would have res judicata effect . . . .") (collecting cases).[1]

## II.   IF SAMSUNG IS DENIED COSTS IN ITS SUCCESSFUL OFFENSIVE CASE, THE SAME SHOULD APPLY TO APPLE

Apple argues in the alternative that "[e]ven if Samsung could be considered the prevailing party" in its own case, "the Court should exercise discretion not to award Samsung any costs given the negligible nature and extent of its claimed victory."   (Dkt. 2131 at 5 (Apple's Motion).) Samsung agrees that the Court is well within its discretion to order the parties to bear their own costs here.   Indeed, as Samsung showed before, Apple lost completely on almost half of its claims, losing every infringement contention for the '959 and '414 patents, and half of them for the '721 patent.   (Dkt. 1884 at 3-6 (Amended Final Verdict); Dkt. 2128 at 2, 5 (Samsung's Motion to Review the Clerk's Taxation of Apple's Costs).)   Apple also received damages of roughly 5% what it sought.   (Dkt. 1884 at 8-9 (jury award); Dkt. 1622, 4/1/2014 Trial Tr. at 337:15-17 ("[T]he total damages that we're going to ask you to award is high.   It's over $2 billion.").)   Apple was also denied a permanent injunction, which it claimed was "necessary" for it to obtain "meaningful relief."   (Dkt. 1895-3 (Apple's Motion) at 2-3; Dkt. 1953 (Order) at 1-2.)

---

[1]   Apple also comments on the relative time spent by Samsung on its case for the '449 patent at trial, calling it a "peripheral aspect of the case."   (Dkt. 2131 at 4 n.1)   First, this improperly excludes time spent on the other aspects of Samsung's offensive case.   Second, Apple did not challenge the validity of either of Samsung's patents, nor did it put up a damages witness to rebut Samsung's offensive damages expert, all of which saved Samsung from having to use trial time on those cross examinations and issues.   Finally, the jury's verdict in favor of Samsung shows that Samsung spent all the time it needed on the '449 patent.   Winning a victory efficiently does not make that victory "peripheral."

1   Samsung achieved a complete victory on the '449 patent, receiving a jury verdict of

2   infringement as to every accused product and a damage award in the full amount sought.   (Dkt.

3   1884 at 11-12 (Amended Final Verdict); Dkt. 1926, 4/22/14 Trial Tr. at 2660:24 (testimony of

4   expert Kearl).)   Like Apple, Samsung had a claim that was not successful.   Unlike Apple,

5   however, Samsung *did* limit its sought costs only to its offensive case, even though it also

6   successfully defended a number of claims in Apple's offensive case.

7   In sum, if the Court decides in its discretion to reduce Samsung's costs, or deny them

8   altogether, because Samsung received a mixed verdict in its case, the Court should do the same to

9   Apple.   Likewise, if the Court awards full costs to Apple in its offensive case despite its mixed

10   victory there, it should do the same for Samsung.   The standard applied to both parties should be

11   the same.

12   **III.   SAMSUNG FULLY SUPPORTED ALL OF ITS SOUGHT COSTS**

13   Apple next attacks the specific costs Samsung seeks, but does so using arguments that are

14   fundamentally at odds with its own prior positions.   The supposed documentation deficiencies

15   that Apple describes are also wrong.

16   **A.   Samsung Is Entitled To Its Transcript Costs**

17   **1.   *Samsung's Deposition Transcript Costs Are Recoverable***

18   Samsung showed in its bill of costs submissions that it was entitled to recover $107,500.41

19   for deposition transcripts related solely to its offensive case.   (Dkt. 2030-1 (Fazio Decl.) at ¶¶ 9-

20   17 (original request); Dkt. 2058-1 (Supp. Fazio Decl.) at ¶¶ 8-12 (reducing amount to

21   $107,500.41); Dkt. 2058-3 (Samsung's Amended Schedule A-1); Dkt. 2030-3 (Ex. A-1).)

22   Samsung sought reimbursement for the cost of "only one written copy of the deposition transcript,

23   the cost of videotaping the deposition, and the cost of reproducing the deposition exhibits."   (Dkt.

24   2030-1 (Fazio Decl.) at ¶ 14.)   This is exactly what the Court awarded previously, *Apple Inc. v.*

25   *Samsung Elecs. Co, Ltd.*, No. 11-cv-1846-LHK-PSG, 2014 WL 4745933 at *6 (N.D. Cal. Sept.

26   19, 2014) (hereinafter "*Apple I* Costs Order"), and Apple nowhere objects that Samsung is seeking

27   impermissible line items in its deposition invoices.

28

1    Apple instead argues that Samsung should not be allowed any of its deposition costs
2    because Apple is the prevailing party overall and is entitled, under this Court's prior order, to
3    recover costs for every deposition in the case, including those related to the claims it lost.   In
4    other words, Apple is simply repeating its argument above that it alone is the prevailing party and
5    should be entitled to seek costs related to every claim in the case, including the ones it lost.   For
6    the same reasons given above, Samsung, as the prevailing party in its own case, is entitled to the
7    costs from that case.   And as Apple itself advocates (Dkt. 2131 at 6), there should be no
8    apportionment between the various claims within Samsung's case.   If, however, the Court
9    decides to apportion Samsung's costs between its '449 patent claim and its '239 patent claim, as
10   Apple proposes in a footnote (Dkt. 2131 at 6 n.2), that same standard should apply with equal
11   force to Apple as Apple did not limit its costs solely to those claims that it won, either in its own
12   case or in the overall litigation.

13   Apple next attacks a specific deposition charge for Dong Ha Nam, which Samsung agreed
14   after the meet and confer process to reduce by 50% to account for any possible unrecoverable
15   charges.   Specifically, Samsung agreed to seek only $908.85 of the $1,817.80 listed on the
16   invoice for that deposition.   (Dkt. 2058-1 (Supp. Fazio Decl.) at ¶ 11.)   Because the invoice
17   submitted to Samsung by the vendor did not itemize the charges for that deposition, unlike the
18   other invoices, Samsung could not simply strike out those charges that were potentially for non-
19   recoverable costs.   Instead, Samsung cut the sought cost in half to reduce it even farther than the
20   average reductions Samsung had applied to the other depositions from that vendor, which Apple
21   does not contest.   (*See* Dkt. 2058-3 (Samsung's Amended Schedule A-1) (average reduction of
22   costs for Esquire invoices was 43.57% — Miller, Park, Reine, Roy, Shin, Togovitsky, Trussel, and
23   Vasquez depositions).)   It was therefore not an "arbitrary reduction."   (Dkt. 2131 at 7.)
24   Indeed, Apple nowhere disputes that the Nam deposition actually occurred or that Samsung
25   incurred costs associated with it.   The 50% reduction is over and above what was necessary and
26   that deposition is recoverable.

27   Finally, contrary to Apple's concern that the Clerk taxed the $1,036.46 in deposition costs
28   that Samsung disclaimed (Dkt. 2131 at 7), Samsung has sought to recover only the amended

1   amount of its bill of costs through its motion to review the Clerk's taxation of its costs.   (*See* Dkt.

2   2130 (Samsung's Motion) at 1, 2, 6 (seeking the total amended amount of costs, not the original

3   amount).)   The Court should uphold the Clerk's award of Samsung's deposition costs in the

4   amount of $107,500.41.

5             **2.**    ***Samsung's Trial and Hearing Transcript Costs Are Recoverable***

6        Samsung previously showed it was entitled to $12,216.25 for trial transcripts and $640.80

7   for hearing transcripts, for a total of $12,857.05.   (Dkt. 2030-1 (Fazio Decl.) at ¶¶ 18-26; Dkt.

8   2030-4 (Samsung's Schedule A-2); Dkt. 2030-5 (Ex. A-2).)   Apple objects to the full amount.

9   (Dkt. 2131 at 8.)   For **trial transcripts**, Apple's sole argument is that Samsung cannot recover

10   for the days of trial related to Apple's offensive case.   (*Id.* at 8.)   First, the transcript cannot be

11   so precisely divided up between the parties' cases as Apple claims.   Every day of trial included

12   evidentiary and procedural rulings that affected how the parties could present their cases on

13   upcoming trial days.   Second, the portion of transcript related to Apple's case is relevant to

14   Apple's appeal of the Court's denial of a permanent injunction, which has already been briefed

15   and argued.   *Apple, Inc. v. Samsung Elecs. Co.*, No. 14-1802 (Fed. Cir. 2014) (ECF No. 104).

16   This Court previously allowed Apple to recover over $15,000 in trial transcript costs on the basis

17   that "the transcripts were necessarily obtained in anticipation of the appeal, which Samsung has

18   already filed."   *Id.*   The same reasoning applies here.   Finally, Apple fails to state what

19   reduction would be reasonable to Samsung's sought costs here.   The Court should therefore

20   reverse the Clerk's disallowance of $12,216.25 for one copy of the trial transcript, in accordance

21   with this Court's prior order allowing this same cost.

22        For **hearing transcripts**, Samsung sought only $640.80 for the *Markman* and summary

23   judgment hearings (Dkt. 2030-4 (Samsung Sched. A-2); Dkt. 2030-5 (Ex. A-2)), and attested that

24   both were "necessarily obtained in order for Samsung to have a written record of the parties'

25   statements to the Court regarding central claims and issues involved in Samsung's affirmative

26   case" (Dkt. 2030-1 (Fazio Decl.) at ¶ 24).   This Court previously held that "the costs for pretrial

27   hearing transcripts for claim construction and summary judgment hearings" are taxable.   *Apple I*

28   Costs Order, at *7 (citing *eBay Inc. v. Kelora Sys., LLC*, No. 10-4947, 2013 WL 1402736, at *11

(N.D. Cal. Apr. 5, 2013); *MEMC Elec. Materials v. Mitsubishi Materials*, 2004 WL 5361246, at *2 (N.D. Cal. Oct. 22, 2004)).   Apple's argument that only costs associated with the '449 patent are recoverable is hollow given that Apple itself made no attempt to exclude costs associated with the various patent claims it lost in its own case, or Samsung's case for that matter.   The Court should uphold the Clerk's award of $640.80 for Samsung's hearing transcripts.

### B.   Samsung Is Entitled To Its Trial Graphics And Demonstrative Costs

Samsung previously showed it was entitled to recover $198,726.56 for preparing demonstrative evidence for use at trial.   (Dkt. 2030-1 (Fazio Decl.) at ¶¶ 28-33; Dkt. 2030-6 (Samsung's Schedule B-1); Dkt. 2030-7 (Ex. B-1).)   The Court previously allowed the same type of costs to Apple under Local Rule 54-3(d)(5), ruling that the costs of demonstratives are recoverable, even if not actually used at trial, so long as they "were created in anticipation of use at trial."   *Apple I* Costs Order, at *10 (citing *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009); *Haagen–Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990).)   Samsung did not seek costs "related to any travel or meal expenses, equipment procurement, consultations, or logistics."   (Dkt. 2030-1 (Fazio Decl.) at ¶ 30.) Because Samsung used the same graphics vendor to work on both its offensive and defensive cases, Samsung "excluded from its sought costs any line items clearly related to creation of demonstratives for its defensive case."   (*Id.* at ¶ 31.)   Samsung then further "discounted the remaining costs it seeks in this category by an additional 75% to ensure that it is only seeking costs related to its offensive case."   (*Id.*)   Nevertheless, the Clerk erroneously reduced Samsung's exemplification costs by $192,726.56, excluding the exact amount Samsung sought for trial graphics.   (Dkt. 2126.)

#### 1.   *The Demonstratives Created For Expert Reports Were Created To Be Used At Trial And Are Therefore Recoverable*

Apple first attacks Samsung's costs attributable to the creation of videos for expert reports, claiming that "[t]here is no documentation from which the Court could infer that these costs relate to the creation of graphics or demonstratives at trial."   (Dkt. 2131 at 9.)   That is wrong. Samsung's supporting declarations both attested to this very fact.   The first stated that "Samsung

seeks only the costs charged by RLM for trial graphics and other demonstratives that were created in anticipation of use at trial in Samsung's offensive case.   This includes costs for RLM *to create infringement videos of Apple products* as well as Powerpoint presentations, animations, and other demonstrative evidence."   (Dkt. 2030-1 (Fazio Decl.) at ¶ 30 (emphasis added).)   In another supporting declaration, Samsung directly addressed Apple's complaint:

> During the telephonic meet and confer, Apple raised an objection to the inclusion of certain trial graphic costs . . . because the descriptions stated that these graphics were created in part for expert reports.   . . .   ***These videos were created with the intention that they would be used as trial exhibits.***   (Dkt. 2058-1 (Supp. Fazio Decl.) at ¶¶ 14-15 (emphasis added).)

Indeed, in light of the Court's prior rulings that the parties could not introduce exhibits at trial that were not produced in discovery, Samsung's expert report videos were intentionally created for use as trial exhibits, in compliance with the Court's criteria.   *Apple I* Costs Order, at *10.

### 2.   *The Court Should Reject Apple's Apportionment Argument*

Apple next complains that Samsung did not show that each cost was attributable solely to its '449 patent, and not its other offensive claim.   Again, this is the same apportionment argument that Apple successfully argued against (Dkt. 2131 at 6), and refused to apply to itself.

Apple also argues that Samsung's reductions to its graphics costs were "arbitrary" and "unexplained."   (Dkt. 2131 at 10.)   Samsung's supporting declaration made clear that Samsung first excluded any cost clearly attributable to its defensive case.   Next, Samsung made an additional aggressive 75% reduction to ensure it was "includ[ing] only a *portion* of costs it could permissibly seek for the creation of trial graphics and demonstrative evidence for its offensive case."   (Dkt. 2030-1 (Fazio Decl.) at ¶ 31 (emphasis added).)   That is neither arbitrary nor unexplained.   Indeed, considering that Samsung made its 75% reduction only after already removing line items expressly related to its defensive case, Samsung effectively reduced its sought graphics costs by approximately 80-90%, essentially the same amount Apple claims it should have done.   (Dkt. 2131 at 10.)   Such a drastic cut is well in line with this Court's prior practice for

1  using percentage reductions to arrive at reasonable sums.  *See, e.g.*, *Apple I* Costs Order, at \*12

2  (applying percentage reduction to e-discovery costs based on Apple's estimate of pages produced).

3      The Court should reverse the Clerk's disallowance of Samsung's $198,726.56 in graphics

4  costs.

5      **C.    Samsung Is Entitled To Its E-Discovery Costs**

6      Samsung sought $262,182.04 for producing documents in its offensive case and submitted

7  itemized monthly invoices from its discovery vendor.  (Dkt. 2030-1 (Fazio Decl.) at ¶¶ 34-42;

8  Dkt. 2030-8 (Samsung Sched. B-2); Dkt. 2030-9 (Ex. B-2).)  This Court previously stated that

9  "[w]hen interpreting Local Rule 54-3(d)(2), courts in the Northern District routinely award e-

10  discovery costs that are analogous to 'making copies'" where those "documents [were] produced

11  to the opposing party."  *Apple I* Costs Order, at \*11 (citing *eBay*, 2013 WL 1402736, at \*5;

12  *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, No. 09-5939, 2012 WL 1610979, at \*4 (N.D.

13  Cal. May 8, 2012); *Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, No. 12-3762, 2014 WL

14  1860298, at \*5 (N.D. Cal. May 8, 2014)).  Samsung provided invoices from its e-discovery

15  vendor UBIC and attested that it was not seeking to recover the cost of documents produced to

16  Apple in relation to Apple's affirmative claims, nor was it seeking costs for work done for its

17  convenience or work attributable to the "intellectual effort" involved in document review.  (Dkt.

18  2030-1 (Fazio Decl.) at ¶ 37.)  Samsung also excluded the costs associated with on-line review

19  hosting, document review, and translation.  (*Id.* at ¶ 38.)  Samsung showed that 8% of the total

20  documents that were collected and processed by UBIC were eventually produced to Apple.  (*Id.*

21  at ¶ 39.)  Samsung therefore reduced its total taxable UBIC costs to 8% to reflect only produced

22  documents.  (*Id.*)  Samsung then attested that the majority of the documents it produced in the

23  litigation were produced in Samsung's offensive case, which made them taxable, yet Samsung

24  nevertheless still reduced its e-discovery costs by an additional 50% to ensure that only offensive

25  document costs were included.  (*Id.* at ¶ 40.)  The final, conservative total for e-discovery was

26  $262,182.04, which amounted to a per page rate of just $.06, even lower than what the Court

27  previously found was reasonable.  *Apple I* Costs Order, at \*12 ($.08 per page reasonable).

28

1

**1.    *Samsung's Documentation Amply Meets This Court's Requirements***

2     Apple argues that Samsung's documentation is insufficient because Samsung provided the

3   summary pages from its invoices, not additional reports.   (Dkt. 2131 at 10.)   Importantly,

4   Apple's argument is not that Samsung failed to provide invoices, or that it failed to provide a

5   supporting declaration attesting to these costs.   Instead, Apple claims that because there were still

6   more papers that Samsung could have provided, Samsung somehow failed to provide adequate

7   documentation.   (*Id.*)   The local rules do not require redundant documentation that needlessly

8   exposes a parties' confidential information.   The invoices Samsung produced show, on a monthly

9   basis, the exact amount Samsung was charged in discrete sub-categories, including ESI-collection,

10   data processing, paper-scanning, and data production.   (Dkt. 2030-9 (Ex. B-2).)   The supporting

11   declaration attested in detail that these costs were actually incurred and were substantially reduced

12   to reflect only recoverable expenses.   (Dkt. 2030-1 (Fazio Decl.) at ¶¶ 37-40.)   This is all that is

13   required.   Indeed, Apple itself previously received e-discovery costs based on affirmations in its

14   supporting declarations that clarified its invoices.   *Apple I* Costs Order, at *11; *id.* at *12

15   (accepting Apple's e-discovery costs because "[i]n a sworn declaration in support of Apple's Bill

16   of Costs, Morrison & Foerster attorney Rachel Krevans asserts that 'Apple seeks only the amounts

17   associated with electronic preparation and duplication, not the intellectual effort involved in the

18   production, such as searching or analyzing the document.'").

19

**2.    *Samsung's E-Discovery Costs Are All Recoverable***

20     Apple next argues that a small portion of Samsung's e-discovery costs attributable to

21   "collection" by the vendor should be excluded.   (Dkt. 2131 at 10.)   Not all collection costs are

22   prohibited — just those associated with the "intellectual effort" of attorneys analyzing the

23   documents during review.   "Taxable costs of copying client documents include the costs of

24   collecting documents . . . ."   *eBay*, 2013 U.S. Dist. LEXIS 49835, at *19 (distinguishing costs of

25   merely "collecting documents" from the "intellectual efforts" involved in analyzing documents);

26   *see also Oracle*, 2012 U.S. Dist. LEXIS 125237, at *11-12 (noting the difference between

27   nontaxable "research, analysis, and distillation of data incurred in the preparation of documents"

28   and the recoverable "costs of physically preparing the documents").

1    As Samsung's supporting declaration attested, the sought costs did not include the

2    "'intellectual effort' involved in document review," but rather the bare cost of the vendor

3    collecting the data to be process and produced, which is recoverable.   (Dkt. 2030-1 (Fazio Decl.)

4    at ¶ 37.)   Again, Apple's attorney's prior attestation to this same fact was deemed sufficient by

5    the Court.   *Apple I* Costs Order, at *12.

6    ### 3.   *Samsung's E-Discovery Costs Should Not Be Apportioned*

7    Finally, the amount of time Samsung spent at trial on its offensive claims and the size of its

8    damages award do not change the actual expenses Samsung incurred producing documents *at*

9    *Apple's request* in Samsung's successful offensive case.

10   The Court should uphold the Clerk's taxation of $262,182.04 in Samsung's e-discovery

11   costs.

12   ### D.   Samsung Is Entitled To Its Interpreter Costs

13   Under 28 U.S.C. § 1920(6), Samsung sought $20,000 it paid to interpreters at depositions

14   in its offensive case.   (Dkt. 2030-1 (Fazio Decl.) at ¶¶ 48-52; Dkt. 2030-12 (Samsung's Sched. C-

15   1); Dkt. 2030-13 (Ex. C-1).)   This Court previously taxed this cost, including for depositions

16   "taken for any purpose in connection with the case," not just depositions for witnesses actually

17   designated to testify at trial.   *Apple I* Costs Order, at *14.   Apple demanded numerous

18   depositions of Samsung witnesses in connection with Samsung's offensive case, including

19   inventors, patent prosecutors, and other witnesses.   (Dkt. 2030-1 (Fazio Decl.) at ¶ 49.)   A

20   number of these depositions required foreign language interpreters because the witnesses' primary,

21   if not only, language was Korean.   (*Id.*)   Because these depositions were conducted at Apple's

22   request, it was necessary that Samsung attorneys attend and defend the witnesses with the aid of

23   trained foreign language interpreters.   (*Id.*)   These interpretation costs were therefore necessarily

24   incurred in connection with Samsung's offensive case.   (*Id.*)

25   Nevertheless, Apple contests the interpreter charges, first claiming that Apple is entitled to

26   all deposition costs in the entire case.   (Dkt. 2131 at 11.)   This is simply a rehash of Apple's

27   argument that it is the prevailing party overall, which has been addressed above.   Apple next

28   claims that Samsung's interpreter costs should at least be limited to the '449 patent, not

-12-

1  Samsung's entire offensive case.   (*Id.* at 12.)   Again, this is the same faulty apportionment

2  argument Apple already criticized and failed to apply to itself.   The Court should uphold the

3  Clerk's taxation of $20,000 for Samsung's interpreter costs.   (Dkt. 2126.)

4         **E.**      **Samsung Is Entitled To Its Witness-Related Costs**

5        Samsung sought $6,215.00 in costs for reimbursing several witnesses for travel and

6  lodging expenses incurred attending trial in San Jose to testify in Samsung's offensive case.

7  (Dkt. 2030-1 (Fazio Decl.) at ¶¶ 53-57; Dkt. 2030-14 (Samsung's Sched. D-1); Dkt. 2030-15 (Ex.

8  D-1).)   Local Rule 54-3(e) and 28 U.S.C. § 1821 allow costs to reimburse witnesses for such

9  subsistence and travel expenses.   This includes the actual cost of air transportation and up to the

10  government-set per diem rate for lodging.   *See* 28 U.S.C. § 1821(c)(1) & (d); *see also MEMC*

11  *Elec. Materials*, 2004 WL 5361246, at *7-9 (allowing actual airfare and per diem rates for lodging

12  and food).   Samsung used the 2014 per diem rate for lodging in San Jose — $142.   *See* FY 2014

13  Per Diem Rates, U.S. General Services Administration, available at http://www.gsa.gov/portal/

14  content/103168#FY14PerDiemFiles.   (Dkt. 2030-1 (Fazio Decl.) at ¶ 54.)

15        Apple does not object to the airfare.   Instead it objects that the stays of each witness for

16  more than two nights were unreasonable.   (Dkt. 2131 at 12.)   In each case, the witness had to fly

17  into San Jose from across much of the country, satisfying the requirement that an overnight stay

18  was required because day-to-day travel to San Jose was not feasible.   (Dkt. 1926 (4-22-14 Tr. at

19  2646 (Dr. Rao - Washington DC); Dkt. 2030-15 at 9 (Dr. Kearl - Salt Lake City, UT); Dkt. 1925

20  (4-21-14 Tr. at 2526 (Dr. Schonfeld - Chicago, IL); Dkt. 2030-15 at 4 (Dr. Parulski - Rochester,

21  NY).)   Nor is it reasonable to argue that a testifying expert witness can only be expected to stay

22  in the hotel on the one or two days they actually testify.   Trial is unpredictable and it is necessary

23  for witnesses to be available to go on the stand for a larger window of time than might seem

24  necessary to Apple in hindsight.   The trial was spread over an entire month, so hotel stays by

25  Samsung's experts of just one week, covering only three to four trial days, is reasonable.

26        Apple further argues that the expenses for one witness, Dan Schonfeld, should be excluded

27  because his testimony was not related to the '449 patent.   (Dkt. 2131 at 12.)   Again, this is the

28

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR REVIEW OF CLERK'S TAXATION OF SAMSUNG'S COSTS

apportionment argument Apple criticized and refused to apply to itself.    The Court should uphold the Clerk's award of $6,215.00 for Samsung's witness expenses.    (Dkt. 2126.)

**F.      Samsung Is Entitled To Its Device Costs**

Apple does not contest that Samsung should receive the $2,228.97 it sought for reimbursement in purchasing the five Apple devices used in its offensive case.    (Dkt. 2030-1 (Fazio Decl.) at ¶¶ 43-47; Dkt. 2030-10 (Samsung's Sched. B-3); Dkt. 2030-11 (Ex. B-3).)    The Court should therefore uphold the Clerk's award of this amount.

**IV.    SUMMARY OF SAMSUNG'S TAXABLE COSTS**

The following are Samsung's taxable costs by category:

| Cost | Amount Sought |
|---|---|
| Deposition Transcripts | $       107,500.41 |
| Hearing and Trial Transcripts | $         12,857.05 |
| Trial Graphics | $       198,726.56 |
| E-Discovery | $       262,182.04 |
| Devices | $           2,228.97 |
| Interpreters | $         20,000.00 |
| Witness Expenses | $           6,215.00 |
| **Total** | **$       609,710.03** |

**CONCLUSION**

The Court should stay review of Apple's motion regarding Samsung's costs and postpone resolving the issue of costs for both parties until after the merits appeal process is complete, including any further litigation that may occur as a result.    Alternatively, the Court should order each party to bear its own costs.    If the Court considers Apple's motion for review of Samsung's costs now, the Court should deny it in full and award Samsung its full amended costs sought: $609,710.03.

1  DATED: March 24, 2015                QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
2
                                        By   /s/ Victoria F. Maroulis
3                                          Charles K. Verhoeven
                                           Kevin P.B. Johnson
4                                          Victoria F. Maroulis
                                           William C. Price
5                                          Michael L. Fazio

6                                          Attorneys for SAMSUNG ELECTRONICS CO.,
                                           LTD., SAMSUNG ELECTRONICS AMERICA,
7                                          INC., and SAMSUNG
                                           TELECOMMUNICATIONS AMERICA, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR REVIEW OF CLERK'S TAXATION OF SAMSUNG'S
COSTS