JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California   94105-2482
Telephone:   (415) 268-7000
Facsimile:   (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　Defendants. | CASE NO. 5:12-cv-00630-LHK<br><br>**APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS AGAINST SAMSUNG**<br><br>Date:　August 20, 2015<br>Time:　1:30 p.m.<br>Place:　Courtroom 8, 4th floor<br>Judge: Hon. Lucy H. Koh |

# TABLE OF CONTENTS

**PAGE**

I. APPLE IS SOLE PREVAILING PARTY IN THIS LITIGATION ............................................... 1

II. APPLE IS ENTITLED TO ALL ITS REQUESTED COSTS RELATED TO EXEMPLIFICATION, COSTS OF MAKING COPIES, AND RELATED ITEMS ..................... 2

    A. Costs of Making Copies ........................................................................................... 3

        1. Materials Provided to the Court ................................................................... 3

        2. Materials Provided to the Jury ..................................................................... 4

        3. Witness examination binders ....................................................................... 5

        4. Source code for production at trial .............................................................. 6

    B. Devices .................................................................................................................... 6

    C. Graphics and Demonstratives .................................................................................. 7

    D. E-Discovery ............................................................................................................. 8

III. CONCLUSION ...................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
   No. 11-CV-1846-LHK, 2014 U.S. Dist. LEXIS 132830 (N.D. Cal. Sept. 19, 2014) ...... passim

*Ass'n of Mexican-Am. Educators v. California*,
   231 F.3d 572, 591 (9th Cir. 2000) .................................................................................... 3

*FLIR Systems, Inc. v. Sierra Media, Inc.*,
   965 F. Supp. 2d 1184 (D. Or. 2013) .................................................................................. 2

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ....................................................................................................... 1, 2

*In re Ricoh Co. Patent Litig.*,
   661 F.3d 1361, 1367 (Fed. Cir. 2011) .............................................................................. 5, 7

*Oracle Am. Inc. v. Google Inc.*,
   No. 10-cv-03561 WHA, 2012 U.S. Dist. LEXIS 125237 (N.D. Cal. Sept. 4, 2012) ............ 1, 2

*Shum v. Intel Corp.*,
   629 F.3d 1360 (Fed. Cir. 2010) ..................................................................................... 1, 2, 8

*Stanley v. Univ. of S. Cal.*,
   178 F.3d 1069 (9th Cir. 1999) ........................................................................................... 3

*Vectren Commc'ns Servs. v. City of Alameda*,
   No. 08-cv-3137 SI, 2014 U.S. Dist. LEXIS 100227 (N.D. Cal. July 22, 2014) .................. 3, 4

**Federal Statutes**

28 U.S.C. § 1920(4) ............................................................................................... 3, 5, 6, 7, 8

**Federal & Local Rules**

Fed. R. Civ. P. 54(d) ............................................................................................ 1, 2, 4, 7, 8

Local Rule 54-3(d) ..................................................................................................... 3, 4, 5, 8

**MEMORANDUM OF POINTS AND AUTHORITIES**

Apple seeks review of the Clerk's denial of $467,775.85 of Apple's requested $676,681.31 in costs related to exemplification and copying. Samsung's opposition rests almost entirely on the premise that Apple is not the prevailing party with respect to Samsung's counterclaims and is not entitled to recover any costs related to that portion of the case. However, Federal Circuit precedent is clear that "[a] court must choose one, and ***only one***, 'prevailing party' to receive any costs award." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). Apple is the sole prevailing party in this litigation, and Samsung's limited success on a single patent counterclaim—for which it recovered a fraction of one percent of Apple's recovery—is insufficient to overcome the presumption that Apple is entitled to recover its costs. As this Court held in the 1846 matter, there is no support for Samsung's position that only costs related to issues on which the prevailing party actually prevailed at trial are taxable, and parsing costs in such a manner "would place an unworkable burden on the Court." *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-1846-LHK, 2014 U.S. Dist. LEXIS 132830, at *73 (N.D. Cal. Sept. 19, 2014) ("1846 Bill of Costs Order"). Accordingly, the Court should award the full amount of Apple's request for exemplification (in addition to the other categories of costs that were allowed by the Clerk ).[1]

**I.    APPLE IS SOLE PREVAILING PARTY IN THIS LITIGATION.**

Samsung's suggestion that both parties could be considered "prevailing" parties in this action ignores that "[a] court must choose one, and ***only one***, 'prevailing party' to receive any costs award." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010); *see also Oracle Am. Inc. v. Google Inc.*, No. 10-cv-03561 WHA, 2012 U.S. Dist. LEXIS 125237, at *5-6 (N.D. Cal. Sept. 4, 2012) (even in mixed judgment cases the district court must "pick ***one side*** as the 'prevailing party' for the purposes of taxing costs" (emphasis added)); Fed. R. Civ. P. 54(d)(1) (awarding costs to "***the*** prevailing party" (emphasis added)).

The case law Samsung relies upon is inapposite. Samsung quotes an excerpt from *Hensley v. Eckerhart*, 461 U.S. 424, 434-435 (1983), for the proposition that claims can be treated as separate

---

[1] Apple hereby incorporates its Opposition to Samsung's Motion to Review the Clerk's Taxation of Apple's Costs (Dkt. 2133) with respect to the costs allowed by the Clerk.

suits where two parties asserted unrelated claims against each other. However, that was not the holding of the case; the issue there was whether, under a civil rights statute, the prevailing party could recover attorney's fees for time spent on unsuccessful claims. The Court in *Hensley* was not interpreting Rule 54(d) or determining a prevailing party, and the case did not even involve two parties asserting claims against each other. Samsung's citation of *FLIR Systems, Inc. v. Sierra Media, Inc.*, 965 F. Supp. 2d 1184, 1199 (D. Or. 2013), is even further astray. While Samsung cites the case as an instance in which both sides were deemed to have prevailed, it ignores that the court, which was interpreting the Lanham Act, expressly distinguished its ruling from the Federal Circuit precedent that governs ***this*** case: "Relying primarily on the wording of Rule 54(d), the *Shum* court held that ***in patent cases*** there can be, 'by definition,' only one prevailing party, regardless of the fact that the outcome of a particular lawsuit might be mixed." *Id.* (citing *Shum*, 629 F.3d at 1366-1367) (emphasis added and citation omitted).

Here, Apple is the sole prevailing party. Apple was successful in proving that Samsung infringed three of Apple's patents, for which Apple was awarded more than $119 million in damages. (Dkt. 1890.) In addition, the Court invalidated Samsung's '757 patent on summary judgment (Dkt. 1150), and the jury found that Apple did not infringe Samsung's '239 patent (Dkt. 1890).

There can be no dispute that Samsung's counterclaim for infringement of the '449 patent played only a peripheral role at trial. Samsung's success on this claim was equally peripheral, as the jury awarded Samsung just $158,400 in damages compared to the more than $119 million awarded to Apple. (Dkt. 1890.) Samsung's success on a peripheral counterclaim, which offset Apple's damages recovery by 0.13%, is not sufficient to alter Apple's status as the prevailing party for the case as a whole. Nor is Samsung's (at best) limited success enough to deem both Apple and Samsung prevailing parties. *See Oracle*, 2012 U.S. Dist. LEXIS 125237, at *7 (Oracle was not the prevailing party despite success on two copyright claims); *Shum*, 629 F.3d at 1366-1367 (plaintiff was not prevailing party despite success on inventorship claims for five patents).

## II. APPLE IS ENTITLED TO ALL ITS REQUESTED COSTS RELATED TO EXEMPLIFICATION, COSTS OF MAKING COPIES, AND RELATED ITEMS.

As the prevailing party, Apple is presumptively entitled to recover its taxable costs. Fed. R.

Civ. P 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *see also Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (finding that district court must "specify reasons for its refusal to award costs").

"Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C. § 1920(4). Apple seeks costs in this category of $676,681.31. The Clerk disallowed $465,775.85 of these requested costs, awarding only $210,905.46. (Dkt. 2125.) As set forth in Apple's motion, Apple is entitled to all its requested costs in each of four subdivisions of this category. Samsung's objections as to each of these subcategories are addressed in order below.

### A. Costs of Making Copies

Apple seeks the cost of reproducing documents for purposes of disclosure and materials requested by the Court in the amount of $42,567.36. (*See* Dkt. 3031-11 (Morrison & Foerster costs of $36,785.86); Dkt. 3031-36 (WilmerHale costs of $5,781.50).) These costs break down into four categories: (1) materials provided to the Court pursuant to Court instruction, such as copies of trial exhibits; (2) materials provided to the jury, such as jury books or binders; (3) witness examination binders tendered to Samsung; and (4) copies of source code produced to Samsung. Samsung's objections with respect to each of these categories are without merit.

#### 1. Materials Provided to the Court

Civil Local Rule 54-3(d)(4) states that "[t]he cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided." Recovery for trial exhibits has been routinely permitted by courts in this District. *Vectren Commc'ns Servs. v. City of Alameda*, No. 08-cv-3137 SI, 2014 U.S. Dist. LEXIS 100227, at *16-17 (N.D. Cal. July 22, 2014). Apple seeks costs of $28,165.14 for materials provided to the Court, which include copies of trial exhibits, the

demonstratives used by Apple's experts, and copies of expert reports.    Apple's costs include four sets of each of these materials (two provided to the Court and two retained by counsel).    Samsung objects to three components of these costs: (1) demonstrative slides and expert reports provided to the Court, (2) trial exhibits related to the Samsung's counterclaims, and (3) the rate of copy costs.    Each objection is addressed in order below.

First, Apple provided the Court, at its request, with copies of Apple's experts' demonstrative slides and reports.    (*See* Dkt. 1624, at 1018:21-24 (requesting copies of demonstrative exhibits); *id.* at 2397:13 (requesting copies of expert reports).)    Accordingly, these costs fall squarely within copies made "to the extent that a Judge requires" under Local Rule 54-3(d)(4) and are recoverable as such.

Second, Apple, as the prevailing party, is entitled to the full cost of reproducing trial exhibits under Local Rule 54-3(d)(4), not just those exhibits related to the specific issues on which Apple obtained recovery.    In the 1846 case, the Court expressly declined to engage in the minutiae of attempting to determine which costs relate to which claims and counterclaims: "attempting to parse which depositions relate to liability issues on which a party did or did not prevail would place an unworkable burden on the Court."    1846 Bill of Costs Order, at *73.    All the exhibits were part of a single litigation tried before a single jury during a single trial; Apple prevailed in that litigation, and is entitled to recover its costs under Rule 54.

Third, Samsung objects to the rate charged for some of the copies, which ranged between $0.05 for black and white copies to $0.16 for color copies.    Samsung's sole support for this objection is that the Court, in the course of rejecting one of Samsung's objections in the prior matter, noted that an average rate of $0.08 per copy for Apple's e-discovery expenses was not unreasonable. 1846 Bill of Costs Order, at *92 n.7.    In so finding, the Court did not set a maximum reasonable rate for copies, and Samsung provides no basis to find that $0.16 per copy is an unreasonable rate for color copies.    Samsung has failed to show that Apple is not entitled to recover these costs.

### 2.   Materials Provided to the Jury

The Court also instructed the parties to provide certain materials to the jury, which were

therefore necessarily obtained for use in the case. Apple seeks costs for materials tendered to the jury in the amount of $595.25. Samsung objects to $107.53 of that amount, contending that the rate Apple paid for the copies was higher than that approved by the Court. As noted above, Samsung has no support for this objection. The Court did not set any maximum reasonable rate for copies in the 1846 case (1846 Bill of Costs Order, at *92 n.7), and Samsung has no support for its claim that the rates that Apple actually paid were unreasonable.

### 3. Witness examination binders

Apple seeks to recover $13,350.22 in costs for witness examination binders that it tendered to Samsung during trial. Samsung objects that the costs for these copies are not recoverable because the copies were produced after the discovery period ended and because not every exhibit included in the binders was used during the examination of the witnesses. Neither of these arguments has merit.

Samsung does not dispute that the witness binder copies at issue here were actually "tendered to opposing counsel." *See* 1846 Bill of Costs Order, at *80.[2] Instead, Samsung argues only that the costs are not discoverable because they were produced "after discovery had closed." (Dkt. 2128 at 12.) However, nothing in Local Rule 54-3(d)(2) limits recovery of costs to disclosures made during the formal discovery period.

Samsung's other argument, that not every exhibit in each witness examination binder was used during the examination, is also without merit. Under 28 U.S.C. § 1920(4), the "costs of making copies of any materials" are recoverable "where the copies are necessarily obtained for use in the case." There is no requirement "that the copies actually be used in the case or made a part of the record." *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011); *see also* 1846 Bill

---

[2] In the 1846 case, the Court found that Apple had provided inadequate documentation for its copying costs, such that the Court could not determine whether the copies were "tendered to opposing counsel" or were "created for counsel's convenience or to prepare Apple's own witnesses." 1846 Bill of Costs Order, at *80. Following the Court's guidance, Apple's supporting declarations and schedules in this case expressly identify the purposes for which copies were made and whether copies were produced to Samsung. (Dkt. 2031-4 [Sabri Decl.] at ¶23, Dkt. 2031-6 [Selwyn Decl.] at ¶14, Dkt. 2031-12, Dkt. 2031-13, Dkt. 2031-36, Dkt. 2031-37.) Apple seeks to recover only for those copies that were tendered to Samsung.

of Costs Order, at *85 ("[T]he Local Rule allows recovery for materials 'to be used' at trial and does not require actual use of each item so prepared.").

#### 4. Source code for production at trial

Apple also produced source code to Samsung at trial, and seeks $456.75 for costs in this category. Once again, Samsung objects to these costs because that they relate to Samsung's counterclaims. However, as prevailing party in this litigation, Apple is entitled to recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained in the case." 28 U.S.C. § 1920(4). Samsung's success on one counterclaim does not alter Apple's ability to recover these costs as the prevailing party. *See* 1846 Bill of Costs Order, at *73 (rejecting Samsung's position that only costs related to issues on which the prevailing party prevailed at trial as "not supported by authority"). Moreover, Samsung makes no attempt to distinguish between the copies made at Samsung's request relating to the '239 patent counterclaim (on which Apple prevailed at trial) and those made with respect to the '449 patent counterclaim.

Samsung also objects that Apple has not provided adequate support that the source code produced at trial is recoverable under 28 U.S.C. § 1920(4). However, the source code copies were produced at Samsung's request pursuant to the Protective Order in this matter (Dkt. 84), and thus constitute copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

### B. Devices

As this Court held in the 1846 case, the costs of devices used as trial exhibits are recoverable as exemplification. 1846 Bill of Costs Order, at *81. At trial, Apple accused nine Samsung smartphones and one tablet of infringement; because the devices could run multiple versions of Android or the Global Search Application, multiple devices were required for trial. (Dkt. 2031-4 [Sabri Decl.] at ¶ 27.) Apple seeks recovery in the amount of $10,535.62 for purchasing these devices. (Dkt. 2031-13 (Morrison & Foerster costs of $345.23); Dkt. 2060-2 (Gibson Dunn costs of $10,190.39).) Apple submitted invoices detailing the actual costs of obtaining these devices, which includes the costs of shipping these devices to Apple's counsel and the taxes paid by Apple to purchase them. (Dkt. 2031-14, Dkt. 2031-27, Dkt. 2060-2.)

1    Samsung asks that the Court reduce that amount by $806.86 in taxes and shipping and
2 handling costs.  Samsung contends, without citing authority, that Apple's costs should be reduced
3 because taxes are included.  Samsung offers no reasons why taxes should not be recovered as costs
4 when incurred to obtain trial exhibits, and Samsung does not dispute that these purchased devices
5 were "used in the trial" and were "of material aid to the jury."  *See* 1846 Bill of Costs Order, at *83.
6 With respect to the shipping and handling costs, Samsung argues that Apple should have "submitted
7 evidence that the devices in question were not readily available for purchase locally" before
8 incurring such expenses.  (Dkt. 2128 at 11.)  But again, Samsung offers no authority for this
9 alleged "local purchase" requirement, or any other basis to deny Apple recovery of the documented
10 shipping and handling costs it actually incurred to obtain these devices.  *See* Civil L.R. 54-1(a); *In*
11 *re Ricoh*, 661 F.3d at 1367.

12    **C.    Graphics and Demonstratives**

13    Apple seeks costs for preparing trial graphics in the amount of $458,487.50.  (Dkt. 2031-15.)
14 Samsung's sole argument with respect to these costs is that "Apple failed to show which of its
15 graphics costs were attributable to its offensive case."  (Dkt. 2128 at 12.)  Once again, Samsung's
16 argument relies on its already-rejected position that the Court should apportion costs on a
17 claim-by-claim or issue-by-issue basis.  *See* 1846 Bill of Costs Order, at *73-74 (rejecting
18 Samsung's attempt to apportion costs on an issue-by-issue basis as placing "an unworkable burden
19 on the Court").

20    As the sole prevailing party in this litigation, Apple is entitled to the "costs of making copies
21 of any materials," where the copies were "necessarily obtained for use in the case."  28 U.S.C.
22 § 1920(4).  Those costs include Apple's requested costs spent "preparing charts, diagrams,
23 videotapes, and other visual aids to be used as exhibits [that are] reasonably necessary to assist the
24 jury or the Court in understanding the issues at trial."  Civil L.R. 54-3(d)(5).  Neither Section 1920
25 nor Rule 54 contains any provision limiting recovery to only those issues on which the prevailing
26 party was successful at trial.  As such, Apple is entitled to recover for the entire amount of its trial
27 graphics costs.

28

CASE NO. 12-CV-630-LHK (PSG)        7        APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS AGAINST SAMSUNG

**D.     E-Discovery**

Pursuant to 28 U.S.C. § 1920, Rule 54, and Civil Local Rule 54-3, Apple requested (i) $133,765 for costs specifically attributable to uploading source code made available to Samsung, and (ii) $31,325.83 for costs specifically attributable to file processing and upload costs related to the production of documents produced to Samsung (determined as a percentage of uploaded documents produced to Samsung).   (Dkt. 3031-38; Dkt. 2060-9; Dkt. 2031-42; Dkt. 2031-28.) Samsung objects to the entire amount requested for source code productions and $26,185.00 of Apple's document production costs.

Samsung does not contend that these requested costs were not necessarily incurred in the case.   Nor does Samsung dispute any of the particular costs included in Apple's request, or the calculations Apple used to determine the percentage of costs recoverable.   Rather, yet again, Samsung's sole argument is that Apple is "not the prevailing party" as to Samsung's counterclaims, and thus not entitled to recover these e-discovery related costs.   (Dkt. 2128 at 13.)   Because this position cannot be reconciled with the clear authority of the Federal Circuit that there can be only one prevailing party, *Shum*, 629 F.3d at 1367, Samsung's argument should be rejected.

**III.     CONCLUSION**

For the reasons set forth above and in Apple's Motion and Opposition, Apple respectfully requests that the Court add $467,775.85 in costs to the amount awarded by the Clerk for a total award of $1,138,842.13.

Dated:   March 25, 2015       WILMER CUTLER PICKERING
                                HALE AND DORR LLP

*/s/ Mark D. Selwyn*
Mark D. Selwyn (SBN 244180)
mark.selwyn@wilmerhale.com
950 Page Mill Road
Palo Alto, CA 94304
Telephone:   (650) 858-6000
Facsimile:    (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document and its supporting documents will be served upon counsel of record for Samsung who have consented to electronic service in accordance with Civil Local Rule 5.1.

Dated: March 25, 2015         /s/ Mark D. Selwyn