QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO REVIEW THE CLERK'S TAXATION OF APPLE'S COSTS**<br><br>Date:     Aug. 20, 2015<br>Time:    1:30 p.m.<br>Place:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I.  THE COURT CAN AND SHOULD DEFER A DECISION ON COSTS ........................... 1

II. IN THE ALTERNATIVE, THE COURT CAN AND SHOULD ORDER EACH PARTY TO BEAR ITS OWN EXPENSES ......................................................................... 3

III. APPLE FAILS TO REBUT THAT MOST OF ITS SOUGHT COSTS ARE DISALLOWED OR UNSUPPORTED ................................................................................. 4

    A.    Apple Fails To Support Many Of Its Transcript Costs ............................................. 5

    B.    Apple Fails To Support Most Of Its Sought Exemplification and Copying Costs ........................................................................................................................ 5

        1.    Copies ........................................................................................................... 5

        2.    Devices ......................................................................................................... 7

        3.    Graphics And Demonstratives ..................................................................... 7

        4.    Electronic Discovery .................................................................................... 8

    C.    Apple Fails To Support Most Of Its Sought Interpreter Costs ................................. 8

CONCLUSION ............................................................................................................................... 8

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Amarel v. Connell*,
  102 F.3d 1494 (9th Cir. 1996) ........................................................................................... 3, 4

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
  No. 11-cv-1846-LHK, 2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) ................................ 1, 5

*ASIS Internet Servs. v. Optin Global, Inc.*,
  C-05-5124 JCS, 2008 WL 5245931 (N.D. Cal. Dec. 17, 2008) ............................................. 2

*City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*,
  C 08-4575 SI, 2012 WL 177566 (N.D. Cal. Jan. 23, 2012) ................................................... 2

*FLIR Sys., Inc. v. Sierra Media, Inc.*,
  965 F. Supp. 2d 1184 (D. Or. 2013) ...................................................................................... 4

*HTC Corp. v. Tech. Props.*,
  5:08-cv-882-PSG, 2014 U.S. Dist. LEXIS 99971 (N.D. Cal. July 21, 2014) ..................... 3, 4

*Hilton v. Braunskill*,
  481 U.S. 770 (1987) ............................................................................................................... 2

*Jones v. City of Orange Cove*,
  No. 08 CV 0775 DLB, 2010 WL 4875681 (E.D. Cal. Nov. 23, 2010) ................................... 2

*Kilopass Tech. Inc. v. Sidense Corp.*,
  C 10-02066 SI, 2013 WL 843104 (N.D. Cal. Mar. 6, 2013) .................................................. 2

*League For Coastal Prot. v. Kempthorne*,
  No. C 05 0991 CW, 2007 WL 1982778 (N.D. Cal. July 2, 2007) .......................................... 2

*Mformation Technologies, Inc. v. Research in Motion Ltd.*,
  No. C-08-4990 EMC, 2012 WL 6025746 (N.D. Cal. Dec. 4, 2012) ....................................... 2

*In re Online DVD-Rental Antitrust Litigation*,
  __F.3d__, 2015 WL 845842 (Fed. Cir. Feb 27, 2015) ........................................................... 7

*Pixion Inc. v. PlaceWare Inc.*,
  No. C 03-02909 SI, 2005 WL 3955889 (N.D. Cal. May 26, 2005) ........................................ 2

*Plantronics, Inc. v. Aliph, Inc.*,
  No. C 09-01714 WHA LB, 2012 WL 6761576 (N.D. Cal. Oct. 23, 2012) ............................. 6

*Postx Corp. v. Secure Data In Motion, Inc.*,
  No. C 02-04483 SI, 2006 WL 2067080 (N.D. Cal. July 24, 2006) ........................................ 4

*In re Ricoh Co. Patent Litig.*,
  661 F.3d 1361, 1367 (Fed. Cir. 2011) .................................................................................... 7

*In re Ricoh Co., Ltd. Patent Litig.*,
  C 03-02289 JW, 2010 WL 8961328 (N.D. Cal. Sept. 29, 2010) ............................................. 2, 7

*Shum v. Intel Corp.*,
  629 F.3d 1360 (Fed. Cir. 2010) ..................................................................................................... 4

**Statutes**

28 U.S.C. § 1920(4) ............................................................................................................................. 7

Civil L.R. 54-1(a) ................................................................................................................................. 8

Civil L.R. 54-3(d)(2) ............................................................................................................................ 6

Civil L.R. 54-3(d)(4) ............................................................................................................................ 5

**INTRODUCTION**

This Court already ruled that it has the discretion to stay its review of costs, and a stay is sensible here to protect the Court from doing work that may have to be redone after the appeals are resolved. The Court has already deferred ruling on other issues such as ongoing royalties and supplemental damages for this same reason. Alternatively, Ninth Circuit law gives the Court broad discretion to deny costs outright in light of the mixed judgments in this litigation. Either course would avoid the Court's wasting time and resources reviewing the parties' detailed submissions now. Apple's opposition fails to rebut either of these basic realities. Nevertheless, if the Court chooses to review Apple's costs now, it need look no further than Apple's own brief to see that Apple concedes or admits that many of its costs are unrelated to its offensive case or otherwise not taxable under the rules.

**ARGUMENT**

**I.  THE COURT CAN AND SHOULD DEFER A DECISION ON COSTS**

Deferring a decision on costs while the appeals are pending is well within this Court's power, as it previously ruled: "[T]the Court acknowledges that it has the discretion to defer a decision on costs pending resolution of Samsung's appeal . . . ." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-cv-1846-LHK, 2014 WL 4745933, at *4 (N.D. Cal. Sept. 19, 2014) (hereafter "*Apple I* Costs Order") (collecting cases). That is the best choice here to avoid wasting judicial resources on issues that may have to be decided again later.

Nevertheless, Apple opposes this. First, Apple argues that the Court declined to defer a decision on costs in the prior case (Dkt. 2133 (Apple's Opp.) at 1), but this is not a situation where the judgment is over two years old and the Court needs to bring the litigation to an end, *Apple I* Costs Order, at *4. Here, the Court has already ruled it will revisit several issues, including ongoing royalties and supplemental damages, after the outcome of the parties' appeals. (Dkt. 1963 at 18-19; Dkt. 2096 at 2.) The Court recognized in both instances that a stay pending appeal would avoid "unnecessary expenditures of time and resources should the Federal Circuit reverse any part of the jury's verdict on liability." (*Id.*)

Second, Apple argues it is entitled to prompt payment of its costs (Dkt. 2133 (Apple's Opp.) at 3), yet Apple fails to respond to Samsung's argument that there will be no payment of costs while the appeals are pending because Samsung's supersedeas bond already covers them (Dkt. 2128 (Samsung's Motion) at 5).   In staying ongoing royalties, the Court addressed this same issue, ruling that "even if the Court proceeded with determining Samsung's liability for ongoing royalties, Samsung could obtain a stay of execution of any ongoing royalties determination pending appeal, delaying Apple's ability to collect any award. . . .   Thus, proceeding now with a determination of any ongoing royalties award may not achieve Apple's objective of receiving expeditious payment."   (*Id.*)

Apple fails to address these issues, and instead relies on the same argument it made in the prior case that the Court rejected, that a stay is only allowable here if supported by the four equitable factors of *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).   (*Compare Apple Inc. v. Samsung Elecs. Co. Ltd.*, 11-cv-1846-LHK (N.D. Cal.) (Dkt. 3154 at 1-3), *with* Dkt. 2133 (Apple's Opp.) at 1-3.).   *Hilton* has no application here — it expressly related to staying the enforcement of an *order*, namely an order releasing a prisoner while that same order was appealed. *Id.*   The *Hilton* Court considered "the factors traditionally considered in deciding whether to stay a judgment in a civil case."   *Id.* at 776-77.   Here, Samsung has not requested the Court to stay enforcement of an order or judgment, but to delay its review of costs.   The leap some courts have made to apply *Hilton* to this situation has never been explained or harmonized with well-established precedent to the contrary, including this Court's own ruling recognizing its authority to stay its review of costs pending appeal.[1]

---

[1]   Misplaced reliance on *Hilton* in the costs context seems to have crept into this District after the 2007 decision in *League For Coastal Prot. v. Kempthorne*, No. C 05 0991 CW, 2007 WL 1982778 (N.D. Cal. July 2, 2007), which properly applied *Hilton* concerning an interim *order* requiring payment of certain costs where that the order was on appeal.   *Id.* at *1-3.   The subsequent cases Apple cites that relied on *Hilton* in the *review* of costs context usually did so with no explanation of how or why *Hilton* should apply where no costs order has yet issued or been appealed.   *ASIS Internet Servs. v. Optin Global, Inc.*, C-05-5124 JCS, 2008 WL 5245931, at *1 (N.D. Cal. Dec. 17, 2008); *City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*, C 08-4575 SI, 2012 WL 177566, at *2 (N.D. Cal. Jan. 23, 2012) (citing *ASIS*, not *Hilton*); *In re Ricoh Co., Ltd. Patent Litig.*, C 03-02289 JW, 2010 WL 8961328, at *3-4 (N.D. Cal. Sept. 29, 2010); *Kilopass Tech. Inc. v. Sidense Corp.*, C 10-02066 SI, 2013 WL 843104, at *4-5 (N.D.
   (footnote continued)

## II. IN THE ALTERNATIVE, THE COURT CAN AND SHOULD ORDER EACH PARTY TO BEAR ITS OWN EXPENSES

Samsung showed in its motion that regardless of whether Apple is deemed the prevailing party just in its own offensive case or in the litigation overall, the Court is well within its discretion to order the parties to bear their own costs. (Dkt. 2128 (Samsung's Motion) at 5-6.) Apple's main response, that it is the prevailing party overall, is therefore beside the point. Even assuming it is, costs should be denied here in light of the mixed judgment.

Whether looking just at Apple's own offensive case or the litigation as a whole, Apple's victory was at best partial. In its own case, Apple failed to get an infringement verdict as to two patents and as to numerous products for a third. It also failed to convert on 95% of its claimed damages and to obtain a permanent injunction. When looking at the litigation overall, which Apple pushes for doing, Apple fared even worse, having been adjudged an infringer. Apple's opposition misses this entirely because it conflates the initial inquiry of whether it is a prevailing party with the separate inquiry of whether its victory was "mixed". Apple therefore fails to address Samsung's showing that it received a mixed judgment, having lost various important claims, both in its offensive case and the litigation overall, whichever is considered.

Apple's mixed judgment is all the reason this Court needs to deny costs altogether and avoid having to wade through the details of the parties' submissions: "In the event of a mixed judgment . . . it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (explaining that if plaintiffs prevailed on one of their two claims on remand it would be a "mixed judgment"). In the recent patent case of *HTC Corp. v. Tech. Props.*, 5:08-cv-882-PSG, 2014 U.S. Dist. LEXIS 99971 (N.D.

---

Cal. Mar. 6, 2013). Presumably, none of the parties in those cases objected to the application of *Hilton* or cited any authority establishing the court's discretion to defer an award of costs when the merits are on appeal, as Samsung has done. *See, e.g.*, *Mformation Technologies, Inc. v. Research in Motion Ltd.*, No. C-08-4990 EMC, 2012 WL 6025746, at *3 (N.D. Cal. Dec. 4, 2012) ("Both parties concede[d] that the court should apply the four factor test from *Hilton v. Braunskill*."); *Pixion Inc. v. PlaceWare Inc.*, No. C 03-02909 SI, 2005 WL 3955889, at *2 (N.D. Cal. May 26, 2005) ("Pixion cites no authority for this request, and the Court declines to grant a stay."); *Jones v. City of Orange Cove*, No. 08 CV 0775 DLB, 2010 WL 4875681, at *2 (E.D. Cal. Nov. 23, 2010) (following *Pixion* because "Plaintiff has not cited any case law entitling her to such a stay.").

Cal. July 21, 2014), Judge Grewal considered each claim in turn and ruled that the counterclaim plaintiff was the prevailing party as to one claim where the jury found infringement and awarded damages of nearly $1 million, the counterclaim defendant was the prevailing party as to two infringement claims that were dismissed with prejudice, and neither party had prevailed as to two claims earlier dismissed without prejudice.  *Id.* at *11-20.  Following *Amarel* and other precedent, Judge Grewal recognized that "the judgment is mixed" and that "the equitable result is for each side to bear its own costs."  *Id.* at *20; *see also Postx Corp. v. Secure Data In Motion, Inc.*, No. C 02-04483 SI, 2006 WL 2067080, at *1 (N.D. Cal. July 24, 2006) (following *Amarel* as well in denying costs in patent case with "mixed judgment" where plaintiff did not prevail on all claims).

### III. APPLE FAILS TO REBUT THAT MOST OF ITS SOUGHT COSTS ARE DISALLOWED OR UNSUPPORTED

At this point, Samsung has already briefed several times the reasons Apple should not be allowed to recover any costs in Samsung's offensive case.  (*See* Dkt. 2128 (Samsung's Motion re: Apple's Costs) at 1-3, 6; Dkt. 2134 (Samsung's Opposition to Apple's Motion re: Apple's Costs) at 1-2; Dkt. 2136 (Samsung's Opposition to Apple's Motion re: Samsung's Costs) at 2-4.) To avoid even more repetition, Samsung incorporates those discussions here by reference, including its description of Supreme Court precedent allowing for multiple prevailing parties in the same litigation where there are unrelated claims, particularly as that precedent was applied in *FLIR Sys., Inc. v. Sierra Media, Inc.*, 965 F. Supp. 2d 1184, 1199-200 (D. Or. 2013).  *FLIR* is closer to this case than any Apple has cited because both sides asserted independent affirmative claims against the other and each received a damages verdict.  *Id.*  Each side was deemed a prevailing party in its offensive case.  *Id.*  And even though the *FLIR* court cited language in passing from *Shum v. Intel Corp.*, 629 F.3d 1360 (Fed. Cir. 2010), the *FLIR* court did not need to examine that decision.  Had it done so, it likely would have noted that *Shum* involved claims going only in one direction, and therefore does not and should not prevent this Court from limiting Apple to recovering costs only in its offensive case.  Samsung has not argued that there should be more than one prevailing party in either offensive case, so *Shum* is not helpful here.

**A.     Apple Fails To Support Many Of Its Transcript Costs.**

As to Apple's deposition costs, Samsung has not made an apportionment argument that was rejected in the prior case, as Apple mistakenly asserts.   (Dkt. 2133 (Apple's Motion) at 7.) In the prior case, the Court ruled that Apple could recover for deposition costs even if the deposition related to a specific claim Apple had not won.   *Apple I* Costs Order, at *6.   The important distinction here is that Apple was deemed the prevailing party overall in that case, and so all of the depositions in the litigation were potentially recoverable for Apple.   Here, Samsung has shown that the universe of costs Apple can draw from is limited to those in its offensive case only.   (Dkt. 2128 (Samsung's Motion) at 6-7.)   On that basis, Samsung objected to costs for depositions related to its offensive case, but did not object to any depositions in *Apple's* offensive case, even if they related to one of Apple's various unsuccessful affirmative claims.

**B.     Apple Fails To Support Most Of Its Sought Exemplification and Copying Costs.**

**1.     *Copies.***

Apple has failed to show that the various copying costs it seeks were necessarily incurred in this case or are otherwise recoverable under the Court's rules.

*a.   Materials Provided to the Court (Demonstrative Slides, Expert Reports, Exhibits).* Apple attempts to recover the cost of printing **demonstrative slides** and **expert reports** under Local Rule 54-3(d)(4), but that Rule expressly applies only to "*trial exhibits*," not other materials, and only "to the extent that a judge *requires* copies to be provided."   *Id.* (quoted in Dkt. 2133 (Apple's Opp.) at 8 (emphasis added).   Apple nowhere contends that its demonstrative slides and expert reports were trial exhibits.   And Apple's citations to the trial record show that these materials were also not "require[d]" by the Court.   As to demonstrative slides, the Court merely said that it would be helpful to have them, and Apple voluntarily said it would provide them. (Dkt. 1624 (Apr. 7, 2014 Trial Tr.) at 1018:22-25.)   As to expert reports, Apple cites to a discussion about Samsung's damages expert's report, which counsel for Samsung had already provided to the Court — the Court there did not require all of Apple's expert reports to be printed. (Dkt. 1938 (Apr. 21, 2014 Trial Tr.) at 2397:17-2398:23.)

As to **trial exhibits,** Apple admits that it seeks the cost of sets printed not just for the Court, but also "two [sets] retained by counsel." (Dkt. 2133 (Apple's Opp.) at 8.) The Rules provide no recovery for printing exhibits for the convenience of counsel, and such costs are routinely prohibited. *Plantronics, Inc. v. Aliph, Inc*., No. C 09-01714 WHA LB, 2012 WL 6761576, at *10 (N.D. Cal. Oct. 23, 2012) ("[C]opies made solely for counsel's convenience or the litigant's own use are not recoverable because they are not 'necessarily' obtained for use in the case."); Civ. L.R. 54-3(d)(3) ("The cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable.").

Apple also nowhere disputes that its costs include far more pages than can be accounted for if Apple were printing only three sets of its exhibits for the Court. (Dkt. 2128 (Samsung's Motion) at 8-10.) As to the appropriate per page rate for printing charges, Apple, as the party with the burden of proof, failed to provide a single case showing that its actual rates are reasonable or recoverable. Apple therefore fails to show how Samsung's use of the $.08 rate previously endorsed by the Court was unreasonable. (*Id.*) Nor does Apple object to the maximum number of pages Samsung identified as being related to Apple's case. (*Id.*)

Finally, Samsung has not asked the Court to "engage in the minutia of attempting to determine which costs relate to which claims and counterclaims." (Dkt. 2133 (Apple's Opp.) at 9.) Samsung makes no argument that costs should be apportioned based on specific claims, but only that Apple must be confined to its own case, and that it was *Apple's* burden in the first instance to prove costs constrained in this way.

b. *Jury Books.* Again, Apple, as the party with the burden of justifying its specific costs, fails to show that its sought copying rates for jury books are reasonable. There is nothing inappropriate with Samsung's using this Court's endorsed printing rate instead of Apple's much higher unsupported amount to arrive at a permissible amount.

c. *Witness Examination Binders.* Apple does not dispute that its witness examination binders were tendered to Samsung well beyond the close of discovery. (Dkt. 2133 (Apple's Opp.) at 10.) Apple instead argues that "nothing in Local Rule 54-3(d)(2) limits recovery of costs to disclosures made during the formal discovery period." (*Id.*) Even if the Local Rule

-6- Case No. 12-cv-00630-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO REVIEW THE CLERK'S TAXATION OF APPLE'S COSTS

1  were unclear about this, both the Ninth and Federal Circuits have explicitly applied such a limit.
2  The Federal Circuit, interpreting this District's Rules, explained that the cost of copying materials
3  to be tendered to the other side is recoverable only if the prevailing party "establishes that the
4  copied documents were produced by it pursuant to Rule 26 or other discovery rules and that the
5  copies were requested by, and supplied to, the opposing party."   *In re Ricoh Co. Patent Litig.*,
6  661 F.3d 1361, 1367 (Fed. Cir. 2011).   The Ninth Circuit recently agreed that copies "necessarily
7  obtained for use in the case" are those where the copied documents were introduced into the
8  record or "were obtained to be produced pursuant to Rule 34 or other discovery rules".   *In re*
9  *Online DVD-Rental Antitrust Litigation*, __F.3d__, 2015 WL 845842 at *11 (Fed. Cir. Feb 27,
10  2015).   Finally, the fact that Apple used just a few exhibits out of the scores it designated for
11  each witness is further proof that the copies were not necessary under 28 U.S.C. § 1920(4).

12      *d.*   *Source Code.*   Apple does not dispute that the source code it printed was only related
13  to Samsung's offensive case.

14          **2.**   ***Devices.***

15      Samsung objected only to a small amount of peripheral charges associated with purchasing
16  devices and Apple still has not shown it was necessary to incur them.   Samsung has not invoked
17  a special "local purchase" rule (Dkt. 2133 (Apple Opp.) at 11), but rather used that as an example
18  of Apple's having failed to show its costs were necessarily incurred.

19          **3.**   ***Graphics And Demonstratives.***

20      Apple again mistakenly claims that Samsung is relying on an apportionment argument that
21  was rejected in the prior case.   (Dkt. 2133 (Apple Opp.) at 12.)   Samsung did not seek to reduce
22  Apple's costs on a "claim-by-claim or issue-by-issue basis," but rather relied on the uncontested
23  principle that a party cannot recover costs associated with a case it lost.   (Dkt. 2128 (Samsung
24  Motion) at 12.)   In some instances, Samsung was able to determine from Apple's documents
25  which costs related to Apple's offensive case and reduced costs accordingly.   For trial graphics,
26  however, Apple's materials fail to make this distinction, which Apple does not contest.   Apple
27  bore the burden of supporting its costs and so Apple, not Samsung, must bear the "risks inherent in
28  a failure to meet that burden."   *In re Ricoh Co.*, 661 F.3d at 1367.

-7-   Case No. 12-cv-00630-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO REVIEW THE CLERK'S TAXATION OF APPLE'S COSTS

### 4. *Electronic Discovery.*

For e-discovery, Apple does not dispute that all of the costs sought by the WilmerHale firm relate to Samsung's offensive case.

### C. Apple Fails To Support Most Of Its Sought Interpreter Costs.

For interpreter costs, Apple does not dispute that the WilmerHale costs relate entirely to Samsung's offensive case.   As for the Gibson Dunn costs, Apple argues that it met its burden of establishing them because it showed they were "reasonably incurred" under the Local Rules. (Dkt. 2133 (Apple Opp.) at 13 (citing Civil L.R. 54-1(a)).)   The Rule Apple cites does not require a showing that costs were merely reasonable, however, but "*necessarily* incurred."   Civil L.R. 54-1(a) (emphasis added).   Apple nowhere explains why it was necessary to pay more for interpreter services through one firm than another in this case.   (Dkt. 2128 (Samsung's Motion) at 14.)   The costs awarded in other litigation are irrelevant to this specific challenge.   (Dkt. 2133 (Apple's Opp.) at 13.)   Apple's interpreter costs should be reduced accordingly.

### CONCLUSION

For the reasons set forth above and in Samsung's motion, and in the interests of judicial economy, the Court should stay review of the Clerk's Taxation of Apple's Costs and postpone resolving the issue of costs until after the merits appeal process is complete, including any further litigation that may occur as a result.   Alternatively, the Court should order each party to bear its own costs.   If the Court taxes costs for Apple now, the maximum amount that should be allowed is $302,860.37 to reflect supported, permissible costs incurred in connection solely with Apple's offensive case.

| | |
|---|---|
| DATED: March 25, 2015 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  */s/ Victoria F. Maroulis*  |
| | Charles K. Verhoeven |
| | Kevin P.B. Johnson |
| | Victoria F. Maroulis |
| | William C. Price |
| | Michael L. Fazio |
| | |
| | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |