1   JOSH A. KREVITT (CA SBN 208552)
    jkrevitt@gibsondunn.com
2   H. MARK LYON (CA SBN 162061)
    mlyon@gibsondunn.com
3   GIBSON, DUNN & CRUTCHER LLP
    1881 Page Mill Road
4   Palo Alto, California 94304-1211
    Telephone: (650) 849-5300
5   Facsimile: (650) 849-5333

6   HAROLD J. McELHINNY (CA SBN 66781)
    hmcelhinny@mofo.com
7   JACK W. LONDEN (CA SBN 85776)
    jlonden@mofo.com
8   RACHEL KREVANS (CA SBN 116421)
    rkrevans@mofo.com
9   RUTH N. BORENSTEIN (CA SBN 133797)
    rborenstein@mofo.com
10  ERIK J. OLSON (CA SBN 175815)
    ejolson@mofo.com
11
    MORRISON & FOERSTER LLP
12  425 Market Street
    San Francisco, California   94105-2482
13  Telephone:   (415) 268-7000
    Facsimile:   (415) 268-7522
14

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

15  Attorneys for Plaintiff and
16  Counterclaim-Defendant APPLE INC.

17
18

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

19

20  APPLE INC., a California corporation,

        Plaintiff,
21
22      v.

23  SAMSUNG ELECTRONICS CO., LTD., a
    Korean corporation; SAMSUNG
24  ELECTRONICS AMERICA, INC., a New York
    corporation; and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC, a
25  Delaware limited liability company,

26      Defendants.
27

CASE NO. 5:12-cv-00630-LHK

**APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR REVIEW OF CLERK'S TAXATION OF SAMSUNG'S COSTS**

Date:   August 20, 2015
Time:   1:30 p.m.
Place:  Courtroom 8, 4th Floor
Judge:  Hon. Lucy H. Koh

28

# TABLE OF CONTENTS

**PAGE**

I.      SAMSUNG IS NOT ENTITLED TO COSTS UNDER RULE 54 BECAUSE IT IS NOT
        THE PREVAILING PARTY............................................................................................1

II.     SAMSUNG SHOULD BE DENIED ITS REQUESTED COSTS GIVEN THE LIMITED
        NATURE OF ITS RECOVERY....................................................................................3

III.    SAMSUNG IS NOT ENTITLED TO ANY OF THE SPECIFIC COSTS IT
        REQUESTED. .............................................................................................................4

        A.      Samsung Should Not Recover Any Costs for Printed or Electronically Recorded
                Transcripts.......................................................................................................4

                1.      Samsung Should Not Recover Any Deposition Transcript Costs. ........................4

                2.      Samsung Should Not Recover Any Costs for Hearing and Trial
                        Transcripts..........................................................................................5

        B.      Samsung Should Not Recover Any Costs for Graphics and Demonstratives. ...................6

                1.      Samsung Should Not Recover for Demonstratives Created for Expert
                        Reports Six Months Before Trial.........................................................6

                2.      Samsung Should Not Recover for Graphics Costs that It Cannot
                        Demonstrate Were Related to Its Counterclaims.....................................6

        C.      Samsung Should Not Recover Any Costs for E-Discovery. .............................................7

        D.      Samsung Should Not Recover Any Costs for Interpreters at Depositions. .........................8

        E.      Any Samsung Recovery for Witness Fees Should be Reduced.........................................8

IV.     CONCLUSION.............................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
No. 11-CV-1846-LHK, 2014 U.S. Dist. LEXIS 132830 (N.D. Cal. Sept. 19, 2014).... 1, 4-6, 8

*Ass'n of Mexican-Am. Educators v. State of Cal.*,
231 F.3d 572 (9th Cir. 2000) ...................................................................................4

*Atari Inc. v. JS & A Group Inc.*,
747 F.2d 1422 (Fed. Cir. 1984)................................................................................2

*Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*,
750 F.2d 903 (Fed. Cir. 1984).................................................................................2

*FLIR Systems, Inc. v. Sierra Media, Inc.*,
965 F. Supp. 2d 1184 (D. Or. 2013) ........................................................................2

*Manildra Mill Corp. v. Ogilvie Mills, Inc.*,
76 F.3d 1178 (Fed. Cir. 1996)..................................................................................1

*Oracle Am. Inc. v. Google Inc.*,
No. 10-cv-03561 WHA, 2012 U.S. Dist. LEXIS 125237 (N.D. Cal. Sept. 4, 2012) ............1, 3

*Shum v. Intel Corp.*,
629 F.3d 1360 (Fed. Cir. 2010)..........................................................................1, 2, 3

**Federal Statutes**

28 U.S.C. § 1821(d)(1) ..............................................................................................8

**Other Authorities**

Federal R. Civ. P 54(d) ...........................................................................................1, 2

Civ. L.R. 54-1(a)....................................................................................................4, 7

Civ. L.R. 54-3(d)........................................................................................................5

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

The Clerk's award of costs to Samsung should be disallowed in its entirety because Samsung

3

is not "the prevailing party" under Rule 54.   Samsung's Opposition, which argues that there can be

4

multiple prevailing parties on different portions of the case, ignores that: (1) when interpreting Rule

5

54, the Federal Circuit applies its "own law to define the meaning of prevailing party in the context

6

of patent litigation," *Manildra Mill Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1181 (Fed. Cir. 1996);

7

and (2) the Federal Circuit has held that "the plain language of Rule 54 unambiguously limits the

8

number of prevailing parties in a given case to one," *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed.

9

Cir. 2010).   Here, Apple—which was awarded more than $119 million in damages for Samsung's

10

infringement (in contrast to Samsung's $158,000), invalidated one of Samsung's patents, and

11

prevailed on non-infringement of another—is the sole prevailing party in this litigation.

12

Accordingly, Samsung has no basis to recover costs under Rule 54.

13

## I.   SAMSUNG IS NOT ENTITLED TO COSTS UNDER RULE 54 BECAUSE IT IS NOT THE PREVAILING PARTY.

14

15

Samsung's suggestion that both parties could be considered "prevailing" in this action is

16

contrary to controlling Federal Circuit precedent.   Only "the prevailing party" is entitled to recover

17

costs under Rule 54(d)(1), and the interpretation of Rule 54 for the purpose of defining the

18

prevailing party is a matter of Federal Circuit law.   *Manildra Mill*, 76 F.3d at 1182-1183; *see also*

19

*Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-1846-LHK, 2014 U.S. Dist. LEXIS 132830, at *67

20

(N.D. Cal. Sept. 19, 2014) ("1846 Bill of Costs Order") ("Federal Circuit law determines the identity

21

of the prevailing party in patent litigation.").   The Federal Circuit has interpreted Rule 54 to require

22

the district court to "choose one, and ***only one***, 'prevailing party' to receive any costs award."

23

*Shum*, 629 F.3d at 1367; *see also Oracle Am. Inc. v. Google Inc.*, No. 10-cv-03561 WHA, 2012 U.S.

24

Dist. LEXIS 125237, at *5-6 (N.D. Cal. Sept. 4, 2012) (even in mixed judgment cases the district

25

court must "pick ***one side*** as the 'prevailing party' for the purposes of taxing costs" (emphasis

26

added)).

27

Samsung cites no Federal Circuit or Northern District of California case law that would

28

relieve the Court of the requirement to "choose one, and only one" prevailing party here.   Samsung

relies instead on a District of Oregon case -- *FLIR Systems, Inc. v. Sierra Media, Inc*., 965 F. Supp.

2d 1184 (D. Or. 2013) -- interpreting the fee-shifting provision of the Lanham Act.    However, *FLIR*

*Systems* itself expressly distinguished its ruling from the Federal Circuit precedent that governs ***this***

case: "Relying primarily on the wording of Rule 54(d), the *Shum* court held that ***in patent cases***

there can be, 'by definition,' only one prevailing party, regardless of the fact that the outcome of a

particular lawsuit might be mixed."    *Id.* (citing *Shum*, 629 F.3d at 1366-1367) (emphasis added and

citation omitted).[1]

There is no merit to Samsung's argument that this case constituted multiple separate "cases"

because the parties had claims "going in opposite directions."    (Op. at 2.)    Samsung cites no

support for such an argument, and it is contrary to the Federal Circuit's understanding of "case."

*See Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 908 (Fed. Cir. 1984) ("The term

'case' in this context refers collectively to the proceedings that transpired at the district court level

when viewed pragmatically at the time of appeal."); *see also Atari Inc. v. JS & A Group Inc.*, 747

F.2d 1422, 1436 (Fed. Cir. 1984).    Here, Samsung made a strategic decision to bring its patent

claims as counterclaims in this case rather than in a separate suit.    As a result, there is one case with

one case number and one docket.    The case was decided at a single trial before a single jury and

ended with a single final judgment.

Indeed, Samsung's own positions show the impossibility of disentangling the litigation of

each party's claims from the other.    For example, Samsung argues that it is entitled to trial

transcript costs because those costs are relevant to the appeal of the Court's denial of Apple's

permanent injunction.    (Op. at 7.)    However, three pages earlier Samsung expressly refers to the

denial of the permanent injunction as an aspect of Apple's "case," for which Samsung contends it is

not seeking costs.    (*Id.* at 4-5.)    The Opposition also argues that issues related to the claims and

counterclaims were inseparable in the trial record.    (*Id.* at 7 ("Every day of trial included

---

[1]    Although Samsung's quotation of *FLIR Systems* includes internal citations to two Supreme Court cases, the court in *FLIR Systems* itself acknowledged that neither of those cases "involve a situation where both parties initially succeeded on the merits of a claim," and were referenced in *FLIR Systems* only to provide guidance in interpreting the fee-shifting language in the Lanham Act.    964 F. Supp. 2d at 1200.    By contrast, the Federal Circuit has already definitively interpreted the relevant language of Rule 54 for patent cases.    *Id.* at 1199 (citing *Shum*, 629 F.3d at 1366-1367).

1  evidentiary and procedural rulings that affected how the parties presented their cases on upcoming

2  trial days.").)    Finally, for several aspects of its costs, Samsung admits that there is no way to

3  distinguish the costs related to its counterclaims from those related to Apple's claims at all and

4  instead resorts to seeking arbitrary percentages of its total costs.

5       Moreover, the line that Samsung asks the Court to draw between "claims going in opposite

6  directions" is far from clear.    Samsung would like the Court to consider Samsung's counterclaims

7  as a separate "case" from Apple's claims.    However, Apple filed reply counterclaims of its own,

8  including claims for declaratory judgment of invalidity of Samsung's '757 patent and declaratory

9  judgment of non-infringement of Samsung's '239 patent.    (Dkt. 194 at 54-55, 57.)    Apple

10  succeeded on both of those claims (*see* Dkts. 1150 at 44, 1884 at 11-12), and the Court granted

11  judgment as a matter of law that Apple's iPad products do not infringe the '239 patent based solely

12  on Apple's declaratory judgment counterclaim after Samsung withdrew its infringement claim as to

13  those products.    (Dkt. 1962 at 33.)

14       Finally, Samsung argues that it is entitled to prevailing party status because it received an

15  enforceable judgment on the merits.    However, this is not enough.    *See Oracle*, 2012 U.S. Dist.

16  LEXIS 12537, at *7 (Oracle was not the prevailing party despite success on two copyright claims);

17  *Shum*, 629 F.3d at 1366-67 (plaintiff was not prevailing party despite success on inventorship claims

18  for five patents).    The prevailing party must obtain a "material benefit" with respect to the other

19  party, such as achieving a "competitive advantage."    *Shum*, 629 F.3d at 1368-1369.    Samsung

20  achieved no competitive advantage as a result of this litigation (and does not argue that it did).    On

21  the contrary, the jury awarded more than $119 million in damages against Samsung and the Court

22  invalidated one of Samsung's patents.    Its limited success on the '449 patent did not materially alter

23  that result.    The only practical consequence of the jury's award to Samsung was offsetting the

24  amount that Samsung is required to pay Apple by a fraction of one percent, which is of no material

25  benefit or competitive advantage to Samsung.

26  **II.    SAMSUNG SHOULD BE DENIED ITS REQUESTED COSTS GIVEN THE
       LIMITED NATURE OF ITS RECOVERY.**

27

28       Samsung next argues that if the Court exercises its discretion to deny Samsung costs, the

Court should deny Apple's recovery for its costs as well.   However, comparison of the awards

obtained by the two parties only highlights the inappropriateness of Samsung's request for costs.

The jury awarded Apple $119,652,000 in damages, and Apple's requested costs ($1,138,842.13)

represent less than one percent of that amount.   On the other hand, Samsung was awarded $158,000

in damages, and now seeks almost four times that amount ($609,710.03) in costs.   Given this

disparity, if the Court concludes that both parties are prevailing parties (which, again, it should not),

it is well within its discretion to award Apple its costs while denying Samsung recovery for costs so

vastly out of proportion with its recovery.   *See Ass'n of Mexican-Am. Educators v. State of Cal.*,

231 F.3d 572, 591 (9th Cir. 2000) (including the nominal or partial nature of the party's recovery as

among the potential reasons for denying costs).

### III.     SAMSUNG IS NOT ENTITLED TO ANY OF THE SPECIFIC COSTS IT REQUESTED.

#### A.     Samsung Should Not Recover Any Costs for Printed or Electronically Recorded Transcripts.

##### 1.     Samsung Should Not Recover Any Deposition Transcript Costs.

Samsung does not dispute that, in the 1846 case, the Court rejected Samsung's suggestion

that the Court "parse which depositions relate to liability issues on which a party did or did not

prevail" because it would place an "unworkable burden on the Court."   1846 Bill of Costs Order, at

*73.   However, Samsung's request for costs in this case asks the Court to repeat that same exercise,

only in the guise of parsing claims and counterclaims.   In the previous case, the Court found that

Samsung's position was "not supported by authority."   *Id.*   Samsung's repeated argument should

be rejected for the same reason.

In the event the Court chooses to award Samsung any deposition transcript costs, the request

for costs for the Dong Ha Nam deposition should be denied for the separate reason that Samsung is

relying only on an incomplete invoice, which does not satisfy Civil Local Rule 54-1(a)'s

requirement of "[a]ppropriate documentation to support each item claimed."   Samsung provides no

support for the proposition that Local Rule 54-1(a)'s documentation requirement can be substituted

by rough estimates.   Accordingly, Samsung should not be allowed to recover any costs related to

the Dong Ha Nam deposition and any transcript costs awarded to Samsung should be reduced by

$908.85.

Finally, Samsung's Opposition acknowledges that Samsung is not entitled to, and does not seek, $1,036.46 in deposition costs mistakenly awarded by the Clerk for costs Samsung had already disclaimed.   (*See* Op. at 6-7.)   Samsung states that the amount is no longer included in the total amount that Samsung seeks for transcript costs.   However, since that amount was included in the Clerk's award to Samsung, any award of transcript costs affirmed by this Court should be reduced by that amount as well.

### 2.   Samsung Should Not Recover Any Costs for Hearing and Trial Transcripts.

*Trial Transcripts:*   Samsung does not dispute that the majority of the trial transcripts relate to Apple's claims.   Instead, it makes three arguments for why it should be entitled to recover all transcripts in any event.   First, Samsung argues that "the transcripts can't be so precisely divided up between the party's claims."   (Op. at 7.)   However, it is Samsung, not Apple, that contends that the parties' "cases" can be separated and Samsung has expressly claimed to have limited its costs to its offensive case.   (*Id.* at 5.)   Accordingly, the burden is on Samsung to show why it is entitled to costs that relate primarily to Apple's affirmative case.   *See Apple I* Bill of Costs Order at *14 (holding that the party seeking costs bears the burden of "establish[ing] the amount of compensable costs and expenses to which it is entitled").   Second, Samsung argues that it is entitled to transcripts that relate to the Court's denial of a permanent injunction to Apple.   However, Samsung itself identified the request for a permanent injunction as an aspect of Apple's offensive case.   (Op. at 4.) Not only does this highlight Samsung's inability to maintain the distinction between "cases" it asks the Court to draw, it provides no support for why the transcripts were necessary for Samsung's "case."   Finally, Samsung argues that "Apple fails to state what reduction would be reasonable to Samsung's sought costs."   (*Id.* at 7.)   But Samsung bears the burden under Local Rule 54-3(d)(4) of showing it is entitled to requested costs, and its transcript costs were already disallowed by the Clerk.

*Hearing Transcripts*:   As with the trial transcripts, Samsung has not shown why it is entitled to *Markman* hearing or summary judgment hearing transcripts that were unrelated to the

counterclaim on which Samsung prevailed.    Samsung does not contend (unlike Apple) that it

prevailed in the case as a whole, which might support an argument to recover costs of all hearing

transcripts, regardless of issues addressed.    (Op. at 5 ("Samsung *did* limit its sought costs only to its

offensive case.").)    It is Samsung's burden to establish that it is entitled to costs for any transcripts

unrelated to the '449 counterclaim on which Samsung was successful (*see Apple I* Bill of Costs

Order at *14), but Samsung has failed to do so.

### B.    Samsung Should Not Recover Any Costs for Graphics and Demonstratives.

#### 1.    Samsung Should Not Recover for Demonstratives Created for Expert Reports Six Months Before Trial.

The Local Rules provide that costs may be recovered for "preparing charts, diagrams,

videotapes, and other visual aids to be used as exhibits [that are] reasonably necessary to assist the

jury or the court in understanding the issues ***at trial***."    Civ. L.R. 54-3(d)(5) (emphasis added).

This Court has made clear that only those graphics created in anticipation of use at trial are

recoverable.    *Apple I* Bill of Costs Order at *17.    Samsung's invoices include costs to prepare

graphics for use in expert reports, not trial.    *See, e.g.*, Dkt. 2030-6 ("Video production with Marissa

Ducca; Schoneld expert report, '239 patent infringement by Apple devices," "Video post-production;

Schonfeld expert report, '239 patent infringement by Apple devices").

#### 2.    Samsung Should Not Recover for Graphics Costs that It Cannot Demonstrate Were Related to Its Counterclaims.

A bill of costs "must state separately and specifically each item of taxable costs claimed" and

provide "[a]ppropriate documentation to support each item claimed."    Civ. L.R. 54-1(a).    Yet

Samsung does not (and cannot) dispute that not a single line item in the invoices from 2014

expressly relates to the production of trial graphics and demonstratives for Samsung's counterclaims.

(*See* Dkt. 2030-4 (Invoice Nos. 1403-007, 1404-012, 1405-007), 2030-5 at 6-34.)    Instead,

Samsung contends that it met its burden of documentation by making an "aggressive" 75% reduction

in the costs it seeks.    While Samsung contends this reduction is "neither arbitrary nor unexplained"

(Op. at 9), it does not offer any explanation for how Samsung arrived at that number.    Its attempt to

argue, without calculation, that the figure is not that distant from the percentages calculated by

Apple does not constitute such an explanation.    Samsung also cites the Court's calculation in the

1846 case of recoverable e-discovery costs based on the percentage of pages produced to pages uploaded (Op. at 10 (citing 1846 Bill of Costs Order at *91)), but ignores that the Court calculated the percentage it applied based on actual numbers provided by the parties.   In contrast, the percentage Samsung applied here is not based on any supporting documentation as required by Local Rule 54-1(a).

### C.    Samsung Should Not Recover Any Costs for E-Discovery.

Samsung has failed to support its request for $262,182.04 for costs purportedly incurred producing documents.   Samsung provided only the summary pages of its invoices rather than the pages identifying actual charges, which, although described as "attached" in the summary sheets, were excluded from Samsung's exhibits.   (*See* Dkt. 2030-9.)   Samsung's incomplete invoices fail to meet Local Rule 54-1(a)'s requirement that a bill of costs "state separately and specifically each item of taxable costs claimed" and provide "[a]ppropriate documentation to support each item claimed."   Samsung's argument that summary documentation is sufficient rings hollow in light of the line-by-line parsing Samsung engaged in with respect to the Apple's detailed disclosures.   (*See, e.g.*, Dkt. 2058, at *19 (objecting to 4 line items in Apple's 91 page e-discovery exhibit).) Moreover, it is evident that Samsung could have submitted more complete documentation, but chose otherwise; instead, it intentionally omitted the "attached" descriptions that identified the specific costs.   This lack of documentation is especially problematic with respect to collection costs, where Samsung contends that it has distinguished "collecting documents" from "intellectual efforts," in accordance with precedent, but chose not to provide the specific documents that would show such a distinction.

Samsung also fails to provide any documentation showing that its e-discovery costs are related only to its counterclaims.   As with its graphics costs, Samsung essentially acknowledges that it has no documentation to show that its costs relate only to its counterclaims and instead arbitrarily chooses to seek 50% of what it claims are its taxable expenses for the case.   Once again, Samsung has cited no support for the proposition that arbitrary reductions can take the place of Local Rule 54-1(a)'s requirement of supporting documentation.

**D.     Samsung Should Not Recover Any Costs for Interpreters at Depositions.**

As described above with respect to depositions in section III(A)(1), Samsung's request for costs related to interpreters for depositions should be denied in its entirety given the Court's prior ruling that deposition costs should not be apportioned based on the success or failure of particular claims or counterclaims.     *See Apple I* Bill of Costs Order at *9.     However, if the Court does apportion deposition interpreter costs, it should disallow any such costs for depositions unrelated to the one counterclaim on which Samsung was successful.

**E.     Any Samsung Recovery for Witness Fees Should be Reduced.**

Samsung cites no support for its claim that a witness's hotel expenses for as many as ten nights are recoverable costs.     On the contrary, Civil L.R. 54-3(e) provides that subsistence payments for witness are allowable only "to the extent reasonably necessary," and 28 U.S.C. § 1821(d)(1) specifies that "a subsistence allowance shall be paid to a witness when ***an overnight stay*** is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day" (emphasis added).     Accordingly, Samsung has not met its burden of "establish[ing] the amount of compensable costs and expenses to which it is entitled."     *Apple I* Bill of Costs Order at *14.

**IV.     CONCLUSION**

For the reasons set forth above and in Apple's motion, Apple respectfully requests that the Court disallow any costs that the Clerk awarded Samsung and otherwise affirm the Clerk's denial of Samsung's requested costs.

Dated:   March 31, 2015                    WILMER CUTLER PICKERING
                                                            HALE AND DORR LLP

                                                        */s/ Mark D. Selwyn*
                                                        Mark D. Selwyn (SBN 244180)
                                                        mark.selwyn@wilmerhale.com
                                                        950 Page Mill Road
                                                        Palo Alto, CA 94304
                                                        Telephone:   (650) 858-6000
                                                        Facsimile:   (650) 858-6100

                                                        *Attorneys for Plaintiff Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document and its supporting documents will be served upon counsel of record for Samsung who have consented to electronic service in accordance with Civil Local Rule 5.1.

Dated: March 31, 2015                                  */s/ Mark D. Selwyn*