QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO REVIEW THE CLERK'S TAXATION OF SAMSUNG'S COSTS**<br><br>Date:      Aug. 20, 2015<br>Time:     1:30 p.m.<br>Place:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

I.     SAMSUNG WAS THE PREVAILING PARTY IN ITS OWN OFFENSIVE CASE ......... 1

II.    SAMSUNG FULLY SUPPORTED ALL OF ITS SOUGHT COSTS ............................... 2

     A.     Trial Transcript Costs ................................................................................................ 2

     B.     Trial Graphics And Demonstrative Costs ................................................................ 3

CONCLUSION ............................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
   No. 14-1802 (Fed. Cir. 2014) ................................................................................................. 3

*Apple Inc. v. Samsung Elecs. Co, Ltd.*,
   No. 11-cv-1846-LHK-PSG, 2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) ........................ 3, 4

**INTRODUCTION**

Apple does not dispute that the Clerk allowed all of Samsung's costs except the exact amount Samsung sought for trial transcripts and graphics. Apple also does not dispute that the Court allowed these same costs for Apple in the prior case. Nevertheless, Apple repeats its erroneous argument that Samsung was not the prevailing party in its own case and makes the same objections to costs that Samsung has already addressed. Apple has therefore given the Court no new grounds to disallow any of Samsung's conservative and well-supported costs.[1]

**ARGUMENT**

**I.  SAMSUNG WAS THE PREVAILING PARTY IN ITS OWN OFFENSIVE CASE**

Apple again presents the theory that it alone is the prevailing party in the litigation. (Dkt. 2135 (Apple's Opp.) at 1-2.) Apple's argument is verbatim what it has presented elsewhere. (Dkt. 2131 (Apple's Motion re: Samsung's Costs) at 4.) To avoid unnecessary repetition, Samsung incorporates by reference its various responses to this argument, namely that Supreme Court precedent allows for multiple prevailing parties in the same litigation. (Dkt. 2136 (Samsung's Opp. to Apple's Motion re: Samsung's Costs) at 2-4; *see also* Dkt. 2128 at 1-3, 6; Dkt. 2134 at 1-2; Dkt. 2138 at 4.) Samsung also showed previously that Apple's cited authorities, purportedly allow only one prevailing party, involved actions with offensive claims going only one direction; they are neither applicable here nor at odds with Samsung's position, which is to choose only one prevailing party in each party's independent offensive case. (Dkt. 2136 at 2-3.) Samsung also showed that its infringement victory at trial cannot be discounted as "peripheral" based on the amount of time spent on it, namely because the judgment in Samsung's favor is a paradigmatic example of relief on the merits that qualifies Samsung as a prevailing party under Federal Circuit law and because Samsung's ability to achieve its victory efficiently does not make it peripheral. (*Id.* at 3-4 & n.1.)

---

[1] Samsung's motion regarding its own costs sought review only of those costs that the Clerk disallowed, namely trial transcript and trial graphics costs. (Dkt. 2130 (Samsung's Motion).) Nevertheless, to the extent Apple's opposition incorporates by reference its separate briefing, including challenges to Samsung's other costs (Dkt. 2135 (Apple's Opp.) at 1 n.1 (citing Dkt. 2131)), Samsung likewise incorporates by reference all of its arguments in response but does not re-brief them here (Dkt. 2136 (Samsung's Opp. to Apple's Motion re: Samsung's costs)).

-1-  Case No. 12-cv-00630-LHK
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO REVIEW THE CLERK'S TAXATION OF SAMSUNG'S COSTS

## II. SAMSUNG FULLY SUPPORTED ALL OF ITS SOUGHT COSTS

### A. Trial Transcript Costs

Apple does not dispute that Samsung sought only the base cost of one copy of the trial transcript and did not seek unrecoverable costs such as Realtime or expedited processing. Apple argues only that if Samsung is allowed to recover costs for trial transcripts, it should be limited to those days of trial involving Samsung's counterclaims. (Dkt. 2135 (Apple's Opp.) at 3.) Apple is correct that both parties should be limited to costs attributable to their own offensive cases. In most instances, this will mean that the parties will be entitled only to a portion of the costs they spent in a given category, such as e-discovery. Samsung carefully limited itself in this way for every cost it sought, unlike Apple.

For trial transcripts, Samsung did not need to seek only a portion of its costs because the entire set of daily transcripts was related to its offensive case and was otherwise recoverable. First, the transcript cannot be divided up between the parties' cases as Apple asserts. Every day of trial included evidentiary rulings that affected how the parties could present their cases and question witnesses on upcoming trial days. (*E.g.*, Dkt. 1624 (4/7/14 Trial Tr.) at 768-69 (regarding source code admissibility); Dkt. 1623 (4/4/14 Trial Tr.) at 563 (regarding disclosure of cross exhibits); *id.* at 560; 670 (Court stating additional evidentiary rules to be "uniformly applied" in both parties' cases); Dkt. 1714 (4/8/14 Trial Tr.) at 1090-92 (regarding general rules for high priority objections to exhibits).) Everyday there were also so-called "housekeeping" interactions between the parties and the Court on procedural issues that affected both parties' cases, such as disputes about the verdict form, final jury instructions, the charging conference, closing arguments, and the JMOL briefing schedules, in addition to updates about the time each party had used that day toward its total trial allotment. (*E.g.*, Dkt. 1717 (4/15/14 Trial Tr.) at 2042-2050; Dkt. 1716 (4/14/15 Trial Tr.) at 1761-62; Dkt. 1925 (4/18/14 Trial Tr.) at 2328-34; Dkt. 1715 (4/11/14 Trial Tr.) at 1549.) It was necessary for Samsung's offensive case that Samsung have each day's transcript containing these rulings and updates. Thus, even though testimony on a given day may not have ostensibly related to Samsung's offensive case, a host of issues arose throughout the entire trial that were applicable to it.

Second, the portion of transcript related to Apple's case is relevant to Apple's appeal of the Court's denial of its bid of a permanent injunction, which has already been briefed and argued. *Apple, Inc. v. Samsung Elecs. Co.*, No. 14-1802 (Fed. Cir. 2014) (ECF No. 104).  This Court previously allowed recovery of transcripts that "were necessarily obtained in anticipation of [an] appeal," especially where the appeal had already been filed at the time the Court was reviewing costs.  *Apple Inc. v. Samsung Elecs. Co, Ltd.*, No. 11-cv-1846-LHK-PSG, 2014 WL 4745933, at *7 (N.D. Cal. Sept. 19, 2014) (hereinafter "*Apple I* Costs Order").  The same reasoning applies here.

The Court should reverse the Clerk's disallowance of $12,216.25 for one copy of the trial transcript, in accordance with this Court's prior order allowing the same cost.

### B.     Trial Graphics And Demonstrative Costs

Apple does not dispute that Samsung sought only the costs of actual graphics production and not unrecoverable line items such as consultations, travel, or equipment rental.  Instead, Apple argues that Samsung impermissibly seeks the cost of its experts' infringement videos and does not reduce its overall costs enough.   Both are wrong.

*Demonstratives Created For Samsung's Experts' Reports Were Created For And Used At Trial.*   Apple's argument rests on the false assumption that the infringement videos created for Samsung's experts' reports could not have also been made in anticipation of trial.  (Dkt. 2135 (Apple's Opp.) at 4.)   Those two purposes are not mutually exclusive.  As Samsung showed before, both of the declarations it submitted in support of its costs expressly stated that its experts' videos were created for trial.   (Dkt. 2136 at 8-9 (citing Dkt. 2030-1 (Fazio Decl.) at ¶ 30; Dkt. 2058-1 (Supp. Fazio Decl.) at ¶¶ 14-15.)   For example, one declaration stated point blank that "[t]hese videos were created with the intention that they would be used as trial exhibits."   (Dkt. 2058-1 (Supp. Fazio Decl.) at ¶ 15.)   Indeed, in light of the various prior evidentiary rulings by the Court limiting the parties to the evidence disclosed in their expert reports, the infringement videos were very deliberately made for *both* the reports *and* use at trial.

*Samsung Drastically Reduced Its Graphics Costs To Relate Only To Its Offensive Case.* Apple next complains that Samsung did not show that each graphics cost was attributable solely to

its '449 patent, and not its other offensive claim. Dividing costs up by individual patents (as opposed to individual cases) is the very apportionment argument that Apple successfully argued against in the prior case and has refused to apply to itself here for the various individual patent claims it lost. (Dkt. 2131 (Apple's Motion re: Samsung's Costs) at 6 (citing *Apple I* Costs Order, at *10).)

Apple also argues that Samsung's reductions to its graphics costs were "arbitrary" and "unexplained." (Dkt. 2135 (Apple's Opp.) at 4.) Samsung's supporting declaration made clear that Samsung first excluded any cost clearly attributable to its defensive case. Next, Samsung made an additional aggressive 75% reduction to ensure it was "includ[ing] only a *portion* of costs it could permissibly seek for the creation of trial graphics and demonstrative evidence for its offensive case." (Dkt. 2030-1 (Fazio Decl.) at ¶ 31 (emphasis added).) That is neither arbitrary nor unexplained. Also, considering that Samsung made its 75% reduction only after already removing costs expressly related to its defensive case, Samsung effectively reduced its sought graphics costs by even more than 75%. Such a drastic cut is also well in line with this Court's prior practice for using percentage reductions to arrive at reasonable sums. *See, e.g.*, *Apple I* Costs Order, at *12 (applying percentage reduction to Apple's e-discovery costs based on Apple's estimate of pages produced).[2]

The Court should reverse the Clerk's disallowance of Samsung's $198,726.56 in graphics costs, in accordance with this Court's prior order allowing the same costs.

## CONCLUSION

Samsung respectfully requests that the Court reverse the Clerk's disallowance of $12,216.25 for trial transcript costs and $198,726.56 for trial graphics costs and award Samsung the full amount of costs it sought: $609,710.03.

---

[2] Moreover, Apple's estimates of the percentage of graphics attributable to Samsung's offensive case are based only on what was used in opening and closing arguments and fail to account for graphics prepared for those purposes but not ultimately used, as well as graphics prepared for and used with witnesses. (Dkt. 2135 (Apple's Opp.) at 4.) Recoverable graphics extend to those created in *anticipation* of use at trial as well, so Apple's reduction techniques cannot rebut Samsung's sworn declaration on this topic attesting to what was actually done.

DATED: March 31, 2015

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Victoria F. Maroulis
  Charles K. Verhoeven
  Kevin P.B. Johnson
  Victoria F. Maroulis
  William C. Price
  Michael L. Fazio

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC