1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                               SAN JOSE DIVISION

11    APPLE INC.,
                                              Case No. 5:12-CV-00630-LHK
12              Plaintiff,
                                              **ORDER RE: APPLE'S AND**
13         v.                                 **SAMSUNG'S MOTIONS TO REVIEW**
                                              **THE CLERK'S TAXATION OF COSTS**
14    SAMSUNG ELECTRONICS CO., LTD., et
      al.,                                    Re: Dkt. Nos. 2127, 2128, 2130, 2131
15
                Defendants.
16

17         Before the Court are four motions.  Plaintiff Apple, Inc. ("Apple") moves for review of the

18   Clerk's taxation of Apple's costs.  ECF No. 2127.  Defendants Samsung Electronics Co., Ltd.,

19   Samsung Electronics America, and Samsung Telecommunications America, LLC (collectively,

20   "Samsung") have cross-moved for review of the Clerk's taxation of Apple's costs.  ECF No. 2128.

21   Samsung also moves for review of the Clerk's taxation of Samsung's costs, ECF No. 2130, and

     Apple cross-moves for review of the Clerk's taxation of Samsung's costs, ECF No. 2131.
22
           Having reviewed the parties' submissions, the record in this case, and the relevant law, the
23
     Court GRANTS Apple's motion for review of the Clerk's taxation of Samsung's costs; DENIES
24
     Samsung's motion for review of the Clerk's taxation of Samsung's costs; and GRANTS in part
25
     and DENIES in part Apple's and Samsung's motions for review of the Clerk's taxation of Apple's
26
     costs.
27

28
                                                    1

*(left margin, vertical text)* United States District Court  Northern District of California

# I.     BACKGROUND

Apple and Samsung sell competing smartphones and tablets.  On February 8, 2012, Apple filed suit against Samsung, asserting infringement of eight Apple utility patents.  ECF No. 1. Samsung counterclaimed, asserting infringement of eight Samsung utility patents.  ECF No. 107. Prior to summary judgment, the Court required the parties to limit their infringement contentions to ten claims from five patents per side.  ECF No. 471 at 2.

After considering the parties' cross-motions for summary judgment, the Court granted Apple summary judgment of infringement on the only asserted claim of one of Apple's patents, and invalidated all three asserted claims of one of Samsung's patents.  *See* ECF No. 1150 (granting summary judgment of infringement on claim 18 of U.S. Patent No. 8,074,172; granting summary judgment of invalidity on claims 1, 14, and 15 of U.S. Patent No. 7,577,757).  The parties then further narrowed their infringement contentions to five total claims per side, per the Court's order.  ECF No. 1336.

At the pretrial conference, Apple asserted infringement of a total of five claims from five patents, one claim from each patent:

1. U.S. Patent No. 5,946,647 – Claim 9
2. U.S. Patent No. 6,847,959 – Claim 25
3. U.S. Patent No. 7,761,414 – Claim 20
4. U.S. Patent No. 8,046,721 – Claim 8
5. U.S. Patent No. 8,074,172 – Claim 18

ECF No. 1336 at 1-2.  Samsung asserted a total of five claims from four patents:

a. U.S. Patent No. 7,756,087 – Claim 10.
b. U.S. Patent No. 7,551,596 – Claim 13.
c. U.S. Patent No. 6,226,449 – Claim 27.
d. U.S. Patent No. 5,579,239 – Claims 1 and 15.

*Id.* at 2.  After the pretrial conference, Samsung voluntarily dismissed three claims from three patents:

a. Infringement of U.S. Patent No. 7,756,087 – Claim 10
b. Infringement of U.S. Patent No. 7,551,596 – Claim 13
c. Infringement of U.S. Patent No. 5,579,239 – Claim 1

ECF No. 1421 at 2.  After Samsung's voluntary dismissal of the above three claims, Samsung asserted only claim 27 of U.S. Patent No. 6,226,449 and claim 15 of U.S. Patent No. 5,579,239 at trial.  Apple's five claims from five patents and Samsung's two claims from two patents were tried

Case No. 12-CV-00630-LHK
ORDER RE: APPLE'S AND SAMSUNG'S MOTIONS TO REVIEW THE CLERK'S TAXATION OF COSTS

United States District Court
Northern District of California

1    to a jury in March through May 2014.  *See* ECF No. 1962.

2           The jury found that Samsung infringed two of Apple's patents, found none of Apple's five

3    patents invalid, and found that Samsung willfully infringed one of Apple's patents.  ECF No. 1884

4    (Verdict).  In total, Apple prevailed on infringement of three of Apple's patents—one at summary

5    judgment and two at trial.  The jury awarded Apple $119,625,000 in damages on the three patents.

6    *Id.* at 8.  The jury also found that Apple infringed one of Samsung's patents and awarded Samsung

7    damages in the amount of $158,400.  *Id.* at 11-12.  Samsung's recovery was less than 0.13% of

8    Apple's recovery.  Apple had also succeeded in invalidating one of Samsung's patents on

9    summary judgment.  Moreover, Samsung chose to assert only two claims and not five at trial. The

10   Court entered Final Judgment on November 25, 2014.  ECF No. 2076.

11          On October 9, 2014, each party submitted a Bill of Costs.  ECF No. 2030 (Samsung Bill of

12   Costs); ECF No. 2031-3 (Apple Bill of Costs).

13          As to Apple's Bill of Costs, Apple sought a total of $1,144,849.24 in three categories of

14   taxable costs: "printed or electronically recorded transcripts;" "exemplification and the costs of

15   making copies;" and "[c]ompensation of interpreters."  ECF No. 2031-1.  Samsung filed

16   objections on October 30, 2014.  ECF No. 2058.  Apple then filed a corrected Bill of Costs,

17   ultimately seeking $1,138,842.13 in the same three categories of taxable costs.  ECF No. 2062.

18   On November 20, 2014, Samsung again filed objections.  ECF No. 2065.  On February 8, 2015,

19   the Clerk taxed costs in the amount of $659,397.26.  ECF No. 2125.  The Clerk disallowed

20   $13,669.02 in transcript costs "as outside the ambit of LR 54-3(b)(3)" and $465,775.85 in costs for

21   exemplification and copies "as outside the ambit of LR 54-3(d)(5)."  *Id.*

22          As to Samsung's Bill of Costs, Samsung sought a total of $610,746.49 in four categories of

23   taxable costs: "printed or electronically recorded transcripts;" "fees for witnesses";

24   "exemplification and the costs of making copies;" and "[c]ompensation of interpreters."  ECF No.

25   2030.  Apple filed objections on October 30, 2014.  ECF No. 2057.  Samsung then filed an

26   amended Bill of Costs, seeking $609,710.03.  ECF No. 2058-1.  On February 24, 2015, the Clerk

27   taxed Samsung's costs in the amount of $399,803.68.  ECF No. 2126.  The Clerk disallowed

28

United States District Court
Northern District of California

Case No. 12-CV-00630-LHK
ORDER RE: APPLE'S AND SAMSUNG'S MOTIONS TO REVIEW THE CLERK'S TAXATION OF COSTS

United States District Court
Northern District of California

1  $12,216.25 in transcript costs as "outside the ambit of LR 54-3(b)(3)" and $198,726.56 in

2  exemplification costs as "outside the ambit of LR 54- 3(d)(5)." *Id.*

3      Both Apple and Samsung now seek judicial review of the Clerk's assessment of costs.  On

4  March 3, 2015, Apple filed a motion for review of the Clerk's taxation of Apple's costs.  ECF No.

5  2127.  Samsung also filed a motion for review of the Clerk's taxation of Apple's costs.  ECF 2128.

6  On March 10, 2015, the parties filed motions for review of the Clerk's taxation of Samsung's

7  costs.  ECF No. 2130 (Samsung); ECF No. 2131 (Apple).  The parties filed oppositions on March

8  18 and 24, 2015, *see* ECF Nos. 2133-2136, and replies on March 25 and 31, 2015, *see* ECF Nos.

9  2137-2140.

10  **II.      LEGAL STANDARD**

11      Rule 54(d)(1) of the Federal Rules of Civil Procedure creates a presumption that the

12  prevailing party will be awarded its taxable costs.  *See Delta Airlines, Inc. v. August*, 450 U.S.

13  346, 352 (1981); *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006) ("Under Federal

14  Rule of Civil Procedure 54(d), there is a presumption that the prevailing party will be awarded its

15  taxable costs."); *see also* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court

16  order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing

17  party.").

18      The Ninth Circuit has described the presumption in favor of awarding costs to the

19  prevailing party as a "strong presumption" with a heavy burden on the non-prevailing party to

20  show why taxable costs are not recoverable.  *Miles v. California*, 320 F.3d 986, 988 (9th Cir.

21  2003); *see also Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (burden is on the

22  losing party to demonstrate why costs should not be awarded).  A district court need not give

23  reasons for abiding by the presumption and awarding taxable costs to the prevailing party.  *See*

24  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) ("The presumption itself

25  provides all the reason a court needs for awarding costs . . . .").  On the other hand, a district court

26  must "specify reasons" for refusing to award taxable costs to the prevailing party.  *Id.*  The court

27  must "explain why a case is not 'ordinary' and why, in the circumstances, it would be

28  
Case No. 12-CV-00630-LHK
ORDER RE: APPLE'S AND SAMSUNG'S MOTIONS TO REVIEW THE CLERK'S TAXATION OF COSTS

inappropriate or inequitable to award costs." *Champion Produce, Inc. v. Rudy Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (internal quotation marks omitted). "Sufficiently persuasive" reasons that the Ninth Circuit has approved as a basis for refusing to award taxable costs to a prevailing party include: the losing party's limited financial resources; misconduct by the prevailing party; the importance and complexity of the issues; the merit of the plaintiff's case; a nominal recovery; and, in civil rights cases, the chilling effect on future litigants of imposing high costs. *See id.* at 1022-23; *Save Our Valley*, 335 F.3d at 945; *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000) (en banc).

In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987), the U.S. Supreme Court held that federal courts are limited to assessing those costs enumerated under 28 U.S.C. § 1920. Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The applicable provisions here are numbers two, three, four, and six.

The Civil Local Rules for the Northern District of California ("Civil Local Rules") set forth additional standards for taxing costs in this district. Under the section for "Reproduction and Exemplification" the Civil Local Rules acknowledge that "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable," and that "[t]he cost of preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial." Civ. L. R. 54-3(d)(2), (5).

While acknowledging the "strong presumption" in favor of awarding taxable costs and the non-prevailing party's burden to demonstrate why taxable costs are not recoverable, the Federal Circuit (applying Ninth Circuit law) has noted that the burden first rests with the prevailing party

to demonstrate the amount of costs that are taxable under relevant local laws. *See In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1364, 1367 (Fed. Cir. 2011) (applying Ninth Circuit precedent and Civil Local Rule 54 to hold that "[t]he burden is on the prevailing party to establish the amount of compensable costs and expenses to which they are entitled" (alterations omitted) (internal quotation marks omitted)); *see also* Civ. L. R. 54-1(a) (requiring "[a]ppropriate documentation to support each item claimed").

When a party seeks review of the Clerk's taxation of costs, the district court reviews the Clerk's determination de novo. *Lopez v. S.F. Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1000-01 (N.D. Cal. 2005).

## III.   DISCUSSION

The jury found that Samsung infringed two of Apple's patents, found none of Apple's five patents invalid, and found that Samsung willfully infringed one of Apple's patents. ECF No. 1884. In total, Apple prevailed on infringement of three of Apple's patents—one at summary judgment and two at trial. The jury awarded Apple $119,625,000 in damages on the three patents. *Id.* at 8. Apple also invalidated one Samsung patent at summary judgment. ECF No. 1150. At trial, Samsung prevailed on one patent and was awarded $158,400 in damages. ECF No. 1884. Samsung's recovery was less than 0.13% of Apple's recovery.

The central dispute between the parties is whether Samsung is entitled to recover costs in pursuing its infringement counterclaims and whether Apple is entitled to recover costs in defending against Samsung's infringement counterclaims.

As explained below, the Court finds that Apple is the "one, and only one, 'prevailing party.'" *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). As Apple is the only prevailing party, Samsung is not entitled to recover any costs. Accordingly, Samsung's motion for review of the Clerk's taxation of Samsung's costs, ECF No. 2130, is DENIED, and Apple's motion for review of the Clerk's taxation of Samsung's costs, ECF No. 2131, is GRANTED.

As to the motions relating to the taxation of Apple's costs, the parties raise three arguments. First, Samsung argues that the Court should defer any decision on costs until after

6

Samsung's appeal on the merits is resolved.  ECF No. 2128 at 4.  Second, Samsung argues in the alternative that the Court should reject Apple's bid for costs and order each party to bear its own costs because Apple received "a mixed judgment."  *Id.* at 5.  Third, the parties raise various disputes on specific cost items.

The Court begins by addressing the central prevailing party issue, and then addresses the three arguments relating to the Clerk's taxation of Apple's costs in turn.

### A.    Apple is the Only Prevailing Party

Samsung argues that the instant action is actually two cases: Apple's infringement case against Samsung, and Samsung's infringement case against Apple.  ECF No. 2130 at 1.  Samsung acknowledges that Apple prevailed in Apple's infringement case.  ECF No. 2128 at 1.  Nonetheless, Samsung asserts that Samsung is the prevailing party in Samsung's "offensive case" against Apple.  ECF No. 2130 at 1.

Federal Circuit law determines the identity of the prevailing party in patent litigation.  *See Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (Federal Circuit law determines which party is the prevailing party in a patent case).[1]  Under Federal Circuit precedent, a party "'prevails' when actual relief on the merits of [its] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-13 (1992)).  Under Federal Circuit law, there may be only one prevailing party:

> [E]ven in mixed judgment cases, punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a "prevailing party."  For the purposes of costs and fees, there can be only one winner.  A court must choose one, and only one, "prevailing party" to receive any costs award.

*Shum*, 629 F.3d at 1367; *see also Oracle Am., Inc. v. Google Inc.*, No. 10-CV-0351-WHA, 2012 WL 3822129, at *1 (N.D. Cal. Sept. 4, 2012) (stating that even in mixed judgment patent cases the district court must "pick one side as the 'prevailing party' for the purposes of taxing costs").

Samsung argues that *Shum* and *Oracle* are not controlling because they involved litigation

---

[1] By contrast, local Circuit law governs which costs the prevailing party may reasonably recover.  *See Shum*, 629 F.3d at 1370.

Case No. 12-CV-00630-LHK
ORDER RE: APPLE'S AND SAMSUNG'S MOTIONS TO REVIEW THE CLERK'S TAXATION OF COSTS

United States District Court
Northern District of California

United States District Court
Northern District of California

with claims going in "only one direction."  ECF No. 2136 at 2.  While that may be true, neither

case would have been decided differently had it involved counterclaims.  In *Shum*, the plaintiff

"sought correction of inventorship for seven patents originally issued to his former business

partner" and raised various state law claims, seeking damages in the amount of $409 million.  629

F.3d at 1363.  The plaintiff eventually prevailed on five of the seven inventorship causes of action,

and none of the state law causes of action.  *Id.*  The district court then concluded that both plaintiff

and defendant were prevailing parties under Rule 54(d).  *Id.*  On appeal, the Federal Circuit held

that "there can be, by definition, only one prevailing party."  *Id.*  The Federal Circuit found that

the language of Rule 54 necessitated that conclusion:

> In our view, the plain language of Rule 54 unambiguously limits the number of prevailing parties in a given case to one because the operative term, "prevailing party," is singular.  Had Congress intended for there to be multiple prevailing parties, it could easily have said so, substituting "parties" for "party."

*Id.* at 1367.  Thus, there is no suggestion that the existence of counterclaims would have altered

the Federal Circuit's analysis.  *Oracle* applied the holding in *Shum* to find that "[e]ven if the

action results in a mixed judgment, the district court must nonetheless pick one side as the

'prevailing party' for purposes of taxing costs."  2012 WL 3822129 at *1.

Nonetheless, Samsung reads *Shum* and *Oracle* as allowing for two prevailing parties "in

[a] litigation with *two* offensive cases going in opposite directions."  ECF No. 2136 at 2.

Acknowledging that neither *Shum* nor *Oracle* affirmatively supports such a position, Samsung

cites *FLIR Systems, Inc. v. Sierra Media, Inc.*, 965 F. Supp. 2d 1184 (D. Or. 2013), in support of

its argument that there may be multiple prevailing parties.

In *FLIR*, the plaintiff prevailed on one false advertising cause of action, and the defendant

prevailed on three false advertising counterclaims.  *Id.* at 1188.  The district court found that

"there can be more than one prevailing party in the same Lanham Act suit."  *Id.* at 1201.  *FLIR*

involved the award of attorney's fees under the Lanham Act, not costs under Rule 54(d).  *Id.* at

1199.  *FLIR* also relied on a rationale specific to civil rights cases awarding fees under 42 U.S.C.

§ 1988.  The U.S. Supreme Court has interpreted § 1988 as allowing a court to "properly award

[attorney's] fees to both parties—to the plaintiff, to reflect the fees he incurred in bringing the

8

1    meritorious claim; and to the defendant, to compensate for the fees he paid in defending against

2    the frivolous one." *Fox v. Vice*, 131 S. Ct. 2205, 2214 (2011) (citing *Hensley v. Eckerhart*, 461

3    U.S. 424, 435 n.10 (1983)).  Furthermore, *FLIR* itself acknowledged that *Shum* applies to patent

4    cases: "the *Shum* court held that in patent cases there can be, 'by definition,' only one prevailing

5    party, regardless of the fact that the outcome of a particular lawsuit might be mixed."  965 F.

6    Supp. 2d at 1199 (citation omitted).  Therefore, the Court does not find *FLIR* persuasive here.

7         Samsung has not directed the Court to a single case allowing two parties to recover costs

8    under Rule 54(d), let alone under Federal Circuit case law.  *See Manildra Milling Corp.*, 76 F.3d

9    at 1182 (Federal Circuit law determines which party is the prevailing party in a patent case).

10   Accordingly, the Court rejects Samsung's argument that there may be two prevailing parties.

11   Samsung's argument runs directly counter to the Federal Circuit's statement that the Court "must

12   choose one, and only one," prevailing party for purposes of a costs award.  *Shum*, 629 F.3d at

13   1367.

14        The Court now considers whether Apple or Samsung is the prevailing party.  In the instant

15   case, Apple was awarded $119,625,000 in damages for infringement of three of Apple's patents,

16   and Samsung was awarded only $158,400 for infringement of one of Samsung's patents.  ECF No.

17   1884.  Samsung's recovery was only 0.13% of Apple's.  Apple secured summary judgment on

18   infringement of one of Apple's patents.  ECF No. 1150 at 14 (granting summary judgment on

19   infringement on claim 18 of U.S. Patent No. 8,074,172).  Apple also succeeded in invalidating one

20   of Samsung's patents on summary judgment.  *Id.* at 44 (finding invalid claims 1, 14, and 15 of

21   U.S. Patent No. 7,577,757).  Thus, Apple prevailed on significantly more issues than Samsung:

22   infringement of three Apple patents, plus invalidity of one Samsung patent.  Samsung's voluntary

23   dismissal of infringement of three claims from three Samsung patents after the pretrial conference,

24   but before trial, also counts in Apple's favor, as the dismissal was not pursuant to Court-ordered

25   case narrowing.  *See* ECF No. 1421.  In contrast, one of Samsung's patents was invalidated at

26   summary judgement.  Samsung voluntarily dismissed three claims of three patents prior to trial

27   and chose to assert only two claims at trial, of which Samsung prevailed on only one.  As to the

28

United States District Court
Northern District of California

9

1   single claim on which Samsung did prevail, claim 27 of U.S. Patent No. 6,226,449, Samsung

2   allotted about only five percent of its trial time (75 of its 1500 minutes) to that claim.  *See* ECF

3   No. 2057-1 (Selwyn Decl.) ¶ 4.  Indeed, Samsung does not suggest that it should be considered the

4   *sole* prevailing party in the instant case.  Accordingly, the Court finds that Apple is the prevailing

5   party.

6           As Apple is the prevailing party, Samsung is not entitled to recover any of Samsung's

7   costs.  Fed. R. Civ. P. 54(d)(1).  The Court therefore DENIES Samsung's motion for review of

8   Samsung's costs and GRANTS Apple's motion for review of Samsung's costs.  ECF No. 2130

9   (Samsung's motion); ECF No. 2131 (Apple's motion).  Samsung shall not recover any costs.

10          The Court next turns to the parties' motions relating to the taxation of Apple's costs.

11          **B.        Deferring a Ruling on Costs**

12          In Samsung's Motion to Review the Clerk's Taxation of Apple's Costs, Samsung requests

13   that the Court exercise its discretion to defer consideration of costs pending resolution of

14   Samsung's appeal to the Federal Circuit.  ECF No. 2128 at 4.  In response, Apple asserts that the

15   appeal does not prevent the Court from ruling on Apple's bill of costs.  ECF No. 2133 at 1.  The

16   Court rejected Samsung's same argument in prior litigation between the parties, and does so again

17   here.  *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2014 WL 4745933, at *4

18   (N.D. Cal. Sept. 19, 2014) (hereinafter "*Apple I* Costs Order").  The Court's ruling on costs was

19   affirmed by the Federal Circuit.  *See Apple Inc. v. Samsung Electronics Co.*, 786 F.3d 983 (Fed.

20   Cir. 2015).  Not deferring a ruling on costs enabled the parties to consolidate their appeal of the

21   *Apple I* Costs Order with the *Apple I* appeal on the merits.  This avoided unnecessary delay.

22          Pursuant to the Advisory Committee Notes to Rule 54(d), "If an appeal on the merits of the

23   case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may

24   deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing

25   after the appeal has been resolved."  Fed. R. Civ. P. 54(d) advisory committee notes on 1993

26   amendments.  Courts within the Ninth Circuit have routinely applied this committee note to claims

27   for costs as well as claims for fees.  *See, e.g.*, *Friends of Tahoe Forest Access v. U.S. Dep't of*

28                                                    10

United States District Court
Northern District of California

*Agric.*, No. 12-1876, 2014 WL 1575622, at *1 (E.D. Cal. Apr. 17, 2014) (exercising its discretion and finding no basis to defer a decision on the bill of costs pending plaintiffs' appeal); *Lasic v. Moreno*, No. 05-161, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007 ("The reasoning of the Advisory Committee's note is applicable to a ruling on a bill of costs."); *accord Pixion Inc. v. PlaceWare Inc.*, No. 03-2909, 2005 WL 3955889, at *2 (N.D. Cal. May 26, 2005) (declining to grant a stay on the taxation of costs pending appeal).

Although the Court acknowledges that it has the discretion to defer a decision on costs pending resolution of Samsung's appeal, the Court declines to exercise this discretion. The instant litigation has been before this Court since February 2012. Recognizing that the prevailing party has an interest in the prompt payment of its taxable costs and in light of the need to finally bring the litigation before this Court to an end, the Court finds that there is no basis to defer a decision on the bill of costs pending Samsung's appeal.

## C. Requiring Each Party to Bear its Own Costs

In the alternative, Samsung asserts that because Apple achieved only a "partial recovery," the Court should order each party to bear its own costs. ECF No. 2128 at 5. Samsung also suggests that Apple should not recover any costs attributable to defending against Samsung's counterclaims. *Id.* at 6. In response, Apple asserts that as the prevailing party it is presumptively entitled to its full costs. ECF No. 2133 at 5-6.

Samsung attempts to undermine the extent of Apple's success in this case by arguing that Samsung prevailed on infringement of one claim of one of Samsung's patents, and pointing out that Apple was awarded $119,625,000 despite requesting "over $2 billion" in damages. ECF No. 2128 at 5-6 (citing ECF No. 1622, 4/1/2014 Trial Tr. at 337:15-17 ("[T]he total damages that we're going to ask you to award is high. It's over $2 billion.")).

The Court is not persuaded by Samsung's efforts to minimize the degree to which Apple prevailed in this litigation. Apple presented five claims from five of Apple's patents to the jury. The Court had already granted summary judgment of infringement as to one of those claims. *See* ECF No. 1150. Samsung presented only two claims from two patents to the jury, as Samsung

Case No. 12-CV-00630-LHK
ORDER RE: APPLE'S AND SAMSUNG'S MOTIONS TO REVIEW THE CLERK'S TAXATION OF COSTS

United States District Court
Northern District of California

voluntarily dismissed three of the five claims Samsung asserted after the pretrial conference.  ECF No. 1421.  Moreover, one of Samsung's patents was found invalid at summary judgment.  ECF No. 1150.

Apple prevailed on infringement as to three claims from three patents and was ultimately awarded almost $120 million in damages.  *See* ECF No. 1884.  Moreover, while Apple did not prevail on every one of the claims Apple presented to the jury, or receive the full damages it requested, a party need not win on every single issue in order to be the prevailing party.  Rather, the test is whether Apple has obtained relief that "materially alter[s] the legal relationship between the parties by modifying [Samsung's] behavior in a way that directly benefits" Apple.  *Shum*, 629 F.3d at 1367.  The large jury damages award in favor of Apple clearly "materially alter[ed] the legal relationship between the parties" in this case.  Moreover, Samsung only prevailed on infringement of a single claim, and recovered only 0.13% of Apple's damages award.  ECF No. 1884.  Accordingly, the Court finds that Apple, as the prevailing party, is entitled to recover its costs incurred in the instant suit.  *See Dawson*, 435 F.3d at 1070 ("Under Federal Rule of Civil Procedure 54(d), there is a presumption that the prevailing party will be awarded its taxable costs.").

The Court further finds that Apple is entitled to recover its costs related to defending Samsung's counterclaims.  Denying Apple's request for costs related to defending Samsung's counterclaims would run counter to the presumption that a prevailing party is awarded its costs.  *See Miles*, 320 F.3d at 988 (noting the "strong presumption in favor of awarding costs to the prevailing party").  As such, Samsung "must establish a reason to deny costs."  *See Dawson*, 435 F.3d at 1070.  Although the Court recognizes its discretion to reduce Apple's costs, *see Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996), the only rationale that Samsung provides is that Apple received only a "partial recovery" on its claims.  ECF No. 2128 at 5.  The Court does not find this persuasive.

First, the Ninth Circuit has suggested that appropriate reasons for denying costs include: the losing party's limited financial resources; misconduct by the prevailing party; the importance

Case No. 12-CV-00630-LHK
ORDER RE: APPLE'S AND SAMSUNG'S MOTIONS TO REVIEW THE CLERK'S TAXATION OF COSTS

United States District Court
Northern District of California

1    and complexity of the issues; the merit of the plaintiff's case; a nominal recovery; and, in civil

2    rights cases, the chilling effect on future litigants of imposing high costs.  *See Mexican-Am.*

3    *Educators*, 231 F.3d at 593; *Champion Produce*, 342 F.3d at 1022.  None of those reasons applies

4    here, and Samsung does not argue otherwise.

5         Although the Ninth Circuit in *Mexican-American Educators* acknowledged that it was not

6    "attempting to create an exhaustive list of 'good reasons' for declining to award costs," *id.*,

7    Samsung does not provide a persuasive reason for the Court to exercise its discretion to deny or

8    offset Apple's costs.  As explained above, the Court does not agree that Apple's recovery was as

9    meager as Samsung suggests.  Apple recovered nearly $120 million for Samsung's infringement.

10   Apple also invalidated one of Samsung's patents.  *See* ECF No. 1150.  Samsung, on the other

11   hand, prevailed on only one claim of one patent, recovered only 0.13% of Apple's damages, and

12   was unsuccessful in invalidating any of Apple's patents.  Samsung voluntarily dismissed its

13   infringement counterclaims as to three claims of three patents prior to trial, and chose to assert

14   only two claims at trial.  ECF No. 1421.  Samsung also spent about only five percent of its trial

15   time addressing the single claim on which Samsung prevailed.  *See* ECF No. 2057-1 (Selwyn

16   Decl.) ¶ 4.  In other words, Samsung did not achieve any substantial victory as compared to Apple,

17   whether measured as a percent of damages or simply as a total number of issues in the case.

18        Finally, requiring courts to parse costs on an issue-by-issue basis, without any sufficient

19   justification, is unduly burdensome.  *See Apple I* Costs Order at *6 (rejecting Samsung's argument

20   that the Court should "parse" which costs "related to liability issues on which a party did or did

21   not prevail"), *aff'd* 786 F.3d 983; *see also Koppinger v. Cullen-Schiltz & Assocs.*, 513 F.2d 901,

22   911 (8th Cir. 1975) (affirming district court's refusal to apportion costs across different issues in

23   the case).

24        Accordingly, in the Court's discretion and consistent with Rule 54(d)'s presumption of

25   awarding costs to the prevailing party, the Court finds that Apple is entitled to recover its costs in

26   the instant suit, including costs related to defending Samsung's counterclaims.

27        The Court next considers the parties disputes as to specific categories of Apple's costs.

28

United States District Court
Northern District of California

Case No. 12-CV-00630-LHK
ORDER RE: APPLE'S AND SAMSUNG'S MOTIONS TO REVIEW THE CLERK'S TAXATION OF COSTS

**D.      Apple's Contested Costs**

The parties dispute six categories of Apple's costs: (1) deposition transcripts; (2) copying costs; (3) costs of acquiring devices; (4) trial graphics and demonstratives; (5) e-discovery; and (6) the cost of deposition interpreters.  Apple's Motion for Review is limited to the Clerk's award "with respect to exemplification costs only."  ECF No. 2127 at 1.  The Court addresses each category in turn.

**1.      Deposition Transcripts**

Apple originally requested $435,723.36 for deposition, hearing, and trial transcripts.  ECF No. 2062.  The Clerk awarded Apple $422,054.34 in costs for printed or electronically recorded transcripts necessarily obtained for use in the case.  ECF No. 2125.  "Apple does not seek to recover [the] disallowed costs" of $13,669.02.  ECF No. 2133 at 7 n.3.  Accordingly, Apple's present request is simply for this Court to adopt the Clerk's award of $422,054.34.  Samsung challenges $160,483.30 of the Clerk's award of Apple's costs because these costs relate to Apple's defense of Samsung's counterclaims.  ECF No. 2128 at 7.

Civil Local Rule 54-3(c)(1) permits recovery for "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case."  Samsung objects to Apple's recovery of deposition costs "related to Samsung's offensive case."  ECF No. 2128 at 6-7.

Samsung's argument is based on its position that Apple is not the prevailing party with respect to Samsung's counterclaims.  *See id.* at 6 ("Apple was not the prevailing party in its defensive case and cannot recover costs associated with it, including those described here.").  As explained in Part III.A, *supra*, the Court finds that Apple is the "one, and only one," prevailing party for purposes of a costs award.  *Shum*, 629 F.3d at 1367.  The Court does not parse the parties' costs to determine which costs "related to liability issues on which a party did or did not prevail."  *See Apple I* Costs Order at *6, *aff'd* 786 F.3d 983.  Accordingly, the Court rejects Samsung's argument related to Apple's deposition transcript costs, and awards Apple the full amount awarded by the Clerk, $422,054.34.  ECF No. 2125.

14

United States District Court
Northern District of California

### 2.      Exemplification and Copying Costs

Apple seeks to recover $676,681.31 in costs for exemplification and copying.  ECF No. 2062.  The Clerk allowed recovery of $210,905.46 in the general category of "exemplification and copies."  *See* ECF No. 2125 (citing Civ. L. R. 54-3(d)(5)).  Other than citing the local rule regarding trial graphics and demonstratives, 54-3(d)(5), the Clerk did not provide its rationale for disallowing $465,775.85 of Apple's costs.  *Id.*  Apple asks the Court to permit recovery of its full $676,681.31 original request.  Samsung seeks reductions to Apple's exemplification and copying costs related to (1) trial graphics and demonstratives; (2) copying; (3) acquiring devices for demonstrative use at trial; and (4) e-discovery.

"Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C. § 1920(4).  "In the context of § 1920, 'exemplification and copies of papers' has been interpreted to include all types of demonstrative evidence, including photographs and graphic aids." *Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg*, 862 F.2d 767, 770 (9th Cir. 1988).  "Section 1920(4) speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 927 (9th Cir. 2015) (citation omitted).  Similarly, Civil Local Rule 54-3(d)(5) permits recovery of "[t]he cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury."

#### a.      Trial Graphics and Demonstratives

Apple's requested costs for preparing trial graphics and demonstratives total $458,487.50.  ECF No. 2031-15 (Sched. B-3); ECF No. 2031-16 (Ex. B-3).  Apple asserts that this request covers only costs that Apple incurred for the actual preparation of trial graphics and demonstratives and that costs related to consultation and meetings, trial technical support, equipment rental, and miscellaneous expenses were excluded.  ECF No. 2127 at 7.  Samsung argues that Apple should not recover any of Apple's costs for preparing trial graphics and

Case No. 12-CV-00630-LHK
ORDER RE: APPLE'S AND SAMSUNG'S MOTIONS TO REVIEW THE CLERK'S TAXATION OF COSTS

United States District Court
Northern District of California

demonstratives because Apple's billing records do not distinguish between Apple's costs related to its offensive infringement case, versus Apple's costs relating to defending Samsung's infringement case.  ECF No. 2128 at 12.

Section 1920(4) provides recovery for "[f]ees for exemplification . . . necessarily obtained for use in the case."  More specifically, the Civil Local Rules permit recovery for exemplification costs spent "preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits [that are] reasonably necessary to assist the jury or the Court in understanding the issues at the trial."  Civ. L. R. 54-3(d)(5); *see also Apple I* Costs Order at *10; *aff'd* 786 F.3d 983.

In *Shum*, the district court held that Civil Local Rule 54-3(d) allows recovery for materials "to be used" at trial and does not require actual use of each item so prepared.  *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009), *aff'd*, 629 F.3d 1360 (Fed. Cir. 2010); *see also Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (per curiam) (costs of exemplification made in anticipation of trial, but not used at trial, are recoverable).  As with all costs, the burden is on the prevailing party to establish in the first instance that the specific costs requested are taxable.  *See, e.g.*, *In re Ricoh*, 661 F.3d at 1367 ("The burden is on the prevailing party to establish the amount of compensable costs and expenses to which they are entitled.").

Samsung's sole objection to Apple's trial graphics request relies on its position that Apple is not the prevailing party with respect to Samsung's counterclaims.  ECF No. 2128 at 12 ("Apple seeks these costs for its entire trial presentation, with no reduction to account for costs related to Samsung's offensive case.").  As explained in Part III.A, *supra*, the Court finds that Apple is the "one, and only one," prevailing party for purposes of a costs award.  *Shum*, 629 F.3d at 1367.  Accordingly, the Court rejects Samsung's argument related to Apple's trial graphics costs, and awards Apple the full amount requested, $458,487.50.  ECF No. 2031-3.

### b.    Copies

Apple requests $42,567.36 in copying costs incurred before and during trial.  ECF No. 2031-11 (Sched. B-1) (Morrison & Foerster costs of $36,785.86); ECF No. 2031-36 (Sched. G-1)

16

1   (WilmerHale costs of $5,781.50).  Apple claims these costs are recoverable because they related to

2   various types of trial materials.  ECF No. 2031-4 (Sabri Decl.) ¶ 20.  Samsung objects to four

3   categories of copying costs: (1) materials provided to the Court; (2) jury books; (3) witness

4   examination binders; and (4) costs of reproducing source code for use at trial.  ECF No. 2128 at 8-11.

5   The Court addresses each category in turn.

**i.   Materials Provided to the Court**

7       Apple seeks costs of $28,165.14 for materials provided to the Court.  *See* ECF Nos. 2031-

8   11, 2031-12 (Sched. B-1 and Exhibit B-1 supporting $28,165.14 in costs incurred by Morrison &

9   Foerster) (items 1-4, 16, 18, and 19).  This amount includes the costs of printing four sets of the

10  trial exhibits, copies of closing slide demonstratives provided to the Court, and expert reports

11  provided to the Court.  *See* ECF No. 2133 at 8 ("Apple's costs include four sets of each of these

12  materials (two provided to the Court and two retained by counsel).").

13      Samsung objects to Apple's costs in two respects.  ECF No. 2128 at 8-9.  First, Samsung

14  contends that Apple printed many more pages than those required by the Court.  Second, Samsung

15  argues that Apple's cost-per-page, which Samsung calculates at an average of $0.13 per page, is

16  unreasonable.  The Court agrees that Apple should not recover for pages beyond those required by

17  the Court, but does not agree that Apple's cost-per-page is unreasonable.

18      Civil Local Rule 54-3(d)(4) states that "[t]he cost of reproducing trial exhibits is allowable

19  to the extent that a Judge requires copies to be provided."  Recovery for trial exhibits has been

20  routinely permitted by courts in this district.  *See Vectren Commc'ns Servs. v. City of Alameda*,

21  No. 08-CV-3137-SI, 2014 WL 3612754, at *5-6 (N.D. Cal. July 22, 2014) ("[T]he Court finds that

22  Alameda is entitled to recover the cost of preparing trial exhibits" and may recover costs of copies

23  for the four binder sets required by the court); *CRS Recovery, Inc. v. Laxton*, No. 06-CV-7093-

24  CW, 2013 WL 140092, at *2 (N.D. Cal. Jan. 10, 2013) (awarding "the cost of preparing trial

25  exhibit binders as required under the Court's standing order").

26      As to the number of pages Apple was required to produce, Apple may only recover the

27  costs of copying demonstrative slides, expert reports, and exhibits provided per request of the

17

Case No. 12-CV-00630-LHK
ORDER RE: APPLE'S AND SAMSUNG'S MOTIONS TO REVIEW THE CLERK'S TAXATION OF COSTS

United States District Court
Northern District of California

1    Court.  "[C]opies made solely for counsel's convenience or the litigant's own use are not

2    recoverable because they are not 'necessarily' obtained for use in the case."  *Plantronics, Inc. v.*

3    *Aliph, Inc.*, No. 09-CV-01714-WHA, 2012 WL 6761576, at \*10 (N.D. Cal. Oct. 23, 2012).  Apple

4    seeks costs for the production of "four sets of each of these materials (two provided to the Court

5    and two retained by counsel)," except for closing slides and expert reports.  ECF No. 2133 at 8.

6    As to the closing slides and expert reports, Apple's billing records show that only one set of was

7    prepared for the Court.  *See* ECF No. 2031-11.  Apple may not recover for the costs of "two [sets]

8    retained by counsel."  ECF No. 2133 at 8.  Apple may only recover for materials provided to the

9    Court.

10          The total number of pages requested by the Court is calculated as follows:

11   •   Apple's Exhibits: The exhibits in Apple's case total approximately 28,206 pages.

12          *See* ECF No. 1452-4 (Apple's Pretrial Exhibit List) (including exhibits PX101

13          through PX299).  Two sets totals **56,412 pages**.

14   •   Joint Exhibits: Based on the parties' joint exhibit list (Dkt. 1455-4), and adding a

15          page for the slip sheets used in place of physical devices and source code, the joint

16          exhibits totaled approximately 4,155 pages.  *See* ECF No. 2128 at 9 (Samsung Br.).

17          Two sets totals **8,310 pages**.

18   •   Admitted Exhibits: The admitted exhibits in Apple's case totaled 17,012 pages.

19          *See* ECF No. 1866-1 (Admitted Trial Exhibits List) (exhibits PX102 through

20          PX300).  The admitted joint exhibits, including the slip sheets to designate physical

21          devices, totaled 1,893 pages.  *Id.* (JX01 through JX72).  Two sets of Apple's

22          admitted exhibits plus the admitted joint exhibits totals **37,810 pages**.

23   •   Closing Slides and Expert Reports: Apple claims costs for 598 pages of closing

24          slides plus 1,876 pages of expert reports.  *See* ECF No. 2031-11 (Sched. B-1) (item

25          18: closing slides) (item 19: expert reports); ECF No. 2013-12 (Ex. B-1) (at ECF

26          page 30: invoice for production of 2,392 pages of closing slides (4 sets) (at ECF

27          page 31: invoice for production of 1,876 pages of expert reports (1 set)).  Apple

28

United States District Court
Northern District of California

only requests costs for one set of closing slides and expert reports.  *See* ECF No. 2031-11 (items 18 and 19).  One set totals **2,474 pages**.

Accordingly, the total number of pages Apple was required to produce is:

$$56{,}412 + 8{,}310 + 37{,}810 + 2{,}474 = \textbf{105{,}006}$$

As to Apple's cost-per-page of providing the materials, Samsung objects to the rate charged for the copies, which Samsung calculates as an average $0.13 per page.  Apple was charged $0.05 per page for black and white copies and $0.16 per page for color copies.  *See* ECF No. 2031-12 at 2 (Invoice).  Samsung's sole support for this objection is that the Court, in the course of rejecting one of Samsung's objections in the *Apple I* Costs Order, noted that an average rate of $0.08 per copy for Apple's e-discovery expenses was not unreasonable.  2014 WL 4745933, at *12 n.7.  In so finding, the Court did not set a maximum reasonable rate for copies.  Furthermore, the costs in *Apple I* were incurred for a trial in 2012, whereas the costs presently at issue were incurred for a trial in 2014.  The Court finds that an average cost per page of $0.13, which encompasses both black-and-white and color copies, is reasonable.  *See Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. 03-CV-1431-SBA, 2008 WL 2020533, at *6 (N.D. Cal. May 8, 2008) (approving of $0.12 per page rate); *Affymetrix, Inc. v. Multilyte Ltd.*, No. 03-CV-03779-WHA, 2005 U.S. Dist. LEXIS 41177 at *3-4, (N.D. Cal. Aug. 26, 2005) (allowing costs for "reasonable per-page copying charge" of $0.15).

Accordingly, the Court awards Apple $13,650.78 (105,006 pages × $0.13 per page) for costs of copying materials required by the Court.  *See* Civ. L. R. 54-3(d)(4).

### ii.  Jury Books

Apple seeks costs for materials tendered to the jury in the amount of $595.25.  *See* ECF Nos. 2031-11, 2031-12 (Sched. B-1 and Ex. B-1 supporting $170.30 in costs incurred by Morrison & Foerster); ECF No. 2031-36, 2031-37 (Sched. G-1 and Ex. G-1 supporting $424.95 in jury material costs incurred by WilmerHale).[2]  Samsung's only objection is to the rate Apple paid for

---

[2] Samsung states that Apple seeks $170.30 in jury binder costs, but only includes Morrison & Foerster's costs (ECF No. 2031-11) and not WilmerHale's (ECF No. 2031-36).

Case No. 12-CV-00630-LHK
ORDER RE: APPLE'S AND SAMSUNG'S MOTIONS TO REVIEW THE CLERK'S TAXATION OF COSTS

United States District Court
Northern District of California

1   the costs of copies made for jury materials.  ECF No. 2128 at 10.  As explained above, the Court

2   did not set any maximum reasonable rate for copies in the *Apple I* Costs Order, and Samsung

3   provides no basis for finding that Apple's copying costs were unreasonable.  Accordingly, the

4   Court awards Apple $595.25 for the costs of providing jury materials.

### iii.  Witness Examination Binders

6       Apple seeks costs for materials tendered to witnesses and/or Samsung's counsel at trial in

7   the amount of $13,350.22.  *See* ECF Nos. 2031-11, 2031-12 (Sched. B-1 and Ex. B-1 supporting

8   $8,450.42 in costs incurred by Morrison & Foerster); ECF No. 2031-36, 2031-37 (Sched. G-1 and

9   Ex. G-1 supporting $4,899.79[3] in costs incurred by WilmerHale).[4]  Samsung argues that these

10  costs are not recoverable for three reasons: (1) the witness binders were tendered at trial, and

11  therefore were not a cost of discovery; (2) the witness binders were over-inclusive in that they

12  included exhibits Apple did not actually use in examining the witness; and (3) Apple seeks costs

13  related to defending against Samsung's counterclaims.  The Court does not find these arguments

14  persuasive.

15      Samsung's first argument assumes that Civil Local Rule 54-3(d)(2) applies only to copies

16  produced during discovery.  *See* ECF No. 2128 at 10.  Civil Local Rule 54-3(d)(2) allows for the

17  "cost of reproducing disclosure or formal discovery documents when used for any purpose in the

18  case."  Nothing in the language of Civil Local Rule 54-3(d)(2) limits its applicability to documents

19  produced *during* discovery.  Samsung also points to the *Apple I* Costs Order in support of its

20  argument that Apple cannot recover costs for documents produced after discovery.  ECF No. 2128

21  at 10.  In the *Apple I* Costs Order, the Court considered whether Apple's costs for "making copies

22  _____

23      [3] Apple states the total amount requested by WilmerHale is $4,899.80.  ECF No. 2127 at 6.
    However, Apple's math appears to be off by $0.01.  *See* ECF No. 2031-36 (total of items 1, 5-8,

24  and 10-12).  This is likely due to rounding related to the "adjusted tax amount."  *Id.*  Accordingly,
    Apple lists its requested costs for witness binders as $13,350.22, rather than 13,350.21.  ECF No.

25  2127 at 6.
        [4] Samsung states that "Apple claims $13,349.81 in costs for printing yet more trial exhibits

26  in the form of 'witness examination binder[s]'" and supports that amount by citing $8,450.02 in
    Morrison & Foerster costs plus $4,899.79 in WilmerHale costs.  ECF No. 2128 at 10.  Samsung's

27  $13,349.81 number appears to be an addition error.

28                                                    20

United States District Court
Northern District of California

1    for purposes of disclosure and other formal discovery processes" were recoverable.  2014 WL

2    4745933, at *8-9.  Pursuant to Civil Local Rule 54-3(d)(2), the Court required a showing that

3    copies "were prepared for discovery purposes or tendered to opposing counsel," as opposed to

4    "created for counsel's convenience or to prepare Apple's own witnesses for deposition" for costs

5    to be recoverable.  *Id.*  The Court did not limit Civil Local Rule 54-3(d)(2) to copies produced

6    during discovery.  *Id.*

7            In addition, Apple may rely on 28 U.S.C. § 1920(4) and Civil Local Rule 54-3(d)(5).

8    Neither 28 U.S.C. § 1920(4) nor Civil Local Rule 54-3(d)(5) are limited to documents produced

9    during discovery.  Instead, § 1920(4) provides that the "costs of making copies of any materials"

10   are recoverable "where the copies are necessarily obtained for use in the case."  Similarly, Civil

11   Local Rule 54-3(d)(5) provides for "[t]he cost of preparing charts, diagrams, videotapes and other

12   visual aids to be used as exhibits."  Finally, the Court notes that other courts in this district have

13   allowed recovery of costs associated with creating witness binders.  *See, e.g.*, *Am. Color Graphics,*

14   *Inc. v. Travelers Prop. Cas. Ins. Co.*, No. 04–CV–03518-SBA, 2007 WL 832935, at *5 (N.D. Cal.

15   Mar. 19, 2007) (allowing recovery of costs associated with trial exhibits and necessary witness

16   binders); *Emblaze Ltd. v. Apple Inc.*, No. 11-CV-01079-PSG, 2015 WL 1304779, at *6 (N.D. Cal.

17   Mar. 20, 2015) (allowing "recovery for blowbacks created for trial").  Accordingly, Apple may

18   recover the costs of producing the witness binders containing exhibits, as those binders were

19   "necessarily obtained for use in the case."  28 U.S.C. § 1920(4).

20           Second, Apple may recover the full amount for the witness binders, and is not limited to

21   recovering only for exhibits actually used.  Again, 28 U.S.C. § 1920(4) allows the recovery of

22   copying costs "where the copies are necessarily obtained for use in the case."  There is no

23   requirement "that the copies actually be used in the case or made a part of the record."  *In re*

24   *Ricoh*, 661 F.3d at 1367; *see also Apple I* Costs Order *8 (Civil Local Rule 54-3(d)(5) "allows

25   recovery for materials 'to be used' at trial and does not require actual use of each item so

26   prepared").

27           Third, Apple may recover costs related to defending against Samsung's counterclaims, as

Case No. 12-CV-00630-LHK
ORDER RE: APPLE'S AND SAMSUNG'S MOTIONS TO REVIEW THE CLERK'S TAXATION OF COSTS

United States District Court
Northern District of California

1    Apple is the only prevailing party for purposes of a costs award.  *Shum*, 629 F.3d at 1367.

2          Accordingly, the Court awards Apple $13,350.21 in costs for preparing witness binders.

3                        **iv.  Reproducing Source Code**

4          Apple seeks $456.75 in costs WilmerHale incurred printing Apple's source code for use in

5    Samsung's offensive case at trial.  ECF No. 2031-36.  Samsung objects to Apple's recovery of

6    these costs as "related to Samsung's offensive case."  ECF No. 2128 at 11.  Samsung's argument

7    again relies on its position that Apple is not the prevailing party with respect to Samsung's

8    counterclaims.  *See id.* at 6 ("Apple was not the prevailing party in its defensive case and cannot

9    recover costs associated with it, including those described here.").  As explained in Part III.A,

10   *supra*, the Court finds that Apple is the "one, and only one," prevailing party for purposes of a

11   costs award.  *Shum*, 629 F.3d at 1367.  Accordingly, the Court rejects Samsung's argument related

12   to Apple's source code costs, and awards Apple the full amount requested, $456.75.  ECF No.

13   2031-36.

14                              **c.     Devices**

15         Apple seeks $10,535.62 for the purchase price of devices used as trial exhibits.  ECF No.

16   2031-13 (Sched. B-2) (Morrison & Foerster seeking $345.23); ECF No. 2060-2 (Am. Sched. D-1)

17   (Gibson Dunn seeking $10,190.39).

18         Section 1920(4), which provides that "[f]ees for exemplification" are taxable, has been

19   interpreted to cover all types of demonstrative evidence, *see Maxwell*, 862 F.2d at 770, while Civil

20   Local Rule 54-3(d)(3) provides that "[t]he cost of preparing . . . visual aids to be used as exhibits

21   is allowable if such exhibits are reasonably necessary to assist the jury or the Court in

22   understanding the issues at the trial."  The costs for devices used at trial are recoverable "under

23   either § 1920(4) or Civil Local Rule 54-3(d)(3)."  *Apple I* Costs Order at *9.

24         Samsung objects to the recovery of "$806.86 in shipping and handling costs, including

25   express shipping, as well as tax."  ECF No. 2128 at 11.  Apple argues that because the devices

26   were used as demonstratives at trial, Apple can recover all costs associated with purchasing the

27   devices.  ECF No. 2133 at 11.

28

United States District Court
Northern District of California

22

The Court agrees with Samsung that Apple cannot recover express shipping costs absent submission of some evidence showing that expedited shipping was necessary. *See* Civ. L. R. 54-1(a) (costs must be "necessarily incurred"). However, the Court will allow Apple to recover taxes and regular shipping and handling fees. Taxes and regular shipping and handling fees are typical costs when purchasing physical devices. As such, Apple may recover taxes and regular shipping and handling fees as they are necessary "cost[s] of preparing . . . visual aids to be used as exhibits." Civ. L. R. 54-3(d)(5).

The Court's analysis is consistent with the reasoning provided in other cases evaluating whether certain deposition transcript costs are recoverable. As discussed at length in the *Apple I* Costs Order, courts typically allow recovery of regular deposition transcript costs, and not expedited transcripts. 2014 WL 4745933, at *6. The rationale for this general rule is that expedited transcripts are not "necessary," as required by 28 U.S.C. § 1920. *See, e.g.*, *Plantronics*, 2012 WL 6761576, at *6 (denying recovery of unnecessary expedited transcripts); *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. 08-CV-4575-SI, 2012 WL 177566, at *3 (N.D. Cal. Jan. 23, 2012) (denying recovery of "extra" costs related to deposition transcripts). Similarly, here, the Court denies expedited shipping costs as unnecessary, but allows recovery of taxes and standard shipping as necessary "cost[s] of preparing . . . visual aids to be used as exhibits." Civ. L. R. 54-3(d)(5).

Having reviewed the documentation provided by Apple in support of its recovery for the costs of obtaining devices for use at trial, the only amount specifically identified as expedited shipping is $18.99 in connection with the purchase of a Samsung Galaxy SIII 4G. *See* ECF No. 2031-14 (Ex. B-2) at 2 ("Express Shipping: $18.99"). None of Apple's other documentation shows "express," "expedited," or other special shipping and handling fees. *See* ECF Nos. 2031-14 (Ex. B-2); 2031-27 (Ex. D-1). Accordingly, the Court reduces Apple's request of $10,535.62 by $18.99 to $10,516.63.

### d.    e-Discovery

Pursuant to 28 U.S.C § 1920, Rule 54 of the Federal Rules of Civil Procedure, and Civil

23

United States District Court
Northern District of California

Local Rule 54-3, Apple requested (i) $133,765 for costs specifically attributable to uploading source code made available to Samsung, and (ii) $31,325.83 for costs specifically attributable to file processing and uploading costs related to the production of documents produced to Samsung (determined as a percentage of uploaded documents produced to Samsung). ECF Nos. 2031-38; 2060-9; 2031-42; 2031-28. Samsung objects to the entire amount requested for source code productions and to $26,185.00 of Apple's document production costs. ECF No. 2128 at 13.

Samsung's argument again relies on its position that Apple is not the prevailing party with respect to Samsung's counterclaims. *See id.* at 13 (arguing that costs are not recoverable because they "are claimed by the WilmerHale firm, which did its work in Samsung's offensive case."). As explained in Part III.A, *supra*, the Court finds that Apple is the "one, and only one," prevailing party for purposes of a costs award. *Shum*, 629 F.3d at 1367. Accordingly, the Court rejects Samsung's argument related to Apple's e-discovery costs, and awards Apple the full amount requested, $165,090.83. ECF No. 2062.

### 3.    Deposition Interpreters

Apple seeks $26,437.46 in relation to deposition interpreters. ECF No. 2125. 28 U.S.C. § 1920(6) permits recovery for "[c]ompensation of interpreters." Samsung makes two categories of objections: (1) certain interpreters were only required for defending against Samsung's counterclaims; (2) Apple seeks to recover "impermissible surcharges for late cancellation and 'exotic interpreting services.'" ECF No. 2128 at 14.

Samsung objects to the award of $17,437.46 incurred by WilmerHale in defending against Samsung's offensive infringement case. *Id.* (objecting to the WilmerHale interpreter costs). As explained in Part III.A, *supra*, the Court finds that Apple is the "one, and only one," prevailing party for purposes of a costs award. *Shum*, 629 F.3d at 1367. Accordingly, the Court rejects this argument.

Samsung next objects to "surcharges" for "exotic interpreting services" associated with the WilmerHale interpreter, and for what Samsung deems an excessive rate charged by Gibson Dunn's interpreter. ECF No. 2128 at 14 (citing Gibson Dunn's interpreter's rate of $2,000 to

24

$3,000 per day, versus $1,800 per day for other interpreters); ECF No. 2060-11 (Am. Sched. H-1) (WilmerHale interpreter costs); ECF No. 2031-29 (Sched. E-1) (Gibson Dunn interpreter costs).

The Court finds that Apple has met its burden of providing appropriate documentation to support the assertion that the charges for "exotic interpreting services" are taxable. *See* ECF No. 2031-45 (Invoices for interpreters). There is no dispute that the depositions were reasonably obtained, or that the interpreters were necessary. *See In re Ricoh*, 661 F.3d at 1369. Samsung acknowledges that the "surcharges" apply to "Korean-speaking witnesses but not German and French-speaking witnesses." *Id.* Thus, the charges do not appear to be "surcharges" but rather represent the regular rate charged by the Korean-speaking interpreters. *See* ECF No. 2031-45 (Invoices for interpreters) (referring to "Exotic Interpreting Service" rates).

Furthermore, the rates charged by the various interpreters are consistent and not unreasonable. Gibson Dunn's interpreters charged a $2,000 or $3,000 daily minimum, while Wilmer Hale's interpreters charged between $1,800 and $3,850 per deposition. *See* ECF No. 2060-11 (Am. Sched. H-1) (WilmerHale interpreter costs); ECF No. 2031-29 (Sched. E-1) (Gibson Dunn interpreter costs). Thus, Apple's documents show that there was a range of costs for different depositions, and none of the costs stands out as unreasonable.

Accordingly, the Court awards Apple $26,437.46 in costs for deposition interpreters.

## IV.   CONCLUSION

For the reasons discussed above, Apple's Motion for Review of Samsung's Costs is GRANTED. Samsung's Motion for Review of Samsung's Costs is DENIED. Samsung shall not recover any costs.

Apple's Motion for Review of Apple's Costs is GRANTED in part and DENIED in part. Samsung's Motion for Review of Apple's Costs is GRANTED in part and DENIED in part.

Case No. 12-CV-00630-LHK
ORDER RE: APPLE'S AND SAMSUNG'S MOTIONS TO REVIEW THE CLERK'S TAXATION OF COSTS

United States District Court
Northern District of California

United States District Court
Northern District of California

| Costs for Printed or Electronically Recorded Transcripts | Total Costs Requested by Apple | Total Costs Awarded by the Court |
|---|---|---|
| **Subtotals** | **$435,723.36** | **$422,054.34** |
| | | |
| Costs for Exemplifications and Making Copies | Total Costs Requested by Apple | Total Costs Awarded by the Court |
| Trial Graphics and Demonstratives | $458,487.50 | $458,487.50 |
| Copies: Materials Provided to the Court | $28,165.14 | $13,650.78 |
| Copies: Jury Books | $595.25 | $595.25 |
| Copies: Witness Examination Binders | $13,350.22 | $13,350.21 |
| Copies: Source Code | $456.75 | $456.75 |
| Devices | $10,535.62 | $10,516.63 |
| e-Discovery | $165,090.83 | $165,090.83 |
| **Subtotals** | **$676,681.31** | **$662,147.95** |
| | | |
| Compensation for Interpreters | Total Costs Requested by Apple | Total Costs Awarded by the Court |
| **Subtotals** | **$26,437.46** | **$26,437.46** |
| | | |
| **Total Costs** | **$1,138,842.12** | **$1,110,639.75** |

**IT IS SO ORDERED.**

Dated: August 20, 2015

_____

LUCY H. KOH
United States District Judge

26