WILMERHALE

January 5, 2016

**Mark D. Selwyn**

+1 650 858 6031 (t)
+1 650 858 6100 (f)
mark.selwyn@wilmerhale.com

The Honorable Lucy H. Koh
United States District Court, Northern District of California
280 South 1st Street, Courtroom 8, 4th Floor
San Jose, California  95113

Re:  *Apple Inc. v. Samsung Electronics Co., Ltd. et al.*
      No. 5:12-cv-00630-LHK

Dear Judge Koh:

On appeal, the Federal Circuit determined that all four *eBay* factors weigh in favor of granting Apple a permanent injunction against Samsung's further infringement of the '647, '721, and '172 patents.  *See Apple Inc. v. Samsung Elecs. Co.*, --- F.3d ---, No. 14-1802, 2015 WL 9014387 (Fed. Cir. Dec. 16, 2015).  The Federal Circuit held that Samsung's infringement should be enjoined, and remanded for further proceedings consistent with its opinion.  *Id.* at *11.  On December 16, 2015, the Federal Circuit denied Samsung's petition for rehearing en banc.  On December 28, 2015, the Federal Circuit denied Samsung's motion to stay issuance of the mandate.  The Federal Circuit mandate issued on December 28, 2015, and was listed on this Court's docket today.  To assist the Court in carrying out the mandate, Apple hereby submits a proposed form of permanent injunction, attached as Attachment A.

The attached form of injunction is the same as Apple previously proposed to the Court, with one modification.  The proposed form of injunction no longer contains the 30-day stay of enforcement because Samsung has had ample time to remove the infringing features.  The jury found that Samsung infringed the '647, '721, and '172 patents in May 2014.  The Federal Circuit ruled that an injunction should have issued in a panel decision dated September 17, 2015, and confirmed that ruling again in a modified opinion dated December 16, 2015.  Samsung has previously represented to this Court that it already has alternatives to the features found to infringe the '721 and '172 patents and that it would take "on the order of a day" to remove the feature found to infringe the '647 patent.  (Dkt. 1953 at 36-37.)  Samsung has therefore had ample time, according to its own representations, to remove the infringing features from its products.

Accordingly, Apple requests that the Court enter the injunction attached as Attachment A to preclude Samsung from any continuing use of the features found to infringe Apple's '647, '721, and '172 patents or features not more than colorably different therefrom.  Because the '647

WILMERHALE

The Honorable Lucy H. Koh
January 5, 2016
Page 2

patent is set to expire on February 1, 2016, Apple respectfully urges the Court to issue the injunction as promptly as possible.

Respectfully submitted,

Mark D. Selwyn

Attachment