**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 12-cv-00630-LHK (PSG) |
| Plaintiff, | **[PROPOSED] PERMANENT INJUNCTION** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

[PROPOSED] ORDER
Case No. 12-cv-00630-LHK

Before the Court is Plaintiff Apple Inc.'s ("Apple") request for a Permanent Injunction against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, Inc. (collectively, "Samsung").

WHEREAS, Samsung has infringed U.S. Patent No. 5,946,647 ("the '647 patent"), U.S. Patent No. 8,046,721 ("the '721 patent"), and U.S. Patent No. 8,074,172 ("the '172 patent") (collectively, "The Apple Infringed Patents") based on the following features (collectively, the "Infringing Features"):

(1) for the '647 patent, the data detection/linking feature accused at trial as implemented in Samsung's Admire, Galaxy Nexus, Galaxy Note, Galaxy Note II, Galaxy S II, Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, Galaxy S III, and Stratosphere products;

(2) for the '721 patent, the slide-to-unlock feature accused at trial as implemented in Samsung's Admire, Galaxy Nexus, and Stratosphere products; and

(3) for the '172 patent, the autocorrect feature accused at trial as implemented in Samsung's Admire, Galaxy Nexus, Galaxy Note, Galaxy S II, Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, and Stratosphere products;

WHEREAS, the United States Court of Appeals for the Federal Circuit has determined that Apple is irreparably harmed by Samsung's infringing use of the patented features, that monetary damages cannot adequately compensate Apple for the resulting irreparable harm, that the balance of equities and public interest favor entry of a permanent injunction, and that a permanent injunction should issue, *see Apple Inc. v. Samsung Elecs. Co.*, --- F.3d ---, No. 14-1802, 2015 WL 9014387, at *11 (Fed. Cir. Dec. 16, 2015);

NOW THEREFORE, having considered the entire record in this action, the verdict of the jury, relevant orders of the Court, the papers submitted by the parties, and the decision from the Federal Circuit, and good cause having been shown,

IT IS ORDERED that Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, Inc., and any of their officers, directors, agents,

servants, employees, attorneys, subsidiaries, and those persons acting in concert or participation with any of them who receive actual notice hereof, are hereby restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65(d), from infringing, contributing to the infringement of, or inducing the infringement of the '647 patent, '721 patent, and/or '172 patent, by:

(1) making, using, selling, and/or offering to sell in the United States, or importing into the United States, software or code capable of implementing any Infringing Feature, and/or any feature not more than colorably different therefrom; and/or

(2) developing, designing, testing, demonstrating, implementing, writing, modifying, updating, or manufacturing in the United States any software or code capable of implementing any Infringing Feature, and/or any feature not more than colorably different therefrom, except for purposes of designing around The Apple Infringed Patents; and/or

(3) advertising, marketing, demonstrating, or otherwise promoting in the United States any Infringing Feature, and/or any feature not more than colorably different therefrom; and/or

(4) directly or indirectly requesting, assisting, or encouraging any third party to perform any of the acts listed in the immediately preceding Paragraphs (1)-(3);

This Court specifically retains jurisdiction to enforce, modify, extend, or terminate this Permanent Injunction as the equities may require upon a proper showing, and to adopt procedures for resolution of any dispute as to whether a feature not specifically found to infringe is more than colorably different from an Infringing Feature.

**IT IS SO ORDERED.**

Dated: _____

HONORABLE LUCY H. KOH
United States District Judge

[PROPOSED] ORDER
Case No. 12-cv-00630-LHK

2