QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

CASE NO. 12-cv-00630-LHK (PSG)

**SAMSUNG'S OBJECTIONS TO APPLE'S IMPROPER REQUEST FOR AN ORDER**

Apple has submitted a procedurally improper letter to the Court (Dkt. 2155) asking it to enter a permanent injunction order that would violate the Rules, the mandate of the Federal Circuit, and governing precedent. Samsung objects to this improper submission on procedural grounds, but in order to protect against the possibility that the Court might entertain Apple's submission, also respectfully sets forth the reasons why the permanent injunction Apple requests would be improper:

Apple's letter violates the Local Rules, which do not permit letters such as Apple's to the Court, and to the contrary specify that "[a]ny written request to the Court for an order must be presented by" noticed motion, ex parte application (where appropriate), or other means that Apple has not employed. Civ. L.R. 7-1(a)(1). Samsung is entitled under Local Rule 7-2 to be heard on a properly noticed briefing schedule. The well-recognized requirement that submission of proposed orders must be *on notice* is to allow adverse parties time to respond and object. This Court also requires that in addition to a proper notice of motion, Apple must first obtain a hearing date from the Courtroom Deputy. *See* http://www.cand.uscourts.gov/CEO/cfd.aspx?7142#Notes. Apple has done none of this.

Moreover, nothing in the mandate rule remotely warrants Apple's improper request. The Federal Circuit's decision nowhere orders, or directs this Court to enter, an immediate permanent injunction. And the Federal Circuit did not reverse this Court's opinion. The Court instead stated: "We *vacate* the district court's order denying Apple's proposed injunction *and remand for further proceedings* consistent with this opinion." *Apple Inc. v. Samsung Elecs. Co.*, --- F.3d ---, No. 14-1802, 2015 WL 9014387, at *11 (Fed. Cir. Dec. 16, 2015) (emphases added). Under this decision, Samsung is entitled to those "further proceedings" – following proper notice by Apple and appropriate briefing – before this Court issues a decision. Apple's letter defies that basic right. For either or both these reasons, the Court should strike Apple's letter.

If the Court entertains Apple's improper submission, it should reject the proposed injunction. Apple proposes to alter the proposed injunction that this Court and the Federal Circuit previously considered. (Dkt. 2155 at 1.) In particular, before this Court, Apple stated repeatedly that there would be a 30-day sunset provision. (Dkt. 1898 at 1, 2, 4, 19.) Before the

Federal Circuit, Apple also stated repeatedly that there would be a 30-day sunset provision. *Apple Inc. v. Samsung Elecs. Co.*, No. 14-1802 (Fed. Cir.), Dkt. 33 at 4, 20, 26, 30, 63-64. As recently as two weeks ago, in opposition to Samsung's motion to stay the mandate, Apple again noted that there would be a 30-day sunset provision. *Id.*, Dkt. 156 at 1. Now, Apple attempts to remove the 30-day sunset provision, which Apple relied on as a basis for obtaining an injunction in the first instance, and the Federal Circuit cited to and relied upon for half of the *eBay* factors in granting a remand. *Apple*, 2015 WL 9014387 at *9 (agreeing that "the balance of hardships weighs in [Apple's] favor" in part because the injunction "contains a 30-day 'sunset provision'"); *id.* at *10-11 (agreeing with the trial court's assessment that the public interest factor was satisfied, "particularly where, as here, the patentee's proposed injunction is narrow in scope and includes a sunset provision limiting the impact of the injunction on consumers").

The proposed deletion of the sunset period presents a prototypical case for judicial estoppel: Apple's new position is "clearly inconsistent with its earlier position," Apple "succeeded in persuading a court to accept [its] earlier position," and Apple would "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (internal quotation marks omitted). Thus, Apple is judicially estopped from seeking an injunction that does not include a 30-day sunset period and Samsung is entitled to a briefing schedule to further explain the estoppel issue to this Court.

Further, as Apple admits (Dkt. 2155 at 2), the '647 patent expires February 1, 2016, but Apple's purported urgency based on that fact is misguided. Only hours before Apple submitted its improper letter, the Federal Circuit heard oral argument on the appeal of the merits in this case, and cast serious doubt on whether it would uphold the judgment of infringement as to the '647 patent and validity as to the '721 and '172 patents. *See* Scott Graham, *Federal Circuit Casts Doubt on Apple-Samsung Verdict*, The Recorder, Jan. 5, 2016, http://www.therecorder.com/id=1202746349013/Federal-Circuit-Casts-Doubt-on-AppleSamsung-Verdict?slreturn=20160006124044; *see also* Oral Argument in *Apple Inc. v. Samsung Elecs. Co.*, No. 15-1171 (Fed. Cir. Jan. 5, 2016), *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2015-

1171.mp3. This Court should not enter any injunction before the Federal Circuit has the opportunity to rule on these merits issues.

Moreover, while the Federal Circuit's decision relied on the possible case for an injunction based on the combination of the three Apple patents, *see Apple*, 2015 WL 9014387 at *6 ("The record here establishes that these features do influence consumers' perceptions of and desire for these products."); *id.* at *8 ("Apple loses sales because Samsung products contain Apple's patented features."), the '647 patent expires on February 1, 2016, less than 30 days from now. Accordingly, this Court should reevaluate the case for any permanent injunction based on any remaining infringed patents in the case after the '647 patent is removed. At a minimum, the removal of the '647 patent materially changes the evaluation of the evidence for the causal nexus, undermining Apple's argument that even "some connection" exists between the patents and consumer demand. The '647 patent accounted for the vast majority of the damages (approximately $100M out of $120M) and thus its removal from the case should be considered in any weighing of the relationship between the patents (now reduced) and consumer demand. Samsung is entitled to present these arguments in full to the Court in response to a properly noticed motion and to demonstrate why Apple is not entitled to an injunction under these new factual circumstances that were not before the Court or the Federal Circuit previously.

Therefore, at a minimum, Apple's new proposed injunction – offered for the first time on this remand and never considered by the Federal Circuit – fails to satisfy governing equitable standards and is barred by applicable estoppel and preclusion doctrines.

Moreover, if any injunction were to issue, this Court would need to consider the language of the injunction, which is deficient in numerous respects (that Samsung will explain in full briefing). For instance, the proposed injunction is overbroad because it is not limited to the claims at issue. Apple's proposed injunction refers to the entire patents without regard to the fact that Apple asserted only a single claim from each patent at trial. Apple's proposed injunction therefore fails to comply with the principle that "a trial court, upon a finding of infringement, must narrowly tailor an injunction to fit the specific adjudged violations." *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1311 (Fed. Cir. 2002). Indeed, this Court never had jurisdiction over

unasserted claims, *see Streck, Inc. v. Research & Diagnostic Systems, Inc.*, 665 F.3d 1269, 1284 (Fed. Cir. 2012), nor did Samsung have the opportunity to challenge them.

The proposed injunction is also overbroad because it could be read to affect carriers and consumers and to limit repairs. This Court previously accepted Apple's concessions on these issues. *See* Dkt. 1953 at 39 ("Samsung argues that Apple's proposed injunction would disrupt Samsung's contractual relationship with carriers and consumers. Opp'n at 19. However, Apple represents that its proposed injunction would not apply to end users or others not acting in concert with Samsung."); *id.* ("Apple represents that the proposed injunction does not enjoin repairs for products already included in the jury's damages award, and that Apple would be 'willing to make clear that the injunction does not preclude Samsung from performing repairs on those devices.' Reply at 15. Based on these representations, Samsung's objection appears moot."). However, these concessions should be made explicit in any injunction that might issue because otherwise it will create significant confusion for third parties. *See, e.g.*, *K-TEC v. Vita-Mix*, 765 F. Supp. 2d 1304, 1319 (D. Utah 2011) (rejecting language of proposed injunction because it did not make clear that repairs were allowed).

Because Apple's submission violates the Rules, the Federal Circuit's mandate and substantive law, it should be stricken by the Court. Alternatively, Samsung respectfully requests at a minimum that the Court grant a reasonable amount of time for Samsung to fully brief all of its objections to the substance and form of the proposed injunction attached to Apple's improper correspondence.

Respectfully submitted,

DATED: January 6, 2016

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *_/s/ Victoria F. Maroulis_*

Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael L. Fazio

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC