UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>            Defendants. | Case No. 12-CV-00630-LHK<br><br>**ORDER ENTERING PERMANENT INJUNCTION** |

     Apple, Inc. ("Apple") owns U.S. Patent Nos. 5,946,647 (the "'647 patent"); 8,046,721 (the "'721 patent"); and 8,074,172 (the "'172 patent"), which each cover features that Apple contends are related to the ease of using smartphones. Apple asserted these three patents and two others against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). On summary judgment, the Court found that Samsung infringed the '172 patent. A jury then found that Samsung also infringed the '647 and '721 patents, and awarded damages for all infringed patents. Apple moved, based only on these three patents, to enjoin Samsung from making, selling, developing, or advertising infringing features in its products. *See* ECF No. 1895-4 ("Proposed Order").

     A patentee seeking a permanent injunction must make a four-part showing:

1

Case No. 12-CV-00630-LHK
ORDER ENTERING PERMANENT INJUNCTION

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The Court found that the first and second *eBay* factors weighed against entry of a permanent injunction but that the third and fourth *eBay* factors weighed in favor of entry of a permanent injunction. ECF No. 1953. Weighing all of the *eBay* factors, the Court denied Apple's motion for a permanent injunction. *Id.*

On appeal, the Federal Circuit held that all of the *eBay* factors weighed in favor of a permanent injunction. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, --- F.3d ----, 2015 WL 9014387, at *11 (Fed. Cir. 2015). The Federal Circuit vacated this Court's denial of a permanent injunction and remanded for further proceedings. *Id.* Samsung sought en banc review, which the Federal Circuit denied on December 16, 2015. This Court received the Federal Circuit's mandate on December 29, 2015. ECF No. 2154.

As the Federal Circuit has held that all four *eBay* factors weigh in favor of entry of a permanent injunction, this Court finds that entry of a permanent injunction is appropriate. On January 5, 2016, Apple submitted a letter requesting that the Court enter a new proposed permanent injunction that differs from the original proposed permanent injunction litigated in this Court and appealed to the Federal Circuit. ECF No. 2155. Specifically, Apple's new proposed permanent injunction would exclude the 30-day "sunset provision" contained in Apple's original proposed permanent injunction. *Compare* ECF No. 2155-1, *with* ECF No. 1895-2. Samsung has submitted a response objecting to Apple's letter. ECF No. 2156.

Apple's motion for a permanent injunction contained solely the original proposed permanent injunction. Apple never argued for the new proposed permanent injunction before Apple's January 5, 2016 letter. Similarly, Apple never argued for the new proposed permanent injunction before the Federal Circuit. To the contrary, the Federal Circuit's analysis of the third

and fourth *eBay* factors explicitly cited Apple's inclusion of the "sunset provision" in the original proposed permanent injunction. *See Apple Inc.*, 2015 WL 9014387, at *9-10. The Court will not permit Apple on remand to alter the language of the permanent injunction that has been approved by the Federal Circuit.

Therefore, the Court GRANTS Apple's motion for a permanent injunction, ECF No. 1895. The terms of the injunction are filed separately.

**IT IS SO ORDERED.**

Dated: January 18, 2016

_____
LUCY H. KOH
United States District Judge

3
Case No. 12-CV-00630-LHK
ORDER ENTERING PERMANENT INJUNCTION