1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 12-cv-00630-LHK (PSG) |
| Plaintiff, | **[PROPOSED] ORDER GRANTING APPLE INC.'S MOTION FOR A PERMANENT INJUNCTION** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Before the Court is the Motion for a Permanent Injunction brought by Plaintiff Apple Inc. ("Apple") against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, Inc. (collectively, "Samsung").

WHEREAS Samsung has infringed U.S. Patent No. 5,946,647 ("the '647 patent"), U.S. Patent No. 8,046,721 ("the '721 patent"), and U.S. Patent No. 8,074,172 ("the '172 patent") (collectively, "The Apple Infringed Patents") based on the following features (collectively, the "Infringing Features"):

(1) for the '647 patent, the data detection/linking feature accused at trial as implemented in Samsung's Admire, Galaxy Nexus, Galaxy Note, Galaxy Note II, Galaxy S II, Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, Galaxy S III, and Stratosphere products;

(2) for the '721 patent, the slide-to-unlock feature accused at trial as implemented in Samsung's Admire, Galaxy Nexus, and Stratosphere products; and

(3) for the '172 patent, the autocorrect feature accused at trial as implemented in Samsung's Admire, Galaxy Nexus, Galaxy Note, Galaxy S II, Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, and Stratosphere products;

WHEREAS, the Court finds that Apple will suffer irreparable harm if Samsung continues its use of the Infringing Features, that monetary damages cannot adequately compensate Apple for this resulting irreparable harm, and that the balance of equities and public interest favor entry of a permanent injunction;

NOW THEREFORE, having considered the entire record in this action, the verdict of the jury, relevant orders of the Court, and the papers submitted by the parties, and good cause having been shown,

IT IS ORDERED that Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, Inc., and any of their officers, directors, agents, servants, employees, attorneys, subsidiaries, and those persons acting in concert or participation with any of them who receive actual notice hereof, are hereby restrained and enjoined, pursuant to

35 U.S.C. § 283 and Fed. R. Civ. P. 65(d), from infringing, contributing to the infringement of, or inducing the infringement of the '647 patent, '721 patent, and/or '172 patent, by:

(1) making, using, selling, and/or offering to sell in the United States, or importing into the United States, software or code capable of implementing any Infringing Feature, and/or any feature not more than colorably different therefrom; and/or

(2) developing, designing, testing, demonstrating, implementing, writing, modifying, updating, or manufacturing in the United States any software or code capable of implementing any Infringing Feature, and/or any feature not more than colorably different therefrom, except for purposes of designing around The Apple Infringed Patents; and/or

(3) advertising, marketing, demonstrating, or otherwise promoting in the United States any Infringing Feature, and/or any feature not more than colorably different therefrom; and/or

(4) directly or indirectly requesting, assisting, or encouraging any third party to perform any of the acts listed in the immediately preceding Paragraphs (1)-(3);

PROVIDED, HOWEVER, that the enforcement of this Permanent Injunction shall be stayed until thirty (30) days after entry of this Order.

This Court specifically retains jurisdiction to enforce, modify, extend, or terminate this Permanent Injunction as the equities may require upon a proper showing, and to adopt procedures for resolution of any dispute as to whether a feature not specifically found to infringe is more than colorably different from an Infringing Feature.

**IT IS SO ORDERED.**

Dated: January 18, 2016

*Lucy H. Koh*
HONORABLE LUCY H. KOH
United States District Judge