QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
|---|---|
| Plaintiff, | **DECLARATION OF CARL G. ANDERSON IN SUPPORT OF SAMSUNG'S BILL OF APPELLATE COSTS** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **PUBLIC REDACTED VERSION** |
| Defendants. | |

Case No. 12-CV-00630-LHK (PSG)
ANDERSON DECLARATION IN SUPPORT OF SAMSUNG'S BILL OF APPELLATE COSTS

I, Carl G. Anderson, declare:

1. I am a member of the State Bar of California, admitted to practice before this Court, and a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung").[1] I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. Quinn Emanuel represented Samsung in this action, preparing the case, conducting the trial, and then handling appeals to the U.S. Court of Appeals for the Federal Circuit. This declaration addresses costs incurred by Samsung in connection with two of its appeals.[2]

3. This Bill of Appellate Costs and the supporting documentation are submitted pursuant to Federal Rule of Appellate Procedure 39(e), which states that certain "costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule."

4. On November 25, 2014, the Court entered judgment against Samsung and in favor of Apple in the amount of $119,625,000. (ECF 2076.) That same day, Samsung noticed an appeal (ECF 2077), which the Federal Circuit assigned case number 15-1171. On August 20, 2015, the Court awarded Apple $1,110,639.75 in district court costs. (ECF 2144 at 26.) On September 1, 2015, Samsung noticed an appeal from the order on costs. (ECF 2145.) This appeal was assigned case number 15-1994 and consolidated with Samsung's appeal from the judgment. (15-1994 Appeal ECF 25).

---

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

[2] The accompanying bill seeks *appellate* costs under Federal Rule of Appellate Procedure 39(e) and Local Rule 54-3(g), which the Federal Circuit has ordered taxable against Apple and in favor of Samsung. (ECF 2159 at 46 ("Costs to Samsung.").) Samsung files this bill now, prior to the issuance of the Federal Circuit's mandate, in an abundance of caution given the filing deadlines in Local Rule 54. The accompanying bill does not address the separate issue of *district court* costs awardable to prevailing parties under Fed. R. Civ. P. 54(d)(1) and Local Rule 54. Samsung reserves the right to seek such district court costs after the Federal Circuit's mandate issues and a new judgment is entered.

5. On February 26, 2016, the Federal Circuit issued an opinion and judgment in the consolidated appeals that reversed this Court's judgment on Apple's patent-infringement claims. The Federal Circuit held that Samsung did not infringe Apple's '647 patent and that the claims in the '721 and '172 patents asserted by Apple are invalid. (ECF 2159 at 6-35.) The Federal Circuit also affirmed the findings that Samsung did not infringe Apple's '959 and '414 patents, that Apple infringed Samsung's '449 patent, and that Apple did not infringe Samsung's '239 patent. (ECF 2159 at 3, 35-45.) Finally, the Federal Circuit awarded "[c]osts to Samsung." (ECF 2159 at 46.) Accordingly, Samsung is entitled to recover certain of its appellate costs in the district court under Fed. R. App. P. 39(e).

6. I have reviewed Samsung's Bill of Appellate Costs and the exhibits attached to this declaration. Based on my personal involvement with this action, as confirmed by my consultation with other Quinn Emanuel attorneys for Samsung, the costs included in Samsung's Bill of Appellate Costs are reasonable, correctly stated, and were necessarily incurred as part of Samsung's appeals. In addition, the services for which fees have been charged were actually and necessarily performed.

**A.    Trial Transcripts**

7. Samsung seeks costs of $12,216.25 for obtaining reporter's transcripts of the full trial proceedings, which were needed on appeal.

8. A party prevailing on appeal is entitled to recover in the district court the costs of "the reporter's transcript, if needed to determine the appeal." Fed. R. App. P. 39(e)(2); *see also* 28 U.S.C. § 1920(2) (allowing recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."); Civil L.R. 54-3(b)(1) ("The cost of transcripts necessarily obtained for an appeal is allowable.").

9. Samsung is seeking to recover only the cost of one copy of the full original transcript at the normal hourly rate charged by the United States Court Reporter. See Exhibit A (Invoice Nos. 00002106 and 20051804). Samsung is not seeking costs for expedited processing, additional copies, or Realtime, which are also included on the attached invoices.

10. All of the trial transcripts were necessarily obtained for the appeal in this case. Among other things, Samsung argued that it was entitled to judgment as a matter of law because Apple failed to present sufficient evidence to establish infringement of Apple's '647 patent. Moreover, the Federal Circuit's opinion cited to the trial transcript in several places. *See* ECF 2159, at 11-12 (citing trial transcript of expert testimony); *id.* at 12 n.6 (citing deposition of '647 patent inventor testimony referenced at trial); *id.* at 16 ("At trial, Samsung presented two prior art references"). Where, as here, the court of appeals reviews the entire record to determine if a judgment was supported by substantial evidence, the entire trial transcript is "needed to determine the appeal" under Rule 39(e). *See, e.g.*, *Smart Mktg. Grp., Inc. v. Publications Int'l, Ltd.,* No. 04-CV-0146, 2011 WL 1897214, *2 (N.D. Ill. May 17, 2011) (awarding full trial transcript costs because "the Court of Appeals necessarily reviewed the trial transcripts in ruling that the judgment on damages was not supported by the evidence").

11. The costs for an original copy of the transcripts at invoice 00002106 total $8,460.75, and the cost of such transcripts for invoice 20051804 total $3,755.50. The combined cost of those transcripts is $12,216.25 ($8,460.75 + $3,755.50).

12. True and correct copies of invoices supporting Samsung's costs are attached as Exhibit A.

**B.      Bond Premiums**

13. Samsung seeks $█████████ in premiums incurred to date on the supersedeas bond it filed, as well as an additional $██████ per day until the bond is released or discharged.

14. A party prevailing on appeal is entitled to recover in the district court "premiums paid for a supersedeas bond or other bond to preserve rights pending appeal." Fed. R. App. P. 39(e)(3); *see also* Civil L.R. 54-3(h) (allowing recovery of "[p]remiums on undertaking bonds and costs of providing security").

15. On December 5, 2014, Samsung filed a supersedeas bond to stay enforcement of the judgment and any cost order during pendency of its appeals. (ECF 2080-5.)

16. Samsung has incurred two sets of annual premiums on its supersedeas bond. As indicated in an invoice from Samsung's bond broker, the first set of premiums incurred by

Samsung, which covered the period from December 5, 2014 through December 5, 2015, totaled $▓▓▓▓ ($▓▓▓▓ to one surety, Zurich American Insurance Company, and $▓▓▓▓ to another surety, Westchester Fire Insurance Company).

17.　The second set of premiums, which covers the period from December 5, 2015 to December 5, 2016, are for the same amounts.  The sureties, however, will return a prorated portion of the premiums if the supersedeas bond is discharged or released before the year covered by the renewal premium is complete. Accordingly, Samsung seeks premiums only for the portion of the year that has elapsed so far, as well as for each day until the bond is released or discharged.

18.　Because the second premium covers a leap year with 366 days, the daily premium is $▓▓▓▓/366 days, or $▓▓▓▓/day.  As indicated in the table below, because 97 days have passed since the bond was renewed, Samsung has incurred additional premiums of $▓▓▓▓ during the second year of the bond, bringing the total premiums incurred so far to $▓▓▓▓.

| Invoice Number | Period of Coverage | Days | Per Diem Rate | Amount Sought |
|---|---|---|---|---|
| 100000636353 | 12/5/2014 - 12/5/2015 | 365 | n/a | $▓▓▓▓ |
| 100000687508 | 12/5/2015 - 3/11/2016 | 97 | $▓▓▓▓ | $▓▓▓▓ |
| | | | **Total Incurred Costs:** | $▓▓▓▓ |

19.　Accordingly, Samsung seeks $▓▓▓▓ in bond premiums that it has incurred to date, plus $▓▓▓▓ for each additional day until the supersedeas bond is discharged or released.

20.　True and correct copies of the invoices for Samsung's annual bond premiums are attached as Exhibit B.

**C.**　**Appeal Docketing Fees**

21.　Samsung seeks the costs for docketing its appeals in the amount of $960.

22.　A party prevailing on an appeal is entitled to recover in the district court "the fee for filing the notice of appeal." Fed. R. App. P. 39(e)(4); *see also* Civil L.R. 54-3(g) (allowing costs authorized by Rule 39).

1   23. Samsung filed two notices of appeal, which were consolidated and resolved in the Federal Circuit's February 26 opinion and judgment.  The fee for the first notice of appeal, which was filed November 25, 2014 (ECF 2077), was $455.  (ECF 2078 ("Filing fee paid $455").)  The fee for the second notice of appeal, which was filed September 1, 2015, and concerned the Court's order taxing district court costs, was $505, reflecting an increase in the fee effective December 1, 2014.  (ECF 2145 ("Filing fee $505, receipt number 0971-9803622").)

24. Samsung is entitled to both docketing fees, as both appeals were consolidated and at issue in the Federal Circuit opinion and judgment awarding costs to Samsung.  These fees total $960 ($455 + $505).

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 11, 2016, at San Francisco, California.

> */s/   Carl G. Anderson*
> Carl G. Anderson

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the above Declaration.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Carl Anderson has concurred in the aforementioned filings.

              /s/ Victoria Maroulis
              Victoria Maroulis