JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 5:12-cv-00630-LHK<br><br>**APPLE'S OBJECTIONS TO SAMSUNG'S BILL OF APPELLATE COSTS** |

On March 11, 2016, Samsung filed its "Bill of Appellate Costs" purportedly "out of an abundance of caution given the filing deadlines of Local Rule 54." (Dkt. No. 2160-4 at 1 n.2.) Samsung acknowledged that it was seeking appellate costs before the Federal Circuit had issued its mandate. (*Id*.) Apple objects to Samsung's "Bill of Appellate Costs" because it is premature for at least two reasons.

*First*, because the Federal Circuit may modify or revoke its judgment any time before it issues its mandate, by motion or *sua sponte*, there is not yet any "judgment or order" under which Samsung can claim costs. *See* Local Rule 54-1(a) (setting deadline 14 days "after entry of judgment or order under which costs may be claimed"); *see also U.S. v. Foumai*, 910 F.2d 617, 620 (9th Cir. 1990) ("The legitimacy of an expectation of finality of an appellate order depends on the issuance or not of the mandate required to enforce the order."). Simply put, "until a mandate is issued, a case is not closed." *Id*. Similarly, Fed. R. App. P. 41(c) states that "[t]he mandate is effective when issued," and the 1998 Advisory Committee notes emphasize the import of this Rule: namely, that not until the mandate issues do "the parties' obligations become fixed." Until the Federal Circuit issues its mandate to this Court, Samsung cannot claim costs under any judgment or order. *See Simpson v. Thomas*, No. 203-CV-00591, 2008 WL 5381809, at *2 (E.D. Cal. Dec. 22, 2008) (finding similar local rule setting deadline to file Bill of Costs under Fed. R. App. P. 39(e) ten days from "entry of judgment" did not run until appellate mandate issued).

*Second*, the appeal of this Court's judgment against Samsung is not yet exhausted. A petition for rehearing of the Federal Circuit's February 26, 2016 opinion is not due until March 28, 2016. *See* Fed. Cir. Rule 40(e). Apple expects to file such a petition, which will stay the mandate until after the Federal Circuit rules on Apple's petition. *See* Fed. R. App. P. 41(d)(1). If Apple's petition is successful, it could ultimately alter the Federal Circuit's February 26, 2016 opinion, and could alter Samsung's entitlement to any appellate costs. Accordingly, Samsung's Bill of Appellate Costs is premature while either party may petition for rehearing and until the Federal Circuit's mandate issues.

1

Dated: March 25, 2016

By: /s/ Mark D. Selwyn
Attorney for Apple Inc.

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for the parties have met and conferred regarding these Objections in compliance with Civil Local Rule 54-2(b).

Dated: March 25, 2016                    /s/ Mark D. Selwyn
Attorney for Apple Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: March 25, 2016                    /s/ Mark D. Selwyn
Attorney for Apple Inc.