# EXHIBIT 1
# (Redacted)

| | |
|---|---|
| JAMES P. BENNETT (CA SBN 65179) | WILLIAM F. LEE (*pro hac vice*) |
| jbennett@mofo.com | william.lee@wilmerhale.com |
| JACK W. LONDEN (CA SBN 85776) | WILMER CUTLER PICKERING |
| jlonden@mofo.com |   HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, Massachusetts  02109 |
| ERIK J. OLSON (CA SBN 175815) | Telephone:  (617) 526-6000 |
| ejolson@mofo.com | Facsimile:  (617) 526-5000 |
| Morrison & Foerster LLP | |
| 425 Market Street | MARK D. SELWYN (CA SBN 244180) |
| San Francisco, California  94105-2482 | mark.selwyn@wilmerhale.com |
| Telephone:  (415) 268-7000 | WILMER CUTLER PICKERING |
| Facsimile:  (415) 268-7522 |   HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California  94304 |
| | Telephone:  (650) 858-6000 |
| | Facsimile:  (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | |
|       Plaintiff, | |
|     vs. | Case No. 12-cv-00630-LHK |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **APPLE INC.'S ADMINISTRATIVE MOTION FOR CASE MANAGEMENT CONFERENCE** |
|       Defendants. | |

In light of the decision by the Federal Circuit affirming the existing judgments in this case, Apple requests a case management conference to obtain entry of judgment on the few items that are left for resolution by the Court, including supplemental damages, pre-judgment interest, post-judgment interest and the Federal Circuit remand regarding the finding of willfulness. Apple has separately requested that Samsung provide its calculation of ongoing royalties and will inform the Court of any dispute, as needed, based on Samsung's response.

On October 7, 2016, the *en banc* Federal Circuit affirmed all judgments with respect to infringement, validity, and damages in this case. *See Apple Inc. v. Samsung Elec. Co.*, 839 F.3d 1034 (Fed. Cir. 2016); Dkts. 2168, 2169. Accordingly, the Court's judgment "in favor of [Apple] in the amount of $119,625,000.00" and "in favor of Samsung in the amount of $158,400.00" has been affirmed. Dkt. 2076.

The Federal Circuit denied Samsung's petition for rehearing *en banc* on November 28, 2016, and issued its mandate on December 5, 2016. That mandate was filed on this Court's docket on December 5, 2016. Dkt. 2169. To assist the Court in carrying out the Federal Circuit's mandate, Apple respectfully requests that the Court schedule a case management conference on Wednesday, February 22, 2017, or at the Court's convenience. Apple has contacted counsel for Samsung, who does not oppose this request.

<u>Jury's Damages Award and District Court Costs</u>: The jury's award and the costs previously awarded to Apple ($1,110,639.75) have been affirmed. Apple is seeking payment by Samsung with post-judgment interest and will pay the judgment against it with post-judgment interest.

<u>Appellate Costs</u>: On March 11, 2016, following the Federal Circuit's panel decision, which reversed-in-part this Court's validity and infringement findings, Samsung filed a Bill of Appellate Costs with this Court. *See* Dkt. 2160. Apple objected to Samsung's filling as premature because no mandate had issued. *See* Dkt. 2164. The *en banc* Federal Circuit subsequently affirmed this Court's award of costs to Apple. The Court should therefore deny Samsung's Bill of Appellate Costs.

1      Pre-Judgment Interest on the Affirmed Judgment:  The Court decided that Apple is entitled to an award of pre-judgment interest and that it will calculate that award using the 52-week Treasury Bill rate, compounded annually. *Id.* at 23-24.  Samsung's expert Dr. Chevalier previously provided a calculation of ▮▮▮▮▮▮ in prejudgment interest.  *See* Dkt. 2080-6 ¶ 3.  In an effort to minimize the burden on the Court and bring this case to a close, Apple will accept that calculation for purposes of entry of a final judgment.

       Supplemental Damages and Interest:  The Court decided that Apple is entitled to supplemental damages for Samsung's sales of infringing products that occurred between May 6, 2014 (verdict) and November 25, 2014 (entry of final judgment).  *See* Dkt. 1963 at 18.  The Court decided that it would calculate supplemental damages by "divid[ing] the jury award for each product by that product's number of sales to calculate [a] per-product amount" and multiplying the per-product amount by the number of sales of any infringing product that "remained on the market for any post-verdict period." *Id.* (internal quotation marks omitted). Samsung thereafter stated, "Samsung has sold approximately ▮▮▮▮▮▮ of these allegedly infringing devices [Galaxy S III and Note II] between entry of the verdict and final judgment. Dkt. 2080-3 at 4 (citing Declaration of Corey Kerstetter ¶ 2).  Dr. Chevalier provided the Court with a calculation of supplemental damages and the associated prejudgment interest of ▮▮▮▮▮▮ and ▮▮▮▮, respectively. Dkt. 2080-6 ¶4 & Ex. 1.  As with prejudgment interest, in the interest of judicial efficiency and in an effort to bring this case to a close, Apple will accept this calculation for purposes of entry of a final judgment on supplemental damages.

       Post-Judgment Interest:  Apple is statutorily entitled to post-judgement interest "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment," and compounded annually.  *See* 28 U.S.C. § 1961.  Apple proposes that each party file their calculation of post judgment interest with their Case Management Statement.

Ongoing Royalties: The Court determined that Apple is entitled to ongoing royalties for continuing sales of infringing products and products "not more than colorably different" from the products adjudicated to infringe the '647, '172, and/or '721 patents. Dkt. 2075 at 36 (internal quotation marks omitted). The Court also determined the per-unit awards for each of these products. *Id.* Samsung bonded ongoing royalties based on the sales of its smartphones for eighteen months after the November 25, 2014 judgment. Dkt. 2080-3 at 4-5. To streamline the resolution of any remaining issues, Apple has asked Samsung for a complete statement of its sales for the products that it bonded and a statement by Samsung of the royalties that it agrees are owed. Apple will raise, if necessary, any dispute regarding Samsung's response as a part of the conference.

Willfulness/Enhanced Damages: In addition to affirming this Court's validity and infringement judgments, the Federal Circuit "remand[ed] the willfulness issue for the district court to consider under the Supreme Court's *Halo* standard in the first instance." *Apple Inc. v. Samsung Elec. Co.*, 839 F.3d. at 1059. The outstanding willfulness issue applies to a single patent, Apple's '721 patent (slide-to-unlock). The jury concluded that, as a subjective matter, Samsung's infringement of the '721 patent was willful. Dkt. 1884 at 7. However, the Court granted Samsung's motion for judgment as a matter of law that it did not willfully infringe the '721 patent because it found that Samsung's defense was objectively reasonable and, accordingly, the Court declined to award enhanced damages. *See* Dkt. 1963 at 17; Dkt. 1965 at 25. Since then, the Supreme Court decided *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923 (2016), in which it held that the two-part test articulated by the Federal Circuit in *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2016)—and in particular the "objective prong," which formed the basis for the Court's JMOL ruling—was inconsistent with 35 U.S.C. § 284. In light of the Federal Circuit's remand, Apple believes that briefing regarding the effect of *Halo* on this case would be appropriate to assist the Court in its consideration of willfulness and enhanced damages with respect to the '721 patent.

Dated: January 3, 2017

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: */s/ Mark D. Selwyn*
Mark D. Selwyn
*Attorneys for Plaintiff and
Counterclaim-Defendant APPLE, INC.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 3, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                                  */s/ Mark D. Selwyn*
                                                  Mark D. Selwyn