[COUNSEL LISTED ON SIGNATURE PAGES]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | Case No. 12-cv-00630-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Hearing:**<br><br>Date:　　March 15, 2017<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 8, 4th Floor<br>Judge:　　Hon. Lucy H. Koh |

Pursuant to this Court's Civil Local Rule 16-10(d) and the Clerk's Notice issued on February 16, 2017 (Dkt. 2177), the parties submit this Joint Case Management Statement in connection with the Case Management Conference ("CMC") scheduled for March 15, 2017.

## I.   UPDATES SINCE THE LAST CMC STATEMENT

On October 7, 2016, the Federal Circuit affirmed this Court's judgments with respect to infringement, validity, and damages for all seven patents in this case. *See Apple Inc. v. Samsung Elec. Co.*, 839 F.3d 1034 (Fed. Cir. 2016) (en banc); Dkts. 2168, 2169.

Specifically, in an en banc opinion, the Federal Circuit affirmed:  (1) that claim 9 of Apple's U.S. Patent No. 5,946,647 ("the '647 patent") is valid and infringed by Samsung, and the jury's award of $98,690,625 in damages for that patent; (2) that claim 8 of Apple's U.S. Patent No. 8,046,721 ("the '721 patent") is valid and infringed by Samsung, and the jury's award of $2,990,625 in damages for that patent; (3) that claim 18 of Apple's U.S. Patent No. 8,074,172 ("the '172 patent") is valid and infringed by Samsung, and the jury's award of $17,943,750 in damages for that patent. *Apple*, 839 F.3d at 1063.

The en banc Federal Circuit also reinstated the following holdings from the prior Federal Circuit panel opinion, which affirmed:  (1) that claim 25 of Apple's U.S. Patent No. 6,847,959 ("the '959 patent") is not infringed by Samsung; (2) that claim 20 of Apple's U.S. Patent No. 7,761,414 ("the '414 patent") is not infringed by Samsung; (3) that claim 15 of Samsung's U.S. Patent No. 5,579,239 ("the '239 patent") is not infringed by Apple; and (4) that claim 27 of Samsung's U.S. Patent No. 6,226,449 ("the '449 patent") is infringed by Apple, and the jury's award of $158,400 in damages for that patent. *Id.*; *see also Apple Inc. v. Samsung Elec. Co.*, 816 F.3d 788 (Fed. Cir. Feb. 26, 2016).

Accordingly, this Court's judgment "in favor of [Apple] in the amount of $119,625,000.00" and "in favor of Samsung in the amount of $158,400.00" has been affirmed. Dkt. 2076. In addition, the en banc Federal Circuit "reinstate[d] the district court's award of costs" to Apple and "remand[ed] the willfulness issue [on the '721 patent] for the district court to

1  consider under the Supreme Court's *Halo* standard in the first instance." *Apple*, 839 F.3d at
2  1063.
3        The Federal Circuit denied Samsung's petition for further rehearing en banc on
4  November 28, 2016, and issued its mandate on December 5, 2016. That mandate was filed on
5  this Court's docket on December 5, 2016. Dkt. 2169. Samsung sought and was granted an
6  extension for filing a petition for certiorari, which is now due on March 29, 2017.

7  **II.   PROPOSALS FOR THE REMAINDER OF THE CASE**

8        **Apple's Position:** The Federal Circuit has now affirmed this Court's judgments on
9  infringement, validity, and damages in this case, with only one exception (willfulness/enhanced
10 damages for the '721 patent). Only a few items are left for resolution by the Court, most of
11 which are ministerial in nature or simply require an accounting for amounts that the Court has
12 already determined Samsung owes to Apple. To resolve these remaining issues as expeditiously
13 as possible, Apple is willing to agree to Samsung's calculations for pre-judgment interest and
14 supplemental damages as described below. Apple has requested the parties agree on the amount
15 of post-judgment interest on both the jury's award and supplemental damages as described
16 below, the calculation of which is mandated by statute.
17       With respect to ongoing royalties, the Court has already ordered the per-unit amounts that
18 Samsung must pay to Apple for its ongoing infringement. Despite Apple's request that Samsung
19 produce sales data nearly two months ago, Samsung provided Apple with sales data for its post-
20 verdict U.S. smartphone sales only five days ago. Furthermore, Samsung denies that Apple is
21 entitled to ongoing royalties for any of these sales because they were not of products adjudicated
22 to infringe, even though some appear to contain *the same software* as products found to infringe.
23 And while Samsung claims that some of the post-verdict sales include allegedly non-infringing
24 design-arounds and has provided the dates on which it claims to have implemented design-
25 arounds for each product, Samsung has refused to produce *any* documents providing technical
26 information that would allow Apple to evaluate the alleged design-arounds and determine
27 whether they are "not more than colorably different" from the features adjudicated to infringe.
28

Apple therefore requests that the Court order the production of discovery related to Samsung's alleged design-arounds—including product samples; source code for inspection; and any changes to product specifications, developer notes, or other documents reflecting the alleged design-arounds—and set a schedule for further proceedings regarding ongoing royalties.

On the single issue remanded by the Federal Circuit, Apple asks the Court to find that Samsung's infringement of the '721 patent (slide-to-unlock) was willful and requests an award of enhanced damages for that patent in light of the Supreme Court's intervening decision in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016). Apple believes this issue can be resolved through briefing alone, and has proposed a briefing schedule below.

**Samsung's Position:** In order to minimize the burden on the Court for determining supplemental damages and ongoing royalties, Samsung has provided Apple with relevant sales and design-around information on over 100 phones. Samsung is, thus, willing to continue to work with Apple to resolve damages numbers in the first instance without Court involvement. However, despite the parties' extensive prior correspondence, Apple waited until 3:30 PM this afternoon, on the last day to file this statement, to reveal its new positions on both supplemental damages and ongoing royalties. Over the course of two months of correspondence and preparation of this statement, Apple maintained the untenable position that was entitled to the full amounts in Dr. Chevalier's calculations of maximum potential supplemental damages and ongoing royalties, which were presented solely for the purpose of a bond.[1] Samsung has consistently opposed this as inappropriate. Now, less than nine hours before this Court's deadline for a joint statement, Apple has completely changed positions on both supplemental damages and ongoing royalties. Apple's last-minute switch on ongoing royalties restricted Samsung's ability to properly respond to what appears to be an attempt to litigate products never previously accused.

---

[1] Dr. Chevalier's calculations of potential supplemental damages represented "the maximum amount Samsung might owe in the event that all of its products were deemed to infringe (which they do not)." Dkt. 2080-3 at 4 n.1 Likewise, as Dr. Chevalier made clear, her calculations "assum[ed] the maximum ongoing royalty liability scenario" that Apple might pursue. Dkt. 2080-7 at 2. Samsung stated unequivocally that Dr. Chevalier's calculations were "for the purposes of this [bond] motion only." Dkt. 2080-3 at 5.

Apple's very late changes in position have made it impossible as a practical matter for Samsung to evaluate and respond to Apple's new positions and proposals in portions of this statement. Samsung remains willing to confer on outstanding questions and update the Court either before or during the Case Management Conference.

Although the scope of the case has been narrowed considerably, there are several outstanding issues that remain to be decided, including whether phones with updated software are eligible for damages, as well as whether the alleged infringement of the '721 patent was willful in light of *Halo*, and if so whether enhanced damages are warranted. Samsung does not believe these issues are "ministerial" but suggests that they can be efficiently addressed through the parties' cooperation and a focused briefing schedule.

With respect to willfulness, this Court previously did not need to consider all of Samsung's arguments in its motion for judgment as a matter of law of no willfulness because the Court found that Samsung had objectively reasonable defenses to infringement. In order to address these outstanding arguments in the proper context of Samsung's post-trial motion, Samsung proposes a briefing schedule that can address whether the jury's willfulness verdict was supported by the evidence under the Halo standard, as well as whether the jury's willfulness verdict, if upheld on JMOL, justifies awarding enhanced damages in this case.

* * *

Below is a summary of the parties' positions on each of the specific issues remaining in this case.

**A.   The Jury's Damages Awards and This Court's Award of Costs**

The jury's award to Apple ($119,625,000.00) and the costs previously awarded to Apple by this Court ($1,110,639.75) have been affirmed. The jury's award to Samsung ($158,400.00) has also been affirmed.

**Apple's Position:** Apple agrees to pay the judgment against it, plus post-judgment interest. Since Samsung has indicated that it does not intend to pay the judgment against it at

this time, Apple will seek to enforce judgment and to collect the damages and costs it has been awarded, plus interest, from either Samsung or its sureties.[2]

**Samsung's Position:** Contrary to Apple's suggestion, Samsung agrees to pay the judgment against it, plus post-judgment interest, at the conclusion of the supplemental damages, past ongoing royalties (for the now expired '647 patent), interest determination, correction of impermissible double recovery in the jury's damages award, and potential enhancement damages sought by Apple, and other proceedings, barring any reversal on appeal. While Apple concedes the jury's award to Apple of $119,625,000.00 includes impermissible double recovery of damages, it has not made sufficiently clear how it will remedy that double recovery, particularly in light of potential ongoing proceedings in the 1846 Case after remand. *See* Dkt. 1965 at 48 (stating this Court will "address the issue of double recovery after appeal of both cases are resolved.")[3] Samsung reserves all rights to seek and obtain reimbursement and/or restitution of any moneys paid, including interest, in light of any reversal, vacatur, or other relevant ruling, including on appeal.

Furthermore, Apple has not disputed that the bond approved by the Court remains fully sufficient to protect Apple's potential recovery. Apple has now effectively conceded it will not recover the amount of supplemental damages used to calculate the bond amount.

**B.     Samsung's Bill of Appellate Costs**

On March 11, 2016, following the Federal Circuit's panel decision, which reversed-in-part this Court's validity and infringement findings, Samsung filed a Bill of Appellate Costs with this Court. *See* Dkt. 2160. Apple objected to Samsung's filing as premature because no mandate had issued from the Federal Circuit. *See* Dkt. 2164. The en banc Federal Circuit subsequently reinstated this Court's judgments against Samsung and this Court's award of costs to Apple. *Apple*, 839 F.3d at 1063. Samsung, therefore, withdraws its Bill of Appellate Costs.

---

[2]     When Apple enforces the judgment (including from the jury's damages award, pre-judgment interest, post-judgment interest, and supplemental damages) against Samsung, it will deduct amounts attributable to damages in Case No. 11-1846 as appropriate to avoid any double recovery.
[3]     Samsung disagrees that Apple has any right to supplemental damages for units in Case No. 11-1846 and further specifically denies Apple has any right to seek supplemental damages on overlapping units.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 12-CV-00630-LHK (NMC)                    5

### C. Pre-Judgment Interest on the Jury's Damages Award

This Court previously determined that Apple is entitled to an award of pre-judgment interest on the jury award and that it will calculate that award using the 52-week Treasury Bill rate, compounded annually. Dkt. 2164 at 23-24. Applying that methodology, Samsung's expert Dr. Chevalier previously provided the Court with a calculation of $309,822 in pre-judgment interest on the jury's damages award to Apple, calculated from August 2011 to November 25, 2014 (entry of final judgment). See Dkt. 2080-7 ¶ 3; Dkt. 2080-8, Ex. 1. Apple does not dispute that calculation for purposes of awarding pre-judgment interest. Samsung appreciates that the methodology for calculating prejudgment interest is not in dispute, but requests the opportunity to confer further regarding the amount of prejudgment interest, particularly in light of Apple's positions regarding potential changes to the amount of damages.

### D. Post-Judgment Interest

The parties are statutorily entitled to post-judgement interest "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment," and compounded annually. See 28 U.S.C. § 1961.

**Apple's Position:** Applying the statutory methodology described above, the post-judgment interest on the jury's damages award to Apple is $394,507 from November 26, 2014, through March 31, 2017, plus $461.38 in daily interest thereafter until the date of payment.

**Samsung's Position:** Samsung appreciates that the methodology for calculating post-judgment interest is not in dispute, but requests the opportunity to confer further regarding the amount of post-judgment interest, particularly in light of Apple's positions regarding potential changes to the amount of damages.

### E. Supplemental Damages and Associated Interest

The Court previously determined that Apple is entitled to supplemental damages for Samsung's sales of infringing products between May 6, 2014 (verdict) and November 25, 2014

1  (entry of final judgment).  Dkt. 1963 at 18.  The Court also determined that it will calculate
2  supplemental damages using per-product amounts derived from the jury's verdict.  *See id.*
3  Samsung has suggested that supplemental damages should be awarded in the amount of
4  ▌          *See* Ex. A, filed herewith, at 2 (Mar. 3, 2017 Letter from C. Anderson to R.
5  Krevans).  Apple accepts this calculation subject to the conditions described below.

      **Apple's Position:**  Samsung's expert Dr. Chevalier previously provided the Court with a
7  calculation of supplemental damages and associated prejudgment interest of ▌          and
8  ▌     respectively.  (Dkt. 2080-7 ¶ 4, Dkt. 2080-8, Ex. 1.)  Apple informed Samsung in January
9  that it would accept Dr. Chevalier's calculations of these amounts.

      Five days ago, Samsung alleged that some of its sales of Galaxy S III and Galaxy Note II
11  devices included in the Court's ruling on supplemental damages (Dkt. 1963 at 18) and in Dr.
12  Chevalier's calculations implemented non-infringing design-arounds and offered a new
13  calculation of supplemental damages.  *See* Ex. A, filed herewith, at 1-2 (Mar. 3, 2017 Letter from
14  C. Anderson to R. Krevans).  In the interest of judicial efficiency, Apple accepts Samsung's
15  recent calculation of supplemental damages.  Apple does so without agreeing that Samsung's
16  alleged design-arounds are not infringing and reserves all rights to challenge these alleged
17  design-arounds in connection with any future proceedings, including proceedings regarding
18  ongoing royalties in this case.[4]

      Apple calculates that pre-judgment interest on supplemental damages is ▌

      Apple calculates that post-judgment interest on supplemental damages from November
21  26, 2014, to March 31, 2017, using the method provided in 28 U.S.C. § 1961, is ▌     plus
22  ▌     in daily interest thereafter until the date of payment.

---

[4]  Apple disagrees with Samsung that its willingness to accept Samsung's figure for supplemental damages for the purpose of resolving issues as expediently as possible represents a concession that it is not in fact due a greater amount

**Samsung's Position**: Samsung was informed of Apple's new position on supplemental damages and its calculations of interest for the first time late this afternoon, and requires a reasonable time to evaluate and respond.

Many phones sold after the jury's verdict incorporated new software design arounds for Apple's patents, and Samsung does not owe supplemental damages on phones incorporating non-infringing design arounds. *See TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 884 (Fed. Cir. 2011) (vacating supplemental damages for units with modified software in absence of new infringement proceeding). In order to facilitate the calculation of unit sales, Samsung made available to Apple the monthly sales numbers for all units of the Galaxy S III and Galaxy Note II from May 5, 2014 to November 25, 2014, including the dates that design arounds were implemented for each phone and model number. Samsung's calculation of supplemental damages was based on this design around information.

### F.     Ongoing Royalties

**Apple's Position:** The Court previously determined that Apple is entitled to ongoing royalties for Samsung's continuing sales of infringing products, including products "not more than colorably different" from the products adjudicated to infringe the '647, '172, and/or '721 patents. Dkt. 2075 at 36.

On December 5, 2014, Samsung sought (and ultimately obtained) a bond of ▇▇▇▇ to address Samsung's pending liability to pay ongoing royalties. Dkt. 2080-3; Dkt. 2097 at 3. This bond was calculated based on all potential ongoing royalties that Samsung may be required to pay for products adjudicated to infringe and products "not more than colorably different therefrom," sold through January 31, 2016 (the day before the '647 patent expired). Dkt. 2080-3 at 5-6; Dkt. 2080-7 ¶ 5.

On January 3, 2017, Apple asked Samsung for a statement of the ongoing royalty amount by month for each product included in its bond. Apple also requested that Samsung explain why it excluded any unit sales from products for which it bonded, to the extent it made any exclusions. Apple followed up on January 26 and February 24, 2017.

On March 3, 2017, Samsung provided sales data for Samsung's U.S. smartphones but "denie[d] that Apple is entitled to ongoing royalties for any unadjudicated products." Ex. A, filed herewith, at 2 (Mar. 3, 2017 Letter from C. Anderson to R. Krevans). Samsung takes this position whether or not the "unadjudicated products" include the software that was found to infringe at trial. *Id.* Samsung also alleged that some of its post-verdict U.S. smartphone sales included non-infringing design-arounds, but declined Apple's request to produce source code or any other technical documentation that would enable Apple to evaluate those claims. *Id.* Instead, Samsung has suggested that "arrangements for inspection of source code, and other discovery regarding design arounds" should be "on a schedule to be determined by the Court." *Id.*

Samsung's argument that Apple is not entitled to ongoing royalties for any unadjudicated products ignores that the Court has already ruled in Apple's favor on this issue. Dkt. 2075 at 19-21. The Court explained that "any analysis of future Samsung products would necessarily focus on the relevant infringing features"—not whether Apple named the unadjudicated products in a complaint. *Id.* at 21. Based on the limited data Samsung has produced—which includes only sales data, software versions, and the dates on which its alleged design-arounds were implemented—Apple believes there were Samsung phones sold in the United States after the jury verdict that implemented *the same* software found to infringe the '647 patent and others that included features not more than colorably different from those found to infringe.

Apple requests that the Court order discovery relating to Samsung's post-verdict sales, including its alleged design-arounds, and set a timetable for further proceedings. Specifically, Apple requests that the Court order Samsung to produce the following for inspection so that Apple may evaluate the merits of Samsung's claim that the alleged design-arounds avoid infringement of the '647 patent: (1) samples of units shipped post-verdict that contained the same software found to infringe the '647 patent; (2) samples of units shipped post-verdict that contained the alleged design-arounds; (3) all source code relating to its alleged design-arounds (including whether the original source code was replaced, overwritten, or retained); and (4) any

changes to product specifications, developer notes, or other documents reflecting the alleged design-arounds. A proposed schedule is set forth below:

| Date | Event |
|---|---|
| April 7, 2017 | Samsung to produce sample products, source code, and other documentation, as outlined above |
| May 5, 2017 | Apple to complete deposition(s) of Samsung's Rule 30(b)(6) witness(es) regarding post-verdict sales and alleged design-arounds |
| May 26, 2017 | Parties to exchange expert reports addressing whether Samsung's alleged design-arounds infringe the '647 patent |
| June 23, 2017 | Parties to complete expert depositions |
| July 27, 2017 | Apple to file a motion to enforce the Court's order on ongoing royalties |
| August 31, 2017 (or at the Court's convenience) | Hearing regarding ongoing royalties |

**Samsung's Position:** Samsung has properly maintained that Apple is not entitled to ongoing royalty damages on products that were not named in its complaint, were never presented to a jury, and never adjudicated to infringe. Until late this afternoon, Apple had sought to recover ongoing royalties for every post-judgment sale Samsung accounted for in setting the supersedeas bond. Samsung has consistently opposed this as inappropriate.

To the extent Apple seeks additional royalties on unadjudicated phones, Apple must prove that the products are eligible for royalties by undertaking new infringement proceedings. Contrary to Apple's statement above, the Court did not excuse Apple of its burdens in this regard. Furthermore, Apple's allegation that Samsung has taken an unreasonable position regarding phones using "the same software" as that found to infringe is not accurate. To the contrary, Samsung responded to Apple's demand for royalties on *all* of Samsung's post-judgment sales of unadjudicated phones by identifying, for over 100 different models, the date design arounds were implemented. Apple never stated it would limit its request for ongoing

royalties to adjudicated phones using the same software found to infringe, and indeed has confirmed its intention to seek royalties on *all* of Samsung's post-judgment sales of unadjudicated phones, even those models that never included the software found to infringe.

Apple notified Samsung for the first time late this afternoon of its proposed schedule and specific categories of discovery, including exhaustive document demands, 30(b)(6) depositions, expert reports, and expedited briefing. Samsung is willing to consider these requests and discuss them with Apple on a schedule that allows Samsung sufficient time to evaluate the requests and respond accordingly. Samsung has also already made clear to Apple that it will provide appropriate discovery provided it is done in the context of proper infringement proceedings and under the protection and guidance of the Court. Ex. A. To date, however, Apple has not sought leave of the Court to make any of the discovery demands listed above.

Nevertheless, in a good faith effort to facilitate this process and avoid burdening the Court, Samsung has already voluntarily collected sales and design around information regarding all of Samsung's U.S. smartphones sold during the relevant time frame. That information has been provided to Apple for inspection, and Samsung expects to discuss whether the parties can agree to some or all issues of ongoing royalties. If not, Samsung proposes that Apple submit any requests for the Court's assistance in calculating ongoing royalties by **April 30, 2017**, including a proposed schedule, if necessary.

G. **Willfulness and Enhanced Damages**

The outstanding willfulness issue applies to a single patent, Apple's '721 patent (slide-to-unlock). The jury found that, as a subjective matter, Samsung's infringement of the '721 patent was willful. Dkt. 1884 at 7. However, the Court granted Samsung's motion for judgment as a matter of law of no willful infringement for the '721 patent because it concluded that Samsung's defense was objectively reasonable. Dkt. 1965 at 25. Because it found for Samsung on the objective prong of the willfulness inquiry, the Court stated it "need not consider whether the jury's finding of subjective willfulness was supported by substantial evidence." *Id.* The Court accordingly denied Apple's request for enhanced damages. Dkt. 1963 at 17. On appeal, the

Federal Circuit vacated the judgment of no willfulness for the '721 patent and "remand[ed] the willfulness issue for the district court to consider under the Supreme Court's *Halo* standard in the first instance." *Apple*, 839 F.3d at 1063.

The parties agree that briefing regarding the effect of the Supreme Court's decision in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016), would be appropriate to assist the Court in its consideration of willfulness and enhanced damages with respect to the '721 patent. The parties propose the following briefing schedules:

**Apple's Proposal:** Apple believes the related issues of willfulness and enhancement can be briefed together and that Apple, as the party asking the Court to determine that Samsung's infringement was willful and to award enhanced damages, should file the opening brief. Accordingly, Apple proposes the following schedule:

| | |
|---|---|
| Apple's Opening Brief (20 pages) | March 27, 2017 |
| Samsung's Opposition Brief (20 pages) | April 10, 2017 |
| Apple's Reply Brief (10 pages) | April 17, 2017 |
| Hearing | Apple does not believe a hearing is necessary, but is available for a hearing if the Court requests. |

**Samsung's Proposal:**

Samsung believes the issues of willfulness and enhancement are properly considered in the context of the parties' post-trial motions, which were the basis for the Court's prior orders on these issues. In line with the prior JMOL briefing on these issues, Samsung proposes the following schedule.

| | |
|---|---|
| 1. Samsung's Opening Brief on Willfulness (20 pages)<br>2. Apple's Opening Brief on Enhancement (20 pages) | April 14, 2017 |
| Opposition Briefs (20 pages) | April 28, 2017 |
| Reply Briefs (10 pages) | May 5, 2017 |
| Hearing | At Court's earliest convenience. |

## III. Settlement and ADR

The parties do not have any new progress to report regarding mediation or settlement.

| | |
|---|---|
| Dated: March 8, 2017 | |
| By: /s/ Mark D. Selwyn | By: /s/ Victoria F. Maroulis |
| Attorneys for Plaintiff and Counterclaim-Defendant APPLE INC. | Attorneys for Defendants and Counterclaim-Plaintiffs SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS, AMERICA, LLC |
| William F. Lee (*pro hac vice*)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 | QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br><br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| Mark D. Selwyn (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | Kevin P.B. Johnson (Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 |
| James P. Bennett (CA SBN 65179)<br>jbennett@mofo.com<br>Jack W. London (CA SBN 85776)<br>jlonden@mofo.com<br>Rachel Krevans (CA SBN 116421)<br>rkrevans@mofo.com<br>Erik J. Olson (CA SBN 175815)<br>ejolson@mofo.com<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>Michael L. Fazio (Bar No. 228601)<br>michaelfazio@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 8, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Mark D. Selwyn
Mark D. Selwyn