# EXHIBIT A
# (UNDER SEAL)

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY

**quinn emanuel**   trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
(415) 875-6328

WRITER'S EMAIL ADDRESS
carlanderson@quinnemanuel.com

March 3, 2017

**VIA HAND DELIVERY AND ELECTRONIC MAIL**

Rachel Krevans
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105

Re:   *Apple v. Samsung* (5:12-cv-00630)

Dear Rachel:

I write in response to your January 26 letter.   Accompanying this letter by hand service, Samsung provides for inspection information regarding post verdict sales and design around date information, by model number, for the Galaxy S III, Galaxy Note II, Galaxy S4, Galaxy S5, and Galaxy Note III (only the first two of these have sales in the period).   To confirm, the design around dates provided as "FIRST SALE" are dates by which all phones shipped included the noninfringing software.   Please note that this information is marked HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER.

The design around types by application are indicated for the Galaxy Note II and Galaxy S3 [redacted]

Samsung does not accept Apple's attempt to use an estimate of *maximum* supplemental damages provided specifically for the limited purpose of posting an appellate bond to avoid carrying Apple's burden on supplemental damages.   Dr. Chevalier's calculations of supplemental damages represented "the maximum amount Samsung might owe in the event that all of its products were deemed to infringe (which they do not)," Dkt. 2080-3 at 4 n.1, and they do not constitute a stipulation of infringement or amount of damages.   Samsung's motion for approval of the bond made clear that Samsung reserved its rights with respect to supplemental damages, and that Dr. Chevalier's calculations were solely for purposes of bonding and represent the amount of supplemental damages "at most."   Dkt. 2080-3 at 4-5.   Your January 3, 2017 letter acknowledged that you were only entitled to damages on products "adjudicated to infringe," and

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY

as I explained in my January 10, 2017 letter, under *TiVo,* products containing design arounds must be subject to new infringement proceedings before they are eligible for supplemental damages. To be clear, Dr. Chevalier applied the correct method in her calculation of maximum estimated damages; Samsung believes it is appropriate to use the now-available historical sales data (which is now being offered for your inspection) for the supplemental damages period. Please confirm Apple agrees.

For issues concerning ongoing royalties, Samsung has collected sales and design around date information regarding all of Samsung's U.S. smartphones sold during the relevant time frame; this information is included with today's service. The software version including the design around is also identified by number. As stated in the sentence you quoted from Dr. Chevalier's declaration, however, note that Dr. Chevalier was "assuming the maximum ongoing royalty liability scenario," and Samsung does not agree that Apple is entitled to ongoing royalty damages on products that were not named in its complaint, were never presented to a jury, and never adjudicated to infringe.

Regarding your demand that Samsung provide its position on damages that Apple is entitled to, we have initially calculated that Apple is entitled to ███████ in supplemental damages, and $0 in ongoing royalties for the adjudicated products. Samsung denies that Apple is entitled to ongoing royalties for any unadjudicated products. Please let us know whether Apple contests these figures, and the basis for doing so.

Finally, we appreciate your candor in raising the issue of further source code inspection. However, arrangements for inspection of source code, and other discovery regarding design arounds, must be part of new infringement proceedings, on a schedule to be determined by the Court. Of course, should the Court provide a schedule for the inspection of source code, Samsung will cooperate in providing that discovery.

Sincerely,

*/s/ Carl Anderson*

Carl Anderson

02198-51981/9019337.1