[COUNSEL LISTED ON SIGNATURE PAGES]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK<br><br>**JOINT STATUS REPORT**<br><br>**Hearing:**<br><br>Date:     April 19, 2017<br>Time:    2:00 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

Pursuant to this Court's Order (Dkt. 2183), the parties submit this Joint Status Report regarding: (1) overlapping damages between this case and the 1846 case, and (2) the status of Samsung's production regarding its alleged design-arounds.

## I. OVERLAPPING DAMAGES

The parties have conferred regarding how much of the judgment against Samsung (including for the jury's damages award, pre-judgment interest, post-judgment interest, and supplemental damages) would need to be deducted from Samsung's payment to Apple in this case to avoid a double recovery in light of the damages that Samsung has already paid to Apple in the 1846 case.

The parties agree that Samsung may deduct $23,120,933.00 from its payment of the jury's $119,625,000.00 damages award against Samsung. This deduction represents damages awarded in this case on infringing Galaxy S II units shipped between August 1, 2011 and August 24, 2012, on which Samsung has already paid damages in the 1846 case.

The parties also agree that Samsung may deduct $87,982 from its payment to Apple on the agreed-upon amount of $309,822 in pre-judgment interest. This amount represents the pre-judgment interest attributable to the overlapping Galaxy S II units identified above.

The parties further agree that Samsung may deduct $76,342 from its payment to Apple on the agreed-upon amount of $394,507 in post-judgment interest through March 31, 2017, and may deduct $89.28 from its payment to Apple on the agreed-upon amount of $461.38 in daily interest for each day thereafter. These deductions represent the post-judgment interest attributable to the overlapping Galaxy S II units identified above.

**Apple's Position:** The Court has not yet calculated supplemental damages in the 1846 case. Should the Court award supplemental damages in the 1846 case for units that overlap with units on which Samsung pays damages in this case, Apple reserves the right to collect the full amount of those supplemental damages in the 1846 case less an "offset" to reflect the amount paid by Samsung on the same units in this case. However, the Court need not decide this issue now or in this case and may address it in the 1846 case.

**Samsung's Position:** Samsung agrees that the adjustments set forth above accurately address the impermissible double counting in the existing judgments in this case and the 1846 case. But as the Court is aware, the parties dispute the status of the partial final judgment in the 1846 case. To be clear, Samsung's position is that the partial final judgment, which is in large part based on design-patent damages under 35 U.S.C. § 289, cannot stand in light of the Supreme Court's decision reversing the Federal Circuit's interpretation of Section 289.

Regarding supplemental damages in the 1846 case, Samsung notes that Apple's earlier Motion for Supplemental Damages was denied without prejudice. 1846 Case Dkt. 3473. If Apple refiles its motion, Samsung reserves its rights to oppose it. In light of Apple's present positions, Samsung further disagrees that Apple has any right to seek supplemental damages on overlapping units.

## II.   STATUS OF SAMSUNG'S PRODUCTION REGARDING DESIGN-AROUNDS

On March 14, 2017, the Court ordered Samsung to "produce (1) source code demonstrating each of Samsung's alleged design arounds for all products that may be subject to ongoing royalties, and (2) a chart providing a summary of each design around as well as an identification of which Samsung model's implement each alleged design around" by April 7, 2017. Dkt. 2183. The Court also ordered Samsung "to produce representative samples of the design arounds on or within a reasonable time after April 7, 2017." *Id.* (internal quotation marks omitted).[1]

**Samsung's Position:** Pursuant to the March 14, 2017 Case Management Order (Dkt. 2183), on April 7, 2017 Samsung produced for inspection source code demonstrating each of Samsung's design-arounds for all products subject to ongoing royalties. In particular, Samsung provided source code for the Browser and Messenger applications accused of infringing claim 9 of the '647 patent. Samsung also provided a chart identifying which Samsung models

---

[1]   The Court further ordered that, by May 12, 2017, the parties shall meet and confer regarding Samsung's alleged design arounds and that, by May 19, 2017, the parties shall file a joint status report on ongoing royalties, which shall include (1) proposed discovery and briefing schedules on outstanding issues, if such schedules are necessary, and (2) the amount Samsung will pay on products for which Samsung has agreed to pay ongoing royalties. *Id.*

1  implement each design-around, along with a brief summary of each design-around.  Attached
2  here as Exhibit 1 is a copy of the letter including the chart and design-around summaries.  On
3  April 12, 2017, Samsung produced for inspection representative samples of its design-arounds.
4  In particular Samsung made available for inspection two devices representative of the various
5  design-arounds for the Browser and Messenger Applications.

6  **Apple's Position:**  Counsel for Apple reviewed the source code produced by Samsung on
7  April 10-12, 2017 (the first three business day after it was made available), and inspected the
8  sample devices on April 13, 2017 (the first business day after they were made available).  Based
9  on Apple's preliminary review of the chart, source code, and samples produced by Samsung,
10 Apple has identified a number of deficiencies with Samsung's production.

11 First, Samsung's "summaries" of the alleged design-arounds that the Court ordered
12 Samsung to provide were only one or two sentences each, and do not provide sufficient context
13 for Apple to understand how Samsung modified its products or which claim limitations Samsung
14 believes are no longer satisfied by its design-arounds.  *See* Ex. 1, attached hereto.  Nor has
15 Samsung identified which portions of the source code have been modified in its products, the
16 modifications made, or the claim limitations it believes are missing from the design-arounds.
17 Apple has requested that Samsung provide this information.

18 Second, Samsung has produced only a partial set of source code for its alleged design-
19 around products.  The source code production appears to consist of the new Browser and
20 Messenger code for Samsung's products, but Apple's prior infringement case also relied on
21 additional source code from other parts of the accused devices.  Samsung's failure to produce a
22 complete set of code combined with its failure to specify the location within the code where it
23 has implemented the alleged design-arounds, inhibits Apple's ability to fully assess any alleged
24 design-around.

25 Third, Samsung's prior production of source code on a secured computer is no longer
26 available for Apple's inspection.  Apple has therefore requested that Samsung produce the source
27 code that was found to infringe (*i.e.*, without the alleged design-arounds) on the secured
28

1  computer that contains the newly produced code, so that Apple may compare the new code to the
2  older code and identify the changes that Samsung made to its code.
3       Apple has begun to review the two sample products produced by Samsung (without sim
4  cards) and will meet-and-confer with Samsung regarding any deficiencies it identifies from this
5  review.
6       Apple has raised these (and other) issues with Samsung.  However, given the timing of
7  this submission, the parties have not yet been able to engage in substantive discussions regarding
8  the deficiencies that Apple has identified.  The parties will meet and confer to try to resolve as
9  many of these disputes as possible before the Case Management Conference and the May 12,
10 2017 meet-and-confer deadline set by the Court (Dkt. 2183).
11      **Samsung's Response to Apple's Position:**  Apple raised for the first time yesterday a
12 number of purported deficiencies in Samsung's source code production.  Samsung is evaluating
13 these issues, but will require additional time to consider and discuss further with Apple.  Indeed,
14 following Samsung's receipt of Apple's proposed language, Apple sent a letter late Thursday
15 evening providing some additional specificity about its concerns, but leaving unanswered several
16 questions that Samsung will need time to answer, and that will require a meet and confer.
17 Samsung understood the Court's March 14, 2017 Case Management Order (Dkt. 2183) as
18 instructing the parties to simply provide an update on Samsung's source production and
19 representative device availability, whereas the parties would have additional time, up until and
20 including May 12, 2017, to work through the issues like the ones raised by Apple above.
21 Samsung expects that the parties will be able to resolve most if not all of these issues, but
22 Samsung is not able to provide substantive responses to Apple's issues in the limited time
23 provided, nor does Samsung believe that was contemplated by the March 14 Order.  In any
24 event, Samsung provides the following initial responses to Apple's purported deficiencies.
25      First, Apple argues that Samsung's summaries "do not provide sufficient context" to
26 understand Samsung's design arounds.  Samsung is willing to meet and confer on this issue and,
27 once it better understands Apple's concerns, potentially work with Apple to provide the
28

requested detail.  Samsung notes that the expansive source code and representative devices offered to date provide plain evidence of Samsung's design arounds.  Any particulars Apple needs can be found in a review of the code and representative devices already made available.  That said, Samsung is willing to work with Apple to better understand the scope of its request, and update to the extent necessary.

Second, Apple states that Samsung has not "identified which portions of the source code have been modified…or the claim limitations it believes are missing from the design-arounds." Again, Samsung has provided the entirety of the source code for the designed-around Browser and Messenger applications, and Samsung's modifications are eminently clear from that code. To the extent Apple can explain its difficulty in pinpointing Samsung's modifications, Samsung is will to meet and confer with Apple and address its concerns.

Third, Apple suggests that Samsung produced "only a partial set of source code," yet Apple has failed to identify what additional code it purportedly needs to understand Samsung's design-arounds.  Samsung remains willing to meet and confer with Apple to better understand the additional code purportedly necessary, and diligently work to provide such code to the extent relevant and necessary.

Fourth, Apple requests for the first time that Samsung make available Samsung's "prior production of source code" – i.e., source code pertaining to the adjudicated products.  Again, however, Apple has provided no specificity in terms of the exact code it needs.  Moreover, Apple created hundreds of print-outs from Samsung's code for establishing its infringement proofs during the litigation, and it is unclear why Apple cannot rely on that information rather than requiring the old code to be re-produced.  In any event, Samsung remains willing to meet and confer with Apple to work through these issues.

Dated:  April 14, 2017

By: /s/ *Mark D. Selwyn*                                    By: /s/ *Victoria F. Maroulis*

| | |
|---|---|
| Attorneys for Plaintiff and Counterclaim-Defendant APPLE INC. | Attorneys for Defendants and Counterclaim-Plaintiffs SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS, AMERICA, LLC |
| William F. Lee (*pro hac vice*)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts  02109<br>Telephone:  (617) 526-6000<br>Facsimile:  (617) 526-5000 | |
| Mark D. Selwyn (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California  94304<br>Telephone:  (650) 858-6000<br>Facsimile:  (650) 858-6100 | Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| James P. Bennett (CA SBN 65179)<br>jbennett@mofo.com<br>Jack W. London (CA SBN 85776)<br>jlonden@mofo.com<br>Rachel Krevans (CA SBN 116421)<br>rkrevans@mofo.com<br>Erik J. Olson (CA SBN 175815)<br>ejolson@mofo.com<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | Kevin P.B. Johnson (Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone: (213) 443-3000 |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 14, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                                */s/ Mark D. Selwyn*
                                                Mark D. Selwyn