QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S OPENING BRIEF REGARDING WILLFULNESS** |

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................................1

BACKGROUND ..................................................................................................................................3

LEGAL STANDARD ...........................................................................................................................5

ARGUMENT ........................................................................................................................................6

I.    SAMSUNG COULD NOT HAVE WILLFULLY INFRINGED THE '721 PATENT BECAUSE IT HAD NO KNOWLEDGE OF THE PATENT ..............................6

    A.    Samsung's Lack of Knowledge of the '721 Patent Precludes Willfulness As A Matter of Law ..................................................................................................6

    B.    Apple's Purported Evidence of Pre-Suit Copying Is Not Probative of Willfulness .........................................................................................................7

II.    SAMSUNG'S POST-SUIT CONDUCT CANNOT PROVE WILLFUL INFRINGEMENT .................................................................................................10

CONCLUSION ...................................................................................................................................12

# TABLE OF AUTHORITIES

**Page**

## Cases

*Adrea, LLC v. Barnes & Noble Inc.*,
  2017 WL 44954 (S.D.N.Y. Jan. 3, 2017) ................................................................................8, 11

*Apple Inc. v. Samsung Elecs. Co.*,
  816 F.3d 788 (Fed. Cir. 2016) .........................................................................................................4

*Apple Inc. v. Samsung Elecs. Co.*,
  839 F.3d 1034 (Fed. Cir. 2016) .......................................................................................................5

*Apple Inc. v. Samsung Electronics Co.*,
  695 F.3d 1370 (Fed. Cir. 2012) .......................................................................................................3

*CG Tech. Dev., LLC v. FanDuel, Inc.*,
  2017 WL 58572 (D. Nev. Jan. 4, 2017) ........................................................................................10

*Consolidated Edison Co. v. NLRB*,
  305 U.S. 197 (1938) ........................................................................................................................5

*Dorman Prods., Inc. v. Paccar, Inc.*,
  201 F. Supp. 3d 663 (E.D. Pa. 2016) ............................................................................................10

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
  897 F.2d 508 (Fed. Cir. 1990) ....................................................................................................7, 8

*Halo Elecs., Inc. v Pulse Elecs., Inc.*,
  136 S. Ct. 1923 (2016) .............................................................................................................1, 10

*Johns Hopkins Univ. v. Datascope Corp.*,
  543 F.3d 1342 (Fed. Cir. 2008) .......................................................................................................5

*Lift-U v. Ricon Corp.*,
  2012 WL 5303301 (N.D. Cal. Oct. 25, 2012) .................................................................................6

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
  851 F.3d 1275 (Fed. Cir. 2017) .....................................................................................................10

*Radware, Ltd. v. F5 Networks, Inc.*,
  2016 WL 4427490 (N.D. Cal. Aug. 22, 2016) .......................................................................7, 8, 9

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) ...............................................................................................1, 5, 6

*State Indus., Inc. v. AO Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985) ...............................................................................................7, 8, 9

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
  2012 WL 1831543 (N.D. Cal. May 18, 2012) ................................................................................7

*WBIP, LLC v. Kohler Co.*,
    829 F.3d 1317 (Fed. Cir. 2016) ...................................................................................... 7

*WesternGeco LLC v ION Geophysical Corp.*,
    837 F.3d 1358 (Fed. Cir. 2016) .................................................................................. 2, 6

*Word to Info, Inc. v. Google Inc.*,
    140 F. Supp. 3d 986 (N.D. Cal. 2015) ........................................................................... 7

*Wyers v. Master Lock Co.*,
    616 F.3d 1231 (Fed. Cir. 2010) ..................................................................................... 9

**<u>Statutes</u>**

Federal Rule of Civil Procedure 50(b) ...................................................................................... 4

35 U.S.C. § 284 .................................................................................................................. 5, 6

Pursuant to the Court's Case Management Order of March 14, 2017 (ECF No. 2183), following remand from the United States Court of Appeals for the Federal Circuit, Samsung hereby submits its opening brief on willfulness for Apple's U.S. Patent No. 8,046,721 (the "'721 patent").

**INTRODUCTION**

Just as Apple failed to establish willful infringement of the '721 patent, known as slide-to-unlock, under the Federal Circuit's prior approach in *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007), it also fails under the Supreme Court's recent decision in *Halo Elecs., Inc. v Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016). Because Samsung had no knowledge of the patent before this lawsuit was filed, and because Samsung's post-suit conduct is both irrelevant to and inconsistent with willfulness, Apple cannot establish willfulness as a matter of law. Accordingly, there is no substantial evidence to support the jury's verdict of willful infringement of the '721 patent.

The jury verdict in this case addressed only the subjective prong of willfulness. After JMOL briefing, this Court rejected willfulness for failing the objective prong of the inquiry under the then-current *Seagate* test, finding that Samsung's invalidity defenses were not objectively baseless and that a reasonable litigant could have believed it would prevail. *See* ECF No. 1965 at 24-28. Because Samsung had reasonable objective defenses to the '721 patent, *i.e.*, that it was invalid as obvious, this Court did not reach the question of the sufficiency of the evidence supporting the jury verdict that Samsung willfully infringed under the subjective prong.

On appeal, a three-judge panel at the Federal Circuit unanimously ruled that the '721 patent was obvious based on the combination of Neonode and Plaisant prior art that Samsung presented at the trial. The en banc Federal Circuit then reversed that panel decision and reinstated validity. In addition, the en banc court remanded the case for this Court's consideration of willfulness in light of *Halo*, which was decided after this Court's JMOL decision.

*Halo* rejected the Federal Circuit's strict two-prong *Seagate* inquiry and ruled that district courts have flexibility in assessing requests for enhanced damages. The Supreme Court cautioned, however, that enhanced damages are "not to be meted out in a typical infringement case" but are

reserved for the sort of conduct variously described as "willful, wanton, malicious … or, … characteristic of a pirate." 136 S. Ct. at 1932. None of Samsung's actions can be described as willful, wanton, malicious, or characteristic of a pirate. Indeed, as described below, there is no evidence that Samsung knew of the '721 patent before it was sued, which effectively eliminates any finding of willfulness under controlling law.

In *WesternGeco LLC v ION Geophysical Corp*., 837 F.3d 1358 (Fed. Cir. 2016), the Federal Circuit addressed a *Halo* remand following a jury verdict on the subjective prong of willfulness. There, the Federal Circuit instructed the district court to address the sufficiency of the evidence supporting the subjective prong of willful infringement as a "predicate" before assessing the broader question of enhanced damages. *Id.* at 1364. Thus, following *WesternGeco*, Samsung submits this brief to demonstrate as a threshold matter that there is insufficient evidence to support the jury's finding that Samsung was subjectively willful with respect to infringement of the '721 patent.

*First*, Samsung cannot willfully infringe a patent of which it has no knowledge. The '721 patent issued four months before Apple filed its complaint and there is absolutely no evidence that Samsung had any knowledge of the patent. It is black letter law that survives *Halo* that infringement is only willful if the party actually knows of the patent. Even if there was evidence of copying—and Apple has no evidence that Samsung copied this particular feature—it would not be relevant to willfulness because Samsung did not know of the '721 patent until it was sued.

*Second*, willfulness can generally only be established based on conduct that predates the filing of the lawsuit. Here, because there was no knowledge, there can be no subjective willfulness. And no exception to the usual rule that only pre-filing conduct counts is applicable here. Although this Court concluded when Apple moved for a preliminary injunction that Apple was likely to withstand an invalidity challenge, the Court did not accept Samsung's evidence of prior art, specifically the Neonode device. By the time of trial and JMOL, however, there was "no dispute" that Neonode was prior art and thus this very Court concluded that "its prior conclusion at the preliminary injunction stage does not render Samsung's reliance on its invalidity defense based on the Neonode [device] and Plaisant [reference] objectively baseless." ECF No. 1965 at

27-28.  The Court was correct, and, accordingly, its preliminary injunction decision did not put Samsung on notice that its defenses were unlikely to succeed and thus provides no basis to deviate from the general rule that only pre-filing conduct may support willfulness.

There is simply no evidence from which the jury could infer that Samsung possessed a bad faith state of mind with respect to the '721 patent.  As such, the jury's verdict on willfulness should be rejected.

**BACKGROUND**

On October 25, 2011, the United States Patent & Trademark Office issued the '721 patent. ECF No. 1-3.

Less than four months later, on February 8, 2012, Apple filed its complaint alleging infringement of the '721 patent, and seeking a preliminary injunction.  ECF No. 1; ECF No. 10.

In determining whether to grant a preliminary injunction, the Court concluded that Apple had established a likelihood of success on its claim that the '721 patent was infringed, and that Apple was "likely to withstand Samsung's obviousness challenge to the validity of the '721 patent," because Samsung had not established that the Neonode device was a proper prior art reference. ECF No. 221 at 42-51.  The Court held, however, that Apple had not demonstrated irreparable harm related to the '721 patent.  ECF No. 221 at 89-91.  Consequently, the preliminary injunction that ultimately issued on July 1, 2012 (which was subsequently overturned by the Federal Circuit, *Apple Inc. v. Samsung Electronics Co.*, 695 F.3d 1370 (Fed. Cir. 2012)), was based solely on a different patent—the '604 patent.  *See* ECF No. 221 at 99-100.

At trial, Samsung asserted that the claimed slide-to-unlock invention of the '721 patent was obvious in light of the prior Neonode device—as described in its written user guide—in combination with the Plaisant reference, in which the unlocking image could move across the screen.  *See* ECF No. 1965 at 15-16.

The Court instructed the jury as to willful patent infringement.  ECF No. 1847 at page 38 (Instruction No. 30).  The instruction provided that "to prove willful infringement, the patent owner must persuade you by clear and convincing evidence that the alleged infringer acted with reckless disregard of the patent it infringed."  *Id*.  Furthermore, the instruction provided that to

"demonstrate such 'reckless disregard,' the patent owner must persuade you that the alleged infringer actually knew, or it was so obvious that the alleged infringer should have known, that its actions constituted infringement of a valid and enforceable patent." *Id.*

On May 2, 2014, the jury rendered its verdict, finding that Apple had proved willfulness for the '721 patent. ECF No. 1884 at 7.

On May 23, 2014, Samsung moved under Federal Rule of Civil Procedure 50(b) for judgment as a matter of law on the jury's willfulness finding, both on the grounds that Samsung's objectively reasonable defenses precluded a willfulness finding as a matter of law, as well as that the jury verdict was unsupported by the trial record. ECF No. 1896-3 at 21-25. In its JMOL order, the Court followed the then-current law of *Seagate*, 497 F.3d 1360, which required proof that an infringer acted despite an objectively high likelihood that its actions constituted infringement, and that this objective risk was either known or should have been known to the infringer. ECF No. 1965 at 25. The Court concluded that, because "Samsung had an objectively reasonable defense to infringement," willfulness fails as a matter of law. *Id.* at 25. Because the Court found that the objective prong of *Seagate* was not met, it held it "need not consider whether the jury's finding of subjective willfulness was supported by substantial evidence." *Id.* In determining that Samsung's defenses were reasonable, this Court found that "the reasonable litigant could have believed that the two references [Plaisant and Neonode] provided a motivation to combine by describing a similar solution—the use of sliding motions—to solve the problem of inadvertent activation in touchscreen devices." *Id.* at page 27.

The parties appealed and on February 26. 2016, a Federal Circuit panel unanimously held the '721 patent invalid "because the asserted claim of the '721 patent would have been obvious in light of Neonode and Plaisant." *Apple Inc. v. Samsung Elecs. Co.*, 816 F.3d 788, 806 (Fed. Cir.

2016).[1]  In light of the panel finding the '721 patent invalid, the panel held it "need not address" Apple's willfulness arguments.  *Id.* at 810.  Apple filed a petition for rehearing on March 28, 2016 and the Supreme Court issued its opinion in *Halo*, 136 S. Ct. 1923, on June 13, 2016 while Apple's petition was pending.  In *Halo*, the Court held that the *Seagate* test for enhanced damages was "inconsistent with" Section 284 of the Patent Act.  *Id.* at 1934.

After *Halo* was decided, the Federal Circuit issued an en banc opinion on October 7, 2016, vacating the prior panel opinion and reinstating the validity of the '721 patent.  *Apple Inc. v. Samsung Elecs. Co.*, 839 F.3d 1034, 1039-40 (Fed. Cir. 2016).  The en banc opinion ordered willfulness remanded back to the district court "to consider under the new standard in the first instance" in light of *Halo*.  *Id.* at 1059.

## LEGAL STANDARD

"Substantial evidence is 'more than a mere scintilla' and is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Johns Hopkins Univ. v. Datascope Corp.*, 543 F.3d 1342, 1348 (Fed. Cir. 2008) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Under *Seagate*, the Federal Circuit established a two-part test for enhanced damages.  First, "'a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent,' without regard to '[t]he state of mind of the accused infringer.'"  *Halo,* 136 S. Ct. at 1930 (quoting *Seagate*, 497 F.3d at 1371).  Second, the patentee must show that the risk of infringing a valid patent "'was either known or so obvious that it should have been known to the accused infringer.'"  *Id.* (quoting *Seagate*, 497 F.3d at 1371). Only after both steps have been satisfied can the district court proceed to consider whether to exercise its discretion to award enhanced damages.  *Id.*

---

[1]  The panel opinion was, at the time, only the latest in a line of decisions from around the world holding the '721 patent invalid as obvious.  *See HTC Eur. Co. v. Apple Inc.*, [2013] EWCA (Civ.) 451 (Eng.); The Hague District Court, 24 Aug. 2011, *Apple v. Samsung*, Dkt. Nos. 396957/KG ZA 11-730 & 396959/KG ZA 11-731; Bundesgerichtshof [BGH] [Federal Court of Justice] Aug. 25, 2015, X ZR110/13 (Ger.).

*Halo* reversed the formality of *Seagate*'s two prong inquiry, but held that "[t]he sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed— characteristic of a pirate."  136 S. Ct. at 1932.  To that end, *Halo* did not rewrite the Federal Circuit's law of willfulness, and *Halo* recognized that "[t]he *Seagate* test reflects, in many respects, a sound recognition that enhanced damages are generally appropriate under § 284 only in egregious cases." *Id*.  Thus, "*Halo* did not disturb the substantive standard for the second prong of Seagate, subjective willfulness." *WesternGeco*, 837 F.3d at 1362.

In *WesternGeco*, remanded after *Halo*, the Federal Circuit instructed that "the district court must review the sufficiency of this evidence [supporting a jury verdict of willfulness] as a predicate to any award of enhanced damages, mindful of *Halo*'s replacement of *Seagate*'s clear-and-convincing evidence standard with the 'preponderance of the evidence standard.'"  837 F.3d at 1364 (quoting *Halo*, 136 S. Ct. at 1934).[2]

## ARGUMENT

### I. SAMSUNG COULD NOT HAVE WILLFULLY INFRINGED THE '721 PATENT BECAUSE IT HAD NO KNOWLEDGE OF THE PATENT

#### A. Samsung's Lack of Knowledge of the '721 Patent Precludes Willfulness As A Matter of Law

Apple is unable to establish willful infringement of the '721 patent because Apple has no evidence that Samsung knew of the '721 patent at the time of infringement.  "To willfully infringe *a patent*, the patent must exist and one must have knowledge of it."  *Lift-U v. Ricon Corp.*, 2012 WL 5303301, at *12 (N.D. Cal. Oct. 25, 2012) (Koh, J.) (quoting *State Indus., Inc. v. AO Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985)); *see also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317,

---

[2] As noted in *WesternGeco*, finding subjective willfulness is a predicate to any award of enhanced damages, but the objective prong—as well as all the other circumstances of a the case—is "still … relevant for the district court to consider when exercising its discretion [to award enhanced damages]."  837 F.3d at 1363.  Pursuant to this Court's Case Management Order, briefing on enhanced damages is to follow this preliminary brief on willfulness.  ECF No. 2183 at 3.  As Samsung argues herein, however, there is insufficient evidence to support a predicate finding of subjective willfulness.

1341 (Fed. Cir. 2016) (post-*Halo*, "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."). It is thus well-established that "a party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge." *Word to Info, Inc. v. Google Inc.*, 140 F. Supp. 3d 986, 989 (N.D. Cal. 2015) (quoting *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990)).

Apple presented no evidence that Samsung knew of the '721 patent prior to the filing of this lawsuit, *see* Tr. 1043:17-20 ("Undisputed Fact Number 13… Apple's lawsuit informed each Samsung entity of all of Apple's asserted patents on February 8th, 2012.") (ECF No. 1714 at 18). Importantly, mere knowledge of Apple's products does not constitute knowledge of Apple's patents. *See, e.g., Radware, Ltd. v. F5 Networks, Inc.*, 2016 WL 4427490, at *4-5 (N.D. Cal. Aug. 22, 2016) (evidence suggesting that infringer and patentee "were competitors and that [the infringer] performed a competitive analysis of [the patentee's] products" insufficient to show knowledge of patents); *Lift-U*, 2012 WL 5303301, at *11-12 (knowledge of "patent pending" device insufficient to show knowledge of patents); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, 2012 WL 1831543, at *2-3 (N.D. Cal. May 18, 2012) (awareness of plaintiff's software and corresponding patent application insufficient to show knowledge of patent). Because Apple is unable to show that Samsung knew of the '721 patent at the time of infringement, Apple is unable to establish subjective willfulness as a matter of law.

### B. Apple's Purported Evidence of Pre-Suit Copying Is Not Probative of Willfulness

Apple relies on purported evidence of copying, but this evidence fails to show that Samsung had the requisite knowledge of the '721 patent, and is insufficient to establish subjective willfulness. Apple concedes that it has no evidence Samsung copied the '721 patent, and instead asserts that Samsung copied the iPhone as a whole. Tr. 728:9-16, Tr. 730:25-731:3 (Apple's expert conceding "I have no direct evidence that [Samsung] copied from the patent.") (ECF No. 1623 at 231, 233). But Apple's purported evidence that Samsung copied the iPhone fails to establish subjective willfulness because 1) any alleged copying occurred before the '721 patent

even issued; and 2) Apple's evidence does not even show that Samsung copied and is thus not probative of Samsung's subjective intent.

All of Apple's purported "copying" evidence predates issuance of the '721 patent, and is thus insufficient to establish that Samsung willfully infringed the '721 patent. *See* Tr. 2900:11-2902:3 (ECF No. 1927 at 27-29); PX120 (May 5, 2010); PX121 (May 31, 2010); PX157 (March 24, 2010)).  Because "[i]t is obvious that a party cannot be held liable for … 'willful' infringement[] of a *nonexistent* patent," *Gustafson*, 897 F.2d at 510, evidence that a device was copied before the device was patented is insufficient to establish willfulness—even where a patent application for the copied device has been filed.  *See, e.g.*, *Lift-U*, 2012 WL 5303301, at *12 (evidence that defendant copied "patent pending" product insufficient to establish willfulness because "[a] 'patent pending' notice gives one no knowledge whatsoever" (quoting *State Indus.*, 751 F.2d at 1236));  *see also Radware*, 2016 WL 4427490, at *5-6 (rejecting plaintiff's argument that "copying a plaintiff's product—regardless of whether a patent has yet issued—justifies an award of enhanced damages").

Just recently, in *Adrea, LLC v. Barnes & Noble Inc.*, 2017 WL 44954, at *1, *6 (S.D.N.Y. Jan. 3, 2017), a jury found patent infringement but determined that the infringement was not willful under the old *Seagate* standard.  After conducting a limited damages retrial, the district court considered whether enhanced damages were proper under the Supreme Court's intervening decision in *Halo*.  *Id.*  The court held that the plaintiff failed to show willfulness, in part because "[t]here [was] no evidence that [the defendant] copied the [relevant patent]" and also because the defendant had launched the infringing product "shortly before the [relevant patent] issued." *Id.* at *7.  The decision in this case should follow *Adrea*.  Because Apple has no evidence that Samsung copied the '721 patent (nor could it have such evidence), and because Apple's alleged copying evidence predates issuance of the '721 patent, Apple's evidence is not probative of Samsung's subjective willfulness to infringe the '721 patent.

Apple's purported evidence of copying is also not probative of willfulness because it does not even show that Samsung copied the iPhone and does not show that Samsung copied the slide-to-unlock feature that is claimed in the patent.  For two of the three models that the jury

determined infringed the '721 patent (the Admire and Galaxy Nexus), Apple presented no evidence that either Samsung, who designed the phone, or Google, who designed the screen, copied the iPhone.  Tr. 733:4-23, 734:17-19 (ECF No. 1623 at 236, 237); Tr. 1727:19-1728:6 (ECF No. 1716 at 178-79); Tr. 1978:9-14 (ECF No. 1717 at 216).  And for the third model that the jury found infringing (the Stratosphere), it is undisputed that Samsung designed the lock screen in 2008 or 2009—over a year before Samsung performed any of the comparison analyses upon which Apple's copying argument is based.  Tr. 1731:23-25 (ECF No. 1716 at 182); Tr. 2900:4-2902:3 (ECF No. 1927 at 27-29); PX120; PX121; PX157; *see also Radware*, 2016 WL 4427490, at *4-5 (competitive analysis of patentee's products prior to issuance of patent does not demonstrate willfulness).  Because the comparison analyses relied on by Apple to demonstrate copying occurred well after the Stratosphere was designed, this evidence is inadequate to show copying.

Nor does Apple's evidence demonstrate that Samsung made an "effort[] to replicate a specific product," as required to show copying.  *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010).  While Apple relies on communications that it portrays as recommending that Samsung's future designs behave more like the iPhone, Apple has no evidence that Samsung actually *acted* on these supposed recommendations, or otherwise made an effort to replicate the iPhone.  *See* Tr. 2900:11-2902:3 (ECF No. 1927 at 27-29).  And to the extent Apple's evidence shows that Samsung analyzed the iPhone in trying to improve its own phones, such conduct is plainly inadequate to establish willfulness—particularly since the '721 patent had not yet issued. *See State Indus.*, 751 F.2d at 1235-36 ("[K]eeping track of a competitor's products and designing new and possibly better or cheaper functional equivalents is the stuff of which competition is made and is supposed to benefit the consumer. … It should not be discouraged by punitive damage awards except in cases where conduct is so obnoxious as clearly to call for them.").  There is simply no evidence that Samsung acting with knowledge of the '721 patent copied the slide to unlock feature claimed in the patent.  Apple's alleged copying evidence fails to even show that Samsung copied the iPhone, and is thus insufficient to demonstrate subjective willfulness.

## II. SAMSUNG'S POST-SUIT CONDUCT CANNOT PROVE WILLFUL INFRINGEMENT

Because Apple is unable to show that Samsung had knowledge of the '721 patent, Apple is forced to rely entirely on evidence of post-suit conduct. But as this Court has recognized, the general rule is that "post-filing conduct alone is legally insufficient to prove willfulness." *Lift-U*, 2012 WL 5303301, at *12. Indeed, "in ordinary circumstances, willfulness … depend[s] on an infringer's *prelitigation* conduct," *Seagate*, 497 F.3d at 1374 (emphasis added), and this "usual rule" remains in place post-*Halo*. *See Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275 (Fed. Cir. 2017) (citing *Seagate*, 497 F.3d at 1374); *see also See CG Tech. Dev., LLC v. FanDuel, Inc.*, 2017 WL 58572, at *6 (D. Nev. Jan. 4, 2017) ("Although a willful infringement plaintiff need no longer allege objective recklessness, he must allege some 'egregious ... misconduct,' … occurring before the initial claim of infringement was filed, otherwise his remedy will ordinarily be limited to a preliminary injunction" (citing *Halo Elecs., Inc.*, 136 S. Ct. at 1935)); *Dorman Prods., Inc. v. Paccar, Inc.*, 201 F. Supp. 3d 663, 681 (E.D. Pa. 2016) ("Willful infringement in the main must find its basis in prelitigation conduct" (quoting *Seagate*, 497 F.3d at 1374)).

Apple relies on an exception to the usual rule, but the exception does not apply here. In limited circumstances, *Seagate* permits a finding of willfulness based on post-filing conduct when a plaintiff is denied a preliminary injunction but establishes a likelihood of success on the merits. *See Seagate*, 497 F.3d at 1374. But this Court has already discounted its finding at the preliminary injunction stage that Apple was likely to succeed on the merits of its claim that the '721 patent was infringed. Indeed, the Court held in its preliminary injunction order that Samsung had not established that the Neonode—a device that "discloses several of the claimed limitations of the '721 Patent"—was "a proper prior art reference." ECF No. 221 at 50. At the JMOL stage, however, this Court concluded that "there is no dispute that the Neonode is a prior art reference," and consequently, for purposes of determining willfulness, the Court held that "its prior conclusion at the preliminary injunction stage does not render Samsung's reliance on its invalidity defense objectively baseless." ECF No. 1965 at 27. Thus, consistent with the Court's own decision, the preliminary injunction order  provided no basis for Samsung to believe it could not

1  prevail on its invalidity defense.  *See Adrea*, 2017 WL 44954, at *7 (rejecting willfulness where
2  plaintiff "has not shown that [the defendant] lacked a reasonable basis for its position" that its
3  device was non-infringing).  And because the preliminary injunction order provided no basis for
4  Samsung to think it could not prevail on its invalidity defense, the preliminary injunction order
5  provides no basis for the Court to depart from the general rule that "post-filing conduct alone is
6  legally insufficient to prove willfulness."  *Lift-U*, 2012 WL 5303301, at *12.

7         Even if the court were to consider Samsung's conduct after the now-discounted
8  preliminary injunction order, Samsung's post-filing actions demonstrate that it did not act
9  recklessly or like a "pirate."  Indeed, there is no evidence that Samsung created or continued to
10 sell devices it knew to be infringing after this lawsuit was filed.  To the contrary, even though
11 Samsung had an invalidity defense that this Court determined to be reasonable, ECF No. 1965 at
12 25-28, Samsung still took mitigating action by materially altering its products.  For example, no
13 new model released by Samsung after this suit was filed in February of 2012 has been accused of
14 infringing the '721 patent.  *See* Tr. 710:11-711:14, 714:19-715:6 (ECF No. 1623 at 213-14, 217-
15 18); DX508.007; PX300.  And for the three devices that the jury found to be infringing, there is no
16 evidence that Samsung continued to sell infringing versions of these devices for any significant
17 amount of time after the preliminary injunction decision.  For two of the devices (Admire and
18 Stratosphere), Apple does not dispute that updates rendered the devices non-infringing by July and
19 August 2012, respectively. PX222A.  For the third (Galaxy Nexus), Samsung also updated it in the
20 summer of 2012—nearly contemporaneous with this Court's preliminary injunction ruling, ECF
21 No. 221—from the Ice Cream Sandwich version to the Jelly Bean version. Tr. 909:1-7 (ECF No.
22 1624 at 153); Tr. 1513:11-18 (ECF No. 1715 at 237). While Apple contends that the Jelly Bean
23 version is also infringing, Samsung had a strong—and certainly reasonable—argument that the
24 unique features of the Jelly Bean version rendered it non-infringing.  *See, e.g.*, ECF No. 1896-3 at
25 21 ("[T]he Jelly Bean version of the Galaxy Nexus cannot infringe [the '721 patent] because there
26 is no evidence of any 'unlock image' that continuously moves in accordance with the movement
27 of the detected contact, as required by claim 8.").  In light of Samsung's mitigation measures,
28 Apple is unable to establish willful infringement.

1   There is no evidence—much less substantial evidence—upon which the jury could have
2 relied in concluding that Samsung acted like a pirate when sued for infringement of the '721
3 patent.  Samsung is entitled to defend itself, and it did so.  Indeed, three federal circuit judges
4 would have found the '721 patent invalid as obvious based upon the same combination of
5 Neonode and Plaisant prior art that Samsung presented at trial.  Defending itself with a legitimate
6 invalidity defense and taking action to mitigate any potential further infringement with new
7 products are not the actions of a pirate who recklessly disregards patent rights.  In fact it shows the
8 opposite.  Thus, even if this Court were to consider post-filing conduct, that conduct demonstrates
9 that there is no willful, reckless or malicious infringement of Apple's '721 patent.

**CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that this Court find that insufficient evidence supported the jury verdict of willfulness.

DATED:  April 14, 2017            Respectfully submitted

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ Victoria Maroulis*
  Charles K. Verhoeven
  Kevin P.B. Johnson
  Victoria F. Maroulis
  William C. Price
  Michael L. Fazio

Attorneys for Defendants SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC