1    [COUNSEL LISTED ON SIGNATURE PAGES]

2

3

4

5                    **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
6                        **SAN JOSE DIVISION**

7
     APPLE INC., a California corporation,
8
                          Plaintiff,
9
                                                    Case No. 12-cv-00630-LHK
             vs.
10
     SAMSUNG ELECTRONICS CO., LTD., a               **JOINT CASE MANAGEMENT**
11   Korean business entity; SAMSUNG                **STATEMENT**
     ELECTRONICS AMERICA, INC., a New
12   York corporation; SAMSUNG                      **Case Management Conference:**
     TELECOMMUNICATIONS AMERICA,
13   LLC, a Delaware limited liability company,     Date:     June 1, 2017
                                                    Time:     1:30 p.m.
14                        Defendants.               Place:    Courtroom 8, 4th Floor
                                                    Judge:    Hon. Lucy H. Koh
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to this Court's Order (Dkt. 2194), the parties submit this Joint Case Management Statement in advance of the Case Management Conference scheduled for June 1, 2017.

## I.     CASE STATUS

In prior joint statements, the parties have agreed to:  (1) the amount of the judgment against Samsung, including pre-judgment interest, post-judgment interest, and supplemental damages (Dkt. 2182-2); (2) the amount that Samsung may deduct from its payment of the judgment against it due to overlap with damages that Samsung has already paid in the 1846 case (Dkt. 2185-2); and (3) the amount of ongoing royalties Samsung owes for continued sales of products that did not contain any alleged design around with respect to Apple's '647 patent, and the interest owed on those royalties (Dkt. 2197-2).

The parties have also completed briefing regarding the issues of willfulness and enhanced damages related to Apple's '721 patent and will be prepared to discuss those issues at the hearing scheduled concurrently with the upcoming Case Management Conference.

The remaining outstanding issue is the inquiry into whether or not Samsung's alleged design arounds are not more than colorably different from the products found to infringe Apple's '647 patent.  Samsung has made available, and Apple has reviewed, source code and representative devices that implement the alleged design arounds.  Apple alleges that further discovery is necessary on this subject.  As discussed below, however, the parties have some disagreement regarding the scope and timing of that discovery.

## II.    PROPOSED DISCOVERY AND BRIEFING REGARDING ADDITIONAL ONGOING ROYALTIES

Since submission of the Joint Status Report on May 19, 2017 (Dkt. 2197), the parties have continued to meet and confer regarding the scope and schedule for additional discovery related to ongoing royalties.  The parties have agreed to a proposed schedule, but there remain disputes regarding the scope of additional fact discovery—including what documents Samsung will produce and whether it will provide a Rule 30(b)(6) witness.

**A.     Proposed Schedule**

The parties agree to and propose the following schedule for discovery and briefing regarding ongoing royalties:

| Event | Parties' Proposed Date |
|---|---|
| Apple Serves requests for Production ("RFPs") & Interrogatories* | June 7, 2017 |
| Samsung provides objections and responses to RFPs & Interrogatories | July 7, 2017 |
| Samsung Substantially Completed Document Production | July 21, 2017 |
| Apple Completes Deposition(s) of 30(b)(6) Witness(es)* | August 18, 2017 |
| Apple's Opening Expert Report | September 1, 2017 |
| Samsung's Rebuttal Expert Report | September 29, 2017 |
| Apple's Reply Expert Report** | October 9, 2017 |
| Parties Complete Expert Depositions | October 27, 2017 |
| Apple's Motion Regarding Ongoing Royalties (30 pages) | November 13, 2017 |
| Samsung's Opposition to Apple's Motion Regarding Ongoing Royalties (30 pages) | December 6, 2017 |
| Apple's Reply in Support of Motion Regarding Ongoing Royalties (15 pages) | December 13, 2017 |
| Hearing Regarding Apple's Motion Regarding Ongoing Royalties | December 20, 2017 (or at the Court's convenience) |

*As discussed below, the parties disagree regarding whether Samsung should produce a Rule 30(b)(6) witness.  In the event the Court grants Apple's request for Rule 30(b)(6) depositions, Samsung contends that interrogatories are unnecessary.

**As discussed in the parties' May 19, 2017 Joint Status Report, Samsung opposes Apple's request for a reply expert report. *See* Dkt. 2197-2 at 3-4.

**B.     Document Production**

**Apple's position:**  Apple has requested that Samsung produce the following documents:

1.   All technical specifications regarding the alleged design-arounds designated by Samsung as DA1-A, DA1-B, and DA2.

2.   All requirements documents regarding the alleged design-arounds designated by Samsung as DA1-A, DA1-B, and DA2.

3.   All testing documents regarding the alleged design-arounds designated by Samsung as DA1-A, DA1-B, and DA2.

4.   All user guides regarding the alleged design-arounds designated by Samsung as DA1-A, DA1-B, and DA2.

5.   All documents describing any software or hardware modifications made to implement the design arounds designated by Samsung as DA1-A, DA1-B, and DA2.

6.   All documents describing or reflecting the alleged design-arounds designated by Samsung as DA1-A, DA1-B, and DA2.

Apple has agreed to limit its requests for testing documents (No. 3) and user manuals (No. 4) to only documents related to the products that Samsung has deemed are "representative" of its alleged design arounds.  However, since the remaining requests are not product-specific, but rather pertain to the alleged design arounds themselves, Apple is not aware of any feasible way to limit them without risking non-production of relevant, non-duplicative information.

Samsung has agreed to provide only non-privileged documents "sufficient to show" the categories Apple requested.  Apple does not believe such a production is adequate under the circumstances.  The source code that has been produced suggests that Samsung has continued to sell a significant number of products in the United States with design arounds not more than colorably different from the products adjudicated to infringe Apple's '647 patent.  Apple is entitled to more fulsome discovery to confirm and supplement its own understanding of these design arounds.  The documents Apple seeks may also provide information related to issues that courts have deemed relevant to the "not more than colorably different" inquiry that would not otherwise be captured by the already-produced source code.  *See, e.g.*, *ePlus Inc. v. Lawson Software, Inc.*, 946 F. Supp. 2d 472, 488 (E.D. Va. 2013) (considering factors including whether

1    defendant "presented the modifications as insignificant" and "the time of development" in

2    determining alleged design around was not more than colorably different)), *vacated on other*

3    *grounds*, 760 F.3d 1350 (Fed. Cir. 2014); *Proveris Sci. Corp. v. Innovasystems, Inc.*, 739 F.3d

4    1367, 1371 (Fed. Cir. 2014) (relying on user manuals to conclude that the alleged design around

5    did not "actually ha[ve] any effect" and therefore was not more than colorably different).

6    Accordingly, Apple requests that the Court order Samsung to produce all non-privileged

7    documents responsive to Apple's requests.

8        **Samsung's position:**  As Apple recognizes, Samsung has produced all requested source

9    code, including the code for the Browser and Messenger applications in all designed-around

10   products.  Moreover, Samsung has provided the specific source code file names and line

11   numbers demonstrating the implementation of Samsung's design-arounds.  Together with the

12   representative devices that Samsung provided, these materials provide Apple with everything it

13   needs to fully analyze and evaluate Samsung's design-arounds.  Apple's own representations

14   confirm it has everything it needs, as it claims to have already concluded that Samsung's design-

15   arounds are not colorably different from the adjudicated products.

16       The source code provided by Samsung is the authoritative source of evidence as to how

17   Samsung designed around Apple's asserted patent.  Indeed, Samsung has repeatedly offered to

18   supplement its source code production to the extent Apple identifies any purported deficiencies,

19   but Apple has not identified any.  Instead, Apple now contends that it additionally needs multiple

20   categories of *all* secondary, non-source code documents in Samsung's possession, above and

21   beyond the materials Samsung has already produced.  Such non-source-code documents, to the

22   extent they exist, are entirely unnecessary to evaluate Samsung's design-arounds.  Nevertheless,

23   in a good faith effort to compromise, Samsung has offered to search for and, to the extent they

24   exist, produce non-privileged documents "sufficient to show" Samsung's design-arounds within

25   the various categories of documents Apple has requested.  Apple's request for *all* such

26   documents in Samsung's possession is unnecessary and unduly burdensome considering that

27   Samsung has implemented design-arounds for close to 90 different products.  Moreover, under

28

Apple's overly broad approach, Samsung would likely need to search multiple document repositories and dozens of engineers' files for secondary information that Apple has never shown to be necessary to evaluate whether Samsung's design-arounds are colorably different.  In contrast, the source code already provided by Samsung is the definitive and complete source of evidence of Samsung's design arounds.

The case law cited by Apple is inapposite.  In *ePlus Inc. v. Lawson Software, Inc.*, 946 F. Supp. 2d 472 (E.D. Va. 2013), the asserted claims recited user interface elements of a requisition software.  *Id.* at 483.  The alleged design-arounds were two customer-facing changes designed "to minimize the impact on [the defendant's] current customers."  *Id.* at 477-78.  Lawson "argue[d], in essence, that the mere fact that the product may be less desirable makes it more than colorably different."  *Id.* at 487-88.  Samsung is making no such argument.  Unlike the product at issue in *ePlus*, the colorably different determination can be made simply by reviewing Samsung's source code.

In *Proveris Sci. Corp. v. Innovasystems, Inc.*, 739 F.3d 1367 (Fed. Cir. 2014), the claims related to a spray device for administering drugs, wherein data is collected on a spray plume "at a predetermined instant in time."  *Id.* at 1369-70.  The *Proveris* Court determined that the infringing products and the allegedly designed-around products "were functionally identical" and "not truly an alteration at all."  *Id.* at 1371.  Unlike *Proveris*, each of the changes implemented by Samsung are functionally distinct from the adjudicated products from a user perspective.  Samsung did much more than make "small changes to the product's software," as demonstrated by the source code.  As a result, any user manuals, to the extent they depict the design-around functionality at all, would be duplicative of the source code and representative devices that Samsung has made available for inspection.

### C.     Rule 30(b)(6) Witness

**Apple's position:**  Apple has also requested that Samsung produce a Rule 30(b)(6) witness to testify regarding the following topics at a deposition:

1.  The development of the alleged design-arounds designated by Samsung as DA1-A, DA1-B, and DA2.

2.  The functionalities that have been removed and/or modified with respect to the alleged design-arounds designated by Samsung as DA1-A, DA1-B, and DA2.

3.  The amount of time and effort spent regarding the alleged design-arounds designated by Samsung as DA1-A, DA1-B, and DA2.

4.  The relevant portions of the source code that have been modified, removed, and/or inserted regarding the alleged design-arounds designated by Samsung as DA1-A, DA1-B, and DA2.

While Samsung represented previously that it was willing to provide one or more witnesses for deposition (Dkt. 2197-2 at 6), it has since suggested that it will answer interrogatories related to the topics Apple seeks a witness on, but is unwilling to provide a witness to testify on those subjects.  Apple believes, however, that its request for a Rule 30(b)(6) deposition is reasonable and necessary to understand the development of the alleged design arounds (including the design and implementation of Samsung's source code) as it relates to the "not more than colorably different" inquiry and that such a deposition may shed light on some of the issues relevant to that inquiry, including those discussed above.  While some information may be available via interrogatory responses, the deposition of a corporate representative provides the opportunity to explore issues more thoroughly than can be done via interrogatories.  Furthermore, Apple has offered to confine the deposition to only a single day provided that Samsung believes no more than three separate witnesses would be necessary to provide testimony on the requested topics.  Accordingly, Apple requests that the Court order Samsung to produce a Rule 30(b)(6) designee regarding its alleged design arounds.

**Samsung's position:**  As an initial matter, while Samsung has consistently agreed to work with Apple to provide what Apple needs to understand Samsung's design-arounds, and has provided Apple with all the requested source code, Samsung only agreed to offer a witness for deposition to the extent Apple identified deficiencies in its ability to understand Samsung's design-arounds.  Apple has failed to identify any such deficiencies, and thus deposition testimony is unnecessary.  Again, this is confirmed by Apple already concluding that Samsung's

design-arounds are not colorably different.  Indeed, Apple has never offered any justification for why depositions should be expected to provide any information not available, or more probative than, what is demonstrated by Samsung's source code.  Rather, Apple's deposition topics are primarily directed to the specific source code changes implemented by Samsung and the time and effort to do so, which can be easily addressed by interrogatory responses rather than multiple translated depositions of Samsung's witnesses in Korea.  Samsung is willing to provide fulsome interrogatory responses and to work with Apple to resolve any purported deficiencies with such responses through supplementation, as needed.  Apple's demand for depositions, on the other hand, is unnecessary, inefficient, time-consuming, unlikely to lead to probative evidence beyond the source code, and certain to restrict Samsung's engineers from performing their normal work activities.

Samsung also does not agree that the scope of the deposition topics provided by Apple are appropriate for an ongoing royalty proceeding.  For example, Apple has indicated it will seek testimony regarding "the amount of time and effort spent regarding the alleged design-arounds."  When Samsung asked Apple for authority supporting these requests during the meet and confer process, it identified only *ePlus Inc. v. Lawson Software, Inc.* and *TiVo v. EchoStar*, both of which have been vacated.  *ePlus Inc. v. Lawson Software, Inc.*, 946 F. Supp. 2d 472 (E.D. Va. 2013), *vacated on other grounds,* 760 F.3d 1350 (Fed. Cir. 2014), *opinion revised and superseded on other grounds,* 789 F.3d 1349 (Fed. Cir. 2015); *TiVo Inc. v. Dish Network Corp.*, 640 F. Supp. 2d 853, 869 (E.D. Tex. 2009), *aff'd sub nom. TiVo, Inc. v. EchoStar Corp.*, 597 F.3d 1247 (Fed. Cir. 2010), *withdrawn from bound volume*, *reh'g en banc granted, opinion vacated,* 376 F. App'x 21 (Fed. Cir. 2010), and *on reh'g en banc,* 646 F.3d 869 (Fed. Cir. 2011), and *aff'd in part, vacated in part sub nom. TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869 (Fed. Cir. 2011).  Moreover, both of these cases state that the time and effort spent on design-arounds is not relevant to this analysis.  In *TiVo*, the defendant contended that it "invested 8,000 man-hours of work and over $700,00 in its redesign efforts."  *TiVo*, 640 F. Supp. 2d at 869.  The court concluded that "the amount of money spent by [defendant] in its design-around effort and the

amount of source code that was modified […] has no effect" on the analysis. *Id.* Similarly, in *ePlus*, the court found that "time of development" is "by no means dispositive" of the colorable differences inquiry. *ePlus*, 946 F. Supp. 2d at 486-87.

**III.     SETTLEMENT AND ADR**

The parties do not have any new progress to report regarding mediation or settlement.

1  Dated:  May 25, 2017

2  By: /s/ Mark D. Selwyn                    By: /s/ Victoria F. Maroulis

3

4  Attorneys for Plaintiff and Counterclaim-      Attorneys for Defendants and
   Defendant APPLE INC.                           Counterclaim-Plaintiffs SAMSUNG
5                                                  ELECTRONICS CO., LTD., SAMSUNG
                                                   ELECTRONICS AMERICA, INC., AND
6  William F. Lee (pro hac vice)                   SAMSUNG TELECOMMUNICATIONS,
   william.lee@wilmerhale.com                      AMERICA, LLC
7  WILMER CUTLER PICKERING
      HALE AND DORR LLP
8  60 State Street
   Boston, Massachusetts  02109                    Kevin A. Smith (Bar No. 250814)
9  Telephone:  (617) 526-6000                      kevinsmith@quinnemanuel.com
   Facsimile:  (617) 526-5000                      QUINN EMANUEL URQUHART &
10                                                 SULLIVAN LLP
   Mark D. Selwyn (CA SBN 244180)                  50 California Street, 22nd Floor
11 mark.selwyn@wilmerhale.com                      San Francisco, California 94111
   WILMER CUTLER PICKERING                         Telephone: (415) 875-6600
12    HALE AND DORR LLP                            Facsimile: (415) 875-6700
   950 Page Mill Road
13 Palo Alto, California  94304
   Telephone:  (650) 858-6000                      Kevin P.B. Johnson (Bar No. 177129)
14 Facsimile:  (650) 858-6100                      kevinjohnson@quinnemanuel.com
                                                   Victoria F. Maroulis (Bar No. 202603)
15 James P. Bennett (CA SBN 65179)                 victoriamaroulis@quinnemanuel.com
   jbennett@mofo.com                               QUINN EMANUEL URQUHART &
16 Jack W. London (CA SBN 85776)                   SULLIVAN LLP
   jlonden@mofo.com                                555 Twin Dolphin Drive, 5th Floor
17 Rachel Krevans (CA SBN 116421)                  Redwood Shores, California 94065
   rkrevans@mofo.com                               Telephone: (650) 801-5000
18 Erik J. Olson (CA SBN 175815)                   Facsimile: (650) 801-5100
   ejolson@mofo.com
19 Morrison & Foerster LLP
   425 Market Street                               William C. Price (Bar No. 108542)
20 San Francisco, California  94105-2482           williamprice@quinnemanuel.com
   Telephone:  (415) 268-7000                      QUINN EMANUEL URQUHART &
21 Facsimile:  (415) 268-7522                      SULLIVAN LLP
                                                   865 South Figueroa Street, 10th Floor
22                                                 Los Angeles, California 90017-2543
                                                   Telephone: (213) 443-3000
23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

The undersigned hereby certifies that a true and correct copy of the above and foregoing

3

document has been served on May 25, 2017, to all counsel of record who are deemed to have

4

consented to electronic service via the Court's CM/ECF system.

5

6                                                                   */s/ Mark D. Selwyn*

Mark D. Selwyn

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28