[COUNSEL LISTED ON SIGNATURE PAGES]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No. 12-cv-00630-LHK<br><br>**JOINT STATUS REPORT**<br><br><u>**Case Management Conference:**</u><br><br>Date:    June 1, 2017<br>Time:    1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

Pursuant to this Court's Case Management Order (Dkt. 2183), the parties submit this Joint Status Report regarding ongoing royalties in advance of the Case Management Conference scheduled for June 1, 2017 (Dkt. 2194).

## I. AMOUNT OF AGREED-TO ONGOING ROYALTIES

Samsung has acknowledged that it sold in the United States after November 25, 2014 and before the expiration of the '647 patent on February 1, 2016 ("Ongoing Royalty Period"), units of the following products that did not implement any alleged design-arounds: Galaxy S4 Mini, Galaxy Centura, Galaxy Mega 6.3'', Galaxy Rugby Pro, Galaxy S4, Galaxy S3 Mini, and Samsung ATIV SE.

Samsung has also acknowledged that it sold in the United States during the Ongoing Royalty Period units of the following products before implementing any alleged design around: Galaxy S4 Mini, Galaxy S4, Samsung Galaxy Exhibit, Galaxy Trend Style, Galaxy Core Prime, Galaxy Core LTE, Galaxy Mega 2, Galaxy Alpha, Samsung Galaxy S5 Active, Galaxy S5, Galaxy Note3, Galaxy Note4, Galaxy Note Edge, Galaxy Ace Style.

Samsung has agreed to pay Apple ongoing royalties with respect to these sales. The parties agree that the amount of ongoing royalties for these units is ▬▬ and the associated post-judgment interest is ▬▬ through March 31, 2017, plus ▬▬ n daily interest thereafter until the date of payment.

## II. PROPOSED DISCOVERY AND BRIEFING REGARDING ADDITIONAL ONGOING ROYALTIES

Based on its review of the source code and sample products made available by Samsung, Apple believes that the design arounds implemented by Samsung are not more than colorably different from the products adjudicated to infringe Apple's '647 patent and that Apple is therefore entitled to ongoing royalties for Samsung's sales of these products in the United States during the Ongoing Royalty Period. Apple believes that number of units sold in the United States during the Ongoing Royalty Period for which a disputed design around has been included exceed ▬▬

1    Samsung disagrees with Apple's contentions concerning its design-arounds. Samsung
2 maintains that its design-arounds are colorably different from the products found to infringe
3 Apple's '647 patent and that no additional ongoing royalty payments beyond the above agreed-to
4 figures are required. To date Apple has not provided Samsung with any basis for its contention
5 regarding Samsung's design-arounds, despite Apple having the opportunity to review Samsung's
6 source code and representative devices.

### A.   Proposed Schedule

The parties agree that a period of expert discovery, briefing, and a hearing regarding whether Samsung's alleged design arounds of the '647 patent are or are not more than colorably different from the products adjudicated to infringe is appropriate. The parties disagree, however, concerning the timing because, as explained below, Apple is seeking additional documents and 30(b)(6) depositions above and beyond the materials already provided by Samsung (*e.g.*, source code for the relevant applications, source code files and line numbers demonstrating the design-arounds, and representative devices). The parties also disagree concerning Apple's request for a reply expert report.

In light of these disagreements, the parties propose the following schedules for expert discovery and briefing.

**Apple's proposal:**

Apple proposes the following schedule of events. Apple believes the timeframe allowed for under this schedule is reasonable since all discovery and briefing is limited to the issue of whether Samsung's alleged design arounds for a single patent are "not more than colorably different" than its infringing products and whether those products continue to infringe:

| Event | Date |
|---|---|
| August 18, 2017 | Apple's Opening Expert Report |
| September 18, 2017 | Samsung's Rebuttal Expert Report |
| October 3, 2017 | Apple's Reply Expert Report |
| October 13, 2017 | Parties Complete Expert Depositions |

| | |
|---|---|
| October 27, 2017 | Apple's Motion to Enforce Order Regarding Ongoing Royalties (30 pages) |
| November 10, 2017 | Samsung's Opposition to Apple's Motion to Enforce Order Regarding Ongoing Royalties (30 pages) |
| November 17, 2017 | Apple's Reply in Support of Motion to Enforce Order Regarding Ongoing Royalties (15 pages) |
| November 30, 2017 (or at the Court's convenience) | Hearing Regarding Apple's Motion to Enforce Order Regarding Ongoing Royalties |

Samsung objects to Apple's request for a reply expert report as a deviation from "ordinary practice." However, unlike in a traditional infringement suit—where the patentee often has more information regarding the defendant's positions, including responses to contention interrogatories—Apple presently has limited insight into Samsung's position regarding its design arounds. Indeed, the descriptions of its three alleged design arounds that Samsung originally provided totaled only four sentences. *See* Dkt. 2185-3 at 1. Apple believes a reply report is reasonable and necessary under the circumstances to enable Apple to respond to Samsung's detailed arguments regarding why Samsung believes its design arounds are more than colorably different, which Apple will receive for the first time in Samsung's responsive expert report. As the party with the burden, not having the opportunity to respond to these arguments would pose severe prejudice to Apple.

**Samsung's Proposal:**

Samsung offers the following schedule, which essentially tracks Apple's proposal except that it allows for additional time upfront based on Apple's request for documents and 30(b)(6) depositions and eliminates the inclusion of a reply expert report. Samsung notes that this additional time is based on an anticipated narrowing of Apple's current document requests and 30(b)(6) topics. As explained in more detail below, Samsung is willing to provide documents and one or more depositions to the extent necessary to resolve any remaining questions

concerning Samsung's design-arounds, but as currently written Apple's overly broad request for documents and depositions would require significantly more time.

Samsung opposes Apple's request for a reply expert report. Similar to proving infringement, Apple has the burden of establishing that Samsung's design-arounds are not colorably different from the devices found to infringe. Accordingly, there is no reason to deviate from the ordinary practice in which the patentee provides an opening expert report and the accused infringer provides a rebuttal expert report. Under Apple's proposal, Apple would have an opportunity to include new expert opinions but Samsung would have no opportunity to respond. This is plainly prejudicial to Samsung. Rather than proposing a rebuttal report to Apple's proposed reply report (*i.e.*, four expert reports), Samsung believes it is more efficient for the parties to provide one report per side. Indeed, the Case Management Order governing the original discovery schedule for all patents and all issues in this matter prior to trial (*see* D.I. 471) allowed for only initial and rebuttal expert reports, without reply reports as Apple now requests. Furthermore and contrary to Apple's claims that it has limited insight concerning Samsung's design-arounds, Samsung has provided to Apple the relevant source code, an identification of specific source code files and line numbers detailing Samsung's design-arounds, and the specific claim limitation(s) impacted by Samsung's design-arounds. This is precisely the type of information that one might expect to find in response to a contention interrogatory concerning design-arounds.

Samsung respectfully requests that the Court either reject Apple's request for a reply expert report or afford Samsung the opportunity to respond to any new expert opinions offered by Apple's expert in reply.

| Date | Event |
|---|---|
| September 22, 2017 | Apple's Opening Expert Report |
| October 20, 2017 | Samsung's Rebuttal Expert Report |
| November 10, 2017 | Parties Complete Expert Depositions |
| November 27, 2017 | Apple's Motion Concerning Viability of |

|  | Samsung's Design-Arounds(30 pages) |
|---|---|
| December 15, 2017 | Samsung's Opposition to Apple's Motion Concerning Viability of Samsung's Design-Arounds(30 pages) |
| December 22, 2017 | Apple's Reply in Support of Motion Concerning Viability of Samsung's Design-Arounds(15 pages) |
| January 11, 2018 (or at the Court's convenience) | Hearing Regarding Apple's Motion Concerning Viability of Samsung's Design-Arounds |

### B.  Apple's Demand for Additional Documents and Depositions

**Apple's Position:**  In addition to the expert discovery the parties agree should occur, Apple requests that the Court order Samsung to provide limited additional fact discovery regarding its alleged design arounds.  Specifically, Apple has requested that Samsung (1) produce documents concerning the alleged design-arounds, including by not limited to technical specifications, requirements documents, testing documents, user guides, documents describing any software or hardware modifications made to implement the design arounds, and other documents describing or reflecting the alleged design arounds; and (2) produce a Rule 30(b)(6) witness to testify regarding the alleged design arounds implemented in the products Samsung has deemed "representative," including but not limited to the functionalities that have been removed, added, and/or modified with respect to the design arounds, the amount of time and effort spent regarding the design arounds, and the relevant portions of the source code that have been modified, removed, and/or inserted.  This additional fact discovery is necessary both to confirm and to supplement Apple's understanding of the source code identified by Samsung as implementing the design arounds, some of which "calls" other portions of source code that may have been produced, but has not been specifically identified by Samsung in its design around submissions to date.  Furthermore, Samsung's own descriptions and characterizations of the alleged design arounds are relevant to the issue of whether or not they are colorably different from the products adjudicated to infringe.

Samsung objected to Apple's requests for documents and for a Rule 30(b)(6) witness since Apple originally made those requests in March. This week, however, Samsung indicated it may be amenable to producing some documents or witnesses although it has not yet indicated the scope of topics for which it will produce documents and deposition testimony. The parties will continue to meet and confer on this issue and provide the Court with an update in their May 25, 2017 Joint Case Management Statement.

Apple proposes the following schedule for whatever additional fact discovery the parties agree to or the Court deems appropriate:

| Event | Date |
|---|---|
| July 21, 2017 | Samsung Completes Production of Documents |
| August 18, 2017 | Apple Completes Deposition(s) of Samsung's Rule 30(b)(6) Witness(es) Regarding Alleged Design Arounds for Representative Products |

**Samsung's Position:**

Samsung is willing to provide documents and one or more witnesses, to the extent necessary, to resolve any remaining questions concerning Samsung's design-arounds. Samsung has already provided, pursuant to Apple's requests, source code for the relevant applications, source code files and line numbers demonstrating the design-arounds, and representative devices. Samsung believes that Apple already has all the information it needs to assess the viability of Samsung's design-arounds. However, Samsung is willing to work with Apple to provide whatever else is needed—additional source code, documents, or a deposition—to resolve any remaining questions.

The scope and breadth of Apple's current document requests and depositions topics, first provided to Samsung only yesterday, far exceeds what could possibly be necessary to understand Samsung's design-arounds, and would likely take several months to reasonably collect the requested documents and schedule the requested depositions, especially considering that there

are close to 90 devices at issue.[1]  Samsung believes that the parties will be able to meet and confer in advance of the June 1, 2017 Case Management Conference and agree on a reasonable scope and, to the extent any disagreements remain, ask the Court to resolve at the Conference.

Assuming that the parties are able to agree on a reasonable set of document requests and deposition topics, Samsung proposes the following schedule, which includes formal service of document requests and a 30(b)(6) notice to confirm the scope of Apple's requested discovery. Samsung has allotted slightly more time than what Apple proposes based on the logistical issues associated with arranging translated deposition(s) in Korea.  By proposing a schedule for discovery, Samsung does not waive and expressly reserves all rights to object to individual document requests or deposition topics on any appropriate grounds, including, but not limited to, privilege, scope, and relevance.

Samsung further notes that, without knowing the ultimate scope of additional discovery, it is difficult to predict how much time will be required for that discovery.  Whether this proposal provides sufficient time will ultimately depend on the agreements reached by the parties and adopted by the Court.

| Date | Event |
|---|---|
| June 7, 2017 | Apple Serves Requests for Production ("RFPs") and 30(b)(6) Notice |
| July 7, 2017 | Samsung provides objections and responses to RFPs, begins production |
| July 21, 2017 | Samsung substantially completes document production |
| September 1, 2017 | Apple Completes Deposition(s) of Samsung's Rule 30(b)(6) Witness(es) Regarding Alleged Design Arounds for Representative Devices |

---

[1] While Apple initially raised in March 2017 the idea of Samsung providing documents and 30(b)(6) deponents in addition to source code, Apple agreed to table that request and only raised it again this week.

III. **SETTLEMENT AND ADR**

The parties do not have any new progress to report regarding mediation or settlement.

Dated: May 19, 2017

By: /s/ Mark D. Selwyn

By: /s/ Victoria F. Maroulis

Attorneys for Plaintiff and Counterclaim-Defendant APPLE INC.

William F. Lee (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Mark D. Selwyn (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

James P. Bennett (CA SBN 65179)
jbennett@mofo.com
Jack W. London (CA SBN 85776)
jlonden@mofo.com
Rachel Krevans (CA SBN 116421)
rkrevans@mofo.com
Erik J. Olson (CA SBN 175815)
ejolson@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Defendants and Counterclaim-Plaintiffs SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS, AMERICA, LLC

Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 19, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Mark D. Selwyn
Mark D. Selwyn