COUNSEL LISTED ON SIGNATURE PAGES]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | |
| Plaintiff, | |
| vs. | Case No. 12-cv-00630-LHK |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **JOINT CASE MANAGEMENT STATEMENT** <br><br> **Case Management Conference:** |
| Defendants. | Date:       November 8, 2017 <br> Time:       2:00 p.m. <br> Place:      Courtroom 8, 4th Floor <br> Judge:      Hon. Lucy H. Koh |

Pursuant to this Court's Order (Dkt. 2211), the parties submit this Joint Case Management Statement in advance of the Case Management Conference scheduled for November 8, 2017.

## I.   UPDATES SINCE LAST CASE MANAGEMENT STATEMENT

Pursuant to the Case Management Order (Dkt. 2201), Apple served its opening expert report concerning Samsung's design-arounds on September 1, 2017, Samsung served its rebuttal report on September 29, 2017, and Apple served its reply report on October 9, 2017. The parties have also completed expert depositions.

## II.   SAMSUNG'S REQUEST FOR LEAVE TO MOVE TO STRIKE

**Samsung's Position:**  Apple's expert reports reveal that certain of Apple's theories concerning Samsung's design-arounds are improper and should be stricken. Accordingly, on September 29, Samsung notified Apple that certain of the theories in Apple's opening expert report are legally improper in the context of a post-trial ongoing royalties analysis addressing design-arounds. (September 29, 2017 letter from V. Maroulis to W. Lee attached as Exhibit A.) Samsung requested that Apple withdraw its new, improperly raised theories. Apple refused Samsung's request, and Samsung therefore respectfully requests leave to move to strike. (*See* October 12, 2017 letter from S. Walden to V. Maroulis attached as Exhibit B.)

The question of whether Apple's new infringement theories have been properly raised in this ongoing royalties analysis is a threshold one that could significantly streamline the Court's ruling on Apple's motion. Apple suggests below that Samsung should have raised this threshold question with the Court sooner, but Samsung acted appropriately by first notifying Apple of the legal deficiencies in its new theories and then giving Apple an opportunity to withdraw those improper theories. In addition, and as Apple itself points out, Apple's expert Dr. Todd Mowry is a technical expert, not a legal expert, and Samsung cannot be certain of which theories Apple is pursuing until Apple files its opening brief on November 13, 2017.

Turning to Apple's improper theories, first, for the Messenger design around that Samsung calls "DA2," Apple's theories ignore the controlling authority concerning the colorable differences standard. The colorable difference analysis must focus on the differences between

"those aspects of the accused product that were previously alleged to be, and were a basis for, the prior finding of infringement, and the modified features of the newly accused product. *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011). Specifically, "one should focus on those elements of the adjudged infringing products that the patentee previously contended, and proved, satisfy specific limitations of the asserted claims." *Id.* In plain violation of this standard, Apple is relying on what it now contends the claims to require rather than how it proved infringement at trial. *See nCube Corp. v. Seachange Int'l, Inc.*, 732 F.3d 1346, 1351 (Fed. Cir. 2013) ("As the separation of the colorable-differences and infringement components in *TiVo* indicates, the colorable-differences standard focuses on how the patentee in fact proved infringement, not what the claims require.").

At trial, Apple asserted the "user interface" (claim 1) and "pop-up menu" (claim 9) limitations against a context menu triggered by a short press in the Messenger application. This menu included a list of tasks (*e.g.*, send email, add to contacts) that could be performed on a "structure" (*e.g.*, an email address) selected by a user. Samsung's DA2 design around removed this context menu in its entirety, as Apple's own expert concedes. October 9, 2017 Reply Expert Report of Dr. Todd C. Mowry ¶ 12 ("[I]t is true that the display of the contextual pop-up menu *has been removed* from the DA2 Messenger products.") (emphasis added). Apple now accuses a different menu of infringing those limitations of claims 1 and 9, even though that menu previously appeared in the adjudicated products but was never accused.[1] Moreover, that menu is significantly different from the adjudicated context menu: (1) it includes different choices that work significantly differently from the removed context menu; (2) it only appears in certain circumstances whereas the adjudicated context menu appears after every short tap; and (3) Apple's

---

[1]  It is undisputed that this different functionality, the a "Resolver Activity menu," only appears in limited circumstances, in contrast to the adjudicated functionality. As this Court has pointed out, the "jury heard considerable evidence regarding the value of the *infringing features*." *See Apple, Inc. v. Samsung Elecs. Co.*, No. 12-CV-00630-LHK, 2014 WL 6687122, at *12 (N.D. Cal. Nov. 25, 2014)(emphasis added). In contrast, the jury did not hear any evidence about the value of this different functionality that appears in limited circumstances. Thus Apple's new infringement theory also implicates entirely new damages issues.

1    expert offers a different infringement read for this menu, including with respect to what constitutes

2    "the linked actions" recited in claim 9.

3         The authority is clear that, although a patentee is not required to "prove every avenue of

4    infringement" at trial, "it is likewise true that the determination of whether more than colorable

5    differences are present requires the court to focus 'on those elements of the adjudged infringing

6    products that the patentee previously contended, and proved, satisfy specific limitations of the

7    asserted claims.'"  *nCube Corp. v. Seachange Int'l, Inc.*, 732 F.3d 1346, 1351 (Fed. Cir. 2013)

8    (*quoting TiVo*, 646 F.3d at 882).  The required focus on what was proved at trial "preserves values

9    of notice and preservation of trial rights."  *Id.*  Apple attempts to distinguish *nCube*, but as even

10   Apple admits, in *nCube* the accused "ClientID" was still in the products, simply in an undisputedly

11   non-infringing way, so the patentee there improperly looked to different functionality that had also

12   been in the adjudicated products, but not previously accused.  *See nCube*, at 1351.  Here, there is

13   no dispute that the accused functionality was ***removed*** entirely, not just redesigned.   If, under the

14   circumstances, Apple is allowed to now rely on different functionality than what it presented to the

15   jury, it would deny Samsung proper notice and strip Samsung of its trial rights, contrary to law.

16   For instance, Samsung would be denied its Seventh Amendment right to try the issue of

17   infringement in front of a jury.

18        Second, Apple's infringement theory concerning the DA2 design around relies in part on a

19   new and disputed claim construction concerning the following phrase from claim 9 of the '647

20   patent:  "wherein the user interface enables selection of an action by causing the output device to

21   display a pop-up menu of linked actions."  Neither party ever previously sought a construction for

22   this phrase, yet Apple now alleges it has a new meaning—different from the one Apple and its

23   expert previously contended was the plain and ordinary meaning—based on the Federal Circuit's

24   construction of a different limitation from claim 1 of the '647 patent.  Any attempt to raise new

25   claim constructions at this time violates both the Patent Local Rules and this Court's case

26   management orders, and implicates new invalidity theories that Samsung would be unable to

27

28

properly present as this late stage.  Therefore the new infringement theory based on this new claim construction should be stricken.

Finally, Apple's only infringement theory concerning Samsung's DA1-A design around for both Browser and Messenger relies on the doctrine of equivalents.  However, when Apple was faced with a motion to strike prior to trial, Apple agreed to withdraw its doctrine of equivalents arguments concerning the '647 patent. *See* Dkt. 1056 at n. 4 ("DOE Agreement: Both Apple and Samsung agree to withdraw all doctrine of equivalents and structural equivalents arguments under Section 112(f) in their respective expert reports that are subject of the parties' pending motions to strike.").  This withdrawn theory was obviously not presented to the jury as a basis for infringement, and Apple should not be permitted to revive post-trial a theory that it withdrew pre-trial.  Apple's relinquishment of the doctrine of equivalents for the '647 patent is now the law of the case, and its new doctrine of equivalents theory should be stricken.  This is a far different situation than the one case cited by Apple below, *Aevoe Corp. v. AE Tech Co.*, C.A. No. 12-00053, 2012 WL 1559768  (D. Nev. May 2, 2012), which involved a motion for sanctions for violation of a ***preliminary*** injunction.  The proceedings in *Aevoe* were still at a preliminary stage, and the patentee had neither failed to present an infringement theory in its Local Patent Rules contentions nor withdrawn that theory prior to adjudication, as Apple did here.

Because Apple continues to move forward with these improper arguments, Samsung respectfully requests that the Court allow Samsung to file a separate motion to strike under the following proposed schedule.  Alternatively, if the Court is not inclined to have a separate motion briefed, Samsung respectfully requests 5 extra pages for its opposition brief to address these issues.

| Scheduled Event | Date |
| --- | --- |
| Samsung's Motion to Strike (5 pages) | November 20, 2017 |
| Apple's Opposition (5 pages) | December 6, 2017 |
| Samsung's Reply (3 pages) | December 13, 2017 |

**Apple's Position:**

Samsung's request for leave to file a motion to strike raises issues regarding the merits of Apple's motion for ongoing royalties and should be addressed in the parties' upcoming briefing on that motion (Apple's opening brief is due November 13). Samsung's request for additional briefing is nothing more than an attempt to get the first word and extra pages to oppose that motion. Samsung's only proposed justification for this additional briefing is that it would allegedly streamline the Court's ruling, but separate briefs regarding issues intertwined with Apple's motion for ongoing royalties, filed in parallel with the briefs on that motion, will only complicate the issues and unnecessarily create more work for the Court. To the extent Samsung believed that any of the theories in Apple's expert's report needed to be addressed by the Court as a "threshold" matter, it should have raised its request with the Court after receiving those opinions two months ago. Furthermore, even if considered on their merits, Samsung's arguments regarding Apple's expert's allegedly "legally erroneous" theories lack merit. As a preliminary matter, Apple's expert, Professor Todd Mowry, is not a legal expert. Nonetheless, the standards he applied were consistent with governing law: Dr. Mowry properly considered both whether Samsung's Design-Around Products are "not more than colorably different" from the products found to infringe and whether Samsung's Design-Around Products infringe the '647 patent. *See TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011) (en banc).

First, Dr. Mowry's analysis with respect to Samsung's DA2 Products focuses on the same features found to infringe in the adjudicated products. Specifically, it considers the user's selection of a detected structure (via a short tap gesture) in the Messenger application and the pop-up menu of linked actions that appears as a result of that selection. Dr. Mowry properly compared that feature in the DA2 Products (referred to as the "resolver activity" pop-up menu) with the corresponding feature in the Adjudicated Products (referred to as a "contextual" pop-up menu). *E.g.*, Exhibit C, Excerpt of Mowry Opening Report ¶¶ 80-104. Samsung's complaint that the removal of the contextual pop-up menu from its DA2 Products renders those products immune from the "colorably different" analysis rings hollow. "Where one or more of those elements

previously found to infringe has been modified, or removed, the court must make an inquiry into whether that modification is significant." *TiVo*, 646 F.3d at 882.  A change is not significant if the redesigned product is "functionally identical" to the infringing product.  *Proveris Scientific Corp. v. Innovasystems, Inc.*, 739 F.3d 1367, 1371 (Fed. Cir. 2014).  Because Samsung removed the contextual pop-up menu only to have the resolver activity pop-up menu appear in the DA2 Products, it is not a significant change, and the resolver activity pop-up menu is properly within the scope of Dr. Mowry's "not more than colorably different" analysis.

Samsung's reliance on *nCube Corp. v. Seachange International Inc.*, 732 F.3d 1346 (Fed. Cir. 2013), is misplaced.  In *nCube*, the plaintiff initially demonstrated infringement based on a feature of the accused devices called "ClientID."  After trial, the defendant modified its products such that ClientID was still included in the products, and still performed the same functions as before, but did so in an undisputedly non-infringing way.  Post-trial, the plaintiff filed a motion to hold the defendant in contempt and asserted that a previously-included feature called "Session ID" was covered by the claims because SessionID and ClientID both had a "6-byte MAC address." However, the plaintiff and its expert had not previously relied on this 6-byte MAC address to establish infringement in SessionID.  The district court thus held, and the Federal Circuit affirmed, that the design-around products were "more than colorably different" because the ClientID was still included in the design-around products performing the same function as before but in a non-infringing way, and because the plaintiff "never relied on the MAC address at trial to prove infringement" in either the ClientID or SessionID.  *Id.* at 1351.  Unlike in *nCube*, in Samsung's DA2 Products, the contextual pop-up menu has not been modified to become non-infringing, but has instead been removed in favor of the resolver activity pop-up menu, which contains the same types of actions (e.g., launching web-browsers, email apps, etc.) as previously found to infringe and continues to perform the same function as the contextual pop-up menu.

Second, Dr. Mowry's opinions do not rely on any new claim construction, and Samsung does not cite anything to support its allegations to the contrary.  During trial, after Apple and Samsung had presented expert witnesses regarding the validity and infringement of the '647

patent, the Federal Circuit, in an unrelated case involving the same patent, construed "**linking actions** to the detected structures" to mean "creating a specific connection between each detected structure and **at least one** computer subroutine that causes the CPU to perform a sequence of operations on that detected structure." *Apple Inc. v. Motorola Inc.*, 757 F.3d 1286, 1304 (Fed. Cir. 2014) (emphases added), *overruled on other grounds by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015).  The Court permitted the parties to recall their experts on the '647 patent to testify about how this new construction affected their opinions (Dkt. Nos. 1844, 1928), and instructed the jury that this was the construction they should apply in deciding the validity and infringement of claim 9 (Dkt. 1848 at 30-31).  This is the same construction that Dr. Mowry has applied in forming his opinions regarding Samsung's Design-Around products.  Exhibit C, ¶¶19, 22-23.  Indeed, it is Samsung's expert Dr. Jeffay who has offered a new claim construction, alleging—contrary to the Federal Circuit's claim construction—that a "person of ordinary skill in the art reading Claim 9 understanding the antecedent basis would say that the pop-up menu has to have **more than one linked action**."  *See* Exhibit D, Excerpt of Dr. Jeffay Oct. 27, 2017 Dep. Tr. at 78:4-7.

Finally, Samsung asserts that Apple should be precluded from arguing that Samsung's DA1-A Products infringe under the doctrine of equivalents because Apple did not pursue a doctrine of equivalents theory at trial.  Prior to trial, Apple withdrew its doctrine of equivalents theory only with respect to the products at issue during trial; it did not withdraw—and could not have withdrawn—any infringement theory for Samsung's Design-Around Products, which were not a part of the case at the time.  The only "law of the case" on this issue is that Samsung's Adjudicated Products literally infringe the '647 patent; there has been no infringement determination yet with respect to Samsung's Design-Around Products.  In any event, the law is clear that a plaintiff may prove infringement by a redesigned product either literally or under the doctrine of equivalents, even when the court's initial determination was one of literal infringement.  *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, C.A. No. 12-00053, 2012 WL 1559768, at *3-*6 (D. Nev. May 2, 2012).  As long as the plaintiff shows that the redesigned product is "not

1  more than colorably different" from the product found to infringe and that the redesigned product

2  still infringes, the plaintiff is entitled to ongoing royalties. *See TiVo*, 646 F.3d at 882.

3      All of the above issues are part and parcel of Apple's upcoming motion for ongoing

4  royalties and Samsung's opposition to that motion. Separate briefing (beyond that which Samsung

5  has inserted into this statement) is not warranted, nor are additional pages. However, to the extent

6  the Court agrees to Samsung's alternative request for extra pages in its opposition brief, Apple

7  respectfully requests that it be allowed the same number of additional pages in its reply brief to

8  address the additional material.

9  **III.     CASE SCHEDULE**

10      The Court has scheduled a hearing on Apple's motion for ongoing royalties for January 11,

11  2018. Due to a prior commitment to teach a class at Harvard Law School, counsel for Apple is

12  unavailable on that date and respectfully requests a continuance of that date. Samsung has

13  consented to a continuance. The parties have met and conferred regarding alternative dates on

14  which counsel for both parties are available and respectfully request that the hearing be

15  rescheduled for February 1, 2018 or February 22, 2018, or at the Court's convenience.

16  **IV.     SETTLEMENT AND ADR**

17      The parties do not have any new progress to report regarding mediation or settlement.

18

19

20

21

22

23

24

25

26

27

28

Dated:  November 1, 2017

By: *Mark D. Selwyn*                                    By: *Victoria F. Maroulis*

Attorneys for Plaintiff and                              Attorneys for Defendants and
Counterclaim-Defendant APPLE INC.                        Counterclaim-Plaintiffs SAMSUNG
                                                         ELECTRONICS CO., LTD., SAMSUNG
                                                         ELECTRONICS AMERICA, INC., AND
William F. Lee (*pro hac vice*)                          SAMSUNG TELECOMMUNICATIONS,
william.lee@wilmerhale.com                               AMERICA, LLC
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109                             Kathleen M. Sullivan (Bar No. 242261)
Telephone:  (617) 526-6000                               Kevin P.B. Johnson (Bar No. 177129)
Facsimile:  (617) 526-5000                               kevinjohnson@quinnemanuel.com
                                                         Victoria F. Maroulis (Bar No. 202603)
Mark D. Selwyn (CA SBN 244180)                           victoriamaroulis@quinnemanuel.com
mark.selwyn@wilmerhale.com                               QUINN EMANUEL URQUHART &
WILMER CUTLER PICKERING                                  SULLIVAN LLP
    HALE AND DORR LLP                                    555 Twin Dolphin Drive, 5th Floor
950 Page Mill Road                                       Redwood Shores, California 94065
Palo Alto, California  94304                             Telephone: (650) 801-5000
Telephone:  (650) 858-6000                               Facsimile: (650) 801-5100
Facsimile:  (650) 858-6100

James P. Bennett (CA SBN 65179)                          William C. Price (Bar No. 108542)
jbennett@mofo.com                                        williamprice@quinnemanuel.com
Erik J. Olson (CA SBN 175815)                            QUINN EMANUEL URQUHART &
ejolson@mofo.com                                         SULLIVAN LLP
Nathan B. Sabri (CA SBN 252216)                          865 South Figueroa Street, 10th Floor
nsabri@mofo.com                                          Los Angeles, California 90017-2543
Morrison & Foerster LLP                                  Telephone: (213) 443-3000
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

1

**CERTIFICATE OF SERVICE**

2

The undersigned hereby certifies that a true and correct copy of the above and foregoing

3

document has been served on November 1, 2017, to all counsel of record who are deemed to have

4

consented to electronic service via the Court's CM/ECF system.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28