# EXHIBIT B

WILMERHALE

October 12, 2017

**By E-mail**

S. Calvin Walden

+1 212-937-7215 (t)
+1 212-230-8888 (f)
calvin.walden@wilmerhale.com

Victoria Maroulis
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive
5th Floor
Redwood Shores, California 94065

Re:  Apple v. Samsung, C.A. No. 12-cv-00630-LHK (N.D. Cal.)

Dear Victoria,

This letter is in response to your letter to Bill Lee dated September 29, 2017.  Please note that Apple will not be "abandoning" its theories concerning Samsung's purported design-arounds DA1-A and DA2.  Despite your assertions to the contrary, the theories addressed in Dr. Mowry's September 1, 2017 Report were not improper.

First, Dr. Mowry properly applied the legal standard to determine that Samsung's design-around products are "not more than colorably different" from the products adjudicated to infringe.  *See TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011).  As demonstrated in his reports, Dr. Mowry appropriately compared the relevant features of the design-around products to the infringing features of the adjudicated products.  *See, e.g.*, Mowry Report ¶¶ 80-104; Mowry Reply Report ¶¶ 10-40.

Second, Dr. Mowry's Report does not "improperly present[] new theories of infringement for claim 9 of the '647 patent that were not timely disclosed as required by the Local Patent Rules" as you claim.  The Local Patent Rules and cases you cite do not require a party to anticipate and address future *post-trial* design-arounds in its *pre-trial* contentions.  On the contrary, Local Patent Rule 3-1, for example, requires the patentee to identify each claim that "is" allegedly infringed, and to identify each accused product and instrumentality of which the patentee "is" aware.  This rule does not require the patentee to anticipate the defendant's future products. Moreover, Apple has timely disclosed Dr. Mowry's opinions regarding Samsung's design-around products per the Court's Case Management Order applicable to these ongoing royalty proceedings (Dkt. 2201).

Finally, Dr. Mowry has appropriately offered an opinion that the DA1-A products infringe under the doctrine of equivalents.  Again, Apple was not obligated to anticipate and could not have listed in its *pre-trial* contentions the manner in which Samsung's *post-trial* design-around products would infringe.  Even so, as you concede, Dr. Mowry did set forth an infringement theory under the doctrine of equivalents in his August 12, 2013 Expert Report.  Thus, Samsung has been on notice of this theory for more than *four years* and during the entirety of the time that it developed and implemented its purported design-arounds.  Further, by its *trial* stipulation,


WILMERHALE

Victoria Maroulis
October 12, 2017
Page 2

Apple did not agree that Samsung could later sell products *post-trial* that infringe Apple's '647 patent under the doctrine of equivalents.  In any event, Apple has timely disclosed its infringement theories, including those based on the doctrine of equivalents, in accordance with the Court's Case Management Order for these ongoing royalty proceedings (Dkt. 2201).

Regards,

*/s/ S. Calvin Walden*

S. Calvin Walden