QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (NMC)<br><br>**SAMSUNG'S NOTICE REGARDING ITS 2014 ONGOING ROYALTIES BRIEFING** |

At the January 11, 2018 hearing concerning ongoing royalties, the Court identified language from a previous Samsung brief—Samsung's Opposition to Apple's Motion for an Ongoing Royalties Injunction dated September 22, 2014—which the Court believed was not accurate. Samsung respectfully submits this short pleading to explain the accuracy of its prior pleadings.

In particular, the Court identified the following language from that brief:

> **2. Because There Are No Ongoing Sales of the Products with Software Held to Infringe the '647 Patent, Any Ongoing Royalty Rate Will Never Apply to the Products Accused in the Case.**
>
> Indeed, post-verdict sales of the accused products in this case have already ended. The Galaxy Note II is no longer on sale. The Galaxy S III products remaining on sale already incorporate different code than the code relevant to Apple's claim for infringement of the '647 patent. In the absence of continued sales of the products with software held to infringe, this Court should not waste time and resources to establish an ongoing royalty based on the past facts of this case. In these circumstances, an ongoing royalty rate will never apply to the products the Court would consider in determining that rate. Equity and inefficiency are not served by such wasteful proceedings.

(Dkt. 1986-3 at 15.)

The Court expressed concern that this representation may conflict with Samsung's agreement in the current proceedings to pay Apple ongoing royalties on products sold after judgment without design-arounds.  *See* Samsung's Opposition to Apple's Motion Regarding Ongoing Royalties filed December 6, 2017, Dkt. 2220-3 at 1 ("Apple is entitled to $6.5 million for products for which no design-around was implemented."); Supplemental Joint Case Management Conference Statement filed March 14, 2017, Dkt. 2182-2 at 3 ("Samsung has acknowledged it sold in the United States after November 25, 2014 and before the expiration of the '647 patent on February 1, 2016 some number of products that did not implement any of its alleged design arounds.  Samsung has agreed to pay Apple ongoing royalties with respect to these units.").

Samsung appreciates the opportunity to show the Court that there is in fact no conflict between its 2014 and 2017 positions.  Samsung has investigated this issue as it promised the Court it would do, and respectfully submits that its 2014 briefing was accurate and does not conflict with its position in the current proceedings.  In particular, Samsung reviewed the 2014 briefing and supporting materials, including the declarations of Corey Kerstetter (Dkt. 2015-8), Juhui Lee (Dkt. 2015-11), and Sungwoo Cho (Dkt. 2015-12), as well as Apple's Declaration of Marylee Robinson in Support of Apple's Motion Regarding Ongoing Royalties (Dkt. 2217-4).

Samsung's statements in its 2014 brief were accurate:  those statements referred only to the accused and adjudicated products, and, as of September 2014, Samsung did not sell any accused and adjudicated products containing the software found to infringe the '647 patent.  As accurately stated in the 2014 brief, the only Galaxy S III products still on sale in September 2014 "incorporate[d] different code than the code relevant to Apple's claim for infringement of the '647 patent."  In Samsung's October 2014 declarations, Samsung identified, by model numbers, the Galaxy S III devices still on sale in the United States.  These were the SCH-I535 PP, SPH-L710T, SGH-T999L, SCH-R530, SCH-R530X, and SCH-S968.  (Dkt. 2015-11 (Lee Decl.) at ¶¶ 14-19; Dkt. 2015-12 (Cho Decl.) at ¶¶ 6-11.)  Samsung Vice President Corey Kerstetter expressly confirmed that these were the only Galaxy S III models still on sale.  (Dkt. 2015-8 at ¶ 5.)  Every one of these Galaxy S III devices received a design around to both the Browser and Messenger applications.  (Dkt. 2015-11 (Lee Decl.) at ¶¶ 14-19; Dkt. 2015-12 (Cho Decl.) at ¶¶ 6-11.)  Thus, none of these devices incorporated the same code adjudicated at trial.

Samsung's statements in its 2017 opposition are likewise accurate and do not conflict with its 2014 statement.  Samsung has agreed to pay $6,494,252 "for products for which no design-around was implemented"—namely, for portions of the sales of 35 products that either never received a design-around or had some sales before the design-arounds were in place.  But none of those products was a product adjudicated at trial.  No Galaxy S III product sales are included in that amount.  As indicated in Apple's own declaration, only the following list of products, none of which were adjudicated at trial, did not include a design-around: Galaxy S4 Mini (SCH-R890), Galaxy Centura (SCH-S738), Galaxy Mega 6.3" (SGH-I527), Galaxy Rugby Pro (SGH-I547),

Galaxy S4 (SGH-S970), Galaxy S3 Mini (SM-G730A), and Samsung ATIV SE (SM-W750V). (Dkt. 2217-4 (Robinson Decl.), Ex. 3A at 1.)  Every other Samsung product, including the Galaxy S III products, received design-arounds to both the Browser and Messenger applications.  Indeed, as the Robinson declaration shows, every adjudicated Galaxy S III product, including the SGH-T999L, SPH-L710T, SCH-S968C, SCH-R530X, and SCH-I535PP models, had a design-around first sale date prior to the ongoing royalties period.  (*Id.*)

During the January 11, 2018 hearing, Apple's counsel indicated that the list of products not designed-around included an adjudicated Galaxy S III product (or products).  That is incorrect. No Galaxy S III product is on the list.  It is important to note that the Galaxy S3 Mini (SM-G730A), which is on this list, is ***not*** a "Galaxy S III product."  It is a different model, with a different marketing name.  When Samsung defined "Galaxy S III products" in its ongoing royalties papers, it did not include the S3 Mini.  (Dkt. 2015-10 (Jeffay Decl.) at ¶ 33.)  The fact that the S3 Mini is a separate product that was not adjudicated is confirmed by the fact that it is not listed by either its product name or exhibit referencing its model number on the jury verdict form.  (Dkt. 1877 at 2).  Thus, there can be no argument that the S3 Mini was an adjudicated Galaxy S III product.

When Samsung in 2014 argued that an ongoing royalty proceeding would be "wasteful," that argument accurately reflected Samsung's position following the 2014 trial that no ongoing royalties should be imposed on any products that were not adjudicated at trial.  (*See* Dkt. 1986-3.) Indeed, Samsung maintains that an imposition of ongoing royalties in 2014 on unadjudicated products would have been inappropriate in 2014, at least because Apple's appeal of this Court's denial of Apple's motion for a permanent injunction divested the Court of jurisdiction for the overlapping issues involved in both ongoing royalties and injunctive relief.  (*Id.* at 8-10.)  However, following the Court's instruction earlier this year to meet and confer and resolve as many discovery disputes regarding running royalties as possible (Dkt. 2179), Samsung advised Apple that it was willing to consent to royalties on a group of unadjudicated products that used similar code and which did not implement any design arounds.  (Dkt. 2182-2.)  This agreement was documented in the Case Management Report of March 14, 2017.  In view of this context, Samsung's argument in 2014 that an ongoing royalty proceeding would have been "wasteful" is not an inconsistent or

1  inaccurate one.

2       Samsung appreciates the opportunity to address this issue and to show the Court why its
3  representations in 2014 are accurate and not in conflict with its agreement to pay ongoing royalties
4  on certain *non*-adjudicated products that were sold without or prior to the implementation of
5  design-arounds.

6

7  DATED:  January 12, 2018                    QUINN EMANUEL URQUHART &
                                               SULLIVAN, LLP
8

9                                              By */s/ Victoria F. Maroulis*
10                                                 Kathleen M. Sullivan
                                                   Charles K. Verhoeven
11                                                 Kevin P.B. Johnson
                                                   Victoria F. Maroulis
12                                                 William C. Price
                                                   Michael L. Fazio
13
14                                                 Attorneys for
                                                   SAMSUNG ELECTRONICS CO., LTD.,
15                                                 SAMSUNG ELECTRONICS AMERICA, INC.,
                                                   and SAMSUNG TELECOMMUNICATIONS
16                                                 AMERICA, LLC

17

18

19

20

21

22

23

24

25

26

27

28