QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**DECLARATION OF MICHAEL L. FAZIO IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

## DECLARATION OF MICHAEL L. FAZIO

I, Michael L. Fazio, declare:

1. I am a member of the State Bar of California, admitted to practice before this Court, and a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung").[1] I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. I make this declaration in support of the parties' Joint Administrative Motion to File Documents Under Seal.

3. Samsung seeks to seal portions of Exhibits A and C to the Joint Case Management Statement that contain Samsung source code and information regarding development, function, categorization, and operation of Samsung's source code and/or source code modules or that reveal highly confidential financial information in the calculation of ongoing royalties. Samsung previously supporting sealing of these documents (Dkt. 2214) and highlighted copies were filed with the Court (Dkt. 2215). The Court denied without prejudice Apple's Administrative Motion to File Documents Under Seal (Dkt. 2234), ordering the parties to revise and refile their administrative motions. Samsung has modified its proposed redactions pursuant to the Court's instructions during the January 11 hearing. (Dkt. 2234.)

4. Samsung seeks to seal portions of Apple Inc.'s Motion Regarding Ongoing Royalties that contain Samsung source code and information regarding development, function, categorization, and operation of Samsung's source code and/or source code modules or that reveal highly confidential financial information in the calculation of ongoing royalties. Samsung previously supporting sealing of these documents (Dkt. 2218) and highlighted copies were filed with the Court (Dkt. 2228). The Court denied without prejudice Apple's Administrative Motion

---

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

1  to File Documents Under Seal (Dkt. 2233), ordering the parties to revise and refile their

2  administrative motions.  Samsung has modified its proposed redactions pursuant to the Court's

3  instructions during the January 11 hearing.  (Dkt. 2233.)

4       5.     Samsung seeks to seal portions of Samsung's Opposition To Apple's Motion

5  Regarding Ongoing Royalties that contain Samsung source code and information regarding

6  development, function, categorization, and operation of Samsung's source code and/or source

7  code modules or that reveal highly confidential financial information in the calculation of ongoing

8  royalties.  Samsung previously supporting sealing of this document (Dkt. 2220-1) and highlighted

9  copies were filed with the Court (Dkt. 2220-4).  The Court denied without prejudice Samsung's

10  Administrative Motion to File Documents Under Seal (Dkt. 2233), ordering the parties to revise

11  and refile their administrative motions.  Samsung has modified its proposed redactions pursuant to

12  the Court's instructions during the January 11 hearing.  (Dkt. 2233.)

13       6.     Samsung seeks to seal portions of Apple Inc.'s Reply In Support Of Its Motion

14  Regarding Ongoing Royalties that contain Samsung source code and information regarding

15  development, function, categorization, and operation of Samsung's source code and/or source

16  code modules or that reveal highly confidential financial information in the calculation of ongoing

17  royalties.  Samsung previously supporting sealing of this document (Dkt. 2224) and highlighted

18  copies were filed with the Court (Dkt. 2229).  The Court denied without prejudice Apple's

19  Administrative Motion to File Documents Under Seal (Dkt. 2233), ordering the parties to revise

20  and refile their administrative motions.  Samsung has modified its proposed redactions pursuant to

21  the Court's instructions during the January 11 hearing.  (Dkt. 2233.)

22       7.     Public disclosure of Samsung's source code, and/or descriptions of the operation of

23  that code, including descriptions of its structure, would cause Samsung competitive harm as other

24  manufacturers could use the information to copy the features exclusively found on Samsung's

25  products, and to gain insight into Samsung's development process.  As explained in detail in the

26  previously filed declarations of Daniel W. Shim, Senior Legal Counsel at Samsung Electronics

27  Co., Ltd., in support of administrative motions to file under seal, which are hereby incorporated by

28  reference, Samsung considers source code descriptions highly confidential.  *See* Dkt. Nos. 810,

821, 858, 874, 949, 960 (providing compelling reasons why various categories of Samsung-confidential information should be filed under seal).

8. Samsung would face similar harm from public disclosure of information about Samsung's product and code development process. Information about Samsung's internal product development processes and design-around times are highly confidential because competitors could use the information to estimate Samsung's development time frames and release dates. Competitors could then try to beat Samsung to the market, removing any first-mover advantage Samsung may otherwise enjoy. *See, e.g.*, Declaration of Daniel Shim Dkt. No. 821, ¶ 10.

9. This source code and product and code development information is properly sealable. *See*, *e.g.*, Dkt. No. 1987 (ordering, *inter alia*, source code descriptions sealed). This Court has expressly stated that "Courts have been clear that confidential source code is a trade secret," and that "source code algorithms and descriptions of the operation of that source code […] meet[] the 'compelling reasons' standard, and [are] sealable." *Samsung I*, Dkt. No. 2168 at 13:6-9 (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)); *see also Samsung I*, Dkt. No. 1649 at 8:18-21 ("[S]ource code is undoubtably [sic] a trade secret.") (internal quotations and citation omitted); *Samsung I*, Dkt. No. 2222 at 24:22-24 ("Source code is proprietary and therefore appropriately may be sealed."); *Samsung I*, Dkt. No. 2232 at 2:6-11 ("To the extent that Samsung seeks to stay the February 1 order […] a stay is warranted. Source code involves proprietary information that the court already has found to be appropriate for a sealing request. […].").[2]

10. Samsung also seeks to seal portions of the above documents that reveal highly confidential financial information in the calculation of ongoing royalties. As explained in detail in the previously filed declarations of Daniel W. Shim, Senior Legal Counsel at Samsung Electronics Co., Ltd., in support of administrative motions to file under seal, which are hereby incorporated by

---

[2] Further, in *Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. CV 11-05973-PSG, this Court stated that "[c]onfidential source code is generally accepted to be proprietary and sealable." 2012 WL 6586372, at *1 (N.D. Cal. Dec. 17, 2012).

1  reference, Samsung considers financial data highly confidential.  *See* Dkt. Nos. 874 (re: Apple's
2  Opposition to Samsung's MSJ), 940 (re: Apple MTS), 1018 (re: Samsung's Reply ISO MTS).

3       11.    Samsung considers the financial data included in these documents to be highly
4  confidential.  Samsung does not report the type of data included in these documents to investors,
5  regulatory bodies, the press, or business analysts.  This type of information is highly confidential
6  to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information.
7  Even within Samsung's finance and accounting groups, such data can only be accessed by certain
8  personnel on a restricted, need-to-know basis.  This type of data guides Samsung's pricing,
9  distribution, financial planning, and other business decisions.

10       12.    Samsung would face harm from public disclosure of the financial information
11  identified in these documents.  Competitors could use this highly confidential information, in
12  conjunction with other public pleadings in this action, to derive per-unit, per-product sales data of
13  various Samsung products.  Armed with this information, a competitor could charge a lower price
14  in an effort to gain market share.  Competitors could also use knowledge of Samsung's highest-
15  and lowest-performing product lines to target marketing and advertising efforts.  Such highly
16  confidential financial data is properly sealable.  *See Apple v. Samsung*, 727 F.3d 1214, 1224-26
17  (Fed. Cir. 2013) ("The parties assert that their detailed product-specific information concerning
18  such things as costs, sales, profits, and profit margins qualifies as trade secrets. . . . [W]e conclude
19  that the district court abused its discretion in ordering the information unsealed.") (emphasis
20  added).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed January 16, 2018, at Los Angeles, California.

*/s/ Michael L. Fazio*
Michael L. Fazio

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the above Declaration.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Michael L. Fazio has concurred in the aforementioned filings.

                         /s/ Victoria Maroulis

                         Victoria Maroulis