1  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
3  Kevin A. Smith (Bar No. 250814)
   kevinsmith@quinnemanuel.com
4  50 California Street, 22nd Floor
   San Francisco, California 94111
5  Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
6
   Kathleen M. Sullivan (Bar No. 242261)
7  kathleensullivan@quinnemanuel.com
   Kevin P.B. Johnson (Bar No. 177129)
8  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
9  victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
10 Redwood Shores, California 94065
   Telephone: (650) 801-5000
11 Facsimile: (650) 801-5100

12 William C. Price (Bar No. 108542)
   williamprice@quinnemanuel.com
13 Michael T. Zeller (Cal. Bar No. 196417)
   michaelzeller@quinnemanuel.com
14 Michael L. Fazio (Bar No. 228601)
   michaelfazio@quinnemanuel.com
15 865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
16 Telephone:  (213) 443-3000
   Facsimile:  (213) 443-3100
17
   Attorneys for SAMSUNG ELECTRONICS
18 CO., LTD., SAMSUNG ELECTRONICS
   AMERICA, INC. and SAMSUNG
19 TELECOMMUNICATIONS AMERICA, LLC

20            UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
21

| | |
|---|---|
| 22  APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
| 23           Plaintiff, | **DECLARATION OF MARK GRAY IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| 24        vs. | |
| 25  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 28           Defendants. | |

# DECLARATION OF MARK GRAY

I, Mark Gray, declare:

1. I am a member of the State Bar of California, admitted to practice before this Court, and an attorney in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung").[1] I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. I make this declaration in support of Samsung's Administrative Motion to File Documents Under Seal.

3. Samsung seeks to seal portions of Samsung's Notice of Proposed Judgment and Proposed Judgement that reveal the calculation of supplemental damages and associated interest.

4. The financial data identified in paragraph three may be used in conjunction with other information made public during this litigation to discern Samsung's sales for accused products. As explained in detail in the previously filed declarations of Daniel W. Shim, Senior Legal Counsel at Samsung Electronics Co., Ltd., in support of administrative motions to file under seal, which are hereby incorporated by reference, Samsung considers financial data highly confidential. *See* Dkt. Nos. 874 (re: Apple's Opposition to Samsung's MSJ), 940 (re: Apple MTS), 1018 (re: Samsung's Reply ISO MTS); *see also* Dkt. Nos. 810, 821, 858, 874, 949, 960 (providing compelling reasons why various categories of Samsung-confidential information should be filed under seal)

5. Samsung considers the financial data included in these documents to be highly confidential. Samsung does not report the type of data included in these documents to investors, regulatory bodies, the press, or business analysts. This type of information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information.

---

[1] Effective January 1, 2015, Samsung Telecommunications America ("STA") merged with and into Samsung Electronics America, and therefore STA no longer exists as a separate corporate entity.

Even within Samsung's finance and accounting groups, such data can only be accessed by certain personnel on a restricted, need-to-know basis. This type of data guides Samsung's pricing, distribution, financial planning, and other business decisions.

6. Samsung would face harm from public disclosure of the financial information identified in these documents. Competitors could use this highly confidential information, in conjunction with other public pleadings in this action, to derive per-unit, per-product sales data of various Samsung products. Armed with this information, a competitor could charge a lower price in an effort to gain market share. Competitors could also use knowledge of Samsung's highest- and lowest-performing product lines to target marketing and advertising efforts. Such highly confidential financial data is properly sealable. *See Apple v. Samsung*, 727 F.3d 1214, 1224-26 (Fed. Cir. 2013) ("The parties assert that their detailed product-specific information concerning such things as costs, sales, profits, and profit margins qualifies as trade secrets. . . . [W]e conclude that the district court abused its discretion in ordering the information unsealed.").

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed February 22, 2018, at Redwood City, California.

*/s/ Mark Gray*
Mark Gray

1  **ATTESTATION**

2      I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the

3  above Declaration. In compliance with Local Rule 5-1(i)(3), I hereby attest that Mark Gray has

4  concurred in the aforementioned filings.

5

6                                                   */s/ Victoria Maroulis*

7                                                   Victoria Maroulis

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28