QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (NMC)<br><br>**SAMSUNG'S RESPONSE TO APPLE'S PROPOSED FORM OF JUDGMENT** |

Samsung respectfully submits this response to Apple's proposed form of judgment (Dkt. 2246-2).[1] Apple's proposed judgment should be rejected because it includes an amount—$23,120,933.00—that both Samsung and Apple agree would create an impermissible double recovery. In April 2017, the parties submitted a Joint Status Report, which stated:

> The parties have conferred regarding how much of the judgment against Samsung (including for the jury's damages award, pre-judgment interest, post-judgment interest, and supplemental damages) would need to be deducted from Samsung's payment to Apple in this case to avoid a double recovery in light of the damages that Samsung has already paid to Apple in the 1846 case.
>
> The parties agree that Samsung may deduct $23,120,933.00 from its payment of the jury's $119,625,000.00 damages award against Samsung. This deduction represents damages awarded in this case on infringing Galaxy S II units shipped between August 1, 2011 and August 24, 2012, on which Samsung has already paid damages in the 1846 case.

(Dkt. 2185-2 at 1.) Thus, there is no dispute that the judgment Apple seeks to enter, for the full amount of $119,625,000.00, includes $23,120,933.00 that Samsung already paid in the 1846 case and that if Samsung had to pay this amount again, it would represent impermissible double recovery. In addition, it is well established that the deduction of double recovery must be reflected in the judgment itself. *See, e.g.*, *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1019-20 (Fed. Cir. 2006) (vacating the judgment and remanding for the district court to subtract the double recovery from the judgment). That should be the end of the matter.

Apple's only argument is that the Federal Circuit's mandate supposedly indicates that the agreed-upon double recovery amount be included in the judgment. This argument is baseless. Apple fails to cite any case law describing or applying the mandate rule, and that rule plainly does not cover the double recovery at issue here: "'The mandate rule provides that issues actually decided on appeal—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration.'" *Clark v. United States*, 656 F.3d 1317, 1320-21 (Fed. Cir. 2011) (quoting *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008)); *see also, e.g.*, *SUFI Network Services, Inc. v. United States*, 817 F.3d 773, 779 (Fed. Cir. 2016) ("After our mandate issues, the mandate rule forecloses reconsideration

---

[1] Samsung twice attempted to meet and confer with Apple on the form of the judgment. Apple refused to do so, necessitating this short submission.

of issues implicitly or explicitly decided on appeal.  For an issue to be implicitly decided, it must be decided by *necessary* implication.") (quotation marks omitted).  Here, the Federal Circuit's decision did not address in any way the double recovery issue, as the parties did not raise it on appeal.  The reason is that this Court's September 9, 2014 Order held that "it is well settled law that a patentee that receives profits under 35 U.S.C. § 289 is not entitled to a further recovery for utility patent infringement from the same sale," and "[t]he only remaining question is when this Court will take action by formally eliminating any duplicative damages."  (Dkt. 1965 at 46.)  This Court held that it would take this action at a later time because the 1846 case had not yet been paid.  (*Id.* at 47.)  Now that payment has been made.  And to be clear, that payment in the 1846 case on overlapping units was based exclusively on 35 U.S.C. § 289.  (*Id.* at 45 (citing Case No. 11-CV-01846-LHK, Dkt. 2271 at 9-10).)  Because neither this Court nor the Federal Circuit decided that double recovery would be permitted in the judgment here after payment in the 1846 case—indeed, this Court held the opposite and the Federal Circuit did not consider it at all—it cannot be considered part of the Federal Circuit's mandate.

For the foregoing reasons, Samsung respectfully requests that this Court enter judgment as stated in Samsung's proposed judgment form.  (Dkt. 2245-3.)

DATED:  February 26, 2018

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Kathleen M. Sullivan
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael L. Fazio

Attorneys for
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC