ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
NATHAN B. SABRI (CA SBN 252216)
nsabri@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK<br><br>**APPLE INC.'S RESPONSE TO SAMSUNG'S FILING REGARDING DOUBLE RECOVERY** |

The Court should decline Samsung's request to amend the affirmed judgment in this case based on allegations of double recovery for the same reasons it did so before. *See* Dkt. 1965 at 46.[1] As the Court previously found, "the verdict in the instant case does not in and of itself 'create' or 'include' a double recovery; it is only when Apple *receives* two awards for each infringing sale that an impermissible double recovery occurs." *Id.* at 47. It remains true that Apple has not **received**, and will not **receive**, a double recovery. Apple's cover submission to its proposed form of judgment was intended to reaffirm that Apple is *not* seeking double recovery. *See* Dkt. 2246. As the parties have already agreed, Samsung may deduct from its **payment** damages attributable to units for which Samsung already paid damages in the 1846 Case. *Id.*

However, it would not be appropriate for the Court to amend the affirmed judgment in this case to reflect that deduction. As the Court is aware, a portion of the damages in the 1846 Case (including damages on units that overlap with the jury's award in this case) are set for retrial in May 2018. If the Court enters final judgment in this case for an amount less than what the jury awarded, depending on the outcome of that retrial, Apple may not be able to recover the full amount of damages awarded by the jury in this case. Accordingly, as before, the Court should at a minimum wait until **both** cases, including any appeals, are resolved before taking any action on this issue. Dkt. 1965 at 46-48. Samsung's cited authority—which involves a single case and a single judgment—does not suggest otherwise. *See Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1019-1020 (Fed. Cir. 2006) (vacating portion of damages award based on finding that jury had impermissibly awarded duplicate damages).

---

[1] Samsung did not request, and Apple did not decline, to meet and confer. Rather, the day before the proposed judgments were due, Samsung asked Apple to send a draft of its proposed judgment without any offer to meet and confer. Then, at 5:30 pm the day the proposed judgments were due, Samsung proposed that the parties both exchange their submissions before filing; Apple informed Samsung that an exchange was not feasible given the timing of its request. In any event, the parties had recently exchanged correspondence on this issue—making any further meet and confer unnecessary.

Dated: February 26, 2018

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: /s/ Mark D. Selwyn
Mark D. Selwyn
*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | The undersigned hereby certifies that a true and correct copy of the above and foregoing |
| 3 | document has been served on February 26, 2018, to all counsel of record who are deemed to |
| 4 | have consented to electronic service via the Court's CM/ECF system. |
| 5 | /s/ Mark D. Selwyn |
| 6 | Mark D. Selwyn |