UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>             Defendants. | Case No. 12-CV-00630-LHK<br><br>**ORDER RE SEALING MOTIONS**<br><br>Re: Dkt. Nos. 2239, 2245, 2246, 2251 |

Before the Court is an administrative motion to file under seal certain documents filed in connection with the parties' November 1, 2017 Joint Case Management Statement (ECF No. 2212), Apple's Motion Regarding Ongoing Royalties (ECF No. 2217), Samsung's Opposition to Apple's Motion Regarding Ongoing Royalties (ECF No. 2220), Apple's Reply In Support Of Its Motion Regarding Ongoing Royalties (ECF No. 2222) and the exhibits thereto. ECF No. 2239. Also before the Court are administrative motions to file under seal documents related to both parties' proposed form of judgment, as well as Apple's lodging of its demonstratives from the ongoing royalty hearing. ECF Nos. 2245-46, 2251.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of*

1
Case No. 12-CV-00630-LHK
ORDER RE SEALING MOTIONS

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

Here, the parties seek to seal limited portions of briefing and exhibits related to Apple's motion for ongoing royalties and the parties' proposed forms of judgment that disclose detailed Samsung unit sales information (and related numerical sums that can be used to back-calculate those unit sales). In general, the parties' redactions are narrowly tailored to the actual numbers involved, and do not seek to redact the parties' arguments or reasoning. The parties also seek to

redact information about Samsung's source code and code development process. Because a motion for ongoing royalties and the final judgment in this case are more than tangentially related to the merits, the "compelling reasons" standard applies. The Federal Circuit has previously determined in this case that similar detailed financial, licensing, and manufacturing capacity information is sealable under both the "good cause" and "compelling reasons" standards. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226–29 (Fed. Cir. 2013).

With the appropriate standards and the Federal Circuit's guidance in mind, the Court rules on the instant motions as follows:

| **Motion to Seal** | **Standard** | **Document** | **Ruling** |
| --- | --- | --- | --- |
| 2239 | Compelling Reasons | Exhibit A, ECF No. 2212-3 | GRANTED as to the redactions proposed in ECF No. 2239-2. |
| 2239 | Compelling Reasons | Exhibit C, ECF No. 2212-5 | GRANTED as to the redactions proposed in ECF No. 2239-3. |
| 2239 | Compelling Reasons | Apple's Brief in Support of its Motion Regarding Ongoing Royalties, ECF No. 2217-3 | GRANTED as to the redactions proposed in ECF No. 2239-5. |
| 2239 | Compelling Reasons | Robinson Declaration with Exhibits, ECF No. 2217-4 | GRANTED as to the redactions proposed in ECF No. 2239-6. |
| 2239 | Compelling Reasons | Frazier Decl. Exh. A, ECF No. 2217-6 | DENIED as to 92:21-93:6; 104:18-22; 141:12-15; 141:19-25; 142:3-8 of ECF No. 2239-7. This information was discussed at the hearing and so is publicly available. GRANTED as to all other redactions proposed in ECF No. 2239-7. |
| 2239 | Compelling Reasons | Frazier Decl. Exh. B, ECF No. 2217-7 | DENIED as to 208:15-25; 209:1, 209:2 from the beginning of the line through "removed"; 210:9-20; 211:1-12; 211:12-18 of ECF No. 2239-8. This information does not reveal confidential code or financial data. GRANTED as to all other redactions proposed in ECF No. 2239-8. |

4

Case No. 12-CV-00630-LHK
ORDER RE SEALING MOTIONS

| **Motion to Seal** | **Standard** | **Document** | **Ruling** |
|---|---|---|---|
| 2239 | Compelling Reasons | Frazier Decl. Exh. C, ECF No. 2217-8 | DENIED as to 70:23-24; 73:5-73:6 (from beginning of line through "short tap gesture."); 79:4 (from "Thus," through the end of the line); 83:14 (from "Thus," through the end of the line) of ECF No. 2239-9. This information does not reveal confidential code or financial data.<br>GRANTED as to all other redactions proposed in ECF No. 2239-9. |
| 2239 | Compelling Reasons | Frazier Decl. Exh. D, ECF No. 2217-9 | GRANTED as to the redactions proposed in ECF No. 2239-10. |
| 2239 | Compelling Reasons | Frazier Decl. Exh. E, ECF No. 2217-10 | DENIED as to 97:20 (beginning at "This is" through the end of the line; 97:21-23; 100:15 (beginning at "This is" through the end of the line); 100:16-17 (from beginning of line 17 through "screen."); 102:13 (beginning at "This is" through the end of the line); 102:14-16; 103:4 (beginning at "Thus," through the end of the line); 103:5; 107:8 (beginning at "A generic" through the end of the line); 109:13 (beginning at "This" through the end of the line); 114:6 (beginning at "Thus," through the end of the line); 114:7; 118:15-16 (from beginning of line 16 through "application,"); 120:16; 131:1 (beginning at "creates" through the end of the line); 131:2-3 of ECF No. 2239-11. This information does not reveal confidential code or financial data.<br>GRANTED as to all other redactions proposed in ECF No. 2239-11. |
| 2239 | Compelling Reasons | Frazier Decl. Exh. F, ECF No. 2217-11 | GRANTED as to the redactions proposed in ECF No. 2239-12. |
| 2239 | Compelling Reasons | Frazier Decl. Exh. G, ECF No. 2217-12 | DENIED as to 33:7-34:3 of ECF No. 2239-13. This information does not reveal confidential code or financial data.<br>GRANTED as to all other redactions proposed in ECF No. 2239-13. |
| 2239 | Compelling Reasons | Frazier Decl. Exh. H, ECF No. 2217-13 | GRANTED as to the redactions proposed in ECF No. 2239-14. |
| 2239 | Compelling Reasons | Samsung's Opposition to Apple's Motion Regarding Ongoing Royalties, ECF No. 2220-4 | GRANTED as to the redactions proposed in ECF No. 2239-16. |

5
Case No. 12-CV-00630-LHK
ORDER RE SEALING MOTIONS

| **Motion to Seal** | **Standard** | **Document** | **Ruling** |
|---|---|---|---|
| 2239 | Compelling Reasons | Apple's Ongoing Royalties Reply Brief, ECF No. 2222-2 | GRANTED as to the redactions proposed in ECF No. 2239-17. |
| 2245 | Compelling Reasons | Samsung's Notice of Proposed Judgment, ECF No. 2245-2 | GRANTED as to the redactions proposed in ECF No. 2245-2. |
| 2245 | Compelling Reasons | Samsung's Proposed Judgment, ECF No. 2245-3 | GRANTED as to the redactions proposed in ECF No. 2245-3. |
| 2246 | Compelling Reasons | Apple's Proposed Final Judgment, ECF No. 2246-3 | GRANTED as to the redactions proposed in ECF No. 2250. |
| 2251 | Compelling Reasons | Apple's Lodging of Demonstratives from Ongoing Royalty Hearing, ECF No. 2251-2 | GRANTED as to the redactions proposed in ECF No. 2254-1. |

**IT IS SO ORDERED.**

Dated: April 10, 2018

*Lucy H. Koh*

LUCY H. KOH
United States District Judge