# EXHIBIT C
## (Filed Under Seal)

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S INTERROGATORIES IN CONNECTION WITH ONGOING ROYALTIES (NOS. 1-5)**<br><br>**HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE** |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Samsung Electronics

2   Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

3   (collectively, "Samsung") respond to Plaintiff Apple Inc. ("Apple")'s Interrogatories in

4   Connection with Ongoing Royalties ("Interrogatory" or "Interrogatories") as follows:

5    **GENERAL STATEMENT**

6    The following responses are based on discovery available as of the date hereof.  Further

7   discovery, independent investigation, and analysis may lead to the discovery of additional

8   information or documents, supply additional facts and add meaning to known facts, as well as

9   establish entirely new factual conclusions and legal contentions, all of which may lead to additions

10   to, changes to, or variations from the responses set forth herein.

11    The following responses are given without prejudice to Samsung's right to produce or rely

12   on subsequently discovered information, facts or documents.  Samsung accordingly reserves the

13   right to change the responses herein and/or produce or rely on subsequently discovered documents

14   as additional facts are ascertained, analysis is made, legal research is completed and contentions

15   are made.  The responses herein are made in a good faith effort to comply with the provisions of

16   Rules 26 and 33 of the Federal Rules of Civil Procedure, and to supply such responsive

17   information as exists and is presently within Samsung's possession, custody, or control, but are in

18   no way to be deemed to be to the prejudice of Samsung in relation to further discovery, research,

19   and analysis.

20    An answer to an Interrogatory shall not be deemed a waiver of any applicable general or

21   specific objection to any Interrogatory.  In responding to the Interrogatories, Samsung does not

22   waive any objections that may be applicable to the use, for any purpose, of any information or

23   documents provided in response, or the admissibility, relevance, or materiality of any such

24   information or documents to any issue in this case.

25    Samsung's responses to the Interrogatories do not constitute admissions relative to the

26   existence of any documents or information, to the relevance or admissibility of any documents or

27   information, or to the truth or accuracy of any statement or characterization contained in Apple's

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE

Interrogatories.  All objections as to relevance, authenticity, or admissibility of any document or information are expressly reserved.

Samsung expressly incorporates this General Statement and the following General Objections as though set forth fully in response to each of the following individual Interrogatories and, to the extent that they are not raised in any particular response, Samsung does not waive those objections.

## GENERAL OBJECTIONS

The following objections apply to each Interrogatory in Apple Inc.'s ("Apple's") Interrogatories in Connection with Ongoing Royalties, whether or not stated separately in response to each particular Interrogatory:

1.      Samsung objects to the "Definitions" and "Instructions" contained in Apple's Interrogatories to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2.      Samsung objects to Apple's Definition of "Identify" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung.  Samsung further objects to Apple's Definition of "Identify" as overly broad, vague, and ambiguous to the extent it does not define "persons," "general subject matter," or "author," and also to the extent that it requires Samsung to potentially seek information from thousands of people.  Samsung will respond to the Interrogatories based on a reasonable inquiry of individuals expected to possess the requested information.

3.      Samsung objects to the Interrogatories as vague and ambiguous to the extent they include terms that are undefined.  Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

4.      Samsung objects to Apple's definition of "Regarding," and each and every interrogatory that uses the term "Regarding," as overly broad, unduly burdensome, vague, ambiguous, and/or undefined.

5.      Samsung objects to each Interrogatory as overly broad to the extent that it asks for "all files," "all discussions," "all documents," "all documents and things," or terms or phrases of similar import.  As used in these responses, the terms and phrases "all files," "all discussions,"

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

"all documents," "all documents and things," or terms and phrases of similar import, should be understood to mean the information Samsung and its counsel were able to locate using reasonable diligence and judgment.

6.     Samsung objects generally to each Interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.

7.     Samsung objects generally to the Interrogatories to the extent they seek information from outside a reasonable time period or from a point other than a reasonable timeframe.

8.     Samsung objects to the Interrogatories to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

9.     Samsung objects to each Interrogatory to the extent it is duplicative or cumulative of another Interrogatory.

10.     Samsung objects to each Interrogatory to the extent it is compound and comprises discrete subparts resulting in separate Interrogatories.

11.     Samsung objects generally to the Interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12.     Samsung objects to the Interrogatories on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of its employees other than those facilities and employees that would reasonably be expected to have responsive information.  Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

13.     Samsung objects to the Interrogatories on the grounds that they seek information that is already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

14.     Samsung objects to the Interrogatories on the grounds and to the extent that they seek legal conclusions or call for expert testimony.  Samsung's responses should not be construed to provide legal conclusions.

15.     Samsung objects to the Interrogatories to the extent they seek to impose any requirement or discovery obligation greater or different than those imposed by the Federal Rules of Civil Procedure.

Samsung expressly reserves the right to respond to any or all of the Interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.   Subject to and without waiving the foregoing General Statement and General Objections, Samsung responds as follows:

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1:**

Identify from the source code produced by Samsung for the Representative Products, all files that relate to the Alleged Design-arounds. Such identification should include, for each file identified, (a) the name of the file, (b) the engineers, designers and authors responsible for that file, (c) the specific alleged design-around (i.e., DA1-A, DA1-B, and/or DA2) to which the identified file relates, (d) any differences between that file and (i) the prior versions of Samsung's software that performed the same functionalities as the file and were found to infringe, and/or (ii) any publicly-available version of the Android software from which the file originated, and (e) the identity of the person(s) most knowledgeable about the response to this interrogatory.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this Interrogatory as overly broad, vague and ambiguous, insofar as it requests information related to "all files."  Samsung further objects to this Interrogatory as compound and comprising discrete subparts resulting in separate Interrogatories.  Samsung further objects to this

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1   Interrogatory to the extent it calls for information not within Samsung's possession, custody or

2   control, and on the ground that it seeks information already within Apple's possession, custody or

3   control.  Samsung further objects to this Interrogatory to the extent that it seeks information

4   subject to and protected by the attorney-client privilege or the attorney work-product doctrine.

5   Samsung further objects to this Interrogatory to the extent it seeks legal conclusions or calls for

6   expert testimony.  Samsung further objects to the terms "relate to," "relates," "responsible,"

7   "Samsung's software," "functionalities," and "publicly-available" as overly broad, unduly

8   burdensome, vague, ambiguous, and/or undefined.  Samsung further objects to "any differences

9   between that file and (i) the prior versions of Samsung's software that performed the same

10  functionalities as the file and were found to infringe, and/or (ii) any publicly-available version of

11  the Android software from which the file originated" as overly broad and unduly burdensome.

12       Subject to the foregoing general and specific objections, Samsung responds as follows:

13       Samsung provides below an initial identification of source code files and line numbers for

14  design-arounds associated with representative devices.  Samsung reserves the right to identify

15  additional source code, including both by file and line number, based on further investigation

16  and/or to rebut any allegation Apple makes relating to any of Samsung's design arounds.

17       The DA1-A design around (all variations) in Samsung's Browser application is █████

18  ████████████████████████████████████████████

19       The DA1-B design around in Samsung's Browser application is █████████████

20  ████████████████████████

21       The DA1-A design around in Samsung's Messenger application is █████████████

22  ████████████████████████

23       The DA2 design around in Samsung's Messenger application is ███████████████

24  ████████████████████████

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

**Samsung's Design Arounds to Apple's 647 Patent**

| Name | Model No. | Browser | | | Messenger | | |
|---|---|---|---|---|---|---|---|
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |
| | | | | | | | |

---

[1] All line numbers herein were generated using Notepad++ v7.3.3.

98-51981/9376227.10

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
|------|-----------|---------|-------------|----------------------|---------|-------------|----------------------|
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |

98-51981/9376227.10

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
|---|---|---|---|---|---|---|---|
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

98-51981/9376227.10

Case No. 12-CV-00630-LHK
SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
|---|---|---|---|---|---|---|---|
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |

-10-

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | |

98-51981/9376227.10

Case No. 12-CV-00630-LHK
SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | |

98-51981/9376227.10

Case No. 12-CV-00630-LHK
SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
|------|-----------|---------|---|---|-----------|---|---|
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |

98-51981/9376227.10

Case No. 12-CV-00630-LHK
SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
|---|---|---|---|---|---|---|---|
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |

-14-

Case No. 12-CV-00630-LHK
SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
|---|---|---|---|---|---|---|---|
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |

98-51981/9376227.10

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |

98-51981/9376227.10

Case No. 12-CV-00630-LHK
SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
|------|-----------|---------|--|--|-----------|--|--|
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |

98-51981/9376227.10

Case No. 12-CV-00630-LHK
SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | |

98-51981/9376227.10

Case No. 12-CV-00630-LHK

SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE

| Name | Model No. | Browser | | | Messenger | | |
|------|-----------|---------|---|---|-----------|---|---|
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |

98-51981/9376227.10

Case No. 12-CV-00630-LHK

SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |

Case No. 12-CV-00630-LHK
SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
|------|-----------|---------|---|---|-----------|---|---|
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |

98-51981/9376227.10

Case No. 12-CV-00630-LHK
SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
|------|-----------|---------|---|---|-----------|---|---|
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |

98-51981/9376227.10

Case No. 12-CV-00630-LHK

SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
|------|-----------|---------|---|---|-----------|---|---|
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
|------|-----------|---------|-------------|-----------------------|---------|-------------|-----------------------|
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
|------|-----------|---------|-----|---------|---------|-----|---------|
| | | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

98-51981/9376227.10

Case No. 12-CV-00630-LHK
SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

| Name | Model No. | Browser | | | Messenger | | |
|------|-----------|---------|--------|---------------------|---------|--------|---------------------|
|      |           | DA Type | Source Code | Engineer Responsible | DA Type | Source Code | Engineer Responsible |
|      |           |         |        |                     |         |        |                     |

98-51981/9376227.10

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

In addition, at least the following produced documents may contain information responsive to this Interrogatory:

- All source code provided to Apple for inspection;

- SAMNDCA630-SC00000001-SC00077544;

- SAMNDCA630AOSP-0000001 – 0000059.

Samsung further responds that in accordance with Federal Rule of Civil Procedure 33(d), Samsung has produced and/or will produce documents responsive to this Interrogatory, and that the burden of ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung.

Samsung identifies ███████████████████████████████████ ███████████████████████████████ as individuals having knowledge regarding the subject matter of this interrogatory.

Samsung's investigation is ongoing, and Samsung reserves the right to rely on any additional relevant information that may result from Samsung's further investigation and discovery.  Samsung therefore reserves the right to amend, supplement, and revise the information provided herein as further analysis is performed and as additional information becomes available.

**INTERROGATORY NO. 2:**

Identify and describe in detail the process by which Samsung designed, developed, and implemented each of the Alleged Design-arounds, including but not limited to (a) identification and description in detail of any analysis, review, consideration, or comparison while designing, developing, and/or implementing the Alleged Design-arounds against (i) any prior Samsung software, (ii) any prior Samsung product found to infringe, and/or (iii) any part of claims 1 and 9 of the '647 Patent, (b) identification and description in detail how each Alleged Design-around was designed, (c) identification and description in detail how each Alleged Design-around was developed, (d) identification and description in detail how each Alleged Design-around was implemented, (e) identification and description in detail how each Alleged Design-around was

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1  tested, (f) identification of all Documents and things relating to your response, and (g)

2  identification of any persons with knowledge about your response.

3  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

4  In addition to its General Objections, which it hereby incorporates by reference, Samsung

5  objects to this Interrogatory as overly broad, vague and ambiguous, insofar as it requests

6  information related to "any analysis, review, consideration, or comparison," "any prior Samsung

7  software," "any prior Samsung product found to infringe," and "identification of all Documents

8  and things" and "any persons with knowledge" about Samsung's response.  Samsung further

9  objects to this Interrogatory as compound and comprising discrete subparts resulting in separate

10  Interrogatories.  Samsung further objects to this Interrogatory to the extent it calls for information

11  not within Samsung's possession, custody or control, and on the ground that it seeks information

12  already within Apple's possession, custody or control.  Samsung further objects to this

13  Interrogatory to the extent that it seeks information subject to and protected by the attorney-client

14  privilege or the attorney work-product doctrine.  Samsung further objects to this Interrogatory to

15  the extent it seeks legal conclusions or calls for expert testimony.  Samsung further objects to the

16  terms and phrases "process," "analysis, review, consideration, or comparison," and "designing,

17  developing, and/or implementing" as overly broad, unduly burdensome, vague, ambiguous, and/or

18  undefined.

19  Subject to the foregoing general and specific objections, Samsung responds as follows:

20  Samsung relied on Apple's infringement allegations in view of the functionality of the

21  adjudicated products to modify the functionality of the non-adjudicated products in meaningful

22  ways to avoid one or more claim limitations of claims 1 and/or 9.  This process involved close

23  collaboration between Samsung's engineers, UX designers, in-house counsel, and patent analysis

24  teams.  The specific details of Samsung's design around process are protected by the doctrines of

25  attorney-client privilege and work product.  Samsung, however, has fully set forth the details

26  concerning the functionality of each and every design-around in response to Apple's discovery

27  requests.

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1   Pursuant to Federal Rules of Civil Procedure 26 and 33, Samsung will be producing non-

2   privileged information in its possession, custody, or control related to the design arounds and

3   responsive to Apple's document requests.  Such documents will be produced pursuant to and in

4   reliance on the protective order entered by the Court.

5   Samsung identifies █████████████████████████████████████████████

6   ████████████████████████████████████████████ as individuals having

7   knowledge regarding the subject matter of this interrogatory.

8   Samsung's investigation is ongoing, and Samsung reserves the right to rely on any

9   additional relevant information that may result from Samsung's further investigation and

10   discovery.  Samsung therefore reserves the right to amend, supplement, and revise the information

11   provided herein as further analysis is performed and as additional information becomes available.

12   **INTERROGATORY NO. 3:**

13   If you contend or believe that Alleged Design-arounds cause the Samsung products covered by

14   those Design-arounds to be more than colorably different from the Samsung products found to

15   infringe Claim 9 of the '647 Patent based on the Alleged Design-arounds, state with specificity the

16   complete factual and legal bases for such contention or belief, including identifying, for each

17   Alleged Design-around, which claim limitation(s) are affected by the Alleged Design-around, and

18   explaining with particularity the differences between the features relied upon to establish

19   infringement of that limitation and the modified features of the Samsung products containing the

20   Alleged Design-around.

21   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

22   In addition to its General Objections, which it hereby incorporates by reference, Samsung

23   objects to this Interrogatory as compound and comprising discrete subparts resulting in separate

24   Interrogatories.  Samsung further objects to this Interrogatory to the extent that it seeks

25   information subject to and protected by the attorney-client privilege or the attorney work-product

26   doctrine.  Samsung further objects to this Interrogatory to the extent it seeks legal conclusions or

27   calls for expert testimony.  Samsung further objects to the term "modified features" as overly

28   broad, unduly burdensome, vague, ambiguous, and/or undefined.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1    Subject to the foregoing general and specific objections, Samsung responds as follows:

2    **Browser – DA1-A**

3    The Samsung design around for the Browser application referred to as DA1-A is more than

4    colorably different from the Samsung products found to infringe Claim 9 of the '647 Patent for at

5    least the reasons set forth below.

6    The Samsung design around for the Browser application referred to as DA1-A includes a

7    user interface that does not enable the selection of a detected structure, because detection does not

8    occur until after a user has completed selecting a structure.  In Dr. Jeffay's 2014 declaration in

9    support of Samsung's Response to Apple's request for ongoing royalties, the DA1-A design

10   around for the Browser application was alternatively referred to as the ██████ design around.

11   There are multiple aspects to Samsung's DA1-A design around.  First, Samsung removed

12   the accused functionality – namely, the context menu containing entries related to a selected

13   structure, generated as a result of a user performing a long press gesture.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-30-                                    Case No. 12-CV-00630-LHK

SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Accused Browser User Interface, Long Press (Mowry Report ¶ 8)**

Samsung modified the Browser application so that performing a long press on an item, such as a phone number, results in a generic text selection context menu with options such as "Select all" and "Copy":

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**Browser DA1-A, Long Press**

None of the presented options are related in any way to any item in the underlying web page. They, therefore, are not "linked" to a "structure."  As a result, for the long press gesture, there is no "user interface enabling the selection of a detected structure and a linked action," as required by claim 1, because no "structure" is detected before selection (as detailed below) and no "linked actions" are provided.

Samsung has created three distinct iterations of the DA1-A design around for the Browser application.  While each of these iterations has different source code, they each have similar functionality.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



-34-                     Case No. 12-CV-00630-LHK
SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

 

**Browser DA1-A, Short Tap**

As can be seen in the screenshots above, when a web page is loaded by the Browser application implementing DA1-A, no structures are detected.  Samsung modified the user interface for the DA1-A design around so that the process of detecting a selected structure does not begin until after a user has completed selection via the short tap gesture.

Samsung has created three distinct iterations of the DA1-A design around for the Browser application.  While each of these iterations has different source code, they each have similar functionality.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

As a result, on the short tap gesture, there is no "user interface enabling the selection of a detected structure" as required by claim 1, because structures are not detected prior to selection. Therefore, the DA1-A design around is more than colorably different from the applications in the adjudicated products, because it does not include the limitation of claim 1, from which asserted claim 9 depends, requiring "a user interface enabling the selection of a detected structure and a linked action."

**Browser – DA1-B**

The Samsung design around for the Browser application referred to as DA1-B is more than colorably different from the Samsung products found to infringe Claim 9 of the '647 Patent for at least the reasons set forth below.

The Samsung design around for the Browser application referred to as DA1-B includes a user interface that does not enable the selection of a detected structure, because detection does not occur until after a user has completed selecting a structure.  In Dr. Jeffay's 2014 declaration in support of Samsung's Response to Apple's request for ongoing royalties, the DA1-B design around for the Browser application was alternatively referred to as the ███████ design around.

There are multiple aspects to Samsung's DA1-B design around.  First, Samsung removed the accused functionality – namely, the context menu containing entries related to a selected structure, generated as a result of a user performing a long press gesture.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**Accused Browser User Interface, Long Press (Mowry Report ¶ 8)**

Samsung modified the Browser application so that performing a long press on an item, such as a phone number, results in a generic text selection context menu with options such as "Select all" and "Copy":

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**Browser DA1-B, Long Press**

None of the presented options are related in any way to any item in the underlying web page. They, therefore, are not "linked" to a "structure. As a result, for the long press gesture, there is no "user interface enabling the selection of a detected structure and a linked action," as required by claim 1, because no "structure" is detected (as detailed below) and no "linked actions" are provided.



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

Accordingly, none of the presented options are related in any way to any item in the underlying web page. They, therefore, are not "linked" to a "structure."   A long press gesture in ██████████ creates only a generic menu; the code for the accused long press context menu behavior has been removed.

Second, Samsung modified the short tap gesture in the Browser application for the DA1-B design around.  In the DA1-B design around for the Browser application, performing a short tap gesture on an item generates a menu with entries such as "Call" and "Add to Contacts":

-44-                   Case No. 12-CV-00630-LHK
SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**Browser DA1-B, Short Tap**

As can be seen in the screenshots above, when a web page is loaded by the Browser application implementing DA1-B, no structures are detected.  Samsung modified the user interface for the DA1-B design around so that the process of detecting a selected structure does not occur until after a user has completed selection via the short tap gesture.



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

At trial, Apple's expert Dr. Mowry admitted that no selection occurred in the adjudicated products until "the user eventually is holding down long enough that it becomes a selection through a press and hold." Trial Tr. at 869:10-17. This is because the accused Browser application used a timer, such that "as soon as they touch the screen, the software sets a timer, and when this timer goes off, if they've continued to hold their finger down in place, more or less, when the timer goes off, it says, okay, you've held it long enough that you've actually made a selection through press and hold." Trial Tr. at 869:18-870:2. As a result, only via a press and hold – i.e., a long press – does the accused application recognize that the user wants to select something. Trial Tr. at 870:3-8. Samsung's DA1-B design around, because it implements the menu on a short press gesture only, does not constitute a "press and hold" that's long enough that the Browser application "thinks that you want to select" a structure. As a result, Dr. Mowry's testimony confirms that Samsung's DA1-B design around for the Browser application is more than colorably different and does not infringe.

Accordingly, the DA1-B design around is more than colorably different from the applications in the adjudicated products, because it does not include the limitation of claim 1, from which asserted claim 9 depends, requiring "a user interface enabling the selection of a detected structure and a linked action."

**Messenger – DA1-A**

The Samsung design around for the Messenger application referred to as DA1-A is more than colorably different from the Samsung products found to infringe Claim 9 of the '647 Patent for at least the reasons set forth below.

The Samsung design around for the Messenger application referred to as DA1-A includes a user interface that does not enable the selection of a detected structure, because detection does not occur until after a user has completed selecting a structure.

There are multiple aspects to Samsung's DA1-A design around. First, Samsung modified the accused functionality – namely, the context menu containing entries related to a selected structure, generated as a result of a user performing a gesture on a hyperlinked structure.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16



**Accused Messenger User Interface (Mowry Report ¶ 11)**

17

18

19          Specifically, Samsung modified the Messenger application so that items are not detected

20   and hyperlinked prior to selection.

21

22

23

24

25

26

27

28

<u>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**</u>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



**Messenger DA1-A**

19  As a result, there is no "user interface enabling the selection of a detected structure," as required

20  by claim 1, because no "structure" is detected.

21
22
23
24
25



26  Second, Samsung modified the short tap gesture in the Messenger application for the DA1-

27  A design around.  In the accused Messenger application, the accused context menu was generated

28  on a short press gesture:

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**Accused Messenger User Interface (Mowry Report ¶ 11)**

Samsung modified the user interface for the DA1-A design around so that the process of detecting a selected structure does not begin until after a user has completed selection via the short tap gesture. Specifically, Samsung changed Messenger's source code so that detection routines do not begin until a short tap gesture is completed and the user's finger is completely removed from the screen.



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

Accordingly, on the short tap gesture, there is no "user interface enabling the selection of a detected structure" as required by claim 1, because structures are not detected prior to selection.

Apple did not accuse the long press gesture in the Messenger application, which generated a menu of "Message Options" (e.g., "Delete," "Copy," and "Forward"). That same menu is still present in the non-adjudicated products containing a Messenger application with DA1-A.



**Messenger DA1-A, Long Press**

SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1    This menu is unrelated to the accused functionality and does not infringe claims 1 or 9 of

2  the 647 patent.  None of the presented options are related in any way to any item in the underlying

3  text message.



11    Thus, no structure detection occurs during creation of the long press menu.  Accordingly,

12  none of the presented options are related in any way to any item in the underlying text message.

13  They, therefore, are not "linked" to a "structure."

14    Accordingly, the DA1-A design around is more than colorably different from the

15  applications in the adjudicated products, because it does not include the limitation of claim 1, from

16  which asserted claim 9 depends, requiring "a user interface enabling the selection of a detected

17  structure and a linked action."

18    **Messenger – DA2**

19    The Samsung design around for the Messenger application referred to as DA2 is more than

20  colorably different from the Samsung products found to infringe claim 9 of the '647 Patent for at

21  least the reasons set forth below.

22    The Samsung design around for the Messenger application referred to as DA2 does not

23  include the accused user interface, in which a context menu was generated following a user

24  performing a short tap on a structure.

25

26

27

28

SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16



17  **Accused Messenger User Interface, Short Tap (Mowry Report ¶ 11)**

18

19  That user interface has been removed.  Instead, a short tap results in a task being performed based

20  on the selection of an item such as a phone number:

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**Messenger DA2, Short Tap**

Apple has already admitted that this functionality does not infringe.  In Apple's opposition to Samsung's Motion for Summary Judgment, Apple admitted:

> A mere tap on a structure will simply launch a default action (such as a "dial" action on a phone number), but it will not provide a menu "enabling the selection of . . . a linked action" as required by claim 1.  For this reason, too, Apple does not accuse a simple touch action in the Jelly Bean Browser application of infringing.

Apple Opposition at 3-4.  At trial, Dr. Mowry admitted the same:

> Q.  Is tap to dial a feature of the phones that you have opined infringes the '647 patent?
>
> A.  No, tape to dial does not infringe the '647 patent.
>
> Q.  Okay.  Can you remind the jury what tap to dial is?

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

A.  Instead of using a press and hold to select a detected phone number, for example, in the browser, if you instead quickly tap your finger on a phone number, what it'll do instead is to launch the dialer, which is the default action. So there are two different gestures, and one of them just does a default action.

Trial Tr. at 2798:12-21.

Samsung modified the user interface for the DA2 design around so that a default task is performed when a user performs a short tap gesture.

For the long press gesture in the DA2 design around, Samsung kept the same menu of "Message Options" (e.g., "Delete," "Copy," and "Forward") that was presented on a long press gesture in the adjudicated products.  This menu was never accused, and does not "enable the selection of … a linked action."

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



**Messenger DA2, Long Press**

17
18
19        This menu is unrelated to the accused functionality and does not infringe claims 1 or 9 of
20   the 647 patent.  None of the presented options are related in any way to any item in the underlying
21   text message.  They, therefore, are not "linked" to a "structure."
22
23
24
25

26
27
28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

Thus, no structure detection occurs during creation of the long press menu.  Accordingly, none of the presented options are related in any way to any structure in the underlying text message.  They, therefore, are not "linked" to a "structure."

Accordingly, the DA2 design around is more than colorably different from the applications in the adjudicated products, because it does not include a "user interface [that] enables selection of an action by causing the output device to display a pop-up menu of the linked actions," or the limitation of claim 1, from which asserted claim 9 depends, requiring "a user interface enabling the selection of a detected structure and a linked action."

The foregoing is based on information currently available to Samsung and has been provided prior to Apple providing notice of its infringement theories.  Samsung's investigation is ongoing, and Samsung reserves the right to rely on any additional relevant information that may result from Samsung's further investigation and discovery.  Samsung therefore reserves the right to amend, supplement, and revise the information provided herein as further analysis is performed and as additional information becomes available.

**INTERROGATORY NO. 4:**

If you contend or believe that the Samsung products covered by the Alleged Design-arounds do not infringe Claims 1 and/or 9 of the '647 Patent based on the Alleged Design-arounds, state with specificity the complete factual and legal bases for such contention or belief by identifying which claim limitations are no longer infringed based on the Alleged Design-arounds and stating with particularity why Samsung contends that the Alleged Design-arounds do not infringe the limitation, including why Samsung contends that the Alleged Design-arounds do not infringe under the doctrine of equivalents.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this Interrogatory as compound and comprising discrete subparts resulting in separate Interrogatories.  Samsung further objects to this Interrogatory to the extent that it seeks information subject to and protected by the attorney-client privilege or the attorney work-product

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1  doctrine.  Samsung further objects to this Interrogatory to the extent it seeks legal conclusions or

2  calls for expert testimony.

3       Subject to the foregoing general and specific objections, Samsung responds as follows:

4  **Browser – DA1-A**

5       The Samsung design around for the Browser application referred to as DA1-A does not

6  infringe Claim 9 of the '647 Patent, either literally or under the doctrine of equivalents, for at least

7  the reasons set forth below.

8       The Samsung design around for the Browser application referred to as DA1-A includes a

9  user interface that does not enable the selection of a detected structure, because detection does not

10  occur until after a user has completed selecting a structure.  In Dr. Jeffay's 2014 declaration in

11  support of Samsung's Response to Apple's request for ongoing royalties, the DA1-A design

12  around for the Browser application was alternatively referred to as the ▮▮▮▮▮ design around.

13       There are multiple aspects to Samsung's DA1-A design around.  First, Samsung removed

14  the accused functionality – namely, the context menu containing entries related to a selected

15  structure, generated as a result of a user performing a long press gesture.

16

17

18

19

20

21

22

23

24

25

26

27

28

    Case No. 12-CV-00630-LHK

SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE



**Accused Browser User Interface, Long Press (Mowry Report ¶ 8)**

In the Browser application with the DA1-A design around, performing a long press on an item, such as a phone number, results in a generic text selection context menu with options such as "Select all" and "Copy":

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**Browser DA1-A, Long Press**

None of the presented options are related in any way to any items in the underlying text message. They, therefore, are not "linked" to a "structure." As a result, for the long press gesture, there is no "user interface enabling the selection of a detected structure and a linked action," as required by claim 1, because no "structure" is detected before selection (as detailed below) and no "linked actions" are provided.

Samsung has created three distinct iterations of the DA1-A design around for the Browser application. While each of these iterations has different source code, they each have similar functionality.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**




**Browser DA1-A, Short Tap**

As can be seen in the screenshots above, when a web page is loaded by the Browser application implementing DA1-A, no structures are detected. In the Browser application with the DA1-A design around, the process of detecting a selected structure does not begin until after a user has completed selection via the short tap gesture.

Samsung has created three distinct iterations of the DA1-A design around for the Browser application. While each of these iterations has different source code, they each have similar functionality.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

As a result, on the short tap gesture, there is no "user interface enabling the selection of a detected structure" as required by claim 1, because structures are not detected prior to selection.

Therefore, the DA1-A design does not infringe asserted claim 9, either literally or under the doctrine of equivalents, because at a minimum it does not include the limitation of claim 1, from which asserted claim 9 depends, requiring "a user interface enabling the selection of a detected structure and a linked action."[14]

**Browser – DA1-B**

The Samsung design around for the Browser application referred to as DA1-B does not infringe Claim 9 of the '647 Patent, either literally or under the doctrine of equivalents, for at least the reasons set forth below.

The Samsung design around for the Browser application referred to as DA1-B includes a user interface that does not enable the selection of a detected structure, because detection does not occur until after a user has completed selecting a structure.  In Dr. Jeffay's 2014 declaration in support of Samsung's Response to Apple's request for ongoing royalties, the DA1-B design around for the Browser application was alternatively referred to as the ███████ design around.

_____

[14]  With respect to the doctrine of equivalents, Samsung notes that Apple never made a doctrine of equivalents argument for claim 9 of the '647 patent at trial based on a previous agreement to resolve Samsung's motion to strike.  Dkt. 1056 at 3 n.4.  Accordingly, Apple should be precluded from doing so here as well.  To the extent Apple attempts to offer a new doctrine of equivalents argument in violation of the December 13, 2013 agreement, Samsung reserves the right to substantively respond to any such new argument.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1   There are multiple aspects to Samsung's DA1-B design around.  First, the Browser

2   application with the DA1-B design around does not include the accused functionality – namely,

3   the context menu containing entries related to a selected structure, generated as a result of a user

4   performing a long press gesture.



**Accused Browser User Interface, Long Press (Mowry Report ¶ 8)**

In the Browser application with the DA1-B design around, performing a long press on an

item, such as a phone number, results in a generic text selection context menu with options such as

"Select all" and "Copy":

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**Browser DA1-B, Long Press**

None of the presented options are related in any way to any item in the underlying web page. They, therefore, are not "linked" to a "structure." As a result, for the long press gesture, there is no "user interface enabling the selection of a detected structure and a linked action," as required by claim 1, because no "structure" is detected before selection (as detailed below) and no "linked actions" are provided.

 The DA1-B design around modifies the Browser application so that no content detection routines are used in the creation of a generic context menu as a result of a long press gesture. The

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE</u>

Thus, no detected structures are used during creation of the long press menu.  Accordingly, none of the presented options are related in any way to any item in the underlying text message. They, therefore, are not "linked" to a "structure."  A long press gesture in Stock Browser creates only a generic menu; the code for the accused long press context menu behavior has been removed.

Second, in the Browser application with the DA1-B design around, performing a short tap gesture on an item generates a menu with entries such as "Call" and "Add to Contacts":



**Browser DA1-B, Short Tap**

SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

As can be seen in the screenshots above, when a web page is loaded by the Browser application implementing DA1-B, no structures are detected.  In the Browser application with the DA1-B design around, the process of detecting a selected structure does not occur until after a user has completed selection via the short tap gesture.

The content detection routines are only used in the creation of a context menu following a short tap gesture.

Case No. 12-CV-00630-LHK
SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

At trial, Apple's expert Dr. Mowry admitted that no selection occurred in the adjudicated products until "the user eventually is holding down long enough that it becomes a selection through a press and hold." Trial Tr. at 869:10-17. This is because the accused Browser application used a timer, such that "as soon as they touch the screen, the software sets a timer, and when this timer goes off, if they've continued to hold their finger down in place, more or less, when the timer goes off, it says, okay, you've held it long enough that you've actually made a selection through press and hold." Trial Tr. at 869:18-870:2. As a result, only via a press and hold – i.e., a long press – does the accused application recognize that the user wants to select something. Trial Tr. at 870:3-8. Samsung's DA1-B design around, because it implements the menu on a short press gesture only, does not constitute a "press and hold" that's long enough that the Browser application "thinks that you want to select" a structure. As a result, Dr. Mowry's testimony confirms that Samsung's DA1-B design around for the Browser application does not infringe, either literally or under the doctrine of equivalents.

Accordingly, the DA1-B design does not infringe asserted claim 9, either literally or under the doctrine of equivalents, because at a minimum it does not include the limitation of claim 1,

SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1  from which asserted claim 9 depends, requiring "a user interface enabling the selection of a

2  detected structure and a linked action."[15]

3  **Messenger – DA1-A**

4      The Samsung design around for the Messenger application referred to as DA1-A does not

5  infringe Claim 9 of the '647 Patent, either literally or under the doctrine of equivalents, for at least

6  the reasons set forth below.

7      The Samsung design around for the Messenger application referred to as DA1-A includes a

8  user interface that does not enable the selection of a detected structure, because detection does not

9  occur until after a user has completed selecting a structure.

10      There are multiple aspects to Samsung's DA1-A design around.  First, in the Messenger

11  application with the DA1-A design around, Samsung changed the accused functionality – namely,

12  the context menu containing entries related to a selected structure, generated as a result of a user

13  performing a gesture on a hyperlinked structure.

14

15

16

17

18

19

20

21

22

23

24

---

25    [15]  With respect to the doctrine of equivalents, Samsung notes that Apple agreed to withdraw

26  all doctrine of equivalents argument for claim 9 of the '647 patent prior to trial.  Dkt. 1056 at 3 n.4.  Apple's agreement to withdraw its doctrine of equivalents arguments should apply here as

27  well.  To the extent Apple attempts to offer a new doctrine of equivalents argument in violation of the December 13, 2013 agreement, Samsung reserves the right to substantively respond to any

28  such argument.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE



**Accused Messenger User Interface (Mowry Report ¶ 11)**

Specifically, in the Messenger application with the DA1-A design around, items are not detected and hyperlinked prior to selection.

SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Messenger DA1-A**

As a result, there is no "user interface enabling the selection of a detected structure," as required by claim 1, because no "structure" is detected.



Second, in the Messenger application with the DA1-A design around, the process of detecting a selected structure does not begin until after a user has completed selection via the short

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

tap gesture.  In the accused Messenger application, the accused context menu was generated on a short press gesture:



**Accused Messenger User Interface (Mowry Report ¶ 11)**

Specifically, detection routines do not begin until a short tap gesture is completed and the user's finger is completely removed from the screen.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

Thus, no detection is performed until after a short tap gesture is completed.

Accordingly, on the short tap gesture, there is no "user interface enabling the selection of a detected structure" as required by claim 1, because structures are not detected prior to selection.

Apple did not accuse the long press gesture in the Messenger application, which generated a menu of "Message Options" (e.g., "Delete," "Copy," and "Forward"). That same menu is still present in the non-adjudicated products containing a Messenger application with DA1-A.



**Messenger DA1-A, Long Press**

SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1  This menu is unrelated to the accused functionality and does not infringe claims 1 or 9 of the 647

2  patent, either literally or under the doctrine of equivalents.  None of the presented options are

3  related in any way to any structure in the underlying text message.



11       Thus, no structure detection occurs during creation of the long press menu.  Accordingly,

12  none of the presented options are related in any way to any item in the underlying text message.

13  They, therefore, are not "linked" to a "structure."

14       Therefore, the DA1-A design around does not infringe asserted claim 9, either literally or

15  under the doctrine of equivalents, because at a minimum it does not include the limitation of claim

16  1, from which asserted claim 9 depends, requiring "a user interface enabling the selection of a

17  detected structure and a linked action."[16]

18  **Messenger – DA2**

19       The Samsung design around for the Messenger application referred to as DA2 does not

20  infringe claim 9 of the '647 Patent, either literally or under the doctrine of equivalents, for at least

21  the reasons set forth below.

22

23

24

25       [16]  With respect to the doctrine of equivalents, Samsung notes that Apple agreed to withdraw

26  all doctrine of equivalents argument for claim 9 of the '647 patent prior to trial.  Dkt. 1056 at 3
    n.4.  Apple's agreement to withdraw its doctrine of equivalents arguments should apply here as

27  well.  To the extent Apple attempts to offer a new doctrine of equivalents argument in violation of
    the December 13, 2013 agreement, Samsung reserves the right to substantively respond to any

28  such argument.

SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1    The Samsung design around for the Messenger application referred to as DA2 does not

2 include the accused user interface, in which a context menu was generated following a user

3 performing a short tap on a structure.

4

5

6

7

8

9

10

11

12

13

14

15



16

17

18

19

20

**Accused Messenger User Interface, Short Tap (Mowry Report ¶ 11)**

21

22 That user interface has been removed.  Instead, a short tap results in a task being performed based

23 on the selection of an item such as a phone number:

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**Messenger DA2, Short Tap**

Apple has already admitted that this functionality does not infringe. In Apple's opposition to Samsung's Motion for Summary Judgment, Apple admitted:

> A mere tap on a structure will simply launch a default action (such as a "dial" action on a phone number), but it will not provide a menu "enabling the selection of . . . a linked action" as required by claim 1. For this reason, too, Apple does not accuse a simple touch action in the Jelly Bean Browser application of infringing.

Apple Opposition at 3-4. At trial, Dr. Mowry admitted the same:

> Q. Is tap to dial a feature of the phones that you have opined infringes the '647 patent?
>
> A. No, tape to dial does not infringe the '647 patent.
>
> Q. Okay. Can you remind the jury what tap to dial is?

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1    A.  Instead of using a press and hold to select a detected phone number, for
     example, in the browser, if you instead quickly tap your finger on a phone
2    number, what it'll do instead is to launch the dialer, which is the default action.
             So there are two different gestures, and one of them just does a default
3    action.

4    Trial Tr. at 2798:12-21.

5    In the Messenger application with the DA2 design around, a default task is performed

6    when a user performs a short tap gesture.

7

8

9

10

11

12

13

14                                              Thus, a default task is performed on a short tap gesture.

15   For the long press gesture in the DA2 design around, Samsung kept the same menu of

16   "Message Options" (e.g., "Delete," "Copy," and "Forward") that was presented on a long press

17   gesture in the adjudicated products.  This menu was never accused, and does not "enable the

18   selection of … a linked action."

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



**Messenger DA2, Long Press**

This menu is unrelated to the accused functionality and does not infringe claims 1 or 9 of the 647 patent, either literally or under the doctrine of equivalents.  None of the presented options are related in any way to any item in the underlying text message.  They, therefore, are not "linked" to a "structure."



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1

2

3    Thus, no structure detection occurs during creation of the long press menu.  Accordingly,

4    none of the presented options are related in any way to any structure in the underlying text

5    message.  They, therefore, are not "linked" to a "structure."

6    Accordingly, the DA2 design around does not infringe asserted claim 9, either literally or

7    under the doctrine of equivalents, because at a minimum it does not include a "user interface [that]

8    enables selection of an action by causing the output device to display a pop-up menu of the linked

9    actions," or the limitation of claim 1, from which asserted claim 9 depends, requiring "a user

10   interface enabling the selection of a detected structure and a linked action."[17]

11   The foregoing is based on information currently available to Samsung and has been

12   provided prior to Apple providing notice of its infringement theories.  Samsung's investigation is

13   ongoing, and Samsung reserves the right to rely on any additional relevant information that may

14   result from Samsung's further investigation and discovery.  Samsung therefore reserves the right

15   to amend, supplement, and revise the information provided herein as further analysis is performed

16   and as additional information becomes available.

17   **INTERROGATORY NO. 5:**

18   Identify (a) all discussions, internally or with third parties, Regarding the design, development

19   and/or implementation of the Alleged Design-arounds, (b) all Documents and things relating to

20   each discussion, and (c) any persons with knowledge about each discussion.

21   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

22   In addition to its General Objections, which it hereby incorporates by reference, Samsung

23   objects to this Interrogatory as overly broad, vague and ambiguous, insofar as it requests

24   _____

25   [17]  With respect to the doctrine of equivalents, Samsung notes that Apple agreed to withdraw
     all doctrine of equivalents argument for claim 9 of the '647 patent prior to trial.  Dkt. 1056 at 3

26   n.4.  Apple's agreement to withdraw its doctrine of equivalents arguments should apply here as
     well.  To the extent Apple attempts to offer a new doctrine of equivalents argument in violation of

27   the December 13, 2013 agreement, Samsung reserves the right to substantively respond to any
     such argument.

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1   identification of "all discussions," "all Documents and things," and "any persons." Samsung

2   further objects to this Interrogatory as compound and comprising discrete subparts resulting in

3   separate Interrogatories.  Samsung further objects to this Interrogatory to the extent it calls for

4   information not within Samsung's possession, custody or control, and on the ground that it seeks

5   information already within Apple's possession, custody or control.  Samsung further objects to

6   this Interrogatory to the extent that it seeks information subject to and protected by the attorney-

7   client privilege or the attorney work-product doctrine.  Samsung further objects to this

8   Interrogatory to the extent it seeks legal conclusions or calls for expert testimony.  Samsung

9   further objects to the terms and phrases "discussion," "discussions," "design, development and/or

10  implementation," and "relating to" as overly broad, unduly burdensome, vague, ambiguous, and/or

11  undefined.

12          Subject to the foregoing general and specific objections, Samsung responds as follows:

13          At least the following individuals have been involved in discussions regarding Samsung's

14  design arounds:



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



-88-                                    Case No. 12-CV-00630-LHK
SAMSUNG'S OBJ AND RESP TO APPLE'S INTERROGATORY NOS. 1-5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**



Samsung identifies ████████████████ as individuals having knowledge regarding the subject matter of this interrogatory.

Samsung further responds that in accordance with Federal Rule of Civil Procedure 33(d), Samsung has produced and/or will produce documents responsive to this Interrogatory, and that the burden of ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung.

Samsung's investigation is ongoing, and Samsung reserves the right to rely on any additional relevant information that may result from Samsung's further investigation and discovery. Samsung therefore reserves the right to amend, supplement, and revise the information provided herein as further analysis is performed and as additional information becomes available.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1

DATED:  July 7, 2017                    Respectfully submitted

2
                                        QUINN EMANUEL URQUHART &
3                                       SULLIVAN, LLP

4

5                                       By */s/ Victoria Maroulis*
                                            Charles K. Verhoeven
6                                           Kevin P.B. Johnson
                                            Victoria F. Maroulis
7                                           William C. Price
                                            Michael L. Fazio
8

9                                       Attorneys for Defendants SAMSUNG
                                        ELECTRONICS CO., LTD., SAMSUNG
10                                      ELECTRONICS AMERICA, INC., and
                                        SAMSUNG TELECOMMUNICATIONS
11                                      AMERICA, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 7, 2017, to counsel for Apple via electronic mail.

/s/ John McKee_____
John McKee